# ATTACHMENT L

## DECLARATION OF REJEANA MEADO

1.      My name is ReJeana Meado. I have personal knowledge of the facts stated in this declaration, and I can testify competently to them if called upon to do so.

2.      In summation: ReJeana rented a Hertz car from May 13 to May 16, 2021, at the George Bush Houston Airport Thrifty location. She dropped the car off as instructed by security personnel at the airport. Following her drop off, Hertz told her it did not have the car. Over the next several months she contacted Hertz extensively, even filing a police report at Hertz's direction, and repeatedly told Hertz exactly what happened. Despite this, after misleading her about whether a theft report was filed, Hertz finally admitted on December 4, 2021, that she had been reported for theft. She is now terrified she is going to be arrested.

3.      ReJeana is from Illinois, but rented a car from Houston's George Bush International Airport Thrifty location on May 13, 2021, for a wedding. The rental number was 967496843. At the time of the rental, she asked Thrifty how to return the car since she would be leaving early in the morning. She was told to leave it in the lot with the keys in the car.

4.      When she returned the car at 2:50 am on May 16, the location was closed off because of a security incident. The security guard told her to leave the car in the lot with the keys in the car, which is what she had previously been told by Thrifty. The other cars in the lot also had the keys inside them. She did so. She even took a time stamped picture of the rental receipt at 2:59 am as she was leaving the vehicle for her records. It is attached.

5.      She thought the rental was finished. She then got a letter on June 2, 2021, dated May 23, 2021, claiming that she had to return the car or legal action would be taken. She called the 1800 number on the letter and told them when and where it was returned. She was simply told that Hertz/Thrifty understood and would handle it. She heard nothing further for 2 months.

1

6.      She then got a voicemail from an investigator named Vivian on August 2, 2021, asking for a call back about the car.

7.      She immediately called Vivian back and told her that the car had been returned as instructed on May 16, 2021. Vivian told her that ReJeana needed to call Hertz, because Hertz did not have the car.

8.      ReJeana immediately called Cheryl Jorden at the Houston Airport Hertz location and explained that the car had been returned on May 16, 2021. Cheryl told her that the contract would not be closed out because Hertz did not have the car. ReJeana found this very hard to believe. She was told to call the police and make a report.

9.      She called the police at 12:44 pm on August 2nd and was told she would receive a call back. Her call slip was P103931421L. She was called back at 2:30 pm by an Officer Hicks and made report about the vehicle. The report number was 103931421L.

10.     ReJeana then called Cheryl back at the Hertz location that same day and provided her the report number. Cheryl said that Hertz would pull the surveillance footage and confirm the car was returned and look to see what happened to it. Cheryl said it was in Hertz's hands now, not ReJeana's.

11.     Yet, on August 12, 2021, Cheryl sent another email acting as if she and ReJeana had never talked. ReJeana emailed Cheryl to remind her she was supposed to pull the video and Cheryl responded that she would touch base with Vehicle Control.

12.     Then on September 7, 2021, ReJeana received a letter dated August 31, 2021. It claimed the car was not returned and threatened to report her for theft. ReJeana called Hertz on the 1800 number and was told the rental had been closed and that she had received the letter in error.

13.     However, she got another letter on September 7, 2021, claiming that her rental

2

privileges had been permanently suspended because she had failed to file a theft report. She again called Hertz, and was told that her case was taken care of and there was no issue.

14.    Not satisfied, she sent an email on September 7, 2021, to "rentalsuspensions@hertz.com" asking for an explanation. She was promised a response in 48 hours, but heard nothing. She followed up after 1 week and sent another email.

15.    On September 13, 2021, she noticed that Hertz/Thrifty had charged her bank card $5,369.34 in early September. She called the Hertz/Thrifty and spoke with Robert in billing. He told her that the car was recovered on July 15, 2021, and that the charge was for her rental from May 16 to July 15, 2021. She told Robert that she was disputing the charges and that it was absolutely false for Hertz to say that she had rented from May to July 2021, when she had rented for just 3 days.

16.    Robert also told her that Hertz had an email address in the computer system for her, which she had never given the company. She had given the company her actual address and had communicated with the company with her actual email address repeatedly.

17.    She finally received a response on Friday, September 17, 2021, from the rental suspension department, telling her to complete a "vehicle theft from customer" report. She had never been told about, nor heard of, such a thing or form before.

18.    She filled out the form and submitted a detailed statement by email on September 20 to okctheftandrecovery@hertz.com, with exhibits identifying everything that happened:

> On May 13th 2021 around 7:00-7:30 PM, my 2 kids, my husband and I arrived off of United Airlines flight UA780 from Chicago, IL to Houston, TX (Bush International Airport). Once we arrived at Bush we waited for 2 hours in the Thrifty Car Rental line to get our car. When we arrived at the counter the guy was very short and dismissive to any questions. He told us to go outside and pick a car. We walked all around outside looking for a car but there were no directions or signs for Thrifty cars. At this time I did know that Thrifty and Hertz were owned by the same company. After walking

around for awhile another customer told us that we pick a Hertz car because there were no thrifty cars. We found a car (Black Chrysler 300) get in and drive to the exit station. I asked the gentleman who scanned our barcode what we do when we return this car early morning of May16th. He instructed us to bring the car back to the lot and leave the keys in it. We left and went about our weekend. We arrived back at Bush International Airport on May 16th around 2:50AM. When we pulled into the rental car area it was completely blocked off and we were unable to enter the lot. We drove around for a little bit and we were finally about to speak to a female worker sitting in a jeep in the parking lot. She said she was the security and was sitting near the AVIS entrance. We asked where we should park the car and she said after hours parking was in the visitor parking lot across from the rental car drop off area. We drove over to the visitor parking lot and exited the car. We left the keys in the car as instructed. We also looked in the Hertz rental car that was parked next to us and it also had the keys left in it so we thought we were doing the right thing. We gathered our belongings and left the car. We walked up to the entrance of the rental car area and looked to see if there was some sort of instructions or a drop box for these keys but we did not see anything at all. So we left the area and headed into the airport to catch our flight back to Illinois. I have a time stamped picture of 2:58AM on 5/16/2021. This was taken right as we were about to leave the car. That was the last time we had contact with the car. The time stamped picture is a picture of the rental record showing the estimated charges. I have attached it as well.

I received a letter on June 2nd, 2021 via the mail stating that the car was not returned. I immediately called 1800-552-8482 and explained that I left the car at the airport. I explained the above details to the female employee as well. She said she would send the information over to the Bush Airport Hertz and would get it taken care of. I never heard another word until August 2nd, 2021 when Vivian with a repossession company called me and told me the company she worked for was hire to repossess the car. I explained the situation to her and she said I should call Hertz because the issue apparently wasnt taken care of June 2nd, 2021. I called Hertz and explained everything all over again. They told me again they would send this information to the Bush International Airport Hertz to get the claim closed out. Later that morning I received a phone call from Cheryl Jordan with the Bush International Airport Hertz she explained to me that she could not close this out because they did not have the car. I again explained everything to her and asked what I should do. She instructed me to make a police report. I called Houston Police Department and my call was taken at 12:44PM and I was told that an office would call me back. My call slip number was P103931421L. I was called back that same day (August 2nd) at 2:30pm by Officer Hicks and a auto theft report was made. Report # 103931421L. After this I called Cheryl back and explained a report was made, I provided her the report number. She said they would pull the footage and get the details. I asked what was going to happen from here and

she said it was in Hertz' hands at this point. On August 12th, 2021 Cheryl sent me an e-mail acting as if I never made a police report or even spoke with her. I have attached our email chain as well. I sent her a follow up email on September 7, 2021 that she has yet to respond to.

I never heard anything until I received a letter on September 7, 2021 that was dated August 31st. This was the exact same letter I received in June stating that the car wasn't returned. I immediately called and was informed that the case had been closed and I received the letter in error. I asked several times to get this in writing but I was told that she could not send this to me in writing. Also on September 7, 2021 I received a letter in the mail stating I was permanently suspended from renting from this company because I failed to file a theft report. After I received this letter I called and called to try and get some sort of answered. Another Hertz employee told me the same thing that my case was taken care of.

On September 7th, 2021 I sent an email to rentalsuspensions@hertz.com regarding this matter. I have also attached the email chain. I received a response that someone would get back to me within 48 hours. After 1 week I sent another email following up because I heard nothing. Finally on Friday September 17th, 2021 I received a response to complete the vehicle theft from customer report. This is the very first time I have even heard of said form.

I received my credit card statement September 13, 2021 and much to my surprise Hertz/Thrifty had charged me $5,369.34. I called Hertz September 14, 2021 and spoke with the billing department to determine why I was charged this. I found out from Robert in billing that I was charged this fee from May 16th-July 15th when the car was recovered. This is the first time I had heard the car was recovered. In fact I received a certified letter dated August 31, 2021 that the car was still not returned. Robert also told me that I could dispute the charges and I informed him that I would like to do so. Robert also verified my email address with me and the email on file was a email I have never had or heard of in my life. I have no clue where this email came from. My email address is rejeanameado@yahoo.com

I have spent hours trying to get through to the Houston Police Department Records division to obtain a copy of the police report. Their phone system times out after being on hold for 1 hour and 3 minutes. I have attached screenshots of my attempts to obtain a copy of the report. I don't know what else to do at this point.

Please reach out to me as soon as possible so we can resolve this matter.

Sincerely,
ReJeana Meado
Rental # 967496843
File # 1668648

19.    Following her submission of the theft affidavit, she heard nothing from Hertz.

20.    On November 16, 2021, not trusting Hertz's nonresponse after seeing news reports about false theft reports from Hertz, she sent the following email to Hertz's customer relations and Executive Customer Support departments:

From: ReJeana Meado >
To: customerrelations@hertz.com >
executivecustomerservice@hertz.com >
Today at 3:33 PM

**false report - rental car agreement 967496843**

Hello,

I had a 3 day rental from May 13 to May 16 2021. I returned the car on May 16th, 2021 to the Houston Airport. However, i received a letter dating August 31, 2021 threatening to report me for car theft. I then got charged $5,369.34 on September 2, 2021. I have seen online from news reports that this could mean Hertz filed a police report claiming a stole a car. Did Hertz file a police report against me? Any such report would be absolutely false. I don't under how a 3 day rental could turn into such a fiasco. Please respond to me immediately or i will pursue legal action. i have previously reached out to your company and have gotten no where. I have never been arrested before and I absolutely do not want to go to jail or have anything like this on my record.

thank you,

ReJeana Meado

21.     She received an automated response assigning her case number 12442192 promising a response in 7-10 days.

22.     On November 29, 2021, she started calling Hertz because she had not heard anything. At 11:59 am she called 1800 334-1705 and Spoke to Camille (Badge 0154) in the Claims Department. Camille assured her there were no claims or documentation showing the car was reported stolen.

23.     She then called Vehicle Control at 1800 552-8482 at 12:46 pm and spoke with Blue, who refused to provide a Badge ID. She asked whether a theft report had been filed, and Blue put her on hold, and then tried to transfer her to billing. She told him she did not need billing, she needed to know if a theft report was filed.

24.     She was then transferred to a supervisor named Amy (Badge 2903) who was adamant that the contract was closed due to the vehicle being returned and that there was no information about any claim. She told ReJeana to talk to customer service.

25.     She then spoke with Sherrone, who refused to give her a badge ID. Sherrone also said that there was no theft report but claimed that ReJeana owed a bill for $5,369.34. ReJeana asked her why she should be charged this amount when she had rented the car for just 3 days. Sherrone had no answer.  Sherrone said there was nothing she could do and hung up.

26.     Given Hertz's dysfunction and her previous experience with Hertz falsely telling her they would take care of the rental, and then continuing to threaten her, ReJeana had no idea what to think. Her previous reliance on Hertz's assurances had resulted in over $5,000 of improper billing.

27.     Finally, on December 2, 2021, ReJeana received a response from Hertz Executive Customer Service in response to her inquiry about whether a theft report was filed.  It was evasive

and only addressed billing:

**From:** executivecustomerservice@hertz.com
**Date:** December 2, 2021 at 10:38:31 AM CST
**To:** rejeanameado@yahoo.com
**Subject: Thrifty Customer Care Case # 12442150**



Dear Ms. Meado,

Thank you for contacting us.  I appreciate the opportunity to review your concerns.

Having thoroughly reviewed this matter I can confirm our Houston Intercontinental rental location never located the vehicle and the keys were not returned in our designated drop off box. Considering this information you were charged correctly as the vehicle was not located.

Please know that we take all customer concerns very seriously and I want to thank you for allowing me the opportunity to review this matter.

Kind Regards,

Myesha Jones
Executive Customer Services
Hertz Dollar Thrifty
https://www.thrifty.com

28.     ReJeana was disturbed by the apparently deliberate failure to address whether a theft report was filed, and also the company's ignorance of her extensive contacts with Hertz.

29.     She responded and asked Hertz/Thrifty again whether she was reported for theft:

**From:** ReJeana Meado <rejeanameado@yahoo.com>
**Date:** December 2, 2021 at 11:38:09 AM CST
**To:** executivecustomerservice@hertz.com
**Subject: Re: Thrifty Customer Care Case # 12442150**

Hello,

Thank you for the response, but you blatantly did not answer my question! I
need to know immediately if Thrifty/Hertz filed a theft report against me.
Your response in this matter is needed ASAP.

Thank you,
ReJeana Meado

Sent from my iPhone

30.    Hertz/Thrifty responded that no theft report had been filed:

> **From:** CC - NA - Executive Customer Service
> <executivecustomerservice@hertz.com>
> **Date:** December 3, 2021 at 10:20:08 AM CST
> **To:** rejeanameado@yahoo.com
> **Subject: Re: Thrifty Customer Care Case # 12442150    [
> ref:_00D15EeK3._5006O1kxqrL:ref ]**
>
> Dear Ms. Meado,
>
> Please be advised Hertz/Thrifty did not file a theft report.
>
> Kind Regards,
>
> Myesha Jones
> Executive Customer Service
> Hertz Dollar Thrifty

31.    ReJeana, however, was wary because of how Myesha had previously avoided

answering the question.

32.    ReJeana then pushed for more answers, given the discrepancies in Hertz's record

keeping:

9

**From:** ReJeana Meado <rejeanameado@yahoo.com>
**Date:** December 3, 2021 at 1:19:05 PM CST
**To:** CC - NA - Executive Customer Service <executivecustomerservice@hertz.com>
**Subject:** Re: Thrifty Customer Care Case # 12442150    [ ref:_00D15EeK3._5006O1kxqrL:ref ]

Hello,

Thank you for responding! I still need clarification. Even though I returned the car on May 16, you sent me a letter on August 31, 2021 threatening to report me for car theft. You then charged me a huge amount. I read online that the huge charge after a threat letter probably means that the rental was closed and I was reported to police. You also told me in a prior email that Hertz still cannot find the car. But, the letter I received said the car was found 7/15/21? I am extremely confused and need clarification. Please let me know if I have been reported, or if I am in the process of being reported.

Sent from my iPhone

33.    On December 4, 2021, Hertz finally admitted that it had been providing blatantly false information to ReJeana. She was informed that a theft report was in fact filed, seemingly without any regard for any of ReJeana's extensive contacts with Hertz over the prior six months to resolve this matter:

**From:** executivecustomerservice@hertz.com
**Date:** December 4, 2021 at 9:57:48 AM CST
**To:** rejeanameado@yahoo.com
**Subject:** Thrifty Customer Care Case # 12442150

Dear Ms. Meado,

Thank you for responding to our correspondence. I appreciate the opportunity to revisit this matter.

According to our records the vehicle has not been recovered to date and we have reported it as stolen to the authorities. Our process once a contract is severely overdue is to close the contract and charge the customer while we continue to work on recovering our property.

Please know that we take all customer concerns very seriously and I want to thank you for allowing me the opportunity to review this matter.

Kind Regards,

Lori Barnard
Executive Customer Service

34.    ReJeana started to see her life falling apart before her eyes. What is more, Hertz

10

had blatantly tried to mislead her about whether a theft report had been filed to lull her into a false

sense of security. Had she not doggedly followed up, she would have no idea a theft report was

filed.

      35.     She is now terrified that she is going to be jailed, arrested, and prosecuted.

      36.     She sent the following email back to Hertz/Thrifty demanding that they withdraw

the false theft report:

> **From:** ReJeana Meado <rejeanameado@yahoo.com>
> **Date:** December 4, 2021 at 11:39:38 AM CST
> **To:** executivecustomerservice@hertz.com
> **Subject: Re: Thrifty Customer Care Case # 12442150**
>
> Hi Lori,
>
> This is completely fraudulent and evil. I have been in constant contact with hertz and filed a police
> report myself on August 2nd, 2021 at Hertz' direction. I also filed an affidavit theft form with the
> company, although frankly I think you have the vehicle and just can't track it. This needs to be
> withdrawn immediately. There is absolutely no basis for this. I am filing legal action against your
> company. Please immediately let me know when and where this theft report was filed.
>
> ReJeana Meado
>
> Sent from my iPhone

      37.     Hertz did not respond and ReJeana followed up further:

> **From:** ReJeana Meado <rejeanameado@yahoo.com>
> **Date:** December 4, 2021 at 6:43:34 PM CST
> **To:** executivecustomerservice@hertz.com
> **Subject: Re: Thrifty Customer Care Case # 12442150**
>
> Hi Lori,
>
> I haven't heard from you regarding this very serious issue for me and my family.
> It is unacceptable. I am reporting this to the Harris County Attorney as well as
> my local States Attorney.
>
> Thanks,
> ReJeana Meado

38.    ReJeana did not know about any bar date and did not see it in any publication, nor did she know about any bankruptcy plan. She does not regularly read *USA Today*, *The Wall Street Journal*, *The New York Times*, *The Globe and Mail*, *The Philadelphia Inquirer*, *San Francisco Chronicle*, *Arizona Republic*, *Chicago Tribune*, *Los Angeles Times*, *The San Diego Union Tribune*, *Naples Daily News*, *El Diario De El Paso*, or *Journal De Montreal*.

39.    As a direct and proximate result of Hertz's conduct, ReJeana has been falsely reported for theft, is being falsely prosecuted, is being harassed, has been overcharged around $5,000, and has been severely emotionally and mentally harmed.

40.    There was no probable cause for Hertz to report ReJeana for any crime at any point in time.

I declare under the penalty of perjury of the United States of America that the foregoing is true and correct.

Dated:  December ✝, 2021          /s/ _____
                                              Declarant

12

  *Fire* CAR RENTAL

## VEHICLE THEFT FROM CUSTOMER REPORT

**IMMEDIATELY FAX TO RESPONSIBLE MANAGEMENT INDICATED IN SECTION C. OF PROCEDURE W7-02, REPORTING VEHICLE THEFTS AND CONVERSIONS**

THE CUSTOMER MUST REPORT THE VEHICLE STOLEN TO THE POLICE DEPARTMENT NEAREST TO WHERE THEFT OCCURED.  OKC Vehicle Control will close out the Rental Record after it has been verified listed on NCIC. (National Crime Investigation Center) HERTZ MUST ONLY FILE THIS REPORT IF THE CUSTOMER HAS REFUSED. IF THE CUSTOMER DOES NOT HAVE THE VEHICLE INFORMATION, YOU MAY COMMUNICATE IT TO THE RENTER SO THEY CAN REPORT THE THEFT TO THE POLICE.

PLEASE COMPLETE THE FOLLOWING INFORMATION AND FAX TO 405 775-3078 or email to
_____

Renter's Full Name: **ReJeana Nicole Meado**

Street Address: **2 Constitution Dr. New Berlin** City: **New Berlin**

State/Province/Country: **Illinois** ZIP/Postcode: **62670**

Phone Number: (Home) **—** (Mobile) **217-473-7903** (Work) **—**

Rental Agreement Number: **967496843** Vehicle Number: **2C3CCABG6KH55945**

Year/Make/Model: **Chrysler 300** License Plate Number: **TX- LMR1705**

Date & Time Theft Reported to Police: **8/2/21 2:30pm** Date & Time Theft Occurred: **sometime after 8/16/21 @ 3AM**

Police Dept. Reported to: **Houston Police Dept.** Officer's Name: **Hicks** If
**call slip# P103931421L**

not reported to police, explain why? _____

Address of Theft: **17314 Palmetto Pines Houston, TX 77032** Police Report or Case Number: **103931421 L**

Did you allow anyone else to drive the vehicle? **N** (Y/N) If Yes, who? Name: **N/A**

Address: _____ D.O.B: _____

Phone Number: (Home) _____ (Mobile) _____ (Work) _____

License Number: _____ Occupation: _____ Place of Birth: _____

Other Relevant Information: _____

Was Valet Parking service involved? **NO** Were you given a receipt? **NO**

Location of Keys at the Time of Theft: **inside Chrysler 300.**

Was the vehicle Key returned to Hertz? **N** (Y/N) If Yes, to who and where was it returned?

Employee Name: _____ Location: _____ Date & Time: _____

Location of the Rental Agreement at this time: **Bush International Airport Houston Texas.**

Customer's Statement (What Happened): _____
**please see page 2. Type Statement.**
_____
_____
_____

Customer's Signature: *ReJeana Meado* Date: **9/20/21**

Do not close or do an exchange on the Rental Agreement.
Responsible Management will close the Rental Agreement after verifying the Theft Report with Police.

Hertz - stole car statement                                                                    9/17/2021

On May 13th 2021 around 7:00-7:30 PM, my 2 kids, my husband and I arrived off of United Airlines flight UA780 from Chicago, IL to Houston, TX (Bush International Airport). Once we arrived at Bush we waited for 2 hours in the Thrifty Car Rental line to get our car. When we arrived at the counter the guy was very short and dismissive to any questions. He told us to go outside and pick a car. We walked all around outside looking for a car but there were no directions or signs for Thrifty cars.At this time I did know that Thrifty and Hertz were owned by the same company. After walking around for awhile another customer told us that we pick a Hertz car because there were no thrifty cars. We found a car (Black Chrysler 300) get in and drive to the exit station. I asked the gentleman who scanned our barcode what we do when we return this car early morning of May16th. He instructed us to bring the car back to the lot and leave the keys in it. We left and went about our weekend. We arrived back at Bush International Airport on May 16th around 2:50AM. When we pulled into the rental car area it was completely blocked off and we were unable to enter the lot. We drove around for a little bit and we were finally about to speak to a female worker sitting in a jeep in the parking lot. She said she was the security and was sitting near the AVIS entrance. We asked where we should park the car and she said after hours parking was in the visitor parking lot across from the rental car drop off area. We drove over to the visitor parking lot and exited the car. We left the keys in the car as instructed. We also looked in the Hertz rental car that was parked next to us and it also had the keys left in it so we thought we were doing the right thing. We gathered our belongings and left the car. We walked up to the entrance of the rental car area and looked to see if there was some sort of instructions or a drop box for these keys but we did not see anything at all. So we left the area and headed into the airport to catch our flight back to Illinois. I have a time stamped picture of 2:58AM on 5/16/2021. This was taken right as we were about to leave the car. That was the last time we had contact with the car. The time stamped picture is a picture of the rental record showing the estimated charges. I have attached it as well.

I received a letter on June 2nd, 2021 via the mail stating that the car was not returned. I immediately called 1800-552-8482 and explained that I left the car at the airport. I explained the above details to the female employee as well. She said she would send the information over to the Bush Airport Hertz and would get it taken care of. I never heard another word until August 2nd, 2021 when Vivian with a repossession company called me and told me the company she worked for was hire to repossess the car. I explained the situation to her and she said I should call Hertz because the issue apparently wasnt taken care of June 2nd, 2021. I called Hertz and explained everything all over again. They told me again they would send this information to the Bush International Airport Hertz to get the claim closed out. Later that morning I received a phone call from Cheryl Jordan with the Bush International Airport Hertz she explained to me that she could not close this out because they did not have the car. I again explained everything to her and asked what I should do. She instructed me to make a police report. I called Houston Police Department and my call was taken at 12:44PM and I was told that an office would call me back. My call slip number was P103931421L. I was called back that same day (August 2nd) at 2:30pm by Officer Hicks and a auto theft report was made. Report # 103931421L. After this I called Cheryl back and explained a report was made, I provided her the report number. She said they would pull the footage and get the details. I asked what was going to happen from here and she said it was in Hertz' hands at this point. On August 12th, 2021 Cheryl sent me an e-mail

acting as if I never made a police report or even spoke with her. I have attached our email chain as well. I sent her a follow up email on September 7, 2021 that she has yet to respond to.

I never heard anything until I received a letter on September 7, 2021 that was dated August 31st. This was the exact same letter I received in June stating that the car wasn't returned. I immediately called and was informed that the case had been closed and I received the letter in error. I asked several times to get this in writing but I was told that she could not send this to me in writing. Also on September 7, 2021 I received a letter in the mail stating I was permanently suspended from renting from this company because I failed to file a theft report. After I received this letter I called and called to try and get some sort of answered. Another Hertz employee told me the same thing that my case was taken care of.

On September 7th, 2021 I sent an email to rentalsuspensions@hertz.com regarding this matter. I have also attached the email chain. I received a response that someone would get back to me within 48 hours. After 1 week I sent another email following up because I heard nothing. Finally on Friday September 17th, 2021 I received a response to complete the vehicle theft from customer report. This is the very first time I have even heard of said form.

I received my credit card statement September 13, 2021 and much to my surprise Hertz/Thrifty had charged me $5,369.34. I called Hertz September 14, 2021 and spoke with the billing department to determine why I was charged this. I found out from Robert in billing that I was charged this fee from May 16th-July 15th when the car was recovered. This is the first time I had heard the car was recovered. In fact I received a certified letter dated August 31, 2021 that the car was still not returned. Robert also told me that I could dispute the charges and I informed him that I would like to do so. Robert also verified my email address with me and the email on file was a email I have never had or heard of in my life. I have no clue where this email came from. My email address is rejeanameado@yahoo.com

I have spent hours trying to get through to the Houston Police Department Records division to obtain a copy of the police report. Their phone system times out after being on hold for 1 hour and 3 minutes. I have attached screenshots of my attempts to obtain a copy of the report. I don't know what else to do at this point.

Please reach out to me as soon as possible so we can resolve this matter.

Sincerely,

ReJeana Meado
Rental # 967496843
File # 1668648

Phone number:217-473-7903
Email address: rejeanameado@yahoo.com



**Thrifty** Car Rental    Rental Record# 967496843

REJEANA MEADO    Vehicle: 2019 300
License: TX LMR1705

TOUR PURCHASE:    Days  3    D  Class
Additional Products
Frequent Flyer Surcharge                              T $        .00
Toll Charges         Accepted @ $  12.99 per day  $      38.97
Fuel Purchase Option Accepted                        $      50.12
You pre-purchased a full tank and may return at any fuel level.
Service Charges/Taxes
CONCESSION FEE RECOVERY          $  9.90    T $       9.90
Tax                                                  $       1.49
Adjustments
**TOTAL ESTIMATED CHARGE**                           $     100.48

Credit Card Authorization Amount $    300.00
Rented by Thrifty, Inc.
Vehicle:01695 / 8364291LocNum: TXIAH14  / 0074214
Miles Out:                          49225 Plan:  PRL3A   Class: D
Rental Location:  HOUSTON INTRCNTL AP
Rental Time:  05/13/21 at  9:16 PM
Return Location: HOUSTON INTRCNTL AP
Return Time:  05/16/21 at  4:00 AM

Rental Extensions/Changes or
Emergency Road Service 1-877-283-0898

This estimate assumes you will rent and return at the locations and times
indicated, and that you will not exceed any mileage limitations.
Rental Rate subject to increase if you return Car more than 24 hours before
or 24 hours after scheduled Return Time. Late returns may be subject to
extra hour and/or extra day charges.
Charges indicated as "***" will be calculated at return.
Taxable charges are preceded by a "T".
967496843                                    PG 1 OF 1 #02 EG

**From:** ReJeana Meado <rejeanameado@yahoo.com>
**Date:** September 7, 2021 at 10:34:03 AM CDT
**To:** "Jorden, Cheryl E." <CJorden@hertz.com>
**Cc:** TXIAH SSENS <TXIAHSSENS@hertz.com>
**Subject: Rental Record #967496843**

Hi Cheryl,

I called you last week and left a message for an update but I never received a phone call back. Can you please let me know the status of this situation. Has the car been found? We're you able to pull the footage? Etc?!

Thanks,
ReJeana Meado

Sent from my iPhone

> On Aug 12, 2021, at 7:24 AM, Jorden, Cheryl E. <CJorden@hertz.com> wrote:
>
>
> I do understand your concerns, however, if we never touched the vehicle we had no way of knowing you returned, especially after hours. I do not know why it has taken so long to be alerted as a whole, I only know that I started back in admin on July 23 and started getting the close out requests at that time. There have been a lot of numbers going thru my head since then, I will apologize for not following up when you and I spoke. I assumed that once the vehicle was reported stolen that our vehicle control would close out the rental and start the investigation. I do believe you returned the vehicle, however, we do not know who told you to leave the keys in the vehicle outside of our lot as there is a sign instructing to drop all keys in a drop box on the Hertz counter for after hours customers. I do believe it is a serious matter and have contacted our vehicle control to do what they need to do. I was unable to close out

your contract and have copied the necessary personnel to see if they can
do it.  Let me know if you have any other questions.

**From:** ReJeana Meado [mailto:rejeanameado@yahoo.com]
**Sent:** Thursday, August 12, 2021 6:51 AM
**To:** Jorden, Cheryl E. <CJorden@hertz.com>
**Cc:** TXIAH SSENS <TXIAHSSENS@hertz.com>
**Subject:** Re: Rental Record #967496843

Cheryl,

I am glad I could assist in jogging your memory. This is a very serious
matter that you have seemed to take extremely lightly and as if it's no big
deal. I am curious as to why hertz didn't report this car stolen the very
next day that it wasn't returned? Why is it 2 months later that you are just
now looking for the car? What is the next step at this point? If you are
unable to answer my questions and concerns, I will escalate it up through
Hertz. I don't have the car, it was returned May 16th. I got on a flight the
same morning and I followed all of your teams instructions provided to
me. The way you and your company handle these situation is very
unprofessional.

I look forward to your reply with the answers to my questions.

Thank you,
ReJeana Meado

Sent from my iPhone


> On Aug 12, 2021, at 6:23 AM, Jorden, Cheryl E.
> <CJorden@hertz.com> wrote:
>
>
> It would appear I did forget, I am very sorry.  I will take care
> of it now that you have jogged my memory.
>
> **From:** ReJeana Meado [mailto:rejeanameado@yahoo.com]
> **Sent:** Thursday, August 12, 2021 6:20 AM
> **To:** Jorden, Cheryl E. <CJorden@hertz.com>
> **Cc:** TXIAH SSENS <TXIAHSSENS@hertz.com>
> **Subject:** Re: Rental Record #967496843
>
> Hello Cheryl,

You and I spoke on the phone regarding this car. This was reported to the Houston Police Department on August 2nd, 2021 at 2:30pm. I called you back and provided you the police report number. You told me that security would pull the footage. I am a little confused by your email?? This has already been reported. You and I discussed this. The police report number is 103931421L. Can you please explain your email below? It seems as if you lost this information?

Thanks,
ReJeana Meado

Sent from my iPhone

On Aug 12, 2021, at 5:19 AM, Jorden, Cheryl E. <CJorden@hertz.com> wrote:

Good morning,

We have received requests to close out the above rental record in your name from May. Unfortunately, we cannot close out due to the fact the vehicle has not been located.  At this time, I would advise you report the vehicle stolen to HPD non emergency number.  If you have any questions, please feel free to contact me.
--------------- This message (including attachments) may contain information that is privileged, confidential or protected from disclosure. If you are not the intended recipient, you are hereby notified that dissemination, disclosure, copying, distribution or use of this message or any information contained in it is strictly prohibited. If you have received this message in error, please immediately notify the sender by reply e-mail and delete this message from your computer. Although we have taken steps to ensure that this e-mail and attachments are free from any virus, we advise that in keeping with good computing practice the recipient should ensure they are actually virus free. ---------------

--------------- This message (including attachments) may contain information that is privileged, confidential or protected from disclosure. If you are not the intended recipient, you are hereby notified that dissemination, disclosure, copying, distribution or use of this message or any information contained in it is strictly prohibited. If you have received this message in error, please immediately notify the sender by reply e-mail and delete this message from your computer. Although we have taken steps to ensure that this e-mail and attachments are free from any virus, we advise that in keeping with good computing practice the recipient should ensure they are actually virus free. ---------------

--------------- This message (including attachments) may contain information that is privileged, confidential or protected from disclosure. If you are not the intended recipient, you are hereby notified that dissemination, disclosure, copying, distribution or use of this message or any information contained in it is strictly prohibited. If you have received this message in error, please immediately notify the sender by reply e-mail and delete this message from your computer. Although we have taken steps to ensure that this e-mail and attachments are free from any virus, we advise that in keeping with good computing practice the recipient should ensure they are actually virus free. ---------------

**From:** Rental Suspensions <RentalSuspensions@hertz.com>
**Date:** September 17, 2021 at 10:43:55 AM CDT
**To:** ReJeana Meado <rejeanameado@yahoo.com>
**Subject: Re: Automatic reply: Hertz suspension claim - Rental Record #967496843**

Good afternoon

Our records indicate that our theft and recovery department is missing at theft from renter report. I have attached it to this email. Please fill it out to the best of your ability and return it to okctheftandrecovery@hertz.com for review.

Hertz Rental Suspensions
Phone # 405-773-7591
5601 NW Expressway
Warr Acres, OK 73132

**From:** ReJeana Meado <rejeanameado@yahoo.com>
**Sent:** Tuesday, September 14, 2021 12:05 PM
**To:** Rental Suspensions <RentalSuspensions@hertz.com>
**Subject:** Re: Automatic reply: Hertz suspension claim - Rental Record #967496843

It has now been one week and I have not heard anything from Hertz. I called today because I was charged $5,369.34 to my credit card. Robert in billing let me know that the car was recovered July 15 2021. But I received a certified letter dated August 31, 2021 that the car was still missing. Robert also let me know that email address on file was completely wrong. I have never even heard of the email address he said. It is now correct as well as hitting the reply function in this email would also get you directly to me. I would like a phone call or an email with an explanation of the false report that the car was still missing when it was recovered July 15th and why I am liable for $5,369.34 when I returned the car AND reported the car stolen. I look forward to hearing from you.

ReJeana Meado
217-473-7903.

Sent from my iPhone

> On Sep 7, 2021, at 3:58 PM, Rental Suspensions <RentalSuspensions@hertz.com> wrote:
>
>  Thank you for your email!
>
> Thank you for your email to the Rental Suspension Department. This auto-reply is just to let you know…
>
> We received your email and will get back to you within 48hrs. If you are sending this outside business hours we will respond when we return to the office.
>
> Rental Suspension Business Hours:
> Monday-Friday
> 8am-5pm CST
>
> Please do not send multiple emails as this will only delay our response.
>
> Sincerely,
>
> The Hertz Corporation
> Rental Suspension Department. --------------- This message (including attachments) may contain information that is privileged, confidential or protected from disclosure. If you are not the intended recipient, you are hereby notified that dissemination, disclosure, copying, distribution or use of this message or any information contained in it is strictly prohibited. If you have received this message in error, please immediately notify the sender by reply e-mail and delete this message from your computer. Although we have taken steps to ensure that this e-mail and attachments are free from any virus, we advise that in keeping with good computing practice the recipient should ensure they are actually virus free. ---------------

--------------- This message (including attachments) may contain information that is privileged, confidential or protected from disclosure. If you are not the intended recipient, you are hereby notified that dissemination, disclosure, copying, distribution or use of this message or any information contained in it is strictly prohibited. If you have received this message in error, please immediately notify the sender by reply e-mail and delete this message from your computer. Although we have taken steps to ensure that this e-mail and attachments are free from any virus, we advise that in keeping with good computing practice the recipient should ensure they are actually virus free. ---------------




The Hertz Corporation
Vehicle Control
P. O. Box 24130
Oklahoma City OK 73124-0130

REJEANA MEADO
2 CONSTITUTION DR
NEW BERLIN, IL  62670

May 23, 2021

Dear REJEANA MEADO,

The vehicle that you recently rented from a Hertz Company (Hertz, Dollar, Thrifty, or Firefly Car Rental) was scheduled to be returned to: 17330 PALMETTO PINES HOUSTON INTRCNTL, TX. on the date indicated:

| | |
|---|---|
| Rented at | 17330 PALMETTO PINES HOUSTON INTRCNTL, TX. |
| Rental # | 967496843 |
| Date due | 05/16/2021 |
| Vehicle Detail ID | 2C3CCABG6KH559415 |
| License Plate | LMR1705 |
| License State | TX |
| Color | BLA |

This vehicle is now seriously overdue.
<u>Please do not ignore this letter.</u>

Pursuant to the Terms and Conditions of the Rental Agreement, we hereby demand that our vehicle be immediately returned to the scheduled return location listed above, or to the nearest Hertz Company.  (Note: Additional charges will apply if you return to a location other than the scheduled return location.)

Failure to return our vehicle as instructed may result in the vehicle being reported stolen. Please note that pursuant to laws in some state you may already be in violation of state law by failing to return ou vehicle. You are also advised that we may attempt to repossess this vehicle without additional notice to you. In addition to any overdue fees and/or additional rental charges you have already incurred, you will be responsible for all repossession expenses we incur. We will not be responsible for any personal property left in a vehicle we repossess.

Your immediate attention is necessary to prevent the potential revocation of future rental privileges and/or legal action to recover our vehicle.

If you have already returned this vehicle and believe this letter has been sent to you in error, we apologize for any inconvenience

Case 20-11247-MFW    Doc 194-1    Filed 12/07/21    Page 25 of 453

   

The Hertz Corporation
Vehicle Control
P. O. Box 24130
Oklahoma City OK 73124-0130

August 31, 2021

REJEANA MEADO
2 CONSTITUTION DR
NEW BERLIN, IL  62670

Dear REJEANA MEADO,

The vehicle that you recently rented from a Hertz Company (Hertz,
Dollar, Thrifty, or Firefly Car Rental) was scheduled to be returned
to: 17330 PALMETTO PINES HOUSTON INTRCNTL, TX on the date indicated:

Rented at            17330 PALMETTO PINES HOUSTON INTRCNTL, TX.
Rental #             967496843
Date due             05/16/2021
Vehicle Detail ID    2C3CCABG6KH559415
License Plate        LMR1705
License State        TX
Color                BLA

This vehicle is now seriously overdue.
Please do not ignore this letter.

Pursuant to the Terms and Conditions of the Rental Agreement, we
hereby demand that our vehicle be immediately returned to the
scheduled return location listed above, or to the nearest Hertz
Company.  (Note: Additional charges will apply if you return to a
location other than the scheduled return location.)

Failure to return our vehicle as instructed may result in the vehicle
being reported stolen. Please note that pursuant to laws in some states,
you may already be in violation of state law by failing to return our
vehicle. You are also advised that we may attempt to repossess this
vehicle without additional notice to you. In addition to any overdue
fees and/or additional rental charges you have already incurred, you
will be responsible for all repossession expenses we incur. We will
not be responsible for any personal property left in a vehicle we
repossess.

Your immediate attention is necessary to prevent the potential
revocation of future rental privileges and/or legal action to
recover our vehicle.

If you have already returned this vehicle and believe this letter
has been sent to you in error, we apologize for any inconvenience.
Please contact us with your return details so we may investigate
and resolve this matter as quickly as possible.

The Hertz Corporation
Vehicle Control
(800) 552-8482
(405) 775-3090
Vehcntl@hertz.com

Form: VCWX0710      ID: 21051704660DEL21243428016

Back Office Services
P.O. Box 24130
Oklahoma City, OK 73124-0130

September 02, 2021

REJEANA MEADO
2 CONSTITUTION DR
NEW BERLIN IL 62670

File: 1668648

Dear Rejeana Meado,

This is to inform you that your rental and authorized operator privileges, as well as any membership in service programs (Gold, #1 Club, etc.) have been permanently suspended at Hertz, Dollar, Thrifty and Firefly car rental because you have not filed a theft report with the police and/or with Hertz or make a good faith attempt to file a theft report within a reasonable time after a claimed theft.

If you disagree with the above information, we are willing to further review the circumstances regarding the suspension upon receipt of a written request for reinstatement along with any supporting documentation.

From time to time, you may receive promotional material. This material should be disregarded, since it has been sent inadvertently, and does not affect this decision in any way.

If you have any questions regarding this matter, you may contact this office at (405) 773-7591. Our hours of operation are from 8:00 AM to 5:00 PM (CST), Monday through Friday.

*Robert Clark*

Robert Clark
Back Office Services

3:55

4G

# 1 (713) 308-3500

01:02:22



mute

keypad

audio

add call

FaceTime

contacts



1:43

1 (713) 308-3500

01:00:28



mute    keypad    speaker

add call    FaceTime    contacts



‹ Recents



# 1 (713) 308-3500

Houston, TX

 message   call   Telegram   mail   pay

Today

11:40 AM  **Outgoing Call**
1 hour 3 minutes

Share Contact

Create New Contact

Add to Existing Contact

Add to Emergency Contacts

Share My Location

Block this Caller

    

4:09 

‹ Recents



# 1 (713) 308-3500

Houston, TX

    

message    call    Telegram    mail    pay

Today

2:52 PM    **Outgoing Call**
           1 hour 3 minutes

Share Contact

Create New Contact

Add to Existing Contact

Add to Emergency Contacts

Share My Location

Block this Caller

    

Favorites    Recents    Contacts    Keypad    Voicemail

4:09



# 1 (713) 308-3500

Houston, TX

    

message    call    Telegram    mail    pay

**Today**

2:52 PM    **Outgoing Call**
            1 hour 3 minutes

Share Contact

Create New Contact

Add to Existing Contact

Add to Emergency Contacts

Share My Location

Block this Caller

    

4:09



< Recents



# 1 (713) 308-3500

Houston, TX

| message | call | Telegram | mail | pay |
|---------|------|----------|------|-----|

**Today**

2:37 PM    **Outgoing Call**
6 minutes

1:50 PM    **Outgoing Call**
47 minutes

Share Contact

Create New Contact

Add to Existing Contact

Add to Emergency Contacts

Share My Location

Block this Caller

 Favorites     Recents     Contacts     Keypad     Voicemail




‹ Recents



# 1 (713) 308-3500

Houston, TX


message


call


Telegram


mail


pay

**Today**

12:43 PM    **Outgoing Call**
            1 hour 3 minutes

Share Contact

Create New Contact

Add to Existing Contact

Add to Emergency Contacts

Share My Location

Block this Caller







4:10  

 Recents



# 1 (713) 308-3500

Houston, TX

    

### Today

11:40 AM   **Outgoing Call**
1 hour 3 minutes

Share Contact

Create New Contact

Add to Existing Contact

Add to Emergency Contacts

Share My Location

Block this Caller

    

Favorites   Recents   Contacts   Keypad   Voicemail

4:10  

‹ Recents



# 1 (800) 552-8482

unknown

    

Today

11:03 AM    **Outgoing Call**
32 minutes

Share Contact

Create New Contact

Add to Existing Contact

Add to Emergency Contacts

Share My Location

Block this Caller

    

Favorites    Recents    Contacts    Keypad    Voicemail

**THRIFTY CAR RENTAL**
Phone: 800-334-1705
Web: www.thrifty.com



THRIFTY CAR RENTAL
DEPT 1260
P O BOX 121260
DALLAS, TX 75312
TAX Id: 73-1389882

| | |
|---|---|
| Rental Agreement No: | 967496843 |
| Invoice Date: | 10/08/2021 |
| Document: | 961002522634 |

**REPRINT**

Renter: REJEANA MEADO
Account No.: **********7965 FCH

REJEANA MEADO
2 CONSTITUTION DR
NEW BERLIN, IL 62670

## RENTAL REFERENCE

Rental Agreement No: 967496843
Reservation ID: J74510724E1

## RENTAL DETAILS

| | |
|---|---|
| Rate Plan: | IN: RCU28   OUT: RCUD3 |
| Rented On: | 05/13/2021 21:16  LOC# 074214 |
| | HOUSTON INTRCNTL, TX |
| Returned On: | 07/15/2021 21:16  LOC# 074214 |
| | HOUSTON INTRCNTL, TX |
| Car Description: | SIR 300 3.6 RWN  LMR1705 |
| Veh. No.: | 8364291 |

| CAR CLASS Charged: | D | MILEAGE | In: 53,635 |
|---|---|---|---|
| Rented: | I | | Out: 49,225 |
| Reserved: | D | | Driven: 4,410 |

## MISCELLANEOUS INFORMATION

## RENTAL CHARGES

| | | | |
|---|---|---|---|
| MONTHS | 2 @ | 1624.39 | 3248.78 |
| EXTRA DAYS | 3 @ | 65.00 | 195.00 |
| SUBTOTAL | | | 3443.78 |
| | | | |
| FUEL PURCHASE OPTION | | | 50.12 |
| CONCESSION FEE RECOVERY | | | 462.21 |
| VEHICLE LICENSE FEE | | | 122.22 |
| CUSTOMER FACILITY CHARGE | | | 252.00 |
| LATE RETURN FEE | | | 80.00 |
| ENERGY SURCHARGE | | | 1.49 |
| TOLL FEES | | | 584.91 |
| OVERDUE ADMIN FEE | | | 100.00 |
| TAX | 6.25% | | 272.61 |
| | | | |
| AMOUNT DUE | | | 5369.34 USD |

************** **A T T E N T I O N** ***************
```
|-----------------------------------------------|
|* OUR RECORDS DO NOT REFLECT PAYMENT FOR THIS *|
|* CHARGE.  IF PAYMENT HAS BEEN PREVIOUSLY     *|
|* ISSUED, PLEASE ACCEPT OUR THANKS.           *|
|-----------------------------------------------|
```

PAYMENT DUE UPON RECEIPT

THANK YOU FOR RENTING FROM THRIFTY

DETACH AND SEND WITH PAYMENT-DO NOT STAPLE OR FOLD

**PLEASE INCLUDE RENTAL AGREEMENT NO. ON YOUR CHECK.**

___ **CHECK HERE FOR ADDRESS CHANGE ON REVERSE SIDE**

REMIT TO:
THRIFTY CAR RENTAL
DEPT 1260
P O BOX 121260
DALLAS, TX 75312
UNITED STATES

| | |
|---|---|
| Rental Agreement No: | 967496843 |
| Invoice Date: | 10/08/2021 |
| Document: | 961002522634 |

Renter: REJEANA MEADO
Account No.: **********7965 FCH

Phone: 800-334-1705
Web: www.thrifty.com

| AMOUNT DUE : | 5369.34 USD |
|---|---|

961002522634            000000536934

eus101      0096 DB

From: executivecustomerservice@hertz.com
Date: December 6, 2021 at 9:49:04 AM CST
To: rejeanameado@yahoo.com
Subject: Thrifty Customer Care Case # 12593350



Dear Ms. Meado,

Thank you for responding to our correspondence. I appreciate the opportunity to revisit this matter.

As stated previously the vehicle has not been recovered to date and we have reported it as stolen to the authorities. Our process once a contract is severely overdue is to close the contract and charge the customer while we continue to work on recovering our property. We are not empowered to withdraw the theft report; therefore, you must address this matter through the legal system. This is our final determination on this matter, and it will not be reconsidered.

Please know that we take all customer concerns very seriously and I want to thank you for allowing me the opportunity to review this matter.

Kind Regards,

Lori Barnard
Executive Customer Service

# ATTACHMENT M

## DECLARATION OF JENELLE REECE-WILLIAMS

1.      My name is Jenelle Reece-Williams. I have personal knowledge of the facts stated in this declaration, and I can testify competently to them if called upon to do so.

2.      In summation: Jenelle rented a truck from the McCarran Airport Hertz location in Nevada in September 2018, because she was relocating to the Charlotte, NC area. She extended each week. She was charged $2,100. To her shock she was arrested without warning on or around November 6, 2018, and jailed for 2 weeks in solitary confinement. The charges were later dropped without explanation in January 2019, but not before her life was destroyed. She was given no notice of the bankruptcy bar date.

3.      Jenelle rented a car from Hertz on September 15, 2018 at the McCarran Airport location in Las Vegas, NV. She put down a Capital One card for the rental, and her aunt put down a Wells Fargo card as extra security. The rental number was 104983351.

4.      The rental was for two weeks. She, however, extended the rental each week with the corporate 1800 number. She was using the rental to relocate to the Charlotte, NC area.

5.      She also received contact from Hertz employee Shana Trotter on October 3, 2018, asking her to extend, which she did on the provided 1800 number. She thought this was odd as she had been extending.

6.      On or around the beginning of November 2018 her card was charged $2,100. She figured that everything was fine.

7.      On or around November 6, 2018, she was pumping gas off Albamarle Rd. in Charlotte, NC. While she was in the store, police officers ran her plates. When she got back in the car they swooped in and ordered her out of the rented car stating that it was stolen.

8.      They cuffed her and she stood there humiliated as she waited 15 minutes for a

1

female officer to arrive to pat her down. She was then frisked in full view of the public.

9.     She told the police that this was just a rental and must be a mistake. No one listened.

10.     Her arrest # was 01768173.

11.     They then took her to an interrogation station and let her sit there for 1 hour. From there they then took her to Mecklenburg County jail. Her inmate number was 18-078804.

12.     She was jailed for 2 weeks in November 2018, while the jail claimed they "lost her file." She was in solitary confinement the entire time. Not once was she let out until the very end of her jail stay. She was going out of her mind and her pleas for help were ignored.

13.     Jenelle was charged with possessing a stolen vehicle.

14.     The entire time her family had no idea where she was, including her 11-year old son who had been staying with her brother the weekend she was pulled over.

15.     On top of everything else, her allergies and asthma began acting up and she had breakouts. It was pure hell and felt medieval.

16.     On the second to last day she was let out into a small recreation square, and able to call a private attorney, who then bailed her out the day before Thanksgiving.

17.     Following her release, she was homeless. She had no way to contact her family and they had no idea where she was. She eventually had to beg for charity to get a room for the night and to borrow someone's phone.

18.     Her family was about to report her missing, and they had called Child Protective Services since she had disappeared without a trace.

19.     When she reappeared her family was doubtful and skeptical that she did not steal the car. Her and her aunt did not speak for years following her arrest due to a feeling of betrayal. Her aunt's card was charged for the rental.

20.     She also had to spend an enormous amount of time convincing CPS that she was a fit mother. It was an excruciating and totally humiliating ordeal.

21.     A court date was set when she was released around mid-January 2019.

22.     Before the court date, Jenelle called Hertz likely over 100 times from November 2018 to mid-January 2019 demanding to know what happened. She threatened litigation, told them what happened was wrong, and told them they had to fix this.

23.     She never got any satisfactory answers. However, Hertz eventually refunded around $2,000 it had charged to her aunt's card.

24.     She also called a Hertz 1-800 number to get her belongings back which were in the car. She was directed to the Charlotte airport lost and found and she spoke with a lady there. Hertz kept telling her they could not find anything. After she demanded that they produce her belongings, they produced a miniscule portion. Because she was in the process of moving, most of her belongings were lost.

25.     When she appeared for her court date in mid-January 2019, she learned that the charges had been dismissed without explanation. She had no idea what was happening.

26.     Even though the charges were dismissed, the fall out continued.

27.     Her mugshot and an article about her arrest appeared in the Charlotte Observer.

28.     She had hoped that no one saw or read the article—until a random Uber driver she had called recognized her. It was completely humiliating.

29.     Googling her name showed her mugshot and prison profile.

30.     As noted, she had to explain to child services that she was not a car thief and was a fit mother.

31.     In addition, when she goes for job interviews the arrest invariably appears on

background checks and she has to explain what happened, which is extremely uncomfortable.

32.     She has spoken with Hertz in 2021, demanding to get removed from the do not rent list explaining that she was falsely accused. She has gotten nowhere.

33.     Jenelle did not know about any bar date and did not see it in any publication, nor did she have notice of any bankruptcy plan. Jenelle does not regularly read *USA Today*, *The Wall Street Journal*, *The New York Times*, *The Globe and Mail*, *The Philadelphia Inquirer*, *San Francisco Chronicle*, *Arizona Republic*, *Chicago Tribune*, *Los Angeles Times*, *The San Diego Union Tribune*, *Naples Daily News*, *El Diario De El Paso*, or *Journal De Montreal.*

34.     Based on Jenelle's repeated phone communications to Hertz in 2018 (around the time of the arrest when she threatened to sue and contested the charges) and 2021 (when she tried to get removed from the do-not-rent list), she believes that Hertz has records of her case.

35.     As a direct and proximate result of Hertz's conduct, Jenelle was falsely arrested, jailed for two weeks, prosecuted on felony charges for theft, made homeless, almost lost her child to child services, had her personal and family relationships damaged, had her reputation destroyed, lost her possessions in the car, and has suffered severe mental and emotional harm.

36.     There was no probable cause for Hertz to report Jenelle for any crime at any point in time.

I declare under the penalty of perjury of the United States of America that the foregoing is true and correct.

Dated:  November 30, 2021

Verified by PDFFiller

*Jenelle Reece Williams*
11/30/2021               Declarant

4

# ATTACHMENT N

## DECLARATION OF DARNAY TAPER AND TONIA RICH

1.      Our names are Darnay Taper and Tonia Rich, we have personal knowledge of the facts stated in this declaration, and can testify competently to them if called upon to do so.

2.      In summation: In November 2020 Darnay's girlfriend, Tonia Rich, rented a car from the Covington Pike Hertz location in Memphis, TN. She was a loyal customer, recognized by her name and face. Tonia called the local Hertz office to extend the vehicle roughly every 7 days. In early March 2021, she purchased a personal vehicle and called Hertz to return the vehicle on March 15, 2021. However, on March 13, 2021, Darnay was shocked when he was arrested while in the rental vehicle. Hertz had filed a false theft report. He was charged with grand theft larceny and spent two days in jail.  After being threatened with a decade in jail and told to take a plea deal while his court date was postponed, charges were dismissed on November 17, 2021. Darnay and Tonia are trying to pick up the pieces and fear that Tonia was also reported for theft.

3.      Tonia Rich, Darnay Taper's girlfriend, rented a car from the Covington Pike Hertz Location in Memphis, TN in beginning November 2020. The rental record number was 591619000.

4.      Darnay and Tonia had rented numerous times with Hertz before and were on a first name basis with the Hertz staff at the location. Tonia had the personal cell phone number of the Hertz receptionist named Mia.

5.      The agreement was for a weekly rental, to be extended each week as needed.  Tonia used a debit card from First Horizon.

6.      Roughly every 7 days, Tonia would call Mia at the local Hertz office to extend the rental.  She would later observe charges on her bank statement. At all points she was in close contact with Mia.

1

7.      In February 2021, Hertz charged Tonia $2,800. Tonia also could see $750 charges to her account each month.

8.      In March 2021, Tonia purchased a private vehicle and she and Darnay no longer required use of the Hertz vehicle.

9.      She called Mia at Hertz to inform them of this, and arranged to return the vehicle on March 15, 2021. Mia told her that she had already paid for the month, and Tonia said they were going to return anyway.

10.     On March 13, 2021, Darnay needed to run an errand and took the rental to go shopping in Bartlett, TN.

11.     After returning to his vehicle after shopping, eight police cars pulled up and surrounded him. They pulled their guns out and held him at gunpoint. He was handcuffed, arrested, and accused of Grand Theft Auto. They told him that the car had been reported stolen earlier that day.

12.     The stress caused by this arrest was extremely detrimental to his physical health. He has a history of heart disease, takes medication, and recently had 2 heart attacks in November 2020.

13.     He spent two days in jail, and was bailed out when Tonia posted a $1,000 bond. During his time in jail, Darnay was denied access to his heart medication.

14.     The judge told him that he was facing 8-10 years in jail for Grand Theft Larceny and would be found guilty. He could barely process what was happening and was terrified.

15.     The prosecutors tried to force him to take a plea, but he refused.

16.     Darnay's court case was postponed multiple times and he sat there helpless, with both Tonia and him terrified of what was going to happen. At first he did not have a public

2

defender, which made the experience even scarier.

17.    Throughout this, Hertz never showed up to court. Despite this, Darnay kept being told he was going to be found guilty and that she should take a plea.

18.    Tonia was furious that good customers could be treated like this. She tried to reach out the Hertz location after Darnay was arrested, but it was closed.

19.    Tonia then called corporate on the 1800 number to complain in May and June 2021 about the false theft report but got nowhere.

20.    Finally, on June 12, 2021, a Hertz employee named Joshua Boles called her back. He is believed to work for Hertz Executive Customer Service in Hertz's Oklahoma City corporate center.

21.    He said he was going to reach out to Hertz's Legal Department and get back to her. She never heard anything further from Boles.

22.    Tonia then emailed Customer Relations on July 1, 2021:

> From: **Tonia Rich** <toniarich95@gmail.com>
> Date: Thu, Jul 1, 2021, 2:41 PM
> Subject: Stolen Vehicle
> To: <CUSTOMER-RELATIONS@hertz.com>
>
> My name is Tonia Rich I rented a vehicle from Hertz my rental agreement number is 591619000. My boyfriend was pulled over in the vehicle in March and he is being charged with Grand Theft Auto for a vehicle I rented and paid for. I am unsure of what the employee at the location were doing but I was told everything was fine. I spoke with Joshua Boles on June 12 the concerning the matter. He told me he was going to reach out to the legal department and I have yet to hear back. I would like for someone to please call me back it is very urgent I have left him numerous messages. My phone number is (901)364-8300. Thank you.

23.    Tonia received no response. At no point did Boles or anyone else tell her about Hertz's bankruptcy or the need to file claims in the bankruptcy.

24.    On November 17, 2021, at a preliminary hearing, the case against Darnay was

finally dismissed because Hertz had never shown up.

25.     The judge apologized for wasting Darnay's time. However, it was far more than a "waste of time"; it was a terrifying experience.

26.     Due to the number of court dates and time spent trying to contact Hertz, Tonia lost wages due to having to take time off work.

27.     Furthermore, because she rented the vehicle, she believes that Hertz falsely reported her by name for car theft. She fears that what happened to Darnay will happen to her in the future.

28.     Based on Tonia's extensive contact with Hertz corporate over the phone in May and June 2021, and her email on July 1, 2021, Hertz is aware that it filed a false police report and should have records of what happened.

29.     Darnay and Tonia did not know about any bar date, nor about any bankruptcy plan. They do not regularly read *USA Today, The Wall Street Journal, The New York Times, The Globe and Mail, The Philadelphia Inquirer, San Francisco Chronicle, Arizona Republic, Chicago Tribune, Los Angeles Times, The San Diego Union Tribune, Naples Daily News, El Diario De El Paso, or Journal De Montreal.*

30.     As a direct and proximate result of Hertz's conduct, Darnay was arrested, spent two nights in jail, had his reputation harmed, and was falsely prosecuted for nearly 10 months. Those experiences have caused severe emotional and mental harm.

31.     Tonia was likely falsely reported for theft, has been terrified for Darnay, has lost wages, and has been severely mentally and emotionally harmed.

32.     There was no probable cause for Hertz to report Darnay or Tonia, or have them arrested, for any crime at any point in time.

We declare under the penalty of perjury of the United States of America that the foregoing is true and correct.

Dated: December 2, 2021

/s/ Darnay H Tapu
Declarant

Dated: December 2, 2021

/s/ Tonia Rich
Declarant

# ATTACHMENT O

## DECLARATION OF JEFFREY SMITH

1.      My name is Jeffrey Smith.  I have personal knowledge of the facts stated in this declaration, and I can testify competently to them if called upon to do so.

2.      In summation:  Jeffrey rented a vehicle from Hertz in March of 2019 from a local location in Houston TX.  He rented for over a month, extending his agreement every week.  In April 2019 he was pulled over and arrested for possession of a stolen vehicle.  He was arrested and taken to jail.  He spent the next 68 days in jail.  He was threatened by the local district attorney with the maximum sentence possible, so he accepted a plea deal.  He was later arrested in March of 2021 for a violation of that plea deal and spent another 10 days in jail. Hertz's false report has destroyed his life.

3.      Jeffrey, a Hertz Gold Club Member, rented a Hertz vehicle from Cypress Creek Parkway location in Houston TX on March 8, 2019.

4.      He agreed to an initial three-day rental contract. The rental number was 406935351. He then contacted the Hertz Corporate 1-800 phone number to extend on three separate occasions.

5.      He extended the rental at all times.  Each week he would observe money being taken out of his account; he thought everything was fine.

6.      On or around April 25th, he was notified by his banking institution that his bank account had been charged $2,417.12 by Hertz.

7.      He called Hertz that same day to speak with them about extending the rental.  He had an agreement to extend the rental and return the car on Monday, April 29, 2019.

8.      During that phone call, Hertz never informed Jeffrey that the rental needed to be returned.

9.      Later that day on April 25th, he was pulled over by the State Police outside of Giddings TX.  He was arrested at gun point by 6 police officers, handcuffed, informed he was in possession of a stolen vehicle, and taken to jail.

10.     Hertz had falsely told the police that he did not pay for the rental and did not extend.

11.     He said he showed the Hertz contract in his glove box to the police but it did not matter.

12.     At no time prior to his arrest did Hertz contact him and demand he return the vehicle.

13.     Unable to afford bail, Jeffrey spent the next 68 days in prison. It was an awful experience.

14.     On July 2, 2019 Jeffrey, threatened by the District Attorney with a maximum sentence and a drawn out court proceeding, was forced to plead to felony of unauthorized use of a vehicle and was given probation. It was a humiliating and degrading experience, but no one believed him. The Cause Number was 9162 in the District Court for the County of Lee.

15.     In July 2019, Jeffrey reached out Hertz and asked them what had happened. He called the 1800 number and asked them why they had filed a false theft report. Specifically he wanted to know how Hertz could have told the police he did not pay. Every one refused to comment or help him. He eventually got them to send him a receipt on July 16, 2019. The case no. was 06439079.

16.     In March 2021, Jeffrey was arrested at the George Bush airport in Houston on a warrant for a probation violation related to the incident with Hertz.

17.     He spent 10 days in jail, paid a $2,000 cash bond, and was forced to pay fines and court costs of $3,249.

18.    Jeffrey then lost his job due to the time he spent in jail.

19.    Because of his contacts with Hertz, Hertz is aware that he paid for the rental and the theft report was false.

20.    Jeffrey did not know about any bar date nor about any bankruptcy plan. He does not regularly *read USA Today, The Wall Street Journal, The New York Times, The Globe and Mail, The Philadelphia Inquirer, San Francisco Chronicle, Arizona Republic, Chicago Tribune, Los Angeles Times, The San Diego Union Tribune, Naples Daily News, El Diario De El Paso, or Journal De Montreal.*

21.    As a direct and proximate result of Hertz's conduct, Jeffrey was arrested, falsely prosecuted, lost his job, and incarcerated for over 76 total days in prison. These experiences have caused severe emotional and mental harm.

22.    There was no probable cause for Hertz to report Jeffrey for any crime at any point in time.

I declare under the penalty of perjury of the United States of America that the foregoing is true and correct.

Dated:  December 1, 2021

/s/
Declarant

# ATTACHMENT P

## DECLARATION OF EDWARD SOLIS

1.      My name is Edward Solis, I have personal knowledge of the facts stated in this declaration, and I can testify competently to them if called upon to do so.

2.      In summation: Edward was a Lyft driver who had rented a car through Hertz. During the rental, Hertz had a billing dispute with Lyft. Hertz tried to collect the money from Edward, but he pointed out that they should talk to Lyft. The rental was continuing and he was driving as normal. Each week the money was deducted from his account to pay Hertz. Then, out of the blue in July 2019 he was arrested at gun point and thrown in jail. He told a police captain what happened, who put him in touch with a detective and the DA. He was released, told this was a civil matter, and that he should sue Hertz.

3.       Edward rented the car from Hertz in mid-April 2019 through the Lyft program at the Pico Rivera, California location.

4.      The first $200 or so dollars that Edward makes through Lyft each week is taken out of his account to pay Hertz and the rest goes to Edward. Edward does not pay Hertz.

5.      After a few weeks, Hertz began contacting him claiming that it had not received payment of about $600. Edward told them that the money had been deducted from his account, and that Hertz had to talk to Lyft.

6.      Every week, the money continued to come out of his account.

7.      It was quiet for about 1 month and Lyft never blocked him. He continued driving and did the rides. The money kept coming out of his account to pay Hertz.

8.      In or around late May 2019 Hertz called Edward stating that they wanted the money for the 3 weeks or so (around $600), and he said you should talk to Lyft and he is not the proper person to be contacting.

1

9.     They then said in June that they were going to report the car stolen because of the billing issue, trying to strong arm him into double paying a bill. He told them that the entire time the money was being deducted for Hertz and that Hertz had to talk to Lyft.

10.     In late July 2019 he is about to start his evening shift he parked his car in Long Beach, CA to take a break from driving and listen to music.

11.     He looked up and saw a police car in the rearview. He did not know they were there for him. Then the spotlight went on and other cars showed up.

12.     Police told him to get of the car on loudspeaker, and then started screaming at him. He had to get on his stomach and crawl over to them with his elbows in the middle of the street while they trained guns on him. It was terrifying and humiliating.

13.     The police then cuffed him and put him in the back of the car. While he was still on the ground they told him the car was stolen. He told them that is ridiculous because he is a Lyft driver. The police said there was nothing they could do.

14.     He was thrown in a cell with every character in town, about a dozen other prisoners.

15.     He was kept overnight.

16.     While in the cell, he spoke to a female captain who said to him "this sounds like a civil matter."

17.     Edward then gave a female detective his cell phone and permission to go through it. He spoke to the detective for 30 minutes. He showed them that the money was taken from him and that he had no role in paying Hertz.

18.     The captain then went to the DA who refused to press charges and said it was civil matter, not criminal.

19.     He was then released. It is frankly incomprehensible that a Lyft driver would be

2

reported for theft without Hertz even talking to Lyft.

20.    Based on his extensive contacts with Hertz prior to his arrest, Hertz knows that Edward, a Lyft driver, did not steal the car and that Hertz simply had a civil payment dispute with Lyft.

21.    Edward did not know about any bar date and did not see it in any publication, nor did he know about any bankruptcy plan. He does not regularly read *USA Today*, *The Wall Street Journal*, *The New York Times*, *The Globe and Mail*, *The Philadelphia Inquirer*, *San Francisco Chronicle*, *Arizona Republic*, *Chicago Tribune*, *Los Angeles Times*, *The San Diego Union Tribune*, *Naples Daily News*, *El Diario De El Paso*, or *Journal De Montreal*.

22.    As a direct result of Hertz's conduct, Edward has been arrested at gunpoint, jailed for two days, lost wages, and has been severely mentally and emotionally harmed.

I declare under the penalty of perjury of the United States of America that the foregoing is true and correct.

Dated:  December _____ , 2021

/s/ _____
Declarant

3

# ATTACHMENT Q

## DECLARATION OF EDWARD STURKIE, JR.

1.      My name is Edward Sturkie, Jr. I have personal knowledge of the facts stated in this declaration, and I can testify competently to them if called upon to do so.

2.      In summation: Edward was a returning renter. He rented a car with Hertz in June 2016 in Gilbert, AZ, he believes at the McQueen HLE location. It was an insurance rental through State Farm, his employer. It was being extended by State Farm. He was shopping at Walmart in October 2016 and a detective was waiting at his car. He was detained, then released, and the car was taken. He was then prosecuted and forced to take a plea. This false prosecution destroyed his life.

3.      Edward rented from Hertz through State Farm after the tires on his car were damaged. He had rented with Hertz before. He gave Hertz a banking card as security.

4.      This was in the beginning June 2016 in Gilbert, AZ at the McQueen HLE location.

5.      Edward was a State Farm employee and extends insurance rental with Hertz routinely. If there is a problem, State Farm is supposed to be contacted.

6.      State Farm was extending his rental. He told State Farm that he still needed the rental and believed it was continuing.

7.      However, Hertz told the police that he had stolen the car as of June 16, 2016. Hertz did not tell police he was a returning renter, nor that the rental was through State Farm.

8.      Furthermore, he does not recall receiving reach out from Hertz and Hertz never contacted State Farm.

9.      Then, in the beginning October 2016, he was at Walmart. He was walking back to his car and a detective was there. The detective told him the car was stolen; he had been following Edward around all day. Edward was surprised and very concerned. He was not free to leave.

1

10.     The car was seized and impounded. The detective did not handcuff him at that time, but actually drove him home.

11.     Edward then received a summons in the mail stating that he had been charged with. He appeared and was prosecuted for theft (Unlawful Failure to Return Rented Property, 13-1806A) from October 25, 2016, to September 13, 2021. The case number was CR2016-146828-001.

12.     On April 21, 2017, he was forced to take a plea for a deferred prosecution to avoid jail time.

13.     Edward was baffled and upset that his insurance rental and turned into a criminal record and a nightmare. He had no idea that this was a larger problem with Hertz.

14.     The actual case against him was only dismissed on September 13, 2021.

15.     He called Hertz during his court case and spoke with an attorney. He told Hertz that he did not steal the car and it was an insurance rental. A lawyer from Hertz told him that it sounded like a big misunderstanding, but did not provide any help.

16.     Edward did not know about any bar date and did not see it in any publication, nor did he know about any bankruptcy plan.   He does not regularly read *USA Today*, *The Wall Street Journal*, *The New York Times*, *The Globe and Mail*, *The Philadelphia Inquirer*, *San Francisco Chronicle*, *Arizona Republic*, *Chicago Tribune*, *Los Angeles Times*, *The San Diego Union Tribune*, *Naples Daily News*, *El Diario De El Paso*, or *Journal De Montreal*.

17.     As a direct and proximate result of Hertz's conduct, Edward was arrested, falsely prosecuted, and has been severely emotionally and mentally harmed.

18.     There was no probable cause for Hertz to report Edward for any crime at any point in time.

I declare under the penalty of perjury of the United States of America that the foregoing is true and correct.

Dated:   December _____1_____, 2021          /s/_____
                                            Declarant



# Cherokee County
## Clerk of Courts



Welcome to the docket feature provided by the office of Cherokee County Clerk of Court - Patty Baker.

View case dockets by entering the case number, party's name, and/or CSE number. Once found, click the '+' button to the left of the case number to view docket.

Need Help? Click here for instructions

New Search

**If you experience any problems with this web site, please contact us at 678.714.8778. Our normal office hours are Mon-Fri 8:00am to 5:00pm EST.**

**This Online search program is provided by the Clerk of Courts as a convenience to attorneys, litigants and the general public. This site is provided as tool for viewing the overall posture of the case, such as parties, court dates, judge assignment etc. It is not meant to take the place of the file that is retained by the Clerk of Court. If you need the MOST current and/or complete record of a**

| Case # | |
|---|---|
| Name | Seaser |
| Alias | |
| Citation | |
| System Wide Search | |
| Filed From / Filed To | |

🔍 Search    Clear

Please click the ⊕ / ⊖ buttons to the left of the results to expand/collapse case details

| | Case # | Defendant | Judge | Status | Filing | Court Date |
|---|---|---|---|---|---|---|
| ⊖ | 21WT0096 | SEASER, ANDREW K | DAVID CANNON, JR. | CL | 8/12/2021 | |

**Charges**

| Charge # | Violation code | Offense | Offense Date | Disposed On | Disposition Method | Disposition Stage | Arrest Date | Felony/Misdemeanor |
|---|---|---|---|---|---|---|---|---|
| 1 | 16-8-2 | THEFT BY TAKING - FELONY | 11/9/2020 | 8/11/2021 | DISMISSED | N | | F |

**Proceedings/Events**

| Date | Court Date | Type | Image |
|---|---|---|---|
| 8/11/2021 | | DISMISSED WARRANTS | View |

21WT0096

## REQUEST TO DISMISS WARRANT(S)

TO:             SHANNON G. WALLACE, DISTRICT ATTORNEY

FROM:          Meaghan Frankish, Assistant District Attorney

RE:             State of Georgia v. Andrew Seaser

WARRANT(s):    20MW2957

DA CASE #:     21CHE02176

DATE:          August 10, 2021

---

Comes now Meaghan Frankish, for the Blue Ridge Judicial Circuit, and request the above styled warrant(s) be dismissed for the following facts and circumstances:

On November 9, 2020, Woodstock Police Department took a report for a stolen vehicle from Hertz rental located at 9378 Highway 92 in Woodstock. At that time, Office Mutasa took a report from Ms. Shequila Hamilton who explained that a vehicle was rented and never returned. The name on the rental agreement was Andrew Seaser. The card used also indicated the name "Andrew Seaser."

However, Hertz conducted their own investigation and within that investigation, H. Bates who is employed by Hertz's Office of Theft and Recovery contacted Mr. Seaser and Mr. Seaser stated he never rented this vehicle. Further, H. Bates contacted Capitol One Bank, which confirmed that the information on the rental does not match their records, in that the rental name (Andrew Seaser) did not match the cardholder's name of the card number used to rent this vehicle. Thus, H. Bates and Capitol One Bank confirmed this card was used fraudulently for this rental.

On August 10, 2021, Mr. Seaser was arrested on this outstanding warrant for theft of the Hertz vehicle in Colorado. He retained an attorney Mr. Thomas J. Hammond. Mr. Hammond contacted the District Attorney's office who pulled all relevant reports. Mr. Hammond also sent documentation (attached herein as Exhibit 1)) confirming Mr. Seaser was in Colorado on the date of this rental. Additionally, within the documentation was a document in which Mr. Seaser signed a residential appraisal. Upon observation, this signature does not match the signature of the individual who rented the vehicle.

Based upon the aforementioned information, the District Attorney's office requests said warrant be immediately dismissed.

Respectfully submitted,

Meaghan Frankish, Assistant District Attorney

---

The request to *dismiss* the above styled warrant(s) is hereby **APPROVED**.

This _10th_ day of _August_, 2021.

SHANNON WALLACE
DISTRICT ATTORNEY
BLUE RIDGE JUDICIAL CIRCUIT
GEORGIA BAR # _733629_

EXHIBIT 1

**Meaghan Frankish**

| | |
|---|---|
| **From:** | Thomas J. Hammond <hammondlaw@solucian.com> |
| **Sent:** | Tuesday, August 10, 2021 12:15 PM |
| **To:** | Meaghan Frankish |
| **Cc:** | Thomas J. Hammond |
| **Subject:** | FW: Andrew Seaser |

Here are the texts and some screen shots from November 9, 2020.

Thanks again,

Thomas J. Hammond
Thomas J. Hammond, PC
1544 Race Street
Denver, CO 80206
(303)321-7902
hammondlaw@solucian.com

**From:** Jen Seaser <jlseaser@yahoo.com>
**Sent:** Tuesday, August 10, 2021 10:08 AM
**To:** Thomas J. Hammond <hammondlaw@solucian.com>
**Subject:** Andrew Seaser



4:59    ..ıl 5Gᴇ ▪️

My ⟩

Mon, Nov 9, 9:34 AM

Let me know if you're ready for me

Smoothie time

Want me to come make them?

Nope I got it

Mon, Nov 9, 2:02 PM

I'm eating pizza rolls for lunch 🤷‍♂️🤦‍♂️

Good job. You're too skinny

No I'm not... but this is what will get me to girthy

One day or one meal won't kill you

I didn't want them to go to waste. And it was just easy

Good thinking

Message

4:59  ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ .ıll 5GE ▭



Come home

Working on it. Couple more hours

That's too long

Mon, Nov 9, 3:39 PM

Time for pomskys



But drive carefully

Roger. Roads are fi





5

Order Date :
Invoice # :
Borrower :
Fort Collins, Colorado 80528
November 9, 2020
INVOICE

********* INVOICE *********

File Number: AT11028                                November 9, 2020

Nathan Weinland
RE/MAX Alliance
4703-A Boardwalk Dr.
Fort Collins, Colorado 80525

Borrower :

Invoice # :
Order Date :
Reference/Case # :
PO Number :

Measurement/floorplan sketch

1851 Fromme Prairie Way
Fort Collins, Colorado 80526



ADDRESS OF THE PROPERTY APPRAISED:

6201 Blue Spruce Dr.

Bellvue, Colorado 80512

EFFECTIVE DATE OF THE APPRAISAL: 11/02/2020

APPRAISED VALUE OF THE SUBJECT PROPERTY $ 690,000

APPRAISER

Signature:

Name: Drew Seaser

State Certification # CR100014585

or License #

or Other (describe): _____ State #:

State: CO

Expiration Date of Certification or License: 12/31/2018

Date of Signature and Report: 11/09/2020

Date of Property Viewing: 11/02/2020

Degree of property viewing:

[X] Interior and Exterior   [ ] Exterior Only   [ ] Did not personally view

anar™

Produced using ACI software

7 / 23



November 2020 page 1

| Date | Client | Assignment | Fee | Address | Paid? |
|---|---|---|---|---|---|
| 11·01 | [illegible] Brent / Alissa Whitlock | MEAS | $130 | [illegible] Hwy 1 | |
| 11·01 | Equitable Savings | 1004 | $450 | 3440 Ballentine Blvd | X |
| 11·02 | Linda Steason | MEAS | $120 | 1278 Inca Dove Cir | |
| 11·03 | Dennis Schick | MEAS | $120 | 1611 Driftwood Ct. | X |
| 11·03 | Bank of Colorado | 1004 | $450 | 2466 Amherst St. | X |
| 11·03 | Lindsey Bensen Van Wyk | GPAR | $650 | 2164 Tulip St. | X |
| 11·03 | Bank of Colorado | 1004 | $466 | 4569 Sunridge Dr | X |
| 11·06 | Kristin Brown | MEAS | $110 | 1809 Claude Dr. | |
| 11·05 | Kim Summitt | MEAS | $140 | 3152 Candelaria Pl. | |
| 11·05 | Brett Frahm | MEAS | $125 | 813 W. 36th St. | |
| 11·06 | Jason Humbert | MEAS | $130 | 1801 Welch St. | |
| 11·08 | Rose Markey | MEAS | $110 | 10155 Edinburgh Dr | X |
| 11·09 | Stephen Vertucci | GPAR | $550 | 6201 Blue Spruce Dr. | X |
| 11·09 | JoAnne Delean / Tyhin Johnson | MEAS | $120 | 3112 Swallow Bend | |
| 11·0[illegible] | [redacted] | MEAS | $120 | [illegible] | X |
| 11·09 | Cherry Creek Mortgage | 1004 | $650 | 3723 Vallecito St. | |
| 11·09 | Robin Goerling | MEAS | $80 | 5713 Saratoga Way | X |
| 11·10 | Cornerstone Home Lending | 1004 | $1000 | 3547 E County Road 82 | |
| 11·10 | Todd Fields | MEAS | $130 | 510 Meadow Dr. | |
| 11·10 | Chris Hau / Samantha Gilbert / Carol Greenwich | MEAS | $110 | 1809 Kedron Circle | |
| 11·10 | Diana Liotta | MEAS | $120 | 1896 Muddy Creek Cir. | |
| 11·10 | Jeff Davidson / Samantha Gilbert | MEAS | $110 | 472 W. 2nd St. | |
| 11·11 | Todd Fields | MEAS | $110 | 4332 [illegible] | |
| 11·11 | [redacted] | MEAS | $80 | [illegible] | |
| 11·11 | Nick Sing & Susan Bryant | GPAR | $700 | 1405 N. 57th Street | X |
| 11·11 | Cherry Creek Mortgage | 1004 | $650 | 56 Aspen Lane | |
| 11·12 | Joyce Grand J. | MEAS | $140 | 4317 Piccadilly Dr. | X |
| 11·12 | Michelle Hickey Crawford | MEAS | $190 | 1833 E Harmony Rd. #16 | X |
| 11·12 | Steph Lane | MEAS | $150 | 3455 Windsor Ct. | X |
| 11·13 | John Hanrahan / Ina Balfaner | MEAS | $140 | 5106 Daylight Ct. | |
| 11·13 | Chad Brent / Randyce Kuttepal | MEAS | $110 | 462 N Washington Ave. | |
| 11·13 | Brenda Pickerton | MEAS | $120 | DM Province 5612n / 6100 Yellowtail | X |
| 11·16 | Rhonda Heth | MEAS | $120 | 3029 Lakeside Drive | X |
| 11·16 | Flanagan State Bank | 1004 | $500 | 1623 S. Grant Ave | X |
| 11·16 | Flanagan State Bank | 1026/216 | $800 | 231 Bishop Cr Thrn | |
| 11·16 | Cherry Creek Mortgage | MEAS | X | 1365 [illegible] | |
| [redacted] | [redacted] | MEAS | $110 | 4312 Widgeon St. | X |
| 11·18 | Nathan Weinland | MEAS | $130 | 7166 26th Ave Ct. | |

Sent from my iPhone

**Caution** : This email originated from outside of the County email system. Do not click links or open attachments unless you recognize the sender and know the content to be safe. Please check with IT if you are unsure.

Warrant No.CE0125694
Case No.20-22362

| **This Criminal Warrant is DISMISSED for the following reason:** | **This Criminal Warrant is transferred to the ☐ State Court ☐ Superior Court of CHEROKEE COUNTY for the following reasons** |
|---|---|
| ☐ The affiant has requested a dismissal and all costs have been paid. | ☐ This Court heard evidence in a committal hearing and determined that probable cause existed. |
| ☒ The prosecutor has requested dismissal - see attached paperwork. | ☐ The accused waived a committal/probable cause hearing. |
| ☐ Failure of the prosecuting witness to appear for a scheduled hearing after valid service of subpoena. | ☐ Administratively transferred without waiving any rights the defendant may have in the Magistrate Court. |
| ☐ After this court heard evidence in a committal hearing it is determined that no probable cause exists. | |
| ☐ Other reason: | |

This 11 day of aug , 2021

This the      day of     ,    .

Magistrate:
☐ Dismissed by Magistrate ☒ Dismissed by Prosecuting Attorney

Magistrate

2021 AUG 11 PM 3:23
PATTY BAKER CLERK
FILED IN OFFICE
CLERK OF SUPERIOR COURT
CLERK OF STATE COURT
CHEROKEE COUNTY GA

# MAGISTRATE COURT OF CHEROKEE COUNTY
## CRIMINAL ARREST WARRANT APPLICATION

*20mw2957*

11/9/2020 10:37:45 AM

CaseNo: **20-22362**

WARRANT NO: **CE0125694-1**

SEASER, ANDREW K CE0125694

ECUTOR: Chandisaita Mutasa

DDRESS: 12453 Highway 92

TY: **WOODSTOCK** STATE GA ZIP: **30188**

HONE NO. 770-592-6000 (WORK) FAX: E-MAIL:



RECALLED

SED: **Andrew K Seaser**

RESS: **1049 W 45th Street**

CITY: **LOVELAND** STATE **CO** ZIP: **80538**

PHONE NO: FAX: E-MAIL:

RACE **W** AGE: **40** SEX: Male HT: **6'02"** WT: **220** EYES: **HAZ (Hazel)** HAIR: **BRO (Brown)**

SPECIAL BODY MARK:

DOB: REDACTED SSN: REDACTED AUTO TAG

WITNESSES: **Hamilton Shequila Mariah:**

DATE OF INCIDENT: 11/9/2020 TO 11/9/2020 TIME OF INCIDENT: **9:32:00AM To 9:45:00AM**

INCIDENT LOCATION: 9378 Highway 92, WOODSTOCK, GA, 30188

☒ FELONY ☐ FAMILY VIOLENCE ☐ PROBATION

☐ MISDEMEANOR ☐ SPECIAL CONDITIONS OF BOND ☐ PAROLE

11/9/2020 10:37:57 AM 11/9/2020 10:37:33 AM

Magistrate: **J E Drane III**

Title:

Prosecutor: **Chandisaita Mutasa**
Agency: **Woodstock Police Department**

Record Entered
GCIC/NCIC Services

NOV 0 9 2020

Operator: _____



RECEIVED
NOV - 9 2020
CHEROKEE CO.
SHERIFF'S OFFICE
WARRANT DIV.



RECEIVED
NOV 9 2020

**CRIMINAL WARRANT**

## MAGISTRATE COURT OF CHEROKEE COUNTY
## GEORGIA, CHEROKEE COUNTY

**Warrant No.** CE0125694
**Police Case No.** 20-22362

### AFFIDAVIT FOR ARREST

Personally came Chandisaita Mutasa, (hereinafter called the Affiant), who on oath says that, to the best of his knowledge and belief, Andrew K Seaser, no known aliases, (hereinafter called the Accused), did commit the following offense(s):

COUNT 1 - violation of O.C.G.A. Section 16-8-2 Theft By Taking- (F) (1 count) ( Felony ) , between on 11/9/2020 at 9:32:00AM and on 11/9/2020 at 9:45:00AM at 9378 Highway 92, WOODSTOCK in the County of CHEROKEE, GA, for that Said accused, Andrew Seaser, did take a 2020 Ford Expedition Max, the property of Hertz, with a value of $42,732.99 with the intent to deprive said owner, Hertz, of said property, 2020 Ford Expedition Max.

**WHEREFORE,** Affiant makes this affidavit that a warrant may issue for the arrest of the accused

Affiant: Chandisaita Mutasa
Badge No. 2130
Agency. Woodstock Police Department

Sworn to and subscribed before me, This 9 day of November, 2020 at 10:37:57AM

Magistrate: J E Drane III
Title:

Filed in Office
Cherokee County, Georgia
This date at 3:23 P.M.

AUG 11 2021

Patty Baker, Clerk of Courts
Superior, State, Juvenile, & Magistrate

WS

Warrant No.CE0125694
Case No.20-22362

# ARREST WARRANT

**To any Sheriff, Deputy Sheriff, Coroner, Constable, or Marshal of said State,**

## GREETINGS:

Chandisaita Mutasa makes oath before me that Andrew K Seaser did commit the offense(s) set forth in the foregoing affidavit, on the dates, at the times, and in the locations therein stated. You are therefore commanded to arrest Andrew K Seaser and bring him before me, or some other judicial officer of this state, to be dealt with as the law directs. Herein fail not.

This 9 day of November, 2020 at 10:37:57AM

Magistrate: J E Drane III
Title:

Warrant No.CE0125694
Police Case No. 20-22362

## MAGISTRATE COURT OF CHEROKEE COUNTY
## CRIMINAL WARRANT

### THE STATE

**VERSUS**

Andrew K Seaser
1049 W 45th Street,
LOVELAND, CO, 80538

BOND:

### CHARGE

Theft By Taking - (F)

GEORGIA,CHEROKEE COUNTY
I affirm, this date, the Defendant was arrested and placed in the CHEROKEE COUNTY Jail.

This _____ day of _____, 2020
Chandisaita Mutasa
Arresting Officer.

---

Initial Appearance Hearing held on

Magistrate: J E Drane III

Officer Name: Chandisaita Mutasa  Address: 12453 Highway 92

Witnesses for the State : Hamilton Shequila Mariah:

---

Co_Defendant:

## MAGISTRATE COURT OF Cherokee COUNTY
## STATE OF Georgia

STATE OF Georgia,

        Plaintiff.

           v.

Andrew K Seaser

        DEFENDANT

Warrant No: **CE0125694**

Case No: **20-22362**

### EXAMINATION and BOND ORDER

STATE OF GEORGIA,

Cherokee County

After having fully advised the Defendant of the charges against him, his right to a committal hearing, his right to be represented by an attorney, and such other rights as specified by Rule 26.1 of the Uniform Superior Court Rules of the State of Georgia, it is hereby ORDERED, that the Defendant give bond in the amounts shown below for his appearance before the [check one] ☐ Superior ☐ State Court of Cherokee County on the _____ day of _____, 20_____, at _____.

| COUNT | CHARGE | BOND AMOUNT | SUPERIOR COURT SETS BOND |
|-------|--------|-------------|--------------------------|
| 1 | Theft By Taking - (F) | $ | ☐ |

**SO ORDERED** this _____ day of _____, 20____ at _____ AM/PM.

_____
Judge of the Magistrate Court

# ATTACHMENT R

## DECLARATION OF DR. TEDERHI TEDDY USUDE

1.      My name is Dr. Tederhi Teddy Usude. I have personal knowledge of the facts stated in this declaration, and I can testify competently to them if called upon to do so.

2.      In summation: Dr. Usude is a dentist in Santa Clarita, CA. He rented a car from the Hertz location in Santa Clarita for work since he took a job in a rural hospital in Laytonville, CA. He extended repeatedly. On December 8, 2020, he told Hertz that due to a COVID outbreak at his hospital he was returning the car the week of Dec. 16, 2020. When he was driving into Santa Clarita to return the vehicle on December 18, he was shocked when he was felony arrested at gunpoint. He was told it was because he had embezzled and stolen a vehicle from Hertz. He was jailed overnight and released the next day by police. When he followed up trying to get his court date, he was told that no one could find any trace of his case. He now fears that he is going to be arrested again and prosecuted for theft.

3.      Dr. Usude rented a car on June 11, 2020, from the Santa Clarita - Bouquet Canyon HLE location in California. The rental was initially 1 week long, until June 18, 2020. The reservation number was J4254381070.

4.      He gave Hertz his business debit card, a Visa from JP Morgan Chase.

5.      He needed the rental because he had taken a job in Laytonville, CA at a rural hospital in Northern California.

6.      Thereafter he called the Hertz location and extended many times, and the location always said he was good to go.

7.      In December 2020, he received a threatening communication from Hertz employee Harout Boghossian at the Santa Clarita location claiming that Hertz was going to report the car stolen if it was not returned.

8.      Dr. Usude informed Boghossian that the car was not stolen, that he would return it as soon as possible, that there was a COVID outbreak at the rural hospital he was working at but that he was negative and quarantining until December 14, 2020, and that he would return the vehicle after his quarantine expired.

9.      On December 16, 2020, Hertz charged his account around $3,500.

10.     On or around December 18, 2020, at around 5 pm, Dr. Usude was driving back into Santa Clarita to return the vehicle. He had been driving for 7 hours back from the hospital.

11.     As he pulled into town he noticed a police officer following him. When he pulled onto Soledad Canyon Road, the officer flipped his lights on. Dr. Usude immediately pulled into the right lane to let the officer pass, at which point the officer told him over a loudspeaker to pull over the car. He then pulled into a side street.

12.     At this point 7 to 8 squad cars cornered him. He was ordered out of the car by loudspeaker. Many guns were pointed at him. He was told to walk three steps backwards. The police then put him on his knees, made him lie on the ground, and then cuffed him as he lay there terrified.

13.     He was scared for his life and fearful of making a wrong move given that he had been in the car for such a long time and did not have his bearings.

14.     The police then locked him in the back of squad car handcuffed. The cuffs dug into his skin. His wrists were severely bruised because of the handcuffs.

15.     He told the police the car was not stolen. He brought out his phone and showed them the payment and the communication with Hertz. The police said there was nothing they could do.

16.     They then took him to the station for booking. He sat there for an hour until they

2

put him into a cell with a drunk driver.

17.     He was kept overnight until being released. He was incredulous when given the court summons, which said he was being charged with felony embezzlement. Not only did Hertz know the car was not stolen, but they had charged him $3,500 just days before. He believes that he was charged in total over $7,000 for the rental.

18.     The summons told him to appear in court on or before January 15, 2021.

19.     However, when Dr. Usude called the number given, no one had any record of his case at the court. He spent considerable time trying to figure out what happened, but no one had any explanation.

20.     He has no idea to this day if he is still being prosecuted, or whether there is another warrant out for his arrest. The entire experience has been a nightmare.

21.     Based on Dr. Usude's communications with Hertz, Hertz is well aware the theft report it filed was false.

22.     Dr. Usude did not know about any bar date and did not know about any bankruptcy plan. He does not regularly read *USA Today*, *The Wall Street Journal*, *The New York Times*, *The Globe and Mail*, *The Philadelphia Inquirer*, *San Francisco Chronicle*, *Arizona Republic*, *Chicago Tribune*, *Los Angeles Times*, *The San Diego Union Tribune*, *Naples Daily News*, *El Diario De El Paso*, or *Journal De Montreal*.

23.     As a direct and proximate result of Hertz's conduct, Dr. Usude was falsely reported for theft, arrested at gunpoint, jailed for 2 days, falsely prosecuted and has been severely emotionally and mentally harmed.

24.     There was no probable cause for Hertz to report Dr. Usude for any crime at any point in time.

3

I declare under the penalty of perjury of the United States of America that the foregoing is true and correct.

Dated: _NOVEMBER 30_, 2021

/s/ _____
Declarant

4

HERTZ —INITIAL RENTAL AGREEMENT FOR
TEDDY USUDE DDS.

Sent from my iPhone

Begin forwarded message:

**From:** Teddy Usude <tdyl1019@gmail.com>
**Date:** November 29, 2021 at 11:33:20 AM PST
**To:** Teddy Usude <Tusude@yahoo.com>
**Subject: Fwd: My Hertz Reservation J4254381070**

---------- Forwarded message ---------
From: **Hertz** <reservations@emails.hertz.com>
Date: Thu, Jun 11, 2020 at 1:11 PM
Subject: My Hertz Reservation J4254381070
To: <tdyl1019@gmail.com>

Trouble viewing? **View in browser**

Hertz

Your Confirmation Number is:
**J4254381070**

Join Gold Plus Rewards® >                                    Contact Us >

**Thanks for Traveling at the Speed of Hertz® Teddy Usude**

Reserve Another        Modify/ Cancel Reservation        Begin Check-In



## Your Itinerary

**Pick-up and Return Location**
Santa Clarita - Bouquet Canyon
HLE

**Address**
26011 Bouquet Canyon Road
Santa Clarita, CA US 91350

**Hours of Operation:**
Mon-Fri 8:00AM-5:00PM, Sat-Sun
Closed. Effective July 27, 2020:
Mon-Fri 7:30AM-6:00PM, Sat
9:00AM-12:00PM, Sun Closed.

**Location Type:**
Corporate

**Pick-up Time**
Thu, Jun 11, 2020 at 02:00 PM

**Return Time**
Thu, Jun 18, 2020 at 10:00 AM

**Discounts**
No Affiliations

**Arrival/Flight Information**
No Arrival Information

**Your Age**
25+

**Phone Number:**
(661) 284-6664

**Fax Number:**
(661) 259-9095

Driving Instructions
Google Maps
AAA TripTik(R)

Amount To Be Paid At Time Of Rent
## 301.69 USD

Total
## 301.69 USD



**Available Optional Items At The Counter**

| | |
|---|---|
| Liability Insurance Supplement  daily | 16.35 USD |
| Loss Damage Waiver  daily | 31.99 USD |
| Personal Accident Insurance / Personal Effects Coverage  daily | 6.95 USD |
| Premium Emergency Roadside Service  daily | 8.99 USD |

Optional Information
Rate Code : **OAUW8**

**Your Vehicle**
**Intermediate SUV Group Q4 IFAR**

**(Q4) Nissan Rogue or similar**

**Payment Method**
Pay Later

**Rate Details**

| | |
|---|---|
| 1 week at  265.16 USD | **265.16 USD** |

**Included**

Unlimited Miles Included

**Fees and Surcharges**

| | |
|---|---|
| Vehicle License Recovery Fee | 10.36 USD |

**Taxes**

| | |
|---|---|
| Total Sales Tax | 26.17 USD |

| | |
|---|---|
| **Amount to be paid at time of rent** | **301.69 USD** |

For an explanation of the above charges, please visit www.hertz.com/chargesexplained.



 **WARNING:** Operating a motor vehicle can expose you to chemicals including engine exhaust, carbon monoxide, phthalates, and lead, which are known to the State of California to cause cancer and birth defects or other reproductive harm. To minimize exposure, avoid breathing exhaust, always start and operate the engine in a well-ventilated area, if in an enclosed area, vent the exhaust to the outside, do not modify or tamper with the exhaust system, do not idle the engine except as necessary. For more information, visit www.P65Warnings.ca.gov



Rate is guaranteed. Taxes, fees and extras, if not included in the Rate, are subject to change.
Note: There may be discrepancies between charge detail amounts and totals. Total amounts are correct.

**Rental Terms and Conditions**

**'Total'** does not include any additional items you may select at the location or any costs arising from the rental (such as damage, fuel or road traffic charges). For renters under the age of 25, additional charges may apply, and are payable at the location.

US Dream Car Rental Requirements

Hertz Dream Cars® provides a selection of ultra-high end vehicles available for customers. Call for details at 888.296.9124.

Special rules apply for the rental of a Dream Cars®

- Renter and any additional drivers must be at least 25 years old
- ID requirements:
  - Valid Driver's License
  - Credit card (debit cards not accepted at time of rental)
  - Proof of auto insurance or secondary Government issued ID
- If identification is not accepted, Hertz may offer an alternative vehicle model.

*Driver's identification will be photocopied, sealed, secured and shredded when the Dream Cars vehicle is returned. Rental hours: 6:00am – 12am.

**WHAT CREDIT CARDS DOES HERTZ ACCEPT?**
Hertz accepts American Express, MasterCard, Carte Blanche, Visa, Diners Club, Discover, JCB, China Union Pay and some debit cards. We may place an authorized hold on your credit/debit card to cover the estimated rental charges plus up to USD 200.00 for any additional charges that may be incurred. **These funds will not be available for your use** . A valid driver's license and credit card must be presented. Debit cards issued under VISA, MasterCard and Discover logo which draw funds directly from the cardholder's account may be used at the outset of a rental to qualify when the following requirements are met; Hertz Airport locations will require proof of return airline flight to coincide with the rental and two valid forms of identification. Hertz Off Airport locations, if the renter is at least 25 years old, two valid forms of identification and one of the following: (a) provide a Corporate Discount Plan number or (b) proof of a return trip travel ticket to coincide with the rental (airline or cruise). There are exceptions; Debit cards are not accepted at the outset of a rental to qualify in Off Airport locations in the areas of New York Metropolitan Tri-State, Hartford, CT, Philadelphia, PA, Boston, MA, Manchester, NH, Detroit, MI, Baltimore, MD and Atlanta, GA. Other policy exceptions: Debit Card can be used if it is already in your Hertz Gold Plus Rewards profile or if the rental is a Replacement rental. Debit cards are not accepted on Dream Cars and Shelby GT-H rentals. Debit cards are accepted for payment at the end of your rental. In most cases a credit check will be performed for debit card customers to determine credit worthiness at the time of rental. If Hertz cannot secure credit approval and/or proper identification credentials are not supplied, Hertz will decline your rental.

*Cancellation or no-show reservation penalties may apply. **See Point Cancellation Policy.**

Points are not applicable to taxes and fees. Member is responsible for the cash portion of the rental.

The credit card used to pay online in driver's name and a valid driver's license must be presented at time of rental. Once this credit card is validated, Hertz can accept any other valid credit card in your name for taxes, fees and incidentals.

For **US** and **Canada** rentals, Hertz may place an authorized amount of up to USD 200.00 plus estimated charges on a customer's card, given certain conditions that will be outlined at time of rental. Details can be found under "Forms of Payment"

These funds will not be available for your use. Debit cards and Hertz Credit Card are not valid form of payment for prepaid rates.

Approximate rental charges are based on available information at the time of reservation. Additional fees or surcharges may be applied at time of rental. A Frequent Flyer Surcharge of up to $1.50 per day may apply when renters choose to take miles or credits from a U.S. and Canadian Frequent Flyer program. **Any change to the reservation may impact the rental charges.** The rental rates may be higher if you make any change to your rental; including a change to extend the rental, the drop-off location or return the vehicle prior to the scheduled return date. Additional fees or surcharges may be applied at time of rental.

**Important Notifications**
- For renters under 25 years of age, check policy for exceptions
- Minimum Age 25 outside US - Exceptions may apply

**Hertz 100th Anniversary Corvette Rental Qualifications**

Renter and any additional drivers must be at least 25 years old

- ID requirements:
    - Valid Driver's License
    - Credit card (debit cards not accepted at time of rental)
    - Proof of auto insurance or secondary Government issued ID
- If identification is not accepted, Hertz may offer an alternative vehicle model.

Additional Qualifications:

1. Not eligible for Intercity Rentals – Vehicle must return to renting location
2. Not eligible for Friends and Family Discount Rentals

Note: A Hertz 100th Anniversary Corvette Pre-Rental inspection form will be completed on every rental. The vehicle must be inspected at pick up and at the time of return in the customer's presence.

**US Dream Car Rental Requirements**

US Dream Car Rental Requirements

Hertz Dream Cars® provides a selection of ultra-high end vehicles available for customers. Call for details at 888.296.9124.

Special rules apply for the rental of a Dream Cars®

- Renter and any additional drivers must be at least 25 years old
- ID requirements:
    - Valid Driver's License
    - Credit card (debit cards not accepted at time of rental)
    - Proof of auto insurance or secondary Government issued ID
- If identification is not accepted, Hertz may offer an alternative vehicle model.

*Driver's identification will be photocopied, sealed, secured and shredded when the Dream Cars vehicle is returned. Rental hours: 6:00am – 12am.

**Credit/Debit Cards**
At the time of rental, a current driver's license and major credit card must be presented.

At many locations, debit cards issued under a VISA or MasterCard logo which draw funds directly from the cardholder's account may be used at the outset of a rental to qualify for a rental. There are exceptions to this general policy: Debit cards are not accepted to qualify for a rental in the New York Metropolitan Tri-State Area and the areas of Hartford, CT, Philadelphia, PA, Boston, MA, Detroit, MI and select locations in the Baltimore, MD area unless you are a Gold Plus Rewards (GPR) member using a debit card in your GPR profile or it is an Insurance Replacement rental. Debit cards are also not accepted at the outset of a rental to qualify for a rental at select locations in the Providence, RI area for customers with a foreign driver's license (a driver's license not issued by a jurisdiction in the United States) unless the customer has in his or her name a current return airline ticket.

Debit cards are not accepted to qualify for rental to customers under 25 years of age at Hertz Off-Airport locations not in the areas noted above, unless you are a GPR member using a debit card in your GPR profile or it is an Insurance Replacement rental. Use of a debit card to rent a vehicle is subject to a credit check to determine credit worthiness at the time of rental, the ability to present a valid driver's license and other form of identification in the renter's name.

At the time of rental, an authorization hold in an amount that may be greater than the estimated charges may be secured on the credit/debit card provided, to cover the estimated charges and any additional charges that may be incurred. These funds will not be available for your use. The estimated amount is the approximate total not including your promotion.

If Hertz cannot secure credit approval for this amount and/or proper identification credentials are not supplied, Hertz will decline your rental.

**Learn More About Your Points**
Use your Points for Rentals and More
**Point Cancellation Policy**
Any changes to a reservation booked with Gold Plus Reward points may impact the rental charges and point redemption. If a reservation which was booked with points is cancelled within 24 hours of booking, all points will be returned to the members account. If a reservation which was booked using points is cancelled more than 24 hours before the pickup time the following points will be forfeited: If a Gold member, 50% of the points used toward the booking will be forfeited; If a Five Star member, 25% of the points used toward the booking will be forfeited; If a President's Circle member, all points will be returned to the members account. If the customer does not cancel the reservation prior to the time of pick-up and the rental vehicle is not picked up on the rental date, all the points used toward the rental amount will be forfeited, regardless of the members tier status. The cash/point conversions and refunds are subject to modification, cancellation or limitation at the discretion of Hertz at any time without prior notice.

**Young Drivers**
On most rentals the minimum age is 25 without an additional Age Differential Charge, and 20 with an additional Age Differential Charge.

See Qualifications and Requirements for more details.

**Need Additional Protection?**
Please inquire at the counter for details on Loss Damage Waiver (LDW), Liability Insurance Supplement (LIS), Personal Accident Insurance/Personal Effects Coverage (PAI/PEC).

Please note: Debit Cards may be used at the start of a rental. To qualify for a rental using a debit card, you must be at least 18 years old, meet credit score requirements, and present a valid driver's license, unless using a debit card in your Gold Plus Rewards profile or the rental is an Insurance Replacement rental. Debit cards are accepted for payment at the end of your rental. Please refer to Form of Payment in the Rental Qualifications & Requirements for complete information.

| Reserve Another | Modify/ Cancel Reservation | Begin Check-In |

This electronic-mail message contains confidential information intended only for the use of the individual or entity named. If the reader of this message is not the intended recipient, the reader is hereby notified that any dissemination, distribution, copying or other use of this message is strictly prohibited and is hereby instructed to return or destroy this copy of this message.

The Hertz Corporation
14501 Hertz Quail Springs Parkway
PO Box 269033
Oklahoma City, OK
73126-9033
U.S.A.

Ad Image

Ad Image

Ad Image

Ad Image





LOS ANGELES COUNTY SHERIFF'S DEPARTMENT ☐ MISDEMEANOR
**NOTICE TO APPEAR** 1-17-10 ☐ Traffic ☑ Nontraffic    AC 247999

| Date of Violation | Time | | Day of Week | Station/Unit |
|---|---|---|---|---|
| 12/18/20 | 5:00 | ☐ AM ☑ PM | S M T W T F S | SCT/6716 |

Name (First, Middle, Last)    JEDERHI TEDDY USUNGULU    ☐ Owner's Responsibility (Veh. Code, § 40001)

Address    2012B RENFUWELLIZAT WAT

| City | State | ZIP Code | Juvenile (Phone No.) |
|---|---|---|---|
| SANTA CLARITA | CA | 91321 | |

| Driver Lic. No. | State | Class | Commercial | Age | Birth Date |
|---|---|---|---|---|---|
| 2667197 | CA | C | ☐ Yes ☑ No | 52 | |

| Hair | Eyes | Height | Weight | Race | POB/Other Description |
|---|---|---|---|---|---|
| BLK | BRO | 6.00 | 200 | 6 | NIGERIA |

| Lic. No. or VIN | State | | COMMERCIAL VEHICLE |
|---|---|---|---|
| MEW 1793 | TX | | (Veh. Code, § 15210(b)) |

| Yr of Veh. | Make | Model | Body Style | Color | ☐ HAZARDOUS MATERIAL |
|---|---|---|---|---|---|
| 2020 | KIA | SRENG | 4D | WHT | (Veh. Code, § 353) |

Evidence of Financial Responsibility    NO

Registered Owner or Lessee    HERTZ RENTAL    ☐ Same as Driver

Address    ☐ Same as Driver

| City | State | ZIP Code |
|---|---|---|

| Correctable Violation (Veh. Code, § 40610) | ☐ Booking Required | Misdemeanor or Infraction (Circle) |
|---|---|---|
| Yes  No   Code and Section   Description | | |
| ☐  ☑   SOZPO2 EWIST-22LEMENT | | M  Ⓘ |
| ☐  ☐ | | M  I |
| ☐  ☐ | | M  I |
| ☐  ☐ | | M  I |

| Speed Approx. | PF/Max Spd. | Veh. Lmt. | Safe | Radar | Laser | ☐ Continuation Form Issued |
|---|---|---|---|---|---|---|

Location of Violation(s)
at SOLEDAD CANYON RD / WATHER DR    City of Occurrence SCT

| File No. / RD | ☐ Collision | Booking No. | No. Passengers |
|---|---|---|---|
| A20-17003/0644001 | | 6027815 | M = F = |

☐ Violations not committed in my presence, declared on information and belief.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct.

| Date 12/18/20 | Arresting or Citing Officer SUAREZ-VILLAMILL | Employee No. 627983 | Vac Dates |
|---|---|---|---|
| Date 12/18/20 | Name of Arresting Officer, if different from Citing Officer MAHER D | Employee No. 65769 | Vac Dates |

WITHOUT ADMITTING GUILT, I PROMISE TO APPEAR AT THE TIME AND PLACE INDICATED BELOW.

X Signature

WHEN:    ON OR BEFORE THIS DATE    Time:    ☑ AM ☐ PM

WHAT TO DO:    FOLLOW THE INSTRUCTIONS ON THE REVERSE.
WHERE:
[Name of court(s)]    SAN FERNANDO COURT

[Section(s) or division(s), room no(s).]    900 3RD ST, SAN FERNANDO
9134167112-6648
814-898-2407

LOS ANGELES COUNTY SHERIFF'S DEPARTMENT   ☐ MISDEMEANOR

**NOTICE TO APPEAR**  T - 171    ☐ Traffic  ☒ Nontraffic    AC 247999

| Date of Violation | Time | ☐ AM ☒ PM | Day of Week | Station/Unit |
|---|---|---|---|---|
| 12 / 18 /20 | 5:00 | | S M T W T (F) S | SCT /691C |

Name (First, Middle, Last)                    ☐ Owner's Responsibility (Veh. Code, § 40001)
FEDERHU TEDDY U SUDEU...

Address
26123 RENFUU FLUZAT WAY

| City | State | ZIP Code | ☐ Juvenile (Phone No.) |
|---|---|---|---|
| SANTA CLARITA | CA | 91321 | |

| Driver Lic. No. | State | Class | Commercial | Age | Birth Date |
|---|---|---|---|---|---|
| 8662197 | CA | C | ☐ Yes ☒ No | 59 | 01 / 09 / 1968 |

| Hair | Eyes | Height | Weight | Race | POB/Other Description |
|---|---|---|---|---|---|
| BLK | BRO | 6'0" | 200 | 6' | NIGERIA |

| Lic. No. or VIN | State |
|---|---|
| MLW 1793 | TX |

| Yr. of Veh. | Make | Model | Body Style | Color | |
|---|---|---|---|---|---|
| 2020 | KIA | SORENO | AD | WHT | ☐ COMMERCIAL VEHICLE (Veh. Code, § 15210(b)) |

Evidence of Financial Responsibility
NO                                        ☐ HAZARDOUS MATERIAL (Veh. Code, § 353)

Registered Owner or Lessee                    ☐ Same as Driver
HERTZ RENTAL

Address                                        ☐ Same as Driver

| City | State | ZIP Code |
|---|---|---|

Correctable Violation (Veh. Code, § 40610)          ☐ Booking Required

| Yes | No | Code and Section | Description | Misdemeanor or Infraction (Circle) |
|---|---|---|---|---|
| ☐ | ☒ | SUSPECT INVOLVEMENT... | | M I (F) |
| ☐ | ☐ | | | M I |
| ☐ | ☐ | | | M I |
| ☐ | ☐ | | | M I |

| Speed Approx. | P.F./Max Spd. | Veh. Lmt. | Safe | Radar | Laser | ☐ Continuation Form Issued |
|---|---|---|---|---|---|---|

Location of Violation(s)                        City of Occurrence
at SOLEDAD CANYON RD / WEATHER DR              SCT

| File No. / RD | ☐ Collision | Booking No. | No. Passengers |
|---|---|---|---|
| 920-17063-0644-201 | | 6022915 | M   F |

☐ Violations not committed in my presence, declared on information and belief.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct.

| Date | Arresting or Citing Officer | Employee No. | Vac Dates |
|---|---|---|---|
| 12/18/20 | SUAREZ-VILLAMILL | 622983 | to |

| Date | Name of Arresting Officer, if different from Citing Officer | Employee No. | Vac Dates |
|---|---|---|---|
| 12/18/20 | MAHER D | 632419 | to |

**WITHOUT ADMITTING GUILT, I PROMISE TO APPEAR AT THE TIME AND PLACE INDICATED BELOW.**

There's No need to Report the Car Stolen.
3 Nurses have Just Tested Positive for COVID at the Rural Hospital where I work.
I Tested Negative and in Quarantine.
I get Retested Tomorrow at 10am.
And then take things from there.
By 12/14 I'd know my Test Status and then I'd Decontaminate your Car and Look for the Nearest Hertz Rental to SAFELY Return your Car.

Thank you.

•••

 **Boghossian, Harout**   Dec 9, 2020

to me ⌄


Sir we have to advise you to contact our roadside service to have the vehicle safely towed from you immediately since there is a COVID possibility. The number to contact is 800-654-5060

# ATTACHMENT S

## DECLARATION OF STEVEN ROBINSON VALDES

1.      My name is Steven Robinson Valdes. I have personal knowledge of the facts stated in this declaration, and I can testify competently to them if called upon to do so.

2.      Steven has never rented a car with Hertz. In June 2021, someone stole his identity and was renting cars with car rental companies in Orlando, FL.

3.      One such company was Avis-Budget. Avis-Budget hired an investigator who contacted him. After talking to him, Avis declined to pursue him because they realized he was the victim of identity theft.

4.      Then, on June 25, 2021, his girlfriend's birthday, he was arrested for car theft in a felony stop.

5.      He was at first furious with Avis-Budget during the arrest, but was then told by police *that it was Hertz* that had falsely reported him for theft. Hertz had reported him without doing any investigation or contacting him.

6.      He then spent two days in jail, and was then released with felony charges for failure to redeliver a rental vehicle.

7.      Upon being released the morning of June 27, 2021, he started calling Hertz corporate demanding answers and the withdrawal the false theft report. He was bounced from department to department with no answer; no one wanted to touch this case. They finally told him to call the location.

8.      When he called the location the Hertz employees told him that there was no actual rental contract for the vehicle. They sounded confused. They said they could see there had been a rental but nothing else in the system, as if it had all been deleted. He asked them how Hertz could file and pursue charges against him if they had no data, and they said there was nothing they could

1

do.

9.     The police report Steven eventually saw was completely false. It claimed that he had entered the 1752 Rinehart Road location on December 3, 2020, and selected a vehicle to rent. It claimed that it was due back on December 28, 2020. It claimed that Hertz had tried to contact him but he had not returned the location.

10.     These were lies. Steven had never been to the location and had never rented with Hertz.

11.     Hertz had never investigated before filing the report and instead was putting false facts into police reports without any knowledge if they were true.

12.     Avis-Budget hired an investigator; Hertz apparently could not be bothered.

13.     He has relentlessly contacted Hertz since being released but they refuse to drop the pending prosecution.

14.     He had no notice of any bar date. He does not regularly read *USA Today*, *The Wall Street Journal*, *The New York Times*, *The Globe and Mail*, *The Philadelphia Inquirer*, *San Francisco Chronicle*, *Arizona Republic*, *Chicago Tribune*, *Los Angeles Times*, *The San Diego Union Tribune*, *Naples Daily News*, *El Diario De El Paso*, or *Journal De Montreal*.

15.     As a direct and proximate result of Hertz's conduct, Steven was falsely arrested, jailed for 2 days, is being falsely prosecuted, and has been severely emotionally and mentally harmed. This all made worse by the fact that he never rented with Hertz.

16.     There was no probable cause for Hertz to report Steven for any crime at any point in time.

I declare under the penalty of perjury of the United States of America that the foregoing is true and correct.

2

Dated:   November _____, 2021

/s/ _____
Declarant

130F

## CAPIAS REQUEST

# Sanford Police Department

For the Public: **No**

Juvenile: **No**

CSA  **S11**  GRID

Agency ORI#: **FL0590500**  OBTS#:

Agency Report #: **202150001147**

## SUSPECT

| | | | | |
|---|---|---|---|---|
| Name | **ROBINSON VALDES, STEVEN OSHAY** | Race: **Black** | Sex: **M** | DOB: **1/2/1987** |

Height: **600**  Weight: **200**  Eyes: **BRO**  Hair: **BLK**  Alcohol Related: **N**  Drug Related: **N**

Religion:

Local Address: **4908 RED BAY DR ORLANDO FL 32829**  Phone:

Residence: 3 State

Business Name: **N/A**  Business Address:

Job:  Business Phone:

DL#: **R152794870020**  DL State: **FL**  SSN:  Marital:

Place of Birth  Citizenship: **United States of America**

Weapon Type: **NA**  Local#:

Next of Kin: **N/A**  Relationship:  NOK Phone:

Alias Name(s):  21CF1159A  Person Identifier(s): **BUILD OTHER**

Co-Defendant(s):

| Full Name | Race | Sex | DOB | or Age |
|---|---|---|---|---|

## CHARGE(S)

| Off# | Description | Statute# | Counts | UCR | Ordinance | Attempt/Commit | Warrant# | DVR | Drug Activity |
|---|---|---|---|---|---|---|---|---|---|
| 1 | **VEH THEFT GRAND THEFT OF MOTOR VEHICLE** | 812.0142c6 | 1 | 9500 | No | C | | No | N/A |

Drug Type:  **N**  **N/A**  Drug Unit:  Drug Qty: **0.0**

## PROBABLE CAUSE

On March 31st, 2021, at approximately 0800 hours, I responded to 1752 Rinehart Road (Hertz rental cars) in reference to a failure to return a vehicle.

Upon arrival, I met with Hertz Manager Tiarra Harris, who completed a sworn statement. Harris explained on December 3rd, Steven Robinson-Valdes entered the business to rent the vehicle. After identifying Valdes through his Florida driver's license, Valdes selected a 2020 Kia, 4 doors bearing Florida tag IEPD16. Upon choosing the car and voluntarily entering the Hertz rental contract, Valdes was informed that the rental was due back on December 28th, 2020. Since then, the vehicle was not returned on the agreed-upon date.

In an attempt to retrieve the vehicle after its due date, Hertz attempted numerous times to contact Valdes. Valdes did not answer the abundant calls to his phone to acquire additional payment. Due to the lack of interaction, Hertz delivered a letter to Valdes'Valdes' address on December 3rd, 2020, demanding the vehicle's return and warning of notifying police.

The vehicle was entered into FCIC/NCIC as a failure to return, and a BOLO has been generated.

PCN: V119297921
NIC: V882821305

Hertz is requesting prosecution for this incident and provided copies of the rental agreement, certified letter, and all other documentation; this will all be attached to the report.

Due to not being able to make contact with Valdes, this report will be forwarded to the SAO to request a Capias for Failure to Return/ Grand Theft Auto.

My department-issued body camera was active.

## ADMINISTRATIVE SECTION

**CAPIAS REQUEST**

## Sanford Police Department

For the Public: **No**

Juvenile: **No**

CSA    **S11**    GRID

Agency ORI#: **FL0590500**    OBTS#:

Agency Report #: **202150001147**

| I swear/affirm the above and reversed and attached statements are true and correct Officer's/Complaintant's Signature: | Verified By: |
|---|---|
| | Sworn to and subscribed before me, the undersigned authority, this ___1___ day of _April_ _____, in the year _2021_ . |
| | Name/Title of Person Authorized to Administer Oath: _____ |

# Orange County

## ICJIS Warrant Arrest Affidavit

Document #: 947317

Division #:

Court Case #: 211159CFA

| Writ ☐ | VOP ☐ | Fugitive ☐ |
| FTA ☐ | Other ☑ |

Document Date: 06/25/2021

| Location of Defendant Vehicle: | | Date-Time Booked: | 06/25/2021 20:17 | Agency Case Number: | 21-46404 |

| (ORI) : FL0480000 | Agency Name: ORANGE COUNTY SHERIFF'S OFFICE | | FCIC/NCIC Check: ☑ | Date-Time of Arrest: | 06/25/2021 18:24 |

| Address of Arrest: INTERNATIONAL DR/JAMAICAN CT | | Total Bond Amt: 0 | Bond Status: |

## DEFENDANT

| Adult ☑ | Juvenile ☐ | Jacket Number: | Inmate Number: 21015052 | Language: ENGLISH |

NAME (L,F,M): ROBINSON, STEVEN OSHAY

A.K.A.

Race: B | Sex: M | DOB: 01/02/1987 | Age: 34

Height: 6'00" | Weight: 220 | Hair: BLK | Eyes: BRO | POB City: KINGSTON | POB State: | POB Country: JAMAICA

RES Street#: 4908 RED BAY DR | Citizenship US

City: ORLANDO | State: FL | Zip: 32829 | Home Phone: | Other Phone: (321) 361-0642

Scars/Tattoos: | Ethnicity: NON HISPANIC

Driver's License/ State ID No: R152794870020 | State: FL | Year Expires: 2025 | SSN #:

Business and Occupation: | Bus Phone:

Bus Street#: | City: | State: | Zip:

Next of Kin Name: ' | Phone:

Next of Kin Street #: | City: | State: | Zip:

### Out of State Warrant Arrest: Book as Fugitive from Justice. FSS 941.14, JIT 941.02 NO BOND

## OFFENSES:

| Felony ☐ | Misd. ☐ | ORD. ☐ | Traffic ☐ | Out of County ☑ | Court Location: OTHER | Domestic Violence? N |

Original Agency Name / ORI: - FL0590000 | Original Agency Case Number 211159CFA | Count | Bond Amount / Bond Status | Originating State and/or County: SEMINOLE COUNTY/FL

| 1 | OUT-OF-COUNTY WARRANT- | 901.04 | | 3,000.00 | FSS: 901.15.4 |

### ORIGINAL OFFENSE IF KNOWN ON VOP, FUGITIVE, FTA ONLY

| 1 | FAILURE TO REDELIVER HIRED VEHICLE |

☑ I, being an Orange County Deputy, read and executed the above capias to the above named defendant.

## NARRATIVE:

On June 25, 2021 at approximately 1824 hours, I, Deputy Kyle Moon (EID: 9793) was conducting proactive patrol in my agency marked vehicle at the intersection of International Drive and Jamaican Court. While conducting patrol I observed a black BMW sedan bearing Florida tag #Y41JZS, with extremely dark tint on the front windows, violating Florida State Statue 316.2953. I conducted a traffic stop on the vehicle and found the registered owner to have an out of county warrant. A black male was transported to the Orange County Booking and Release

Sworn to (or affirmed) and subscribed before me by means of ☑ physical presence or ☐ online notarization this 25 day of June year 2021

by

Notary Public ☑ Law Enforcement or Corrections Officer ☐
Personally Known ☑ Produced Identification ☐
Type of Identification

Notary Signature

NOTARY PUBLIC STATE OF FLORIDA

I swear or affirm the above statements are correct and true

(407) 254-7000
Officer's Bus. Phone No.

Officer's Signature

MOON, KYLE / 9793
Officer's Name/ID

Notice to Defendant Regarding Social Security Number: This Law Enforcement Agency has collected your social security number (SSN) as required by FSS 119.071. This agency will use it for the purpose of confirming your identity, and sharing it with other governmental agencies to identify records linked to that SSN. This collection and use of your SSN is required by this agency to fulfill its lawful duties and responsibilities.

FLORSEK, SALLY
Notary Name

GG332299 /05/08/2023
Notary Commission # / Exp. Date

1001 (09/12)

Page 1 of 2

**Orange County**

**ICJIS Warrant Arrest Affidavit** (continued)

| Writ ☐ | VOP ☐ | Fugitive ☐ | Document #: 947317 | Division #: |
| FTA ☐ | Other ☑ | | | Court Case #: 211159CFA |

| Document Date: | 06/25/2021 |

| **DEFENDANT** | ROBINSON, STEVEN OSHAY | **Agency Case Number:** | 21-46404 |

center to have the warrant served. My investigation revealed the following: On June 25, 2021 at approximately 1824 hours, I, Deputy Kyle Moon (EID: 9793) was conducting proactive patrol in my agency marked vehicle at the intersection of International Drive and Jamaican Court. While conducting patrol I observed a black BMW sedan bearing Florida tag #Y41JZS, with extremely dark tint on the front windows, which determined to be 18% tint, violating Florida State Statue 316.2953. I activated my emergency lights and sirens and conducted a traffic stop on the vehicle. At the time of the stop, I was driving a marked Orange County Sheriff's Office patrol vehicle with attached push bumper, spot light, overhead light bar and reflective Orange County Sheriff's Office markings. I was wearing a standard issue class B uniform that is spruce green in color with Orange County Sheriff's Office patches on both sleeves, metallic name badge on the right breast and metallic sheriff's office badge prominently displayed on the left breast. I was also wearing my standard issue basket weave leather duty belt with agency issued equipment around my waist, making me clearly identifiable as a law enforcement officer. I made contact with the driver who identified himself via Florida Driver's License as Steven Robinson Valdes (Defendant 1). Steven was determined to be the registered owner of the vehicle. I used law enforcement data bases through Teletype Operators to check if Steven had driving and criminal history in Orange County. Teletype returned with a warrant out of Seminole County Sheriff's Office for failure to redeliver a hired vehicle, Case Number 211159CFA. Steven was secured in my patrol vehicle. Teletype Operators confirmed the warrant and advised that Seminole County Sheriff's Office did want to extradite. Steven was transported to the Orange County Booking and Release Center to have the warrant served. It should be noted, Steven had approximately $435.91 on his person upon search incident to arrest. The money was counted on my agency issued Body Worn Camera and stored in Steven's property at the Jail. My agency issued Body-Worn Camera was activated for this incident. This incident is cleared by arrest.

| Sworn to (or affirmed) and subscribed before me | | I swear or affirm the above statements are correct and true | (407) 254-7000 |
| by means of ☑ physical presence or ☐ online notarization | | | Officer's Bus. Phone No. |
| this 25 day of June year 2021 | | Officer's Signature | MOON, KYLE / 9793 |
| by | | | Officer's Name/ID |
| Notary Public ☑ Law Enforcement or Corrections Officer ☐ | | **Notice to Defendant Regarding Social Security Number:** This Law Enforcement Agency has collected your social security number (SSN) as required by FSS 119.071. This agency will use it for the purpose of confirming your identity, and sharing it with other governmental agencies to identify records linked to that SSN. This collection and use of your SSN is required by this agency to fulfill its lawful duties and responsibilities. |
| Personally Known ☑ Produced Identification ☐ | | |
| Type of Identification | | |

| Notary Signature | NOTARY PUBLIC STATE OF FLORIDA | FLORSEK, SALLY | GG332299 / 05/08/2023 |
| | | Notary Name | Notary Commission # / Exp. Date |

1001 (09/12)



## Case Details - Summary

| | |
|---|---|
| **Case Number:** | 2021CF001159A |
| **View Status:** | PUBLIC |
| **Case Style:** | STATE OF FLORIDA VS ROBINSON VALDES, STEVEN OSHAY |
| **Case Type:** | CF - FELONY |
| **Case Status:** | ACTIVE |
| **Closed Date:** | |
| **UCN:** | 592021CF001159A00XX |
| **Division:** | A |
| **Judge:** | MCINTOSH, DONNA L |
| **Clerk's File Date:** | 05/13/2021 |
| **Arrest Date:** | 06/25/2021 |
| **Speedy Trial Date:** | Waived? YES |
| **Agency:** | SANFORD POLICE DEPT |
| **Agency Rpt Number:** | 202150001147 |
| **Case Bond Amount:** | $ 0.00 |

| | |
|---|---|
| **Future Event(s):** | **DOCKET SOUNDING**<br>**01/12/2022 / 0900 AM**<br>**CRIMINAL JUSTICE CENTER, SANFORD**<br>**Judge: MCINTOSH, DONNA L** |

## Party Information

| **NAME (Aliases)** | **DETAILS** |
|---|---|

| DEFENDANT | DOB: | 01/02/1987 |
|---|---|---|
| ROBINSON VALDES, STEVEN OSHAY | Race: | BLACK |
| | Sex: | M |
| | Eye Color: | BROWN |
| | Hair Color: | BLACK |
| | Height: | 6 (ft) 00 (in) |
| | Weight: | 200 (lbs) |
| | DL: | R152794870020 |
| | DL State: | FL |
| | DL Class: | E |
| | DL Coutry: | US |
| | DL Comm: | NO |

### PLAINTIFF

STATE OF FLORIDA

## Charge Details



Expand All    Collapse All

**CHARGE 1 - 3rd DEGREE FELONY - 817.52(3) - FAILURE TO REDELIVER HIRED VEHICLE DISPOSITION - ()**

**ARREST DETAILS: 3rd DEGREE FELONY - 817.52(3) - FAILURE TO REDELIVER HIRED VEHICLE**

| **OFFENSE DATE:** | 12/28/2020 | **STATUS:** | SWORN COMPLAINT |
|---|---|---|---|
| **BOND AMOUNT SET:** | 3000.00 | | |

**PROSECUTION DETAILS: 3rd DEGREE FELONY - 817.52(3) - FAILURE TO REDELIVER HIRED VEHICLE**

| **STATUS:** | SAME | **FILE DATE:** | 05/13/2021 |
|---|---|---|---|
| **FINAL ACTION:** | FILED | | |

## Dockets



Legend: ✅ Viewable  ☑ Reviewed and Viewable  ➕ Viewable on Request  ❌ Confidential  📄 View Minutes

**Docket Code:** [＿＿＿]    **Filter**   **Clear Filter**

| <u>DATE</u> | DOC# / PG# | <u>DOCKET CODE</u> | DESCRIPTION | PAGES | PDF |
|---|---|---|---|---|---|
| 12/02/2021 | 80 / 27 | SYS | NOTICE FOR DOCKET SOUNDING JAN 12, 2022 AT 09:00 AM PRINTED | 1 | ✅ |
| 12/01/2021 | 68 / 26 | MNF | MINUTES FOR DOCKET SOUNDING BEFORE JUDGE DONNA L MCINTOSH | 2 | ✅ |
| 11/30/2021 | 67 / 25 | WAAP | WAIVER OF APPEARANCE AT DOCKET SOUNDING | 1 | ✅ |
| 11/16/2021 | 66 / 24 | NOTC | NOTICE OF TAKING DEPOSITION 12/9/21 | 1 | ✅ |
| 11/04/2021 | 65 / 23 | SYS | NOTICE FOR DOCKET SOUNDING DEC 01, 2021 AT 09:00 AM PRINTED | 1 | ✅ |
| 11/03/2021 | 53 / 22 | MNF | MINUTES FOR DOCKET SOUNDING BEFORE JUDGE DONNA L MCINTOSH | 2 | ✅ |
| 11/02/2021 | 52 / 21 | RNDN | RESP NOTC DISC/DMD NOTC CLAIM ALIBI/DMD INT ISS SUBP DUC TEC | 5 | ✅ |
| 11/01/2021 | 51 / 20 | WAAP | WAIVER OF PERSONAL APPEARANCE AT DOCKET SOUNDING | 1 | ✅ |
| 10/15/2021 | 50 / 19 | SUBP | WITNESS SUBPOENA RETURNED (1) | 1 | ✅ |
| 10/12/2021 | 49 / 18 | PRAE | PRAECIPE WITNESS SUBPOENA ISSUED (1) | 1 | ❌ |
| 10/06/2021 | 48 / 15.10 | AFOI | AFFIDAVIT OF INDIGENCY APPROVED FEE - AMT: $50.00 | 2 | ✅ |
| 10/07/2021 | 47 / 17 | DAYS | REQUEST FOR (90) DAYS TO FILE MOTIONS | 0 | |
| 10/07/2021 | 46 / 17 | RFIN | REQUEST FOR COPY OF INFORMATION | 0 | |

| 10/07/2021 | 45 / 17 | RFJT | REQUEST FOR JURY TRIAL | 0 | |
| 10/07/2021 | 44 / 17 | WAAR | WAIVER OF ARRAIGNMENT | 0 | |
| 10/07/2021 | 43 / 17 | PLNG | PLEA OF NOT GUILTY | 0 | |
| 10/07/2021 | 42 / 17 | NAPP | NOTICE OF APPEARANCE - NAME: TRETTIS, BLAISE | 1 | ✅ |
| 10/06/2021 | 41 / 16 | SUBP | WITNESS SUBPOENA RETURNED (2) | 3 | ✅ |
| 10/06/2021 | 26 / 15 | MNF 📑 | MINUTES FOR DOCKET SOUNDING BEFORE JUDGE DONNA L MCINTOSH | 2 | ✅ |
| 10/01/2021 | 25 / 14 | PRAE | PRAECIPE WITNESS SUBPOENA ISSUED (2) | 2 | ❌ |
| 10/01/2021 | 24 / 13 | PRAE | PRAECIPE WITNESS SUBPOENA ISSUED (2) | 2 | ❌ |
| 08/17/2021 | 14 / 12 | MNF 📑 | MINUTES FOR ARRAIGNMENT BEFORE JUDGE DONNA L MCINTOSH | 2 | ✅ |
| 07/20/2021 | 13 / 11 | DFMR | DEFENDANT'S MAIL RETURNED AND REMAILED ARRAIGNMENT NOTICE | 1 | ✅ |
| 07/15/2021 | 12 / 10 | DFMR | DEFENDANT'S MAIL RETURNED AND REMAILED NOTICE | 1 | ✅ |
| 07/13/2021 | 11 / 9 | SYS | NOTICE FOR ARRAIGNMENT AUG 17, 2021 AT 01:30 PM PRINTED | 1 | ✅ |
| 07/12/2021 | 10 / 8 | BDSL | BOND SLIP - TYPE: SU - BOND#: U521156771 - AMT: $3000.00 - NAME: MONCRIEF FIRE | 3 | ✅ |

| 07/09/2021 | 9 / 7 | SYS | NOTICE FOR ARRAIGNMENT AUG 17, 2021 AT 01:30 PM PRINTED | 1 | ✓ |
|---|---|---|---|---|---|
| 07/08/2021 | 8 / 6 | ARSC | ARRAIGNMENT SET | 0 | |
| 07/08/2021 | 7 / 6 | ATFD | ARREST REPORT - DATE: 06/25/2021 | 2 | ✓ |
| 06/29/2021 | 6 / 5 | CARE | CAPIAS RETURNED EXECUTED ORANGE COUNTY | 1 | ✓ |
| 05/17/2021 | 5 / 4 | CISG | CAPIAS SIGNED AND ISSUED - DATE: 05/17/2021 | 1 | ✓ |
| 05/14/2021 | 4 / 3 | BDBD | SET BONDSMAN - AMT: $3000.00 | 0 | |
| 05/14/2021 | 3 / 3 | CIDI | CAPIAS ISSUED DIRECT - DATE: 05/14/2021 | 0 | |
| 05/13/2021 | 2 / 2 | RECA | REQUEST FOR SUMMONS/CAPIAS | 2 | ✓ |
| 05/13/2021 | 1 / 1 | IFFD | INFORMATION FILED - DATE: 05/13/2021 | 1 | ✓ |

## Hearings

| TYPE | DATE / TIME | LOCATION |
|---|---|---|
| DOCKET SOUNDING | 01/12/2022 / 0900 AM | COURTROOM - 5C CRIMINAL JUSTICE CENTER 101 ESLINGER WAY SANFORD, FL 32773 Phone: (407) 665-4300 |
| DOCKET SOUNDING | 12/01/2021 / 0900 AM | COURTROOM - 5C CRIMINAL JUSTICE CENTER 101 ESLINGER WAY SANFORD, FL 32773 Phone: (407) 665-4300 |
| DOCKET SOUNDING | 11/03/2021 / 0900 AM | COURTROOM - 5C CRIMINAL JUSTICE CENTER 101 ESLINGER WAY SANFORD, FL 32773 Phone: (407) 665-4300 |

| DOCKET SOUNDING | 10/06/2021 / 0900 AM | COURTROOM - 5C<br>CRIMINAL JUSTICE CENTER<br>101 ESLINGER WAY<br>SANFORD, FL 32773<br>Phone: (407) 665-4300 |
| --- | --- | --- |
| ARRAIGNMENT | 08/17/2021 / 0130 PM | COURTROOM - 1A<br>CRIMINAL JUSTICE CENTER<br>101 ESLINGER WAY<br>SANFORD, FL 32773<br>Phone: (407) 665-4300 |

## Fees & Fines

| Total Amount Due: $50.00 | Total Amount Ordered: $50.00 |
| --- | --- |
| Total Amount Paid: $0.00 | Total Lien Amount: $0 |
| Total Balance Due: $50.00 | Total Amount Waived: $0 |

**Type**: FEE - AFPDFEE

| **Comments**: AFFIDAVIT OF INDIGENCY APPROVED 10/06/2021 | | |
| --- | --- | --- |
| **Fine Date**: 10/08/2021 | | **Total Assesment**: $50.00 |
| **Fail Comply**: 10/13/2021 | | **Interest**: $0.00 |
| **Last Paid**: | | **Adjustment**: $0.00 |
| | | **Total Paid**: $0.00 |
| | | **Balance**: $50.00 |

*\* Balance does not reflect any restitution which might have been ordered or interest.*

## Payments & Liens

PAYMENTS

NO RECORDS RETURNED

LIENS

NO RECORDS RETURNED

## Bonds

| Bond Num: U521156771  CNT#1 - FAILURE TO REDELIVER HIRED VEHICLE | | | | | |
|---|---|---|---|---|---|
| **Type:** SURETY | | | | **Amount:** $3,000.00 | |
| **Comments:** | | | | | |
| **Fine Amt Applied:** $0.00 | | | **Fine Applied Date:** | | |
| **Paid to Depositor:** | | | **Date Paid to Depositor:** | | |
| **Status:** | | | | | |
| **Revoked:** NO | | **Discharged:** NO | | **Re-Instated:** NO | |
| **Supersedaes:** NO | | **Judgement Satified:** NO | | **Transferred:** NO | |
| **Forfeiture:** NO | | **Begin Clock Date::** | | **End Date:** | |
| **Final Judgement:** NO | | **Begin Clock Date::** | | **End Date:** | |
| **Certificate of Non-Satisfaction Date:** NO | | **Cert Date::** | | | |
| **Clock Stop:** | | **Stop Date::** | | | |
| **Bondsman Details:** MONCRIEF BAIL BONDS 3910 S JOHN YOUNG PKWY ORLANDO, FL 32839 | | | | | |
| **Surety Details:** UNITED STATES FIRE INSURANCE COMPANY 11490 WESTHEIMER RD SUITE 300 HOUSTON, TX 77077 | | | | | |

## Schools & Community Service

NO RECORDS RETURNED

Server:CJCWEB03

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR SEMINOLE COUNTY, FLORIDA

STATE OF FLORIDA

VS.

STEVEN OSHAY ROBINSON VALDES

_____/

**ISSUE CAPIAS**

CASE NUMBER:

21CF1159A

FILED

MAY 13 2021

CLERK SEMINOLE COUNTY

**INFORMATION**

FAILURE TO REDELIVER HIRED VEHICLE (F3) 817.52(3)

IN THE NAME AND BY AUTHORITY OF THE STATE OF FLORIDA, PHIL
ARCHER, STATE ATTORNEY, THROUGH THE UNDERSIGNED DESIGNATED
ASSISTANT STATE ATTORNEY, CHARGES THAT:

IN THE COUNTY OF SEMINOLE, STATE OF FLORIDA, on or between December 28, 2020
and May 13, 2021, STEVEN OSHAY ROBINSON VALDES, after hiring a motor vehicle, from
Hertz,  as owner or custodian, under an agreement to redeliver the same to said person letting
such motor vehicle or his agent, at the termination of the period for which it was let, did without
the consent of said person or persons and with intent to defraud, abandon or willfully refuse to
redeliver said vehicle as agreed, contrary to Section 817.52(3), Florida Statutes,

AND against the peace and dignity of the State of Florida.

I hereby state under oath that I am instituting this prosecution in good faith, and I certify that I
have received testimony under oath from the material witness or witnesses for the offense(s).

_____
Designated Assistant State Attorney
Eighteenth Judicial Circuit
Florida Bar No. 0703540

Personally appeared by physical presence before me, Designated Assistant State Attorney
JAMES W. CARTER, who is personally known to me, who being first duly sworn, says that this
prosecution is instituted in good faith, and certifies that testimony under oath has been received
from the material witness or witnesses for the offense(s), and says that the allegations as set forth
in the foregoing information are based upon facts that have been sworn to as true and which, if
true, would constitute the offense(s) therein charged.  Sworn to and subscribed before me this
_13th_ day of _May_____, 2021.

_____
Signature of Notary

_____
Print, Type or Stamp Name of Notary

DEBBIE B. PRZYGODA
MY COMMISSION # GG 348646
EXPIRES: July 10, 2023
Bonded Thru Notary Public Underwriters

# ATTACHMENT T

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| THE HERTZ CORPORATION, *et al.*, | : Case No. 20-11218 (MFW) |
| Debtors. | : |
| | : |
| | : |
| | : |
| | : |
| | : |

## Declaration of Steven P. Wood, Esq.
## In Support of
## <u>False Police Report Claimants Responses to Debtors' 21st and 22nd Omnibus</u>
## <u>Objections</u>

I, Steven P. Wood, declare as follows:

1.      I am a Partner in the Wilmington, Delaware office of McCarter & English. I have been retained by Counsel for the False Police Report Claimants to offer opinion testimony in this matter.  I submit this declaration in support of the False Police Report Claimants' Responses to the Debtor's 21st and 22nd Omnibus Objections. I have personal knowledge of the facts and opinions stated in this declaration and can testify competently to them if called to do so.

A.      <u>Background and Qualifications</u>

2.      I earned my undergraduate degree from the University of Delaware and my law degree from Emory University School of Law. I was admitted to practice law in the State of Delaware in 1985.  Before joining McCarter & English, I served as a Deputy Attorney General with the Delaware Department of Justice for 31 years, becoming the Department's most senior and experienced trial prosecutor. I served as the lead prosecutor in hundreds of jury trials, including

dozens of complex homicide investigations. I headed the Delaware DOJ's New Castle Office from 1998 to 2001, and the Criminal Division as State Prosecutor from 2001 to 2007. I was part of the homicide unit from 2010 to 2016.

3.      In recognition of my achievements as an attorney general, the Delaware DOJ honored me by placing me on its Wall of Excellence. I also currently serve as a member of the Delaware Supreme Court Court's Advisory Committee on the Delaware Uniform Rules of Evidence. I have taught several NITA classes and have served as an instructor for trial techniques programs offered by the Emory University School of Law, the Rutgers/Camden School of Law, the University of San Francisco School of Law, the Widener University School of Law, the Hofstra University School of Law, Equal Justice Works, the International Society of Barristers, the Oakland County (MI) Office of the Prosecuting Attorney, the New Jersey Office of Law Guardian, the Maryland Office of the Public Defender, the Florida Attorney General's Office, and the Philadelphia Bar Foundation. I am also a fellow of the American College of Trial Lawyers. My resume is attached as Exhibit A to this declaration.

B.      Scope of Work and Factual Background

4.      I have been retained by counsel for the False Police Report Claimants to provide opinion testimony related to (1) whether a reasonably prudent prosecutor would want to know whether Hertz intended to charge the credit card of a customer identified as the subject of a theft report and whether a reasonably prudent prosecutor would consider fact of payment as material fact, (2) whether a reasonably prudent prosecutor would prosecute a person in claimants' position given Hertz's policies, (3) whether someone in Hertz's position as the initiator of a theft report has a duty or obligation to include all obviously relevant facts that might reasonably be expected to support a determination whether or not probable cause exited to believe that a crime had been

2

committed by the accused, (4) whether someone in Hertz's position as the initiator of a theft report has a duty or obligation to correct mistakes or omission after filing a police report that might reasonably be expected to affect a previously-made probable cause determination by a prosecutor, (5) the kind of due diligence expected from an entity such as Hertz before filing such a police report, and (6) whether a reporting party would receive notice of actions taken based on a filed theft report.

5.      As part of forming my opinions, I reviewed various filings in this case, including the May 2020 Complaint, Hertz's objections, various memoranda and correspondence served or sent to Hertz, portions of trial transcripts, and exemplary theft report packages.

6.      I also reviewed certain descriptions of Hertz's practices and policies. I understand that Hertz has an official policy, W7-02(D) that its employees must not charge a card, or attempt to charge a card, until after he or she has filed a police report. My understanding is based, in part, upon my review of that written policy as it is set forth in Case No. 20-11218, D.I. 5032–2. According to W7-02(D), Hertz's OKC Vehicle Control Department must close the rental agreement after verifying the Theft Vehicle Report with police. I also understand that Hertz does not include with its theft report the fact that it has the ability and intent to charge the customer's card, and does not thereafter supplement the theft reports with the fact that the card has been charged.

7.      I also reviewed certain relevant criminal statutes of the states of Delaware, including those cited herein.

8.      Further, I understand that despite official policies to the contrary, Hertz has destroyed rental notes, recordings, and records regarding nearly two dozen claimants. These records are, of course, the best evidence of interactions between Hertz and its customers, and likely

3

rise to the equivalent of potentially exonerating information that Hertz must retain. I understand that at least in one previous case, the *Grady* case, the court issued spoliation sanctions against Hertz for its failure to retain material information related to Ms. Grady's case. Given the fact that the information related to an allegation of auto theft by Hertz, there is no excuse for destruction of this information in my view.

9.      I also understand that there is evidence that Hertz erases rental extensions and backdates vehicle due dates. I understand that Hertz does not routinely provide written confirmation of extensions to its customers, and there is evidence that Hertz's systems often automatically delete any record of extensions from the rental systems. There is evidence that Hertz only bills customers at the end of the rental, but during the rental it checks to make sure the card is active and that there is available credit on the card to pay the rental (an "authorization hold"). When an authorization hold is denied, Hertz deletes any record of the extension without notice to its employees or its customers. The theft report omits any record of the customer's contact with Hertz as well as any record of the rental period extension. I understand that there is evidence of this in relation to claimants Hanna "John" Ayoub, Laketa Collins, and Shontrell Higgs, among others.

10.      I understand that there is evidence that Hertz fails to thoroughly investigate its theft claims before filing a police report. I understand that Hertz has a policy, W7-02(a)(17), that every theft must be promptly investigated by the Security Manager responsible for the renting location. I understand that there is evidence that Hertz does not perform any investigation to verify its theft reports. I understand that in the *Grady* case, several Hertz employees testified that Hertz has given them instructions that theft packages should be immediately delivered to the police without any independent investigation or inquiry into whether payment has been made, whether the vehicle has been returned, or whether the rental has been extended. I understand that in many cases the putative

4

investigators are not even given the necessary information or access to even begin an investigation. Further, there is evidence that Hertz sometimes notes that private repossession services have been contacted when no such services were hired. During the *Grady* trial, there was testimony that Hertz's failure, or refusal, to perform independent investigations was a cost-cutting measure.

11.    I also understand that Hertz does not supplement or correct theft reports when they learn of inaccuracies or falsities in the report. Hertz never withdraws false reports, nor corrects misstatements or omissions about payment, renter contacts, renter extensions, whether the renter was an insurance rental or rideshare driver, or any other critical information. Indeed, Hertz admitted to the Philadelphia Inquirer:

> Hertz has no mechanism to withdraw a criminal referral because, the company spokesperson said, it has to maintain a relationship of "integrity and responsibility" with law enforcement.
>
> "In the rare instances this happens, if you report a crime, and you later say it didn't happen, then law enforcement tends not to believe you if you retract it or say you were mistaken," the spokesperson said. "Hertz's continued good relationship with law enforcement is important."

Sam Wood, "Bankrupt Hertz is Still Wrongly Accusing Customers of Stealing Cars," Page A1, Philadelphia Inquirer (Aug. 3, 2020), available at https://www.inquirer.com/business/retail/hertz-stolen-car-grand-theft-auto-malofiy-bankruptcy-lawsuit-20200803.html.

12.    It is my understanding that Hertz fails to provide exculpatory information concerning payments made by the accused subsequent to the filing of the initial police report. Payment information is highly significant. As Detective Wojciechowski testified in the *Grady* case, this information was not provided to him in the initial report or subsequently and would have changed his position regarding whether or not there was probable cause. I agree with the Detective in this regard:

Q. Did Hertz ever tell you that the total amount of money that was paid for that car was $4,250?

A. No.

Q. Is that pertinent information that you would like to know in determining whether or not probable cause existed if the car was fully paid for?

A. If the car rental had been fully paid for, yes, that would be pertinent.

Q. And that would change your sworn oath as to probable cause; correct?

A. Yes.

\*\*\*

Q. Would it change your position on probable cause if the car was fully paid for and there was regular contact by Ms. Grady, and her renewal was extended?

A. Yes.

9/12/2017 Testimony, at p.67-68.

13.     This is further confirmed in the *Grady* trial by Officer Iannocone, who testified

similarly.

REDIRECT BY MR. MALOFIY:

Q.  You were asked questions about probable cause and whether there was probable cause based on information you were provided; correct?

A.  Correct.

Q.  Now, if information was omitted from you, like payment of the car was paid in full, would that that change your view on probable cause; correct?

A.  Most definitely.

Q.  And if you weren't told about omitted facts about that she had -- excuse me. That Ms. Grady had spoke to Hertz for 88 minutes, 12 phone calls, and had paid a total of $4,250, that would be an important fact in coming to your conclusions about probable cause; correct?

A.  I wouldn't know about the phone calls. I'm not listening. Obviously, the payment would definitely bear -- make bearing on it. They would all be factors taken into consideration, of course.

Q … No one from Hertz, and Mr. Graeber never followed up with you and provided you information that Ms. Grady was in constant contact with Hertz and also that $4,250 were paid to that car on 7-15-2013, seven days before your interview?

A.  I was never provided that information.

Q.  Is that information you would have liked to have known?

A.  If anything truthful, I would like to know, yes.

6

9/17/2017 Redirect Examination of Officer Michael Iannocone, at p.65-67. I, too, agree that this would change the calculus on determining whether or not there was probable cause.

C.      Opinions

14.      Before providing my opinions regarding topics (1) – (6), I will add that I have no reason to doubt the veracity of the factual allegations in the Complaint at this point, especially considering the number of victims as well as similarity between the victims' complaints. At the outset, I must observe that every prosecutor has an ethical obligation to ensure that a criminal prosecution is supported at all times by probable cause. This obligation is universally understood to be a fundamental one. It is set forth, for example, in Rule 3.8 of the Delaware Lawyer's Rules of Professional Conduct, Standard 3-4.3(a) of the American Bar Association's Criminal Justice Standards, and Standard 4-2.2 of the National Prosecution Standards of the National District Attorneys Association.  It goes without saying that, to meet his or her ethical obligations, a prosecutor must rely upon a person or entity who reports a crime to provide all obviously relevant and material information in the reporting person or entity's possession as the time of the initial crime report. The prosecutor's probable cause obligation is ongoing throughout the life of a prosecution, and so the prosecutor must rely upon the reporting person or entity's continuing obligation to provide all relevant and material information should the facts change.

15.      In Delaware, and in most other jurisdictions, automobile theft is a felony. Consequently, warrants for automobile theft are not taken lightly. Felony warrant are more likely to result in armed car stops, and pre-trial detention is significantly more likely than would otherwise be the case. Thus, what appears to be, at the very best, a cavalier attitude by Hertz is deeply troubling.

16.     First, it is my opinion that whether or not a renter who is alleged to have stolen an automobile paid for his or her use of the subject vehicle is material fact that a prosecutor would absolutely need to know when determining whether probable cause existed to begin or continue a prosecution.  In fact, whether or not payment was made is an outcome determinative fact, as in Delaware (and in many other jurisdictions) if payment was made the crime of theft was not committed. No reasonable prosecutor would file charges knowing that the customer's card has been charged. This goes right to the heart of probable cause. The importance of whether or not payment was made is underscored by the fact that, in many of the cases that are discussed in the Complaint, a prosecutor dropped the charges upon learning that the defendant had, in fact, paid for the rental. If Hertz is able to charge a customer's card for a rental, that car was not stolen and should not be reported as stolen. Hertz cannot credibly take the position that a car can be stolen even if the renter's card has been charged.

17.     Second, given Hertz policies, a reasonable prosecutor with knowledge of Hertz's policies would not accept a theft report or file charges against a Hertz customer because those policies are inconsistent with the probable cause finding that must support a theft charge. Hertz's policy W7-02(D) that its employees must not charge a card, or attempt to charge a card, until after he or she has filed a police report raises serious doubts about the validity of any report, and thus undermines any probable cause. To a reasonable prosecutor—indeed, to a reasonable person generally—the more prudent and factually and legally sound approach would be to charge the card or attempt repeatedly to charge the card before going to the police because, absent such attempts, the probable cause necessary to initiate or continue a theft charge cannot be found. In particular, the fact that a defendant has paid for property that is subject to a theft charge is fatally inconsistent with the *mens rea* that is necessary element of the charge. For this reason, filing a theft report with

8

the police should be the last resort after all other avenues have been exhausted. This is particularly true when, as here, Hertz was easily able to charge the renter's credit card and therefore be fully compensated for the value of rental.

18.    What is apparent in these cases is that the triggering event is ***not*** the alleged "failure to return the vehicle," but rather a "denied" authorization for future payment. Since the catalyst is payment related, then this is squarely a civil matter and has no place occupying the police's or prosecutor's time. Further, it is the denied authorization for future payment that triggers the backdating of the rental due date—which allows Hertz to say that it was a "failure to return the vehicle." This is either an entirely false statement, or at best it is fundamentally misleading. This amounts to converting speculation about future payment which might mature into a civil payment dispute but not a criminal matter. Criminal charges cannot be based upon speculation about future events.

19.    I would note and agree that when police or prosecutorial misconduct severely taints a body of cases involving the same conduct reported by the same purported "victim," the courts recognize that convictions and pleas improperly obtained with falsified testimony/evidence or withheld evidence must be reversed and vacated:

- Sarah Blaskey, "*Culture of corruption in Bascayne Park Police: 'Way worse than I imagined,'*" Miami Herald (Feb. 27, 2019), https://www.miamiherald.com/news/local/crime/ article226890009.html;
- Joseph A. Slobodzian, "*Phila. Judge tosses 7 drug convictions tainted by police corruption probe,*" Philadelphia Inquirer (Nov. 4, 2016), https://www.inquirer.com/philly/news/20161105_Phila__judge_tosses_ 7_drug_convictions_tainted_by_police_corruption_probe.html (stating that 812 pleas and verdicts were overturned due to the perjured testimony of six police officers in hundreds of cases);
- "*6 Convictions are Voided,*" LA Times (May 5, 2000), https://www.latimes.com/archives/la-xpm-2000-may-05-me-26912-story. html;
- John Israel, "*A judge has already vacated 8 drug sentences and another 263 are under view,*" Think Progress (Sept. 22, 2018),

9

> https://thinkprogress.org/fired-cop-who-may-have-planted-drugs-shows-why-floridas-felon-voting-ban-is-so-insidious-b4143bf0e772/;
> - Nancy West, "*Evidence of Police Dishonesty Leads to Overturned Convictions Nationwide*," The Crime Report (July 21, 2015), https://thecrimereport.org/2015/07/21/2015-07-evidence-of-police-dishonesty-leads-to-overturned-co/.

20.     The result should be no different when it is a private corporation whose reports and investigations are relied upon by law enforcement as accurate, but are later shown to be manifestly false, and which therefore caused the prosecution of the defendant that was never supported by probable cause. This is because law enforcement and the prosecuting agency are relying on the initial investigation and report by the private corporation. There is a presumption that the report and investigation is accurate, correct, and submitted in good faith after sufficient due diligence.

21.     When the information supporting a probable cause affidavit is determined to be based on false, misleading, or tainted evidence, justice requires that the investigation be re-opened. Often, those criminal arrests, prosecutions, and convictions are overturned. Here, because the filing of unverified theft reports contain false or misleading information regarding payment, return date, renter contact, and extensions with Hertz, and because this is a nationwide problem, all of the criminal prosecutions which relied on Hertz's deceptive theft package should be reinvestigated. This would be akin to discovering a forensic laboratory processing blood or DNA evidence that was later shown to have had unreliable, compromised, or tainted procedures. Convictions that relied upon such evidence would eventually be overturned.

22.     It is my opinion that Hertz's conduct in this matter, as I understand it, may actually be criminal. In Delaware, and in most states, it is a criminal offense to falsely report a crime to the police. In Delaware, the crime of Falsely Reporting an Incident (11 Del. C. § 1245) is committed when a person or entity reports to law enforcement "the alleged occurrence of an offense or incident which did not in fact occur," or "false information relating to an actual offense or

incident." Hertz's conduct easily falls with the ambit of that offense. The fact that Hertz knew or should have known that in most or all of the cases that are described in the Complaint it was likely to be fully paid for the use of its rental vehicle suggests that the theft it reported "did not in fact occur"vas a matter of law. Even if one assumes (against the weight of the evidence) that Hertz believed that its rental vehicle was stolen, the fact that it backdated the vehicle due dates constitutes providing "false information relating to an actual offense."

23.    Furthermore, depending upon the circumstances, Hertz's deletion of its records pertaining to the extension of the vehicle lease as described above may also constitute criminal conduct. In most states, it is a crime to intentionally alter or destroy evidence that one knows is likely be used in a criminal proceeding. In Delaware, the offense is called Tampering With Physical Evidence. (11 Del. C. § 1269).

24.    In my opinion, Hertz—and any other individual filing a theft report—has a duty and obligation, both legal and moral, to supplement the police report with additional information that may exonerate an individual. I understand that Hertz may take the position that any failure or refusal to correct or supplement the police report is not a crime. If Hertz were to actually take this position it would be clearly incorrect as a matter of basic decency. The notion that a person or entity is free to allow a prosecution that it initiated to continue after learning that the person it accused of a crime is actually innocent because no crime was committed is untenable. Moreover, prosecutors must rely upon those filing police reports to present facts as accurately as possible, and, if those facts are called into doubt by subsequent events, prosecutors must rely upon the complaining "victim" to correct their submissions and the factual record. Otherwise, prosecutors cannot meet their ethical duty to swiftly end a prosecution that is no longer supported by probable cause. That it may not be a crime if a person or entity fails to meet this basic obligation of a civil

11

society is irrelevant from a prosecutor's perspective. And in this case, Hertz is in the best position to supplement the theft report. It cannot lay that problem at the feet of the prosecutors or the customer.

25.      Finally, any reasonable prosecutor would expect a large company like Hertz to have policies and procedures in place for independently verifying automobile theft allegations *and to follow them*. Indeed, consensual use of automobiles for payment by a renter is Hertz's business. It is not unreasonable to expect that Hertz maintain reliable systems for inventory control, establish *and follow* reliable procedures for investigating potential thefts, and have a system of internal checks that is utilized before involving law enforcement. That there are repeated instances of Hertz failing to do so is a significant concern from a prosecutorial standpoint.

26.      I understand that at least two law enforcement agencies have suspended receipt of auto theft reports from Hertz. I understand that the Louisville Airport Department of Public Safety has stated that it will suspend taking stolen vehicle reports unless Hertz physically sees someone steal an auto, has evidentiary proof of such, or identifies an obvious non return. I also understand that in November 2016, the Indianapolis Airport Police similarly imposed restrictions on Hertz theft reports due to false reports leading to the wrongful arrests of customers. As a prosecutor, upon learning of the facts as alleged in the complaint I would have employed similar restrictions on Hertz in my jurisdiction.

27.      I understand that it is relevant to these proceedings whether Hertz was aware that the Claimants had been arrested and/or prosecuted in connection with theft reports filed by Hertz. In my experience as a prosecutor, I can attest that it is common practice for law enforcement and prosecutors to alert complaining parties when persons are arrested in connection with theft reports they have filed, and as the criminal case proceeds through the criminal justice system. This would

12

include initial notification as well as close communication after a charging decision was made, after charges were filed, and concerning any court dates involving the matter. In many states, communication between the police, prosecutors, and "victims" of a crime is mandated by statute. In Delaware, the Victims Bill of Rights (11 Del. C. § 9401 *et. seq.*) establishes the obligation of the police and prosecutors to provide crime victims with notice as the case progresses through the system. Consequently, it is virtually certain that Hertz received multiple notices about each of the cases described in the Complaint and similar cases alerting it to the fact that a prosecution had commenced and was progressing. In Delaware, and in many states, the pre-trial custody status of the arrestee would be routinely provided to the victim. And, of course, notice that an arrest had occurred would be a natural part of returning the vehicle to Hertz. With each such notice in each case, Hertz would have been provided with the opportunity to advise the police and prosecutors that its original crime report was made in error and it would have been provided with contact information to facilitate the communication.  It is my understanding that Hertz never did so.

28.    The fact that Hertz would have received the notice as described in the preceding paragraph, when coupled with the information in its possession pertaining to its credit card billings and full lease payments in each of the cases described in the Complaint means that Hertz had actual knowledge, or at least should have known, that each of the defendants in each prosecution described in the Complaint were being wrongfully prosecuted for theft. The same would be true for others with similar fact patterns.

29.    As a prosecutor, if the facts alleged in the complaint were brought to my attention, I would have begun an investigation to determine whether there was probable cause to believe that Hertz was guilty of the crime of Falsely Reporting an Incident (11 Del. C. § 1245) and Tampering With Physical Evidence (11 Del. C. § 1269). As described in the Complaint, Hertz's cavalier use

13

of the criminal justice system is deeply troubling. The question of whether Hertz's conduct amounts to criminal conduct is worthy of a criminal investigation to determine whether Hertz should be prosecuted for its misconduct.

30.     I will add that as a former prosecutor, I find Hertz's actions and their effect on these individuals' lives to be extremely offensive. Assuming the allegations in the Complaint are true, I am of the opinion that there is more probable cause to conclude that Hertz committed a crime than there is probable cause to conclude that any Claimant committed a crime.

I declare under the penalty of perjury of the United States of America that the foregoing is true and correct.

Dated: October 20,2021                    Signed:     /s/ Steven P. Wood, Esq.

                                                      Steven  P. Wood, Esq.
                                                      Declarant



**McCARTER & ENGLISH**
ATTORNEYS AT LAW
www.mccarter.com

BOSTON | HARTFORD | STAMFORD | NEW YORK | NEWARK
EAST BRUNSWICK | PHILADELPHIA | WILMINGTON | WASHINGTON, DC

# STEVEN P. WOOD
# PARTNER
# WILMINGTON

**PRACTICE GROUP**
Business & Financial Services Litigation

**CONTACT**
Renaissance Centre
405 N. King Street
8th Floor
Wilmington, DE 19801
302.984.6312
swood@mccarter.com

**EDUCATION**
LL.M., Emory University School of Law, 1984

B.A., University of Delaware, 1981

**ADMITTED TO PRACTICE**
Delaware

**MEMBERSHIPS / PROFESSIONAL ACTIVITIES**
The American College of Trial Lawyers
National Institute for Trial Advocacy

Mr. Wood is a partner in the Business Litigation group. He joins McCarter & English after more than 30 years as a Deputy Attorney General with the Department of Justice of the State of Delaware. He was the Department's most senior and experienced trial prosecutor, and as such he represented the State as lead prosecutor in hundreds of jury trials, including dozens of complex homicide cases, many of which garnered regional or national media coverage. He has developed a particular expertise in cases involving psychiatric and other medical or scientific defenses.  Mr. Wood was assigned to the Department's Homicide Unit from 2010 through 1016. From 2001 through 2007 he headed the Department's Criminal Division as State Prosecutor. From 1997 through 2000 he served as the Department's Chief Prosecutor for New Castle County, and he has previously supervised the Department's Felony Trial, Career Criminal and Felony Screening Units. Mr. Wood has also represented the State before the Delaware Supreme Court. He also served as legislative liaison for the Department to the Delaware General Assembly. His duties in that capacity included legislative drafting, analysis and advocacy, and through his decades of service he has developed extensive contacts within state government  Mr. Wood is a member of the Delaware Supreme Court's Advisory Committee on the Delaware Uniform Rules of Evidence.

Mr. Wood's expertise and accomplishment as a trial lawyer led to his induction as a fellow of the American College of Trial Lawyers, which is an invitation-only national organization comprised of "experience trial lawyers who have mastered the art of advocacy." He is one of only 30 Delaware lawyers who has been so honored. Mr. Wood is also an experienced trial advocacy instructor. He is a graduate of the National Institute for Trial Advocacy's (NITA) Teacher Training Program, and he works extensively with NITA as an instructor in its programs all across the United States. He is frequently called upon to lecture other lawyers and law students on various trial technique topics including direct and cross examination, opening and closing statements, expert witnesses and evidence.  Mr. Wood has been a member of the out-of-town faculty at the Emory University School of Law Trial Techniques Program since 1994, and he is also a faculty adjunct at the Rutgers-Camden School of Law's trial advocacy program. He has also served as an instructor at trial techniques programs offered by the Widener University School of Law, the Hofstra University School of Law, Equal Justice Works, the International Society of Barristers, the Oakland County (MI) Office of the Prosecuting Attorney, the New Jersey Office of Law Guardian, the Maryland Office of the Public Defender, the Florida Attorney General's Office and the Philadelphia Bar Foundation.

# ATTACHMENT U

United States Courts
Southern District of Texas
FILED

JAN 2 0 2017

David J. Bradley, Clerk of Court

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

MICHAEL GRAY §
§
*Plaintiff,* §
VS. § CIVIL ACTION NO. 3:15-CV-92
§
THE HERTZ CORPORATION §
§
*Defendant.* §
§

## JURY CHARGE

MEMBERS OF THE JURY:

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the

1

Case ID: 151103380
Control No.: 17090690

arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

**A. Burden of Proof**

Except as otherwise instructed, Plaintiff has the burden of proving his case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiff has failed to prove any element of their claim by a preponderance of the evidence, then he may not recover on that claim.

For certain claims, Plaintiff has the burden of proving their case by clear and convincing evidence. Clear and convincing evidence is evidence that produces in your mind a firm belief or conviction as to the truth of the matter sought to be established.

**B. Evidence**

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

2

Case ID: 151103380
Control No.: 17090690

### C. Witnesses

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

### D. No Inference from Filing Suit.

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

### E. Duty to Deliberate; Notes

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to re-examine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

3

Case ID: 151103380
Control No.: 17090690

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom. Please do not write on the exhibits.

Your verdict must be unanimous. After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the jury foreperson should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.

Case ID: 151103380
Control No.: 17090690

# QUESTION NUMBER 1

Did the Hertz Corporation maliciously prosecute Michael Gray?

"Malicious prosecution" occurs when one person initiates or procures, with malice, and without probable cause at the time the prosecution is commenced, the prosecution of an innocent person.

"Initiates" means that a person makes a formal charge to law enforcement authorities.

"Procures" means that a person's actions caused the prosecution and the prosecution would not have occurred but for its actions.

"Malice" means such gross indifference to the rights of others as to amount to a willful or wanton act.

"Probable cause" means the existence of such facts and circumstances as would excite belief in a person of reasonable mind, acting on the facts or circumstances within his knowledge at the time the prosecution was commenced, that the other person was guilty of a criminal offense. The probable cause determination asks whether a reasonable person would believe that a crime had been committed given the facts as the complainant honestly and reasonably believed them to be before the criminal proceedings were instituted. Whether the person failed to fully and fairly disclose all material information or knowingly provided false information to the authorities is irrelevant to determining whether probable cause existed.

Answer "Yes" or "No."

Answer: _____YES_____

5

Case ID: 151103380
Control No.: 17090690

## QUESTION NUMBER 2

Did the Hertz Corporation defame Michael Gray?

Defamation occurs when the Defendant publishes false defamatory statements concerning the Plaintiff while acting with actual malice.

"Publish" means to communicate the matter to a person other than Michael Gray who is capable of understanding its meaning.

"False" means that the statements are not substantially true. A statement is "substantially true" if it varies from the literal truth in only minor details or if, in the mind of the average person, the gist of the statement is no more damaging to the person affected by it than a literally true statement would have been.

"Defamatory" means an ordinary person would interpret the statements in a way that tends to injure a living person's reputation and thereby expose the person to public hatred, contempt or ridicule, or financial injury or to impeach the person's honesty, integrity, virtue, or reputation.

In deciding whether statements are defamatory, you must construe the statements as a whole and in light of the surrounding circumstances based upon how a person of ordinary intelligence would perceive them.

"Actual malice" means that you find by clear and convincing evidence that, at the time the Hertz Corporation made the statements in question

(1) The Hertz Corporation knew they were false as they related to Michael Gray, or

(2) The Hertz Corporation made the statements with a high degree of awareness that they were probably false, to an extent that the Hertz Corporation in fact had serious doubts as to the truth of the statements.

"Clear and convincing evidence" is that measure or degree of proof that will produce in the mind of the jury a firm belief or conviction as to the truth of the allegations sought to be established.

Answer: _____NO_____

6

Case ID: 151103380
Control No.: 17090690

## CONSIDER DAMAGES ONLY IF NECESSARY

If the Plaintiff has proved his claim against the Defendant by a preponderance of the evidence, you must determine the damages to which the Plaintiff is entitled. You should not interpret the fact that I am giving instructions about the Plaintiff's damages as an indication in any way that I believe that the Plaintiff should, or should not, win this case. It is your task to decide whether the Defendant is liable. I am instructing you on damages only so that you will have guidance in the event you decide that the Defendant is liable and that the Plaintiff is entitled to recover money from the Defendant.

Answer Question Number 3 only if you answered "Yes" to either Question Number 1 or Question Number 2.

Case ID: 151103380
Control No.: 17090690

**QUESTION NUMBER 3**

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff Michael Gray for the injuries, if any, that resulted from the Hertz Corporation's conduct?

Consider the elements of damages listed below and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find.

You are instructed that any monetary recoveries for compensatory damages sought by Plaintiff Michael Gray are not subject to federal or state income taxes.

Answer separately, in dollars and cents, for damages, if any.

1. Mental anguish sustained by Plaintiff Michael Gray in the past.

   Answer: _____50,000.00_____

2. Mental anguish that, in reasonable probability, Plaintiff Michael Gray will sustain in the future.

   Answer: _____0_____

3. Economic loss.

   Answer: _____6049.13_____

8

Case ID: 151103380
Control No.: 17090690

Answer Questions Number 4 and Number 5 only if you answered "Yes" to Question Number 1. Otherwise, do not answer Question No. 4 or Question Number 5.

## QUESTION NUMBER 4

Do you find by clear and convincing evidence that the harm to the Plaintiff resulted from malice or gross negligence on the part of The Hertz Corporation?

"Clear and convincing evidence" is the evidence that produces in your mind a firm belief or conviction as to the truth of the matter sought to be established.

"Malice" means a specific intent by the Hertz Corporation to cause substantial injury to Michael Gray.

"Gross Negligence" means an act or omission by the Hertz Corporation,

1. Which when viewed objectively from the standpoint of the Hertz Corporation at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and

2. Of which the Hertz Corporation has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others.

In answering this Question, you are instructed that you cannot consider harm to persons other than the Plaintiff.

Answer: _____YES_____

9

Case ID: 151103380
Control No.: 17090690

## QUESTION NUMBER 5

What sum of money, if any, should be assessed against The Hertz Corporation and awarded to Michael Gray as exemplary damages for the conduct found in response to Question Number 4?

"Exemplary damages" means any damages awarded as a penalty or by way of punishment but not for compensatory purposes. Exemplary damages include punitive damages.

Factors to consider in awarding exemplary damages, if any, are—

      a.   The nature of the wrong.
      b.   The character of the conduct involved.
      c.   The degree of culpability of the wrongdoer.
      d.   The situation and sensibilities of the parties concerned.
      e.   The extent to which such conduct offends a public sense of justice and propriety.

The purpose of exemplary damages is to punish and deter, not to compensate. Exemplary damages serve to punish a defendant for malicious or reckless conduct and, by doing so, to deter others from engaging in similar conduct in the future. You are not required to award exemplary damages. If you do decide to award exemplary damages, you must use sound reason in setting the amount. Your award of exemplary damages must not reflect bias, prejudice, or sympathy toward any party. It should be presumed that Plaintiff has been made whole by compensatory damages, so exemplary damages should be awarded only if The Hertz Corporation's misconduct is so reprehensible as to warrant the imposition of further sanctions to achieve punishment or deterrence.

You are instructed that any award of exemplary damages must bear a reasonable relationship to the harm, if any, caused to the Plaintiff.

Answer in dollars and cents, if any.

Answer: _____ $120,000.00

10

Case ID: 151103380
Control No.: 17090690

Court of Common Pleas of Philadelphia County
Trial Division - Civil
**TRIAL WORK SHEET**

| Judge's Name: | Judge's I.D.: | Signature: |
|---|---|---|
| **PAULA PATRICK** | J519 | |

| Caption: | Case Type: | Program: |
|---|---|---|
| **GRADY VS THE HERTZ CORPORATION ETAL** | MISC SUMMONS | MAJOR JURY-EXPEDITED |

Court Term and Number:    If Consolidated, Court Term and Number:

**#1511-03380**

| Trial Date: | | Total Amount: | Number of Days: | Disposition Date: | Date Sheet Prepared: |
|---|---|---|---|---|---|
| 07-SEP-2017 | X Jury / Non-Jury | $100,000.00 | 7 | 15-SEP-2017 | 18-SEP-2017 |

Full Description of Disposition (to be entered Verbatim on the Docket)

Jury Verdict in favor of Plaintiff, Kelly A. Grady against Defendant, The Hertz Corporation in the amount of $62,500 for the claim of Intentional Infliction of Emotional Distress and in the amount of $37,500 for the claim of Malicious Prosecution.

| | |
|---|---|
| ☐ Default Judgment/Court Ordered | ☒ Jury Verdict for Plaintiff |
| ☐ Directed Verdict | ☐ Jury Verdict for Defendant |
| ☐ Discontinuance Ordered | ☐ Mistrial |
| ☐ Transferred to binding arbitration | ☐ Hung Jury |
| ☐ Finding for Defendant (Non-Jury) | ☐ Non-Pros entered |
| ☐ Finding for Plaintiff (Non-Jury) | ☐ Non-Suit entered |
| ☐ Damages Assessed | ☐ Settled prior to assignment for trial (Team Leaders, only) |
| ☐ Judgment entered by agreement | ☐ Settled after assignment for trial |
| ☐ Judgment entered | ☐ prior to jury selection |
| ☐ Judgment satisfied | ☐ after jury sworn |

☐ Other (explain)

Grady Vs The Hertz Corp-WSJVP

15110338000331

**DOCKETED
COMPLEX LIT CENTER**

SEP 1 9 2017

**J. STEWART**

COPIES SENT PURSUANT TO Pa.R.C.P. 236(b)  J. STEWART  09/20/2017

| KELLY A. GRADY | : | COURT OF COMMON PLEAS |
|---|---|---|
| | : | PHILADELPHIA COUNTY |
| | : | |
| v. | : | NOVEMBER TERM, 2015 |
| THE HERTZ CORPORATION; | : | NO.: 3380 |
| HERTZ RENT-A-CAR PHILADELPHIA | : | |
| INTL. AIRPORT; | : | |
| JOHN DOE(s) | : | |

## VERDICT SHEET

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Question #1

Based upon the evidence presented in this case, do you find that the Plaintiff, Kelly A. Grady, has proven that it is more likely than not that Defendant, The Hertz Corporation, intentionally or recklessly conducted itself in an extreme and outrageous manner toward Plaintiff?

Yes: ✓          No:_____

If the answer is Yes, continue to Question #2.

If the answer is No, Plaintiff has not proven her claim for intentional infliction of emotional distress and cannot recover.  You must find in favor of the Defendant for this claim.  Continue to Question #3.

Question #2

If, and only if, you have answered Yes to Question 1, state the amount of damages, if any, sustained by Plaintiff.

$ 62,500

Continue to Question #3.

## MALICIOUS PROSECUTION

Question #3

Based upon the evidence presented in this case, do you find that the Plaintiff, Kelly A. Grady, has proven that it is more likely than not that Defendant, The Hertz Corporation, instituted and/or continued criminal proceedings of said claim without probable cause, against Plaintiff for the theft of its rental vehicle?

Yes: ✓          No:____

If the answer is Yes, continue to Question #4.

If the answer is No, Plaintiff has not proven her claim for malicious prosecution and cannot recover.  You must find in favor of the Defendant for this claim.  Continue to Question #5.

Question #4

If, and only if, you have answered Yes to Questions 3, state the amount of damages, if any, sustained by Plaintiff.

$ 37,500

Continue to Question #5.

## FALSE IMPRISONMENT

Question #5

Based upon the evidence presented in this case, do you find that the Plaintiff, Kelly A. Grady, proved her claim for false imprisonment?

Yes: ✓          No:____

If the answer is Yes, continue to Question #6.

If the answer is No, Plaintiff has no valid claim for false imprisonment and cannot recover. You must find in favor of the Defendant for this claim. You have reached a verdict.

Question #6
Based upon the evidence presented do you find her claim for false imprisonment was filed within the statute of limitations?

Yes:_____          No: ✓

Question #7

If, and only if, you have answered Yes to Question 5 and 6 state the amount of damages, if any, sustained by Plaintiff.

$____N/A_____

You have reached a verdict.


9/15/2017
DATE

_____ Juror 9
FOREPERSON

# ATTACHMENT V

Francis Alexander, LLC
Francis Malofiy, Esquire
Attorney ID No.: 208494
280 N. Providence Road
Media, PA 19063
T: (215) 500-1000
F: (215) 500-1005
*Law Firm / Lawyer for Plaintiff*



*Filed and Attested by the
Office of Judicial Records
22 FEB 2016 07:28 pm
J. OSTROWSKI*

## The Court of Common Pleas
## Philadelphia County, Pennsylvania

Kelly A. Grady

*Plaintiff*

vs.

The Hertz Corporation;

Hertz Rent-A-Car Philadelphia Intl. Airport;

John Doe(s)[1]

*Defendants*

Action Commenced By:
Writ of Summons On:
November 23, 2015

November Term, 2015

Civil Action No.:
151103380

Complaint filed:
February 22, 2016

Causes of Action:
1. False Imprisonment
2. Mal. Abuse of Process
3. Malicious Prosecution
4. Int. Infl. of Emo. Dist.

*Jury Trial Demanded*

## Civil Action Complaint

**NOTICE**

You have been sued in court  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after the complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by plaintiff  You may lose money or property or other rights important to you

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP

PHILADELPHIA BAR ASSOCIATION
Lawyer Referral and Information Service
1101 Market Street, 11th Floor
Philadelphia, Pennsylvania 19107
(215) 238-1701

**AVISO**

Le han demandado a usted en la corte  Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificación  Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona  Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación  Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda  Usted puede perder dinero o sus propiedades u otros derechos importantes para usted

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE  SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL

ASOCIACIÓN DE LICENCIADOS DE FILADELFIA
Servicio De Referencia E Información Legal
1101 Market Street, 11th Floor
Filadelfia, Pennsylvania 19107
(215) 238-1701

---

[1] Manager(s) at Hertz Rent-A-Car Philadelphia Intl. Airport from March 2013 to June 2014.

Case ID: 151103380

Francis Alexander, LLC
Francis Malofiy, Esquire
Attorney ID No.: 208494
280 N. Providence Road
Media, PA 19063
T: (215) 500-1000
F: (215) 500-1005
*Law Firm / Lawyer for Plaintiff*

The Court of Common Pleas
Philadelphia County, Pennsylvania

| | |
|---|---|
| Kelly A. Grady<br><br>    *Plaintiff*<br><br>        vs.<br><br>The Hertz Corporation;<br>Hertz Rent-A-Car Philadelphia Intl. Airport;<br>John Doe(s)[2]<br><br>    *Defendants* | Action Commenced By:<br>Writ of Summons On:<br>November 23, 2015<br><br>November Term, 2015<br><br>Civil Action No.:<br>151103380<br><br>Complaint filed:<br>February 22, 2016<br><br>Causes of Action:<br>1. False Imprisonment<br>2. Mal. Abuse of Process<br>3. Malicious Prosecution<br>4. Int. Infl. of Emo. Dist.<br><br>*Jury Trial Demanded* |

## Civil Action Complaint

### Introduction

1.     Plaintiff Kelly A. Grady is an attractive 35 year-old woman who was falsely imprisoned and maliciously prosecuted by Defendants, who falsely reported to various police authorities that she had stolen a car from the Hertz Rent-A-Car at the Philadelphia Airport.

2.     These reports to the Pennsylvania State Police and the Philadelphia Police Department have no basis in the truth; Ms. Grady was authorized at all points by Hertz to be in possession of the vehicle she was renting.

---

[2] Manager(s) at Hertz Rent-A-Car Philadelphia Intl. Airport from March 2013 to June 2014.

Case ID: 151103380

P1-002

3.      As a direct result of Hertz's false allegations of car theft, criminal complaints, and affidavits, Grady was imprisoned for over two weeks and prosecuted for over eight months without any basis for allegedly committing three felonies and one misdemeanor.

4.      At the end of her ordeal, the criminal case against Ms. Grady was dismissed for lack of prosecution because—after nine hearings and requests for continuances—Defendants and the District Attorney of Philadelphia were unable to find even a single witness willing to testify in court against Ms. Grady.

### Plaintiff was Arrested, Imprisoned, and Maliciously Prosecuted after Defendants Filed a False Criminal Complaint Against Her

5.      Plaintiff Kelly A. Grady is an attractive 35-year old woman with no criminal history:



6.      In April 2013 she rented a 2013 Chevrolet Yukon from The Hertz Corporation car rental service (also known as Hertz Rent-A-Car) at the Philadelphia Airport on or about April 17, 2013. Little did she know that a simple car rental would turn her life upside down.

7.      Ms. Grady followed all applicable rules and regulations and paid for the car rental as directed by Hertz.

8.      Ms. Grady contacted Hertz repeatedly in 2013, spoke with a Hertz employee she knew named John, and was assured that there were no issues with her rental.

9.       However, as she was driving in Pennsylvania on July 22, 2013, while on vacation a state trooper pulled her over. The officer stated that the car had been reported by OnStar as being taken without authorization.

Case ID: 151103380

10.     Ms. Grady had the trooper contact the Philadelphia International Airport Hertz location where she rented the Yukon. The officer spoke with defendant Hertz's employees and agents who assured the officer that the report by OnStar was not accurate.

11.     As a result, the officer took no action against Ms. Grady and she was never given any sort of ticket or citation. However, the officer stated that because the there was a report in the system protocol required that he needed to tow the car—which was done without incident. The officer kindly allowed her to take her luggage from the vehicle and drove her to a Hardy's location so that she could secure transportation.

12.     Many months later in October 2013, Ms. Grady was traveling through New Jersey with the July 22, 2013 incident nothing but distant memory.

13.     A New Jersey police officer happened to pull her over for a traffic violation. The officer then ran her name through the system as is standard operating procedure. Ms. Grady was shocked and dismayed when the officer told her to step out of the car and place her hands on the hood of his patrol vehicle. She asked the officer if she was being arrested and he responded "Yes." She then asked why and he said "Because you're a fugitive from justice." She replied, "I don't know that that means." He then incorrectly told her that she was being arrested for fraud.

14.     Ms. Grady has never been charged or convicted of any crime in her entire life and had only accrued a few speeding tickets. Her mind was racing trying to figure out what she could have possibly done.

15.     Ms. Grady, an attractive young woman with no criminal record, languished for two weeks in the New Jersey prison system unaware of why she was being held and unable to post bail.

16.     During that time in New Jersey prison she was sexually and physically harassed, assaulted, battered, and terrorized.

17.     Eventually she was transferred to Philadelphia in early November 2013 where she was held for two more days.

18.     Throughout the entire time she spent in prison in New Jersey and Philadelphia no one ever explained what crime she had allegedly committed that justified imprisoning her.

19.     Her family, friends, and relatives thought that she had disappeared, went into a mental institution, abandoned her family, friends, and work, and/or was strung out on drugs. Furthermore, it was a significant factor in finalizing her divorce.

Case ID: 151103380

20.     She was released from prison in Philadelphia on November 5, 2013, and was charged with three felonies (Theft – Unlawful Taking, Theft by Deception, Theft – Receiving Stolen Property) and one misdemeanor (Unauthorized Use of Automobile). Her case number was MC51-CR-0042843-2013.

21.     At this point in time, no one informed Ms. Grady who the complainant was and what they actually alleged she had done.

22.     Upon her release, she was only told to appear at the Criminal Justice Center ("CJC") on Filbert Street in Philadelphia, Room 703, on November 19, 2013. She had no experience with the criminal justice system, was justifiably terrified and traumatized, and simply trying to follow the court's orders.

23.     Upon appearing on November 19, 2013, for a hearing before The Honorable Jacquelyn Frazier-Lyde—to learn why she was jailed for over two weeks in two different states—the Assistant DA claimed that the State was not ready to proceed with the case because the witness had not appeared.

24.     Again, no one told Ms. Grady what was going on and who had caused her to be arrested and jailed for over two weeks.

25.     The hearing was continued and she was directed by CJC personnel to reappear on December 17, 2013, at the CJC at Room 703 at 8:00 am.

26.     Again, Ms. Grady had no experience with the criminal justice system and assumed that she would be told what she had done wrong at a court hearing.

27.     When she appeared again at the CJC on December 17, 2013, before The Honorable David C. Shuter, she was informed that the hearing was to be continued because the DA's Office was again not prepared as their witness had failed to appear.

28.     At the December 17, 2013 hearing, Ms. Grady was directed to come back to the CJC, this time on January 7, 2014. Again, on January 7, 2014, the State was not able to bring a witness to testify against her and the hearing was continued yet again.

29.     Incredibly, from November 2013 until June 2014 she appeared at the CJC nine times for hearings. Each time the State was not prepared to offer witnesses to testify against her. Each time the State requested a continuance. The dates of these hearings where the State was unprepared were 11/19/2013, 12/19/2013, 1/7/2014, 2/03/2014, 2/28/2014, 3/25/2014, 4/25/2014, 5/13/2014, and 6/5/2014.

Case ID: 151103380

P1-005

30.     It was only at the March 25, 2014 hearing that she first learned anything about what she was being accused of. Having shown up six times for a hearing, and the hearing having been continued six times, one of the court's administrative personnel, a pregnant woman, took pity on her and told the judge that Ms. Grady had diligently appeared each time and had never been late. Ms. Grady was given the chance to speak and told the Court, "No one has ever even told me what I've done." It was only at this point that the Assistant District Attorney tell her that defendant Hertz had filed a criminal complaint against her for car theft.

31.     As she began to process that information over the next few days she realized that she had apparently been arrested in New Jersey because of the Hertz rental of the Chevrolet Yukon she had made in April 2013 in Pennsylvania.

32.     This realization in late-March, early-April 2014, however, still made no sense to her because the state trooper who had pulled her over in July 2013 had not cited her, had made sure with defendant Hertz that she did nothing wrong, and had even taken her to a Hardy's to make sure she safely got transportation.

33.     Upon information and belief, the Philadelphia Police and the District Attorney's Office contacted Defendants who refused to appear to testify against Ms. Grady.

34.     After the hearing was **_continued 8 times_** due to the State's total failure to have a witness appear, The Honorable T. Francis Shields dismissed all charges against Ms. Grady for lack of prosecution at the ninth hearing.

35.     At no point did the District Attorney's Office, the Philadelphia Police, the Pennsylvania State Police, or Defendants ever inform Plaintiff that the criminal complaint filed against her was meritless. They simply kept her coming to court nine times until the Court dismissed the case for lack of prosecution.

### Defendants' Baseless Initiation of a Criminal Case Against Ms. Grady for Car Theft

36.     Ms. Grady later learned that the defendant manager of the Hertz Rent-A-Car at the Philadelphia International Airport—whose name is yet unknown—had told police on July 22, 2013, that Ms. Grady had stolen a 2013 Chevrolet Yukon.

37.     This allegation was baseless.

38.     An affidavit submitted by a Detective Wojciechowski of the Philadelphia Police Department shows that the manager then allegedly told Detective Wojciechowski on August 27,

Case ID: 151103380

P1-006

2013, that Ms. Grady rented the car on April 17, 2013, and that the rental was to be returned on May 20, 2013. The manager claims that he unsuccessfully attempted to contact Ms. Grady for two months after the car was allegedly not returned. The manager then claims that on July 22, 2013, he reported the car stolen and that a trooper named "Kemmerling" of the State Police stopped the car after using OnStar tracking to find it. The Hertz manager claims that Trooper Kemmerling stopped the car and recovered it. Over one month after that stop, where Ms. Grady was not arrested, the defendant Hertz manager then filed the complaint against Ms. Grady.

39.    At all relevant points in time in 2013 Ms. Grady was in close contact with Hertz employees and was authorized to drive the Chevrolet Yukon.

40.    It is especially bafflingly that a criminal complaint would have been filed on August 27, 2013, by a Hertz manager, when a state trooper believed to be Kemmerling spoke with Hertz employees on July 22, 2013, determined that Ms. Grady had done nothing wrong, and did not arrest her.

41.    Defendants knew that Ms. Grady did nothing wrong, yet they filed a criminal complaint against her and at no point contacted police to withdraw their complaint, otherwise exonerate Ms. Grady, or halt her unjust criminal prosecution.

42.    As a direct result of Defendants' actions, Ms. Grady—a law abiding citizen—was unjustly imprisoned for two weeks for crimes she never committed and dragged through the Court system for over half a year without Defendants ever offering single witness to testify against her.

43.    To this day Ms. Grady has a public criminal history of being charged with three felonies and misdemeanor. The public docket does not say that she is not guilty or that the charges are baseless, only that the charges were dismissed because of a lack of prosecution because the State's witnesses were allegedly unavailable. This is a massive stain on her reputation and makes it seem to the public as if she did commit these crimes.

44.    Nor can she cannot afford to get the record expunged.

45.    As a result, she has lost employment, has been denied employment, and her putative criminal history has been raised in several professional situations as well her social and familial circles.

46.    In order to make ends meet she freelances as a hair dresser/stylist, going to friends and family member's houses to cut and color hair. She has been rejected from employment at

Case ID: 151103380

salons, and other odd jobs such as baby sitting and house cleaning, because of the false criminal history.

47.     She can no longer rent cars, obtain a mortgage, get a lease on an apartment, or simple everyday things that people take for granted.

48.     At no point did Defendants appear in Court to testify against Ms. Grady.

49.     Upon information and belief, the Philadelphia Police and the District Attorney's Office of Philadelphia contacted Defendants in 2013 and 2014 regarding the complaint filed against Ms. Grady.

50.     Upon information and belief, Defendants failed to appear in Court despite their presence being requested by the Philadelphia Police Department and the District Attorney's Office.

51.     At no point did Defendants withdraw the criminal complaint or otherwise attempt to exonerate Ms. Grady.

52.     Defendants' acts and omissions that were the subject of this complaint were knowing and/or careless and/or negligent and/or reckless and/or intentional and/or malicious.

53.     Upon information and belief, this problem had happened on multiple occasions to multiple Hertz customers and defendant Hertz's directors, officers, employees, and agents were on notice that this was a serious problem that needed to be addressed and fixed.

54.     As a direct and proximate result of Defendants' acts and omissions, Plaintiff has incurred severe and substantial damages and actual harm. These damages include but are not limited to:

      a.     Monetary damages

      b.     Attorneys' Fees for a Criminal Attorney

      c.     Severe mental distress, as well as severe emotional distress, mental suffering, mental anguish, sleeplessness, restlessness, anxiety, and depression

      d.     Loss of reputation.

      e.     Loss of the time she spent unjustly incarcerated.

      f.     Harm to personal, social, and professional relationships.

      g.     Emotional pain and suffering.

      h.     Lost wages.

*****

Case ID: 151103380

# PARTIES

## PLAINTIFF KELLY A. GRADY

55.    Plaintiff Kelly A. Grady is a resident of Philadelphia, PA. She can be reached at 280 N. Providence Road, Suite 5, Media, PA, 19063.

## DEFENDANT THE HERTZ CORPORATION

56.    Defendant The Hertz Corporation is a Delaware corporation.

57.    The Hertz Corporation operates a rental car location in Philadelphia, PA at either 1 Arrivals Road, Philadelphia, PA 19153 or 8800 Essington Ave., Philadelphia, PA 19153, or both.

## DEFENDANT HERTZ RENT-A-CAR PHILADELPHIA INTL. AIRPORT

58.    Upon information and belief, defendant Hertz Rent-A-Car Philadelphia International Airport is a subsidiary of defendant The Hertz Corporation and operates a rental car service at either 1 Arrivals Road, Philadelphia, PA 19153 or 8800 Essington Ave., Philadelphia, PA 19153, or both.

## DEFENDANT JOHN DOE(S)

59.    The manager or managers of the Philadelphia Airport Hertz Rental Car location in 2013, specifically from April 2013 to June 2014, whose name(s) are presently unknown.

60.    This manager(s) of the Hertz rental care location at the Philadelphia Airport reported Ms. Grady to the Pennsylvania State Police and the Philadelphia Police Department in 2013 for allegedly stealing a 2013 Chevrolet Yukon.

*****

Case ID: 151103380

## Jurisdiction & Venue

61.     Jurisdiction over the parties in the Courts of the Commonwealth of Pennsylvania is proper pursuant to the provisions of 42 Pa. C.S. § 5301 *et seq.* Specifically, jurisdiction as to the Defendants is proper pursuant to 42 Pa. C.S. § 5301 (a)(3)(iii) by reason of "carrying on of a continuous and systematic part of its general business within this Commonwealth." Defendants transacted business in this Commonwealth and caused harm and compensable injury to Plaintiff by acts or omissions committed in the Commonwealth of Pennsylvania that are the subject of the present complaint.

62.     Venue is proper in the Philadelphia County Court of Common Pleas under Pennsylvania Rules of Civil Procedure 2130 and 1006 inasmuch as Defendants regularly conducted business in Philadelphia County and inasmuch as the cause of action arose and/or a majority of the harm, occurrences, and transactions regarding Plaintiff's cause of action arose and/or took place at least in part in Philadelphia County.

Case ID: 151103380

**P1-010**

## COUNT I – False Imprisonment

*Kelly A. Grady*

*v.*

*The Hertz Corporation; Hertz Rent-A-Car Philadelphia Intl. Airport; John Doe(s)[3]*

63.    Plaintiff incorporates by reference and realleges the preceding paragraphs of this complaint pursuant to Pa. RCP 1019(g).

64.    Defendants filed a false complaint against Plaintiff with the Philadelphia Police Department falsely alleging that she had stolen a car from Defendants.

65.    Defendants made this false complaint carelessly and/or negligently and/or recklessly and/or knowingly and/or intentionally and/or maliciously.

66.    As a direct and eminently foreseeable result of Defendants' actions in filing a criminal complaint against Plaintiff, Plaintiff was falsely imprisoned for over two weeks in New Jersey and Pennsylvania.

67.    As a direct and proximate result of Defendants' conduct as set forth above, Plaintiff has suffered severe damages, including but not limited to monetary damages, severe emotional distress, mental suffering, mental anguish, sleeplessness, restlessness, anxiety, and depression.

****

---

[3] Manager(s) at Hertz Rent-A-Car Philadelphia Intl. Airport from March 2013 to June 2014.

Case ID: 151103380

## COUNT II –    MALICIOUS ABUSE OF PROCESS

*Kelly A. Grady*

*v.*

*The Hertz Corporation; Hertz Rent-A-Car Philadelphia Intl. Airport; John Doe(s)[4]*

68.    Plaintiff incorporates by reference and realleges the preceding paragraphs of this complaint pursuant to Pa. RCP 1019(g).

69.    The elements of malicious abuse of process are that Defendants (1) used a legal process against plaintiff, (2) primarily to accomplish a purpose for which the process was not designated, and (3) harm has been caused to Plaintiff.

70.    Defendants filed a false criminal complaint with the Philadelphia Police on August 27, 2013, alleging that Plaintiff had stolen a car from Defendants.

71.    This criminal complaint was a legal process used against Plaintiff by Defendants.

72.    This false criminal complaint was made so that Plaintiff would be arrested, imprisoned, and prosecuted. This purpose was improper as Plaintiff had done nothing wrong; the criminal justice system's purpose is not to arrest, incarcerate, and prosecute innocent and law-abiding citizens.

73.    Defendants made this false complaint carelessly and/or negligently and/or recklessly and/or knowingly and/or intentionally and/or maliciously. Defendants knew or should have known when they filed the criminal complaint against Plaintiff that she was authorized to use the car and had not stolen it.

74.    This is manifestly obvious as the state trooper who pulled over Plaintiff on July 22, 2013, believed to be named Kemmerling, spoke with Defendants on that date and Defendants assured him that Plaintiff was authorized to use the car. Plaintiff was not arrested by Trooper Kemmerling. It was thus beyond the pale for Defendants, over a month later, to file a completely false police complaint against Plaintiff that they knew was not true.

75.    As a direct and eminently foreseeable result of Defendants' actions in filing a criminal complaint against Plaintiff, Plaintiff was falsely imprisoned for over two weeks in New Jersey and Pennsylvania and prosecuted by the Philadelphia District Attorney's office for eight months.

---

[4] Manager(s) at Hertz Rent-A-Car Philadelphia Intl. Airport from March 2013 to June 2014.

Case ID: 151103380

76.     Furthermore, despite Plaintiff being haled into court nine different times during the course of the prosecution initiated by Defendants against Plaintiff, at no point during that eight month period did Defendants withdraw the criminal complaint they filed against Plaintiff, otherwise contact the authorities to notify them that the criminal complaint they filed against Plaintiff was false, or appear in court to testify against Plaintiff.

77.     Defendants' failure to withdraw the criminal complaint they initiated against Plaintiff was careless and/or negligent and/or reckless and/or knowing and/or intentional and/or malicious.

78.     As a direct and proximate result of Defendants' conduct in initiating a criminal complaint and failing to withdraw the criminal complaint as set forth above, Plaintiff has suffered severe damages, including but not limited to monetary damages, severe emotional distress, mental suffering, mental anguish, sleeplessness, restlessness, anxiety, and depression.

*****

Case ID: 151103380

P1-013

## COUNT III – Malicious Prosecution

*Kelly A. Grady*

*v.*

*The Hertz Corporation; Hertz Rent-A-Car Philadelphia Intl. Airport; John Doe(s)[5]*

79.    Plaintiff incorporates by reference and realleges the preceding paragraphs of this complaint pursuant to Pa. RCP 1019(g).

80.    The elements of malicious prosecution are that Defendants (1) initiated a criminal proceedings against plaintiff, (2) the criminal proceedings ended in Plaintiff's favor, (3) the proceedings were initiated without probable cause, and (4) the defendant acted maliciously or for a purpose other than bringing Plaintiff to justice.

81.    Defendants initiated criminal proceedings against Plaintiff on August 27, 2013, by filing a false criminal complaint against Plaintiff with the Philadelphia Police, alleging that Plaintiff had stolen a car from Defendants.

82.    As a direct and eminently foreseeable result, Plaintiff was arrested and imprisoned for over two weeks in New Jersey and Pennsylvania. She was then prosecuted for over half a year for three felonies and one misdemeanor by the Philadelphia District Attorney's Office.

83.    This initiation of the criminal proceedings against Plaintiff was done without probable cause as Defendants knew that Plaintiff had valid contracts with Defendants for the car she had rented, knew that she had paid for the rental, and knew that she was otherwise authorized to be driving the car.

84.    Defendants acted maliciously and/or for a purpose other than bringing plaintiff to justice as they knew or should have known when they filed the criminal complaint against Plaintiff that she was authorized to use the car and had not stolen it.

85.    This is manifestly obvious as the state trooper who pulled over Plaintiff on July 22, 2013, believed to be named Kemmerling, spoke with Defendants on that date and Defendants assured him that Plaintiff was authorized to use the car. Plaintiff was not arrested by Trooper Kemmerling. It was thus beyond the pale for Defendants, over a month later, to file a completely false police complaint against Plaintiff that they knew was not true.

86.    Defendants made this false complaint carelessly and/or negligently and/or recklessly and/or knowingly and/or intentionally and/or maliciously.

---

[5]  Manager(s) at Hertz Rent-A-Car Philadelphia Intl. Airport from March 2013 to June 2014.

Case ID: 151103380

87.    Furthermore, despite Plaintiff being haled into court nine different times during the course of the prosecution initiated by Defendants against Plaintiff, at no point during that eight month period did Defendants withdraw the criminal complaint they filed against Plaintiff or otherwise contact the authorities to notify them that the criminal complaint they filed against Plaintiff was false.

88.    Defendants' failure to withdraw the criminal complaint they initiated against Plaintiff was careless and/or negligent and/or reckless and/or knowing and/or intentional and/or malicious.

89.    As a direct and proximate result of Defendants' conduct in initiating a criminal complaint and failing to withdraw the criminal complaint as set forth above, Plaintiff has suffered severe damages, including but not limited to monetary damages, severe emotional distress, mental suffering, mental anguish, sleeplessness, restlessness, anxiety, and depression.

*****

Case ID: 151103380

## COUNT IV – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

*Kelly A. Grady*

*v.*

*The Hertz Corporation; Hertz Rent-A-Car Philadelphia Intl. Airport; John Doe(s)[6]*

90.     Plaintiff incorporates by reference and realleges the preceding paragraphs of this complaint pursuant to Pa. RCP 1019(g).

91.     The elements of intentional infliction of emotional distress are that Defendants (1) Defendants acted intentionally or recklessly, (2) Defendants' acts and omissions were extreme and outrageous, (3) Plaintiff suffered severe emotional distress, and (4) Plaintiff's emotional distress was a result of Defendants' conduct.

92.     Defendants initiated criminal proceedings against Plaintiff on August 27, 2013, by filing a false criminal complaint against Plaintiff with the Philadelphia Police Department, alleging that Plaintiff had stolen a car from Defendants.

93.     As a direct and eminently foreseeable result of Defendants' conduct, Plaintiff was arrested and imprisoned for over two weeks in New Jersey and Pennsylvania. She was then prosecuted for over half a year for three felonies and one misdemeanor by the Philadelphia District Attorney's Office.

94.     Defendants acted intentionally and/or recklessly as they knew or should have known when they filed the criminal complaint against Plaintiff that she was authorized to use the car and had not stolen it.

95.     This is manifestly obvious as the state trooper who pulled over Plaintiff on July 22, 2013, believed to be named Kemmerling, spoke with Defendants on that date and Defendants assured him that Plaintiff was authorized to use the car. Plaintiff was not arrested by Trooper Kemmerling. It was thus beyond the pale for Defendants, over a month later, to file a completely false police complaint against Plaintiff that they knew was not true.

96.     Furthermore, despite Plaintiff being haled into court nine different times during the course of the prosecution initiated by Defendants against Plaintiff, at no point during that eight month period did Defendants withdraw the criminal complaint they filed against Plaintiff or otherwise contact the authorities to notify them that the criminal complaint they filed against Plaintiff was false.

---

[6] Manager(s) at Hertz Rent-A-Car Philadelphia Intl. Airport from March 2013 to June 2014.

Case ID: 151103380

P1-016

97.    Defendants' failure to withdraw the criminal complaint they initiated against Plaintiff was intentional and/or reckless.

98.    The acts and omissions of Defendants were extreme and outrageous in a civilized society.

99.    The use of the criminal justice system is of the utmost seriousness and innocent individuals who have done nothing wrong should not be thrown in prison without warning and prosecuted for felonies for eight months, nor should their name be associated with extremely damaging felonious charges.

100.    As a direct and proximate result of the defendants' conduct as set forth above, plaintiff has suffered monetary damages as well as severe emotional distress, mental suffering, mental anguish, sleeplessness, restlessness, anxiety, and depression.

101.    The severe emotional distress suffered by Plaintiff was as a result of the intentional and/or reckless extreme and outrageous conduct of Defendants and was certain occur, was foreseeable, and manifestly reasonable reaction under the circumstances.

102.    Plaintiff suffered severe damages as a result of Defendants' conduct, including in initiating the criminal complaint and also in failing to withdraw the criminal complaint.

103.    As a result of the intentional and/or reckless conduct of Defendants, punitive damages are demanded of all defendants, individually and collectively.

*****

Case ID: 151103380

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff demands judgment in its favor and against Defendants, jointly and severally, on all counts and claims compensatory damages in an amount in excess of this court's jurisdictional limitations, thereby guaranteeing Plaintiff a jury trial, exclusive of interests and costs, and an award of punitive damages, as well as prejudgment interest, post judgment interest, delay damages, costs, and such equitable relief as the Court deems necessary; and requests that this Court determine and declare that Plaintiff be awarded for all counts:

a.   Compensatory damages, inclusive of any and all harm attributable to Defendants' actions or inaction;

b.   Expectation, consequential (lost earnings, lost profits, lost opportunity), restitution, and reliance damages;

c.   Punitive damages to punish the Defendants for their outrageous conduct, self-interest, and duplicitous behavior;

d.   Exemplary damages to set an example for others;

e.   Attorneys' fees and court costs;

f.   the loss of time and opportunity;

g.   Delay damages; and

h.   Such other and further relief and/or equitable relief that this Court deems just and/or necessary.

*****

*Respectfully submitted,*

FRANCIS ALEXANDER, LLC

*/s/ Francis Malofiy*

Francis Malofiy, Esquire
Attorney ID No.: 208494
280 N. Providence Road | Suite 105
Media, PA 19063
T: (215) 500-1000
F: (215) 500-1005
*Law Firm / Lawyer for Plaintiff*
*/d/   February 22, 2016*

Case ID: 151103380

P1-018

## Spoliation Notice -- Preservation of Evidence

Plaintiff hereby demands and requests that Defendants take necessary actions to ensure the preservation of all documents, records, communications, whether electronic or otherwise, items and things in their possession or control, or any entity over which any party to this action has control, or from whom any party to this action has access to, any documents, items, or things which may in any manner be relevant to or relate to the subject matter of the causes of action and/or the allegations of this complaint.

Case ID: 151103380

**P1-019**

## Jury Trial Demand

Plaintiff hereby demands a 12-person jury trial.


*****

Respectfully submitted,
FRANCIS ALEXANDER, LLC
*/s/ Francis Malofiy*
Francis Malofiy, Esquire
Attorney ID No.:  208494
280 N. Providence Road | Suite 105
Media, PA 19063
T:  (215) 500-1000
F:  (215) 500-1005
*Law Firm / Lawyer for Plaintiff*
*/d/   February 22, 2016*

Case ID: 151103380

P1-020

## VERIFICATION

I, KELLY A. GRADY, hereby verify that that I have read the foregoing COMPLAINT and that the facts set forth herein are true and correct to the best of my knowledge, information, and belief. I further understand that the statements herein are made subject to the penalties of 18 Pa. Cons. Stat. Ann. § 4904 relating to unsworn falsification to authorities.

/s/ Kelly Grady
KELLY A. GRADY

/d/ 02/22/2016
DATE

# Certificate of Service

I hereby state that a true and correct copy of the foregoing Civil Action

Complaint was served on opposing counsel via the electronic filing system:

Jay L. Edelstein, Esquire
Edelstein Law, LLP
230 South Broad Street | Suite 900
Philadelphia, PA 19102
T: (215) 893-9311
F: (215) 893-9310
E: JEdelstein@Edelsteinlaw.com

*****

*Respectfully submitted,*
Francis Alexander, LLC
*/s/ Francis Malofiy*
Francis Malofiy, Esquire
Attorney ID No.:  208494
280 N. Providence Road | Suite 105
Media, PA 19063
T:  (215) 500-1000
F:  (215) 500-1005
*Law Firm / Lawyer for Plaintiff*
*/d/ February 22, 2016*

Case ID: 151103380

P1-022

# ATTACHMENT W

Court of Common Pleas of Philadelphia County
Trial Division - Civil
**TRIAL WORK SHEET**

Judge's Name:

**PAULA  PATRICK**

Judge's I.D.:

J519

Signature:

Caption:

**GRADY VS THE HERTZ CORPORATION ETAL**

Case Type:

MISC SUMMONS

Program:

MAJOR JURY-
EXPEDITED

Court Term and Number:

**#1511-03380**

If Consolidated, Court Term and Number:

| Trial Date: | | Total Amount: | Number of Days: | Disposition Date: | Date Sheet Prepared: |
|---|---|---|---|---|---|
| | **X** Jury | | | | |
| 07-SEP-2017 | Non-Jury | $100,000.00 | 7 | 15-SEP-2017 | 18-SEP-2017 |

Full Description of Disposition (to be entered Verbatim on the Docket)

Jury Verdict in favor of Plaintiff, Kelly A. Grady against Defendant, The Hertz Corporation in the amount of $62,500 for the claim of Intentional Infliction of Emotional Distress and in the amount of $37,500 for the claim of Malicious Prosecution.

| | | |
|---|---|---|
| ☐ Default Judgment/Court Ordered | **X** Jury Verdict for Plaintiff | Other (explain) |
| Directed Verdict | Jury Verdict for Defendant | |
| Discontinuance Ordered | Mistrial | Grady Vs The Hertz Corp-WSJVP |
| Transferred to binding arbitration | Hung Jury | |
| Finding for Defendant (Non-Jury) | Non-Pros entered | 15110338000331 |
| Finding for Plaintiff (Non-Jury) | Non-Suit entered | |
| Damages Assessed | Settled prior to assignment for trial (Team Leaders, only) | |
| Judgment entered by agreement | Settled after assignment for trial | **DOCKETED** |
| Judgment entered | | **COMPLEX LIT CENTER** |
| Judgment satisfied | prior to jury selection | SEP 1 9 2017 |
| | after jury sworn | **J. STEWART** |

TRIALWS REV 6/5/17

COPIES SENT PURSUANT TO Pa.R.C.P. 236(b)  J. STEWART  09/20/2017

| | | |
|---|---|---|
| KELLY A. GRADY | : | COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY |
| | : | |
| v. | : | NOVEMBER TERM, 2015 |
| THE HERTZ CORPORATION; | : | NO.: 3380 |
| HERTZ RENT-A-CAR PHILADELPHIA | : | |
| INTL. AIRPORT; | : | |
| JOHN DOE(s) | : | |

## VERDICT SHEET

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Question #1

Based upon the evidence presented in this case, do you find that the Plaintiff, Kelly A. Grady, has proven that it is more likely than not that Defendant, The Hertz Corporation, intentionally or recklessly conducted itself in an extreme and outrageous manner toward Plaintiff?

Yes: ✓        No:_____

If the answer is Yes, continue to Question #2.

If the answer is No, Plaintiff has not proven her claim for intentional infliction of emotional distress and cannot recover.  You must find in favor of the Defendant for this claim.  Continue to Question #3.

Question #2

If, and only if, you have answered Yes to Question 1, state the amount of damages, if any, sustained by Plaintiff.

$ 62,500

Continue to Question #3.

## MALICIOUS PROSECUTION

Question #3

Based upon the evidence presented in this case, do you find that the Plaintiff, Kelly A. Grady, has proven that it is more likely than not that Defendant, The Hertz Corporation, instituted and/or continued criminal proceedings of said claim without probable cause, against Plaintiff for the theft of its rental vehicle?

Yes: ✓          No: ____

If the answer is Yes, continue to Question #4.

If the answer is No, Plaintiff has not proven her claim for malicious prosecution and cannot recover. You must find in favor of the Defendant for this claim. Continue to Question #5.

Question #4

If, and only if, you have answered Yes to Questions 3, state the amount of damages, if any, sustained by Plaintiff.

$ 37,500 _____

Continue to Question #5.

## FALSE IMPRISONMENT

Question #5

Based upon the evidence presented in this case, do you find that the Plaintiff, Kelly A. Grady, proved her claim for false imprisonment?

Yes: ✓          No: ____

If the answer is Yes, continue to Question #6.

If the answer is No, Plaintiff has no valid claim for false imprisonment and cannot recover. You must find in favor of the Defendant for this claim. You have reached a verdict.

Question #6
Based upon the evidence presented do you find her claim for false imprisonment was filed within the statute of limitations?

        Yes:_____        No: ✓

Question #7

If, and only if, you have answered Yes to Question 5 and 6 state the amount of damages, if any, sustained by Plaintiff.

$____N/A_____

You have reached a verdict.

9/15/2017
DATE

Juror 9
FOREPERSON

# ATTACHMENT X

**THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**CIVIL TRIAL DIVISION**

| | | |
|---|---|---|
| KELLY A. GRADY | : | PHILADELPHIA COUNTY |
| Plaintiff | : | COURT OF COMMON PLEAS |
| | : | |
| vs. | : | NOVEMBER TERM, 2015 |
| | : | NO. 03380 |
| THE HERTZ CORPORATION, et al. | : | |
| Defendants | : | |
| | : | |
| | : | |

## <u>ORDER</u>

**AND NOW**, this 13th day of November, 2017, upon consideration of Plaintiff's Motion for Post-Trial Relief, and Defendant's response thereto, it is hereby **ORDERED** and **DECREED** that Plaintiff's Motion is **GRANTED** as to punitive damages.  A trial on punitive damages shall take place on **<u>Thursday, November 30, 2017</u>**.  All other requests by Plaintiff are hereby **DENIED**.

Grady Vs The Hertz Corp-ORDER

15110338000372

**BY THE COURT:**

_____
PAULA PATRICK, J.

DOCKETED
COMPLEX LIT CENTER

NOV 13 2017

J. STEWART

Control No.: 17093136

# ATTACHMENT Y

THE COURT OF COMMON PLEAS
PHILADELPHIA COUNTY, PENNSYLVANIA

KELLY A. GRADY

    *Plaintiff*

       vs.

THE HERTZ CORPORATION;
HERTZ RENT-A-CAR PHILADELPHIA INTL. AIRPORT;
JOHN DOE(S)[1]

    *Defendants*

ACTION COMMENCED BY: WRIT OF
SUMMONS ON: NOVEMBER 23, 2015

NOVEMBER TERM, 2015

CIVIL ACTION NO.: 151103380

COMPLAINT FILED:
FEBRUARY 22, 2016

CAUSE OF ACTION:
MALICIOUS PROSECUTION

*JURY TRIAL DEMANDED*

# AFFIDAVIT OF RAMANDA VAN PAY

I, Ramanda Van Pay, an adult under no legal disability, being duly sworn under oath, state that I have personal knowledge of the following facts:

1.    I rented a Kia from Hertz on July 21, 2016, in Green Bay, Wisconsin after my car was totaled in an accident.

2.    While I was in Indianapolis on August 18, 2016, with the Kia, the car got a flat tire.

3.    I took the car to the Hertz rental location at the Indianapolis International Airport on August 18, 2016.

4.    The Hertz location allowed me to exchange the Kia for a Hyundai and gave me a vehicle exchange form. The employee who helped me was named Will McCain.

5.    I was told by Hertz in Indianapolis to take the car to the Green Bay location.

6.    When I got back to Green Bay, WI, I immediately took the car to a Hertz location in August 2016.

7.    I spoke with an employee named Ryan Hogan in August 24, 2016 when I returned to Green Bay. Hogan told me to keep the Hyundai and that it was now my rental vehicle under the original contract.

---

[1] Manager(s) at Hertz Rent-A-Car Philadelphia Intl. Airport from March 2013 to June 2014.

Case ID: 151103380
Control No.: 17090690

8.    I called Mr. Hogan several times to make sure my rental was okay and he assured me it was fine. I also visited Mr. Hogan on occasion, also to confirm the rental was okay.

9.    Unbeknownst to me, Hertz reported my rental vehicle stolen on October 8, 2016, to the Indianapolis Airport Police.

10.    I was pulled over for a traffic violation on November 5, 2016, in Wisconsin by the Fond Du Lac's Sheriff's Department.

11.    After the deputy sheriffs pulled me over, they then told me that the car I was driving was reported stolen by Hertz. I told them I had no idea what they were talking about and that I had a valid rental.

12.    I had spoken with Hertz a day or two before November 5, 2016, to make sure my rental was fine. At no point before or after October 8, 2016, did any Hertz employee I spoke with tell me that the car I was renting was reported stolen. Please keep in mind that I both called and visited Hertz locations and was never told anything was wrong.

13.    I spent three days in jail because of Hertz's false police report even though I was absolutely authorized to possess the car.

14.    The charges against me were quickly dropped by the Fond Du Lac district attorney's office. It is my understanding this happened because I was in contact with Hertz, I was authorized to have the vehicle, and I did not steal the car. Also, when my car was exchanged because of the flat tire, Hertz never put the information in their system. I do not believe Hertz did any investigation before going to the police because if they had they would have realized I was given the vehicle after I got the flat tire.

15.    The Indianapolis Airport police stated that they laid the blame for what happened solely at Hertz's door.

16.    The Indianapolis Airport police also stated that they were aware of at least one other person within one month of my case who was also falsely reported by Hertz in Indiana, and they were also aware of another false report of a man in Pennsylvania.

17.    The Indianapolis police also stated that they were no longer putting Hertz theft reports in the NCIC because they could not validate the reports.

18.    I cannot stress enough that I called a Hertz location just one day before I was arrested, and had also visited the location, and was always assured I was authorized to possess the car; I was never told of any problems.

Case ID: 151103380
Control No.: 17090690

UNDER PENALTY OF PERJURY, I SWEAR THAT THE FOREGOING IS TRUE, ACCURATE,
AND CORRECT.

Ramanda Van Pay

Subscribed and sworn to before
me this _____ day of July 10, 2017.

_____
Notary Public
Christopher T. Van Wagner
(Attorney #1024261-WI)

Case ID: 151103380
Control No.: 17090690

# ATTACHMENT Z

FILED
06 SEP 2017 10:27 pm
Civil Administration
E. MASCUILLI

THE COURT OF COMMON PLEAS
PHILADELPHIA COUNTY, PENNSYLVANIA

| | |
|---|---|
| KELLY A. GRADY | ACTION COMMENCED BY: WRIT OF SUMMONS ON: NOVEMBER 23, 2015 |
| *Plaintiff* | |
| vs. | NOVEMBER TERM, 2015 |
| THE HERTZ CORPORATION; | CIVIL ACTION NO.: 151103380 |
| HERTZ RENT-A-CAR PHILADELPHIA INTL. AIRPORT; | COMPLAINT FILED: FEBRUARY 22, 2016 |
| JOHN DOE(s)[1] | CAUSES OF ACTION: MALICIOUS PROSECUTION FALSE IMPRISONMENT INT. INFLICTION OF EMOTIONAL DISTRESS |
| *Defendants* | |
| | *JURY TRIAL DEMANDED* |

# ORDER

AND NOW, this _____ day of September, 2017, upon consideration of PLAINTIFF'S MOTION FOR RECONSIDERATION ON PUNITIVE DAMAGES, any response thereto, and the record as a whole, said Motion is GRANTED.

Punitive damages are reinstated to the Complaint and Plaintiff shall be permitted to offer testimony, evidence, and argument to the jury regarding the applicability of punitive damages.

_____
THE HONORABLE PAULA PATRICK

_____

[1] Manager(s) at Hertz Rent-A-Car Philadelphia Intl. Airport from March 2013 to June 2014.

# Relief Requested

Wherefore, Plaintiff demands judgment in his favor and against Defendants, jointly and severally, on all Counts and claims compensatory damages in an amount in excess of this court's jurisdictional limitations, thereby guaranteeing plaintiff a jury trial, exclusive of interests and costs, and an award of punitive damages, as well as prejudgment interest, post judgment interest, and delay damages; and requests that this Court determine and declare that Plaintiff be awarded for all Counts:

(1) Compensatory damages;

(2) Punitive damages to punish the Defendant for his outrageous conduct, self-interest, duplicitous behavior, and dirty-dealings;

(3) Exemplary damages to set an example and deter such future conduct; and

(4) Such other and further relief that this Court deems just, necessary, and appropriate.

Case ID: 151103380
Control No.: 17090690

Francis Alexander, LLC
Francis Malofiy, Esquire
Attorney ID No.: 208494
280 N. Providence Road | Suite 1
Media, PA 19063
T: (215) 500-1000
F: (215) 500-1005
*Law Firm / Lawyer for Plaintiff*

The Court of Common Pleas
Philadelphia County, Pennsylvania

---

Kelly A. Grady

*Plaintiff*

vs.

The Hertz Corporation;

Hertz Rent-A-Car Philadelphia Intl. Airport;

John Doe(s)

*Defendants*

Action Commenced By:
Writ of Summons On:
November 23, 2015

November Term, 2015

Civil Action No.:
151103380

Complaint filed:
February 22, 2016

Causes of Action:
Malicious Prosecution
False Imprisonment
Int. Infliction of
Emotional Distress

*Jury Trial Demanded*

---

## Plaintiff's Motion for Reconsideration on Punitive Damages

This is a malicious prosecution, false imprisonment, and intentional infliction of emotional distress lawsuit against The Hertz Corporation who filed a false car theft report against Plaintiff Kelly A. Grady and had her thrown in jail for 12 days and prosecuted for 11 months.

Plaintiff has recently discovered overwhelming evidence that Hertz—**with an absolute reckless indifference to the rights of its customers**—has been concealing that it has a nationwide problem falsely reporting its paying customers to police for car theft. Hertz does little

Page 3 of 59
Case ID: 151103380
Control No.: 17090690

to no investigation before reporting its customers to the authorities and, worse, its employees are told to disregard Hertz's standard operating procedures—specifically designed to prevent false police reports and false arrests of its customers—which mandate that an investigation take place. Tragically, this is a serious nationwide problem—***concealed by Hertz throughout this litigation***[2]—and multiple police departments have had to confront Hertz concerning this serious issue. Hertz needs to suspend all vehicle theft reports in light of these serious revelations.

None of this was disclosed by Hertz despite Hertz being asked in discovery if erroneous reports were a known issue, and was only recently uncovered through sedulous and intense investigation by Plaintiff. Given that punitive damages were dismissed without explanation at summary judgment, see Exhibit 9, this new evidence warrant reconsideration and reinstatement of punitive damages. In addition, Plaintiff has requested a negative inference against Hertz for admitting to outrageously purging all of Grady's rental and payment information (which proved she did not steal the car); if and when such an inference is granted—an issue not before the summary judgment judge—it is also grounds for reconsideration of the dismissal of punitive damages.

Hertz, driven by a profit motive, acted maliciously, willfully, intentionally, and recklessly in flouting its very own standard operating procedures designed to prevent throwing innocent people in jail. This is a nationwide problem being dealt with by multiple police departments in at least five different states: **Pennsylvania, Indiana, Wisconsin, Kentucky,** and **Texas**.

The same problems have caused all of the incidents, including Ms. Grady's:

---

[2] Please Note: none of this information could have been discovered before the punitive damages claims were dismissed on January 19, 2017.

Case ID: 151103380
Control No.: 17090690

(1)     Failure to do adequate investigations;

(2)     Failure to follow standard operating procedures to prevent false police reports;

(3)     Failure to share critical information between corporate, branch, and security;

(4)     Failure to accurately keep records and track inventory.

Hertz's reckless and malicious conduct, where it has failed to correct known and serious problems for the purpose of protecting its bottom line, is exactly the type of conduct which warrants punitive damages and the reconsideration of the prior order dismissing punitive damages at summary judgment.

## Hertz Falsely Reports Innocent Woman for Car Theft

*Location: Indianapolis, Indiana*

➢ She Was Authorized to Have the Vehicle.
➢ Paid for the Rental;
➢ Contacted Hertz by Phone, and had
➢ Visited Hertz Location with Vehicle
➢ Exactly as What Happened in Plaintiff's Case
➢ Hertz concealed this from Plaintiff

A woman named Ramanda Van Pay rented a car with Hertz in Green Bay and, after getting a flat tire, exchanged the vehicle for a new one in Indianapolis. See Exhibit 1 - Affidavit of Ramanda Van Pay. Van Pay was given an exchange form, and the exchange was noted in Hertz's rental system. See Exhibit 2. Van Pay called and visited the Green Bay location after exchanging the car in Indianapolis for a Hyundai Elantra as directed by Hertz, and was assured her rental was fine by her contact in Green Bay, Hertz representative Ryan Hogan. Id. However, outrageously, the Indianapolis Hertz falsely reported the Elantra given to Van Pay as stolen, having totally failed to record and share Van Pay's updated rental information—and having failed to conduct any real investigation before making the report. See Exhibit 3 - Indianapolis Police Report; Exhibit 5 - Fond Du Lac Sheriff's Records; Exhibit 6 - Additional Fond Du Lac Sheriff's Records. Despite Hertz corporate issuing a theft report for the car, Green Bay never knew nor was informed that the car given to Van Pay was reported stolen or told her anything was wrong, demonstrating a serious gap or error in Hertz's computer systems and policies.

As a result of Hertz's reckless and outrageous conduct, Van Pay was arrested without any probable cause and thrown in jail for three days. See Exhibit 1; Exhibit 3; Exhibit 4 - Criminal Docket; Exhibit 5; Exhibit 6. Once the prosecutor in Fond du Lac County and the

Case ID: 151103380
Control No.: 17090690

police in Indianapolis realized that Van Pay had done nothing wrong and had valid rental documents, they immediately dropped the prosecution. <u>See</u> Exhibit 1; Exhibit 2; Exhibit 4.

The Indianapolis police have reported a systemic problem with Hertz car theft reports, they have stated that a businessman was also wrongfully arrested in Pennsylvania due to a false Hertz theft report, and they have also stopped entering Hertz police reports in the NCIC due to their unreliability. <u>See</u> Exhibit 1. Plaintiff believes there are additional false reports by Hertz at the Indianapolis branch and other locations.

## Jury Found Hertz Liable in January 2017 for Malicious Prosecution and Punitive Damages After Falsely Reporting and Imprisoning Man for Car Theft

### Location: Galveston, Texas

> ➤ Hertz Concealed this Lawsuit and Verdict from Plaintiff

A man named Michael Gray had his identity stolen and the thief used his information to rent a car from Hertz in March 2014. <u>See</u> Exhibit 8 - Punitive Damages Jury Verdict and Complaint Against Hertz. Gray reported the theft of his identity to Hertz in April 2014 and made it clear that he had not rented the car. However, outrageously, Hertz reported Gray to the police for car theft in May 2015 anyway, resulting in Gray's wrongful arrest and imprisonment. Plainly, Hertz's record keeping, record sharing, and investigation of car thefts is severely and knowingly deficient. The jury returned a verdict of $50,000 for the one night Mr. Gray spent in jail, and $120,000 in punitive damages.

Just as in Ms. Grady's case, Hertz corporate knew that Grady had not stolen the car, but a local Hertz branch went and reported Ms. Grady and Mr. Gray to the police anyway.

## Louisville Regional Airport Police Refuse to Accept Hertz Theft Reports Because They Are Unreliable and Inaccurate

### Location: Louisville, Kentucky

> ➤ Hertz concealed these false reports from Plaintiff

> ➤ Hertz concealed that police specifically contacted Hertz's Corporate Security Division to complain about the false police reports.

The Louisville Regional Airport Authority has also stopped inputting Hertz police reports into the NCIC due to their unreliability. <u>See</u> Exhibit 7 - Louisville Regional Airport Authority Records. In 2015, Hertz in Louisville reported several vehicles missing as stolen from their inventory. However, Hertz was then forced to admit that they had then found the vehicles sitting on their own lots and had simply lost vehicles due to poor record keeping and information sharing. Remember, this is the exact same problem why Ms. Van Pay was arrested, and intimately related to Ms. Grady's false arrest.

Case ID: 151103380
Control No.: 17090690

Astonishingly, a Hertz employee in Nashville informed the Louisville Regional Airport Authority that **Hertz internally knew that it has a major problem with losing vehicles and falsely reporting those vehicles as stolen but had not addressed it**. Id.

It cannot be overlooked that all of this evidence was concealed by Hertz despite Plaintiff specifically asking Hertz this information in discovery. Hertz repeatedly claimed in its answer to the complaint, its summary judgment motion, and in discovery that it had no internal theft reporting issues or errors, but that if Hertz had erroneously reported Grady to the police that it was just a one-time "glitch." These systemic false police reports, which are only the ones that Plaintiff has been able to find, conclusively demonstrate that Hertz knows that it has a serious problem but concealed the issue in discovery.[3] In addition, a negative inference should be granted against Hertz for concealing these incidents.

Plaintiff notes for the Court that the failures of Hertz present in the newly discovered false theft reports from across the nation, are also present in the material facts of this case which that Hertz's conduct was outrageous, intentional, reckless, and needlessly put Ms. Grady's life in jeopardy:

a.  **First**, Hertz told the Pennsylvania state police that Ms. Grady had not stolen the car, that the police report was "miscommunication," and that to the extent there was an issue it was civil in nature—but Hertz nevertheless continued to have the Philadelphia police and district attorney's office arrest, imprison, and prosecute Ms. Grady despite admitting there was no probable cause to do so. See generally MSJ Exhibit 7 - State Trooper Kemmerling's Report.

---

[3] This case closely mirrors the recent Burgos v. Philabundance case. See Attached Order of the Superior Court. That was a malicious prosecution case in the Philadelphia Court of Common Pleas, in front of The Honorable John Younge where the defendant had (1) done no investigation prior to reporting to the police, (2) provided false information to the police, and (3) omitted important facts from the police report (the same as in this case). All these failures amounted to recklessness, malice, lack of probable cause, and punitive damages. Punitive damages were heard and assessed by the jury, then affirmed by the Superior Court, for a total verdict of $500,000. Where there are causes of action like malicious prosecution, where the legal standard is nearly equivalent as punitive damages, the question of punitive damages should be left to the jury.

Case ID: 151103380
Control No.: 17090690

b.   **Second**, Hertz admits that it *routinely* reports its customers to the police for felonies without conducting any investigation at the branch level. See MSJ Exhibit 8 - Livingston Depo., at p.252; MSJ Exhibit 11 - Jaussi Depo., at p.70.

c.   **Third,** Hertz has written policies mandating that its corporate security managers conduct investigations at the branch level (showing that Hertz knows it should not be reporting customers to the police without investigation), but Hertz's designees admitted that they have "marching orders" to ignore the written policies. See MSJ Exhibit 8 - Livingston Depo.; MSJ Exhibit 9 - Hertz Theft Reporting Procedures. Hertz even admitted that its only redundancy to prevent falsely reporting customers was the written policies—which it testified it routinely ignores. See MSJ Exhibit 3 - Hertz Discovery Answers, at ¶36.

d.   **Fourth**, Ms. Grady's phone and bank records demonstrate that she was in constant contact with Hertz and had paid on two separate occasions a total of over $4,200 for the rental. This directly contradicts Hertz headquarters's "theft package" given to the police which stated Grady had not contacted Hertz or paid for the rental since April 17, 2013. See MSJ Exhibit 5 - Grady Phone Records; MSJ Exhibit 6 - Grady TD Bank Records.

e.   **Fifth,** Grady physically returned to the Philadelphia Airport Hertz location on or around July 18, 2013, and was authorized to leave the Hertz location with the Yukon. See MSJ Exhibit 2 - Grady Interrogatory Answers, at¶6. Hertz's designees admit that they have no information whatsoever to dispute this fact. See MSJ Exhibit 11 - Jaussi Deposition, at p.203 (stating that Hertz did no investigation to determine whether Grady returned to the Hertz location on July 18, 2013, and had no reason to dispute Grady's statement).

f.   **Sixth**, Hertz's corporate security team in fact conducted no investigation concerning Ms. Grady and the Yukon at the branch level before reporting her to the police for car theft. See MSJ Exhibit 3 - Hertz Discovery Answers, at ¶17, 21.

g.   **Seventh,** at no point following July 22, 2013, until the case against Ms. Grady was dismissed in June 2014, did Hertz withdraw the criminal complaint it had lodged against Ms. Grady—and which Hertz had already admitted to the State Police was not correct or make any attempt to correct the false statements and material omissions. See MSJ Exhibit 4 - Grady Criminal Docket.

h.   **Eighth,** Hertz admitted that it "purged" all Grady's rental information, including her payments on the rental contract, without any explanation despite the fact that it initiated a criminal case against her for car theft. See MSJ Exhibit 11 - Jaussi Deposition, at p.37-38. A negative inference should be granted against Hertz by the trial judge for this outrageous destruction of evidence designed to prejudice Plaintiff's case.

Both Hertz's egregious and reckless conduct that is the subject of this case, its

destruction of Grady's critical rental records, and the new evidence recently uncovered and

Case ID: 151103380
Control No.: 17090690

concealed by Hertz, establish that there is a jury question on punitive damages because Hertz is recklessly making car theft police reports it knows are not true.

## I.   Punitive Damages Are Warranted and Should Be Decided by a Jury

2.      This malicious prosecution, false imprisonment, and intentional infliction of emotional distress lawsuit was commenced by Plaintiff on November 23, 2015, against Defendant for falsely reporting her to the police for car theft and imprisoning her for 12 days and prosecuting for 11 months.

3.      Punitive damages are warranted when a defendant has shown an outrageous and reckless indifference for the rights of others. Hertz knows when reporting its own customers to the police cart theft that many of those reports are false and will result in a wrongful and false incarceration.

4.      During this litigation, Hertz has hid that it has a nationwide problem falsely reporting customers to police authorities for car theft, while trying to convince this court that its error was just a one-time "glitch." This motion details the discovery of multiple Hertz customers falsely arrested for car theft establishing that Hertz has a huge and serious problem it has fraudulently concealed.

5.      Please note that during this litigation Hertz purged all of Grady's rental records to avoid turning them over to Plaintiff. Hertz's own designee had to get the records from the police because the company destroyed all evidence of its insidious conduct. These records, had they been properly produced in 2016, would have conclusively revealed Hertz's broken theft reporting system and possibly kept additional customers from across the nation being arrested and imprisoned.

Case ID: 151103380
Control No.: 17090690

6.      Note that the following information is taken from Ms. Grady's personal records and police reports; Hertz did not produce a single piece of information about Grady's rental from its own systems.

**a.      Ms. Grady Rented and Paid for A Chevy Yukon from Hertz's Philadelphia Airport Branch**

7.      On April 17, 2013, plaintiff Kelly Grady went to the Philadelphia International Airport Hertz location and rented a 2013 Chevrolet Yukon at 1:57 pm. MSJ Exhibit 2 - Plaintiff's Interrogatory Answers; MSJ Exhibit 3 - Plaintiff's Interrogatories and Hertz's Answers.[4]

8.      It is undisputed that that Ms. Grady paid $1,805.00 for the rental on April 17, 2013, from a credit card ending '0583. See MSJ Exhibit 3 - Hertz Discovery Answers, at ¶20.

9.      Ms. Grady was rented the car by a heavy-set, dark-skinned male (not African-American) with an afro. See MSJ Exhibit 2 - Grady Interrogatory Answers, at ¶6.

10.      In addition, another Hertz customer service employee named "John" helped Ms. Grady with the rental. Id.

11.      John was helpful in securing the rental for Ms. Grady, and he provided his direct number to Ms. Grady if there were any rental issues which was (610) 528-6528. See MSJ Exhibit 2 - Grady Interrogatory Answers.

12.      After this point, over the next several months, Ms. Grady spent hours on the phone with Hertz—both corporate phone lines and with the Philadelphia branch—renewing her rental and confirming that she was authorized to possess the rental.

---

[4] All exhibits referenced as "MSJ Exhibit" are referring to the exhibits Plaintiff used and docketed with her motion for summary judgment and response to Hertz's motion for summary judgment.

Case ID: 151103380
Control No.: 17090690

13.     This is indicated clearly by Ms. Grady's phone records, which show constant contact with Hertz between April and July 2013:

| Call Date | Hertz Num. Called | Grady Number | Time | Duration |
|---|---|---|---|---|
| 4/17/2013 | 215-492-7205 | 610-716-3500 | 12:22 AM | 19 Mins |
| 4/17/2013 | 215-492-7205 | 610-716-3500 | 1:16 AM | 7 Mins |
| 5/14/2013 | 800-704-4473 | 610-256-9457 | 3:32 PM | 8 Mins |
| 5/16/2013 | 215-492-7205 | 610-290-6957 | 9:35 PM | 12 Mins |
| 5/16/2013 | 215-492-7205 | 610-290-6957 | 9:55 PM | 7 Mins |
| 5/29/2013 | 215-492-7205 | 610-290-6957 | 8:50 PM | 2 Mins |
| 5/29/2013 | 215-492-7205 | 610-290-6957 | 9:07 PM | 4 Mins |
| 5/29/2013 | 800-654-4173 | 610-256-9457 | 8:52 PM | 15 Mins |
| 5/30/2013 | 215-492-7205 | 610-290-6957 | 10:56 AM | 3 Mins |
| 5/30/2013 | 215-492-7205 | 610-290-6957 | 1:11 PM | 2 Mins |
| 5/30/2013 | 215-492-7205 | 610-290-6957 | 1:12 PM | 7 Mins |
| 5/31/2013 | 215-492-7205 | 610-290-6957 | 11:11 AM | 4 Mins |
| 5/31/2013 | 215-492-7200 | 610-256-9457 | 3:35 PM | 5 Mins |
| 6/19/2013 | 800-654-3131 | 610-290-6957 | 1:47 PM | 19 Mins |
| 7/22/2013 | 610-529-6528 | 610-290-6957 | 4:51 PM | 2 Mins |
| 7/22/2013 | 610-529-6528 | 610-290-6957 | 5:00 PM | 1 min |
| 7/22/2013 | 215-492-7205 | 610-290-6957 | 6:47 PM | 3 Mins |
| 7/22/2013 | 215-492-7205 | 610-290-6957 | 7:20 PM | 11 Mins |
| 7/22/2013 | 215-492-7205 | 610-290-6957 | 7:35 PM | 1 Min |
| 7/29/2013 | 215-492-7205 | 610-290-6957 | 6:52 PM | 3 Mins |

 MSJ Exhibit 5 - Grady Phone Records.

14.     Moreover, Ms. Grady also frequently texted Hertz employee John, who helped her renew the rental and make sure she was authorized to use the rental. See MSJ Exhibit 2 - Grady Interrogatory Answers, at ¶6.

15.     John in particular informed Ms. Grady by text that after three months of rental she had to return to the Hertz location in person. Id.

16.     On July 15, 2013, Hertz charged Ms. Grady's debit card ending in '0583 an additional $2,444.94 for her rental of the Chevrolet Yukon—the same debit card they charged the for the initial $1,805. See MSJ Exhibit 6 - Grady TD Bank Records.

Case ID: 151103380
Control No.: 17090690

17.     Hertz's designee admitted in sworn testimony that Hertz had nothing to dispute that Hertz charged Ms. Grady the $2,444.94:

| | |
|---|---|
| COUNSEL: | Do you have anything in your possession or control to dispute the fact that Hertz in fact charged her card $2,444.94, on 7/15, the card ending in 0583 and that Hertz in fact did retain that full amount of the money for the rental? |
| MR. LIVINGSTON: | I don't have any documentation to show that payment, no. |
| COUNSEL: | You don't have any documentation to dispute that payment either, do you? |
| MR. LIVINGSTON: | No. No. |

MSJ Exhibit 8 - Livingston Deposition, at p.252.

18.     Another Hertz designee explained that Hertz had no records for Grady because Hertz had outrageously and illegally purged all of Grady's rental contract information, including her rental payments:

| | |
|---|---|
| COUNSEL: | So you're telling me, as you sit here today, you're speaking, just so you know, as Hertz's voice. You're the corporate designee, the person most knowledgeable from Hertz to testify as to certain things. You've been identified as someone to speak to and you've identified that there was and an email, that you, as general manager, sent to Oklahoma City billing to determine whether or not the 2500 on 7/15 was a final bill, partial payment, full payment or what it is, correct? |
| JAUSSI: | Correct. |
| COUNSEL: | And as you sit here today, you're telling me that you personally do not know whether or not that payment was a final payment, or that payment was authorized, or that payment cleared, or that payment was a partial payment or a full payment, correct? |
| JAUSSI: | Correct. All they stated from my recollection is that it was _**purged**_. It's been _**purged**_. There's no further information that could be provided because _**that contract has been**_ |

Case ID: 151103380
Control No.: 17090690

*purged*.

See MSJ Exhibit 11 - Jaussi Deposition, at p.37-38 (emphases added).

19.     In the evening on or about July 18, 2013, Ms. Grady in fact took the rental Chevrolet Yukon to the Philadelphia Airport Hertz location as John had told her to do because the three-month rental period was up. See MSJ Exhibit 2 - Grady Interrogatory Answers, at ¶6.

20.     At the Hertz rental location, Ms. Grady was first helped by a new hire, a 19-20 year old white male who was thin. However, Ms. Grady was quickly able to tell that this customer service associate could not help her due to his inexperience. Id.

21.     Ms. Grady then texted John, and John told her to speak to the shift supervisor. The shift supervisor was far more helpful. He was a short, heavy-set black man with pockmarks and pimples on his face and short curly hair. Id.

22.     Ms. Grady explained that she was going on vacation to Williamsport for the next week and that she did not want any issues with her rental. Id.

23.     The Hertz shift supervisor stated that he understood the situation, that he had notated all of this in the Hertz computer system, that there was no problem with her rental contract, and that she could return the Yukon following her vacation. Id.

24.     Subsequently, Ms. Grady went to drive the Yukon out of the Hertz lot. Id.

25.     However, before doing so she needed to stop at the checkout booth. It is impossible to leave a Hertz car rental lot without authorization because Hertz has retractable tire spikes guarding the exits. Id.

26.     A white woman, who was 40 years old with curly blond hair, checked Ms. Grady's contract and verified with the shift supervisor that Ms. Grady's rental was authorized. Id.

Case ID: 151103380
Control No.: 17090690

27.     Ms. Grady was then allowed by Hertz to leave the Hertz lot with the Chevrolet Yukon. Id.

28.     Hertz's corporate designee, Philadelphia Airport branch location manager Joseph Jaussi, admitted that Hertz had no information to dispute that Plaintiff had returned to the Hertz location on July 18, 2013, with the Yukon and was allowed by Hertz to leave—in fact Hertz did no investigation whatsoever to ascertain whether Grady had returned with the Yukon:

| | |
|---|---|
| COUNSEL: | As Hertz's corporate designee and the person most knowledgeable, you don't have any testimony to -- you don't have any factual testimony to indicate that that -- that an investigation was done to determine the truth or falsity of the statement that she entered and exited the [Philadelphia Airport] location on that date [July 18, 2013], correct? |
| MR. JAUSSI: | Correct. |

MSJ Exhibit 11 - Jaussi Deposition, at p.203. This is a case of the defendant preferring willful ignorance to the truth.

**b.      Hertz Falsely Reports Grady for Stealing the Car Resulting in Her Arrest and Imprisonment**

29.     Just 7 days after Ms. Grady paid Hertz $2,444 for the rental, and just 4 days after Ms. Grady visited the Hertz location, Hertz shockingly went to the Philadelphia Police on July 22, 2013, and reported Ms. Grady to the police for theft. See MSJ Exhibit 12 - Police Affidavit.

30.     Hertz falsely claimed on July 22, 2013, in a "theft package," put together by Hertz staff in Oklahoma City, that Ms. Grady had not contacted Hertz since April 17, 2013, and had stolen the Yukon. See MSJ Exhibit 10 - Theft Package.

31.     As the phone records, bank records, and visits to the Hertz location show, this was simply untrue—Grady was at all times authorized to use the Yukon as Hertz knew or should have known. See, e.g., MSJ Exhibit 5; MSJ Exhibit 6.

Case ID: 151103380
Control No.: 17090690

32.     GMC's OnStar service quickly located the vehicle and the State Police pulled Ms. Grady over as she was returning from her vacation in Williamsport, PA—and was in fact on her way to the Philadelphia Airport Hertz location. See MSJ Exhibit 12 - Police Affidavit.

33.     This was not a routine stop: upon being pulled over by several police cars, the police ordered Ms. Grady and her friend Roula Vangelis out of Yukon over a loudspeaker. Their guns were drawn. See MSJ Exhibit 2, at ¶6.

34.     Ms. Grady and Ms. Vangelis were held at gunpoint by the State Police who believed that they were car thieves. Ms. Grady was sobbing and Ms. Vangelis was desperately screaming that her two young children were in the back of the SUV. Id.

35.     It was at this point that State Trooper Randy Kemmerling told the two women that the car had been reported stolen. Ms. Vangelis stated, "That's ridiculous, she has a contract with Hertz." Id.

36.     At this point, the officer retrieved the contract from the Yukon. It was then that the two women implored Trooper Kemmerling to call John—the Hertz customer representative that she rented the car from—to confirm that Ms. Grady had not stolen the car. Id.

37.     John was called and a message was left. John called back and told the police that Ms. Grady was authorized to have the car but that he was not at work and that an 800 number at Hertz should be called. Id.

38.     The police called the 800 number and confirmed that Ms. Grady was authorized to have the car. Id.

Case ID: 151103380
Control No.: 17090690

39.     As a result, the State Police did not arrest Ms. Grady, did not issue her a ticket, and did not issue her a summons or citation; instead they ferried her to a Hardy's location to await a ride from a friend. The police however impounded the car pursuant to protocol. Id.

40.     A report written and submitted Trooper Kemmerling makes it clear that he was advised *by Hertz* on or after July 22, 2013, that there had been a "miscommunication" on Hertz's end, that the car was not stolen, and *that Ms. Grady had done nothing criminal and that Hertz would instead seek civil restitution for any overdue rental bills*:

**Synopsis:**
This incident occurred as Hertz Rental Company reported a vehicle as stolen. The vehicle was stopped at the above location and all occupants were identified. Upon calling Hertz Rental Company and the Philadelphia Police Department, it was determined this is a civil issue regarding late payment and the vehicle was not stolen.

HERTZ Rental Company was contacted and advised that the credit card listed on the contract with the suspect had returned with insufficient funds and as a result the account was overdue. As a result they reported the vehicle stolen. HERTZ advised they would prefer the vehicle to be towed and picked up by a representative and would handle the civil tort regarding payment with the suspect.

**Conclusion/Recommendation:**
I recommend this investigation be terminated due to the fact that Hertz Rental Company will be handling this situation through civil action. It was found that the vehicle was reported as stolen from the Philadelphia Airport rental terminal after a miscommunication regarding an overcharged credit card as part of a Hertz Rental Car contract. Philadelphia PD has been provided all requested documentation and was advised the vehicle was towed/recovered.

8. INCIDENT DETAILS
This incident occurred as a GMC YUKON was reported stolen by Hertz Rental Company. The vehicle was traveling southbound at the above location when the incident was reported. A traffic stop was conducted on SR 322, in Dauphin County, PA. Upon making contact with the operator of the vehicle and contacting Hertz, it was determined that this is a civil issue relating to late payment on a rental contract.

MSJ Exhibit 7 - State Police Trooper Kemmerling Report.

41.     There was not even a civil tort against Ms. Grady; Ms. Grady had most recently paid $2,444 for the rental on July 15, 2013, and specifically obtained authorization in person on July 18, 2013, to possess and use the rental.

Case ID: 151103380
Control No.: 17090690

42.    Indeed, Ms. Grady was always authorized to use the rental by Hertz.

43.    Hertz's inexcusable conduct has continued during this lawsuit. When Plaintiff asked Hertz to identify all communications it had with the police, Hertz deliberately omitted from its answers that it told Trooper Kemmerling that Ms. Grady had not stolen the car. See generally MSJ Exhibit 3 - Hertz Discovery Answers.

44.    This concealment of evidence and statements by Hertz, discovered only by subpoenaing police records, demonstrates consciousness of guilt on the part of Hertz.

45.    Moreover, the miscommunication referred to was in fact a direct result of defendant Hertz's reckless policies used in reporting customers to the police, described infra.

46.    As a result of Hertz's actions, the Philadelphia Police filed an affidavit accusing her of theft. See MSJ Exhibit 12.

47.    On October 25, 2013, Ms. Grady was driving in New Jersey completely unaware that Hertz had accused her of car theft. She was pulled over during a routine traffic stop. See MSJ Exhibit 2, at ¶6.

48.    The police officer ran Ms. Grady's driver's license and then, upon seeing a warrant from Pennsylvania, immediately arrested her for "fraud." See MSJ Exhibit 14 - New Jersey Police and Prison Records.

49.    Ms. Grady was then imprisoned in New Jersey and Philadelphia until being released on November 5, 2013. See MSJ Exhibit 15 - New Jersey Police and Prison Records.

50.    While imprisoned in New Jersey in Burlington County, Ms. Grady was sexually assaulted and battered. See MSJ Exhibit 2, at ¶6.

Case ID: 151103380
Control No.: 17090690

51.    Following this, at Hertz's behest, the Philadelphia DA's Office then prosecuted Ms. Grady for eight months. <u>See</u> MSJ Exhibit 4.

52.    However, after nine preliminary hearings, the court finally dismissed the charges against Ms. Grady for lack of prosecution until June 2014. <u>Id.</u>

**c.    Hertz Admits that it Conducts No Investigation Before Reporting Customers for Theft, which is Highly Reckless Conduct that Shows Indifference to the Rights of Its Own Customers**

53.    Hertz maintains written policies governing how cars must be reported to the police for thefts. <u>See</u> Exhibit 9 - Theft Reporting Procedure.

54.    The policy is explicit that the local corporate security manager who receives a theft report must investigate the alleged theft of a car and that all branch employees are ***<u>required</u>*** to cooperate with the investigation:

> 17.    Corporate/Country    Security    Manager    Investigations    -    Every theft/conversion/disappearance    must    be    promptly    investigated    by    the Corporate/Country Security Manager responsible for the location from which the related Theft Vehicle Report is filed. All employees are required to cooperate fully with such an investigation.

<u>Id.</u>

55.    However, Hertz's designees admit that such an investigation is, in reality, ***<u>never conducted</u>***.

56.    The corporate security manager for defendant Hertz in the Philadelphia area is an employee named Rich Livingston. Mr. Livingston was deposed in this case as Hertz's corporate designee, who binds the corporation with his answers, who is most knowledgeable about the allegations in the complaint.

Case ID: 151103380
Control No.: 17090690

57.    Livingston explained that corporate security managers receive "theft packages" from Hertz's corporate headquarters in Oklahoma City and then report customers to the police **without doing any investigation or "independent check" whatsoever**.

58.    There was a theft package sent to Mr. Livingston's office from Oklahoma City regarding Ms. Grady, which stated that Ms. Grady had not contacted the Hertz office since April 17, 2013. This was, of course, wrong, as a cursory investigation would have revealed that Ms. Grady was in constant contact with Hertz, that she had paid over $4,200 for the rental, and that she had personally visited the Hertz location on July 18, 2013, to obtain authorization to use the vehicle.

59.    Mr. Livingston's assistant corporate security manager, Kenneth Graeber, was the individual that reported Ms. Grady to the police. See MSJ Exhibit 3 - Hertz Discovery Answers, at ¶21.

60.    However, Mr. Livingston admitted that Hertz itself has given him and his office "marching orders," in direct contravention of Hertz's written policy, to never conduct an investigation into potential thefts before reporting customers to the police:

| | |
|---|---|
| COUNSEL: | Is it your testimony that you don't go to the location and question any of the Hertz employees when you receive a theft package? |
| MR. LIVINGSTON: | That's my testimony, yes. |
| COUNSEL: | Why? |
| MR. LIVINGSTON: | Because I mean the package has been completed, all the reports have been reviewed, I guess, by OKC. **And my marching orders are to report the car stolen** when I get the -- again, I do look at it for everything being accurate, as far as I can tell, **within the report itself**. |
| COUNSEL: | Yeah. But you don't do any independent investigation? |

Case ID: 151103380
Control No.: 17090690

| | |
|---|---|
| MR. LIVINGSTON: | **I do not**. |
| COUNSEL: | You don't do any check? |
| MR. LIVINGSTON: | **I do not**. |

<u>See</u> MSJ Exhibit 8 - Livingston Deposition, at p.252 (emphases added).

61.     Again, Mr. Livingston admitted under oath, as corporate designee on security for Hertz, that his "marching orders" from Hertz are to simply take the theft package he receives from headquarters, ***assume it is accurate***, and then report Hertz's customers to the police without any investigation and with no actual knowledge if the customers have stolen anything—in direct violation of Hertz's own written policies.

62.     Hertz's written policies demonstrate that Hertz ***knows*** that an investigation at the branch level where the car was actually rented, before going to the police, is vital and necessary. Yet, Hertz's designee shockingly admitted in his deposition that his "orders" from Hertz are to refrain from conducting any investigation and that he instead simply acts as a courier between Hertz headquarters and the Philadelphia Police.

63.     Indeed, when Plaintiff asked Hertz to identify what redundancies it has in place to make sure customers are not wrongfully reported to the police, Hertz directed Plaintiff to look at its written theft reporting policies including the policy which mandates an investigation by the corporate security manager (<u>see</u> Exhibit 3 - Hertz Discovery Answers, at ¶36 referencing W7-02)—the same policies which Hertz's designee testified that he has been instructed he has been given "marching orders" to ignore.

64.     Due to the outrageous lack of investigation, Hertz's local security manager literally had no idea when reporting Grady to the police on July 22, 2013, that she had paid $2,444 for the rental on July 15, 2013.

Case ID: 151103380
Control No.: 17090690

65.    This is a systemic, reckless, and outrageous failure by Hertz regarding its basic duties to its customers, which obviously include not falsely reporting them for crimes they did not commit.

66.    Mr. Livingston's testimony is consistent with that of Hertz's other corporate designee, Joseph Jaussi, the branch location manager at the Hertz Philadelphia location, who confirmed that Hertz's **local security staff conducts no investigation** in direct violation of Hertz's written policies:

| MR. JAUSSI: | So it's my understanding that Oklahoma City generates the [theft] packet and all the pertaining documents within it, feeds Ken Graeber or Rich Livingston, right, and Ken Graeber or Rich Livingston *essentially print, file, and go seek a police report claim or case number*. |
|---|---|
| MR. MALOFIY: | Okay. So the theft package is already completed in Oklahoma City before it's sent to the corporate security manager at the Hertz location where the car was allegedly taken from, correct? |
| MR. JAUSSI: | That's my understanding, correct. |

MSJ Exhibit 11 - Deposition of Joseph Jaussi, at p.70.

67.    Hertz's interrogatory answers also admit that there was no internal communications by the Hertz local security managers, and hence no investigation, of Ms. Grady's case before she was reported to the police by Hertz assistant security manager Kenneth Graeber. See MSJ Exhibit 3 - Hertz Discovery Answers, at ¶¶20, 37; MSJ Exhibit 11 - Jaussi Deposition, at p.66-67.

68.    The fact of the matter is that Hertz does not have the personnel to actually investigate the theft reports it makes, and thus knowingly chooses to submit incomplete, out of date, and false reports. Hertz's corporate designee on security admitted that Hertz was attempting to cut corners and costs in its security department and even made a "*corporate*

***decision to lay off a large group of people at that time for costs savings.***" MSJ Exhibit 8, at p.53-54.

69.     Unconscionably, with no excuse for its conduct, Hertz has instead blamed the Philadelphia Police and District Attorney's Office for what happened to Ms. Grady, ignoring that the police and prosecutors were only relying in good faith on what Hertz told them. <u>See</u> MSJ Exhibit 3 - Hertz Discovery Answers, at ¶41 (stating that police authorities are liable for allegations in the complaint).

70.     A company cannot use the failure to conduct an appropriate investigation as an excuse for why it filed a false police report. <u>Wainauskis v. Howard Johnson Co.</u>, 488 A.2d 1117, 1122-23 (Pa. Super. 1985) (stating that "The reasonable ground of suspicion, however, must not be based upon an inadequate and unreasonable investigation of the circumstances concerning the alleged criminal conduct."); <u>Burgos v. Morgan, Lewis & Bockius LLP</u>, NO. 735 EDA 2015 (Jan. 5, 2017).

71.     Note that the police detective who filed the criminal affidavit against Ms. Grady, based on what Hertz told him, admitted in his deposition that he would not have filed the affidavit of probable cause had he been aware of her phone records and payments, which contradict Hertz's allegations that Ms. Grady stole the car on April 17, 2013. <u>See</u> MSJ Exhibit 15 - Wojciechowski Depo., at p.116-19. He certainly would not have filed the affidavit of probable cause if he knew that Hertz admitted to the State Police on July 22, 2013, that Grady had not stolen the car.

72.     There are seven paramount undisputed material facts which establish that Hertz acted outrageously and with reckless indifference to Ms. Grady's rights, resulting in her

Case ID: 151103380
Control No.: 17090690

imprisonment, in her being physically and sexually assaulted, and in her being unjustly

prosecuted:

a.  **First,** Hertz told the Pennsylvania state police that Ms. Grady had not stolen the car, that it was a "miscommunication," and that to the extent there was an issue it was civil in nature—but Hertz continued to have the Philadelphia police and district attorney's office arrest, imprison, and prosecute Ms. Grady despite admitting there was no probable cause to do so. See generally MSJ Exhibit 7 - State Trooper Kemmerling's Report.

b.  **Second,** Hertz admits that it *routinely* reports its customers to the police for felonies without conducting any investigation at the branch level. See MSJ Exhibit 8 - Livingston Depo., at p.252; MSJ Exhibit 11 - Jaussi Depo., at p.70.

c.  **Third,** Hertz has written policies mandating that its corporate security managers conduct investigations at the branch level (showing that Hertz knows it should not be reporting customers to the police without investigation), but Hertz's designees admitted that they have "marching orders" to ignore the written policies. See MSJ Exhibit 8 - Livingston Depo.; MSJ Exhibit 9 - Hertz Theft Reporting Procedures. Hertz even admitted that its only redundancy to prevent falsely reporting customers was the written policies—which it testified it routinely ignores. See MSJ Exhibit 3 - Hertz Discovery Answers, at ¶36.

d.  **Fourth,** Ms. Grady's phone and bank records demonstrate that she was in constant contact with Hertz and had paid on two separate occasions a total of over $4,200 for the rental. This directly contradicts Hertz headquarters's "theft package" given to the police which stated Grady had not contacted Hertz or paid for the rental since April 17, 2013. See MSJ Exhibit 5 - Grady Phone Records; MSJ Exhibit 6 - Grady TD Bank Records.

e.  **Fifth,** Grady physically returned to the Philadelphia Airport Hertz location on or around July 18, 2013, and was authorized to leave the Hertz location with the Yukon. See MSJ Exhibit 2 - Grady Interrogatory Answers, at¶6. Hertz's designees admit that they have no information whatsoever to dispute this fact. See MSJ Exhibit 11 - Jaussi Deposition, at p.203 (stating that Hertz did no investigation to determine whether Grady returned to the Hertz location on July 18, 2013, and had no reason to dispute Grady's statement).

f.  **Sixth,** Hertz's corporate security team in fact conducted no investigation concerning Ms. Grady and the Yukon at the branch level before reporting her to the police for car theft. See MSJ Exhibit 3 - Hertz Discovery Answers, at ¶17, 21.

g.  **Seventh,** at no point following July 22, 2013, until the case against Ms. Grady was dismissed in June 2014, did Hertz withdraw the criminal complaint it had lodged against Ms. Grady—and which Hertz had already admitted to the State Police was

Case ID: 151103380
Control No.: 17090690

not correct or make any attempt to correct the false statements and material omissions. <u>See</u> MSJ Exhibit 4 - Grady Criminal Docket.

h. **Eighth,** Hertz admitted that it "purged" all Grady's rental information, including her payments on the rental contract, without any explanation despite the fact that it initiated a criminal case against her for car theft. <u>See</u> MSJ Exhibit 11 - Jaussi Deposition, at p.37-38. A negative inference should be granted against Hertz by the trial judge for this outrageous destruction of evidence designed to prejudice Plaintiff's case.

## II. Legal Standard

73.     In light of the outrageous and duplicitous nature of Defendant's conduct Plaintiff now moves to reconsider the prior decision dismissing punitive damages and/or amend his complaint to add punitive damages to the ad damnum clause. Pennsylvania law permits the recovery of punitive damages against a defendant who engages in conduct that is "outrageous, because of the defendant's reckless indifference of the rights of others." <u>FHV Coal, Inc. v. Continental Grain Company</u>, 587 A.2d 702, 704 (Pa. 1991).

74.     Reckless indifference means that "the actor has intentionally done an act of an unreasonable character, in disregard of a risk known to him or so obvious that he must be taken to have been aware of it, and so great as to make it highly probable that harm would follow." <u>Evans v. Philadelphia Transportation Company</u>, 418 Pa. 567, 574, 212 A.2d 440, 443 (Pa. 1965); <u>see also</u> <u>Smith v. Brown</u>, 283 Pa. Super. 116, 423 A.2d 743 (Pa. Super. 1980).

75.     Where there is sufficient evidence for a jury to reasonably conclude that a defendant has engaged in outrageous and reckless conduct, the question of whether the defendant is liable for punitive damages is properly decided by the jury.  <u>Martin v. Johns-Manville Corporation</u>, 494 A.2d 1088 (Pa. 1985).

76.     A prior decision may be reconsidered if the prior decision was plainly erroneous and/or new facts are uncovered and/or there is a change in the law. <u>See</u> <u>Baker v. Cambridge</u>

Case ID: 151103380
Control No.: 17090690

Chase, Inc., 1999 PA Super 9, P65 (Pa. Super. Ct. 1999).

77.     Defendant's conduct was outrageous and reckless—as the evidence presented above clearly demonstrates—and whether punitive damages should be assessed must be decided by a jury. Moreover, Hertz concealed evidence from plaintiff and the court to fraudulently obtain the dismissal of Plaintiff's punitive damages claim in the first place.

## III. APPLICATION - NEW EVIDENCE DEMONSTRATES THAT HERTZ KNEW OR SHOULD HAVE KNOWN THAT ITS RECORD KEEPING, INVENTORY TRACKING, INTERNAL COMMUNICATIONS, AND THEFT INVESTIGATIONS WERE SEVERELY DEFICIENT

### a.     Prior Decision was Plainly Erroneous Given How Recklessly Hertz Acted and the Known Consequences of False Police Reports

78.     The prior decision dismissing punitive damages was plainly erroneous on the record at summary judgment because Hertz admitted that it deliberately does not conduct investigations required by company policy necessary to insure that its customers were not falsely reported to the police for car theft. This is highly reckless conduct in and of itself, which creates a question of fact for a jury on punitive damages. Furthermore, the evidence indicating that Hertz knowingly and falsely reported Grady to the police for cart theft on July 23, 2013, despite having told the Pa. State Police on July 22, 2013, she had not stolen the car. This was not some simple oversight, but the product of a reckless course of conduct which would assuredly result in false police reports.

79.     This case closely mirrors the recent Burgos v. Philabundance case. See Attached Order of the Superior Court. That was a malicious prosecution case in the Philadelphia Court of Common Pleas, in front of The Honorable John Younge where the defendant had (1) done no investigation prior to reporting to the police, (2) provided false information to the police, and (3)

Case ID: 151103380
Control No.: 17090690

omitted important facts from the police report (the same as in this case). All these failures amounted to recklessness, malice, lack of probable cause, and punitive damages. Punitive damages were heard and assessed by the jury, then affirmed by the Superior Court, for a total verdict of $500,000. Where there are causes of action like malicious prosecution, where the legal standard is nearly equivalent as punitive damages, the question of punitive damages should be left to the jury.

> **b.    The Prior Decision Should be Reconsidered Because the Negative Inference Against Hertz for Destroying Ms. Grady's Rental Records had Not Yet Been Decided at Summary Judgment**

80.    The prior decision should also be reconsidered because, at summary judgment, the Court did not decide whether a negative inference should be assessed against Hertz for admittedly destroying Plaintiff's rental records. This is a determination left for the trial judge.

81.    Because this inference is left for the trial judge, if this court decides that a negative inference and spoliation instruction is warranted—as it is here—then that negative spoliation inference constitutes new evidence warranting reconsideration of the prior order. Plaintiff has a pending motion in limine on this issue which Plaintiff incorporates by reference. See also MSJ Exhibit 11 - Jaussi Deposition, at p.37-38

82.    When Hertz's absurd and outrageous conduct leading to Grady's prosecution and imprisonment are taken into account, and then considered in combination with the intentional destruction of Grady's rental records, a clear triable issue of fact exists for the jury on punitive damages.

> **c.    New Evidence Concealed by Hertz Indicates that Hertz has a Nationwide, Systemic Problem with False Police Reports and that Ms. Grady's Imprisonment is Predictable Result of Hertz's Outrageously Deficient Conduct**

Case ID: 151103380
Control No.: 17090690

83.     In addition to these reasons for reconsideration, Plaintiff has uncovered new evidence of a systemic, nationwide problem Hertz has reporting customers to the police for car theft and wrongly reporting cars stolen. This new evidence proves that Hertz dysfunctional company procedures and policies often result in false police reports and that Ms. Grady's case is not simply some one-off mistake.

84.     Hertz outrageously concealed this nationwide issue and refuses to correct the problem, despite having been told by multiple police departments that the company needs to fix its policies and practices immediately.

85.     Hertz repeatedly denied in the answer to the complaint, in depositions, and in its summary judgment motion that false police reporting had ever happened at Hertz. In fact, Hertz characterized the issue as, at worst, a one-time "glitches in the [computer] system that did not alert Hertz that the renter had called or payed [sic] for the vehicle" and stated "such a potential glitch does not amount to malice." See Hertz Motion for Summary Judgment, at ¶59-62.

86.     Hertz successfully argued that punitive damages should be dismissed at summary judgment because there no evidence that Hertz disregarded "a risk known to [it] or so obvious that he must be taken have been aware of it, and so great as to make highly probable that harm would follow." See id.

87.     Since the dismissal of punitive damages on January 19, 2017, Plaintiff has discovered proof that Hertz has a nationwide problem falsely reporting customers to the police for car theft and that, given how widespread the problem is, it absolutely had to have known that it was systematically filing false police reports in 2013. This also explains why Grady's rental records were destroyed.

Case ID: 151103380
Control No.: 17090690

88.     Specifically, the new evidence is that Plaintiff has discovered that Hertz has falsely reported at least three other customers to the police, as well as multiple vehicles, and that these false police reports are the result of the same knowingly defective and dysfunctional police reporting procedures at issue in this case. Several police authorities have simply stopped taking Hertz theft reports because they are so unreliable.

89.     The common themes connecting each case, and Ms. Grady's case, are:

(1)     a complete failure within the company to share critical information between corporate, branch, and security locations,

(2)     a complete failure to accurately keep records and track inventory,

(3)     a willful effort to ignore and circumvent Hertz's own theft reporting procedures designed to prevent false police, and

(4)     nonexistent or highly inadequate investigations.

90.     The locations of these false police reports are:

a.     Galveston, TX

b.     Indianapolis, IN/Madison, WI

c.     Louisville, Kentucky

d.     Pennsylvania (in addition to Ms. Grady)

**Jury Found Hertz Liable in January 2017 in Texas for Malicious Prosecution and Punitive Damages After Falsely Reporting and Imprisoning Man for Car Theft; Hertz Concealed this Lawsuit and Verdict from Plaintiff**

91.     In Texas a jury found in January 2017 that Hertz was liable for malicious prosecution for falsely reporting a man to the police for car theft. This jury verdict was $50,000 in compensatory damages for the man's one night in jail, and another $120,000 in punitive damages. See Exhibit 8 - Punitive Damages Jury Verdict and Complaint from Texas Malicious Prosecution Case Against Hertz.

Case ID: 151103380
Control No.: 17090690

92.     The verdict in the Texas case was returned on January 20, 2017, after the summary judgment ruling in this case. Id.

93.     The arrested man had his identity stolen and the identify thief used the man's identity to rent a car at a Hertz subsidiary in March 2014. The man called Hertz and notified Hertz in April 2014 that it was not him, that he had not rented the car, and that his identity was stolen. Id.

94.     However, even after notifying Hertz that his identity was stolen, a local Hertz employee nevertheless went to the police in May 2014 and reported this innocent man for car theft, resulting in his arrest and imprisonment for one night. Id.

95.     No one at Hertz corporate had taken any steps to make sure that this man's identity theft report was promulgated throughout the company, and plainly the Hertz employee who made the report had done either no investigation or a thoroughly inadequate investigation.

96.     This is exactly the same thing that happened in this case to Ms. Grady. Just as with Ms. Grady, Hertz knew that this man had not stolen the car (in Ms. Grady's case, Hertz even told the State Police she had not stolen the car and that the initial police report was a mistake).

97.     Nevertheless, because of Hertz's deficient procedures and failure to properly investigate the customers it reports to the police, this totally innocent man spent a night jail because Hertz local security office reported him to the police anyway.

98.     Note that Hertz's corporate designee falsely denied in a deposition in October 2016—while the 2015 Texas case was pending—that he knew of any other cases where Hertz had been sued for malicious prosecution:

Case ID: 151103380
Control No.: 17090690

| | |
|---|---|
| MR. MALOFIY: | Fourteen: Any information concerning Hertz having been sued for false imprisonment, malicious prosecution, potential infliction of emotional distress, or any other causative action stemming from Hertz reporting a rental car as having been taken, possessed without authorization by a customer? |
| JAUSSI | I'm not aware of any of those scenarios. |
| MR. MALOFIY: | Okay. Are you aware of Hertz being sued for improperly reporting a renter to police? |
| MR. WOLF: | Besides the present case? |
| MR. MALIFOY: | Yes. |
| JAUSSI: | Besides the present case, been at Hertz 12 years, never heard of it. |
| MR. MALOFIY: | Okay. Fifteen: Any information regarding Hertz having been accused of improperly reporting rental car as having been taken or possessed without authorization by customer? |
| JAUSSI: | Not that I'm aware of, outside of this case. |

See MSJ Exhibit 11 - Jaussi Deposition, at p.56-57.

99. Jaussi also falsely denied any knowledge of "malfunctions" with Hertz computer systems concerning the input of customer data or information:

| | |
|---|---|
| MR. MALOFIY: | Do you have any information regarding Number 3; documents, communications or things, electronic, paper, or any other format in your possession, access, control, including but not limited to texts, emails, faxes, voice mail, letters, notes, contracts, calendars, phone records, signed documents, that concern, errors, malfunctions, anomalies, or incorrect data input with the computer programs and systems used by Hertz Corporation, including but not limited to, errors, malfunctions, or other anomalies concerning the programs and systems that contain information related to Kelly Grady? |
| DESIGNEE: | Not that I recall or know of. |
| MR. MALOFIY: | Do you know of any errors or malfunctions in the Hertz computer systems which inputs customer data or information? |
| DESGINEE: | Not that I'm aware of. |

See MSJ Exhibit 11 - Jaussi Deposition, at p.48-49.

Case ID: 151103380
Control No.: 17090690

100.    Hertz's sworn interrogatory answers also denied there were any errors or malfunctions:

> 26.    Identify any errors, malfunctions, or other anomalies with the computer programs and systems run by The Hertz Corporation, including but not limited to errors, malfunctions, and/or other anomalies concerning the programs and systems that contain information relating to Kelly Grady.
>
> Response to 26. None.

<u>See</u> MSJ Exhibit 3 - Plaintiff's Interrogatories and Hertz Answers.

101.    There is no way that Hertz could have failed to have known in 2016 when Jaussi testified and Hertz answered the interrogatories, based on the Texas case alone, that (1) it had serious debilitating internal communications failures between corporate, location, and security locations, (2) extremely poor record keeping and inventory tracking, and (3) that it was not conducting sufficient investigations before reporting innocent individuals to the police.

102.    There is no way that Hertz and its attorneys did not know about this Texas case, and later about the verdict against Hertz for malicious prosecution and punitive damages. Despite knowing about the case, and the later verdict, Hertz gave false deposition answers and never updated or supplemented it discovery answers or deposition answers.

103.    Moreover, as discussed *infra*, police departments in at least Indianapolis and Louisville have reached out to Hertz in 2015 and 2016 to inform them that they are making false reports; none of this was disclosed by Hertz, and was only uncovered through sedulous and intense investigation by Plaintiff.

104.    Given that the Texas malicious prosecution and punitive damages verdict came after the summary judgment opinion, and given that Hertz concealed this Texas case, this is new evidence which creates a triable issue of fact for the jury on whether punitive damages should be

Case ID: 151103380
Control No.: 17090690

imposed and warrants the reinstatement of Plaintiff's claim for punitive damages.

105.    Hertz knows that it has a huge problem across the country but is obstinately and stubbornly refusing to fix it, which is putting additional customers at a huge risk. Punitive damages are needed to deter Hertz from continuing its outrageous and dangerous course of conduct.

**Hertz Falsely Reports Innocent Woman for Car Theft in Indianapolis When She Was Authorized to Have the Vehicle, Paid for the Rental, was in Contact with Hertz by Phone, and had Visited the Location with Vehicle—Exactly as What Happened in Plaintiff's Case; This was Concealed from Plaintiff**

106.    In the Indianapolis/Madison incident, Hertz's conduct was even worse than in Texas.

107.    A woman named Ramanda Van Pay rented a car from Hertz in Green Bay, WI. See Exhibit 1 - Affidavit of Ramanda Van Pay. During her rental she got a flat tire and took the car to the Hertz location at the Indianapolis Airport near where the flat occurred. Exhibit 1; Exhibit 2 - Van Pay Rental Documents Proving She Was Authorized to Possess Car. The Indianapolis Hertz location gave her a different car, a Hyundai Elantra, as part of her rental and told her when she got home to Wisconsin to check in with the Green Bay branch to make sure everything was okay.

108.    A vehicle exchange form was filled out at Hertz, identifying Van Pay's new vehicle. See Exhibit 2. Hertz's Rental Agreement System contains "rental notes" indicating that "Mechanical exchange in Indianapolis on 8/18 because of flat tire. New Unit # 1 293356. Indy gave customer vehicle exchange addendum form." Id.

**109.    Note that Ms. Grady saw the Hertz representative enter "rental notes" on her rental contract when she returned to the location on July 18, 2013, stating that she**

Case ID: 151103380
Control No.: 17090690

**would be returning the rental on July 22, 2013. These rental contract notes, and everything else relating to the rental, were destroyed and purged by Hertz. See MSJ Exhibit 2, at ¶6.**

110.    Ms. Van Pay did check in with the Green Bay branch, who told her to keep the car for the remainder of her rental. Exhibit 2. Ms. Van Pay, like Ms. Grady, repeatedly called both the local and corporate numbers to make sure she was authorized to have the car. Id. Like Ms. Grady, Van Pay visited the Hertz location to make sure her rental was okay on or around November 3, 2016. Like Ms. Grady, Van Pay had paid for the rental. Id.

111.    Van Pay also has screen shots of her phone showing the call she made to Hertz about her rental—just as the State Trooper Randy Kemmerling observed Grady had records on her phone showing she called Hertz the week before she was pulled over. See MSJ Exhibit 7 - State Police Report.

112.    Unbeknownst to Van Pay, the Indianapolis Hertz had reported the Elantra she was renting stolen approximately one month before. See Exhibit 3 - Indianapolis Police Report; Exhibit 4 - Criminal Docket for Van Pay; Exhibit 5 - Fond du Lac Sheriff's Records; Exhibit 6 - Additional Fond du Lac Sheriff's records.

113.    Despite having physically visited and called a Hertz location on or around November 3, 2016, Van Pay was pulled over and arrested on November 5, 2016. The Hertz location in Green Bay never told her the car was flagged or reported stolen; indeed, they told her that her rental was fine. Exhibit 1.

114.    Despite official Hertz notes in Hertz's computer system stating that Van Pay had switched her car to the Elantra, Hertz's dysfunctional record keeping system failed to share this information between corporate, local branches, and corporate security. See Exhibits 1-6.

Case ID: 151103380
Control No.: 17090690

115.    Please keep in mind that this is the same type of "failure to communicate" within Hertz that occurred in both Grady's case and the Texas case. Like Van Pay, Grady returned to the Hertz lot—in addition to contacting Hertz by phone—but Hertz's branch location failed to realize that there were allegedly issues with Van Pay or Grady's rental vehicles and that they had actually been reported stolen by hertz. It is outrageous and absurd that Hertz cannot even keep track of its vehicles and renters and reliably communicated between branches.

116.    Hertz needs to immediately suspend all vehicle theft reports in the wake of these revelations.

117.    As a result of Hertz's terrible record keeping and information sharing, the Indianapolis Hertz location told the police that the car Van Pay had been given had been stolen off the lot, an egregious misapprehension of the truth.

118.    Again, the reporting Hertz employee did no investigation to make sure that the police report was accurate, despite the Indianapolis location having given Van Pay the car, had her fill out the exchange form, and noted this fact in the rental system.

119.    It is know from the testimony of Hertz's designees in this case that Hertz locations do not conduct required investigations before reporting cars to the police.

120.    It is simply astounding that the Indianapolis Hertz could have given Van Pay a rental car, but then reported that same car stolen shortly thereafter.

121.    To recap, just as in Ms. Grady's case, no one at Hertz in the Green Bay branch or anywhere else realized that (1) the car Van Pay was renting had been reported stolen by Hertz, and (2) that Van Pay had returned to a Hertz location with the very rental vehicle considered stolen and also communicated by phone but was never told the vehicle was considered stolen.

Case ID: 151103380
Control No.: 17090690

122.    Note that Hertz is claiming in this case that all locations would know through the computer system when a car is flagged; plainly the Van Pay and Grady cases show this is not true.

123.    Hertz knows that its system is wildly dysfunctional and not accurately keeping track of its inventory, yet is pretending that everything is fine.

124.    As a result of Hertz's dysfunctional and reckless conduct, Van Pay was arrested and spent three days in prison.

125.    The charges were dismissed when the prosecutor in Madison, WI and the police in Indianapolis, IN realized that Hertz had completely screwed up that and that Van Pay had not stolen the car. Exhibit 4.

126.    The Indianapolis Airport Police have indicated that Van Pay is not the only false police report by Hertz. See Exhibit 1.

127.    The Airport Police have indicated that a businessman was arrested in Pennsylvania because of a false Hertz car theft police report, as well as others.

128.    As a result, the Indianapolis Airport Police no longer consider Hertz theft reports valid and reliable and refuse to enter them on the NCIC. See Exhibit 1.

**Louisville Regional Airport Police Refuse to Accept Hertz Theft Reports Because They Are Unreliable and Inaccurate; Hertz Not Only Concealed these False Reports from Plaintiff, but also Concealed that the Police Specifically Contacted Hertz's Corporate Security Division to Complain about the False Police Reports**

129.    The Louisville Regional Airport Police also have experienced the same problems with Hertz, concerning its dysfunctional and broken information sharing and record keeping. See Exhibit 7.

130.    Police records shows that the Hertz location in Louisville reported multiple cars stolen off its lot. Several of these reported cars were later reported found on Hertz lots, meaning

Case ID: 151103380
Control No.: 17090690

Hertz had simply lost the cars in their own inventory. See Exhibit 7.

131.    Note that this is exactly why Van Pay was arrested in Wisconsin, because Hertz reported a car stolen that it improperly not kept track of. Note that Hertz also failed to keep track of Grady's car when she returned to the Hertz lot on July 18, 2013.

132.    Not only does this show a total and complete failure of record keeping and information sharing between corporate, branch, and security locations, but it demonstrates that Hertz is barely, if at all, investigating its car theft reports before they are submitted to the police.

133.    The total record keeping failure, internal communication failure, failure to track inventory, and failure to investigate are the same reasons Grady was falsely reported.

134.    Hertz is using the police as a repo service, willfully and recklessly ignoring that these false police reports will result in the arrest and imprisonment of their own customers.

135.    A Hertz employee in Nashville, Tennessee told the Louisville Regional Airport Police in June 2015 that Hertz *internally knows of the problem* that branch locations cannot keep track of inventory and are making false police reports without proper investigation:

> Off. Hairgrove spoke to a Hertz sales rep in Nashville who confirmed they received a car from a customer that was originally rented in Louisville back in March. It sat. on his lot for 60 days until it was sold 6/6 to a car lot in Hopkinsville, KY. We took a report on 3/25 from Hertz that this was stolen missing from their inventory.

> After that, we did a complete search online of all VIN #'sin the stolen auto database and got a return Of 2 more Hertz autos believed to have been sold or scrapped. **The Nashville Hertz rep commented that Louisville office is horrible with their paperwork and vehicle tracking**.

> **Until Hertz corporate takes some action with their Louisville lot and personnel, I recommend that we suspend taking stolen auto reports for Hertz for "missing inventory" unless they physically see someone steal an auto, have evidentiary proof of such or obviously non returns that warrants have been taken. Hairgrove has reached out to their Corporate Security office**.

Case ID: 151103380
Control No.: 17090690

<u>See</u> Exhibit 7 (emphasis added).

136.    Needless to say, this explosive fact that Hertz has known internal problems when falsely reporting cars stolen was not disclosed in discovery in 2016.

137.    Hertz's designee and attorneys never disclosed this fact. Plaintiff had no way to obtain this information until after the summary judgment order in January 2017.

138.    The Louisville Regional Airport Police, just like their Indianapolis counterparts, now also refuse to enter Hertz theft reports into the NCIC because of these repeated false reports.

139.    All of this is brand new information which Hertz concealed from Plaintiff, and which creates a triable issue of fact for a jury on punitive damages.

140.    Plaintiff also notes that the initial decision to dismiss punitive damages was clearly erroneous given the unambiguous testimony of Hertz's designees that Hertz does not conduct required investigations before going to the police.

141.    What is happening to Hertz's customers is no accident, and is not the result of a one-time glitch. Hertz has known for quite some time that it is making entirely unsupportable police reports based on nonexistent and deficient investigations, coupled with outrageously poor record keeping and information sharing within the company.

142.    When a company operates like Hertz does, false police reports such as what happened to Ms. Grady and Ms. Van Pay are inevitable. Hertz is playing Russian Roulette with its customers' lives.

143.    Punitive damages are warranted not only to deter future conduct, but also to punish Hertz for its duplicitous and dishonest behavior in attempting to cover up this massive,

Case ID: 151103380
Control No.: 17090690

nationwide problem.

      WHEREFORE, Plaintiff respectfully requests this Honorable Court grant Plaintiff's Motion for Punitive Damages.

<div align="center">*****</div>

*Respectfully submitted,*

FRANCIS ALEXANDER, LLC

*/s/ Francis Malofiy*

Francis Malofiy, Esquire
Attorney ID No.: 208494
280 N. Providence Road | Suite 1
Media, PA 19063
T:  (215) 500-1000
F:  (215) 500-1005
*Law Firm / Lawyer for Plaintiffs*

*/d/ September 6, 2017*

Case ID: 151103380
Control No.: 17090690

Francis Alexander, LLC
Francis Malofiy, Esquire
Attorney ID No.: 208494
280 N. Providence Road | Suite 1
Media, PA 19063
T: (215) 500-1000
F: (215) 500-1005
*Law Firm / Lawyer for Plaintiff*

The Court of Common Pleas
Philadelphia County, Pennsylvania

---

Kelly A. Grady

*Plaintiff*

vs.

The Hertz Corporation;

Hertz Rent-A-Car Philadelphia Intl. Airport;

John Doe(s)[5]

*Defendants*

| |
|---|
| Action Commenced By: Writ of Summons On: November 23, 2015 |
| November Term, 2015 |
| Civil Action No.: 151103380 |
| Complaint filed: February 22, 2016 |
| Causes of Action: Malicious Prosecution False Imprisonment Int. Infliction of Emotional Distress |
| *Jury Trial Demanded* |

---

## Plaintiff's Memorandum in Support of Motion for Reconsideration on Punitive Damages

This is a malicious prosecution, false imprisonment, and intentional infliction of emotional distress lawsuit against The Hertz Corporation who filed a false car theft report against Plaintiff Kelly A. Grady and had her thrown in jail for 12 days and prosecuted for 11 months.

Plaintiff has recently discovered overwhelming evidence that Hertz—**with an absolute**

---

[5] Manager(s) at Hertz Rent-A-Car Philadelphia Intl. Airport from March 2013 to June 2014.

Case ID: 151103380
Control No.: 17090690

**reckless indifference to the rights of its customers**—has been concealing that it has a nationwide problem falsely reporting its paying customers to police for car theft. Hertz does little to no investigation before reporting its customers to the authorities and, worse, its employees are told to disregard Hertz's standard operating procedures—specifically designed to prevent false police reports and false arrests of its customers—which mandate that an investigation take place. Tragically, this is a serious nationwide problem—***concealed by Hertz throughout this litigation[6]***—whereby multiple police departments had to confront Hertz concerning this serious issue. Hertz needs to suspend all vehicle theft reports in light of these serious revelations.

None of this was disclosed by Hertz despite Hertz being asked in discovery if this was a known issue, and was only recently uncovered through sedulous and intense investigation by Plaintiff. Given that punitive damages were dismissed without explanation at summary judgment, see Exhibit 9, this new evidence warrant reconsideration and reinstatement of punitive damages. In addition, Plaintiff has requested a negative inference against Hertz for admitting to outrageously purging all of Grady's rental and payment information (which proved she did not steal the car); if and when such an inference is granted—an issue not before the summary judgment judge—it is also grounds for reconsideration of the dismissal of punitive damages.

Hertz, driven by a profit motive, acted maliciously, willfully, intentionally, and recklessly in flouting its very own standard operating procedures designed to prevent throwing innocent people in jail. This is a nationwide problem being dealt with by multiple police departments in at least five different states: **Pennsylvania, Indiana, Wisconsin, Kentucky,** and **Texas**.

---

[6] Please Note: none of this information could have been discovered before the punitive damages claims were dismissed on January 19, 2017.

Case ID: 151103380
Control No.: 17090690

The same problems have caused all of the incidents, including Ms. Grady's:

(1)    Failure to do adequate investigations;

(2)    Failure to follow standard operating procedures to prevent false police reports;

(3)    Failure to share critical information between corporate, branch, and security;

(4)    Failure to accurately keep records and track inventory.

Hertz's reckless and malicious conduct, where it has failed to correct known and serious problems for the purpose of protecting its bottom line, is exactly the type of conduct which warrants punitive damages and the reconsideration of the prior order dismissing punitive damages at summary judgment.

## HERTZ FALSELY REPORTS INNOCENT WOMAN FOR CAR THEFT

### *LOCATION: INDIANAPOLIS, INDIANA*

➢ She Was Authorized to Have the Vehicle.

➢ Paid for the Rental;

➢ Contacted Hertz by Phone, and had

➢ Visited Hertz Location with Vehicle

➢ Exactly as What Happened in Plaintiff's Case

➢ Hertz concealed this from Plaintiff

A woman named Ramanda Van Pay rented a car with Hertz in Green Bay and, after getting a flat tire, exchanged the vehicle for a new one in Indianapolis. See Exhibit 1 - Affidavit of Ramanda Van Pay. Van Pay was given an exchange form, and the exchange was noted in Hertz's rental system. See Exhibit 2. Van Pay called and visited the Green Bay location after exchanging the car in Indianapolis for a Hyundai Elantra as directed by Hertz, and was assured her rental was fine by her contact in Green Bay, Hertz representative Ryan Hogan. Id. However, outrageously, the Indianapolis Hertz falsely reported the Elantra given to Van Pay as stolen, having totally failed to record and share Van Pay's updated rental information—and having failed to conduct any real investigation before making the report. See Exhibit 3 - Indianapolis Police Report; Exhibit 5 - Fond Du Lac Sheriff's Records; Exhibit 6 - Additional Fond Du Lac Sheriff's Records. Despite Hertz corporate issuing a theft report for the car, Green Bay never knew nor was informed that the car given to Van Pay was reported stolen or told her anything was wrong, demonstrating a serious gap or error in Hertz's computer systems and policies.

As a result of Hertz's reckless and outrageous conduct, Van Pay was arrested without any

Case ID: 151103380
Control No.: 17090690

probable cause and thrown in jail for three days. See Exhibit 1; Exhibit 3; Exhibit 4 - Criminal Docket; Exhibit 5; Exhibit 6. Once the prosecutor in Fond du Lac County and the police in Indianapolis realized that Van Pay had done nothing wrong and had valid rental documents, they immediately dropped the prosecution. See Exhibit 1; Exhibit 2; Exhibit 4.

The Indianapolis police have reported a systemic problem with Hertz car theft reports, they have stated that a businessman was also wrongfully arrested in Pennsylvania due to a false Hertz theft report, and they have also stopped entering Hertz police reports in the NCIC due to their unreliability. See Exhibit 1. Plaintiff believes there are additional false reports by Hertz at the Indianapolis branch and other locations.

## JURY FOUND HERTZ LIABLE IN JANUARY 2017 FOR MALICIOUS PROSECUTION AND PUNITIVE DAMAGES AFTER FALSELY REPORTING AND IMPRISONING MAN FOR CAR THEFT

### *Location: Galveston, Texas*

> ➤ Hertz Concealed this Lawsuit and Verdict from Plaintiff

A man named Michael Gray had his identity stolen and the thief used his information to rent a car from Hertz in March 2014. See Exhibit 8 - Punitive Damages Jury Verdict and Complaint Against Hertz. Gray reported the theft of his identity to Hertz in April 2014 and made it clear that he had not rented the car. However, outrageously, Hertz reported Gray to the police for car theft in May 2015 anyway, resulting in Gray's wrongful arrest and imprisonment. Plainly, Hertz's record keeping, record sharing, and investigation of car thefts is severely and knowingly deficient. The jury returned a verdict of $50,000 for the one night Mr. Gray spent in jail, and $120,000 in punitive damages.

Just as in Ms. Grady's case, Hertz corporate knew that Grady had not stolen the car, but a local Hertz branch went and reported Ms. Grady and Mr. Gray to the police anyway.

## LOUISVILLE REGIONAL AIRPORT POLICE REFUSE TO ACCEPT HERTZ THEFT REPORTS BECAUSE THEY ARE UNRELIABLE AND INACCURATE

### *Location: Louisville, Kentucky*

> ➤ Hertz concealed these false reports from Plaintiff

> ➤ Hertz concealed that police specifically contacted Hertz's Corporate Security Division to complain about the false police reports.

The Louisville Regional Airport Authority has also stopped inputting Hertz police reports into the NCIC due to their unreliability. See Exhibit 7 - Louisville Regional Airport Authority Records. In 2015, Hertz in Louisville reported several vehicles missing as stolen from their inventory. However, Hertz was then forced to admit that they had then found the vehicles sitting on their own lots and had simply lost vehicles due to poor record keeping and information sharing. Remember, this is the exact same problem why Ms.

Case ID: 151103380
Control No.: 17090690

Van Pay was arrested, and intimately related to Ms. Grady's false arrest.

Astonishingly, a Hertz employee in Nashville informed the Louisville Regional Airport Authority that **Hertz internally knew that it has a major problem with losing vehicles and falsely reporting those vehicles as stolen but had not addressed it**. Id.

It cannot be overlooked that all of this evidence was concealed by Hertz despite Plaintiff specifically asking Hertz this information in discovery. Hertz repeatedly claimed in its answer to the complaint, its summary judgment motion, and in discovery that it had no internal theft reporting issues or errors, but that if Hertz had erroneously reported Grady to the police that it was just a one-time "glitch." These systemic false police reports, which are only the ones that Plaintiff has been able to find, conclusively demonstrate that Hertz knows that it has a serious problem but concealed the issue in discovery.[7] In addition, a negative inference should be granted against Hertz for concealing these incidents.

Plaintiff notes for the Court that the failures of Hertz present in the newly discovered false theft reports from across the nation, are also present in the material facts of this case which that Hertz's conduct was outrageous, intentional, reckless, and needlessly put Ms. Grady's life in jeopardy:

a. **First,** Hertz told the Pennsylvania state police that Ms. Grady had not stolen the car, that the police report was "miscommunication," and that to the extent there was an issue it was civil in nature—but Hertz nevertheless continued to have the Philadelphia police and district attorney's office arrest, imprison, and prosecute

---

[7] This case closely mirrors the recent Burgos v. Philabundance case. See Attached Order of the Superior Court. That was a malicious prosecution case in the Philadelphia Court of Common Pleas, in front of The Honorable John Younge where the defendant had (1) done no investigation prior to reporting to the police, (2) provided false information to the police, and (3) omitted important facts from the police report (the same as in this case). All these failures amounted to recklessness, malice, lack of probable cause, and punitive damages. Punitive damages were heard and assessed by the jury, then affirmed by the Superior Court, for a total verdict of $500,000. Where there are causes of action like malicious prosecution, where the legal standard is nearly equivalent as punitive damages, the question of punitive damages should be left to the jury.

Case ID: 151103380
Control No.: 17090690

Ms. Grady despite admitting there was no probable cause to do so. <u>See generally</u> MSJ Exhibit 7 - State Trooper Kemmerling's Report.

b.    **Second**, Hertz admits that it ***routinely*** reports its customers to the police for felonies without conducting any investigation at the branch level. <u>See</u> MSJ Exhibit 8 - Livingston Depo., at p.252; MSJ Exhibit 11 - Jaussi Depo., at p.70.

c.    **Third,** Hertz has written policies mandating that its corporate security managers conduct investigations at the branch level (showing that Hertz knows it should not be reporting customers to the police without investigation), but Hertz's designees admitted that they have "marching orders" to ignore the written policies. <u>See</u> MSJ Exhibit 8 - Livingston Depo.; MSJ Exhibit 9 - Hertz Theft Reporting Procedures. Hertz even admitted that its only redundancy to prevent falsely reporting customers was the written policies—which it testified it routinely ignores. <u>See</u> MSJ Exhibit 3 - Hertz Discovery Answers, at ¶36.

d.    **Fourth,** Ms. Grady's phone and bank records demonstrate that she was in constant contact with Hertz and had paid on two separate occasions a total of over $4,200 for the rental. This directly contradicts Hertz headquarters's "theft package" given to the police which stated Grady had not contacted Hertz or paid for the rental since April 17, 2013. <u>See</u> MSJ Exhibit 5 - Grady Phone Records; MSJ Exhibit 6 - Grady TD Bank Records.

e.    **Fifth,** Grady physically returned to the Philadelphia Airport Hertz location on or around July 18, 2013, and was authorized to leave the Hertz location with the Yukon. <u>See</u> MSJ Exhibit 2 - Grady Interrogatory Answers, at¶6. Hertz's designees admit that they have no information whatsoever to dispute this fact. <u>See</u> MSJ Exhibit 11 - Jaussi Deposition, at p.203 (stating that Hertz did no investigation to determine whether Grady returned to the Hertz location on July 18, 2013, and had no reason to dispute Grady's statement).

f.    **Sixth**, Hertz's corporate security team in fact conducted no investigation concerning Ms. Grady and the Yukon at the branch level before reporting her to the police for car theft. <u>See</u> MSJ Exhibit 3 - Hertz Discovery Answers, at ¶17, 21.

g.    **Seventh,** at no point following July 22, 2013, until the case against Ms. Grady was dismissed in June 2014, did Hertz withdraw the criminal complaint it had lodged against Ms. Grady—and which Hertz had already admitted to the State Police was not correct or make any attempt to correct the false statements and material omissions. <u>See</u> MSJ Exhibit 4 - Grady Criminal Docket.

h.    **Eighth,** Hertz admitted that it "purged" all Grady's rental information, including her payments on the rental contract, without any explanation despite the fact that it initiated a criminal case against her for car theft. See MSJ Exhibit 11 - Jaussi Deposition, at p.37-38. A negative inference should be granted against Hertz by the trial judge for this outrageous destruction of evidence designed to prejudice Plaintiff's case.

Case ID: 151103380
Control No.: 17090690

Both Hertz's egregious and reckless conduct that is the subject of this case, its destruction of Grady's critical rental records, and the new evidence recently uncovered and concealed by Hertz, establish that there is a jury question on punitive damages because Hertz is recklessly making car theft police reports it knows are not true.

## I. LEGAL STANDARD FOR PUNITIVE DAMAGES AND RECONSIDERATION

In light of the outrageous and duplicitous nature of Defendant's conduct Plaintiff now moves to reconsider the prior decision dismissing punitive damages and/or amend his complaint to add punitive damages to the ad damnum clause. Pennsylvania law permits the recovery of punitive damages against a defendant who engages in conduct that is "outrageous, because of the defendant's reckless indifference of the rights of others." FHV Coal, Inc. v. Continental Grain Company, 587 A.2d 702, 704 (Pa. 1991).

Reckless indifference means that "the actor has intentionally done an act of an unreasonable character, in disregard of a risk known to him or so obvious that he must be taken to have been aware of it, and so great as to make it highly probable that harm would follow." Evans v. Philadelphia Transportation Company, 418 Pa. 567, 574, 212 A.2d 440, 443 (Pa. 1965); see also Smith v. Brown, 283 Pa. Super. 116, 423 A.2d 743 (Pa. Super. 1980).

Where there is sufficient evidence for a jury to reasonably conclude that a defendant has engaged in outrageous and reckless conduct, the question of whether the defendant is liable for punitive damages is properly decided by the jury. Martin v. Johns-Manville Corporation, 494 A.2d 1088 (Pa. 1985).

A prior decision may be reconsidered if the prior decision was plainly erroneous and/or new facts are uncovered and/or there is a change in the law. See Baker v. Cambridge Chase, Inc.,

Case ID: 151103380
Control No.: 17090690

1999 PA Super 9, P65 (Pa. Super. Ct. 1999).

Defendant's conduct was outrageous and reckless—as the evidence presented above clearly demonstrates—and whether punitive damages should be assessed must be decided by a jury. Moreover, Hertz concealed evidence from plaintiff and the court to fraudulently obtain the dismissal of Plaintiff's punitive damages claim in the first place.

## II.   APPLICATION – THE EVIDENCE CLEARLY DEMONSTRATES OUTRAGEOUS AND RECKLESS CONDUCT ON THE PART OF DEFENDANT WARRANTING PUNITIVE DAMAGES

### a.   Prior Decision was Plainly Erroneous Given How Recklessly Hertz Acted and the Known Consequences of False Police Reports

The prior decision dismissing punitive damages was plainly erroneous on the record at summary judgment because Hertz admitted that it deliberately does not conduct investigations required by company policy necessary to insure that its customers were not falsely reported to the police for car theft. This is highly reckless conduct in and of itself, which creates a question of fact for a jury on punitive damages. Furthermore, the evidence indicating that Hertz knowingly and falsely reported Grady to the police for cart theft on July 23, 2013, despite having told the Pa. State Police on July 22, 2013, she had not stolen the car. This was not some simple oversight, but the product of a reckless course of conduct which would assuredly result in false police reports.

This case closely mirrors the recent Burgos v. Philabundance case. See Attached Order of the Superior Court. That was a malicious prosecution case in the Philadelphia Court of Common Pleas, in front of The Honorable John Younge where the defendant had (1) done no investigation prior to reporting to the police, (2) provided false information to the police, and (3) omitted important facts from the police report (the same as in this case). All these failures amounted to recklessness, malice, lack of probable cause, and punitive damages. Punitive damages were heard

Case ID: 151103380
Control No.: 17090690

and assessed by the jury, then affirmed by the Superior Court, for a total verdict of $500,000. Where there are causes of action like malicious prosecution, where the legal standard is nearly equivalent as punitive damages, the question of punitive damages should be left to the jury.

### b. The Prior Decision Should be Reconsidered Because the Negative Inference Against Hertz for Destroying Ms. Grady's Rental Records had Not Yet Been Decided at Summary Judgment

The prior decision should also be reconsidered because, at summary judgment, the Court did not decide whether a negative inference should be assessed against Hertz for admittedly destroying Plaintiff's rental records. This is a determination left for the trial judge.

Because this inference is left for the trial judge, if this court decides that a negative inference and spoliation instruction is warranted—as it is here—then that negative spoliation inference constitutes new evidence warranting reconsideration of the prior order. Plaintiff has a pending motion in limine on this issue which Plaintiff incorporates by reference. See also MSJ Exhibit 11 - Jaussi Deposition, at p.37-38.

When Hertz's absurd and outrageous conduct leading to Grady's prosecution and imprisonment are taken into account, and then considered in combination with the intentional destruction of Grady's rental records, a clear triable issue of fact exists for the jury on punitive damages.

### c. New Evidence Concealed by Hertz Indicates that Hertz has a Nationwide, Systemic Problem with False Police Reports and that Ms. Grady's Imprisonment is Predictable Result of Hertz's Outrageously Deficient Conduct

In addition to these reasons for reconsideration, Plaintiff has uncovered new evidence of a systemic, nationwide problem Hertz has reporting customers to the police for car theft and wrongly reporting cars stolen. This new evidence proves that Hertz dysfunctional company

Case ID: 151103380
Control No.: 17090690

procedures and policies often result in false police reports and that Ms. Grady's case is not simply some one-off mistake.

Hertz outrageously concealed this nationwide issue and refuses to correct the problem, despite having been told by multiple police departments that the company needs to fix its policies and practices immediately. Hertz repeatedly denied in the answer to the complaint, in depositions, and in its summary judgment motion that false police reporting had ever happened at Hertz. In fact, Hertz characterized the issue as, at worst, a one-time "glitches in the [computer] system that did not alert Hertz that the renter had called or payed [sic] for the vehicle" and stated "such a potential glitch does not amount to malice." See Hertz Motion for Summary Judgment, at ¶59-62.

Hertz successfully argued that punitive damages should be dismissed at summary judgment because there no evidence that Hertz disregarded "a risk known to [it] or so obvious that he must be taken have been aware of it, and so great as to make highly probable that harm would follow." See id. Since the dismissal of punitive damages on January 19, 2017, Plaintiff has discovered proof that Hertz has a nationwide problem falsely reporting customers to the police for car theft and that, given how widespread the problem is, it absolutely had to have known that it was systematically filing false police reports in 2013. This also explains why Grady's rental records were destroyed.

Specifically, the new evidence is that Plaintiff has discovered that Hertz has falsely reported at least three other customers to the police, as well as multiple vehicles, and that these false police reports are the result of the same knowingly defective and dysfunctional police reporting procedures at issue in this case. Several police authorities have simply stopped taking

Case ID: 151103380
Control No.: 17090690

Hertz theft reports because they are so unreliable.

The common themes connecting each case, and Ms. Grady's case, are:

(1)    a complete failure within the company to share critical information between corporate, branch, and security locations,

(2)    a complete failure to accurately keep records and track inventory,

(3)    a willful effort to ignore and circumvent Hertz's own theft reporting procedures designed to prevent false police, and

(4)    nonexistent or highly inadequate investigations.

The locations of these false police reports are:

i.    Galveston, TX

j.    Indianapolis, IN/Madison, WI

k.    Louisville, Kentucky

l.    Pennsylvania (in addition to Ms. Grady)

**Jury Found Hertz Liable in January 2017 in Texas for Malicious Prosecution and Punitive Damages After Falsely Reporting and Imprisoning Man for Car Theft; Hertz Concealed this Lawsuit and Verdict from Plaintiff**

In Texas a jury found in January 2017 that Hertz was liable for malicious prosecution for falsely reporting a man to the police for car theft. This jury verdict was $50,000 in compensatory damages for the man's one night in jail, and another $120,000 in punitive damages. See Exhibit 8 - Punitive Damages Jury Verdict and Complaint from Texas Malicious Prosecution Case Against Hertz. The verdict in the Texas case was returned on January 20, 2017, after the summary judgment ruling in this case. Id.

The arrested man had his identity stolen and the identify thief used the man's identity to rent a car at a Hertz subsidiary in March 2014. The man called Hertz and notified Hertz in April 2014 that it was not him, that he had not rented the car, and that his identity was stolen. Id.

However, even after notifying Hertz that his identity was stolen, a local Hertz employee nevertheless went to the police in May 2014 and reported this innocent man for car theft, resulting in his arrest and imprisonment for one night. Id.

No one at Hertz corporate had taken any steps to make sure that this man's identity theft report was promulgated throughout the company, and plainly the Hertz employee who made the report had done either no investigation or a thoroughly inadequate investigation. This is exactly the same thing that happened in this case to Ms. Grady. Just as with Ms. Grady, Hertz knew that this man had not stolen the car (in Ms. Grady's case, Hertz even told the State Police she had not stolen the car and that the initial police report was a mistake).

Nevertheless, because of Hertz's deficient procedures and failure to properly investigate the customers it reports to the police, this totally innocent man spent a night jail because Hertz local security office reported him to the police anyway. Note that Hertz's corporate designee falsely denied in a deposition in October 2016—while the 2015 Texas case was pending—that he knew of any other cases where Hertz had been sued for malicious prosecution:

| | |
|---|---|
| MR. MALOFIY: | Fourteen: Any information concerning Hertz having been sued for false imprisonment, malicious prosecution, potential infliction of emotional distress, or any other causative action stemming from Hertz reporting a rental car as having been taken, possessed without authorization by a customer? |
| JAUSSI | I'm not aware of any of those scenarios. |
| MR. MALOFIY: | Okay. Are you aware of Hertz being sued for improperly reporting a renter to police? |
| MR. WOLF: | Besides the present case? |
| MR. MALIFOY: | Yes. |
| JAUSSI: | Besides the present case, been at Hertz 12 years, never heard of it. |
| MR. MALOFIY: | Okay. Fifteen: Any information regarding Hertz having been |

Case ID: 151103380
Control No.: 17090690

> accused of improperly reporting rental car as having been taken or possessed without authorization by customer?

JAUSSI:             Not that I'm aware of, outside of this case.

<u>See</u> MSJ Exhibit 11 - Jaussi Deposition, at p.56-57.

Jaussi also falsely denied any knowledge of "malfunctions" with Hertz computer systems concerning the input of customer data or information:

MR. MALOFIY:        Do you have any information regarding Number 3; documents, communications or things, electronic, paper, or any other format in your possession, access, control, including but not limited to texts, emails, faxes, voice mail, letters, notes, contracts, calendars, phone records, signed documents, that concern, errors, malfunctions, anomalies, or incorrect data input with the computer programs and systems used by Hertz Corporation, including but not limited to, errors, malfunctions, or other anomalies concerning the programs and systems that contain information related to Kelly Grady?

DESIGNEE:           Not that I recall or know of.

MR. MALOFIY:        Do you know of any errors or malfunctions in the Hertz computer systems which inputs customer data or information?

DESGINEE:           Not that I'm aware of.

<u>See</u> MSJ Exhibit 11 - Jaussi Deposition, at p.48-49. Hertz's sworn interrogatory answers also denied there were any errors or malfunctions:

26.     Identify any errors, malfunctions, or other anomalies with the computer programs and systems run by The Hertz Corporation, including but not limited to errors, malfunctions, and/or other anomalies concerning the programs and systems that contain information relating to Kelly Grady.

Response to 26. None.

<u>See</u> MSJ Exhibit 3 - Plaintiff's Interrogatories and Hertz Answers.

There is no way that Hertz could have failed to have known in 2016 when Jaussi testified and Hertz answered the interrogatories, based on the Texas case alone, that (1) it had serious

Case ID: 151103380
Control No.: 17090690

debilitating internal communications failures between corporate, location, and security locations, (2) extremely poor record keeping and inventory tracking, and (3) that it was not conducting sufficient investigations before reporting innocent individuals to the police.

There is no way that Hertz and its attorneys did not know about this Texas case, and later about the verdict against Hertz for malicious prosecution and punitive damages. Despite knowing about the case, and the later verdict, Hertz gave false deposition answers and never updated or supplemented it discovery answers or deposition answers. Moreover, as discussed *infra*, police departments in at least Indianapolis and Louisville have reached out to Hertz in 2015 and 2016 to inform them that they are making false reports; none of this was disclosed by Hertz, and was only uncovered through sedulous and intense investigation by Plaintiff.

Given that the Texas malicious prosecution and punitive damages verdict came after the summary judgment opinion, and given that Hertz concealed this Texas case, this is new evidence which creates a triable issue of fact for the jury on whether punitive damages should be imposed and warrants the reinstatement of Plaintiff's claim for punitive damages. Hertz knows that it has a huge problem across the country but is obstinately and stubbornly refusing to fix it, which is putting additional customers at a huge risk. Punitive damages are needed to deter Hertz from continuing its outrageous and dangerous course of conduct.

**Hertz Falsely Reports Innocent Woman for Car Theft in Indianapolis When She Was Authorized to Have the Vehicle, Paid for the Rental, was in Contact with Hertz by Phone, and had Visited the Location with Vehicle—Exactly as What Happened in Plaintiff's Case; This was Concealed from Plaintiff**

In the Indianapolis/Madison incident, Hertz's conduct was even worse than in Texas. A woman named Ramanda Van Pay rented a car from Hertz in Green Bay, WI. See Exhibit 1 - Affidavit of Ramanda Van Pay. During her rental she got a flat tire and took the car to the Hertz

location at the Indianapolis Airport near where the flat occurred. Exhibit 1; Exhibit 2 - Van Pay Rental Documents Proving She Was Authorized to Possess Car. The Indianapolis Hertz location gave her a different car, a Hyundai Elantra, as part of her rental and told her when she got home to Wisconsin to check in with the Green Bay branch to make sure everything was okay.

A vehicle exchange form was filled out at Hertz, identifying Van Pay's new vehicle. See Exhibit 2. Hertz's Rental Agreement System contains "rental notes" indicating that "Mechanical exchange in Indianapolis on 8/18 because of flat tire. New Unit # 1 293356. Indy gave customer vehicle exchange addendum form." Id. **Note that Ms. Grady saw the Hertz representative enter "rental notes" on her rental contract when she returned to the location on July 18, 2013, stating that she would be returning the rental on July 22, 2013. These rental contract notes, and everything else relating to the rental, were destroyed and purged by Hertz. See MSJ Exhibit 2, at ¶6.**

Ms. Van Pay did check in with the Green Bay branch, who told her to keep the car for the remainder of her rental. Exhibit 2. Ms. Van Pay, like Ms. Grady, repeatedly called both the local and corporate numbers to make sure she was authorized to have the car. Id. Like Ms. Grady, Van Pay visited the Hertz location to make sure her rental was okay on or around November 3, 2016. Like Ms. Grady, Van Pay had paid for the rental. Id. Van Pay also has screen shots of her phone showing the call she made to Hertz about her rental—just as the State Trooper Randy Kemmerling observed Grady had records on her phone showing she called Hertz the week before she was pulled over. See MSJ Exhibit 7 - State Police Report.

Unbeknownst to Van Pay, the Indianapolis Hertz had reported the Elantra she was renting stolen approximately one month before. See Exhibit 3 - Indianapolis Police Report;

Case ID: 151103380
Control No.: 17090690

Exhibit 4 - Criminal Docket for Van Pay; Exhibit 5 - Fond du Lac Sheriff's Records; Exhibit 6 - Additional Fond du Lac Sheriff's records. Despite having physically visited and called a Hertz location on or around November 3, 2016, Van Pay was pulled over and arrested on November 5, 2016. The Hertz location in Green Bay never told her the car was flagged or reported stolen; indeed, they told her that her rental was fine. Exhibit 1. Despite official Hertz notes in Hertz's computer system stating that Van Pay had switched her car to the Elantra, Hertz's dysfunctional record keeping system failed to share this information between corporate, local branches, and corporate security. See Exhibits 1-6.

Please keep in mind that this is the same type of "failure to communicate" within Hertz that occurred in both Grady's case and the Texas case. Like Van Pay, Grady returned to the Hertz lot—in addition to contacting Hertz by phone—but Hertz's branch location failed to realize that there were allegedly issues with Van Pay or Grady's rental vehicles and that they had actually been reported stolen by hertz. It is outrageous and absurd that Hertz cannot even keep track of its vehicles and renters and reliably communicated between branches.

Hertz needs to immediately suspend all vehicle theft reports in the wake of these revelations. As a result of Hertz's terrible record keeping and information sharing, the Indianapolis Hertz location told the police that the car Van Pay had been given had been stolen off the lot, an egregious misapprehension of the truth.

Again, the reporting Hertz employee did no investigation to make sure that the police report was accurate, despite the Indianapolis location having given Van Pay the car, had her fill out the exchange form, and noted this fact in the rental system.

It is know from the testimony of Hertz's designees in this case that Hertz locations do not

Case ID: 151103380
Control No.: 17090690

conduct required investigations before reporting cars to the police. It is simply astounding that the Indianapolis Hertz could have given Van Pay a rental car, but then reported that same car stolen shortly thereafter.

To recap, just as in Ms. Grady's case, no one at Hertz in the Green Bay branch or anywhere else realized that (1) the car Van Pay was renting had been reported stolen by Hertz, and (2) that Van Pay had returned to a Hertz location with the very rental vehicle considered stolen and also communicated by phone but was never told the vehicle was considered stolen. Note that Hertz is claiming in this case that all locations would know through the computer system when a car is flagged; plainly the Van Pay and Grady cases show this is not true. Hertz knows that its system is wildly dysfunctional and not accurately keeping track of its inventory, yet is pretending that everything is fine. As a result of Hertz's dysfunctional and reckless conduct, Van Pay was arrested and spent three days in prison.

The charges were dismissed when the prosecutor in Madison, WI and the police in Indianapolis, IN realized that Hertz had completely screwed up and that Van Pay had not stolen the car. Exhibit 4.  The Indianapolis Airport Police have indicated that Van Pay is not the only false police report by Hertz. See Exhibit 1.

The Airport Police have indicated that a businessman was arrested in Pennsylvania because of a false Hertz car theft police report, as well as others. As a result, the Indianapolis Airport Police no longer consider Hertz theft reports valid and reliable and refuse to enter them on the NCIC. See Exhibit 1.

**Louisville Regional Airport Police Refuse to Accept Hertz Theft Reports Because They Are Unreliable and Inaccurate; Hertz Not Only Concealed these False Reports from Plaintiff, but also Concealed that the Police Specifically Contacted Hertz's Corporate Security Division to Complain about the False Police Reports**

Case ID: 151103380
Control No.: 17090690

The Louisville Regional Airport Police also have experienced the same problems with Hertz, concerning its dysfunctional and broken information sharing and record keeping. See Exhibit 7. Police records shows that the Hertz location in Louisville reported multiple cars stolen off its lot. Several of these reported cars were later reported found on Hertz lots, meaning Hertz had simply lost the cars in their own inventory. See Exhibit 7.

Note that this is exactly why Van Pay was arrested in Wisconsin, because Hertz reported a car stolen that it improperly not kept track of. Note that Hertz also failed to keep track of Grady's car when she returned to the Hertz lot on July 18, 2013. Not only does this show a total and complete failure of record keeping and information sharing between corporate, branch, and security locations, but it demonstrates that Hertz is barely, if at all, investigating its car theft reports before they are submitted to the police.

The total record keeping failure, internal communication failure, failure to track inventory, and failure to investigate are the same reasons Grady was falsely reported. Hertz is using the police as a repo service, willfully and recklessly ignoring that these false police reports will result in the arrest and imprisonment of their own customers.

A Hertz employee in Nashville, Tennessee told the Louisville Regional Airport Police in June 2015 that Hertz **_internally knows of the problem_** that branch locations cannot keep track of inventory and are making false police reports without proper investigation:

> Off. Hairgrove spoke to a Hertz sales rep in Nashville who confirmed they received a car from a customer that was originally rented in Louisville back in March. It sat. on his lot for 60 days until it was sold 6/6 to a car lot in Hopkinsville, KY. We took a report on 3/25 from Hertz that this was stolen missing from their inventory.
>
> After that, we did a complete search online of all VIN #'sin the stolen auto database and got a return Of 2 more Hertz autos believed to have been sold or scrapped. **The Nashville Hertz rep commented that Louisville office**

Case ID: 151103380
Control No.: 17090690

is horrible with their paperwork and vehicle tracking.

Until Hertz corporate takes some action with their Louisville lot and personnel, I recommend that we suspend taking stolen auto reports for Hertz for "missing inventory" unless they physically see someone steal an auto, have evidentiary proof of such or obviously non returns that warrants have been taken. Hairgrove has reached out to their Corporate Security office.

See Exhibit 7 (emphasis added).

Needless to say, this explosive fact that Hertz has known internal problems when falsely reporting cars stolen was not disclosed in discovery in 2016. Hertz's designee and attorneys never disclosed this fact. Plaintiff had no way to obtain this information until after the summary judgment order in January 2017.

The Louisville Regional Airport Police, just like their Indianapolis counterparts, now also refuse to enter Hertz theft reports into the NCIC because of these repeated false reports. All of this is brand new information which Hertz concealed from Plaintiff, and which creates a triable issue of fact for a jury on punitive damages.

Plaintiff also notes that the initial decision to dismiss punitive damages was clearly erroneous given the unambiguous testimony of Hertz's designees that Hertz does not conduct required investigations before going to the police. What is happening to Hertz's customers is no accident, and is not the result of a one-time glitch. Hertz has known for quite some time that it is making entirely unsupportable police reports based on nonexistent and deficient investigations, coupled with outrageously poor record keeping and information sharing within the company.

When a company operates like Hertz does, false police reports such as what happened to Ms. Grady and Ms. Van Pay are inevitable. Hertz is playing Russian Roulette with its customers' lives. Punitive damages are warranted not only to deter future conduct, but also to punish Hertz

Case ID: 151103380
Control No.: 17090690

for its duplicitous and dishonest behavior in attempting to cover up this massive, nationwide problem.

### B. CONCLUSION

Therefore there is a plethora of new facts in the record demonstrating that Defendant Attorney acted outrageously and recklessly with respect to Plaintiff's rights and that a jury must determine whether punitive damages should be imposed.

*****

*****

*Respectfully submitted,*

FRANCIS ALEXANDER, LLC

*/s/ Francis Malofiy*

Francis Malofiy, Esquire
Attorney ID No.: 208494
280 N. Providence Road | Suite 1
Media, PA 19063
T:  (215) 500-1000
F:  (215) 500-1005
*Law Firm / Lawyer for Plaintiffs*

*/d/ September 6, 2017*

Case ID: 151103380
Control No.: 17090690

# Certificate of Service

I hereby state that a true and correct copy of the foregoing Plaintiff's Motion for Reconsideration on Punitive Damages was served on opposing counsel via the electronic filing system:

> Jay L. Edelstein, Esquire
> Edelstein Law, LLP
> 230 South Broad Street | Suite 900
> Philadelphia, PA 19102
> T: (215) 893-9311
> F: (215) 893-9310
> E: JEdelstein@Edelsteinlaw.com
> *Attorneys for The Hertz Corporation*

\*\*\*\*\*

*Respectfully submitted,*
Francis Alexander, LLC
*/s/ Francis Malofiy*
Francis Malofiy, Esquire
Attorney ID No.: 208494
280 N. Providence Road | Suite 1
Media, PA 19063
T: (215) 500-1000
F: (215) 500-1005
*Law Firm / Lawyer for Plaintiff*
*/d/  September 6, 2017*

Case ID: 151103380
Control No.: 17090690

# EXHIBIT 1

Case ID: 151103380
Control No.: 17090690

THE COURT OF COMMON PLEAS
PHILADELPHIA COUNTY, PENNSYLVANIA

KELLY A. GRADY

*Plaintiff*

VS.

THE HERTZ CORPORATION;
HERTZ RENT-A-CAR PHILADELPHIA INTL. AIRPORT;
JOHN DOE(S)[1]

*Defendants*

ACTION COMMENCED BY: WRIT OF
SUMMONS ON: NOVEMBER 23, 2015

NOVEMBER TERM, 2015

CIVIL ACTION NO.: 151103380

COMPLAINT FILED:
FEBRUARY 22, 2016

CAUSE OF ACTION:
MALICIOUS PROSECUTION

*JURY TRIAL DEMANDED*

## AFFIDAVIT OF RAMANDA VAN PAY

I, Ramanda Van Pay, an adult under no legal disability, being duly sworn under oath, state that I have personal knowledge of the following facts:

1.     I rented a Kia from Hertz on July 21, 2016, in Green Bay, Wisconsin after my car was totaled in an accident.

2.     While I was in Indianapolis on August 18, 2016, with the Kia, the car got a flat tire.

3.     I took the car to the Hertz rental location at the Indianapolis International Airport on August 18, 2016.

4.     The Hertz location allowed me to exchange the Kia for a Hyundai and gave me a vehicle exchange form. The employee who helped me was named Will McCain.

5.     I was told by Hertz in Indianapolis to take the car to the Green Bay location.

6.     When I got back to Green Bay, WI, I immediately took the car to a Hertz location in August 2016.

7.     I spoke with an employee named Ryan Hogan in August 24, 2016 when I returned to Green Bay. Hogan told me to keep the Hyundai and that it was now my rental vehicle under the original contract.

---

[1] Manager(s) at Hertz Rent-A-Car Philadelphia Intl. Airport from March 2013 to June 2014.

Case ID: 151103380
Control No.: 17090690

8.    I called Mr. Hogan several times to make sure my rental was okay and he assured me it was fine. I also visited Mr. Hogan on occasion, also to confirm the rental was okay.

9.    Unbeknownst to me, Hertz reported my rental vehicle stolen on October 8, 2016, to the Indianapolis Airport Police.

10.    I was pulled over for a traffic violation on November 5, 2016, in Wisconsin by the Fond Du Lac's Sheriff's Department.

11.    After the deputy sheriffs pulled me over, they then told me that the car I was driving was reported stolen by Hertz. I told them I had no idea what they were talking about and that I had a valid rental.

12.    I had spoken with Hertz a day or two before November 5, 2016, to make sure my rental was fine. At no point before or after October 8, 2016, did any Hertz employee I spoke with tell me that the car I was renting was reported stolen. Please keep in mind that I both called and visited Hertz locations and was never told anything was wrong.

13.    I spent three days in jail because of Hertz's false police report even though I was absolutely authorized to possess the car.

14.    The charges against me were quickly dropped by the Fond Du Lac district attorney's office. It is my understanding this happened because I was in contact with Hertz, I was authorized to have the vehicle, and I did not steal the car. Also, when my car was exchanged because of the flat tire, Hertz never put the information in their system. I do not believe Hertz did any investigation before going to the police because if they had they would have realized I was given the vehicle after I got the flat tire.

15.    The Indianapolis Airport police stated that they laid the blame for what happened solely at Hertz's door.

16.    The Indianapolis Airport police also stated that they were aware of at least one other person within one month of my case who was also falsely reported by Hertz in Indiana, and they were also aware of another false report of a man in Pennsylvania.

17.    The Indianapolis police also stated that they were no longer putting Hertz theft reports in the NCIC because they could not validate the reports.

18.    I cannot stress enough that I called a Hertz location just one day before I was arrested, and had also visited the location, and was always assured I was authorized to possess the car; I was never told of any problems.

Case ID: 151103380
Control No.: 17090690

UNDER PENALTY OF PERJURY, I SWEAR THAT THE FOREGOING IS TRUE, ACCURATE,
AND CORRECT.

_____
Ramanda Van Pay

Subscribed and sworn to before
me this _____ day of July 19, 2017.

_____
Notary Public

Christopher T. Van Wagner
(Attorney #1024261 - WI)

Case ID: 151103380
Control No.: 17090690

●●●○○ AT&T  LTE          9:45 PM          8% ▭

| All | Missed |

Edit

+1 (317) 405-6363
Indianapolis, IN                    Friday   ⓘ

Mamma
mobile

+1 (262) 444-1300
other

+1 (262) 444-1300
FaceTime

+1 (920) 499-3131
Green Bay, WI

+1 (920) 437-6490
Green Bay, WI

+1 (262) 444-1300  (3)
FaceTime

Mamma
mobile

Case ID: 151103380
Control No.: 17090690

 •••○○ AT&T LTE **9:45 PM** 8% ⬚

**<** Back



# +1 (920) 497-6490
Green Bay, WI

## November 4, 2016

10:39 AM   **Outgoing Call**   7 minutes

Call

FaceTime

FaceTime Audio

Send Message

Share Contact

Create New Contact

Add to Existing Contact


Favorites


Recents


Contacts


Keypad


Voicemail

Case ID: 151103380
Control No.: 17090690

●●●○○ AT&T  LTE                    9:45 PM                    8% ▭

 Recents

 **+1 (920) 499-3131**
Green Bay, WI

November 4, 2016

10:48 AM    **Incoming Call**                    1 minute

Call

FaceTime

FaceTime Audio

Send Message

Share Contact

Create New Contact

Add to Existing Contact

 Favorites     Recents     Contacts     Keypad     Voicemail

Case ID: 151103380
Control No.: 17090690

●●●○○ AT&T  LTE          9:45 PM                    8%

 Recents

 **+1 (317) 405-6363**
Indianapolis, IN

November 4, 2016

11:00 AM      **Outgoing Call**              2 minutes

Call

FaceTime

FaceTime Audio

Send Message

Share Contact

Create New Contact

Add to Existing Contact

 Favorites    Recents    Contacts    Keypad   

Case ID: 151103380
Control No.: 17090690

# EXHIBIT 2

Case ID: 151103380
Control No.: 17090690

4331-1517-2208 ©1999, Moon North America. All rights reserved. 4336

# Vehicle Exchange Addendum Form

## Hertz
### Local Edition

Complete one (1) Vehicle Exchange Addendum for each HLE rental vehicle exchange, regardless of exchanging location. Distribute as required.

RENTER'S NAME *Ramanda Van Pay*

NOTE THE NUMBER OF EXCHANGES FOR THIS RENTAL (INCLUDING THIS ONE):

*Green Bay, WI*
*1010 S. Military Avenue*

Original Rental Record No. *9152872*

### ORIGINAL OR CURRENT VEHICLE INFORMATION

| | |
|---|---|
| OWNING AREA 95635 | RENTAL AREA/LOCATION NUMBER 95635-04 |
| UNIT NUMBER 0436501 | VEHICLE LICENSE NUMBER |
| MAKE & YEAR Kia 2016 | COLOR |
| ORIGINAL VEHICLE CLASS | ORIGINAL RATE CODE N/A |

### EXCHANGE (NEW) VEHICLE INFORMATION

| | |
|---|---|
| OWNING AREA 00599 | EXCHANGING AREA/LOCATION NUMBER 1502-11 |
| UNIT NUMBER 1293356 | VEHICLE LICENSE NUMBER N861742 - IL |
| MAKE & YEAR Hyundai | COLOR |
| NEW VEHICLE CLASS C | NEW RATE CODE N/A |

### ORIGINAL OR CURRENT RENTAL INFORMATION

| | |
|---|---|
| DATE OUT / / | DATE IN / / |
| TIME OUT | TIME IN |
| MILEAGE OUT | MILEAGE IN |
| FUEL LEVEL OUT E 1/8 1/4 3/8 1/2 5/8 3/4 7/8 F | FUEL LEVEL IN. E 1/8 1/4 3/8 1/2 5/8 3/4 7/8 F |
| FUEL CHARGES $ | |

### EXCHANGE (NEW) RENTAL INFORMATION

| | |
|---|---|
| DATE OUT / / | DATE IN / / |
| TIME OUT | TIME IN |
| MILEAGE OUT. | MILEAGE IN |
| FUEL LEVEL OUT E 1/8 1/4 3/8 1/2 5/8 3/4 7/8 F | FUEL LEVEL IN E 1/8 1/4 3/8 1/2 5/8 3/4 7/8 F |
| FUEL CHARGES TRANSFERRED $ | |

### EXCHANGE INFORMATION

REASON FOR EXCHANGE *Flat Tire*   VEHICLE RETURNED? (Y) or N

IF VEHICLE WAS NOT RETURNED, NOTE LOCATION OF VEHICLE AND ROAD SERVICE NUMBER:

### EMPLOYEE INFORMATION

Prepared by: (Employee Name) *Will McCain*

EMPLOYEE ID #

DATE *8/18/16*

Addendum is valid only when used in conjunction with the original Rental Agreement. All Terms and Conditions outlined in original Rental Agreement continue to apply throughout the rental period. If a new vehicle class is requested, the customer is required to pay the rate differential, if applicable.

CUSTOMER SIGNATURE          DATE *8.18.16*

Case ID: 151103380
Control No.: 17090690

R/R No: 9152187-2                Rental Agreement System              Status: CLOS
out: RC   in: TB                                                       drb: 09/09/16

┌Rental Edit/View Options─────────────────────────────────────┐

        ┌─────────────────────────────────────────────────┐
        │              R e n t a l   N o t e s             │
        │                                                  │
┌ Notes ─┘                                                  │
customer came in. she recieved a flat tire while in indianapolis. they gave he
r a vehicle exchange form. they told her they couldnt do it within the hertz s
ystem. I spoke to steve about it today, we will follow up on what to do next R
H 8-24-16
9/2/16 - RE-ASSIGEND 9 TOLLWAY VIOLATIONS FROM ILLINOIS TOLLWAY BACK TO THE CU
STOMER. JESSI
MECHANICAL EXCHANGE IN INDIANAPOLIS ON 8/18 BECAUSE OF FLAT TIRE. NEW UNIT # 1
293356. INDY GAVE CUSTOMER VEHICLE EXCHANGE ADDENDUM FORM. NO CONTRACT #. PREP
ARED BY WILL MCCAIN. HAVE COPY OF ADDENDUM FORM GIVEN TO CUSTOMER. TB 9/9

┌F1──────+  ┌F2──────+  ┌F3──────+   ┌──────────────────┐  ┌F6──────+  ┌F7──────+  ┌F8──────+
│        │  │        │  │        │   │     w    O        │  │        │  │        │  │        │
│        │  │        │  │        │   │   ate: 09/        │  │        │  │        │  │  Exit  │
+────────   +────────   +────────    └──────────────────┘  +────────   +────────   +────────

Case ID: 151103380
Control No.: 17090690

Licensee

**Hertz**

**Ryan Hogan**
*Lead Customer Service Representative*

651- 500-4357

**hle.military@hertzwi.com**
P  920 497 6490

**BROADWAY RENTAL CARS, INC.**
1010 S. Military Ave.
Green Bay, WI 54304

Case ID: 151103380
Control No.: 17090690

```
                    RENTAL: 07/21/16 13:02   GREEN BAY, WI         95635-04  #09 RT
                    DUE:    08/18/16 12:30   INDIANAPOLIS, IN      01502-11
BROADWAY RENTAL CARS GREEN BAY, WI
Hertz System Licensee
                                                                  RATE PLAN: CRD      RATE CLASS: C
   (920)497-6490    RAMANDA/VAN PAY                                DAY       (TX) $  18.24 EA/   0 MI
                    PAID BY: MC zizv zaid gffx 5480 AUTH: $ 600.00/030416TYP
                                                   CDP: 1445130    EX HOURS  (TX) $   0.00 EA/   0 MI
                    FT:                      HG:                   EX DAYS   (TX) $  18.24 EA/   0 MI
                                                                  XDAY XHRS  (TX) $   0.00 EA/   0 MI
OWN/VEH: 95635/0436501  16 FORTE KIA 4DR BL  LIC: WI 959TYY   VEH CLASS: C
MILES OUT: 02054  FUEL OUT: 8/8  TX CAP: 13.2  READY STALL:        MILEAGE CHG (TX) $   0.00
                                                                  ADJUSTMENT     $   0.00
                                                                  DISCOUNT  0%
   THIS VEHICLE MUST BE RETURNED TO INDIANAPOLIS, IN ON 08/18/16   RT VEH TAX0
   AT 13:02  OR A HIGHER RATE AND/OR INTER CITY FEE WILL APPLY.    VLCR*      (TX) $   .95 /DAY
   MINIMUM KEEP: 1 RENTAL DAY
   MAXIMUM KEEP: 62 DAYS @18.24/DAY


   OPTIONAL SERVICES OF:
   - LDW     DECLINED
   - LIS     DECLINED - HERTZ LIABILITY PROTECTION IS SECONDARY
   - PAI/PEC DECLINED
   - FPO     DECLINED - FUEL & SVC $ .290/MILE      8.99/GAL
             AT RETURN
   NO "ADDITIONAL AUTHORIZED OPERATORS" WITHOUT 'HERTZ' PRIOR WRITTEN APPROVAL
   YOU REPRESENT THAT YOU ARE SPECIFICALLY AUTHORIZED TO RECEIVE THE BENEFITS
   EXTENDED TO EMPLOYEES/MEMBERS OF HLE STATE FARM APPLETON
```

THIS VEHICLE MAY NOT BE DRIVEN INTO MEXICO.


BY YOUR INITIALS YOU ACKNOWLEDGE AND AGREE TO THE ABOVE CONDITIONS: _____

IT: N/A VCHR: N/A
PLAN: 3590
RES: L160721VANX/CRD/C/RHO

BY YOUR DECLINING THE OPTIONAL LIABILITY INSURANCE SUPPLEMENT (LIS), PAR. 10(B) OF THE RENTAL TERMS WILL APPLY TO THIS
RENTAL.  BY SIGNING BELOW, YOU AGREE THAT ANY INSURANCE THAT PROVIDES COVERAGE TO YOU OR TO AN AUTHORIZED OPERATOR
SHALL BE PRIMARY. THIS MEANS THAT, IN THE EVENT OF ANY CLAIMS ARISING FROM THE OPERATION OF THE CAR, SUCH INSURANCE
SHALL BE RESPONSIBLE FOR THE PAYMENT OF ALL PERSONAL INJURY AND/OR PROPERTY DAMAGE CLAIMS UP TO THE LIMITS OF SUCH
INSURANCE.

UNLESS YOU ACCEPT OPTIONAL LIS, TO THE EXTENT PERMITTED BY LAW, BY SIGNING BELOW YOU KNOWINGLY WAIVE AND REJECT ALL
OPTIONAL LIABILITY COVERAGES INCLUDING, BUT NOT LIMITED TO, UNINSURED AND UNDERINSURED MOTORIST AND SUPPLEMENTARY NO
FAULT.

PURSUANT TO PARAGRAPH 8 OF THE RENTAL AGREEMENT, FUEL & SERVICE CHARGES APPLY AT $8.99 PER GALLON OR, IF YOU DO NOT
BUY FUEL DURING THE RENTAL, AT .290 PER MILE. BOTH RATES PRODUCE APPROXIMATELY THE SAME RESULT.


THIS CONTRACT OFFERS A LOSS DAMAGE WAIVER(LDW), WHICH IS OPTIONAL--SEE PAR. 4 OF THE RENTAL AGREEMENT TERMS AND
CONDITIONS, WHICH APPEAR ON THE FOLDER (SWI1900013) DELIVERED TO YOU WITH THIS RENTAL RECORD (THE RENTAL TERMS).  READ
THE SEPARATE LOSS DAMAGE WAIVER DISCLOSURE FORM BEFORE ACCEPTING THE RENTAL CAR. BY SIGNING BELOW, YOU ACKNOWLEDGE THAT
YOU HAVE READ, UNDERSTAND, ACCEPT AND AGREE TO THE ABOVE AND THE RENTAL TERMS, AND YOU ACCEPT OR DECLINE THE OPTIONAL
SERVICES AS SHOWN ABOVE. 4A OF THE RENTAL TERMS WHICH APPEAR ON THE RENTAL JACKET HAS BEEN REVISED TO READ AS FOLLOWS:
EXCEPT AS STATED BELOW, YOU ARE RESPONSIBLE FOR ANY AND ALL LOSS OR DAMAGE TO THE CAR RESULTING FROM ANY CAUSE,
INCLUDING BUT NOT LIMITED TO COLLISION, ROLLOVER, THEFT, VANDALISM, SEIZURE, FIRE, FLOOD, HAIL OR OTHER ACTS OF NATURE
OR GOD, REGARDLESS OF FAULT.

X _____

SMOKING PROHIBITED IN ALL VEHICLES. $100 FEE APPLY                            PREPARED BY: RC

RENTAL RECORD N-9152187-2

Case ID: 151103380
Control No.: 17090690

```
                    RENTAL: 07/21/16 13:02    GREEN BAY, WI        95635-04 #09 EST
                    RETURN: 08/18/16 12:30    INDIANAPOLIS, IN     01502-11
BROADWAY RENTAL CARS GREEN BAY, WI
Hertz System Licensee
  (920)497-6490                                                    DAY          29 (TX) $       528.96
                      RAMANDA/VAN PAY                              EX HOURS      0 (TX) $          .00
                                                    CDP: 1445130   EX DAYS       0 (TX) $          .00
             FT:                      HG:                          MILEAGE CHG     (TX) $        ****
                                                                  SUBTOTAL             $       528.96
OWN/VEH: 95635/043650-1  16 FORTE KIA 4DR B  lic: WI 959TYY   VEH CLASS: C        VLCR*       (TX) $       27.55
                                                                  FUEL & SVC       (NT) $        ****
LDW      DECLINED                     MILEAGE IN:      7149        FUEL/SVC CHARGES CALCULATED AT RETURN
LIS      DECLINED                     MILEAGE OUT:     2054        TAXABLE SUBTOTAL       $          .00
PAI,PEC  DECLINED                     MILES DRIVEN:    5095        TAX .05000             $        27.08
FPO      DECLINED - FUEL & SVC APPLIED                            TOTAL CHARGES          $       583.59
         $ .290/MILE $ 8.99/GAL       MILES ALLOWED:     0
         FUEL OUT: 8/8  TK CAP: 13.20 MILES CHARGED:   ****       CHARGED TO MC          $       583.59

                                      PLAN IN:  CRD    $  18.24 / DAY
ADDITIONAL CHARGES:                   PLAN OUT: CRD    $   0.00 / EX HOUR
                                      RATE CLASS: C    $  18.24 / EX DAY
                                                       $   0.00 / EX WEEK
                                                       $   0.00 / XDAY HR
                                                       $   0.00 / MILE
```

## THIS IS ONLY AN ESTIMATE.

It assumes that (1) you will return the identified vehicle at the times and places indicated,
(2) if a mileage charge applies, you will drive no more than the number of miles indicated and
(3) you will not incur any charges that either are not listed above opposite "*****" or cannot
be calculated until return.  If any of these assumptions is incorrect, additional charges
or charges at higher rates may apply.

Customer is responsible for all unpaid charges.

```
CC AUTH WOULD BE:     $  600.00
PRINTED: 11/11/2016 13:04
PREPARED BY: RC   COMPLETED BY: RC
```

RENTAL RECORD N-9152187-2

Case ID: 151103380
Control No.: 17090690

# EXHIBIT 3

Case ID: 151103380
Control No.: 17090690

**Indianapolis Airport Police**

Media Summary Report
7800 Col. H. Weir Cook Memorial Drive Indianapolis, IN 46241
Phone: (317) 487 - 5084 Fax: (317) 487 - 5511

| ORI IN0490600 | County Marion | Venue MARION | Report # PA16000897 |
|---|---|---|---|

Chief Bill Reardon

| Report Date / Time 10/08/2016 07:02 Hrs (US/Eastern) | Occurrence Date / Time 08/18/2016 00:01 Hrs - 10/07/2016 13:35 Hrs (US/Eastern) | File Class 35-43-4-2.5-A |
|---|---|---|

**Nature of Incident:** Administrative Reports | Damage To City-County Property, Lost Or Stolen City-County Property, Sick-Injured Officer-Civilian, Vehicle Theft | Vehicle Theft     **Supplements:** Approved Report (2)

**Summary:** Lost/Stolen Rental vehicle

## Incident Location

**Address:** 7950 Quick Turn Around
**City:** Indianapolis     **County:** Marion     **State:** Indiana
**ZIP:** 46224     **Country:** United States of America
**Township of Occurrence:** Decatur

**Latitude:** 39.714786     **Longitude:** -86.300881

**Comments:** &

## Incident Offenses

| Supp # | Offense | Status | Status Date |
|---|---|---|---|
| 0 | 35-43-4-2.5-A - Auto Theft | Open | 08/18/2016 00:01 Hrs |

**Attempted / Completed:** Completed

## Officers Involved

| Role | Name | Agency | Supp # |
|---|---|---|---|
| Reporting | Patrol Officer J. Pogorov (#31516) | Indianapolis Airport Police Dept | 0 |
| Reporting | Sergeant J. Carie (#32727) | Indianapolis Airport Police Dept | 1 |

## Incident People

Offender Information Not Known

**Reporting Person**     Supp # 0

**Name:** Name Redacted     **Title:** Redacted     **Date of Birth:** Redacted
**Race:** White     **Sex:** F     **Age at Occurrence:** 26 Years Old
**DL #:** Redacted

Certified Copy
Indianapolis Airport Police
Bill Reardon
9-1-17

## Incident Organizations

**Victim**     Hertz Car Rental
**Address:** 7801 Col. H. Weir Cook Memorial Drive     **Lat/Long:** 39.71298/-86.297904
Indianapolis Indiana 46241

Case ID: 151103380
Control No.: 17090690

PA10000897 - Indianapolis Airport Police Dept - Marion (IN49)

| Other | | Fond Du Lac Sheriff Department | |
|---|---|---|---|
| **Address:** | 180 Macy Street | **Lat/Long:** | 43.773718/-88.449322 |
| | Fond Du Lac Wisconsin 54935 | | |

Phone:    (920) 929-3390 - Business (Date of Info: 11/05/2016)

## Incident Vehicles

| Stolen | | | Supp #: 0 |
|---|---|---|---|

| **Year/Make/Model:** | 2016/HYUNDAI(HYUN)/ELANTRA | |
|---|---|---|

| **Type:** | Automobile | |
|---|---|---|
| **Style:** | Sedan, 4-door | |
| **Color:** | Bronze/Bronze | **Odometer:** |
| **VIN:** | | **Motorcycle CCS:** |
| **License #/State:** | | **License Month/Year:** |
| **License Type:** | | |
| **Misc Id:** | | |

| **Owner:** | Redacted | |
|---|---|---|
| **Value:** | 20000 | |
| **Status:** | Stolen(#0) | **Locked:** N    **Keys In Vehicle:** N |

| **Vehicle Role** | **Total Value** | **Grand Total of Vehicle Loss:** | $ 20,000.00 |
|---|---|---|---|
| Stolen | $ 20,000.00 | | |

Case ID: 151103380
Control No.: 17090690

PA16000897 - Indianapolis Airport Police Dept - Marion (IN49)

Title: Original Narrative

Author:  John Pogorov                          Date / Time:    10/08/2016 07:13 Hrs      Supp #:   0

On the 8th day of October, 2016, approximately at 13:25 hours, I, Officer Pogorov, of the Indianapolis Airport Police Department, was dispatched to the Hertz Car Rental located at 7950 Quick Turn Around Dr. (Indianapolis Airport), in reference to a lost/stolen vehicle.

Upon my arrival, I made contact with Sarah Hicks (Hertz employee), who stated that the vehicle (2016, Bronze Hyundai Elantra, Illinois plate N861742, VIN 5NPDH4AE4GH725559) was last seen on Hertz's parking lot on August 18, 2016. Ms. Hicks stated that Hertz employees checked the inventory multiple times and were unable to find the vehicle. Ms. Hicks stated they suspect that the vehicle was stolen.

The vehicle was entered into IDACS and NCIC with the following records: IDACS #VX03228014 and NIC/V318720751

| Signed:  Patrol Officer J. Pogorov (#31516) | Reviewed By: | Sergeant B. Engel (#27332) |
|---|---|---|

Case ID: 151103380
Control No.: 17060420

PA16000897 - Indianapolis Airport Police Dept - Marion (IN49)

Title: Supplement#1 - Narrative

Author:   Jeff Carie                                    Date / Time:   11/05/2016 04:56 Hrs      Supp #:   1

On November 5, 2016 at approximately 4:10 AM, I, Sgt. Jeff R. Carie, of the Indianapolis Airport Police Department received a call from Deputy Travis Dowland. Deputy Dowland is with the Fond du Lac County Sheriff's Department in Fond du Lac, Wisconsin. Deputy Dowland advised their department located the bronze 2016 Hyundai Elantra (VIN: 5NPDH4AE4GH725559) that was reported as stolen on October 8, 2016. He stated there was a person in custody, but did not have any more information. He wanted to confirm that it was acceptable that they tow the vehicle to a local dealership with a fenced in impound lot. He was advised to tow it to a lot they use, and to send information to dispatch to be forwarded our detectives. Dispatch advised that the vehicle was taken out of IDACS/NCIC.

Information forwarded to detectives.

| Signed:   Sergeant J. Carie (#32727) | Reviewed By: | Sergeant J. Carie (#32727) |
|---|---|---|

Case ID: 151103380

Control No.: 17000420

## Division of Public Safety Communications Call Report

| Call #: | 162811608 | Dispatcher: | 40143 | Call Time: | 10/07/2016 13:36 Hrs |
|---|---|---|---|---|---|
| Received: | | Event Type: | STOLEN VEHICLE | Priority: | Medium |
| Caller Name: | | Phone #: | | Close Time: | 10/07/2016 13:40 Hrs |
| | | | | Disposition: | RPT |

### Location

**Incident Location:** 7950 QUICK TURN AROUND, INDIANAPOLIS
**Common Place:** &
**Caller Location:**
**Latitude:** 39.714786
**Longitude:** -86.300881

### Incident Notes

**Notes:** : 10/07/2016 13:37:33 : AP115 @LIC/N861742 @OLS/IL
10/07/2016 13:37:46 : 2ND VEHSTL FROM PREVIOUS RUN
10/07/2016 13:37:57 : RP SARAH W/HERTZ
10/07/2016 13:38:33 : STA/VALID VAL/01072016 TTL/15222695805 N861742 122016 ORIG PLT LIC
STX/6M9138123 RENTAL CAR FINANCE--FIRM OWNED 2170 S MANNHEIM RD DES PLAINES IL 60018-
2956 5NPDH4AE4GH725559 BRO/BRO 2016 HYUNDAI 4 DOOR MRI 4981507 IN: NLI1 21701 AT 07OCT2016
13:37:36 OUT: MECA0000 11231 AT 07OCT2016 13:37:36

### Officers

| Primary Radio # | | Name | Dispatch | On Scene | Clear |
|---|---|---|---|---|---|
| Y | AP115 | Pogorov, John | 10/07/2016 13:36 Hrs | 10/07/2016 13:36 Hrs | |

### Incidents

| Report # | Supp # | Agency | Reporting Officer(s) |
|---|---|---|---|
| PA16000897 | 0 | Indianapolis Airport Police Dept | Pogorov, John |

Case ID: 151103380
Control No.: 17000420

# EXHIBIT 4

Case ID: 151103380
Control No.: 17090690

# Wisconsin Circuit Court Access (WCCA)

## State of Wisconsin vs. Ramanda R Van Pay

## Fond du Lac County Case Number 2016CF000555

| Filing Date | Case Type | Case Status |
|---|---|---|
| 11-07-2016 | Criminal | Closed - File Retained Electronic |
| **Defendant Date of Birth** | **Address** | |
| 11-29-1989 | 2652 Humboldt Rd, Green Bay, WI 54311 | |
| **Branch Id** | **DA Case Number** | |
| 3 | 2016FL003784 | |

**Case(s) Cross-Referenced With This Case**

2016TR011700

## Charge(s)

| Count No. | Statute | Description | Severity | Disposition |
|---|---|---|---|---|
| 1 | 943.20(1)(a) | Theft-Movable Property >$10,000 | Felony G | Dismissed on Prosecutor's Motion |
| 2 | 943.23(2) | Take and Drive Vehicle w/o Consent | Felony H | Dismissed on Prosecutor's Motion |

| Responsible Official | Prosecuting Agency | Prosecuting Attorney | Defense Attorney |
|---|---|---|---|
| Nuss, Richard J | District Attorney | Krueger, Dennis r | Nimmer, Amanda Marie |

## Defendant

| Defendant Name | Date of Birth | Sex | Race[1] |
|---|---|---|---|
| Van Pay, Ramanda R | 11-29-1989 | Female | Caucasian |
| **Address** | | | **Address Updated On** |
| 2652 Humboldt Rd, Green Bay, WI 54311 | | | 11-07-2016 |
| **JUSTIS ID** | **Finger Print ID** | | |

**Defendant Attorney(s)**

| Attorney Name | Entered |
|---|---|
| Nimmer, Amanda Marie | 11-10-2016 |

## Charge(s)/Sentence(s)

**Charge Detail**

Case ID: 151103380
Control No.: 17090690

Case Details for 2016CF000555 in Fond du Lac County

**The Defendant was charged with the following offense:**

| Count No. | Statute Cite | Description | Severity | Offense Date | Plea |
|---|---|---|---|---|---|
| 1 | 943.20(1)(a) | Theft-Movable Property >$10,000 | Felony G | 08-18-2016 | |

**On 12-06-2016 there was a finding of:**

| Action | Court Official |
|---|---|
| Dismissed on Prosecutor's Motion | Nuss, Richard J |

**The Defendant was charged with the following offense:**

| Count No. | Statute Cite | Description | Severity | Offense Date | Plea |
|---|---|---|---|---|---|
| 2 | 943.23(2) | Take and Drive Vehicle w/o Consent | Felony H | 08-18-2016 | |

**On 12-06-2016 there was a finding of:**

| Action | Court Official |
|---|---|
| Dismissed on Prosecutor's Motion | Nuss, Richard J |

---

1 The designation listed in the Race field is subjective. It is provided to the court by the agency that filed the case.

2 Non-Court activities do not require personal court appearances. For questions regarding which court type activities require court appearances, please contact the Clerk of Circuit Court in the county where the case originated.

Generated on 09-01-2017 at 12:46 pm

Case ID: 151103380
Control No.: 17090690

# Wisconsin Circuit Court Access (WCCA)

## State of Wisconsin vs. Ramanda R Van Pay

## Fond du Lac County Case Number 2016CF000555

### Charge(s)/Sentence(s)

#### Charge Detail

The Defendant was charged with the following offense:

| Count No. | Statute Cite | Description | Severity | Offense Date | Plea |
|-----------|--------------|-------------|----------|--------------|------|
| 1 | 943.20(1)(a) | Theft-Movable Property >$10,000 | Felony G | 08-18-2016 | |

On 12-06-2016 there was a finding of:

| Action | Court Official |
|--------|----------------|
| Dismissed on Prosecutor's Motion | Nuss, Richard J |

The Defendant was charged with the following offense:

| Count No. | Statute Cite | Description | Severity | Offense Date | Plea |
|-----------|--------------|-------------|----------|--------------|------|
| 2 | 943.23(2) | Take and Drive Vehicle w/o Consent | Felony H | 08-18-2016 | |

On 12-06-2016 there was a finding of:

| Action | Court Official |
|--------|----------------|
| Dismissed on Prosecutor's Motion | Nuss, Richard J |

Generated on 09-01-2017 at 12:48 pm

Case ID: 151103380
Control No.: 17090690

# Wisconsin Circuit Court Access (WCCA)
## State of Wisconsin vs. Ramanda R Van Pay

## Fond du Lac County Case Number 2016CF000555

### Court Record Events

| | Date | Event | Court Official | Court Reporter |
|---|---|---|---|---|
| 1 | 12-09-2016 | Received documents | | |
| | | **Additional Text:** | | |
| | | Check copy/copies | | |
| 2 | 12-06-2016 | File Retained Electronically | | |
| 3 | 12-06-2016 | Motion and order for dismissal | Nuss, Richard J | |
| 4 | 12-06-2016 | Dispositional order/judgment | Nuss, Richard J | |
| 5 | 11-14-2016 | Demand for discovery | | |
| | | **Additional Text:** | | |
| | | Defendant's | | |
| 6 | 11-14-2016 | Motion | | |
| | | **Additional Text:** | | |
| | | for discovery/defendant's | | |
| 7 | 11-10-2016 | Public defender order appointing counsel | | |
| 8 | 11-09-2016 | Cash bond posted | | |

|  | **Amount** |
|---|---|
|  | $ 500.00 |

| | Date | Event | Court Official | Court Reporter |
|---|---|---|---|---|
| 9 | 11-09-2016 | Notes | | |
| | | **Additional Text:** | | |
| | | Prints on record | | |
| 10 | 11-07-2016 | Judicial transfer | Nuss, Richard J | |
| 11 | 11-07-2016 | Cash bond set | | |

| **Event Party** | **Amount** |
|---|---|
| Van Pay, Ramanda R | $ 500.00 |

**Additional Text:**

Fingerprints and Photo. Cannot rent or lease any cars.

Case ID: 151103380
Control No.: 17090690

Court Record Events for 2016CF000555 in Fond du Lac County

| 12 | 11-07-2016 | Initial appearance | Grimm, Peter L. | Kreidler, Michelle |
|----|-----------|--------------------|-----------------|-------------------|

**Additional Text:**

Minutes --- Time Limits WAIVED

| 13 | 11-07-2016 | Video conferencing | | |
|----|-----------|--------------------|--|--|

**Additional Text:**

Defendant appeared by video from the FDL Co Jail

| 14 | 11-07-2016 | Probable cause statement /judicial determination | Grimm, Peter L. |
|----|-----------|--------------------------------------------------|-----------------|

| 15 | 11-07-2016 | Complaint filed | Grimm, Peter L. |
|----|-----------|-----------------|-----------------|

Case ID: 151103380

Control No.: 17090690

# Wisconsin Circuit Court Access (WCCA)

## Fond du Lac, County of vs. Ramanda R Van Pay

## Fond du Lac County Case Number 2016TR011700

| Filing Date | Case Type | Case Status |
|---|---|---|
| 11-07-2016 | Traffic Forfeiture | Closed |

| Defendant Date of Birth | Address |
|---|---|
| 11-1989 | 2652 Humboldt Rd, Green Bay,  WI 54311 |

| Branch Id | DA Case Number |
|---|---|
| 3 | |

**Case(s) Cross-Referenced With This Case**

2016CF000555

## Charge(s)

| Count No. | Statute | Description | Severity | Disposition |
|---|---|---|---|---|
| 1 | 343.44(1)(a) | Operating While Suspended | Forf. U | Dismissed on Prosecutor's Motion |

| Responsible Official | Prosecuting Agency | Prosecuting Attorney | Defense Attorney |
|---|---|---|---|
| Nuss, Richard J | District Attorney | Krueger, Dennis r | |

## Defendant

| Defendant Name | Date of Birth | Sex | Race[1] |
|---|---|---|---|
| Van Pay, Ramanda R | 11-1989 | Female | Caucasian |

**Address**

2652 Humboldt Rd, Green Bay,  WI 54311

**Address Updated On**

11-05-2016

| JUSTIS ID | Finger Print ID |
|---|---|
| | |

## Charge(s)/Sentence(s)

**Charge Detail**

The Defendant was charged with the following offense:

| Count No. | Statute Cite | Description | Severity | Offense Date | Plea |
|---|---|---|---|---|---|
| 1 | 343.44(1)(a) | Operating While Suspended | Forf. U | 11-05-2016 | |

Case ID: 151103380
Control No.: 17090690

Case Details for 2016TR011700 in Fond du Lac County

**On 12-06-2016 there was a finding of:**

| Action | Court Official |
|---|---|
| Dismissed on Prosecutor's Motion | Nuss, Richard J |

## Citations

**Citation C7565983**

| Bond Amount | Deposit Type | Appearance Date and Time | Mandatory |
|---|---|---|---|
| $ 200.50 | None | 11-21-2016 at 02:00 pm | No |

| Name | | Date of Birth | Sex |
|---|---|---|---|
| Van Pay, Ramanda R | | 11-1989 | Female |

| Address | | | Address Updated On |
|---|---|---|---|
| 2652 Humboldt Rd, Green Bay,  WI  54311 | | | 11-05-2016 |

| Plate Number | State | Expiration | VIN |
|---|---|---|---|
| N861742 | IL | 2016 | 5NPDH4AE4GH725559 |

| Issuing Agency | Officer Name | Violation Date | MPH Over |
|---|---|---|---|
| Fond du Lac County Sheriff | Theisen, Trevor | 11-05-2016 | |

| Plaintiff Agency | Ordinance or Statute | Statute | Charge Description |
|---|---|---|---|
| Fond du Lac, County of | Statute | 343.44(1)(a) | Operating While Suspended |

| Severity | | | |
|---|---|---|---|
| Forf. U | | | |

[1] The designation listed in the Race field is subjective. It is provided to the court by the agency that filed the case.

[2] Non-Court activities do not require personal court appearances. For questions regarding which court type activities require court appearances, please contact the Clerk of Circuit Court in the county where the case originated.

Case ID: 151103380
Control No.: 17090690

# Wisconsin Circuit Court Access (WCCA)

## Fond du Lac, County of vs. Ramanda R Van Pay

## Fond du Lac County Case Number 2016TR011700

### Charge(s)/Sentence(s)

**Charge Detail**

The Defendant was charged with the following offense:

| Count No. | Statute Cite | Description | Severity | Offense Date | Plea |
|---|---|---|---|---|---|
| 1 | 343.44(1)(a) | Operating While Suspended | Forf. U | 11-05-2016 | |

On 12-06-2016 there was a finding of:

| Action | Court Official |
|---|---|
| Dismissed on Prosecutor's Motion | Nuss, Richard J |

Case ID: 151103380
Control No.: 17090690

## Wisconsin Circuit Court Access (WCCA)

## Fond du Lac, County of vs. Ramanda R Van Pay

## Fond du Lac County Case Number 2016TR011700

### Court Record Events

| | Date | Event | Court Official | Court Reporter |
|---|---|---|---|---|
| 1 | 12-06-2016 | Motion and order for dismissal | | |
| 2 | 12-06-2016 | Dismissed | Nuss, Richard J | |
| 3 | 12-06-2016 | Dispositional order/judgment | Nuss, Richard J | |
| 4 | 12-06-2016 | Judicial transfer | Nuss, Richard J | |
| 5 | 11-07-2016 | Notice of hearing<br>**Additional Text:**<br>Further proceedings on December 8, 2016 at 01:30 pm. | | |
| 6 | 11-07-2016 | Appearance<br>**Additional Text:**<br>Minutes | Grimm, Peter L. | Kreidler, Michelle |
| 7 | 11-07-2016 | Complaint filed | | |

Generated on 09-01-2017 at 01:12 pm

Case ID: 151103380
Control No.: 17090690

# EXHIBIT 5

Case ID: 151103380
Control No.: 17090690

**16-14867**

Supplement No
ORIG

# FOND DU LAC CO SHERIFF'S OFFICE



180 S MACY STREET

PO BOX 1273

FOND DU LAC WI 54936-1273

PHONE 920-929-3370

FAX 920-929-3918

Reported Date
**11/05/2016**
Rpt/Incident Typ
**MVTHEFT**
Member#/Dept ID#
**THEISEN,TREVOR**

## Administrative Information

| Agency | | | | Report No | | Supplement No | Reported Date | | Reported Time |
|---|---|---|---|---|---|---|---|---|---|
| FOND DU LAC CO SHERIFF'S OFFICE | | | | 16-14867 | | ORIG | 11/05/2016 | | 02:35 |

| CAD Call No | Status | | Rpt/Incident Typ | | | |
|---|---|---|---|---|---|---|
| 160129659 | REPORT TO FOLLOW | | MOTOR VEHICLE THEFT | | | |

| Location | | | | City | | Town Type |
|---|---|---|---|---|---|---|
| CTH T/HWY 26 | | | | ROSENDALE | | TOWN OF SPRINGVALE |

| Rep Dist | Area | Beat | From Date | | From Time | To Date | To Time | |
|---|---|---|---|---|---|---|---|---|
| SP-05 | FDSO | 05 | 08/18/2016 | | 00:01 | 11/05/2016 | 02:35 | |

| Member#/Dept ID# | | | | Assignment | | 2nd Member#/ID# |
|---|---|---|---|---|---|---|
| 51304/THEISEN,TREVOR | | | | PATROL OFFICER | | DOWLAND,TRAVIS |

| Assignment | Entered By | Assignment | RMS Transfer | Prop Trans Stat | Approving Officer |
|---|---|---|---|---|---|
| PATROL OFFICER | 14255 | RECORDS | Successful | Successful | 14255 |

| Approval Date | Approval Time |
|---|---|
| 11/07/2016 | 09:26:54 |

| Video/Audio (Squad Video) | Citations | FI/Warnings | DA Request for Charges/Review |
|---|---|---|---|
| Yes | Yes | Yes | Yes |

| # Offenses | Offense | | | | | Description | | Complaint Type | AC | Use | Bias | Loc |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 943.23(2) | | | | | Take and Drive Vehic | | | C | N | 88 | 01 |

| #Pr | MOE | Act | Weapon/Force | | IBRS | No | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | 240 | 1 | | | | | | | |

| Link | Involvement | Invl No | Name | | | | | | Race | Sex | DOB |
|---|---|---|---|---|---|---|---|---|---|---|---|
| SUS | ARR | 1 | VANPAY,RAMANDA R | | | | | | W | F | 11/29/1989 |

| Link | Involvement | Invl No | Name | | | | | | Race | Sex | DOB |
|---|---|---|---|---|---|---|---|---|---|---|---|
| VIC | VAB | 2 | HERTZ RENTAL CAR | | | | | | | | |

| # Offenses | Offense | | | | | Description | | Complaint Type | AC | Use | Bias | Loc |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2 | 943.34(1)(c) | | | | | Receive Stolen Prope | | | C | N | 88 | 01 |

| #Pr | MOE | Act | Weapon/Force | | IBRS | No | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | P/U | | | 280 | 2 | | | | | | | |

| Link | Involvement | Invl No | Name | | | | | | Race | Sex | DOB |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| SUS | ARR | 1 | VANPAY,RAMANDA R | | | | | | W | F | 11/29/1989 |

| Link | Involvement | Invl No | Name | | | | | | Race | Sex | DOB |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| VIC | VAB | 2 | HERTZ RENTAL CAR | | | | | | | | |

## Person Summary

| Invl | Invl No | Type | Name | MNI | Race | Sex | DOB |
|---|---|---|---|---|---|---|---|
| ARR | 1 | I | VANPAY,RAMANDA R | 552313 | W | F | 11/29/1989 |
| Invl | Invl No | Type | Name | MNI | Race | Sex | DOB |
| CIN | 1 | I | VANPAY,RAMANDA R | 552313 | W | F | 11/29/1989 |
| Invl | Invl No | Type | Name | MNI | Race | Sex | DOB |
| VAB | 2 | B | HERTZ RENTAL CAR | 565380 | | | |
| Invl | Invl No | Type | Name | MNI | Race | Sex | DOB |
| WAR | 1 | I | VANPAY,RAMANDA R | 552313 | W | F | 11/29/1989 |

## Vehicle Summary

| Invl | Type | License No | State | Lic Year | Year | Make | Model | Style | Color |
|---|---|---|---|---|---|---|---|---|---|
| RCV | 1 | N861742 | IL | 2016 | 2016 | HYUN | ELN | 4D | BRO |
| Invl | Type | License No | State | Lic Year | Year | Make | Model | Style | Color |
| STN | 1 | N861742 | IL | 2016 | 2016 | HYUN | ELN | 4D | BRZ |

## Summary Narrative

Subject was issued a traffic warning for Speeding in 55-MPH Zone, State Statute 346.57(4)(h).

| Report Officer | Printed At | |
|---|---|---|
| 51304/THEISEN,TREVOR | 11/08/2016 08:15 | Page 1 of 1 |

**16-14867**   Supplement No **ORIG**

# FOND DU LAC CO SHERIFF'S OFFICE

## ARREST 1: VANPAY,RAMANDA R

| Involvement | Invl No | Type | | Name | | | | | | MNI | | Race |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ARREST | 1 | Individual | | VANPAY,RAMANDA R | | | | | | 552313 | | WHITE |

| Sex | DOB | | Age | Juvenile? | Height | Weight | Hair Color | Eye Color | OFN_INVL | Vic/Ofnd Age | PRN | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FEMALE | 11/29/1989 | | 26 | No | 5'07" | 130# | BROWN | BLUE | 1 | 26 | 1119903 | |

| Type | Address | | | | | | City | | State | |
|---|---|---|---|---|---|---|---|---|---|---|
| HOME | 2652 HUMBOLDT RD | | | | | | GREEN BAY | | WISCONSIN | |

| ZIP Code | Date |
|---|---|
| 54311 | 11/05/2016 |

| Involvement | Arrest Type | Arrest Date | Arrest Time | Book Date | Book Time | Status |
|---|---|---|---|---|---|---|
| ARRESTED | ARRESTED | 11/05/2016 | 02:53:00 | 11/05/2016 | 02:53:00 | BOOKED |

| Arrest Location | | City | Rep Dist | Armed |
|---|---|---|---|---|
| CTH T/HWY 26 | | ROSENDALE | SP-05 | UNARMED |

| Multi-arrests | Beat |
|---|---|
| COUNT ARRESTEE | 05 |

| Charge | | Level | Charge Literal |
|---|---|---|---|
| 943.23(2) | | F | Take and Drive Vehic |

| Charge | | Level | Charge Literal |
|---|---|---|---|
| 943.34(1)(c) | | F | Receive Stolen Prope |

## CITATION, NOT COUNTED AS AN OFFENDER 1: VANPAY,RAMANDA R

| Involvement | | Invl No | Type | |
|---|---|---|---|---|
| CITATION, NOT COUNTED AS AN OFFENDER | | 1 | Individual | |

| Name | | MNI | Race | Sex | DOB | Age | Juvenile? |
|---|---|---|---|---|---|---|---|
| VANPAY,RAMANDA R | | 552313 | WHITE | FEMALE | 11/29/1989 | 26 | No |

| Height | Weight | Hair Color | Eye Color | PRN |
|---|---|---|---|---|
| 5'07" | 130# | BROWN | BLUE | 1119904 |

| Involvement | Arrest Type | Arrest Date | Arrest Time | Book Date | Book Time | Status |
|---|---|---|---|---|---|---|
| CITED | CITATION | 11/05/2016 | 02:53:00 | 11/05/2016 | 02:53:00 | BOOKED |

| Arrest Location | | City | Rep Dist |
|---|---|---|---|
| CTH T/HWY 26 | | ROSENDALE | SP-05 |

| Citation No | Armed | Multi-arrests | Beat |
|---|---|---|---|
| C7565983 | UNARMED | NOT APPLICABLE | 05 |

| Charge | | Level | Charge Literal |
|---|---|---|---|
| 343.44(1)(A) | | T | Operating After Susp |

## VICTIM (BUSINESS VICTIM) 2: HERTZ RENTAL CAR

| Involvement | | Invl No | Type | Name | |
|---|---|---|---|---|---|
| VICTIM (BUSINESS VICTIM) | | 2 | Business | HERTZ RENTAL CAR | |

| MNI | PRN |
|---|---|
| 565380 | 1119905 |

### IBRS Info

| Victim Invl No | Offense Codes |
|---|---|
| 2 | 240/280 |

## WARNING 1: VANPAY,RAMANDA R

| Involvement | Invl No | Type | | Name | | | | | | MNI | | Race |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| WARNING | 1 | Individual | | VANPAY,RAMANDA R | | | | | | 552313 | | WHITE |

| Sex | DOB | | Age | Juvenile? | Height | Weight | Hair Color | Eye Color | PRN | |
|---|---|---|---|---|---|---|---|---|---|---|
| FEMALE | 11/29/1989 | | 26 | No | 5'07" | 130# | BROWN | BLUE | 1119906 | |

### Vehicle: N861742

| Involvement | Type | | License No | State | Lic Year | Lic Type | | Year |
|---|---|---|---|---|---|---|---|---|
| RECOVERED | AUTO/SUV/MINI VANS | | N861742 | ILLINOIS | 2016 | PASSENGER CAR | | 2016 |

| Make | Model | Style | Color | VIN |
|---|---|---|---|---|
| Hyundai | Elantra | SEDAN, 4 DOOR | BROWN | 5NPDH4AE4GH725559 |

| Stl Loc/Rec Loc | | Rcv Date | Recv Value |
|---|---|---|---|
| Stolen Other/Recovered Local (UCR=3) | | 11/05/2016 | $25,000.00 |

| Storage |
|---|
| Whealon Towing |

| Link | Involvement | Invl No | Name | | Race | Sex | DOB |
|---|---|---|---|---|---|---|---|
| OWN | VAB | 2 | HERTZ RENTAL CAR | | | | |

### Vehicle: N861742

| Involvement | Type | | License No | State | Lic Year | Lic Type | | Year |
|---|---|---|---|---|---|---|---|---|
| STOLEN | AUTO/SUV/MINI VANS | | N861742 | ILLINOIS | 2016 | PASSENGER CAR | | 2016 |

| Make | Model | Style | Color | Value | VIN |
|---|---|---|---|---|---|
| Hyundai | Elantra | SEDAN, 4 DOOR | BRONZE | $25,000.00 | 5NPDH4AE4GH725559 |

| Report Officer | Printed At | |
|---|---|---|
| 51304/THEISEN,TREVOR | 11/08/2016 08:15 | Page 2 of 3 |

Case ID: 151103380

Control No.: 17090690

**16-14867**

Supplement No
**ORIG**

# FOND DU LAC CO SHERIFF'S OFFICE

## Vehicle: N861742

| Tow By | | | | | | |
|--------|--|--|--|--|--|--|
| WHEALON TOWING | | | | | | |

| Link | Involvement | Invl No | Name | Race | Sex | DOB |
|------|-------------|---------|------|------|-----|-----|
| SUS | ARR | 1 | VANPAY,RAMANDA R | W | F | 11/29/1989 |
| Link | Involvement | Invl No | Name | Race | Sex | DOB |
| OWN | VAB | 2 | HERTZ RENTAL CAR | | | |

## Narrative

On Saturday, November 5, 2016, I, DEPUTY THEISEN, was assigned to patrol duties for the Fond du Lac County Sheriff's Office between the hours of 10:00 p.m. to 6:00 a.m. with DEPUTY DOWLAND acting as my field training officer. During this time I was operating marked squad car #110.

Shortly before 2:53 a.m. I conducted a traffic stop on State Hwy 26 just south of CTH T which resulted in the arrest of the operator. This area is located in the Township of Springvale, Fond du Lac County, State of Wisconsin.

While traveling southbound on State Hwy 26 just south of CTH T I observed a northbound vehicle on State Hwy 26 traveling in what appeared to be in excess of the posted speed limit of 55-mph. I did turn on the front deck of my Dual Stalker Radar unit in squad #110 and received a clear steady tone of 65, 65, 65 mph with no interference or obstructions. My patrol speed was verified. I conducted a traffic stop on this vehicle, which is described as a 2016 Hyundai, bronze in color, bearing Illinois license plate of N861742.

The operator of the vehicle was identified with a valid Wisconsin driver's license as RAMANDA R. VAN PAY (1989). VAN PAY was advised why she was being pulled over and stated that she was just lost and going from Madison to her home address in Green Bay. At this time dispatch did advise me that the rental vehicle that VAN PAY was operating was reported stolen on October 8, 2016 by the Indianapolis Airport Police Department for not returning the vehicle. The serial number of the vehicle was checked with the stolen vehicles serial number, which was a match. SERGEANT KAHNKE was dispatched to my location for backup. VAN PAY'S information was ran through the Wisconsin Department of Transportation and revealed that her driving status was suspended.

I instructed VAN PAY to exit the vehicle to answer further questions. While outside the vehicle DEPUTY DOWLAND asked VAN PAY if this vehicle was her rental vehicle, at which point she stated yes. VAN PAY went on to say that she rented the vehicle on August 18, 2016 from Hertz Rental Company in the Indianapolis airport. At that time Hertz Rental Company informed VAN PAY that when she arrived to Green Bay she will need to return the vehicle to the Green Bay location. VAN PAY also went on to say that she is making payments on the vehicle and had just called the rental company a day ago to update them on the rental vehicle payments. It should be noted that VAN PAY had no rental agreement paperwork in the vehicle but stated that the papers are located at her home. VAN PAY was informed that the vehicle had been reported to the Indianapolis Airport Police Department that the vehicle was stolen. VAN PAY stated that she had no idea that the vehicle was considered stolen.

At this time VAN PAY was informed that she was under arrest for Operating Without Owner's Consent, 943.23(2) and also Receiving Stolen Property, 943.34(1). I placed handcuffs on VAN PAY behind her back. The handcuffs were checked for fit, which were snug and safety locked. VAN PAY was searched incident to arrest with nothing illegal being found on her person. VAN PAY was placed in the back of marked squad car #110 and safety belted in.

DEPUTY DOWLAND did call the Indianapolis Airport Police Department and spoke with a Sergeant who stated that the vehicle was stolen. The Sergeant informed us that the vehicle did not need to be inventoried but it needed to be towed to a secure location. Dispatch later confirmed with the Indianapolis Airport Police Department that the vehicle is stolen. Whealon's Towing service was dispatched to tow the vehicle to their secure lot. VAN PAY'S vehicle was searched with nothing illegal being found in the vehicle. VAN PAY'S property was taken out of the vehicle and transported to be logged in VAN PAY'S property in the Fond du Lac County Jail. SERGEANT KAHNKE remained on scene with the vehicle until the vehicle was towed over to Whealon's Towing Service.

VAN PAY was transported to the Fond du Lac County Jail. Upon arrival VAN PAY was turned over to the Fond du Lac County Jail staff without incident. I did fill out an affidavit at the Fond du Lac County Jail for charges of Operating Without Owner's Consent 943.23(2) and also Receiving Stolen Property, 943.34(1). The affidavit was

| Report Officer | Printed At | |
|----------------|-----------|--|
| 51304/THEISEN,TREVOR | 11/08/2016 08:15 | Page 3 of 4 |

**16-14867**    Supplement No
**ORIG**

# FOND DU LAC CO SHERIFF'S OFFICE

**Narrative**

signed and turned over to the Fond du Lac County Jail. A written warning for Speeding 1-10 MPH Over the Posted Speed Limit and a citation for Operating After Suspension was issued and explained to VAN PAY. VAN PAY stated that she did not have any further questions regarding the incident. I then cleared from the Fond du Lac County Jail and the incident.

It should be noted that the radar unit was checked prior to and after the stop, passing both times.

DEPUTY TREVOR THEISEN/#78

TT/dk

Page ID: 151103380

Control No.: 17090690

**16-14867**    Supplement No
**0001**

# FOND DU LAC CO SHERIFF'S OFFICE



180 S MACY STREET

PO BOX 1273

FOND DU LAC WI 54936-1273

PHONE 920-929-3370

FAX 920-929-3918

Reported Date
**11/05/2016**
Rpt/Incident Typ
**MVTHEFT**
Member#/Dept ID#
**DOWLAND,TRAVIS**

## Administrative Information

| Agency | | | | Report No | | Supplement No | Reported Date | | Reported Time |
|---|---|---|---|---|---|---|---|---|---|
| FOND DU LAC CO SHERIFF'S OFFICE | | | | 16-14867 | | 0001 | 11/05/2016 | | 02:35 |

| CAD Call No | Status | | Rpt/Incident Typ | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 160129659 | REPORT TO FOLLOW | | MOTOR VEHICLE THEFT | | | | | | |

| Location | | | | | | City | | Town Type | |
|---|---|---|---|---|---|---|---|---|---|
| CTH T/HWY 26 | | | | | | ROSENDALE | | TOWN OF SPRINGVALE | |

| Rep Dist | Area | Beat | From Date | From Time | To Date | | To Time | |
|---|---|---|---|---|---|---|---|---|
| SP-05 | FDSO | 05 | 08/18/2016 | 00:01 | 11/05/2016 | | 02:35 | |

| Member#/Dept ID# | | | | | Assignment | | 2nd Member#/ID# | |
|---|---|---|---|---|---|---|---|---|
| 19688/DOWLAND,TRAVIS | | | | | PATROL OFFICER | | THEISEN,TREVOR | |

| Assignment | Entered by | Assignment | RMS Transfer | Prop Trans Stat | Approving Officer |
|---|---|---|---|---|---|
| PATROL OFFICER | 14255 | RECORDS | Successful | Successful | 14255 |

| Approval Date | Approval Time |
|---|---|
| 11/08/2016 | 08:12:48 |

## Modus Operandi

Crime Code(s)
STOLEN VEHICLE

## Narrative

On Monday, November 7, 2016, I, Deputy Dowland, was assigned follow-up in regards to this matter. I did speak with a Lieutenant at Indianapolis International Airport Police Department. I was advised a copy of the report would be faxed to the Sheriff's Office on the date of this report after 8am. The report would be addressed to myself.

I did attempt contact with Hertz Car Rental in Green Bay, however due to my hours I was not able to reach a person. The menu advised Hertz's regular business hours are between 7am and 6pm. VAN PAY had advised she obtained a contract through Hertz in Green Bay and was set up on a payment plan. Should be noted on the night of the incident I attempted contact via phone with Hertz in Indianapolis but could not reach anything other than an automated message.

DEPUTY TRAVIS DOWLAND/#55

/td

| Report Officer | Printed At | |
|---|---|---|
| 19688/DOWLAND,TRAVIS | 11/08/2016 08:15 | Page 1 of 1 |

Case ID: 151103380

Control No.: 17090690

**16-14867**   Supplement No  **0002**

# FOND DU LAC CO SHERIFF'S OFFICE



**180 S MACY STREET**

**PO BOX 1273**

**FOND DU LAC WI 54936-1273**

**PHONE 920-929-3370**

**FAX 920-929-3918**

Reported Date
**11/05/2016**
Rpt/Incident Typ
**MVTHEFT**
Member#/Dept ID#
**OLIG, DAVID**

## Administrative Information

| Agency | | | | Report No | | Supplement No | Reported Date | | Reported Time |
|---|---|---|---|---|---|---|---|---|---|
| FOND DU LAC CO SHERIFF'S OFFICE | | | | 16-14867 | | 0002 | 11/05/2016 | | 02:35 |

| CAD Call No | Status | | Rpt/Incident Typ | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 160129659 | REPORT TO FOLLOW | | MOTOR VEHICLE THEFT | | | | | | |

| Location | | | | | | City | | Town Type | |
|---|---|---|---|---|---|---|---|---|---|
| CTH T/HWY 26 | | | | | | ROSENDALE | | TOWN OF SPRINGVALE | |

| Rep Dist | Area | Beat | From Date | | From Time | To Date | | To Time | |
|---|---|---|---|---|---|---|---|---|---|
| SP-05 | FDSO | 05 | 08/18/2016 | | 00:01 | 11/05/2016 | | 02:35 | |

| Member#/Dept ID# | | | | | Assignment | | 2nd Member#/ID# | | |
|---|---|---|---|---|---|---|---|---|---|
| 39601/OLIG, DAVID | | | | | DETECTIVE | | DOWLAND, TRAVIS | | |

| Assignment | | Entered by | Assignment | RMS Transfer | | Prop Trans Stat | | Approving Officer | |
|---|---|---|---|---|---|---|---|---|---|
| PATROL OFFICER | | 14255 | RECORDS | Successful | | Successful | | 14255 | |

| Approval Date | | Approval Time | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 11/09/2016 | | 10:13:49 | | | | | | | |

| Miscellaneous | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Yes | | | | | | | | | |

## Modus Operandi

Crime Code(s)
STOLEN VEHICLE

## Narrative

On Tuesday, November 8, 2016, I, DETECTIVE DAVID OLIG, of the Fond du Lac County Sheriff's Office was requested to follow-up to a complaint involving a traffic stop conducted by DEPUTY THEISEN involving the arrest of RAMANDA VAN PAY. The vehicle VAN PAY was operating was listed as stolen out of Indiana. There was a note attached to DEPUTY THEISEN'S report requesting that follow-up be conducted with Hertz, as they are the owner of the vehicle.

I called Hertz at the International Airport in Indianapolis. Their telephone number is 317-487-5088. I spoke with an employee who indicated that she would pass the information onto a detective working on the case.

A short while later DETECTIVE HERNANDEZ called me. DETECTIVE HERNANDEZ requested the Sheriff's Office report be forwarded to his agency, which it later was. I requested a copy of the rental agreement be faxed to the Sheriff's Office. A short while later we received a fax from DETECTIVE HERNANDEZ indicating in the comments that there is no rental agreement to this vehicle, it is believed to have been taken from the Hertz lot while it was being serviced. The information DETECTIVE HERNANDEZ faxed to the Fond du Lac County Sheriff's Office is attached to this report.

I have no further information to add.

DETECTIVE DAVID OLIG/#137

DO/dk

| Report Officer | Printed At | |
|---|---|---|
| 39601/OLIG, DAVID | 11/09/2016 10:14 | Page 1 of 1 |

Case ID: 151103380

Control No.: 17090690

## Olig, David

| | |
|---|---|
| **From:** | Diosdado Hernandez <dhernandez@indianapolisairport.com> |
| **Sent:** | Tuesday, November 08, 2016 12:29 PM |
| **To:** | Olig, David |
| **Subject:** | RE: Stolen Auto |

Ok thank you. I faxed our report over to you. There is no rental agreement, this vehicle was taken from the lot. Sorry, I thought that there was a rental agreement, got it confused with another case from Hertz. We get a few of those a month here. Let me know if you need anything else. Thanks again.

**From:** Olig, David [mailto:David.Olig@fdlco.wi.gov]
**Sent:** Tuesday, November 08, 2016 12:50 PM
**To:** Diosdado Hernandez <dhernandez@indianapolisairport.com>
**Subject:** Stolen Auto

Detective Hernandez,

One of our office clerks was going to email the report to your department. Our case number is 16-14867. If you haven't faxed the rental agreement yet, feel free to send it to me by email. If you need anything, my office number is 920-906-4799. Thanks.

Respectfully,
David

Detective David Olig #137
Fond du Lac County Sheriff's Office
180 S. Macy Street
Fond du Lac, WI 54936

The information transmitted by this e-mail is intended only for the person to whom it is addressed and may contain confidential and/or legally privileged material. Access, disclosure, copying, distribution, reliance or use of this e-mail or any attachment by anyone else is prohibited. If you received this e-mail by error or are not the originally intended recipient, please (i) do not read it, (ii) contact the sender by reply e-mail and immediately return it to the sender and (iii) promptly delete and/or destroy all copies of the original message and any attachments from your computer systems. The views or comments made by any individual in this e-mail are those of the individual and may not express the views or comments of the Indianapolis Airport Authority.
Further information on the Indianapolis Airport Authority can be found at www.indianapolisairport.com

Try our free frequent parker program at www.parkindplus.com and earn complimentary garage parking and faster security screening!

Case ID: 151103380
Control No.: 17090690

Ramanda R. Van Pay
_Name of Arrested Person_

**Probable Cause Statement and Judicial Determination**

11/29/1989
_Date of Birth_

Agency Case No. 16-14867
Case No. _____

1. I state as follows: ☒ a. I am the arresting officer in this case *OR*
   ☐ b. I am a law enforcement officer and make this statement on information and belief.

2. The above-named person was arrested without a warrant on  11/05/16  at 2:53   ☒ a.m. ☐ p.m.
   How identified: ☐ verbally  ☒ WI D.L.  ☐ Other: (specify) _____

3. I have probable cause to believe that the arrested person committed the following offense(s):

| Offense(s) | Statute Number(s) | Offense(s) | Statute Number(s) |
|---|---|---|---|
| 1. Operating W/O owners consent | 943.23 | 2. Receiving stolen property | 943.34(1) |
| 3. | | 4. | |

4. Information for following summary provided by: ☐ Alleged Victim: _____
   ☐ Other: _____

5. I believe the arrested person committed this offense(s) because the alleged victim(s)  ☒ did   ☐ did not consent to the above listed offense(s):    *Summarize below and/or*  ☐ See documentation attached.

   On Saturday, November 05, 2016, Deputy Theisen conducted a traffic stop on STH 26 South of CTH T, which is located in

   the Township of Rosendale, Fond du Lac County, State of Wisconsin. Deputy Theisen identifed the driver with a valid WI

   DL as Ramanda R. Van Pay. Deputy Theisen ran the vehicle's registration through dispatch. Dispatch advised the vehicle

   was listed as stolen through Indanpolis Airport Police Department since October 8th 2016, which was later confirmed.

   Ramanda stated that she did rent the vehicle at the Indanpolis Airport August 18th, 2016. Ramanda states that she is making

   payments on the vehicle.

Subscribed and sworn to before me
on: _11/5/16_

_Notary Public, State of Wisconsin_
My commission expires: _6/30/19_

#78

_Signature of Person completing Affidavit_

#78 Fond Du Lac County Sheriff's Office
_Badge Number/Department_

Date: 11/05/16  Time: 4:28  ☒ am ☐ pm

**Probable Cause Determination**

I have reviewed the probable cause statement from the arresting officer. Based on this statement:
☒ 1.  I find probable cause to believe that the arrested person committed the offense(s) ☒ as listed above  *OR*
   ☐ as follows: _____
   ☒ Bail is set as follows: _____ Bond Book
☐ 2.  I do not find sufficient probable cause to have been presented and direct that the arrested person be released from this custody. Reason(s) probable cause not found (optional): _____

☐ Telephone Conference Call Determining Probable Cause
The initial probable cause was determined by a telephone conference call. The judge/commissioner instructed me to affix the decision, his/her signature, and date and time in the appropriate location, to be countersigned later by the judge/commissioner.

_Officer's Signature_

BY THE COURT:

_Circuit Court Judge/Circuit Court Commissioner_

_Name Printed or Typed_

11 – 6 – 16    5:03   ☐ a.m. ☒ p.m.
_Date_   _Time_

Distribution:
1. Court - Original
2. Sheriff
3. Facility
4. Arrested Person/Counsel

CR-215, 04/09 Probable Cause Statement and Judicial Determination   §970.01,Wisconsin Statutes; 4th Amendment, US Constitution
This form shall not be modified. It may be supplemented with additional material.

Case ID: 151103380
Control No.: 17090690

FOND DU LAC COUNTY SHERIFF'S OFFICE

## REQUEST FOR CHARGES

Case Number: 16-14867
Date Referred: 11-05-16
Investigating Officer: Deputy Trevor Theisen

| Defendant's Name:<br>Ramanda R. Van Pay | DOB:<br>11-29-89 |
|---|---|
| | |

| Victim's Name:<br>Hertz Rental Car | DOB: |
|---|---|
| | |

| Offense:<br>Take and Drive Vehicle Without Consent<br>Receive Stolen Property > $10,000 | Statute Violated:<br>943.23(2)<br>943.34(1)(C) |
|---|---|
| | |

Case ID: 151103380
Control No.: 17090690

| State of Wisconsin | Circuit Court | Fond du Lac County |
|---|---|---|

STATE OF WISCONSIN

-VS-

**FILED**

NOV 0 7 2016

RAMONA M. GEIB
FOND DU LAC COUNTY, WIS.
Clerk Of Circuit Court

Ramanda R Van Pay
2652 Humboldt Rd
Green Bay, WI 54311
DOB: 11/29/1989
Sex/Race: F/W
Alias:

Defendant,

DA Case No.: 2016FL003784
Assigned DA/ADA: Eric J. Toney
Agency Case No.: 16-14867
Court Case No.:  16CF555
ATN:

Criminal Complaint **RECEIVED**

NOV 0 8 2016

FDL CO SHERIFF'S OFFICE

Sergeant Jeff Bonack, of the Fond du Lac Sheriff, being first duly sworn, states that:

### Count 1: THEFT - MOVABLE PROPERTY ( > $10,000)

The above-named defendant Beginning 8/18/2016 12:01:00 AM and ending 11/5/2016 2:35:00 AM., at CTH T/HWY 26, SPRINGVALE, in the Town of Springvale, Fond du Lac County, Wisconsin, did intentionally retain possession of movable property of Hertz Rent-A-Car, having a value greater than $10,000, without consent, and with intent to permanently deprive the owner of possession of the property, contrary to sec. 943.20(1)(a) and (3)(c), 939.50(3)(g) Wis. Stats., a Class G Felony, and upon conviction may be fined not more than Twenty Five Thousand Dollars ($25,000), or imprisoned not more than ten (10) years, or both.

### Count 2: OPERATING A MOTOR VEHICLE WITHOUT OWNER'S CONSENT

The above-named defendant Beginning 8/18/2016 12:01:00 AM and ending 11/5/2016 2:35:00 AM., at CTH T/HWY 26, SPRINGVALE, in the Town of Springvale, Fond du Lac County, Wisconsin, did intentionally take and drive a vehicle, 2016 Hyundai, without the consent of the owner, VICTIM, contrary to sec. 943.23(2), 939.50(3)(h) Wis. Stats., a Class H Felony, and upon conviction may be fined not more than Ten Thousand Dollars ($10,000), or imprisoned not more than six (6) years, or both.

### PROBABLE CAUSE:

Complainant is a Sergeant with Fond du Lac County Sheriff's Office and basis this complaint upon the report and investigation of Deputy Trevor Theisen of the same agency with whom your complainant has worked with and knows to be competent and reliable.

Deputy Theisen's official police report states, in part, that:

On Saturday, November 5, 2016, I, DEPUTY THEISEN, was assigned to patrol duties for the Fond du Lac County Sheriff's Office between the hours of 10:00 p.m. to 6:00 a.m. with DEPUTY DOWLAND acting as my field training officer. During this time I was operating marked squad car #110.

Shortly before 2:53 a.m. I conducted a traffic stop on State Hwy 26 just south of CTH T which resulted in the arrest of the operator. This area is located in the Township of Springvale, Fond du Lac County, State of Wisconsin.

While traveling southbound on State Hwy 26 just south of CTH T I observed a northbound vehicle on State Hwy 26 traveling in what appeared to be in excess of the posted speed limit of 55-mph. I did turn on the front deck of my Dual Stalker Radar unit in squad #110 and received a clear steady tone of 65, 65, 65 mph with no interference or obstructions. My patrol speed was verified. I conducted a traffic stop on this vehicle, which is described as a 2016 Hyundai, bronze in color, bearing Illinois license plate of N861742.

11/07/2016

Case ID: 151103380
Control No.: 17090690

The operator of the vehicle was identified with a valid Wisconsin driver's license as RAMANDA R. VAN PAY (1989). VAN PAY was advised why she was being pulled over and stated that she was just lost and going from Madison to her home address in Green Bay. At this time dispatch did advise me that the rental vehicle that VAN PAY was operating was reported stolen on October 8, 2016 by the Indianapolis Airport Police Department for not returning the vehicle. The serial number of the vehicle was checked with the stolen vehicles serial number, which was a match. SERGEANT KAHNKE was dispatched to my location for backup. VAN PAY'S information was ran through the Wisconsin Department of Transportation and revealed that her driving status was suspended.

While outside the vehicle DEPUTY DOWLAND asked VAN PAY if this vehicle was her rental vehicle, at which point she stated yes. VAN PAY went on to say that she rented the vehicle on August 18, 2016 from Hertz Rental Company in the Indianapolis airport. At that time Hertz Rental Company informed VAN PAY that when she arrived to Green Bay she will need to return the vehicle to the Green Bay location. VAN PAY also went on to say that she is making payments on the vehicle and had just called the rental company a day ago to update them on the rental vehicle payments. It should be noted that VAN PAY had no rental agreement paperwork in the vehicle but stated that the papers are located at her home. VAN PAY was informed that the vehicle had been reported to the Indianapolis Airport Police Department that the vehicle was stolen. VAN PAY stated that she had no idea that the vehicle was considered stolen.

DEPUTY DOWLAND did call the Indianapolis Airport Police Department and spoke with a Sergeant who stated that the vehicle was stolen. The Sergeant informed us that the vehicle did not need to be inventoried but it needed to be towed to a secure location. Dispatch later confirmed with the Indianapolis Airport Police Department that the vehicle is stolen.

Based on the foregoing, the complainant believes this complaint to be true and correct.

Subscribed and sworn to before me, and approved for filing on:

Dated: _____

_____
(Assistant)District Attorney

Complainant _____

State Bar No. _____

Case ID: 151103380
Control No.: 17090690

| Appearance Required: | NO | NOV-21-2016 | 02:00 PM | MV4017 | 0901 | C756598-3 |
|---|---|---|---|---|---|---|

FOND DU LAC COUNTY CIRCUIT COURT - INTAKE

160 S MACY STREET

FOND DU LAC, WI 54935

| Estimated Points | DEPOSIT | Cash - Card |
|---|---|---|
| 3 | $200.50 | |
| Court Use | | DA    N |

**Defendant** (Last Name, First, Middle, Street Address, P.O. Box, City, State, Zip)

| | Birth Date | Sex | Race |
|---|---|---|---|
| | 11/29/1989 | F | W |

VAN PAY, RAMANDA R

2652 HUMBOLDT RD

GREEN BAY, WI 54311

Telephone Number

| HT | WT | Hair | Eyes |
|---|---|---|---|
| 507 | 130  lbs | BLOND | BLUE |

| Driver License/Identification Card Number | | State | Exp. Yr. | OPERATING AS: |
|---|---|---|---|---|
| V510-7368-9929-02 | | WI | 2018 | DRIVER |

| License Plate Number | Plate Type | State | Exp. Yr. | Vehicle Class | Vehicle Endorsements |
|---|---|---|---|---|---|
| N861742 | AUT | IL | 2016 | D | |

| Vehicle Identification Number | US DOT No. | Hazmat No. | Holds CDL | CDL Waiver |
|---|---|---|---|---|
| 5NPDH4AE4GH725559 | | | N | |

| Vehicle Year | Make | Type | Color | |
|---|---|---|---|---|
| 2016 | HYUN | 4D | BRO | |

| **Plaintiff** | Ordinance Violated | | Adopting State Statute |
|---|---|---|---|
| COUNTY OF FOND DU LAC | 54-1 | | 343.44(1)(a) |

| **Violation Description** | | BAC    Overweight | Agency Space |
|---|---|---|---|

OPERATING AFTER SUSPENSION

16-14867

| Week Day | Date | Time | Actual Speed | Legal | Over |
|---|---|---|---|---|---|
| SATURDAY 11/05/2016 | | 02:35 AM | | | |

| County | City/Village/Town |
|---|---|
| FOND DU LAC - 20 | SPRINGVALE - 19, TOWN |

| ON Hwy No. and/or Street Name | Estimate Distance |
|---|---|
| NB/026 | 0.44 MI  NORTH |

| From/AT Hwy No. and/or Street Name | GPS Coordinates | Minor Passenger |
|---|---|---|
| HOLLANDER RD | 43.744134 | |
| | -88.674571 | N |

| Officer Name | Zone: RR - Utility - School - Const | Accident Severity |
|---|---|---|
| TREVOR THEISEN | N    N    N    N | |

| Officer ID | Department | Date Citation Served, | Method |
|---|---|---|---|
| 78 | FOND DU LAC COUNTY SHERIFF | NOV/05/2016 | IN PERSON |

| Police # 16-14867 | **Police Record** | |
|---|---|---|

| Travel Lanes | Road Condition | Traffic | Light Condition |
|---|---|---|---|
| 2 | DRY | L - LIGHT | Dark-Not-Ligh |
| Highway | | Weather Condition | |
| NOT-PHYSICALLY-DIVIDED-(2-WAY TRAFFIC) | | CLEAR | |

SEE REPORT



T331 9/2001 WDOT
s345.11 Wis. Stats

**WISCONSIN UNIFORM CITATION**

1  of  1

Citation #
C756598

Case ID: 151103380
Control No.: 17090690

# WARNING / VIOLATION NOTICE

| Date | Time | Police Number | Document Number |
|---|---|---|---|
| NOV-05-2016 | 2:35 AM | 16-14867 | 6B904HS4TC |

**Defendant** (Last Name, First, Middle)

VAN PAY, RAMANDA R

| | Birth Date | | Sex | Race |
|---|---|---|---|---|
| | 11/29/1989 | | F | W |

| | Telephone Number | | | |
|---|---|---|---|---|
| 2652 HUMBOLDT RD | | HT | WT | Hair | Eyes |
| GREEN BAY, WI 54311 | | 507 | 130 lbs | BLOND | BLUE |

| Driver License/Identification Card Number | State | Exp. Yr. | Vehicle Identification Number | Vehicle Year |
|---|---|---|---|---|
| V510-7368-9929-02 | WI | 2018 | 5NPDH4AE4GH725559 | 2016 |

| License Plate Number | Plate Type | State | Exp. Yr. | Make | Type | Color | Model |
|---|---|---|---|---|---|---|---|
| N861742 | AUT | IL | 2016 | HYUN | 4D | BRO | |

| County | City/Village/Town | Officer ID |
|---|---|---|
| FOND DU LAC - 20 | SPRINGVALE - 19, TOWN | 78 |

| ON Hwy No. and/or Street Name | Estimate Distance | Officer Name |
|---|---|---|
| NB/HIGHWAY 026 | 0.44 MI        N | TREVOR THEISEN |

| From/AT Hwy No. and/or Street Name | GPS Coordinates | Department |
|---|---|---|
| HOLLANDER RD | 43.744134 | FOND DU LAC COUNTY SHERIFF |
| | -88.674571 | |

Agency Space

## THIS NOTICE WAS ISSUED FOR THE FOLLOWING VIOLATION(S)

| | SECTION No (s) | DESCRIPTION(S) |
|---|---|---|
| 1 | 346.57(4)(h) | ADOPTING STATE STATUTES (TRAFFIC) -- SPEEDING IN 55 MPH ZONE |
| | 54-1 | (1-10 MPH) |

Additional Instructions For Violator

**Equipment, Registration or Miscellaneous Violations**

☐ The violations indicated must be corrected at once.
All future operation without correction is illegal.

**REPORT IN PERSON**

☐ Bring proof of compliance with the law for violations listed to any law enforcement officer for certification by:

| Days to Correct |
|---|
| |

| Correct Date |
|---|
| |

Comments

Case ID: 151103380
Control No.: 17090690

# EXHIBIT 6

Case ID: 151103380
Control No.: 17090690



# Fond du Lac County

**OFFICE OF CLERK OF CIRCUIT COURTS**
**(920) 929-3040**

City/County Government Center
160 S Macy St, Fond du Lac, WI 54935

## FAX TRANSMITTAL SHEET

DATE: 9/1/15

TIME: _____

TO: Francis Alexander Malofiy   FROM: _____

_____   _____

_____   _____

Number of pages being sent 2 6 (including transmittal page)

If you have any questions or comments regarding these pages, please call:

(920) 929-3041 ask for Claire

Receivers Fax Number    215 · 500 · 1005

Case ID: 151103380
Control No.: 17090690

STATE OF WISCONSIN          CIRCUIT COURT          FOND DU LAC COUNTY

STATE OF WISCONSIN,                                MOTION AND ORDER
                    Plaintiff,                     FOR DISMISSAL

                                                   Case No. 2016CF000555
        vs.                                        2016TR11700
                          **FILED**                D.A. No. 2016FL003784
                          DEC – 6 2016

RAMANDA R VAN PAY,        RAMONA M. GEIB
                    Defendant.   FOND DU LAC COUNTY, WIS.
                                 Clerk Of Circuit Court

Now comes the State of Wisconsin and hereby moves the Court for an order dismissing

the case without prejudice.

    Remarks:    The theft complaint was made in error by the victim. There is an

accompanying ticket that should be dismissed as well

    Dated this ___5___ day of November, ~~2011~~ 2016

                                        Dennis Krueger
                                        Deputy District Attorney
                                        State Bar No. 1009923
                                        160 South Macy Street
                                        Fond du Lac, WI 54935
                                        (920) 929-3048

                              ORDER

    Upon the above motion, it is hereby ordered that this matter is dismissed without

prejudice.

    Dated this ___6___ day of Dec, 2016

                                        Circuit Court Judge

    Cc: Amanda Nimmer
11/30/2016

*NUSS*

STATE OF WISCONSIN    CIRCUIT COURT    FOND DU LAC COUNTY
CRIMINAL DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

STATE OF WISCONSIN,                 **FILED**    DEFENDANT'S MOTION
                          Plaintiff,               FOR DISCOVERY

    vs.                           NOV 1 4 2016

RAMANDA R. VAN PAY,        RAMONA M. GEIB        CASE NO. 16-CF-555
                          FOND DU LAC COUNTY, WIS.
                          Defendant.  Clerk Of Circuit Court

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

The defendant, by Attorney Amanda Nimmer, appearing specially and reserving the right to challenge the jurisdiction of the Court upon all the records, files and proceedings, heretofore had and taken herein, moves the Court pursuant to secs. 972.11(1), 971.23 and 971.31 Stats., the Fifth, Sixth and Fourteenth Amendments to the United States Constitution, Article I, Sections 7 and 8 of the Wisconsin Constitution, and the supporting case law in addition to any other authorities cited below:

(1) For entry of an Order requiring that the plaintiff produce for inspection and/or copying by the defendant all physical evidence in the possession of the plaintiff, including but not limited to that physical evidence which the plaintiff intends to introduce at the trial;

(2) For entry of an Order requiring that the plaintiff produce all reports of all and any scientific tests or experiments made or to be used in behalf of the plaintiff regarding all evidence in the possession of the plaintiff including but not limited to the evidence the plaintiff intends to introduce at the trial;

(3) For the entry of an Order requiring the plaintiff to disclose to the defendant any and all consideration or promises of consideration given to or on behalf of any witness whom the State will call at trial; or expected or hoped for by the witness. By "consideration," the defendant refers to absolutely everything, whether bargained for or not, which arguably could be of value or use to a witness or to persons of concern to the witness, including but not limited to, formal or informal, direct or indirect leniency, favorable treatment or recommendations, or other assistance with respect to any pending or potential criminal, parole, probation, pardon, clemency, civil, tax court, court of claims, administrative or other dispute with the State or with any other authority or with any other parties; criminal, civil or tax immunity grants; relief from forfeiture; payments of money, rewards or fees, witness fees and special witness fees, provision of food, clothing, shelter, transportation, legal services or other benefits; placement in a "witness protection program"; informer status of the witness; and anything else which

FOND DU LAC COUNTY, WI

NOV 1 4 2016

DISTRICT ATTORNEY
**FILED**

Case ID: 151103380
Control No.: 17090690

arguably could reveal an interest, motive, or bias in the witness in favor or the State or against the defendant or act as inducement to testify or to color testimony;

(4) For the entry of an Order requiring the plaintiff to disclose to the defendant any and all threats, express or implied, direct or indirect, or other coercion made or directed against the witness, criminal prosecutions, investigations, or potential prosecutions pending or which could be brought against the witness; any probationary, parole, deferred prosecution or custodial status of the witness; and any civil, tax court, court of claims, administrative, or other pending or potential legal disputes or transactions with the State or over which the State has a real, apparent, or perceived influence;

(5) For the entry of an Order requiring the plaintiff to disclose to the defendant the existence and identification of each occasion on which the witnesses have testified before any Court, John Doe, or other tribunal or body or otherwise officially narrated in relation to the defendant, the investigation, or the facts of this case;

(6) For the entry of an Order requiring the plaintiff to disclose to the defendant the existence and identification of each occasion on which each witness who was or is an informer, accomplice, co-conspirator, or expert has testified before any court, John Doe, or other tribunal body;

(7) For entry of an Order pursuant to State v. Simmons, 7 Wis. 2d 285, 292-293 (1973), the Fifth, Sixth and Fourteenth Amendments of the United States Constitution and Article I, Sections 7 and 8 of the Wisconsin Constitution ordering that the plaintiff disclose to the defendant the names, current addresses and current telephone numbers of all persons known to the plaintiff to have been witnesses to any acts alleged against the defendant or who heard or saw any activities alleged to have been committed by the defendant and possess relevant information to the charge in the information. This motion is made regardless of whether or not said person will be called as a witness in this matter;

(8) For entry of an Order pursuant to State v. Groh, 69 Wis. 2d 481, 486-488 (1975), State v. Van Ark, 62 Wis. 2d 155, 161-162 (1974), and Simos v. State, 53 Wis. 2d 493, 496-498 (1972), requiring that the plaintiff furnish to the defendant prior to trial copies of all written, audio tape or videotape recorded statements of witnesses the plaintiff intends to have testify at the trial including but not limited to copies of all police reports, show-ups, notebooks, and any and all other documents which contain any such statements;

(9) For entry of an Order requiring that the plaintiff produce any item of physical evidence which plaintiff intends to introduce at trial for scientific analysis under the terms and conditions prescribed by the court;

(10) For the entry of an Order requiring that the plaintiff obtain and give to the defendant a copy of all medical reports, charts, records, pictures, and any and all other documents

Case ID: 151103380
Control No.: 17090690

relating to the medical condition, examination and treatment of any witness, if the state intends to introduce evidence of this nature;

(11) For the entry of an Order requiring that the plaintiff obtain and give to the defendant a copy of all psychological and psychiatric reports, records, and any and all other documents relating to the mental and emotional condition and treatment of any witness, if the state intends to introduce evidence of this nature;

(12) For the entry of an Order, pursuant to State v. Maday, 179 Wis. 2d 346, 507 N.W. 2d 365 (Ct. App. 1993), directing that a witness submit to examination by defense expert, if the State has indicated its intent to present during its case-in-chief the testimony of one or more experts who have personally examined the witness and will testify regarding the witness' behavior or condition.

Dated at Fond du Lac, Wisconsin, this 14th day of November, 2016.

Amanda Nimmer
Attorney for the Defendant
State Bar No. 01097770

State Public Defender's Office
City-County Government Center
160 South Macy Street-1st Floor
Fond du Lac, WI 54935
(920) 929-3990

Case ID: 151103380
Control No.: 17090690



Fond du Lac County — Wisconsin
Clerk of Circuit Court
Ramona M. Geib
160 S Macy St
Fond du Lac, WI 54935

No. 052455

December 9, 2016

79-76/759

National Exchange Bank & Trust
Fond du Lac, WI 54935

Four hundred eighty five dollars and 96 cents ********

| Dollars | Cents |
|---|---|
| $**485 | 96 |

Void after 120 days

PAY TO THE ORDER OF:

RAMANDA R VAN PAY
2652 HUMBOLDT RD
GREEN BAY WI 54311

**NOT NEGOTIABLE**
Authorized Signature

Fond du Lac County
160 S Macy St
Fond du Lac, WI 54935
Check Number: 052455

Statement of Remittance
DETACH BEFORE DEPOSITING CHECK

**For Your Records**
Check Date: December 9, 2016

Pay to the order of: RAMANDA R VAN PAY                      No. 16C 052455

2016CF000555 State of Wisconsin vs. Ramanda R Van Pay
Trust Party: Ramanda R Van Pay    return bond posted for self- case dismissed        485.96

If you have any questions regarding this check
please contact the Clerk of Courts office at 920-929-3040.

Amount of check: $485.96

Case ID: 151103380
Control No.: 17090690



National Exchange Bank & Trust
Fond du Lac, WI 54936

**Fond du Lac County — Wisconsin**
Clerk of Circuit Court
Ramona M. Geib
160 S Macy St
Fond du Lac, WI 54935

No. 052450

December 9, 2016

79-76
759

Fourteen dollars and 04 cents*********************************

| | Dollars | Cents |
|---|---|---|
| | $**14 | 04 |

Void after 120 days

PAY TO THE ORDER OF:

KENDREK A HAYDEN
2662 HUMBOLDT RD
GREEN BAY WI 54311

**NOT NEGOTIABLE**
Authorized Signature

Fond du Lac County
160 S Macy St
Fond du Lac, WI 54935

Statement of Remittance
DETACH BEFORE DEPOSITING CHECK

**For Your Records**
Check Date: December 9, 2016

Check Number: 052450

Pay to the order of: KENDREK A HAYDEN

No. 16C 052450

2016CF000555 State of Wisconsin vs. Ramanda R Van Pay
Trust Party: Ramanda R Van Pay    return bond posted for Ramanda Van Pay- case
dismissed

14.04

If you have any questions regarding this check
please contact the Clerk of Courts office at 920-929-3040.

Amount of check: $14.04

STATE OF WISCONSIN        CIRCUIT COURT        FOND DU LAC COUNTY
                        CRIMINAL DIVISION

-------------------------------------------------------------------

STATE OF WISCONSIN,       **F I L E D**   DEFENDANT'S
           Plaintiff,                DISCOVERY DEMAND
       vs.              NOV 1 4 2016

RAMANDA R. VAN PAY,     RAMONA M. GEIB
                 FOND DU LAC COUNTY, WIS.   CASE NO. 16-CF-555
               Defendant.   Clerk Of Circuit Court

-------------------------------------------------------------------

TO:   Office of the District Attorney
      City-County Government Center
      160 South Macy Street
      Fond du Lac, WI 54935

Pursuant to secs. 971.23, and 972.11(1), Wis. Stats., the Wisconsin Evidence Code, the Fifth, Sixth and Fourteenth Amendments to the United States Constitution, Article I, Sections 7 and 8 of the Wisconsin Constitution, and the supporting federal and state case law, the defendant demands that the District Attorney disclose to defendant's attorney and permit defendant's attorney to inspect and copy or photograph all the following materials and information, which is in the possession, custody or control of the state:

(1)   Any and all written and/or recorded statements made by the defendant concerning the alleged crime(s), including the testimony of the defendant in a secret proceeding under sec. 968.26 Wis. Stats. or before a grand jury and the names and addresses of witnesses to the defendant's written statements;

(2)   A written summary of all oral statements made by the defendant, which the district attorney intends to use in the course of the trial and a list of the names and addresses of all witnesses to such statements;

(3)   Any evidence obtained in a manner described under sec. 968.31(2)(b) Wis. Stats., if the District Attorney intends to use the evidence at trial;

(4)   A written report detailing the defendant's conduct which the plaintiff intends to introduce as implied admissions and the names and addresses of all witnesses to such conduct;

(5)   A copy of defendant's criminal record and juvenile adjudication record:
                                     FOND DU LAC COUNTY, WI

                                     NOV 1 4 2016

                                     DISTRICT ATTORNEY
                                     **F I L E D**

Case ID: 151103380
Control No.: 17090690

(6) A list of all witnesses and their addresses whom the district attorney intends to call at the trial;

(7) A copy of the criminal record and juvenile adjudication records, including out-of-state convictions as reflected in the CIB and FBI records, of those persons that the district attorney intends to call as witnesses;

(8) Any relevant written or recorded statements of a witness named on a list under sec. 971.23(1)(d) Wis. Stats., and section 6 of this discovery demand, including any videotaped oral statements of a child under sec. 908.08 Wis. Stats.;

(9) Any oral reports and statements of experts made in connection with the case and, if an expert did not prepare a report or statement, a written summary of the expert's findings or the subject matter of his or her testimony;

(10) Any results of any physical or mental examination that the district attorney intends to offer in evidence at trial;

(11) Any scientific test, experiment or comparison that the district attorney intends to offer in evidence at trial;

(12) Notification of the district attorney's intention to offer evidence of a witness' mental, emotional or physical state to allow compliance with the requirements of State v. Maday, 179 Wis.2d 346, 507 N.W.2d 365 (Ct. App. 1993) and State v. Shiffra, 175 Wis. 2d 600, 499 N.W. 2d 719 (Ct. App. 1993);

(13) Notification of the district attorney's intention to introduce evidence of deoxyribonucleic acid profile to prove or disprove the identify of any person;

(14) Notice of any conduct of the defendant that the State intends to introduce under the provisions of sec. 904.04(2), Wis. Stats., as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident;

(15) Disclose to the defendant any and all physical evidence that the district attorney intends to offer in evidence at the trial;

(16) An inventory and copies of all items of evidence that the State has in its possession, knowledge or control in regards to this case or which were obtained from or belonged to the defendant together with the date, time, place and manner in which those items were obtained;

(17) Any and all exculpatory evidence, including but not limited to the following, which would:

    a.   Negate the guilt of the defendant;

Case ID: 151103380
Control No.: 17090690

b. Affect the weight or credibility of the evidence used against the defendant;

   (i.) All promises, rewards, and inducements made by the district attorney or any of its agents to any witnesses that will testify at the trial in the above-captioned matter;

   (ii.) And all information, reports, evidence of any form of bias, prejudice or untruthfulness of any witness that the district attorney intends to call at trial;

   (iii.) Any and all statements of all individuals which may be inconsistent in whole or in part with any other statements made by the same individual;

   (iv.) Any statements made by any individual which are inconsistent in whole or in part, with any and all statements made by other individuals who have given statements relevant to the charge against the defendant;

c. Show that the defendant was suffering from a mental disease or defect at the time of the alleged offense; and

   (i.) Lacked substantial capacity to appreciate the wrongfulness of his conduct at the time of the alleged offense and/ or,

   (ii.) Lacked substantial capacity to conform his or her conduct to the requirements of law at the time of the alleged offense;

d. Show that the defendant was in an intoxicated or drugged condition when the offenses charged were committed and this condition may have negated the existence of a state of mind essential to the crime(s) charged;

e. Show that there was a mistaken identification of the defendant;

f. Show that the defendant has an alibi;

g. Shock the conscience and is favorable to the defendant;

h. Extenuate, mitigate, or reduce the degree of the offense charged or the defendant's punishment therefore;

i. Be inconsistent with the district attorney's theory of the defendant's guilt, and /or any other theory inculpating the defendant of any crime charged or uncharged, or which were inclusive or abortive of the same. this includes but is not limited to any and all reports, results and conclusions of all tests,

Case ID: 151103380
Control No.: 17090690

recreations, reconstructions, calculations or experiments made by the district attorney or agents acting on behalf of the district attorney;

j. Show and document attempts by any law enforcement agency or anyone else to verify the defendant's version of the facts;

k. Indicate that at the time of the offense the defendant acted as a result of an honest error whether of fact or law, other than criminal law, such that it negates the existence of a state of mind essential to the crime;

l. Indicate that at the time of the offense a threat by a person caused the defendant to believe that his or her act was the only means of preventing imminent death or great bodily harm to the defendant or another and which caused the defendant to so act;

m. Show that at the time of the offense that the pressure of natural physical forces which caused the defendant to reasonably believe that his or her act is the only means of preventing imminent public disaster, or imminent death or great bodily harm to the defendant or another and which caused the defendant to so act;

n. Show that the defendant was acting with the belief or in the exercise of a privilege as to constitute a defense to the offense charged;

o. Show that the defendant acted without the requisite intent, or with lack of intent, at the time of the offenses alleged;

p. Show that the defendant acted with the consent of the owner of the property;

q. Form the basis for further investigation by the defense;

(18) Defendant further demands that the district attorney comply with the continuing obligation to provide discovery to the defendant and promptly provide any information and evidence which the district attorney intends to offer as evidence which is discovered subsequent to the district attorney's initial compliance with discovery.

Dated at Fond du Lac, Wisconsin, this ___ day of November, 2016.

State Public Defender
City-County Government Center
160 S. Macy Street 1st Floor
Fond du Lac, WI 54935
920-929-3990

Amanda Nimmer
Attorney for the Defendant
State Bar No. 01097770

Case ID: 151103380
Control No.: 17090690

STATE PUBLIC DEFENDER - ORDER APPOINTING COUNSEL

NOTE TO CLIENT: PLEASE CALL YOUR ATTORNEY IMMEDIATELY UPON RECEIPT OF THIS NOTICE

| | | DOC #: | Court Case No: |
|---|---|---|---|
| Name: | Ramanda R Van Pay | Client ID: · fon0073882 | 16CF555 |
| Address: | 2652 Humboldt Rd | Incarcerated: | |
| | Green Bay, WI 54311 5741 | | |

**FILED**

| | | SPD Case No: | 16S-20-F-S01795 |
|---|---|---|---|
| SPD ID: | 162001795A | Telephone Number: | (920) 664-0405 |
| Date of Birth: | 11/29/1989 | Description: | |

NOV 1 0 2016

RAMONA M. GEIB
FOND DU LAC COUNTY, WIS.
Clerk Of Circuit Court

Nature of Case:

943.20  Theft    1 Cnts:
        Charge Modifier
943.23  Operating Motor Vehicle w/o Consent   1 Cnts:
        Charge Modifier

County and Court: Fond du Lac        Branch: Circuit Court Br. 3          Judge: Richard Nuss

Next Court Appearance:                                                    Facility:

| Hearing Date | Hearing Time | Hearing Info | Comments |
|---|---|---|---|
| 12/08/2016 | 1:30 pm | Preliminary Hearing | |

Prior Attorney:

Other Information:

In accordance with Chapter 977 of the Wisconsin statutes, I hereby appoint the following attorney to represent the above named individual in relation to the above entitled proceedings:

| | | | |
|---|---|---|---|
| Attorney Name: | Amanda Nimmer | State Bar No: | 1097770 |
| Address: | 160 S Macy St Fl 1 | Attorney Telephone: | (920) 929 3990 |
| | Fond Du Lac, WI 54935 4241 | Date Appointed: | 11/8/2016 |
| Appointed By: | Jeffrey Haase | Supervisor ID: | 1026952 |
| SPD Office Handling: | Fond du Lac | SPD Office Phone #: | (920) 929 3990 |
| Dated: | 11/8/2016 | Date OAC Printed: | 11/8/2016 |

Office of the State Public Defender  -  Notice to Clients  -  File Retention Policy

When an attorney represents an individual, s/he makes and keeps a file of the documents and work done on the case. Attorneys on staff with the Office of the State Public Defender (SPD) create and maintain such files for each case. This notice applies only to cases handled by staff attorneys of the Office of the State Public Defender. If your case has been assigned to a private attorney, please consult that attorney about his or her file retention policy.

Upon the conclusion of the representation in this case, the SPD will, upon your request, deliver the original file or any portion requested, to you, along with any of your original documents or other property that the SPD has in its possession.

If you do not request your file, the SPD will retain it for a period of at least five years after the matter is closed. At any point during this period, you may request delivery of the file.

If you do not request the file before the end of the five-year period, the SPD may, in its discretion, destroy the file and its contents without further notice to you.

Case ID: 151103380
Control No.: 17090690

# Bond Payments

00018226 - VANPAY, RAMANDA R
Case #16CF555, Citation #, Warrant #, Arrest #16-14867, Cause #
Fond du Lac County
Bond Amount: $500.00

| Date | Type | Receipt # | User | Comment | Total |
|------|------|-----------|------|---------|-------|
| 11/7/2016 | XFER | 922795 | Tracy Schultz | Bond paid with resident funds, Bond Court Case # 16CF556 CR/Agency Arrest # 16-14867 | $485.96 |
| 11/7/2016 | Cash | 922804 | Lockdown User | 2652 HUMBOLDT RD GREEN BAY, WI 54311 | $14.04 |

Deposited By: KENDREK HAYDEN      2652 HUMBOLDT RD
GREEN BAY, WI 54311

Total Paid:        $500.00
Remaining:         $0.00

Case ID: 151103380
Control No.: 17090690

## ACKNOWLEDGEMENT BY PERSON POSTING BAIL/DEPOSIT

I hereby post a cash bail/deposit in the sum of $ __14.04__

concerning the arrest of __Ramanda R Vanpay__

I understand there is no guarantee this money will be returned to me because this bail/deposit MUST be applied to pay any restitution, fines, forfeitures and court costs, and can be forfeited if the defendant fails to appear in court.

_Keadrek A Hayden_
Signature of Depositor

__11-7-16__
Date

Keadrek A. Hayden
Print Name of Depositor

2652 Humboldt Rd
Street Address, Apt #

Green Bay, WI, 54311
City, State, Zip Code

_Officer Taking Bond Money_

Case ID: 151103380
Control No.: 17090690

# Bond Payments

00018225 - VANPAY, RAMANDA R
Case #16CF555, Citation #, Warrant #, Arrest #16-14867, Cause #
Fond du Lac County
Bond Amount: $500.00

| Date | Type | Receipt # | User | Comment | Total |
|---|---|---|---|---|---|
| 11/7/2016 | XFER | 922795 | Tracy Schultz | Bond paid with resident funds. Bond Court Case # 16CF555 CRI/Agency Arrest # 16-14867 | $485.96 |
| 11/7/2016 | Cash | 922804 | Lockdown User 2652 HUMBOLDT RD GREEN BAY, WI 54311 | | $14.04 |

Deposited By: KENDREK HAYDEN
2652 HUMBOLDT RD
GREEN BAY, WI 54311

Total Paid: $500.00
Remaining: $0.00

Case ID: 151103380
Control No.: 17090690

| State of Wisconsin | Circuit Court | Fond du Lac County |
|---|---|---|

| STATE OF WISCONSIN | | DA Case No.: 2016FL003784 |
|---|---|---|
| | Plaintiff, | Assigned DA/ADA: Eric J. Toney |
| -VS- | | Agency Case No.: 16-14867 |
| | | Court Case No.: |
| Ramanda R Van Pay | | ATN: |
| 2652 Humboldt Rd | | |
| Green Bay, WI 54311 | | |
| DOB: 11/29/1989 | | |
| Sex/Race: F/W | | |
| Alias: | | **Criminal Complaint** |

Defendant,

Sergeant Jeff Bonack, of the Fond du Lac Sheriff, being first duly sworn, states that:

### Count 1: THEFT - MOVABLE PROPERTY ( > $10,000)

The above-named defendant Beginning 8/18/2016 12:01:00 AM and ending 11/5/2016 2:35:00 AM., at CTH T/HWY 26, SPRINGVALE, in the Town of Springvale, Fond du Lac County, Wisconsin, did intentionally retain possession of movable property of Hertz Rent-A-Car, having a value greater than $10,000, without consent, and with intent to permanently deprive the owner of possession of the property, contrary to sec. 943.20(1)(a) and (3)(c) 939.50(3)(g) Wis. Stats., a Class G Felony, and upon conviction may be fined not more than Twenty Five Thousand Dollars ($25,000), or imprisoned not more than ten (10) years, or both.

### Count 2: OPERATING A MOTOR VEHICLE WITHOUT OWNER'S CONSENT

The above-named defendant Beginning 8/18/2016 12:01:00 AM and ending 11/5/2016 2:35:00 AM., at CTH T/HWY 26, SPRINGVALE, in the Town of Springvale, Fond du Lac County, Wisconsin, did intentionally take and drive a vehicle, 2016 Hyundai, without the consent of the owner, VICTIM, contrary to sec. 943.23(2), 939.50(3)(h) Wis. Stats , a Class H Felony, and upon conviction may be fined not more than Ten Thousand Dollars ($10,000), or imprisoned not more than six (6) years, or both.

### PROBABLE CAUSE:

Complainant is a Sergeant with Fond du Lac County Sheriff's Office and basis this complaint upon the report and investigation of Deputy Trevor Theisen of the same agency with whom your complainant has worked with and knows to be competent and reliable.

Deputy Theisen's official police report states, in part, that:

On Saturday November 5. 2016, I, DEPUTY THEISEN, was assigned to patrol duties for the Fond du Lac County Sheriff's Office between the hours of 10:00 p.m. to 6:00 a.m. with DEPUTY DOWLAND acting as my field training officer. During this time I was operating marked squad car #110.

Shortly before 2:53 a.m. I conducted a traffic stop on State Hwy 26 just south of CTH T which resulted in the arrest of the operator. This area is located in the Township of Springvale, Fond du Lac County, State of Wisconsin.

While traveling southbound on State Hwy 26 just south of CTH T I observed a northbound vehicle on State Hwy 26 traveling in what appeared to be in excess of the posted speed limit of 55-mph. I did turn on the front deck of my Dual Stalker Radar unit in squad #110 and received a clear steady tone of 65, 65, 65 mph with no interference or obstructions. My patrol speed was verified. I conducted a traffic stop on this vehicle, which is described as a 2016 Hyundai, bronze in color, bearing Illinois license plate of N861742.

11/07/2016

Case ID: 151103380
Control No.: 17090690

STATE OF WISCONSIN - VS - Ramanda R Van Pay

The operator of the vehicle was identified with a valid Wisconsin driver's license as RAMANDA R. VAN PAY (1989). VAN PAY was advised why she was being pulled over and stated that she was just lost and going from Madison to her home address in Green Bay. At this time dispatch did advise me that the rental vehicle that VAN PAY was operating was reported stolen on October 8, 2016 by the Indianapolis Airport Police Department for not returning the vehicle. The serial number of the vehicle was checked with the stolen vehicles serial number, which was a match. SERGEANT KAHNKE was dispatched to my location for backup. VAN PAY'S information was ran through the Wisconsin Department of Transportation and revealed that her driving status was suspended.

While outside the vehicle DEPUTY DOWLAND asked VAN PAY if this vehicle was her rental vehicle, at which point she stated yes. VAN PAY went on to say that she rented the vehicle on August 18, 2016 from Hertz Rental Company in the Indianapolis airport. At that time Hertz Rental Company informed VAN PAY that when she arrived to Green Bay she will need to return the vehicle to the Green Bay location. VAN PAY also went on to say that she is making payments on the vehicle and had just called the rental company a day ago to update them on the rental vehicle payments. It should be noted that VAN PAY had no rental agreement paperwork in the vehicle but stated that the papers are located at her home. VAN PAY was informed that the vehicle had been reported to the Indianapolis Airport Police Department that the vehicle was stolen. VAN PAY stated that she had no idea that the vehicle was considered stolen.

DEPUTY DOWLAND did call the Indianapolis Airport Police Department and spoke with a Sergeant who stated that the vehicle was stolen. The Sergeant informed us that the vehicle did not need to be inventoried but it needed to be towed to a secure location. Dispatch later confirmed with the Indianapolis Airport Police Department that the vehicle is stolen.

Based on the foregoing, the complainant believes this complaint to be true and correct.

Subscribed and sworn to before me,
and approved for filing on:

Dated: _____

_____
Complainant

_____
(Assistant)District Attorney

State Bar No. _____

11/07/2015                                2

Case ID: 151103380
Control No.: 17090690

STATE OF WISCONSIN, CIRCUIT COURT, FOND DU LAC *Rec 11-07-16* COUNTY **FILED**

Ramanda R. Van Pay
*Name of Arrested Person*

**Probable Cause Statement
and Judicial Determination**

NOV 0 7 2016

11/29/1989
*Date of Birth*

Agency Case No. 16-14867
Case No. 16CF 555

RAMONA M. GEIB
FOND DU LAC COUNTY, WIS.
Clerk Of Circuit Court

1. I state as follows: ☒ a. I am the arresting officer in this case OR
   ☐ b. I am a law enforcement officer and make this statement on information and belief.

2. The above-named person was arrested without a warrant on 11/05/16 _____ at 2:53 _____ ☒ a.m. ☐ p.m.
   How identified: ☐ verbally ☒ WI D.L. ☐ Other: (specify) _____

3. I have probable cause to believe that the arrested person committed the following offense(s):

   | Offense(s) | Statute Number(s) | Offense(s) | Statute Number(s) |
   |---|---|---|---|
   | 1. Operating W/O owners consent | 943.23 | 2. Receiving stolen property | 943.34(1) |
   | 3. | | 4. | |

4. Information for following summary provided by: ☐ Alleged Victim: _____
   ☐ Other: _____

5. I believe the arrested person committed this offense(s) because the alleged victim(s) ☒ did ☐ did not
   consent to the above listed offense(s): *Summarize below and/or* ☐ See documentation
   attached.

   On Saturday, November 05, 2016, Deputy Theisen conducted a traffic stop on STH 26 South of CTH T, which is located in

   the Township of Rosendale, Fond du Lac County, State of Wisconsin. Deputy Theisen identified the driver with a valid WI

   DL as Ramanda R. Van Pay. Deputy Theisen ran the vehicle's registration through dispatch. Dispatch advised the vehicle

   was listed as stolen through Indanapolis Airport Police Department since October 8th, 2016, which was later confirmed.

   Ramanda stated that she did rent the vehicle at the Indanapolis Airport August 18th, 2016. Ramanda states that she is making

   payments on the vehicle.

   Subscribed and sworn to before me
   on: 11/5/16

   [signature] ₸-78
   Signature of Person completing Affidavit

   Notary Public, State of Wisconsin

   My commission expires: 6/30/19

   #78 Fond Du Lac County Sheriff's Office
   Badge Number/Department

   Date: 11/05/16 _____ Time: 4:28 _____ ☒ am ☐ pm

**Probable Cause Determination**

I have reviewed the probable cause statement from the arresting officer. Based on this statement:

☒ 1. I find probable cause to believe that the arrested person committed the offense(s) ☒ as listed above OR
   ☐ as follows: _____
   ☒ Bail is set as follows: _____ Sand Book

☐ 2. I do not find sufficient probable cause to have been presented and direct that the arrested person be released
   from this custody. Reason(s) probable cause not found (optional): _____

☐ Telephone Conference Call Determining Probable Cause
The initial probable cause was determined by a telephone
conference call. The judge/commissioner instructed me to affix the
decision, his/her signature, and date and time in the appropriate
location, to be countersigned later by the judge/commissioner.

_____
Officer's Signature

BY THE COURT:

[signature]
Circuit Court Judge/Circuit Court Commissioner

Name Printed or Typed

11-6-16      5:03   ☐ a.m. ☒ p.m.
Date         Time

CR-215, 04/19 Probable Cause Statement and Judicial Determination
§970.01, Wisconsin Statutes; 4th Amendment, US Constitution
This form shall not be modified. It may be supplemented with additional material.

Case ID: 151103380
Control No.: 17090690

STATE OF WISCONSIN         CIRCUIT COURT         FOND DU LAC COUNTY

State of Wisconsin vs. Ramanda R Van Pay

**Minutes -**
**Criminal/Traffic/Forfeiture**

Case No.: 2016CF000555

| Clerk:<br>Amber Letcumeau | Date:<br>11-07-2016 | Reporter<br>Michelle Kreidler | **FILED** |
| Activity:<br>Initial appearance | Time:<br>11:00 am | Court Official<br>Peter L. Grimm, Judge<br>Interpreter | NOV 0 7 2016 |

RAMONA M. GEIB
FOND DU LAC COUNTY, WIS.
Clerk Of Circuit Court

**Appearances**

☐ State of Wisconsin, Plaintiff

☒ Ramanda R Van Pay, Defendant

☒ In Custody ☐ No Appearance ☐ Waived

☒ Eric Toney, District Attorney

☒ Amanda Nimmer

☐ Requested ☐ Waived

| Ct No. | Description | Statute | Severity | Plea | Violation Date | Amended From | Adjudication |
|---|---|---|---|---|---|---|---|
| | Theft-Movable Property<br>>$10,000 | 943.20(1)(a) | Felony G | | 08-18-2016 | | |
| | Take and Drive Vehicle<br>w/o Consent | 943.23(2) | Felony H | | 08-18-2016 | | |

eking w/ 16TR11700 - no plea taken at this time

rt reviews the complaint

_X_ In Custody _____ Voluntary Appearance _X_ Video Conference

Warrant:
_____ Issued Amount $_____ Body Only_____ Canceled_____

Plea: _____ Not Guilty _____ No Contest _____ Guilty

Bond: $ _520_ _____ Signature _X_ Cash
            $500 CB

Conditions of Bond:
_X_ Fingerprints & Photo
_____ No use/possession of dangerous weapons
_____ Absolute sobriety. No bars/taverns. Not to possess alcohol.
_____ No use or possession of controlled substances w/ out valid prescription
_____ No contact with:
_X_ Other: Cannot rent or lease any Cars

Time limits waived for Preliminary Hearing _X_ Yes _____ No

Next Activity: Dec 8 130 Nuss

Case ID: 151103380
Control No.: 17090690

STATE OF WISCONSIN, CIRCUIT COURT, __FOND DU LAC__      COUNTY    For Official Use

State of Wisconsin        ☐ Amended

vs __Ramanda R. Van Pay__
Defendant

     **Bail/Bond**

__11-29-89__
Date of Birth

Case No. __16 CF555__

Citation No. _____

**FILED**

NOV 0 7 2016

RAMONA M. GEIB
FOND DU LAC COUNTY, WIS.
Clerk Of Circuit Court

A. **Monetary Conditions of Release**
1. ☒ CASH BAIL: Cash bail of $ __500.00__ shall be deposited. Date deposited _____.
2. ☐ SIGNATURE BOND: ☐ Defendant and/or ☐ Surety
   guarantees compliance with the terms of this bond by pledging $ _____
3. ☐ PROPERTY BOND: ☐ Defendant and/or ☐ Surety
   guarantees compliance with the terms of this bond by pledging $ _____
   in personal or real property (**description attached**).
   Surety name(s): _____

*If the defendant does not comply with the terms of this bail/bond, the bail/bond will be forfeited and the defendant and/or surety may be ordered to pay the amount of the bond.*

*Any restitution, recompense, fines, forfeitures or costs imposed against the defendant shall be paid out of the bail/bond without further notice.*

B. **Additional Conditions of Release**
- Defendant shall appear on all court dates.
- Defendant shall give written notice to the Clerk of this Court within 48 hours of any change of address or telephone number.
- Defendant shall not commit any crime.
- Defendant shall neither directly nor indirectly threaten, harass, intimidate or otherwise interfere with victims or witnesses in this action.
- Other __Fingerprints/Photo Cannot rent or lease any cars__    ☐ See attached

Federal law provides penalties for, and you may be prohibited from possessing, transporting, shipping, receiving or purchasing a firearm, including, but not limited to, a rifle, shotgun, pistol, revolver, or ammunition, pursuant to 18 U.S.C. 922(g)(8)-(9).

The sheriff shall detain the defendant in custody until the defendant has signed the bond, complied with the monetary conditions of release, or is otherwise discharged. __Preliminary Htng - Judge Nuss__
I have received a copy of this bail/bond and I agree to its terms. I understand that the court date(s) is/are:

Circuit Court Location
City-County Gov. Center, 2nd Fl, 160 S. Macy St., FDL, WI 54935

| Field | Value |
|---|---|
| Date | 12-08-16 |
| Time | 130 |

Defendant's Signature __Ramanda Van Pay__    Date __11.7.16__
Defendant's Address __2652 Humbordt Rd Green Bay WI 54311__
Telephone Number __920.Co Co 41-0405__

Surety's Signature _____ Date _____
Surety's Address _____
Telephone Number _____

☒ I have furnished the defendant with a copy of this document.

Signature _____
Title __Clerk__
Date __11-07-16__

CR-203, 02/11 Bail/Bond

§§968.0111, 345.32, 940.49, Ch. 969, 969.02(6), 969.03(4) and 969.13, Wisconsin Statutes
This form shall not be modified. It may be supplemented with additional material.

Case ID: 151103380
Control No.: 17090690

| State of Wisconsin | Circuit Court | Fond du Lac County |

STATE OF WISCONSIN

-VS-

**FILED**

NOV 0 7 2016

RAMONA M. GEIB
FOND DU LAC COUNTY, WIS.
Clerk Of Circuit Court

Ramarda R Van Pay
2652 Humboldt Rd
Green Bay, WI 54311
DOB: 11/29/1989
Sex/Race: F/W
Alias:

DA Case No.: 2016FL003784
Assigned DA/ADA: Eric J. Toney
Agency Case No.: 16-14867
Court Case No.: 16CF555
ATN:

**Criminal Complaint**

Defendant,

Sergeant Jeff Bonack, of the Fond du Lac Sheriff, being first duly sworn, states that:

## Count 1: THEFT - MOVABLE PROPERTY ( > $10,000)

The above-named defendant Beginning 8/18/2016 12:01:00 AM and ending 11/5/2016 2:35:00 AM., at CTH T/HWY 26, SPRINGVALE, in the Town of Springvale, Fond du Lac County, Wisconsin, did intentionally retain possession of movable property of Hertz Rent-A-Car, having a value greater than $10,000, without consent, and with intent to permanently deprive the owner of possession of the property, contrary to sec. 943.20(1)(a) and (3)(c), 939.50(3)(g) Wis. Stats., a Class G Felony, and upon conviction may be fined not more than Twenty Five Thousand Dollars ($25,000), or imprisoned not more than ten (10) years, or both.

## Count 2: OPERATING A MOTOR VEHICLE WITHOUT OWNER'S CONSENT

The above-named defendant Beginning 8/18/2016 12:01:00 AM and ending 11/5/2016 2:35:00 AM., at CTH T/HWY 26, SPRINGVALE, in the Town of Springvale, Fond du Lac County, Wisconsin, did intentionally take and drive a vehicle, 2016 Hyundai, without the consent of the owner, VICTIM, contrary to sec. 943.23(2), 939.50(3)(h) Wis. Stats., a Class H Felony, and upon conviction may be fined not more than Ten Thousand Dollars ($10,000), or imprisoned not more than six (6) years, or both.

## PROBABLE CAUSE:

Complainant is a Sergeant with Fond du Lac County Sheriff's Office and basis this complaint upon the report and investigation of Deputy Trevor Theisen of the same agency with whom your complainant has worked with and knows to be competent and reliable.

Deputy Theisen's official police report states, in part, that:

On Saturday, November 5, 2016, I, DEPUTY THEISEN, was assigned to patrol duties for the Fond du Lac County Sheriff's Office between the hours of 10:00 p.m. to 6:00 a.m. with DEPUTY DOWLAND acting as my field training officer. During this time I was operating marked squad car #110.

Shortly before 2:53 a.m. I conducted a traffic stop on State Hwy 26 just south of CTH T which resulted in the arrest of the operator. This area is located in the Township of Springvale, Fond du Lac County, State of Wisconsin.

While traveling southbound on State Hwy 26 just south of CTH T I observed a northbound vehicle on State Hwy 26 traveling in what appeared to be in excess of the posted speed limit of 55-mph. I did turn on the front deck of my Dual Stalker Radar unit in squad #110 and received a clear steady tone of 65, 65, 65 mph with no interference or obstructions. My patrol speed was verified. I conducted a traffic stop on this vehicle, which is described as a 2016 Hyundai, bronze in color, bearing Illinois license plate of N861742.

11/07/2016

Case ID: 151103380
Control No.: 17090690

STATE OF WISCONSIN - VS - Ramanda R Van Pay

The operator of the vehicle was identified with a valid Wisconsin driver's license as RAMANDA R. VAN PAY (1989). VAN PAY was advised why she was being pulled over and stated that she was just lost and going from Madison to her home address in Green Bay. At this time dispatch did advise me that the rental vehicle that VAN PAY was operating was reported stolen on October 8, 2016 by the Indianapolis Airport Police Department for not returning the vehicle. The serial number of the vehicle was checked with the stolen vehicles serial number, which was a match. SERGEANT KAHNKE was dispatched to my location for backup. VAN PAY'S information was ran through the Wisconsin Department of Transportation and revealed that her driving status was suspended.

While outside the vehicle DEPUTY DOWLAND asked VAN PAY if this vehicle was her rental vehicle, at which point she stated yes. VAN PAY went on to say that she rented the vehicle on August 18, 2016 from Hertz Rental Company in the Indianapolis airport. At that time Hertz Rental Company informed VAN PAY that when she arrived to Green Bay she will need to return the vehicle to the Green Bay location. VAN PAY also went on to say that she is making payments on the vehicle and had just called the rental company a day ago to update them on the rental vehicle payments. It should be noted that VAN PAY had no rental agreement paperwork in the vehicle but stated that the papers are located at her home. VAN PAY was informed that the vehicle had been reported to the Indianapolis Airport Police Department that the vehicle was stolen. VAN PAY stated that she had no idea that the vehicle was considered stolen.

DEPUTY DOWLAND did call the Indianapolis Airport Police Department and spoke with a Sergeant who stated that the vehicle was stolen. The Sergeant informed us that the vehicle did not need to be inventoried but it needed to be towed to a secure location. Dispatch later confirmed with the Indianapolis Airport Police Department that the vehicle is stolen.

Based on the foregoing, the complainant believes this complaint to be true and correct.

Subscribed and sworn to before me,
and approved for filing on:

Dated: _____

_____
(Assistant) District Attorney

State Bar No. _____

_____
Complainant

11/07/2015

2

Case ID: 151103380
Control No.: 17090690

STATE OF WISCONSIN     CIRCUIT COURT     FOND DU LAC COUNTY

STATE OF WISCONSIN,
                    Plaintiff,                          MOTION AND ORDER
                                                        FOR DISMISSAL
    vs.                    **FILED**
                                              Case No. 2016CF000555
                         DEC - 6 2016                  2016TR11700
                                              D.A. No. 2016FL003784
RAMANDA R VAN PAY,       RAMONA M. GEIB
                Defendant.  FOND DU LAC COUNTY, WIS.
                            Clerk Of Circuit Court

Now comes the State of Wisconsin and hereby moves the Court for an order dismissing
the case without prejudice.

Remarks:     The theft complaint was made in error by the victim. There is an
accompanying ticket that should be dismissed as well

Dated this _____ day of November, 2017 2016

                                    _____
                                    Dennis Krueger
                                    Deputy District Attorney
                                    State Bar No. 1009923
                                    160 South Macy Street
                                    Fond du Lac, WI 54935
                                    (920) 929-3048

                         ORDER

Upon the above motion, it is hereby ordered that this matter is dismissed without
prejudice.

Dated this 6 day of Dec, 2016

                                    _____
                                    Circuit Court Judge

Cc: Amanda Nimmer
11/30/2016  D.L.
            D.A.

Case ID: 151103380
Control No.: 17090690

| You Are Notified To Appear | Date | Time | Form No. and Version CTL | | CITATION NO. |
|---|---|---|---|---|---|
| Appearance Required: No | 11/21/2016 | 2:00 PM | MV4017 09/2001 | | C7565983 |

ON'D DU LAC COUNTY CIRCUIT COURT
60 S MACY ST
OND DU LAC, WI 54935

Estimated Points: 3
DEPOSIT $200.50
Court Use

Cash-Card
N N

**Defendant**

AN PAY, RAMANDA R
652 HUMBOLDT RD
REEN BAY, WI 54311

Birth Date 11/29/1989  Sex F  Race W
HT. 5' 07"  WT. 130 lbs  Hair BLD  Eyes BLU

Driver License/Identification Card Number: 5107368992302  State WI  Exp. Yr. 2018

License Plate Number: 861742  Plate Type AUT  State IL  Exp. Yr. 2016

Vehicle Identification Number: 4PDH4AE4GH725559  US DOT  Haz Mat No

OPERATING AS: Driver  Class D  CDL Waiver
Endorsements  CMV No

Vehicle Year: 16  Make HYUN  Type 4D  Color BRO

**Plaintiff**
COUNTY OF FOND DU LAC

Ordinance Violated: 54-1  Adopting State Statute 343.44(1)(a)

Violation Description: DRIVING AFTER SUSPENSION  BAC  Overweight

Offense Day/Date: Tuesday 11/08/2016  Time 2:35 AM  Actual Speed  Legal  Over  Agency Space

County: FOND DU LAC  City/Village/Town: 19 Springvale, Town of

Hwy. No. and/or Street Name: GHWAY 026 N, NB  Estimate Distance 0.44 MI N

From(At Hwy. No. and/or Street Name: NERT: HOLLANDER RD)  GPS Coordinates  Minor Passenger N

Officer Name: EVOR THEISEN  Zone: RR | Utility | School | Const  N N N N  Accident Severity

Officer ID  Department: FOND DU LAC COUNTY SHERIFF  Date Citation Served 11/05/2016  Method IN PERSON

===== **REPORT OF THE COURT DISPOSITION** =====

Adjudicating Court  Adjudicating Court Code  Adjudicating Date

Judge Code

Amended Charge and Description  Speed amended to:

Adjudication:  Plea

Describe other Disposition/Comments  Vacate refusal

1) 1069 WisDOT
11. Wisc. Statute
replicated copy of issued
**WISCONSIN UNIFORM CITATION**
If you have a disability and need help in court, please contact the above Clerk of Court's office.

Case ID: 151103380
Control No.: 17090690

**STATE OF WISCONSIN** | **CIRCUIT COURT** | **FOND DU LAC COUNTY**

State of Wisconsin vs. Ramanda R Van Pay

**Minutes -
Criminal/Traffic/Forfeiture**

Case No.: 2016CF000555

| Clerk: Amber Letourneau | Date: 11-07-2016 | Reporter Michelle Kreidler | **FILED** |
|---|---|---|---|
| Activity: Initial appearance | Time: 11:00 am | Court Official Peter L. Grimm, Judge Interpreter | NOV 0 7 2016 |

RAMONA M. GEIB
FOND DU LAC COUNTY, WIS.
Clerk Of Circuit Court

**Appearances**

☐ State of Wisconsin, Plaintiff
☒ Ramanda R Van Pay, Defendant
☒ In Custody ☐ No Appearance ☐ Waived

☒ Eric Toney, District Attorney
☒ Amanda Nimmer
☐ Requested ☐ Waived

| Ct No. | Description | Statute | Severity | Plea | Violation Date | Amended From | Adjudication |
|---|---|---|---|---|---|---|---|
| 1 | Theft-Movable Property >$10,000 | 943.20(1)(a) | Felony G | | 08-18-2016 | | |
| 2 | Take and Drive Vehicle w/o Consent | 943.23(2) | Felony H | | 08-18-2016 | | |

Tracking w/ 16TR11700 - no plea taken at this time
Court reviews the complaint

___X___ In Custody _____ Voluntary Appearance ___X___ Video Conference

Warrant:
_____ Issued Amount $_____ Body Only_____ Canceled_____

Plea: _____ Not Guilty _____ No Contest _____ Guilty

Bond: $ 5,000 _____ Signature ___X___ Cash
#500 CB

Conditions of Bond:
___X___ Fingerprints & Photo
_____ No use/possession of dangerous weapons
_____ Absolute sobriety. No bars/taverns. Not to possess alcohol.
_____ No use or possession of controlled substances w/ out valid prescription
_____ No contact with
___X___ Other: Cannot rent or lease any cars

Time limits waived for Preliminary Hearing ___X___ Yes _____ No
Next Activity: Dec 8 130 Nuss

CR-231(CCAP), 05/2011 Minutes - Criminal/Traffic/Forfeiture
This form shall not be modified. It may be supplemented with additional material.

Case ID: 151103380
Control No.: 17090690

Fond du Lac, County of vs. Ramanda R Van Pay

**Notice of Hearing**

Case No: 2016TR011700

FILED
11-07-2016
Clerk of Courts
Fond du Lac County WI

COURT ORIGINAL

This case is scheduled for: **Further proceedings**

| Date 12-08-2016 | Time 01:30 pm | Location City/County Government Center - 2nd Floor |
|---|---|---|
| Court Official Richard J Nuss | | 160 S Macy St Fond du Lac WI 54935 |
| Re 1 - Operating While Suspended | | |

This matter will not be adjourned by the court except upon formal motion for good cause or with the specific approval of the court upon stipulation by all parties.

TRACKING WITH 16CF 555

If you require reasonable accommodations due to a disability in order to participate in the court process, please call 920-929-3030 at least 10 working days prior to the scheduled court date. Please note that the court does not provide transportation.

Fond du Lac County Circuit Court
Date: November 7, 2016

| Distribution Court Original | Address | Service Type |
|---|---|---|
| Eric Toney | 160 South Macy Street, Fond du Lac, WI 54935 | Mail Notice |
| Ramanda R Van Pay | 2652 Humboldt Rd, Green Bay, WI 54311 | Mail Notice |
| Fond du Lac Sheriffs Dept | 160 S Macy St, Fond du Lac, WI 54935 | Mail Notice |

Case ID: 151103380
Control No.: 17090690

# EXHIBIT 7

Case ID: 151103380
Control No.: 17090690



PO BOX 9129
LOUISVILLE, KY 40209-0129
502.368.6524
FLYLOUISVILLE.COM

**Louisville**
AIRPORT AUTHORITY

### Certification of Records

The copies of records for which this certification is made are true and complete reproductions of the original (with redactions of police reports and emails in accordance with KRS 61.878(1) 67.878 (1)(a) and (1)(h) and KRS 17.150(2)(b) and (d) . The original records were made in the regular course of business, and it was the regular course of The Louisville Regional Airport Police to make such records at or near the time of the matter recorded.

_____
Natalie Ciresi Chaudoin


So sworn to before me by Natalie Chaudoin, Director of Public Relations, Louisville Regional Airport Authority on this the 25th Day of August 2017.

_____
Notary Public

My Commission Expires: _2-5-2018_

LOUISVILLE INTERNATIONAL AIRPORT (SDF)    BOWMAN FIELD (LOU)

LRAA@FLYLOUISVILLE.COM · FAX ADMINISTRATIVE 502.367.0199 · FAX ENGINEERING 502.368.5895
FAX MAINTENANCE/PURCHASING AND PROCUREMENT 502.380.8270

Case ID: 151103380
Control No.: 17090690

**Grimes, Josh**

| | |
|---|---|
| **From:** | Andrew J Simpson <asimpson@hertz.com> |
| **Sent:** | Tuesday, March 10, 2015 6:13 PM |
| **To:** | Grimes, Josh |
| **Cc:** | Jack Fillner |
| **Subject:** | RE: Contact info for Hertz RAC |

JTMBFREV8D5016133 -
                  11/26/2015 (rented)

1N4AL2EP4DC194443 -

| | |
|---|---|
| **From:** | "Grimes, Josh" <Josh.Grimes@flylouisville.com> |
| **To:** | Andrew J Simpson <asimpson@hertz.com>, |
| **Date:** | 03/10/2015 04:52 PM |
| **Subject:** | RE: Contact info for Hertz RAC |

Andrew,

LMPD recovered the below vehicle and made an arrest.  The Officer has entered a Hertz contract into evidence.  This is apparently a non return vehicle.  Can you check your files for who it was last rented to?

| Gray | 2013 | Toyota | RAV4 | L247974 | IL |
|---|---|---|---|---|---|
| | JTMBFREV8D5016133 | | | | |

JCSO recovered the below vehicle abandoned.

| Red | 2013 | Nissan | Altima | BKW3774 |
|---|---|---|---|---|
| TX | 1N4AL2EP4DC194443 | | | |

Capt. Josh Grimes
Department of Public Safety
Louisville International Airport
POLICE-FIRE-EMS
(502) 366-2611  Firehouse
(502) 380-8380  Captain's Office
(502) 366-6074  Fax

-----Original Message-----
From: Andrew J Simpson [mailto:asimpson@hertz.com]
Sent: Wednesday, March 04, 2015 9:46 AM
To: Grimes, Josh
Cc: Jack Fillner
Subject: Contact info for Hertz RAC

1

Case ID: 151103380
Control No.: 17090690

**Grimes, Josh**

| | |
|---|---|
| **From:** | Communications Center |
| **Sent:** | Friday, March 27, 2015 1:52 PM |
| **To:** | Grimes, Josh; Hairgrove, Jason |
| **Subject:** | Located Vehicle |

Josh and Jason,

　　　　Max Aubrey with HERTZ on Preston HWY called and reported that he located a previously reported stolen vehicle on his lot today. The case number for the airport is **P15-0107**. The vehicle was believed to have been misplaced. Aubry stated that the vehicle was taken to Commonwealth Dodge for a recall and then picked up last Thursday. Aubrey then stated the vehicle has been sitting on their lot for the past week. The vehicle's info is listed below. Max's contact number is 502-961-7163. I have called and faxed the vehicle info to JCSO and requested that it be taken out of NCIC. Let me know it you need me to do a supplement.

BLUE 2013 DODGE Charger
Maryland tag number: 7BA3272.
VIN: 2C3CDXBG2DH663807.

ET.

1

Case ID: 151103380
Control No.: 17090690

**Grimes, Josh**

| | |
|---|---|
| **From:** | Jack Fillner <jfillner@hertz.com> |
| **Sent:** | Friday, April 24, 2015 5:08 PM |
| **To:** | Grimes, Josh |
| **Subject:** | RE: |

Thank you for the information. I am glad to see them making their way back.

Have a great weekend.

**From:** Grimes, Josh [mailto:Josh.Grimes@flylouisville.com]
**Sent:** Friday, April 24, 2015 10:24 AM
**To:** Jack Fillner
**Subject:**

These are all of the 2015 reports we have for Hertz.  Green is recovered.  Yellow are still outstanding.  The mustang this morning recovered is P15-0068.  If you need a copy of any of these reports you can get those by going to buycrimes.com and using this report # in the local code field and selecting Louisville Airport Police as the agency.

P15-0063
P15-0066
P15-0067
P15-0068
P15-0069
P15-0070
P15-0071
P15-0072
P15-0073
P15-0074
P15-0075
P15-0087
P15-0088
P15-0089
P15-0101
P15-0102
P15-0103
P15-0104
P15-0105
P15-0106
P15-0107
P15-0108
P15-0109

Capt. Josh Grimes
*Department of Public Safety*
**Louisville International Airport**
**POLICE-FIRE-EMS**

1

Case ID: 151103380
Control No.: 17090690

**Grimes, Josh**

| | |
|---|---|
| **From:** | Sohan, Jim |
| **Sent:** | Friday, June 26, 2015 12:55 PM |
| **To:** | Watkins, Robert; Grimes, Josh |
| **Cc:** | Hairgrove, Jason |
| **Subject:** | RE: Hertz |

Concur.

*Thanks,*

*Jim*

**From:** Watkins, Robert
**Sent:** Friday, June 26, 2015 12:42 PM
**To:** Grimes, Josh; Sohan, Jim
**Cc:** Hairgrove, Jason
**Subject:** RE: Hertz

I agree 100%. Actually 'that was what I was thinking'.

## *Mike Watkins*

## Assistant Chief
## Department of Public Safety
## Louisville Regional Airport
## Work 502 380-8283
## Cell    502 608-7739

**From:** Grimes, Josh
**Sent:** Friday, June 26, 2015 12:11 PM
**To:** Watkins, Robert; Sohan, Jim
**Cc:** Hairgrove, Jason
**Subject:** Hertz

Off. Hairgrove spoke to a Hertz sales rep in Nashville who confirmed they received a car from a customer that was originally rented in Louisville back in March. It sat on his lot for 60 days until it was sold 6/6 to a car lot in Hopkinsville, KY. We took a report on 3/25 from Hertz that this was stolen missing from their inventory.

After that, we did a complete search online of all VIN #'s in the stolen auto database and got a return of 2 more Hertz autos believed to have been sold or scrapped. The Nashville Hertz rep commented that Louisville office is horrible with their paperwork and vehicle tracking.

Until Hertz corporate takes some action with their Louisville lot and personnel, I recommend that we suspend taking stolen auto reports for Hertz for "missing inventory" unless they physically see someone steal an auto, have evidentiary proof of such or obviously non returns that warrants have been taken. Hairgrove has reached out to their Corporate Security office.

Case ID: 151103380
Control No.: 17090690

Capt. Josh Grimes
**Department of Public Safety**
**Louisville International Airport**
**POLICE-FIRE-EMS**
(502) 366-2611  Firehouse
(502) 380-8380  Captain's Office
(502) 366-6074  Fax

Case ID: 151103380
Control No.: 17090690

## Grimes, Josh

| | |
|---|---|
| **From:** | Jack Fillner <jfillner@hertz.com> |
| **Sent:** | Tuesday, September 15, 2015 8:01 AM |
| **To:** | Grimes, Josh |
| **Subject:** | RE: P15-0074 |

Sorry I didn't get back to you sooner. As for this unit, this was not one of the vehicles that we saw drive off of our lot at the airport similar to the vehicles we have had taken from us recently. I was also not told of anything left in the vehicle that could be used as evidence.

**From:** Grimes, Josh [mailto:Josh.Grimes@flylouisville.com]
**Sent:** Saturday, September 12, 2015 10:20 AM
**To:** Jack Fillner
**Subject:** P15-0074

Hi Jack,

Was the 2013 Silver Chevy Cruze recovered on the Hurstbourne hertz lot a stolen vehicle or just misplaced in inventory?  It determines whether we close a case or keep it open for a suspect.  If it was a theft, was there anything left in the vehicle that could be of evidence value?

## Capt. Josh Grimes
**Department of Public Safety**
**Louisville International Airport**
**POLICE-FIRE-EMS**
(502) 366-2611  Firehouse
(502) 380-8380  Captain's Office
(502) 366-6074  Fax

-------------- This message (including attachments) may contain information that is privileged, confidential or protected from disclosure. If you are not the intended recipient, you are hereby notified that dissemination, disclosure, copying, distribution or use of this message or any information contained in it is strictly prohibited. If you have received this message in error, please immediately notify the sender by reply e-mail and delete this message from your computer. Although we have taken steps to ensure that this e-mail and attachments are free from any virus, we advise that in keeping with good computing practice the recipient should ensure they are actually virus free. --------------

Case ID: 151103380
Control No.: 17090690

**Grimes, Josh**

| | |
|---|---|
| **From:** | Underdown, James |
| **Sent:** | Saturday, September 19, 2015 4:11 AM |
| **To:** | Cope, Cliff; Grimes, Josh; Hairgrove, Jason |
| **Cc:** | Watkins, Robert |
| **Subject:** | Stolen Vehicle Information |
| **Attachments:** | Stolen Vehicle.docx |

This is a stolen vehicle we entered as stolen and was picked up in Plainfield, IN, it was turned into Hertz and they apparently forgot about it. It turned up at Adesa Auto Auction in Plainfield and is still there, they wanted us to contact them with the phone number on the sheet. I was told to pass to the captain's and PSO Hairgrove. I have a printout of the tag in my mailbox if needed. Any questions, let me know.

Jim

Case ID: 151103380
Control No.: 17090690

Ky tag 306TAC

Case # P15-0149

Location: Plainfield,In

Recovering Agency: Plainfield PD

Arrest: N/A

Abandoned: N/A

Condition: Ready for Auction

Vehicle is currently at Adesa Auctions, located at 2950 E Main in Plainfield,IN

Tx: 317-838-8000

Returned from lease on 20150617, vehicle was returned and forgot about by Hertz

P15-0149

P15-0074
P15-0107

Case ID: 151103380
Control No.: 17090690

**Grimes, Josh**

| | |
|---|---|
| **From:** | Sohan, Jim |
| **Sent:** | Tuesday, January 19, 2016 12:45 PM |
| **To:** | ARFF Captains; Watkins, Robert |
| **Subject:** | Clear direction on Rental Car Issues |

1.  If a rental car company can clearly articulate a stolen vehicle ( a person turns in a car, but, someone jumps in and steals it, for instance ) then that is TBUT Auto.
2.  If the company rented a car to John Doe and he was supposed to return it two weeks ago but hasn't, you *may* take an Unauthorized Use of a Motor Vehicle Report
3.  If a rental car company goes downtown and gets a warrant for a person, you may then take a report for that offense listed on the warrant, AND, if it's a felony, enter the vehicle into NCIC

Case ID: 151103380
Control No.: 17090690

SUPPLEMENT

# KYIBRS REPORT
## COMMONWEALTH OF KENTUCKY

KSP RECORDS

| ADMINISTRATIVE | | | | | | | |
|---|---|---|---|---|---|---|---|
| AGENCY ORI/NAME | 0566900 LOUISVILLE AIRPORT POLICE | | | INCIDENT NUMBER | KY P12-0078 | | |
| INCIDENT DATE/TIME | | EXACT/ESTIMATE | REPORT DATE | RECEIVED | DISPATCHED | ARRIVED | CLEARED |
| 03/28/2012 03:25 TO 05/16/2012 09:25 | | ESTIMATE | 05/16/2012 | 09:25 | 09:25 | 09:25 | 09:55 |
| REPORTED BY: HERTZ, RENT-A-CAR | | | | | HOW REPORTED | | |
| LICENSE/ID STATE: | | LICENSE/ID NUMBER: | | | IN PERSON | | |
| ADDRESS: 440 HURON AVE | | | | | | | |
| CITY: LOUISVILLE | | STATE: KY | ZIP CODE: 40209 | | PHONE NUMBER: (502) 361-1145 | | |
| EXACT LOCATION OF OFFENSE | 4653 AIRFREIGHT DR | | | | | | |
| | ADDRESS: 4653 AIRFREIGHT DR | | | | | | |
| | CITY: LOUISVILLE | | | STATE: KY | ZIP CODE: 40209 | | |
| | COUNTY: JEFFERSON | | LATITUDE 38 DEG 11.088 MIN | | LONGITUDE 85 DEG 44.694 MIN | | |

| OFFENSE DATA | | | | | | |
|---|---|---|---|---|---|---|
| SEQUENCE # 1 OF 1 | LOCATION TYPE: AIR/BUS/TRAIN TERMINAL | | | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO | |
| OFFENSE DESCRIPTION: TBUT OR DISP - AUTO | | | | | | |
| OFFENSE CODE: 24049 | ASCF CODE: 0 | KRS CODE: 514.030 | CLASS: A | DEGREE: M | COUNTS: 1 | |
| BIAS MOTIVATION: NONE (NO BIAS) | | METHOD ENTRY: | NUMBER PREMISES: | | | |
| SCHOOL NAME: | | | SCHOOL TYPE: | | CAMPUS? | |
| OFFENDER SUSPECTED OF USING: NOT APPLICABLE | | | COURT ORDER TYPE: | | | |
| SEQUENCE # OF | LOCATION TYPE: | | | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO | |
| OFFENSE DESCRIPTION: | | | | | | |
| OFFENSE CODE: | ASCF CODE: | KRS CODE: | CLASS: | DEGREE: | COUNTS: | |
| BIAS MOTIVATION: | | METHOD ENTRY: | NUMBER PREMISES: | | | |
| SCHOOL NAME: | | | SCHOOL TYPE: | | CAMPUS? | |
| OFFENDER SUSPECTED OF USING: | | | COURT ORDER TYPE: | | | |
| SEQUENCE # OF | LOCATION TYPE: | | | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO | |
| OFFENSE DESCRIPTION: | | | | | | |
| OFFENSE CODE: | ASCF CODE: | KRS CODE: | CLASS: | DEGREE: | COUNTS: | |
| BIAS MOTIVATION: | | METHOD ENTRY: | NUMBER PREMISES: | | | |
| SCHOOL NAME: | | | SCHOOL TYPE: | | CAMPUS? | |
| OFFENDER SUSPECTED OF USING: | | | COURT ORDER TYPE: | | | |

| PROPERTY DATA | | | | | | | |
|---|---|---|---|---|---|---|---|
| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED | |
| 1 | AUTOMOBILES | STOLEN AND RECOVERED | $13,542.83 | $13,542.83 | DAMAGED/DESTROYED | 06/25/2012 | |
| UNIT | UNIT TYPE | VEHICLE MAKE: | VEHICLE MODEL | YEAR | VEHICLE TYPE | | |
| | ROADWAY VEHICLE | NISSAN | ALTIMA | 2011 | SEDAN/4 DOOR | | |
| | VEHICLE COLOR | VIN NUMBER | OWNER APPLIED # | | REGISTRATION STATE, YEAR, & NUMBER | | |
| | WHITE | 1N4AL2AP2BN470738 | | TX | 2013 | CN8J251 | |
| | VEHICLE DESCRIPTORS | | | | KEYS LEFT IN UNIT? YES | OWNER Victim 1 | |
| GENERAL | SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
| | | | PROPERTY DESCRIPTION | | | | |
| | | OWNER APPLED NUMBER | | | SERIAL NUMBER | | |
| | | MAKE | | | MODEL | | OWNER |

| TOTAL STOLEN VALUE: | $13,542.83 | TOTAL RECOVERED VALUE: | $13,542.83 | TOTAL VEHICLES STOLEN: | 1 | TOTAL VEHICLES RECOVERED: | 1 |
|---|---|---|---|---|---|---|---|

| STATUS | | | | | | |
|---|---|---|---|---|---|---|
| INCIDENT STATUS | CLOSED DATE | CLEARANCE TYPE | CLEARED EXCEPTIONALLY | EX. CLEARANCE DATE | UCR REPORTING FOR OTHER AGENCY | |
| CLOSED | 09/25/2012 | | | | YES ☐ | |
| REPORTING OFFICER | | UNIT/BADGE NUMBER | | REVIEWED BY | | TIME SPENT |
| J SENG | | 5799 | | J SENG | | 30 MIN |

Case ID: 151103380
Control No.: 17090690

# KYIBRS REPORT

### COMMONWEALTH OF KENTUCKY

KSP RECORDS

**VICTIM DATA**

| VICTIM SEQUENCE | | VICTIM NAME | | | PHONE |
|---|---|---|---|---|---|
| 1 of 1 | HERTZ | | | | **(502) 361-1145** |

| LICENSE/ID STATE: | | LICENSE/ID NUMBER: | | |
|---|---|---|---|---|

Address Unknown ☐  ADDRESS: **440 HURON AVE**    VICTIM TYPE: **BUS**

| CITY: **LOUISVILLE** | STATE: **KY** | ZIP CODE: **40209** | KY RESIDENT: |
|---|---|---|---|

| DATE OF BIRTH | SSN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|

| GENDER | RACE | ETHNIC ORIGIN | PEACE OFFICER? |
|---|---|---|---|
| | | | YES ☐ |

| NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | INJURY TYPE |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

| VICTIM OF OFFENSE(S) | AGG ASSAULT/ HOMICIDE CIRC | ADDTL JUSTIFIABLE HOMICIDE CIRC |
|---|---|---|
| 24049 | | |

| LEOKA ASSIGNMENT | LEOKA ACTIVITY |
|---|---|

**SUSPECT/ARRESTEE DATA**

| SUSPECT SEQ. # | NAME: | | ARRESTED? | ARREST DATE |
|---|---|---|---|---|
| of | ALIAS: | | YES ☐ | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | |
|---|---|---|

| ADDRESS | | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
|---|---|---|---|---|

| CITY: | STATE: | ZIP CODE: |
|---|---|---|

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|

| ARRESTEE SEQ. # | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | | |
|---|---|---|---|---|---|---|
| of | | | 1 | 4 | 8 | |
| ARRESTEE ARMED WITH | | | 2 | 5 | 7 | |
| | | | 3 | 6 | 9 | |

**SUSPECT/ARRESTEE DATA**

| SUSPECT SEQ. # | NAME: | | ARRESTED? | ARREST DATE |
|---|---|---|---|---|
| of | ALIAS: | | YES ☐ | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | |
|---|---|---|

| ADDRESS | | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
|---|---|---|---|---|

| CITY: | STATE: | ZIP CODE: |
|---|---|---|

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|

| ARRESTEE SEQ. # | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | | |
|---|---|---|---|---|---|---|
| of | | | 1 | 4 | 7 | |
| ARRESTEE ARMED WITH | | | 2 | 5 | 8 | |
| | | | 3 | 6 | 9 | |

**WITNESS DATA**

| WITNESS SEQUENCE | WITNESS NAME | PHONE |
|---|---|---|
| of | | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | |
|---|---|---|

| ADDRESS: | | DATE OF BIRTH |
|---|---|---|

| CITY: | STATE: | ZIP CODE: | SSN: | |
|---|---|---|---|---|

Case ID: 151103380
Control No.: 17090690

## KYIBRS REPORT: UOR2 SUPPLEMENT

KSP RECORDS

### COMMONWEALTH OF KENTUCKY

*SYNOPSIS:*

Hertz reports the vehicle was checked in at 0325 hrs. On Mar. 28th,2012 & has not been in inventory since.

Hertz reports the vehicle was recovered on June 25th this year, no other info provided.

*MODUS OPERANDI:*

*DATE & TIME OF OCCURRENCE:*

*ACCUSED:*

*SUSPECTS:*

*STOLEN PROPERTY:*

*OTHER PROPERTY:*

*EVIDENCE & HOW MARKED:*

*EVIDENCE DISPOSITION:*

*INVESTIGATION:*

*STATUS OF CASE:*
closed

*ATTACHMENT*

Case ID: 151103380
Control No.: 17090690

*SUPPLEMENT*

## KYIBRS REPORT
### COMMONWEALTH OF KENTUCKY

KSP RECORDS

### ADMINISTRATIVE

| AGENCY ORI/NAME | 0566900 LOUISVILLE AIRPORT POLICE | | INCIDENT NUMBER | KY P13-0076 | | | |
|---|---|---|---|---|---|---|---|

| INCIDENT DATE/TIME | EXACT/ESTIMATE | REPORT DATE | RECEIVED | DISPATCHED | ARRIVED | CLEARED |
|---|---|---|---|---|---|---|
| 03/16/2013 12:50 TO 04/26/2013 08:50 | ESTIMATE | 04/26/2013 | 08:51 | 08:51 | 08:51 | 09:21 |

| REPORTED BY: HERTZ, RENT A CAR | HOW REPORTED |
|---|---|

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | |
|---|---|---|

ADDRESS: **440 HURON AVE**

| CITY: LOUISVILLE | STATE: KY | ZIP CODE: 40209 | PHONE NUMBER: (502) 361-1145 |
|---|---|---|---|

| EXACT LOCATION OF OFFENSE | **4653 AIRFREIGHT DR** | SECTOR INFO: |
|---|---|---|
| | ADDRESS: **4653 AIRFREIGHT DR** | |
| | CITY: **LOUISVILLE** | STATE: **KY** ZIP CODE: **40209** |

| COUNTY: JEFFERSON | LATITUDE 38 DEG 11.155 MIN | LONGITUDE 85 DEG 44.764 MIN |
|---|---|---|

### OFFENSE DATA

| SEQUENCE # 1 OF 1 | LOCATION TYPE: AIR/BUS/TRAIN TERMINAL | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|

OFFENSE DESCRIPTION: TBUT OR DISP - AUTO

| OFFENSE CODE: 24040 | ASCF CODE: 0 | KRS CODE: 514.030 | CLASS: D | DEGREE: F | COUNTS: 1 |
|---|---|---|---|---|---|

| BIAS MOTIVATION: NONE (NO BIAS) | METHOD ENTRY: | NUMBER PREMISES: |
|---|---|---|

| SCHOOL NAME: | SCHOOL TYPE: | CAMPUS? |
|---|---|---|

| OFFENDER SUSPECTED OF USING: NOT APPLICABLE | COURT ORDER TYPE: |
|---|---|

| SEQUENCE # OF | LOCATION TYPE: | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|

OFFENSE DESCRIPTION:

| OFFENSE CODE: | ASCF CODE: | KRS CODE: | CLASS: | DEGREE: | COUNTS: |
|---|---|---|---|---|---|

| BIAS MOTIVATION: | METHOD ENTRY: | NUMBER PREMISES: |
|---|---|---|

| SCHOOL NAME: | SCHOOL TYPE: | CAMPUS? |
|---|---|---|

| OFFENDER SUSPECTED OF USING: | COURT ORDER TYPE: |
|---|---|

| SEQUENCE # OF | LOCATION TYPE: | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|

OFFENSE DESCRIPTION:

| OFFENSE CODE: | ASCF CODE: | KRS CODE: | CLASS: | DEGREE: | COUNTS: |
|---|---|---|---|---|---|

| BIAS MOTIVATION: | METHOD ENTRY: | NUMBER PREMISES: |
|---|---|---|

| SCHOOL NAME: | SCHOOL TYPE: | CAMPUS? |
|---|---|---|

| OFFENDER SUSPECTED OF USING: | COURT ORDER TYPE: |
|---|---|

### PROPERTY DATA

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|
| 1 | AUTOMOBILES | STOLEN AND RECOVERED | $18,915.44 | $1.00 | DAMAGED/DESTROYED | 11/09/2013 |

**UNIT**

| UNIT TYPE | VEHICLE MAKE | VEHICLE MODEL | YEAR | VEHICLE TYPE |
|---|---|---|---|---|
| ROADWAY VEHICLE | CHEVROLET | IMPALA 1LT | 2013 | SEDAN/4 DOOR |

| VEHICLE COLOR | VIN NUMBER | OWNER APPLIED # | REGISTRATION STATE, YEAR, & NUMBER | | |
|---|---|---|---|---|---|
| RED | 2G1WC5E35D1199664 | 2788024 | TN | 2013 | H1834Z |

| VEHICLE DESCRIPTORS | KEYS LEFT IN UNIT? | OWNER |
|---|---|---|
| | YES | Victim 1 |

**GENERAL**

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|

PROPERTY DESCRIPTION

| OWNER APPLED NUMBER | SERIAL NUMBER |
|---|---|

| MAKE | MODEL | OWNER |
|---|---|---|

| TOTAL STOLEN VALUE: $18,915.44 | TOTAL RECOVERED VALUE: $1.00 | TOTAL VEHICLES STOLEN: 1 | TOTAL VEHICLES RECOVERED: 1 |
|---|---|---|---|

### STATUS

| INCIDENT STATUS | CLOSED DATE | CLEARANCE TYPE | CLEARED EXCEPTIONALLY | EX. CLEARANCE DATE | UCR REPORTING FOR OTHER AGENCY |
|---|---|---|---|---|---|
| OPEN | | | | | YES ☐ |

| SUBMITTING OFFICER | INVESTIGATING OFFICER | UNIT/BADGE # | REVIEWED BY | TIME SPENT |
|---|---|---|---|---|
| | J BALL | 5854 | J GRIMES | 30 min |

Case No: 151103380
Control No.: 17090690

# KYIBRS REPORT
## COMMONWEALTH OF KENTUCKY

KSP RECORDS

## VICTIM DATA

| VICTIM SEQUENCE | VICTIM NAME | PHONE |
|---|---|---|
| 1 of 1 | HERTZ | (502) 361-1145 |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | |
|---|---|---|

Address Unknown ☐  ADDRESS: 440 HURON AVE    VICTIM TYPE: BUS

| CITY: LOUISVILLE | STATE: KY | ZIP CODE: 40209 | KY RESIDENT: |
|---|---|---|---|

| DATE OF BIRTH | SSN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|

| GENDER | RACE | ETHNIC ORIGIN | PEACE OFFICER? |
|---|---|---|---|
| | | | YES ☐ |

| NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | INJURY TYPE |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

| VICTIM OF OFFENSE(S) | AGG ASSAULT/ HOMICIDE CIRC | ADDTL JUSTIFIABLE HOMICIDE CIRC |
|---|---|---|
| 24040 | | |

| LEOKA ASSIGNMENT | LEOKA ACTIVITY |
|---|---|

## SUSPECT/ARRESTEE DATA

| SUSPECT SEQ. # | NAME: | ARRESTED? | ARREST DATE |
|---|---|---|---|
| of | ALIAS: | YES ☐ | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | |
|---|---|---|

| ADDRESS | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
|---|---|---|---|

| CITY: | STATE: | ZIP CODE: | |
|---|---|---|---|

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|

| ARRESTEE SEQ. # | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | |
|---|---|---|---|---|---|
| of | | | 1 | 4 | 8 |
| ARRESTEE ARMED WITH | | | 2 | 5 | 7 |
| | | | 3 | 6 | 9 |

| SUSPECT SEQ. # | NAME: | ARRESTED? | ARREST DATE |
|---|---|---|---|
| of | ALIAS: | YES ☐ | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | |
|---|---|---|

| ADDRESS | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
|---|---|---|---|

| CITY: | STATE: | ZIP CODE: | |
|---|---|---|---|

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|

| ARRESTEE SEQ. # | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | |
|---|---|---|---|---|---|
| of | | | 1 | 4 | 7 |
| ARRESTEE ARMED WITH | | | 2 | 5 | 8 |
| | | | 3 | 6 | 9 |

## WITNESS DATA

| WITNESS SEQUENCE | WITNESS NAME | PHONE |
|---|---|---|
| of | | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | |
|---|---|---|

| ADDRESS: | | DATE OF BIRTH |
|---|---|---|

| CITY: | STATE: | ZIP CODE: | SSN: |
|---|---|---|---|

Case ID: 151103380
Control No.: 17090690

## KYIBRS REPORT: UOR2 SUPPLEMENT

KSP RECORDS

### COMMONWEALTH OF KENTUCKY

**SYNOPSIS:**
Vehicle was returned @ 0545 hrs. On Mar. 16th, has not been located in inventory since.

Officer Ball:
Vehicle recovered by Louisville Metro PD on 11/9/2013 at Jimmy's Tire Repair at Indian Trail and Preston Hwy.

Notification was made to Ken, the Hertz manager.

**MODUS OPERANDI:**

**DATE & TIME OF OCCURRENCE:**
Returned on March 16, 2013 by

Vehicle was missing on April 26, 2013 during inventory check. Reported stolen to Louisville Airport Police on April 26.

Recovered by LMPD on November 9, 2013.

**ACCUSED:**

**SUSPECTS:**
None at this time

**STOLEN PROPERTY:**
2013 Chevrolet Impala Red
TN H1831Z3
2G1WC5E35D1199664
Valued at $18,915.44

**OTHER PROPERTY:**

**EVIDENCE & HOW MARKED:**

**EVIDENCE DISPOSITION:**

**INVESTIGATION:**
Officer Ball:
Vehicle rented by                on 03/07/2013 and returned on 03/16/2013 to Hertz at the Louisville Airport. After 03/16, the vehicle was not seen in inventory checks, thus reported stolen by Hertz. The time frame was from 03/16 until 04/26 when the vehicle was noticed missing and formal report was made to Officer Seng. Officer Seng entered the vehicle into NCIC as stolen.

On 11/9/2013, Louisville Metro PD recovered the vehicle at a tire repair center corner of Indian Trail and Preston Hwy. LMPD confirmed the stolen status through JCSO who in turn notified Captain Grimes of the recovered vehicle. Vehicle was towed to LMPD Impound Lot due to the fact that it was missing three of its four tires.

Officer Ball made notification to Ken, the Hertz manager.

Case ID: 151103380
Control No.: 17090690

# KYIBRS REPORT: UOR2 SUPPLEMENT
## COMMONWEALTH OF KENTUCKY

KSP RECORDS

*STATUS OF CASE:*
Open; no suspect
Vehicle recovered on 11/9/2013

*ATTACHMENT*

Case 5854 151103380
Control No.: 17090690

# KYIBRS REPORT

## COMMONWEALTH OF KENTUCKY

KSP RECORDS

**ADMINISTRATIVE**

| AGENCY ORI/NAME | 0566900 LOUISVILLE AIRPORT POLICE | | | INCIDENT NUMBER | KY P14-0215 | |
|---|---|---|---|---|---|---|

| INCIDENT DATE/TIME | EXACT/ESTIMATE | REPORT DATE | RECEIVED | DISPATCHED | ARRIVED | CLEARED |
|---|---|---|---|---|---|---|
| 09/12/2014 15:00 TO 10/17/2014 11:30 | ESTIMATE | 10/17/2014 | 11:35 | 11:35 | 11:35 | 12:35 |

REPORTED BY: **WILLIAMS, DEBBIE** — HOW REPORTED

LICENSE/ID STATE:     LICENSE/ID NUMBER:

ADDRESS: **600 TERMINAL DR**

| CITY: **LOUISVILLE** | STATE: **KY** | ZIP CODE: **40209** | PHONE NUMBER: |
|---|---|---|---|

EXACT LOCATION OF OFFENSE:
600 TERMINAL DR
ADDRESS: **600 TERMINAL DR** — SECTOR NO: **DISTR**
CITY: **LOUISVILLE** — STATE: **KY** — ZIP CODE: **40209**

| COUNTY: **JEFFERSON** | LATITUDE | 38 DEG | 11.200 MIN | LONGITUDE | 85 DEG | 44.481 MIN |
|---|---|---|---|---|---|---|

**OFFENSE DATA**

| SEQUENCE # | 1 OF 1 | LOCATION TYPE: AIR/BUS/TRAIN TERMINAL | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|---|

OFFENSE DESCRIPTION: TBUT OR DISP AUTO - $10,000 OR MORE BUT U/$1,000,000

| OFFENSE CODE: 24044 | ASCF CODE: 0 | KRS CODE: 514.030 | CLASS: C | DEGREE: F | COUNTS: 1 |
|---|---|---|---|---|---|

| BIAS MOTIVATION: NONE (NO BIAS) | METHOD ENTRY: | NUMBER PREMISES: |
|---|---|---|

| SCHOOL NAME: | SCHOOL TYPE: | CAMPUS? |
|---|---|---|

OFFENDER SUSPECTED OF USING: NOT APPLICABLE — COURT ORDER TYPE:

| SEQUENCE # | OF | LOCATION TYPE: | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|---|

OFFENSE DESCRIPTION:

| OFFENSE CODE: | ASCF CODE: | KRS CODE: | CLASS: | DEGREE: | COUNTS: |
|---|---|---|---|---|---|

| BIAS MOTIVATION: | METHOD ENTRY: | NUMBER PREMISES: |
|---|---|---|

| SCHOOL NAME: | SCHOOL TYPE: | CAMPUS? |
|---|---|---|

OFFENDER SUSPECTED OF USING: — COURT ORDER TYPE:

| SEQUENCE # | OF | LOCATION TYPE: | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|---|

OFFENSE DESCRIPTION:

| OFFENSE CODE: | ASCF CODE: | KRS CODE: | CLASS: | DEGREE: | COUNTS: |
|---|---|---|---|---|---|

| BIAS MOTIVATION: | METHOD ENTRY: | NUMBER PREMISES: |
|---|---|---|

| SCHOOL NAME: | SCHOOL TYPE: | CAMPUS? |
|---|---|---|

OFFENDER SUSPECTED OF USING: — COURT ORDER TYPE:

**PROPERTY DATA**

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|
| 1 | AUTOMOBILES | STOLEN (NOT RECOVERED) | $25,000.00 | | | |

**UNIT**

| UNIT TYPE | VEHICLE MAKE | VEHICLE MODEL | YEAR | VEHICLE TYPE |
|---|---|---|---|---|
| ROADWAY VEHICLE | TOYOTA | CAMRY | 2013 | SEDAN/4 DOOR |

| VEHICLE COLOR | VIN NUMBER | OWNER APPLIED # | | REGISTRATION STATE, YEAR, & NUMBER | | |
|---|---|---|---|---|---|---|
| SILVER/ALUMINUM | 4T1BF1FK0DU0289512 | 2178218 | HI | 2014 | FHW2771 | |

| VEHICLE DESCRIPTORS | KEYS LEFT IN UNIT? | OWNER |
|---|---|---|
| HERTZ RENTAL CAR | YES | Victim 1 |

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|

**GENERAL**

PROPERTY DESCRIPTION

| OWNER APPLED NUMBER | SERIAL NUMBER | |
|---|---|---|

| MAKE | MODEL | OWNER |
|---|---|---|

| TOTAL STOLEN VALUE: | $25,000.00 | TOTAL RECOVERED VALUE: | $0.00 | TOTAL VEHICLES STOLEN: | 1 | TOTAL VEHICLES RECOVERED: | 0 |
|---|---|---|---|---|---|---|---|

**STATUS**

| INCIDENT STATUS | CLOSED DATE | CLEARANCE TYPE | CLEARED EXCEPTIONALLY | EX. CLEARANCE DATE | UCR REPORTING FOR OTHER AGENCY |
|---|---|---|---|---|---|
| OPEN | | | | | YES ☐ |

| SUBMITTING OFFICER | INVESTIGATING OFFICER | UNIT/BADGE # | REVIEWED BY | TIME SPENT |
|---|---|---|---|---|
| J BALL | J BALL | 5854 | C COPE | 30 min |

Case ID: 4151103380
Control No.: 17090690

# KYIBRS REPORT

## COMMONWEALTH OF KENTUCKY

KSP RECORDS

| VICTIM SEQUENCE | | VICTIM NAME | | PHONE |
|---|---|---|---|---|
| 1  of  1 | HERTZ RENT A CAR | | | (502) 361-0183 |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | | |
|---|---|---|---|

| Address Unknown ☐ | ADDRESS: 600 TERMINAL DR | | VICTIM TYPE: BUS |
|---|---|---|---|

| CITY: LOUISVILLE | STATE: KY | ZIP CODE: 40209 | KY RESIDENT: |
|---|---|---|---|

| DATE OF BIRTH | SSN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|

| GENDER | RACE | ETHNIC ORIGIN | PEACE OFFICER? |
|---|---|---|---|
| | | | YES ☐ |

| NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | INJURY TYPE |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

| VICTIM OF OFFENSE(S) | AGG ASSAULT/ HOMICIDE CIRC | ADDTL JUSTIFIABLE HOMICIDE CIRC |
|---|---|---|
| 24044 | | |

| LEOKA ASSIGNMENT | LEOKA ACTIVITY |
|---|---|

**VICTIM DATA**

| SUSPECT SEQ. # | NAME: | | ARRESTED? | ARREST DATE |
|---|---|---|---|---|
| of | ALIAS: | | YES ☐ | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | | |
|---|---|---|---|

| ADDRESS: | | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
|---|---|---|---|---|

| CITY: | STATE: | ZIP CODE: | |
|---|---|---|---|

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|

| ARRESTEE SEQ. # | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | |
|---|---|---|---|---|---|
| of | | | 1 | 4 | 8 |
| | ARRESTEE ARMED WITH | | 2 | 5 | 7 |
| | | | 3 | 6 | 9 |

| SUSPECT SEQ. # | NAME: | | ARRESTED? | ARREST DATE |
|---|---|---|---|---|
| of | ALIAS: | | YES ☐ | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | | |
|---|---|---|---|

| ADDRESS: | | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
|---|---|---|---|---|

| CITY: | STATE: | ZIP CODE: | |
|---|---|---|---|

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|

| ARRESTEE SEQ. # | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | |
|---|---|---|---|---|---|
| of | | | 1 | 4 | 7 |
| | ARRESTEE ARMED WITH | | 2 | 5 | 8 |
| | | | 3 | 6 | 9 |

**SUSPECT/ARRESTEE DATA**

| WITNESS SEQUENCE | WITNESS NAME | PHONE |
|---|---|---|
| of | | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | |
|---|---|---|

| ADDRESS: | | DATE OF BIRTH |
|---|---|---|

| CITY: | STATE: | ZIP CODE: | SSN: |
|---|---|---|---|

**WITNESS DATA**

Case ID: 151103380
Control No.: 17090690

## KYIBRS REPORT: UOR2 SUPPLEMENT

### COMMONWEALTH OF KENTUCKY

KSP RECORDS

*SYNOPSIS:*
Vehicle owned by Hertz Rent-A-Car was returned by renter. Vehicle now missing.

*MODUS OPERANDI:*

*DATE & TIME OF OCCURRENCE:*
Vehicle returned on 9/12/2014. During routine lot check, vehicle was found to be missing from the Louisville International Airport QTA Lot.

*ACCUSED:*

*SUSPECTS:*

*STOLEN PROPERTY:*
2013 Silver Toyota Camry 2.5L
OH - FHW2771
VIN: 4T1BF1FK0DU289512
Stock #: 2178218

*OTHER PROPERTY:*

*EVIDENCE & HOW MARKED:*

*EVIDENCE DISPOSITION:*

*INVESTIGATION:*
Vehicle was returned by renter on 9/12/14 to Louisville International Airport's QTA lot with the keys left in the vehicle. Hertz Rent-A-Car did a routine vehicle lot check that resulted in a discrepancy in their inventory. After confirming the vehicle was not in their inventory, Hertz contacted the Jefferson County Attorney's Office which stated that a police report was needed.

*STATUS OF CASE:*
Open;

*ATTACHMENT*

Case ID: 151103380
Control No.: 17090690

**SUPPLEMENT**

# KYIBRS REPORT
## COMMONWEALTH OF KENTUCKY

KSP RECORDS

| ADMINISTRATIVE | | | | | | | |
|---|---|---|---|---|---|---|---|
| AGENCY ORI/NAME **0566900 LOUISVILLE AIRPORT POLICE** | | | | INCIDENT NUMBER **KY P15-0068** | | | |
| INCIDENT DATE/TIME **03/02/2015 17:00 TO 03/02/2015 17:30** | | EXACT/ESTIMATE **ESTIMATE** | REPORT DATE **03/02/2015** | RECEIVED **17:00** | DISPATCHED | ARRIVED | CLEARED **17:30** |
| REPORTED BY: **SIMPSON, ANDREW** | | | | | | HOW REPORTED | |
| LICENSE/ID STATE: | | LICENSE/ID NUMBER: | | | | | |
| ADDRESS: **440 HURON AVE** | | | | | | | |
| CITY: **LOUISVILLE** | | STATE: **KY** | ZIP CODE: **40209** | | PHONE NUMBER: **(502) 361-1145** | | |

EXACT LOCATION OF OFFENSE

| | | | | |
|---|---|---|---|---|
| **440 HURON AVE** | | | | SECTOR NO: |
| ADDRESS: **440 HURON AVE** | | | | |
| CITY: **LOUISVILLE** | | | STATE: **KY** | ZIP CODE: **40209** |
| COUNTY: **JEFFERSON** | LATITUDE **38 DEG  11.646 MIN** | LONGITUDE **85 DEG  45.123 MIN** | | |

**OFFENSE DATA**

| SEQUENCE # 1 OF 1 | LOCATION TYPE: PARKING LOT/GARAGE | | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|---|
| OFFENSE DESCRIPTION: TBUT OR DISP AUTO - $10,000 OR MORE BUT U$1,000,000 | | | | |
| OFFENSE CODE: 24044 | ASCF CODE: 0 | KRS CODE: 514.030 | CLASS: C  DEGREE: F  COUNTS: 1 | |
| BIAS MOTIVATION: NONE (NO BIAS) | | METHOD ENTRY: | NUMBER PREMISES: | |
| SCHOOL NAME: | | | SCHOOL TYPE: | CAMPUS? |
| OFFENDER SUSPECTED OF USING: NOT APPLICABLE | | | COURT ORDER TYPE: | |

| SEQUENCE # OF | LOCATION TYPE: | | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|---|
| OFFENSE DESCRIPTION: | | | | |
| OFFENSE CODE: | ASCF CODE: | KRS CODE: | CLASS:  DEGREE:  COUNTS: | |
| BIAS MOTIVATION: | | METHOD ENTRY: | NUMBER PREMISES: | |
| SCHOOL NAME: | | | SCHOOL TYPE: | CAMPUS? |
| OFFENDER SUSPECTED OF USING: | | | COURT ORDER TYPE: | |

| SEQUENCE # OF | LOCATION TYPE: | | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|---|
| OFFENSE DESCRIPTION: | | | | |
| OFFENSE CODE: | ASCF CODE: | KRS CODE: | CLASS:  DEGREE:  COUNTS: | |
| BIAS MOTIVATION: | | METHOD ENTRY: | NUMBER PREMISES: | |
| SCHOOL NAME: | | | SCHOOL TYPE: | CAMPUS? |
| OFFENDER SUSPECTED OF USING: | | | COURT ORDER TYPE: | |

**PROPERTY DATA**

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|
| 1 | AUTOMOBILES | STOLEN (NOT RECOVERED) | $27,500.00 | | | |

UNIT

| UNIT TYPE | VEHICLE MAKE | VEHICLE MODEL | YEAR | VEHICLE TYPE |
|---|---|---|---|---|
| ROADWAY VEHICLE | FORD | MUSTANG | 2013 | COUPE |

| VEHICLE COLOR | VIN NUMBER | OWNER APPLIED # | REGISTRATION STATE, YEAR, & NUMBER | | |
|---|---|---|---|---|---|
| SILVER\ALUMINUM | 1ZVBP8AM6D5233875 | | TN | 2015 | G6855F |

| VEHICLE DESCRIPTORS | KEYS LEFT IN UNIT? | OWNER |
|---|---|---|
| | YES | Victim 1 |

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|
| | | | | | | |

GENERAL

| PROPERTY DESCRIPTION | | |
|---|---|---|
| OWNER APPLED NUMBER | SERIAL NUMBER | |
| MAKE | MODEL | OWNER |

| TOTAL STOLEN VALUE: $27,500.00 | TOTAL RECOVERED VALUE: $0.00 | TOTAL VEHICLES STOLEN: 1 | TOTAL VEHICLES RECOVERED: 0 |
|---|---|---|---|

**STATUS**

| INCIDENT STATUS **OPEN** | CLOSED DATE | CLEARANCE TYPE | CLEARED EXCEPTIONALLY | EX. CLEARANCE DATE | UCR REPORTING FOR OTHER AGENCY YES ☐ |
|---|---|---|---|---|---|

| SUBMITTING OFFICER **J MUDD** | INVESTIGATING OFFICER **J HAIRGROVE** | UNIT/BADGE # **5855** | REVIEWED BY **C COPE** | TIME SPENT **30 min** |
|---|---|---|---|---|

Case ID: 151103380
Control No.: 17090690

# KYIBRS REPORT
## COMMONWEALTH OF KENTUCKY

KSP RECORDS

| VICTIM SEQUENCE | | VICTIM NAME | | | | | | PHONE |
|---|---|---|---|---|---|---|---|---|
| 1  of  1 | | HERTZ | | | | | | (502) 361-1145 |

**VICTIM DATA**

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | | |
|---|---|---|---|

Address Unknown ☐ | ADDRESS: 440 HURON AVE | | | VICTIM TYPE: BUS

CITY: LOUISVILLE | STATE: KY | ZIP CODE: 40209 | KY RESIDENT:

| DATE OF BIRTH | SSN | HEIGHT | WEIGHT | EYE COLOR | | HAIR COLOR |
|---|---|---|---|---|---|---|

| GENDER | RACE | ETHNIC ORIGIN | PEACE OFFICER? |
|---|---|---|---|
| | | | YES ☐ |

| NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | INJURY TYPE |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

| VICTIM OF OFFENSE(S) | AGG ASSAULT/ HOMICIDE CIRC | ADDTL JUSTIFIABLE HOMICIDE CIRC |
|---|---|---|
| 24044 | | |

| LEOKA ASSIGNMENT | LEOKA ACTIVITY |
|---|---|

**SUSPECT/ARRESTEE DATA**

| SUSPECT SEQ. # | NAME: | | ARRESTED? | ARREST DATE |
|---|---|---|---|---|
| of | ALIAS: | | YES ☐ | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | | |
|---|---|---|---|

| ADDRESS | | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
|---|---|---|---|---|

| CITY: | STATE: | ZIP CODE: | |
|---|---|---|---|

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|

| ARRESTEE SEQ. # | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | |
|---|---|---|---|---|---|
| of | | | 1 | 4 | 8 |
| | ARRESTEE ARMED WITH | | 2 | 5 | 7 |
| | | | 3 | 6 | 9 |

**SUSPECT/ARRESTEE DATA**

| SUSPECT SEQ. # | NAME: | | ARRESTED? | ARREST DATE |
|---|---|---|---|---|
| of | ALIAS: | | YES ☐ | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | | |
|---|---|---|---|

| ADDRESS | | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
|---|---|---|---|---|

| CITY: | STATE: | ZIP CODE: | |
|---|---|---|---|

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|

| ARRESTEE SEQ. # | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | |
|---|---|---|---|---|---|
| of | | | 1 | 4 | 7 |
| | ARRESTEE ARMED WITH | | 2 | 5 | 8 |
| | | | 3 | 6 | 9 |

**WITNESS DATA**

| WITNESS SEQUENCE | WITNESS NAME | PHONE |
|---|---|---|
| of | | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | |
|---|---|---|

| ADDRESS: | | DATE OF BIRTH |
|---|---|---|

| CITY: | STATE: | ZIP CODE: | SSN: | |
|---|---|---|---|---|

Case No. 151103380
Control No.: 17090690

## KYIBRS REPORT: UOR2 SUPPLEMENT

KSP RECORDS

### COMMONWEALTH OF KENTUCKY

*SYNOPSIS:*
Stolen vehicle from Hertz Rental

*MODUS OPERANDI:*
Unknown

*DATE & TIME OF OCCURRENCE:*
An exact date of theft is unknown

*ACCUSED:*
N/A

*SUSPECTS:*
N/A

*STOLEN PROPERTY:*
2013 Ford Mustang
Tn Reg - G6855F
VIN - 1ZVBP8AM6D5233875

*OTHER PROPERTY:*
N/A

*EVIDENCE & HOW MARKED:*
N/A

*EVIDENCE DISPOSITION:*
N/A

*INVESTIGATION:*
Andrew Simpson with Hertz Rental reported the theft of 11 vehicles from their lot on Huron Ave. He
advised the date of the theft were unknown. All vehicles had keys left in them. He advised there are
anywhere from three to four hundred vehicles at the lot and the lot is controlled by a security gate at the
entrance and exit of the lot. The gate is malfunctioning and not in proper working order, so the suspects
can drive out of the lot undetected or stopped. The vehicles have been stolen sometime over the last two
weeks, but he does not know a definite time frame or date.

*STATUS OF CASE:*
Open

*ATTACHMENT*
Open

Case ID: 51103380
Control No.: 17090690

# KYIBRS REPORT

### COMMONWEALTH OF KENTUCKY

KSP RECORDS

| AGENCY ORI/NAME | 0566900 LOUISVILLE AIRPORT POLICE | | | | | INCIDENT NUMBER | KY P15-0069 | |
|---|---|---|---|---|---|---|---|---|

**ADMINISTRATIVE**

| INCIDENT DATE/TIME | EXACT/ESTIMATE | REPORT DATE | RECEIVED | DISPATCHED | ARRIVED | CLEARED |
|---|---|---|---|---|---|---|
| 03/02/2015 17:00 TO 03/02/2015 17:30 | ESTIMATE | 03/02/2015 | 17:00 | | | 17:30 |

| REPORTED BY: SIMPSON, ANDREW | HOW REPORTED |
|---|---|

| LICENSE/ID STATE: | LICENSE/ID NUMBER: |
|---|---|

| ADDRESS: 440 HURON AVE | | | |
|---|---|---|---|
| CITY: LOUISVILLE | STATE: KY ZIP CODE: 40209 | PHONE NUMBER: (502) 361-1145 |

| EXACT LOCATION OF OFFENSE | 440 HURON AVE | |
|---|---|---|
| | ADDRESS: 440 HURON AVE | SECTOR NO: |
| | CITY: LOUISVILLE | STATE: KY ZIP CODE: 40209 |
| | COUNTY: JEFFERSON | LATITUDE 38 DEG 11.643 MIN LONGITUDE 85 DEG 45.117 MIN |

**OFFENSE DATA**

| SEQUENCE # 1 OF 1 | LOCATION TYPE: PARKING LOT/GARAGE | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|
| OFFENSE DESCRIPTION: TBUT OR DISP AUTO - $10,000 OR MORE BUT U/$1,000,000 | | | |

| OFFENSE CODE: 24044 | ASCF CODE: 0 | KRS CODE: 514.030 | CLASS: C | DEGREE: F | COUNTS: 1 |
|---|---|---|---|---|---|

| BIAS MOTIVATION: NONE (NO BIAS) | METHOD ENTRY: | NUMBER PREMISES: |
|---|---|---|

| SCHOOL NAME: | SCHOOL TYPE: | CAMPUS? |
|---|---|---|

| OFFENDER SUSPECTED OF USING: NOT APPLICABLE | COURT ORDER TYPE: |
|---|---|

| SEQUENCE # OF | LOCATION TYPE: | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|
| OFFENSE DESCRIPTION: | | | |

| OFFENSE CODE: | ASCF CODE: | KRS CODE: | CLASS: | DEGREE: | COUNTS: |
|---|---|---|---|---|---|

| BIAS MOTIVATION: | METHOD ENTRY: | NUMBER PREMISES: |
|---|---|---|

| SCHOOL NAME: | SCHOOL TYPE: | CAMPUS? |
|---|---|---|

| OFFENDER SUSPECTED OF USING: | COURT ORDER TYPE: |
|---|---|

| SEQUENCE # OF | LOCATION TYPE: | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|
| OFFENSE DESCRIPTION: | | | |

| OFFENSE CODE: | ASCF CODE: | KRS CODE: | CLASS: | DEGREE: | COUNTS: |
|---|---|---|---|---|---|

| BIAS MOTIVATION: | METHOD ENTRY: | NUMBER PREMISES: |
|---|---|---|

| SCHOOL NAME: | SCHOOL TYPE: | CAMPUS? |
|---|---|---|

| OFFENDER SUSPECTED OF USING: | COURT ORDER TYPE: |
|---|---|

**PROPERTY DATA**

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|
| 1 | AUTOMOBILES | STOLEN (NOT RECOVERED) | $1.00 | | | |

**UNIT**

| UNIT TYPE | VEHICLE MAKE | VEHICLE MODEL | YEAR | VEHICLE TYPE |
|---|---|---|---|---|
| ROADWAY VEHICLE | VOLKSWAGEN | JETTA | 2012 | SEDAN/4 DOOR |

| VEHICLE COLOR | VIN NUMBER | OWNER APPLIED # | REGISTRATION STATE, YEAR, & NUMBER |
|---|---|---|---|
| BLACK | 3VWDX7AJ2CM3807031 | | IL 2015 N445943 |

| VEHICLE DESCRIPTORS | KEYS LEFT IN UNIT? | OWNER |
|---|---|---|
| | YES | Victim 1 |

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|

**GENERAL**

| PROPERTY DESCRIPTION | |
|---|---|
| OWNER APPLED NUMBER | SERIAL NUMBER |
| MAKE | MODEL | OWNER |

| TOTAL STOLEN VALUE: $1.00 | TOTAL RECOVERED VALUE: $0.00 | TOTAL VEHICLES STOLEN: 1 | TOTAL VEHICLES RECOVERED: 0 |
|---|---|---|---|

**STATUS**

| INCIDENT STATUS | CLOSED DATE | CLEARANCE TYPE | CLEARED EXCEPTIONALLY | EX. CLEARANCE DATE | UCR REPORTING FOR OTHER AGENCY |
|---|---|---|---|---|---|
| OPEN | | | | | YES ☐ |

| SUBMITTING OFFICER | INVESTIGATING OFFICER | UNIT/BADGE # | REVIEWED BY | TIME SPENT |
|---|---|---|---|---|
| J MUDD | J MUDD | 5844 | B SIMS | 30 min |

Case ID: 151103380
Control No.: 17090690

# KYIBRS REPORT
## COMMONWEALTH OF KENTUCKY

**KSP RECORDS**

## VICTIM DATA

| VICTIM SEQUENCE | VICTIM NAME | PHONE |
|---|---|---|
| 1 of 1 | HERTZ | (502) 361-1145 |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | |
|---|---|---|

| Address Unknown ☐ | ADDRESS: 440 HURON AVE | | VICTIM TYPE: BUS |
|---|---|---|---|

| CITY: LOUISVILLE | STATE: KY | ZIP CODE: 40209 | KY RESIDENT: |
|---|---|---|---|

| DATE OF BIRTH | SSN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|

| GENDER | RACE | ETHNIC ORIGIN | PEACE OFFICER? YES ☐ |
|---|---|---|---|

| NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | INJURY TYPE |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

| VICTIM OF OFFENSE(S) | AGG ASSAULT/ HOMICIDE CIRC | ADDTL JUSTIFIABLE HOMICIDE CIRC |
|---|---|---|
| 24044 | | |

| LEOKA ASSIGNMENT | LEOKA ACTIVITY |
|---|---|

## SUSPECT/ARRESTEE DATA

| SUSPECT SEQ. # | NAME: | ARRESTED? | ARREST DATE |
|---|---|---|---|
| of | | YES ☐ | |

| ALIAS: | |
|---|---|

| LICENSE/ID STATE: | LICENSE/ID NUMBER: |
|---|---|

| ADDRESS | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
|---|---|---|---|

| CITY: | STATE: | ZIP CODE: |
|---|---|---|

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|

| ARRESTEE SEQ. # | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | |
|---|---|---|---|---|---|
| of | | | 1 | 4 | 8 |
| | ARRESTEE ARMED WITH | | 2 | 5 | 7 |
| | | | 3 | 6 | 9 |

## SUSPECT/ARRESTEE DATA

| SUSPECT SEQ. # | NAME: | ARRESTED? | ARREST DATE |
|---|---|---|---|
| of | | YES ☐ | |

| ALIAS: | |
|---|---|

| LICENSE/ID STATE: | LICENSE/ID NUMBER: |
|---|---|

| ADDRESS | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
|---|---|---|---|

| CITY: | STATE: | ZIP CODE: |
|---|---|---|

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|

| ARRESTEE SEQ. # | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | |
|---|---|---|---|---|---|
| of | | | 1 | 4 | 7 |
| | ARRESTEE ARMED WITH | | 2 | 5 | 8 |
| | | | 3 | 6 | 9 |

## WITNESS DATA

| WITNESS SEQUENCE | WITNESS NAME | PHONE |
|---|---|---|
| of | | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: |
|---|---|

| ADDRESS: | DATE OF BIRTH |
|---|---|

| CITY: | STATE: | ZIP CODE: | SSN: |
|---|---|---|---|

Case No. 151103380
Control No.: 17090690

# KYIBRS REPORT: UOR2 SUPPLEMENT

KSP RECORDS

### COMMONWEALTH OF KENTUCKY

*SYNOPSIS:*
See report P15-0063

*MODUS OPERANDI:*
See report P15-0063

*DATE & TIME OF OCCURRENCE:*
See report P15-0063

*ACCUSED:*
See report P15-0063

*SUSPECTS:*
See report P15-0063

*STOLEN PROPERTY:*
See report P15-0063

*OTHER PROPERTY:*
See report P15-0063

*EVIDENCE & HOW MARKED:*
See report P15-0063

*EVIDENCE DISPOSITION:*
See report P15-0063

*INVESTIGATION:*
See report P15-0063

*STATUS OF CASE:*
See report P15-0063

*ATTACHMENT*
See report P15-0063

Case ID: 151103380
Control No.: 17090690

# KYIBRS REPORT
## COMMONWEALTH OF KENTUCKY

KSP RECORDS

## ADMINISTRATIVE

| | |
|---|---|
| AGENCY ORI/NAME **0566900 LOUISVILLE AIRPORT POLICE** | INCIDENT NUMBER **KY P15-0072** |

| INCIDENT DATE/TIME | EXACT/ESTIMATE | REPORT DATE | RECEIVED | DISPATCHED | ARRIVED | CLEARED |
|---|---|---|---|---|---|---|
| **03/02/2015 17:00 TO 03/02/2015 17:30** | **ESTIMATE** | **03/02/2015** | **17:00** | | | **17:30** |

| REPORTED BY: **SIMPSON, ANDREW** | HOW REPORTED |
|---|---|
| LICENSE/ID STATE:         LICENSE/ID NUMBER: | |

| ADDRESS: **440 HURON AVE** | | | |
|---|---|---|---|
| CITY: **LOUISVILLE** | STATE: **KY** ZIP CODE: **40209** | PHONE NUMBER: **(502) 361-1145** | |

| EXACT LOCATION OF OFFENSE | **440 HURON AVE** | | | |
|---|---|---|---|---|
| | ADDRESS: **440 HURON AVE** | | SECTOR NO: | |
| | CITY: **LOUISVILLE** | | STATE: **KY** | ZIP CODE: **40209** |
| | COUNTY: **JEFFERSON** | LATITUDE **38 DEG  11.649 MIN** | LONGITUDE **85 DEG  45.120 MIN** | |

## OFFENSE DATA

| SEQUENCE #   **1**  OF **1** | LOCATION TYPE: **PARKING LOT/GARAGE** | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|
| OFFENSE DESCRIPTION: TBUT OR DISP AUTO - $10,000 OR MORE BUT U/$1,000,000 | | | |

| OFFENSE CODE: **24044** | ASCF CODE: **0** | KRS CODE: **514.030** | CLASS: **C** | DEGREE: **F** | COUNTS: **1** |
|---|---|---|---|---|---|

| BIAS MOTIVATION: **NONE (NO BIAS)** | METHOD ENTRY: | NUMBER PREMISES: |
|---|---|---|

| SCHOOL NAME: | SCHOOL TYPE: | CAMPUS? |
|---|---|---|

| OFFENDER SUSPECTED OF USING: **NOT APPLICABLE** | COURT ORDER TYPE: |
|---|---|

| SEQUENCE #      OF | LOCATION TYPE: | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|
| OFFENSE DESCRIPTION: | | | |

| OFFENSE CODE: | ASCF CODE: | KRS CODE: | CLASS: | DEGREE: | COUNTS: |
|---|---|---|---|---|---|

| BIAS MOTIVATION: | METHOD ENTRY: | NUMBER PREMISES: |
|---|---|---|

| SCHOOL NAME: | SCHOOL TYPE: | CAMPUS? |
|---|---|---|

| OFFENDER SUSPECTED OF USING: | COURT ORDER TYPE: |
|---|---|

| SEQUENCE #      OF | LOCATION TYPE: | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|
| OFFENSE DESCRIPTION: | | | |

| OFFENSE CODE: | ASCF CODE: | KRS CODE: | CLASS: | DEGREE: | COUNTS: |
|---|---|---|---|---|---|

| BIAS MOTIVATION: | METHOD ENTRY: | NUMBER PREMISES: |
|---|---|---|

| SCHOOL NAME: | SCHOOL TYPE: | CAMPUS? |
|---|---|---|

| OFFENDER SUSPECTED OF USING: | COURT ORDER TYPE: |
|---|---|

## PROPERTY DATA

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|
| 1 | AUTOMOBILES | STOLEN (NOT RECOVERED) | $1.00 | | | |

### UNIT

| UNIT TYPE | VEHICLE MAKE | VEHICLE MODEL | YEAR | VEHICLE TYPE |
|---|---|---|---|---|
| ROADWAY VEHICLE | NISSAN | ALTIMA | 2013 | SEDAN/4 DOOR |

| VEHICLE COLOR | VIN NUMBER | OWNER APPLIED # | REGISTRATION STATE, YEAR, & NUMBER | | |
|---|---|---|---|---|---|
| WHITE | 1N4AL3AP1DN515922 | | FL | 2015 | 231LCI |

| VEHICLE DESCRIPTORS | KEYS LEFT IN UNIT? | OWNER |
|---|---|---|
| | YES | Victim 1 |

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|
| | | | | | | |

### GENERAL

| PROPERTY DESCRIPTION | | |
|---|---|---|
| OWNER APPLED NUMBER | SERIAL NUMBER | |
| MAKE | MODEL | OWNER |

| TOTAL STOLEN VALUE: **$1.00** | TOTAL RECOVERED VALUE: **$0.00** | TOTAL VEHICLES STOLEN: **1** | TOTAL VEHICLES RECOVERED: **0** |
|---|---|---|---|

## STATUS

| INCIDENT STATUS | CLOSED DATE | CLEARANCE TYPE | CLEARED EXCEPTIONALLY | EX. CLEARANCE DATE | UCR REPORTING FOR OTHER AGENCY |
|---|---|---|---|---|---|
| **OPEN** | | | | | YES ☐ |

| SUBMITTING OFFICER | INVESTIGATING OFFICER | UNIT/BADGE # | REVIEWED BY | TIME SPENT |
|---|---|---|---|---|
| **J MUDD** | **J MUDD** | **5844** | **B SIMS** | **30 min** |

Case No. 15110380
Control No.: 17090690

# KYIBRS REPORT
## COMMONWEALTH OF KENTUCKY

KSP RECORDS

## VICTIM DATA

| VICTIM SEQUENCE | VICTIM NAME | PHONE |
|---|---|---|
| 1  of  1 | HERTZ | (502) 361-1145 |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | |
|---|---|---|

Address Unknown ☐  ADDRESS: 440 HURON AVE        VICTIM TYPE: BUS

CITY: LOUISVILLE        STATE: KY    ZIP CODE: 40209    KY RESIDENT:

| DATE OF BIRTH | SSN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|

| GENDER | RACE | ETHNIC ORIGIN | PEACE OFFICER? |
|---|---|---|---|
| | | | YES ☐ |

| NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | INJURY TYPE |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

| VICTIM OF OFFENSE(S) | AGG ASSAULT/ HOMICIDE CIRC | ADDTL JUSTIFIABLE HOMICIDE CIRC |
|---|---|---|
| 24044 | | |

| LEOKA ASSIGNMENT | LEOKA ACTIVITY |
|---|---|

## SUSPECT/ARRESTEE DATA

| SUSPECT SEQ. # | NAME: | ARRESTED? | ARREST DATE |
|---|---|---|---|
| of | ALIAS: | YES ☐ | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: |
|---|---|

| ADDRESS | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
|---|---|---|---|

| CITY: | STATE: | ZIP CODE: |
|---|---|---|

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|

| ARRESTEE SEQ. # | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | | |
|---|---|---|---|---|---|---|
| of | | | 1 | 4 | 8 | |
| | ARRESTEE ARMED WITH | | 2 | 5 | 7 | |
| | | | 3 | 6 | 9 | |

| SUSPECT SEQ. # | NAME: | ARRESTED? | ARREST DATE |
|---|---|---|---|
| of | ALIAS: | YES ☐ | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: |
|---|---|

| ADDRESS | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
|---|---|---|---|

| CITY: | STATE: | ZIP CODE: |
|---|---|---|

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|

| ARRESTEE SEQ. # | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | | |
|---|---|---|---|---|---|---|
| of | | | 1 | 4 | 7 | |
| | ARRESTEE ARMED WITH | | 2 | 5 | 8 | |
| | | | 3 | 6 | 9 | |

## WITNESS DATA

| WITNESS SEQUENCE | WITNESS NAME | PHONE |
|---|---|---|
| of | | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: |
|---|---|

| ADDRESS: | DATE OF BIRTH |
|---|---|

| CITY: | STATE: | ZIP CODE: | SSN: |
|---|---|---|---|

Case #151103380
Control No.: 17090690

# KYIBRS REPORT: UOR2 SUPPLEMENT

**KSP RECORDS**

## COMMONWEALTH OF KENTUCKY

*SYNOPSIS:*
See report P15-0063

*MODUS OPERANDI:*
See report P15-0063

*DATE & TIME OF OCCURRENCE:*
See report P15-0063

*ACCUSED:*
See report P15-0063

*SUSPECTS:*
See report P15-0063

*STOLEN PROPERTY:*
See report P15-0063

*OTHER PROPERTY:*
See report P15-0063

*EVIDENCE & HOW MARKED:*
See report P15-0063

*EVIDENCE DISPOSITION:*
See report P15-0063

*INVESTIGATION:*
See report P15-0063

*STATUS OF CASE:*
See report P15-0063

*ATTACHMENT*
See report P15-0063

Case ID: 151103380
Control No.: 17090690

# KYIBRS REPORT

## COMMONWEALTH OF KENTUCKY

**KSP RECORDS**

| | |
|---|---|
| AGENCY ORI/NAME **0566900 LOUISVILLE AIRPORT POLICE** | INCIDENT NUMBER **KY P15-0073** |

### ADMINISTRATIVE

| INCIDENT DATE/TIME | EXACT/ESTIMATE | REPORT DATE | RECEIVED | DISPATCHED | ARRIVED | CLEARED |
|---|---|---|---|---|---|---|
| **03/02/2015 17:00 TO 03/02/2015 17:30** | **ESTIMATE** | **03/02/2015** | **17:00** | | | **17:30** |

REPORTED BY: **SIMPSON, ANDREW**    HOW REPORTED

LICENSE/ID STATE:    LICENSE/ID NUMBER:

ADDRESS: **440 HURON AVE**

| CITY: **LOUISVILLE** | STATE: **KY** | ZIP CODE: **40209** | PHONE NUMBER: **(502) 361-1145** |
|---|---|---|---|

EXACT LOCATION OF OFFENSE

**440 HURON AVE**
ADDRESS: **440 HURON AVE**    SECTOR NO:

| CITY: **LOUISVILLE** | STATE: **KY** | ZIP CODE: **40209** |
|---|---|---|

| COUNTY: **JEFFERSON** | LATITUDE **38 DEG** | **11.645 MIN** | LONGITUDE **85 DEG** | **45.102 MIN** |
|---|---|---|---|---|

### OFFENSE DATA

| SEQUENCE # **1** OF **1** | LOCATION TYPE: **PARKING LOT/GARAGE** | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|

OFFENSE DESCRIPTION: **TBUT OR DISP AUTO - $10,000 OR MORE BUT U$1,000,000**

| OFFENSE CODE: **24044** | ASCF CODE: **0** | KRS CODE: **514.030** | CLASS: **C** | DEGREE: **F** | COUNTS: **1** |
|---|---|---|---|---|---|

| BIAS MOTIVATION: **NONE (NO BIAS)** | METHOD ENTRY: | NUMBER PREMISES: |
|---|---|---|

| SCHOOL NAME: | SCHOOL TYPE: | CAMPUS? |
|---|---|---|

OFFENDER SUSPECTED OF USING: **NOT APPLICABLE**    COURT ORDER TYPE:

| SEQUENCE # OF | LOCATION TYPE: | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|

OFFENSE DESCRIPTION:

| OFFENSE CODE: | ASCF CODE: | KRS CODE: | CLASS: | DEGREE: | COUNTS: |
|---|---|---|---|---|---|

| BIAS MOTIVATION: | METHOD ENTRY: | NUMBER PREMISES: |
|---|---|---|

| SCHOOL NAME: | SCHOOL TYPE: | CAMPUS? |
|---|---|---|

OFFENDER SUSPECTED OF USING:    COURT ORDER TYPE:

| SEQUENCE # OF | LOCATION TYPE: | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|

OFFENSE DESCRIPTION:

| OFFENSE CODE: | ASCF CODE: | KRS CODE: | CLASS: | DEGREE: | COUNTS: |
|---|---|---|---|---|---|

| BIAS MOTIVATION: | METHOD ENTRY: | NUMBER PREMISES: |
|---|---|---|

| SCHOOL NAME: | SCHOOL TYPE: | CAMPUS? |
|---|---|---|

OFFENDER SUSPECTED OF USING:    COURT ORDER TYPE:

### PROPERTY DATA

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|
| 1 | AUTOMOBILES | STOLEN (NOT RECOVERED) | $1.00 | | | |

UNIT

| UNIT TYPE | VEHICLE MAKE | VEHICLE MODEL | YEAR | VEHICLE TYPE |
|---|---|---|---|---|
| ROADWAY VEHICLE | GENERAL MOTORS CORP | YUKON | 2013 | CARRY-ALL (Rugged trail vehic) |

| VEHICLE COLOR | VIN NUMBER | OWNER APPLIED # | REGISTRATION STATE, YEAR, & NUMBER | | |
|---|---|---|---|---|---|
| BROWN | 1GKS2CE06DR296001 | | MD | 2015 | 6BB7369 |

| VEHICLE DESCRIPTORS | KEYS LEFT IN UNIT? | OWNER |
|---|---|---|
| | YES | Victim 1 |

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|

GENERAL

PROPERTY DESCRIPTION

| OWNER APPLED NUMBER | SERIAL NUMBER |
|---|---|

| MAKE | MODEL | OWNER |
|---|---|---|

| TOTAL STOLEN VALUE: **$1.00** | TOTAL RECOVERED VALUE: **$0.00** | TOTAL VEHICLES STOLEN: **1** | TOTAL VEHICLES RECOVERED: **0** |
|---|---|---|---|

### STATUS

| INCIDENT STATUS | CLOSED DATE | CLEARANCE TYPE | CLEARED EXCEPTIONALLY | EX. CLEARANCE DATE | UCR REPORTING FOR OTHER AGENCY |
|---|---|---|---|---|---|
| **OPEN** | | | | | YES ☐ |

| SUBMITTING OFFICER | INVESTIGATING OFFICER | UNIT/BADGE # | REVIEWED BY | TIME SPENT |
|---|---|---|---|---|
| **J MUDD** | **J MUDD** | **5844** | **B SIMS** | **30 min** |

| Page **1** of **3** | Incident Number: **P15-0073** | Agency ORI: **0566900** | Badge #: **5844** |
|---|---|---|---|

Case ID: 4151103380
Control No.: 17090690

# KYIBRS REPORT
## COMMONWEALTH OF KENTUCKY

KSP RECORDS

### VICTIM DATA

| VICTIM SEQUENCE | VICTIM NAME | PHONE |
|---|---|---|
| 1 of 1 | HERTZ | (502) 361-1145 |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | |
|---|---|---|

| Address Unknown ☐ | ADDRESS: 440 HURON AVE | VICTIM TYPE: BUS |
|---|---|---|

| CITY: LOUISVILLE | STATE: KY | ZIP CODE: 40209 | KY RESIDENT: |
|---|---|---|---|

| DATE OF BIRTH | SSN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|

| GENDER | RACE | ETHNIC ORIGIN | PEACE OFFICER? |
|---|---|---|---|
| | | | YES ☐ |

| NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | INJURY TYPE |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

| VICTIM OF OFFENSE(S) | AGG ASSAULT/ HOMICIDE CIRC | ADDTL JUSTIFIABLE HOMICIDE CIRC |
|---|---|---|
| 24044 | | |

| LEOKA ASSIGNMENT | LEOKA ACTIVITY |
|---|---|

### SUSPECT/ARRESTEE DATA

| SUSPECT SEQ. # | NAME: | ARRESTED? | ARREST DATE |
|---|---|---|---|
| of | ALIAS: | YES ☐ | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: |
|---|---|

| ADDRESS | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
|---|---|---|---|

| CITY: | STATE: | ZIP CODE: |
|---|---|---|

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|

| ARRESTEE SEQ. # | MULTIPLE ARREST IND. | ARREST TYPE | | RELATED CITATION NUMBERS | | |
|---|---|---|---|---|---|---|
| of | | | 1 | 4 | 8 | |
| | ARRESTEE ARMED WITH | | 2 | 5 | 7 | |
| | | | 3 | 6 | 9 | |

### SUSPECT/ARRESTEE DATA

| SUSPECT SEQ. # | NAME: | ARRESTED? | ARREST DATE |
|---|---|---|---|
| of | ALIAS: | YES ☐ | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: |
|---|---|

| ADDRESS | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
|---|---|---|---|

| CITY: | STATE: | ZIP CODE: |
|---|---|---|

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|

| ARRESTEE SEQ. # | MULTIPLE ARREST IND. | ARREST TYPE | | RELATED CITATION NUMBERS | | |
|---|---|---|---|---|---|---|
| of | | | 1 | 4 | 7 | |
| | ARRESTEE ARMED WITH | | 2 | 5 | 8 | |
| | | | 3 | 6 | 9 | |

### WITNESS DATA

| WITNESS SEQUENCE | WITNESS NAME | PHONE |
|---|---|---|
| of | | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: |
|---|---|

| ADDRESS: | DATE OF BIRTH |
|---|---|

| CITY: | STATE: | ZIP CODE: | SSN: |
|---|---|---|---|

Case No. 151103380
Control No.: 17090690

# KYIBRS REPORT: UOR2 SUPPLEMENT

## COMMONWEALTH OF KENTUCKY

KSP RECORDS

**SYNOPSIS:**
See report P15-0063

**MODUS OPERANDI:**
See report P15-0063

**DATE & TIME OF OCCURRENCE:**
See report P15-0063

**ACCUSED:**
See report P15-0063

**SUSPECTS:**
See report P15-0063

**STOLEN PROPERTY:**
See report P15-0063

**OTHER PROPERTY:**
See report P15-0063

**EVIDENCE & HOW MARKED:**
See report P15-0063

**EVIDENCE DISPOSITION:**
See report P15-0063

**INVESTIGATION:**
See report P15-0063

**STATUS OF CASE:**
See report P15-0063

**ATTACHMENT**
See report P15-0063

Case No.4151103380

Control No.: 17090690

*SUPPLEMENT*

# KYIBRS REPORT
## COMMONWEALTH OF KENTUCKY

| AGENCY ORI/NAME **0566900 LOUISVILLE AIRPORT POLICE** | | | | INCIDENT NUMBER **KY P15-0074** | | | |
|---|---|---|---|---|---|---|---|
| INCIDENT DATE/TIME **3/2/2015 17:00 TO 3/2/2015 17:30** | EXACT / ESTIMATE **EXACT** | REPORT DATE **3/2/2015** | RECEIVED **17:00** | DISPATCHED | ARRIVED | | CLEARED **17:30** |

**ADMINISTRATIVE**

| REPORTED BY: **SIMPSON, ANDREW** | | HOW REPORTED |
|---|---|---|
| LICENSE/ID STATE: | LICENSE/ID NUMBER: | **IN PERSON** |

ADDRESS: **440 HURON AVE**

| CITY **LOUISVILLE** | STATE: **KY** | ZIP CODE: **40209** | PHONE NUMBER: **502-361-1145** |
|---|---|---|---|

| EXACT LOCATION OF OFFENSE | **440 HURON AVE** | | | SECTOR NO: |
|---|---|---|---|---|
| | ADDRESS **440 HURON AVE** | | | |
| | CITY **LOUISVILLE** | STATE: **KY** | ZIP CODE: **40209** | |
| | COUNTY **JEFFERSON** | LATITUDE **38 DEG 11.649 MIN** | LONGITUDE **85 DEG 45.126 MIN** | |

**OFFENSE DATA**

| SEQUENCE # **1** OF **1** | LOCATION TYPE: **PARKING LOT, PARKING GARAGE** | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|
| OFFENSE DESCRIPTION: **TBUT OR DISP AUTO - $10,000 OR MORE BUT U/$1,000,000** | | | |

| OFFENSE CODE: **24044** | ASCF CODE: **0** | KRS CODE: **514.030** | CLASS: **C** | DEGREE: **F** | COUNTS: **1** | |
|---|---|---|---|---|---|---|
| BIAS MOTIVATION: **NONE (NO BIAS)** | | | METHOD ENTRY: | NUMBER PREMISES: **0** | | |

| SCHOOL NAME: | SCHOOL TYPE: | CAMPUS? |
|---|---|---|
| OFFENDER SUSPECTED OF USING: **NOT APPLICABLE** | COURT ORDER TYPE: | |

| SEQUENCE # OF | LOCATION TYPE: | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|
| OFFENSE DESCRIPTION: | | | |

| OFFENSE CODE: | ASCF CODE: | KRS CODE: | CLASS: | DEGREE: | COUNTS: | |
|---|---|---|---|---|---|---|
| BIAS MOTIVATION: | | | METHOD ENTRY: | NUMBER PREMISES: | | |

| SCHOOL NAME: | SCHOOL TYPE: | CAMPUS? |
|---|---|---|
| OFFENDER SUSPECTED OF USING: | COURT ORDER TYPE: | |

| SEQUENCE # OF | LOCATION TYPE: | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|
| OFFENSE DESCRIPTION: | | | |

| OFFENSE CODE: | ASCF CODE: | KRS CODE: | CLASS: | DEGREE: | COUNTS: | |
|---|---|---|---|---|---|---|
| BIAS MOTIVATION: | | | METHOD ENTRY: | NUMBER PREMISES: | | |

| SCHOOL NAME: | SCHOOL TYPE: | CAMPUS? |
|---|---|---|
| OFFENDER SUSPECTED OF USING: | COURT ORDER TYPE: | |

**PROPERTY DATA**

**VEHICLE**

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DT RECOVERED |
|---|---|---|---|---|---|---|
| 1 | AUTOMOBILES | STOLEN (NOT RECOVERED) | $1.00 | | | |

| UNIT TYPE **BICYCLE** | VEHICLE MAKE: **CHEVROLET** | VEHICLE MODEL **CRUZE** | YEAR **2013** | VEHICLE TYPE **SEDAN/4 DOOR** |
|---|---|---|---|---|
| VEHICLE COLOR **SILVER\ALUMINUM** | VIN NUMBER **1G1PC5SB2D7224359** | OWNER APPLIED # | **MI** | REGISTRATION STATE, YEAR, & NUMBER **2015   CDT9767** |
| VEHICLE DESCRIPTORS | | | KEYS LEFT IN UNIT? **YES** | OWNER **Victim 1** |

**GENERAL**

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DT RECOVERED |
|---|---|---|---|---|---|---|
| | | | | | | |

| PROPERTY DESCRIPTION | | |
|---|---|---|
| OWNER APPLED NUMBER | SERIAL NUMBER | |
| MAKE | MODEL | OWNER |

| TOTAL STOLEN VALUE: **$1.00** | TOTAL RECOVERED VALUE: | TOTAL VEHICLES STOLEN: **1** | TOTAL VEHICLES RECOVERED: |
|---|---|---|---|

**STATUS**

| INCIDENT STATUS **CLOSED** | CLOSED DATE **9/12/2015** | CLEARANCE TYPE | CLEARED EXCEPTIONALLY | EX. CLEARANCE DATE | UCR REPORTING FOR OTHER AGENCY |
|---|---|---|---|---|---|
| | | | | | ☐ YES |

| ORIGINATING OFFICER **MUDD, J** | ASSIGNED TO **HAIRGROVE, J** | UNIT/BADGE # **5844** | REVIEWED BY **B SIMS** | SUPPLEMENTED BY **Grimes, Joshua** |
|---|---|---|---|---|

Crime ID: 1103380
Control No: 7090690

# KYIBRS REPORT

## COMMONWEALTH OF KENTUCKY

| VICTIM SEQUENCE | | VICTIM NAME | | | PHONE |
|---|---|---|---|---|---|
| 1 of 1 | HERTZ | | | | 502-361-1145 |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | | |
|---|---|---|---|
| ☐ Address Unknown  ADDRESS: 440 HURON AVE | | | VICTIM TYPE: BUS |
| CITY: LOUISVILLE | STATE: KY | ZIP CODE: 40209 | KY RESIDENT: |

| DATE OF BIRTH | SSN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|
| | | | | | |

| GENDER | RACE | ETHNIC ORIGIN | PEACE OFFICER? |
|---|---|---|---|
| | | | ☐ YES |

| NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | INJURY TYPE |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

| VICTIM OF OFFENSE(S) | AGG ASSAULT/ HOMICIDE CIRC | ADDTL JUSTIFIABLE HOMICIDE CIRC |
|---|---|---|
| 24044 | | |

| LEOKA ASSIGNMENT | LEOKA ACTIVITY |
|---|---|
| | |

| SUSPECT SEQ. # | NAME: | | ARRESTED? | ARREST DATE |
|---|---|---|---|---|
| of | ALIAS: | | ☐ YES | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | | |
|---|---|---|---|
| ADDRESS | | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
| CITY: | STATE: | ZIP CODE: | | |

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| ARRESTEE SEQ. # | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | |
|---|---|---|---|---|---|
| of | | | 1 | 4 | 8 |
| | ARRESTEE ARMED WITH | | 2 | 5 | 7 |
| | | | 3 | 6 | 9 |

| SUSPECT SEQ. # | NAME: | | ARRESTED? | ARREST DATE |
|---|---|---|---|---|
| of | ALIAS: | | ☐ YES | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | | |
|---|---|---|---|
| ADDRESS | | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
| CITY: | STATE: | ZIP CODE: | | |

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| ARRESTEE SEQ. # | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | |
|---|---|---|---|---|---|
| of | | | 1 | 4 | 7 |
| | ARRESTEE ARMED WITH | | 2 | 5 | 8 |
| | | | 3 | 6 | 9 |

| WITNESS/OTHER SEQ | WITNESS/OTHER NAME | PHONE |
|---|---|---|
| of | | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | |
|---|---|---|
| ADDRESS: | | DATE OF BIRTH |
| CITY: | STATE: | ZIP CODE: | SSN: |

Case ID: 151103380
Case No. 207090690

# KYIBRS REPORT: NARRATIVE

## COMMONWEALTH OF KENTUCKY

*SYNOPSIS:*

See report P15-0063

*INVESTIGATION:*

See report P15-0063

MODUS OPERANDI: See report P15-0063

DATE/TIME OF OCCURRENCE: See report P15-0063

ACCUSED: See report P15-0063

SUSPECTS: See report P15-0063

STOLEN PROPERTY: See report P15-0063

OTHER PROPERTY: See report P15-0063

EVIDENCE AND HOW MARKED: See report P15-0063

EVIDENCE DISPOSITION: See report P15-0063

STATUS OF CASE: See report P15-0063

*CLOSED 9/12/2015.  Vehicle found on the Hertz Hurstbourne Lot

ATTACHMENTS: See report P15-0063

*ATTACHMENTS:*

*METHODS OF OPERATION:*

Case ID: 151103380

7090690

## CRIME SUPPLEMENT
### COMMONWEALTH OF KENTUCKY

| | | | |
|---|---|---|---|
| **ADMINISTRATIVE** | CASE/INCIDENT NUMBER: **KY P15-0074** | | REPORT DATE: **07/28/2017** |
| | REPORTING AGENCY ORI/NAME: **0566900 LOUISVILLE AIRPORT POLICE** | | |
| | PRIMARY INVESTIGATING AGENCY ORI/NAME: **0566900 LOUISVILLE AIRPORT POLICE** | | |
| | REPORTING OFFICER NAME: **Joshua Grimes** | | REPORTING OFFICER UNIT BADGE ID: **5829** |
| | PRIMARY OFFICER UNIT BADGE ID: **5844** | | |
| | REVIEWED BY: | | |

| | | | | | |
|---|---|---|---|---|---|
| **WITNESS DATA** | WITNESS SEQUENCE **of** | WITNESS NAME | | | PHONE |
| | ADDRESS: | | | | DATE OF BIRTH |
| | CITY: | STATE: | ZIP CODE: | SSN: | |
| | WITNESS SEQUENCE **of** | WITNESS NAME | | | PHONE |
| | ADDRESS: | | | | DATE OF BIRTH |
| | CITY: | STATE: | ZIP CODE: | SSN: | |

### NARRATIVE

Vehicle was recovered on the Hertz lot on Hurstbourne Parkway.

Case ID: 151103380
Control No. 17090690

*SUPPLEMENT*

# KYIBRS REPORT
### COMMONWEALTH OF KENTUCKY

KSP RECORDS

| AGENCY ORI/NAME | 0566900 LOUISVILLE AIRPORT POLICE | | | INCIDENT NUMBER | KY P15-0088 | | |
|---|---|---|---|---|---|---|---|

**ADMINISTRATIVE**

| INCIDENT DATE/TIME | EXACT/ESTIMATE | REPORT DATE | RECEIVED | DISPATCHED | ARRIVED | CLEARED |
|---|---|---|---|---|---|---|
| 10/04/2014 12:00 TO 10/04/2014 12:01 | ESTIMATE | 03/17/2015 | 19:45 | 19:45 | 19:46 | 20:00 |

| REPORTED BY: SIMPSON, ANDREW J | | HOW REPORTED |
|---|---|---|

LICENSE/ID STATE:                LICENSE/ID NUMBER:

ADDRESS: **440 HURON AVE**

| CITY: LOUISVILLE | STATE: KY | ZIP CODE: 40209 | PHONE NUMBER: (502) 361-1145 |
|---|---|---|---|

| EXACT LOCATION OF OFFENSE | **HURON AVE** | | |
|---|---|---|---|
| | ADDRESS: HURON AVE | | SECTOR NO: |
| | CITY: LOUISVILLE | STATE: KY | ZIP CODE: 40209 |

| COUNTY: JEFFERSON | LATITUDE | 38 DEG | 11.651 MIN | LONGITUDE | 85 DEG | 45.181 MIN |
|---|---|---|---|---|---|---|

**OFFENSE DATA**

| SEQUENCE # 1 OF 1 | LOCATION TYPE: AIR/BUS/TRAIN TERMINAL | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|

OFFENSE DESCRIPTION: TBUT OR DISP AUTO - $10,000 OR MORE BUT U/$1,000,000

| OFFENSE CODE: 24044 | ASCF CODE: 0 | KRS CODE: 514.030 | CLASS: C | DEGREE: F | COUNTS: 1 |
|---|---|---|---|---|---|

| BIAS MOTIVATION: UNKNOWN (MOTIVATION NOT KNOWN) | METHOD ENTRY: | NUMBER PREMISES: |
|---|---|---|

| SCHOOL NAME: | SCHOOL. TYPE: | CAMPUS? |
|---|---|---|

OFFENDER SUSPECTED OF USING: NOT APPLICABLE      COURT ORDER TYPE:

| SEQUENCE # OF | LOCATION TYPE: | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|

OFFENSE DESCRIPTION:

| OFFENSE CODE: | ASCF CODE: | KRS CODE: | CLASS: | DEGREE: | COUNTS: |
|---|---|---|---|---|---|

| BIAS MOTIVATION: | METHOD ENTRY: | NUMBER PREMISES: |
|---|---|---|

| SCHOOL NAME: | SCHOOL TYPE: | CAMPUS? |
|---|---|---|

OFFENDER SUSPECTED OF USING:      COURT ORDER TYPE:

| SEQUENCE # OF | LOCATION TYPE: | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|

OFFENSE DESCRIPTION:

| OFFENSE CODE: | ASCF CODE: | KRS CODE: | CLASS: | DEGREE: | COUNTS: |
|---|---|---|---|---|---|

| BIAS MOTIVATION: | METHOD ENTRY: | NUMBER PREMISES: |
|---|---|---|

| SCHOOL NAME: | SCHOOL TYPE: | CAMPUS? |
|---|---|---|

OFFENDER SUSPECTED OF USING:      COURT ORDER TYPE:

**PROPERTY DATA**

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|
| 1 | AUTOMOBILES | STOLEN (NOT RECOVERED) | $23,262.00 | | | |

**UNIT**

| UNIT TYPE | VEHICLE MAKE | VEHICLE MODEL | YEAR | VEHICLE TYPE |
|---|---|---|---|---|
| ROADWAY VEHICLE | GENERAL MOTORS CORP | TERRAIN | 2014 | CARRY-ALL (Rugged trail vehic) |

| VEHICLE COLOR | VIN NUMBER | OWNER APPLIED # | REGISTRATION STATE, YEAR, & NUMBER | | |
|---|---|---|---|---|---|
| WHITE | 2GKALREK7E6268749 | | KY | 2015 | CBS7863 |

| VEHICLE DESCRIPTORS | KEYS LEFT IN UNIT? | OWNER |
|---|---|---|
| | UNKNOWN | Victim 1 |

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|

**GENERAL**

PROPERTY DESCRIPTION

| OWNER APPLED NUMBER | SERIAL NUMBER |
|---|---|

| MAKE | MODEL | OWNER |
|---|---|---|

**STATUS**

| TOTAL STOLEN VALUE: | $23,262.00 | TOTAL RECOVERED VALUE: | $0.00 | TOTAL VEHICLES STOLEN: | 1 | TOTAL VEHICLES RECOVERED: | 0 |
|---|---|---|---|---|---|---|---|

| INCIDENT STATUS | CLOSED DATE | CLEARANCE TYPE | CLEARED EXCEPTIONALLY | EX. CLEARANCE DATE | UCR REPORTING FOR OTHER AGENCY |
|---|---|---|---|---|---|
| CLOSED | 01/19/2016 | TIME CLOSED | | | YES ☐ |

| SUBMITTING OFFICER | INVESTIGATING OFFICER | UNIT/BADGE # | REVIEWED BY | TIME SPENT |
|---|---|---|---|---|
| M SIMS | M SIMS | 5826 | J GRIMES | 1 hrs |

Case ID: 151103380
Control No.: 17090690

# KYIBRS REPORT
## COMMONWEALTH OF KENTUCKY

KSP RECORDS

## VICTIM DATA

| VICTIM SEQUENCE | VICTIM NAME | PHONE |
|---|---|---|
| 1 of 1 | HERTZ | (502) 361-1145 |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | |
|---|---|---|

| Address Unknown ☐ | ADDRESS: 440 HURON AVE | VICTIM TYPE: BUS |
|---|---|---|

| CITY: LOUISVILLE | STATE: KY | ZIP CODE: 40209 | KY RESIDENT: |
|---|---|---|---|

| DATE OF BIRTH | SSN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|

| GENDER | RACE | ETHNIC ORIGIN | PEACE OFFICER? YES ☐ |
|---|---|---|---|

| NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | INJURY TYPE |
|---|---|---|---|---|---|---|---|

| VICTIM OF OFFENSE(S) | AGG ASSAULT/ HOMICIDE CIRC | ADDTL JUSTIFIABLE HOMICIDE CIRC |
|---|---|---|
| 24044 | | |

| LEOKA ASSIGNMENT | LEOKA ACTIVITY |
|---|---|

## SUSPECT/ARRESTEE DATA

| SUSPECT SEQ.# of | NAME: | ARRESTED? YES ☐ | ARREST DATE |
|---|---|---|---|
| | ALIAS: | | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: |
|---|---|

| ADDRESS | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
|---|---|---|---|

| CITY: | STATE: | ZIP CODE: |
|---|---|---|

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|

| ARRESTEE SEQ.# of | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | | |
|---|---|---|---|---|---|---|
| | | | 1 | 4 | 8 | |
| | ARRESTEE ARMED WITH | | 2 | 5 | 7 | |
| | | | 3 | 6 | 9 | |

## SUSPECT/ARRESTEE DATA

| SUSPECT SEQ.# of | NAME: | ARRESTED? YES ☐ | ARREST DATE |
|---|---|---|---|
| | ALIAS: | | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: |
|---|---|

| ADDRESS | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
|---|---|---|---|

| CITY: | STATE: | ZIP CODE: |
|---|---|---|

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|

| ARRESTEE SEQ.# of | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | | |
|---|---|---|---|---|---|---|
| | | | 1 | 4 | 7 | |
| | ARRESTEE ARMED WITH | | 2 | 5 | 8 | |
| | | | 3 | 6 | 9 | |

## WITNESS DATA

| WITNESS SEQUENCE of | WITNESS NAME | PHONE |
|---|---|---|

| LICENSE/ID STATE: | LICENSE/ID NUMBER: |
|---|---|

| ADDRESS: | | DATE OF BIRTH |
|---|---|---|

| CITY: | STATE: | ZIP CODE: | SSN: |
|---|---|---|---|

Case ID: 151103380
Control No.: 17090690

# KYIBRS REPORT: UOR2 SUPPLEMENT

KSP RECORDS

### COMMONWEALTH OF KENTUCKY

**SYNOPSIS:**
On 03/17/2015 at 1945 hours this Officer was dispatched to Hertz Rental in reference to a stolen vehicle report. This Officer arrived and was met by Andrew Simpson, City Ops Manager for Hertz. He advised after inventory by all company procedures ,which started on 10/04/2014 at 12:00pm, Hertz has determined that this vehicle is missing from there fleet ;a 2014 GMC Terrain 4 door white Ky License plate CBS7863  Vin# 2GKALREK7E6268749. THIS Officer advised hertz that if the vehicle is found  by them that they need to contact this agency immediately so that it can be taken out of NCIC. This Officer has no further to report.

**MODUS OPERANDI:**

**DATE & TIME OF OCCURRENCE:**

**ACCUSED:**

**SUSPECTS:**

**STOLEN PROPERTY:**

**OTHER PROPERTY:**

**EVIDENCE & HOW MARKED:**

**EVIDENCE DISPOSITION:**

**INVESTIGATION:**

**STATUS OF CASE:**
No longer missing/stolen

**ATTACHMENT**

Case ID: 151103380
Control No.: 17090690

*SUPPLEMENT*

## KYIBRS REPORT
### COMMONWEALTH OF KENTUCKY

KSP RECORDS

**ADMINISTRATIVE**

| AGENCY ORI/NAME | 0566900 LOUISVILLE AIRPORT POLICE | | INCIDENT NUMBER | KY P15-0101 |
|---|---|---|---|---|

| INCIDENT DATE/TIME | EXACT/ESTIMATE | REPORT DATE | RECEIVED | DISPATCHED | ARRIVED | CLEARED |
|---|---|---|---|---|---|---|
| 03/25/2015 TO 03/25/2015 | ESTIMATE | 03/25/2015 | 18:00 | 18:00 | 18:00 | 21:00 |

REPORTED BY: **SIMPSON, ANDREW J**　　HOW REPORTED

LICENSE/ID STATE:　　LICENSE/ID NUMBER:

ADDRESS: **440 HURON AVE**

| CITY: **LOUISVILLE** | STATE: **KY** | ZIP CODE: **40209** | PHONE NUMBER: **(502) 361-1145** |
|---|---|---|---|

EXACT LOCATION OF OFFENSE
- **HURON AVE**　　SECTOR NO:
- ADDRESS: **HURON AVE**
- CITY: **LOUISVILLE**　　STATE: **KY**　ZIP CODE: **40209**
- COUNTY: **JEFFERSON**　　LATITUDE **38 DEG 11.647 MIN**　LONGITUDE **85 DEG 45.181 MIN**

**OFFENSE DATA**

| SEQUENCE # | 1 | OF | 1 | LOCATION TYPE: AIR/BUS/TRAIN TERMINAL | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|---|---|---|

OFFENSE DESCRIPTION: TBUT OR DISP AUTO - $10,000 OR MORE BUT U/$1,000,000

| OFFENSE CODE: 24044 | ASCF CODE: 0 | KRS CODE: 514.030 | CLASS: C | DEGREE: F | COUNTS: 1 |
|---|---|---|---|---|---|

| BIAS MOTIVATION: NONE (NO BIAS) | METHOD ENTRY: | NUMBER PREMISES: |
|---|---|---|

SCHOOL NAME:　　SCHOOL TYPE:　　CAMPUS?

OFFENDER SUSPECTED OF USING: NOT APPLICABLE　　COURT ORDER TYPE:

| SEQUENCE # | OF | LOCATION TYPE: | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|---|

OFFENSE DESCRIPTION:

| OFFENSE CODE: | ASCF CODE: | KRS CODE: | CLASS: | DEGREE: | COUNTS: |
|---|---|---|---|---|---|

| BIAS MOTIVATION: | METHOD ENTRY: | NUMBER PREMISES: |
|---|---|---|

SCHOOL NAME:　　SCHOOL TYPE:　　CAMPUS?

OFFENDER SUSPECTED OF USING:　　COURT ORDER TYPE:

| SEQUENCE # | OF | LOCATION TYPE: | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|---|

OFFENSE DESCRIPTION:

| OFFENSE CODE: | ASCF CODE: | KRS CODE: | CLASS: | DEGREE: | COUNTS: |
|---|---|---|---|---|---|

| BIAS MOTIVATION: | METHOD ENTRY: | NUMBER PREMISES: |
|---|---|---|

SCHOOL NAME:　　SCHOOL TYPE:　　CAMPUS?

OFFENDER SUSPECTED OF USING:　　COURT ORDER TYPE:

**PROPERTY DATA**

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|
| 1 | AUTOMOBILES | STOLEN (NOT RECOVERED) | $30,000.00 | | | |

UNIT

| UNIT TYPE | VEHICLE MAKE | VEHICLE MODEL | YEAR | VEHICLE TYPE |
|---|---|---|---|---|
| ROADWAY VEHICLE | FORD | TAURUS | 2013 | SEDAN/4 DOOR |

| VEHICLE COLOR | VIN NUMBER | OWNER APPLIED # | REGISTRATION STATE, YEAR, & NUMBER | | |
|---|---|---|---|---|---|
| WHITE | 1FAHP2E8XDG207698 | | IL | 15 | A612909 |

VEHICLE DESCRIPTORS　　KEYS LEFT IN UNIT? YES　OWNER Victim 1

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|

GENERAL

PROPERTY DESCRIPTION

OWNER APPLED NUMBER　　SERIAL NUMBER

MAKE　　MODEL　　OWNER

| TOTAL STOLEN VALUE: $30,000.00 | TOTAL RECOVERED VALUE: $0.00 | TOTAL VEHICLES STOLEN: 1 | TOTAL VEHICLES RECOVERED: 0 |
|---|---|---|---|

**STATUS**

| INCIDENT STATUS | CLOSED DATE | CLEARANCE TYPE | CLEARED EXCEPTIONALLY | EX. CLEARANCE DATE | UCR REPORTING FOR OTHER AGENCY |
|---|---|---|---|---|---|
| CLOSED | 04/24/2016 | SUMMONED/CITED | | | YES ☐ |

| SUBMITTING OFFICER | INVESTIGATING OFFICER | UNIT/BADGE # | REVIEWED BY | TIME SPENT |
|---|---|---|---|---|
| M THOMPSON JR | M THOMPSON JR | 5832 | J BALL | |

Case ID: 151103380
Control No.: 17090690

# KYIBRS REPORT
## COMMONWEALTH OF KENTUCKY

KSP RECORDS

## VICTIM DATA

| VICTIM SEQUENCE | VICTIM NAME | PHONE |
|---|---|---|
| 1 of 1 | SIMPSON, ANDREW J | (502) 361-1145 |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | |
|---|---|---|

| Address Unknown ☐ ADDRESS: 440 HURON AVE | | VICTIM TYPE: INDIVID |
|---|---|---|

| CITY: LOUISVILLE | STATE: KY | ZIP CODE: 40209 | KY RESIDENT: RESIDENT |
|---|---|---|---|

| DATE OF BIRTH | SSN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|
| Unknown | | | | | |

| GENDER | RACE | ETHNIC ORIGIN | PEACE OFFICER? |
|---|---|---|---|
| MALE | UNKNOWN | UNKNOWN | YES ☐ |

| NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | INJURY TYPE |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| VICTIM OF OFFENSE(S) | AGG ASSAULT / HOMICIDE CIRC | ADDTL JUSTIFIABLE HOMICIDE CIRC |
|---|---|---|
| 24044 | | |

| LEOKA ASSIGNMENT | LEOKA ACTIVITY |
|---|---|
| | |

## SUSPECT/ARRESTEE DATA

| SUSPECT SEQ. # | NAME: | ARRESTED? | ARREST DATE |
|---|---|---|---|
| of | ALIAS: | YES ☐ | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: |
|---|---|

| ADDRESS: | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
|---|---|---|---|

| CITY: | STATE: | ZIP CODE: |
|---|---|---|

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|

| ARRESTEE SEQ. # | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | | |
|---|---|---|---|---|---|---|
| of | | | 1 | 4 | 8 | |
| ARRESTEE ARMED WITH | | | 2 | 5 | 7 | |
| | | | 3 | 6 | 9 | |

| SUSPECT SEQ. # | NAME: | ARRESTED? | ARREST DATE |
|---|---|---|---|
| of | ALIAS: | YES ☐ | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: |
|---|---|

| ADDRESS: | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
|---|---|---|---|

| CITY: | STATE: | ZIP CODE: |
|---|---|---|

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|

| ARRESTEE SEQ. # | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | | |
|---|---|---|---|---|---|---|
| of | | | 1 | 4 | 7 | |
| ARRESTEE ARMED WITH | | | 2 | 5 | 8 | |
| | | | 3 | 6 | 9 | |

## WITNESS DATA

| WITNESS SEQUENCE | WITNESS NAME | PHONE |
|---|---|---|
| of | | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: |
|---|---|

| ADDRESS: | DATE OF BIRTH |
|---|---|

| CITY: | STATE: | ZIP CODE: | SSN: |
|---|---|---|---|

Case ID: 151103380
Control No.: 17090690

# KYIBRS REPORT: UOR2 SUPPLEMENT

### COMMONWEALTH OF KENTUCKY

KSP RECORDS

**SYNOPSIS:**

ON March 25, 2015 I (ofc M. Thompson / 231) was notified by HERTZ Rental Car that they had discovered nine (9) additional vehicles that had been stolen from their service lot at 440 Huron Ave Louisville, KY 40209 while conducting inventory. This is a part of an ongoing investigation by the LRAA Police. Information on the vehicle is as follows, and was entered into NCIC as stolen along with added to the ongoing case file.

2013 Ford Taurus White
1FAHP2E8XDG207698
ILL A612909

**MODUS OPERANDI:**

**DATE & TIME OF OCCURRENCE:**

**ACCUSED:**

**SUSPECTS:**

**STOLEN PROPERTY:**

**OTHER PROPERTY:**

**EVIDENCE & HOW MARKED:**

**EVIDENCE DISPOSITION:**

**INVESTIGATION:**

**STATUS OF CASE:**
Closed on 04/24/2016 Vehicle recovered.

**ATTACHMENT**

Case ID: 251103380
Control No.: 17090690

CRIME SUPPLEMENT
COMMONWEALTH OF KENTUCKY

KSP RECORDS

| ADMINISTRATIVE | | | | | |
|---|---|---|---|---|---|
| CASE/INCIDENT NUMBER:  KY P15-0101 | | | | REPORT DATE:  4/17/2016 | |
| REPORTING AGENCY ORI/NAME:  0566900 LOUISVILLE AIRPORT POLICE | | | | | |
| PRIMARY INVESTIGATING AGENCY ORI/NAME:  0566900 LOUISVILLE AIRPORT POLICE | | | | | |
| REPORTING OFFICER NAME:  M SIMS | | | | REPORTING OFFICER UNIT BADGE ID:  5826 | |
| PRIMARY OFFICER UNIT BADGE ID:  5832 | | | | | |
| REVIEWED BY:  J GRIMES | | | | | |

| WITNESS DATA | | | | | |
|---|---|---|---|---|---|
| WITNESS SEQUENCE | WITNESS NAME | | | | PHONE |
| of | | | | | |
| ADDRESS: | | | | | DATE OF BIRTH |
| CITY: | | STATE: | ZIP CODE: | SSN: | |
| WITNESS SEQUENCE | WITNESS NAME | | | | PHONE |
| of | | | | | |
| ADDRESS: | | | | | DATE OF BIRTH |
| CITY: | | STATE: | ZIP CODE: | SSN: | |

NARRATIVE

04/17/2016 at 03:13 hours Jefferson County Sheriff's Office reported to this Officer that Shively Police Department recovered this Stolen vehicle entered by Airport Police on 03/25/2015 by Officer M.Thompson. Vehicle has been cleared from N.C,I.C. And Brandi ,with Hertz has been sent an email in reference to this case.This case is now closed with vehicle recovered

Case ID: 151103380
Control No.: 17090690

# KYIBRS REPORT

### COMMONWEALTH OF KENTUCKY

KSP RECORDS

## ADMINISTRATIVE

| AGENCY ORI/NAME | 0566900 LOUISVILLE AIRPORT POLICE | | | INCIDENT NUMBER | KY P15-0102 | |
|---|---|---|---|---|---|---|

| INCIDENT DATE/TIME | EXACT/ESTIMATE | REPORT DATE | RECEIVED | DISPATCHED | ARRIVED | CLEARED |
|---|---|---|---|---|---|---|
| 03/25/2015 18:00 TO 03/25/2015 18:00 | ESTIMATE | 03/25/2015 | 18:00 | 18:00 | 18:00 | 18:00 |

REPORTED BY: **SIMPSON, ANDREW J**     HOW REPORTED

LICENSE/ID STATE:     LICENSE/ID NUMBER:

ADDRESS: **440 HURON AVE**

| CITY: **LOUISVILLE** | STATE: **KY** | ZIP CODE: **40209** | PHONE NUMBER: **(502) 361-1145** |
|---|---|---|---|

**EXACT LOCATION OF OFFENSE**
HURON AVE     SECTOR NO:
ADDRESS: **440 HURON AVE**
CITY: **LOUISVILLE**     STATE: **KY** ZIP CODE: **40209**

| COUNTY: **JEFFERSON** | LATITUDE | **38 DEG** | **11.647 MIN** | LONGITUDE | **85 DEG** | **45.181 MIN** |
|---|---|---|---|---|---|---|

## OFFENSE DATA

| SEQUENCE # 1 OF 1 | LOCATION TYPE: AIR/BUS/TRAIN TERMINAL | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|

OFFENSE DESCRIPTION: TBUT OR DISP AUTO - $10,000 OR MORE BUT U$1,000,000

| OFFENSE CODE: 24044 | ASCF CODE: 0 | KRS CODE: 514.030 | CLASS: C | DEGREE: F | COUNTS: 1 |
|---|---|---|---|---|---|

| BIAS MOTIVATION: NONE (NO BIAS) | METHOD ENTRY: | NUMBER PREMISES: |
|---|---|---|

| SCHOOL NAME: | SCHOOL TYPE: | CAMPUS? |
|---|---|---|

OFFENDER SUSPECTED OF USING: NOT APPLICABLE     COURT ORDER TYPE:

| SEQUENCE # OF | LOCATION TYPE: | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|

OFFENSE DESCRIPTION:

| OFFENSE CODE: | ASCF CODE: | KRS CODE: | CLASS: | DEGREE: | COUNTS: |
|---|---|---|---|---|---|

| BIAS MOTIVATION: | METHOD ENTRY: | NUMBER PREMISES: |
|---|---|---|

| SCHOOL NAME: | SCHOOL TYPE: | CAMPUS? |
|---|---|---|

OFFENDER SUSPECTED OF USING:     COURT ORDER TYPE:

| SEQUENCE # OF | LOCATION TYPE: | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|

OFFENSE DESCRIPTION:

| OFFENSE CODE: | ASCF CODE: | KRS CODE: | CLASS: | DEGREE: | COUNTS: |
|---|---|---|---|---|---|

| BIAS MOTIVATION: | METHOD ENTRY: | NUMBER PREMISES: |
|---|---|---|

| SCHOOL NAME: | SCHOOL TYPE: | CAMPUS? |
|---|---|---|

OFFENDER SUSPECTED OF USING:     COURT ORDER TYPE:

## PROPERTY DATA

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|
| 1 | AUTOMOBILES | STOLEN (NOT RECOVERED) | $35,000.00 | | | |

**UNIT**

| UNIT TYPE | VEHICLE MAKE | VEHICLE MODEL | YEAR | VEHICLE TYPE |
|---|---|---|---|---|
| ROADWAY VEHICLE | DODGE | CHARGER(AND SHELBY CHA | 2013 | SEDAN/4 DOOR |

| VEHICLE COLOR | VIN NUMBER | OWNER APPLIED # | | REGISTRATION STATE, YEAR, & NUMBER | | |
|---|---|---|---|---|---|---|
| BLACK | 2C3CDXBG4DH689129 | | IL | 2015 | N864560 |

| VEHICLE DESCRIPTORS | KEYS LEFT IN UNIT? | OWNER |
|---|---|---|
| | YES | Victim 1 |

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|

**GENERAL**

PROPERTY DESCRIPTION

| OWNER APPLED NUMBER | SERIAL NUMBER |
|---|---|

| MAKE | MODEL | OWNER |
|---|---|---|

| TOTAL STOLEN VALUE: | $35,000.00 | TOTAL RECOVERED VALUE: | $0.00 | TOTAL VEHICLES STOLEN: | 1 | TOTAL VEHICLES RECOVERED: | 0 |
|---|---|---|---|---|---|---|---|

## STATUS

| INCIDENT STATUS | CLOSED DATE | CLEARANCE TYPE | CLEARED EXCEPTIONALLY | EX. CLEARANCE DATE | UCR REPORTING FOR OTHER AGENCY |
|---|---|---|---|---|---|
| OPEN | | | | | YES ☐ |

| SUBMITTING OFFICER | INVESTIGATING OFFICER | UNIT/BADGE # | REVIEWED BY | TIME SPENT |
|---|---|---|---|---|
| M THOMPSON JR | M THOMPSON JR | 5832 | J GRIMES | |

Case ID: 151103380
Control No.: 17090690

# KYIBRS REPORT
## COMMONWEALTH OF KENTUCKY

KSP RECORDS

| VICTIM SEQUENCE | VICTIM NAME | | PHONE |
|---|---|---|---|
| 1  of  1 | SIMPSON, ANDREW J | | (502) 361-1145 |

**VICTIM DATA**

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | | |
|---|---|---|---|

| Address Unknown ☐ | ADDRESS: 440 HURON AVE | | VICTIM TYPE: INDIVID |
|---|---|---|---|

| CITY: LOUISVILLE | STATE: KY | ZIP CODE: 40209 | KY RESIDENT: UNKNOWN |
|---|---|---|---|

| DATE OF BIRTH | SSN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|
| Unknown | | | | | |

| GENDER | RACE | ETHNIC ORIGIN | PEACE OFFICER? |
|---|---|---|---|
| UNKNOWN | UNKNOWN | UNKNOWN | YES ☐ |

| NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | INJURY TYPE |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| VICTIM OF OFFENSE(S) | AGG ASSAULT/ HOMICIDE CIRC | ADDTL JUSTIFIABLE HOMICIDE CIRC |
|---|---|---|
| 24044 | | |

| LEOKA ASSIGNMENT | LEOKA ACTIVITY |
|---|---|
| | |

**SUSPECT/ARRESTEE DATA**

| SUSPECT SEQ. # | NAME: | ARRESTED? | ARREST DATE |
|---|---|---|---|
| of | ALIAS: | YES ☐ | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | | |
|---|---|---|---|

| ADDRESS: | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
|---|---|---|---|
| CITY: | STATE: | ZIP CODE: | |

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| ARRESTEE SEQ. # | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | |
|---|---|---|---|---|---|
| of | | | 1 | 4 | 8 |
| | ARRESTEE ARMED WITH | | 2 | 5 | 7 |
| | | | 3 | 6 | 9 |

| SUSPECT SEQ. # | NAME: | ARRESTED? | ARREST DATE |
|---|---|---|---|
| of | ALIAS: | YES ☐ | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | | |
|---|---|---|---|

| ADDRESS: | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
|---|---|---|---|
| CITY: | STATE: | ZIP CODE: | |

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| ARRESTEE SEQ. # | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | |
|---|---|---|---|---|---|
| of | | | 1 | 4 | 7 |
| | ARRESTEE ARMED WITH | | 2 | 5 | 8 |
| | | | 3 | 6 | 9 |

**WITNESS DATA**

| WITNESS SEQUENCE | WITNESS NAME | PHONE |
|---|---|---|
| of | | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | |
|---|---|---|

| ADDRESS: | DATE OF BIRTH |
|---|---|
| CITY: | STATE: | ZIP CODE: | SSN: |

Case ID: 25110380
Control No.: 17090690

## KYIBRS REPORT: UOR2 SUPPLEMENT

KSP RECORDS

### COMMONWEALTH OF KENTUCKY

*SYNOPSIS:*

ON March 25, 2015 I (ofc M. Thompson / 231) was notified by HERTZ Rental Car that they had discovered nine (9) additional vehicles that had been stolen from their service lot at 440 Huron Ave Louisville, KY 40209 while conducting inventory. This is a part of an ongoing investigation by the LRAA Police. Information on the vehicle is as follows, and was entered into NCIC as stolen along with added to the ongoing case file.

2013 DODGE CHARGER BLACK
2C3CDXBG4DH689129
ILL N864560

*MODUS OPERANDI:*

*DATE & TIME OF OCCURRENCE:*

*ACCUSED:*

*SUSPECTS:*

*STOLEN PROPERTY:*

*OTHER PROPERTY:*

*EVIDENCE & HOW MARKED:*

*EVIDENCE DISPOSITION:*

*INVESTIGATION:*

*STATUS OF CASE:*

*ATTACHMENT*

Case ID#: 151103380
Control No.: 17090690

# KYIBRS REPORT
### COMMONWEALTH OF KENTUCKY

KSP RECORDS

## ADMINISTRATIVE

| AGENCY ORI/NAME: 0566900 LOUISVILLE AIRPORT POLICE | | INCIDENT NUMBER | KY P15-0103 | |
|---|---|---|---|---|

| INCIDENT DATE/TIME | EXACT/ESTIMATE | REPORT DATE | RECEIVED | DISPATCHED | ARRIVED | CLEARED |
|---|---|---|---|---|---|---|
| 03/25/2015 18:00 TO 03/25/2015 18:00 | ESTIMATE | 03/25/2015 | 18:00 | 18:00 | 18:00 | 18:00 |

REPORTED BY: SIMPSON, ANDREW J    HOW REPORTED

LICENSE/ID STATE:    LICENSE/ID NUMBER:

ADDRESS: 440 HURON AVE

CITY: LOUISVILLE    STATE: KY    ZIP CODE: 40209    PHONE NUMBER: (502) 361-1145    SECTOR NO:

EXACT LOCATION OF OFFENSE:
HURON AVE
ADDRESS: 440 HURON AVE
CITY: LOUISVILLE    STATE: KY    ZIP CODE: 40209
COUNTY: JEFFERSON    LATITUDE 38 DEG 11.647 MIN    LONGITUDE 85 DEG 45.181 MIN

## OFFENSE DATA

SEQUENCE # 1 OF 1    LOCATION TYPE: AIR/BUS/TRAIN TERMINAL    TYPE WEAPON/FORCE INVOLVED    CRIMINAL ACTIVITY/GANG IFO

OFFENSE DESCRIPTION: TBUT OR DISP AUTO - $10,000 OR MORE BUT U/$10,000

| OFFENSE CODE: 24044 | ASCF CODE: 0 | KRS CODE: 514.030 | CLASS: C | DEGREE: F | COUNTS: 1 |
|---|---|---|---|---|---|

BIAS MOTIVATION: NONE (NO BIAS)    METHOD ENTRY:    NUMBER PREMISES:

SCHOOL NAME:    SCHOOL TYPE:    CAMPUS?

OFFENDER SUSPECTED OF USING: NOT APPLICABLE    COURT ORDER TYPE:

SEQUENCE # OF    LOCATION TYPE:    TYPE WEAPON/FORCE INVOLVED    CRIMINAL ACTIVITY/GANG IFO

OFFENSE DESCRIPTION:

OFFENSE CODE:    ASCF CODE:    KRS CODE:    CLASS:    DEGREE:    COUNTS:

BIAS MOTIVATION:    METHOD ENTRY:    NUMBER PREMISES:

SCHOOL NAME:    SCHOOL TYPE:    CAMPUS?

OFFENDER SUSPECTED OF USING:    COURT ORDER TYPE:

SEQUENCE # OF    LOCATION TYPE:    TYPE WEAPON/FORCE INVOLVED    CRIMINAL ACTIVITY/GANG IFO

OFFENSE DESCRIPTION:

OFFENSE CODE:    ASCF CODE:    KRS CODE:    CLASS:    DEGREE:    COUNTS:

BIAS MOTIVATION:    METHOD ENTRY:    NUMBER PREMISES:

SCHOOL NAME:    SCHOOL TYPE:    CAMPUS?

OFFENDER SUSPECTED OF USING:    COURT ORDER TYPE:

## PROPERTY DATA — UNIT

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|
| 1 | AUTOMOBILES | STOLEN (NOT RECOVERED) | $35,000.00 | | | |

| UNIT TYPE | VEHICLE MAKE | VEHICLE MODEL | YEAR | VEHICLE TYPE |
|---|---|---|---|---|
| ROADWAY VEHICLE | VOLVO | S60 | 2014 | SEDAN/4 DOOR |

| VEHICLE COLOR | VIN NUMBER | OWNER APPLIED # | | REGISTRATION STATE, YEAR, & NUMBER |
|---|---|---|---|---|
| BLACK | YV1612FS4E1299175 | | VA | 2015 WLX5576 |

KEYS LEFT IN UNIT? YES    OWNER Victim 1

## PROPERTY DATA — GENERAL

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|

PROPERTY DESCRIPTION

OWNER APPLED NUMBER    SERIAL NUMBER

MAKE    MODEL    OWNER

| TOTAL STOLEN VALUE: $35,000.00 | TOTAL RECOVERED VALUE: $0.00 | TOTAL VEHICLES STOLEN: 1 | TOTAL VEHICLES RECOVERED: 0 |
|---|---|---|---|

## STATUS

| INCIDENT STATUS | CLOSED DATE | CLEARANCE TYPE | CLEARED EXCEPTIONALLY | EX. CLEARANCE DATE | UCR REPORTING FOR OTHER AGENCY |
|---|---|---|---|---|---|
| OPEN | | | | | YES ☐ |

| SUBMITTING OFFICER | INVESTIGATING OFFICER | UNIT/BADGE # | REVIEWED BY | TIME SPENT |
|---|---|---|---|---|
| M THOMPSON JR | M THOMPSON JR | 5832 | J GRIMES | |

Case ID: 451103380
Control No.: 17090690

# KYIBRS REPORT
## COMMONWEALTH OF KENTUCKY

KSP RECORDS

### VICTIM DATA

| VICTIM SEQUENCE | VICTIM NAME | PHONE |
|---|---|---|
| 1 of 1 | SIMPSON, ANDREW J | (502) 361-1145 |

| LICENSE/ID STATE | LICENSE/ID NUMBER | | VICTIM TYPE: INDIVID |
|---|---|---|---|
| Address Unknown ☐ ADDRESS: 440 HURON AVE | | | |
| CITY: LOUISVILLE | STATE: KY | ZIP CODE: 40209 | KY RESIDENT: UNKNOWN |

| DATE OF BIRTH | SSN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|
| Unknown | | | | | |

| GENDER | RACE | ETHNIC ORIGIN | PEACE OFFICER? |
|---|---|---|---|
| UNKNOWN | UNKNOWN | UNKNOWN | YES ☐ |

| NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | INJURY TYPE |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

| VICTIM OF OFFENSE(S) | AGG ASSAULT/ HOMICIDE CIRC | ADDTL JUSTIFIABLE HOMICIDE CIRC |
|---|---|---|
| 24044 | | |

| LEOKA ASSIGNMENT | LEOKA ACTIVITY |
|---|---|
| | |

### SUSPECT/ARRESTEE DATA

| SUSPECT SEQ. # | NAME: | | ARRESTED? | ARREST DATE |
|---|---|---|---|---|
| of | ALIAS: | | YES ☐ | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | | |
|---|---|---|---|
| ADDRESS: | | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
| CITY: | STATE: | ZIP CODE: | |

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| ARRESTEE SEQ. # | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | |
|---|---|---|---|---|---|
| of | | | 1 | 4 | 8 |
| ARRESTEE ARMED WITH | | | 2 | 5 | 7 |
| | | | 3 | 6 | 9 |

### SUSPECT/ARRESTEE DATA

| SUSPECT SEQ. # | NAME: | | ARRESTED? | ARREST DATE |
|---|---|---|---|---|
| of | ALIAS: | | YES ☐ | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | | |
|---|---|---|---|
| ADDRESS: | | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
| CITY: | STATE: | ZIP CODE: | |

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| ARRESTEE SEQ. # | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | |
|---|---|---|---|---|---|
| of | | | 1 | 4 | 7 |
| ARRESTEE ARMED WITH | | | 2 | 5 | 8 |
| | | | 3 | 6 | 9 |

### WITNESS DATA

| WITNESS SEQUENCE | WITNESS NAME | PHONE |
|---|---|---|
| of | | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | |
|---|---|---|
| ADDRESS: | | DATE OF BIRTH |
| CITY: | STATE: | ZIP CODE: | SSN: |

Case ID#: 51103380
Control No.: 17090690

## KYIBRS REPORT: UOR2 SUPPLEMENT

COMMONWEALTH OF KENTUCKY

KSP RECORDS

*SYNOPSIS:*

ON March 25, 2015 I (ofc M. Thompson / 231) was notified by HERTZ Rental Car that they had discovered nine (9) additional vehicles that had been stolen from their service lot at 440 Huron Ave Louisville, KY 40209 while conducting inventory. This is a part of an ongoing investigation by the LRAA Police. Information on the vehicle is as follows, and was entered into NCIC as stolen along with added to the ongoing case file.

2014 VOLVO S60 BLACK
YV1612FS4E1299175
VA WLX5576

*MODUS OPERANDI:*

*DATE & TIME OF OCCURRENCE:*

*ACCUSED:*

*SUSPECTS:*

*STOLEN PROPERTY:*

*OTHER PROPERTY:*

*EVIDENCE & HOW MARKED:*

*EVIDENCE DISPOSITION:*

*INVESTIGATION:*

*STATUS OF CASE:*

*ATTACHMENT*

Case ID: 151103380
Control No.: 17090690

# KYIBRS REPORT

COMMONWEALTH OF KENTUCKY

KSP RECORDS

| AGENCY ORI/NAME | 0566900 LOUISVILLE AIRPORT POLICE | | INCIDENT NUMBER | KY P15-0104 |
|---|---|---|---|---|

**ADMINISTRATIVE**

| INCIDENT DATE/TIME | EXACT/ESTIMATE | REPORT DATE | RECEIVED | DISPATCHED | ARRIVED | CLEARED |
|---|---|---|---|---|---|---|
| 03/25/2015 18:00 TO 03/25/2015 18:00 | ESTIMATE | 03/25/2015 | 18:00 | 18:00 | 18:00 | 21:00 |

| REPORTED BY: SIMPSON, ANDREW J | | | HOW REPORTED |
|---|---|---|---|
| LICENSE/ID STATE: | LICENSE/ID NUMBER: | | |
| ADDRESS: 440 HURON AVE | | | |
| CITY: LOUISVILLE | STATE: KY | ZIP CODE: 40209 | PHONE NUMBER: (502) 361-1145 |

| EXACT LOCATION OF OFFENSE | HURON AVE | SECTOR NO: |
|---|---|---|
| | ADDRESS: 440 HURON AVE | |
| | CITY: LOUISVILLE | STATE: KY    ZIP CODE: 40209 |
| | COUNTY: JEFFERSON    LATITUDE 38 DEG 11.647 MIN    LONGITUDE 85 DEG 45.181 MIN | |

**OFFENSE DATA**

| SEQUENCE #  1  OF  1 | LOCATION TYPE: AIR/BUS/TRAIN TERMINAL | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|

| OFFENSE DESCRIPTION: | TBUT OR DISP AUTO - $10,000 OR MORE BUT U$1,000,000 | | |
|---|---|---|---|
| OFFENSE CODE: 24044 | ASCF CODE: 0    KRS CODE: 514.030 | CLASS: C   DEGREE: F   COUNTS: 1 | |
| BIAS MOTIVATION: NONE (NO BIAS) | METHOD ENTRY: | NUMBER PREMISES: | |
| SCHOOL NAME: | | SCHOOL TYPE: | CAMPUS? |
| OFFENDER SUSPECTED OF USING: NOT APPLICABLE | | COURT ORDER TYPE: | |

| SEQUENCE #  OF | LOCATION TYPE: | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|

| OFFENSE DESCRIPTION: | | | |
|---|---|---|---|
| OFFENSE CODE: | ASCF CODE:    KRS CODE: | CLASS:   DEGREE:   COUNTS: | |
| BIAS MOTIVATION: | METHOD ENTRY: | NUMBER PREMISES: | |
| SCHOOL NAME: | | SCHOOL TYPE: | CAMPUS? |
| OFFENDER SUSPECTED OF USING: | | COURT ORDER TYPE: | |

| SEQUENCE #  OF | LOCATION TYPE: | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|

| OFFENSE DESCRIPTION: | | | |
|---|---|---|---|
| OFFENSE CODE: | ASCF CODE:    KRS CODE: | CLASS:   DEGREE:   COUNTS: | |
| BIAS MOTIVATION: | METHOD ENTRY: | NUMBER PREMISES: | |
| SCHOOL NAME: | | SCHOOL TYPE: | CAMPUS? |
| OFFENDER SUSPECTED OF USING: | | COURT ORDER TYPE: | |

**PROPERTY DATA**

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|
| 1 | AUTOMOBILES | STOLEN (NOT RECOVERED) | $35,000.00 | | | |

| UNIT | UNIT TYPE | VEHICLE MAKE | VEHICLE MODEL | YEAR | VEHICLE TYPE |
|---|---|---|---|---|---|
| | ROADWAY VEHICLE | CHRYSLER | 200 SERIES | 2013 | SEDAN/4 DOOR |
| | VEHICLE COLOR | VIN NUMBER | OWNER APPLIED # | | REGISTRATION STATE, YEAR, & NUMBER |
| | RED | 1C3CCBBB3DN656320 | | | FL   2015   667LBB |
| | VEHICLE DESCRIPTORS | | | KEYS LEFT IN UNIT? | OWNER |
| | | | | YES | Victim 1 |

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|

**GENERAL**

| PROPERTY DESCRIPTION | | |
|---|---|---|
| OWNER APPLED NUMBER | SERIAL NUMBER | |
| MAKE | MODEL | OWNER |

| TOTAL STOLEN VALUE: | $35,000.00 | TOTAL RECOVERED VALUE: | $0.00 | TOTAL VEHICLES STOLEN: | 1 | TOTAL VEHICLES RECOVERED: | 0 |
|---|---|---|---|---|---|---|---|

**STATUS**

| INCIDENT STATUS | CLOSED DATE | CLEARANCE TYPE | CLEARED EXCEPTIONALLY | EX. CLEARANCE DATE | UCR REPORTING FOR OTHER AGENCY |
|---|---|---|---|---|---|
| OPEN | | | | | YES ☐ |

| SUBMITTING OFFICER | INVESTIGATING OFFICER | UNIT/BADGE # | REVIEWED BY | TIME SPENT |
|---|---|---|---|---|
| M THOMPSON JR | M THOMPSON JR | 5832 | J GRIMES | |

Case ID: 151103380
Control No.: 17090690

# KYIBRS REPORT
## COMMONWEALTH OF KENTUCKY

KSP RECORDS

**VICTIM DATA**

| VICTIM SEQUENCE | VICTIM NAME | PHONE |
|---|---|---|
| 1 of 1 | SIMPSON, ANDREW J | (502) 361-1145 |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | |
|---|---|---|

Address Unknown ☐ ADDRESS: **440 HURON AVE** — VICTIM TYPE: INDIVID

| CITY: LOUISVILLE | STATE: KY | ZIP CODE: 40209 | KY RESIDENT: UNKNOWN |
|---|---|---|---|

| DATE OF BIRTH | SSN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|
| Unknown | | | | | |

| GENDER | RACE | ETHNIC ORIGIN | PEACE OFFICER? |
|---|---|---|---|
| UNKNOWN | UNKNOWN | UNKNOWN | YES ☐ |

| NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | INJURY TYPE |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

| VICTIM OF OFFENSE(S) | AGG ASSAULT/ HOMICIDE CIRC | ADDTL JUSTIFIABLE HOMICIDE CIRC |
|---|---|---|
| 24044 | | |

| LEOKA ASSIGNMENT | LEOKA ACTIVITY |
|---|---|
| | |

**SUSPECT/ARRESTEE DATA**

| SUSPECT SEQ. # | NAME: | ARRESTED? | ARREST DATE |
|---|---|---|---|
| of | ALIAS: | YES ☐ | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: |
|---|---|

| ADDRESS: | | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
|---|---|---|---|---|
| CITY: | STATE: | ZIP CODE: | | |

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|

| ARRESTEE SEQ. # | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | |
|---|---|---|---|---|---|
| of | | | 1 | 4 | 8 |
| | ARRESTEE ARMED WITH | | 2 | 5 | 7 |
| | | | 3 | 6 | 9 |

| SUSPECT SEQ. # | NAME: | ARRESTED? | ARREST DATE |
|---|---|---|---|
| of | ALIAS: | YES ☐ | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: |
|---|---|

| ADDRESS: | | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
|---|---|---|---|---|
| CITY: | STATE: | ZIP CODE: | | |

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|

| ARRESTEE SEQ. # | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | |
|---|---|---|---|---|---|
| of | | | 1 | 4 | 7 |
| | ARRESTEE ARMED WITH | | 2 | 5 | 8 |
| | | | 3 | 6 | 9 |

**WITNESS DATA**

| WITNESS SEQUENCE | WITNESS NAME | PHONE |
|---|---|---|
| of | | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | |
|---|---|---|

| ADDRESS: | DATE OF BIRTH |
|---|---|
| CITY: | STATE: | ZIP CODE: | SSN: |

Case ID: 151103380
Control No.: 17090690

## KYIBRS REPORT: UOR2 SUPPLEMENT

### COMMONWEALTH OF KENTUCKY

KSP RECORDS

*SYNOPSIS:*

ON March 25, 2015 I (ofc M. Thompson / 231) was notified by HERTZ Rental Car that they had discovered nine (9) additional vehicles that had been stolen from their service lot at 440 Huron Ave Louisville, KY 40209 while conducting inventory. This is a part of an ongoing investigation by the LRAA Police. Information on the vehicle is as follows, and was entered into NCIC as stolen along with added to the ongoing case file.

2013 Chrysler 200 4DOOR RED
1C3CCBBB3DN656320
FL 667LBB

*MODUS OPERANDI:*

*DATE & TIME OF OCCURRENCE:*

*ACCUSED:*

*SUSPECTS:*

*STOLEN PROPERTY:*

*OTHER PROPERTY:*

*EVIDENCE & HOW MARKED:*

*EVIDENCE DISPOSITION:*

*INVESTIGATION:*

*STATUS OF CASE:*

*ATTACHMENT*

Case ID: 51103380
Control No.: 17090690

# KYIBRS REPORT

## COMMONWEALTH OF KENTUCKY

KSP RECORDS

**ADMINISTRATIVE**

| AGENCY ORI/NAME | 0566900 LOUISVILLE AIRPORT POLICE | | INCIDENT NUMBER | KY P15-0105 | |
|---|---|---|---|---|---|

| INCIDENT DATE/TIME | EXACT/ESTIMATE | REPORT DATE | RECEIVED | DISPATCHED | ARRIVED | CLEARED |
|---|---|---|---|---|---|---|
| 03/25/2015 18:00 TO 03/25/2015 18:00 | ESTIMATE | 03/25/2015 | 18:00 | 18:00 | 18:00 | 21:00 |

REPORTED BY: SIMPSON, ANDREW J — HOW REPORTED

LICENSE/ID STATE:    LICENSE/ID NUMBER:

ADDRESS: 440 HURON AVE

| CITY: LOUISVILLE | STATE: KY | ZIP CODE: 40209 | PHONE NUMBER: (502) 361-1145 |
|---|---|---|---|

**EXACT LOCATION OF OFFENSE**
HURON AVE    SECTOR NO:
ADDRESS: 440 HURON AVE
CITY: LOUISVILLE    STATE: KY    ZIP CODE: 40209
COUNTY: JEFFERSON    LATITUDE 38 DEG 11.647 MIN    LONGITUDE 85 DEG 45.181 MIN

**OFFENSE DATA**

| SEQUENCE # 1 OF 1 | LOCATION TYPE: AIR/BUS/TRAIN TERMINAL | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|

OFFENSE DESCRIPTION: TBUT OR DISP AUTO - $10,000 OR MORE BUT U$1,000,000

| OFFENSE CODE: 24044 | ASCF CODE: 0 | KRS CODE: 514.030 | CLASS: C | DEGREE: F | COUNTS: 1 |
|---|---|---|---|---|---|

BIAS MOTIVATION: NONE (NO BIAS)    METHOD ENTRY:    NUMBER PREMISES:

SCHOOL NAME:    SCHOOL TYPE:    CAMPUS?

OFFENDER SUSPECTED OF USING: NOT APPLICABLE    COURT ORDER TYPE:

| SEQUENCE # OF | LOCATION TYPE: | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|

OFFENSE DESCRIPTION:

| OFFENSE CODE: | ASCF CODE: | KRS CODE: | CLASS: | DEGREE: | COUNTS: |
|---|---|---|---|---|---|

BIAS MOTIVATION:    METHOD ENTRY:    NUMBER PREMISES:

SCHOOL NAME:    SCHOOL TYPE:    CAMPUS?

OFFENDER SUSPECTED OF USING:    COURT ORDER TYPE:

| SEQUENCE # OF | LOCATION TYPE: | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|

OFFENSE DESCRIPTION:

| OFFENSE CODE: | ASCF CODE: | KRS CODE: | CLASS: | DEGREE: | COUNTS: |
|---|---|---|---|---|---|

BIAS MOTIVATION:    METHOD ENTRY:    NUMBER PREMISES:

SCHOOL NAME:    SCHOOL TYPE:    CAMPUS?

OFFENDER SUSPECTED OF USING:    COURT ORDER TYPE:

**PROPERTY DATA**

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|
| 1 | AUTOMOBILES | STOLEN (NOT RECOVERED) | $35,000.00 | | | |

**UNIT**

| UNIT TYPE | VEHICLE MAKE | VEHICLE MODEL | YEAR | VEHICLE TYPE |
|---|---|---|---|---|
| ROADWAY VEHICLE | CADILLAC | ATS | 2013 | SEDAN/4 DOOR |

| VEHICLE COLOR | VIN NUMBER | OWNER APPLIED # | REGISTRATION STATE, YEAR, & NUMBER | | |
|---|---|---|---|---|---|
| SILVER/ALUMINUM | 1G6AB5R38D0149158 | | LA | 2015 | N330083 |

VEHICLE DESCRIPTORS    KEYS LEFT IN UNIT? YES    OWNER Victim 1

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|

**GENERAL**

PROPERTY DESCRIPTION

OWNER APPLED NUMBER    SERIAL NUMBER

MAKE    MODEL    OWNER

| TOTAL STOLEN VALUE: $35,000.00 | TOTAL RECOVERED VALUE: $0.00 | TOTAL VEHICLES STOLEN: 1 | TOTAL VEHICLES RECOVERED: 0 |
|---|---|---|---|

**STATUS**

| INCIDENT STATUS | CLOSED DATE | CLEARANCE TYPE | CLEARED EXCEPTIONALLY | EX. CLEARANCE DATE | UCR REPORTING FOR OTHER AGENCY |
|---|---|---|---|---|---|
| OPEN | | | | | YES ☐ |

| SUBMITTING OFFICER | INVESTIGATING OFFICER | UNIT/BADGE # | REVIEWED BY | TIME SPENT |
|---|---|---|---|---|
| M THOMPSON JR | M THOMPSON JR | 5832 | J GRIMES | |

Case ID: 151103380
Control No.: 17090690

# KYIBRS REPORT
## COMMONWEALTH OF KENTUCKY

KSP RECORDS

| VICTIM SEQUENCE | VICTIM NAME | PHONE |
|---|---|---|
| 1 of 1 | SIMPSON, ANDREW J | (502) 361-1145 |

**VICTIM DATA**

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | | |
|---|---|---|---|
| Address Unknown ☐ ADDRESS: **440 HURON AVE** | | | VICTIM TYPE: INDIVID |
| CITY: **LOUISVILLE** | STATE: **KY** | ZIP CODE: **40209** | KY RESIDENT: **UNKNOWN** |

| DATE OF BIRTH | SSN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|
| Unknown | | | | | |

| GENDER | RACE | ETHNIC ORIGIN | PEACE OFFICER? |
|---|---|---|---|
| UNKNOWN | UNKNOWN | UNKNOWN | YES ☐ |

| NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | INJURY TYPE |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

| VICTIM OF OFFENSE(S) | AGG ASSAULT/ HOMICIDE CIRC | ADDTL JUSTIFIABLE HOMICIDE CIRC |
|---|---|---|
| 24044 | | |

| LEOKA ASSIGNMENT | LEOKA ACTIVITY |
|---|---|
| | |

**SUSPECT/ARRESTEE DATA**

| SUSPECT SEQ. # | NAME: | ARRESTED? | ARREST DATE |
|---|---|---|---|
| of | ALIAS: | YES ☐ | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | | |
|---|---|---|---|
| ADDRESS | | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
| CITY: | STATE: | ZIP CODE: | | |

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| ARRESTEE SEQ. # | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | |
|---|---|---|---|---|---|
| of | | | 1 | 4 | 8 |
| | ARRESTEE ARMED WITH | | 2 | 5 | 7 |
| | | | 3 | 6 | 9 |

**SUSPECT/ARRESTEE DATA**

| SUSPECT SEQ. # | NAME: | ARRESTED? | ARREST DATE |
|---|---|---|---|
| of | ALIAS: | YES ☐ | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | | |
|---|---|---|---|
| ADDRESS | | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
| CITY: | STATE: | ZIP CODE: | | |

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| ARRESTEE SEQ. # | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | |
|---|---|---|---|---|---|
| of | | | 1 | 4 | 7 |
| | ARRESTEE ARMED WITH | | 2 | 5 | 8 |
| | | | 3 | 6 | 9 |

**WITNESS DATA**

| WITNESS SEQUENCE | WITNESS NAME | PHONE |
|---|---|---|
| of | | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | |
|---|---|---|
| ADDRESS: | | DATE OF BIRTH |
| CITY: | STATE: | ZIP CODE: | SSN: |

Case No: 2151103380
Control No.: 17090690

# KYIBRS REPORT: UOR2 SUPPLEMENT

## COMMONWEALTH OF KENTUCKY

KSP RECORDS

**SYNOPSIS:**

ON March 25, 2015 I (ofc M. Thompson / 231) was notified by HERTZ Rental Car that they had discovered nine (9) additional vehicles that had been stolen from their service lot at 440 Huron Ave Louisville, KY 40209 while conducting inventory. This is a part of an ongoing investigation by the LRAA Police. Information on the vehicle is as follows, and was entered into NCIC as stolen along with added to the ongoing case file.

2013 CADILIAC ATS SILVER
1G6AB5R38D0149158
LA N330083

**MODUS OPERANDI:**

**DATE & TIME OF OCCURRENCE:**

**ACCUSED:**

**SUSPECTS:**

**STOLEN PROPERTY:**

**OTHER PROPERTY:**

**EVIDENCE & HOW MARKED:**

**EVIDENCE DISPOSITION:**

**INVESTIGATION:**

**STATUS OF CASE:**

**ATTACHMENT**

Case ID: 251103380
Control No.: 17090690

# KYIBRS REPORT

## COMMONWEALTH OF KENTUCKY

**KSP RECORDS**

| AGENCY ORI/NAME | 0566900 LOUISVILLE AIRPORT POLICE | | INCIDENT NUMBER | KY P15-0106 | | | |
|---|---|---|---|---|---|---|---|

### ADMINISTRATIVE

| INCIDENT DATE/TIME | EXACT/ESTIMATE | REPORT DATE | RECEIVED | DISPATCHED | ARRIVED | CLEARED |
|---|---|---|---|---|---|---|
| 03/25/2015 18:00 TO 03/25/2015 18:00 | ESTIMATE | 03/25/2015 | 18:00 | 18:00 | 18:00 | 21:00 |

| REPORTED BY: SIMPSON, ANDREW J | | HOW REPORTED |
|---|---|---|

| LICENSE/ID STATE: | LICENSE/ID NUMBER: |
|---|---|

| ADDRESS: 440 HURON AVE | | | |
|---|---|---|---|
| CITY: LOUISVILLE | STATE: KY | ZIP CODE: 40209 | PHONE NUMBER: (502) 361-1145 |

| EXACT LOCATION OF OFFENSE | HURON AVE | | SECTOR NO: |
|---|---|---|---|
| | ADDRESS: 440 HURON AVE | | |
| | CITY: LOUISVILLE | STATE: KY | ZIP CODE: 40209 |
| | COUNTY: JEFFERSON | LATITUDE 38 DEG 11.647 MIN | LONGITUDE 85 DEG 45.181 MIN |

### OFFENSE DATA

| SEQUENCE # 1 OF 1 | LOCATION TYPE: AIR/BUS/TRAIN TERMINAL | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|
| OFFENSE DESCRIPTION: TBUT OR DISP AUTO - $10,000 OR MORE BUT U/$1,000,000 | | | |

| OFFENSE CODE: 24044 | ASCF CODE: 0 | KRS CODE: 514.030 | CLASS: C | DEGREE: F | COUNTS: 1 |
|---|---|---|---|---|---|

| BIAS MOTIVATION: NONE (NO BIAS) | METHOD ENTRY: | NUMBER PREMISES: |
|---|---|---|

| SCHOOL NAME: | SCHOOL TYPE: | CAMPUS? |
|---|---|---|

| OFFENDER SUSPECTED OF USING: NOT APPLICABLE | COURT ORDER TYPE: |
|---|---|

| SEQUENCE # OF | LOCATION TYPE: | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|
| OFFENSE DESCRIPTION: | | | |

| OFFENSE CODE: | ASCF CODE: | KRS CODE: | CLASS: | DEGREE: | COUNTS: |
|---|---|---|---|---|---|

| BIAS MOTIVATION: | METHOD ENTRY: | NUMBER PREMISES: |
|---|---|---|

| SCHOOL NAME: | SCHOOL TYPE: | CAMPUS? |
|---|---|---|

| OFFENDER SUSPECTED OF USING: | COURT ORDER TYPE: |
|---|---|

| SEQUENCE # OF | LOCATION TYPE: | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|
| OFFENSE DESCRIPTION: | | | |

| OFFENSE CODE: | ASCF CODE: | KRS CODE: | CLASS: | DEGREE: | COUNTS: |
|---|---|---|---|---|---|

| BIAS MOTIVATION: | METHOD ENTRY: | NUMBER PREMISES: |
|---|---|---|

| SCHOOL NAME: | SCHOOL TYPE: | CAMPUS? |
|---|---|---|

| OFFENDER SUSPECTED OF USING: | COURT ORDER TYPE: |
|---|---|

### PROPERTY DATA

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|
| 1 | AUTOMOBILES | STOLEN (NOT RECOVERED) | $35,000.00 | | | |

#### UNIT

| UNIT TYPE | VEHICLE MAKE | VEHICLE MODEL | YEAR | VEHICLE TYPE |
|---|---|---|---|---|
| ROADWAY VEHICLE | DODGE | CHARGER(AND SHELBY CHA | 2014 | SEDAN/4 DOOR |

| VEHICLE COLOR | VIN NUMBER | OWNER APPLIED # | | REGISTRATION STATE, YEAR, & NUMBER |
|---|---|---|---|---|
| WHITE | 2C3CDXBG6EH198420 | | FL | 2015 AFIN32 |

| VEHICLE DESCRIPTORS | KEYS LEFT IN UNIT? | OWNER |
|---|---|---|
| | YES | Victim 1 |

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|

#### GENERAL

| PROPERTY DESCRIPTION | | |
|---|---|---|
| OWNER APPLED NUMBER | SERIAL NUMBER | |
| MAKE | MODEL | OWNER |

| TOTAL STOLEN VALUE: $35,000.00 | TOTAL RECOVERED VALUE: $0.00 | TOTAL VEHICLES STOLEN: 1 | TOTAL VEHICLES RECOVERED: 0 |
|---|---|---|---|

### STATUS

| INCIDENT STATUS | CLOSED DATE | CLEARANCE TYPE | CLEARED EXCEPTIONALLY | EX. CLEARANCE DATE | UCR REPORTING FOR OTHER AGENCY |
|---|---|---|---|---|---|
| OPEN | | | | | YES ☐ |

| SUBMITTING OFFICER | INVESTIGATING OFFICER | UNIT/BADGE # | REVIEWED BY | TIME SPENT |
|---|---|---|---|---|
| M THOMPSON JR | M THOMPSON JR | 5832 | J GRIMES | |

Case ID: 151103380
Control No.: 17090690

# KYIBRS REPORT
## COMMONWEALTH OF KENTUCKY

KSP RECORDS

**VICTIM DATA**

| VICTIM SEQUENCE | VICTIM NAME | PHONE |
|---|---|---|
| 1 of 1 | SIMPSON, ANDREW J | (502) 361-1145 |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | |
|---|---|---|

| Address Unknown | ADDRESS: 440 HURON AVE | | VICTIM TYPE: INDIVID |
|---|---|---|---|

| CITY: LOUISVILLE | STATE: KY | ZIP CODE: 40209 | KY RESIDENT: UNKNOWN |
|---|---|---|---|

| DATE OF BIRTH | SSN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|
| Unknown | | | | | |

| GENDER | RACE | ETHNIC ORIGIN | PEACE OFFICER? |
|---|---|---|---|
| UNKNOWN | UNKNOWN | UNKNOWN | YES |

| NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | INJURY TYPE |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| VICTIM OF OFFENSE(S) | AGG ASSAULT/ HOMICIDE CIRC | ADDTL JUSTIFIABLE HOMICIDE CIRC |
|---|---|---|
| 24044 | | |

| LEOKA ASSIGNMENT | LEOKA ACTIVITY |
|---|---|
| | |

**SUSPECT/ARRESTEE DATA**

| SUSPECT SEQ. # | NAME: | ARRESTED? | ARREST DATE |
|---|---|---|---|
| of | ALIAS: | YES | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: |
|---|---|
| | |

| ADDRESS: | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
|---|---|---|---|

| CITY: | STATE: | ZIP CODE: |
|---|---|---|

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| ARRESTEE SEQ. # | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | |
|---|---|---|---|---|---|
| of | | | 1 | 4 | 8 |
| | ARRESTEE ARMED WITH | | 2 | 5 | 7 |
| | | | 3 | 6 | 9 |

| SUSPECT SEQ. # | NAME: | ARRESTED? | ARREST DATE |
|---|---|---|---|
| of | ALIAS: | YES | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: |
|---|---|
| | |

| ADDRESS: | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
|---|---|---|---|

| CITY: | STATE: | ZIP CODE: |
|---|---|---|

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| ARRESTEE SEQ. # | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | |
|---|---|---|---|---|---|
| of | | | 1 | 4 | 7 |
| | ARRESTEE ARMED WITH | | 2 | 5 | 8 |
| | | | 3 | 6 | 9 |

**WITNESS DATA**

| WITNESS SEQUENCE | WITNESS NAME | PHONE |
|---|---|---|
| of | | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: |
|---|---|
| | |

| ADDRESS: | DATE OF BIRTH |
|---|---|

| CITY: | STATE: | ZIP CODE: | SSN: |
|---|---|---|---|

Case ID: 5215111103380
Control No.: 17090690

# KYIBRS REPORT: UOR2 SUPPLEMENT

KSP RECORDS

## COMMONWEALTH OF KENTUCKY

**SYNOPSIS:**

ON March 25, 2015 I (ofc M. Thompson / 231) was notified by HERTZ Rental Car that they had discovered nine (9) additional vehicles that had been stolen from their service lot at 440 Huron Ave Louisville, KY 40209 while conducting inventory. This is a part of an ongoing investigation by the LRAA Police. Information on the vehicle is as follows, and was entered into NCIC as stolen along with added to the ongoing case file.

2014 DODGE CHARGER SILVER
2C3CDXBG6EH198420
FL AFIN32

**MODUS OPERANDI:**

**DATE & TIME OF OCCURRENCE:**

**ACCUSED:**

**SUSPECTS:**

**STOLEN PROPERTY:**

**OTHER PROPERTY:**

**EVIDENCE & HOW MARKED:**

**EVIDENCE DISPOSITION:**

**INVESTIGATION:**

**STATUS OF CASE:**

**ATTACHMENT**

Case ID: 151103380
Control No.: 17090690

SUPPLEMENT

# KYIBRS REPORT

## COMMONWEALTH OF KENTUCKY

KSP RECORDS

| ADMINISTRATIVE | | | | | | | |
|---|---|---|---|---|---|---|---|
| **AGENCY ORI/NAME** 0566900 LOUISVILLE AIRPORT POLICE | | | | | **INCIDENT NUMBER** KY P15-0107 | | |

| | INCIDENT DATE/TIME | EXACT/ESTIMATE | REPORT DATE | RECEIVED | DISPATCHED | ARRIVED | CLEARED |
|---|---|---|---|---|---|---|---|
| | 03/25/2015 18:00 TO 03/25/2015 18:00 | ESTIMATE | 03/25/2015 | 18:00 | 18:00 | 18:00 | 21:00 |

**REPORTED BY:** SIMPSON, ANDREW J       HOW REPORTED

| LICENSE/ID STATE: | LICENSE/ID NUMBER: |
|---|---|

**ADDRESS:** 440 HURON AVE

| CITY: LOUISVILLE | STATE: KY | ZIP CODE: 40209 | PHONE NUMBER: (502) 361-1145 |
|---|---|---|---|

| EXACT LOCATION OF OFFENSE | HURON AVE | | SECTOR NO: |
|---|---|---|---|
| | ADDRESS: 440 HURON AVE | | |
| | CITY: LOUISVILLE | STATE: KY | ZIP CODE: 40209 |
| | COUNTY: JEFFERSON | LATITUDE 38 DEG 11.647 MIN | LONGITUDE 85 DEG 45.181 MIN |

### OFFENSE DATA

| SEQUENCE # 1 OF 1 | LOCATION TYPE: AIR/BUS/TRAIN TERMINAL | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|

OFFENSE DESCRIPTION: TBUT OR DISP AUTO - $10,000 OR MORE BUT U$1,000,000

| OFFENSE CODE: 24044 | ASCF CODE: 0 | KRS CODE: 514.030 | CLASS: C | DEGREE: F | COUNTS: 1 |
|---|---|---|---|---|---|

| BIAS MOTIVATION: NONE (NO BIAS) | METHOD ENTRY: | NUMBER PREMISES: |
|---|---|---|

| SCHOOL NAME: | SCHOOL TYPE: | CAMPUS? |
|---|---|---|

| OFFENDER SUSPECTED OF USING: NOT APPLICABLE | COURT ORDER TYPE: |
|---|---|

| SEQUENCE # OF | LOCATION TYPE: | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|

OFFENSE DESCRIPTION:

| OFFENSE CODE: | ASCF CODE: | KRS CODE: | CLASS: | DEGREE: | COUNTS: |
|---|---|---|---|---|---|

| BIAS MOTIVATION: | METHOD ENTRY: | NUMBER PREMISES: |
|---|---|---|

| SCHOOL NAME: | SCHOOL TYPE: | CAMPUS? |
|---|---|---|

| OFFENDER SUSPECTED OF USING: | COURT ORDER TYPE: |
|---|---|

| SEQUENCE # OF | LOCATION TYPE: | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|

OFFENSE DESCRIPTION:

| OFFENSE CODE: | ASCF CODE: | KRS CODE: | CLASS: | DEGREE: | COUNTS: |
|---|---|---|---|---|---|

| BIAS MOTIVATION: | METHOD ENTRY: | NUMBER PREMISES: |
|---|---|---|

| SCHOOL NAME: | SCHOOL TYPE: | CAMPUS? |
|---|---|---|

| OFFENDER SUSPECTED OF USING: | COURT ORDER TYPE: |
|---|---|

### PROPERTY DATA

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|
| 1 | AUTOMOBILES | STOLEN (NOT RECOVERED) | $35,000.00 | | | |

UNIT

| UNIT TYPE | VEHICLE MAKE | VEHICLE MODEL | YEAR | VEHICLE TYPE |
|---|---|---|---|---|
| ROADWAY VEHICLE | DODGE | CHARGER(AND SHELBY CHA | 2013 | SEDAN/4 DOOR |

| VEHICLE COLOR | VIN NUMBER | OWNER APPLIED # | | REGISTRATION STATE, YEAR, & NUMBER | | |
|---|---|---|---|---|---|---|
| BLUE | 2C3CDXBG2DH663807 | | MD | 2015 | 7BA3272 | |

| VEHICLE DESCRIPTORS | KEYS LEFT IN UNIT? | OWNER |
|---|---|---|
| | YES | Victim 1 |

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|

GENERAL

| PROPERTY DESCRIPTION | | |
|---|---|---|
| OWNER APPLED NUMBER | SERIAL NUMBER | |
| MAKE | MODEL | OWNER |

| TOTAL STOLEN VALUE: $35,000.00 | TOTAL RECOVERED VALUE: $0.00 | TOTAL VEHICLES STOLEN: 1 | TOTAL VEHICLES RECOVERED: 0 |
|---|---|---|---|

### STATUS

| INCIDENT STATUS | CLOSED DATE | CLEARANCE TYPE | CLEARED EXCEPTIONALLY | EX. CLEARANCE DATE | UCR REPORTING FOR OTHER AGENCY |
|---|---|---|---|---|---|
| CLOSED | 06/26/2015 | TIME CLOSED | | | YES ☐ |

| SUBMITTING OFFICER | INVESTIGATING OFFICER | UNIT/BADGE # | REVIEWED BY | TIME SPENT |
|---|---|---|---|---|
| M THOMPSON JR | M THOMPSON JR | 5832 | J GRIMES | |

Case ID: 151103380
Control No: 17090690

# KYIBRS REPORT

## COMMONWEALTH OF KENTUCKY

**KSP RECORDS**

### VICTIM DATA

| VICTIM SEQUENCE | VICTIM NAME | PHONE |
|---|---|---|
| 1 of 1 | SIMPSON, ANDREW J | (502) 361-1145 |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | |
|---|---|---|

Address Unknown ☐ ADDRESS: **440 HURON AVE** | VICTIM TYPE: **INDIVID**

| CITY: **LOUISVILLE** | STATE: **KY** | ZIP CODE: **40209** | KY RESIDENT: **UNKNOWN** |
|---|---|---|---|

| DATE OF BIRTH | SSN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|
| Unknown | | | | | |

| GENDER | RACE | ETHNIC ORIGIN | PEACE OFFICER? |
|---|---|---|---|
| UNKNOWN | UNKNOWN | UNKNOWN | YES ☐ |

| NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | INJURY TYPE |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| VICTIM OF OFFENSE(S) | AGG ASSAULT/ HOMICIDE CIRC | ADDTL JUSTIFIABLE HOMICIDE CIRC |
|---|---|---|
| 24044 | | |

| LEOKA ASSIGNMENT | LEOKA ACTIVITY |
|---|---|
| | |

### SUSPECT/ARRESTEE DATA

| SUSPECT SEQ. # | NAME: | ARRESTED? | ARREST DATE |
|---|---|---|---|
| of | ALIAS: | YES ☐ | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | | |
|---|---|---|---|

| ADDRESS | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
|---|---|---|---|
| CITY: | STATE: | ZIP CODE: | |

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|

| ARRESTEE SEQ. # | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | |
|---|---|---|---|---|---|
| of | | | 1 | 4 | 8 |
| | ARRESTEE ARMED WITH | | 2 | 5 | 7 |
| | | | 3 | 6 | 9 |

| SUSPECT SEQ. # | NAME: | ARRESTED? | ARREST DATE |
|---|---|---|---|
| of | ALIAS: | YES ☐ | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | | |
|---|---|---|---|

| ADDRESS | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
|---|---|---|---|
| CITY: | STATE: | ZIP CODE: | |

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|

| ARRESTEE SEQ. # | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | |
|---|---|---|---|---|---|
| of | | | 1 | 4 | 7 |
| | ARRESTEE ARMED WITH | | 2 | 5 | 8 |
| | | | 3 | 6 | 9 |

### WITNESS DATA

| WITNESS SEQUENCE | WITNESS NAME | PHONE |
|---|---|---|
| of | | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | |
|---|---|---|

| ADDRESS: | | DATE OF BIRTH |
|---|---|---|
| CITY: | STATE: | ZIP CODE: | SSN: |

Case ID: 15151103380
Control No.: 17090690

## KYIBRS REPORT: UOR2 SUPPLEMENT

KSP RECORDS

### COMMONWEALTH OF KENTUCKY

**SYNOPSIS:**
ON March 25, 2015 I (ofc M. Thompson / 231) was notified by HERTZ Rental Car that they had discovered nine (9) additional vehicles that had been stolen from their service lot at 440 Huron Ave Louisville, KY 40209 while conducting inventory. This is a part of an ongoing investigation by the LRAA Police. Information on the vehicle is as follows, and was entered into NCIC as stolen along with added to the ongoing case file.

2013 DODGE CHARGER BLUE
2C3CDXBG2DH663807
MD 7BA3272

**MODUS OPERANDI:**

**DATE & TIME OF OCCURRENCE:**

**ACCUSED:**

**SUSPECTS:**

**STOLEN PROPERTY:**

**OTHER PROPERTY:**

**EVIDENCE & HOW MARKED:**

**EVIDENCE DISPOSITION:**

**INVESTIGATION:**

**STATUS OF CASE:**
Close 3/27/2015

Max Aubrey with Hertz found vehicle on the preston highway lot and reports that it was just misplaced in inventory.

**ATTACHMENT**

Case ID: 51103380
Control No.: 17090690

# KYIBRS REPORT

## COMMONWEALTH OF KENTUCKY

**KSP RECORDS**

| ADMINISTRATIVE | | | | | | | |
|---|---|---|---|---|---|---|---|
| AGENCY ORI/NAME **0566900 LOUISVILLE AIRPORT POLICE** | | | | INCIDENT NUMBER **KY P15-0108** | | | |
| INCIDENT DATE/TIME **03/25/2015 18:00 TO 03/25/2015 18:00** | | EXACT/ESTIMATE **ESTIMATE** | REPORT DATE **03/25/2015** | RECEIVED **18:00** | DISPATCHED **18:00** | ARRIVED **18:00** | CLEARED **21:00** |

REPORTED BY: **SIMPSON, ANDREW J** — HOW REPORTED

LICENSE/ID STATE: — LICENSE/ID NUMBER:

ADDRESS: **440 HURON AVE**

CITY: **LOUISVILLE** STATE: **KY** ZIP CODE: **40209** PHONE NUMBER: **(502) 361-1145**

EXACT LOCATION OF OFFENSE: **HURON AVE**
ADDRESS: **440 HURON AVE** SECTOR NO:
CITY: **LOUISVILLE** STATE: **KY** ZIP CODE: **40209**
COUNTY: **JEFFERSON** LATITUDE **38 DEG 11.647 MIN** LONGITUDE **85 DEG 45.181 MIN**

### OFFENSE DATA

SEQUENCE # **1** OF **1** LOCATION TYPE: **AIR/BUS/TRAIN TERMINAL** TYPE WEAPON/FORCE INVOLVED — CRIMINAL ACTIVITY/GANG IFO

OFFENSE DESCRIPTION: **TBUT OR DISP AUTO - $10,000 OR MORE BUT U/$1,000,000**

OFFENSE CODE: **24044** ASCF CODE: **0** KRS CODE: **514.030** CLASS: **C** DEGREE: **F** COUNTS: **1**

BIAS MOTIVATION: **NONE (NO BIAS)** METHOD ENTRY: — NUMBER PREMISES:

SCHOOL NAME: — SCHOOL TYPE: — CAMPUS?

OFFENDER SUSPECTED OF USING: **NOT APPLICABLE** COURT ORDER TYPE:

SEQUENCE # OF ... (blank)

SEQUENCE # OF ... (blank)

### PROPERTY DATA

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|
| 1 | AUTOMOBILES | STOLEN (NOT RECOVERED) | $35,000.00 | | | |

UNIT:
| UNIT TYPE | VEHICLE MAKE | VEHICLE MODEL | YEAR | VEHICLE TYPE |
|---|---|---|---|---|
| ROADWAY VEHICLE | DODGE | CHARGER(AND SHELBY CHA | 2013 | SEDAN/4 DOOR |

VEHICLE COLOR **SILVER/ALUMINUM** VIN NUMBER **2C3CDXBG4DH609585** OWNER APPLIED # — REGISTRATION STATE, YEAR, & NUMBER **TN 2015 H2377ZA**

VEHICLE DESCRIPTORS — KEYS LEFT IN UNIT? **YES** OWNER **Victim 1**

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|
| | | | | | | |

GENERAL: PROPERTY DESCRIPTION — OWNER APPLED NUMBER — SERIAL NUMBER — MAKE — MODEL — OWNER

| TOTAL STOLEN VALUE: **$35,000.00** | TOTAL RECOVERED VALUE: **$0.00** | TOTAL VEHICLES STOLEN **1** | TOTAL VEHICLES RECOVERED: **0** |
|---|---|---|---|

### STATUS

INCIDENT STATUS **OPEN** CLOSED DATE — CLEARANCE TYPE — CLEARED EXCEPTIONALLY — EX. CLEARANCE DATE — UCR REPORTING FOR OTHER AGENCY **YES ☐**

SUBMITTING OFFICER **M THOMPSON JR** INVESTIGATING OFFICER **M THOMPSON JR** UNIT/BADGE # **5832** REVIEWED BY **J GRIMES** TIME SPENT

Case ID: 151103380
Control No.: 17090690

# KYIBRS REPORT
## COMMONWEALTH OF KENTUCKY

KSP RECORDS

## VICTIM DATA

| VICTIM SEQUENCE | VICTIM NAME | PHONE |
|---|---|---|
| 1 of 1 | SIMPSON, ANDREW J | (502) 361-1145 |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | |
|---|---|---|

| Address Unknown ☐ ADDRESS: 440 HURON AVE | | VICTIM TYPE: INDIVID |
|---|---|---|

| CITY: LOUISVILLE | STATE: KY | ZIP CODE: 40209 | KY RESIDENT: UNKNOWN |
|---|---|---|---|

| DATE OF BIRTH | SSN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|
| Unknown | | | | | |

| GENDER | RACE | ETHNIC ORIGIN | PEACE OFFICER? |
|---|---|---|---|
| UNKNOWN | UNKNOWN | UNKNOWN | YES ☐ |

| NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | INJURY TYPE |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

| VICTIM OF OFFENSE(S) | AGG ASSAULT / HOMICIDE CIRC | ADDTL JUSTIFIABLE HOMICIDE CIRC |
|---|---|---|
| 24044 | | |

| LEOKA ASSIGNMENT | LEOKA ACTIVITY |
|---|---|
| | |

## SUSPECT/ARRESTEE DATA

| SUSPECT SEQ. # | NAME: | ARRESTED? | ARREST DATE |
|---|---|---|---|
| of | ALIAS: | YES ☐ | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: |
|---|---|
| | |

| ADDRESS | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
|---|---|---|---|

| CITY: | STATE: | ZIP CODE: |
|---|---|---|

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| ARRESTEE SEQ. # | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | |
|---|---|---|---|---|---|
| of | | | 1 | 4 | 8 |
| ARRESTEE ARMED WITH | | | 2 | 5 | 7 |
| | | | 3 | 6 | 9 |

## SUSPECT/ARRESTEE DATA

| SUSPECT SEQ. # | NAME: | ARRESTED? | ARREST DATE |
|---|---|---|---|
| of | ALIAS: | YES ☐ | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: |
|---|---|
| | |

| ADDRESS | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
|---|---|---|---|

| CITY: | STATE: | ZIP CODE: |
|---|---|---|

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| ARRESTEE SEQ. # | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | |
|---|---|---|---|---|---|
| of | | | 1 | 4 | 7 |
| ARRESTEE ARMED WITH | | | 2 | 5 | 8 |
| | | | 3 | 6 | 9 |

## WITNESS DATA

| WITNESS SEQUENCE | WITNESS NAME | PHONE |
|---|---|---|
| of | | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: |
|---|---|
| | |

| ADDRESS | DATE OF BIRTH |
|---|---|

| CITY: | STATE: | ZIP CODE: | SSN: |
|---|---|---|---|

Case ID: 151103380
Control No.: 17090690

# KYIBRS REPORT: UOR2 SUPPLEMENT

### COMMONWEALTH OF KENTUCKY

KSP RECORDS

*SYNOPSIS:*

ON March 25, 2015 I (ofc M. Thompson / 231) was notified by HERTZ Rental Car that they had discovered nine (9) additional vehicles that had been stolen from their service lot at 440 Huron Ave Louisville, KY 40209 while conducting inventory. This is a part of an ongoing investigation by the LRAA Police. Information on the vehicle is as follows, and was entered into NCIC as stolen along with added to the ongoing case file.

2013 DODGE CHARGER SILVER
2C3CDXBG4DH609585
TN H2377Z

*MODUS OPERANDI:*

*DATE & TIME OF OCCURRENCE:*

*ACCUSED:*

*SUSPECTS:*

*STOLEN PROPERTY:*

*OTHER PROPERTY:*

*EVIDENCE & HOW MARKED:*

*EVIDENCE DISPOSITION:*

*INVESTIGATION:*

*STATUS OF CASE:*

*ATTACHMENT*

Case ID: 151103380
Control No.: 17090690

# KYIBRS REPORT

### COMMONWEALTH OF KENTUCKY

KSP RECORDS

| ADMINISTRATIVE | | | | | | | |
|---|---|---|---|---|---|---|---|
| AGENCY ORI/NAME **0566900 LOUISVILLE AIRPORT POLICE** | | | INCIDENT NUMBER **KY P15-0109** | | | | |
| INCIDENT DATE/TIME **03/25/2015 18:00 TO 03/25/2015 18:00** | | EXACT/ESTIMATE **ESTIMATE** | REPORT DATE **03/25/2015** | RECEIVED **18:00** | DISPATCHED **18:00** | ARRIVED **18:00** | CLEARED **21:00** |
| REPORTED BY: **SIMPSON, ANDREW J** | | | | | | HOW REPORTED | |
| LICENSE/ID STATE: | LICENSE/ID NUMBER: | | | | | | |
| ADDRESS: **440 HURON AVE** | | | | | | | |
| CITY: **LOUISVILLE** | | STATE: **KY** | ZIP CODE: **40209** | | PHONE NUMBER: **(502) 361-1145** | | |

| EXACT LOCATION OF OFFENSE | | | | | |
|---|---|---|---|---|---|
| | **HURON AVE** | | | SECTOR NO: | |
| | ADDRESS: **440 HURON AVE** | | | | |
| | CITY: **LOUISVILLE** | | STATE: **KY** | ZIP CODE: **40209** | |
| | COUNTY: **JEFFERSON** | LATITUDE **38 DEG** | **11.647 MIN** | LONGITUDE **85 DEG** | **45.181 MIN** |

## OFFENSE DATA

| SEQUENCE # **1** OF **1** | LOCATION TYPE: **AIR/BUS/TRAIN TERMINAL** | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|
| OFFENSE DESCRIPTION: **TBUT OR DISP AUTO - $10,000 OR MORE BUT U/$1,000,000** | | | |
| OFFENSE CODE: **24044** ASCF CODE: **0** KRS CODE: **514.030** CLASS: **C** DEGREE: **F** COUNTS: **1** | | | |
| BIAS MOTIVATION: **NONE (NO BIAS)** | METHOD ENTRY: | NUMBER PREMISES: | |
| SCHOOL NAME: | SCHOOL TYPE: | CAMPUS? | |
| OFFENDER SUSPECTED OF USING: **NOT APPLICABLE** | | COURT ORDER TYPE: | |

| SEQUENCE # OF | LOCATION TYPE: | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|
| OFFENSE DESCRIPTION: | | | |
| OFFENSE CODE: ASCF CODE: KRS CODE: CLASS: DEGREE: COUNTS: | | | |
| BIAS MOTIVATION: | METHOD ENTRY: | NUMBER PREMISES: | |
| SCHOOL NAME: | SCHOOL TYPE: | CAMPUS? | |
| OFFENDER SUSPECTED OF USING: | | COURT ORDER TYPE: | |

| SEQUENCE # OF | LOCATION TYPE: | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|
| OFFENSE DESCRIPTION: | | | |
| OFFENSE CODE: ASCF CODE: KRS CODE: CLASS: DEGREE: COUNTS: | | | |
| BIAS MOTIVATION: | METHOD ENTRY: | NUMBER PREMISES: | |
| SCHOOL NAME: | SCHOOL TYPE: | CAMPUS? | |
| OFFENDER SUSPECTED OF USING: | | COURT ORDER TYPE: | |

## PROPERTY DATA

### UNIT

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|
| 1 | AUTOMOBILES | STOLEN (NOT RECOVERED) | $35,000.00 | | | |

| UNIT TYPE | VEHICLE MAKE | VEHICLE MODEL | YEAR | VEHICLE TYPE |
|---|---|---|---|---|
| ROADWAY VEHICLE | NISSAN | ALTIMA | 2013 | SEDAN/4 DOOR |

| VEHICLE COLOR | VIN NUMBER | OWNER APPLIED # | | REGISTRATION STATE, YEAR, & NUMBER | | |
|---|---|---|---|---|---|---|
| SILVER/ALUMINUM | 1N4AL3AP0DN547681 | | CO | 2015 | 021ZNC | |

| VEHICLE DESCRIPTORS | KEYS LEFT IN UNIT? | OWNER |
|---|---|---|
| | YES | Victim 1 |

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|
| | | | | | | |

### GENERAL

| PROPERTY DESCRIPTION | | |
|---|---|---|
| OWNER APPLED NUMBER | SERIAL NUMBER | |
| MAKE | MODEL | OWNER |

| TOTAL STOLEN VALUE: **$35,000.00** | TOTAL RECOVERED VALUE: **$0.00** | TOTAL VEHICLES STOLEN: **1** | TOTAL VEHICLES RECOVERED: **0** |
|---|---|---|---|

## STATUS

| INCIDENT STATUS | CLOSED DATE | CLEARANCE TYPE | CLEARED EXCEPTIONALLY | EX. CLEARANCE DATE | UCR REPORTING FOR OTHER AGENCY |
|---|---|---|---|---|---|
| **OPEN** | | | | | YES ☐ |

| SUBMITTING OFFICER | INVESTIGATING OFFICER | UNIT/BADGE # | REVIEWED BY | TIME SPENT |
|---|---|---|---|---|
| **M THOMPSON JR** | **M THOMPSON JR** | **5832** | **J GRIMES** | |

Case ID: 151103380
Control No.: 17090690

# KYIBRS REPORT
## COMMONWEALTH OF KENTUCKY

KSP RECORDS

| VICTIM SEQUENCE | | VICTIM NAME | | PHONE |
|---|---|---|---|---|
| 1  of  1 | SIMPSON, ANDREW J | | | (502) 361-1145 |

| LICENSE/ID STATE: | | LICENSE/ID NUMBER: | | |
|---|---|---|---|---|

Address Unknown ☐ | ADDRESS: **440 HURON AVE** | VICTIM TYPE: **INDIVID**

| CITY:  **LOUISVILLE** | STATE:  **KY** | ZIP CODE:  **40209** | KY RESIDENT:  **UNKNOWN** |
|---|---|---|---|

| DATE OF BIRTH | SSN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|
| **Unknown** | | | | | |

| GENDER | RACE | ETHNIC ORIGIN | PEACE OFFICER? |
|---|---|---|---|
| **UNKNOWN** | **UNKNOWN** | **UNKNOWN** | YES ☐ |

| NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | INJURY TYPE |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

| VICTIM OF OFFENSE(S) | AGG ASSAULT/ HOMICIDE CIRC | ADDTL JUSTIFIABLE HOMICIDE CIRC |
|---|---|---|
| 24044 | | |

| LEOKA ASSIGNMENT | LEOKA ACTIVITY |
|---|---|
| | |

**SUSPECT/ARRESTEE DATA**

| SUSPECT SEQ. # | NAME: | | ARRESTED? | ARREST DATE |
|---|---|---|---|---|
| of | ALIAS: | | YES ☐ | |

| LICENSE/ID STATE: | | LICENSE/ID NUMBER: | | |
|---|---|---|---|---|

| ADDRESS: | | | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
|---|---|---|---|---|---|

| CITY: | STATE: | ZIP CODE: | |
|---|---|---|---|

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| ARRESTEE SEQ. # | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | | | | |
|---|---|---|---|---|---|---|---|---|
| of | | | 1 | | 4 | | 8 | |
| | ARRESTEE ARMED WITH | | 2 | | 5 | | 7 | |
| | | | 3 | | 6 | | 9 | |

| SUSPECT SEQ. # | NAME: | | ARRESTED? | ARREST DATE |
|---|---|---|---|---|
| of | ALIAS: | | YES ☐ | |

| LICENSE/ID STATE: | | LICENSE/ID NUMBER: | | |
|---|---|---|---|---|

| ADDRESS: | | | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
|---|---|---|---|---|---|

| CITY: | STATE: | ZIP CODE: | |
|---|---|---|---|

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| ARRESTEE SEQ. # | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | | | | |
|---|---|---|---|---|---|---|---|---|
| of | | | 1 | | 4 | | 7 | |
| | ARRESTEE ARMED WITH | | 2 | | 5 | | 8 | |
| | | | 3 | | 6 | | 9 | |

**WITNESS DATA**

| WITNESS SEQUENCE | WITNESS NAME | PHONE |
|---|---|---|
| of | | |

| LICENSE/ID STATE: | | LICENSE/ID NUMBER: | | |
|---|---|---|---|---|

| ADDRESS: | | | DATE OF BIRTH |
|---|---|---|---|

| CITY: | STATE: | ZIP CODE: | SSN: | |
|---|---|---|---|---|

Case ID: 151103380
Control No.: 17090690

# KYIBRS REPORT: UOR2 SUPPLEMENT

KSP RECORDS

## COMMONWEALTH OF KENTUCKY

*SYNOPSIS:*

ON March 25, 2015 I (ofc M. Thompson / 231) was notified by HERTZ Rental Car that they had discovered nine (9) additional vehicles that had been stolen from their service lot at 440 Huron Ave Louisville, KY 40209 while conducting inventory. This is a part of an ongoing investigation by the LRAA Police. Information on the vehicle is as follows, and was entered into NCIC as stolen along with added to the ongoing case file.

2013 NISSAN ALTIMA SILVER
1N4AL3AP0DN547681
CO 021ZNC

*MODUS OPERANDI:*

*DATE & TIME OF OCCURRENCE:*

*ACCUSED:*

*SUSPECTS:*

*STOLEN PROPERTY:*

*OTHER PROPERTY:*

*EVIDENCE & HOW MARKED:*

*EVIDENCE DISPOSITION:*

*INVESTIGATION:*

*STATUS OF CASE:*

*ATTACHMENT*

Case ID: 151103380
Control No.: 17090690

*SUPPLEMENT*

# KYIBRS REPORT
## COMMONWEALTH OF KENTUCKY

KSP RECORDS

| ADMINISTRATIVE | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| AGENCY ORI/NAME | **0566900 LOUISVILLE AIRPORT POLICE** | | | | INCIDENT NUMBER | **KY P15-0116** | | | |

| INCIDENT DATE/TIME | EXACT/ESTIMATE | REPORT DATE | RECEIVED | DISPATCHED | ARRIVED | CLEARED |
|---|---|---|---|---|---|---|
| **04/02/2015 17:00 TO 04/02/2015 17:00** | **ESTIMATE** | **04/02/2015** | **17:00** | **17:00** | **17:02** | **17:30** |

REPORTED BY: **HOLLAND-KNOX  (HERTZ REP), BRANDI**          HOW REPORTED

LICENSE/ID STATE:          LICENSE/ID NUMBER:

ADDRESS:

CITY:          STATE: **KY**   ZIP CODE:          PHONE NUMBER: **(502) 235-6364**

| EXACT LOCATION OF OFFENSE | LOWER TERMINAL DR | SECTOR NO: |
|---|---|---|
| | ADDRESS: **600 LOWER TERMINAL DR** | |
| | CITY: **LOUISVILLE**   STATE: **KY**   ZIP CODE: **40209** | |

COUNTY: **JEFFERSON**     LATITUDE **38 DEG**  **11.189 MIN**   LONGITUDE **85 DEG**  **44.500 MIN**

## OFFENSE DATA

SEQUENCE #  **1**  OF  **1**      LOCATION TYPE:  **AIR/BUS/TRAIN TERMINAL**      TYPE WEAPON/FORCE INVOLVED     CRIMINAL ACTIVITY/GANG IFO

OFFENSE DESCRIPTION:  **TBUT OR DISP AUTO - $10,000 OR MORE BUT U/$1,000,000**

OFFENSE CODE: **24044**   ASCF CODE: **0**   KRS CODE: **514.030**   CLASS: **C**   DEGREE: **F**   COUNTS: **1**

BIAS MOTIVATION:  **NONE (NO BIAS)**      METHOD ENTRY:      NUMBER PREMISES:

SCHOOL NAME:          SCHOOL TYPE:          CAMPUS?

OFFENDER SUSPECTED OF USING:  **NOT APPLICABLE**      COURT ORDER TYPE:

SEQUENCE #   OF      LOCATION TYPE:      TYPE WEAPON/FORCE INVOLVED     CRIMINAL ACTIVITY/GANG IFO

OFFENSE DESCRIPTION:

OFFENSE CODE:   ASCF CODE:   KRS CODE:   CLASS:   DEGREE:   COUNTS:

BIAS MOTIVATION:      METHOD ENTRY:      NUMBER PREMISES:

SCHOOL NAME:          SCHOOL TYPE:          CAMPUS?

OFFENDER SUSPECTED OF USING:      COURT ORDER TYPE:

SEQUENCE #   OF      LOCATION TYPE:      TYPE WEAPON/FORCE INVOLVED     CRIMINAL ACTIVITY/GANG IFO

OFFENSE DESCRIPTION:

OFFENSE CODE:   ASCF CODE:   KRS CODE:   CLASS:   DEGREE:   COUNTS:

BIAS MOTIVATION:      METHOD ENTRY:      NUMBER PREMISES:

SCHOOL NAME:          SCHOOL TYPE:          CAMPUS?

OFFENDER SUSPECTED OF USING:      COURT ORDER TYPE:

## PROPERTY DATA

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|
| 1 | AUTOMOBILES | STOLEN (NOT RECOVERED) | $22,000.00 | | | |

UNIT

| UNIT TYPE | VEHICLE MAKE | VEHICLE MODEL | YEAR | VEHICLE TYPE |
|---|---|---|---|---|
| **ROADWAY VEHICLE** | **HONDA** | **CRV** | **13** | **HATCHBACK/4 DOOR** |

| VEHICLE COLOR | VIN NUMBER | OWNER APPLIED # | REGISTRATION STATE, YEAR, & NUMBER |
|---|---|---|---|
| **GRAY** | **J3EBU5JR3D5132374** | **9721812** | IN. **2015** **821ACV** |

VEHICLE DESCRIPTORS          KEYS LEFT IN UNIT? **YES**   OWNER **Victim 1**

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|
| | | | | | | |

GENERAL

PROPERTY DESCRIPTION

OWNER APPLED NUMBER          SERIAL NUMBER

MAKE          MODEL          OWNER

| TOTAL STOLEN VALUE: | $22,000.00 | TOTAL RECOVERED VALUE: | $0.00 | TOTAL VEHICLES STOLEN: | 1 | TOTAL VEHICLES RECOVERED: | 0 |
|---|---|---|---|---|---|---|---|

## STATUS

| INCIDENT STATUS | CLOSED DATE | CLEARANCE TYPE | CLEARED EXCEPTIONALLY | EX. CLEARANCE DATE | UCR REPORTING FOR OTHER AGENCY |
|---|---|---|---|---|---|
| **OPEN** | | | | | YES ☐ |

| SUBMITTING OFFICER | INVESTIGATING OFFICER | UNIT/BADGE # | REVIEWED BY | TIME SPENT |
|---|---|---|---|---|
| **G GAGEL** | **J HAIRGROVE** | **5855** | **C COPE** | |

Case ID: 151103380
Control No.: 17090690

# KYIBRS REPORT
## COMMONWEALTH OF KENTUCKY

KSP RECORDS

### VICTIM DATA

| VICTIM SEQUENCE | | VICTIM NAME | | | PHONE |
|---|---|---|---|---|---|
| 1  of  1 | | HOLLAND-KNOX  (HERTZ REP) | | | (502) 235-6364 |

| Address Unknown ☐ | ADDRESS: 600 TERMINAL DRIVE | | | | VICTIM TYPE: BUS |
|---|---|---|---|---|---|
| CITY:  LOUISVILLE | | STATE:  KY | ZIP CODE:  40209 | KY RESIDENT: | |

| DATE OF BIRTH | SSN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|
| | | | | | |

| GENDER | RACE | ETHNIC ORIGIN | PEACE OFFICER? |
|---|---|---|---|
| | | | YES ☐ |

| NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | INJURY TYPE |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

| VICTIM OF OFFENSE(S) | AGG ASSAULT/ HOMICIDE CIRC | ADDTL JUSTIFIABLE HOMICIDE CIRC |
|---|---|---|
| 24044 | | |

| LEOKA ASSIGNMENT | LEOKA ACTIVITY |
|---|---|
| | |

### SUSPECT/ARRESTEE DATA

| SUSPECT SEQ. # | NAME: | | ARRESTED? | ARREST DATE |
|---|---|---|---|---|
| of | ALIAS: | | YES ☐ | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | | | |
|---|---|---|---|---|

| ADDRESS | | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
|---|---|---|---|---|
| CITY: | STATE: | ZIP CODE: | | |

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| ARRESTEE SEQ. # | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | | |
|---|---|---|---|---|---|---|
| of | | | 1 | 4 | 8 | |
| | ARRESTEE ARMED WITH | | 2 | 5 | 7 | |
| | | | 3 | 6 | 9 | |

| SUSPECT SEQ. # | NAME: | | ARRESTED? | ARREST DATE |
|---|---|---|---|---|
| of | ALIAS: | | YES ☐ | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | | | |
|---|---|---|---|---|

| ADDRESS | | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
|---|---|---|---|---|
| CITY: | STATE: | ZIP CODE: | | |

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| ARRESTEE SEQ. # | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | | |
|---|---|---|---|---|---|---|
| of | | | 1 | 4 | 7 | |
| | ARRESTEE ARMED WITH | | 2 | 5 | 8 | |
| | | | 3 | 6 | 9 | |

### WITNESS DATA

| WITNESS SEQUENCE | WITNESS NAME | PHONE |
|---|---|---|
| of | | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | |
|---|---|---|

| ADDRESS: | | DATE OF BIRTH |
|---|---|---|
| CITY: | STATE: | ZIP CODE: | SSN: | |

Case ID: 151103380
Control No.: 17090690

# KYIBRS REPORT: UOR2 SUPPLEMENT

KSP RECORDS

## COMMONWEALTH OF KENTUCKY

*SYNOPSIS:*
Hertz rental service reported this vehicle missing from the return lot
at Louisville International Airport.  No exact date or time.

*MODUS OPERANDI:*

*DATE & TIME OF OCCURRENCE:*

*ACCUSED:*

*SUSPECTS:*

*STOLEN PROPERTY:*
2013 Honda CRV
VIN – J3EBU5JR3D5132374
In Reg – 821ACV

*OTHER PROPERTY:*

*EVIDENCE & HOW MARKED:*

*EVIDENCE DISPOSITION:*

*INVESTIGATION:*

*STATUS OF CASE:*
Open

*ATTACHMENT*

Case ID: 151103380
Control No.: 17090690

# KYIBRS REPORT

## COMMONWEALTH OF KENTUCKY

KSP RECORDS

**ADMINISTRATIVE**

| AGENCY ORI/NAME | 0566900 LOUISVILLE AIRPORT POLICE | | INCIDENT NUMBER | KY P15-0117 |
|---|---|---|---|---|

| INCIDENT DATE/TIME | EXACT/ESTIMATE | REPORT DATE | RECEIVED | DISPATCHED | ARRIVED | CLEARED |
|---|---|---|---|---|---|---|
| 04/02/2015 17:00 | ESTIMATE | 04/02/2015 | 17:00 | 17:00 | 17:02 | 17:30 |

REPORTED BY: **HOLLAND-KNOX  (HERTZ REP), BRANDI**      HOW REPORTED

LICENSE/ID STATE:      LICENSE/ID NUMBER:

ADDRESS:

CITY:      STATE: **KY**   ZIP CODE:      PHONE NUMBER: **(502) 235-6364**

EXACT LOCATION OF OFFENSE:
LOWER TERMINAL DR   SECTOR NO:
ADDRESS: **600 LOWER TERMINAL DR**
CITY: **LOUISVILLE**   STATE: **KY**   ZIP CODE: **40209**
COUNTY: **JEFFERSON**   LATITUDE **38 DEG  11.187 MIN**   LONGITUDE **85 DEG  44.505 MIN**

**OFFENSE DATA**

| SEQUENCE # | 1 OF 1 | LOCATION TYPE: AIR/BUS/TRAIN TERMINAL | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|---|

OFFENSE DESCRIPTION: TBUT OR DISP AUTO - $10,000 OR MORE BUT U/$1,000,000

| OFFENSE CODE: 24044 | ASCF CODE: 0 | KRS CODE: 514.030 | CLASS: C | DEGREE: F | COUNTS: 1 |
|---|---|---|---|---|---|

BIAS MOTIVATION: NONE (NO BIAS)   METHOD ENTRY:   NUMBER PREMISES:

SCHOOL NAME:   SCHOOL TYPE:   CAMPUS?

OFFENDER SUSPECTED OF USING: NOT APPLICABLE   COURT ORDER TYPE:

| SEQUENCE # | OF | LOCATION TYPE: | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|---|

OFFENSE DESCRIPTION:

| OFFENSE CODE: | ASCF CODE: | KRS CODE: | CLASS: | DEGREE: | COUNTS: |
|---|---|---|---|---|---|

BIAS MOTIVATION:   METHOD ENTRY:   NUMBER PREMISES:

SCHOOL NAME:   SCHOOL TYPE:   CAMPUS?

OFFENDER SUSPECTED OF USING:   COURT ORDER TYPE:

| SEQUENCE # | OF | LOCATION TYPE: | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|---|

OFFENSE DESCRIPTION:

| OFFENSE CODE: | ASCF CODE: | KRS CODE: | CLASS: | DEGREE: | COUNTS: |
|---|---|---|---|---|---|

BIAS MOTIVATION:   METHOD ENTRY:   NUMBER PREMISES:

SCHOOL NAME:   SCHOOL TYPE:   CAMPUS?

OFFENDER SUSPECTED OF USING:   COURT ORDER TYPE:

**PROPERTY DATA**

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|
| 1 | AUTOMOBILES | STOLEN (NOT RECOVERED) | $17,000.00 | | | |

UNIT:

| UNIT TYPE | VEHICLE MAKE | VEHICLE MODEL | YEAR | VEHICLE TYPE |
|---|---|---|---|---|
| ROADWAY VEHICLE | HYUNDAI | ELANTRA | 2014 | SEDAN/2 DOOR |

| VEHICLE COLOR | VIN NUMBER | OWNER APPLIED # | | REGISTRATION STATE, YEAR, & NUMBER | | |
|---|---|---|---|---|---|---|
| BLUE | KMHDH4AE8EU197019 | 9236522 | KY | 2015 | 036RLG | |

| VEHICLE DESCRIPTORS | KEYS LEFT IN UNIT? | OWNER |
|---|---|---|
| | YES | Victim 1 |

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|
| | | | | | | |

GENERAL:

PROPERTY DESCRIPTION

OWNER APPLED NUMBER   SERIAL NUMBER

MAKE   MODEL   OWNER

| TOTAL STOLEN VALUE: $17,000.00 | TOTAL RECOVERED VALUE: $0.00 | TOTAL VEHICLES STOLEN: 1 | TOTAL VEHICLES RECOVERED: 0 |
|---|---|---|---|

**STATUS**

| INCIDENT STATUS | CLOSED DATE | CLEARANCE TYPE | CLEARED EXCEPTIONALLY | EX. CLEARANCE DATE | UCR REPORTING FOR OTHER AGENCY |
|---|---|---|---|---|---|
| OPEN | | | | | YES ☐ |

| SUBMITTING OFFICER | INVESTIGATING OFFICER | UNIT/BADGE # | REVIEWED BY | TIME SPENT |
|---|---|---|---|---|
| G GAGEL | G GAGEL | 5837 | D JEWELL | 1 hrs |

Case ID: 151103380
Control No.: 17090690

# KYIBRS REPORT
## COMMONWEALTH OF KENTUCKY

KSP RECORDS

## VICTIM DATA

| VICTIM SEQUENCE | VICTIM NAME | PHONE |
|---|---|---|
| 1 of 1 | HOLLAND-KNOX (HERTZ REP) | (502) 235-6364 |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | |
|---|---|---|

Address Unknown ☐ ADDRESS: 600 TERMINAL DRIVE   VICTIM TYPE: BUS

CITY: LOUISVILLE    STATE: KY    ZIP CODE: 40209    KY RESIDENT:

| DATE OF BIRTH | SSN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|

| GENDER | RACE | ETHNIC ORIGIN | PEACE OFFICER? YES ☐ |
|---|---|---|---|

| NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | INJURY TYPE |
|---|---|---|---|---|---|---|---|

| VICTIM OF OFFENSE(S) | AGG ASSAULT/ HOMICIDE CIRC | ADDTL JUSTIFIABLE HOMICIDE CIRC |
|---|---|---|
| 24044 | | |

| LEOKA ASSIGNMENT | LEOKA ACTIVITY |
|---|---|

## SUSPECT/ARRESTEE DATA

| SUSPECT SEQ. # of | NAME: | ARRESTED? YES ☐ | ARREST DATE |
|---|---|---|---|

ALIAS:

| LICENSE/ID STATE: | LICENSE/ID NUMBER: |
|---|---|

ADDRESS:

CITY:    STATE:    ZIP CODE:    DATE OF BIRTH:    PHONE:    KY RESIDENT:

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|

| ARRESTEE SEQ.# of | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | |
|---|---|---|---|---|---|

| ARRESTEE ARMED WITH | 1 | 4 | 8 |
|---|---|---|---|
| | 2 | 5 | 7 |
| | 3 | 6 | 9 |

| SUSPECT SEQ. # of | NAME: | ARRESTED? YES ☐ | ARREST DATE |
|---|---|---|---|

ALIAS:

| LICENSE/ID STATE: | LICENSE/ID NUMBER: |
|---|---|

ADDRESS:

CITY:    STATE:    ZIP CODE:    DATE OF BIRTH:    PHONE:    KY RESIDENT:

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|

| ARRESTEE SEQ.# of | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | |
|---|---|---|---|---|---|

| ARRESTEE ARMED WITH | 1 | 4 | 7 |
|---|---|---|---|
| | 2 | 5 | 8 |
| | 3 | 6 | 9 |

## WITNESS DATA

| WITNESS SEQUENCE of | WITNESS NAME | PHONE |
|---|---|---|

| LICENSE/ID STATE: | LICENSE/ID NUMBER: |
|---|---|

ADDRESS:    DATE OF BIRTH

CITY:    STATE:    ZIP CODE:    SSN:

Case ID: 151103380
Control No.: 17090690

## KYIBRS REPORT: UOR2 SUPPLEMENT

KSP RECORDS

### COMMONWEALTH OF KENTUCKY

*SYNOPSIS:*
Hertz rental service reported this vehicle missing from they return lot
located at Louisville International Airport.  No exact time or date was reported.

*MODUS OPERANDI:*

*DATE & TIME OF OCCURRENCE:*

*ACCUSED:*

*SUSPECTS:*

*STOLEN PROPERTY:*

*OTHER PROPERTY:*

*EVIDENCE & HOW MARKED:*

*EVIDENCE DISPOSITION:*

*INVESTIGATION:*

*STATUS OF CASE:*

*ATTACHMENT*

Case ID: 151103380
Control No.: 17090690

*SUPPLEMENT*

# KYIBRS REPORT
### COMMONWEALTH OF KENTUCKY

KSP RECORDS

**ADMINISTRATIVE**

| AGENCY ORI/NAME | **0566900 LOUISVILLE AIRPORT POLICE** | | INCIDENT NUMBER | **KY P15-0142** | | | |
|---|---|---|---|---|---|---|---|
| INCIDENT DATE/TIME | EXACT/ESTIMATE | REPORT DATE | RECEIVED | DISPATCHED | ARRIVED | CLEARED |
| **03/20/2015 TO 03/29/2015** | **ESTIMATE** | **05/04/2015** | **05:40** | **05:40** | **05:42** | **05:42** |

| REPORTED BY: **HOLLAND-KNOX, BRANDI** | HOW REPORTED |
|---|---|

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | |
|---|---|---|

| ADDRESS: **3700 CRITTENDEN DR** |
|---|

| CITY: **LOUISVILLE** | STATE: **KY** | ZIP CODE: **40209** | PHONE NUMBER: **(502) 403-1293** |
|---|---|---|---|

| EXACT LOCATION OF OFFENSE | **600 LOWER TERMINAL DR** | | SECTOR NO: |
|---|---|---|---|
| | ADDRESS: **600 LOWER TERMINAL DR** | | |
| | CITY: **LOUISVILLE** | STATE: **KY** | ZIP CODE: **40209** |
| | COUNTY: **JEFFERSON** | LATITUDE **38 DEG 11.171 MIN** | LONGITUDE **85 DEG 44.541 MIN** |

**OFFENSE DATA**

| SEQUENCE # **1** OF **1** | LOCATION TYPE: **AIR/BUS/TRAIN TERMINAL** | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|
| OFFENSE DESCRIPTION: **THEFT BY FAILURE TO MAKE REQUIRED DISP OF PROPERTY $10,000 OR MORE** | | | |

| OFFENSE CODE: **23231** | ASCF CODE: **0** | KRS CODE: **514.070** | CLASS: **C** | DEGREE: **F** | COUNTS: **1** |
|---|---|---|---|---|---|

| BIAS MOTIVATION: **NONE (NO BIAS)** | METHOD ENTRY: | NUMBER PREMISES: |
|---|---|---|

| SCHOOL NAME: | SCHOOL TYPE: | CAMPUS? |
|---|---|---|

| OFFENDER SUSPECTED OF USING: **NOT APPLICABLE** | COURT ORDER TYPE: |
|---|---|

| SEQUENCE # OF | LOCATION TYPE: | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|
| OFFENSE DESCRIPTION: | | | |

| OFFENSE CODE: | ASCF CODE: | KRS CODE: | CLASS: | DEGREE: | COUNTS: |
|---|---|---|---|---|---|

| BIAS MOTIVATION: | METHOD ENTRY: | NUMBER PREMISES: |
|---|---|---|

| SCHOOL NAME: | SCHOOL TYPE: | CAMPUS? |
|---|---|---|

| OFFENDER SUSPECTED OF USING: | COURT ORDER TYPE: |
|---|---|

| SEQUENCE # OF | LOCATION TYPE: | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|
| OFFENSE DESCRIPTION: | | | |

| OFFENSE CODE: | ASCF CODE: | KRS CODE: | CLASS: | DEGREE: | COUNTS: |
|---|---|---|---|---|---|

| BIAS MOTIVATION: | METHOD ENTRY: | NUMBER PREMISES: |
|---|---|---|

| SCHOOL NAME: | SCHOOL TYPE: | CAMPUS? |
|---|---|---|

| OFFENDER SUSPECTED OF USING: | COURT ORDER TYPE: |
|---|---|

**PROPERTY DATA**

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|
| 1 | AUTOMOBILES | STOLEN (NOT RECOVERED) | $12,987.00 | | | |

UNIT

| UNIT TYPE | VEHICLE MAKE | VEHICLE MODEL | YEAR | VEHICLE TYPE |
|---|---|---|---|---|
| ROADWAY VEHICLE | NISSAN | VERSA | 2013 | SEDAN/4 DOOR |

| VEHICLE COLOR | VIN NUMBER | OWNER APPLIED # | REGISTRATION STATE, YEAR, & NUMBER | | |
|---|---|---|---|---|---|
| RED | 3N1CN7AP0DL873438 | F263605 | WY | 2016 | 293924 |

| VEHICLE DESCRIPTORS | KEYS LEFT IN UNIT? | OWNER |
|---|---|---|
| DOLLAR THRIFTY RENTAL CAR | UNKNOWN | Victim 1 |

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|
| | | | | | | |

GENERAL

| PROPERTY DESCRIPTION | | |
|---|---|---|
| OWNER APPLED NUMBER | SERIAL NUMBER | |
| MAKE | MODEL | OWNER |

| TOTAL STOLEN VALUE: **$12,987.00** | TOTAL RECOVERED VALUE: **$0.00** | TOTAL VEHICLES STOLEN: **1** | TOTAL VEHICLES RECOVERED: **0** |
|---|---|---|---|

**STATUS**

| INCIDENT STATUS | CLOSED DATE | CLEARANCE TYPE | CLEARED EXCEPTIONALLY | EX. CLEARANCE DATE | UCR REPORTING FOR OTHER AGENCY |
|---|---|---|---|---|---|
| **CLOSED** | **05/25/2015** | | | | YES ☐ |

| SUBMITTING OFFICER | INVESTIGATING OFFICER | UNIT/BADGE # | REVIEWED BY | TIME SPENT |
|---|---|---|---|---|
| **Z SWANSON** | **Z SWANSON** | **5853** | **B SIMS** | **1 hrs** |

Case ID: 151103380
Control No.: 17090690

# KYIBRS REPORT
## COMMONWEALTH OF KENTUCKY

KSP RECORDS

**VICTIM DATA**

| VICTIM SEQUENCE | VICTIM NAME | | PHONE |
|---|---|---|---|
| 1 of 1 | DOLLAR THRIFT AUTOMOTIVE | | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: |
|---|---|
| | |

Address Unknown ☐ ADDRESS: **3700 CRITTENDEN DR**    VICTIM TYPE: **BUS**

| CITY: **LOUISVILLE** | STATE: **KY** | ZIP CODE: **40209** | KY RESIDENT: |
|---|---|---|---|

| DATE OF BIRTH | SSN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|
| | | | | | |

| GENDER | RACE | ETHNIC ORIGIN | PEACE OFFICER? |
|---|---|---|---|
| | | | YES ☐ |

| NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | INJURY TYPE |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

| VICTIM OF OFFENSE(S) | AGG ASSAULT / HOMICIDE CIRC | ADDTL JUSTIFIABLE HOMICIDE CIRC |
|---|---|---|
| 23231 | | |

| LEOKA ASSIGNMENT | LEOKA ACTIVITY |
|---|---|
| | |

**SUSPECT/ARRESTEE DATA**

| SUSPECT SEQ. # | NAME: **DUNKIN, TRACIE** | ARRESTED? | ARREST DATE |
|---|---|---|---|
| 1 of 1 | ALIAS: | YES ☐ | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: |
|---|---|
| | |

| ADDRESS | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
|---|---|---|---|
| | | | |

| CITY: | STATE: | ZIP CODE: |
|---|---|---|
| | | |

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|
| | UNKNOWN | | UNKNOWN | | | | |

| ARRESTEE SEQ. # | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | | |
|---|---|---|---|---|---|---|
| of | | | 1 | 4 | | 8 |
| | ARRESTEE ARMED WITH | | 2 | 5 | | 7 |
| | | | 3 | 6 | | 9 |

**SUSPECT/ARRESTEE DATA**

| SUSPECT SEQ. # | NAME: | ARRESTED? | ARREST DATE |
|---|---|---|---|
| of | ALIAS: | YES ☐ | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: |
|---|---|
| | |

| ADDRESS | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
|---|---|---|---|
| | | | |

| CITY: | STATE: | ZIP CODE: |
|---|---|---|
| | | |

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| ARRESTEE SEQ. # | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | | |
|---|---|---|---|---|---|---|
| of | | | 1 | 4 | | 7 |
| | ARRESTEE ARMED WITH | | 2 | 5 | | 8 |
| | | | 3 | 6 | | 9 |

**WITNESS DATA**

| WITNESS SEQUENCE | WITNESS NAME | PHONE |
|---|---|---|
| of | | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: |
|---|---|
| | |

| ADDRESS: | | DATE OF BIRTH |
|---|---|---|
| | | |

| CITY: | STATE: | ZIP CODE: | SSN: |
|---|---|---|---|
| | | | |

Case ID: 151103380
Control No.: 17090690

## KYIBRS REPORT: UOR2 SUPPLEMENT

KSP RECORDS

### COMMONWEALTH OF KENTUCKY

*SYNOPSIS:*
Dollar Thrifty Automotive group brought Warrant#2172657 to the Airport Police on 5-4-2015 for the theft of a auto. Tracie Dunkin rented the vehicle on 3-20-2015 and was supposed to be returned on 3-29-2015. Thrifty Dollar has tried to contact the individual with no response.

*MODUS OPERANDI:*

*DATE & TIME OF OCCURRENCE:*
Vehicle was rented on 3-20-15 and was due to be returned on 3-29-2015

*ACCUSED:*
Auto Rented to:
Tracie Dunkin

*SUSPECTS:*

*STOLEN PROPERTY:*
2013 Nissan Versa
Red in color
Vin# 3N1CN7AP0DL873438
WY PLATE 293924
DOLLAR THRIFTY APPLIED NUMBER F263605
MILEAGE OUT 46826

*OTHER PROPERTY:*

*EVIDENCE & HOW MARKED:*

*EVIDENCE DISPOSITION:*
UNKNOWN

*INVESTIGATION:*
OPEN

*STATUS OF CASE:*
OPEN

*ATTACHMENT*
Vehicle was found by LMPD at 6670 Terry Rd on 5/24/2015

Case ID: 151103380
Control No.: 17090690

AOC-E-035 WarCode: WA
Rev. 01-08
Commonwealth of Kentucky
Court of Justice
RCr 2.05; RCr2.06



| | |
|---|---|
| Case Number: | |
| County: | JEFFERSON |
| Court: | DISTRICT COURT |
| Warrant Number: | E05610002172657 |
| Generated: | 5/5/2015  7:14:21AM |

# SERVED

**Warrant of Arrest**
**Warrant**

Page 1 of 1

*Plaintiff.* **COMMONWEALTH VS.** Tracie Dunkin *Defendant*

**TO ALL PEACE OFFICERS IN THE COMMONWEALTH OF KENTUCKY.  You are hereby commanded to arrest:**

Tracie Dunkin

| | |
|---|---|
| Gender | |
| Race | |
| Date of Birth | |
| Height | |
| Weight | |
| Operator License# | |

and bring him/her forthwith before JEFFERSON COUNTY - DISTRICT COURT.

[X]  to answer charges that he/she committed the offense(s) of:

| Chg# | UOR Code | KRS | Type | Description | ASCF | Counts | Disp Dt | Disp |
|---|---|---|---|---|---|---|---|---|
| 1 | 23231 | 514.070 | F | THEFT BY FAILURE TO MAKE REQUIRED DISP OF PROP | N/A | 1 | | |

against the peace and dignity of the commonwealth; or
[ ]   because:

if the court is not in session, you will deliver him/her to the jailer of          JEFFERSON COUNTY - DISTRICT COURT

[ ]   The defendant may post bail in the amount of $ , secured by

[ ]   the defendant may not give bail.

# Complaint

The Affiant, Brandi Holland, states that  on 3/29/2015 at 22:51 in JEFFERSON County, Kentucky, the above named
defendant unlawfully: and until present, deft failed to return a 2012 Nissan Versa that was rented from Thrifty Car Rental.
Deft rented the vehicle on 3/20/2015 and did sign a rental agreement. Deft was to make the required payment and/or return
the vehicle. Deft failed to do so. Deft ignored letters and phone calls demanding the car back.  Attempts to locate deft and/or
recover the vehicle has been unsuccessful.  Value of vehicle $12,987.00

EXECUTION

Served By: HARDIN, RADCLIFF POLICE DEPARTMENT, Rossell, Wyatt, HARDIN-COUNTY JAIL ELIZABETHTOWN-KY047013C. on 05/31/2015

Electronically signed by District Court Judge A.Haynie on 5/4/2015 at 5:25:10PM.

Date printed:    Tuesday, May 5, 2015

Agency Local Code:
A E-RAW

Case ID: 151103380
Control No.: 17090690

# KYIBRS REPORT

## COMMONWEALTH OF KENTUCKY

**KSP RECORDS**

### ADMINISTRATIVE

| AGENCY ORI/NAME | 0566900 LOUISVILLE AIRPORT POLICE | | | INCIDENT NUMBER | KY P15-0148 | | |
|---|---|---|---|---|---|---|---|
| INCIDENT DATE/TIME | | EXACT/ESTIMATE | REPORT DATE | RECEIVED | DISPATCHED | ARRIVED | CLEARED |
| 05/13/2015 17:40 TO 05/13/2015 17:41 | | ESTIMATE | 05/13/2015 | 17:26 | 17:28 | 17:28 | 17:40 |

REPORTED BY: **HOLLAND-KNOX, BRANDI** — HOW REPORTED

LICENSE/ID STATE: — LICENSE/ID NUMBER:

ADDRESS: **3700 CRITTENDEN DR**

| CITY: LOUISVILLE | STATE: KY | ZIP CODE: 40209 | PHONE NUMBER: (502) 403-1293 |
|---|---|---|---|

EXACT LOCATION OF OFFENSE:
- 3700 CRITTENDEN DR
- ADDRESS: 3700 CRITTENDEN DR — SECTOR NO:
- CITY: LOUISVILLE — STATE: KY — ZIP CODE: 40209
- COUNTY: JEFFERSON — LATITUDE 38 DEG 11.511 MIN — LONGITUDE 85 DEG 45.055 MIN

### OFFENSE DATA

| SEQUENCE # 1 OF 1 | LOCATION TYPE: AIR/BUS/TRAIN TERMINAL | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|

OFFENSE DESCRIPTION: TBUT OR DISP AUTO - $10,000 OR MORE BUT U/$1,000,000

| OFFENSE CODE: 24044 | ASCF CODE: 0 | KRS CODE: 514.030 | CLASS: C | DEGREE: F | COUNTS: 1 |
|---|---|---|---|---|---|

BIAS MOTIVATION: UNKNOWN (MOTIVATION NOT KNOWN) — METHOD ENTRY: — NUMBER PREMISES:

SCHOOL NAME: — SCHOOL TYPE: — CAMPUS?

OFFENDER SUSPECTED OF USING: NOT APPLICABLE — COURT ORDER TYPE:

| SEQUENCE # OF | LOCATION TYPE: | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|

OFFENSE DESCRIPTION:

OFFENSE CODE: — ASCF CODE: — KRS CODE: — CLASS: — DEGREE: — COUNTS:

BIAS MOTIVATION: — METHOD ENTRY: — NUMBER PREMISES:

SCHOOL NAME: — SCHOOL TYPE: — CAMPUS?

OFFENDER SUSPECTED OF USING: — COURT ORDER TYPE:

| SEQUENCE # OF | LOCATION TYPE: | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|

OFFENSE DESCRIPTION:

OFFENSE CODE: — ASCF CODE: — KRS CODE: — CLASS: — DEGREE: — COUNTS:

BIAS MOTIVATION: — METHOD ENTRY: — NUMBER PREMISES:

SCHOOL NAME: — SCHOOL TYPE: — CAMPUS?

OFFENDER SUSPECTED OF USING: — COURT ORDER TYPE:

### PROPERTY DATA

**UNIT**

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|
| 1 | AUTOMOBILES | STOLEN (NOT RECOVERED) $31,000.00 | | | | |

| UNIT TYPE | VEHICLE MAKE: | VEHICLE MODEL | YEAR | VEHICLE TYPE |
|---|---|---|---|---|
| ROADWAY VEHICLE | CHEVROLET | SILVERADO 4X4 | 2015 | PICKUP |

| VEHICLE COLOR | VIN NUMBER | OWNER APPLIED # | REGISTRATION STATE, YEAR, & NUMBER | | |
|---|---|---|---|---|---|
| SILVER/ALUMINUM | 1GCVKREH2FZ204533 | 015951190479 | KY | 2016 | 356TBC |

VEHICLE DESCRIPTORS — KEYS LEFT IN UNIT? NO — OWNER Victim 1

**GENERAL**

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|

PROPERTY DESCRIPTION

OWNER APPLED NUMBER — SERIAL NUMBER

MAKE — MODEL — OWNER

| TOTAL STOLEN VALUE: $31,000.00 | TOTAL RECOVERED VALUE: $0.00 | TOTAL VEHICLES STOLEN: 1 | TOTAL VEHICLES RECOVERED: 0 |
|---|---|---|---|

### STATUS

| INCIDENT STATUS | CLOSED DATE | CLEARANCE TYPE | CLEARED EXCEPTIONALLY | EX. CLEARANCE DATE | UCR REPORTING FOR OTHER AGENCY |
|---|---|---|---|---|---|
| OPEN | | | | | YES ☐ |

| SUBMITTING OFFICER | INVESTIGATING OFFICER | UNIT/BADGE # | REVIEWED BY | TIME SPENT |
|---|---|---|---|---|
| Z SWANSON | Z SWANSON | 5853 | E SEDLOCK | 1 hrs |

Case ID: 151103380
Control No.: 17090690

# KYIBRS REPORT

## COMMONWEALTH OF KENTUCKY

KSP RECORDS

| VICTIM SEQUENCE | VICTIM NAME | | PHONE |
|---|---|---|---|
| 1 of 1 | HERTZ RENTAL CAR | | (502) 403-1293 |

**VICTIM DATA**

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | |
|---|---|---|

| Address Unknown ☐ | ADDRESS: 3700 CRITTENDEN DR | VICTIM TYPE: BUS |
|---|---|---|

| CITY: LOUISVILLE | STATE: KY | ZIP CODE: 40209 | KY RESIDENT: |
|---|---|---|---|

| DATE OF BIRTH | SSN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|

| GENDER | RACE | ETHNIC ORIGIN | PEACE OFFICER? YES ☐ |
|---|---|---|---|

| NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | INJURY TYPE |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

| VICTIM OF OFFENSE(S) | AGG ASSAULT/ HOMICIDE CIRC | ADDTL JUSTIFIABLE HOMICIDE CIRC |
|---|---|---|
| 24044 | | |

| LEOKA ASSIGNMENT | LEOKA ACTIVITY |
|---|---|

**SUSPECT/ARRESTEE DATA**

| SUSPECT SEQ. # of | NAME: | ARRESTED? YES ☐ | ARREST DATE |
|---|---|---|---|
| | ALIAS: | | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | |
|---|---|---|

| ADDRESS | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
|---|---|---|---|

| CITY: | STATE: | ZIP CODE: | |
|---|---|---|---|

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|

| ARRESTEE SEQ. # of | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | |
|---|---|---|---|---|---|
| | | | 1 | 4 | 8 |
| | ARRESTEE ARMED WITH | | 2 | 5 | 7 |
| | | | 3 | 6 | 9 |

**SUSPECT/ARRESTEE DATA**

| SUSPECT SEQ. # of | NAME: | ARRESTED? YES ☐ | ARREST DATE |
|---|---|---|---|
| | ALIAS: | | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | |
|---|---|---|

| ADDRESS | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
|---|---|---|---|

| CITY: | STATE: | ZIP CODE: | |
|---|---|---|---|

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|

| ARRESTEE SEQ. # of | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | |
|---|---|---|---|---|---|
| | | | 1 | 4 | 7 |
| | ARRESTEE ARMED WITH | | 2 | 5 | 8 |
| | | | 3 | 6 | 9 |

**WITNESS DATA**

| WITNESS SEQUENCE of | WITNESS NAME | PHONE |
|---|---|---|

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | |
|---|---|---|

| ADDRESS: | | DATE OF BIRTH |
|---|---|---|

| CITY: | STATE: | ZIP CODE: | SSN: | |
|---|---|---|---|---|

Case ID: 151103380
Control No.: 17090690

# KYIBRS REPORT: UOR2 SUPPLEMENT

KSP RECORDS

## COMMONWEALTH OF KENTUCKY

*SYNOPSIS:*
Hertz brought the Louisville Airport Police information on a vehicle that was stolen sometime after 2/23/2015. The vehicle missing is a 2015 Chevrolet Silverado 4WD Registration KY 356TBC.

*MODUS OPERANDI:*
Stolen

*DATE & TIME OF OCCURRENCE:*
Unknown when the vehicle when was taken but it was reported 5/13/2015 and there has been no record of it after 2/23/2015.

*ACCUSED:*

*SUSPECTS:*

*STOLEN PROPERTY:*
2015 Chevrolet Silverado
4 WD Pickup Truck
VIN:1GCVKREH2FZ204533
KY 356TBC
Silver in color

*OTHER PROPERTY:*

*EVIDENCE & HOW MARKED:*
NONE

*EVIDENCE DISPOSITION:*
UNKNOWN

*INVESTIGATION:*
OPEN

*STATUS OF CASE:*
OPEN

*ATTACHMENT*

Case ID: 151103380
Control No.: 17090690

*SUPPLEMENT*

# KYIBRS REPORT
## COMMONWEALTH OF KENTUCKY

| AGENCY ORI/NAME  0566900 LOUISVILLE AIRPORT POLICE | | | INCIDENT NUMBER  KY P15-0149 | | |
|---|---|---|---|---|---|

| | INCIDENT DATE/TIME | EXACT / ESTIMATE | REPORT DATE | RECEIVED | DISPATCHED | ARRIVED | . CLEARED |
|---|---|---|---|---|---|---|---|
| ADMINISTRATIVE | 5/13/2015 17:40 TO 5/13/2015 17:41 | EXACT | 5/13/2015 | 17:28 | 17:30 | 17:30 | 17:40 |

REPORTED BY: **HOLLAND-KNOX, BRANDI** — HOW REPORTED

LICENSE/ID STATE:  LICENSE/ID NUMBER: — **IN PERSON**

ADDRESS:  **3700 CRITTENDEN DR**

CITY:  **LOUISVILLE**   STATE:  **KY**   ZIP CODE:  **40209**   PHONE NUMBER:  **502-403-1293**

EXACT LOCATION OF OFFENSE:
3700 CRITTENDEN DR
ADDRESS **3700 CRITTENDEN DR**
CITY **LOUISVILLE**   STATE: **KY**   ZIP CODE: **40209**
COUNTY **JEFFERSON**   LATITUDE **38 DEG 11.534 MIN**   LONGITUDE **85 DEG 45.054 MIN**

### OFFENSE DATA

SEQUENCE #  **1** OF **1**   LOCATION TYPE: **AIR, BUS, TRAIN TERMINAL**   TYPE WEAPON/FORCE INVOLVED   CRIMINAL ACTIVITY/GANG IFO

OFFENSE DESCRIPTION: **TBUT OR DISP AUTO - $10,000 OR MORE BUT U/$1,000,000**

OFFENSE CODE: **24044**   ASCF CODE: **0**   KRS CODE: **514.030**   CLASS: **C**   DEGREE: **F**   COUNTS: **1**

BIAS MOTIVATION: **UNKNOWN (MOTIVATION NOT KNOWN)**   METHOD ENTRY:   NUMBER PREMISES: **0**

SCHOOL NAME:   SCHOOL TYPE:   CAMPUS?

OFFENDER SUSPECTED OF USING: **NOT APPLICABLE**   COURT ORDER TYPE:

SEQUENCE #  OF   LOCATION TYPE:   TYPE WEAPON/FORCE INVOLVED   CRIMINAL ACTIVITY/GANG IFO

OFFENSE DESCRIPTION:

OFFENSE CODE:   ASCF CODE:   KRS CODE:   CLASS:   DEGREE:   COUNTS:

BIAS MOTIVATION:   METHOD ENTRY:   NUMBER PREMISES:

SCHOOL NAME:   SCHOOL TYPE:   CAMPUS?

OFFENDER SUSPECTED OF USING:   COURT ORDER TYPE:

SEQUENCE #  OF   LOCATION TYPE:   TYPE WEAPON/FORCE INVOLVED   CRIMINAL ACTIVITY/GANG IFO

OFFENSE DESCRIPTION:

OFFENSE CODE:   ASCF CODE:   KRS CODE:   CLASS:   DEGREE:   COUNTS:

BIAS MOTIVATION:   METHOD ENTRY:   NUMBER PREMISES:

SCHOOL NAME:   SCHOOL TYPE:   CAMPUS?

OFFENDER SUSPECTED OF USING:   COURT ORDER TYPE:

### PROPERTY DATA

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DT RECOVERED |
|---|---|---|---|---|---|---|
| 1 | AUTOMOBILES | STOLEN (NOT RECOVERED) | $14,451.00 | | | |

**VEHICLE**

| UNIT TYPE | VEHICLE MAKE: | VEHICLE MODEL | YEAR | VEHICLE TYPE |
|---|---|---|---|---|
| BICYCLE | CHEVROLET | CRUZE | 2015 | SEDAN/4 DOOR |

| VEHICLE COLOR | VIN NUMBER | OWNER APPLIED # | REGISTRATION STATE, YEAR, & NUMBER | | |
|---|---|---|---|---|---|
| SILVER\ALUMINUM | 1G1PE5SB1F7136173 | 01595 1187475 | KY | 2016 | 306TAC |

| VEHICLE DESCRIPTORS | KEYS LEFT IN UNIT? | OWNER |
|---|---|---|
| | NO | Victim 1 |

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DT RECOVERED |
|---|---|---|---|---|---|---|
| | | | | | | |

**GENERAL**

PROPERTY DESCRIPTION

OWNER APPLED NUMBER   SERIAL NUMBER

MAKE   MODEL   OWNER

| TOTAL STOLEN VALUE: **$14,451.00** | TOTAL RECOVERED VALUE: | TOTAL VEHICLES STOLEN: **1** | TOTAL VEHICLES RECOVERED: |
|---|---|---|---|

### STATUS

| INCIDENT STATUS | CLOSED DATE | CLEARANCE TYPE | CLEARED EXCEPTIONALLY | EX. CLEARANCE DATE | UCR REPORTING FOR OTHER AGENCY |
|---|---|---|---|---|---|
| CLOSED | 9/19/2015 | TIME CLOSED | | | ☐ YES |

| ORIGINATING OFFICER | ASSIGNED TO | UNIT/BADGE # | REVIEWED BY | SUPPLEMENTED BY |
|---|---|---|---|---|
| SWANSON, Z | SWANSON, Z | 5853 | E SEDLOCK | Grimes, Joshua |

Control No. AT103380
Control No. 97090690

# KYIBRS REPORT
## COMMONWEALTH OF KENTUCKY

| VICTIM SEQUENCE | VICTIM NAME | PHONE |
|---|---|---|
| 1 of 1 | HERTZ RENTAL CAR | 502-403-1293 |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | |
|---|---|---|

| ☐ Address Unknown | ADDRESS: 3700 CRITTENDEN DR | VICTIM TYPE: BUS |
|---|---|---|

| CITY: LOUISVILLE | STATE: KY | ZIP CODE: 40209 | KY RESIDENT: |
|---|---|---|---|

| DATE OF BIRTH | SSN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|

**VICTIM DATA**

| GENDER | RACE | ETHNIC ORIGIN | PEACE OFFICER? ☐ YES |
|---|---|---|---|

| NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | INJURY TYPE |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

| VICTIM OF OFFENSE(S) | AGG ASSAULT/ HOMICIDE CIRC | ADDTL JUSTIFIABLE HOMICIDE CIRC |
|---|---|---|
| 24044 | | |

| LEOKA ASSIGNMENT | LEOKA ACTIVITY |
|---|---|

**SUSPECT / ARRESTEE DATA**

| SUSPECT SEQ. # | NAME: | ARRESTED? ☐ YES | ARREST DATE |
|---|---|---|---|
| of | ALIAS: | | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: |
|---|---|

| ADDRESS | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
|---|---|---|---|

| CITY: | STATE: | ZIP CODE: | |
|---|---|---|---|

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|

| ARRESTEE SEQ. # | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | |
|---|---|---|---|---|---|
| of | | | 1 | 4 | 8 |
| | ARRESTEE ARMED WITH | | 2 | 5 | 7 |
| | | | 3 | 6 | 9 |

**SUSPECT / ARRESTEE DATA**

| SUSPECT SEQ. # | NAME: | ARRESTED? ☐ YES | ARREST DATE |
|---|---|---|---|
| of | ALIAS: | | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: |
|---|---|

| ADDRESS | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
|---|---|---|---|

| CITY: | STATE: | ZIP CODE: | |
|---|---|---|---|

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|

| ARRESTEE SEQ. # | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | |
|---|---|---|---|---|---|
| of | | | 1 | 4 | 7 |
| | ARRESTEE ARMED WITH | | 2 | 5 | 8 |
| | | | 3 | 6 | 9 |

**WITNESS / OTHER**

| WITNESS/OTHER SEQ | WITNESS/OTHER NAME | PHONE |
|---|---|---|
| of | | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: |
|---|---|

| ADDRESS: | DATE OF BIRTH |
|---|---|

| CITY: | STATE: | ZIP CODE: | SSN: |
|---|---|---|---|

Case ID: 151103380
Contact No: 297090690

# KYIBRS REPORT: NARRATIVE

### COMMONWEALTH OF KENTUCKY

## SYNOPSIS:

Hertz brought the Louisville Airport Police information on a vehicle that was stolen sometime after 12/01/2014. The Vehicle Missing is a 2015 Chevrolet Cruze Registration KY 306TAC

## INVESTIGATION:

OPEN

MODUS OPERANDI: Stolen

DATE/TIME OF OCCURRENCE: Unknown when the vehicle was stolen but it was reported on 5/13/2015 and there has been no record of it after 12/01/2014.

STOLEN PROPERTY: 2015 Chevrolet Cruze
4 Door Car
VIN:1G1PE5SB1F136173
KY 306TAC
Silver in color

EVIDENCE AND HOW MARKED: NONE

EVIDENCE DISPOSITION: STOLEN

STATUS OF CASE: OPEN

*CLOSED 9/19/2015* - Vehicle recovered by Plainfield PD at Adesa Auto Auction lot 2950 E Main Street in Plainfield, IN ready for auction.  The vehicle was returned from lease on 6/17/2015 and forgot about by Hertz.

## ATTACHMENTS:

## METHODS OF OPERATION:

Case ID: 151103380

Control No.: 17090690

# ACTIVITY LOG

**COMMONWEALTH OF KENTUCKY**

DRAFT

0566900

7/28/17 9:38 AM

Case ID: 151103380

Badge#: 5829

7090690

*SUPPLEMENT*

# KYIBRS REPORT
### COMMONWEALTH OF KENTUCKY

KSP RECORDS

## ADMINISTRATIVE

| AGENCY ORI/NAME | 0566900 LOUISVILLE AIRPORT POLICE | | | | INCIDENT NUMBER | KY P15-0162 | |
|---|---|---|---|---|---|---|---|

| INCIDENT DATE/TIME | EXACT/ESTIMATE | REPORT DATE | RECEIVED | DISPATCHED | ARRIVED | CLEARED |
|---|---|---|---|---|---|---|
| 03/27/2015 08:00 TO 03/27/2015 18:00 | ESTIMATE | 05/28/2015 | 12:37 | 12:37 | 12:37 | 13:07 |

| REPORTED BY: HERTZ, RENT A CAR | HOW REPORTED |
|---|---|

| LICENSE/ID STATE: | LICENSE/ID NUMBER: |
|---|---|

ADDRESS: **440 HURON**

| CITY: LOUISVILLE | STATE: KY | ZIP CODE: 40209 | PHONE NUMBER: (502) 235-6364 |
|---|---|---|---|

| EXACT LOCATION OF OFFENSE | **600 TERMINAL DR** | | SECTOR NO: |
|---|---|---|---|
| | ADDRESS: 600 TERMINAL DR | | |
| | CITY: LOUISVILLE | STATE: KY | ZIP CODE: 40209 |

| COUNTY: JEFFERSON | LATITUDE 38 DEG 11.182 MIN | LONGITUDE 85 DEG 44.513 MIN |
|---|---|---|

## OFFENSE DATA

| SEQUENCE # 1 OF 1 | LOCATION TYPE: AIR/BUS/TRAIN TERMINAL | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|

OFFENSE DESCRIPTION: TBUT OR DISP AUTO - $10,000 OR MORE BUT U$1,000,000

| OFFENSE CODE: 24044 | ASCF CODE: 0 | KRS CODE: 514.030 | CLASS: C | DEGREE: F | COUNTS: 1 |
|---|---|---|---|---|---|

| BIAS MOTIVATION: NONE (NO BIAS) | METHOD ENTRY: | NUMBER PREMISES: |
|---|---|---|

| SCHOOL NAME: | SCHOOL TYPE: | CAMPUS? |
|---|---|---|

| OFFENDER SUSPECTED OF USING: NOT APPLICABLE | COURT ORDER TYPE: |
|---|---|

| SEQUENCE # OF | LOCATION TYPE: | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|

OFFENSE DESCRIPTION:

| OFFENSE CODE: | ASCF CODE: | KRS CODE: | CLASS: | DEGREE: | COUNTS: |
|---|---|---|---|---|---|

| BIAS MOTIVATION: | METHOD ENTRY: | NUMBER PREMISES: |
|---|---|---|

| SCHOOL NAME: | SCHOOL TYPE: | CAMPUS? |
|---|---|---|

| OFFENDER SUSPECTED OF USING: | COURT ORDER TYPE: |
|---|---|

| SEQUENCE # OF | LOCATION TYPE: | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|

OFFENSE DESCRIPTION:

| OFFENSE CODE: | ASCF CODE: | KRS CODE: | CLASS: | DEGREE: | COUNTS: |
|---|---|---|---|---|---|

| BIAS MOTIVATION: | METHOD ENTRY: | NUMBER PREMISES: |
|---|---|---|

| SCHOOL NAME: | SCHOOL TYPE: | CAMPUS? |
|---|---|---|

| OFFENDER SUSPECTED OF USING: | COURT ORDER TYPE: |
|---|---|

## PROPERTY DATA

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|
| 1 | AUTOMOBILES | STOLEN AND RECOVERED | $10,300.00 | $10,300.00 | UNDAMAGED | 10/07/2015 |

### UNIT

| UNIT TYPE | VEHICLE MAKE | VEHICLE MODEL | YEAR | VEHICLE TYPE |
|---|---|---|---|---|
| ROADWAY VEHICLE | VOLKSWAGEN | JETTA | 2012 | SEDAN/4 DOOR |

| VEHICLE COLOR | VIN NUMBER | OWNER APPLIED # | REGISTRATION STATE, YEAR, & NUMBER | | |
|---|---|---|---|---|---|
| BLACK | 3VW2K7AJXCM465757 | | NJ | 2015 | T20CHG |

| VEHICLE DESCRIPTORS | KEYS LEFT IN UNIT? | OWNER |
|---|---|---|
| | YES | Victim 1 |

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|

### GENERAL

| PROPERTY DESCRIPTION |
|---|

| OWNER APPLED NUMBER | SERIAL NUMBER |
|---|---|

| MAKE | MODEL | OWNER |
|---|---|---|

| TOTAL STOLEN VALUE: $10,300.00 | TOTAL RECOVERED VALUE: $10,300.00 | TOTAL VEHICLES STOLEN: 1 | TOTAL VEHICLES RECOVERED: 1 |
|---|---|---|---|

## STATUS

| INCIDENT STATUS | CLOSED DATE | CLEARANCE TYPE | CLEARED EXCEPTIONALLY | EX. CLEARANCE DATE | UCR REPORTING FOR OTHER AGENCY |
|---|---|---|---|---|---|
| CLOSED | 10/07/2015 | | | | YES ☐ |

| SUBMITTING OFFICER | INVESTIGATING OFFICER | UNIT/BADGE # | REVIEWED BY | TIME SPENT |
|---|---|---|---|---|
| J SENG | J SENG | 5799 | J SENG | 30 min |

Case ID: 151103380
Control No.: 17090690

# KYIBRS REPORT
## COMMONWEALTH OF KENTUCKY

KSP RECORDS

## VICTIM DATA

| VICTIM SEQUENCE | | VICTIM NAME | | PHONE |
|---|---|---|---|---|
| 1 of 1 | HERTZ | | | (502) 235-6364 |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | |
|---|---|---|

Address Unknown ☐ ADDRESS: **440 HURON** — VICTIM TYPE: **BUS**

CITY: **LOUISVILLE**  STATE: **KY**  ZIP CODE: **40209**  KY RESIDENT:

| DATE OF BIRTH | SSN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|

| GENDER | RACE | ETHNIC ORIGIN | PEACE OFFICER? |
|---|---|---|---|
| | | | YES ☐ |

| NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | INJURY TYPE |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

| VICTIM OF OFFENSE(S) | AGG ASSAULT/ HOMICIDE CIRC | ADDTL JUSTIFIABLE HOMICIDE CIRC |
|---|---|---|
| **24044** | | |

| LEOKA ASSIGNMENT | LEOKA ACTIVITY |
|---|---|

## SUSPECT/ARRESTEE DATA

| SUSPECT SEQ. # | NAME: | | ARRESTED? | ARREST DATE |
|---|---|---|---|---|
| of | ALIAS: | | YES ☐ | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | |
|---|---|---|

ADDRESS — DATE OF BIRTH: — PHONE: — KY RESIDENT:

CITY:  STATE:  ZIP CODE:

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|

| ARRESTEE SEQ. # | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | |
|---|---|---|---|---|---|
| of | | | 1 | 4 | 8 |
| | ARRESTEE ARMED WITH | | 2 | 5 | 7 |
| | | | 3 | 6 | 9 |

| SUSPECT SEQ. # | NAME: | | ARRESTED? | ARREST DATE |
|---|---|---|---|---|
| of | ALIAS: | | YES ☐ | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | |
|---|---|---|

ADDRESS — DATE OF BIRTH: — PHONE: — KY RESIDENT:

CITY:  STATE:  ZIP CODE:

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|

| ARRESTEE SEQ. # | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | |
|---|---|---|---|---|---|
| of | | | 1 | 4 | 7 |
| | ARRESTEE ARMED WITH | | 2 | 5 | 8 |
| | | | 3 | 6 | 9 |

## WITNESS DATA

| WITNESS SEQUENCE | WITNESS NAME | PHONE |
|---|---|---|
| of | | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | |
|---|---|---|

ADDRESS: — DATE OF BIRTH

CITY:  STATE:  ZIP CODE:  SSN:

Case ID: 151103380
Control No.: 17090690

# KYIBRS REPORT: UOR2 SUPPLEMENT

KSP RECORDS

### COMMONWEALTH OF KENTUCKY

*SYNOPSIS:*

Vehicle was rented but suffered a break down. AAA states they dropped the vehicle at hertz's facility but hertz has been unable to locate it.
Vehicle was found on the Enterprise Rental lot today. No other info available.

*MODUS OPERANDI:*

*DATE & TIME OF OCCURRENCE:*

*ACCUSED:*

*SUSPECTS:*

*STOLEN PROPERTY:*

*OTHER PROPERTY:*

*EVIDENCE & HOW MARKED:*

*EVIDENCE DISPOSITION:*

*INVESTIGATION:*

*STATUS OF CASE:*

*ATTACHMENT*

Case ID: 151103380
Control No.: 17090690

# KYIBRS REPORT

## COMMONWEALTH OF KENTUCKY

**KSP RECORDS**

### ADMINISTRATIVE

| AGENCY ORI/NAME | 0566900 LOUISVILLE AIRPORT POLICE | | | INCIDENT NUMBER | KY P15-0182 | | |
|---|---|---|---|---|---|---|---|
| INCIDENT DATE/TIME | | EXACT/ESTIMATE | REPORT DATE | RECEIVED | DISPATCHED | ARRIVED | CLEARED |
| 03/26/2015 07:00 TO 06/18/2015 11:00 | | ESTIMATE | 06/18/2015 | 12:55 | 12:55 | 12:55 | 13:25 |

| REPORTED BY: HERTZ, RENT A CAR | HOW REPORTED |
|---|---|

| LICENSE/ID STATE: | LICENSE/ID NUMBER: |
|---|---|

| ADDRESS: 440 HURON AVE | | | | |
|---|---|---|---|---|
| CITY: LOUISVILLE | STATE: KY | ZIP CODE: 40209 | PHONE NUMBER: (502) 235-6364 | |

| EXACT LOCATION OF OFFENSE | 600 TERMINAL DR | | |
|---|---|---|---|
| | ADDRESS: 600 TERMINAL DR | | |
| | CITY: LOUISVILLE | STATE: KY | ZIP CODE: 40209 |
| | COUNTY: JEFFERSON | LATITUDE 38 DEG 11.190 MIN | LONGITUDE 85 DEG 44.506 MIN |

### OFFENSE DATA

| SEQUENCE # 1 OF 1 | LOCATION TYPE: AIR/BUS/TRAIN TERMINAL | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|
| OFFENSE DESCRIPTION: TBUT OR DISP AUTO - $10,000 OR MORE BUT U$1,000,000 | | | |

| OFFENSE CODE: 24044 | ASCF CODE: 0 | KRS CODE: 514.030 | CLASS: C | DEGREE: F | COUNTS: 1 |
|---|---|---|---|---|---|
| BIAS MOTIVATION: NONE (NO BIAS) | | METHOD ENTRY: | NUMBER PREMISES: | | |
| SCHOOL NAME: | | SCHOOL TYPE: | | CAMPUS? | |
| OFFENDER SUSPECTED OF USING: NOT APPLICABLE | | COURT ORDER TYPE: | | | |

| SEQUENCE # OF | LOCATION TYPE: | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|
| OFFENSE DESCRIPTION: | | | |

| OFFENSE CODE: | ASCF CODE: | KRS CODE: | CLASS: | DEGREE: | COUNTS: |
|---|---|---|---|---|---|
| BIAS MOTIVATION: | | METHOD ENTRY: | NUMBER PREMISES: | | |
| SCHOOL NAME: | | SCHOOL TYPE: | | CAMPUS? | |
| OFFENDER SUSPECTED OF USING: | | COURT ORDER TYPE: | | | |

| SEQUENCE # OF | LOCATION TYPE: | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|
| OFFENSE DESCRIPTION: | | | |

| OFFENSE CODE: | ASCF CODE: | KRS CODE: | CLASS: | DEGREE: | COUNTS: |
|---|---|---|---|---|---|
| BIAS MOTIVATION: | | METHOD ENTRY: | NUMBER PREMISES: | | |
| SCHOOL NAME: | | SCHOOL TYPE: | | CAMPUS? | |
| OFFENDER SUSPECTED OF USING: | | COURT ORDER TYPE: | | | |

### PROPERTY DATA

**UNIT**

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|
| 1 | AUTOMOBILES | STOLEN (NOT RECOVERED) | $17,000.00 | | | |

| UNIT TYPE | VEHICLE MAKE | VEHICLE MODEL | YEAR | VEHICLE TYPE |
|---|---|---|---|---|
| ROADWAY VEHICLE | CHEVROLET | SONIC | 2015 | SEDAN/4 DOOR |

| VEHICLE COLOR | VIN NUMBER | OWNER APPLIED # | REGISTRATION STATE, YEAR, & NUMBER | | |
|---|---|---|---|---|---|
| GRAY | 1G1JC5SH3F4122793 | | TN | 2015 | T0467F |

| VEHICLE DESCRIPTORS | KEYS LEFT IN UNIT? | OWNER |
|---|---|---|
| | NO | Victim 1 |

**GENERAL**

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|
| | | | | | | |

| PROPERTY DESCRIPTION | | |
|---|---|---|
| OWNER APPLED NUMBER | SERIAL NUMBER | |
| MAKE | MODEL | OWNER |

| TOTAL STOLEN VALUE: $17,000.00 | TOTAL RECOVERED VALUE: $0.00 | TOTAL VEHICLES STOLEN: 1 | TOTAL VEHICLES RECOVERED: 0 |
|---|---|---|---|

### STATUS

| INCIDENT STATUS | CLOSED DATE | CLEARANCE TYPE | CLEARED EXCEPTIONALLY | EX. CLEARANCE DATE | UCR REPORTING FOR OTHER AGENCY |
|---|---|---|---|---|---|
| OPEN | | | | | YES ☐ |

| SUBMITTING OFFICER | INVESTIGATING OFFICER | UNIT/BADGE # | REVIEWED BY | TIME SPENT |
|---|---|---|---|---|
| J SENG | J SENG | 5799 | J SENG | |

Case ID: 151103380
Control No.: 17090690

# KYIBRS REPORT
## COMMONWEALTH OF KENTUCKY

KSP RECORDS

## VICTIM DATA

| VICTIM SEQUENCE | | VICTIM NAME | | PHONE |
|---|---|---|---|---|
| 1 of 1 | HERTZ | | | (502) 235-6364 |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: |
|---|---|

Address Unknown ☐  ADDRESS: 440 HURON AVE    VICTIM TYPE: BUS

| CITY: LOUISVILLE | STATE: KY | ZIP CODE: 40209 | KY RESIDENT: |
|---|---|---|---|

| DATE OF BIRTH | SSN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|

| GENDER | RACE | ETHNIC ORIGIN | PEACE OFFICER? |
|---|---|---|---|
| | | | YES ☐ |

| NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | INJURY TYPE |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

| VICTIM OF OFFENSE(S) | AGG ASSAULT/ HOMICIDE CIRC | ADDTL JUSTIFIABLE HOMICIDE CIRC |
|---|---|---|
| 24044 | | |

| LEOKA ASSIGNMENT | LEOKA ACTIVITY |
|---|---|

## SUSPECT/ARRESTEE DATA

| SUSPECT SEQ.# | NAME: | ARRESTED? | ARREST DATE |
|---|---|---|---|
| of | ALIAS: | YES ☐ | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: |
|---|---|

| ADDRESS | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
|---|---|---|---|

| CITY: | STATE: | ZIP CODE: |
|---|---|---|

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|

| ARRESTEE SEQ.# | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | | | | |
|---|---|---|---|---|---|---|---|---|
| of | | | 1 | | 4 | | 8 | |
| ARRESTEE ARMED WITH | | | 2 | | 5 | | 7 | |
| | | | 3 | | 6 | | 9 | |

| SUSPECT SEQ.# | NAME: | ARRESTED? | ARREST DATE |
|---|---|---|---|
| of | ALIAS: | YES ☐ | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: |
|---|---|

| ADDRESS | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
|---|---|---|---|

| CITY: | STATE: | ZIP CODE: |
|---|---|---|

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|

| ARRESTEE SEQ.# | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | | | | |
|---|---|---|---|---|---|---|---|---|
| of | | | 1 | | 4 | | 7 | |
| ARRESTEE ARMED WITH | | | 2 | | 5 | | 8 | |
| | | | 3 | | 6 | | 9 | |

## WITNESS DATA

| WITNESS SEQUENCE | WITNESS NAME | PHONE |
|---|---|---|
| of | | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: |
|---|---|

| ADDRESS: | DATE OF BIRTH |
|---|---|

| CITY: | STATE: | ZIP CODE: | SSN: |
|---|---|---|---|

Case ID: 151103380
Control No.: 17090690

## KYIBRS REPORT: UOR2 SUPPLEMENT

KSP RECORDS

### COMMONWEALTH OF KENTUCKY

*SYNOPSIS:*
Hertz reports the above vehicle missing from inventory since March 26th, 2015.

*MODUS OPERANDI:*

*DATE & TIME OF OCCURRENCE:*

*ACCUSED:*

*SUSPECTS:*

*STOLEN PROPERTY:*

*OTHER PROPERTY:*

*EVIDENCE & HOW MARKED:*

*EVIDENCE DISPOSITION:*

*INVESTIGATION:*

*STATUS OF CASE:*

*ATTACHMENT*

Case ID: 151103380
Control No.: 17090690

*SUPPLEMENT*

# KYIBRS REPORT

## COMMONWEALTH OF KENTUCKY

KSP RECORDS

### ADMINISTRATIVE

| AGENCY ORI/NAME | 0566900 LOUISVILLE AIRPORT POLICE | | | | INCIDENT NUMBER | KY P15-0184 | | |
|---|---|---|---|---|---|---|---|---|

| INCIDENT DATE/TIME | EXACT/ESTIMATE | REPORT DATE | RECEIVED | DISPATCHED | ARRIVED | CLEARED |
|---|---|---|---|---|---|---|
| 05/01/2015 07:00 TO 06/18/2015 11:00 | ESTIMATE | 06/18/2015 | 14:25 | 14:25 | 14:25 | 14:55 |

REPORTED BY: **HERTZ, RENT A CAR** — HOW REPORTED

LICENSE/ID STATE: — LICENSE/ID NUMBER:

ADDRESS: **440 HURON AVE**

CITY: **LOUISVILLE** — STATE: **KY** — ZIP CODE: **40209** — PHONE NUMBER: **(502) 235-6364**

EXACT LOCATION OF OFFENSE:
- **600 TERMINAL DR** — SECTOR NO:
- ADDRESS: **600 TERMINAL DR**
- CITY: **LOUISVILLE** — STATE: **KY** — ZIP CODE: **40209**
- COUNTY: **JEFFERSON** — LATITUDE **38 DEG 11.178 MIN** — LONGITUDE **85 DEG 44.527 MIN**

### OFFENSE DATA

| SEQUENCE # 1 OF 1 | LOCATION TYPE: AIR/BUS/TRAIN TERMINAL | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|

OFFENSE DESCRIPTION: TBUT OR DISP AUTO - $10,000 OR MORE BUT U/$1,000,000

OFFENSE CODE: 24044 — ASCF CODE: 0 — KRS CODE: 514.030 — CLASS: C — DEGREE: F — COUNTS: 1

BIAS MOTIVATION: NONE (NO BIAS) — METHOD ENTRY: — NUMBER PREMISES:

SCHOOL NAME: — SCHOOL TYPE: — CAMPUS?

OFFENDER SUSPECTED OF USING: NOT APPLICABLE — COURT ORDER TYPE:

| SEQUENCE # OF | LOCATION TYPE: | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|

OFFENSE DESCRIPTION:

OFFENSE CODE: — ASCF CODE: — KRS CODE: — CLASS: — DEGREE: — COUNTS:

BIAS MOTIVATION: — METHOD ENTRY: — NUMBER PREMISES:

SCHOOL NAME: — SCHOOL TYPE: — CAMPUS?

OFFENDER SUSPECTED OF USING: — COURT ORDER TYPE:

| SEQUENCE # OF | LOCATION TYPE: | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|

OFFENSE DESCRIPTION:

OFFENSE CODE: — ASCF CODE: — KRS CODE: — CLASS: — DEGREE: — COUNTS:

BIAS MOTIVATION: — METHOD ENTRY: — NUMBER PREMISES:

SCHOOL NAME: — SCHOOL TYPE: — CAMPUS?

OFFENDER SUSPECTED OF USING: — COURT ORDER TYPE:

### PROPERTY DATA

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|
| 1 | AUTOMOBILES | STOLEN AND RECOVERED | $25,000.00 | $25,000.00 | UNDAMAGED | 10/06/2015 |

UNIT:

| UNIT TYPE | VEHICLE MAKE | VEHICLE MODEL | YEAR | VEHICLE TYPE |
|---|---|---|---|---|
| ROADWAY VEHICLE | TOYOTA | RAV4 | 2014 | CARRY-ALL (Rugged trail vehic) |

| VEHICLE COLOR | VIN NUMBER | OWNER APPLIED # | REGISTRATION STATE, YEAR, & NUMBER | | |
|---|---|---|---|---|---|
| GRAY | 2T3ZFREV2EW109433 | | TN | 2016 | 7359N |

| VEHICLE DESCRIPTORS | KEYS LEFT IN UNIT? | OWNER |
|---|---|---|
| | YES | Victim 1 |

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|
| | | | | | | |

GENERAL:

PROPERTY DESCRIPTION

OWNER APPLED NUMBER — SERIAL NUMBER

MAKE — MODEL — OWNER

| TOTAL STOLEN VALUE: | $25,000.00 | TOTAL RECOVERED VALUE: | $25,000.00 | TOTAL VEHICLES STOLEN: | 1 | TOTAL VEHICLES RECOVERED: | 1 |
|---|---|---|---|---|---|---|---|

### STATUS

| INCIDENT STATUS | CLOSED DATE | CLEARANCE TYPE | CLEARED EXCEPTIONALLY | EX.CLEARANCE DATE | UCR REPORTING FOR OTHER AGENCY |
|---|---|---|---|---|---|
| CLOSED | 10/07/2015 | | | | YES ☐ |

| SUBMITTING OFFICER | INVESTIGATING OFFICER | UNIT/BADGE # | REVIEWED BY | TIME SPENT |
|---|---|---|---|---|
| J SENG | J SENG | 5799 | J SENG | 30 min |

Case ID: 151103380
Control No.: 17090690

# KYIBRS REPORT
## COMMONWEALTH OF KENTUCKY

KSP RECORDS

### VICTIM DATA

| VICTIM SEQUENCE | | VICTIM NAME | PHONE |
|---|---|---|---|
| 1  of  1 | HERTZ | | (502) 235-6364 |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | |
|---|---|---|

Address Unknown ☐  ADDRESS: **440 HURON AVE**    VICTIM TYPE: **BUS**

CITY: **LOUISVILLE**    STATE: **KY**    ZIP CODE: **40209**    KY RESIDENT:

| DATE OF BIRTH | SSN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|

| GENDER | RACE | ETHNIC ORIGIN | PEACE OFFICER? |
|---|---|---|---|
| | | | YES ☐ |

| NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | INJURY TYPE |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

| VICTIM OF OFFENSE(S) | AGG ASSAULT/ HOMICIDE CIRC | ADDTL JUSTIFIABLE HOMICIDE CIRC |
|---|---|---|
| 24044 | | |

| LEOKA ASSIGNMENT | LEOKA ACTIVITY |
|---|---|

### SUSPECT/ARRESTEE DATA

| SUSPECT SEQ. # | NAME: | ARRESTED? | ARREST DATE |
|---|---|---|---|
| of | ALIAS: | YES ☐ | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: |
|---|---|

| ADDRESS | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
|---|---|---|---|

| CITY: | STATE: | ZIP CODE: |
|---|---|---|

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|

| ARRESTEE SEQ. # | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | |
|---|---|---|---|---|---|
| of | | | 1 | 4 | 8 |
| ARRESTEE ARMED WITH | | | 2 | 5 | 7 |
| | | | 3 | 6 | 9 |

### SUSPECT/ARRESTEE DATA

| SUSPECT SEQ. # | NAME: | ARRESTED? | ARREST DATE |
|---|---|---|---|
| of | ALIAS: | YES ☐ | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: |
|---|---|

| ADDRESS | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
|---|---|---|---|

| CITY: | STATE: | ZIP CODE: |
|---|---|---|

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|

| ARRESTEE SEQ. # | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | |
|---|---|---|---|---|---|
| of | | | 1 | 4 | 7 |
| ARRESTEE ARMED WITH | | | 2 | 5 | 8 |
| | | | 3 | 6 | 9 |

### WITNESS DATA

| WITNESS SEQUENCE | WITNESS NAME | PHONE |
|---|---|---|
| of | | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: |
|---|---|

| ADDRESS: | DATE OF BIRTH |
|---|---|

| CITY: | STATE: | ZIP CODE: | SSN: |
|---|---|---|---|

Case ID: 151103380
Control No.: 17090690

## KYIBRS REPORT: UOR2 SUPPLEMENT

### COMMONWEALTH OF KENTUCKY

KSP RECORDS

*SYNOPSIS:*
Vehicle missing from inventory. Last seen on May 1,2015.
Vehicle was found on the lot on 10-07-2015 with keys in it. No other info given.

*MODUS OPERANDI:*

*DATE & TIME OF OCCURRENCE:*

*ACCUSED:*

*SUSPECTS:*

*STOLEN PROPERTY:*

*OTHER PROPERTY:*

*EVIDENCE & HOW MARKED:*

*EVIDENCE DISPOSITION:*

*INVESTIGATION:*

*STATUS OF CASE:*

*ATTACHMENT*

Case ID: 151103380
Control No.: 17090690

# KYIBRS REPORT

## COMMONWEALTH OF KENTUCKY

KSP RECORDS

| ADMINISTRATIVE | | | | | | | |
|---|---|---|---|---|---|---|---|
| AGENCY ORI/NAME  **0566900 LOUISVILLE AIRPORT POLICE** | | | | INCIDENT NUMBER   **KY P15-0287** | | | |
| INCIDENT DATE/TIME | | EXACT/ESTIMATE | REPORT DATE | RECEIVED | DISPATCHED | ARRIVED | CLEARED |
| **09/30/2015 17:45 TO 09/30/2015 18:50** | | **ESTIMATE** | **09/30/2015** | **17:45** | **17:45** | **17:45** | **18:50** |
| REPORTED BY: **BRANDI, BRANDI** | | | | | | HOW REPORTED | |
| LICENSE/ID STATE: | | LICENSE/ID NUMBER: | | | | | |
| ADDRESS: **4100 HURON DR** | | | | | | | |
| CITY: **LOUISVILLE** | | STATE: **KY** | ZIP CODE: **40209** | | PHONE NUMBER: | | |
| EXACT LOCATION OF OFFENSE | **600 TERMINAL DR** | | | | | SECTOR NO: | |
| | ADDRESS: **600 TERMINAL DR** | | | | | | |
| | CITY: **LOUISVILLE** | | | | STATE: **KY** | ZIP CODE: **40209** | |
| | COUNTY: **JEFFERSON** | | LATITUDE | **38 DEG** | **11.210 MIN** | LONGITUDE  **85 DEG** | **44.477 MIN** |

| OFFENSE DATA | | | | | |
|---|---|---|---|---|---|
| SEQUENCE #   **1**  OF  **1** | LOCATION TYPE: **AIR/BUS/TRAIN TERMINAL** | | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO | |
| OFFENSE DESCRIPTION: **TBUT OR DISP AUTO - $10,000 OR MORE BUT U/$1,000,000** | | | | | |
| OFFENSE CODE: **24044** | ASCF CODE: **0** | KRS CODE: **514.030** | CLASS: **C** | DEGREE: **F** | COUNTS: **1** |
| BIAS MOTIVATION: **UNKNOWN (MOTIVATION NOT KNOWN)** | | METHOD ENTRY: | NUMBER PREMISES: | | |
| SCHOOL NAME: | | | SCHOOL TYPE: | CAMPUS? | |
| OFFENDER SUSPECTED OF USING: **NOT APPLICABLE** | | | COURT ORDER TYPE: | | |
| SEQUENCE #   OF | LOCATION TYPE: | | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO | |
| OFFENSE DESCRIPTION: | | | | | |
| OFFENSE CODE: | ASCF CODE: | KRS CODE: | CLASS: | DEGREE: | COUNTS: |
| BIAS MOTIVATION: | | METHOD ENTRY: | NUMBER PREMISES: | | |
| SCHOOL NAME: | | | SCHOOL TYPE: | CAMPUS? | |
| OFFENDER SUSPECTED OF USING: | | | COURT ORDER TYPE: | | |
| SEQUENCE #   OF | LOCATION TYPE: | | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO | |
| OFFENSE DESCRIPTION: | | | | | |
| OFFENSE CODE: | ASCF CODE: | KRS CODE: | CLASS: | DEGREE: | COUNTS: |
| BIAS MOTIVATION: | | METHOD ENTRY: | NUMBER PREMISES: | | |
| SCHOOL NAME: | | | SCHOOL TYPE: | CAMPUS? | |
| OFFENDER SUSPECTED OF USING: | | | COURT ORDER TYPE: | | |

| PROPERTY DATA | | | | | | |
|---|---|---|---|---|---|---|
| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
| 1 | AUTOMOBILES | STOLEN (NOT RECOVERED)  **$25,000.00** | | | | |
| UNIT | UNIT TYPE | VEHICLE MAKE | VEHICLE MODEL | YEAR | VEHICLE TYPE | |
| | **ROADWAY VEHICLE** | **NISSAN** | **ALTIMA** | **2015** | **SEDAN/4 DOOR** | |
| | VEHICLE COLOR | VIN NUMBER | OWNER APPLIED # | | REGISTRATION STATE, YEAR, & NUMBER | |
| | | **1N4AL3APXFC246849** | **1171107** | **KY** | **2015** | **152TCL** |
| | VEHICLE DESCRIPTORS | | | | KEYS LEFT IN UNIT? | OWNER |
| | **HERTZ RENTAL CAR** | | | | **YES** | **Victim 1** |
| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
| GENERAL | | | PROPERTY DESCRIPTION | | | |
| | | OWNER APPLED NUMBER | | SERIAL NUMBER | | |
| | | MAKE | | MODEL | | OWNER |

| | | | | | |
|---|---|---|---|---|---|
| TOTAL STOLEN VALUE:  **$25,000.00** | TOTAL RECOVERED VALUE:  **$0.00** | | TOTAL VEHICLES STOLEN:  **1** | TOTAL VEHICLES RECOVERED:  **0** | |

| STATUS | | | | | |
|---|---|---|---|---|---|
| INCIDENT STATUS | CLOSED DATE | CLEARANCE TYPE | CLEARED EXCEPTIONALLY | EX. CLEARANCE DATE | UCR REPORTING FOR OTHER AGENCY |
| **OPEN** | | | | | YES ☐ |
| SUBMITTING OFFICER | INVESTIGATING OFFICER | UNIT/BADGE # | REVIEWED BY | | TIME SPENT |
| **J HAIRGROVE** | **J HAIRGROVE** | **5855** | **C COPE** | | **1 hrs** |

Case ID: 151103380
Control No.: 17090690

# KYIBRS REPORT
## COMMONWEALTH OF KENTUCKY

KSP RECORDS

## VICTIM DATA

| VICTIM SEQUENCE | VICTIM NAME | PHONE |
|---|---|---|
| 1 of 1 | **HERTZ RENTAL** | **(502) 367-4636** |

| LICENSE/ID STATE | LICENSE/ID NUMBER |
|---|---|
| | |

Address Unknown ☐ | ADDRESS: **4100 HURON DR** | VICTIM TYPE: **BUS**

CITY: **LOUISVILLE** | STATE: **KY** | ZIP CODE: **40209** | KY RESIDENT:

| DATE OF BIRTH | SSN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|
| | | | | | |

| GENDER | RACE | ETHNIC ORIGIN | PEACE OFFICER? |
|---|---|---|---|
| | | | YES ☐ |

| NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | INJURY TYPE |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

| VICTIM OF OFFENSE(S) | AGG ASSAULT/ HOMICIDE CIRC | ADDTL JUSTIFIABLE HOMICIDE CIRC |
|---|---|---|
| 24044 | | |

| LEOKA ASSIGNMENT | LEOKA ACTIVITY |
|---|---|
| | |

## SUSPECT/ARRESTEE DATA

| SUSPECT SEQ.# | NAME: | ARRESTED? | ARREST DATE |
|---|---|---|---|
| of | ALIAS: | YES ☐ | |

| LICENSE/ID STATE | LICENSE/ID NUMBER |
|---|---|
| | |

ADDRESS: | DATE OF BIRTH: | PHONE: | KY RESIDENT:

CITY: | STATE: | ZIP CODE:

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| ARRESTEE SEQ.# | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | | |
|---|---|---|---|---|---|---|
| of | | | 1 | 4 | 8 | |
| | ARRESTEE ARMED WITH | | 2 | 5 | 7 | |
| | | | 3 | 6 | 9 | |

| SUSPECT SEQ.# | NAME: | ARRESTED? | ARREST DATE |
|---|---|---|---|
| of | ALIAS: | YES ☐ | |

| LICENSE/ID STATE | LICENSE/ID NUMBER |
|---|---|
| | |

ADDRESS: | DATE OF BIRTH: | PHONE: | KY RESIDENT:

CITY: | STATE: | ZIP CODE:

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| ARRESTEE SEQ.# | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | | |
|---|---|---|---|---|---|---|
| of | | | 1 | 4 | 7 | |
| | ARRESTEE ARMED WITH | | 2 | 5 | 8 | |
| | | | 3 | 6 | 9 | |

## WITNESS DATA

| WITNESS SEQUENCE | WITNESS NAME | PHONE |
|---|---|---|
| of | | |

| LICENSE/ID STATE | LICENSE/ID NUMBER |
|---|---|
| | |

ADDRESS:

CITY: | STATE: | ZIP CODE: | SSN: | DATE OF BIRTH

Case ID: 151103380
Control No.: 17090690

# KYIBRS REPORT: UOR2 SUPPLEMENT

KSP RECORDS

## COMMONWEALTH OF KENTUCKY

*SYNOPSIS:*
Stolen vehicle from Hertz rental

*MODUS OPERANDI:*

*DATE & TIME OF OCCURRENCE:*

*ACCUSED:*

*SUSPECTS:*

*STOLEN PROPERTY:*
2015 Nissan Altima
Ky Reg 152-TCL
VIN - 1N4AL3APXFC246849

*OTHER PROPERTY:*

*EVIDENCE & HOW MARKED:*

*EVIDENCE DISPOSITION:*

*INVESTIGATION:*
Hertz rental notified airport police of a vehicle that has been stolen from their fleet of vehicles. They advised that the vehicle was on their lot, but has been taken. Keys were with the vehicle.

*STATUS OF CASE:*
Open

*ATTACHMENT*

Case ID: 151103380
Control No.: 17090690

# KYIBRS REPORT

## COMMONWEALTH OF KENTUCKY

KSP RECORDS

**ADMINISTRATIVE**

| AGENCY ORI/NAME | 0566900 LOUISVILLE AIRPORT POLICE | | INCIDENT NUMBER | KY P15-0288 | |
|---|---|---|---|---|---|

| INCIDENT DATE/TIME | EXACT/ESTIMATE | REPORT DATE | RECEIVED | DISPATCHED | ARRIVED | CLEARED |
|---|---|---|---|---|---|---|
| 09/30/2015 17:45 TO 09/30/2015 18:50 | ESTIMATE | 09/30/2015 | 17:45 | 17:45 | 17:45 | 18:50 |

REPORTED BY: **BRANDI, BRANDI**          HOW REPORTED

LICENSE/ID STATE:          LICENSE/ID NUMBER:

ADDRESS: **4100 HURIN DR**

| CITY: **LOUISVILLE** | STATE: **KY** | ZIP CODE: **40209** | PHONE NUMBER: **(502) 367-4636** |
|---|---|---|---|

EXACT LOCATION OF OFFENSE:
**600 TERMINAL DR**          SECTOR NO:
ADDRESS: **600 TERMINAL DR**

| CITY: **LOUISVILLE** | | STATE: **KY** | ZIP CODE: **40209** |
|---|---|---|---|

| COUNTY: **JEFFERSON** | LATITUDE | **38 DEG** | **11.197 MIN** | LONGITUDE | **85 DEG** | **44.504 MIN** |
|---|---|---|---|---|---|---|

**OFFENSE DATA**

| SEQUENCE # | 1 OF 1 | LOCATION TYPE: AIR/BUS/TRAIN TERMINAL | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|---|

OFFENSE DESCRIPTION: TBUT OR DISP AUTO - $10,000 OR MORE BUT U/$1,000,000

| OFFENSE CODE: 24044 | ASCF CODE: 0 | KRS 514.030 | CLASS: C | DEGREE: F | COUNTS: 1 |
|---|---|---|---|---|---|

| BIAS MOTIVATION: UNKNOWN (MOTIVATION NOT KNOWN) | METHOD ENTRY: | NUMBER PREMISES: |
|---|---|---|

| SCHOOL NAME: | SCHOOL TYPE: | CAMPUS? |
|---|---|---|

OFFENDER SUSPECTED OF USING: NOT APPLICABLE          COURT ORDER TYPE:

| SEQUENCE # | OF | LOCATION TYPE: | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|---|

OFFENSE DESCRIPTION:

| OFFENSE CODE: | ASCF CODE: | KRS CODE: | CLASS: | DEGREE: | COUNTS: |
|---|---|---|---|---|---|

| BIAS MOTIVATION: | METHOD ENTRY: | NUMBER PREMISES: |
|---|---|---|

| SCHOOL NAME: | SCHOOL TYPE: | CAMPUS? |
|---|---|---|

OFFENDER SUSPECTED OF USING:          COURT ORDER TYPE:

| SEQUENCE # | OF | LOCATION TYPE: | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|---|

OFFENSE DESCRIPTION:

| OFFENSE CODE: | ASCF CODE: | KRS CODE: | CLASS: | DEGREE: | COUNTS: |
|---|---|---|---|---|---|

| BIAS MOTIVATION: | METHOD ENTRY: | NUMBER PREMISES: |
|---|---|---|

| SCHOOL NAME: | SCHOOL TYPE: | CAMPUS? |
|---|---|---|

OFFENDER SUSPECTED OF USING:          COURT ORDER TYPE:

**PROPERTY DATA**

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|
| 1 | AUTOMOBILES | STOLEN (NOT RECOVERED) | $25,000.00 | | | |

UNIT

| UNIT TYPE | VEHICLE MAKE | VEHICLE MODEL | YEAR | VEHICLE TYPE |
|---|---|---|---|---|
| ROADWAY VEHICLE | TOYOTA | CAMRY | 2015 | SEDAN/4 DOOR |

| VEHICLE COLOR | VIN NUMBER | OWNER APPLIED # | REGISTRATION STATE, YEAR, & NUMBER | | |
|---|---|---|---|---|---|
| WHITE | 4T1BF1FK9FU950005 | 1192715 | KY | 2015 | 429TKL |

| VEHICLE DESCRIPTORS | KEYS LEFT IN UNIT? | OWNER |
|---|---|---|
| HERTZ RENTAL CAR | YES | Victim 1 |

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|
| | | | | | | |

GENERAL

PROPERTY DESCRIPTION

| OWNER APPLED NUMBER | SERIAL NUMBER |
|---|---|

| MAKE | MODEL | OWNER |
|---|---|---|

| TOTAL STOLEN VALUE: | $25,000.00 | TOTAL RECOVERED VALUE: | $0.00 | TOTAL VEHICLES STOLEN: | 1 | TOTAL VEHICLES RECOVERED: | 0 |
|---|---|---|---|---|---|---|---|

**STATUS**

| INCIDENT STATUS | CLOSED DATE | CLEARANCE TYPE | CLEARED EXCEPTIONALLY | EX. CLEARANCE DATE | UCR REPORTING FOR OTHER AGENCY |
|---|---|---|---|---|---|
| OPEN | | | | | YES ☐ |

| SUBMITTING OFFICER | INVESTIGATING OFFICER | UNIT/BADGE # | REVIEWED BY | TIME SPENT |
|---|---|---|---|---|
| J HAIRGROVE | J HAIRGROVE | 5855 | C COPE | 1 hrs |

| Page 1 of 3 | Incident Number: P15-0288 | Agency ORI: 0566900 | Badge #: 5855 |
|---|---|---|---|

Case ID: 151103380
Control No.: 17090690

# KYIBRS REPORT

## COMMONWEALTH OF KENTUCKY

KSP RECORDS

### VICTIM DATA

| VICTIM SEQUENCE | VICTIM NAME | | | | PHONE |
|---|---|---|---|---|---|
| 1 of 1 | HERTZ RENTAL | | | | (502) 367-4636 |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | |
|---|---|---|

Address Unknown ☐   ADDRESS: **4100 HURON DR**    VICTIM TYPE: **BUS**

| CITY: **LOUISVILLE** | STATE: **KY** | ZIP CODE: **40209** | KY RESIDENT: |
|---|---|---|---|

| DATE OF BIRTH | SSN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|

| GENDER | RACE | ETHNIC ORIGIN | PEACE OFFICER? |
|---|---|---|---|
| | | | YES ☐ |

| NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | INJURY TYPE |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

| VICTIM OF OFFENSE(S) | AGG ASSAULT/ HOMICIDE CIRC | ADDTL JUSTIFIABLE HOMICIDE CIRC |
|---|---|---|
| 24044 | | |

| LEOKA ASSIGNMENT | LEOKA ACTIVITY |
|---|---|
| | |

### SUSPECT/ARRESTEE DATA

| SUSPECT SEQ. # | NAME: | | ARRESTED? | ARREST DATE |
|---|---|---|---|---|
| of | ALIAS: | | YES ☐ | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | |
|---|---|---|

| ADDRESS | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
|---|---|---|---|

| CITY: | STATE: | ZIP CODE: | | |
|---|---|---|---|---|

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|

| ARRESTEE SEQ. # | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | | |
|---|---|---|---|---|---|---|
| of | | | 1 | 4 | 8 | |
| | ARRESTEE ARMED WITH | | 2 | 5 | 7 | |
| | | | 3 | 6 | 9 | |

### SUSPECT/ARRESTEE DATA

| SUSPECT SEQ. # | NAME: | | ARRESTED? | ARREST DATE |
|---|---|---|---|---|
| of | ALIAS: | | YES ☐ | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | |
|---|---|---|

| ADDRESS | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
|---|---|---|---|

| CITY: | STATE: | ZIP CODE: | | |
|---|---|---|---|---|

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|

| ARRESTEE SEQ. # | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | | |
|---|---|---|---|---|---|---|
| of | | | 1 | 4 | 7 | |
| | ARRESTEE ARMED WITH | | 2 | 5 | 8 | |
| | | | 3 | 6 | 9 | |

### WITNESS DATA

| WITNESS SEQUENCE | WITNESS NAME | PHONE |
|---|---|---|
| of | | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | |
|---|---|---|

| ADDRESS: | DATE OF BIRTH |
|---|---|

| CITY: | STATE: | ZIP CODE: | SSN: |
|---|---|---|---|

Case ID: 151103380
Control No.: 17090690

# KYIBRS REPORT: UOR2 SUPPLEMENT

KSP RECORDS

## COMMONWEALTH OF KENTUCKY

**SYNOPSIS:**
Stolen vehicle

**MODUS OPERANDI:**

**DATE & TIME OF OCCURRENCE:**

**ACCUSED:**

**SUSPECTS:**

**STOLEN PROPERTY:**
2015 Toyota Camry  / White
Ky Reg 429-TKL
VIN 4T1BF1FK9FU950005

**OTHER PROPERTY:**

**EVIDENCE & HOW MARKED:**

**EVIDENCE DISPOSITION:**

**INVESTIGATION:**
Hertz rental notified airport police of a vehicle that had been stolen from the lot. The keys are with the vehicle. They advised that vehicle was on their lot on 8/14/15, but it is now missing.

**STATUS OF CASE:**
Open

**ATTACHMENT**

Case ID: 151103380
Control No.: 17090690

# KYIBRS REPORT

### COMMONWEALTH OF KENTUCKY

KSP RECORDS

| ADMINISTRATIVE | | | | | | | |
|---|---|---|---|---|---|---|---|
| AGENCY ORI/NAME: **0566900 LOUISVILLE AIRPORT POLICE** | | | | | INCIDENT NUMBER | **KY P15-0289** | |

| | INCIDENT DATE/TIME | EXACT/ESTIMATE | REPORT DATE | RECEIVED | DISPATCHED | ARRIVED | CLEARED |
|---|---|---|---|---|---|---|---|
| | 09/30/2015 17:45 TO 09/30/2015 18:50 | **ESTIMATE** | 09/30/2015 | **17:45** | **17:45** | **17:45** | **18:50** |

REPORTED BY: **BRANDI, BRANDI**   HOW REPORTED

LICENSE/ID STATE:     LICENSE/ID NUMBER:

ADDRESS: **4100 HURON DR**

CITY: **LOUISVILLE**   STATE: **KY**   ZIP CODE: **40209**   PHONE NUMBER: **(502) 367-4636**

EXACT LOCATION OF OFFENSE: **600 TERMINAL DR**
ADDRESS: **600 TERMINAL DR**   SECTOR NO:
CITY: **LOUISVILLE**   STATE: **KY**   ZIP CODE: **40209**
COUNTY: **JEFFERSON**   LATITUDE **38 DEG 11.206 MIN**   LONGITUDE **85 DEG 44.477 MIN**

## OFFENSE DATA

SEQUENCE # **1** OF **1**   LOCATION TYPE: **AIR/BUS/TRAIN TERMINAL**   TYPE WEAPON/FORCE INVOLVED   CRIMINAL ACTIVITY/GANG IFO

OFFENSE DESCRIPTION: **TBUT OR DISP AUTO - $10,000 OR MORE BUT U$1,000,000**

OFFENSE CODE: **24044**   ASCF CODE: **0**   KRS CODE: **514.030**   CLASS: **C**   DEGREE: **F**   COUNTS: **1**

BIAS MOTIVATION: **UNKNOWN (MOTIVATION NOT KNOWN)**   METHOD ENTRY:   NUMBER PREMISES:

SCHOOL NAME:   SCHOOL TYPE:   CAMPUS?

OFFENDER SUSPECTED OF USING: **NOT APPLICABLE**   COURT ORDER TYPE:

---

SEQUENCE # OF   LOCATION TYPE:   TYPE WEAPON/FORCE INVOLVED   CRIMINAL ACTIVITY/GANG IFO

OFFENSE DESCRIPTION:

OFFENSE CODE:   ASCF CODE:   KRS CODE:   CLASS:   DEGREE:   COUNTS:

BIAS MOTIVATION:   METHOD ENTRY:   NUMBER PREMISES:

SCHOOL NAME:   SCHOOL TYPE:   CAMPUS?

OFFENDER SUSPECTED OF USING:   COURT ORDER TYPE:

---

SEQUENCE # OF   LOCATION TYPE:   TYPE WEAPON/FORCE INVOLVED   CRIMINAL ACTIVITY/GANG IFO

OFFENSE DESCRIPTION:

OFFENSE CODE:   ASCF CODE:   KRS CODE:   CLASS:   DEGREE:   COUNTS:

BIAS MOTIVATION:   METHOD ENTRY:   NUMBER PREMISES:

SCHOOL NAME:   SCHOOL TYPE:   CAMPUS?

OFFENDER SUSPECTED OF USING:   COURT ORDER TYPE:

## PROPERTY DATA

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|
| 1 | AUTOMOBILES | STOLEN (NOT RECOVERED) | $25,000.00 | | | |

### UNIT

| UNIT TYPE | VEHICLE MAKE | VEHICLE MODEL | YEAR | VEHICLE TYPE |
|---|---|---|---|---|
| ROADWAY VEHICLE | CHRYSLER | 200 SERIES | 2015 | SEDAN/4 DOOR |

| VEHICLE COLOR | VIN NUMBER | OWNER APPLIED # | | REGISTRATION STATE, YEAR, & NUMBER | | |
|---|---|---|---|---|---|---|
| BLUE | 1C3CCCAB0FN713891 | 5204029 | SC | 2015 | LEA350 | |

| VEHICLE DESCRIPTORS | KEYS LEFT IN UNIT? | OWNER |
|---|---|---|
| HERTZ RENTAL | YES | Victim 1 |

### GENERAL

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|
| | | | | | | |

PROPERTY DESCRIPTION

OWNER APPLED NUMBER   SERIAL NUMBER

MAKE   MODEL   OWNER

| TOTAL STOLEN VALUE: | $25,000.00 | TOTAL RECOVERED VALUE: | $0.00 | TOTAL VEHICLES STOLEN: | 1 | TOTAL VEHICLES RECOVERED: | 0 |
|---|---|---|---|---|---|---|---|

## STATUS

| INCIDENT STATUS | CLOSED DATE | CLEARANCE TYPE | CLEARED EXCEPTIONALLY | EX. CLEARANCE DATE | UCR REPORTING FOR OTHER AGENCY |
|---|---|---|---|---|---|
| OPEN | | | | | YES ☐ |

| SUBMITTING OFFICER | INVESTIGATING OFFICER | UNIT/BADGE # | REVIEWED BY | TIME SPENT |
|---|---|---|---|---|
| J HAIRGROVE | J HAIRGROVE | 5855 | C COPE | 1 hrs |

Case ID: 151103380
Control No.: 17090690

# KYIBRS REPORT

## COMMONWEALTH OF KENTUCKY

KSP RECORDS

**VICTIM DATA**

| VICTIM SEQUENCE | | VICTIM NAME | | PHONE |
|---|---|---|---|---|
| 1  of  1 | HERTZ CAR RENTAL | | | (502) 367-4636 |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | |
|---|---|---|

| Address Unknown ☐ | ADDRESS: 4100 HURON DR | VICTIM TYPE: BUS |
|---|---|---|

| CITY: LOUISVILLE | STATE: KY | ZIP CODE: 40209 | KY RESIDENT: |
|---|---|---|---|

| DATE OF BIRTH | SSN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|

| GENDER | RACE | ETHNIC ORIGIN | PEACE OFFICER? |
|---|---|---|---|
| | | | YES ☐ |

| NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | INJURY TYPE |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

| VICTIM OF OFFENSE(S) | AGG ASSAULT/ HOMICIDE CIRC | ADDTL JUSTIFIABLE HOMICIDE CIRC |
|---|---|---|
| 24044 | | |

| LEOKA ASSIGNMENT | LEOKA ACTIVITY |
|---|---|

**SUSPECT/ARRESTEE DATA**

| SUSPECT SEQ. # | NAME: | | ARRESTED? | ARREST DATE |
|---|---|---|---|---|
| of | ALIAS: | | YES ☐ | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: |
|---|---|

| ADDRESS | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
|---|---|---|---|

| CITY: | STATE: | ZIP CODE: |
|---|---|---|

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|

| ARRESTEE SEQ. # | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | |
|---|---|---|---|---|---|
| of | | | 1 | 4 | 8 |
| ARRESTEE ARMED WITH | | | 2 | 5 | 7 |
| | | | 3 | 6 | 9 |

**SUSPECT/ARRESTEE DATA**

| SUSPECT SEQ. # | NAME: | | ARRESTED? | ARREST DATE |
|---|---|---|---|---|
| of | ALIAS: | | YES ☐ | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: |
|---|---|

| ADDRESS | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
|---|---|---|---|

| CITY: | STATE: | ZIP CODE: |
|---|---|---|

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|

| ARRESTEE SEQ. # | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | |
|---|---|---|---|---|---|
| of | | | 1 | 4 | 7 |
| ARRESTEE ARMED WITH | | | 2 | 5 | 8 |
| | | | 3 | 6 | 9 |

**WITNESS DATA**

| WITNESS SEQUENCE | WITNESS NAME | PHONE |
|---|---|---|
| of | | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: |
|---|---|

| ADDRESS: | DATE OF BIRTH |
|---|---|

| CITY: | STATE: | ZIP CODE: | SSN: |
|---|---|---|---|

Case ID: 151103380
Control No.: 17090690

# KYIBRS REPORT: UOR2 SUPPLEMENT

COMMONWEALTH OF KENTUCKY

KSP RECORDS

**SYNOPSIS:**
Stolen vehicle

**MODUS OPERANDI:**

**DATE & TIME OF OCCURRENCE:**

**ACCUSED:**

**SUSPECTS:**

**STOLEN PROPERTY:**
2015 Chrysler 200  /  Blue
SC Reg LEA350
VIN - 1C3CCCAB0FN713891

**OTHER PROPERTY:**

**EVIDENCE & HOW MARKED:**

**EVIDENCE DISPOSITION:**

**INVESTIGATION:**
Hertz rental notified police of a stolen vehicle from their lot. Vehicle was returned on 8/21/15, but they have not seen vehicle since then.

**STATUS OF CASE:**
Open

**ATTACHMENT**

Case ID: 151103380
Control No.: 17090690

SUPPLEMENT

# KYIBRS REPORT
### COMMONWEALTH OF KENTUCKY

KSP RECORDS

## ADMINISTRATIVE

| AGENCY ORI/NAME | 0566900 LOUISVILLE AIRPORT POLICE | | INCIDENT NUMBER | KY P15-0359 | |
|---|---|---|---|---|---|

| INCIDENT DATE/TIME | EXACT/ESTIMATE | REPORT DATE | RECEIVED | DISPATCHED | ARRIVED | CLEARED |
|---|---|---|---|---|---|---|
| 10/30/2015 12:50 TO 10/30/2015 12:50 | ESTIMATE | 12/03/2015 | 12:00 | 12:01 | 12:15 | 12:39 |

| REPORTED BY: COX, BRANDI | | HOW REPORTED |
|---|---|---|

LICENSE/ID STATE:          LICENSE/ID NUMBER:

ADDRESS: 600 TERMINAL DR

| CITY: LOUISVILLE | STATE: KY | ZIP CODE: 40209 | PHONE NUMBER: (502) 235-6364 |
|---|---|---|---|

| EXACT LOCATION OF OFFENSE | TERMINAL DR | SECTOR NO: |
|---|---|---|
| | ADDRESS: 600 TERMINAL DR | |
| | CITY: LOUISVILLE | STATE: KY  ZIP CODE: 40209 |

| COUNTY: JEFFERSON | LATITUDE | 38 DEG | 11.193 MIN | LONGITUDE | 85 DEG | 44.502 MIN |
|---|---|---|---|---|---|---|

## OFFENSE DATA

| SEQUENCE # 1 OF 1 | LOCATION TYPE: AIR/BUS/TRAIN TERMINAL | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|

OFFENSE DESCRIPTION: THEFT BY FAILURE TO MAKE REQUIRED DISP OF PROPERTY $10,000 OR MORE

| OFFENSE CODE: 23231 | ASCF CODE: 0 | KRS CODE: 514.070 | CLASS: C | DEGREE: F | COUNTS: 1 |
|---|---|---|---|---|---|

| BIAS MOTIVATION: UNKNOWN (MOTIVATION NOT KNOWN) | METHOD ENTRY: | NUMBER PREMISES: |
|---|---|---|

| SCHOOL NAME: | SCHOOL TYPE: | CAMPUS? |
|---|---|---|

| OFFENDER SUSPECTED OF USING: NOT APPLICABLE | COURT ORDER TYPE: |
|---|---|

| SEQUENCE # OF | LOCATION TYPE: | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|

OFFENSE DESCRIPTION:

| OFFENSE CODE: | ASCF CODE: | KRS CODE: | CLASS: | DEGREE: | COUNTS: |
|---|---|---|---|---|---|

| BIAS MOTIVATION: | METHOD ENTRY: | NUMBER PREMISES: |
|---|---|---|

| SCHOOL NAME: | SCHOOL TYPE: | CAMPUS? |
|---|---|---|

| OFFENDER SUSPECTED OF USING: | COURT ORDER TYPE: |
|---|---|

| SEQUENCE # OF | LOCATION TYPE: | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|

OFFENSE DESCRIPTION:

| OFFENSE CODE: | ASCF CODE: | KRS CODE: | CLASS: | DEGREE: | COUNTS: |
|---|---|---|---|---|---|

| BIAS MOTIVATION: | METHOD ENTRY: | NUMBER PREMISES: |
|---|---|---|

| SCHOOL NAME: | SCHOOL TYPE: | CAMPUS? |
|---|---|---|

| OFFENDER SUSPECTED OF USING: | COURT ORDER TYPE: |
|---|---|

## PROPERTY DATA

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|
| 1 | AUTOMOBILES | STOLEN (NOT RECOVERED) | $13,000.00 | | | |

### UNIT

| UNIT TYPE | VEHICLE MAKE: | VEHICLE MODEL | YEAR | VEHICLE TYPE |
|---|---|---|---|---|
| ROADWAY VEHICLE | TOYOTA | COROLLA | 2014 | SEDAN/4 DOOR |

| VEHICLE COLOR | VIN NUMBER | OWNER APPLIED # | REGISTRATION STATE, YEAR, & NUMBER | | |
|---|---|---|---|---|---|
| RED | 2T1BURHE5EC145002 | | KY | 2015 | 698RML |

| VEHICLE DESCRIPTORS | KEYS LEFT IN UNIT? | OWNER |
|---|---|---|
| | YES | Victim 1 |

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|

### GENERAL

PROPERTY DESCRIPTION

| OWNER APPLED NUMBER | SERIAL NUMBER |
|---|---|

| MAKE | MODEL | OWNER |
|---|---|---|

| TOTAL STOLEN VALUE: $13,000.00 | TOTAL RECOVERED VALUE: $0.00 | TOTAL VEHICLES STOLEN: 1 | TOTAL VEHICLES RECOVERED: 0 |
|---|---|---|---|

## STATUS

| INCIDENT STATUS | CLOSED DATE | CLEARANCE TYPE | CLEARED EXCEPTIONALLY | EX. CLEARANCE DATE | UCR REPORTING FOR OTHER AGENCY |
|---|---|---|---|---|---|
| CLOSED | 01/19/2016 | TIME CLOSED | | | YES ☐ |

| SUBMITTING OFFICER | INVESTIGATING OFFICER | UNIT/BADGE # | REVIEWED BY | TIME SPENT |
|---|---|---|---|---|
| M SIMS | M SIMS | 5826 | J GRIMES | 1 hrs |

Case ID: 151103380
Control No.: 17090690

# KYIBRS REPORT
## COMMONWEALTH OF KENTUCKY

KSP RECORDS

### VICTIM DATA

| VICTIM SEQUENCE | VICTIM NAME | PHONE |
|---|---|---|
| 1 of 1 | **HERTZ RENTAL** | **(502) 235-6364** |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | |
|---|---|---|

Address Unknown ☐  ADDRESS: **600 TERMINAL DR**    VICTIM TYPE: **BUS**

CITY: **LOUISVILLE**    STATE: **KY**    ZIP CODE: **40209**    KY RESIDENT:

| DATE OF BIRTH | SSN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|

| GENDER | RACE | ETHNIC ORIGIN | PEACE OFFICER? |
|---|---|---|---|
| | | | YES ☐ |

| NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | INJURY TYPE |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

| VICTIM OF OFFENSE(S) | AGG ASSAULT/ HOMICIDE CIRC | ADDTL JUSTIFIABLE HOMICIDE CIRC |
|---|---|---|
| 23231 | | |

| LEOKA ASSIGNMENT | LEOKA ACTIVITY |
|---|---|

### SUSPECT/ARRESTEE DATA

| SUSPECT SEQ. # | NAME: | ARRESTED? | ARREST DATE |
|---|---|---|---|
| of | ALIAS: | YES ☐ | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | |
|---|---|---|

ADDRESS:    DATE OF BIRTH:    PHONE:    KY RESIDENT:

CITY:    STATE:    ZIP CODE:

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|

| ARRESTEE SEQ. # | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | | | | |
|---|---|---|---|---|---|---|---|---|
| of | | | 1 | | 4 | | 8 | |
| | ARRESTEE ARMED WITH | | 2 | | 5 | | 7 | |
| | | | 3 | | 6 | | 9 | |

| SUSPECT SEQ. # | NAME: | ARRESTED? | ARREST DATE |
|---|---|---|---|
| of | ALIAS: | YES ☐ | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | |
|---|---|---|

ADDRESS:    DATE OF BIRTH:    PHONE:    KY RESIDENT:

CITY:    STATE:    ZIP CODE:

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|

| ARRESTEE SEQ. # | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | | | | |
|---|---|---|---|---|---|---|---|---|
| of | | | 1 | | 4 | | 7 | |
| | ARRESTEE ARMED WITH | | 2 | | 5 | | 8 | |
| | | | 3 | | 6 | | 9 | |

### WITNESS DATA

| WITNESS SEQUENCE | WITNESS NAME | PHONE |
|---|---|---|
| of | | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | |
|---|---|---|

ADDRESS:    DATE OF BIRTH

CITY:    STATE:    ZIP CODE:    SSN:

Case ID: 151103380
Control No.: 17090690

## KYIBRS REPORT: UOR2 SUPPLEMENT

KSP RECORDS

### COMMONWEALTH OF KENTUCKY

**SYNOPSIS:**
ON 12/03/2015 Hertz called to report a non-return rental from 10/30/2015

**MODUS OPERANDI:**
Non–return rental of vehicle

**DATE & TIME OF OCCURRENCE:**
10/30/2015 12:50 hours

**ACCUSED:**
Deja Gates  L

**SUSPECTS:**
same

**STOLEN PROPERTY:**
2015 Toyota Corolla 4door Red Ky 698RML   VIN: 2T1BURHE5EC145002

**OTHER PROPERTY:**

**EVIDENCE & HOW MARKED:**
Hertz rental car

**EVIDENCE DISPOSITION:**
Open

**INVESTIGATION:**
Vehicle is reported to be at the renters address

**STATUS OF CASE:**
No e -warrant was filed for this case

**ATTACHMENT**

Case ID: 151103380
Control No.: 17090690

## CRIME SUPPLEMENT
### COMMONWEALTH OF KENTUCKY

KSP RECORDS

| ADMINISTRATIVE | CASE/INCIDENT NUMBER: **KY P15-0359** | | REPORT DATE: **12/7/2015** |
|---|---|---|---|
| | REPORTING AGENCY ORI/NAME: **0566900 LOUISVILLE AIRPORT POLICE** | | |
| | PRIMARY INVESTIGATING AGENCY ORI/NAME: **0566900 LOUISVILLE AIRPORT POLICE** | | |
| | REPORTING OFFICER NAME: **M SIMS** | REPORTING OFFICER UNIT BADGE ID: **5826** | |
| | PRIMARY OFFICER UNIT BADGE ID: **5826** | | |
| | REVIEWED BY: **C COPE** | | |

| WITNESS DATA | WITNESS SEQUENCE of | WITNESS NAME | PHONE |
|---|---|---|---|
| | ADDRESS: | | DATE OF BIRTH |
| | CITY: | STATE: ZIP CODE: SSN: | |
| | WITNESS SEQUENCE of | WITNESS NAME | PHONE |
| | ADDRESS: | | DATE OF BIRTH |
| | CITY: | STATE: ZIP CODE: SSN: | |

### NARRATIVE

AS Of 12/07/2015 this case is closed due to Hertz not attempting to obtain a warrant on the person listed last on the Non -Return rental. Vehicle was cleared/cancelled from NCIC on 12/07/2015 at 1037a.m.

Case ID: 151103380
Control No.: 17090690

# KYIBRS REPORT

## COMMONWEALTH OF KENTUCKY

KSP RECORDS

| ADMINISTRATIVE | | | | | | | |
|---|---|---|---|---|---|---|---|
| AGENCY ORI/NAME **0566900 LOUISVILLE AIRPORT POLICE** | | | | INCIDENT NUMBER **KY P15-0360** | | | |
| INCIDENT DATE/TIME | | EXACT/ESTIMATE | REPORT DATE | RECEIVED | DISPATCHED | ARRIVED | CLEARED |
| **10/21/2015 22:21 TO 12/03/2015 12:03** | | **ESTIMATE** | **12/03/2015** | **12:03** | **12:03** | **12:09** | **12:16** |
| REPORTED BY: **COX, BRANDI** | | | | | HOW REPORTED | | |
| LICENSE/ID STATE: | | LICENSE/ID NUMBER: | | | | | |
| ADDRESS: **600 TERMINAL DR** | | | | | | | |
| CITY: **LOUISVILLE** | | STATE: **KY** | ZIP CODE: **40209** | PHONE NUMBER: | **(502) 235-6364** | | |
| EXACT LOCATION OF OFFENSE | **TERMINAL DR** | | | | | SECTOR NO: | |
| | ADDRESS: **600 TERMINAL DR** | | | | | | |
| | CITY: **LOUISVILLE** | | | STATE: **KY** | ZIP CODE: | **40209** | |
| | COUNTY: **JEFFERSON** | LATITUDE | **38 DEG** | **11.172 MIN** | LONGITUDE | **85 DEG** | **44.558 MIN** |

### OFFENSE DATA

| SEQUENCE # **1** OF **1** | LOCATION TYPE: **AIR/BUS/TRAIN TERMINAL** | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|
| OFFENSE DESCRIPTION: **THEFT BY FAILURE TO MAKE REQUIRED DISP OF PROPERTY $10,000 OR MORE** | | | |

| OFFENSE CODE: **23231** | ASCF CODE: **0** | KRS CODE: **514.070** | CLASS: **C** | DEGREE: **F** | COUNTS: **1** |
|---|---|---|---|---|---|
| BIAS MOTIVATION: **UNKNOWN (MOTIVATION NOT KNOWN)** | | METHOD ENTRY: | NUMBER PREMISES: | | |
| SCHOOL NAME: | | SCHOOL TYPE: | | CAMPUS? | |
| OFFENDER SUSPECTED OF USING: **NOT APPLICABLE** | | COURT ORDER TYPE: | | | |

| SEQUENCE # OF | LOCATION TYPE: | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|
| OFFENSE DESCRIPTION: | | | |

| OFFENSE CODE: | ASCF CODE: | KRS CODE: | CLASS: | DEGREE: | COUNTS: |
|---|---|---|---|---|---|
| BIAS MOTIVATION: | | METHOD ENTRY: | NUMBER PREMISES: | | |
| SCHOOL NAME: | | SCHOOL TYPE: | | CAMPUS? | |
| OFFENDER SUSPECTED OF USING: | | COURT ORDER TYPE: | | | |

| SEQUENCE # OF | LOCATION TYPE: | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|
| OFFENSE DESCRIPTION: | | | |

| OFFENSE CODE: | ASCF CODE: | KRS CODE: | CLASS: | DEGREE: | COUNTS: |
|---|---|---|---|---|---|
| BIAS MOTIVATION: | | METHOD ENTRY: | NUMBER PREMISES: | | |
| SCHOOL NAME: | | SCHOOL TYPE: | | CAMPUS? | |
| OFFENDER SUSPECTED OF USING: | | COURT ORDER TYPE: | | | |

### PROPERTY DATA

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|
| 1 | AUTOMOBILES | STOLEN (NOT RECOVERED) | $17,500.00 | | | |

| UNIT | | | | | | |
|---|---|---|---|---|---|---|
| UNIT TYPE | VEHICLE MAKE | | VEHICLE MODEL | YEAR | VEHICLE TYPE | |
| **ROADWAY VEHICLE** | **TOYOTA** | | **CAMRY** | **2015** | **SEDAN/4 DOOR** | |
| VEHICLE COLOR | VIN NUMBER | | OWNER APPLIED # | | REGISTRATION STATE, YEAR, & NUMBER | |
| **SILVER/ALUMINUM** | **4T1BF1FKXFU951020** | | | **KY** | **2015** | **825TKN** |
| VEHICLE DESCRIPTORS | | | | KEYS LEFT IN UNIT? | | OWNER |
| | | | | **YES** | | **Victim 1** |

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|
| | | | | | | |

| GENERAL | | |
|---|---|---|
| PROPERTY DESCRIPTION | | |
| OWNER APPLED NUMBER | SERIAL NUMBER | |
| MAKE | MODEL | OWNER |

| TOTAL STOLEN VALUE: **$17,500.00** | TOTAL RECOVERED VALUE: **$0.00** | TOTAL VEHICLES STOLEN: **1** | TOTAL VEHICLES RECOVERED: **0** |
|---|---|---|---|

### STATUS

| INCIDENT STATUS | CLOSED DATE | CLEARANCE TYPE | CLEARED EXCEPTIONALLY | EX. CLEARANCE DATE | UCR REPORTING FOR OTHER AGENCY |
|---|---|---|---|---|---|
| **OPEN** | | | | | YES ☐ |

| SUBMITTING OFFICER | INVESTIGATING OFFICER | UNIT/BADGE # | REVIEWED BY | TIME SPENT |
|---|---|---|---|---|
| **D HAWKINS** | **D HAWKINS** | **5842** | **E SEDLOCK** | **30 min** |

Case ID: 151103380
Control No.: 17090690

# KYIBRS REPORT
## COMMONWEALTH OF KENTUCKY

KSP RECORDS

**VICTIM DATA**

| VICTIM SEQUENCE | VICTIM NAME | PHONE |
|---|---|---|
| 1 of 1 | **HERTZ CAR RENTAL** | **(502) 235-6364** |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | | |
|---|---|---|---|

Address Unknown ☐  ADDRESS: **600 TERMERIAL DR**                    VICTIM TYPE: **BUS**

CITY: **LOUISVILLE**          STATE: **KY**   ZIP CODE: **40209**   KY RESIDENT:

| DATE OF BIRTH | SSN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|

| GENDER | RACE | ETHNIC ORIGIN | PEACE OFFICER? |
|---|---|---|---|
| | | | YES ☐ |

| NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | INJURY TYPE |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

| VICTIM OF OFFENSE(S) | AGG ASSAULT/ HOMICIDE CIRC | ADDTL JUSTIFIABLE HOMICIDE CIRC |
|---|---|---|
| 23231 | | |

| LEOKA ASSIGNMENT | LEOKA ACTIVITY |
|---|---|

**SUSPECT/ARRESTEE DATA**

| SUSPECT SEQ. # | NAME: **MADDOX, JAQUISHA M** | ARRESTED? | ARREST DATE |
|---|---|---|---|
| 1 of 1 | ALIAS: | YES ☐ | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | | |
|---|---|---|---|

| ADDRESS | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
|---|---|---|---|

CITY:          STATE:    ZIP CODE:

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|
| | **UNKNOWN** **UNKNOWN** | | **UNKNOWN** | | | | |

| ARRESTEE SEQ. # | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | |
|---|---|---|---|---|---|
| of | | | 1 | 4 | 8 |
| | ARRESTEE ARMED WITH | | 2 | 5 | 7 |
| | | | 3 | 6 | 9 |

| SUSPECT SEQ. # | NAME: | ARRESTED? | ARREST DATE |
|---|---|---|---|
| of | ALIAS: | YES ☐ | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | | |
|---|---|---|---|

| ADDRESS | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
|---|---|---|---|

CITY:          STATE:    ZIP CODE:

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|

| ARRESTEE SEQ. # | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | |
|---|---|---|---|---|---|
| of | | | 1 | 4 | 7 |
| | ARRESTEE ARMED WITH | | 2 | 5 | 8 |
| | | | 3 | 6 | 9 |

**WITNESS DATA**

| WITNESS SEQUENCE | WITNESS NAME | PHONE |
|---|---|---|
| of | | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | |
|---|---|---|

| ADDRESS: | DATE OF BIRTH |
|---|---|

| CITY: | STATE: | ZIP CODE: | SSN: |
|---|---|---|---|

Case ID: 151103380
Control No.: 17090690

# KYIBRS REPORT: UOR2 SUPPLEMENT

## COMMONWEALTH OF KENTUCKY

**KSP RECORDS**

**SYNOPSIS:**
Dispatched to Hertz Car Rental, reference to this vehicle being rented out and not returned. The vehicle was rented on 10-14-15 at 2242 hrs. Supposed to been returned on 10-21-15 at 2221 hrs, it was not.

**MODUS OPERANDI:**

**DATE & TIME OF OCCURRENCE:**

**ACCUSED:**

**SUSPECTS:**

**STOLEN PROPERTY:**

**OTHER PROPERTY:**

**EVIDENCE & HOW MARKED:**

**EVIDENCE DISPOSITION:**

**INVESTIGATION:**

**STATUS OF CASE:**

**ATTACHMENT**

Case ID: 151103380
Control No.: 17090690

AOC-E-035 WarCode: WA
Rev. 01-08
Commonwealth of Kentucky
Court of Justice
RCr 2.05; RCr 2.06



Case Number: P15-0360
County: JEFFERSON
Court: DISTRICT COURT

Warrant Number: E05610002354395
Generated: 12/10/2015  9:23:55AM

# SERVED

**Warrant of Arrest**
## Complaint Warrant

Page 1 of 1

*Plaintiff.* COMMONWEALTH VS. JAQUISHA M MADDOX *Defendant*

**TO ALL PEACE OFFICERS IN THE COMMONWEALTH OF KENTUCKY:** You are commanded to arrest the person named below and bring him/her forthwith before the JEFFERSON COUNTY - DISTRICT COURT. If Court is not in session, you shall deliver him/her to the Jailer of JEFFERSON County.

JAQUISHA M MADDOX

| Gender | Race | Date of Birth | Height | Weight | Operator License# | State |
|---|---|---|---|---|---|---|
| | | | | | | |

[X] to answer charges that he/she committed the offense(s) of:

| Chg# | UOR Code | KRS | Type | Description | ASCF | Counts | Disp Dt | Disp |
|---|---|---|---|---|---|---|---|---|
| 1 | 24044 | 514.030 | F | TBUT OR DISP AUTO - $10,000 OR MORE BUT U/$1,000,0 | N/A | 1 | | |

[ ] The defendant may post bail in the amount of $ , secured by

[ ] The defendant may not give bail.

## Complaint

The Affiant, Brandi N Holland-Knox, states that on 10/21/2015 in JEFFERSON County, Kentucky, the above named defendant unlawfully: and until present, deft has failed to return a 2015 Toyota Camry valued at $23,795.00. Deft came into Hertz (Airport location) and rented the vehicle on 10/14/2015. Deft was supposed to return the car on 10/21/2015 and or pay additional rental fees. Deft failed to return the car. Deft will not answer telephone calls from Hertz. A certified letter was sent to deft's home, which was picked up. Deft has still not returned the vehicle. The car's whereabouts are unknown. Airport Police report # P15-0360

EXECUTION

Served By: JEFFERSON, JEFFERSON COUNTY SHERIFF DEPT., Other, Ebel, Eric. on 02/16/2016

Electronically signed by District Court Judge S.Collins on 12/9/2015 at 5:22:28PM.

Date printed:   Thursday, December 10, 2015

Agency Local Code:
Prosecutor R Webb-RAW
Case ID: 151103380
Control No.: 17090690

*SUPPLEMENT*

# KYIBRS REPORT
## COMMONWEALTH OF KENTUCKY

KSP RECORDS

### ADMINISTRATIVE

| AGENCY ORI/NAME | 0566900 LOUISVILLE AIRPORT POLICE | | | INCIDENT NUMBER | KY P15-0361 | | |
|---|---|---|---|---|---|---|---|
| INCIDENT DATE/TIME | | EXACT/ESTIMATE | REPORT DATE | RECEIVED | DISPATCHED | ARRIVED | CLEARED |
| 04/30/2015  TO  11/10/2015 | | ESTIMATE | 12/03/2015 | 12:03 | 12:03 | 12:09 | 12:16 |

REPORTED BY:  KNOX, BRANDI — HOW REPORTED

LICENSE/ID STATE: — LICENSE/ID NUMBER:

ADDRESS:  600 TERMINAL DR

CITY:  LOUISVILLE    STATE:  KY    ZIP CODE:  40209    PHONE NUMBER:  (502) 235-6364

EXACT LOCATION OF OFFENSE:  TERMINAL DR
ADDRESS:  600 TERMINAL DR
CITY:  LOUISVILLE    STATE:  KY    ZIP CODE:  40209
COUNTY:  JEFFERSON    LATITUDE  38 DEG  11.168 MIN    LONGITUDE  85 DEG  44.578 MIN

### OFFENSE DATA

| SEQUENCE #  1 OF 1 | LOCATION TYPE:  AIR/BUS/TRAIN TERMINAL | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|

OFFENSE DESCRIPTION:  TBUT OR DISP AUTO - $10,000 OR MORE BUT U/$1,000,000

OFFENSE CODE:  24044    ASCF CODE:  0    KRS CODE:  514.030    CLASS:  C    DEGREE:  F    COUNTS:  1

BIAS MOTIVATION:  NONE (NO BIAS)    METHOD ENTRY:    NUMBER PREMISES:

SCHOOL NAME:    SCHOOL TYPE:    CAMPUS?

OFFENDER SUSPECTED OF USING:  NOT APPLICABLE    COURT ORDER TYPE:

| SEQUENCE #  OF | LOCATION TYPE: | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|

OFFENSE DESCRIPTION:

OFFENSE CODE:    ASCF CODE:    KRS CODE:    CLASS:    DEGREE:    COUNTS:

BIAS MOTIVATION:    METHOD ENTRY:    NUMBER PREMISES:

SCHOOL NAME:    SCHOOL TYPE:    CAMPUS?

OFFENDER SUSPECTED OF USING:    COURT ORDER TYPE:

| SEQUENCE #  OF | LOCATION TYPE: | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|

OFFENSE DESCRIPTION:

OFFENSE CODE:    ASCF CODE:    KRS CODE:    CLASS:    DEGREE:    COUNTS:

BIAS MOTIVATION:    METHOD ENTRY:    NUMBER PREMISES:

SCHOOL NAME:    SCHOOL TYPE:    CAMPUS?

OFFENDER SUSPECTED OF USING:    COURT ORDER TYPE:

### PROPERTY DATA

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|
| 1 | AUTOMOBILES | STOLEN (NOT RECOVERED) | $11,000.00 | | | |

**UNIT**

| UNIT TYPE | VEHICLE MAKE | VEHICLE MODEL | YEAR | VEHICLE TYPE |
|---|---|---|---|---|
| ROADWAY VEHICLE | VOLKSWAGEN | PASSAT | 2013 | SEDAN/4 DOOR |

| VEHICLE COLOR | VIN NUMBER | OWNER APPLIED # | REGISTRATION STATE, YEAR, & NUMBER | | |
|---|---|---|---|---|---|
| BLACK | 1VWAP7A30DC119587 | | IL | 2015 | P858796 |

| VEHICLE DESCRIPTORS | KEYS LEFT IN UNIT? | OWNER |
|---|---|---|
| | YES | Victim 1 |

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|
| | | | | | | |

**GENERAL**

| PROPERTY DESCRIPTION | | |
|---|---|---|
| OWNER APPLED NUMBER | SERIAL NUMBER | |
| MAKE | MODEL | OWNER |

| TOTAL STOLEN VALUE: | $11,000.00 | TOTAL RECOVERED VALUE: | $0.00 | TOTAL VEHICLES STOLEN: | 1 | TOTAL VEHICLES RECOVERED: | 0 |
|---|---|---|---|---|---|---|---|

### STATUS

| INCIDENT STATUS | CLOSED DATE | CLEARANCE TYPE | CLEARED EXCEPTIONALLY | EX. CLEARANCE DATE | UCR REPORTING FOR OTHER AGENCY |
|---|---|---|---|---|---|
| CLOSED | 02/15/2016 | TIME CLOSED | | | YES ☐ |

| SUBMITTING OFFICER | INVESTIGATING OFFICER | UNIT/BADGE # | REVIEWED BY | TIME SPENT |
|---|---|---|---|---|
| D HAWKINS | D HAWKINS | 5842 | E SEDLOCK | 30 min |

Case ID: 151103380
Control No.: 17090690

# KYIBRS REPORT
## COMMONWEALTH OF KENTUCKY

KSP RECORDS

## VICTIM DATA

| VICTIM SEQUENCE | VICTIM NAME | PHONE |
|---|---|---|
| 1 of 1 | HERTZ CAR RENTAL | (502) 235-6364 |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | |
|---|---|---|

Address Unknown ☐  ADDRESS: 600 TERMINAL DR     VICTIM TYPE: BUS

| CITY: LOUISVILLE | STATE: KY | ZIP CODE: 40209 | KY RESIDENT: |
|---|---|---|---|

| DATE OF BIRTH | SSN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|

| GENDER | RACE | ETHNIC ORIGIN | PEACE OFFICER? |
|---|---|---|---|
| | | | YES ☐ |

| NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | INJURY TYPE |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

| VICTIM OF OFFENSE(S) | AGG ASSAULT/ HOMICIDE CIRC | ADDTL. JUSTIFIABLE HOMICIDE CIRC |
|---|---|---|
| 24044 | | |

| LEOKA ASSIGNMENT | LEOKA ACTIVITY |
|---|---|

## SUSPECT/ARRESTEE DATA

| SUSPECT SEQ. # | NAME: | ARRESTED? | ARREST DATE |
|---|---|---|---|
| of | ALIAS: | YES ☐ | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | | |
|---|---|---|---|

| ADDRESS | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
|---|---|---|---|

| CITY: | STATE: | ZIP CODE: | |
|---|---|---|---|

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|

| ARRESTEE SEQ. # | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | | | |
|---|---|---|---|---|---|---|---|
| of | | | 1 | 4 | | 8 | |
| | ARRESTEE ARMED WITH | | 2 | 5 | | 7 | |
| | | | 3 | 6 | | 9 | |

## SUSPECT/ARRESTEE DATA

| SUSPECT SEQ. # | NAME: | ARRESTED? | ARREST DATE |
|---|---|---|---|
| of | ALIAS: | YES ☐ | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | | |
|---|---|---|---|

| ADDRESS | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
|---|---|---|---|

| CITY: | STATE: | ZIP CODE: | |
|---|---|---|---|

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|

| ARRESTEE SEQ. # | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | | | |
|---|---|---|---|---|---|---|---|
| of | | | 1 | 4 | | 7 | |
| | ARRESTEE ARMED WITH | | 2 | 5 | | 8 | |
| | | | 3 | 6 | | 9 | |

## WITNESS DATA

| WITNESS SEQUENCE | WITNESS NAME | PHONE |
|---|---|---|
| of | | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | |
|---|---|---|

| ADDRESS: | | DATE OF BIRTH |
|---|---|---|

| CITY: | STATE: | ZIP CODE: | SSN: |
|---|---|---|---|

Case ID: 151103380
Control No.: 17090690

# KYIBRS REPORT: UOR2 SUPPLEMENT

KSP RECORDS

## COMMONWEALTH OF KENTUCKY

*SYNOPSIS:*
Dispatched to Hertz Car Rental in reference to a vehicle being stolen . The vehicle was last seen in the lot on 04-30-15. The vehicle was a Volkswagen Passat 4 door black in color. Illinois tag # P858796.

*MODUS OPERANDI:*

*DATE & TIME OF OCCURRENCE:*

*ACCUSED:*

*SUSPECTS:*

*STOLEN PROPERTY:*

*OTHER PROPERTY:*

*EVIDENCE & HOW MARKED:*

*EVIDENCE DISPOSITION:*

*INVESTIGATION:*

*STATUS OF CASE:*
This case is closed. JCSO called and reported LMPD 6th division recovered the vehicle on the Bardstown Rd. At Hertz lot undamaged. LMPD Officer called shortly after and reported that the vehicle was a misplaced inventory vehicle and not stolen .

*ATTACHMENT*

Case ID: 151103380
Control No.: 17090690

# KYIBRS REPORT
### COMMONWEALTH OF KENTUCKY

KSP RECORDS

| AGENCY ORI/NAME | 0566900 LOUISVILLE AIRPORT POLICE | | | INCIDENT NUMBER | KY P16-0020 | | |
|---|---|---|---|---|---|---|---|

**ADMINISTRATIVE**

| INCIDENT DATE/TIME | | EXACT/ESTIMATE | REPORT DATE | RECEIVED | DISPATCHED | ARRIVED | CLEARED |
|---|---|---|---|---|---|---|---|
| 12/10/2015 12:00 TO 01/20/2016 12:00 | | ESTIMATE | 01/20/2016 | 11:00 | 11:00 | 11:01 | 11:59 |

| REPORTED BY: S, BRANDI | | | HOW REPORTED |
|---|---|---|---|
| LICENSE/ID STATE: | LICENSE/ID NUMBER: | | |
| ADDRESS: 600 TERMINAL DR #11 | | | |
| CITY: LOUISVILLE | STATE: KY    ZIP CODE: 40209 | PHONE NUMBER: (502) 235-6364 | |

| EXACT LOCATION OF OFFENSE | HURON AVE | | |
|---|---|---|---|
| | ADDRESS: HURON AVE | | SECTOR NO: |
| | CITY: LOUISVILLE | STATE: KY    ZIP CODE: 40209 | |
| | COUNTY: JEFFERSON | LATITUDE 38 DEG 11.645 MIN    LONGITUDE 85 DEG 45.065 MIN | |

**OFFENSE DATA**

| SEQUENCE # 1 OF 1 | LOCATION TYPE: AIR/BUS/TRAIN TERMINAL | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|
| OFFENSE DESCRIPTION: TBUT OR DISP AUTO - $10,000 OR MORE BUT U$1,000,000 | | | |
| OFFENSE CODE: 24044    ASCF CODE: 0    KRS CODE: 514.030    CLASS: C    DEGREE: F    COUNTS: 1 | | | |
| BIAS MOTIVATION: NONE (NO BIAS) | METHOD ENTRY: | NUMBER PREMISES: | |
| SCHOOL NAME: | | SCHOOL TYPE: | CAMPUS? |
| OFFENDER SUSPECTED OF USING: NOT APPLICABLE | | COURT ORDER TYPE: | |

| SEQUENCE # OF | LOCATION TYPE: | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|
| OFFENSE DESCRIPTION: | | | |
| OFFENSE CODE:    ASCF CODE:    KRS CODE:    CLASS:    DEGREE:    COUNTS: | | | |
| BIAS MOTIVATION: | METHOD ENTRY: | NUMBER PREMISES: | |
| SCHOOL NAME: | | SCHOOL TYPE: | CAMPUS? |
| OFFENDER SUSPECTED OF USING: | | COURT ORDER TYPE: | |

| SEQUENCE # OF | LOCATION TYPE: | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|
| OFFENSE DESCRIPTION: | | | |
| OFFENSE CODE:    ASCF CODE:    KRS CODE:    CLASS:    DEGREE:    COUNTS: | | | |
| BIAS MOTIVATION: | METHOD ENTRY: | NUMBER PREMISES: | |
| SCHOOL NAME: | | SCHOOL TYPE: | CAMPUS? |
| OFFENDER SUSPECTED OF USING: | | COURT ORDER TYPE: | |

**PROPERTY DATA**

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|
| 1 | AUTOMOBILES | STOLEN (NOT RECOVERED) | $18,000.00 | | | |

**UNIT**

| UNIT TYPE | VEHICLE MAKE | VEHICLE MODEL | YEAR | VEHICLE TYPE |
|---|---|---|---|---|
| ROADWAY VEHICLE | HYUNDAI | ELANTRA | 2016 | SEDAN/4 DOOR |

| VEHICLE COLOR | VIN NUMBER | OWNER APPLIED # | REGISTRATION STATE, YEAR, & NUMBER |
|---|---|---|---|
| SILVER/ALUMINUM | 5npdh4ae6gh751693 | | KY    2017    541TYV |

| VEHICLE DESCRIPTORS | KEYS LEFT IN UNIT? | OWNER |
|---|---|---|
| RENTAL CAR | YES | Victim 1 |

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|
| | | | | | | |

**GENERAL**

| PROPERTY DESCRIPTION | | |
|---|---|---|
| OWNER APPLED NUMBER | SERIAL NUMBER | |
| MAKE | MODEL | OWNER |

| TOTAL STOLEN VALUE: $18,000.00 | TOTAL RECOVERED VALUE: $0.00 | TOTAL VEHICLES STOLEN: 1 | TOTAL VEHICLES RECOVERED: 0 |
|---|---|---|---|

**STATUS**

| INCIDENT STATUS | CLOSED DATE | CLEARANCE TYPE | CLEARED EXCEPTIONALLY | EX. CLEARANCE DATE | UCR REPORTING FOR OTHER AGENCY |
|---|---|---|---|---|---|
| UNFOUNDED | | | | | YES ☐ |

| SUBMITTING OFFICER | INVESTIGATING OFFICER | UNIT/BADGE # | REVIEWED BY | TIME SPENT |
|---|---|---|---|---|
| M SIMS | M SIMS | 5826 | J GRIMES | 1 hrs |

Case ID: 151103380
Control No.: 17090690

# KYIBRS REPORT
## COMMONWEALTH OF KENTUCKY

KSP RECORDS

### VICTIM DATA

| VICTIM SEQUENCE | VICTIM NAME | PHONE |
|---|---|---|
| 1 of 1 | HERTZ RENTAL | (502) 235-6364 |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | |
|---|---|---|

| Address Unknown ☐ | ADDRESS: 600 TERMINAL DR #11 | VICTIM TYPE: BUS |
|---|---|---|

| CITY: LOUISVILLE | STATE: KY | ZIP CODE: 40209 | KY RESIDENT: |
|---|---|---|---|

| DATE OF BIRTH | SSN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|

| GENDER | RACE | ETHNIC ORIGIN | PEACE OFFICER? YES ☐ |
|---|---|---|---|

| NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | INJURY TYPE |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

| VICTIM OF OFFENSE(S) | AGG ASSAULT/ HOMICIDE CIRC | ADDTL JUSTIFIABLE HOMICIDE CIRC |
|---|---|---|
| 24044 | | |

| LEOKA ASSIGNMENT | LEOKA ACTIVITY |
|---|---|

### SUSPECT/ARRESTEE DATA

| SUSPECT SEQ. # | NAME: | ARRESTED? | ARREST DATE |
|---|---|---|---|
| of | ALIAS: | YES ☐ | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | |
|---|---|---|

| ADDRESS | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
|---|---|---|---|

| CITY: | STATE: | ZIP CODE: | |
|---|---|---|---|

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|

| ARRESTEE SEQ. # | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | | |
|---|---|---|---|---|---|---|
| of | | | 1 | 4 | 8 | |
| | ARRESTEE ARMED WITH | | 2 | 5 | 7 | |
| | | | 3 | 6 | 9 | |

| SUSPECT SEQ. # | NAME: | ARRESTED? | ARREST DATE |
|---|---|---|---|
| of | ALIAS: | YES ☐ | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | |
|---|---|---|

| ADDRESS | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
|---|---|---|---|

| CITY: | STATE: | ZIP CODE: | |
|---|---|---|---|

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|

| ARRESTEE SEQ. # | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | | |
|---|---|---|---|---|---|---|
| of | | | 1 | 4 | 7 | |
| | ARRESTEE ARMED WITH | | 2 | 5 | 8 | |
| | | | 3 | 6 | 9 | |

### WITNESS DATA

| WITNESS SEQUENCE | WITNESS NAME | PHONE |
|---|---|---|
| of | | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | |
|---|---|---|

| ADDRESS: | | DATE OF BIRTH |
|---|---|---|

| CITY: | STATE: | ZIP CODE: | SSN: |
|---|---|---|---|

Case ID: 151103380
Control No.: 17090690

# KYIBRS REPORT: UOR2 SUPPLEMENT

### COMMONWEALTH OF KENTUCKY

KSP RECORDS

**SYNOPSIS:**
On 01/20/2016 Brandi with Hertz rental Car Company contacted and filed a statement that the following vehicle has been missing from the rental car lot since the original renter properly returned said vehicle on 12/10/2015.

**MODUS OPERANDI:**
UNKNOWN

**DATE & TIME OF OCCURRENCE:**
12/10/2015 - 01/13/2016

**ACCUSED:**
NONE

**SUSPECTS:**
NONE

**STOLEN PROPERTY:**
2016 Hyundai Elantra 4D Silver Vin: 5npdh4ae6gh751693  ky lic:541TYV

**OTHER PROPERTY:**
NONE

**EVIDENCE & HOW MARKED:**
N/A

**EVIDENCE DISPOSITION:**
N/A

**INVESTIGATION:**
REPORT TAKEN. ENTERNED INTO NCIC. DEA ASSISTING IN INVESTIGATION.

**STATUS OF CASE:**
OPEN,

**ATTACHMENT**
N/A

Case ID: 151103380

Control No.: 17090690

# KYIBRS REPORT

### COMMONWEALTH OF KENTUCKY

**KSP RECORDS**

| ADMINISTRATIVE | | | | | | | |
|---|---|---|---|---|---|---|---|
| AGENCY ORI/NAME **0566900 LOUISVILLE AIRPORT POLICE** | | | | INCIDENT NUMBER **KY P14-0102** | | | |
| INCIDENT DATE/TIME | | EXACT/ESTIMATE | REPORT DATE | RECEIVED | DISPATCHED | ARRIVED | CLEARED |
| **04/21/2014 23:59 TO 04/21/2014 23:59** | | **ESTIMATE** | **05/30/2014** | **10:50** | | | **11:20** |
| REPORTED BY: **WILLIAMS, DEBBIE** | | | | | HOW REPORTED | | |
| LICENSE/ID STATE: | LICENSE/ID NUMBER: | | | | | | |
| ADDRESS: **600 TERMINAL DR** | | | | | | | |
| CITY: **LOUISVILLE** | | STATE: **KY** | ZIP CODE: **40209** | PHONE NUMBER: **(502) 210-2004** | | | |
| EXACT LOCATION OF OFFENSE | **LOWER TERMINAL DR** | | | | SECTOR NO: | | |
| | ADDRESS: **LOWER TERMINAL DR** | | | | | | |
| | CITY: **LOUISVILLE** | | | STATE: **KY** | ZIP CODE: **40209** | | |
| | COUNTY: **JEFFERSON** | | LATITUDE **38 DEG** | **11.182 MIN** | LONGITUDE **85 DEG** | **44.517 MIN** | |

| OFFENSE DATA | | | |
|---|---|---|---|
| SEQUENCE # **1** OF **1** | LOCATION TYPE: **AIR/BUS/TRAIN TERMINAL** | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG ACTIVITY |
| OFFENSE DESCRIPTION: **TBUT OR DISP AUTO - $10,000 OR MORE BUT U/$1,000,000** | | | |
| OFFENSE CODE: **24044** / ASCF CODE: **0** / KRS CODE: **514.030** / CLASS: **C** / DEGREE: **F** / COUNTS: **1** | | | |
| BIAS MOTIVATION: **NONE (NO BIAS)** / METHOD ENTRY: / NUMBER PREMISES: | | | |
| SCHOOL NAME: | SCHOOL TYPE: | CAMPUS? | |
| OFFENDER SUSPECTED OF USING: **NOT APPLICABLE** | COURT ORDER TYPE: | | |

| SEQUENCE # OF | LOCATION TYPE: | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|
| OFFENSE DESCRIPTION: | | | |
| OFFENSE CODE: / ASCF CODE: / KRS CODE: / CLASS: / DEGREE: / COUNTS: | | | |
| BIAS MOTIVATION: / METHOD ENTRY: / NUMBER PREMISES: | | | |
| SCHOOL NAME: | SCHOOL TYPE: | CAMPUS? | |
| OFFENDER SUSPECTED OF USING: | COURT ORDER TYPE: | | |

| SEQUENCE # OF | LOCATION TYPE: | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|
| OFFENSE DESCRIPTION: | | | |
| OFFENSE CODE: / ASCF CODE: / KRS CODE: / CLASS: / DEGREE: / COUNTS: | | | |
| BIAS MOTIVATION: / METHOD ENTRY: / NUMBER PREMISES: | | | |
| SCHOOL NAME: | SCHOOL TYPE: | CAMPUS? | |
| OFFENDER SUSPECTED OF USING: | COURT ORDER TYPE: | | |

**PROPERTY DATA**

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|
| 1 | AUTOMOBILES | STOLEN (NOT RECOVERED) | $25,176.02 | | | |

**UNIT**

| UNIT TYPE | VEHICLE MAKE: | VEHICLE MODEL | YEAR | VEHICLE TYPE |
|---|---|---|---|---|
| ROADWAY VEHICLE | CHEVROLET | IMPALA | 2014 | SEDAN/4 DOOR |

| VEHICLE COLOR | VIN NUMBER | OWNER APPLIED # | REGISTRATION STATE, YEAR, & NUMBER | | |
|---|---|---|---|---|---|
| WHITE | 1G11X5SL0EU151871 | | KY | 2014 | 971RCA |

| VEHICLE DESCRIPTORS | KEYS LEFT IN UNIT? | OWNER |
|---|---|---|
| NA | UNKNOWN | Victim 1 |

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|
| | | | | | | |

**GENERAL**

| PROPERTY DESCRIPTION | |
|---|---|
| OWNER APPLED NUMBER | SERIAL NUMBER |
| MAKE | MODEL | OWNER |

| TOTAL STOLEN VALUE: | $25,176.02 | TOTAL RECOVERED VALUE: | $0.00 | TOTAL VEHICLES STOLEN: | 1 | TOTAL VEHICLES RECOVERED: | 0 |
|---|---|---|---|---|---|---|---|

**STATUS**

| INCIDENT STATUS | CLOSED DATE | CLEARANCE TYPE | CLEARED EXCEPTIONALLY | EX. CLEARANCE DATE | UCR REPORTING FOR OTHER AGENCY |
|---|---|---|---|---|---|
| **OPEN** | | | | | YES ☐ |

| SUBMITTING OFFICER | INVESTIGATING OFFICER | UNIT/BADGE # | REVIEWED BY | TIME SPENT |
|---|---|---|---|---|
| **J MUDD** | **J MUDD** | **5844** | **B SIMS** | **30 min** |

Case ID: 151103380
Control No.: 17090690

# KYIBRS REPORT
## COMMONWEALTH OF KENTUCKY

KSP RECORDS

## VICTIM DATA

| VICTIM SEQUENCE | VICTIM NAME | PHONE |
|---|---|---|
| 1 of 1 | HERTZ | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: |
|---|---|

Address Unknown ☐  ADDRESS: 600 TERMINAL DR          VICTIM TYPE: BUS

| CITY: LOUISVILLE | STATE: KY | ZIP CODE: 40209 | KY RESIDENT: |
|---|---|---|---|

| DATE OF BIRTH | SSN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|

| GENDER | RACE | ETHNIC ORIGIN | PEACE OFFICER? |
|---|---|---|---|
| | | | YES ☐ |

| NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | INJURY TYPE |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

| VICTIM OF OFFENSE(S) | AGG ASSAULT/ HOMICIDE CIRC | ADDTL JUSTIFIABLE HOMICIDE CIRC |
|---|---|---|
| 24044 | | |

| LEOKA ASSIGNMENT | LEOKA ACTIVITY |
|---|---|

## SUSPECT/ARRESTEE DATA

| SUSPECT SEQ. # | NAME: | ARRESTED? | ARREST DATE |
|---|---|---|---|
| of | ALIAS: | YES ☐ | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: |
|---|---|

| ADDRESS | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
|---|---|---|---|

| CITY: | STATE: | ZIP CODE: |
|---|---|---|

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|

| ARRESTEE SEQ. # | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | | |
|---|---|---|---|---|---|---|
| of | | | 1 | 4 | 8 | |
| | ARRESTEE ARMED WITH | | 2 | 5 | 7 | |
| | | | 3 | 6 | 9 | |

| SUSPECT SEQ. # | NAME: | ARRESTED? | ARREST DATE |
|---|---|---|---|
| of | ALIAS: | YES ☐ | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: |
|---|---|

| ADDRESS | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
|---|---|---|---|

| CITY: | STATE: | ZIP CODE: |
|---|---|---|

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|

| ARRESTEE SEQ. # | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | | |
|---|---|---|---|---|---|---|
| of | | | 1 | 4 | 7 | |
| | ARRESTEE ARMED WITH | | 2 | 5 | 8 | |
| | | | 3 | 6 | 9 | |

## WITNESS DATA

| WITNESS SEQUENCE | WITNESS NAME | PHONE |
|---|---|---|
| of | | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: |
|---|---|

| ADDRESS: | DATE OF BIRTH |
|---|---|

| CITY: | STATE: | ZIP CODE: | SSN: |
|---|---|---|---|

Case ID: 151103380
Control No.: 17090690

## KYIBRS REPORT: UOR2 SUPPLEMENT

KSP RECORDS

### COMMONWEALTH OF KENTUCKY

*SYNOPSIS:*
Suspect rented the vehicle and failed to return on due date.

*MODUS OPERANDI:*
Suspect rented the car and failed to return the car on agreed upon due date.

*DATE & TIME OF OCCURRENCE:*
04/21/2014 2359 is the date that the agreement expired

*ACCUSED:*
See suspect

*SUSPECTS:*

*STOLEN PROPERTY:*
2014 Chevrolet Impala
White
VIN-   1G11X5SLOEU151871
REG-   KY-971RCA

*OTHER PROPERTY:*
NA

*EVIDENCE & HOW MARKED:*
NA

*EVIDENCE DISPOSITION:*
NA

*INVESTIGATION:*
Debbie Williams came to the Police office on 05-30-2014 at 1050hrs and reported a rented 2014 Chevy Impala stolen from her business, Hertz Rental. The car was rented by the suspect on 03-08-2014 and never returned. The agreement was extended to 04-21-2014 and attempts were made by Hertz to locate suspect for vehicle return but no contact was made.  Debbie went to the county attorney and had a warrant issued for the suspect.

*STATUS OF CASE:*
Open

*ATTACHMENT*
NA

Case ID: 151103380
Control No.: 17090690

# EXHIBIT 8

Case ID: 151103380
Control No.: 17090690

United States Courts
Southern District of Texas
FILED

JAN 2 0 2017

David J. Bradley, Clerk of Court

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# GALVESTON DIVISION

| | | |
|---|---|---|
| MICHAEL GRAY | § | |
| | § | |
| *Plaintiff,* | § | |
| VS. | § | CIVIL ACTION NO. 3:15-CV-92 |
| | § | |
| THE HERTZ CORPORATION | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

## JURY CHARGE

MEMBERS OF THE JURY:

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the

1

Case ID: 151103380
Control No.: 17090690

arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

### A. Burden of Proof

Except as otherwise instructed, Plaintiff has the burden of proving his case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiff has failed to prove any element of their claim by a preponderance of the evidence, then he may not recover on that claim.

For certain claims, Plaintiff has the burden of proving their case by clear and convincing evidence. Clear and convincing evidence is evidence that produces in your mind a firm belief or conviction as to the truth of the matter sought to be established.

### B. Evidence

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

2

Case ID: 151103380
Control No.: 17090690

## C. Witnesses

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

## D. No Inference from Filing Suit.

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

## E. Duty to Deliberate; Notes

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to re-examine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

3

Case ID: 151103380
Control No.: 17090690

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom. Please do not write on the exhibits.

Your verdict must be unanimous. After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the jury foreperson should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.

Case ID: 151103380
Control No.: 17090690

# QUESTION NUMBER 1

Did the Hertz Corporation maliciously prosecute Michael Gray?

"Malicious prosecution" occurs when one person initiates or procures, with malice, and without probable cause at the time the prosecution is commenced, the prosecution of an innocent person.

"Initiates" means that a person makes a formal charge to law enforcement authorities.

"Procures" means that a person's actions caused the prosecution and the prosecution would not have occurred but for its actions.

"Malice" means such gross indifference to the rights of others as to amount to a willful or wanton act.

"Probable cause" means the existence of such facts and circumstances as would excite belief in a person of reasonable mind, acting on the facts or circumstances within his knowledge at the time the prosecution was commenced, that the other person was guilty of a criminal offense. The probable cause determination asks whether a reasonable person would believe that a crime had been committed given the facts as the complainant honestly and reasonably believed them to be before the criminal proceedings were instituted. Whether the person failed to fully and fairly disclose all material information or knowingly provided false information to the authorities is irrelevant to determining whether probable cause existed.

Answer "Yes" or "No."

Answer: _____YES_____

5

Case ID: 151103380
Control No.: 17090690

## QUESTION NUMBER 2

Did the Hertz Corporation defame Michael Gray?

Defamation occurs when the Defendant publishes false defamatory statements concerning the Plaintiff while acting with actual malice.

"Publish" means to communicate the matter to a person other than Michael Gray who is capable of understanding its meaning.

"False" means that the statements are not substantially true. A statement is "substantially true" if it varies from the literal truth in only minor details or if, in the mind of the average person, the gist of the statement is no more damaging to the person affected by it than a literally true statement would have been.

"Defamatory" means an ordinary person would interpret the statements in a way that tends to injure a living person's reputation and thereby expose the person to public hatred, contempt or ridicule, or financial injury or to impeach the person's honesty, integrity, virtue, or reputation.

In deciding whether statements are defamatory, you must construe the statements as a whole and in light of the surrounding circumstances based upon how a person of ordinary intelligence would perceive them.

"Actual malice" means that you find by clear and convincing evidence that, at the time the Hertz Corporation made the statements in question

(1) The Hertz Corporation knew they were false as they related to Michael Gray, or

(2) The Hertz Corporation made the statements with a high degree of awareness that they were probably false, to an extent that the Hertz Corporation in fact had serious doubts as to the truth of the statements.

"Clear and convincing evidence" is that measure or degree of proof that will produce in the mind of the jury a firm belief or conviction as to the truth of the allegations sought to be established.

Answer: _____ No _____

6

Case ID: 151103380
Control No.: 17090690

## CONSIDER DAMAGES ONLY IF NECESSARY

If the Plaintiff has proved his claim against the Defendant by a preponderance of the evidence, you must determine the damages to which the Plaintiff is entitled. You should not interpret the fact that I am giving instructions about the Plaintiff's damages as an indication in any way that I believe that the Plaintiff should, or should not, win this case. It is your task to decide whether the Defendant is liable. I am instructing you on damages only so that you will have guidance in the event you decide that the Defendant is liable and that the Plaintiff is entitled to recover money from the Defendant.

Answer Question Number 3 only if you answered "Yes" to either Question Number 1 or Question Number 2.

Case ID: 151103380
Control No.: 17090690

**QUESTION NUMBER 3**

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff Michael Gray for the injuries, if any, that resulted from the Hertz Corporation's conduct?

Consider the elements of damages listed below and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find.

You are instructed that any monetary recoveries for compensatory damages sought by Plaintiff Michael Gray are not subject to federal or state income taxes.

Answer separately, in dollars and cents, for damages, if any.

1. Mental anguish sustained by Plaintiff Michael Gray in the past.

   Answer: _____ 50,000.00 _____

2. Mental anguish that, in reasonable probability, Plaintiff Michael Gray will sustain in the future.

   Answer: _____ Ø _____

3. Economic loss.

   Answer: _____ 6049.13 _____

8

Case ID: 151103380
Control No.: 17090690

Answer Questions Number 4 and Number 5 only if you answered "Yes" to Question Number 1. Otherwise, do not answer Question No. 4 or Question Number 5.

## QUESTION NUMBER 4

Do you find by clear and convincing evidence that the harm to the Plaintiff resulted from malice or gross negligence on the part of The Hertz Corporation?

"Clear and convincing evidence" is the evidence that produces in your mind a firm belief or conviction as to the truth of the matter sought to be established.

"Malice" means a specific intent by the Hertz Corporation to cause substantial injury to Michael Gray.

"Gross Negligence" means an act or omission by the Hertz Corporation,

1. Which when viewed objectively from the standpoint of the Hertz Corporation at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and

2. Of which the Hertz Corporation has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others.

In answering this Question, you are instructed that you cannot consider harm to persons other than the Plaintiff.

Answer: _____YES_____

9

Case ID: 151103380
Control No.: 17090690

## QUESTION NUMBER 5

What sum of money, if any, should be assessed against The Hertz Corporation and awarded to Michael Gray as exemplary damages for the conduct found in response to Question Number 4?

"Exemplary damages" means any damages awarded as a penalty or by way of punishment but not for compensatory purposes. Exemplary damages include punitive damages.

Factors to consider in awarding exemplary damages, if any, are—

    a.    The nature of the wrong.
    b.    The character of the conduct involved.
    c.    The degree of culpability of the wrongdoer.
    d.    The situation and sensibilities of the parties concerned.
    e.    The extent to which such conduct offends a public sense of justice and propriety.

The purpose of exemplary damages is to punish and deter, not to compensate. Exemplary damages serve to punish a defendant for malicious or reckless conduct and, by doing so, to deter others from engaging in similar conduct in the future. You are not required to award exemplary damages. If you do decide to award exemplary damages, you must use sound reason in setting the amount. Your award of exemplary damages must not reflect bias, prejudice, or sympathy toward any party. It should be presumed that Plaintiff has been made whole by compensatory damages, so exemplary damages should be awarded only if The Hertz Corporation's misconduct is so reprehensible as to warrant the imposition of further sanctions to achieve punishment or deterrence.

You are instructed that any award of exemplary damages must bear a reasonable relationship to the harm, if any, caused to the Plaintiff.

Answer in dollars and cents, if any.

Answer: _____ $ 120,000.00

10

Case ID: 151103380
Control No.: 17090690

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| **MICHAEL GRAY,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CAUSE NO. 3:15-cv-00092** |
| | § | |
| | § | |
| **THE HERTZ CORPORATION,** | § | |
| **Defendant.** | § | |

## PLAINTIFF MICHAEL GRAY'S FIRST AMENDED COMPLAINT

Plaintiff Michael Gray ("Plaintiff") files this his First Amended Complaint against Defendant The Hertz Corporation ("Defendant") as set forth below:

### I.    PARTIES

1.    Plaintiff, Michael Gray, is an individual who resides in Galveston County at 2284 Azahar Court, League City, Texas 77573.

2.    Defendant, The Hertz Corporation, is a foreign corporation doing business in the State of Texas. Defendant has answered and appeared herein. Therefore, no service of process is required.

### II.    JURISDICTION AND VENUE

3.    This case was removed to this Court by Defendant, and Jurisdiction is based on diversity of citizenship under 28 U.S.C. §1332. The amount in controversy exceeds the sum of $75,000.00, exclusive of interest and cost.

4.    Venue in this District is proper under Civil Practice and Remedies Code §15.017 a suit for defamation damages can only be maintained in the county in which the Plaintiff resided at the time of the accrual of the cause of action because Defendant is a non-resident of the state

Case ID: 151103380
Control No.: 17090690

of Texas.

### III.   FACTUAL BACKGROUND

5.      On or about October 7, 2014, Plaintiff and his fiancé landed at Miami International Airport after returning from vacation in the Bahamas.  While exiting the plane in Miami, Plaintiff was detained by law enforcement authorities who informed Plaintiff that a "nationwide" warrant had been issued for Plaintiff's arrest.  Plaintiff was immediately taken into custody and transported to jail in Miami.  Plaintiff was processed, fingerprinted, strip searched and placed in a jail cell.

6.      As a result of Plaintiff's incarceration, Plaintiff's mother and fiancé were required to hire counsel to defend Plaintiff from the criminal charges levied against him.  The law firm of Hager & Schwartz was retained to represent Plaintiff.  After investigation, the law firm of Hager & Schwartz determined that the arrest warrant was issued on May 20, 2014, by a court in Shreveport, Louisiana.  The incident report which caused the May 20, 2014, warrant to be issued was filed by Defendant and/or Defendant's agents/subsidiaries alleging that Plaintiff had rented a car owned by Defendant and failed to return the automobile pursuant to the rental agreement.  On or about October 8th, Plaintiff appeared at a videotaped hearing where it was determined that Plaintiff was a victim of identity theft and the Court set a $5,000 bond for Plaintiff's release.  Detective Angela Willis of the Shreveport Police Department was immediately contacted by Plaintiff's attorney who sent documentation proving that Plaintiff was not the individual who stole the Hertz rental car and Detective Willis agreed to recall the arrest warrant on October 8, 2014.

2

Case ID: 151103380
Control No.: 17090690

7.      Prior to Plaintiff's arrest, October 7, 2014, Plaintiff received correspondence from Dollar Thrifty Rent A Car ("Dollar") dated March 31, 2014.   The Dollar March 31st correspondence stated that Plaintiff had rented a car on or about March 11, 2014, and had not returned the car.  The correspondence provided a telephone number for Plaintiff to call in order to discuss the matter. Plaintiff immediately contacted Dollar and informed the representative that Plaintiff had never rented a car from Dollar.   After Plaintiff's discussion with the Dollar representative, it was clear that the only information that was correct on the Dollar rental agreement was Plaintiff's name, address and date of birth.  Plaintiff was informed that the phone number, e-mail address, Texas driver's license number listed on the rental agreement did not match any of Plaintiff's personal information.  On April 18, 2014, Plaintiff filed a police report that claimed identity theft.  On April 21, 2014, Plaintiff executed an "ID Theft Affidavit" stating that a Dollar vehicle was rented in Plaintiff's name, but Plaintiff did not rent the Dollar vehicle. An arrest warrant was never issued due to the fact that Dollar contacted Plaintiff prior to taking any legal action against Plaintiff.  Unfortunately for Plaintiff, Defendant failed to exercise the same due diligence before filing a police report with Shreveport, Louisiana authorities causing an arrest warrant to be issued against Plaintiff.

8.      Particularly troubling, is the fact that Defendant merged with Dollar on or about November 2012. Therefore, Defendant's subsidiary had determined months before that Plaintiff's identity had been stolen but Defendant still filed criminal charges against Plaintiff which caused an arrest warrant to be issued May 2014.

Case ID: 151103380
Control No.: 17090690

## IV.    CAUSES OF ACTION

### A.    DEFAMATION

9.    Plaintiff incorporates by reference all the allegations set forth in paragraphs 1-8 as if fully set forth herein. The law of defamation embodies the public policy that an individual should be free to enjoy his or her reputation unimpaired by false and defamatory attacks, and an action for libel and/or slander is based on a violation of this right.  The right of a citizen to defend his reputation and good name from libelous publications is zealously guarded.

10.    Under Texas law, defamation involves:

- A false statement

- About a person

- Communicated to third party

- That damages the person's reputation or exposes him to public hatred, contempt, ridicule, or financial injury.

11.    In this case, Plaintiff will prove that the Defendant's filing of a police report accusing Plaintiff of stealing Defendant's property was false.  In addition, Defendant knew or should have known that Defendant's filing of a police report accusing Plaintiff of stealing Defendant's property was false.  As a result of Defendant filing the false police report, Plaintiff was arrested for a crime he did not commit, exposing Plaintiff to public contempt and ridicule and caused Plaintiff financial injury.

### B.    DEFAMATION *PER SE*

12.    Plaintiff incorporates by reference all the allegations set forth in paragraphs 1-11 as if fully set forth herein. Moreover, Texas law recognizes the notion of Defamation *per se*.

Case ID: 151103380
Control No.: 17090690

Defamation *per se* includes, but is not limited to, the allegation that the subject of the defamation committed a crime.  In this case, Defendant accused Plaintiff of felony theft which is a crime in Texas and Plaintiff was arrested as a result of Defendant's defamatory statements.

13.     When a Defendant commits defamation *per se*, the Plaintiff no longer needs to prove damage to his reputation – damages are assumed under the law.

## VI.     MALICIOUS PROSECUTION

14.     Plaintiff incorporates by reference all the allegations set forth in paragraphs 1-13 as if fully set forth herein. As a result of Defendant filing a defamatory police report which resulted in warrant being issued for Plaintiff's arrest, Plaintiff was arrested on or about October 7, 2014.  Defendant initiated and/or procured prosecution by filing a police report with the Shreveport, Louisiana law enforcement officials falsely accusing Plaintiff of committing felony theft.  This police report filed on or about April 15, 2014, resulted in a nationwide warrant being issued for Plaintiff's arrest.  The defamatory police report resulted in the arrest, processing and detention of Plaintiff.  During Plaintiff's processing and detention, Plaintiff was fingerprinted; strip searched, subjected to DNA testing and forced to be held against Plaintiff's will in a Miami jail cell.  Defendant's allegations to Shreveport, Louisiana law enforcement authorities were knowingly false and the arrest of Plaintiff would not have occurred without Defendant's false statements.  Plaintiff was released from jail after it was determined that Defendant's defamatory police report was false.  Plaintiff was innocent of Defendant's criminal complaint and would not have been arrested but for Defendant filing the defamatory and false police report with Shreveport, Louisiana law enforcement authorities.

5

Case ID: 151103380
Control No.: 17090690

## VII.  NEGLIGENCE

15.     Plaintiff incorporates by reference all the allegations set forth in paragraphs 1-14 as if fully set forth herein. Defendant's conduct constitutes negligence under Texas law because Defendant owed a duty to Plaintiff not to file a police report alleging Plaintiff committed theft until Defendant made contact with Plaintiff.  Defendant breached this duty by filing a false police report and filing such report before contacting Plaintiff.  Defendant's breach of this duty proximately caused damages to Plaintiff that he still suffers from today and will suffer in the future.

## VIII.  GROSS NEGLIGENCE/MALICE

16.     Plaintiff incorporates by reference all the allegations set forth in paragraphs 1-15 as if fully set forth herein. Defendant's actions described above were done with malicious intent to cause injury to Plaintiff and constitute gross negligence/malice under Texas law.  Defendant by deliberately filing a defamatory and false police report with actual knowledge that Plaintiff would be arrested and incarcerated constitutes gross negligence/malice under Texas law. Defendant's gross negligence/ malice have proximately caused harm to Plaintiff and Plaintiff hereby seeks all damages he is entitled to under Texas law.

## IX.  DAMAGES

### A.     ACTUAL DAMAGES

17.     Plaintiff will show that the defamatory, negligent, gross negligence and malicious prosecution conduct of Defendant complained of in paragraphs 7 through 18 herein were a producing and a proximate cause of the following damages sustained by Plaintiff:

a.      Damage to reputation.

6

Case ID: 151103380
Control No.: 17090690

b.   Damage to credibility amongst the community, clients and business associates.

c.   Damage to finances which have resulted in the necessity to hire criminal counsel in Texas and Florida.

d.   Economic damages sustained in past and future.

## B.   MENTAL ANGUISH

18.   Plaintiff would further show that the defamatory, negligent, gross negligence, malicious prosecution, acts and/or omissions described in paragraphs 5 through 17 hereinabove were committed knowingly by Defendant or Defendant knew or should have known the falsity of the police report filed with the Shreveport, Louisiana law enforcement authorities filed on or about April 15, 2014.   As a result of such acts and/or omissions contained in paragraphs 5 through 17, Plaintiff sustained a high degree of mental pain and distress of such nature, duration and severity that would permit the recovery of damages for mental anguish for which Plaintiff hereby sues in an amount in excess of the minimum jurisdictional limits of this Court.

## C.   EXEMPLARY DAMAGES

19.   Defendant's intentional, reckless and malicious conduct contained in paragraphs 5 through 18 allow Plaintiff to recover exemplary damages in accordance with Texas law.

## D.   ATTORNEY'S FEES

20.   Request is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff herein, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just.

7

Case ID: 151103380
Control No.: 17090690

# X.    PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff, Michael Gray, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant, jointly and severally, for actual monetary damages requested hereinabove in an amount in excess of $1,000,000, together with prejudgment and post-judgment interest at the maximum rate allowed by law, attorney's fees, costs of court, and such other and further relief to which the Plaintiff may be entitled at law or in equity, whether pled or unpled.

Dated: December 23, 2015

Respectfully submitted,

PROVOST ★ UMPHREY
LAW FIRM, L.L.P.
490 Park Street
P. O. Box 4905
Beaumont, Texas  77704
Phone: (409) 835-6000
Fax:  (409) 813-8625
gfisher@pulf.com
Attorney for Plaintiff

By:    /s/ Guy G. Fisher
Guy G. Fisher
Texas Bar No. 07051010

8

Case ID: 151103380
Control No.: 17090690

<u>**CERTIFICATE OF SERVICE**</u>

    I HEREBY CERTIFY that on this 23rd day of December, 2015, I electronically filed the foregoing with the Clerk of the Court by using CM/ECF system, which will send a notice of electronic filing to all counsel of record.

                                  /s/ Guy G. Fisher
                                  Guy G. Fisher

Case ID: 151103380
Control No.: 17090690

# Exhibit 9

Case ID: 151103380
Control No.: 17090690

Control No. 16110955

## IN THE COURT OF COMMON PLEAS OF PHILADELPHIA
### FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
### CIVIL TRIAL DIVISION

| | |
|---|---|
| KELLY A. GRADY | : |
| **Plaintiff** | : |
| | :     NOVEMBER TERM, 2015 |
| vs. | : |
| | :     NO. 3380 |
| THE HERTZ CORPORATION, | : |
| HERTZ RENT-A-CAR PHILADELPHIA | : |
| INTERNATIONAL AIRPORT, and | : |
| JOHN DOE(s) | : |
| **Defendants** | : |

### ORDER

And Now, this 19 day of January, 2017, after considering the Motion for Summary Judgment filed by the Hertz Defendants, Plaintiff's Response thereto, and for the reasons set forth in Court Exhibit "A", attached hereto, it is hereby **ORDERED** that the Motion for Summary Judgment is **DENIED in Part**. Summary Judgment is **GRANTED** as to the claims for punitive damages.

BY THE COURT:

FREDERICA A. MASSIAH-JACKSON, J.

Grady Vs The Hertz Corp-ORDER

Case ID: 151103380
Control No.: 17090690

### Court Exhibit "A"

a.    While it is true that the statute of limitations for **false imprisonment** is two years, when a court is presented with the request for application of the discovery rule, factual determinations must be made.  A Motion for Summary Judgment may be granted only where the right to judgment is free and clear from all doubt.  This Motions Court is unable to conclude that summary judgment can be entered as a matter of law in view of the disparate "he said/she said" assertions set forth in these Motion papers. See generally, Fine v. Checcio, 870 A.2d 850, 857 (Pa. 2005); Jones v. SEPTA, 772 A.2d 435, 438 (Pa. 2001).

b.    When there is a claim for **malicious prosecution**, and there is no conflict in the evidence and testimony, the determination of probable cause is exclusively for the Court. In the circumstances present here, where there exist significant factual disputes and variance of evidence, the issues raised must be submitted to a jury. See, Miller v. Pennsylvania Railroad Co., 89 A.2d 809 (Pa. 1952); Kelley v. Teamsters, Local 249, 544 A.2d 940 (Pa. Superior Ct. 1988); DeSalle v. Penn Central Co., 398 A.2d 680 (Pa. Superior Ct. 1979).

Plaintiff-Grady states at page 4 of 89:

> "If an investigation had been made in Grady's case it would have revealed that Ms. Grady was in constant contact with Hertz from April to July 2013, that Ms. Grady was charged $4,200 for the rental as of July 15, 2013, and that Ms. Grady had physically went to the Hertz location on July 18, 2013, to make sure her rental was authorized."

Case ID: 151103380
Control No.: 17090690

Defendant-Hertz states (unpaged):

> "On July 11, 2013, after having placed over 50 phone calls, sent a certified letter, contacted Plaintiff on Facebook, and gone out to the address to locate the renter and the vehicle, Hertz Vehicle Control Department officially labels the vehicle a conversion and prepares the theft package to be turned over to the local police department. This is 55 days after the vehicle was due back pursuant to the rental contract . . . .
>
> On July 22, 2013, Hertz Assistant Corporate Security Manager Ken Graeber presents the theft package to the Philadelphia Police Department, who upon reviewing its contents, enter the vehicle as stolen in the national law enforcement database NCIC."

Hugee v. Pa. Railroad Co., 101 A.2d 740, 743 (Pa. 1954), the question of existence of malice is always a question of fact for jury; Wainauskis v. Howard Johnson Co., 488 A.2d 1117, 1122-1123 (Pa. Superior Ct. 1985), when material facts relating to presence or absence of probable cause are at issue, the jury must decide.

c.  Claims for **intentional infliction of emotional distress** permit recovery in only the very egregious and extreme cases. Plaintiff-Grady has the burden to prove that the conduct of the tortfeasor was so outrageous in character, and so extreme in degree as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community. Kazatsky v. King David Memorial Park, 527 A.2d 988 (Pa. 1987); Hoy v. Angelone, 691 A.2d 476 (Pa. Superior Ct. 1997); Buczek v. First National Bank, 531 A.2d 1122 (Pa. Superior Ct. 1987).

Case ID: 151103380
Control No.: 17090690

At this juncture, the role of a Motions Court is not to decide the facts but to determine whether an issue of fact exists.  Thus, while it would be inappropriate for this Court to assess the admissibility or weight of Plaintiff's medical expert, there does exist an issue for the Trial Court and summary judgment must be denied. Gray v. Huntzinger, 147 A.3d 924 (Pa. Superior Ct. 2016).

Case ID: 151103380
Control No.: 17090690