## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Rental Car Intermediate Holdings, LLC,[1] | Case No. 20-11247 (MFW) |
| Reorganized Debtor. | RE: DOCKET NO. 219 |

### OBJECTION OF CBS BROADCASTING INC. TO REORGANIZED DEBTOR'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING REORGANIZED DEBTOR TO FILE UNDER SEAL CERTAIN CONFIDENTIAL INFORMATION

CBS Broadcasting Inc. ("**CBS News**"), by its undersigned counsel, hereby objects (the "**CBS News Objection**") to the *Reorganized Debtor's Motion for Entry of an Order Authorizing Reorganized Debtor to File under Seal Certain Confidential Information in the Reorganized Debtor's (a) Objection to Claimants' Motion to Deem Claims Timely or for Extension of General Bar Date under Rules 3003(c) and 9006, and (b) Objection to the False Arrest Claimants' Motion Pursuant to Bankruptcy Rule 9014 (i) to Apply Bankruptcy Rule 7023 and (ii) to Set a Discovery Schedule on the Putative Class Claims* [Docket No. 219] (the "**Motion to Seal**"), filed by reorganized debtor Rental Car Intermediate Holdings, LLC ("**Hertz**" or the "**Reorganized Debtor**"). Contemporaneously with the filing of this CBS News Objection, CBS News is also filing its *Motion of CBS Broadcasting Inc. Pursuant to Fed. R. Bankr. P. 2018(a) to Intervene for the Limited Purpose of Objecting to Reorganized Debtor's Motion for Entry of an Order*

---

[1] The last four digits of the tax identification number of Reorganized Debtor Rental Car Intermediate Holdings, LLC ("**RCIH**") are 2459. The location of RCIH's service address is 8501 Williams Road, Estero, FL 33928. On September 28, 2021, the Court entered a final decree closing each of the chapter 11 cases for The Hertz Corporation and its reorganized debtor affiliates (the "**Reorganized Debtors**") other than RCIH's chapter 11 case. Commencing on September 28, 2021, all motions, notices, and other pleadings relating to any of the Reorganized Debtors shall be filed in RCIH's chapter 11 case, Case No. 20-11247 (MFW).

*Authorizing Reorganized Debtor to File under Seal Certain Confidential Information.*  In support

of the CBS News Objection, CBS News respectfully states as follows:

## PRELIMINARY STATEMENT

1.    CBS Broadcasting Inc. is an indirect, wholly owned subsidiary of ViacomCBS

Inc., and produces and broadcasts news, public affairs, and entertainment programming.  Its CBS

News and Stations Division produces and disseminates round-the-clock news reports throughout

each day, as well as news and public affairs newsmagazine shows, such as "60 Minutes," "Face

the Nation," and "Sunday Morning."

2.    CBS News has been reporting on the lawsuit pending in this Court arising from

numerous allegedly false police reports filed by Hertz wrongfully accusing some of its lessees of

car theft ("the **False Arrest Claims**") and opposes Hertz's Motion to Seal critical information

that Hertz has submitted to the Court, which includes "the number of police reports filed by the

Debtors," and, according to the Court's instruction, "the number of such reports proven to be

inaccurate," allegedly contained in Hertz's Sealed Objections.  Motion to Seal, ¶¶ 7, 11, 17-18, at

4, 5, 7-8.

3.    The public has a constitutional and common law right to access judicial records

such as the objections by Hertz already filed under seal and the information it seeks to filed

under seal.  Moreover, Hertz's request does not meet the strict exceptions for sealing set out in

11 U.S.C. § 107.  Hertz cannot credibly assert, let alone prove, that the information it seeks to

protect is sensitive, confidential or of any commercial value.  Indeed, if this Information is

deemed confidential, it is difficult to contemplate what would not be.  On the other hand, the

strong policy underlying the transparency embodied in section 107 is amply present here, where

the Claimants allege extensive wrongdoing by an internationally prominent corporation, which

boasts that it is "the only true global rental car company, providing quality car rental service for

over 90 years." https://www.hertz.com/rentacar/abouthertz/index.jsp?targetPage=Corporate Profile.jsp&c=aboutHertzCompaniesView.

4.      The likelihood is simply that Hertz will be embarrassed by the disclosure. But that is just not enough to defeat the statutory and constitutional right to access. For the reasons set forth below, the Motion to Seal should be denied.

