## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Rental Car Intermediate Holdings, LLC,[1]<br><br>Reorganized Debtor. | Chapter 11<br><br>Case No. 20-11247 (MFW)<br><br>**Objection Deadline: Jan. 28, 2022, at 4:00 p.m. (ET)**<br>**Hearing Date: Feb. 9, 2022, at 10:30 a.m. (ET)**<br><br>Ref. D.I. 271 |

### CLAIMANTS' MOTION FOR ENTRY OF A PROTECTIVE ORDER AND GRANTING RELATED RELIEF

On January 10, 2022, the above-captioned reorganized debtor (the "Reorganized Debtor" and together with its former debtor affiliates, the "Debtors" or "Hertz") propounded interrogatories (the "Interrogatories") on a total of forty-two individual "Group 3" and "Group 4" False Police Report Claimants (together, the "Claimants")[2], demanding that responses and objections to the Interrogatories be served by January 17, 2022, and that attendant answers be substantially completed by January 31, 2022. To date, the Reorganized Debtor has offered no legal basis to

---

[1] The last four digits of the tax identification number of Reorganized Debtor Rental Car Intermediate Holdings, LLC ("RCIH") are 2459. The location of the Reorganized Debtors' service address is 8501 Williams Road, Estero, FL 33928. On September 28, 2021, the Court entered a final decree closing each of the chapter 11 cases for The Hertz Corporation and its affiliated reorganized debtors (collectively, the "Reorganized Debtors") other than RCIH's chapter 11 case. Commencing on September 28, 2021, all motions, notices, and other pleadings relating to any of the Reorganized Debtors shall be filed in RCIH's chapter 11 case, Case No. 20-11247 (MFW).

[2] As relevant here, the "Group 3" Claimants include Breanna ONeal, Britne McClinton, Charles Lee Bort, Heather Kasdan, Holly Harris, Israel Sundseth, Janette Brown, Jason Cook, Jessica Malone, Kimberli Costabile, Kwai Yee Chan, Lateshia Jenkins, Marissa White, Moneck Wallace, Paula Murray, Raelena Lewis, Sean Hurt, Siobhan Abrams, Tyresha Caudle and Zanders Pace. The "Group 4" Claimants include Andrew Seaser, Carmen Bosko, Christian Mangano, Cynthia Vaughn, Darnay Taper, Dedrick Jackson, Della Davis, Dr. Tederhi Usude, Edward Solis, Edward Sturkie, Jr., Jeffrey Smith, Jenelle Reece-Williams, Jessica Andolino, John Prawat, Kellan McClellan, Laryelle Magee, Mary Lindsay Flannery, Melinda Smith, Reginald Brown, ReJeana Meado, Saurabh Rathi, and Tonia Rich.

modify the 30-day response deadline clearly set forth in Rule 33(b)(2) of the Federal Rules of Civil Procedure (the "Federal Rules"), as incorporated by Rule 7033 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  Nonetheless, in an abundance of caution, the Claimants, by and through their undersigned counsel, hereby file this motion (this "Motion") for entry of a protective order, enforcing the requirements of the Federal Rules and excusing, to the extent necessary, the Claimants' non-compliance with the arbitrary response deadlines set forth in the Interrogatories.  In support of this Motion, the Claimants respectfully state as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 1334 and 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding under 28 U.S.C. § 157(b), and the Court may enter a final order consistent with Article III of the United States Constitution.[3]  Venue of this proceeding and the Motion is proper in this District under 28 U.S.C. §§ 1408 and 1409.

2. The legal predicates for the relief requested herein are Federal Rules 26 and 33, as incorporated by Bankruptcy Rules 7026 and 7033, and Rule 7026-1(a) of the Local Rules of Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

---

[3] If it is determined that the Court, absent consent of the parties, cannot enter a final order on this Motion consistent with Article III of the United States Constitution, the Claimants consent to the Court's entry of such an order.  For the avoidance of doubt, the Claimants reserve all other rights with respect to their claims, including the right to contest the Court's authority to determine any other issue relating to such claims and to demand a trial by jury.

