# Exhibit A

**Reorganized Debtors' Interrogatories to Breanna ONeal**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>Rental Car Intermediate Holdings, LLC,[1]<br><br>Reorganized Debtor. | Chapter 11<br><br>Case No. 20-11247 (MFW) |

## REORGANIZED DEBTOR'S INTERROGATORIES TO
## BREANNA ONEAL

Pursuant to Federal Rules of Civil Procedure 26 and 33, made applicable to this matter by Federal Rules of Bankruptcy Procedure 9014, 7026 and 7033, and pursuant to the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, the Reorganized Debtor, by and through their undersigned counsel, hereby serve the following *Reorganized Debtor's Interrogatories to Breanna ONeal* (the "Interrogatories"), with responses and objections to be served by January 17, 2022, and the attendant answers to be substantially completed by January 31, 2022.[2]

## DEFINITIONS

For the purposes of these Interrogatories, the following Definitions shall apply:

1. "Administrative Claims Bar Date" shall have the meaning ascribed to it in the

*Notice of Effective Date and Entry of Order Confirming the Second Modified Third Amended Joint*

---

[1] The last four digits of the tax identification number of Reorganized Debtor Rental Car Intermediate Holdings, LLC ("**RCIH**") are 2459. The location of the Reorganized Debtor's service address is 8501 Williams Road, Estero, FL 33928. On September 28, 2021, the Court entered a final decree closing each of the chapter 11 cases for The Hertz Corporation and its reorganized debtors (the "**Reorganized Debtors**") other than RCIH's chapter 11 case. Commencing on September 28, 2021, all motions, notices and other pleadings relating to any of the Reorganized Debtors shall be filed in RCIH's chapter 11 case, Case No. 20-11247 (MFW).

[2] The Reorganized Debtor reserves the right to seek additional discovery.

*Chapter 11 Plan of Reorganization of The Hertz Corporation and Its Debtor Affiliates* [Docket No. 5477].

2. "General Bar Date" shall have the meaning ascribed to it in the *Notice of Deadlines for Filing Proofs of Claim, Including Claims Arising Under Section 503(b)(9) of the Bankruptcy Code, against Debtors* [Docket No. 1243].

3. "Communication" means any oral or written utterance, notation, or statement of any nature whatsoever between or among two or more persons, by or to whomsoever made, and including without limitation, correspondence, documents, conversations, dialogues, discussions, e-mail, interviews, consultations, agreements, and other understandings, including Bloomberg messages and text messages.

4. "Concerning," "regarding," "in connection with," "relating to," and/or "referring to" shall be construed to mean, without limitation, relating to, referring to, describing, evidencing, constituting, discussing, supporting, pertaining to, containing, analyzing, evaluating, studying, recording, showing, memorializing, reporting on, commenting on, mentioning, reviewed in conjunction with, setting forth, contradicting, refuting, considering, or recommending, in whole or in part.

5. "Debtors" shall have the meaning ascribed to it in the Plan.

6. "Document(s)" means any printed, written, typed, recorded, transcribed, taped, photographic, or graphic mater, however produced or reproduced, including, but not limited to: any letter, correspondence, or communication of any sort, including Bloomberg or text messages; film, print or negative of photograph; sound recording; video recording; note, notebook, diary, calendar, minutes, memorandum, contract, agreement, or any amendment thereto; telex, telegram, cable; summary, report or record of telephone conversation, voice mail or voice mail

2

back-up, personal conversation, discussion, interview, meeting, conference, investigation, negotiation, act or activity; projection, work paper, or draft; computer or compute network output or input, hard or floppy disc, e-mail, magnetic and/or optical medias, archived or back up data on any of these medias, and documents that have been deleted but are recoverable from any of these medias; opinion or report of consultant; request, order, invoice or bill of lading; analysis, diagram, map, index, sketch, drawing, plan, chart, manual, brochure, pamphlet, advertisement, circular, newspaper or magazine clipping, press release; receipt, journal, ledger, schedule, bill, or voucher; financial statement, statement of account, bank statement, checkbook, stubs, or register, canceled check, deposit slip, charge slip, tax return (income or other), requisition, file, study, graph, tabulation, and any and all other writings and recording of whatever nature, whether signed or unsigned or transcribed, and any other data compilation from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonable usable form; including, without limitation, all things meeting the definition of "Documents" or "electronically stored information" set forth in Rule 34 of the Federal Rules of Civil Procedure, as incorporated by Rules 7034 and 9014 of the Federal Rules of Bankruptcy Procedure, as applicable, or meeting the definition of "writings and recordings" set forth in Rule 1001 of the Federal Rules of Evidence. Any document with any marks as initials, comments, or notations of any kind is not deemed to be identical to one without such marks and is a separate document within the meaning of this term.

7. "Effective Date" shall have the meaning ascribed to it in the *Notice of Effective Date and Entry of Order Confirming the Second Modified Third Amended Joint Chapter 11 Plan of Reorganization of The Hertz Corporation and Its Debtor Affiliates* [Docket No. 5477].