## **BACKGROUND**

### I.      **Interest of CBS News in the Purported Confidential Information**

5.      As noted above, CBS News produces and broadcasts news, public affairs and entertainment programming. CBS News has been reporting and intends to continue to report on the facts surrounding the Claimants' assertions regarding Hertz's alleged misconduct.

6.      The information filed and to be filed under seal would provide valuable insights into the nature and scope of the controversy and is not readily available from any other source.

### II.      **The Motion to Seal and the Purported Confidential Information**

7.      On December 6, 2021, certain "Group 3 False Police Report Claimants"[2] (the "**Claimants**") filed the *Claimants' Motion to Deem Claims Timely or for Extension of General Bar Date under Rules 3003(c) and 9006* [Docket No. 190] (the "**Motion for Leave**"). On that same date, the putative class of False Police Report Claimants filed the *False Police Report Claimants' Motion Pursuant to Bankruptcy Rule 9014 (i) to Apply Bankruptcy Rule 7023 and (ii) to Set a Discovery Schedule on the Putative Class Claims* [Docket No. 192] (the "**Class Claim Motion**").

---

[2] As set forth therein, the Motion for Leave "is brought on behalf of the Claimants listed in Exhibit A1 attached to this Motion. As used herein, the 'False Report Claimants' are those individuals whose claims are subject of the Reorganized Debtors' 21st and 22nd Omnibus Objections to Claims [Case No. 20-11218, D.I. 5898 & 5899]...." Motion for Leave, at 1, n.2.

8.    On December 20, 2021, Hertz filed:  (a) the *Reorganized Debtor's Objection to Claimants' Motion to Deem Claims Timely or for Extension of General Bar Date under Rules 3003(c) and 9006* [Docket No. 214] (the "**Motion for Leave Objection**") and (b) the *Reorganized Debtor's Objection to the False Arrest Claimants' Motion Pursuant to Bankruptcy Rule 9014 (i) to Apply Bankruptcy Rule 7023 and (ii) to Set a Discovery Schedule on the Putative Class Claims* [Docket No. 215] (the "**Class Claim Motion Objection**" and, together with the Motion for Leave Objection, "**Hertz's Sealed Objections**").  Both of Hertz's Sealed Objections were filed under seal and are inaccessible to the public on the Court's docket.[3]

9.    On December 23, 2021, Hertz also filed the Motion to Seal, thereby seeking authority to file under seal "information regarding the number of police reports filed by the Debtors, as well as additional information on rental transactions, customer interactions, and other data points" allegedly contained in Hertz's Sealed Objections (the "**Purported Confidential Information**") pursuant to section 107(b) of the Bankruptcy Code on the basis that the Purported Confidential Information contains "highly sensitive confidential, commercial information of the Reorganized Debtors."  Motion to Seal, ¶¶ 11, 17-18, at 5, 7-8.

10.    On December 29, 2021, the Claimants filed:  (a) the *Claimants' Reply in Support of Motion to Deem Claims Timely or for Extension of General Bar Date under Rules 3003(c) and 9006* [Docket No. 228] (the "**Reply in Support of Motion for Leave**") and (b) the *Claimants' Reply in Support of Motion Pursuant to Bankruptcy Rule 9014* [Docket No. 230] (the "**Reply in Support of Class Claim Motion**" and, together with the Reply in Support of Motion for Leave,

---

[3] On December 23, 2021, Hertz filed:  (a) the *Notice of Filing of Proposed Redacted Version of Reorganized Debtor's Objection to Claimants' Motion to Deem Claims Timely or for Extension of General Bar Date under Rules 3003(c) and 9006* [Docket No. 220] (the "**Redacted Motion for Leave Objection**") and (b) the *Notice of Filing of Proposed Redacted Version of Reorganized Debtor's Objection to the False Arrest Claimants' Motion Pursuant to Bankruptcy Rule 9014 (i) to Apply Bankruptcy Rule 7023 and (ii) to Set a Discovery Schedule on the Putative Class Claims* [Docket No. 221] (the "**Redacted Class Claim Motion Objection**" and, together with the Redacted Motion for Leave Objection, the "**Hertz's Redacted Objections**").

the "**Claimants' Sealed Replies**").  Both of the Claimants' Sealed Replies were filed under seal

and are inaccessible to the public on the Court's docket.[4]

11.     On January 4, 2022, the Claimants filed the *Claimants' Motion for Entry of an*

*Order Authorizing Claimants to File under Seal Allegedly Confidential Information Contained in*

*(i) Claimants' Reply in Support of Motion to Deem Claims Timely or for Extension of General*

*Bar Date under Rules 3003(c) and 9006; and (ii) Claimants' Reply in Support of Motion*

*Pursuant to Bankruptcy Rule 9014* [Docket No. 248] (the "**Claimants' Motion to Seal**").