## BACKGROUND[4]

3.  On September 20, 2021, the Reorganized Debtors filed their *Twenty-First Omnibus (Non-Substantive) Objection to False Police Report Claimants' (I) Amended and Superseded Claims, (II) Duplicative Claims, and (III) Late Claims* [Case No. 20-11218, D.I. 5898] (the "21st Omnibus Objection") and (b) *Twenty-Second Omnibus (Substantive) Objection to False Police Report Claimants' Non-Compliant, Unsubstantiated, and Class Claims, and Request for a Limited Waiver of Local Rule 3007-1(f)(iii), to the Extent Such Rule May Apply* [Case No. 20-11218, D.I. 5899] (the "22nd Omnibus Objection," and together with the 21st Objection, the "Objections"), seeking to disallow and expunge certain False Police Report Claimants'[5] proofs of claim (each a "Claim" and collectively, the "Claims").

4.  Following service of the Objections, on September 28, 2021, the False Police Report Claimants propounded discovery requests on the Reorganized Debtors [Case No. 20-11218, D.I. 5946],[6] requesting responses to interrogatories and requests for admission on or before October 12, 2021 and requests for production on or before October 19, 2021.  The Reorganized Debtors did not respond to the Claimants' discovery requests by either date on the stated ground that the response deadlines were inconsistent with the Federal Rules.  On October 20, 2021, the

---

[4]  For purposes of this Motion, the Claimants assume the Court's familiarity with the nature of their dispute with the Reorganized Debtors and request that the Court take judicial notice of the adjudicative facts set forth in their previously filed pleadings in accordance with Rule 201 of the Federal Rules of Evidence.

[5]  As used herein, the "False Police Report Claimants" are those individuals who have been unjustifiably implicated, arrested, imprisoned and/or prosecuted on account of the false police reports or accusations filed by or on behalf of the Debtors, and who have filed claims in these proceedings or otherwise sought relief from this Court.

[6]  The September 2021 discovery was served on behalf of the False Police Report Claimants who were before the Court at that time.  On September 30, 2021, those False Police Report Claimants also served a notice of deposition pursuant to Federal Rule 30(b)(6).

False Police Report Claimants filed their responses to the Objections without the benefit of their requested discovery [D.I. 50 & 51, respectively].

5.     On October 21, 2021, the Reorganized Debtors filed the *Motion (I) To Quash the False Police Report Claimants' Notice of Rule 30(b)(6) Deposition and (II) For Entry of a Protective Order Limiting Written Discovery* [D.I. 61] (the "Motion to Quash").

6.     After briefing by the Reorganized Debtors and the False Police Report Claimants, the Court held a hearing on November 4, 2021, regarding the Objections and the Motion to Quash. At the hearing and in an order entered thereafter [D.I. 187] (the "Second Scheduling Order"), the Court ordered further proceedings and deadlines regarding the Claims filed, or to be filed, by the False Police Report Claimants.  At the hearing, the Court also directed the False Police Report Claimants to, among other things, file amended proofs of claim with supporting declarations for each "Group 3" Claimant, setting forth "the salient facts and the details as to why [they were] a known claim[ant], including date of arrest, et cetera, in order to permit or apprise the debtor of the facts relevant to the claim" on or before December 6, 2021.  Nov. 4, 2022 Hr'g Tr. at 30:11-18. Counsel to the "Group 3" Claimants worked diligently in complying with the December 6, 2021, deadline.[7]

7.     Also on December 6, 2021, in accordance with the Second Scheduling Order, certain of the False Police Report Claimants filed motions (i) for entry of an order deeming certain proofs of claim timely filed and accordingly, overruling the 21st Omnibus Objection as to those proofs of claim [D.I. 190] (the "Group 3 Motion"); and (ii) for entry of an order pursuant to

---

[7]    The "Group 3" Claimants timely filed eighteen amended proofs of claim with supporting declarations in accordance with the Court's direction, and obtained an extension of time, through and including January 19, 2022, to file supporting declarations with respect to the three remaining "Group 3" Claimants [D.I. 238].  On December 30, 2021, two additional amended proofs of claim were filed along with declarations, leaving one outstanding as of the date hereof.