8. "<u>Firms</u>" means (i) Francis Alexander, LLC, (ii) Susman Godfrey LLP, (iii) Faegre Drinker Biddle & Reath LLP, (iv) Farnan LLP and (v) Ciardi Ciardi & Astin, and any of their employees, agents, representatives, contractors, lawyers, paralegals, staff or affiliates.

9. "<u>Hertz</u>" shall mean The Hertz Corporation.

10. "<u>Identify</u>" shall mean:

   a. when used in reference to a person means to provide the person's (i) name; (ii) title or position; (iii) present or last known residential and business address; and (iv) present or last known employer. For any person identified, if any of the above information was different at the time with which a particular Interrogatory is concerned, supply both current information and such different information as applied to the identified in the Interrogatory;

   b. when used in reference to a Document, state the names of the author, addressee(s), all known or presumed recipients, the subject matter or title of the document, the date of the Document, and all of its serial or identifying numbers;

   c. when used in reference to a Communication, meeting, or act, set forth a description of the substance of the Communication, meeting, or act; the date and time it occurred; the identity of each participant in the Communication, meeting, or act; the identity of each person present when the Communication, meeting, or act took place; and whether any record of such Communication, meeting, or act was made and, if such record now exists, the location of the record and the identity of the person(s) having possession, custody, or control of the record;

   d. when used in reference to any other fact, location, person, thing, or procedure, describe that fact, location, person, thing, or procedure with particularity and state

sufficient information to make the identity of such fact, location, person, thing, or procedure clear to the reader.

11.  "Plan" shall mean the *Second Modified Third Amended Joint Chapter 11 Plan of Reorganization of The Hertz Corporation and its Debtor Affiliates* [Docket No. 5178] (as amended or modified in accordance with its terms), which is attached as Exhibit A to the *Order (I) Confirming Second Modified Third Amended Joint Chapter 11 Plan of Reorganization of The Hertz Corporation and its Debtor Affiliates and (II) Granting Related Relief* [Docket No. 5261].

12.  "You" shall mean Breanna ONeal.

## INSTRUCTIONS

The preceding Definitions apply to each of these Instructions and for purposes of these Interrogatories, the following Instructions shall be followed:

1.  Rule 33 of the Federal Rules of Civil Procedure, as incorporated by Rules 7033 and 9014 of the Federal Rules of Bankruptcy Procedure, as applicable, is hereby incorporated by reference and applies to each of the Definitions, Instructions and Interrogatories.

2.  As the term "possession" pertains to e-mails, the term includes, but is not limited to, e-mails contained in your electronic e-mail directories containing (i) "deleted" e-mails which have not been permanently deleted, including all subdirectories irrespective of the title of such subdirectories; (ii) "sent" e-mails, including all subdirectories irrespective of the title of such subdirectories; and (iii) "received" e-mails, including all subdirectories irrespective of the title of such subdirectories.

3.  The word "all" shall also include "each of," and vice versa. The word "any" shall be construed to mean "any and all" where the effect of such construction is to broaden the scope of the Document Requests.

5

4. In responding to each of the Interrogatories, you are to review and search all relevant files of appropriate entities and persons.

5. If any responsive information or documents is known to have existed and cannot now be located, or has been destroyed, discarded, or otherwise disposed, set forth a complete statement of the circumstances surrounding such loss, destruction, discarding, or other disposition, including:

    a. A description of the information or documents, including the date, a summary of its contents and the identity of its author and the Person(s) to whom it was sent or shown:

    b. The last known custodian;

    c. Whether the information or document is missing or lost or was destroyed, discarded, or otherwise disposed;

    d. The date of loss, destruction, discarding, or other disposition;

    e. The reason(s) for destruction, discarding, or other disposition;

    f. The Person(s) authorizing or carrying out such destruction, discarding, or other deposition; and

    g. The efforts made to locate lost or misplaced information or documents.

6. If there are no information responsive to a specific request, so state in writing.

7. If you know of any information responsive to a particular request but cannot produce them, so state, produce the information within your possession, custody or control on the subject matter sought, and identify each Person whom you believe has information responsive to the Interrogatory.

8. In the event you seek to withhold any document, thing, or information on the basis that it is properly entitled to some privilege or other limitation of discovery, you shall produce as much of the document concerned as to which no claim of privilege or other limitation of discovery is made. With respect to information, documents or portions of documents for which a claim of privilege or other limitation of discovery is made, you are instructed to provide a numeral list of the information, document(s) and thing(s) for which a privilege or limitation is claimed that (1) identifies the nature of the privilege or limitation (including work product) asserted and, if the privilege or limitation is governed by state law, indicate the state of the privilege rule or other limitation invoked; and (2) provides the following information in the objection, unless divulgence of such information would cause disclosure of the allegedly privileged or otherwise protected information: (i) the type of information or document; (ii) the name and capacity of each author and recipient of the information or document; (iii) the general subject matter of the information or document in a manner sufficient to support the privilege or other protection claimed; (iv) the date of the information or document; (v) such other information as is sufficient to identify the information or document for a subpoena *duces tecum*, including, where appropriate, the author(s) of the document, the addressee(s) of the document, and any other recipient(s) shown in the document, and, where not apparent, the relationship of the author(s), addressee(s), and recipient(s) to each other; and (vi) the same information referenced in (i)-(v) above for each enclosure or attachment to each listed document if the enclosure or attachment is also withheld from production. Notwithstanding the assertion of any privilege or other protection, any requested information or document that contains responsive, non-privileged or protected information should be disclosed or produced, but that portion of a document for which the privilege or other protection is asserted

may be redacted, provided that the redacted portion is identified and described consistently according to the requirements listed herein.