12.     Notwithstanding the filing of the Claimants' Motion to Seal, it is clear that the

Claimants do not support Hertz's designation of the Purported Confidential Information as

"confidential."  As explained by the Claimants in the Claimants' Motion to Seal:

> Because the Replies contain certain of the Sealed Information that
> the Reorganized Debtor has designated as confidential, Local Rule
> 9018-1(f) requires the Claimants to keep the Sealed Information
> confidential until the time that the Court rules on the Seal Motion.
> Accordingly, the Claimants filed the Replies under seal [D.I. 228
> & 230], and, in accordance with the Local Rule, file this Motion to
> preserve the status quo pending the Court's ruling.

Claimants' Seal Motion, ¶ 7 at 4.

13.     Indeed, according to the Claimants' Seal Motion, they "dispute the confidential

nature of the Sealed Information, and expressly reserve all rights to challenge such confidential

designation and to object to the Seal Motion."  *Id*., ¶ 8 at 4.

---

[4] On January 3, 2022, the Claimants filed:  (a) the *Notice of Filing of Proposed Redacted Version of Claimants' Reply in Support of Motion to Deem Claims Timely or for Extension of General Bar Date under Rules 3003(c) and 9006* [Docket No. 236] (the "**Redacted Reply in Support of Motion for Leave**") and (b) the *Notice of Filing of Proposed Redacted Version of Claimants' Reply in Support of Motion Pursuant to Bankruptcy Rule 9014* [Docket No. 234] (the "**Redacted Reply in Support of Class Claim Motion**" and, together with the Redacted Reply in Support of Motion for Leave, the "**Claimants' Redacted Replies**").

### III. CBS News' Motion to Intervene

14.     Contemporaneously with the CBS Objection, CBS has filed the *Motion of CBS Broadcasting Inc. Pursuant to Fed. R. Bankr. P. 2018(a) to Intervene for the Limited Purpose of Objecting to Reorganized Debtor's Motion for Entry of an Order Authorizing Reorganized Debtor to File under Seal Certain Confidential Information*.  For the reasons set forth therein, CBS News asserts that it should be permitted to intervene in this proceeding pursuant to Bankruptcy Rule 2018(a) for the limited purpose of enforcing the public's right of access to Hertz's Sealed Objections and the Purported Confidential Information, including objecting to the Motion to Seal, as well as to any subsequent similar requests with respect to the Purported Confidential Information.

### OBJECTION

15.     Under section 107 of the Bankruptcy Code, the First Amendment, and common law, the public has a qualified right of access to Hertz's Sealed Objections and the Purported Confidential Information. Hertz has not demonstrated – and *cannot* demonstrate – that it can overcome this crucial right.

### I. Hertz Has Not Met Its Burden to Overcome the Right of Access under Section 107 of the Bankruptcy Code

#### A. The Right of Access to Hertz's Sealed Objections and the Purported Confidential Information under Section 107(a) of the Bankruptcy Code

16.     Codified in the Bankruptcy Code is a strong presumption of access to court records.  Section 107(a) of the Bankruptcy Code directs that "a paper filed in a case under this title and the dockets of a bankruptcy court are public records and open to examination by an entity at reasonable times without charge."  11 U.S.C. § 107(a).  As such, and unless subject to an enumerated exemption, all papers filed in chapter 11 proceedings shall be open to the public.  *See In re Food Mgmt. Grp., LLC*, 359 B.R. 543, 554 (Bankr. S.D.N.Y. 2007) (noting that, unless

subject to one of section 107's "express exceptions," a document filed in a chapter 11 proceeding "must be open to public inspection").

17.    The right of access under section 107(a) of the Bankruptcy Code is "rooted in the public's First Amendment right to know about the administration of justice." *In re Food Mgmt. Grp.*, 359 B.R. at 553 (quoting *Video Software Dealers Assn. v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 26 (2d Cir. 1994)).  Such openness is "fundamental to the operation of the bankruptcy system and is the best means of avoiding any suggestion of impropriety that might or could be raised." *In re Bell & Beckwith*, 44 B.R. 661, 664 (Bankr. N.D. Ohio 1984).  Because access to records allows the public to evaluate the integrity of bankruptcy proceedings, the public interest in access in such cases is "at its zenith." *In re Food Mgmt. Grp.*, 359 B.R. at 553.