ACTIVE.135226617.03

Bankruptcy Rule 9014, directing that Bankruptcy Rule 7023 shall apply to the False Police Report Claimants' putative class claims and, accordingly, overruling the 22nd Omnibus Objection as to class issues [D.I. 192] (the "Class Motion"). On the same date, certain other False Police Report Claimants filed a motion for entry of an order granting relief from the order confirming the plan of reorganization in these cases so as to permit the movants to assert claims against the Reorganized Debtors [D.I. 193] (the "Group 4 Motion").[8] Declarations (with supporting exhibits) conforming to the Court's guidance were appended to the Group 4 Motion [D.I. 194], supporting the claims raised by twenty-six individual "Group 4" Claimants.

8.  On December 20, 2021, the False Police Report Claimants (including the "Claimants" for purposes of this Motion) served on the Reorganized Debtor additional requests for production and interrogatories tailored to the questions raised in the Group 3 Motion and Group 4 Motion. As of this filing, the Claimants have not received a single response or responsive document in connection with the September 28 or December 20, 2021 discovery.

9.  On January 4, 2022, the Court held "a status conference regarding discovery in respect of the [Group 3 Motion and Class Motion] and the Objections and regarding scheduling and discovery on the timely, amended proofs of claim" [D.I. 187 ¶ 8]. At the status conference, the Court requested, for its administrative convenience, that each "Group 4" Claimant file a proof of claim with supporting declaration on or before January 31, 2022 (while acknowledging that these claims would contain essentially the same information contained in the Group 4 Motion and supporting declarations), and ruled that the filing of such claims would be without prejudice to the

---

[8]  The Reorganized Debtor filed, under seal, its objections to the Group 3 Motion and the Class Motion on December 20, 2021 [D.I. 214 & 215, respectively], to which the False Police Report Claimants replied on December 29, 2021 [D.I. 228 & 230, respectively]. By agreement of the parties, the Reorganized Debtor's deadline to object to the Class 4 Motion has been further extended (by an additional 35 days) to January 24, 2022.

5

ACTIVE.135226617.03

arguments made in the Group 4 Motion. Jan. 4, 2022 Hr'g Tr. at 27:16-25. As of this filing, all 26 "Group 4" claimants have served proofs of claim on Prime Clerk and the Reorganized Debtor.

10. During the January 4 status conference, the Court also requested supplemental briefing on certain questions relating to the "known creditor" issue described in the Group 3 Motion and the Group 4 Motion on or before February 14, 2022, in connection with the hearing set for March 2, 2022 (the "March 2 Hearing").

11. On January 10, 2022, the Reorganized Debtor propounded the Interrogatories on the forty-two "Group 3" and "Group 4" Claimants, posing the following six requests to each (i.e., 252 interrogatories in total), with a demand for responses and objections to be served by January 17, 2022 (i.e., within 7 days), and attendant answers to be substantially completed by January 31, 2022 (i.e., within 21 days). A sample Interrogatory is attached hereto as **Exhibit A**.[9]

> (1) Identify the date and manner by which You learned that any of the Debtors had filed for bankruptcy.
>
> (2) Identify the date and manner by which You first learned about (i) the General Bar Date; (ii) the Administrative Claims Bar Date, and (iii) the Plan.
>
> (3) Identify (i) who rented the rental vehicle that is relevant to Your proof of claim, (ii) the date of the rental and (iii) if someone other than yourself rented the vehicle, whether you were listed on the rental agreement as an authorized driver of the vehicle.
>
> (4) Identify the date, manner, participants and subjects of Your first Communication with any of the Firms regarding any of the Debtors and/or your claim against any of the Debtors.
>
> (5) Identify the date, manner, participants and substance of all Communications You have had with any of the Debtors' employees concerning return of the rental vehicle that is relevant to Your proof of claim, including, without limitation, any Communications regarding Your failure timely to return the vehicle.

---

[9] As evidenced by Exhibit A hereto, the Interrogatories propounded on the individual Claimants include no less than seventeen paragraphs of complex instructions.