9. Each Definition, Instruction, and Interrogatory herein shall be construed independently and not with reference to any other Definition, Instruction, or Interrogatory, for the purposes of limitation.

10. If any meaning of any term in any Interrogatory herein is unclear to you, without waiver of the right to seek a full and complete response to the Interrogatory, you shall assume a reasonable meaning, state what the assumed meaning is, and respond to the Interrogatory according to the assumed meaning.

11. In accordance with Rule 33 of the Federal Rules of Civil Procedure, as incorporated by Rules 7033 and 9014 of the Federal Rules of Bankruptcy Procedure, as applicable, objections to any part of these Interrogatories shall be stated in full and with specificity. In the event you interpose an objection to an Interrogatory, you must respond to each part of the Interrogatory which objection is not made or provide testimony or information not objected to, as the case may be.

12. If any part of the Interrogatories cannot be responded to in full, please respond to the extent possible, specifying the reason(s) for your inability to respond to the remainder and stating whatever information or knowledge you have concerning the portion to which you do not respond.

13. The fact that an investigation is continuing or that discovery is incomplete shall not be a justification for failing to respond to these Interrogatories based on the knowledge or information that you possess at the time you respond to these Interrogatories. If an investigation is continuing or discovery is not complete with respect to the matter inquired into by any Interrogatory, so state in your response to that Interrogatory.

14. Each Interrogatory shall be deemed continuing so as to require prompt supplementation if you obtain, generate, or discover additional documents or information. If, after responding, you obtain or become aware of any additional documents or information responsive to these Interrogatories, production of such additional documents or information shall be made forthwith as required by Rule 26 of the Federal Rules of Civil Procedure, as incorporated by Rules 7026 and 9014 of the Federal Rules of Bankruptcy Procedure, as applicable.

15. "Including" shall not be construed to limit the scope of any Interrogatory.

16. Whenever necessary to bring within the scope of a Interrogatory information that might otherwise be construed to be outside its scope:

    a. The use of a verb in any tense shall be construed as the use of that verb in all other tenses;

    b. The use of a word in its singular form shall be deemed to include within its use the plural form, and vice versa;

    c. The use of the masculine form of a noun or pronoun shall include the feminine form, and vice versa; and

    d. The use of the conjunctive or disjunctive, respectively, shall be construed as necessary to be inclusive rather than exclusive.

17. Each paragraph, subparagraph, clause, and word therein should be construed independently and not by reference to any other paragraph, subparagraph, clause or word herein for purposes of limitation.

## INTERROGATORIES

1. Identify the date and manner by which You learned that any of the Debtors had filed for bankruptcy.

2. Identify the date and manner by which You first learned about (i) the General Bar Date; (ii) the Administrative Claims Bar Date, and (iii) the Plan.

3. Identify (i) who rented the rental vehicle that is relevant to Your proof of claim, (ii) the date of the rental and (iii) if someone other than yourself rented the vehicle, whether you were listed on the rental agreement as an authorized driver of the vehicle.

4. Identify the date, manner, participants and subjects of Your first Communication with any of the Firms regarding any of the Debtors and/or your claim against any of the Debtors.

5. Identify the date, manner, participants and substance of all Communications You have had with any of the Debtors' employees concerning return of the rental vehicle that is relevant to Your proof of claim, including, without limitation, any Communications regarding Your failure timely to return the vehicle.

6. Identify the date, manner, participants and substance of all Communications You have had with any of the Debtors' employees by which you claim to have provided notice of Your intent to assert against any of the Debtors a litigation claim arising from an allegedly inaccurate police report.

Dated: January 10, 2022

*/s/ Robert J. Stearn, Jr.*
**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Robert J. Stearn, Jr. (No. 2915)
John H. Knight (No. 3848)
Brett M. Haywood (No. 6166)
J. Zachary Noble (No. 6689)
One Rodney Square
920 N. King Street
Wilmington, DE 19801

-and-

**WHITE & CASE LLP**
Thomas E Lauria (admitted *pro hac vice*)
Matthew C. Brown (admitted *pro hac vice*)
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131

J. Christopher Shore (admitted *pro hac vice*)
David M. Turetsky (admitted *pro hac vice*)
Samuel P. Hershey (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020

Jason N. Zakia (admitted *pro hac vice*)
111 South Wacker Drive
Chicago, IL 60606

Ronald K. Gorsich (admitted *pro hac vice*)
Aaron Colodny (admitted *pro hac vice*)
Doah Kim (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, CA 90071

*Attorneys for the Reorganized Debtor*