18.    Accordingly, unless one of the exceptions to this presumption of access discussed further below applies, Hertz's Sealed Objections and the Purported Confidential Information should be accessible to CBS News and the public.  None of those exceptions justifies the sealing Hertz seeks in this matter.

### B.    The Narrowly Construed Exceptions to the Right of Access

19.    The exceptions to the right of access set forth in section 107 of the Bankruptcy Code are strictly circumscribed, reflecting the clear intent of Congress to make records in bankruptcy cases publicly available in all but specific, narrow circumstances.  *In re Orion Pictures*, 21 F.3d at 26; *In re Borders Grp., Inc.*, 462 B.R. 42, 47 (Bankr. S.D.N.Y. 2011) (highlighting narrowness of section 107(b) exceptions); *In re Barney's, Inc.*, 201 B.R. 703, 707 (Bankr. S.D.N.Y. 1996) ("Congress did not intend that sealed pleadings be the rule in bankruptcy cases.").

20.     Under section 107(b)(1) of the Bankruptcy Code (entitled "Public Access to Papers"), these limited exceptions include specific types of information related to the business of the debtor, including trade secrets and confidential research, development, or commercial information.   The exceptions enumerated in section 107(b)(2) also permit sealing in limited circumstances to "protect a person with respect to scandalous or defamatory matter."  11 U.S.C. § 107(b)(2).  And under section 107(c)(1), certain types of personal identifying information may also be protected when their disclosure "would create undue risk of identity theft or other unlawful injury to the individual or the individual's property."  11 U.S.C. § 107(c)(1).

21.     The proponent of sealing bears the burden of demonstrating that an exception to the presumption of openness applies.  *In re Food Mgmt. Grp.*, 359 B.R. at 561.  Meeting this burden of proof requires the party seeking sealing to "demonstrate *extraordinary circumstances and compelling* need to obtain protection."  *Id.*  (emphasis added) (citing *In re Orion Pictures*, 21 F.3d at 27).  Mere speculation or conjecture that documents might fall into a protected category is insufficient to warrant sealing. *In re FiberMark, Inc.*, 330 B.R. 480, 506 (Bankr. D. Vt. 2005). Hertz fails to meet its burden here.

22.     In the Motion to Seal, Hertz does not seek to protect the Purported Confidential under either section 107(b)(2) as scandalous or defamatory matter or section 107(c) as protectable personal identifying information.  Rather, Hertz only attempts to characterize the Purported Confidential Information as "commercial information" that should be protected under section 107(b)(1) of the Bankruptcy Code.  As discussed below, this attempt fails.

**C.** **The Purported Confidential Information Should Not Be Sealed as "Commercial Information"**

23. Courts in this District have interpreted "commercial information" under section 107(b) as "information which would result in 'an unfair advantage to competitors by providing them information as to the commercial operations of the debtor.'" *In re Alterra Healthcare Corp.*, 353 B.R. 66, 75 (Bankr. D. Del. 2006) (quoting *Orion*, 21 F.3d at 27-28); *In re Muma Servs., Inc.*, 279 B.R. 478, 484 (Bankr. D. Del. 2002) (quoting *Ad Hoc Protective Comm. for 10½% Debenture Holders v. Itel Corp. (In re Itel Corp.)*, 17 B.R. 942, 944 (9th Cir. B.A.P. 1982)). The sealing proponent must demonstrate with "persuasive evidence" that such public disclosure would place it "at a competitive disadvantage with its 'competitors,'" thereby causing a "serious injury." *In re Found for New Era Philanthropy*, 1995 WL 478841, at *5 (Bankr. E.D. Pa. May 18, 1995); *Alterra*, 353 B.R. at 75-76 ("[T]he Court must find that information…'is so critical to the operations of the entity seeking the protective order that its disclosure will unfairly benefit that entity's competitors.'") (quoting *In re Barney's, Inc.*, 201 B.R. at 708-09). Where a party seeks to have court records sealed because of the alleged economic consequences of disclosure, courts have demanded more than mere argument and speculation. *See, e.g., Republic of the Philippines v. Westinghouse Elec. Co.*, 949 F.2d 653, 663 (3d Cir. 1991) (noting party must offer "evidence…to substantiate its claim that the disclosure of…records…would result in any type of competitive disadvantage").