(6) Identify the date, manner, participants and substance of all Communications You have had with any of the Debtors' employees by which you claim to have provided notice of Your intent to assert against any of the Debtors a litigation claim arising from an allegedly inaccurate police report.[10]

12. Thus, the majority of the Interrogatories to the forty-two individual Claimants seek the same information already set forth in the declarations attached to the amended "Group 3" proofs of claim,[11] and the "Group 4" proofs of claim, all of which have been filed at the direction of the Court, well in advance of the March 2 Hearing.

13. On January 12, 2022, at the request of the Claimants, the parties held a meet and confer with respect to the Interrogatories, among other things, as required by Local Rule 7026-1(a). The Reorganized Debtor could not provide any independent legal basis for the deadlines set forth in the Interrogatories, other than a desire to have the Claimants' responses well in advance of the March 2 Hearing and associated briefing.

## **RELIEF REQUESTED**

14. Notwithstanding the 30-day response deadline clearly established by Federal Rule 33(b)(2), the Claimants file this Motion in an abundance of caution, and respectfully request entry

---

[10] For ease of reference, the Claimants count interrogatories as numbered by the Reorganized Debtor, but they reserve the right to count "all discrete subparts" in accordance with Federal Rule of Civil Procedure 33(a)(1) to the extent relevant to future proceedings.

[11] *See, e.g.,* Claim No. 15655 (Decl. of Breanna ONeal); Claim No. 15642 (Decl. of Britne McClinton); Claim No. 15664 (Decl. of Charles Lee Bort); Claim No. 15643 (Decl. of Heather Kasdan); Claim No. 15665 (Decl. of Holly Ann Harris); Claim No. 15646 (Decl. of Israel Sundseth); Claim No. 15705 (Decl. of Janette Brown); Claim No. 15657 (Decl. of Jason Cook); Claim No. 15649 (Decl. of Jessica Malone); Claim No. 15660 (Decl. of Kimberli Constabile); Claim No. 15666 (Decl. of Kwai Yee Chan); Claim No. 15658 (Decl. of Lateshia Jenkins); Claim No. 15650 (Decl. of Marissa White); Claim No. 15651 (Decl. of Moneck Wallace); Claim No. 15652 (Decl. of Paula Murray); Claim No. 15663 (Decl. of Raelena Lewis); Claim No. 15706 (Decl. of Sean Hurt); Claim No. 15646 (Decl. of Siobhan Abrams), Claim No. 15707 (Decl. of Tyresha Caudle); Claim No. 15662 (Decl. of Zanders Pace).

of a protective order, substantially in the form attached hereto as **Exhibit B** (the "Protective Order"), enforcing the requirements of the Federal Rules and excusing, to the extent necessary, the Claimants' non-compliance with the arbitrary response deadlines set forth in the Interrogatories.

## BASIS FOR RELIEF REQUESTED

15. Federal Rule 33(b)(2) provides that "[t]he responding party must serve its answers and any objections within 30 days after being served with the interrogatories." Consequently, it is black-letter law that a "responding party must serve its answers and objections within 30 days of being served with the interrogatories." Wright & Miller, *Time for Service of Interrogatories and Answers*, 8B FED. PRAC. & PROC. CIV. § 2170 (3d ed.). While "the Court may allow a shorter or longer time to respond than that provided by the rule," *id.,* there is nothing in the rule to suggest that a party may modify another party's response deadline unilaterally and without court intervention. *Cf. Cincinnati Ins. Co. v. Grand Pointe, LLC*, No. 1:05-CV-157, 2006 WL 8442234, at *4 (E.D. Tenn. Oct. 10, 2006) ("The authority to grant or deny *a motion to shorten* or extend the time to respond to interrogatories under Fed. R. Civ. P. 33 lies within the *discretion of the court*.") (emphasis added). The Debtors have not asked the Court to shorten the deadline provided by Federal Rule 33. Nor have the Claimants stipulated to such a shortened deadline.