24. Hertz's request to seal the Purported Confidential Information falls far short of this heavy burden. Beyond the overly general description of the Purported Confidential Information ("the number of police reports filed by the Debtors, as well as additional information on rental transactions, customer interactions, and other data points"), Hertz offers little more by way of support than conclusory and tautological statements and speculation:

- "The information contains highly sensitive confidential, commercial information of the Reorganized Debtors." Motion to Seal, ¶ 11 at 5.

- "The Confidential Information…is plainly commercial as it describes and quantifies certain aspects of the Debtors' business operations and records." *Id.*, ¶ 17 at 7.

- "Moreover, the Confidential Information is also highly sensitive and confidential. It is not publicly available, broadly disclosed, or otherwise made known at large. The Reorganized Debtors operate in a highly competitive industry, and disclosing this aggregated, commercially sensitive information to their direct and indirect competitors would give the Reorganized Debtors' competitors an unfair advantage in the marketplace. Therefore, the Confidential Information contains highly sensitive confidential, commercial information of the Reorganized Debtor. The disclosure of such information may adversely affect the business of the Reorganized Debtor." *Id.*, ¶ 18 at 7-8.

25.     Such conclusory and speculative statements do not justify the extraordinary relief that Hertz is seeking. Nowhere in the Motion to Seal does Hertz provide any substantive basis for sealing the Purported Confidential Information such as, for example, information concerning the specific economic consequences of disclosure and their likelihood or how such disclosure would benefit competitors and disadvantage Hertz. *See Alterra,* 353 B.R. at 76 ("An unfair advantage to a tort claimant (creditor) of a debtor, however, does not create an unfair advantage to its market competitors."). Moreover, Hertz includes no explanation as to why the Purported Confidential Information should be characterized as "commercial information" in the first instance. Rather than information concerning the ordinary strategic day-to-day operations of Hertz, the Purported Confidential Information appears to be comprised of information related to filed – and allegedly inaccurate – police reports and the interactions between public law enforcement officials and customers – information that is far outside of the "commercial information" contemplated to be protected by courts under section 107(b)(1) of the Bankruptcy

Code, and which, in any event, has already been shared with public government authorities.[5] The public has a compelling interest in learning the facts about how customers of a leading global business are treated, and allegedly mis-treated, in the way that Claimants have vividly described. The likelihood is simply that Hertz will be embarrassed by the disclosure.  But that is simply not enough to defeat the statutory and constitutional right to access. *See, e.g., In re FiberMark, Inc.,* 330 B.R. at 508–09 (The exception to public disclosure under § 107 was never "intended to save the debtor or its creditors from embarrassment, or to protect their privacy in light of countervailing statutory, constitutional, and policy concerns.").

26.      In its Motion to Seal, Hertz cites two inapposite cases in an effort to support its request for relief:  *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Picture Corp.)*, 21 F.3d 24 (2d Cir. 1994) and *In re Global Crossing Ltd.*, 295 B.R. 720 (Bankr. S.D.N.Y. 2003).  Both decisions are readily distinguishable from this one, as they involved the protection of materials far more commercially sensitive than the Purported Confidential Information.  In *Orion*, the court granted a request to seal a confidential licensing agreement, the disclosure of which would "render[] very likely a direct and adverse impairment to Orion's ability to negotiate favorable promotion agreements."  21 F.3d at 26.  And in *Global Crossing*, the court granted a request to seal in the context of a proposed transaction where the information at issue was of a "national security nature."  295 B.R. at 722.  Additionally, in that case, a third-party had openly expressed its intent to derail the proposed transaction and the disclosure of the information at issue would aid those efforts.  *Id*. at 725.

27.      In contrast, no such consequence of disclosure possibly exists here.  Hertz does not and cannot credibly assert that it does.  *See, generally, Joy v. North*, 692 F.2d 880, 894 (2d

---

[5] CBS News has no objection to the redaction of Social Security Numbers and other personal identifiers, as required by Federal Rules of Civil Procedure.

Cir. 1982) (holding that report filed in court in connection with a shareholder derivative action could not be sealed based on "a naked conclusory statement that publication of the Report will injure the bank in the industry"); *In re Barney's*, 201 B.R. at 708 ("speculat[ion] that the public disclosure of…the letter will adversely impact debtors' reorganization efforts" insufficient to justify sealing record); *In re FiberMark*, 330 B.R. at 506 ("That information might 'conceivably' or 'possibly' fall within a protected category is not sufficient to seal documents.").