16. The Claimants believe that the arbitrary deadlines unilaterally set forth the Interrogatories are legally inoperative and that the relevant deadlines are those provided by the Federal Rules. (In fact, that is how the Reorganized Debtors treated similar deadlines in filing a Motion to Quash well after the requested response deadlines set forth in the September 28 discovery served by certain False Police Report Claimants. *See, supra*, ¶¶ 4–5.) In an abundance of caution, however, the Claimants seek a limited and temporary protective order clarifying that Federal Rule 33 provides the operative deadlines with respect to the Interrogatories. Federal Rule

26(c) provides that a responding party may move for a protective order in the court where the action is pending, and that the court may, for good cause, issue an order "(B) specifying terms, including time . . . for the disclosure of discovery." Fed. R. Civ. P. 26(c)(1)(B).

17.     The Reorganized Debtor's attempt to impose arbitrary deadlines in the Interrogatories that are inconsistent with the Federal Rules alone provides "good cause" for a narrow protective order, clarifying that the Reorganized Debtor has not unilaterally altered the deadline in Federal Rule 33.  The Claimants and their counsel have spent—and continue to spend—tremendous time and effort to document their claims and those of other False Police Report Claimants in accordance with the process established by the Reorganized Debtor and the Court.  The Reorganized Debtor received the Group 3 Motion and Group 4 Motion on December 6, 2021—and the similar arguments in the 21st Omnibus Objection Response for "Group 3" Claimants on October 20, 2021—and chose not to serve any discovery until almost midnight on January 10, 2022.  At that point, the Reorganized Debtor imposed a deadline inconsistent with Federal Rule 33 that would (theoretically) require forty-two non-lawyer Claimants to provide more than 250 sworn interrogatory responses on factually detailed questions subject to intricate directions on a 7-day turnaround, all due on a federal holiday.  The Reorganized Debtor's unilateral deadline not only lacks any discernable legal basis, but is wholly unreasonable and unwarranted. The Claimants respectfully request that the Court enter the attached Protective Order.  The Claimants will treat the Interrogatories in accordance with the timeline provided Federal Rules, and reserve all rights to respond, object, seek and an extension, seek a further protective order, file a motion to quash, or take any other action in accordance with that lawful timeline.

## COMPLIANCE WITH LOCAL RULE 7026-1(d)

The undersigned counsel hereby certifies that the Claimants have conferred in good faith with the Reorganized Debtor in an effort to reach agreement on the matters set forth in this Motion, as required by Local Rule 7026-1(a), but no agreement has been reached as of the date of filing of this Motion.

## NOTICE

Notice of this Motion has been provided to the following parties: (i) counsel to the Reorganized Debtors; (ii) the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"); and (iii) any such other party entitled to receive notice pursuant to Bankruptcy Rule 2002. The Claimants submit that no other or further notice is necessary under the circumstances.

*[Remainder of Page Intentionally Left Blank]*

## CONCLUSION

WHEREFORE, the Claimants respectfully request that the Court enter the proposed Protective Order, granting the relief requested herein and any such other and further relief as is just and proper.

Dated: January 14, 2022

**FRANCIS ALEXANDER, LLC**
Francis Malofiy
280 N. Providence Road, Suite 1
Media, PA 19063
Telephone: (215) 500-1000
Facsimile: (215) 500-1005
Email: francis@francisalexander.com

**SUSMAN GODFREY LLP**
Justin A. Nelson (*pro hac vice*)
John P. Lahad (*pro hac vice*)
Taylor C. Hoogendoorn (*pro hac vice*)
1000 Louisiana, Suite 5100
Houston, TX 77002-5096
Telephone: (713) 651-9366
Facsimile: (713)654-6666
Emails: jnelson@susmangodfrey.com
        jlahad@susmangodfrey.com
        thoogendoorn@susmangodfrey.com

**FAEGRE DRINKER
BIDDLE & REATH LLP**

*/s/ Patrick A. Jackson*
Patrick A. Jackson (Bar No. 4976)
Ian J. Bambrick (Bar No. 5455)
Jaclyn C. Marasco (Bar No. 6477)
222 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone: (302) 467-4200
Facsimile: (302) 467-4201
Emails: patrick.jackson@faegredrinker.com
        ian.bambrick@faegredrinker.com
        jaclyn.marasco@faegredrinker.com

*Co-Counsel for the False Police Report Claimants*

ACTIVE.135226617.03