28.    For these reasons, Hertz has not met and cannot meet its burden under section 107(b)(1) of the Bankruptcy Code and the relief requested in the Motion to Seal should be denied on this basis alone.

## II.    The First Amendment and Common Law Require Access to the Sealed Objections and Purported Confidential Information

### A.    The First Amendment Right of Access

29.    In addition to Section 107, the First Amendment to the U.S. Constitution also guarantees a qualified right of access to court records and proceedings, including in bankruptcy proceedings.  *See Alterra*, 353 B.R. at 74 (stating that settlement agreements between creditors and bankrupt debtors "have historically been open to the press and general public"); *In re Traversa*, 371 B.R. 1, 5-6 (Bankr. D. Conn. 2007) (applying First Amendment standard when evaluating motion to seal documents in bankruptcy proceeding).  The Third Circuit has

> advised that [courts] use 'a two-prong test to assess whether the right of access attaches: (1) the experience prong asks whether the place and process have historically been open to the press; and (2) the logic prong evaluates whether public access plays a significant positive role in the functioning of the particular process in question.

*McCowan v. City of Philadelphia*, 2021 WL 3737204, at *4 (E.D. Pa. Aug. 24, 2021) (citing *In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.*, 924 F.3d 662 (3d. Cir. 2019)).

30.    The First Amendment-based presumed right of access may be overcome only by demonstrating "an overriding interest in excluding the public based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Avandia*, 924 F.3d at 673; *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 & n.4 (2d Cir. 2006) (similar); *see also e.g.*, *In re Traversa*, 371 B.R. at 5–6 (denying motion to seal where movant failed to show a "compelling need").    The party seeking sealing "in the face of the First Amendment right of access" must "show[] that the material is the kind of information that courts will protect and that there is good cause for the order to issue." *Avandia*, 924 F.3d at 673. "Good cause" means "that disclosure will work a clearly defined and serious injury." *Id.* The Third Circuit explained that, while "an interest in safeguarding a trade secret may overcome a presumption of openness[,]. . . *[b]ad business practices, in the absence of other circumstances, do not overcome the presumption*." *Id.* (citation and internal quotation marks omitted) (emphasis added*); see also, e.g., Legal Newsline v. Garlock Sealing Techs. LLC*, 518 B.R. 358, 364 (W.D.N.C. 2014) (holding that bankruptcy court judge must "consider sealing as the exception not the rule"); *Copley Press, Inc. v. Peregrine Sys.*, 311 B.R. 679, 688 (D. Del. 2004) (holding that audit report filed under protective order as exhibit in bankruptcy proceeding is judicial record subject to right of access).

### B.    The First Amendment Right of Access Applies to Hertz's Sealed Objections and the Purported Confidential Information

31.    There can be no dispute that the First Amendment right of access extends to Hertz's Sealed Objections and to the Purported Confidential Information, which Hertz was ordered to file with the Court expressly to aid the Court's resolution of the Class Claim Motion. Motion to Seal, ¶ 7 at 4 (citing Nov. 4, 2021 Tr. at 54:3-20).  According to Hertz, the information that the Court instructed it to file contains "statistics . . . on the number of police reports filed by

the Debtors, *and the number of such reports proven to be inaccurate*," as well as "additional information on rental transactions, customer interactions, and other data points." *Id.* at ¶¶ 7, 11 at 4, 5 (emphasis added). Information that a court specifically sought to aid in the disposition of a publicly filed motion is exactly the type of information to which the public has long had a right of access—thus meeting the "experience" prong of the *Avandia* test—as "[p]ublic confidence [in the judiciary] cannot long be maintained where important judicial decisions are made behind closed doors." *United States v. Cianfrani*, 573 F.2d 835, 851 (3d Cir. 1978); *see, e.g., Brown v. Maxwell,* 929 F.3d 41, 50 (2d Cir. 2019) (The right of access applies to documents filed in conjunction with any motion that "call[s] upon the court to exercise its Article III powers," including material accompanying "motions to compel testimony, to quash trial subpoenae, and to exclude certain deposition testimony.").

32.    Even if the Court had not ordered Hertz to file the Purported Confidential Information, judicial records in bankruptcy cases have long been available to the public. *See, e.g., Bell & Beckwith*, 44 B.R. at 664 ("Th[e] policy of open inspection, established in the Bankruptcy Code itself, is fundamental to the operation of the bankruptcy system and is the best means of avoiding any suggestion of impropriety that might or could be raised."); *In re Crawford*, 194 F.3d 954, 960 (9th Cir. 1999) ("Section 107(a) is rooted in the right of public access to judicial proceedings, a principle long-recognized in the common law and buttressed by the First Amendment. . . . This governmental interest is of special importance in the bankruptcy arena, as unrestricted access to judicial records fosters confidence among creditors regarding the fairness of the bankruptcy system."); *Orion*, 21 F.3d at 26 ("[P]olicy of open inspection" under § 107(a) "evidences [C]ongress's strong desire to preserve the public's right of access to judicial records in bankruptcy proceedings."). In *Alterra*, for example, this Court noted that "[t]here is a

strong presumption in favor of public access to bankruptcy proceedings and records.  During a chapter 11 reorganization, a debtor's affairs are an open book and the debtor operates in a fish bowl." 353 B.R. at 73.

33.    Further, the presumption of public access is particularly strong in cases, like this one, where the public interest in the information being hidden from view in access is substantial. *See In re Nat'l Prescription Opiate Litigation*, 927 F.3d 919, 933 (6th Cir. 2019) (finding that a database subject to a stipulated protective order needed to be disclosed in light of the public's "substantial interest" in the data"); *Avandia*, 924 F.3d at 677 ("The interests in public access to judicial records "are particularly important in a case such as this one, which implicates the public's trust in a well-known and (formerly) widely-used drug").  Hertz is a, and perhaps, *the* global hub for transportation leasing, servicing not just private customers, but "government and official" customers as well.   *See* https://www.hertz.com/rentacar/misc/index.jsp?targetPage= governmentandmilitary.xml. Indeed, before the Purported Confidential Information was entered on the Court's docket, CBS News and other media outlets were already reporting on the same or similar claims being asserted by the Claimants.  *See, e.g., Dozens of customers allege Hertz had them falsely arrested over rental cars reported stolen: "It was just terrifying,"* CBS News (Nov. 4, 2021), https://www.cbsnews.com/news/hertz-customers-allege-false-arrests-lawsuit/; *Hertz customers claim they were arrested, some jailed and even held at gunpoint after false theft reports*, CBS News (Dec. 10, 2021),https://www.cbsnews.com/news/hertz-claims-false-arrests/; Sam Wood, *Hertz customers claim they were arrested, some jailed and even held at gunpoint after false theft reports*, The Philadelphia Inquirer (Aug. 3, 2020), https://www.inquirer.com/business/retail/hertz-stolen-car-grand-theft-auto-malofiy-bankruptcy-lawsuit-20200803.html; and Timothy L. O'Brien, *Hertz Took the Wrong Customer for a Ride*,

Bloomberg Opinion (Dec. 2, 2021), https://www.bloomberg.com/opinion/articles/2021-12-02/hertz-mistakenly-took-kate-klonick-for-a-ride (all last visited Jan. 5, 2022).

34.     Given that Hertz has entered the public debate and made statements to the media disputing those claims,[6] there should be no doubt that full disclosure of the court-filed Purported Confidential Information regarding these claims is warranted, and that such disclosure "may also assist governmental entities in the performance of their duties vis-a-vis this debtor and its officers." *In re Found. for New Era Philanthropy*, 1995 WL 478841, at *5. "Thus, there are significant public concerns which favor full public access" to these documents. *Id.*

35.     Accordingly, there can be no doubt that the "logic" prong of the *Avandia* test is also met, especially as "the policy interest in favor of public access is at its zenith where issues concerning the integrity and transparency of bankruptcy proceeding are involved." *In re Northwestern Airlines Corp.*, 363 B.R. 704, 706 n.3 (Bankr. S.D.N.Y. 2007) (citations and internal quotation marks omitted). The First Amendment right of access applies to the judicial documents at issue.

### C.     Hertz Has Not Sufficiently Rebutted the First Amendment-based Presumed Right of Access

36.     Because the First Amendment presumed right of access applies to the Purported Confidential Information and Hertz's Sealed Objections, Hertz must demonstrate "an overriding interest in excluding the public based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Avandia,* 924 F.3d at 673. Further, it must

---

[6] Hertz has asserted that "the vast majority of these cases [involving the false police reports] involve renters who were many weeks or even months overdue returning vehicles and who stopped communicating with us well beyond the scheduled due date," and that "[s]ituations where vehicles are reported to the authorities are very rare and happen only after exhaustive attempts to reach the customer," Minda Zetlin, *Why Are Hertz Customers Getting Stopped--or Even Jailed--for Driving 'Stolen' Cars?*, Inc., https://www.inc.com/minda-zetlin/hertz-customers-stolen-cars-false-accusations-francis-malofiy-lawsuits-bankruptcy.html (last visited Jan. 5, 2022).

show that the information sought to be sealed is the type normally protected and that there is good cause (*i.e.*, a specific injury) for the order to issue. *Id.* Hertz cannot meet this burden.

37.     Hertz simply, and in a wholly conclusory manner, asserts that the statistics and "additional data regarding rental transactions, customer interactions, and other information, is . . . highly sensitive and confidential. . . and disclosing this aggregated, commercially sensitive information to their direct and indirect competitors would give the Reorganized Debtors' competitors an unfair advantage in the marketplace."  Motion to Seal, ¶¶ 17, 18 at 7-8.  Such a generalized, hypothetical, and unsupported risk of economic and/or reputational harm is not sufficiently compelling to justify sealing under the First Amendment.  *See Avandia*, 924 F.3d at 672 (trade secrets may be protected; bad business practices are not); *Doe v. Pub. Citizen*, 749 F.3d 246, 269–70 (4th Cir. 2014); *In re FiberMark, Inc.,* 330 B.R. at 508–09 (The exception to public disclosure under § 107 was never "intended to save the debtor or its creditors from embarrassment, or to protect their privacy in light of countervailing statutory, constitutional, and policy concerns."); *Joy*, 692 F.2d at 894  ("[A] naked conclusory statement that publication of the Report will injure the bank in the industry and local community falls woefully short of the kind of showing which raises even an arguable issue as to whether it may be kept under seal. The report is no longer a private document.  It is part of a court record.").

38.     Conversely, as explained above, there is considerable public interest in the debtor, the self-described "only true global car company," https://www.hertz.com/rentacar/abouthertz/index.jsp?targetPage=CorporateProfile.jsp&c=aboutHertzCompaniesView, and its affairs—especially the allegations of extensive wrongdoing. Thus, "the public and press enjoy a presumptive right of access to civil proceedings and documents filed therein, notwithstanding the negative publicity those documents may shower upon a company." *Doe,* 749

F.3d at 269–70.  Thus, because Hertz cannot show and has not shown that there is an "overriding public interest" in the secrecy of the Purported Confidential Information, or that a specific or serious injury will (or even may) result from their disclosure, its motion to seal should be denied.

###    D.    The Common Law Right of Access Requires Access to the Sealed Objections and Purported Confidential Information

39.    The Third Circuit, in *Avandia*, also explained that the common law right of access, which "antedates the constitution," "promotes public confidence in the judicial system by enhancing testimonial trustworthiness and the quality of justice dispensed by the court."  924 F.3d at 672 (citations and internal quotation marks omitted).  The burden to overcome the common law presumption of access is similar, though slightly less rigorous, than that required to overcome the Constitutional right of access.  To meet its burden, the party seeking sealing must show "that the interest in secrecy outweighs the presumption[,] [and] that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *Id.*  Here, for the same reasons Hertz has not and cannot overcome the Constitutional right of access, neither can it overcome the common law right of access.

WHEREFORE, CBS News respectfully requests that the Court:  (i) sustain the CBS News Objection in its entirety and deny the Motion to Seal and the relief sought therein and (ii) grant CBS News such other and further relief that the Court deems just and proper.

DATED:  January 6, 2022

                    **MONTGOMERY McCRACKEN WALKER & RHOADS LLP**

By: */s/ Gregory T. Donilon*
    Gregory T. Donilon (DE Bar No. 4244)
    1105 North Market Street, Suite 1500
    Wilmington, DE  19801
    Telephone:  (302) 504-7800
    Facsimile:  (302) 504-7820
    gdonilon@mmwr.com

    -and-

    Jeremy D. Mishkin, Esq.
    (*pro hac vice* pending)
    Kendra Baisinger, Esq.
    (*pro hac vice* pending)
    1735 Market Street, 21st Floor
    Philadelphia, PA  19103-7505
    Telephone:  (215) 772-1500
    Facsimile:  (215) 772-7620
    jmishkin@mmwr.com
    kbaisinger@mmwr.com

    *Counsel for CBS Broadcasting Inc.*