location at the Indianapolis Airport near where the flat occurred. Exhibit 1; Exhibit 2 - Van Pay Rental Documents Proving She Was Authorized to Possess Car. The Indianapolis Hertz location gave her a different car, a Hyundai Elantra, as part of her rental and told her when she got home to Wisconsin to check in with the Green Bay branch to make sure everything was okay.

A vehicle exchange form was filled out at Hertz, identifying Van Pay's new vehicle. See Exhibit 2. Hertz's Rental Agreement System contains "rental notes" indicating that "Mechanical exchange in Indianapolis on 8/18 because of flat tire. New Unit # 1 293356. Indy gave customer vehicle exchange addendum form." Id. **Note that Ms. Grady saw the Hertz representative enter "rental notes" on her rental contract when she returned to the location on July 18, 2013, stating that she would be returning the rental on July 22, 2013. These rental contract notes, and everything else relating to the rental, were destroyed and purged by Hertz. See MSJ Exhibit 2, at ¶6.**

Ms. Van Pay did check in with the Green Bay branch, who told her to keep the car for the remainder of her rental. Exhibit 2. Ms. Van Pay, like Ms. Grady, repeatedly called both the local and corporate numbers to make sure she was authorized to have the car. Id. Like Ms. Grady, Van Pay visited the Hertz location to make sure her rental was okay on or around November 3, 2016. Like Ms. Grady, Van Pay had paid for the rental. Id. Van Pay also has screen shots of her phone showing the call she made to Hertz about her rental—just as the State Trooper Randy Kemmerling observed Grady had records on her phone showing she called Hertz the week before she was pulled over. See MSJ Exhibit 7 - State Police Report.

Unbeknownst to Van Pay, the Indianapolis Hertz had reported the Elantra she was renting stolen approximately one month before. See Exhibit 3 - Indianapolis Police Report;

Exhibit 4 - Criminal Docket for Van Pay; Exhibit 5 - Fond du Lac Sheriff's Records; Exhibit 6 - Additional Fond du Lac Sheriff's records. Despite having physically visited and called a Hertz location on or around November 3, 2016, Van Pay was pulled over and arrested on November 5, 2016. The Hertz location in Green Bay never told her the car was flagged or reported stolen; indeed, they told her that her rental was fine. Exhibit 1. Despite official Hertz notes in Hertz's computer system stating that Van Pay had switched her car to the Elantra, Hertz's dysfunctional record keeping system failed to share this information between corporate, local branches, and corporate security. See Exhibits 1-6.

Please keep in mind that this is the same type of "failure to communicate" within Hertz that occurred in both Grady's case and the Texas case. Like Van Pay, Grady returned to the Hertz lot—in addition to contacting Hertz by phone—but Hertz's branch location failed to realize that there were allegedly issues with Van Pay or Grady's rental vehicles and that they had actually been reported stolen by hertz. It is outrageous and absurd that Hertz cannot even keep track of its vehicles and renters and reliably communicated between branches.

Hertz needs to immediately suspend all vehicle theft reports in the wake of these revelations. As a result of Hertz's terrible record keeping and information sharing, the Indianapolis Hertz location told the police that the car Van Pay had been given had been stolen off the lot, an egregious misapprehension of the truth.

Again, the reporting Hertz employee did no investigation to make sure that the police report was accurate, despite the Indianapolis location having given Van Pay the car, had her fill out the exchange form, and noted this fact in the rental system.

It is know from the testimony of Hertz's designees in this case that Hertz locations do not

Case ID: 151103380
Control No.: 17090690

conduct required investigations before reporting cars to the police. It is simply astounding that the Indianapolis Hertz could have given Van Pay a rental car, but then reported that same car stolen shortly thereafter.

To recap, just as in Ms. Grady's case, no one at Hertz in the Green Bay branch or anywhere else realized that (1) the car Van Pay was renting had been reported stolen by Hertz, and (2) that Van Pay had returned to a Hertz location with the very rental vehicle considered stolen and also communicated by phone but was never told the vehicle was considered stolen. Note that Hertz is claiming in this case that all locations would know through the computer system when a car is flagged; plainly the Van Pay and Grady cases show this is not true. Hertz knows that its system is wildly dysfunctional and not accurately keeping track of its inventory, yet is pretending that everything is fine. As a result of Hertz's dysfunctional and reckless conduct, Van Pay was arrested and spent three days in prison.

The charges were dismissed when the prosecutor in Madison, WI and the police in Indianapolis, IN realized that Hertz had completely screwed up and that Van Pay had not stolen the car. Exhibit 4. The Indianapolis Airport Police have indicated that Van Pay is not the only false police report by Hertz. <u>See</u> Exhibit 1.

The Airport Police have indicated that a businessman was arrested in Pennsylvania because of a false Hertz car theft police report, as well as others. As a result, the Indianapolis Airport Police no longer consider Hertz theft reports valid and reliable and refuse to enter them on the NCIC. <u>See</u> Exhibit 1.

<u>**Louisville Regional Airport Police Refuse to Accept Hertz Theft Reports Because They Are Unreliable and Inaccurate; Hertz Not Only Concealed these False Reports from Plaintiff, but also Concealed that the Police Specifically Contacted Hertz's Corporate Security Division to Complain about the False Police Reports**</u>

Case ID: 151103380
Control No.: 17090690

The Louisville Regional Airport Police also have experienced the same problems with Hertz, concerning its dysfunctional and broken information sharing and record keeping. See Exhibit 7. Police records shows that the Hertz location in Louisville reported multiple cars stolen off its lot. Several of these reported cars were later reported found on Hertz lots, meaning Hertz had simply lost the cars in their own inventory. See Exhibit 7.

Note that this is exactly why Van Pay was arrested in Wisconsin, because Hertz reported a car stolen that it improperly not kept track of. Note that Hertz also failed to keep track of Grady's car when she returned to the Hertz lot on July 18, 2013. Not only does this show a total and complete failure of record keeping and information sharing between corporate, branch, and security locations, but it demonstrates that Hertz is barely, if at all, investigating its car theft reports before they are submitted to the police.

The total record keeping failure, internal communication failure, failure to track inventory, and failure to investigate are the same reasons Grady was falsely reported. Hertz is using the police as a repo service, willfully and recklessly ignoring that these false police reports will result in the arrest and imprisonment of their own customers.

A Hertz employee in Nashville, Tennessee told the Louisville Regional Airport Police in June 2015 that Hertz *internally knows of the problem* that branch locations cannot keep track of inventory and are making false police reports without proper investigation:

> Off. Hairgrove spoke to a Hertz sales rep in Nashville who confirmed they received a car from a customer that was originally rented in Louisville back in March. It sat. on his lot for 60 days until it was sold 6/6 to a car lot in Hopkinsville, KY. We took a report on 3/25 from Hertz that this was stolen missing from their inventory.
>
> After that, we did a complete search online of all VIN #'s in the stolen auto database and got a return Of 2 more Hertz autos believed to have been sold or scrapped. **The Nashville Hertz rep commented that Louisville office**

Case ID: 151103380
Control No.: 17090690

> is horrible with their paperwork and vehicle tracking.
>
> Until Hertz corporate takes some action with their Louisville lot and personnel, I recommend that we suspend taking stolen auto reports for Hertz for "missing inventory" unless they physically see someone steal an auto, have evidentiary proof of such or obviously non returns that warrants have been taken. Hairgrove has reached out to their Corporate Security office.

See Exhibit 7 (emphasis added).

Needless to say, this explosive fact that Hertz has known internal problems when falsely reporting cars stolen was not disclosed in discovery in 2016. Hertz's designee and attorneys never disclosed this fact. Plaintiff had no way to obtain this information until after the summary judgment order in January 2017.

The Louisville Regional Airport Police, just like their Indianapolis counterparts, now also refuse to enter Hertz theft reports into the NCIC because of these repeated false reports. All of this is brand new information which Hertz concealed from Plaintiff, and which creates a triable issue of fact for a jury on punitive damages.

Plaintiff also notes that the initial decision to dismiss punitive damages was clearly erroneous given the unambiguous testimony of Hertz's designees that Hertz does not conduct required investigations before going to the police. What is happening to Hertz's customers is no accident, and is not the result of a one-time glitch. Hertz has known for quite some time that it is making entirely unsupportable police reports based on nonexistent and deficient investigations, coupled with outrageously poor record keeping and information sharing within the company.

When a company operates like Hertz does, false police reports such as what happened to Ms. Grady and Ms. Van Pay are inevitable. Hertz is playing Russian Roulette with its customers' lives. Punitive damages are warranted not only to deter future conduct, but also to punish Hertz

for its duplicitous and dishonest behavior in attempting to cover up this massive, nationwide problem.

### B. CONCLUSION

Therefore there is a plethora of new facts in the record demonstrating that Defendant Attorney acted outrageously and recklessly with respect to Plaintiff's rights and that a jury must determine whether punitive damages should be imposed.


\*\*\*\*\*


\*\*\*\*\*

*Respectfully submitted,*
FRANCIS ALEXANDER, LLC
*/s/ Francis Malofiy*
Francis Malofiy, Esquire
Attorney ID No.: 208494
280 N. Providence Road | Suite 1
Media, PA 19063
T:  (215) 500-1000
F:  (215) 500-1005
*Law Firm / Lawyer for Plaintiffs*
*/d/ September 6, 2017*

Case ID: 151103380
Control No.: 17090690

# CERTIFICATE OF SERVICE

I hereby state that a true and correct copy of the foregoing PLAINTIFF'S MOTION FOR RECONSIDERATION ON PUNITIVE DAMAGES was served on opposing counsel via the electronic filing system:

Jay L. Edelstein, Esquire
Edelstein Law, LLP
230 South Broad Street | Suite 900
Philadelphia, PA 19102
T: (215) 893-9311
F: (215) 893-9310
E: JEdelstein@Edelsteinlaw.com
*Attorneys for The Hertz Corporation*

*\*\*\*\*\**

*Respectfully submitted,*
FRANCIS ALEXANDER, LLC
*/s/ Francis Malofiy*
Francis Malofiy, Esquire
Attorney ID No.: 208494
280 N. Providence Road | Suite 1
Media, PA 19063
T: (215) 500-1000
F: (215) 500-1005
*Law Firm / Lawyer for Plaintiff*
/d/   September 6, 2017

# EXHIBIT 1

Case ID: 151103380
Control No.: 17090690

THE COURT OF COMMON PLEAS
PHILADELPHIA COUNTY, PENNSYLVANIA

KELLY A. GRADY

*Plaintiff*

VS.

THE HERTZ CORPORATION;

HERTZ RENT-A-CAR PHILADELPHIA INTL. AIRPORT;

JOHN DOE(S)[1]

*Defendants*

ACTION COMMENCED BY: WRIT OF
SUMMONS ON: NOVEMBER 23, 2015

NOVEMBER TERM, 2015

CIVIL ACTION NO.: 151103380

COMPLAINT FILED:
FEBRUARY 22, 2016

CAUSE OF ACTION:
MALICIOUS PROSECUTION

*JURY TRIAL DEMANDED*

## AFFIDAVIT OF RAMANDA VAN PAY

I, Ramanda Van Pay, an adult under no legal disability, being duly sworn under oath, state that I have personal knowledge of the following facts:

1.      I rented a Kia from Hertz on July 21, 2016, in Green Bay, Wisconsin after my car was totaled in an accident.

2.      While I was in Indianapolis on August 18, 2016, with the Kia, the car got a flat tire.

3.      I took the car to the Hertz rental location at the Indianapolis International Airport on August 18, 2016.

4.      The Hertz location allowed me to exchange the Kia for a Hyundai and gave me a vehicle exchange form. The employee who helped me was named Will McCain.

5.      I was told by Hertz in Indianapolis to take the car to the Green Bay location.

6.      When I got back to Green Bay, WI, I immediately took the car to a Hertz location in August 2016.

7.      I spoke with an employee named Ryan Hogan in August 24, 2016 when I returned to Green Bay. Hogan told me to keep the Hyundai and that it was now my rental vehicle under the original contract.

---

[1]  Manager(s) at Hertz Rent-A-Car Philadelphia Intl. Airport from March 2013 to June 2014.

8.    I called Mr. Hogan several times to make sure my rental was okay and he assured me it was fine. I also visited Mr. Hogan on occasion, also to confirm the rental was okay.

9.    Unbeknownst to me, Hertz reported my rental vehicle stolen on October 8, 2016, to the Indianapolis Airport Police.

10.    I was pulled over for a traffic violation on November 5, 2016, in Wisconsin by the Fond Du Lac's Sheriff's Department.

11.    After the deputy sheriffs pulled me over, they then told me that the car I was driving was reported stolen by Hertz. I told them I had no idea what they were talking about and that I had a valid rental.

12.    I had spoken with Hertz a day or two before November 5, 2016, to make sure my rental was fine. At no point before or after October 8, 2016, did any Hertz employee I spoke with tell me that the car I was renting was reported stolen. Please keep in mind that I both called and visited Hertz locations and was never told anything was wrong.

13.    I spent three days in jail because of Hertz's false police report even though I was absolutely authorized to possess the car.

14.    The charges against me were quickly dropped by the Fond Du Lac district attorney's office. It is my understanding this happened because I was in contact with Hertz, I was authorized to have the vehicle, and I did not steal the car. Also, when my car was exchanged because of the flat tire, Hertz never put the information in their system. I do not believe Hertz did any investigation before going to the police because if they had they would have realized I was given the vehicle after I got the flat tire.

15.    The Indianapolis Airport police stated that they laid the blame for what happened solely at Hertz's door.

16.    The Indianapolis Airport police also stated that they were aware of at least one other person within one month of my case who was also falsely reported by Hertz in Indiana, and they were also aware of another false report of a man in Pennsylvania.

17.    The Indianapolis police also stated that they were no longer putting Hertz theft reports in the NCIC because they could not validate the reports.

18.    I cannot stress enough that I called a Hertz location just one day before I was arrested, and had also visited the location, and was always assured I was authorized to possess the car; I was never told of any problems.

Case ID: 151103380
Control No.: 17090690

UNDER PENALTY OF PERJURY, I SWEAR THAT THE FOREGOING IS TRUE, ACCURATE, AND CORRECT.

Subscribed and sworn to before me this ___ day of July 1, 2017.

_____
Notary Public

Christopher T.Van Wayne
(Attorney #1024261-WI)

Ramanda Van Pay

Case ID: 151103380
Control No.: 17090690

●●●○○ AT&T   LTE                    9:45 PM                    8% ▭

All | Missed                                    Edit

+1 (317) 405-6363                    Friday    ⓘ
Indianapolis, IN

Mamma

Case ID: 151103380
Control No.: 17090690

●●●○○ AT&T  LTE                9:45 PM                      8% 🔋

 **Back**

   **+1 (920) 497-6490**
                       Green Bay, WI

November 4, 2016

10:39 AM      **Outgoing Call**                    7 minutes

Call

FaceTime

FaceTime Audio

Send Message

Share Contact

Create New Contact

Add to Existing Contact

                                        
Favorites      Recents      Contacts      Keypad      Voicemail

Case ID: 151103380

Control No.: 17090690

 Recents



## +1 (920) 499-3131
Green Bay, WI

### November 4, 2016

10:48 AM    **Incoming Call**                          1 minute

Call

FaceTime

FaceTime Audio

Send Message

Share Contact

Create New Contact

Add to Existing Contact


Favorites


Recents


Contacts


Keypad


Voicemail

Case ID: 151103380
Control No.: 17090690

●●●○○ AT&T  LTE                    9:45 PM                    8% 🔋

 Recents

 **+1 (317) 405-6363**
Indianapolis, IN

November 4, 2016

11:00 AM        **Outgoing Call**                    2 minutes

Call

FaceTime

FaceTime Audio

Send Message

Share Contact

Create New Contact

Add to Existing Contact

    

Favorites    Recents    Contacts    Keypad    Voicemail

Case ID: 151103380
Control No.: 17090690

# EXHIBIT 2

Case ID: 151103380
Control No.: 17090690

©1999-1512-2000 Store, Hertz North America. All rights reserved. 1-508

# Vehicle Exchange Addendum Form

## Hertz
### Local Edition

Complete one (1) Vehicle Exchange Addendum for each HLE rental vehicle exchange, regardless of exchanging location. Distribute as required.

**RENTER'S NAME** Ramanda Van Pay

Green Bay, WI
1010 S. Military Avenue

**Original Rental Record No.** 91521872

NOTE THE NUMBER OF EXCHANGES FOR THIS RENTAL (INCLUDING THIS ONE):

### ORIGINAL OR CURRENT VEHICLE INFORMATION

| | |
|---|---|
| OWNING AREA 95635 | RENTAL AREA/LOCATION NUMBER 95635-04 |
| UNIT NUMBER 0436501 | VEHICLE LICENSE NUMBER |
| MAKE & YEAR Kia 2016 | COLOR |
| ORIGINAL VEHICLE CLASS C | ORIGINAL RATE CODE N/A |

### EXCHANGE (NEW) VEHICLE INFORMATION

| | |
|---|---|
| OWNING AREA 00599 | EXCHANGING AREA LOCATION NUMBER 1502-11 |
| UNIT NUMBER 293356 | VEHICLE LICENSE NUMBER N861742-IL |
| MAKE & YEAR Hyundai | COLOR |
| NEW VEHICLE CLASS C | NEW RATE CODE N/A |

### ORIGINAL OR CURRENT RENTAL INFORMATION

| | |
|---|---|
| DATE OUT / / | DATE IN / / |
| TIME OUT | TIME IN |
| MILEAGE OUT | MILEAGE IN |
| FUEL LEVEL OUT E 1/8 1/4 3/8 1/2 5/8 3/4 7/8 F | FUEL LEVEL IN. E 1/8 1/4 3/8 1/2 5/8 3/4 7/8 F |
| FUEL CHARGES $ | |

### EXCHANGE (NEW) RENTAL INFORMATION

| | |
|---|---|
| DATE OUT / / | DATE IN / / |
| TIME OUT | TIME IN |
| MILEAGE OUT | MILEAGE IN |
| FUEL LEVEL OUT E 1/8 1/4 3/8 1/2 5/8 3/4 7/8 F | FUEL LEVEL IN E 1/8 1/4 3/8 1/2 5/8 3/4 7/8 F |
| FUEL CHARGES TRANSFERRED $ | |

### EXCHANGE INFORMATION

REASON FOR EXCHANGE   VEHICLE RETURNED? (Y) or N

Flat Tire

IF VEHICLE WAS NOT RETURNED, NOTE LOCATION OF VEHICLE AND ROAD SERVICE NUMBER:

### EMPLOYEE INFORMATION

Prepared by: (Employee Name) Will McCain

EMPLOYEE ID #

DATE 8/18/16

Addendum is valid only when used in conjunction with the original Rental Agreement. All Terms and Conditions outlined in original Rental Agreement continue to apply throughout the rental period. If a new vehicle class is requested, the customer is required to pay the rate differential, if applicable.

CUSTOMER SIGNATURE          DATE 8.18.16

Case ID: LSE003380
Control No.: 17090690

R/R No: 9152187-2     Rental Agreement System     Status: CLOS
out: RC   in: TB                      drb: 09/09/16

┌Rental Edit/View Options────────────────────

Rental Notes

┌ Notes
customer came in. she recieved a flat tire while in indianapolis. they gave he
r a vehicle exchange form. they told her they couldnt do it within the hertz s
ystem. I spoke to steve about it today, we will follow up on what to do next R
H 8-24-16
9/2/16 - RE-ASSIGEND 9 TOLLWAY VIOLATIONS FROM ILLINOIS TOLLWAY BACK TO THE CU
STOMER. JESSI
MECHANICAL EXCHANGE IN INDIANAPOLIS ON 8/18 BECAUSE OF FLAT TIRE. NEW UNIT # 1
293356. INDY GAVE CUSTOMER VEHICLE EXCHANGE ADDENDUM FORM. NO CONTRACT #. PREP
ARED BY WILL MCCAIN. HAVE COPY OF ADDENDUM FORM GIVEN TO CUSTOMER. TB 9/9

┌F1───+   ┌F2───+   ┌F3───+                 ┌F6───+   ┌F7───+   ┌F8───+

W    O
ate: 09/                                  Exit

Case ID: 151103380
Control No.: 17090690

**Hertz**

Licensee

**Ryan Hogan**
Lead Customer Service Representative

651- 500-4357

hle.military@hertzwi.com
P   920 497 6490

**BROADWAY RENTAL CARS, INC.**
1010 S. Military Ave.
Green Bay, WI 54304

RENTAL: 07/21/16 13:02   GREEN BAY, WI          95635-04   809 RT
DUE:    08/18/16 12:30   INDIANAPOLIS, IN       01502-11

BROADWAY RENTAL CARS GREEN BAY, WI

Hertz System Licensee

(920)497-6499      RAMANDA/VAN PAY                      CDP: 1445130
                   PAID BY: MC 21av said gffx 5480 AUTH: $ 600.00/030416TYP
                   PT:                          HG:

OWN/VEH: 95635/#436501  16 FORTE KIA 4DR BL   LIC: WI 955TYY    VEH CLASS: C
MILES OUT: 02054  FUEL OUT: 8/8 'TX CAP: 13.2  READY STALL:

| | | | |
|---|---|---|---|
| RATE PLAN: CRD | | RATE CLASS: C | |
| DAY | (TX) $ | 18.24 EA/ | 0 MI |
| EX HOURS | (TX) $ | 0.00 EA/ | 0 MI |
| EX DAYS | (TX) $ | 18.24 EA/ | 0 MI |
| XDAY XHRS | (TX) $ | 0.00 EA/ | 0 MI |
| MILEAGE CHG | (TX) $ | 0.00 | |
| ADJUSTMENT | $ | 0.00 | |
| DISCOUNT 0% | | | |
| RT VEH TAX0 | | | |
| VLCR* | (TX) $ | .95 /DAY | |

THIS VEHICLE MUST BE RETURNED TO INDIANAPOLIS, IN ON 08/18/16
AT 13:02  OR A HIGHER RATE AND/OR INTER CITY FEE WILL APPLY.
MINIMUM KEEP: 1 RENTAL DAY
MAXIMUM KEEP: 62 DAYS @18.24/DAY

OPTIONAL SERVICES OF:
- LDW    DECLINED
- LIS    DECLINED - HERTZ LIABILITY PROTECTION IS SECONDARY
- PAI/PEC DECLINED
- FPO    DECLINED - FUEL & SVC @ .290/MILE      8.99/GAL.
         AT RETURN

NO "ADDITIONAL AUTHORIZED OPERATORS" WITHOUT 'HERTZ' PRIOR WRITTEN APPROVAL
YOU REPRESENT THAT YOU ARE SPECIFICALLY AUTHORIZED TO RECEIVE THE BENEFITS
EXTENDED TO EMPLOYEES/MEMBERS OF HLE STATE FARM APPLETON

THIS VEHICLE MAY NOT BE DRIVEN INTO MEXICO.

BY YOUR INITIALS YOU ACKNOWLEDGE AND AGREE TO THE ABOVE CONDITIONS: _____

IT: N/A VCHR: N/A
PLAN: 3590
RES: L160721VANX/CRD/C/RHO

BY YOUR DECLINING THE OPTIONAL LIABILITY INSURANCE SUPPLEMENT (LIS), PAR. 10(B) OF THE RENTAL TERMS WILL APPLY TO THIS
RENTAL.  BY SIGNING BELOW, YOU AGREE THAT ANY INSURANCE THAT PROVIDES COVERAGE OR TO AN AUTHORIZED OPERATOR
SHALL BE PRIMARY. THIS MEANS THAT, IN THE EVENT OF ANY CLAIMS ARISING FROM THE OPERATION OF THE CAR, SUCH INSURANCE
SHALL BE RESPONSIBLE FOR THE PAYMENT OF ALL PERSONAL INJURY AND/OR PROPERTY DAMAGE CLAIMS UP TO THE LIMITS OF SUCH
INSURANCE.

UNLESS YOU ACCEPT OPTIONAL LIS, TO THE EXTENT PERMITTED BY LAW, BY SIGNING BELOW YOU KNOWINGLY WAIVE AND REJECT ALL
OPTIONAL LIABILITY COVERAGES INCLUDING, BUT NOT LIMITED TO, UNINSURED AND UNDERINSURED MOTORIST AND SUPPLEMENTARY NO
FAULT.

PURSUANT TO PARAGRAPH 8 OF THE RENTAL AGREEMENT, FUEL & SERVICE CHARGES APPLY AT $8.99 PER GALLON OR, IF YOU DO NOT
BUY FUEL DURING THE RENTAL, AT .290 PER MILE. BOTH RATES PRODUCE APPROXIMATELY THE SAME RESULT.

THIS CONTRACT OFFERS A LOSS DAMAGE WAIVER(LDW), WHICH IS OPTIONAL -SEE PAR. 4 OF THE RENTAL AGREEMENT TERMS AND
CONDITIONS, WHICH APPEAR ON THE FOLDER (SWI1900013) DELIVERED TO YOU WITH THIS RENTAL RECORD (THE RENTAL TERMS). READ
THE SEPARATE LOSS DAMAGE WAIVER DISCLOSURE FORM BEFORE ACCEPTING THE RENTAL CAR. BY SIGNING BELOW, YOU ACKNOWLEDGE THAT
YOU HAVE READ, UNDERSTAND, ACCEPT AND AGREE TO THE ABOVE AND THE RENTAL TERMS, AND YOU ACCEPT OR DECLINE THE OPTIONAL
SERVICES AS SHOWN ABOVE. 4A OF THE RENTAL TERMS WHICH APPEAR ON THE RENTAL JACKET HAS BEEN REVISED TO READ AS FOLLOWS:
EXCEPT AS STATED BELOW, YOU ARE RESPONSIBLE FOR ANY AND ALL LOSS OR DAMAGE TO THE CAR RESULTING FROM ANY CAUSE,
INCLUDING BUT NOT LIMITED TO COLLISION, ROLLOVER, THEFT, VANDALISM, SEIZURE, FIRE, FLOOD, HAIL OR OTHER ACTS OF NATURE
OR GOD, REGARDLESS OF FAULT.

X _____

SMOKING PROHIBITED IN ALL VEHICLES. $100 FEE APPLY                    PREPARED BY: RC

RENTAL RECORD N-9152187-2

Case ID: 151103380
Control No.: 17090690

RENTAL: 07/21/16 13:02   GREEN BAY, WI          95635-04 #09 EST
RETURN: 08/18/16 12:30   INDIANAPOLIS, IN        01502-11

BROADWAY RENTAL CARS GREEN BAY, WI

Hertz System Licensee
(920)497-6490   RAMANDA/VAN DAY

| | | DAY | 29 (TX) | $ | 528.96 |
|---|---|---|---|---|---|
| | CDP: 1445130 | EX HOURS | 0 (TX) | $ | .00 |
| | | EX DAYS | 0 (TX) | $ | .00 |
| PT: | MG: | MILEAGE CHG | (TX) | $ | **** |
| | | SUBTOTAL | | $ | 528.96 |
| OWN/VEH: 95635/043650-1  16 FORTE KIA 4DR B  lic: WI 959TYY | VEH CLASS: C | VLCR* | (TX) | $ | 27.55 |
| | | FUEL & SVC | (NT) | $ | **** |

| | | | | | |
|---|---|---|---|---|---|
| LDW | DECLINED | MILEAGE IN: | 7149 | FUEL/SVC CHARGES CALCULATED AT RETURN | |
| LIS | DECLINED | MILEAGE OUT: | 2054 | TAXABLE SUBTOTAL | $ | .00 |
| PAI,PEC | DECLINED | MILES DRIVEN: | 5095 | TAX .05000 | $ | 27.08 |
| FPO | DECLINED - FUEL & SVC APPLIED | | | TOTAL CHARGES | $ | 583.59 |
| | $ .290/MILE $ 8.99/GAL | MILES ALLOWED: | 0 | | |
| | FUEL OUT: 8/8  TK CAP: 13.20 | MILES CHARGED: | **** | CHARGED TO MC | $ | 583.59 |

ADDITIONAL CHARGES:

| | | | |
|---|---|---|---|
| PLAN IN: CRD | $ | 18.24 | / DAY |
| PLAN OUT: CRD | $ | 0.00 | / EX HOUR |
| RATE CLASS: C | $ | 18.24 | / EX DAY |
| | $ | 0.00 | / EX WEEK |
| | $ | 0.00 | / XDAY HR |
| | $ | 0.00 | / MILE |

*THIS IS ONLY AN ESTIMATE.*

It assumes that (1) you will return the identified vehicle at the times and places indicated,
(2) if a mileage charge applies, you will drive no more than the number of miles indicated and
(3) you will not incur any charges that either are not listed above opposite ****** or cannot
be calculated until return.  If any of these assumptions is incorrect, additional charges
or charges at higher rates may apply.

Customer is responsible for all unpaid charges.

CC AUTH WOULD BE:      $  600.00
PRINTED: 11/11/2016 13:04
PREPARED BY: RC   COMPLETED BY: RC

RENTAL RECORD N-9152187-2

Case ID: 151103380
Control No.: 17090690

# EXHIBIT 3

Case ID: 151103380
Control No.: 17090690



### Indianapolis Airport Police

**Media Summary Report**
7800 Col. H. Weir Cook Memorial Drive Indianapolis, IN 46241
Phone: (317) 487 - 5084 Fax: (317) 487 - 6511

Chief Bill Reardon

| ORI | County | Venue | Report # |
|---|---|---|---|
| IN0490600 | Marion | MARION | PA16000897 |
| **Report Date / Time** | **Occurrence Date / Time** | | **File Class** |
| 10/08/2016 07:02 Hrs (US/Eastern) | 08/18/2016 00:01 Hrs - 10/07/2016 13:35 Hrs (US/Eastern) | | 35-43-4-2.5-A |

**Nature of Incident:** Administrative Reports | Damage To City-County Property, Lost Or Stolen City-County Property, Sick-Injured Officer-Civilian, Vehicle Theft | Vehicle Theft    **Supplements:** Approved Report (2)

**Summary:** Lost/Stolen Rental vehicle

### Incident Location

**Address:** 7950 Quick Turn Around
**City:** Indianapolis      **County:** Marion      **State:** Indiana
**ZIP:** 46224      **Country:** United States of America
**Township of Occurrence:** Decatur

**Latitude:** 39.714786      **Longitude:** -86.300881

**Comments:** &

### Incident Offenses

| Supp # | Offense | Status | Status Date |
|---|---|---|---|
| 0 | 35-43-4-2.5-A - Auto Theft | Open | 08/18/2016 00:01 Hrs |

**Attempted / Completed:** Completed

### Officers Involved

| Role | Name | Agency | Supp # |
|---|---|---|---|
| Reporting | Patrol Officer J. Pogorov (#31516) | Indianapolis Airport Police Dept | 0 |
| Reporting | Sergeant J. Carle (#32727) | Indianapolis Airport Police Dept | 1 |

### Incident People

Offender Information Not Known

**Reporting Person**                                    **Supp #** 0

**Name:** Name Redacted      **Title:** Redacted      **Date of Birth:** Redacted
**Race:** White      **Sex:** F      **Age at Occurrence:** 26 Years Old
**DL #:** Redacted

Certified Copy
Indianapolis Airport Police
*Bill Reardon*
9-1-17

### Incident Organizations

**Victim**                      Hertz Car Rental
**Address:** 7801 Col. H. Weir Cook Memorial Drive      **Lat/Long:** 39.71298/-86.297904
Indianapolis Indiana 46241

Case ID: 151103380
Control No.: 17090690

PA10000807 - Indianapolis Airport Police Dept - Marion (IN49)

| Other | | Fond Du Lac Sheriff Department | |
|---|---|---|---|
| Address: | 180 Macy Street | Lat/Long: | 43.773718/-88.449322 |
| | Fond Du Lac Wisconsin 54935 | | |

Phone:    (920) 929-3390 - Business (Date of Info: 11/05/2016)

## Incident Vehicles

| Stolen | | Supp #: 0 | |
|---|---|---|---|

| Year/Make/Model: | 2016/HYUNDAI(HYUN)/ELANTRA | | |
|---|---|---|---|
| Type: | Automobile | | |
| Style: | Sedan, 4-door | | |
| Color: | Bronze/Bronze | Odometer: | |
| VIN: | | Motorcycle CC8: | |
| License #/State: | | License Month/Year: | |
| License Type: | | | |
| Misc Id: | | | |
| Owner: | Redacted | | |
| Value: | 20000 | | |
| Statue: | Stolen(#0) | Locked: N | Keys in Vehicle: N |

| Vehicle Role | Total Value | Grand Total of Vehicle Loss: | $ 20,000.00 |
|---|---|---|---|
| Stolen | $ 20,000.00 | | |

Case ID: 151103380
Control No.: 17090690

PA16000897 - Indianapolis Airport Police Dept - Marion (IN49)

Title: Original Narrative

Author: John Pogorov                    Date / Time:    10/08/2016 07:13 Hrs        Supp #:  0

On the 8th day of October, 2016, approximately at 13:25 hours, I, Officer Pogorov, of the Indianapolis Airport Police Department, was dispatched to the Hertz Car Rental located at 7950 Quick Turn Around Dr. (Indianapolis Airport), in reference to a lost/stolen vehicle.

Upon my arrival, I made contact with Sarah Hicks (Hertz employee), who stated that the vehicle (2016, Bronze Hyundai Elantra, Illinois plate N861742, VIN 5NPDH4AE4GH725559) was last seen on Hertz's parking lot on August 18, 2016. Ms. Hicks stated that Hertz employees checked the inventory multiple times and were unable to find the vehicle. Ms. Hicks stated they suspect that the vehicle was stolen.

The vehicle was entered into IDACS and NCIC with the following records: IDACS #VX03228014 and NIC/V318720751

| Signed:  Patrol Officer J. Pogorov (#31516) | Reviewed By:     Sergeant B. Engel (#27332) |
|---|---|

Case ID: 151103380
Control No.: 17000420

PA16000897 - Indianapolis Airport Police Dept - Marion (IN49)

Title: Supplement#1 - Narrative

Author:  Jeff Carie                                    Date / Time:   11/05/2016 04:56 Hrs     Supp #:  1

On November 5, 2016 at approximately 4:10 AM, I, Sgt. Jeff R. Carie, of the Indianapolis Airport Police Department received a call from Deputy Travis Dowland. Deputy Dowland is with the Fond du Lac County Sheriff's Department in Fond du Lac, Wisconsin. Deputy Dowland advised their department located the bronze 2016 Hyundai Elantra (VIN: 5NPDH4AE4GH725559) that was reported as stolen on October 8, 2016. He stated there was a person in custody, but did not have any more information. He wanted to confirm that it was acceptable that they tow the vehicle to a local dealership with a fenced in impound lot. He was advised to tow it to a lot they use, and to send information to dispatch to be forwarded our detectives. Dispatch advised that the vehicle was taken out of IDACS/NCIC.

Information forwarded to detectives.

| Signed:  Sergeant J. Carie (#32727) | Reviewed By:    Sergeant J. Carie (#32727) |
|---|---|

Case ID: 151103380

Control No.: 17000490

## Division of Public Safety Communications Call Report

| | | | | | |
|---|---|---|---|---|---|
| **Call #:** | 162811608 | **Dispatcher:** | 40143 | **Call Time:** | 10/07/2016 13:36 Hrs |
| **Received:** | | **Event Type:** | STOLEN VEHICLE | **Priority:** | Medium |
| **Caller Name:** | | **Phone #:** | | **Close Time:** | 10/07/2016 13:40 Hrs |
| | | | | **Disposition:** | RPT |

### Location

**Incident Location:** 7950 QUICK TURN AROUND, INDIANAPOLIS
**Common Place:** &
**Caller Location:**
**Latitude:** 39.714786
**Longitude:** -86.300881

### Incident Notes

**Notes:** : 10/07/2016 13:37:33 : AP115 @LIC/N861742 @OLS/IL
10/07/2016 13:37:46 : 2ND VEHSTL FROM PREVIOUS RUN
10/07/2016 13:37:57 : RP SARAH W/HERTZ
10/07/2016 13:38:33 : STA/VALID VAL/01072016 TTL/15222695805 N861742 122016 ORIG PLT LIC
STX/6M9138123 RENTAL CAR FINANCE--FIRM OWNED 2170 S MANNHEIM RD DES PLAINES IL 60018-
2956 5NPDH4AE4GH725559 BRO/BRO 2016 HYUNDAI 4 DOOR MRI 4981507 IN: NLI1 21701 AT 07OCT2016
13:37:36 OUT: MECA0000 11231 AT 07OCT2016 13:37:36

### Officers

| Primary | Radio # | Name | Dispatch | On Scene | Clear |
|---|---|---|---|---|---|
| Y | AP115 | Pogorov, John | 10/07/2016 13:36 Hrs | 10/07/2016 13:36 Hrs | |

### Incidents

| Report # | Supp # | Agency | Reporting Officer(s) |
|---|---|---|---|
| PA16000897 | 0 | Indianapolis Airport Police Dept | Pogorov, John |

# EXHIBIT 4

Case ID: 151103380
Control No.: 17090690

# Wisconsin Circuit Court Access (WCCA)

## State of Wisconsin vs. Ramanda R Van Pay

## Fond du Lac County Case Number 2016CF000555

**Filing Date**
11-07-2016

**Case Type**
Criminal

**Case Status**
Closed - File Retained Electronic

**Defendant Date of Birth**
11-29-1989

**Address**
2652 Humboldt Rd, Green Bay, WI 54311

**Branch Id**
3

**DA Case Number**
2016FL003784

**Case(s) Cross-Referenced With This Case**
2016TR011700

## Charge(s)

| Count No. | Statute | Description | Severity | Disposition |
|---|---|---|---|---|
| 1 | 943.20(1)(a) | Theft-Movable Property >$10,000 | Felony G | Dismissed on Prosecutor's Motion |
| 2 | 943.23(2) | Take and Drive Vehicle w/o Consent | Felony H | Dismissed on Prosecutor's Motion |

**Responsible Official**
Nuss, Richard J

**Prosecuting Agency**
District Attorney

**Prosecuting Attorney**
Krueger, Dennis r

**Defense Attorney**
Nimmer, Amanda Marie

## Defendant

**Defendant Name**
Van Pay, Ramanda R

**Date of Birth**
11-29-1989

**Sex**
Female

**Race[1]**
Caucasian

**Address**
2652 Humboldt Rd, Green Bay, WI 54311

**Address Updated On**
11-07-2016

**JUSTIS ID**

**Finger Print ID**

**Defendant Attorney(s)**

**Attorney Name**
Nimmer, Amanda Marie

**Entered**
11-10-2016

## Charge(s)/Sentence(s)

**Charge Detail**

Case ID: 151103380
Control No.: 17090690

Case Details for 2016CF000555 in Fond du Lac County

**The Defendant was charged with the following offense:**

| Count No. | Statute Cite | Description | Severity | Offense Date | Plea |
|-----------|--------------|-------------|----------|--------------|------|
| 1 | 943.20(1)(a) | Theft-Movable Property >$10,000 | Felony G | 08-18-2016 | |

On 12-06-2016 there was a finding of:

| Action | Court Official |
|--------|----------------|
| Dismissed on Prosecutor's Motion | Nuss, Richard J |

**The Defendant was charged with the following offense:**

| Count No. | Statute Cite | Description | Severity | Offense Date | Plea |
|-----------|--------------|-------------|----------|--------------|------|
| 2 | 943.23(2) | Take and Drive Vehicle w/o Consent | Felony H | 08-18-2016 | |

On 12-06-2016 there was a finding of:

| Action | Court Official |
|--------|----------------|
| Dismissed on Prosecutor's Motion | Nuss, Richard J |

---

1 The designation listed in the Race field is subjective. It is provided to the court by the agency that filed the case.

2 Non-Court activities do not require personal court appearances. For questions regarding which court type activities require court appearances, please contact the Clerk of Circuit Court in the county where the case originated.

# Wisconsin Circuit Court Access (WCCA)

## State of Wisconsin vs. Ramanda R Van Pay

## Fond du Lac County Case Number 2016CF000555

### Charge(s)/Sentence(s)

**Charge Detail**

The Defendant was charged with the following offense:

| Count No. | Statute Cite | Description | Severity | Offense Date | Plea |
|-----------|--------------|-------------|----------|--------------|------|
| 1 | 943.20(1)(a) | Theft-Movable Property >$10,000 | Felony G | 08-18-2016 | |

On 12-06-2016 there was a finding of:

| Action | Court Official |
|--------|----------------|
| Dismissed on Prosecutor's Motion | Nuss, Richard J |

The Defendant was charged with the following offense:

| Count No. | Statute Cite | Description | Severity | Offense Date | Plea |
|-----------|--------------|-------------|----------|--------------|------|
| 2 | 943.23(2) | Take and Drive Vehicle w/o Consent | Felony H | 08-18-2016 | |

On 12-06-2016 there was a finding of:

| Action | Court Official |
|--------|----------------|
| Dismissed on Prosecutor's Motion | Nuss, Richard J |

Generated on 09-01-2017 at 12:48 pm

Case ID: 151103380
Control No.: 17090690

# Wisconsin Circuit Court Access (WCCA)

## State of Wisconsin vs. Ramanda R Van Pay

## Fond du Lac County Case Number 2016CF000555

### Court Record Events

| | Date | Event | Court Official | Court Reporter |
|---|---|---|---|---|
| 1 | 12-09-2016 | Received documents | | |
| | | **Additional Text:** | | |
| | | Check copy/copies | | |
| 2 | 12-06-2016 | File Retained Electronically | | |
| 3 | 12-06-2016 | Motion and order for dismissal | Nuss, Richard J | |
| 4 | 12-06-2016 | Dispositional order/judgment | Nuss, Richard J | |
| 5 | 11-14-2016 | Demand for discovery | | |
| | | **Additional Text:** | | |
| | | Defendant's | | |
| 6 | 11-14-2016 | Motion | | |
| | | **Additional Text:** | | |
| | | for discovery/defendant's | | |
| 7 | 11-10-2016 | Public defender order appointing counsel | | |
| 8 | 11-09-2016 | Cash bond posted | | |

Amount

$ 500.00

| 9 | 11-09-2016 | Notes |
|---|---|---|
| | | **Additional Text:** |
| | | Prints on record |

| 10 | 11-07-2016 | Judicial transfer | Nuss, Richard J |
|---|---|---|---|

11 11-07-2016  Cash bond set

| Event Party | Amount |
|---|---|
| Van Pay, Ramanda R | $ 500.00 |

**Additional Text:**

Fingerprints and Photo. Cannot rent or lease any cars.

Case ID: 151103380
Control No.: 17090690

Court Record Events for 2016CF000555 in Fond du Lac County

| | | | |
|---|---|---|---|
| 12 11-07-2016 | Initial appearance | Grimm, Peter L. | Kreidler, Michelle |
| | **Additional Text:** | | |
| | Minutes --- Time Limits WAIVED | | |
| 13 11-07-2016 | Video conferencing | | |
| | **Additional Text:** | | |
| | Defendant appeared by video from the FDL Co Jail | | |
| 14 11-07-2016 | Probable cause statement /judicial determination | Grimm, Peter L. | |
| 15 11-07-2016 | Complaint filed | Grimm, Peter L. | |

Generated on 09-01-2017 at 01:11 pm

Case ID: 151103380
Control No.: 17090690

# Wisconsin Circuit Court Access (WCCA)

## Fond du Lac, County of vs. Ramanda R Van Pay

## Fond du Lac County Case Number 2016TR011700

| **Filing Date** | **Case Type** | **Case Status** |
|---|---|---|
| 11-07-2016 | Traffic Forfeiture | Closed |

| **Defendant Date of Birth** | **Address** |
|---|---|
| 11-1989 | 2652 Humboldt Rd, Green Bay, WI 54311 |

| **Branch Id** | **DA Case Number** |
|---|---|
| 3 | |

**Case(s) Cross-Referenced With This Case**

2016CF000555

## Charge(s)

| Count No. | Statute | Description | Severity | Disposition |
|---|---|---|---|---|
| 1 | 343.44(1)(a) | Operating While Suspended | Forf. U | Dismissed on Prosecutor's Motion |

| **Responsible Official** | **Prosecuting Agency** | **Prosecuting Attorney** | **Defense Attorney** |
|---|---|---|---|
| Nuss, Richard J | District Attorney | Krueger, Dennis r | |

## Defendant

| **Defendant Name** | **Date of Birth** | **Sex** | **Race**[1] |
|---|---|---|---|
| Van Pay, Ramanda R | 11-1989 | Female | Caucasian |
| **Address** | | | **Address Updated On** |
| 2652 Humboldt Rd, Green Bay, WI 54311 | | | 11-05-2016 |
| **JUSTIS ID** | **Finger Print ID** | | |

## Charge(s)/Sentence(s)

### Charge Detail

**The Defendant was charged with the following offense:**

| Count No. | Statute Cite | Description | Severity | Offense Date | Plea |
|---|---|---|---|---|---|
| 1 | 343.44(1)(a) | Operating While Suspended | Forf. U | 11-05-2016 | |

Case ID: 151103380
Control No.: 17090690

Case Details for 2016TR011700 in Fond du Lac County

## On 12-06-2016 there was a finding of:

| Action | Court Official |
|---|---|
| Dismissed on Prosecutor's Motion | Nuss, Richard J |

## Citations

### Citation C7565983

| Bond Amount | Deposit Type | Appearance Date and Time | Mandatory |
|---|---|---|---|
| $ 200.50 | None | 11-21-2016 at 02:00 pm | No |
| **Name** | | **Date of Birth** | **Sex** |
| Van Pay, Ramanda R | | 11-1989 | Female |
| **Address** | | | **Address Updated On** |
| 2652 Humboldt Rd, Green Bay, WI 54311 | | | 11-05-2016 |
| **Plate Number** | **State** | **Expiration** | **VIN** |
| N861742 | IL | 2016 | 5NPDH4AE4GH725559 |
| **Issuing Agency** | **Officer Name** | **Violation Date** | **MPH Over** |
| Fond du Lac County Sheriff | Theisen, Trevor | 11-05-2016 | |
| **Plaintiff Agency** | **Ordinance or Statute** | **Statute** | **Charge Description** |
| Fond du Lac, County of | Statute | 343.44(1)(a) | Operating While Suspended |
| **Severity** | | | |
| Forf. U | | | |

1 The designation listed in the Race field is subjective. It is provided to the court by the agency that filed the case.

2 Non-Court activities do not require personal court appearances. For questions regarding which court type activities require court appearances, please contact the Clerk of Circuit Court in the county where the case originated.

Case ID: 151103380
Generated on 09-01-2017 at 12:46 pm
Control No.: 17090690

# Wisconsin Circuit Court Access (WCCA)

## Fond du Lac, County of vs. Ramanda R Van Pay

## Fond du Lac County Case Number 2016TR011700

## Charge(s)/Sentence(s)

### Charge Detail

**The Defendant was charged with the following offense:**

| Count No. | Statute Cite | Description | Severity | Offense Date | Plea |
|-----------|--------------|-------------|----------|--------------|------|
| 1 | 343.44(1)(a) | Operating While Suspended | Forf. U | 11-05-2016 | |

On 12-06-2016 there was a finding of:

| Action | Court Official |
|--------|----------------|
| Dismissed on Prosecutor's Motion | Nuss, Richard J |

Case ID: 151103380
Control No.: 17090690

# Wisconsin Circuit Court Access (WCCA)

## Fond du Lac, County of vs. Ramanda R Van Pay

## Fond du Lac County Case Number 2016TR011700

### Court Record Events

| | Date | Event | Court Official | Court Reporter |
|---|---|---|---|---|
| 1 | 12-06-2016 | Motion and order for dismissal | | |
| 2 | 12-06-2016 | Dismissed | Nuss, Richard J | |
| 3 | 12-06-2016 | Dispositional order/judgment | Nuss, Richard J | |
| 4 | 12-06-2016 | Judicial transfer | Nuss, Richard J | |
| 5 | 11-07-2016 | Notice of hearing | | |

**Additional Text:**
Further proceedings on December 8, 2016 at 01:30 pm.

| | | | | |
|---|---|---|---|---|
| 6 | 11-07-2016 | Appearance | Grimm, Peter L. | Kreidler, Michelle |

**Additional Text:**
Minutes

| | | | | |
|---|---|---|---|---|
| 7 | 11-07-2016 | Complaint filed | | |

Generated on 09-01-2017 at 01:12 pm

Case ID: 151103380
Control No.: 17090690

# EXHIBIT 5

Case ID: 151103380
Control No.: 17090690

**16-14867**  Supplement No
ORIG

# FOND DU LAC CO SHERIFF'S OFFICE



**180 S MACY STREET**

**PO BOX 1273**

**FOND DU LAC WI 54936-1273**

**PHONE 920-929-3370**

**FAX 920-929-3918**

Reported Date
**11/05/2016**
Rpt/Incident Typ
**MVTHEFT**
Member#/Dept ID#
**THEISEN,TREVOR**

## Administrative Information

| Agency | | Report No | Supplement No | Reported Date | | Reported Time |
|---|---|---|---|---|---|---|
| FOND DU LAC CO SHERIFF'S OFFICE | | 16-14867 | ORIG | 11/05/2016 | | 02:35 |

| CAD Call No | Status | | Rpt/Incident Typ | | | |
|---|---|---|---|---|---|---|
| 160129659 | REPORT TO FOLLOW | | MOTOR VEHICLE THEFT | | | |

| Location | | | | City | | Town Type |
|---|---|---|---|---|---|---|
| CTH T/HWY 26 | | | | ROSENDALE | | TOWN OF SPRINGVALE |

| Rep Dist | Area | Beat | From Date | From Time | To Date | To Time |
|---|---|---|---|---|---|---|
| SP-05 | FDSO | 05 | 08/18/2016 | 00:01 | 11/05/2016 | 02:35 |

| Member#/Dept ID# | | | Assignment | | 2nd Member#/ID# |
|---|---|---|---|---|---|
| 51304/THEISEN,TREVOR | | | PATROL OFFICER | | DOWLAND,TRAVIS |

| Assignment | Entered by | Assignment | RMS Transfer | Prop Trans Stat | Approving Officer |
|---|---|---|---|---|---|
| PATROL OFFICER | 14255 | RECORDS | Successful | Successful | 14255 |

| Approval Date | Approval Time |
|---|---|
| 11/07/2016 | 09:26:54 |

| Video/Audio (Squad Video) | Citations | FI/Warnings | DA Request for Charges/Review |
|---|---|---|---|
| Yes | Yes | Yes | Yes |

| # Offenses | Offense | | Description | | Complaint Type | AC | Use | | Bias | Loc |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 943.23(2) | | Take and Drive Vehic | | | C | N | | 88 | 01 |

| #Pr | MOE | Act | Weapon/Force | IBRS | No | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 240 | 1 | | | | | | |

| Link | Involvement | Invl No | Name | | | Race | Sex | DOB |
|---|---|---|---|---|---|---|---|---|
| SUS | ARR | 1 | VANPAY,RAMANDA R | | | W | F | 11/29/1989 |

| Link | Involvement | Invl No | Name | | | Race | Sex | DOB |
|---|---|---|---|---|---|---|---|---|
| VIC | VAB | 2 | HERTZ RENTAL CAR | | | | | |

| # Offenses | Offense | | Description | | Complaint Type | AC | Use | | Bias | Loc |
|---|---|---|---|---|---|---|---|---|---|---|
| 2 | 943.34(1)(c) | | Receive Stolen Prope | | | C | N | | 88 | 01 |

| #Pr | MOE | Act | Weapon/Force | IBRS | No | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | P/U | | 280 | 2 | | | | | | |

| Link | Involvement | Invl No | Name | | | Race | Sex | DOB |
|---|---|---|---|---|---|---|---|---|
| SUS | ARR | 1 | VANPAY,RAMANDA R | | | W | F | 11/29/1989 |

| Link | Involvement | Invl No | Name | | | Race | Sex | DOB |
|---|---|---|---|---|---|---|---|---|
| VIC | VAB | 2 | HERTZ RENTAL CAR | | | | | |

## Person Summary

| Invl | Invl No | Type | Name | MNI | Race | Sex | DOB |
|---|---|---|---|---|---|---|---|
| ARR | 1 | I | VANPAY,RAMANDA R | 552313 | W | F | 11/29/1989 |
| CIN | 1 | I | VANPAY,RAMANDA R | 552313 | W | F | 11/29/1989 |
| VAB | 2 | B | HERTZ RENTAL CAR | 565380 | | | |
| WAR | 1 | I | VANPAY,RAMANDA R | 552313 | W | F | 11/29/1989 |

## Vehicle Summary

| Invl | Type | License No | State | Lic Year | Year | Make | Model | Style | Color |
|---|---|---|---|---|---|---|---|---|---|
| RCV | 1 | N861742 | IL | 2016 | 2016 | HYUN | ELN | 4D | BRO |
| Invl | Type | License No | State | Lic Year | Year | Make | Model | Style | Color |
| STN | 1 | N861742 | IL | 2016 | 2016 | HYUN | ELN | 4D | BRZ |

## Summary Narrative

Subject was issued a traffic warning for Speeding in 55-MPH Zone, State Statute 346.57(4)(h).

| Report Officer | Printed At | Page |
|---|---|---|
| 51304/THEISEN,TREVOR | 11/08/2016 08:15 | |

**16-14867**   Supplement No ORIG

# FOND DU LAC CO SHERIFF'S OFFICE

## ARREST 1: VANPAY,RAMANDA R

| Involvement | Invl No | Type | Name | | | | | MNI | Race |
|---|---|---|---|---|---|---|---|---|---|
| ARREST | 1 | Individual | VANPAY,RAMANDA R | | | | | 552313 | WHITE |

| Sex | DOB | Age | Juvenile? | Height | Weight | Hair Color | Eye Color | OFN_INVL | Vic/Ofnd Age | PRN |
|---|---|---|---|---|---|---|---|---|---|---|
| FEMALE | 11/29/1989 | 26 | No | 5'07" | 130# | BROWN | BLUE | 1 | 26 | 1119903 |

| Type | Address | City | State |
|---|---|---|---|
| HOME | 2652 HUMBOLDT RD | GREEN BAY | WISCONSIN |

| ZIP Code | Date |
|---|---|
| 54311 | 11/05/2016 |

| Involvement | Arrest Type | Arrest Date | Arrest Time | Book Date | Book Time | Status |
|---|---|---|---|---|---|---|
| ARRESTED | ARRESTED | 11/05/2016 | 02:53:00 | 11/05/2016 | 02:53:00 | BOOKED |

| Arrest Location | City | Rep Dist | Armed |
|---|---|---|---|
| CTH T/HWY 26 | ROSENDALE | SP-05 | UNARMED |

| Multi-arrests | Beat |
|---|---|
| COUNT ARRESTEE | 05 |

| Charge | Level | Charge Literal |
|---|---|---|
| 943.23(2) | F | Take and Drive Vehic |
| 943.34(1)(c) | F | Receive Stolen Prope |

## CITATION, NOT COUNTED AS AN OFFENDER 1: VANPAY,RAMANDA R

| Involvement | Invl No | Type |
|---|---|---|
| CITATION, NOT COUNTED AS AN OFFENDER | 1 | Individual |

| Name | MNI | Race | Sex | DOB | Age | Juvenile? |
|---|---|---|---|---|---|---|
| VANPAY,RAMANDA R | 552313 | WHITE | FEMALE | 11/29/1989 | 26 | No |

| Height | Weight | Hair Color | Eye Color | PRN |
|---|---|---|---|---|
| 5'07" | 130# | BROWN | BLUE | 1119904 |

| Involvement | Arrest Type | Arrest Date | Arrest Time | Book Date | Book Time | Status |
|---|---|---|---|---|---|---|
| CITED | CITATION | 11/05/2016 | 02:53:00 | 11/05/2016 | 02:53:00 | BOOKED |

| Arrest Location | City | Rep Dist |
|---|---|---|
| CTH T/HWY 26 | ROSENDALE | SP-05 |

| Citation No | Armed | Multi-arrests | Beat |
|---|---|---|---|
| C7565983 | UNARMED | NOT APPLICABLE | 05 |

| Charge | Level | Charge Literal |
|---|---|---|
| 343.44(1)(A) | T | Operating After Susp |

## VICTIM (BUSINESS VICTIM) 2: HERTZ RENTAL CAR

| Involvement | Invl No | Type | Name |
|---|---|---|---|
| VICTIM (BUSINESS VICTIM) | 2 | Business | HERTZ RENTAL CAR |

| MNI | PRN |
|---|---|
| 565380 | 1119905 |

### IBRS Info

| Victim Invl No | Offense Codes |
|---|---|
| 2 | 240/280 |

## WARNING 1: VANPAY,RAMANDA R

| Involvement | Invl No | Type | Name | | | MNI | Race |
|---|---|---|---|---|---|---|---|
| WARNING | 1 | Individual | VANPAY,RAMANDA R | | | 552313 | WHITE |

| Sex | DOB | Age | Juvenile? | Height | Weight | Hair Color | Eye Color | PRN |
|---|---|---|---|---|---|---|---|---|
| FEMALE | 11/29/1989 | 26 | No | 5'07" | 130# | BROWN | BLUE | 1119906 |

### Vehicle: N861742

| Involvement | Type | License No | State | Lic Year | Lic Type | Year |
|---|---|---|---|---|---|---|
| RECOVERED | AUTO/SUV/MINI VANS | N861742 | ILLINOIS | 2016 | PASSENGER CAR | 2016 |

| Make | Model | Style | Color | VIN |
|---|---|---|---|---|
| Hyundai | Elantra | SEDAN, 4 DOOR | BROWN | 5NPDH4AE4GH725559 |

| Stl Loc/Rec Loc | Rcv Date | Recv Value |
|---|---|---|
| Stolen Other/Recovered Local (UCR=3) | 11/05/2016 | $25,000.00 |

| Storage |
|---|
| Whealon Towing |

| Link | Involvement | Invl No | Name | Race | Sex | DOB |
|---|---|---|---|---|---|---|
| OWN | VAB | 2 | HERTZ RENTAL CAR | | | |

### Vehicle: N861742

| Involvement | Type | License No | State | Lic Year | Lic Type | Year |
|---|---|---|---|---|---|---|
| STOLEN | AUTO/SUV/MINI VANS | N861742 | ILLINOIS | 2016 | PASSENGER CAR | 2016 |

| Make | Model | Style | Color | Value | VIN |
|---|---|---|---|---|---|
| Hyundai | Elantra | SEDAN, 4 DOOR | BRONZE | $25,000.00 | 5NPDH4AE4GH725559 |

| Report Officer | Printed At | Page |
|---|---|---|
| 51304/THEISEN,TREVOR | 11/08/2016 08:15 | 2 of 4 |

**16-14867**

Supplement No
**ORIG**

# FOND DU LAC CO SHERIFF'S OFFICE

## Vehicle: N861742

| Tow By |
|---|
| **WHEALON TOWING** |

| Link | Involvement | Invl No | Name | | Race | Sex | DOB |
|---|---|---|---|---|---|---|---|
| **SUS** | **ARR** | **1** | **VANPAY,RAMANDA R** | | W | F | 11/29/1989 |

| Link | Involvement | Invl No | Name | | Race | Sex | DOB |
|---|---|---|---|---|---|---|---|
| **OWN** | **VAB** | **2** | **HERTZ RENTAL CAR** | | | | |

## Narrative

On Saturday, November 5, 2016, I, DEPUTY THEISEN, was assigned to patrol duties for the Fond du Lac County Sheriff's Office between the hours of 10:00 p.m. to 6:00 a.m. with DEPUTY DOWLAND acting as my field training officer. During this time I was operating marked squad car #110.

Shortly before 2:53 a.m. I conducted a traffic stop on State Hwy 26 just south of CTH T which resulted in the arrest of the operator. This area is located in the Township of Springvale, Fond du Lac County, State of Wisconsin.

While traveling southbound on State Hwy 26 just south of CTH T I observed a northbound vehicle on State Hwy 26 traveling in what appeared to be in excess of the posted speed limit of 55-mph. I did turn on the front deck of my Dual Stalker Radar unit in squad #110 and received a clear steady tone of 65, 65, 65 mph with no interference or obstructions. My patrol speed was verified. I conducted a traffic stop on this vehicle, which is described as a 2016 Hyundai, bronze in color, bearing Illinois license plate of N861742.

The operator of the vehicle was identified with a valid Wisconsin driver's license as RAMANDA R. VAN PAY (1989). VAN PAY was advised why she was being pulled over and stated that she was just lost and going from Madison to her home address in Green Bay. At this time dispatch did advise me that the rental vehicle that VAN PAY was operating was reported stolen on October 8, 2016 by the Indianapolis Airport Police Department for not returning the vehicle. The serial number of the vehicle was checked with the stolen vehicles serial number, which was a match. SERGEANT KAHNKE was dispatched to my location for backup. VAN PAY'S information was ran through the Wisconsin Department of Transportation and revealed that her driving status was suspended.

I instructed VAN PAY to exit the vehicle to answer further questions. While outside the vehicle DEPUTY DOWLAND asked VAN PAY if this vehicle was her rental vehicle, at which point she stated yes. VAN PAY went on to say that she rented the vehicle on August 18, 2016 from Hertz Rental Company in the Indianapolis airport. At that time Hertz Rental Company informed VAN PAY that when she arrived to Green Bay she will need to return the vehicle to the Green Bay location. VAN PAY also went on to say that she is making payments on the vehicle and had just called the rental company a day ago to update them on the rental vehicle payments. It should be noted that VAN PAY had no rental agreement paperwork in the vehicle but stated that the papers are located at her home. VAN PAY was informed that the vehicle had been reported to the Indianapolis Airport Police Department that the vehicle was stolen. VAN PAY stated that she had no idea that the vehicle was considered stolen.

At this time VAN PAY was informed that she was under arrest for Operating Without Owner's Consent, 943.23(2) and also Receiving Stolen Property, 943.34(1). I placed handcuffs on VAN PAY behind her back. The handcuffs were checked for fit, which were snug and safety locked. VAN PAY was searched incident to arrest with nothing illegal being found on her person. VAN PAY was placed in the back of marked squad car #110 and safety belted in.

DEPUTY DOWLAND did call the Indianapolis Airport Police Department and spoke with a Sergeant who stated that the vehicle was stolen. The Sergeant informed us that the vehicle did not need to be inventoried but it needed to be towed to a secure location. Dispatch later confirmed with the Indianapolis Airport Police Department that the vehicle is stolen. Whealon's Towing service was dispatched to tow the vehicle to their secure lot. VAN PAY'S vehicle was searched with nothing illegal being found in the vehicle. VAN PAY'S property was taken out of the vehicle and transported to be logged in VAN PAY'S property in the Fond du Lac County Jail. SERGEANT KAHNKE remained on scene with the vehicle was towed over to Whealon's Towing Service.

VAN PAY was transported to the Fond du Lac County Jail. Upon arrival VAN PAY was turned over to the Fond du Lac County Jail staff without incident. I did fill out an affidavit at the Fond du Lac County Jail for charges of Operating Without Owner's Consent 943.23(2) and also Receiving Stolen Property, 943.34(1). The affidavit was

| Report Officer | Printed At | |
|---|---|---|
| **51304/THEISEN,TREVOR** | **11/08/2016 08:15** | Page 6 of 6 |

**16-14867**    Supplement No
**ORIG**

# FOND DU LAC CO SHERIFF'S OFFICE

### Narrative

signed and turned over to the Fond du Lac County Jail. A written warning for Speeding 1-10 MPH Over the Posted Speed Limit and a citation for Operating After Suspension was issued and explained to VAN PAY. VAN PAY stated that she did not have any further questions regarding the incident. I then cleared from the Fond du Lac County Jail and the incident.

It should be noted that the radar unit was checked prior to and after the stop, passing both times.

DEPUTY TREVOR THEISEN/#78

TT/dk

**16-14867**    Supplement No **0001**

# FOND DU LAC CO SHERIFF'S OFFICE



180 S MACY STREET

PO BOX 1273

FOND DU LAC WI 54936-1273

PHONE 920-929-3370

FAX 920-929-3918

Reported Date
**11/05/2016**
Rpt/Incident Typ
**MVTHEFT**
Member#/Dept ID#
**DOWLAND, TRAVIS**

## Administrative Information

| Agency | | | Report No | Supplement No | Reported Date | Reported Time |
|---|---|---|---|---|---|---|
| **FOND DU LAC CO SHERIFF'S OFFICE** | | | **16-14867** | **0001** | **11/05/2016** | **02:35** |

| CAD Call No | Status | Rpt/Incident Typ | | | | |
|---|---|---|---|---|---|---|
| **160129659** | **REPORT TO FOLLOW** | **MOTOR VEHICLE THEFT** | | | | |

| Location | | | | City | | Town Type |
|---|---|---|---|---|---|---|
| **CTH T/HWY 26** | | | | **ROSENDALE** | | **TOWN OF SPRINGVALE** |

| Rep Dist | Area | Beat | From Date | From Time | To Date | To Time |
|---|---|---|---|---|---|---|
| **SP-05** | **FDSO** | **05** | **08/18/2016** | **00:01** | **11/05/2016** | **02:35** |

| Member#/Dept ID# | | Assignment | | 2nd Member#/ID# |
|---|---|---|---|---|
| **19688/DOWLAND, TRAVIS** | | **PATROL OFFICER** | | **THEISEN, TREVOR** |

| Assignment | Entered by | Assignment | RMS Transfer | Prop Trans Stat | Approving Officer |
|---|---|---|---|---|---|
| **PATROL OFFICER** | **14255** | **RECORDS** | **Successful** | **Successful** | **14255** |

| Approval Date | Approval Time |
|---|---|
| **11/08/2016** | **08:12:48** |

## Modus Operandi

Crime Code(s)
**STOLEN VEHICLE**

## Narrative

On Monday, November 7, 2016, I, Deputy Dowland, was assigned follow-up in regards to this matter. I did speak with a Lieutenant at Indianapolis International Airport Police Department. I was advised a copy of the report would be faxed to the Sheriff's Office on the date of this report after 8am. The report would be addressed to myself.

I did attempt contact with Hertz Car Rental in Green Bay, however due to my hours I was not able to reach a person. The menu advised Hertz's regular business hours are between 7am and 6pm. VAN PAY had advised she obtained a contract through Hertz in Green Bay and was set up on a payment plan. Should be noted on the night of the incident I attempted contact via phone with Hertz in Indianapolis but could not reach anything other than an automated message.

DEPUTY TRAVIS DOWLAND/#55

/td

| Report Officer | Printed At | |
|---|---|---|
| **19688/DOWLAND, TRAVIS** | **11/08/2016 08:15** | Page 1 of 1 |

Control No.: 17090690

**16-14867**  Supplement No **0002**

# FOND DU LAC CO SHERIFF'S OFFICE



**180 S MACY STREET**

**PO BOX 1273**

**FOND DU LAC WI 54936-1273**

**PHONE 920-929-3370**

**FAX 920-929-3918**

Reported Date
**11/05/2016**
Rpt/Incident Typ
**MVTHEFT**
Member#/Dept ID#
**OLIG, DAVID**

## Administrative Information

| Agency | | | | Report No | | Supplement No | Reported Date | | Reported Time |
|---|---|---|---|---|---|---|---|---|---|
| FOND DU LAC CO SHERIFF'S OFFICE | | | | 16-14867 | | 0002 | 11/05/2016 | | 02:35 |

| CAD Call No | Status | | Rpt/Incident Typ | | | |
|---|---|---|---|---|---|---|
| 160129659 | REPORT TO FOLLOW | | MOTOR VEHICLE THEFT | | | |

| Location | | | | | | City | | Town Type | |
|---|---|---|---|---|---|---|---|---|---|
| CTH T/HWY 26 | | | | | | ROSENDALE | | TOWN OF SPRINGVALE | |

| Rep Dist | Area | Beat | From Date | | From Time | To Date | | To Time | |
|---|---|---|---|---|---|---|---|---|---|
| SP-05 | FDSO | 05 | 08/18/2016 | | 00:01 | 11/05/2016 | | 02:35 | |

| Member#/Dept ID# | | | | | Assignment | | 2nd Member#/ID# | |
|---|---|---|---|---|---|---|---|---|
| 39601/OLIG, DAVID | | | | | DETECTIVE | | DOWLAND, TRAVIS | |

| Assignment | Entered by | Assignment | RMS Transfer | Prop Trans Stat | Approving Officer |
|---|---|---|---|---|---|
| PATROL OFFICER | 14255 | RECORDS | Successful | Successful | 14255 |

| Approval Date | Approval Time |
|---|---|
| 11/09/2016 | 10:13:49 |

| Miscellaneous |
|---|
| Yes |

## Modus Operandi

Crime Code(s)
STOLEN VEHICLE

## Narrative

On Tuesday, November 8, 2016, I, DETECTIVE DAVID OLIG, of the Fond du Lac County Sheriff's Office was requested to follow-up to a complaint involving a traffic stop conducted by DEPUTY THEISEN involving the arrest of RAMANDA VAN PAY. The vehicle VAN PAY was operating was listed as stolen out of Indiana. There was a note attached to DEPUTY THEISEN'S report requesting that follow-up be conducted with Hertz, as they are the owner of the vehicle.

I called Hertz at the International Airport in Indianapolis. Their telephone number is 317-487-5088. I spoke with an employee who indicated that she would pass the information onto a detective working on the case.

A short while later DETECTIVE HERNANDEZ called me. DETECTIVE HERNANDEZ requested the Sheriff's Office report be forwarded to his agency, which it later was. I requested a copy of the rental agreement be faxed to the Sheriff's Office. A short while later we received a fax from DETECTIVE HERNANDEZ indicating in the comments that there is no rental agreement to this vehicle, it is believed to have been taken from the Hertz lot while it was being serviced. The information DETECTIVE HERNANDEZ faxed to the Fond du Lac County Sheriff's Office is attached to this report.

I have no further information to add.

DETECTIVE DAVID OLIG/#137

DO/dk

| Report Officer | Printed At | |
|---|---|---|
| 39601/OLIG, DAVID | 11/09/2016 10:14 | Page 1 of 1 |

Control No.: 17090690

## Olig, David

| | |
|---|---|
| **From:** | Diosdado Hernandez <dhernandez@indianapolisairport.com> |
| **Sent:** | Tuesday, November 08, 2016 12:29 PM |
| **To:** | Olig, David |
| **Subject:** | RE: Stolen Auto |

Ok thank you. I faxed our report over to you. There is no rental agreement, this vehicle was taken from the lot. Sorry, I thought that there was a rental agreement, got it confused with another case from Hertz. We get a few of those a month here. Let me know if you need anything else. Thanks again.

**From:** Olig, David [mailto:David.Olig@fdlco.wi.gov]
**Sent:** Tuesday, November 08, 2016 12:50 PM
**To:** Diosdado Hernandez <dhernandez@indianapolisairport.com>
**Subject:** Stolen Auto

Detective Hernandez,

One of our office clerks was going to email the report to your department. Our case number is **16-14867**. If you haven't faxed the rental agreement yet, feel free to send it to me by email. If you need anything, my office number is **920-906-4799**. Thanks.

Respectfully,
David

Detective David Olig #137
Fond du Lac County Sheriff's Office
180 S. Macy Street
Fond du Lac, WI 54936

The information contained by this e-mail is intended only for the person to whom it is addressed and may contain confidential and/or legally privileged material. Any use, disclosure, copying, distribution, reliance or use of this e-mail or any attachment by anyone else is prohibited. If you received this e-mail by error or are not the intended recipient, please (i) do not read it, (ii) contact the sender by reply e-mail and immediately return it to the sender and (iii) promptly delete and/or destroy all copies of the original message and any attachments from your computer systems. The views or comments made by any individual in this e-mail are those of the individual and may not express the views or contents of the Indianapolis Airport Authority.
Further information on the Indianapolis Airport Authority can be found at www.indianapolisairport.com

Try our free frequent parker program at www.parkindplus.com and earn complimentary garage parking and faster security screening!

1

Case ID: 151103380
Control No.: 17090690

STATE OF WISCONSIN, CIRCUIT COURT, FOND DU LAC       **COUNTY** | *For Official Use*

Ramanda R. Van Pay
*Name of Arrested Person*

**Probable Cause Statement and Judicial Determination**

11/29/1989
*Date of Birth*

Agency Case No. 16-14867
Case No.

1. I state as follows: ☒ a. I am the arresting officer in this case **OR**
   ☐ b. I am a law enforcement officer and make this statement on information and belief.

2. The above-named person was arrested without a warrant on  11/05/16  at 2:53  ☒ a.m. ☐ p.m.
   How identified: ☐ verbally   ☒ WI D.L.   ☐ Other: (specify) _____

3. I have probable cause to believe that the arrested person committed the following offense(s):

| Offense(s) | Statute Number(s) | Offense(s) | Statute Number(s) |
|---|---|---|---|
| 1. Operating W/O owners consent | 943.23 | 2. Receiving stolen property | 943.34(1) |
| 3. | | 4. | |

4. Information for following summary provided by: ☐ Alleged Victim: _____
   ☐ Other: _____

5. I believe the arrested person committed this offense(s) because the alleged victim(s) ☒ did ☐ did not consent to the above listed offense(s): *Summarize below and/or* ☐ See documentation attached.

On Saturday, November 05, 2016, Deputy Theisen conducted a traffic stop on STH 26 South of CTH T, which is located in the Township of Rosendale, Fond du Lac County, State of Wisconsin.Deputy Theisen identifed the driver with a valid WI DL as Ramanda R. Van Pay. Deputy Theisen ran the vehicle's registration through dispatch. Dispatch advised the vehicle was listed as stolen through Indanpolis Airport Police Department since October 8th, 2016, which was later confirmed. Ramanda stated that she did rent the vehicle at the Indanpolis Airport August 18th, 2016. Ramanda states that she is making payments on the vehicle.

Subscribed and sworn to before me on: _11/5/16_

_____
Notary Public, State of Wisconsin

My commission expires: 6/30/19

#78

_____
Signature of Person completing Affidavit

#78 Fond Du Lac County Sheriff's Office
*Badge Number/Department*

Date: 11/05/16   Time: 4:28   ☒ am ☐ pm

**Probable Cause Determination**

I have reviewed the probable cause statement from the arresting officer. Based on this statement:

☒ 1. I find probable cause to believe that the arrested person committed the offense(s) ☒ as listed above **OR**
   ☐ as follows: _____
   ☒ Bail is set as follows: __Bond Book__

☐ 2. I do not find sufficient probable cause to have been presented and direct that the arrested person be released from this custody. Reason(s) probable cause not found (optional): _____

☐ **Telephone Conference Call Determining Probable Cause**
The initial probable cause was determined by a telephone conference call. The judge/commissioner instructed me to affix the decision, his/her signature, and date and time in the appropriate location, to be countersigned later by the judge/commissioner.

_____
Officer's Signature

BY THE COURT:

_____
Circuit Court Judge/Circuit Court Commissioner

Name Printed or Typed

11-6-16      5:03   ☐ a.m. ☒ p.m.
*Date*         *Time*

Distribution:
1. Court - Original
2. Sheriff
3. Facility
4. Arrested Person/Counsel

CR-215, 04/09 Probable Cause Statement and Judicial Determination          §970.01,Wisconsin Statutes; 4th Amendment, US Constitution
This form shall not be modified. It may be supplemented with additional material.          Case ID: 151103380

Control No.: 17090690

## FOND DU LAC COUNTY SHERIFF'S OFFICE

### REQUEST FOR CHARGES

Case Number:  16-14867
Date Referred:  11-05-16
Investigating Officer:  Deputy Trevor Theisen

| Defendant's Name:<br>Ramanda R. Van Pay | DOB:<br>11-29-89 |
|---|---|
|  |  |

| Victim's Name:<br>Hertz Rental Car | DOB: |
|---|---|
|  |  |

| Offense:<br>Take and Drive Vehicle Without Consent<br>Receive Stolen Property > $10,000 | Statute Violated:<br>943.23(2)<br>943.34(1)(C) |
|---|---|
|  |  |



| State of Wisconsin | Circuit Court | Fond du Lac County |
|---|---|---|

STATE OF WISCONSIN

-VS-

**FILED**

Ramanda R Van Pay
2652 Humboldt Rd
Green Bay, WI 54311
DOB: 11/29/1989
Sex/Race: F/W
Alias:

NOV 0 7 2016

RAMONA M. GEIB
FOND DU LAC COUNTY, WIS,
Clerk Of Circuit Court

DA Case No.: 2016FL003784
Assigned DA/ADA: Eric J. Toney
Agency Case No.: 16-14867
Court Case No.:  16CF555
ATN:

Criminal **RECEIVED**

Defendant,

NOV 0 8 2016

FDL CO SHERIFF'S OFFICE

Sergeant Jeff Bonack, of the Fond du Lac Sheriff, being first duly sworn, states that:

### Count 1: THEFT - MOVABLE PROPERTY  ( > $10,000)

The above-named defendant Beginning 8/18/2016 12:01:00 AM and ending 11/5/2016 2:35:00 AM., at CTH T/HWY 26, SPRINGVALE, in the Town of Springvale, Fond du Lac County, Wisconsin, did intentionally retain possession of  movable property of Hertz Rent-A-Car, having a value greater than $10,000, without consent, and with intent to permanently deprive the owner of possession of the property, contrary to sec. 943.20(1)(a) and (3)(c), 939.50(3)(g) Wis. Stats., a Class G Felony, and upon conviction may be fined not more than Twenty Five Thousand Dollars ($25,000), or imprisoned not more than ten (10) years, or both.

### Count 2: OPERATING A MOTOR VEHICLE WITHOUT OWNER'S CONSENT

The above-named defendant Beginning 8/18/2016 12:01:00 AM and ending 11/5/2016 2:35:00 AM., at CTH T/HWY 26, SPRINGVALE, in the Town of Springvale, Fond du Lac County, Wisconsin, did intentionally take and drive a vehicle, 2016 Hyundai, without the consent of the owner, VICTIM, contrary to sec. 943.23(2), 939.50(3)(h) Wis. Stats., a Class H Felony, and upon conviction may be fined not more than Ten Thousand Dollars ($10,000), or imprisoned not more than six (6) years, or both.

### PROBABLE CAUSE:

Complainant is a Sergeant with Fond du Lac County Sheriff's Office and basis this complaint upon the report and investigation of Deputy Trevor Theisen  of the same agency with whom your complainant has worked with and knows to be competent and reliable.

Deputy  Theisen's  official police report states, in part, that:

On Saturday, November 5, 2016, I, DEPUTY THEISEN, was assigned to patrol duties for the Fond du Lac County Sheriff's Office between the hours of 10:00 p.m. to 6:00 a.m. with DEPUTY DOWLAND acting as my field training officer.  During this time I was operating marked squad car #110.

Shortly before 2:53 a.m. I conducted a traffic stop on State Hwy 26 just south of CTH T which resulted in the arrest of the operator.  This area is located in the Township of Springvale, Fond du Lac County, State of Wisconsin.

While traveling southbound on State Hwy 26 just south of CTH T I observed a northbound vehicle on State Hwy 26 traveling in what appeared to be in excess of the posted speed limit of 55-mph.  I did turn on the front deck of my Dual Stalker Radar unit in squad #110 and received a clear steady tone of 65, 65, 65 mph with no interference or obstructions.  My patrol speed was verified.  I conducted a traffic stop on this vehicle, which is described as a 2016 Hyundai, bronze in color, bearing Illinois license plate of N861742.

11/07/2016

STATE OF WISCONSIN - VS - Ramanda R Van Pay

The operator of the vehicle was identified with a valid Wisconsin driver's license as RAMANDA R. VAN PAY (1989). VAN PAY was advised why she was being pulled over and stated that she was just lost and going from Madison to her home address in Green Bay. At this time dispatch did advise me that the rental vehicle that VAN PAY was operating was reported stolen on October 8, 2016 by the Indianapolis Airport Police Department for not returning the vehicle. The serial number of the vehicle was checked with the stolen vehicles serial number, which was a match. SERGEANT KAHNKE was dispatched to my location for backup. VAN PAY'S information was ran through the Wisconsin Department of Transportation and revealed that her driving status was suspended.

While outside the vehicle DEPUTY DOWLAND asked VAN PAY if this vehicle was her rental vehicle, at which point she stated yes. VAN PAY went on to say that she rented the vehicle on August 18, 2016 from Hertz Rental Company in the Indianapolis airport. At that time Hertz Rental Company informed VAN PAY that when she arrived to Green Bay she will need to return the vehicle to the Green Bay location. VAN PAY also went on to say that she is making payments on the vehicle and had just called the rental company a day ago to update them on the rental vehicle payments. It should be noted that VAN PAY had no rental agreement paperwork in the vehicle but stated that the papers are located at her home. VAN PAY was informed that the vehicle had been reported to the Indianapolis Airport Police Department that the vehicle was stolen. VAN PAY stated that she had no idea that the vehicle was considered stolen.

DEPUTY DOWLAND did call the Indianapolis Airport Police Department and spoke with a Sergeant who stated that the vehicle was stolen. The Sergeant informed us that the vehicle did not need to be inventoried but it needed to be towed to a secure location. Dispatch later confirmed with the Indianapolis Airport Police Department that the vehicle is stolen.

Based on the foregoing, the complainant believes this complaint to be true and correct.

Subscribed and sworn to before me,
and approved for filing on:

Dated: _____

_____
(Assistant)District Attorney

State Bar No. _____

_____
Complainant

11/07/2016                    2

**You Are Notified to Appear**

| | | Date | Time | Form No. and Version CTL | | CITATION NO. |
|---|---|---|---|---|---|---|
| Appearance Required: | NO | NOV-21-2016 | 02:00 PM | MV4017 | 0901 | C756598-3 |

FOND DU LAC COUNTY CIRCUIT COURT - INTAKE

160 S MACY STREET

FOND DU LAC, WI 54935

| Estimated Points | DEPOSIT | Cash - Card |
|---|---|---|
| 3 | $200.50 | |
| Court Use | | DA    N |

**Defendant** (Last Name, First, Middle), Street Address, P.O. Box, City, State, Zip

| | Birth Date | Sex | Race |
|---|---|---|---|
| VAN PAY, RAMANDA R | 11/29/1989 | F | W |

| 2652 HUMBOLDT RD | Telephone Number | HT | WT | Hair | Eyes |
|---|---|---|---|---|---|
| GREEN BAY, WI 54311 | | 507 | 130 lbs | BLOND | BLUE |

| Driver License/Identification Card Number | State | Exp. Yr. | OPERATING AS: |
|---|---|---|---|
| V510-7368-9929-02 | WI | 2018 | DRIVER |

| License Plate Number | Plate Type | State | Exp. Yr. | Vehicle Class | Vehicle Endorsements |
|---|---|---|---|---|---|
| N861742 | AUT | IL | 2016 | D | |

| Vehicle Identification Number | US DOT No. | Hazmat No. | Holds CDL | CDL Waiver |
|---|---|---|---|---|
| 5NPDH4AE4GH725559 | | | N | |

| Vehicle Year | Make | Type | Color | |
|---|---|---|---|---|
| 2016 | HYUN | 4D | BRO | |

**Plaintiff**

| | Ordinance Violated | | Adopting State Statute |
|---|---|---|---|
| COUNTY OF FOND DU LAC | 54-1 | | 343.44(1)(a) |

Violation Description                          BAC    Overweight

Agency Space

OPERATING AFTER SUSPENSION                                    16-14867

| Week Day | Date | Time | Actual Speed | Legal | Over |
|---|---|---|---|---|---|
| SATURDAY 11/05/2016 | | 02:35 AM | | | |

| County | City/Village/Town |
|---|---|
| FOND DU LAC - 20 | SPRINGVALE - 19, TOWN |

| ON Hwy No. and/or Street Name | Estimate Distance |
|---|---|
| NB/026 | 0.44 MI   NORTH |

| From/AT Hwy No. and/or Street Name | GPS Coordinates | Minor Passenger |
|---|---|---|
| HOLLANDER RD | 43.744134 | N |
| | -88.674571 | |

| Officer Name | Zone: RR - Utility - School - Const | Accident Severity |
|---|---|---|
| TREVOR THEISEN | N       N       N       N | N |

| Officer ID | Department | Date Citation Served, | Method |
|---|---|---|---|
| 78 | FOND DU LAC COUNTY SHERIFF | NOV/05/2016 | IN PERSON |

**Police Record**

Police # 16-14867

| Travel Lanes | Road Condition | Traffic | Light Condition |
|---|---|---|---|
| 2 | DRY | L - LIGHT | Dark-Not-Ligh |
| Highway | | Weather Condition | |
| NOT-PHYSICALLY-DIVIDED-(2-WAY TRAFFIC) | | CLEAR | |

SEE REPORT



| T331 9/2001 WDOT | **WISCONSIN UNIFORM CITATION** | Citation # |
|---|---|---|
| s345.11 Wis. Stats | 1  of  1 | C756598 |

Case ID: 151103380

Control No.: 17090690

# WARNING / VIOLATION NOTICE

1 of 1

| Date | Time | Police Number | Document Number |
|------|------|---------------|-----------------|
| NOV-05-2016 | 2:35 AM | 16-14867 | **6B904HS4TC** |

**Defendant** (Last Name, First, Middle)

| | Birth Date | Sex | Race |
|---|---|---|---|
| **VAN PAY, RAMANDA R** | 11/29/1989 | F | W |

| 2652 HUMBOLDT RD | Telephone Number | HT | WT | Hair | Eyes |
|---|---|---|---|---|---|
| GREEN BAY, WI 54311 | | 507 | 130 lbs | BLOND | BLUE |

| Driver License/Identification Card Number | State | Exp. Yr. | Vehicle Identification Number | Vehicle Year |
|---|---|---|---|---|
| **V510-7368-9929-02** | WI | 2018 | 5NPDH4AE4GH725559 | 2016 |

| License Plate Number | Plate Type | State | Exp. Yr. | Make | Type | Color | Model |
|---|---|---|---|---|---|---|---|
| N861742 | AUT | IL | 2016 | HYUN | 4D | BRO | |

| County | City/Village/Town | Officer ID |
|---|---|---|
| FOND DU LAC - 20 | SPRINGVALE - 19, TOWN | 78 |

| ON Hwy No. and/or Street Name | Estimate Distance | Officer Name |
|---|---|---|
| NB/HIGHWAY 026 | 0.44 MI     N | TREVOR THEISEN |

| From/AT Hwy No. and/or Street Name | GPS Coordinates | Department |
|---|---|---|
| BOLLANDER RD | 43.744134 | FOND DU LAC COUNTY SHERIFF |
| | -88.674571 | |

**Agency Space**

## _THIS NOTICE WAS ISSUED FOR THE FOLLOWING VIOLATION(S)_

| | SECTION No (s) | DESCRIPTION(S) |
|---|---|---|
| 1 | 346.57(4)(h) | ADOPTING STATE STATUTES (TRAFFIC) -- SPEEDING IN 55 MPH ZONE |
| | 54-1 | (1-10 MPH) |

Additional Instructions For Violator

**Equipment, Registration or Miscellaneous Violations**

☐ The violations indicated must be corrected at once.
*All future operation without correction is illegal.*

**REPORT IN PERSON**

☐ Bring proof of compliance with the law for violations listed to any law enforcement officer for certification by:

| Days to Correct |
|---|
| |

| Correct Date |
|---|
| |

Comments

Case ID: 151103380

Control No.: 17090690

# EXHIBIT 6

SEP. 1. 2017  1:59PM    FDL CLERK OF COURTS                    NO. 912   P. 1



# Fond du Lac County

**OFFICE OF CLERK OF CIRCUIT COURTS**
**(920) 929-3040**

City/County Government Center
160 S Macy St, Fond du Lac, WI 54935

## FAX TRANSMITTAL SHEET

DATE: _9/1/15_

TIME: _____

TO: _Francis Alexander Malofiy_    FROM: _____

_____    _____

_____    _____

Number of pages being sent _26_ (including transmittal page)

If you have any questions or comments regarding these pages, please call:

(920) 929-3041 ask for Claire

Receivers Fax Number _215·500·1005_

Case ID: 151103380
Control No.: 17090690

EP. 1, 2017 : 59PM    FDL CLERK OF COURTS    NO. 912   P. 2

STATE OF WISCONSIN        CIRCUIT COURT        FOND DU LAC COUNTY

STATE OF WISCONSIN,                            MOTION AND ORDER
                    Plaintiff,                 FOR DISMISSAL

vs.                 **FILED**                  Case No. 2016CF000555
                                               2016TR11700
                    DEC - 6 2016               D.A. No. 2016FL003784

RAMANDA R VAN PAY,      RAMONA M. GEIB
                    Defendant.    FOND DU LAC COUNTY, WIS.
                                  Clerk Of Circuit Court

Now comes the State of Wisconsin and hereby moves the Court for an order dismissing

the case without prejudice.

Remarks:    The theft complaint was made in error by the victim. There is an

accompanying ticket that should be dismissed as well

Dated this __5th__ day of November, ~~2016~~ 2016

                                               _____
                                               Dennis Krueger
                                               Deputy District Attorney
                                               State Bar No. 1009923
                                               160 South Macy Street
                                               Fond du Lac, WI 54935
                                               (920) 929-3048

                            ORDER

Upon the above motion, it is hereby ordered that this matter is dismissed without

prejudice.

Dated this __6__ day of __Dec, 2016__

                                               _____
                                               Circuit Court Judge

Cc: Amanda Nimmer

11/30/2016

Case ID: 151103380
Control No.: 17090690

EP. 1. 2017  1 59PM    FDL CLERK OF COURTS                          NO. 912    P. 3

*n USS*

STATE OF WISCONSIN          CIRCUIT COURT          FOND DU LAC COUNTY
                            CRIMINAL DIVISION
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

STATE OF WISCONSIN,                 **FILED**      DEFENDANT'S MOTION
                           Plaintiff,              FOR DISCOVERY

    vs.                             NOV 1 4 2016

RAMANDA R. VAN PAY,        RAMONA M. GIEB          CASE NO. 16-CF-555
                           FOND DU LAC COUNTY, WIS.
                           Defendant.   Clerk Of Circuit Court

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

The defendant, by Attorney Amanda Nimmer, appearing specially and reserving the right

to challenge the jurisdiction of the Court upon all the records, files and proceedings, heretofore

had and taken herein, moves the Court pursuant to secs. 972.11(1), 971.23 and 971.31 Stats., the

Fifth, Sixth and Fourteenth Amendments to the United States Constitution, Article I, Sections 7

and 8 of the Wisconsin Constitution, and the supporting case law in addition to any other

authorities cited below:

(1) For entry of an Order requiring that the plaintiff produce for inspection and/or copying
by the defendant all physical evidence in the possession of the plaintiff, including but
not limited to that physical evidence which the plaintiff intends to introduce at the trial;

(2) For entry of an Order requiring that the plaintiff produce all reports of all and any
scientific tests or experiments made or to be used in behalf of the plaintiff regarding all
evidence in the possession of the plaintiff including but not limited to the evidence the
plaintiff intends to introduce at the trial;

(3) For the entry of an Order requiring the plaintiff to disclose to the defendant any and all
consideration or promises of consideration given to or on behalf of any witness whom
the State will call at trial; or expected or hoped for by the witness. By "consideration,"
the defendant refers to absolutely everything, whether bargained for or not, which
arguably could be of value or use to a witness or to persons of concern to the witness,
including but not limited to, formal or informal, direct or indirect leniency, favorable
treatment or recommendations, or other assistance with respect to any pending or
potential criminal, parole, probation, pardon, clemency, civil, tax court, court of claims,
administrative or other dispute with the State or with any other authority or with any
other parties; criminal, civil or tax immunity grants; relief from forfeiture; payments of
money, rewards or fees, witness fees and special witness fees, provision of food,
clothing, shelter, transportation, legal services or other benefits; placement in a
"witness protection program"; informer status of the witness; and anything else which
                                        FOND DU LAC COUNTY, WI


                                        **NOV 1 4 2016**

                                        DISTRICT ATTORNEY
                                        **FILED**

Case ID: 151103380
Control No.: 17090690

arguably could reveal an interest, motive, or bias in the witness in favor or the State or against the defendant or act as inducement to testify or to color testimony;

(4)  For the entry of an Order requiring the plaintiff to disclose to the defendant any and all threats, express or implied, direct or indirect, or other coercion made or directed against the witness, criminal prosecutions, investigations, or potential prosecutions pending or which could be brought against the witness; any probationary, parole, deferred prosecution or custodial status of the witness; and any civil, tax court, court of claims, administrative, or other pending or potential legal disputes or transactions with the State or over which the State has a real, apparent, or perceived influence;

(5)  For the entry of an Order requiring the plaintiff to disclose to the defendant the existence and identification of each occasion on which the witnesses have testified before any Court, John Doe, or other tribunal or body or otherwise officially narrated in relation to the defendant, the investigation, or the facts of this case;

(6)  For the entry of an Order requiring the plaintiff to disclose to the defendant the existence and identification of each occasion on which each witness who was or is an informer, accomplice, co-conspirator, or expert has testified before any court, John Doe, or other tribunal body;

(7)  For entry of an Order pursuant to State v. Simmons, 7 Wis. 2d 285, 292-293 (1973), the Fifth, Sixth and Fourteenth Amendments of the United States Constitution and Article I, Sections 7 and 8 of the Wisconsin Constitution ordering that the plaintiff disclose to the defendant the names, current addresses and current telephone numbers of all persons known to the plaintiff to have been witnesses to any acts alleged against the defendant or who heard or saw any activities alleged to have been committed by the defendant and possess relevant information to the charge in the information.  This motion is made regardless of whether or not said person will be called as a witness in this matter;

(8)  For entry of an Order pursuant to State v. Groh, 69 Wis. 2d 481, 486-488 (1975), State v. Van Ark, 62 Wis. 2d 155, 161-162 (1974), and Simos v. State, 53 Wis. 2d 493, 496-498 (1972), requiring that the plaintiff furnish to the defendant prior to trial copies of all written, audio tape or videotape recorded statements of witnesses the plaintiff intends to have testify at the trial including but not limited to copies of all police reports, show-ups, notebooks, and any and all other documents which contain any such statements;

(9)  For entry of an Order requiring that the plaintiff produce any item of physical evidence which plaintiff intends to introduce at trial for scientific analysis under the terms and conditions prescribed by the court;

(10)  For the entry of an Order requiring that the plaintiff obtain and give to the defendant a copy of all medical reports, charts, records, pictures, and any and all other documents

Case ID: 151103380
Control No.: 17090690

relating to the medical condition, examination and treatment of any witness, if the state intends to introduce evidence of this nature;

(11.) For the entry of an Order requiring that the plaintiff obtain and give to the defendant a copy of all psychological and psychiatric reports, records, and any and all other documents relating to the mental and emotional condition and treatment of any witness, if the state intends to introduce evidence of this nature;

(12) For the entry of an Order, pursuant to State v. Maday, 179 Wis. 2d 346, 507 N.W. 2d 365 (Ct. App. 1993), directing that a witness submit to examination by defense expert, if the State has indicated its intent to present during its case-in-chief the testimony of one or more experts who have personally examined the witness and will testify regarding the witness' behavior or condition.

Dated at Fond du Lac, Wisconsin, this __14th__ day of November, 2016.

Amanda Nimmer
Attorney for the Defendant
State Bar No. 01097770

State Public Defender's Office
City-County Government Center
160 South Macy Street-1st Floor
Fond du Lac, WI 54935
(920) 929-3990

Case ID: 151103380
Control No.: 17090690

EF. 1. 2017  2 00PM    FDL CLERK OF COURTS                    NO. 912    P. 6



**Fond du Lac County — Wisconsin**
Clerk of Circuit Court
Ramona M. Gelb
160 S Macy St
Fond du Lac, WI 54935

National Exchange Bank & Trust
Fond du Lac, WI 54935

No. 052455

December 9, 2016

72-76
769

| Dollars | Cents |
|---|---|
| $**485 | 96 |

Four hundred eighty five dollars and 96 cents************

Void after 120 days

PAY TO THE ORDER OF:

RAMANDA R VAN PAY
2652 HUMBOLDT RD
GREEN BAY WI 54311

**VOID**

**NOT NEGOTIABLE**
Authorized Signature

---

Fond du Lac County
160 S Macy St
Fond du Lac, WI 54935
Check Number: 052455

Memorandum of Remittance
DETACH BEFORE DEPOSITING CHECK        **For Your Records**
Check Date: December 9, 2016

By to the order of: RAMANDA R VAN PAY                        No. 16C 052455

2016CF000555 State of Wisconsin vs. Ramanda R Van Pay
Trust Party: Ramanda R Van Pay    return bond posted for self- case dismissed        485.96

If you have any questions regarding this check                  Amount of check: $485.96
please contact the Clerk of Courts office at 920-929-3040.

Case ID: 151103380
Control No.: 17090690



**Fond du Lac County — Wisconsin**
Clerk of Circuit Court
Ramona M. Geib
160 S Macy St
Fond du Lac, WI 5493

No. 052450

December 9, 2016

79-75
759

National Exchange Bank & Trust
Fond du Lac, WI 54935

Fourteen dollars and 04 cents********************

| Dollars | Cents |
|---|---|
| $**14 | 04 |

Void after 120 days

PAY TO THE ORDER OF:

KENDREK A HAYDEN
2652 HUMBOLDT RD
GREEN BAY WI 54311

**VOID**

**NOT NEGOTIABLE**
Authorized Signature

---

Fond du Lac County
160 S Macy St
Fond du Lac, WI 54935
Check Number: 052450

Statement of Remittance
DETACH BEFORE DEPOSITING CHECK

**For Your Records**
Check Date: December 9, 2016

Pay to the order of: KENDREK A HAYDEN                          No. 16C 052450

2016CF000555 State of Wisconsin vs. Ramanda R Van Fay
    Trust Party: Ramanda R Van Fay    return bond posted for Ramanda Van Fay- case
    dismissed                                                              14.04

If you have any questions regarding this check                 Amount of check: $14.04
please contact the Clerk of Courts office at 920-929-3040.

Case ID: 151103380
Control No.: 17090690

--SEP. 1. 2017  2:00PM   FDL CLERK OF COURTS                    NO. 912   P. 8

STATE OF WISCONSIN          CIRCUIT COURT          FOND DU LAC COUNTY
                            CRIMINAL DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

STATE OF WISCONSIN,                          **FILED**   DEFENDANT'S
                              Plaintiff,                 DISCOVERY DEMAND
      vs.                                   NOV 1 4 2016

RAMANDA R. VAN PAY,          RAMONA M. GEIB
                            FOND DU LAC COUNTY, WIS.   CASE NO. 16-CF-555
                              Defendant.    Clerk Of Circuit Court

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TO:  Office of the District Attorney
     City-County Government Center
     160 South Macy Street
     Fond du Lac, WI 54935

Pursuant to secs. 971.23, and 972.11(1), Wis. Stats., the Wisconsin Evidence Code, the
Fifth, Sixth and Fourteenth Amendments to the United States Constitution, Article I, Sections 7
and 8 of the Wisconsin Constitution, and the supporting federal and state case law, the defendant
demands that the District Attorney disclose to defendant's attorney and permit defendant's
attorney to inspect and copy or photograph all the following materials and information, which is
in the possession, custody or control of the state:

(1)  Any and all written and/or recorded statements made by the defendant concerning
     the alleged crime(s), including the testimony of the defendant in a secret proceeding
     under sec. 968.26 Wis. Stats. or before a grand jury and the names and addresses of
     witnesses to the defendant's written statements;

(2)  A written summary of all oral statements made by the defendant, which the district
     attorney intends to use in the course of the trial and a list of the names and
     addresses of all witnesses to such statements;

(3)  Any evidence obtained in a manner described under sec. 968.31(2)(b) Wis. Stats., if
     the District Attorney intends to use the evidence at trial;

(4)  A written report detailing the defendant's conduct which the plaintiff intends to
     introduce as implied admissions and the names and addresses of all witnesses to
     such conduct;

(5)  A copy of defendant's criminal record and juvenile adjudication record;

FOND DU LAC COUNTY, WI

NOV 1 4 2016

DISTRICT ATTORNEY
**FILED**

Case ID: 151103380
Control No.: 17090690

(6) A list of all witnesses and their addresses whom the district attorney intends to call at the trial;

(7) A copy of the criminal record and juvenile adjudication records, including out-of-state convictions as reflected in the CIB and FBI records, of those persons that the district attorney intends to call as witnesses;

(8) Any relevant written or recorded statements of a witness named on a list under sec. 971.23(1)(d) Wis. Stats., and section 6 of this discovery demand, including any videotaped oral statements of a child under sec. 908.08 Wis. Stats.;

(9) Any oral reports and statements of experts made in connection with the case and, if an expert did not prepare a report or statement, a written summary of the expert's findings or the subject matter of his or her testimony;

(10) Any results of any physical or mental examination that the district attorney intends to offer in evidence at trial;

(11) Any scientific test, experiment or comparison that the district attorney intends to offer in evidence at trial;

(12) Notification of the district attorney's intention to offer evidence of a witness' mental, emotional or physical state to allow compliance with the requirements of State v. Maday, 179 Wis.2d 346, 507 N.W.2d 365 (Ct. App. 1993) and State v. Shiffra, 175 Wis. 2d 600, 499 N.W. 2d 719 (Ct. App. 1993);

(13) Notification of the district attorney's intention to introduce evidence of deoxyribonucleic acid profile to prove or disprove the identify of any person;

(14) Notice of any conduct of the defendant that the State intends to introduce under the provisions of sec. 904.04(2), Wis. Stats., as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident;

(15) Disclose to the defendant any and all physical evidence that the district attorney intends to offer in evidence at the trial;

(16) An inventory and copies of all items of evidence that the State has in its possession, knowledge or control in regards to this case or which were obtained from or belonged to the defendant together with the date, time, place and manner in which those items were obtained;

(17) Any and all exculpatory evidence, including but not limited to the following, which would:

a.   Negate the guilt of the defendant;

Case ID: 151103380
Control No.: 17090690

b.   Affect the weight or credibility of the evidence used against the defendant;

   (i.)  All promises, rewards, and inducements made by the district attorney or any of its agents to any witnesses that will testify at the trial in the above-captioned matter;

   (ii.)  And all information, reports, evidence of any form of bias, prejudice or untruthfulness of any witness that the district attorney intends to call at trial;

   (iii.)  Any and all statements of all individuals which may be inconsistent in whole or in part with any other statements made by the same individual;

   (iv.)  Any statements made by any individual which are inconsistent in whole or in part, with any and all statements made by other individuals who have given statements relevant to the charge against the defendant;

c.   Show that the defendant was suffering from a mental disease or defect at the time of the alleged offense; and

   (i.)  Lacked substantial capacity to appreciate the wrongfulness of his conduct at the time of the alleged offense and/ or,

   (ii.)  Lacked substantial capacity to conform his or her conduct to the requirements of law at the time of the alleged offense;

d.   Show that the defendant was in an intoxicated or drugged condition when the offenses charged were committed and this condition may have negated the existence of a state of mind essential to the crime(s) charged;

e.   Show that there was a mistaken identification of the defendant;

f.   Show that the defendant has an alibi;

g.   Shock the conscience and is favorable to the defendant;

h.   Extenuate, mitigate, or reduce the degree of the offense charged or the defendant's punishment therefore;

i.   Be inconsistent with the district attorney's theory of the defendant's guilt, and /or any other theory inculpating the defendant of any crime charged or uncharged, or which were inclusive or abortive of the same. this includes but is not limited to any and all reports, results and conclusions of all tests,

Case ID: 151103380

Control No.: 17090690

SEP. 1, 2017  2:00PM   FDL CLERK OF COURTS                     NO. 912   P. 11

recreations, reconstructions, calculations or experiments made by the district attorney or agents acting on behalf of the district attorney;

j.   Show and document attempts by any law enforcement agency or anyone else to verify the defendant's version of the facts;

k.   Indicate that at the time of the offense the defendant acted as a result of an honest error whether of fact or law, other than criminal law, such that it negates the existence of a state of mind essential to the crime;

l.   Indicate that at the time of the offense a threat by a person caused the defendant to believe that his or her act was the only means of preventing imminent death or great bodily harm to the defendant or another and which caused the defendant to so act;

m.   Show that at the time of the offense that the pressure of natural physical forces which caused the defendant to reasonably believe that his or her act is the only means of preventing imminent public disaster, or imminent death or great bodily harm to the defendant or another and which caused the defendant to so act;

n.   Show that the defendant was acting with the belief or in the exercise of a privilege as to constitute a defense to the offense charged;

o.   Show that the defendant acted without the requisite intent, or with lack of intent, at the time of the offenses alleged;

p.   Show that the defendant acted with the consent of the owner of the property;

q.   Form the basis for further investigation by the defense;

(18)  Defendant further demands that the district attorney comply with the continuing obligation to provide discovery to the defendant and promptly provide any information and evidence which the district attorney intends to offer as evidence which is discovered subsequent to the district attorney's initial compliance with discovery.

Dated at Fond du Lac, Wisconsin, this ___14th___ day of November, 2016.

State Public Defender                        Amanda Nimmer
City-County Government Center                 Attorney for the Defendant
160 S. Macy Street 1st Floor                  State Bar No. 01097770
Fond du Lac, WI 54935
920-929-3990

Case ID: 151103380
Control No.: 17090690

EP. 1. 2017  2:01PM   FDL CLERK OF COURTS                                NO. 912   P. 12

## STATE PUBLIC DEFENDER - ORDER APPOINTING COUNSEL

**NOTE TO CLIENT:   PLEASE CALL YOUR ATTORNEY IMMEDIATELY UPON RECEIPT OF THIS NOTICE**

| | | | |
|---|---|---|---|
| Name: | Ramanda R Van Pay | DOC #: | Court Case No: |
| Address: | 2652 Humboldt Rd | Client ID:  fon0073882 | 16CF555 |
| | Green Bay, WI 54311 5741 | Incarcerated: | |

# FILED

| | |
|---|---|
| SPD ID: | 1620017Q5A |
| Date of Birth: | 11/29/1989 |

SPD Case No:   16S-20-F-S01795
Telephone Number:   (920) 664-0405

**NOV 1 0 2016**

RAMONA M. GEIB
FOND DU LAC COUNTY, WIS.
Clerk Of Circuit Court

Nature of Case:                                Description:
  943.20  Theft      1 Cnts:
          Charge Modifier
  943.23  Operating Motor Vehicle w/o Consent   1 Cnts:
          Charge Modifier

County and Court:  Fond du Lac       Branch:  Circuit Court Br. 3       Judge:  Richard Nuss
Facility:

Next Court Appearance:

| Hearing Date | Hearing Time | Hearing Info | Comments |
|---|---|---|---|
| 12/08/2016 | 1:30 pm | Preliminary Hearing | |

Prior Attorney:

Other Information:

In accordance with Chapter 977 of the Wisconsin statutes, I hereby appoint the following attorney to represent the above named individual in relation to the above entitled proceedings:

| | | | |
|---|---|---|---|
| Attorney Name: | Amanda Nimmer | State Bar No: | 1097770 |
| Address: | 160 S Macy St Fl 1 | Attorney Telephone: | (920) 929 3990 |
| | Fond Du Lac, WI 54935 4241 | Date Appointed: | 11/8/2016 |
| Appointed By: | Jeffrey Haase | Supervisor ID: | 1026952 |
| SPD Office Handling: | Fond du Lac | SPD Office Phone #: | (920) 929 3990 |
| Dated: | 11/8/2016 | Date OAC Printed: | 11/8/2016 |

**Office of the State Public Defender  -  Notice to Clients  -  File Retention Policy**

When an attorney represents an individual, s/he makes and keeps a file of the documents and work done on the case. Attorneys on staff with the Office of the State Public Defender (SPD) create and maintain such files for each case. This notice applies only to cases handled by staff attorneys of the Office of the State Public Defender. If your case has been assigned to a private attorney, please consult that attorney about his or her file retention policy.

Upon the conclusion of the representation in this case, the SPD will, upon your request, deliver the original file or any portion requested, to you, along with any of your original documents or other property that the SPD has in its possession.

If you do not request your file, the SPD will retain it for a period of at least five years after the matter is closed.  At any point during this period, you may request delivery of the file.

If you do not request the file before the end of the five-year period, the SPD may, in its discretion, destroy the file and its contents without further notice to you.

Case ID: 151103380
Control No.: 17090690

EF. 1. 2017  2 01PM    FDL CLERK OF COURTS    NO. 912    P. 13

# Bond Payments

00018225 : VANPAY, RAMANDA R
Case #16CF556, Citation #, Warrant #, Arrest #16-14867, Cause #
Fond du Lac County
Bond Amount: $500.00

| Date | Type | Receipt # | User | Comment | Total |
|------|------|-----------|------|---------|-------|
| 11/7/2016 | XFER | 922795 | Tracy Schultz | Bond paid with resident funds, Bond Court Case # 16CF556 ORI/Agency Arrest # 16-14867 | $485.96 |
| 11/7/2016 | Cash | 922804 | Locketown User | 2862 HUMBOLDT RD GREEN BAY, WI 54311 | $14.04 |

Deposited By: KENDREK HAYDEN    2862 HUMBOLDT RD
                                GREEN BAY, WI 54311

Total Paid: $500.00
Remaining: $0.00

Case ID: 151103380
Control No.: 17090690

## ACKNOWLEDGEMENT BY PERSON POSTING BAIL/DEPOSIT

I hereby post a cash bail/deposit in the sum of $ __14.04__

concerning the arrest of __Ramanda R Vanpay__

I understand there is no guarantee this money will be returned to me because this bail/deposit MUST be applied to pay any restitution, fines, forfeitures and court costs, and can be forfeited if the defendant fails to appear in court.

_(signature)_
Signature of Depositor

__11-7-16__
Date

__Kendrick A. Harden__
Print Name of Depositor

__2652 Humboldt Rd__
Street Address, Apt #

__Green Bay, WI, 54311__
City, State, Zip Code

_(signature)_
Officer Taking Bond Money

Case ID: 151103380
Control No.: 17090690

EF. 1. 2017  2:01PM    FDL CLERK OF COURTS    NO. 912    P. 15

# Bond Payments

000018225 · VANPAY, RAMANDA R
Case #16CF555, Citation #, Warrant #, Arrest #18-14867, Cause #
Fund du Lac County
Bond Amount: $500.00

| Date | Type | Receipt # | User | Comment | Total |
|------|------|-----------|------|---------|-------|
| 11/7/2016 | XFER | 922795 | Tracy Schulz | Bond paid with resident funds, Bond Court Case # 16CF555 CR/Agency Arrest # 16-14867 | $485.96 |
| 11/7/2016 | Cash | 922804 | Lockdown User | 2852 HUMBOLDT RD GREEN BAY, WI 54311 | $14.04 |

Deposited By: KENDREK HAYDEN    2852 HUMBOLDT RD
GREEN BAY, WI 54311

Total Paid: $500.00
Remaining: $0.00

Printed 11/8/2016

Confidential Property of Fond du Lac Jail

Page 1 of 1

Case ID: 151103380
Control No.: 17090690

EF. 1. 2017  2 01PM    FDL CLERK OF COURTS                    NO. 912    P. 16

| State of Wisconsin | Circuit Court | Fond du Lac County |

| STATE OF WISCONSIN | | DA Case No.: 2016FL003784 |
| | Plaintiff, | Assigned DA/ADA: Eric J. Toney |
| -VS- | | Agency Case No.: 16-14867 |
| | | Court Case No.: |
| Ramanda R Van Pay | | ATN: |
| 2652 Humboldt Rd | | |
| Green Bay, WI 54311 | | |
| DOB: 11/29/1989 | | |
| Sex/Race: F/W | | |
| Alias: | | **Criminal Complaint** |

Defendant,

Sergeant Jeff Bonack, of the Fond du Lac Sheriff, being first duly sworn, states that:

### Count 1: THEFT - MOVABLE PROPERTY ( > $10,000)

The above-named defendant Beginning 8/18/2016 12:01:00 AM and ending 11/5/2016 2:35:00 AM., at CTH T/HWY 26, SPRINGVALE, in the Town of Springvale, Fond du Lac County, Wisconsin, did intentionally retain possession of movable property of Hertz Rent-A-Car, having a value greater than $10,000, without consent, and with intent to permanently deprive the owner of possession of the property, contrary to sec. 943.20(1)(a) and (3)(c) 939.50(3)(g) Wis. Stats., a Class G Felony, and upon conviction may be fined not more than Twenty Five Thousand Dollars ($25,000), or imprisoned not more than ten (10) years, or both.

### Count 2: OPERATING A MOTOR VEHICLE WITHOUT OWNER'S CONSENT

The above-named defendant Beginning 8/18/2016 12:01:00 AM and ending 11/5/2016 2:35:00 AM., at CTH T/HWY 26, SPRINGVALE, in the Town of Springvale, Fond du Lac County, Wisconsin, did intentionally take and drive a vehicle, 2016 Hyundai, without the consent of the owner, VICTIM, contrary to sec. 943.23(2), 939.50(3)(h) Wis. Stats., a Class H Felony, and upon conviction may be fined not more than Ten Thousand Dollars ($10,000), or imprisoned not more than six (6) years, or both.

### PROBABLE CAUSE:

Complainant is a Sergeant with Fond du Lac County Sheriff's Office and basis this complaint upon the report and investigation of Deputy Trevor Theisen of the same agency with whom your complainant has worked with and knows to be competent and reliable.

Deputy Theisen's official police report states, in part, that:

On Saturday November 5, 2016, I, DEPUTY THEISEN, was assigned to patrol duties for the Fond du Lac County Sheriff's Office between the hours of 10:00 p.m. to 6:00 a.m. with DEPUTY DOWLAND acting as my field training officer. During this time I was operating marked squad car #110.

Shortly before 2:53 a.m. I conducted a traffic stop on State Hwy 26 just south of CTH T which resulted in the arrest of the operator. This area is located in the Township of Springvale, Fond du Lac County, State of Wisconsin.

While traveling southbound on State Hwy 26 just south of CTH T I observed a northbound vehicle on State Hwy 26 traveling in what appeared to be in excess of the posted speed limit of 55-mph. I did turn on the front deck of my Dual Stalker Radar unit in squad #110 and received a clear steady tone of 66, 66, 66 mph with no interference or obstructions. My patrol speed was verified. I conducted a traffic stop on this vehicle, which is described as a 2016 Hyundai, bronze in color, bearing Illinois license plate of N861742.

11/07/2016

Case ID: 151103380
Control No.: 17090690

**STATE OF WISCONSIN - VS - Ramanda R Van Pay**

The operator of the vehicle was identified with a valid Wisconsin driver's license as RAMANDA R. VAN PAY (1989). VAN PAY was advised why she was being pulled over and stated that she was just lost and going from Madison to her home address in Green Bay. At this time dispatch did advise me that the rental vehicle that VAN PAY was operating was reported stolen on October 8, 2016 by the Indianapolis Airport Police Department for not returning the vehicle. The serial number of the vehicle was checked with the stolen vehicles serial number, which was a match. SERGEANT KAHNKE was dispatched to my location for backup. VAN PAY'S information was ran through the Wisconsin Department of Transportation and revealed that her driving status was suspended.

While outside the vehicle DEPUTY DOWLAND asked VAN PAY if this vehicle was her rental vehicle, at which point she stated yes. VAN PAY went on to say that she rented the vehicle on August 18, 2016 from Hertz Renta Company in the Indianapolis airport. At that time Hertz Rental Company informed VAN PAY that when she arrived to Green Bay she will need to return the vehicle to the Green Bay location. VAN PAY also went on to say that she is making payments on the vehicle and had just called the rental company a day ago to update them on the rental vehicle payments. It should be noted that VAN PAY had no rental agreement paperwork in the vehicle but stated that the papers are located at her home. VAN PAY was informed that the vehicle had been reported to the Indianapolis Airport Police Department that the vehicle was stolen. VAN PAY stated that she had no idea that the vehicle was considered stolen.

DEPUTY DOWLAND did call the Indianapolis Airport Police Department and spoke with a Sergeant who stated that the vehicle was stolen. The Sergeant informed us that the vehicle did not need to be inventoried but it needed to be towed to a secure location. Dispatch later confirmed with the Indianapolis Airport Police Department that the vehicle is stolen.

Based on the foregoing the complainant believes this complaint to be true and correct.

Subscribed and sworn to before me,
and approved for filing on:

Dated: _____

                                        _____
                                        Complainant

_____
(Assistant)District Attorney

State Bar No. _____

11/07/2016                                    2

Case ID: 151103380
Control No.: 17090690

EP. 1. 2017  2:01PM    FDL CLERK OF COURTS                           NO. 912   P. 18

STATE OF WISCONSIN, CIRCUIT COURT, FOND DU LAC Ric 11-07-16 COUNTY   **FILED**

Ramanda R. Van Pay
_____                    **Probable Cause Statement
Name of Arrested Person**                            **and Judicial Determination**         NOV 0 7 2016

11/29/1989                                          Agency Case No. 16-14867        RAMONA M. GEIB
_____                     Case No. _Ilock 555_          FOND DU LAC COUNTY, WIS.
        Date of Birth                                                               Clerk Of Circuit Court

1.  I state as follows: ☒ a. I am the arresting officer in this case OR
                        ☐ b. I am a law enforcement officer and make this statement on information and belief.

2.  The above-named person was arrested without a warrant on _11/05/16_ at _2:53_ ☒ a.m. ☐
    p.m.
    How identified: ☐ verbally  ☒ WI D.L.  ☐ Other: (specify) _____

3.  I have probable cause to believe that the arrested person committed the following offense(s):
    Offense(s)              Statute Number(s)    Offense(s)                    Statute Number(s)
    1. Operating W/O owners consent  943.23     2. Receiving stolen property  943.34(1)
    3. _____              _____    4. _____            _____

4.  Information for following summary provided by: ☐ Alleged Victim: _____
    ☐ Other: _____

5.  I believe the arrested person committed this offense(s) because the alleged victim(s) ☒ did  ☐ did not
    consent to the above listed offense(s):      Summarize below and/or  ☐ See documentation
    attached.
    On Saturday, November 05, 2016, Deputy Theisen conducted a traffic stop on STH 26 South of CTH T, which is located in
    the Township of Rosendale, Fond du Lac County, State of Wisconsin Deputy Theisen identified the driver with a valid WI
    DL as Ramanda R. Van Pay. Deputy Theisen ran the vehicle's registration through dispatch. Dispatch advised the vehicle
    was listed as stolen through Indianpolis Airport Police Department since October 8th, 2016, which was later confirmed.
    Ramanda stated that she did rent the vehicle at the Indianpolis Airport August 18th, 2016. Ramanda states that she is making
    payments on the vehicle.

    Subscribed and sworn to before me
    on: _11/5/16_                                    _____  #78
                                                     Signature of Person completing Affidavit
    _____                          #78 Fond Du Lac County Sheriff's Office
    Notary Public, State of Wisconsin                 Badge Number/Department
    My commission expires: _6/30/19_                 Date: _11/05/16_  Time: _4:28_  ☒ am ☐ pm

                              **Probable Cause Determination**
    I have reviewed the probable cause statement from the arresting officer. Based on this statement:
    ☒ 1.  I find probable cause to believe that the arrested person committed the offense(s) ☒ as listed above OR
          ☐ as follows: _____
          ☒ Bail is set as follows: _Bond Book_
    ☐ 2.  I do not find sufficient probable cause to have been presented and direct that the arrested person be released
          from this custody. Reason(s) probable cause not found (optional): _____

    ☐ Telephone Conference Call Determining Probable Cause    BY THE COURT:
      The initial probable cause was determined by a telephone
      conference call. The judge/commissioner instructed me to affix the  _____
      decision, his/her signature, and date and time in the appropriate    Circuit Court Judge/Circuit Court Commissioner
      location, to be countersigned later by the judge/commissioner.

    _____                           Name Printed or Typed
         Officer's Signature
    Distribution:                                    _11-6-16_     _5:03_  ☐ a.m. ☒ p.m.
    1. Court - Original                                 Date        Time
    2. Sheriff
    3. Facility
    4. Arrested Person/Counsel

CR-216, 04/09 Probable Cause Statement and Judicial Determination          §970.01, Wisconsin Statutes; 4th Amendment, US Constitution
                                                This form shall not be modified. It may be supplemented with additional material.

Case ID: 151103380
Control No.: 17090690

EF. 1. 2017  2 02PM   FDL CLERK OF COURTS                    NO. 912   P. 19

**STATE OF WISCONSIN**            **CIRCUIT COURT**            **FOND DU LAC COUNTY**

State of Wisconsin vs. Ramanda R Van Pay

**Minutes -**
**Criminal/Traffic/Forfeiture**

Case No.: 2016CF000555

| Clerk:<br>Amber Letourneau<br>Activity:<br>Initial appearance | Date:<br>11-07-2016<br>Time:<br>11:00 am | Reporter<br>Michelle Kreidler<br>Court Official<br>Peter L. Grimm, Judge<br>Interpreter | **FILED**<br><br>NOV 0 7 2016<br><br>RAMONA M. GEIB<br>FOND DU LAC COUNTY, WIS.<br>Clerk Of Circuit Court |

**Appearances**

☐ State of Wisconsin, Plaintiff

☒ Ramanda R Van Pay, Defendant

☒ In Custody ☐ No Appearance ☐ Waived

☒ Eric Toney, District Attorney
☒ Amanda Nimmer

☐ Requested ☐ Waived

| Ct No. | Description | Statute | Severity | Plea | Violation Date | Amended From | Adjudication |
|---|---|---|---|---|---|---|---|
| | Theft-Movable Property >$10,000 | 943.20(1)(a) | Felony G | | 08-18-2016 | | |
| | Take and Drive Vehicle w/o Consent | 943.23(2) | Felony H | | 08-18-2016 | | |

ii. eking w/ 11cTR11700 — no plea taken at this time
c't reviews the complaint

X In Custody _____ Voluntary Appearance     X Video Conference

Warrant:
_____ Issued  Amount $_____  Body Only_____  Canceled_____

Plea: _____ Not Guilty _____ No Contest _____ Guilty

Bond: $ 500 _____ _____ Signature X Cash
$500 CB

Conditions of Bond:
X Fingerprints & Photo
_____ No use/possession of dangerous weapons
_____ Absolute sobriety. No bars/taverns. Not to possess alcohol.
_____ No use or possession of controlled substances w/ out valid prescription
_____ No contact with
X Other: Cannot rent or lease any cars

Time limits waived for Preliminary Hearing X Yes _____ No

Next Activity: Dec 8  130 NUSS

GF-201(CCAP), 05/2011 Minutes - Criminal/Traffic/Forfeiture
This form shall not be modified. It may be supplemented with additional material.

Case ID: 151103380
Control No.: 17090690

SEP 1 2017 2:02PM  FDL CLERK OF COURTS                    NO. 912  P. 20

STATE OF WISCONSIN, CIRCUIT COURT, FOND DU LAC        COUNTY | For Official Use

☒ State of Wisconsin                    ☐ Amended          **FILED**

vs Ramanda R. Van Pay                   **Bail/Bond**       NOV 0 7 2016
        Defendant
                                        Case No. 16 CF 555   RAMONA M. GEIB
11-29-89                                                     FOND DU LAC COUNTY, WIS.
        Date of Birth                   Citation No. _____  Clerk Of Circuit Court

A.  Monetary Conditions of Release  $ 500·00
    1. ☒ CASH BAIL: Cash bail of $ _____ shall be deposited.  Date deposited _____
    2. ☐ SIGNATURE BOND: ☐ Defendant and/or  ☐ Surety
       guarantees compliance with the terms of this bond by pledging $ _____
    3. ☐ PROPERTY BOND: ☐ Defendant and/or  ☐ Surety
       guarantees compliance with the terms of this bond by pledging $ _____
       in personal or real property (description attached).
    Surety name(s): _____

*If the defendant does not comply with the terms of this bail/bond, the bail/bond will be forfeited
and the defendant and/or surety may be ordered to pay the amount of the bond.*

*Any restitution, recompense, fines, forfeitures or costs imposed against the defendant shall be
paid out of the bail/bond without further notice.*

B.  Additional Conditions of Release
    · Defendant shall appear on all court dates.
    · Defendant shall give written notice to the Clerk of this Court within 48 hours of any change of address or
      telephone number.
    · Defendant shall not commit any crime.
    · Defendant shall neither directly nor indirectly threaten, harass, intimidate or otherwise interfere with victims or
      witnesses in this action.
    · Other Fingerprints/Photo Cannot rent or lease any cars.
                                                                        ☐ See attached

    Federal law provides penalties for, and you may be prohibited from possessing, transporting,
shipping, receiving or purchasing a firearm, including, but not limited to, a rifle, shotgun, pistol, revolver, or
ammunition, pursuant to 18 U.S.C. 922(g)(8)-(9).

This sheriff shall detain the defendant in custody until the defendant has signed the bond, complied with the
monetary conditions of release, or is otherwise discharged. Preliminary Hrng - Judge Nuss
I have received a copy of this bail/bond and I agree to its terms.  I understand that the court date(s) is/are:

| Circuit Court Location | | | |
|---|---|---|---|
| City-County Gov. Center, 2nd Fl. 160 S. Macy St., FDL, WI 54935 | | 12-08-16 | Time 1:30 |
| Defendant's Signature Ramanda Van Pay | Date 11-7-16 | Defendant's Address 2652 Humboldt Rd Green Bay IWI 54311 | Telephone Number 920-606061-0405 |
| Surety's Signature | Date | Surety's Address | Telephone Number |

☒ I have furnished the
defendant with a copy of
this document.                          AM
                                        Signature
                                        Clerk
                                        Title
                                        11-07-16
                                        Date

CR-203, 02/11 Bail/Bond        §§969.0111, 345.32, 940.49, Ch. 969, 969.02(5), 969.03(4) and 969.13, Wisconsin Statutes
                    This form shall not be modified. It may be supplemented with additional material.

Case ID: 151103380
Control No.: 17090690

SEP. 1. 2017  2:02PM    FDL CLERK OF COURTS                                      NO. 912    P. 21

State of Wisconsin                    Circuit Court                    Fond du Lac County

STATE OF WISCONSIN                                          DA Case No.: 2016FL003784
                                                           Assigned DA/ADA: Eric J. Toney
-VS-                          **FILED**                    Agency Case No.: 16-14867
                                                           Court Case No.:  16CF555
Ramarda R Van Pay             NOV 0 7 2016                 ATN:
2852 Humboldt Rd
Green Bay, WI 54311           RAMONA M. GEIB,
DOB: 11/29/1989              FOND DU LAC COUNTY, WIS.
Sex/Race: F/W                 Clerk Of Circuit Court
Alias:
                                                                              **Criminal Complaint**

                                      Defendant.

Sergeant Jeff Bonack, of the Fond du Lac Sheriff, being first duly sworn, states that:

### Count 1: THEFT - MOVABLE PROPERTY ( > $10,000)

The above-named defendant Beginning 8/18/2016 12:01:00 AM and ending 11/5/2016 2:35:00 AM, at CTH T/HWY 26, SPRINGVALE, in the Town of Springvale, Fond du Lac County, Wisconsin, did intentionally retain possession of movable property of Hertz Rent-A-Car, having a value greater than $10,000, without consent, and with intent to permanently deprive the owner of possession of the property, contrary to sec. 943.20(1)(a) and (3)(c), 939.50(3)(g) Wis. Stats., a Class G Felony, and upon conviction may be fined not more than Twenty Five Thousand Dollars ($25,000), or imprisoned not more than ten (10) years, or both.

### Count 2: OPERATING A MOTOR VEHICLE WITHOUT OWNER'S CONSENT

The above-named defendant Beginning 8/18/2016 12:01:00 AM and ending 11/5/2016 2:35:00 AM, at CTH T/HWY 26, SPRINGVALE, in the Town of Springvale, Fond du Lac County, Wisconsin, did intentionally take and drive a vehicle, 2016 Hyundai, without the consent of the owner, VICTIM, contrary to sec. 943.23(2), 939.50(3)(h) Wis. Stats., a Class H Felony, and upon conviction may be fined not more than Ten Thousand Dollars ($10,000), or imprisoned not more than six (6) years, or both.

### PROBABLE CAUSE:

Complainant is a Sergeant with Fond du Lac County Sheriff's Office and basis this complaint upon the report and investigation of Deputy Trevor Theisen of the same agency with whom your complainant has worked with and knows to be competent and reliable.

Deputy Theisen's official police report states, in part, that:

On Saturday, November 5, 2016, I, DEPUTY THEISEN, was assigned to patrol duties for the Fond du Lac County Sheriff's Office between the hours of 10:00 p.m. to 6:00 a.m. with DEPUTY DOWLAND acting as my field training officer. During this time I was operating marked squad car #110.

Shortly before 2:53 a.m. I conducted a traffic stop on State Hwy 26 just south of CTH T which resulted in the arrest of the operator. This area is located in the Township of Springvale, Fond du Lac County, State of Wisconsin.

While traveling southbound on State Hwy 26 just south of CTH T I observed a northbound vehicle on State Hwy 26 traveling in what appeared to be in excess of the posted speed limit of 55-mph. I did turn on the front deck of my Dual Stalker Radar unit in squad #110 and received a clear steady tone of 65, 65, 65 mph with no interference or obstructions. My patrol speed was verified. I conducted a traffic stop on this vehicle, which is described as a 2016 Hyundai, bronze in color, bearing Illinois license plate of N861742.

11/07/2016

Case ID: 151103380
Control No.: 17090690

STATE OF WISCONSIN - VS - Ramanda R Van Pay

The operator of the vehicle was identified with a valid Wisconsin driver's license as RAMANDA R. VAN PAY (1989). VAN PAY was advised why she was being pulled over and stated that she was just lost and going from Madison to her home address in Green Bay. At this time dispatch did advise me that the rental vehicle that VAN PAY was operating was reported stolen on October 8, 2016 by the Indianapolis Airport Police Department for not returning the vehicle. The serial number of the vehicle was checked with the stolen vehicles serial number, which was a match. SERGEANT KAHNKE was dispatched to my location for backup. VAN PAY'S information was ran through the Wisconsin Department of Transportation and revealed that her driving status was suspended.

While outside the vehicle DEPUTY DOWLAND asked VAN PAY if this vehicle was her rental vehicle, at which point she stated yes. VAN PAY went on to say that she rented the vehicle on August 18, 2016 from Hertz Rental Company in the Indianapolis airport. At that time Hertz Rental Company informed VAN PAY that when she arrived to Green Bay she will need to return the vehicle to the Green Bay location. VAN PAY also went on to say that she is making payments on the vehicle and had just called the rental company a day ago to update them on the rental vehicle payments. It should be noted that VAN PAY had no rental agreement paperwork in the vehicle but stated that the papers are located at her home. VAN PAY was informed that the vehicle had been reported to the Indianapolis Airport Police Department that the vehicle was stolen. VAN PAY stated that she had no idea that the vehicle was considered stolen.

DEPUTY DOWLAND did call the Indianapolis Airport Police Department and spoke with a Sergeant who stated that the vehicle was stolen. The Sergeant informed us that the vehicle did not need to be inventoried but it needed to be towed to a secure location. Dispatch later confirmed with the Indianapolis Airport Police Department that the vehicle is stolen.

Based on the foregoing, the complainant believes this complaint to be true and correct.

Subscribed and sworn to before me,
and approved for filing on:

Dated: _____

_____
(Assistant) District Attorney

State Bar No.     10____

Complainant _____

11/07/2015                                   2

Case ID: 151103380
Control No.: 17090690

EF. 1. 2017  2 02PM    FDL CLERK OF COURTS                    NO. 912   P. 23

STATE OF WISCONSIN          CIRCUIT COURT          FOND DU LAC COUNTY

STATE OF WISCONSIN,
                    Plaintiff,                    MOTION AND ORDER
                                                     FOR DISMISSAL
          vs.              **FILED**
                                                 Case No. 2016CF000555
                            DEC - 6 2016              2016TR11700
                                                 D.A. No. 2016FL003784
RAMANDA R VAN PAY,         RAMONA M. GEIB
                    Defendant.    FOND DU LAC COUNTY, WIS.
                                  Clerk Of Circuit Court

Now comes the State of Wisconsin and hereby moves the Court for an order dismissing

the case without prejudice.

          Remarks:     The theft complaint was made in error by the victim. There is an

accompanying ticket that should be dismissed as well

          Dated this 5th day of November, 2017, 2016

                                        _____
                                        Dennis Krueger
                                        Deputy District Attorney
                                        State Bar No. 1009923
                                        160 South Macy Street
                                        Fond du Lac, WI 54935
                                        (920) 929-3048

                              ORDER

          Upon the above motion, it is hereby ordered that this matter is dismissed without

prejudice.

          Dated this 6 day of Dec, 2016

                                        _____
                                        Circuit Court Judge

          Cc: Amanda Nimmer
11/30/2016          DLY
                    DLG .

Case ID: 151103380
Control No.: 17090690

EP. 1. 2017  2:02PM    FDL CLERK OF COURTS                     NO. 912    P. 24

| You Are Notified To Appear | Date | Time | Form No. and Version CTL | | CITATION NO. |
|---|---|---|---|---|---|
| (Appearance Required: No) | 11/21/2016 | 2:00 PM | MV4017      09/2001 | | C7565983 |
| | | | Estimated Points | DEPOSIT | Cash-Card |
| FOND DU LAC COUNTY CIRCUIT COURT | | | 3 | $200.50 | N    N |
| 160 S MACY ST | | | | | |
| FOND DU LAC, WI 54935 | | | Court Use | | |

| Defendant | | | Birth Date | Sex | Race |
|---|---|---|---|---|---|
| | | | 11/29/1989 | F | W |
| RAY RAY, RAMANDA R | | | | | |
| 651 HUMBOLDT RD | | HT. | WT. | Hair | Eyes |
| GREEN BAY, WI 54311 | | 5' 07" | 130 lbs | BLD | BLU |

| Driver License/Identification Card Number | | State | Exp. Yr. |
|---|---|---|---|
| 510736899J302 | | WI | 2018 |

| License Plate Number | Plate Type | State | Exp. Yr. |
|---|---|---|---|
| $61742 | AUT | IL | 2016 |

| Vehicle Identification Number | US DOT | Haz Mat No | |
|---|---|---|---|
| 4POH4AE4GH725559 | | | OPERATING AS:      Class    CDL Waiver |

Driver      D

| Vehicle Year | Make | Type | Color |
|---|---|---|---|
| 016 | HYUN | 4D | BRO |

Endorsements:      CMV
NO

| Plaintiff | Ordinance Violated | Adopting State Statute |
|---|---|---|
| COUNTY OF FOND DU LAC | 54-1 | 343.44(1)(a) |

| Violation Description | | BAC | Overweight | Agency Space |
|---|---|---|---|---|
| OPERATING AFTER SUSPENSION | | | | |

| Week Day | Date | Time | Actual Speed | Legal | Over |
|---|---|---|---|---|---|
| Saturday | 11/05/2016 | 2:35 AM | | | |

| County | | City/Village/Town |
|---|---|---|
| FOND DU LAC | | 19 - Springvale, Town of |

| On Hwy. No. and/or Street Name | Estimate Distance |
|---|---|
| CTHWAY 026 N, NB | 00.00    MI    N |

| On/At Hwy. No. and/or Street Name | GPS Coordinates | Minor Passenger |
|---|---|---|
| NEXT: HOLLANDER RD | | N |

| Issuer Name | Zone: RR | Utility | School | Const | Accident Severity |
|---|---|---|---|---|---|
| EVON THEISEN | N    N    N    N | | | | |

| Officer ID | Department | Date Citation Served | Method |
|---|---|---|---|
| | FOND DU LAC COUNTY SHERIFF | 11/05/2016 | IN PERSON |

═══════════════ **REPORT OF THE COURT DISPOSITION** ═══════════════

| Adjudicating Court | Adjudicating Court Code | Adjudicating Date |
|---|---|---|
| | | |
| | | Judge Code |

| Amended Charge and Description | Speed amended to: |
|---|---|

| Adjudication: | Plea |
|---|---|

| Describe other Disposition/Comments | Vacate refusal |
|---|---|

| 1) 1059 WisDOT | replicated copy of issued | If you have a disability and need help in court, |
|---|---|---|
| 11. Wisc. Statute | **WISCONSIN UNIFORM CITATION** | please contact the above Clerk of Court's office. |

Case ID: 151103380
Control No.: 17090690

SEP. 1. 2017  2:03PM    FDL CLERK OF COURTS                    NO. 912    P. 25

**STATE OF WISCONSIN**              **CIRCUIT COURT**        **FOND DU LAC COUNTY**  ✓

State of Wisconsin vs. Ramanda R Van Pay

**Minutes -
Criminal/Traffic/Forfeiture**

Case No.: 2016CF000555

| Clerk:<br>Amber Letourneau | Date:<br>11-07-2016 | Reporter<br>Michelle Kreider | **FILED** |
|---|---|---|---|
| Activity:<br>Initial appearance | Time:<br>11:00 am | Court Official<br>Peter L. Grimm, Judge<br>Interpreter | NOV 0 7 2016<br><br>RAMONA M. GEIB<br>FOND DU LAC COUNTY, WIS.<br>Clerk Of Circuit Court |

Appearances

☐ State of Wisconsin, Plaintiff          ☒ Eric Toney, District Attorney
☒ Ramanda R Van Pay, Defendant        ☒ Amanda Nimmer
☒ In Custody ☐ No Appearance ☐ Waived   ☐ Requested ☐ Waived

| Ct No. | Description | Statute | Severity | Plea | Violation Date | Amended From | Adjudication |
|---|---|---|---|---|---|---|---|
| 1 | Theft-Movable Property >$10,000 | 943.20(1)(a) | Felony G | | 08-18-2016 | | |
| 2 | Take and Drive Vehicle w/o Consent | 943.23(2) | Felony H | | 08-18-2016 | | |

Tracking w/ 16TR11700 — no plea taken at this time
Court reviews the complaint

___X___ In Custody  _____ Voluntary Appearance  __X__ Video Conference

Warrant:
_____ Issued  Amount $_____  Body Only_____  Canceled_____

Plea: _____ Not Guilty  _____ No Contest  _____ Guilty

Bond: $ 500  _____ Signature  __X__ Cash
                    # 500 CB

Conditions of Bond:
__X__ Finger prints & Photo
_____ No use/possession of dangerous weapons
_____ Absolute sobriety. No bars/taverns. Not to possess alcohol.
_____ No use or possession of controlled substances w/ out valid prescription
_____ No contact with:
__X__ Other: Cannot rent or lease any Cars

Time limits waived for Preliminary Hearing __X__ Yes _____ No

Next Activity:  Dec 8  130  Nuss

CP-201(CCAP), 05/2011 Minutes - Criminal/Traffic/Forfeiture
This form shall not be modified. It may be supplemented with additional material.

Case ID: 151103380
Control No.: 17090690

STATE OF WISCONSIN    EF. 1. 2017  2 03PM    FDL CLERK OF COURTS    CIRCUIT COURT    FOND DU LAC COUNTY    NO. 912 For Official Use Only P. 26

Fond du Lac, County of vs. Ramanda R Van Pay

**Notice of Hearing**

Case No: 2016TR011700

FILED
11-07-2016
Clerk of Courts
Fond du Lac County WI

**COURT ORIGINAL**

This case is scheduled for: **Further proceedings**

| Date | Time | Location |
|---|---|---|
| 12-08-2016 | 01:30 pm | City/County Government Center - 2nd Floor |
| Court Official | | 160 S Macy St |
| Richard J Nuss | | Fond du Lac WI 54935 |
| Re | | |
| 1 - Operating While Suspended | | |

This matter will not be adjourned by the court except upon formal motion for good cause or with the specific approval of the court upon stipulation by all parties.

TRACKING WITH 16CF 555

If you require reasonable accommodations due to a disability in order to participate in the court process, please call 920-929-3030 at least 10 working days prior to the scheduled court date. Please note that the court does not provide transportation.

Fond du Lac County Circuit Court
Date: November 7, 2016

| Distribution | Address | Service Type |
|---|---|---|
| Court Original | | |
| Erik Tobey | 160 South Macy Street, Fond du Lac, WI 54935 | Mail Notice |
| Ramanda R Van Pay | 2652 Humboldt Rd, Green Bay, WI 54311 | Mail Notice |
| Fond du Lac Sheriffs Dept | 160 S Macy St, Fond du Lac, WI 54935 | Mail Notice |

CR-101 (CIAP), 10/2009 Notice of Hearing

This form shall not be modified. It may be supplemented with additional material.

Case ID: 151103380
Control No.: 17090690

# EXHIBIT 7

Case ID: 151103380
Control No.: 17090690

PO BOX 9129
LOUISVILLE, KY 40209-0129
502.368.6524
FLYLOUISVILLE.COM



**Louisville**
AIRPORT AUTHORITY

## Certification of Records

The copies of records for which this certification is made are true and complete reproductions of the original (with redactions of police reports and emails in accordance with KRS 61.878(1) 67.878 (1)(a) and (1)(h) and KRS 17.150(2)(b) and (d) . The original records were made in the regular course of business, and it was the regular course of The Louisville Regional Airport Police to make such records at or near the time of the matter recorded.

_____
Natalie Ciresi Chaudoin

So sworn to before me by Natalie Chaudoin, Director of Public Relations, Louisville Regional Airport Authority on this the 25th Day of August 2017.

_____
Notary Public

My Commission Expires: _2-5-2018_

Case ID: 151103380
Control No.: 17090690

**Grimes, Josh**

| | |
|---|---|
| **From:** | Andrew J Simpson <asimpson@hertz.com> |
| **Sent:** | Tuesday, March 10, 2015 6:13 PM |
| **To:** | Grimes, Josh |
| **Cc:** | Jack Fillner |
| **Subject:** | RE: Contact info for Hertz RAC |

JTMBFREV8D5016133 -
      11/26/2015 (rented)

1N4AL2EP4DC194443 -


From: "Grimes, Josh" <Josh.Grimes@flylouisville.com>
To: Andrew J Simpson <asimpson@hertz.com>,
Date: 03/10/2015 04:52 PM
Subject: RE: Contact info for Hertz RAC


Andrew,

LMPD recovered the below vehicle and made an arrest. The Officer has entered a Hertz contract into evidence. This is
apparently a non return vehicle. Can you check your files for who it was last rented to?

| Gray | 2013 | Toyota | RAV4 | L247974 | IL |
|---|---|---|---|---|---|
| | JTMBFREV8D5016133 | | | | |

JCSO recovered the below vehicle abandoned.

| Red | 2013 | Nissan | Altima | BKW3774 |
|---|---|---|---|---|
| TX | 1N4AL2EP4DC194443 | | | |

Capt. Josh Grimes
Department of Public Safety
Louisville International Airport
POLICE-FIRE-EMS
(502) 366-2611 Firehouse
(502) 380-8380 Captain's Office
(502) 366-6074 Fax

-----Original Message-----
From: Andrew J Simpson [mailto:asimpson@hertz.com]
Sent: Wednesday, March 04, 2015 9:46 AM
To: Grimes, Josh
Cc: Jack Fillner
Subject: Contact info for Hertz RAC

1

Case ID: 151103380
Control No.: 17090690

**Grimes, Josh**

| | |
|---|---|
| **From:** | Communications Center |
| **Sent:** | Friday, March 27, 2015 1:52 PM |
| **To:** | Grimes, Josh; Hairgrove, Jason |
| **Subject:** | Located Vehicle |

Josh and Jason,

    Max Aubrey with HERTZ on Preston HWY called and reported that he located a previously reported stolen vehicle on his lot today. The case number for the airport is **P15-0107**. The vehicle was believed to have been misplaced. Aubry stated that the vehicle was taken to Commonwealth Dodge for a recall and then picked up last Thursday. Aubrey then stated the vehicle has been sitting on their lot for the past week. The vehicle's info is listed below. Max's contact number is 502-961-7163. I have called and faxed the vehicle info to JCSO and requested that it be taken out of NCIC. Let me know it you need me to do a supplement.

BLUE 2013 DODGE Charger
Maryland tag number: 7BA3272.
VIN: 2C3CDXBG2DH663807.

ET.

1

Case ID: 151103380
Control No.: 17090690

**Grimes, Josh**

| | |
|---|---|
| **From:** | Jack Fillner <jfillner@hertz.com> |
| **Sent:** | Friday, April 24, 2015 5:08 PM |
| **To:** | Grimes, Josh |
| **Subject:** | RE: |

Thank you for the information. I am glad to see them making their way back.

Have a great weekend.

**From:** Grimes, Josh [mailto:Josh.Grimes@flylouisville.com]
**Sent:** Friday, April 24, 2015 10:24 AM
**To:** Jack Fillner
**Subject:**

These are all of the 2015 reports we have for Hertz.  Green is recovered.  Yellow are still outstanding.   The mustang this morning recovered is P15-0068.  If you need a copy of any of these reports you can get those by going to buycrimes.com and using this report # in the local code field and selecting Louisville Airport Police as the agency.

P15-0063
P15-0066
P15-0067
P15-0068
P15-0069
P15-0070
P15-0071
P15-0072
P15-0073
P15-0074
P15-0075
P15-0087
P15-0088
P15-0089
P15-0101
P15-0102
P15-0103
P15-0104
P15-0105
P15-0106
P15-0107
P15-0108
P15-0109

Capt. Josh Grimes
*Department of Public Safety*
Louisville International Airport
POLICE-FIRE-EMS

1

Case ID: 151103380
Control No.: 17090690

**Grimes, Josh**

| | |
|---|---|
| **From:** | Sohan, Jim |
| **Sent:** | Friday, June 26, 2015 12:55 PM |
| **To:** | Watkins, Robert; Grimes, Josh |
| **Cc:** | Hairgrove, Jason |
| **Subject:** | RE: Hertz |

Concur.

*Thanks,*

*Jim*

**From:** Watkins, Robert
**Sent:** Friday, June 26, 2015 12:42 PM
**To:** Grimes, Josh; Sohan, Jim
**Cc:** Hairgrove, Jason
**Subject:** RE: Hertz

I agree 100%. Actually 'that was what I was thinking'.

## *Mike Watkins*

## Assistant Chief
## Department of Public Safety
## Louisville Regional Airport
## Work 502 380-8283
## Cell   502 608-7739

**From:** Grimes, Josh
**Sent:** Friday, June 26, 2015 12:11 PM
**To:** Watkins, Robert; Sohan, Jim
**Cc:** Hairgrove, Jason
**Subject:** Hertz

Off. Hairgrove spoke to a Hertz sales rep in Nashville who confirmed they received a car from a customer that was originally rented in Louisville back in March.  It sat on  his lot for 60 days until it was sold 6/6 to a car lot in Hopkinsville, KY.   We took a report on 3/25 from Hertz that this was stolen missing from their inventory.

After that, we did a complete search online of all VIN #'s in the stolen auto database and got a return of 2 more Hertz autos believed to have been sold or scrapped.  The Nashville Hertz rep commented that Louisville office is horrible with their paperwork and vehicle tracking.

Until Hertz corporate takes some action with their Louisville lot and personnel, I recommend that we suspend taking stolen auto reports for Hertz for "missing inventory" unless they physically see someone steal an auto, have evidentiary proof of such or obviously non returns that warrants have been taken.  Hairgrove has reached out to their Corporate Security office.

1

Capt. Josh Grimes
*Department of Public Safety*
**Louisville International Airport**
**POLICE-FIRE-EMS**
(502) 366-2611  Firehouse
(502) 380-8380  Captain's Office
(502) 366-6074  Fax

Case ID: 151103380
Control No.: 17090690

## Grimes, Josh

| | |
|---|---|
| **From:** | Jack Fillner <jfillner@hertz.com> |
| **Sent:** | Tuesday, September 15, 2015 8:01 AM |
| **To:** | Grimes, Josh |
| **Subject:** | RE: P15-0074 |

Sorry I didn't get back to you sooner. As for this unit, this was not one of the vehicles that we saw drive off of our lot at the airport similar to the vehicles we have had taken from us recently. I was also not told of anything left in the vehicle that could be used as evidence.

**From:** Grimes, Josh [mailto:Josh.Grimes@flylouisville.com]
**Sent:** Saturday, September 12, 2015 10:20 AM
**To:** Jack Fillner
**Subject:** P15-0074

Hi Jack,

Was the 2013 Silver Chevy Cruze recovered on the Hurstbourne hertz lot a stolen vehicle or just misplaced in inventory?  It determines whether we close a case or keep it open for a suspect.  If it was a theft, was there anything left in the vehicle that could be of evidence value?

# Capt. Josh Grimes
***Department of Public Safety***
**Louisville International Airport**
POLICE-FIRE-EMS
(502) 366-2611  Firehouse
(502) 380-8380  Captain's Office
(502) 366-6074  Fax

-------------- This message (including attachments) may contain information that is privileged, confidential or protected from disclosure. If you are not the intended recipient, you are hereby notified that dissemination, disclosure, copying, distribution or use of this message or any information contained in it is strictly prohibited. If you have received this message in error, please immediately notify the sender by reply e-mail and delete this message from your computer. Although we have taken steps to ensure that this e-mail and attachments are free from any virus, we advise that in keeping with good computing practice the recipient should ensure they are actually virus free. ---------------

Case ID: 151103380
Control No.: 17090690

**Grimes, Josh**

| | |
|---|---|
| **From:** | Underdown, James |
| **Sent:** | Saturday, September 19, 2015 4:11 AM |
| **To:** | Cope, Cliff; Grimes, Josh; Hairgrove, Jason |
| **Cc:** | Watkins, Robert |
| **Subject:** | Stolen Vehicle Information |
| **Attachments:** | Stolen Vehicle.docx |

This is a stolen vehicle we entered as stolen and was picked up in Plainfield,IN, it was turned into Hertz and they apparently forgot about it. It turned up at Adesa Auto Auction in Plainfield and is still there, they wanted us to contact them with the phone number on the sheet. I was told to pass to the captain's and PSO Hairgrove. I have a printout of the tag in my mailbox if needed. Any questions, let me know.

Jim

1

Case ID: 151103380
Control No.: 17090690

Ky tag 306TAC

Case # P15-0149

Location: Plainfield,In

Recovering Agency: Plainfield PD

Arrest: N/A

Abandoned: N/A

Condition: Ready for Auction

Vehicle is currently at Adesa Auctions, located at 2950 E Main in Plainfield,IN

Tx: 317-838-8000

Returned from lease on 20150617, vehicle was returned and forgot about by Hertz

P15-0149

P15-0074
P15-0107

Case ID: 151103380
Control No.: 17090690

## Grimes, Josh

| | |
|---|---|
| **From:** | Sohan, Jim |
| **Sent:** | Tuesday, January 19, 2016 12:45 PM |
| **To:** | ARFF Captains; Watkins, Robert |
| **Subject:** | Clear direction on Rental Car Issues |

1.   If a rental car company can clearly articulate a stolen vehicle ( a person turns in a car, but, someone jumps in and steals it, for instance ) then that is TBUT Auto.

2.   If the company rented a car to John Doe and he was supposed to return it two weeks ago but hasn't, you *may* take an Unauthorized Use of a Motor Vehicle Report

3.   If a rental car company goes downtown and gets a warrant for a person, you may then take a report for that offense listed on the warrant, AND, if it's a felony, enter the vehicle into NCIC

1

Case ID: 151103380
Control No.: 17090690

SUPPLEMENT

# KYIBRS REPORT
## COMMONWEALTH OF KENTUCKY

KSP RECORDS

**ADMINISTRATIVE**

| AGENCY ORI/NAME | 0566900 LOUISVILLE AIRPORT POLICE | | INCIDENT NUMBER | KY P12-0078 | | |
|---|---|---|---|---|---|---|

| INCIDENT DATE/TIME | EXACT/ESTIMATE | REPORT DATE | RECEIVED | DISPATCHED | ARRIVED | CLEARED |
|---|---|---|---|---|---|---|
| 03/28/2012 03:25 TO 05/16/2012 09:25 | ESTIMATE | 05/16/2012 | 09:25 | 09:25 | 09:25 | 09:55 |

| REPORTED BY: HERTZ, RENT-A-CAR | | HOW REPORTED |
|---|---|---|
| LICENSE/ID STATE: | LICENSE/ID NUMBER: | IN PERSON |

ADDRESS: **440 HURON AVE**

| CITY: LOUISVILLE | STATE: KY | ZIP CODE: 40209 | PHONE NUMBER: (502) 361-1145 |
|---|---|---|---|

EXACT LOCATION OF OFFENSE

| 4653 AIRFREIGHT DR | | SECTOR NO: |
|---|---|---|
| ADDRESS: 4653 AIRFREIGHT DR | | |
| CITY: LOUISVILLE | STATE: KY | ZIP CODE: 40209 |

| COUNTY: JEFFERSON | LATITUDE | 38 DEG | 11.088 MIN | LONGITUDE | 85 DEG | 44.694 MIN |
|---|---|---|---|---|---|---|

**OFFENSE DATA**

| SEQUENCE # 1 OF 1 | LOCATION TYPE: AIR/BUS/TRAIN TERMINAL | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|

OFFENSE DESCRIPTION: TBUT OR DISP - AUTO

| OFFENSE CODE: 24049 | ASCF CODE: 0 | KRS CODE: 514.030 | CLASS: A | DEGREE: M | COUNTS: 1 | | |
|---|---|---|---|---|---|---|---|

| BIAS MOTIVATION: NONE (NO BIAS) | METHOD ENTRY: | NUMBER PREMISES: | |
|---|---|---|---|

| SCHOOL NAME: | SCHOOL TYPE: | CAMPUS? |
|---|---|---|

| OFFENDER SUSPECTED OF USING: NOT APPLICABLE | COURT ORDER TYPE: |
|---|---|

| SEQUENCE # OF | LOCATION TYPE: | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|

OFFENSE DESCRIPTION:

| OFFENSE CODE: | ASCF CODE: | KRS CODE: | CLASS: | DEGREE: | COUNTS: | | |
|---|---|---|---|---|---|---|---|

| BIAS MOTIVATION: | METHOD ENTRY: | NUMBER PREMISES: | |
|---|---|---|---|

| SCHOOL NAME: | SCHOOL TYPE: | CAMPUS? |
|---|---|---|

| OFFENDER SUSPECTED OF USING: | COURT ORDER TYPE: |
|---|---|

| SEQUENCE # OF | LOCATION TYPE: | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|

OFFENSE DESCRIPTION:

| OFFENSE CODE: | ASCF CODE: | KRS CODE: | CLASS: | DEGREE: | COUNTS: | | |
|---|---|---|---|---|---|---|---|

| BIAS MOTIVATION: | METHOD ENTRY: | NUMBER PREMISES: | |
|---|---|---|---|

| SCHOOL NAME: | SCHOOL TYPE: | CAMPUS? |
|---|---|---|

| OFFENDER SUSPECTED OF USING: | COURT ORDER TYPE: |
|---|---|

**PROPERTY DATA**

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|
| 1 | AUTOMOBILES | STOLEN AND RECOVERED | $13,542.83 | $13,542.83 | DAMAGED/DESTROYED | 06/25/2012 |

UNIT

| UNIT TYPE | VEHICLE MAKE | VEHICLE MODEL | YEAR | VEHICLE TYPE |
|---|---|---|---|---|
| ROADWAY VEHICLE | NISSAN | ALTIMA | 2011 | SEDAN/4 DOOR |

| VEHICLE COLOR | VIN NUMBER | OWNER APPLIED # | | REGISTRATION STATE, YEAR, & NUMBER |
|---|---|---|---|---|
| WHITE | 1N4AL2AP2BN470738 | | TX 2013 | CN8J251 |

| | VEHICLE DESCRIPTORS | KEYS LEFT IN UNIT? | OWNER |
|---|---|---|---|
| | | YES | Victim 1 |

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|

GENERAL

PROPERTY DESCRIPTION

| OWNER APPLED NUMBER | SERIAL NUMBER |
|---|---|

| MAKE | MODEL | OWNER |
|---|---|---|

| TOTAL STOLEN VALUE: $13,542.83 | TOTAL RECOVERED VALUE: $13,542.83 | TOTAL VEHICLES STOLEN: 1 | TOTAL VEHICLES RECOVERED: 1 |
|---|---|---|---|

**STATUS**

| INCIDENT STATUS | CLOSED DATE | CLEARANCE TYPE | CLEARED EXCEPTIONALLY | EX. CLEARANCE DATE | UCR REPORTING FOR OTHER AGENCY |
|---|---|---|---|---|---|
| CLOSED | 09/25/2012 | | | | YES ☐ |

| REPORTING OFFICER | UNIT/BADGE NUMBER | REVIEWED BY | TIME SPENT |
|---|---|---|---|
| J SENG | 5799 | J SENG | 30 MIN |

| Page 1 of 3 | Incident Number: P12-0078 | Agency ORI: 0566900 | Badge #: 5799 |
|---|---|---|---|

Case ID: 151103380
Control No.: 17090690

# KYIBRS REPORT
## COMMONWEALTH OF KENTUCKY

**KSP RECORDS**

### VICTIM DATA

| VICTIM SEQUENCE | | VICTIM NAME | PHONE |
|---|---|---|---|
| 1 of 1 | HERTZ | | (502) 361-1145 |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: |
|---|---|

Address Unknown ☐ ADDRESS: 440 HURON AVE     VICTIM TYPE: BUS

| CITY: LOUISVILLE | STATE: KY | ZIP CODE: 40209 | KY RESIDENT: |
|---|---|---|---|

| DATE OF BIRTH | SSN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|

| GENDER | RACE | ETHNIC ORIGIN | PEACE OFFICER? |
|---|---|---|---|
| | | | YES ☐ |

| NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | INJURY TYPE |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| VICTIM OF OFFENSE(S) | AGG ASSAULT/ HOMICIDE CIRC | ADDTL JUSTIFIABLE HOMICIDE CIRC |
|---|---|---|
| 24049 | | |

| LEOKA ASSIGNMENT | LEOKA ACTIVITY |
|---|---|

### SUSPECT/ARRESTEE DATA

| SUSPECT SEQ. # | NAME: | ARRESTED? | ARREST DATE |
|---|---|---|---|
| of | ALIAS: | YES ☐ | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: |
|---|---|

| ADDRESS | | | | |
|---|---|---|---|---|
| CITY: | STATE: | ZIP CODE: | DATE OF BIRTH: PHONE: | KY RESIDENT: |

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|

| ARRESTEE SEQ. # | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | | | | |
|---|---|---|---|---|---|---|---|---|
| of | | | 1 | | 4 | | 8 | |
| | ARRESTEE ARMED WITH | | 2 | | 5 | | 7 | |
| | | | 3 | | 6 | | 9 | |

| SUSPECT SEQ. # | NAME: | ARRESTED? | ARREST DATE |
|---|---|---|---|
| of | ALIAS: | YES ☐ | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: |
|---|---|

| ADDRESS | | | | |
|---|---|---|---|---|
| CITY: | STATE: | ZIP CODE: | DATE OF BIRTH: PHONE: | KY RESIDENT: |

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|

| ARRESTEE SEQ. # | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | | | | |
|---|---|---|---|---|---|---|---|---|
| of | | | 1 | | 4 | | 7 | |
| | ARRESTEE ARMED WITH | | 2 | | 5 | | 8 | |
| | | | 3 | | 6 | | 9 | |

### WITNESS DATA

| WITNESS SEQUENCE | WITNESS NAME | PHONE |
|---|---|---|
| of | | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | |
|---|---|---|

| CITY: | STATE: | ZIP CODE: | SSN: | DATE OF BIRTH |
|---|---|---|---|---|

Case ID: 151103380
Control No.: 17090690

# KYIBRS REPORT: UOR2 SUPPLEMENT

**KSP RECORDS**

### COMMONWEALTH OF KENTUCKY

**SYNOPSIS:**

Hertz reports the vehicle was checked in at 0325 hrs. On Mar. 28th,2012 & has not been in inventory since.

Hertz reports the vehicle was recovered on June 25th this year, no other info provided.

**MODUS OPERANDI:**

**DATE & TIME OF OCCURRENCE:**

**ACCUSED:**

**SUSPECTS:**

**STOLEN PROPERTY:**

**OTHER PROPERTY:**

**EVIDENCE & HOW MARKED:**

**EVIDENCE DISPOSITION:**

**INVESTIGATION:**

**STATUS OF CASE:**
closed

**ATTACHMENT**

Case ID: 151103380
Control No.: 17090690

*SUPPLEMENT*

# KYIBRS REPORT
### COMMONWEALTH OF KENTUCKY

KSP RECORDS

## ADMINISTRATIVE

| AGENCY ORI/NAME | 0566900 LOUISVILLE AIRPORT POLICE | | | INCIDENT NUMBER | KY P13-0076 | | |
|---|---|---|---|---|---|---|---|
| INCIDENT DATE/TIME | | EXACT/ESTIMATE | REPORT DATE | RECEIVED | DISPATCHED | ARRIVED | CLEARED |
| 03/16/2013 12:50 TO 04/26/2013 08:50 | | ESTIMATE | 04/26/2013 | 08:51 | 08:51 | 08:51 | 09:21 |

REPORTED BY: HERTZ, RENT A CAR — HOW REPORTED

LICENSE/ID STATE:    LICENSE/ID NUMBER:

ADDRESS: **440 HURON AVE**

| CITY: **LOUISVILLE** | STATE: **KY** | ZIP CODE: **40209** | PHONE NUMBER: **(502) 361-1145** |
|---|---|---|---|

EXACT LOCATION OF OFFENSE

**4653 AIRFREIGHT DR**

ADDRESS: **4653 AIRFREIGHT DR**    SECTOR NO:

| CITY: **LOUISVILLE** | | STATE: **KY** | ZIP CODE: **40209** |
|---|---|---|---|

| COUNTY: **JEFFERSON** | LATITUDE **38 DEG  11.155 MIN** | LONGITUDE **85 DEG  44.764 MIN** |
|---|---|---|

## OFFENSE DATA

| SEQUENCE # **1** OF **1** | LOCATION TYPE: **AIR/BUS/TRAIN TERMINAL** | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|

OFFENSE DESCRIPTION: **TBUT OR DISP - AUTO**

| OFFENSE CODE: **24040** | ASCF CODE: **0** | KRS CODE: **514.030** | CLASS: **D** | DEGREE: **F** | COUNTS: **1** |
|---|---|---|---|---|---|

| BIAS MOTIVATION: **NONE (NO BIAS)** | METHOD ENTRY: | NUMBER PREMISES: | |
|---|---|---|---|

| SCHOOL NAME: | SCHOOL TYPE: | CAMPUS? |
|---|---|---|

OFFENDER SUSPECTED OF USING: **NOT APPLICABLE**    COURT ORDER TYPE:

| SEQUENCE # OF | LOCATION TYPE: | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|

OFFENSE DESCRIPTION:

| OFFENSE CODE: | ASCF CODE: | KRS CODE: | CLASS: | DEGREE: | COUNTS: |
|---|---|---|---|---|---|

| BIAS MOTIVATION: | METHOD ENTRY: | NUMBER PREMISES: | |
|---|---|---|---|

| SCHOOL NAME: | SCHOOL TYPE: | CAMPUS? |
|---|---|---|

OFFENDER SUSPECTED OF USING:    COURT ORDER TYPE:

| SEQUENCE # OF | LOCATION TYPE: | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|

OFFENSE DESCRIPTION:

| OFFENSE CODE: | ASCF CODE: | KRS CODE: | CLASS: | DEGREE: | COUNTS: |
|---|---|---|---|---|---|

| BIAS MOTIVATION: | METHOD ENTRY: | NUMBER PREMISES: | |
|---|---|---|---|

| SCHOOL NAME: | SCHOOL TYPE: | CAMPUS? |
|---|---|---|

OFFENDER SUSPECTED OF USING:    COURT ORDER TYPE:

## PROPERTY DATA

### UNIT

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|
| 1 | AUTOMOBILES | STOLEN AND RECOVERED | $18,915.44 | $1.00 | DAMAGED/DESTROYED | 11/09/2013 |

| UNIT TYPE | VEHICLE MAKE | VEHICLE MODEL | YEAR | VEHICLE TYPE |
|---|---|---|---|---|
| ROADWAY VEHICLE | CHEVROLET | IMPALA 1LT | 2013 | SEDAN/4 DOOR |

| VEHICLE COLOR | VIN NUMBER | OWNER APPLIED # | | REGISTRATION STATE, YEAR, & NUMBER |
|---|---|---|---|---|
| RED | 2G1WC5E35D1199664 | 2788024 | TN | 2013  H1831Z |

| VEHICLE DESCRIPTORS | KEYS LEFT IN UNIT? | OWNER |
|---|---|---|
| | YES | Victim 1 |

### GENERAL

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|
| | | | | | | |

| PROPERTY DESCRIPTION | | |
|---|---|---|
| OWNER APPLED NUMBER | | SERIAL NUMBER |
| MAKE | | MODEL | OWNER |

| TOTAL STOLEN VALUE: **$18,915.44** | TOTAL RECOVERED VALUE: **$1.00** | TOTAL VEHICLES STOLEN: **1** | TOTAL VEHICLES RECOVERED: **1** |
|---|---|---|---|

## STATUS

| INCIDENT STATUS | CLOSED DATE | CLEARANCE TYPE | CLEARED EXCEPTIONALLY | EX. CLEARANCE DATE | UCR REPORTING FOR OTHER AGENCY |
|---|---|---|---|---|---|
| OPEN | | | | | YES ☐ |

| SUBMITTING OFFICER | INVESTIGATING OFFICER | UNIT/BADGE # | REVIEWED BY | TIME SPENT |
|---|---|---|---|---|
| | J BALL | 5854 | J GRIMES | 30 min |

| Page 1 of 4 | Incident Number: P13-0076 | Agency ORI: 0566900 | Badge #: 5854 |
|---|---|---|---|

Case ID: 151103380
Control No.: 17090690

## KYIBRS REPORT
### COMMONWEALTH OF KENTUCKY

KSP RECORDS

| VICTIM SEQUENCE | | VICTIM NAME | | PHONE |
|---|---|---|---|---|
| **1** of **1** | HERTZ | | | **(502) 361-1145** |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | | |
|---|---|---|---|

Address Unknown ☐ ADDRESS: **440 HURON AVE** | VICTIM TYPE: **BUS**

CITY: **LOUISVILLE** | STATE: **KY** | ZIP CODE: **40209** | KY RESIDENT:

| DATE OF BIRTH | SSN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|

| GENDER | RACE | ETHNIC ORIGIN | PEACE OFFICER? |
|---|---|---|---|
| | | | YES ☐ |

**VICTIM DATA**

| NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | INJURY TYPE |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

| VICTIM OF OFFENSE(S) | AGG ASSAULT/ HOMICIDE CIRC | ADDTL JUSTIFIABLE HOMICIDE CIRC |
|---|---|---|
| 24040 | | |

| LEOKA ASSIGNMENT | LEOKA ACTIVITY |
|---|---|

**SUSPECT/ARRESTEE DATA**

| SUSPECT SEQ. # | NAME: | ARRESTED? | ARREST DATE |
|---|---|---|---|
| of | ALIAS: | YES ☐ | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | | |
|---|---|---|---|

| ADDRESS | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
|---|---|---|---|

| CITY: | STATE: | ZIP CODE: |
|---|---|---|

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|

| ARRESTEE SEQ. # | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | |
|---|---|---|---|---|---|
| of | | | 1 | 4 | 8 |
| | ARRESTEE ARMED WITH | | 2 | 5 | 7 |
| | | | 3 | 6 | 9 |

**SUSPECT/ARRESTEE DATA**

| SUSPECT SEQ. # | NAME: | ARRESTED? | ARREST DATE |
|---|---|---|---|
| of | ALIAS: | YES ☐ | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | | |
|---|---|---|---|

| ADDRESS | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
|---|---|---|---|

| CITY: | STATE: | ZIP CODE: |
|---|---|---|

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|

| ARRESTEE SEQ. # | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | |
|---|---|---|---|---|---|
| of | | | 1 | 4 | 7 |
| | ARRESTEE ARMED WITH | | 2 | 5 | 8 |
| | | | 3 | 6 | 9 |

**WITNESS DATA**

| WITNESS SEQUENCE | WITNESS NAME | PHONE |
|---|---|---|
| of | | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | |
|---|---|---|

| ADDRESS: | | DATE OF BIRTH |
|---|---|---|

| CITY: | STATE: | ZIP CODE: | SSN: | |
|---|---|---|---|---|

Case ID: 151103380
Control No.: 17090690

## KYIBRS REPORT: UOR2 SUPPLEMENT
### COMMONWEALTH OF KENTUCKY

KSP RECORDS

**SYNOPSIS:**
Vehicle was returned @ 0545 hrs. On Mar. 16th, has not been located in inventory since.

Officer Ball:
Vehicle recovered by Louisville Metro PD on 11/9/2013 at Jimmy's Tire Repair at Indian Trail and Preston Hwy.

Notification was made to Ken, the Hertz manager.

**MODUS OPERANDI:**

**DATE & TIME OF OCCURRENCE:**
Returned on March 16, 2013 by

Vehicle was missing on April 26, 2013 during inventory check. Reported stolen to Louisville Airport Police on April 26.

Recovered by LMPD on November 9, 2013.

**ACCUSED:**

**SUSPECTS:**
None at this time

**STOLEN PROPERTY:**
2013 Chevrolet Impala Red
TN H1831Z3
2G1WC5E35D1199664
Valued at $18,915.44

**OTHER PROPERTY:**

**EVIDENCE & HOW MARKED:**

**EVIDENCE DISPOSITION:**

**INVESTIGATION:**
Officer Ball:
Vehicle rented by          on 03/07/2013 and returned on 03/16/2013 to Hertz at the Louisville Airport. After 03/16, the vehicle was not seen in inventory checks, thus reported stolen by Hertz. The time frame was from 03/16 until 04/26 when the vehicle was noticed missing and formal report was made to Officer Seng. Officer Seng entered the vehicle into NCIC as stolen.

On 11/9/2013, Louisville Metro PD recovered the vehicle at a tire repair center corner of Indian Trail and Preston Hwy. LMPD confirmed the stolen status through JCSO who in turn notified Captain Grimes of the recovered vehicle. Vehicle was towed to LMPD Impound Lot due to the fact that it was missing three of its four tires.

Officer Ball made notification to Ken, the Hertz manager.

Case ID: 151103380
Control No.: 17090690

## KYIBRS REPORT: UOR2 SUPPLEMENT
### COMMONWEALTH OF KENTUCKY

KSP RECORDS

*STATUS OF CASE:*
Open; no suspect
Vehicle recovered on 11/9/2013

*ATTACHMENT*

Case No. 151103380
Control No.: 17090690

# KYIBRS REPORT

### COMMONWEALTH OF KENTUCKY

**KSP RECORDS**

## ADMINISTRATIVE

| AGENCY ORI/NAME | 0566900 LOUISVILLE AIRPORT POLICE | | INCIDENT NUMBER | **KY P14-0215** | |
|---|---|---|---|---|---|

| INCIDENT DATE/TIME | | EXACT/ESTIMATE | REPORT DATE | RECEIVED | DISPATCHED | ARRIVED | CLEARED |
|---|---|---|---|---|---|---|---|
| 09/12/2014 15:00 TO 10/17/2014 11:30 | | **ESTIMATE** | 10/17/2014 | 11:35 | 11:35 | 11:35 | 12:35 |

REPORTED BY: **WILLIAMS, DEBBIE** — HOW REPORTED

LICENSE/ID STATE: — LICENSE/ID NUMBER:

ADDRESS: **600 TERMINAL DR**

| CITY: **LOUISVILLE** | STATE: **KY** | ZIP CODE: **40209** | PHONE NUMBER: |
|---|---|---|---|

**EXACT LOCATION OF OFFENSE**

| ADDRESS: **600 TERMINAL DR** | | SECTOR NO: **DISTR** |
|---|---|---|
| CITY: **LOUISVILLE** | STATE: **KY** | ZIP CODE: **40209** |

| COUNTY: **JEFFERSON** | LATITUDE | 38 DEG | 11.200 MIN | LONGITUDE | 85 DEG | 44.481 MIN |
|---|---|---|---|---|---|---|

## OFFENSE DATA

| SEQUENCE # | **1** OF **1** | LOCATION TYPE: **AIR/BUS/TRAIN TERMINAL** | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|---|

OFFENSE DESCRIPTION: **TBUT OR DISP AUTO - $10,000 OR MORE BUT U/$1,000,000**

| OFFENSE CODE: **24044** | ASCF CODE: **0** | KRS CODE: **514.030** | CLASS: **C** | DEGREE: **F** | COUNTS: **1** |
|---|---|---|---|---|---|

| BIAS MOTIVATION: **NONE (NO BIAS)** | METHOD ENTRY: | NUMBER PREMISES: | | |
|---|---|---|---|---|

| SCHOOL NAME: | SCHOOL TYPE: | CAMPUS? |
|---|---|---|

OFFENDER SUSPECTED OF USING: **NOT APPLICABLE** — COURT ORDER TYPE:

| SEQUENCE # | OF | LOCATION TYPE: | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|---|

OFFENSE DESCRIPTION:

| OFFENSE CODE: | ASCF CODE: | KRS CODE: | CLASS: | DEGREE: | COUNTS: |
|---|---|---|---|---|---|

| BIAS MOTIVATION: | METHOD ENTRY: | NUMBER PREMISES: | | |
|---|---|---|---|---|

| SCHOOL NAME: | SCHOOL TYPE: | CAMPUS? |
|---|---|---|

OFFENDER SUSPECTED OF USING: — COURT ORDER TYPE:

| SEQUENCE # | OF | LOCATION TYPE: | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|---|

OFFENSE DESCRIPTION:

| OFFENSE CODE: | ASCF CODE: | KRS CODE: | CLASS: | DEGREE: | COUNTS: |
|---|---|---|---|---|---|

| BIAS MOTIVATION: | METHOD ENTRY: | NUMBER PREMISES: | | |
|---|---|---|---|---|

| SCHOOL NAME: | SCHOOL TYPE: | CAMPUS? |
|---|---|---|

OFFENDER SUSPECTED OF USING: — COURT ORDER TYPE:

## PROPERTY DATA

### UNIT

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|
| 1 | AUTOMOBILES | STOLEN (NOT RECOVERED) | $25,000.00 | | | |

| UNIT TYPE | VEHICLE MAKE | VEHICLE MODEL | YEAR | VEHICLE TYPE |
|---|---|---|---|---|
| ROADWAY VEHICLE | TOYOTA | CAMRY | 2013 | SEDAN/4 DOOR |

| VEHICLE COLOR | VIN NUMBER | OWNER APPLIED # | | REGISTRATION STATE, YEAR, & NUMBER | |
|---|---|---|---|---|---|
| SILVER/ALUMINUM | 4T1BF1FK0DU0289512 | 2178218 | HI | 2014 | FHW2771 |

| VEHICLE DESCRIPTORS | KEYS LEFT IN UNIT? | OWNER |
|---|---|---|
| HERTZ RENTAL CAR | YES | Victim 1 |

### GENERAL

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|

PROPERTY DESCRIPTION

| OWNER APPLED NUMBER | SERIAL NUMBER |
|---|---|

| MAKE | MODEL | OWNER |
|---|---|---|

| TOTAL STOLEN VALUE: | $25,000.00 | TOTAL RECOVERED VALUE: | $0.00 | TOTAL VEHICLES STOLEN: | 1 | TOTAL VEHICLES RECOVERED: | 0 |
|---|---|---|---|---|---|---|---|

## STATUS

| INCIDENT STATUS | CLOSED DATE | CLEARANCE TYPE | CLEARED EXCEPTIONALLY | EX. CLEARANCE DATE | UCR REPORTING FOR OTHER AGENCY |
|---|---|---|---|---|---|
| **OPEN** | | | | | YES ☐ |

| SUBMITTING OFFICER | INVESTIGATING OFFICER | UNIT/BADGE # | REVIEWED BY | TIME SPENT |
|---|---|---|---|---|
| J BALL | J BALL | 5854 | C COPE | 30 min |

Page  **1**  of  **3**      Incident Number:  **P14-0215**      Agency ORI: **0566900**      Badge #: **5854**

Case ID: 151103380
Control No.: 17090690

# KYIBRS REPORT
## COMMONWEALTH OF KENTUCKY

**KSP RECORDS**

**VICTIM DATA**

| VICTIM SEQUENCE | | VICTIM NAME | | | PHONE |
|---|---|---|---|---|---|
| **1** of **1** | | HERTZ RENT A CAR | | | **(502) 361-0183** |

| LICENSE/ID STATE: | | LICENSE/ID NUMBER: | | | |
|---|---|---|---|---|---|

| Address Unknown ☐ | ADDRESS: **600 TERMINAL DR** | | | VICTIM TYPE: **BUS** |
|---|---|---|---|---|

| CITY: **LOUISVILLE** | STATE: **KY** | ZIP CODE: **40209** | KY RESIDENT: |
|---|---|---|---|

| DATE OF BIRTH | SSN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|

| GENDER | RACE | ETHNIC ORIGIN | PEACE OFFICER? |
|---|---|---|---|
| | | | YES ☐ |

| NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | INJURY TYPE |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

| VICTIM OF OFFENSE(S) | AGG ASSAULT/ HOMICIDE CIRC | ADDTL JUSTIFIABLE HOMICIDE CIRC |
|---|---|---|
| 24044 | | |

| LEOKA ASSIGNMENT | LEOKA ACTIVITY |
|---|---|

**SUSPECT/ARRESTEE DATA**

| SUSPECT SEQ. # | NAME: | ARRESTED? | ARREST DATE |
|---|---|---|---|
| of | ALIAS: | YES ☐ | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | | |
|---|---|---|---|

| ADDRESS | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
|---|---|---|---|

| CITY: | STATE: | ZIP CODE: | |
|---|---|---|---|

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|

| ARRESTEE SEQ. # | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | |
|---|---|---|---|---|---|
| of | | | 1 | 4 | 8 |
| | ARRESTEE ARMED WITH | | 2 | 5 | 7 |
| | | | 3 | 6 | 9 |

**SUSPECT/ARRESTEE DATA**

| SUSPECT SEQ. # | NAME: | ARRESTED? | ARREST DATE |
|---|---|---|---|
| of | ALIAS: | YES ☐ | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | | |
|---|---|---|---|

| ADDRESS | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
|---|---|---|---|

| CITY: | STATE: | ZIP CODE: | |
|---|---|---|---|

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|

| ARRESTEE SEQ. # | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | |
|---|---|---|---|---|---|
| of | | | 1 | 4 | 7 |
| | ARRESTEE ARMED WITH | | 2 | 5 | 8 |
| | | | 3 | 6 | 9 |

**WITNESS DATA**

| WITNESS SEQUENCE | WITNESS NAME | PHONE |
|---|---|---|
| of | | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | |
|---|---|---|

| ADDRESS: | | DATE OF BIRTH |
|---|---|---|

| CITY: | STATE: | ZIP CODE: | SSN: |
|---|---|---|---|

Case ID: 151103380
Control No.: 17090690

# KYIBRS REPORT: UOR2 SUPPLEMENT

**KSP RECORDS**

### COMMONWEALTH OF KENTUCKY

**SYNOPSIS:**
Vehicle owned by Hertz Rent-A-Car was returned by renter. Vehicle now missing.

**MODUS OPERANDI:**

**DATE & TIME OF OCCURRENCE:**
Vehicle returned on 9/12/2014. During routine lot check, vehicle was found to be missing from the Louisville International Airport QTA Lot.

**ACCUSED:**

**SUSPECTS:**

**STOLEN PROPERTY:**
2013 Silver Toyota Camry 2.5L
OH - FHW2771
VIN: 4T1BF1FK0DU289512
Stock #: 2178218

**OTHER PROPERTY:**

**EVIDENCE & HOW MARKED:**

**EVIDENCE DISPOSITION:**

**INVESTIGATION:**
Vehicle was returned by renter on 9/12/14 to Louisville International Airport's QTA lot with the keys left in the vehicle. Hertz Rent-A-Car did a routine vehicle lot check that resulted in a discrepancy in their inventory. After confirming the vehicle was not in their inventory, Hertz contacted the Jefferson County Attorney's Office which stated that a police report was needed.

**STATUS OF CASE:**
Open;

**ATTACHMENT**

---

Case ID: 151103380
Control No.: 17090690

*SUPPLEMENT*

# KYIBRS REPORT
## COMMONWEALTH OF KENTUCKY

KSP RECORDS

| ADMINISTRATIVE | | | | | | | |
|---|---|---|---|---|---|---|---|
| AGENCY ORINAME  0566900 LOUISVILLE AIRPORT POLICE | | | | INCIDENT NUMBER   KY P15-0068 | | | |
| INCIDENT DATE/TIME | | EXACT/ESTIMATE | REPORT DATE | RECEIVED | DISPATCHED | ARRIVED | CLEARED |
| 03/02/2015 17:00 TO 03/02/2015 17:30 | | **ESTIMATE** | **03/02/2015** | **17:00** | | | **17:30** |
| REPORTED BY:  **SIMPSON, ANDREW** | | | | | | HOW REPORTED | |
| LICENSE/ID STATE: | LICENSE/ID NUMBER: | | | | | | |
| ADDRESS:  **440 HURON AVE** | | | | | | | |
| CITY:  **LOUISVILLE** | | STATE:  **KY** | ZIP CODE:  **40209** | | PHONE NUMBER:  **(502) 361-1145** | | |
| EXACT LOCATION OF OFFENSE | **440 HURON AVE** | | | | | SECTOR NO: | |
| | ADDRESS:  **440 HURON AVE** | | | | | | |
| | CITY:  **LOUISVILLE** | | | | STATE:  **KY** | ZIP CODE:  **40209** | |
| | COUNTY:  **JEFFERSON** | | LATITUDE | **38 DEG** | **11.646 MIN** | LONGITUDE   **85 DEG** | **45.123 MIN** |

| OFFENSE DATA | | | | | | |
|---|---|---|---|---|---|---|
| SEQUENCE #    1   OF   1 | LOCATION TYPE:   **PARKING LOT/GARAGE** | | | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO | |
| OFFENSE DESCRIPTION:   **TBUT OR DISP AUTO - $10,000 OR MORE BUT U/$1,000,000** | | | | | | |
| OFFENSE CODE:  **24044** | ASCF CODE:  **0** | KRS CODE:  **514.030** | CLASS:  **C** | DEGREE:  **F** | COUNTS:  **1** | |
| BIAS MOTIVATION:  **NONE (NO BIAS)** | | METHOD ENTRY: | NUMBER PREMISES: | | | |
| SCHOOL NAME: | | | SCHOOL TYPE: | | CAMPUS? | |
| OFFENDER SUSPECTED OF USING:   **NOT APPLICABLE** | | | | COURT ORDER TYPE: | | |
| SEQUENCE #     OF | LOCATION TYPE: | | | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO | |
| OFFENSE DESCRIPTION: | | | | | | |
| OFFENSE CODE: | ASCF CODE: | KRS CODE: | CLASS: | DEGREE: | COUNTS: | |
| BIAS MOTIVATION: | | METHOD ENTRY: | NUMBER PREMISES: | | | |
| SCHOOL NAME: | | | SCHOOL TYPE: | | CAMPUS? | |
| OFFENDER SUSPECTED OF USING: | | | | COURT ORDER TYPE: | | |
| SEQUENCE #     OF | LOCATION TYPE: | | | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO | |
| OFFENSE DESCRIPTION: | | | | | | |
| OFFENSE CODE: | ASCF CODE: | KRS CODE: | CLASS: | DEGREE: | COUNTS: | |
| BIAS MOTIVATION: | | METHOD ENTRY: | NUMBER PREMISES: | | | |
| SCHOOL NAME: | | | SCHOOL TYPE: | | CAMPUS? | |
| OFFENDER SUSPECTED OF USING: | | | | COURT ORDER TYPE: | | |

| PROPERTY DATA | | | | | | | |
|---|---|---|---|---|---|---|---|
| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED | |
| 1 | **AUTOMOBILES** | STOLEN (NOT RECOVERED) | **$27,500.00** | | | | |
| UNIT | UNIT TYPE | VEHICLE MAKE: | VEHICLE MODEL | YEAR | VEHICLE TYPE | | |
| | **ROADWAY VEHICLE** | **FORD** | **MUSTANG** | **2013** | **COUPE** | | |
| | VEHICLE COLOR | VIN NUMBER | OWNER APPLIED # | REGISTRATION STATE, YEAR, & NUMBER | | | |
| | **SILVER/ALUMINUM** | **1ZVBP8AM6D5233875** | | **TN** | **2015** | **G6855F** | |
| | VEHICLE DESCRIPTORS | | | KEYS LEFT IN UNIT? | | OWNER | |
| | | | | **YES** | | **Victim 1** | |
| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED | |
| GENERAL | | PROPERTY DESCRIPTION | | | | | |
| | OWNER APPLED NUMBER | | | SERIAL NUMBER | | | |
| | MAKE | | | MODEL | | OWNER | |

| TOTAL STOLEN VALUE:  **$27,500.00** | TOTAL RECOVERED VALUE:  **$0.00** | TOTAL VEHICLES STOLEN: | **1** | TOTAL VEHICLES RECOVERED: | **0** |
|---|---|---|---|---|---|

| STATUS | | | | | | |
|---|---|---|---|---|---|---|
| INCIDENT STATUS | CLOSED DATE | CLEARANCE TYPE | CLEARED EXCEPTIONALLY | EX. CLEARANCE DATE | UCR REPORTING FOR OTHER AGENCY | |
| **OPEN** | | | | | YES ☐ | |
| SUBMITTING OFFICER | INVESTIGATING OFFICER | UNIT#/BADGE # | REVIEWED BY | | TIME SPENT | |
| **J MUDD** | **J HAIRGROVE** | **5855** | **C COPE** | | **30 min** | |

Case No. 151103380

Control No.: 17090690

## KYIBRS REPORT
### COMMONWEALTH OF KENTUCKY

**KSP RECORDS**

| VICTIM DATA | | |
|---|---|---|

**VICTIM SEQUENCE** 1 of 1   **VICTIM NAME** HERTZ   **PHONE** (502) 361-1145

**LICENSE/ID STATE:**   **LICENSE/ID NUMBER:**

**Address Unknown** ☐   **ADDRESS:** 440 HURON AVE   **VICTIM TYPE:** BUS

**CITY:** LOUISVILLE   **STATE:** KY   **ZIP CODE:** 40209   **KY RESIDENT:**

**DATE OF BIRTH**   **SSN**   **HEIGHT**   **WEIGHT**   **EYE COLOR**   **HAIR COLOR**

**GENDER**   **RACE**   **ETHNIC ORIGIN**   **PEACE OFFICER?** YES ☐

| NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | INJURY TYPE |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

**VICTIM OF OFFENSE(S)** 24044   **AGG ASSAULT/ HOMICIDE CIRC**   **ADDTL JUSTIFIABLE HOMICIDE CIRC**

**LEOKA ASSIGNMENT**   **LEOKA ACTIVITY**

---

**SUSPECT/ARRESTEE DATA**

**SUSPECT SEQ.#** of   **NAME:**   **ARRESTED?** YES ☐   **ARREST DATE**

**ALIAS:**

**LICENSE/ID STATE:**   **LICENSE/ID NUMBER:**

**ADDRESS**   **DATE OF BIRTH:**   **PHONE:**   **KY RESIDENT:**

**CITY:**   **STATE:**   **ZIP CODE:**

**SSN**   **SEX**   **RACE**   **ETHNIC ORIGIN**   **HEIGHT**   **WEIGHT**   **EYE COLOR**   **HAIR COLOR**

**ARRESTEE SEQ.#** of   **MULTIPLE ARREST IND.**   **ARREST TYPE**   **RELATED CITATION NUMBERS**

| | | |
|---|---|---|
| 1 | 4 | 8 |
| 2 | 5 | 7 |
| 3 | 6 | 9 |

**ARRESTEE ARMED WITH**

---

**SUSPECT/ARRESTEE DATA**

**SUSPECT SEQ.#** of   **NAME:**   **ARRESTED?** YES ☐   **ARREST DATE**

**ALIAS:**

**LICENSE/ID STATE:**   **LICENSE/ID NUMBER:**

**ADDRESS**   **DATE OF BIRTH:**   **PHONE:**   **KY RESIDENT:**

**CITY:**   **STATE:**   **ZIP CODE:**

**SSN**   **SEX**   **RACE**   **ETHNIC ORIGIN**   **HEIGHT**   **WEIGHT**   **EYE COLOR**   **HAIR COLOR**

**ARRESTEE SEQ.#** of   **MULTIPLE ARREST IND.**   **ARREST TYPE**   **RELATED CITATION NUMBERS**

| | | |
|---|---|---|
| 1 | 4 | 7 |
| 2 | 5 | 8 |
| 3 | 6 | 9 |

**ARRESTEE ARMED WITH**

---

**WITNESS DATA**

**WITNESS SEQUENCE** of   **WITNESS NAME**   **PHONE**

**LICENSE/ID STATE:**   **LICENSE/ID NUMBER:**

**ADDRESS:**   **DATE OF BIRTH**

**CITY:**   **STATE:**   **ZIP CODE:**   **SSN:**

---

Case EB5151103380
Control No.: 17090690

## KYIBRS REPORT: UOR2 SUPPLEMENT

### COMMONWEALTH OF KENTUCKY

KSP RECORDS

**SYNOPSIS:**
Stolen vehicle from Hertz Rental

**MODUS OPERANDI:**
Unknown

**DATE & TIME OF OCCURRENCE:**
An exact date of theft is unknown

**ACCUSED:**
N/A

**SUSPECTS:**
N/A

**STOLEN PROPERTY:**
2013 Ford Mustang
Tn Reg - G6855F
VIN - 1ZVBP8AM6D5233875

**OTHER PROPERTY:**
N/A

**EVIDENCE & HOW MARKED:**
N/A

**EVIDENCE DISPOSITION:**
N/A

**INVESTIGATION:**
Andrew Simpson with Hertz Rental reported the theft of 11 vehicles from their lot on Huron Ave. He advised the date of the theft were unknown. All vehicles had keys left in them. He advised there are anywhere from three to four hundred vehicles at the lot and the lot is controlled by a security gate at the entrance and exit of the lot. The gate is malfunctioning and not in proper working order, so the suspects can drive out of the lot undetected or stopped. The vehicles have been stolen sometime over the last two weeks, but he does not know a definite time frame or date.

**STATUS OF CASE:**
Open

**ATTACHMENT**
Open

Case ID: 51103380
Control No.: 17090690

# KYIBRS REPORT
## COMMONWEALTH OF KENTUCKY

**KSP RECORDS**

### ADMINISTRATIVE

| AGENCY ORI/NAME | 0566900 LOUISVILLE AIRPORT POLICE | | INCIDENT NUMBER | KY P15-0069 | |
|---|---|---|---|---|---|

| INCIDENT DATE/TIME | EXACT/ESTIMATE | REPORT DATE | RECEIVED | DISPATCHED | ARRIVED | CLEARED |
|---|---|---|---|---|---|---|
| 03/02/2015 17:00 TO 03/02/2015 17:30 | ESTIMATE | 03/02/2015 | 17:00 | | | 17:30 |

REPORTED BY: **SIMPSON, ANDREW**  HOW REPORTED

| LICENSE/ID STATE: | LICENSE/ID NUMBER: |
|---|---|

ADDRESS: **440 HURON AVE**

| CITY: **LOUISVILLE** | STATE: **KY** | ZIP CODE: **40209** | PHONE NUMBER: **(502) 361-1145** |
|---|---|---|---|

**EXACT LOCATION OF OFFENSE**
- **440 HURON AVE**
- ADDRESS: **440 HURON AVE**  SECTOR NO:
- CITY: **LOUISVILLE**  STATE: **KY**  ZIP CODE: **40209**
- COUNTY: **JEFFERSON**  LATITUDE **38 DEG 11.643 MIN**  LONGITUDE **85 DEG 45.117 MIN**

### OFFENSE DATA

| SEQUENCE # 1 OF 1 | LOCATION TYPE: PARKING LOT/GARAGE | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|

OFFENSE DESCRIPTION: **TBUT OR DISP AUTO - $10,000 OR MORE BUT U/$1,000,000**

| OFFENSE CODE: 24044 | ASCF CODE: 0 | KRS CODE: 514.030 | CLASS: C | DEGREE: F | COUNTS: 1 |
|---|---|---|---|---|---|

| BIAS MOTIVATION: NONE (NO BIAS) | METHOD ENTRY: | NUMBER PREMISES: |
|---|---|---|

| SCHOOL NAME: | SCHOOL TYPE: | CAMPUS? |
|---|---|---|

OFFENDER SUSPECTED OF USING: **NOT APPLICABLE**  COURT ORDER TYPE:

| SEQUENCE # OF | LOCATION TYPE: | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|

OFFENSE DESCRIPTION:

| OFFENSE CODE: | ASCF CODE: | KRS CODE: | CLASS: | DEGREE: | COUNTS: |
|---|---|---|---|---|---|

| BIAS MOTIVATION: | METHOD ENTRY: | NUMBER PREMISES: |
|---|---|---|

| SCHOOL NAME: | SCHOOL TYPE: | CAMPUS? |
|---|---|---|

OFFENDER SUSPECTED OF USING:  COURT ORDER TYPE:

| SEQUENCE # OF | LOCATION TYPE: | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|

OFFENSE DESCRIPTION:

| OFFENSE CODE: | ASCF CODE: | KRS CODE: | CLASS: | DEGREE: | COUNTS: |
|---|---|---|---|---|---|

| BIAS MOTIVATION: | METHOD ENTRY: | NUMBER PREMISES: |
|---|---|---|

| SCHOOL NAME: | SCHOOL TYPE: | CAMPUS? |
|---|---|---|

OFFENDER SUSPECTED OF USING:  COURT ORDER TYPE:

### PROPERTY DATA

**UNIT**

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|
| 1 | AUTOMOBILES | STOLEN (NOT RECOVERED) | $1.00 | | | |

| UNIT TYPE | VEHICLE MAKE | VEHICLE MODEL | YEAR | VEHICLE TYPE |
|---|---|---|---|---|
| ROADWAY VEHICLE | VOLKSWAGEN | JETTA | 2012 | SEDAN/4 DOOR |

| VEHICLE COLOR | VIN NUMBER | OWNER APPLIED # | REGISTRATION STATE, YEAR, & NUMBER |
|---|---|---|---|
| BLACK | 3VWDX7AJ2CM3B07031 | | IL 2015 N445943 |

| VEHICLE DESCRIPTORS | KEYS LEFT IN UNIT? | OWNER |
|---|---|---|
| | YES | Victim 1 |

**GENERAL**

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|
| | | | | | | |

| PROPERTY DESCRIPTION | | |
|---|---|---|
| OWNER APPLED NUMBER | SERIAL NUMBER | |
| MAKE | MODEL | OWNER |

| TOTAL STOLEN VALUE: | $1.00 | TOTAL RECOVERED VALUE: | $0.00 | TOTAL VEHICLES STOLEN: | 1 | TOTAL VEHICLES RECOVERED: | 0 |
|---|---|---|---|---|---|---|---|

### STATUS

| INCIDENT STATUS | CLOSED DATE | CLEARANCE TYPE | CLEARED EXCEPTIONALLY | EX. CLEARANCE DATE | UCR REPORTING FOR OTHER AGENCY |
|---|---|---|---|---|---|
| OPEN | | | | | YES ☐ |

| SUBMITTING OFFICER | INVESTIGATING OFFICER | UNIT/BADGE # | REVIEWED BY | TIME SPENT |
|---|---|---|---|---|
| J MUDD | J MUDD | 5844 | B SIMS | 30 min |

Case ID: 151103380
Control No.: 17090690

# KYIBRS REPORT
## COMMONWEALTH OF KENTUCKY

**KSP RECORDS**

### VICTIM DATA

| VICTIM SEQUENCE | VICTIM NAME | PHONE |
|---|---|---|
| 1 of 1 **HERTZ** | | **(502) 361-1145** |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | |
|---|---|---|

Address Unknown ☐ ADDRESS: **440 HURON AVE**  VICTIM TYPE: **BUS**

CITY: **LOUISVILLE**  STATE: **KY**  ZIP CODE: **40209**  KY RESIDENT:

| DATE OF BIRTH | SSN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|

| GENDER | RACE | ETHNIC ORIGIN | PEACE OFFICER? |
|---|---|---|---|
| | | | YES ☐ |

| NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | INJURY TYPE |
|---|---|---|---|---|---|---|---|

| VICTIM OF OFFENSE(S) | AGG ASSAULT/ HOMICIDE CIRC | ADDTL JUSTIFIABLE HOMICIDE CIRC |
|---|---|---|
| 24044 | | |

| LEOKA ASSIGNMENT | LEOKA ACTIVITY |
|---|---|

### SUSPECT/ARRESTEE DATA

| SUSPECT SEQ. # | NAME: | ARRESTED? | ARREST DATE |
|---|---|---|---|
| of | ALIAS: | YES ☐ | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: |
|---|---|

ADDRESS:  DATE OF BIRTH:  PHONE:  KY RESIDENT:

CITY:  STATE:  ZIP CODE:

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|

| ARRESTEE SEQ. # | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | |
|---|---|---|---|---|---|
| of | | | 1 | 4 | 8 |
| ARRESTEE ARMED WITH | | | 2 | 5 | 7 |
| | | | 3 | 6 | 9 |

### SUSPECT/ARRESTEE DATA

| SUSPECT SEQ. # | NAME: | ARRESTED? | ARREST DATE |
|---|---|---|---|
| of | ALIAS: | YES ☐ | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: |
|---|---|

ADDRESS:  DATE OF BIRTH:  PHONE:  KY RESIDENT:

CITY:  STATE:  ZIP CODE:

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|

| ARRESTEE SEQ. # | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | |
|---|---|---|---|---|---|
| of | | | 1 | 4 | 7 |
| ARRESTEE ARMED WITH | | | 2 | 5 | 8 |
| | | | 3 | 6 | 9 |

### WITNESS DATA

| WITNESS SEQUENCE | WITNESS NAME | PHONE |
|---|---|---|
| of | | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | |
|---|---|---|

ADDRESS:  DATE OF BIRTH:

CITY:  STATE:  ZIP CODE:  SSN:

## KYIBRS REPORT: UOR2 SUPPLEMENT

KSP RECORDS

### COMMONWEALTH OF KENTUCKY

**SYNOPSIS:**
See report P15-0063

**MODUS OPERANDI:**
See report P15-0063

**DATE & TIME OF OCCURRENCE:**
See report P15-0063

**ACCUSED:**
See report P15-0063

**SUSPECTS:**
See report P15-0063

**STOLEN PROPERTY:**
See report P15-0063

**OTHER PROPERTY:**
See report P15-0063

**EVIDENCE & HOW MARKED:**
See report P15-0063

**EVIDENCE DISPOSITION:**
See report P15-0063

**INVESTIGATION:**
See report P15-0063

**STATUS OF CASE:**
See report P15-0063

**ATTACHMENT**
See report P15-0063

Case ID: 151103380
Control No.: 17090690

# KYIBRS REPORT
## COMMONWEALTH OF KENTUCKY

**KSP RECORDS**

**ADMINISTRATIVE**

| AGENCY ORI/NAME | 0566900 LOUISVILLE AIRPORT POLICE | | | | INCIDENT NUMBER | KY P15-0072 | | |
|---|---|---|---|---|---|---|---|---|

| INCIDENT DATE/TIME | EXACT/ESTIMATE | REPORT DATE | RECEIVED | DISPATCHED | ARRIVED | CLEARED |
|---|---|---|---|---|---|---|
| 03/02/2015 17:00 TO 03/02/2015 17:30 | ESTIMATE | 03/02/2015 | 17:00 | | | 17:30 |

REPORTED BY: **SIMPSON, ANDREW** — HOW REPORTED

LICENSE/ID STATE: — LICENSE/ID NUMBER:

ADDRESS: **440 HURON AVE**

| CITY: **LOUISVILLE** | STATE: **KY** | ZIP CODE: **40209** | PHONE NUMBER: **(502) 361-1145** |
|---|---|---|---|

EXACT LOCATION OF OFFENSE

ADDRESS: **440 HURON AVE** — SECTOR NO:

| CITY: **LOUISVILLE** | STATE: **KY** | ZIP CODE: **40209** |
|---|---|---|

| COUNTY: **JEFFERSON** | LATITUDE | 38 DEG | 11.649 MIN | LONGITUDE | 85 DEG | 45.120 MIN |
|---|---|---|---|---|---|---|

**OFFENSE DATA**

| SEQUENCE # | 1 | OF | 1 | LOCATION TYPE: **PARKING LOT/GARAGE** | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|---|---|---|

OFFENSE DESCRIPTION: **TBUT OR DISP AUTO - $10,000 OR MORE BUT U/$1,000,000**

| OFFENSE CODE: **24044** | ASCF CODE: **0** | KRS CODE: **514.030** | CLASS: **C** | DEGREE: **F** | COUNTS: **1** |
|---|---|---|---|---|---|

| BIAS MOTIVATION: **NONE (NO BIAS)** | METHOD ENTRY: | NUMBER PREMISES: |
|---|---|---|

| SCHOOL NAME: | SCHOOL TYPE: | CAMPUS? |
|---|---|---|

OFFENDER SUSPECTED OF USING: **NOT APPLICABLE** — COURT ORDER TYPE:

| SEQUENCE # | | OF | | LOCATION TYPE: | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|---|---|---|

OFFENSE DESCRIPTION:

| OFFENSE CODE: | ASCF CODE: | KRS CODE: | CLASS: | DEGREE: | COUNTS: |
|---|---|---|---|---|---|

| BIAS MOTIVATION: | METHOD ENTRY: | NUMBER PREMISES: |
|---|---|---|

| SCHOOL NAME: | SCHOOL TYPE: | CAMPUS? |
|---|---|---|

OFFENDER SUSPECTED OF USING: — COURT ORDER TYPE:

| SEQUENCE # | | OF | | LOCATION TYPE: | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|---|---|---|

OFFENSE DESCRIPTION:

| OFFENSE CODE: | ASCF CODE: | KRS CODE: | CLASS: | DEGREE: | COUNTS: |
|---|---|---|---|---|---|

| BIAS MOTIVATION: | METHOD ENTRY: | NUMBER PREMISES: |
|---|---|---|

| SCHOOL NAME: | SCHOOL TYPE: | CAMPUS? |
|---|---|---|

OFFENDER SUSPECTED OF USING: — COURT ORDER TYPE:

**PROPERTY DATA**

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|
| 1 | AUTOMOBILES | STOLEN (NOT RECOVERED) | $1.00 | | | |

**UNIT**

| UNIT TYPE | VEHICLE MAKE | VEHICLE MODEL | YEAR | VEHICLE TYPE |
|---|---|---|---|---|
| ROADWAY VEHICLE | NISSAN | ALTIMA | 2013 | SEDAN/4 DOOR |

| VEHICLE COLOR | VIN NUMBER | OWNER APPLIED # | REGISTRATION STATE, YEAR, & NUMBER | | |
|---|---|---|---|---|---|
| WHITE | 1N4AL3AP1DN515922 | | FL | 2015 | 231LCI |

| VEHICLE DESCRIPTORS | KEYS LEFT IN UNIT? | OWNER |
|---|---|---|
| | YES | Victim 1 |

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|

**GENERAL**

| PROPERTY DESCRIPTION | | |
|---|---|---|

| OWNER APPLED NUMBER | SERIAL NUMBER |
|---|---|

| MAKE | MODEL | OWNER |
|---|---|---|

| TOTAL STOLEN VALUE: | $1.00 | TOTAL RECOVERED VALUE: | $0.00 | TOTAL VEHICLES STOLEN: | 1 | TOTAL VEHICLES RECOVERED: | 0 |
|---|---|---|---|---|---|---|---|

**STATUS**

| INCIDENT STATUS | CLOSED DATE | CLEARANCE TYPE | CLEARED EXCEPTIONALLY | EX. CLEARANCE DATE | UCR REPORTING FOR OTHER AGENCY |
|---|---|---|---|---|---|
| OPEN | | | | | YES ☐ |

| SUBMITTING OFFICER | INVESTIGATING OFFICER | UNIT/BADGE # | REVIEWED BY | TIME SPENT |
|---|---|---|---|---|
| J MUDD | J MUDD | 5844 | B SIMS | 30 min |

Page 1 of 3   Incident Number: P15-0072   Agency ORI: 0566900   Badge #: 5844

# KYIBRS REPORT

### COMMONWEALTH OF KENTUCKY

**KSP RECORDS**

## VICTIM DATA

| VICTIM SEQUENCE | | VICTIM NAME | | PHONE |
|---|---|---|---|---|
| 1 of 1 | HERTZ | | | (502) 361-1145 |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | | |
|---|---|---|---|

Address Unknown ☐ | ADDRESS: **440 HURON AVE** | VICTIM TYPE: **BUS**

| CITY: **LOUISVILLE** | STATE: **KY** | ZIP CODE: **40209** | KY RESIDENT: |
|---|---|---|---|

| DATE OF BIRTH | SSN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|

| GENDER | RACE | ETHNIC ORIGIN | PEACE OFFICER? |
|---|---|---|---|
| | | | YES ☐ |

| NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | INJURY TYPE |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

| VICTIM OF OFFENSE(S) | AGG ASSAULT/ HOMICIDE CIRC | ADDTL JUSTIFIABLE HOMICIDE CIRC |
|---|---|---|
| 24044 | | |

| LEOKA ASSIGNMENT | LEOKA ACTIVITY |
|---|---|
| | |

## SUSPECT/ARRESTEE DATA

| SUSPECT SEQ.# | NAME: | | ARRESTED? | ARREST DATE |
|---|---|---|---|---|
| of | ALIAS: | | YES ☐ | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | | | |
|---|---|---|---|---|

| ADDRESS | | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
|---|---|---|---|---|
| CITY: | STATE: | ZIP CODE: | | |

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|

| ARRESTEE SEQ.# | MULTIPLE ARREST IND. | ARREST TYPE | | RELATED CITATION NUMBERS | | |
|---|---|---|---|---|---|---|
| of | | | 1 | 4 | 8 | |
| | ARRESTEE ARMED WITH | | 2 | 5 | 7 | |
| | | | 3 | 6 | 9 | |

| SUSPECT SEQ.# | NAME: | | ARRESTED? | ARREST DATE |
|---|---|---|---|---|
| of | ALIAS: | | YES ☐ | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | | | |
|---|---|---|---|---|

| ADDRESS | | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
|---|---|---|---|---|
| CITY: | STATE: | ZIP CODE: | | |

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|

| ARRESTEE SEQ.# | MULTIPLE ARREST IND. | ARREST TYPE | | RELATED CITATION NUMBERS | | |
|---|---|---|---|---|---|---|
| of | | | 1 | 4 | 7 | |
| | ARRESTEE ARMED WITH | | 2 | 5 | 8 | |
| | | | 3 | 6 | 9 | |

## WITNESS DATA

| WITNESS SEQUENCE | WITNESS NAME | PHONE |
|---|---|---|
| of | | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | |
|---|---|---|

| ADDRESS: | | DATE OF BIRTH |
|---|---|---|
| CITY: | STATE: | ZIP CODE: | SSN: |

# KYIBRS REPORT: UOR2 SUPPLEMENT

### COMMONWEALTH OF KENTUCKY

**KSP RECORDS**

*SYNOPSIS:*
See report P15-0063

*MODUS OPERANDI:*
See report P15-0063

*DATE & TIME OF OCCURRENCE:*
See report P15-0063

*ACCUSED:*
See report P15-0063

*SUSPECTS:*
See report P15-0063

*STOLEN PROPERTY:*
See report P15-0063

*OTHER PROPERTY:*
See report P15-0063

*EVIDENCE & HOW MARKED:*
See report P15-0063

*EVIDENCE DISPOSITION:*
See report P15-0063

*INVESTIGATION:*
See report P15-0063

*STATUS OF CASE:*
See report P15-0063

*ATTACHMENT*
See report P15-0063

# KYIBRS REPORT
## COMMONWEALTH OF KENTUCKY

**KSP RECORDS**

### ADMINISTRATIVE

| AGENCY ORI/NAME | 0566900 LOUISVILLE AIRPORT POLICE | | INCIDENT NUMBER | KY P15-0073 | | |
|---|---|---|---|---|---|---|

| INCIDENT DATE/TIME | EXACT/ESTIMATE | REPORT DATE | RECEIVED | DISPATCHED | ARRIVED | CLEARED |
|---|---|---|---|---|---|---|
| 03/02/2015 17:00 TO 03/02/2015 17:30 | ESTIMATE | 03/02/2015 | 17:00 | | | 17:30 |

| REPORTED BY: SIMPSON, ANDREW | HOW REPORTED |
|---|---|

| LICENSE/ID STATE: | LICENSE/ID NUMBER: |
|---|---|

| ADDRESS: 440 HURON AVE | | | | | |
|---|---|---|---|---|---|
| CITY: LOUISVILLE | STATE: KY | ZIP CODE: 40209 | PHONE NUMBER: (502) 361-1145 | |

| EXACT LOCATION OF OFFENSE | 440 HURON AVE | | |
|---|---|---|---|
| | ADDRESS: 440 HURON AVE | | SECTOR NO: |
| | CITY: LOUISVILLE | STATE: KY | ZIP CODE: 40209 |
| | COUNTY: JEFFERSON | LATITUDE 38 DEG 11.645 MIN | LONGITUDE 85 DEG 45.102 MIN |

### OFFENSE DATA

| SEQUENCE # 1 OF 1 | LOCATION TYPE: PARKING LOT/GARAGE | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|
| OFFENSE DESCRIPTION: TBUT OR DISP AUTO - $10,000 OR MORE BUT U$1,000,000 | | | |

| OFFENSE CODE: 24044 | ASCF CODE: 0 | KRS CODE: 514.030 | CLASS: C | DEGREE: F | COUNTS: 1 | | |
|---|---|---|---|---|---|---|---|
| BIAS MOTIVATION: NONE (NO BIAS) | | METHOD ENTRY: | NUMBER PREMISES: | | | | |

| SCHOOL NAME: | SCHOOL TYPE: | CAMPUS? |
|---|---|---|

| OFFENDER SUSPECTED OF USING: NOT APPLICABLE | COURT ORDER TYPE: |
|---|---|

| SEQUENCE # OF | LOCATION TYPE: | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|
| OFFENSE DESCRIPTION: | | | |

| OFFENSE CODE: | ASCF CODE: | KRS CODE: | CLASS: | DEGREE: | COUNTS: | | |
|---|---|---|---|---|---|---|---|
| BIAS MOTIVATION: | | METHOD ENTRY: | NUMBER PREMISES: | | | | |

| SCHOOL NAME: | SCHOOL TYPE: | CAMPUS? |
|---|---|---|

| OFFENDER SUSPECTED OF USING: | COURT ORDER TYPE: |
|---|---|

| SEQUENCE # OF | LOCATION TYPE: | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|
| OFFENSE DESCRIPTION: | | | |

| OFFENSE CODE: | ASCF CODE: | KRS CODE: | CLASS: | DEGREE: | COUNTS: | | |
|---|---|---|---|---|---|---|---|
| BIAS MOTIVATION: | | METHOD ENTRY: | NUMBER PREMISES: | | | | |

| SCHOOL NAME: | SCHOOL TYPE: | CAMPUS? |
|---|---|---|

| OFFENDER SUSPECTED OF USING: | COURT ORDER TYPE: |
|---|---|

### PROPERTY DATA

#### UNIT

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|
| 1 | AUTOMOBILES | STOLEN (NOT RECOVERED) | $1.00 | | | |

| UNIT TYPE | VEHICLE MAKE: | VEHICLE MODEL | YEAR | VEHICLE TYPE |
|---|---|---|---|---|
| ROADWAY VEHICLE | GENERAL MOTORS CORP | YUKON | 2013 | CARRY-ALL (Rugged trail vehic) |

| VEHICLE COLOR | VIN NUMBER | OWNER APPLIED # | REGISTRATION STATE, YEAR, & NUMBER | |
|---|---|---|---|---|
| BROWN | 1GKS2CE06DR296001 | | MD | 2015 6BB7369 |

| VEHICLE DESCRIPTORS | KEYS LEFT IN UNIT? | OWNER |
|---|---|---|
| | YES | Victim 1 |

#### GENERAL

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|
| | | | | | | |

| PROPERTY DESCRIPTION | |
|---|---|
| OWNER APPLED NUMBER | SERIAL NUMBER |
| MAKE | MODEL | OWNER |

| TOTAL STOLEN VALUE: $1.00 | TOTAL RECOVERED VALUE: $0.00 | TOTAL VEHICLES STOLEN: 1 | TOTAL VEHICLES RECOVERED: 0 |
|---|---|---|---|

### STATUS

| INCIDENT STATUS | CLOSED DATE | CLEARANCE TYPE | CLEARED EXCEPTIONALLY | EX. CLEARANCE DATE | UCR REPORTING FOR OTHER AGENCY |
|---|---|---|---|---|---|
| OPEN | | | | | YES ☐ |

| SUBMITTING OFFICER | INVESTIGATING OFFICER | UNIT/BADGE # | REVIEWED BY | TIME SPENT |
|---|---|---|---|---|
| J MUDD | J MUDD | 5844 | B SIMS | 30 min |

Case ID: 151103380
Control No.: 17090690

# KYIBRS REPORT
## COMMONWEALTH OF KENTUCKY

**KSP RECORDS**

| VICTIM DATA | | |
|---|---|---|

**VICTIM SEQUENCE** 1 of 1 | **VICTIM NAME** HERTZ | **PHONE** (502) 361-1145

LICENSE/ID STATE: | LICENSE/ID NUMBER:

Address Unknown ☐ | ADDRESS: 440 HURON AVE | VICTIM TYPE: BUS

CITY: LOUISVILLE | STATE: KY | ZIP CODE: 40209 | KY RESIDENT:

DATE OF BIRTH | SSN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR

GENDER | RACE | ETHNIC ORIGIN | PEACE OFFICER? YES ☐

NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | INJURY TYPE

VICTIM OF OFFENSE(S) 24044 | AGG ASSAULT / HOMICIDE CIRC | ADDTL JUSTIFIABLE HOMICIDE CIRC

LEOKA ASSIGNMENT | LEOKA ACTIVITY

| SUSPECT/ARRESTEE DATA | | |
|---|---|---|

SUSPECT SEQ. # of | NAME: | ARRESTED? YES ☐ | ARREST DATE

ALIAS:

LICENSE/ID STATE: | LICENSE/ID NUMBER:

ADDRESS | DATE OF BIRTH: | PHONE: | KY RESIDENT:

CITY: | STATE: | ZIP CODE:

SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR

ARRESTEE SEQ. # of | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS

ARRESTEE ARMED WITH | 1 | 4 | 8
| 2 | 5 | 7
| 3 | 6 | 9

SUSPECT SEQ. # of | NAME: | ARRESTED? YES ☐ | ARREST DATE

ALIAS:

LICENSE/ID STATE: | LICENSE/ID NUMBER:

ADDRESS | DATE OF BIRTH: | PHONE: | KY RESIDENT:

CITY: | STATE: | ZIP CODE:

SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR

ARRESTEE SEQ. # of | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS

ARRESTEE ARMED WITH | 1 | 4 | 7
| 2 | 5 | 8
| 3 | 6 | 9

| WITNESS DATA | | |
|---|---|---|

WITNESS SEQUENCE of | WITNESS NAME | PHONE

LICENSE/ID STATE: | LICENSE/ID NUMBER:

ADDRESS: | DATE OF BIRTH

CITY: | STATE: | ZIP CODE: | SSN:

Case No.: 151103380
Control No.: 17090690

## KYIBRS REPORT: UOR2 SUPPLEMENT

### COMMONWEALTH OF KENTUCKY

KSP RECORDS

**SYNOPSIS:**
See report P15-0063

**MODUS OPERANDI:**
See report P15-0063

**DATE & TIME OF OCCURRENCE:**
See report P15-0063

**ACCUSED:**
See report P15-0063

**SUSPECTS:**
See report P15-0063

**STOLEN PROPERTY:**
See report P15-0063

**OTHER PROPERTY:**
See report P15-0063

**EVIDENCE & HOW MARKED:**
See report P15-0063

**EVIDENCE DISPOSITION:**
See report P15-0063

**INVESTIGATION:**
See report P15-0063

**STATUS OF CASE:**
See report P15-0063

**ATTACHMENT**
See report P15-0063

Case ID: 151103380
Control No.: 17090690

**SUPPLEMENT**

# KYIBRS REPORT
### COMMONWEALTH OF KENTUCKY

| AGENCY ORI/NAME | 0566900 LOUISVILLE AIRPORT POLICE | | | | INCIDENT NUMBER | | KY P15-0074 | |
|---|---|---|---|---|---|---|---|---|

| INCIDENT DATE/TIME | EXACT / ESTIMATE | REPORT DATE | RECEIVED | DISPATCHED | ARRIVED | CLEARED |
|---|---|---|---|---|---|---|
| 3/2/2015 17:00 TO 3/2/2015 17:30 | EXACT | 3/2/2015 | 17:00 | | | 17:30 |

| REPORTED BY: SIMPSON, ANDREW | | HOW REPORTED |
|---|---|---|
| LICENSE/ID STATE: | LICENSE/ID NUMBER: | IN PERSON |

**ADDRESS:** 440 HURON AVE

| CITY: LOUISVILLE | STATE: KY | ZIP CODE: 40209 | PHONE NUMBER: 502-361-1145 |
|---|---|---|---|

| EXACT LOCATION OF OFFENSE | 440 HURON AVE | | |
|---|---|---|---|
| | ADDRESS 440 HURON AVE | | SECTOR NO: |
| | CITY LOUISVILLE | STATE: KY | ZIP CODE: 40209 |
| | COUNTY JEFFERSON | LATITUDE 38 DEG 11.649 MIN | LONGITUDE 85 DEG 45.126 MIN |

**OFFENSE DATA**

| SEQUENCE # 1 OF 1 | LOCATION TYPE: PARKING LOT, PARKING GARAGE | | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|---|
| OFFENSE DESCRIPTION: TBUT OR DISP AUTO - $10,000 OR MORE BUT U/$1,000,000 | | | | |
| OFFENSE CODE: 24044 | ASCF CODE: 0 | KRS CODE: 514.030 | CLASS: C | DEGREE: F | COUNTS: 1 |
| BIAS MOTIVATION: NONE (NO BIAS) | METHOD ENTRY: | NUMBER PREMISES: 0 | | |
| SCHOOL NAME: | | SCHOOL TYPE: | CAMPUS? | |
| OFFENDER SUSPECTED OF USING: NOT APPLICABLE | | COURT ORDER TYPE: | | |

| SEQUENCE # OF | LOCATION TYPE: | | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|---|
| OFFENSE DESCRIPTION: | | | | |
| OFFENSE CODE: | ASCF CODE: | KRS CODE: | CLASS: | DEGREE: | COUNTS: |
| BIAS MOTIVATION: | METHOD ENTRY: | NUMBER PREMISES: | | |
| SCHOOL NAME: | | SCHOOL TYPE: | CAMPUS? | |
| OFFENDER SUSPECTED OF USING: | | COURT ORDER TYPE: | | |

| SEQUENCE # OF | LOCATION TYPE: | | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|---|
| OFFENSE DESCRIPTION: | | | | |
| OFFENSE CODE: | ASCF CODE: | KRS CODE: | CLASS: | DEGREE: | COUNTS: |
| BIAS MOTIVATION: | METHOD ENTRY: | NUMBER PREMISES: | | |
| SCHOOL NAME: | | SCHOOL TYPE: | CAMPUS? | |
| OFFENDER SUSPECTED OF USING: | | COURT ORDER TYPE: | | |

**PROPERTY DATA**

**VEHICLE**

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DT RECOVERED |
|---|---|---|---|---|---|---|
| 1 | AUTOMOBILES | STOLEN (NOT RECOVERED) | $1.00 | | | |

| UNIT TYPE | VEHICLE MAKE | VEHICLE MODEL | YEAR | VEHICLE TYPE |
|---|---|---|---|---|
| BICYCLE | CHEVROLET | CRUZE | 2013 | SEDAN/4 DOOR |

| VEHICLE COLOR | VIN NUMBER | OWNER APPLIED # | REGISTRATION STATE, YEAR, & NUMBER | | |
|---|---|---|---|---|---|
| SILVER\ALUMINUM | 1G1PC5SB2D7224359 | | MI | 2015 | CDT9767 |

| VEHICLE DESCRIPTORS | KEYS LEFT IN UNIT? | OWNER |
|---|---|---|
| | YES | Victim 1 |

**GENERAL**

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DT RECOVERED |
|---|---|---|---|---|---|---|
| | | | | | | |

| PROPERTY DESCRIPTION | | |
|---|---|---|
| OWNER APPLED NUMBER | | SERIAL NUMBER |
| MAKE | MODEL | OWNER |

| TOTAL STOLEN VALUE: $1.00 | TOTAL RECOVERED VALUE: | TOTAL VEHICLES STOLEN: 1 | TOTAL VEHICLES: |
|---|---|---|---|

**STATUS**

| INCIDENT STATUS | CLOSED DATE | CLEARANCE TYPE | CLEARED EXCEPTIONALLY | EX. CLEARANCE DATE | UCR REPORTING FOR OTHER AGENCY |
|---|---|---|---|---|---|
| CLOSED | 9/12/2015 | | | | ☐ YES |

| ORIGINATING OFFICER | ASSIGNED TO | UNIT/BADGE # | REVIEWED BY | SUPPLEMENTED BY |
|---|---|---|---|---|
| MUDD, J | HAIRGROVE, J | 5844 | B SIMS | Grimes, Joshua |

Control No.: 17090690

# KYIBRS REPORT

## COMMONWEALTH OF KENTUCKY

| VICTIM SEQUENCE | | VICTIM NAME | | | | | PHONE |
|---|---|---|---|---|---|---|---|
| 1   of   1 | HERTZ | | | | | | 502-361-1145 |

| LICENSE/ID STATE: | | LICENSE/ID NUMBER: | | | | |
|---|---|---|---|---|---|---|
| ☐ Address Unknown   ADDRESS: 440 HURON AVE | | | | | | VICTIM TYPE: BUS |
| CITY: LOUISVILLE | | STATE: KY | ZIP CODE: 40209 | KY RESIDENT: | | |
| DATE OF BIRTH | SSN | HEIGHT | WEIGHT | EYE COLOR | | HAIR COLOR |

**VICTIM DATA**

| GENDER | RACE | ETHNIC ORIGIN | PEACE OFFICER? |
|---|---|---|---|
| | | | ☐ YES |

| NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | INJURY TYPE |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| VICTIM OF OFFENSE(S) | AGG ASSAULT/ HOMICIDE CIRC | ADDTL JUSTIFIABLE HOMICIDE CIRC |
|---|---|---|
| 24044 | | |
| LEOKA ASSIGNMENT | | LEOKA ACTIVITY |

**SUSPECT / ARRESTEE DATA**

| SUSPECT SEQ. # | NAME: | | | | | ARRESTED? | ARREST DATE |
|---|---|---|---|---|---|---|---|
| of | ALIAS: | | | | | ☐ YES | |
| LICENSE/ID STATE: | | LICENSE/ID NUMBER: | | | | | |
| ADDRESS: | | | | DATE OF BIRTH: | PHONE: | | KY RESIDENT: |
| CITY: | | | STATE: | ZIP CODE: | | | |
| SSN | SEX | RACE | | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |

| ARRESTEE SEQ. # | MULTIPLE ARREST IND. | ARREST TYPE | | RELATED CITATION NUMBERS | | |
|---|---|---|---|---|---|---|
| of | | | 1 | 4 | 8 | |
| | ARRESTEE ARMED WITH | | 2 | 5 | 7 | |
| | | | 3 | 6 | 9 | |

**SUSPECT / ARRESTEE DATA**

| SUSPECT SEQ. # | NAME: | | | | | ARRESTED? | ARREST DATE |
|---|---|---|---|---|---|---|---|
| of | ALIAS: | | | | | ☐ YES | |
| LICENSE/ID STATE: | | LICENSE/ID NUMBER: | | | | | |
| ADDRESS: | | | | DATE OF BIRTH: | PHONE: | | KY RESIDENT: |
| CITY: | | | STATE: | ZIP CODE: | | | |
| SSN | SEX | RACE | | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |

| ARRESTEE SEQ. # | MULTIPLE ARREST IND. | ARREST TYPE | | RELATED CITATION NUMBERS | | |
|---|---|---|---|---|---|---|
| of | | | 1 | 4 | 7 | |
| | ARRESTEE ARMED WITH | | 2 | 5 | 8 | |
| | | | 3 | 6 | 9 | |

**WITNESS/OTHER**

| WITNESS/OTHER SEQ | WITNESS/OTHER NAME | PHONE |
|---|---|---|
| of | | |
| LICENSE/ID STATE: | LICENSE/ID NUMBER: | |
| ADDRESS: | | DATE OF BIRTH |
| CITY: | STATE: | ZIP CODE: | SSN: |

Case ID: 151T03380

# KYIBRS REPORT: NARRATIVE

**COMMONWEALTH OF KENTUCKY**

## *SYNOPSIS:*

See report P15-0063

## *INVESTIGATION:*

See report P15-0063

MODUS OPERANDI: See report P15-0063

DATE/TIME OF OCCURRENCE: See report P15-0063

ACCUSED: See report P15-0063

SUSPECTS: See report P15-0063

STOLEN PROPERTY: See report P15-0063

OTHER PROPERTY: See report P15-0063

EVIDENCE AND HOW MARKED: See report P15-0063

EVIDENCE DISPOSITION: See report P15-0063

STATUS OF CASE: See report P15-0063

*CLOSED 9/12/2015.  Vehicle found on the Hertz Hurstbourne Lot

ATTACHMENTS: See report P15-0063

## *ATTACHMENTS:*

## *METHODS OF OPERATION:*

Case ID: 151103380

## CRIME SUPPLEMENT
### COMMONWEALTH OF KENTUCKY

| | | | | |
|---|---|---|---|---|
| CASE/INCIDENT NUMBER: **KY P15-0074** | | | REPORT DATE: | **07/28/2017** |
| REPORTING AGENCY ORI/NAME: **0566900 LOUISVILLE AIRPORT POLICE** | | | | |
| PRIMARY INVESTIGATING AGENCY ORI/NAME: **0566900 LOUISVILLE AIRPORT POLICE** | | | | |
| REPORTING OFFICER NAME: **Joshua Grimes** | | REPORTING OFFICER UNIT BADGE ID: **5829** | | |
| PRIMARY OFFICER UNIT BADGE ID: **5844** | | | | |
| REVIEWED BY: | | | | |

| WITNESS SEQUENCE | | WITNESS NAME | | PHONE |
|---|---|---|---|---|
| **of** | | | | |
| ADDRESS: | | | | DATE OF BIRTH |
| CITY: | STATE: | ZIP CODE: | SSN: | |
| WITNESS SEQUENCE | | WITNESS NAME | | PHONE |
| **of** | | | | |
| ADDRESS: | | | | DATE OF BIRTH |
| CITY: | STATE: | ZIP CODE: | SSN: | |

### NARRATIVE

Vehicle was recovered on the Hertz lot on Hurstbourne Parkway.

Case ID: 151103380
Control No.: 17090690

SUPPLEMENT

# KYIBRS REPORT
## COMMONWEALTH OF KENTUCKY

KSP RECORDS

**ADMINISTRATIVE**

| AGENCY ORI/NAME | 0566900 LOUISVILLE AIRPORT POLICE | | | INCIDENT NUMBER | KY P15-0088 | | |
|---|---|---|---|---|---|---|---|

| INCIDENT DATE/TIME | | EXACT/ESTIMATE | REPORT DATE | RECEIVED | DISPATCHED | ARRIVED | CLEARED |
|---|---|---|---|---|---|---|---|
| 10/04/2014 12:00 TO 10/04/2014 12:01 | | ESTIMATE | 03/17/2015 | 19:45 | 19:45 | 19:46 | 20:00 |

| REPORTED BY: SIMPSON, ANDREW J | | | HOW REPORTED |
|---|---|---|---|

| LICENSE/ID STATE: | LICENSE/ID NUMBER: |
|---|---|

ADDRESS: 440 HURON AVE

| CITY: LOUISVILLE | STATE: KY | ZIP CODE: 40209 | PHONE NUMBER: (502) 361-1145 |
|---|---|---|---|

| EXACT LOCATION OF OFFENSE | HURON AVE | | SECTOR NO: |
|---|---|---|---|
| | ADDRESS: HURON AVE | | |
| | CITY: LOUISVILLE | STATE: KY | ZIP CODE: 40209 |
| | COUNTY: JEFFERSON | LATITUDE 38 DEG 11.651 MIN | LONGITUDE 85 DEG 45.181 MIN |

**OFFENSE DATA**

| SEQUENCE # 1 OF 1 | LOCATION TYPE: AIR/BUS/TRAIN TERMINAL | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|
| OFFENSE DESCRIPTION: TBUT OR DISP AUTO - $10,000 OR MORE BUT U/$1,000,000 | | | |

| OFFENSE CODE: 24044 | ASCF CODE: 0 | KRS CODE: 514.030 | CLASS: C | DEGREE: F | COUNTS: 1 |
|---|---|---|---|---|---|

| BIAS MOTIVATION: UNKNOWN (MOTIVATION NOT KNOWN) | METHOD ENTRY: | NUMBER PREMISES: | |
|---|---|---|---|

| SCHOOL NAME: | SCHOOL TYPE: | CAMPUS? |
|---|---|---|

| OFFENDER SUSPECTED OF USING: NOT APPLICABLE | COURT ORDER TYPE: |
|---|---|

| SEQUENCE # OF | LOCATION TYPE: | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|
| OFFENSE DESCRIPTION: | | | |

| OFFENSE CODE: | ASCF CODE: | KRS CODE: | CLASS: | DEGREE: | COUNTS: |
|---|---|---|---|---|---|

| BIAS MOTIVATION: | METHOD ENTRY: | NUMBER PREMISES: | |
|---|---|---|---|

| SCHOOL NAME: | SCHOOL TYPE: | CAMPUS? |
|---|---|---|

| OFFENDER SUSPECTED OF USING: | COURT ORDER TYPE: |
|---|---|

| SEQUENCE # OF | LOCATION TYPE: | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|
| OFFENSE DESCRIPTION: | | | |

| OFFENSE CODE: | ASCF CODE: | KRS CODE: | CLASS: | DEGREE: | COUNTS: |
|---|---|---|---|---|---|

| BIAS MOTIVATION: | METHOD ENTRY: | NUMBER PREMISES: | |
|---|---|---|---|

| SCHOOL NAME: | SCHOOL TYPE: | CAMPUS? |
|---|---|---|

| OFFENDER SUSPECTED OF USING: | COURT ORDER TYPE: |
|---|---|

**PROPERTY DATA**

**UNIT**

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|
| 1 | AUTOMOBILES | STOLEN (NOT RECOVERED) | $23,262.00 | | | |

| UNIT TYPE | VEHICLE MAKE | VEHICLE MODEL | YEAR | VEHICLE TYPE |
|---|---|---|---|---|
| ROADWAY VEHICLE | GENERAL MOTORS CORP | TERRAIN | 2014 | CARRY-ALL (Rugged trail vehic) |

| VEHICLE COLOR | VIN NUMBER | OWNER APPLIED # | REGISTRATION STATE, YEAR, & NUMBER | | |
|---|---|---|---|---|---|
| WHITE | 2GKALREK7E6268749 | | KY | 2015 | CBS7863 |

| VEHICLE DESCRIPTORS | KEYS LEFT IN UNIT? | OWNER |
|---|---|---|
| | UNKNOWN | Victim 1 |

**GENERAL**

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|
| | | | | | | |

| PROPERTY DESCRIPTION | |
|---|---|

| OWNER APPLED NUMBER | SERIAL NUMBER |
|---|---|

| MAKE | MODEL | OWNER |
|---|---|---|

| TOTAL STOLEN VALUE: $23,262.00 | TOTAL RECOVERED VALUE: $0.00 | TOTAL VEHICLES STOLEN: 1 | TOTAL VEHICLES RECOVERED: 0 |
|---|---|---|---|

**STATUS**

| INCIDENT STATUS | CLOSED DATE | CLEARANCE TYPE | CLEARED EXCEPTIONALLY | EX. CLEARANCE DATE | UCR REPORTING FOR OTHER AGENCY |
|---|---|---|---|---|---|
| CLOSED | 01/19/2016 | TIME CLOSED | | | YES ☐ |

| SUBMITTING OFFICER | INVESTIGATING OFFICER | UNIT/BADGE # | REVIEWED BY | TIME SPENT |
|---|---|---|---|---|
| M SIMS | M SIMS | 5826 | J GRIMES | 1 hrs |

Case ID: 151103380
Control No.: 17090690

# KYIBRS REPORT
## COMMONWEALTH OF KENTUCKY

**KSP RECORDS**

## VICTIM DATA

| VICTIM SEQUENCE | | VICTIM NAME | PHONE |
|---|---|---|---|
| 1 of 1 | HERTZ | | (502) 361-1145 |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | |
|---|---|---|
| Address Unknow ☐ ADDRESS: 440 HURON AVE | | VICTIM TYPE: BUS |

| CITY: LOUISVILLE | STATE: KY | ZIP CODE: 40209 | KY RESIDENT: |
|---|---|---|---|

| DATE OF BIRTH | SSN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|

| GENDER | RACE | ETHNIC ORIGIN | PEACE OFFICER? |
|---|---|---|---|
| | | | YES ☐ |

| NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | INJURY TYPE |
|---|---|---|---|---|---|---|---|

| VICTIM OF OFFENSE(S) | AGG ASSAULT/ HOMICIDE CIRC | ADDTL JUSTIFIABLE HOMICIDE CIRC |
|---|---|---|
| 24044 | | |

| LEOKA ASSIGNMENT | LEOKA ACTIVITY |
|---|---|

## SUSPECT/ARRESTEE DATA

| SUSPECT SEQ. # | NAME: | | ARRESTED? | ARREST DATE |
|---|---|---|---|---|
| of | ALIAS: | | YES ☐ | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | | |
|---|---|---|---|

| ADDRESS | | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
|---|---|---|---|---|

| CITY: | STATE: | ZIP CODE: | |
|---|---|---|---|

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|

| ARRESTEE SEQ. # | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | |
|---|---|---|---|---|---|
| of | | | 1 | 4 | 8 |
| | ARRESTEE ARMED WITH | | 2 | 5 | 7 |
| | | | 3 | 6 | 9 |

| SUSPECT SEQ. # | NAME: | | ARRESTED? | ARREST DATE |
|---|---|---|---|---|
| of | ALIAS: | | YES ☐ | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | | |
|---|---|---|---|

| ADDRESS | | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
|---|---|---|---|---|

| CITY: | STATE: | ZIP CODE: | |
|---|---|---|---|

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|

| ARRESTEE SEQ. # | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | |
|---|---|---|---|---|---|
| of | | | 1 | 4 | 7 |
| | ARRESTEE ARMED WITH | | 2 | 5 | 8 |
| | | | 3 | 6 | 9 |

## WITNESS DATA

| WITNESS SEQUENCE | | WITNESS NAME | PHONE |
|---|---|---|---|
| of | | | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | |
|---|---|---|

| ADDRESS: | | DATE OF BIRTH |
|---|---|---|

| CITY: | STATE: | ZIP CODE: | SSN: |
|---|---|---|---|

Case ID: 151103380
Control No.: 17090690

# KYIBRS REPORT: UOR2 SUPPLEMENT

### COMMONWEALTH OF KENTUCKY

KSP RECORDS

**SYNOPSIS:**

On 03/17/2015 at 1945 hours this Officer was dispatched to Hertz Rental in reference to a stolen vehicle report. This Officer arrived and was met by Andrew Simpson, City Ops Manager for Hertz. He advised after inventory by all company procedures ,which started on 10/04/2014 at 12:00pm, Hertz has determined that this vehicle is missing from there fleet ;a 2014 GMC Terrain 4 door white Ky License plate CBS7863  Vin# 2GKALREK7E6268749. THIS Officer advised hertz that if the vehicle is found  by them that they need to contact this agency immediately so that it can be taken out of NCIC. This Officer has no further to report.

**MODUS OPERANDI:**

**DATE & TIME OF OCCURRENCE:**

**ACCUSED:**

**SUSPECTS:**

**STOLEN PROPERTY:**

**OTHER PROPERTY:**

**EVIDENCE & HOW MARKED:**

**EVIDENCE DISPOSITION:**

**INVESTIGATION:**

**STATUS OF CASE:**
No longer missing/stolen

**ATTACHMENT**

Case ID: 151103380
Control No.: 17090690

SUPPLEMENT

# KYIBRS REPORT
## COMMONWEALTH OF KENTUCKY

KSP RECORDS

**ADMINISTRATIVE**

| AGENCY ORI/NAME  0566900 LOUISVILLE AIRPORT POLICE | | | INCIDENT NUMBER  KY P15-0101 | | |
|---|---|---|---|---|---|
| INCIDENT DATE/TIME | EXACT/ESTIMATE | REPORT DATE | RECEIVED | DISPATCHED | ARRIVED | CLEARED |

| INCIDENT DATE/TIME | EXACT/ESTIMATE | REPORT DATE | RECEIVED | DISPATCHED | ARRIVED | CLEARED |
|---|---|---|---|---|---|---|
| 03/25/2015 TO 03/25/2015 | ESTIMATE | 03/25/2015 | 18:00 | 18:00 | 18:00 | 21:00 |

REPORTED BY: SIMPSON, ANDREW J — HOW REPORTED

LICENSE/ID STATE:     LICENSE/ID NUMBER:

ADDRESS:  440 HURON AVE

CITY: LOUISVILLE    STATE: KY  ZIP CODE: 40209    PHONE NUMBER: (502) 361-1145

EXACT LOCATION OF OFFENSE:
- HURON AVE    SECTOR NO:
- ADDRESS:  HURON AVE
- CITY: LOUISVILLE    STATE: KY  ZIP CODE: 40209
- COUNTY: JEFFERSON    LATITUDE 38 DEG 11.647 MIN  LONGITUDE 85 DEG 45.181 MIN

**OFFENSE DATA**

| SEQUENCE # 1 OF 1 | LOCATION TYPE: AIR/BUS/TRAIN TERMINAL | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|

OFFENSE DESCRIPTION: TBUT OR DISP AUTO - $10,000 OR MORE BUT U/$1,000,000

OFFENSE CODE: 24044  ASCF CODE: 0  KRS CODE: 514.030  CLASS: C  DEGREE: F  COUNTS: 1

BIAS MOTIVATION: NONE (NO BIAS)    METHOD ENTRY:    NUMBER PREMISES:

SCHOOL NAME:    SCHOOL TYPE:    CAMPUS?

OFFENDER SUSPECTED OF USING: NOT APPLICABLE    COURT ORDER TYPE:

| SEQUENCE # OF | LOCATION TYPE: | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|

OFFENSE DESCRIPTION:

OFFENSE CODE:  ASCF CODE:  KRS CODE:  CLASS:  DEGREE:  COUNTS:

BIAS MOTIVATION:    METHOD ENTRY:    NUMBER PREMISES:

SCHOOL NAME:    SCHOOL TYPE:    CAMPUS?

OFFENDER SUSPECTED OF USING:    COURT ORDER TYPE:

| SEQUENCE # OF | LOCATION TYPE: | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|

OFFENSE DESCRIPTION:

OFFENSE CODE:  ASCF CODE:  KRS CODE:  CLASS:  DEGREE:  COUNTS:

BIAS MOTIVATION:    METHOD ENTRY:    NUMBER PREMISES:

SCHOOL NAME:    SCHOOL TYPE:    CAMPUS?

OFFENDER SUSPECTED OF USING:    COURT ORDER TYPE:

**PROPERTY DATA**

**UNIT**

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|
| 1 | AUTOMOBILES | STOLEN (NOT RECOVERED) | $30,000.00 | | | |

| UNIT TYPE | VEHICLE MAKE | VEHICLE MODEL | YEAR | VEHICLE TYPE |
|---|---|---|---|---|
| ROADWAY VEHICLE | FORD | TAURUS | 2013 | SEDAN/4 DOOR |

| VEHICLE COLOR | VIN NUMBER | OWNER APPLIED # | REGISTRATION STATE, YEAR, & NUMBER |
|---|---|---|---|
| WHITE | 1FAHP2E8XDG207698 | | IL 15 A612909 |

| VEHICLE DESCRIPTORS | KEYS LEFT IN UNIT? | OWNER |
|---|---|---|
| | YES | Victim 1 |

**GENERAL**

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|

PROPERTY DESCRIPTION

| OWNER APPLED NUMBER | SERIAL NUMBER |
|---|---|

| MAKE | MODEL | OWNER |
|---|---|---|

| TOTAL STOLEN VALUE | TOTAL RECOVERED VALUE | TOTAL VEHICLES STOLEN | TOTAL VEHICLES RECOVERED |
|---|---|---|---|
| $30,000.00 | $0.00 | 1 | 0 |

**STATUS**

| INCIDENT STATUS | CLOSED DATE | CLEARANCE TYPE | CLEARED EXCEPTIONALLY | EX.CLEARANCE DATE | UCR REPORTING FOR OTHER AGENCY |
|---|---|---|---|---|---|
| CLOSED | 04/24/2016 | SUMMONED/CITED | | | YES ☐ |

| SUBMITTING OFFICER | INVESTIGATING OFFICER | UNIT/BADGE # | REVIEWED BY | TIME SPENT |
|---|---|---|---|---|
| M THOMPSON JR | M THOMPSON JR | 5832 | J BALL | |

| Page 1 of 3 | Incident Number: P15-0101 | Agency ORI: 0566900 | Badge #: 5832 |
|---|---|---|---|

Case ID: 151103380
Control No.: 17090690

# KYIBRS REPORT
## COMMONWEALTH OF KENTUCKY

KSP RECORDS

### VICTIM DATA

| VICTIM SEQUENCE | | VICTIM NAME | PHONE |
|---|---|---|---|
| 1  of  1 | | SIMPSON, ANDREW J | (502) 361-1145 |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | | |
|---|---|---|---|

Address Unknown ☐ ADDRESS: 440 HURON AVE | VICTIM TYPE: INDIVID

| CITY: LOUISVILLE | STATE: KY | ZIP CODE: 40209 | KY RESIDENT: RESIDENT |
|---|---|---|---|

| DATE OF BIRTH | SSN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|
| Unknown | | | | | |

| GENDER | RACE | ETHNIC ORIGIN | PEACE OFFICER? |
|---|---|---|---|
| MALE | UNKNOWN | UNKNOWN | YES ☐ |

| NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | INJURY TYPE |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

| VICTIM OF OFFENSE(S) | AGG ASSAULT/ HOMICIDE CIRC | ADDTL JUSTIFIABLE HOMICIDE CIRC |
|---|---|---|
| 24044 | | |

| LEOKA ASSIGNMENT | LEOKA ACTIVITY |
|---|---|
| | |

### SUSPECT/ARRESTEE DATA

| SUSPECT SEQ. # | NAME: | ARRESTED? | ARREST DATE |
|---|---|---|---|
| of | ALIAS: | YES ☐ | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | | |
|---|---|---|---|

| ADDRESS | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
|---|---|---|---|
| CITY: | STATE: | ZIP CODE: | |

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| ARRESTEE SEQ. # | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | | | | |
|---|---|---|---|---|---|---|---|---|
| of | | | 1 | | 4 | | 8 | |
| | ARRESTEE ARMED WITH | | 2 | | 5 | | 7 | |
| | | | 3 | | 6 | | 9 | |

### SUSPECT/ARRESTEE DATA

| SUSPECT SEQ. # | NAME: | ARRESTED? | ARREST DATE |
|---|---|---|---|
| of | ALIAS: | YES ☐ | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | | |
|---|---|---|---|

| ADDRESS | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
|---|---|---|---|
| CITY: | STATE: | ZIP CODE: | |

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| ARRESTEE SEQ. # | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | | | | |
|---|---|---|---|---|---|---|---|---|
| of | | | 1 | | 4 | | 7 | |
| | ARRESTEE ARMED WITH | | 2 | | 5 | | 8 | |
| | | | 3 | | 6 | | 9 | |

### WITNESS DATA

| WITNESS SEQUENCE | WITNESS NAME | PHONE |
|---|---|---|
| of | | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | |
|---|---|---|

| ADDRESS: | DATE OF BIRTH |
|---|---|
| CITY: | STATE: | ZIP CODE: | SSN: | |

Case ID: 151103380
Control No.: 17090690

# KYIBRS REPORT: UOR2 SUPPLEMENT

KSP RECORDS

### COMMONWEALTH OF KENTUCKY

**SYNOPSIS:**
ON March 25, 2015 I (ofc M. Thompson / 231) was notified by HERTZ Rental Car that they had discovered nine (9) additional vehicles that had been stolen from their service lot at 440 Huron Ave Louisville, KY 40209 while conducting inventory. This is a part of an ongoing investigation by the LRAA Police. Information on the vehicle is as follows, and was entered into NCIC as stolen along with added to the ongoing case file.

2013 Ford Taurus White
1FAHP2E8XDG207698
ILL A612909

**MODUS OPERANDI:**

**DATE & TIME OF OCCURRENCE:**

**ACCUSED:**

**SUSPECTS:**

**STOLEN PROPERTY:**

**OTHER PROPERTY:**

**EVIDENCE & HOW MARKED:**

**EVIDENCE DISPOSITION:**

**INVESTIGATION:**

**STATUS OF CASE:**
Closed on 04/24/2016 Vehicle recovered.

**ATTACHMENT**

Control No.: 17090690

CRIME SUPPLEMENT
COMMONWEALTH OF KENTUCKY

KSP RECORDS

| ADMINISTRATIVE | CASE/INCIDENT NUMBER: KY P15-0101 | | | | | REPORT DATE: 4/17/2016 | |
|---|---|---|---|---|---|---|---|
| | REPORTING AGENCY ORI/NAME:   0566900 LOUISVILLE AIRPORT POLICE | | | | | | |
| | PRIMARY INVESTIGATING AGENCY ORI/NAME:   0566900 LOUISVILLE AIRPORT POLICE | | | | | | |
| | REPORTING OFFICER NAME:  M SIMS | | | | REPORTING OFFICER UNIT BADGE ID:  5826 | | |
| | PRIMARY OFFICER UNIT BADGE ID:   5832 | | | | | | |
| | REVIEWED BY:  J GRIMES | | | | | | |

| WITNESS DATA | WITNESS SEQUENCE of | WITNESS NAME | | | | PHONE | |
|---|---|---|---|---|---|---|---|
| | ADDRESS: | | | | | DATE OF BIRTH | |
| | CITY: | | STATE: | ZIP CODE: | SSN: | | |
| | WITNESS SEQUENCE of | WITNESS NAME | | | | PHONE | |
| | ADDRESS: | | | | | DATE OF BIRTH | |
| | CITY: | | STATE: | ZIP CODE: | SSN: | | |

NARRATIVE

04/17/2016 at 03:13 hours Jefferson County Sheriff's Office reported to this Officer that Shively Police Department recovered this Stolen vehicle entered by Airport Police on 03/25/2015 by Officer M.Thompson. Vehicle has been cleared from N.C.I.C. And Brandi ,with Hertz has been sent an email in reference to this case.This case is now closed with vehicle recovered

Case ID: 151103380
Control No.: 17090690

# KYIBRS REPORT

## COMMONWEALTH OF KENTUCKY

KSP RECORDS

| ADMINISTRATIVE | | | | | | | |
|---|---|---|---|---|---|---|---|
| AGENCY ORINAME  0566900 LOUISVILLE AIRPORT POLICE | | | | INCIDENT NUMBER   KY P15-0102 | | | |
| INCIDENT DATE/TIME | | EXACT/ESTIMATE | REPORT DATE | RECEIVED | DISPATCHED | ARRIVED | CLEARED |
| 03/25/2015 18:00 TO 03/25/2015 18:00 | | ESTIMATE | 03/25/2015 | 18:00 | 18:00 | 18:00 | 18:00 |
| REPORTED BY:  SIMPSON, ANDREW J | | | | | | HOW REPORTED | |
| LICENSE/ID STATE: | LICENSE/ID NUMBER: | | | | | | |
| ADDRESS:  440 HURON AVE | | | | | | | |
| CITY:  LOUISVILLE | | STATE:  KY  ZIP CODE:  40209 | | PHONE NUMBER:  (502) 361-1145 | | | |

| EXACT LOCATION OF OFFENSE | | | | |
|---|---|---|---|---|
| | HURON AVE | | SECTOR NO: | |
| | ADDRESS:  440 HURON AVE | | | |
| | CITY:  LOUISVILLE | | STATE: KY  ZIP CODE:  40209 | |
| | COUNTY: JEFFERSON | LATITUDE  38 DEG  11.647 MIN | LONGITUDE  85 DEG  45.181 MIN | |

**OFFENSE DATA**

| SEQUENCE #  1  OF  1 | LOCATION TYPE:  AIR/BUS/TRAIN TERMINAL | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|
| OFFENSE DESCRIPTION:  TBUT OR DISP AUTO - $10,000 OR MORE BUT U/$1,000,000 | | | |
| OFFENSE CODE:  24044 | ASCF CODE:  0 | KRS CODE:  514.030 | CLASS:  C  DEGREE:  F  COUNTS:  1 |
| BIAS MOTIVATION:  NONE (NO BIAS) | | METHOD ENTRY: | NUMBER PREMISES: |
| SCHOOL NAME: | | SCHOOL TYPE: | CAMPUS? |
| OFFENDER SUSPECTED OF USING:  NOT APPLICABLE | | COURT ORDER TYPE: | |

| SEQUENCE #  OF | LOCATION TYPE: | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|
| OFFENSE DESCRIPTION: | | | |
| OFFENSE CODE: | ASCF CODE: | KRS CODE: | CLASS:  DEGREE:  COUNTS: |
| BIAS MOTIVATION: | | METHOD ENTRY: | NUMBER PREMISES: |
| SCHOOL NAME: | | SCHOOL TYPE: | CAMPUS? |
| OFFENDER SUSPECTED OF USING: | | COURT ORDER TYPE: | |

| SEQUENCE #  OF | LOCATION TYPE: | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|
| OFFENSE DESCRIPTION: | | | |
| OFFENSE CODE: | ASCF CODE: | KRS CODE: | CLASS:  DEGREE:  COUNTS: |
| BIAS MOTIVATION: | | METHOD ENTRY: | NUMBER PREMISES: |
| SCHOOL NAME: | | SCHOOL TYPE: | CAMPUS? |
| OFFENDER SUSPECTED OF USING: | | COURT ORDER TYPE: | |

**PROPERTY DATA**

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|
| 1 | AUTOMOBILES | STOLEN (NOT RECOVERED) | $35,000.00 | | | |

**UNIT**

| UNIT TYPE | VEHICLE MAKE | VEHICLE MODEL | YEAR | VEHICLE TYPE |
|---|---|---|---|---|
| ROADWAY VEHICLE | DODGE | CHARGER(AND SHELBY CHA | 2013 | SEDAN/4 DOOR |

| VEHICLE COLOR | VIN NUMBER | OWNER APPLIED # | REGISTRATION STATE, YEAR, & NUMBER |
|---|---|---|---|
| BLACK | 2C3CDXBG4DH689129 | | IL  2015  N864560 |

| VEHICLE DESCRIPTORS | KEYS LEFT IN UNIT? | OWNER |
|---|---|---|
| | YES | Victim 1 |

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|
| | | | | | | |

**GENERAL**

| PROPERTY DESCRIPTION | | |
|---|---|---|
| OWNER APPLED NUMBER | SERIAL NUMBER | |
| MAKE | MODEL | OWNER |

| TOTAL STOLEN VALUE:  $35,000.00 | TOTAL RECOVERED VALUE:  $0.00 | TOTAL VEHICLES STOLEN:  1 | TOTAL VEHICLES RECOVERED:  0 |
|---|---|---|---|

**STATUS**

| INCIDENT STATUS | CLOSED DATE | CLEARANCE TYPE | CLEARED EXCEPTIONALLY | EX. CLEARANCE DATE | UCR REPORTING FOR OTHER AGENCY |
|---|---|---|---|---|---|
| OPEN | | | | | YES ☐ |

| SUBMITTING OFFICER | INVESTIGATING OFFICER | UNIT/BADGE # | REVIEWED BY | TIME SPENT |
|---|---|---|---|---|
| M THOMPSON JR | M THOMPSON JR | 5832 | J GRIMES | |

Page  1  of  3     Incident Number:  P15-0102     Agency ORI: 0566900     Badge #:  5832

Case ID: 151103380
Control No.: 17090690

# KYIBRS REPORT
## COMMONWEALTH OF KENTUCKY

KSP RECORDS

| VICTIM SEQUENCE | VICTIM NAME | | PHONE |
|---|---|---|---|
| 1  of  1 | SIMPSON, ANDREW J | | (502) 361-1145 |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | | |
|---|---|---|---|

Address Unknown ☐  ADDRESS: **440 HURON AVE**    VICTIM TYPE: INDIVID

| CITY:  LOUISVILLE | STATE:  KY | ZIP CODE:  40209 | KY RESIDENT:  UNKNOWN |
|---|---|---|---|

| DATE OF BIRTH | SSN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|
| Unknown | | | | | |

| GENDER | RACE | ETHNIC ORIGIN | PEACE OFFICER? |
|---|---|---|---|
| UNKNOWN | UNKNOWN | UNKNOWN | YES ☐ |

| NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | INJURY TYPE |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

| VICTIM OF OFFENSE(S) | AGG ASSAULT/ HOMICIDE CIRC | ADDTL JUSTIFIABLE HOMICIDE CIRC |
|---|---|---|
| 24044 | | |

| LEOKA ASSIGNMENT | LEOKA ACTIVITY |
|---|---|
| | |

**VICTIM DATA**

**SUSPECT/ARRESTEE DATA**

| SUSPECT SEQ.# | NAME: | | | ARRESTED? | ARREST DATE |
|---|---|---|---|---|---|
| of | ALIAS: | | | YES ☐ | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | | |
|---|---|---|---|

| ADDRESS | | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
|---|---|---|---|---|

| CITY: | STATE: | ZIP CODE: | | |
|---|---|---|---|---|

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|

| ARRESTEE SEQ.# | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | |
|---|---|---|---|---|---|
| of | | | 1 | 4 | 8 |
| ARRESTEE ARMED WITH | | | 2 | 5 | 7 |
| | | | 3 | 6 | 9 |

| SUSPECT SEQ.# | NAME: | | | ARRESTED? | ARREST DATE |
|---|---|---|---|---|---|
| of | ALIAS: | | | YES ☐ | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | | |
|---|---|---|---|

| ADDRESS | | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
|---|---|---|---|---|

| CITY: | STATE: | ZIP CODE: | | |
|---|---|---|---|---|

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|

| ARRESTEE SEQ.# | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | |
|---|---|---|---|---|---|
| of | | | 1 | 4 | 7 |
| ARRESTEE ARMED WITH | | | 2 | 5 | 8 |
| | | | 3 | 6 | 9 |

**WITNESS DATA**

| WITNESS SEQUENCE | WITNESS NAME | PHONE |
|---|---|---|
| of | | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | |
|---|---|---|

| ADDRESS: | | DATE OF BIRTH |
|---|---|---|

| CITY: | STATE: | ZIP CODE: | SSN: | |
|---|---|---|---|---|

Badge #: 5131103380
Case ID:
Control No.: 17090690

## KYIBRS REPORT: UOR2 SUPPLEMENT

KSP RECORDS

### COMMONWEALTH OF KENTUCKY

*SYNOPSIS:*

ON March 25, 2015 I (ofc M. Thompson / 231) was notified by HERTZ Rental Car that they had discovered nine (9) additional vehicles that had been stolen from their service lot at 440 Huron Ave Louisville, KY 40209 while conducting inventory. This is a part of an ongoing investigation by the LRAA Police. Information on the vehicle is as follows, and was entered into NCIC as stolen along with added to the ongoing case file.

2013 DODGE CHARGER BLACK
2C3CDXBG4DH689129
ILL N864560

*MODUS OPERANDI:*

*DATE & TIME OF OCCURRENCE:*

*ACCUSED:*

*SUSPECTS:*

*STOLEN PROPERTY:*

*OTHER PROPERTY:*

*EVIDENCE & HOW MARKED:*

*EVIDENCE DISPOSITION:*

*INVESTIGATION:*

*STATUS OF CASE:*

*ATTACHMENT*

Case ID: 51103380
Control No.: 17090690

# KYIBRS REPORT
## COMMONWEALTH OF KENTUCKY

KSP RECORDS

### ADMINISTRATIVE

| AGENCY ORI/NAME | 0566900 LOUISVILLE AIRPORT POLICE | | INCIDENT NUMBER | KY P15-0103 | | |
|---|---|---|---|---|---|---|

| INCIDENT DATE/TIME | EXACT/ESTIMATE | REPORT DATE | RECEIVED | DISPATCHED | ARRIVED | CLEARED |
|---|---|---|---|---|---|---|
| 03/25/2015 18:00 TO 03/25/2015 18:00 | ESTIMATE | 03/25/2015 | 18:00 | 18:00 | 18:00 | 18:00 |

REPORTED BY: SIMPSON, ANDREW J — HOW REPORTED

LICENSE/ID STATE:   LICENSE/ID NUMBER:

ADDRESS: 440 HURON AVE

| CITY: LOUISVILLE | STATE: KY | ZIP CODE: 40209 | PHONE NUMBER: (502) 361-1145 |
|---|---|---|---|

| EXACT LOCATION OF OFFENSE | HURON AVE | | |
|---|---|---|---|
| | ADDRESS: 440 HURON AVE | | SECTOR NO: |
| | CITY: LOUISVILLE | STATE: KY | ZIP CODE: 40209 |
| | COUNTY: JEFFERSON | LATITUDE 38 DEG 11.647 MIN | LONGITUDE 85 DEG 45.181 MIN |

### OFFENSE DATA

| SEQUENCE # 1 OF 1 | LOCATION TYPE: AIR/BUS/TRAIN TERMINAL | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|

OFFENSE DESCRIPTION:   TBUT OR DISP AUTO - $10,000 OR MORE BUT U/$1,000,000

| OFFENSE CODE: 24044 | ASOF CODE: 0 | KRS CODE: 514.030 | CLASS: C | DEGREE: F | COUNTS: 1 | |
|---|---|---|---|---|---|---|

| BIAS MOTIVATION: NONE (NO BIAS) | METHOD ENTRY: | NUMBER PREMISES: | |
|---|---|---|---|

| SCHOOL NAME: | SCHOOL TYPE: | CAMPUS? |
|---|---|---|

OFFENDER SUSPECTED OF USING:   NOT APPLICABLE   COURT ORDER TYPE:

| SEQUENCE # OF | LOCATION TYPE: | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|

OFFENSE DESCRIPTION:

| OFFENSE CODE: | ASOF CODE: | KRS CODE: | CLASS: | DEGREE: | COUNTS: | |
|---|---|---|---|---|---|---|

| BIAS MOTIVATION: | METHOD ENTRY: | NUMBER PREMISES: | |
|---|---|---|---|

| SCHOOL NAME: | SCHOOL TYPE: | CAMPUS? |
|---|---|---|

OFFENDER SUSPECTED OF USING:   COURT ORDER TYPE:

| SEQUENCE # OF | LOCATION TYPE: | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|

OFFENSE DESCRIPTION:

| OFFENSE CODE: | ASOF CODE: | KRS CODE: | CLASS: | DEGREE: | COUNTS: | |
|---|---|---|---|---|---|---|

| BIAS MOTIVATION: | METHOD ENTRY: | NUMBER PREMISES: | |
|---|---|---|---|

| SCHOOL NAME: | SCHOOL TYPE: | CAMPUS? |
|---|---|---|

OFFENDER SUSPECTED OF USING:   COURT ORDER TYPE:

### PROPERTY DATA

#### UNIT

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|
| 1 | AUTOMOBILES | STOLEN (NOT RECOVERED) | $35,000.00 | | | |

| UNIT TYPE | VEHICLE MAKE | VEHICLE MODEL | YEAR | VEHICLE TYPE |
|---|---|---|---|---|
| ROADWAY VEHICLE | VOLVO | S50 | 2014 | SEDAN/4 DOOR |

| VEHICLE COLOR | VIN NUMBER | OWNER APPLIED # | REGISTRATION STATE, YEAR, & NUMBER |
|---|---|---|---|
| BLACK | YV1612FS4E1299175 | | VA 2015 WLX5576 |

| VEHICLE DESCRIPTORS | KEYS LEFT IN UNIT? | OWNER |
|---|---|---|
| | YES | Victim 1 |

#### GENERAL

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|
| | | | | | | |

PROPERTY DESCRIPTION

| OWNER APPLED NUMBER | SERIAL NUMBER |
|---|---|

| MAKE | MODEL | OWNER |
|---|---|---|

| TOTAL STOLEN VALUE: $35,000.00 | TOTAL RECOVERED VALUE: $0.00 | TOTAL VEHICLES STOLEN: 1 | TOTAL VEHICLES RECOVERED: 0 |
|---|---|---|---|

### STATUS

| INCIDENT STATUS | CLOSED DATE | CLEARANCE TYPE | CLEARED EXCEPTIONALLY | EX. CLEARANCE DATE | UCR REPORTING FOR OTHER AGENCY |
|---|---|---|---|---|---|
| OPEN | | | | | YES ☐ |

| SUBMITTING OFFICER | INVESTIGATING OFFICER | UNIT/BADGE # | REVIEWED BY | TIME SPENT |
|---|---|---|---|---|
| M THOMPSON JR | M THOMPSON JR | 5832 | J GRIMES | |

Case ID: 151103380
Control No.: 17090690

# KYIBRS REPORT
## COMMONWEALTH OF KENTUCKY

**KSP RECORDS**

### VICTIM DATA

| VICTIM SEQUENCE | | VICTIM NAME | | PHONE |
|---|---|---|---|---|
| 1 of 1 | | SIMPSON, ANDREW J | | (502) 361-1145 |

| LICENSE/ID STATE: | | LICENSE/ID NUMBER: | | | VICTIM TYPE: INDIVID |
|---|---|---|---|---|---|
| Address Unknown ☐ ADDRESS: 440 HURON AVE | | | | | |

| CITY: LOUISVILLE | STATE: KY | ZIP CODE: 40209 | KY RESIDENT: UNKNOWN |
|---|---|---|---|

| DATE OF BIRTH | SSN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|
| Unknown | | | | | |

| GENDER | RACE | ETHNIC ORIGIN | PEACE OFFICER? |
|---|---|---|---|
| UNKNOWN | UNKNOWN | UNKNOWN | YES ☐ |

| NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | INJURY TYPE |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| VICTIM OF OFFENSE(S) | AGG ASSAULT/ HOMICIDE CIRC | ADDTL JUSTIFIABLE HOMICIDE CIRC |
|---|---|---|
| 24044 | | |

| LEOKA ASSIGNMENT | LEOKA ACTIVITY |
|---|---|
| | |

### SUSPECT/ARRESTEE DATA

| SUSPECT SEQ. # | NAME: | | ARRESTED? | ARREST DATE |
|---|---|---|---|---|
| of | ALIAS: | | YES ☐ | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | | | |
|---|---|---|---|---|
| ADDRESS | | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
| CITY: | STATE: | ZIP CODE: | | |

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| ARRESTEE SEQ. # | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | |
|---|---|---|---|---|---|
| of | | | 1 | 4 | 8 |
| ARRESTEE ARMED WITH | | | 2 | 5 | 7 |
| | | | 3 | 6 | 9 |

| SUSPECT SEQ. # | NAME: | | ARRESTED? | ARREST DATE |
|---|---|---|---|---|
| of | ALIAS: | | YES ☐ | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | | | |
|---|---|---|---|---|
| ADDRESS | | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
| CITY: | STATE: | ZIP CODE: | | |

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| ARRESTEE SEQ. # | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | |
|---|---|---|---|---|---|
| of | | | 1 | 4 | 7 |
| ARRESTEE ARMED WITH | | | 2 | 5 | 8 |
| | | | 3 | 6 | 9 |

### WITNESS DATA

| WITNESS SEQUENCE | WITNESS NAME | PHONE |
|---|---|---|
| of | | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | | |
|---|---|---|---|
| ADDRESS: | | | DATE OF BIRTH |
| CITY: | STATE: | ZIP CODE: | SSN: |

## KYIBRS REPORT: UOR2 SUPPLEMENT

### COMMONWEALTH OF KENTUCKY

**SYNOPSIS:**

ON March 25, 2015 I (ofc M. Thompson / 231) was notified by HERTZ Rental Car that they had discovered nine (9) additional vehicles that had been stolen from their service lot at 440 Huron Ave Louisville, KY 40209 while conducting inventory. This is a part of an ongoing investigation by the LRAA Police. Information on the vehicle is as follows, and was entered into NCIC as stolen along with added to the ongoing case file.

2014 VOLVO S60 BLACK
YV1612FS4E1299175
VA WLX5576

**MODUS OPERANDI:**

**DATE & TIME OF OCCURRENCE:**

**ACCUSED:**

**SUSPECTS:**

**STOLEN PROPERTY:**

**OTHER PROPERTY:**

**EVIDENCE & HOW MARKED:**

**EVIDENCE DISPOSITION:**

**INVESTIGATION:**

**STATUS OF CASE:**

**ATTACHMENT**

Case ID: 25151103380
Control No.: 17090690

# KYIBRS REPORT

## COMMONWEALTH OF KENTUCKY

**KSP RECORDS**

### ADMINISTRATIVE

| AGENCY ORI/NAME  0566900 LOUISVILLE AIRPORT POLICE | | | INCIDENT NUMBER   KY P15-0104 | | |
|---|---|---|---|---|---|

| INCIDENT DATE/TIME | EXACT/ESTIMATE | REPORT DATE | RECEIVED | DISPATCHED | ARRIVED | CLEARED |
|---|---|---|---|---|---|---|
| 03/25/2015 18:00 TO 03/25/2015 18:00 | **ESTIMATE** | 03/25/2015 | 18:00 | 18:00 | 18:00 | 21:00 |

REPORTED BY:  **SIMPSON, ANDREW J**   HOW REPORTED

LICENSE/ID STATE:   LICENSE/ID NUMBER:

ADDRESS:  **440 HURON AVE**

CITY:  **LOUISVILLE**   STATE:  **KY**  ZIP CODE:  **40209**   PHONE NUMBER:  **(502) 361-1145**

EXACT LOCATION OF OFFENSE:
- **HURON AVE**   SECTOR NO:
- ADDRESS:  **440 HURON AVE**
- CITY:  **LOUISVILLE**   STATE:  **KY**  ZIP CODE:  **40209**
- COUNTY:  **JEFFERSON**   LATITUDE  **38 DEG**  **11.647 MIN**  LONGITUDE  **85 DEG**  **45.181 MIN**

### OFFENSE DATA

**SEQUENCE #  1  OF  1**   LOCATION TYPE:  AIR/BUS/TRAIN TERMINAL   TYPE WEAPON/FORCE INVOLVED   CRIMINAL ACTIVITY/GANG IFO

OFFENSE DESCRIPTION:  TBUT OR DISP AUTO - $10,000 OR MORE BUT U/$1,000,000

| OFFENSE CODE: 24044 | ASCF CODE: 0 | KRS CODE: 514.030 | CLASS: C | DEGREE: F | COUNTS: 1 |
|---|---|---|---|---|---|

BIAS MOTIVATION:  NONE (NO BIAS)   METHOD ENTRY:   NUMBER PREMISES:

SCHOOL NAME:   SCHOOL TYPE:   CAMPUS?

OFFENDER SUSPECTED OF USING:  NOT APPLICABLE   COURT ORDER TYPE:

**SEQUENCE #  OF**   LOCATION TYPE:   TYPE WEAPON/FORCE INVOLVED   CRIMINAL ACTIVITY/GANG IFO

OFFENSE DESCRIPTION:

| OFFENSE CODE: | ASCF CODE: | KRS CODE: | CLASS: | DEGREE: | COUNTS: |
|---|---|---|---|---|---|

BIAS MOTIVATION:   METHOD ENTRY:   NUMBER PREMISES:

SCHOOL NAME:   SCHOOL TYPE:   CAMPUS?

OFFENDER SUSPECTED OF USING:   COURT ORDER TYPE:

**SEQUENCE #  OF**   LOCATION TYPE:   TYPE WEAPON/FORCE INVOLVED   CRIMINAL ACTIVITY/GANG IFO

OFFENSE DESCRIPTION:

| OFFENSE CODE: | ASCF CODE: | KRS CODE: | CLASS: | DEGREE: | COUNTS: |
|---|---|---|---|---|---|

BIAS MOTIVATION:   METHOD ENTRY:   NUMBER PREMISES:

SCHOOL NAME:   SCHOOL TYPE:   CAMPUS?

OFFENDER SUSPECTED OF USING:   COURT ORDER TYPE:

### PROPERTY DATA

**UNIT**

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|
| 1 | AUTOMOBILES | STOLEN (NOT RECOVERED) | $35,000.00 | | | |

| UNIT TYPE | VEHICLE MAKE: | VEHICLE MODEL | YEAR | VEHICLE TYPE |
|---|---|---|---|---|
| ROADWAY VEHICLE | CHRYSLER | 200 SERIES | 2013 | SEDAN/4 DOOR |

| VEHICLE COLOR | VIN NUMBER | OWNER APPLIED # | REGISTRATION STATE, YEAR, & NUMBER | | |
|---|---|---|---|---|---|
| RED | 1C3CCBBB3DN656320 | | FL | 2015 | 667LBB |

| VEHICLE DESCRIPTORS | KEYS LEFT IN UNIT? | OWNER |
|---|---|---|
| | YES | Victim 1 |

**GENERAL**

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|

PROPERTY DESCRIPTION

| OWNER APPLED NUMBER | SERIAL NUMBER |
|---|---|

| MAKE | MODEL | OWNER |
|---|---|---|

| TOTAL STOLEN VALUE: $35,000.00 | TOTAL RECOVERED VALUE: $0.00 | TOTAL VEHICLES STOLEN: 1 | TOTAL VEHICLES RECOVERED: 0 |
|---|---|---|---|

### STATUS

| INCIDENT STATUS | CLOSED DATE | CLEARANCE TYPE | CLEARED EXCEPTIONALLY | EX. CLEARANCE DATE | UCR REPORTING FOR OTHER AGENCY |
|---|---|---|---|---|---|
| OPEN | | | | | YES ☐ |

| SUBMITTING OFFICER | INVESTIGATING OFFICER | UNIT/BADGE # | REVIEWED BY | TIME SPENT |
|---|---|---|---|---|
| M THOMPSON JR | M THOMPSON JR | 5832 | J GRIMES | |

Page  1  of  3   Incident Number:  P15-0104   Agency ORI: 0566900   Badge #: 5832

Case ID: 151103380
Control No.: 17090690

# KYIBRS REPORT
## COMMONWEALTH OF KENTUCKY

**KSP RECORDS**

### VICTIM DATA

| VICTIM SEQUENCE | VICTIM NAME | PHONE |
|---|---|---|
| 1 of 1 | SIMPSON, ANDREW J | (502) 361-1145 |

| LICENSE/ID STATE: | LICENSE/ID NUMBER; |
|---|---|

☐ Address Unknown  ADDRESS: **440 HURON AVE**   VICTIM TYPE: INDIVID

| CITY: **LOUISVILLE** | STATE: **KY** | ZIP CODE: **40209** | KY RESIDENT: **UNKNOWN** |
|---|---|---|---|

| DATE OF BIRTH | SSN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|
| **Unknown** | | | | | |

| GENDER | RACE | ETHNIC ORIGIN | PEACE OFFICER? |
|---|---|---|---|
| **UNKNOWN** | **UNKNOWN** | **UNKNOWN** | YES ☐ |

| NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | INJURY TYPE |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

| VICTIM OF OFFENSE(S) | AGG ASSAULT/ HOMICIDE CIRC | ADDTL JUSTIFIABLE HOMICIDE CIRC |
|---|---|---|
| 24044 | | |

| LEOKA ASSIGNMENT | LEOKA ACTIVITY |
|---|---|

### SUSPECT/ARRESTEE DATA

| SUSPECT SEQ.# | NAME: | ARRESTED? | ARREST DATE |
|---|---|---|---|
| of | ALIAS: | YES ☐ | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: |
|---|---|

| ADDRESS | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
|---|---|---|---|

| CITY: | STATE: | ZIP CODE: |
|---|---|---|

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|

| ARRESTEE SEQ.# | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | | | | |
|---|---|---|---|---|---|---|---|---|
| of | | | 1 | | 4 | | 8 | |
| | ARRESTEE ARMED WITH | | 2 | | 5 | | 7 | |
| | | | 3 | | 6 | | 9 | |

### SUSPECT/ARRESTEE DATA

| SUSPECT SEQ.# | NAME: | ARRESTED? | ARREST DATE |
|---|---|---|---|
| of | ALIAS: | YES ☐ | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: |
|---|---|

| ADDRESS | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
|---|---|---|---|

| CITY: | STATE: | ZIP CODE: |
|---|---|---|

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|

| ARRESTEE SEQ.# | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | | | | |
|---|---|---|---|---|---|---|---|---|
| of | | | 1 | | 4 | | 7 | |
| | ARRESTEE ARMED WITH | | 2 | | 5 | | 8 | |
| | | | 3 | | 6 | | 9 | |

### WITNESS DATA

| WITNESS SEQUENCE | WITNESS NAME | PHONE |
|---|---|---|
| of | | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: |
|---|---|

| ADDRESS: | DATE OF BIRTH |
|---|---|

| CITY: | STATE: | ZIP CODE: | SSN: |
|---|---|---|---|

Case ID: 151103380
Control No.: 17090690

## KYIBRS REPORT: UOR2 SUPPLEMENT

KSP RECORDS

### COMMONWEALTH OF KENTUCKY

**SYNOPSIS:**

ON March 25, 2015 I (ofc M. Thompson / 231) was notified by HERTZ Rental Car that they had discovered nine (9) additional vehicles that had been stolen from their service lot at 440 Huron Ave Louisville, KY 40209 while conducting inventory. This is a part of an ongoing investigation by the LRAA Police. Information on the vehicle is as follows, and was entered into NCIC as stolen along with added to the ongoing case file.

2013 Chrysler 200 4DOOR RED
1C3CCBBB3DN656320
FL 667LBB

**MODUS OPERANDI:**

**DATE & TIME OF OCCURRENCE:**

**ACCUSED:**

**SUSPECTS:**

**STOLEN PROPERTY:**

**OTHER PROPERTY:**

**EVIDENCE & HOW MARKED:**

**EVIDENCE DISPOSITION:**

**INVESTIGATION:**

**STATUS OF CASE:**

**ATTACHMENT**

# KYIBRS REPORT
## COMMONWEALTH OF KENTUCKY

**KSP RECORDS**

| AGENCY ORI/NAME | 0566900 LOUISVILLE AIRPORT POLICE | | | INCIDENT NUMBER | KY P15-0105 | | |
|---|---|---|---|---|---|---|---|

**ADMINISTRATIVE**

| INCIDENT DATE/TIME | EXACT/ESTIMATE | REPORT DATE | RECEIVED | DISPATCHED | ARRIVED | CLEARED |
|---|---|---|---|---|---|---|
| 03/25/2015 18:00 TO 03/25/2015 18:00 | ESTIMATE | 03/25/2015 | 18:00 | 18:00 | 18:00 | 21:00 |

REPORTED BY: SIMPSON, ANDREW J | | HOW REPORTED

LICENSE/ID STATE: | LICENSE/ID NUMBER:

ADDRESS: 440 HURON AVE

| CITY: LOUISVILLE | STATE: KY | ZIP CODE: 40209 | PHONE NUMBER: (502) 361-1145 |
|---|---|---|---|

EXACT LOCATION OF OFFENSE:
HURON AVE | SECTOR NO:
ADDRESS: 440 HURON AVE
CITY: LOUISVILLE | STATE: KY | ZIP CODE: 40209

| COUNTY: JEFFERSON | LATITUDE | 38 DEG | 11.647 MIN | LONGITUDE | 85 DEG | 45.181 MIN |
|---|---|---|---|---|---|---|

**OFFENSE DATA**

| SEQUENCE # 1 OF 1 | LOCATION TYPE: AIR/BUS/TRAIN TERMINAL | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|

OFFENSE DESCRIPTION: TBUT OR DISP AUTO - $10,000 OR MORE BUT U$1,000,000

| OFFENSE CODE: 24044 | ASCF CODE: 0 | KRS CODE: 514.030 | CLASS: C | DEGREE: F | COUNTS: 1 |
|---|---|---|---|---|---|

| BIAS MOTIVATION: NONE (NO BIAS) | METHOD ENTRY: | NUMBER PREMISES: | |
|---|---|---|---|

| SCHOOL NAME: | SCHOOL. TYPE: | CAMPUS? |
|---|---|---|

OFFENDER SUSPECTED OF USING: NOT APPLICABLE | COURT ORDER TYPE:

| SEQUENCE # OF | LOCATION TYPE: | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|

OFFENSE DESCRIPTION:

| OFFENSE CODE: | ASCF CODE: | KRS CODE: | CLASS: | DEGREE: | COUNTS: |
|---|---|---|---|---|---|

| BIAS MOTIVATION: | METHOD ENTRY: | NUMBER PREMISES: | |
|---|---|---|---|

| SCHOOL NAME: | SCHOOL. TYPE: | CAMPUS? |
|---|---|---|

OFFENDER SUSPECTED OF USING: | COURT ORDER TYPE:

| SEQUENCE # OF | LOCATION TYPE: | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|

OFFENSE DESCRIPTION:

| OFFENSE CODE: | ASCF CODE: | KRS CODE: | CLASS: | DEGREE: | COUNTS: |
|---|---|---|---|---|---|

| BIAS MOTIVATION: | METHOD ENTRY: | NUMBER PREMISES: | |
|---|---|---|---|

| SCHOOL NAME: | SCHOOL. TYPE: | CAMPUS? |
|---|---|---|

OFFENDER SUSPECTED OF USING: | COURT ORDER TYPE:

**PROPERTY DATA**

**UNIT**

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|
| 1 | AUTOMOBILES | STOLEN (NOT RECOVERED) | $35,000.00 | | | |

| UNIT TYPE | VEHICLE MAKE | VEHICLE MODEL | YEAR | VEHICLE TYPE |
|---|---|---|---|---|
| ROADWAY VEHICLE | CADILLAC | ATS | 2013 | SEDAN/4 DOOR |

| VEHICLE COLOR | VIN NUMBER | OWNER APPLIED # | REGISTRATION STATE, YEAR, & NUMBER | | |
|---|---|---|---|---|---|
| SILVER/ALUMINUM | 1G6AB5R38D0149158 | | LA | 2015 | N330083 |

| VEHICLE DESCRIPTORS | KEYS LEFT IN UNIT? | OWNER |
|---|---|---|
| | YES | Victim 1 |

**GENERAL**

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|
| | PROPERTY DESCRIPTION | | | | | |

| OWNER APPLED NUMBER | SERIAL NUMBER |
|---|---|

| MAKE | MODEL | OWNER |
|---|---|---|

| TOTAL STOLEN VALUE: $35,000.00 | TOTAL RECOVERED VALUE: $0.00 | TOTAL VEHICLES STOLEN: 1 | TOTAL VEHICLES RECOVERED: 0 |
|---|---|---|---|

**STATUS**

| INCIDENT STATUS | CLOSED DATE | CLEARANCE TYPE | CLEARED EXCEPTIONALLY | EX. CLEARANCE DATE | UCR REPORTING FOR OTHER AGENCY |
|---|---|---|---|---|---|
| OPEN | | | | | YES ☐ |

| SUBMITTING OFFICER | INVESTIGATING OFFICER | UNIT/BADGE # | REVIEWED BY | TIME SPENT |
|---|---|---|---|---|
| M THOMPSON JR | M THOMPSON JR | 5832 | J GRIMES | |

| Page 1 of 3 | Incident Number: P15-0105 | Agency ORI: 0566900 | Badge #: 5832 |
|---|---|---|---|

Case ID: 151103380
Control No.: 17090690

# KYIBRS REPORT
## COMMONWEALTH OF KENTUCKY

**KSP RECORDS**

## VICTIM DATA

| VICTIM SEQUENCE | VICTIM NAME | PHONE |
|---|---|---|
| 1 of 1 | SIMPSON, ANDREW J | (502) 361-1145 |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | |
|---|---|---|

Address Unknown ☐  **ADDRESS: 440 HURON AVE**                    VICTIM TYPE: INDIVID

| CITY: LOUISVILLE | STATE: KY | ZIP CODE: 40209 | KY RESIDENT: UNKNOWN |
|---|---|---|---|

| DATE OF BIRTH | SSN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|
| Unknown | | | | | |

| GENDER | RACE | ETHNIC ORIGIN | PEACE OFFICER? |
|---|---|---|---|
| UNKNOWN | UNKNOWN | UNKNOWN | YES ☐ |

| NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | INJURY TYPE |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

| VICTIM OF OFFENSE(S) | AGG ASSAULT/HOMICIDE CIRC | ADDTL JUSTIFIABLE HOMICIDE CIRC |
|---|---|---|
| 24044 | | |

| LEOKA ASSIGNMENT | LEOKA ACTIVITY |
|---|---|
| | |

## SUSPECT/ARRESTEE DATA

| SUSPECT SEQ. # | NAME: | ARRESTED? | ARREST DATE |
|---|---|---|---|
| of | ALIAS: | YES ☐ | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | |
|---|---|---|

| ADDRESS | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
|---|---|---|---|

| CITY: | STATE: | ZIP CODE: | |
|---|---|---|---|

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|

| ARRESTEE SEQ. # | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | |
|---|---|---|---|---|---|
| of | | | 1 | 4 | 8 |
| | ARRESTEE ARMED WITH | | 2 | 5 | 7 |
| | | | 3 | 6 | 9 |

## SUSPECT/ARRESTEE DATA

| SUSPECT SEQ. # | NAME: | ARRESTED? | ARREST DATE |
|---|---|---|---|
| of | ALIAS: | YES ☐ | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | |
|---|---|---|

| ADDRESS | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
|---|---|---|---|

| CITY: | STATE: | ZIP CODE: | |
|---|---|---|---|

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|

| ARRESTEE SEQ. # | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | |
|---|---|---|---|---|---|
| of | | | 1 | 4 | 7 |
| | ARRESTEE ARMED WITH | | 2 | 5 | 8 |
| | | | 3 | 6 | 9 |

## WITNESS DATA

| WITNESS SEQUENCE | WITNESS NAME | PHONE |
|---|---|---|
| of | | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | |
|---|---|---|

| ADDRESS: | | DATE OF BIRTH |
|---|---|---|

| CITY: | STATE: | ZIP CODE: | SSN: | |
|---|---|---|---|---|

Case ID: 2151103380
Control No.: 17090690

## KYIBRS REPORT: UOR2 SUPPLEMENT

KSP RECORDS

### COMMONWEALTH OF KENTUCKY

SYNOPSIS:

ON March 25, 2015 I (ofc M. Thompson / 231) was notified by HERTZ Rental Car that they had discovered nine (9) additional vehicles that had been stolen from their service lot at 440 Huron Ave Louisville, KY 40209 while conducting inventory. This is a part of an ongoing investigation by the LRAA Police. Information on the vehicle is as follows; and was entered into NCIC as stolen along with added to the ongoing case file.

2013 CADILIAC ATS SILVER
1G6AB5R38D0149158
LA N330083

MODUS OPERANDI:

DATE & TIME OF OCCURRENCE:

ACCUSED:

SUSPECTS:

STOLEN PROPERTY:

OTHER PROPERTY:

EVIDENCE & HOW MARKED:

EVIDENCE DISPOSITION:

INVESTIGATION:

STATUS OF CASE:

ATTACHMENT

# KYIBRS REPORT
## COMMONWEALTH OF KENTUCKY

KSP RECORDS

### ADMINISTRATIVE

| AGENCY ORI/NAME | 0566900 LOUISVILLE AIRPORT POLICE | | | | INCIDENT NUMBER | KY P15-0106 | |
|---|---|---|---|---|---|---|---|

| INCIDENT DATE/TIME | EXACT/ESTIMATE | REPORT DATE | RECEIVED | DISPATCHED | ARRIVED | CLEARED |
|---|---|---|---|---|---|---|
| 03/25/2015 18:00 TO 03/25/2015 18:00 | ESTIMATE | 03/25/2015 | 18:00 | 18:00 | 18:00 | 21:00 |

| REPORTED BY: SIMPSON, ANDREW J | HOW REPORTED |
|---|---|

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | |
|---|---|---|

ADDRESS: 440 HURON AVE

| CITY: LOUISVILLE | STATE: KY | ZIP CODE: 40209 | PHONE NUMBER: (502) 361-1145 |
|---|---|---|---|

| EXACT LOCATION OF OFFENSE | HURON AVE | SECTOR NO: |
|---|---|---|

| | ADDRESS: 440 HURON AVE | |
|---|---|---|
| | CITY: LOUISVILLE | STATE: KY | ZIP CODE: 40209 |

| COUNTY: JEFFERSON | LATITUDE | 38 DEG | 11.647 MIN | LONGITUDE | 85 DEG | 45.181 MIN |
|---|---|---|---|---|---|---|

### OFFENSE DATA

| SEQUENCE # 1 OF 1 | LOCATION TYPE: AIR/BUS/TRAIN TERMINAL | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|

OFFENSE DESCRIPTION: TBUT OR DISP AUTO - $10,000 OR MORE BUT U/$1,000,000

| OFFENSE CODE: 24044 | ASCF CODE: 0 | KRS CODE: 514.030 | CLASS: C | DEGREE: F | COUNTS: 1 |
|---|---|---|---|---|---|

| BIAS MOTIVATION: NONE (NO BIAS) | METHOD ENTRY: | NUMBER PREMISES: |
|---|---|---|

| SCHOOL NAME: | SCHOOL TYPE: | CAMPUS? |
|---|---|---|

| OFFENDER SUSPECTED OF USING: NOT APPLICABLE | COURT ORDER TYPE: |
|---|---|

| SEQUENCE # OF | LOCATION TYPE: | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|

OFFENSE DESCRIPTION:

| OFFENSE CODE: | ASCF CODE: | KRS CODE: | CLASS: | DEGREE: | COUNTS: |
|---|---|---|---|---|---|

| BIAS MOTIVATION: | METHOD ENTRY: | NUMBER PREMISES: |
|---|---|---|

| SCHOOL NAME: | SCHOOL TYPE: | CAMPUS? |
|---|---|---|

| OFFENDER SUSPECTED OF USING: | COURT ORDER TYPE: |
|---|---|

| SEQUENCE # OF | LOCATION TYPE: | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|

OFFENSE DESCRIPTION:

| OFFENSE CODE: | ASCF CODE: | KRS CODE: | CLASS: | DEGREE: | COUNTS: |
|---|---|---|---|---|---|

| BIAS MOTIVATION: | METHOD ENTRY: | NUMBER PREMISES: |
|---|---|---|

| SCHOOL NAME: | SCHOOL TYPE: | CAMPUS? |
|---|---|---|

| OFFENDER SUSPECTED OF USING: | COURT ORDER TYPE: |
|---|---|

### PROPERTY DATA

#### UNIT

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|
| 1 | AUTOMOBILES | STOLEN (NOT RECOVERED) | $35,000.00 | | | |

| UNIT TYPE | VEHICLE MAKE | VEHICLE MODEL | YEAR | VEHICLE TYPE |
|---|---|---|---|---|
| ROADWAY VEHICLE | DODGE | CHARGER(AND SHELBY CHA | 2014 | SEDAN/4 DOOR |

| VEHICLE COLOR | VIN NUMBER | OWNER APPLIED # | REGISTRATION STATE, YEAR, & NUMBER |
|---|---|---|---|
| WHITE | 2C3CDXBG6EH198420 | FL | 2015 | AFIN32 |

| VEHICLE DESCRIPTORS | KEYS LEFT IN UNIT? | OWNER |
|---|---|---|
| | YES | Victim 1 |

#### GENERAL

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|

PROPERTY DESCRIPTION

| OWNER APPLED NUMBER | SERIAL NUMBER |
|---|---|

| MAKE | MODEL | OWNER |
|---|---|---|

| TOTAL STOLEN VALUE: $35,000.00 | TOTAL RECOVERED VALUE: $0.00 | TOTAL VEHICLES STOLEN: 1 | TOTAL VEHICLES RECOVERED: 0 |
|---|---|---|---|

### STATUS

| INCIDENT STATUS | CLOSED DATE | CLEARANCE TYPE | CLEARED EXCEPTIONALLY | EX. CLEARANCE DATE | UCR REPORTING FOR OTHER AGENCY |
|---|---|---|---|---|---|
| OPEN | | | | | YES ☐ |

| SUBMITTING OFFICER | INVESTIGATING OFFICER | UNIT/BADGE # | REVIEWED BY | TIME SPENT |
|---|---|---|---|---|
| M THOMPSON JR | M THOMPSON JR | 5832 | J GRIMES | |

Case 151103380
Control No.: 17090690

# KYIBRS REPORT
## COMMONWEALTH OF KENTUCKY

**KSP RECORDS**

### VICTIM DATA

| VICTIM SEQUENCE | VICTIM NAME | PHONE |
|---|---|---|
| 1 of 1 | SIMPSON, ANDREW J | (502) 361-1145 |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | |

| Address Unknown ☐ | ADDRESS: 440 HURON AVE | | VICTIM TYPE: INDIVID |

| CITY: LOUISVILLE | STATE: KY | ZIP CODE: 40209 | KY RESIDENT: UNKNOWN |

| DATE OF BIRTH | SSN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|
| Unknown | | | | | |

| GENDER | RACE | ETHNIC ORIGIN | PEACE OFFICER? |
|---|---|---|---|
| UNKNOWN | UNKNOWN | UNKNOWN | YES ☐ |

| NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | INJURY TYPE |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

| VICTIM OF OFFENSE(S) | AGG ASSAULT / HOMICIDE CIRC | ADDTL JUSTIFIABLE HOMICIDE CIRC |
|---|---|---|
| 24044 | | |

| LEOKA ASSIGNMENT | LEOKA ACTIVITY |
|---|---|
| | |

### SUSPECT/ARRESTEE DATA

| SUSPECT SEQ. # | NAME: | | ARRESTED? | ARREST DATE |
|---|---|---|---|---|
| of | ALIAS: | | YES ☐ | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | | |

| ADDRESS | | DATE OF BIRTH: | PHONE: | KY RESIDENT: |

| CITY: | STATE: | ZIP CODE: | |

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| ARRESTEE SEQ. # | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | |
|---|---|---|---|---|---|
| of | | | 1 | 4 | 8 |
| | ARRESTEE ARMED WITH | | 2 | 5 | 7 |
| | | | 3 | 6 | 9 |

| SUSPECT SEQ. # | NAME: | | ARRESTED? | ARREST DATE |
|---|---|---|---|---|
| of | ALIAS: | | YES ☐ | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | | |

| ADDRESS | | DATE OF BIRTH: | PHONE: | KY RESIDENT: |

| CITY: | STATE: | ZIP CODE: | |

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| ARRESTEE SEQ. # | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | |
|---|---|---|---|---|---|
| of | | | 1 | 4 | 7 |
| | ARRESTEE ARMED WITH | | 2 | 5 | 8 |
| | | | 3 | 6 | 9 |

### WITNESS DATA

| WITNESS SEQUENCE | WITNESS NAME | PHONE |
|---|---|---|
| of | | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | |

| ADDRESS: | | DATE OF BIRTH |

| CITY: | STATE: | ZIP CODE: | SSN: | |

Case ID: 51103380
Control No.: 17090690

# KYIBRS REPORT: UOR2 SUPPLEMENT

## COMMONWEALTH OF KENTUCKY

KSP RECORDS

**SYNOPSIS:**

ON March 25, 2015 I (ofc M. Thompson / 231) was notified by HERTZ Rental Car that they had discovered nine (9) additional vehicles that had been stolen from their service lot at 440 Huron Ave Louisville, KY 40209 while conducting inventory. This is a part of an ongoing investigation by the LRAA Police. Information on the vehicle is as follows, and was entered into NCIC as stolen along with added to the ongoing case file.

2014 DODGE CHARGER SILVER
2C3CDXBG6EH198420
FL AFIN32

*MODUS OPERANDI:*

*DATE & TIME OF OCCURRENCE:*

*ACCUSED:*

*SUSPECTS:*

*STOLEN PROPERTY:*

*OTHER PROPERTY:*

*EVIDENCE & HOW MARKED:*

*EVIDENCE DISPOSITION:*

*INVESTIGATION:*

*STATUS OF CASE:*

*ATTACHMENT*

Case ID: 151103380
Control No.: 17090690

SUPPLEMENT

# KYIBRS REPORT
## COMMONWEALTH OF KENTUCKY

KSP RECORDS

| ADMINISTRATIVE | | | | | | | |
|---|---|---|---|---|---|---|---|
| AGENCY ORI/NAME  0566900 LOUISVILLE AIRPORT POLICE | | | INCIDENT NUMBER  KY P15-0107 | | | | |
| INCIDENT DATE/TIME  03/25/2015 18:00 TO 03/25/2015 18:00 | | EXACT/ESTIMATE  ESTIMATE | REPORT DATE  03/25/2015 | RECEIVED  18:00 | DISPATCHED  18:00 | ARRIVED  18:00 | CLEARED  21:00 |

**REPORTED BY:** SIMPSON, ANDREW J      HOW REPORTED

LICENSE/ID STATE:     LICENSE/ID NUMBER:

ADDRESS:  440 HURON AVE

| CITY:  LOUISVILLE | STATE:  KY | ZIP CODE:  40209 | PHONE NUMBER:  (502) 361-1145 |
|---|---|---|---|

| EXACT LOCATION OF OFFENSE | HURON AVE | | | SECTOR NO: |
|---|---|---|---|---|
| | ADDRESS:  440 HURON AVE | | | |
| | CITY:  LOUISVILLE | | STATE:  KY | ZIP CODE:  40209 |
| | COUNTY:  JEFFERSON | LATITUDE  38 DEG  11.647 MIN | LONGITUDE  85 DEG  45.181 MIN | |

## OFFENSE DATA

| SEQUENCE #  1  OF  1 | LOCATION TYPE:  AIR/BUS/TRAIN TERMINAL | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|

OFFENSE DESCRIPTION:  TBUT OR DISP AUTO - $10,000 OR MORE BUT U/$1,000,000

| OFFENSE CODE:  24044 | ASCF CODE:  0 | KRS CODE:  514.030 | CLASS:  C | DEGREE:  F | COUNTS:  1 |
|---|---|---|---|---|---|

| BIAS MOTIVATION:  NONE (NO BIAS) | METHOD ENTRY: | NUMBER PREMISES: | |
|---|---|---|---|

| SCHOOL NAME: | SCHOOL TYPE: | CAMPUS? |
|---|---|---|

OFFENDER SUSPECTED OF USING:  NOT APPLICABLE     COURT ORDER TYPE:

| SEQUENCE #  OF | LOCATION TYPE: | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|

OFFENSE DESCRIPTION:

| OFFENSE CODE: | ASCF CODE: | KRS CODE: | CLASS: | DEGREE: | COUNTS: |
|---|---|---|---|---|---|

| BIAS MOTIVATION: | METHOD ENTRY: | NUMBER PREMISES: | |
|---|---|---|---|

| SCHOOL NAME: | SCHOOL TYPE: | CAMPUS? |
|---|---|---|

OFFENDER SUSPECTED OF USING:     COURT ORDER TYPE:

| SEQUENCE #  OF | LOCATION TYPE: | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|

OFFENSE DESCRIPTION:

| OFFENSE CODE: | ASCF CODE: | KRS CODE: | CLASS: | DEGREE: | COUNTS: |
|---|---|---|---|---|---|

| BIAS MOTIVATION: | METHOD ENTRY: | NUMBER PREMISES: | |
|---|---|---|---|

| SCHOOL NAME: | SCHOOL TYPE: | CAMPUS? |
|---|---|---|

OFFENDER SUSPECTED OF USING:     COURT ORDER TYPE:

## PROPERTY DATA

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|
| 1 | AUTOMOBILES | STOLEN (NOT RECOVERED) | $35,000.00 | | | |

### UNIT

| UNIT TYPE | VEHICLE MAKE: | VEHICLE MODEL | YEAR | VEHICLE TYPE |
|---|---|---|---|---|
| ROADWAY VEHICLE | DODGE | CHARGER(AND SHELBY CHA | 2013 | SEDAN/4 DOOR |

| VEHICLE COLOR | VIN NUMBER | OWNER APPLIED # | REGISTRATION STATE, YEAR, & NUMBER | | |
|---|---|---|---|---|---|
| BLUE | 2C3CDXBG2DH663807 | | MD | 2015 | 7BA3272 |

| VEHICLE DESCRIPTORS | KEYS LEFT IN UNIT? | OWNER |
|---|---|---|
| | YES | Victim 1 |

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|
| | | | | | | |

### GENERAL

| PROPERTY DESCRIPTION | | |
|---|---|---|
| OWNER APPLED NUMBER | SERIAL NUMBER | |
| MAKE | MODEL | OWNER |

| TOTAL STOLEN VALUE:  $35,000.00 | TOTAL RECOVERED VALUE:  $0.00 | TOTAL VEHICLES STOLEN:  1 | TOTAL VEHICLES RECOVERED:  0 |
|---|---|---|---|

## STATUS

| INCIDENT STATUS  CLOSED | CLOSED DATE  06/26/2015 | CLEARANCE TYPE  TIME CLOSED | CLEARED EXCEPTIONALLY | EX. CLEARANCE DATE | UCR REPORTING FOR OTHER AGENCY  YES ☐ |
|---|---|---|---|---|---|

| SUBMITTING OFFICER  M THOMPSON JR | INVESTIGATING OFFICER  M THOMPSON JR | UNIT/BADGE #  5832 | REVIEWED BY  J GRIMES | TIME SPENT |
|---|---|---|---|---|

Case ID: 151103380
Control No.: 17090690

# KYIBRS REPORT
## COMMONWEALTH OF KENTUCKY

**KSP RECORDS**

| VICTIM SEQUENCE | | VICTIM NAME | | PHONE |
|---|---|---|---|---|
| 1 of 1 | | SIMPSON, ANDREW J | | **(502) 361-1145** |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | | | |
|---|---|---|---|---|

Address Unknown ☐  ADDRESS: **440 HURON AVE**    VICTIM TYPE: INDIVID

| CITY: **LOUISVILLE** | STATE: **KY** | ZIP CODE: **40209** | KY RESIDENT: **UNKNOWN** |
|---|---|---|---|

| DATE OF BIRTH | SSN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|
| **Unknown** | | | | | |

| GENDER | RACE | ETHNIC ORIGIN | PEACE OFFICER? |
|---|---|---|---|
| **UNKNOWN** | **UNKNOWN** | **UNKNOWN** | YES ☐ |

| NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | INJURY TYPE |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

| VICTIM OF OFFENSE(S) | AGG ASSAULT/ HOMICIDE CIRC | ADDTL JUSTIFIABLE HOMICIDE CIRC |
|---|---|---|
| **24044** | | |

| LEOKA ASSIGNMENT | LEOKA ACTIVITY |
|---|---|
| | |

**SUSPECT/ARRESTEE DATA**

| SUSPECT SEQ. # | NAME: | | ARRESTED? | ARREST DATE |
|---|---|---|---|---|
| of | ALIAS: | | YES ☐ | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | | | |
|---|---|---|---|---|

| ADDRESS | | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
|---|---|---|---|---|
| CITY: | STATE: | ZIP CODE: | | |

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| ARRESTEE SEQ. # | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | |
|---|---|---|---|---|---|
| of | | | 1 | 4 | 8 |
| | ARRESTEE ARMED WITH | | 2 | 5 | 7 |
| | | | 3 | 6 | 9 |

**SUSPECT/ARRESTEE DATA**

| SUSPECT SEQ. # | NAME: | | ARRESTED? | ARREST DATE |
|---|---|---|---|---|
| of | ALIAS: | | YES ☐ | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | | | |
|---|---|---|---|---|

| ADDRESS | | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
|---|---|---|---|---|
| CITY: | STATE: | ZIP CODE: | | |

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| ARRESTEE SEQ. # | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | |
|---|---|---|---|---|---|
| of | | | 1 | 4 | 7 |
| | ARRESTEE ARMED WITH | | 2 | 5 | 8 |
| | | | 3 | 6 | 9 |

**WITNESS DATA**

| WITNESS SEQUENCE | WITNESS NAME | PHONE |
|---|---|---|
| of | | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | |
|---|---|---|

| ADDRESS: | | | DATE OF BIRTH |
|---|---|---|---|
| CITY: | STATE: | ZIP CODE: | SSN: |

# KYIBRS REPORT: UOR2 SUPPLEMENT

KSP RECORDS

### COMMONWEALTH OF KENTUCKY

**SYNOPSIS:**

ON March 25, 2015 I (ofc M. Thompson / 231) was notified by HERTZ Rental Car that they had discovered nine (9) additional vehicles that had been stolen from their service lot at 440 Huron Ave Louisville, KY 40209 while conducting inventory. This is a part of an ongoing investigation by the LRAA Police. Information on the vehicle is as follows, and was entered into NCIC as stolen along with added to the ongoing case file.

2013 DODGE CHARGER BLUE
2C3CDXBG2DH663807
MD 7BA3272

**MODUS OPERANDI:**

**DATE & TIME OF OCCURRENCE:**

**ACCUSED:**

**SUSPECTS:**

**STOLEN PROPERTY:**

**OTHER PROPERTY:**

**EVIDENCE & HOW MARKED:**

**EVIDENCE DISPOSITION:**

**INVESTIGATION:**

**STATUS OF CASE:**
Close 3/27/2015

Max Aubrey with Hertz found vehicle on the preston highway lot and reports that it was just misplaced in inventory.

**ATTACHMENT**

# KYIBRS REPORT

### COMMONWEALTH OF KENTUCKY

KSP RECORDS

| | |
|---|---|
| AGENCY ORI/NAME   0566900 LOUISVILLE AIRPORT POLICE | INCIDENT NUMBER   KY P15-0108 |

**ADMINISTRATIVE**

| INCIDENT DATE/TIME | EXACT/ESTIMATE | REPORT DATE | RECEIVED | DISPATCHED | ARRIVED | CLEARED |
|---|---|---|---|---|---|---|
| 03/25/2015 18:00 TO 03/25/2015 18:00 | ESTIMATE | 03/25/2015 | 18:00 | 18:00 | 18:00 | 21:00 |

| REPORTED BY: SIMPSON, ANDREW J | | HOW REPORTED |
|---|---|---|

| LICENSE/ID STATE: | LICENSE/ID NUMBER: |
|---|---|

ADDRESS:   **440 HURON AVE**

| CITY:   **LOUISVILLE** | STATE:   **KY** | ZIP CODE:   **40209** | PHONE NUMBER:   **(502) 361-1145** |
|---|---|---|---|

**EXACT LOCATION OF OFFENSE**

| HURON AVE | | SECTOR NO: |
|---|---|---|
| ADDRESS:  **440 HURON AVE** | | |
| CITY:   **LOUISVILLE** | STATE:  **KY** | ZIP CODE:   **40209** |
| COUNTY: **JEFFERSON** | LATITUDE   38 DEG   11.647 MIN | LONGITUDE  85 DEG   45.181 MIN |

**OFFENSE DATA**

| SEQUENCE #   1  OF  1 | LOCATION TYPE:  AIR/BUS/TRAIN TERMINAL | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|

OFFENSE DESCRIPTION:  **TBUT OR DISP AUTO - $10,000 OR MORE BUT U/$1,000,000**

| OFFENSE CODE:  24044 | ASCF CODE:  0 | KRS CODE:  514.030 | CLASS:  C | DEGREE:  F | COUNTS:  1 | | |
|---|---|---|---|---|---|---|---|

| BIAS MOTIVATION:  NONE (NO BIAS) | METHOD ENTRY: | NUMBER PREMISES: | |
|---|---|---|---|

| SCHOOL NAME: | SCHOOL TYPE: | CAMPUS? |
|---|---|---|

| OFFENDER SUSPECTED OF USING:   NOT APPLICABLE | COURT ORDER TYPE: |
|---|---|

| SEQUENCE #   OF | LOCATION TYPE: | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|

OFFENSE DESCRIPTION:

| OFFENSE CODE: | ASCF CODE: | KRS CODE: | CLASS: | DEGREE: | COUNTS: | | |
|---|---|---|---|---|---|---|---|

| BIAS MOTIVATION: | METHOD ENTRY: | NUMBER PREMISES: | |
|---|---|---|---|

| SCHOOL NAME: | SCHOOL TYPE: | CAMPUS? |
|---|---|---|

| OFFENDER SUSPECTED OF USING: | COURT ORDER TYPE: |
|---|---|

| SEQUENCE #   OF | LOCATION TYPE: | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|

OFFENSE DESCRIPTION:

| OFFENSE CODE: | ASCF CODE: | KRS CODE: | CLASS: | DEGREE: | COUNTS: | | |
|---|---|---|---|---|---|---|---|

| BIAS MOTIVATION: | METHOD ENTRY: | NUMBER PREMISES: | |
|---|---|---|---|

| SCHOOL NAME: | SCHOOL TYPE: | CAMPUS? |
|---|---|---|

| OFFENDER SUSPECTED OF USING: | COURT ORDER TYPE: |
|---|---|

**PROPERTY DATA**

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|
| 1 | AUTOMOBILES | STOLEN (NOT RECOVERED) | $35,000.00 | | | |

**UNIT**

| UNIT TYPE | VEHICLE MAKE | VEHICLE MODEL | YEAR | VEHICLE TYPE |
|---|---|---|---|---|
| ROADWAY VEHICLE | DODGE | CHARGER(AND SHELBY CHA | 2013 | SEDAN/4 DOOR |

| VEHICLE COLOR | VIN NUMBER | OWNER APPLIED # | | REGISTRATION STATE, YEAR, & NUMBER |
|---|---|---|---|---|
| SILVER/ALUMINUM | 2C3CDXBG4DH609585 | | TN  2015 | H2377ZA |

| VEHICLE DESCRIPTORS | KEYS LEFT IN UNIT? | OWNER |
|---|---|---|
| | YES | Victim 1 |

**GENERAL**

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|

| PROPERTY DESCRIPTION | | |
|---|---|---|

| OWNER APPLED NUMBER | SERIAL NUMBER | |
|---|---|---|

| MAKE | MODEL | OWNER |
|---|---|---|

| TOTAL STOLEN VALUE:  $35,000.00 | TOTAL RECOVERED VALUE:  $0.00 | TOTAL VEHICLES STOLEN:  1 | TOTAL VEHICLES RECOVERED:  0 |
|---|---|---|---|

**STATUS**

| INCIDENT STATUS | CLOSED DATE | CLEARANCE TYPE | CLEARED EXCEPTIONALLY | EX. CLEARANCE DATE | UCR REPORTING FOR OTHER AGENCY |
|---|---|---|---|---|---|
| OPEN | | | | | YES ☐ |

| SUBMITTING OFFICER | INVESTIGATING OFFICER | UNIT/BADGE # | REVIEWED BY | TIME SPENT |
|---|---|---|---|---|
| M THOMPSON JR | M THOMPSON JR | 5832 | J GRIMES | |

Case ID: 151103380
Control No.: 17090690

# KYIBRS REPORT
## COMMONWEALTH OF KENTUCKY

**KSP RECORDS**

| VICTIM SEQUENCE | | VICTIM NAME | PHONE |
|---|---|---|---|
| 1 of 1 | | SIMPSON, ANDREW J | (502) 361-1145 |

**VICTIM DATA**

| LICENSE/ID STATE: | LICENSE/ID NUMBER; | | |
|---|---|---|---|

Address Unknown ☐ ADDRESS: **440 HURON AVE**  VICTIM TYPE: INDIVID

| CITY: LOUISVILLE | STATE: **KY** | ZIP CODE: **40209** | KY RESIDENT: **UNKNOWN** |
|---|---|---|---|

| DATE OF BIRTH | SSN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|
| Unknown | | | | | |

| GENDER | RACE | ETHNIC ORIGIN | PEACE OFFICER? |
|---|---|---|---|
| UNKNOWN | UNKNOWN | UNKNOWN | YES ☐ |

| NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | INJURY TYPE |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

| VICTIM OF OFFENSE(S) | AGG ASSAULT/ HOMICIDE CIRC | ADDTL JUSTIFIABLE HOMICIDE CIRC |
|---|---|---|
| 24044 | | |

| LEOKA ASSIGNMENT | LEOKA ACTIVITY |
|---|---|
| | |

**SUSPECT/ARRESTEE DATA**

| SUSPECT SEQ.# | NAME: | ARRESTED? | ARREST DATE |
|---|---|---|---|
| of | ALIAS: | YES ☐ | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | | |
|---|---|---|---|

| ADDRESS | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
|---|---|---|---|

| CITY: | STATE: | ZIP CODE: | |
|---|---|---|---|

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|

| ARRESTEE SEQ.# | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | | |
|---|---|---|---|---|---|---|
| of | | | 1 | 4 | 8 | |
| | ARRESTEE ARMED WITH | | 2 | 5 | 7 | |
| | | | 3 | 6 | 9 | |

| SUSPECT SEQ.# | NAME: | ARRESTED? | ARREST DATE |
|---|---|---|---|
| of | ALIAS: | YES ☐ | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | | |
|---|---|---|---|

| ADDRESS | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
|---|---|---|---|

| CITY: | STATE: | ZIP CODE: | |
|---|---|---|---|

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|

| ARRESTEE SEQ.# | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | | |
|---|---|---|---|---|---|---|
| of | | | 1 | 4 | 7 | |
| | ARRESTEE ARMED WITH | | 2 | 5 | 8 | |
| | | | 3 | 6 | 9 | |

**WITNESS DATA**

| WITNESS SEQUENCE | WITNESS NAME | PHONE |
|---|---|---|
| of | | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | |
|---|---|---|

| ADDRESS: | | DATE OF BIRTH |
|---|---|---|

| CITY: | STATE: | ZIP CODE: | SSN: | |
|---|---|---|---|---|

Case ID: 151103380
Control No.: 17090690

## KYIBRS REPORT: UOR2 SUPPLEMENT

KSP RECORDS

### COMMONWEALTH OF KENTUCKY

*SYNOPSIS:*

ON March 25, 2015 I (ofc M. Thompson / 231) was notified by HERTZ Rental Car that they had discovered nine (9) additional vehicles that had been stolen from their service lot at 440 Huron Ave Louisville, KY 40209 while conducting inventory. This is a part of an ongoing investigation by the LRAA Police. Information on the vehicle is as follows, and was entered into NCIC as stolen along with added to the ongoing case file.

2013 DODGE CHARGER SILVER
2C3CDXBG4DH609585
TN H2377Z

*MODUS OPERANDI:*

*DATE & TIME OF OCCURRENCE:*

*ACCUSED:*

*SUSPECTS:*

*STOLEN PROPERTY:*

*OTHER PROPERTY:*

*EVIDENCE & HOW MARKED:*

*EVIDENCE DISPOSITION:*

*INVESTIGATION:*

*STATUS OF CASE:*

*ATTACHMENT*

Case ID: 2151103380
Control No.: 17090690

# KYIBRS REPORT
## COMMONWEALTH OF KENTUCKY

**KSP RECORDS**

| ADMINISTRATIVE | | | | | | | |
|---|---|---|---|---|---|---|---|
| AGENCY ORI/NAME   0566900 LOUISVILLE AIRPORT POLICE | | | INCIDENT NUMBER   KY P15-0109 | | | | |
| INCIDENT DATE/TIME | | EXACT/ESTIMATE | REPORT DATE | RECEIVED | DISPATCHED | ARRIVED | CLEARED |
| 03/25/2015 18:00 TO 03/25/2015 18:00 | | ESTIMATE | 03/25/2015 | 18:00 | 18:00 | 18:00 | 21:00 |
| REPORTED BY: SIMPSON, ANDREW J | | | | | | HOW REPORTED | |

REPORTED BY: SIMPSON, ANDREW J

LICENSE/ID STATE:      LICENSE/ID NUMBER:

ADDRESS: 440 HURON AVE

| CITY: LOUISVILLE | STATE: KY | ZIP CODE: 40209 | PHONE NUMBER: (502) 361-1145 |
|---|---|---|---|

**EXACT LOCATION OF OFFENSE**

HURON AVE      SECTOR NO:

ADDRESS: 440 HURON AVE

| CITY: LOUISVILLE | | STATE: KY | ZIP CODE: 40209 |
|---|---|---|---|
| COUNTY: JEFFERSON | LATITUDE 38 DEG 11.647 MIN | LONGITUDE 85 DEG 45.181 MIN | |

## OFFENSE DATA

| SEQUENCE #   1   OF  1 | LOCATION TYPE: AIR/BUS/TRAIN TERMINAL | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|

OFFENSE DESCRIPTION: TBUT OR DISP AUTO - $10,000 OR MORE BUT U/$1,000,000

| OFFENSE CODE: 24044 | ASCF CODE: 0 | KRS CODE: 514.030 | CLASS: C | DEGREE: F | COUNTS: 1 | | |
|---|---|---|---|---|---|---|---|
| BIAS MOTIVATION: NONE (NO BIAS) | | METHOD ENTRY: | | NUMBER PREMISES: | | | |

SCHOOL NAME:      SCHOOL TYPE:      CAMPUS?

OFFENDER SUSPECTED OF USING: NOT APPLICABLE      COURT ORDER TYPE:

| SEQUENCE #   OF | LOCATION TYPE: | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|

OFFENSE DESCRIPTION:

| OFFENSE CODE: | ASCF CODE: | KRS CODE: | CLASS: | DEGREE: | COUNTS: |
|---|---|---|---|---|---|
| BIAS MOTIVATION: | | | METHOD ENTRY: | | NUMBER PREMISES: |

SCHOOL NAME:      SCHOOL TYPE:      CAMPUS?

OFFENDER SUSPECTED OF USING:      COURT ORDER TYPE:

| SEQUENCE #   OF | LOCATION TYPE: | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|

OFFENSE DESCRIPTION:

| OFFENSE CODE: | ASCF CODE: | KRS CODE: | CLASS: | DEGREE: | COUNTS: |
|---|---|---|---|---|---|
| BIAS MOTIVATION: | | | METHOD ENTRY: | | NUMBER PREMISES: |

SCHOOL NAME:      SCHOOL TYPE:      CAMPUS?

OFFENDER SUSPECTED OF USING:      COURT ORDER TYPE:

## PROPERTY DATA

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|
| 1 | AUTOMOBILES | STOLEN (NOT RECOVERED) | $35,000.00 | | | |

**UNIT**

| UNIT TYPE | VEHICLE MAKE | VEHICLE MODEL | YEAR | VEHICLE TYPE |
|---|---|---|---|---|
| ROADWAY VEHICLE | NISSAN | ALTIMA | 2013 | SEDAN/4 DOOR |

| VEHICLE COLOR | VIN NUMBER | OWNER APPLIED # | REGISTRATION STATE, YEAR, & NUMBER | | |
|---|---|---|---|---|---|
| SILVER/ALUMINUM | 1N4AL3AP0DN547681 | | CO | 2015 | 021ZNC |

| VEHICLE DESCRIPTORS | KEYS LEFT IN UNIT? | OWNER |
|---|---|---|
| | YES | Victim 1 |

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|
| | | | | | | |

**GENERAL**

PROPERTY DESCRIPTION

| OWNER APPLED NUMBER | SERIAL NUMBER |
|---|---|
| MAKE | MODEL | OWNER |

| TOTAL STOLEN VALUE: | $35,000.00 | TOTAL RECOVERED VALUE: | $0.00 | TOTAL VEHICLES STOLEN: | 1 | TOTAL VEHICLES RECOVERED: | 0 |
|---|---|---|---|---|---|---|---|

## STATUS

| INCIDENT STATUS | CLOSED DATE | CLEARANCE TYPE | CLEARED EXCEPTIONALLY | EX. CLEARANCE DATE | UCR REPORTING FOR OTHER AGENCY |
|---|---|---|---|---|---|
| OPEN | | | | | YES ☐ |

| SUBMITTING OFFICER | INVESTIGATING OFFICER | UNIT/BADGE # | REVIEWED BY | TIME SPENT |
|---|---|---|---|---|
| M THOMPSON JR | M THOMPSON JR | 5832 | J GRIMES | |

Case ID: 151103380
Control No.: 17090690

# KYIBRS REPORT
## COMMONWEALTH OF KENTUCKY

**KSP RECORDS**

## VICTIM DATA

| VICTIM SEQUENCE | VICTIM NAME | PHONE |
|---|---|---|
| 1 of 1 | SIMPSON, ANDREW J | (502) 361-1145 |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | |
|---|---|---|

Address Unknown ☐  ADDRESS: **440 HURON AVE**    VICTIM TYPE: INDIVID

| CITY: **LOUISVILLE** | STATE: **KY** | ZIP CODE: **40209** | KY RESIDENT: **UNKNOWN** |
|---|---|---|---|

| DATE OF BIRTH | SSN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|
| Unknown | | | | | |

| GENDER | RACE | ETHNIC ORIGIN | PEACE OFFICER? |
|---|---|---|---|
| UNKNOWN | UNKNOWN | UNKNOWN | YES ☐ |

| NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | INJURY TYPE |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

| VICTIM OF OFFENSE(S) | AGG ASSAULT/ HOMICIDE CIRC | ADDTL JUSTIFIABLE HOMICIDE CIRC |
|---|---|---|
| 24044 | | |

| LEOKA ASSIGNMENT | LEOKA ACTIVITY |
|---|---|
| | |

## SUSPECT/ARRESTEE DATA

| SUSPECT SEQ. # | NAME: | ARRESTED? | ARREST DATE |
|---|---|---|---|
| of | ALIAS: | YES ☐ | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: |
|---|---|

| ADDRESS: | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
|---|---|---|---|

| CITY: | STATE: | ZIP CODE: | |
|---|---|---|---|

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|

| ARRESTEE SEQ. # | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | | | |
|---|---|---|---|---|---|---|---|
| of | | | 1 | 4 | | 8 | |
| | ARRESTEE ARMED WITH | | 2 | 5 | | 7 | |
| | | | 3 | 6 | | 9 | |

| SUSPECT SEQ. # | NAME: | ARRESTED? | ARREST DATE |
|---|---|---|---|
| of | ALIAS: | YES ☐ | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: |
|---|---|

| ADDRESS: | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
|---|---|---|---|

| CITY: | STATE: | ZIP CODE: | |
|---|---|---|---|

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|

| ARRESTEE SEQ. # | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | | | |
|---|---|---|---|---|---|---|---|
| of | | | 1 | 4 | | 7 | |
| | ARRESTEE ARMED WITH | | 2 | 5 | | 8 | |
| | | | 3 | 6 | | 9 | |

## WITNESS DATA

| WITNESS SEQUENCE | WITNESS NAME | PHONE |
|---|---|---|
| of | | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: |
|---|---|

| ADDRESS: | DATE OF BIRTH |
|---|---|

| CITY: | STATE: | ZIP CODE: | SSN: |
|---|---|---|---|

Case ID: 151103380
Control No.: 17090690

## KYIBRS REPORT: UOR2 SUPPLEMENT

KSP RECORDS

### COMMONWEALTH OF KENTUCKY

*SYNOPSIS:*

ON March 25, 2015 I (ofc M. Thompson / 231) was notified by HERTZ Rental Car that they had discovered nine (9) additional vehicles that had been stolen from their service lot at 440 Huron Ave Louisville, KY 40209 while conducting inventory. This is a part of an ongoing investigation by the LRAA Police. Information on the vehicle is as follows, and was entered into NCIC as stolen along with added to the ongoing case file.

2013 NISSAN ALTIMA SILVER
1N4AL3AP0DN547681
CO 021ZNC

*MODUS OPERANDI:*

*DATE & TIME OF OCCURRENCE:*

*ACCUSED:*

*SUSPECTS:*

*STOLEN PROPERTY:*

*OTHER PROPERTY:*

*EVIDENCE & HOW MARKED:*

*EVIDENCE DISPOSITION:*

*INVESTIGATION:*

*STATUS OF CASE:*

*ATTACHMENT*

Case ID: 151103380
Control No.: 17090690

SUPPLEMENT

# KYIBRS REPORT
## COMMONWEALTH OF KENTUCKY

KSP RECORDS

Case ID: 151103380
Control No.: 17090690

### ADMINISTRATIVE

| | |
|---|---|
| AGENCY ORI/NAME  0566900 LOUISVILLE AIRPORT POLICE | INCIDENT NUMBER   KY P15-0116 |

| INCIDENT DATE/TIME | EXACT/ESTIMATE | REPORT DATE | RECEIVED | DISPATCHED | ARRIVED | CLEARED |
|---|---|---|---|---|---|---|
| 04/02/2015 17:00 TO 04/02/2015 17:00 | ESTIMATE | 04/02/2015 | 17:00 | 17:00 | 17:02 | 17:30 |

REPORTED BY: HOLLAND-KNOX (HERTZ REP), BRANDI   HOW REPORTED

LICENSE/ID STATE:   LICENSE/ID NUMBER:

ADDRESS:

| CITY: | STATE: KY | ZIP CODE: | PHONE NUMBER: (502) 235-6364 |
|---|---|---|---|

EXACT LOCATION OF OFFENSE:
LOWER TERMINAL DR   SECTOR NO:
ADDRESS: 600 LOWER TERMINAL DR
CITY: LOUISVILLE   STATE: KY   ZIP CODE: 40209

| COUNTY: JEFFERSON | LATITUDE | 38 DEG | 11.189 MIN | LONGITUDE | 85 DEG | 44.500 MIN |
|---|---|---|---|---|---|---|

### OFFENSE DATA

SEQUENCE #  1  OF  1   LOCATION TYPE: AIR/BUS/TRAIN TERMINAL   TYPE WEAPON/FORCE INVOLVED   CRIMINAL ACTIVITY/GANG IFO

OFFENSE DESCRIPTION: TBUT OR DISP AUTO - $10,000 OR MORE BUT U/$1,000,000

| OFFENSE CODE: 24044 | ASCF CODE: 0 | KRS CODE: 514.030 | CLASS: C | DEGREE: F | COUNTS: 1 |
|---|---|---|---|---|---|

BIAS MOTIVATION: NONE (NO BIAS)   METHOD ENTRY:   NUMBER PREMISES:

SCHOOL NAME:   SCHOOL TYPE:   CAMPUS?

OFFENDER SUSPECTED OF USING: NOT APPLICABLE   COURT ORDER TYPE:

SEQUENCE #  OF   LOCATION TYPE:   TYPE WEAPON/FORCE INVOLVED   CRIMINAL ACTIVITY/GANG IFO

OFFENSE DESCRIPTION:

| OFFENSE CODE: | ASCF CODE: | KRS CODE: | CLASS: | DEGREE: | COUNTS: |
|---|---|---|---|---|---|

BIAS MOTIVATION:   METHOD ENTRY:   NUMBER PREMISES:

SCHOOL NAME:   SCHOOL TYPE:   CAMPUS?

OFFENDER SUSPECTED OF USING:   COURT ORDER TYPE:

SEQUENCE #  OF   LOCATION TYPE:   TYPE WEAPON/FORCE INVOLVED   CRIMINAL ACTIVITY/GANG IFO

OFFENSE DESCRIPTION:

| OFFENSE CODE: | ASCF CODE: | KRS CODE: | CLASS: | DEGREE: | COUNTS: |
|---|---|---|---|---|---|

BIAS MOTIVATION:   METHOD ENTRY:   NUMBER PREMISES:

SCHOOL NAME:   SCHOOL TYPE:   CAMPUS?

OFFENDER SUSPECTED OF USING:   COURT ORDER TYPE:

### PROPERTY DATA

UNIT

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|
| 1 | AUTOMOBILES | STOLEN (NOT RECOVERED) | $22,000.00 | | | |

| UNIT TYPE | VEHICLE MAKE: | VEHICLE MODEL | YEAR | VEHICLE TYPE |
|---|---|---|---|---|
| ROADWAY VEHICLE | HONDA | CRV | 13 | HATCHBACK/4 DOOR |

| VEHICLE COLOR | VIN NUMBER | OWNER APPLIED # | REGISTRATION STATE, YEAR, & NUMBER |
|---|---|---|---|
| GRAY | J3EBU5JR3D5132374 | 9721812 | IN 2015   821ACV |

| VEHICLE DESCRIPTORS | KEYS LEFT IN UNIT? | OWNER |
|---|---|---|
| | YES | Victim 1 |

GENERAL

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|
| | | | | | | |

PROPERTY DESCRIPTION

| OWNER APPLED NUMBER | SERIAL NUMBER |
|---|---|
| | |

| MAKE | MODEL | OWNER |
|---|---|---|
| | | |

| TOTAL STOLEN VALUE: $22,000.00 | TOTAL RECOVERED VALUE: $0.00 | TOTAL VEHICLES STOLEN: 1 | TOTAL VEHICLES RECOVERED: 0 |
|---|---|---|---|

### STATUS

| INCIDENT STATUS | CLOSED DATE | CLEARANCE TYPE | CLEARED EXCEPTIONALLY | EX. CLEARANCE DATE | UCR REPORTING FOR OTHER AGENCY |
|---|---|---|---|---|---|
| OPEN | | | | | YES ☐ |

| SUBMITTING OFFICER | INVESTIGATING OFFICER | UNIT/BADGE # | REVIEWED BY | TIME SPENT |
|---|---|---|---|---|
| G GAGEL | J HAIRGROVE | 5855 | C COPE | |

Page  1  of  3   Incident Number:  P15-0116   Agency ORI: 0566900   Badge #: 5855

# KYIBRS REPORT
## COMMONWEALTH OF KENTUCKY

**KSP RECORDS**

## VICTIM DATA

| VICTIM SEQUENCE | VICTIM NAME | PHONE |
|---|---|---|
| 1 of 1 | HOLLAND-KNOX (HERTZ REP) | (502) 235-6364 |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | |
|---|---|---|

| Address Unknown ☐ ADDRESS: 600 TERMINAL DRIVE | | VICTIM TYPE: BUS |
|---|---|---|

| CITY: LOUISVILLE | STATE: KY | ZIP CODE: 40209 | KY RESIDENT: |
|---|---|---|---|

| DATE OF BIRTH | SSN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|

| GENDER | RACE | ETHNIC ORIGIN | PEACE OFFICER? |
|---|---|---|---|
| | | | YES ☐ |

| NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | INJURY TYPE |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| VICTIM OF OFFENSE(S) | AGG ASSAULT/ HOMICIDE CIRC | ADDTL. JUSTIFIABLE HOMICIDE CIRC |
|---|---|---|
| 24044 | | |

| LEOKA ASSIGNMENT | LEOKA ACTIVITY |
|---|---|

## SUSPECT/ARRESTEE DATA

| SUSPECT SEQ. # | NAME: | ARRESTED? | ARREST DATE |
|---|---|---|---|
| of | ALIAS: | YES ☐ | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | | |
|---|---|---|---|

| ADDRESS | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
|---|---|---|---|

| CITY: | STATE: | ZIP CODE: | |
|---|---|---|---|

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|

| ARRESTEE SEQ. # | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | | |
|---|---|---|---|---|---|---|
| of | | | 1 | 4 | 8 | |
| | ARRESTEE ARMED WITH | | 2 | 5 | 7 | |
| | | | 3 | 6 | 9 | |

## SUSPECT/ARRESTEE DATA

| SUSPECT SEQ. # | NAME: | ARRESTED? | ARREST DATE |
|---|---|---|---|
| of | ALIAS: | YES ☐ | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | | |
|---|---|---|---|

| ADDRESS | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
|---|---|---|---|

| CITY: | STATE: | ZIP CODE: | |
|---|---|---|---|

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|

| ARRESTEE SEQ. # | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | | |
|---|---|---|---|---|---|---|
| of | | | 1 | 4 | 7 | |
| | ARRESTEE ARMED WITH | | 2 | 5 | 8 | |
| | | | 3 | 6 | 9 | |

## WITNESS DATA

| WITNESS SEQUENCE | WITNESS NAME | PHONE |
|---|---|---|
| of | | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | DATE OF BIRTH |
|---|---|---|

| CITY: | STATE: | ZIP CODE: | SSN: |
|---|---|---|---|

Case ID: 151103380
Control No.: 17090690

## KYIBRS REPORT: UOR2 SUPPLEMENT

COMMONWEALTH OF KENTUCKY

KSP RECORDS

*SYNOPSIS:*

Hertz rental service reported this vehicle missing from the return lot
at Louisville International Airport.  No exact date or time.

*MODUS OPERANDI:*

*DATE & TIME OF OCCURRENCE:*

*ACCUSED:*

*SUSPECTS:*

*STOLEN PROPERTY:*
2013 Honda CRV
VIN - J3EBU5JR3D5132374
In Reg - 821ACV

*OTHER PROPERTY:*

*EVIDENCE & HOW MARKED:*

*EVIDENCE DISPOSITION:*

*INVESTIGATION:*

*STATUS OF CASE:*
Open

*ATTACHMENT*

Badge #:   5855
Case ID: 151103380
Control No.: 17090690

# KYIBRS REPORT

## COMMONWEALTH OF KENTUCKY

**KSP RECORDS**

| ADMINISTRATIVE | | | | | | | |
|---|---|---|---|---|---|---|---|
| AGENCY ORI/NAME  **0566900 LOUISVILLE AIRPORT POLICE** | | | INCIDENT NUMBER  **KY P15-0117** | | | | |
| INCIDENT DATE/TIME  **04/02/2015 17:00** | | EXACT/ESTIMATE  **ESTIMATE** | REPORT DATE  **04/02/2015** | RECEIVED  **17:00** | DISPATCHED  **17:00** | ARRIVED  **17:02** | CLEARED  **17:30** |
| REPORTED BY:  **HOLLAND-KNOX (HERTZ REP), BRANDI** | | | | | | HOW REPORTED | |
| LICENSE/ID STATE: | | LICENSE/ID NUMBER: | | | | | |
| ADDRESS: | | | | | | | |
| CITY: | | STATE:  **KY** | ZIP CODE: | | PHONE NUMBER:  **(502) 235-6364** | | |

EXACT LOCATION OF OFFENSE:
- **LOWER TERMINAL DR**
- ADDRESS:  **600 LOWER TERMINAL DR** — SECTOR NO:
- CITY:  **LOUISVILLE**  STATE:  **KY**  ZIP CODE:  **40209**
- COUNTY:  **JEFFERSON**  LATITUDE  **38 DEG  11.187 MIN**  LONGITUDE  **85 DEG  44.505 MIN**

### OFFENSE DATA

| SEQUENCE #  **1  OF  1** | LOCATION TYPE:  **AIR/BUS/TRAIN TERMINAL** | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|
| OFFENSE DESCRIPTION:  **TBUT OR DISP AUTO - $10,000 OR MORE BUT U/$1,000,000** | | | |

| OFFENSE CODE:  **24044** | ASCF CODE:  **0** | KRS CODE:  **514.030** | CLASS:  **C** | DEGREE:  **F** | COUNTS:  **1** | | |
|---|---|---|---|---|---|---|---|
| BIAS MOTIVATION:  **NONE (NO BIAS)** | | | METHOD ENTRY: | | NUMBER PREMISES: | | |
| SCHOOL NAME: | | | | SCHOOL TYPE: | | CAMPUS? | |
| OFFENDER SUSPECTED OF USING:  **NOT APPLICABLE** | | | | COURT ORDER TYPE: | | | |

| SEQUENCE #  OF | LOCATION TYPE: | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|
| OFFENSE DESCRIPTION: | | | |

| OFFENSE CODE: | ASCF CODE: | KRS CODE: | CLASS: | DEGREE: | COUNTS: | | |
|---|---|---|---|---|---|---|---|
| BIAS MOTIVATION: | | | METHOD ENTRY: | | NUMBER PREMISES: | | |
| SCHOOL NAME: | | | | SCHOOL TYPE: | | CAMPUS? | |
| OFFENDER SUSPECTED OF USING: | | | | COURT ORDER TYPE: | | | |

| SEQUENCE #  OF | LOCATION TYPE: | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|
| OFFENSE DESCRIPTION: | | | |

| OFFENSE CODE: | ASCF CODE: | KRS CODE: | CLASS: | DEGREE: | COUNTS: | | |
|---|---|---|---|---|---|---|---|
| BIAS MOTIVATION: | | | METHOD ENTRY: | | NUMBER PREMISES: | | |
| SCHOOL NAME: | | | | SCHOOL TYPE: | | CAMPUS? | |
| OFFENDER SUSPECTED OF USING: | | | | COURT ORDER TYPE: | | | |

### PROPERTY DATA

#### UNIT

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|
| 1 | AUTOMOBILES | STOLEN (NOT RECOVERED) | $17,000.00 | | | |

| UNIT TYPE | VEHICLE MAKE: | VEHICLE MODEL | YEAR | VEHICLE TYPE | | |
|---|---|---|---|---|---|---|
| ROADWAY VEHICLE | HYUNDAI | ELANTRA | 2014 | SEDAN/2 DOOR | | |
| VEHICLE COLOR  **BLUE** | VIN NUMBER  **KMHDH4AE6EU197019** | OWNER APPLIED #  **9236522** | REGISTRATION STATE, YEAR, & NUMBER  **KY  2015  036RLG** | | | |
| | | VEHICLE DESCRIPTORS | | KEYS LEFT IN UNIT?  **YES** | OWNER  **Victim 1** | |

#### GENERAL

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|
| | PROPERTY DESCRIPTION | | | | | |
| | OWNER APPLED NUMBER | | SERIAL NUMBER | | | |
| | MAKE | | MODEL | | OWNER | |

| TOTAL STOLEN VALUE:  **$17,000.00** | TOTAL RECOVERED VALUE:  **$0.00** | TOTAL VEHICLES STOLEN:  **1** | TOTAL VEHICLES RECOVERED:  **0** |
|---|---|---|---|

### STATUS

| INCIDENT STATUS  **OPEN** | CLOSED DATE | CLEARANCE TYPE | CLEARED EXCEPTIONALLY | EX. CLEARANCE DATE | UCR REPORTING FOR OTHER AGENCY  YES ☐ |
|---|---|---|---|---|---|

| SUBMITTING OFFICER  **G GAGEL** | INVESTIGATING OFFICER  **G GAGEL** | UNIT/BADGE #  **5837** | REVIEWED BY  **D JEWELL** | TIME SPENT  **1 hrs** |
|---|---|---|---|---|

Page  **1**  of  **3**      Incident Number:  **P15-0117**      Agency ORI:  **0566900**      Badge #:  **5837**

Case ID: 151103380
Control No.: 17090690

# KYIBRS REPORT
## COMMONWEALTH OF KENTUCKY

**KSP RECORDS**

## VICTIM DATA

| VICTIM SEQUENCE | VICTIM NAME | PHONE |
|---|---|---|
| 1 of 1 | HOLLAND-KNOX (HERTZ REP) | (502) 235-6364 |

| LICENSE/ID STATE | LICENSE/ID NUMBER | |
|---|---|---|
| | | |

Address Unknown ☐ ADDRESS: **600 TERMINAL DRIVE** — VICTIM TYPE: **BUS**

| CITY: LOUISVILLE | STATE: KY | ZIP CODE: 40209 | KY RESIDENT: |
|---|---|---|---|

| DATE OF BIRTH | SSN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|
| | | | | | |

| GENDER | RACE | ETHNIC ORIGIN | PEACE OFFICER? |
|---|---|---|---|
| | | | YES ☐ |

| NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | INJURY TYPE |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

| VICTIM OF OFFENSE(S) | AGG ASSAULT/ HOMICIDE CIRC | ADDTL JUSTIFIABLE HOMICIDE CIRC |
|---|---|---|
| 24044 | | |

| LEOKA ASSIGNMENT | LEOKA ACTIVITY |
|---|---|
| | |

## SUSPECT/ARRESTEE DATA

| SUSPECT SEQ. # | NAME: | ARRESTED? | ARREST DATE |
|---|---|---|---|
| of | ALIAS: | YES ☐ | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: |
|---|---|
| | |

| ADDRESS | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
|---|---|---|---|
| | | | |

| CITY: | STATE: | ZIP CODE: |
|---|---|---|
| | | |

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| ARRESTEE SEQ. # | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | | | | |
|---|---|---|---|---|---|---|---|---|
| of | | | 1 | | 4 | | 8 | |
| | ARRESTEE ARMED WITH | | 2 | | 5 | | 7 | |
| | | | 3 | | 6 | | 9 | |

## SUSPECT/ARRESTEE DATA

| SUSPECT SEQ. # | NAME: | ARRESTED? | ARREST DATE |
|---|---|---|---|
| of | ALIAS: | YES ☐ | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: |
|---|---|
| | |

| ADDRESS | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
|---|---|---|---|
| | | | |

| CITY: | STATE: | ZIP CODE: |
|---|---|---|
| | | |

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| ARRESTEE SEQ. # | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | | | | |
|---|---|---|---|---|---|---|---|---|
| of | | | 1 | | 4 | | 7 | |
| | ARRESTEE ARMED WITH | | 2 | | 5 | | 8 | |
| | | | 3 | | 6 | | 9 | |

## WITNESS DATA

| WITNESS SEQUENCE | WITNESS NAME | PHONE |
|---|---|---|
| of | | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: |
|---|---|
| | |

| ADDRESS: | DATE OF BIRTH |
|---|---|
| | |

| CITY: | STATE: | ZIP CODE: | SSN: |
|---|---|---|---|
| | | | |

Case ID: 151103380
Control No.: 17090690

## KYIBRS REPORT: UOR2 SUPPLEMENT

KSP RECORDS

### COMMONWEALTH OF KENTUCKY

*SYNOPSIS:*

Hertz rental service reported this vehicle missing from they return lot
located at Louisville International Airport.   No exact time or date was reported.

*MODUS OPERANDI:*

*DATE & TIME OF OCCURRENCE:*

*ACCUSED:*

*SUSPECTS:*

*STOLEN PROPERTY:*

*OTHER PROPERTY:*

*EVIDENCE & HOW MARKED:*

*EVIDENCE DISPOSITION:*

*INVESTIGATION:*

*STATUS OF CASE:*

*ATTACHMENT*

Case ID: 151103380
Control No.: 17090690

SUPPLEMENT

# KYIBRS REPORT
## COMMONWEALTH OF KENTUCKY

KSP RECORDS

| AGENCY ORI/NAME   0566900 LOUISVILLE AIRPORT POLICE | | | | INCIDENT NUMBER   KY P15-0142 | | | |
|---|---|---|---|---|---|---|---|

**ADMINISTRATIVE**

| INCIDENT DATE/TIME | | EXACT/ESTIMATE | REPORT DATE | RECEIVED | DISPATCHED | ARRIVED | CLEARED |
|---|---|---|---|---|---|---|---|
| 03/20/2015  TO 03/29/2015 | | ESTIMATE | 05/04/2015 | 05:40 | 05:40 | 05:42 | 05:42 |
| REPORTED BY: HOLLAND-KNOX, BRANDI | | | | | | HOW REPORTED | |
| LICENSE/ID STATE: | LICENSE/ID NUMBER: | | | | | | |
| ADDRESS:  3700 CRITTENDEN DR | | | | | | | |
| CITY:  LOUISVILLE | | STATE: KY | ZIP CODE:   40209 | | PHONE NUMBER:  (502) 403-1293 | | |

| EXACT LOCATION OF OFFENSE | 600 LOWER TERMINAL DR | | | | SECTOR NO: | |
|---|---|---|---|---|---|---|
| | ADDRESS:  600 LOWER TERMINAL DR | | | | | |
| | CITY:  LOUISVILLE | | | STATE: KY | ZIP CODE:   40209 | |
| | COUNTY: JEFFERSON | LATITUDE | 38 DEG | 11.171 MIN | LONGITUDE | 85 DEG | 44.541 MIN |

**OFFENSE DATA**

| SEQUENCE #    1  OF  1 | LOCATION TYPE:  AIR/BUS/TRAIN TERMINAL | | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|---|
| OFFENSE DESCRIPTION:  THEFT BY FAILURE TO MAKE REQUIRED DISP OF PROPERTY $10,000 OR MORE | | | | |
| OFFENSE CODE:  23231 | ASCF CODE:  0 | KRS CODE:  514.070 | CLASS:  C | DEGREE:  F | COUNTS:  1 |
| BIAS MOTIVATION:  NONE (NO BIAS) | | METHOD ENTRY: | NUMBER PREMISES: | |
| SCHOOL NAME: | | SCHOOL TYPE: | | CAMPUS? |
| OFFENDER SUSPECTED OF USING:   NOT APPLICABLE | | | COURT ORDER TYPE: | |

| SEQUENCE #    OF | LOCATION TYPE: | | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|---|
| OFFENSE DESCRIPTION: | | | | |
| OFFENSE CODE: | ASCF CODE: | KRS CODE: | CLASS: | DEGREE: | COUNTS: |
| BIAS MOTIVATION: | | METHOD ENTRY: | NUMBER PREMISES: | |
| SCHOOL NAME: | | SCHOOL TYPE: | | CAMPUS? |
| OFFENDER SUSPECTED OF USING: | | | COURT ORDER TYPE: | |

| SEQUENCE #    OF | LOCATION TYPE: | | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|---|
| OFFENSE DESCRIPTION: | | | | |
| OFFENSE CODE: | ASCF CODE: | KRS CODE: | CLASS: | DEGREE: | COUNTS: |
| BIAS MOTIVATION: | | METHOD ENTRY: | NUMBER PREMISES: | |
| SCHOOL NAME: | | SCHOOL TYPE: | | CAMPUS? |
| OFFENDER SUSPECTED OF USING: | | | COURT ORDER TYPE: | |

**PROPERTY DATA**

| SEQ# | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|
| 1 | AUTOMOBILES | STOLEN (NOT RECOVERED) | $12,987.00 | | | |

**UNIT**

| UNIT TYPE | VEHICLE MAKE | VEHICLE MODEL | YEAR | VEHICLE TYPE |
|---|---|---|---|---|
| ROADWAY VEHICLE | NISSAN | VERSA | 2013 | SEDAN/4 DOOR |

| VEHICLE COLOR | VIN NUMBER | OWNER APPLIED # | REGISTRATION STATE, YEAR, & NUMBER | | |
|---|---|---|---|---|---|
| RED | 3N1CN7AP0DL873438 | F263605 | WY | 2016 | 293924 |

| VEHICLE DESCRIPTORS | KEYS LEFT IN UNIT? | OWNER |
|---|---|---|
| DOLLAR THRIFTY RENTAL CAR | UNKNOWN | Victim 1 |

| SEQ# | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|
| | | | | | | |

**GENERAL**

| PROPERTY DESCRIPTION | | |
|---|---|---|
| OWNER APPLED NUMBER | SERIAL NUMBER | |
| MAKE | MODEL | OWNER |

| TOTAL STOLEN VALUE:   $12,987.00 | TOTAL RECOVERED VALUE:   $0.00 | TOTAL VEHICLES STOLEN:   1 | TOTAL VEHICLES RECOVERED:   0 |
|---|---|---|---|

**STATUS**

| INCIDENT STATUS | CLOSED DATE | CLEARANCE TYPE | CLEARED EXCEPTIONALLY | EX. CLEARANCE DATE | UCR REPORTING FOR OTHER AGENCY |
|---|---|---|---|---|---|
| CLOSED | 05/25/2015 | | | | YES ☐ |

| SUBMITTING OFFICER | INVESTIGATING OFFICER | UNIT/BADGE # | REVIEWED BY | TIME SPENT |
|---|---|---|---|---|
| Z SWANSON | Z SWANSON | 5853 | B SIMS | 1 hrs |

| Page  1  of  3 | Incident Number:  P15-0142 | Agency ORI: 0566900 | Badge #:  5853 |
|---|---|---|---|

Case No.: 151103380
Control No.: 17090690

## KYIBRS REPORT
### COMMONWEALTH OF KENTUCKY

KSP RECORDS

### VICTIM DATA

| VICTIM SEQUENCE | VICTIM NAME | PHONE |
|---|---|---|
| 1 of 1 | DOLLAR THRIFT AUTOMOTIVE | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | |
|---|---|---|

Address Unknown ☐ ADDRESS: 3700 CRITTENDEN DR          VICTIM TYPE: BUS

CITY: LOUISVILLE     STATE: KY   ZIP CODE: 40209   KY RESIDENT:

| DATE OF BIRTH | SSN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|

| GENDER | RACE | ETHNIC ORIGIN | PEACE OFFICER? |
|---|---|---|---|
| | | | YES ☐ |

| NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | INJURY TYPE |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

| VICTIM OF OFFENSE(S) | AGG ASSAULT/ HOMICIDE CIRC | ADDTL JUSTIFIABLE HOMICIDE CIRC |
|---|---|---|
| 23231 | | |

| LEOKA ASSIGNMENT | LEOKA ACTIVITY |
|---|---|

### SUSPECT/ARRESTEE DATA

| SUSPECT SEQ. # | NAME: DUNKIN, TRACIE | ARRESTED? | ARREST DATE |
|---|---|---|---|
| 1 of 1 | ALIAS: | YES ☐ | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | | |
|---|---|---|---|

| ADDRESS | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
|---|---|---|---|

| CITY: | STATE: | ZIP CODE: | |
|---|---|---|---|

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|
| | | UNKNOWN | UNKNOWN | | | | |

| ARRESTEE SEQ. # | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | | |
|---|---|---|---|---|---|---|
| of | | | 1 | 4 | 8 | |
| | ARRESTEE ARMED WITH | | 2 | 5 | 7 | |
| | | | 3 | 6 | 9 | |

| SUSPECT SEQ. # | NAME: | ARRESTED? | ARREST DATE |
|---|---|---|---|
| of | ALIAS: | YES ☐ | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | | |
|---|---|---|---|

| ADDRESS | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
|---|---|---|---|

| CITY: | STATE: | ZIP CODE: | |
|---|---|---|---|

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|

| ARRESTEE SEQ. # | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | | |
|---|---|---|---|---|---|---|
| of | | | 1 | 4 | 7 | |
| | ARRESTEE ARMED WITH | | 2 | 5 | 8 | |
| | | | 3 | 6 | 9 | |

### WITNESS DATA

| WITNESS SEQUENCE | WITNESS NAME | PHONE |
|---|---|---|
| of | | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | |
|---|---|---|

| CITY: | STATE: | ZIP CODE: | SSN: | DATE OF BIRTH |
|---|---|---|---|---|

Case ID: 151103380
Control No.: 17090690

# KYIBRS REPORT: UOR2 SUPPLEMENT

KSP RECORDS

## COMMONWEALTH OF KENTUCKY

**SYNOPSIS:**
Dollar Thrifty Automotive group brought Warrant#2172657 to the Airport Police on 5-4-2015 for the theft of a auto. Tracie Dunkin rented the vehicle on 3-20-2015 and was supposed to be returned on 3-29-2015. Thrifty Dollar has tried to contact the individual with no response.

**MODUS OPERANDI:**

**DATE & TIME OF OCCURRENCE:**
Vehicle was rented on 3-20-15 and was due to be returned on 3-29-2015

**ACCUSED:**
Auto Rented to:
Tracie Dunkin

**SUSPECTS:**

**STOLEN PROPERTY:**
2013 Nissan Versa
Red in color
Vin# 3N1CN7AP0DL873438
WY PLATE 293924
DOLLAR THRIFTY APPLIED NUMBER F263605
MILEAGE OUT 46826

**OTHER PROPERTY:**

**EVIDENCE & HOW MARKED:**

**EVIDENCE DISPOSITION:**
UNKNOWN

**INVESTIGATION:**
OPEN

**STATUS OF CASE:**
OPEN

**ATTACHMENT**
Vehicle was found by LMPD at 6670 Terry Rd on 5/24/2015

Case ID: 151103380
Control No.: 17090690

AOC-E-035 WarCode: WA
Rev. 01-08
Commonwealth of Kentucky
Court of Justice
RCr 2.05; RCr2.06



| | |
|---|---|
| Case Number: | |
| County: | JEFFERSON |
| Court: | DISTRICT COURT |
| Warrant Number: | E05610002172657 |
| Generated: | 5/5/2015  7:14:21AM |



**Warrant of Arrest**
**Warrant**

Page 1 of 1

*Plaintiff.* **COMMONWEALTH VS.** Tracie Dunkin *Defendant*

**TO ALL PEACE OFFICERS IN THE COMMONWEALTH OF KENTUCKY.** You are hereby commanded to arrest:

Tracie Dunkin

| | |
|---|---|
| Gender | |
| Race | |
| Date of Birth | |
| Height | |
| Weight | |
| Operator License# | |

and bring him/her forthwith before JEFFERSON COUNTY - DISTRICT COURT.

[X]  to answer charges that he/she committed the offense(s) of:

| Chg# | UOR Code | KRS | Type | Description | ASCF | Counts | Disp Dt | Disp |
|---|---|---|---|---|---|---|---|---|
| 1 | 23231 | 514.070 | F | THEFT BY FAILURE TO MAKE REQUIRED DISP OF PROP | N/A | 1 | | |
| | | | | | | | | |

against the peace and dignity of the commonwealth; or
[ ] because:

if the court is not in session, you will deliver him/her to the jailer of          JEFFERSON COUNTY - DISTRICT COURT

[ ] The defendant may post bail in the amount of $ , secured by

[ ] the defendant may not give bail.

## Complaint

The Affiant, Brandi Holland, states that  on 3/29/2015 at 22:51 in JEFFERSON County, Kentucky, the above named defendant unlawfully: and until present, deft failed to return a 2012 Nissan Versa that was rented from Thrifty Car Rental. Deft rented the vehicle on 3/20/2015 and did sign a rental agreement. Deft was to make the required payment and/or return the vehicle. Deft failed to do so. Deft ignored letters and phone calls demanding the car back.  Attempts to locate deft and/or recover the vehicle has been unsuccessful.  Value of vehicle $12,987.00

EXECUTION

Served By: HARDIN, RADCLIFF POLICE DEPARTMENT, Rossell, Wyatt, HARDIN-COUNTY JAIL ELIZABETHTOWN-KY047013C. on 05/31/2015

Electronically signed by District Court Judge A.Haynie on 5/4/2015 at  5:25:10PM.

Date printed:    Tuesday, May 5, 2015

Agency Local Code:
Case ID: 151103380
A E-RAW
Control No.: 17090690

# KYIBRS REPORT
### COMMONWEALTH OF KENTUCKY

**KSP RECORDS**

## ADMINISTRATIVE

| AGENCY ORI/NAME  0566900 LOUISVILLE AIRPORT POLICE | | | INCIDENT NUMBER  KY P15-0148 | | |
|---|---|---|---|---|---|

| INCIDENT DATE/TIME | EXACT/ESTIMATE | REPORT DATE | RECEIVED | DISPATCHED | ARRIVED | CLEARED |
|---|---|---|---|---|---|---|
| 05/13/2015 17:40 TO 05/13/2015 17:41 | ESTIMATE | 05/13/2015 | 17:26 | 17:28 | 17:28 | 17:40 |

| REPORTED BY: HOLLAND-KNOX, BRANDI | | HOW REPORTED |
|---|---|---|
| LICENSE/ID STATE: | LICENSE/ID NUMBER: | |

ADDRESS: **3700 CRITTENDEN DR**

| CITY: LOUISVILLE | STATE: KY | ZIP CODE: 40209 | PHONE NUMBER: (502) 403-1293 |
|---|---|---|---|

**EXACT LOCATION OF OFFENSE**

| 3700 CRITTENDEN DR | | | SECTOR NO: |
|---|---|---|---|
| ADDRESS: 3700 CRITTENDEN DR | | | |
| CITY: LOUISVILLE | | STATE: KY | ZIP CODE: 40209 |
| COUNTY: JEFFERSON | LATITUDE 38 DEG 11.511 MIN | LONGITUDE 85 DEG 45.055 MIN | |

## OFFENSE DATA

| SEQUENCE # 1 OF 1 | LOCATION TYPE: AIR/BUS/TRAIN TERMINAL | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|

OFFENSE DESCRIPTION: **TBUT OR DISP AUTO - $10,000 OR MORE BUT U/$1,000,000**

| OFFENSE CODE: 24044 | ASCF CODE: 0 | KRS CODE: 514.030 | CLASS: C | DEGREE: F | COUNTS: 1 |
|---|---|---|---|---|---|

| BIAS MOTIVATION: UNKNOWN (MOTIVATION NOT KNOWN) | METHOD ENTRY: | NUMBER PREMISES: |
|---|---|---|

| SCHOOL NAME: | SCHOOL TYPE: | CAMPUS? |
|---|---|---|

| OFFENDER SUSPECTED OF USING: NOT APPLICABLE | COURT ORDER TYPE: |
|---|---|

| SEQUENCE # OF | LOCATION TYPE: | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|

OFFENSE DESCRIPTION:

| OFFENSE CODE: | ASCF CODE: | KRS CODE: | CLASS: | DEGREE: | COUNTS: |
|---|---|---|---|---|---|

| BIAS MOTIVATION: | METHOD ENTRY: | NUMBER PREMISES: |
|---|---|---|

| SCHOOL NAME: | SCHOOL TYPE: | CAMPUS? |
|---|---|---|

| OFFENDER SUSPECTED OF USING: | COURT ORDER TYPE: |
|---|---|

| SEQUENCE # OF | LOCATION TYPE: | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|

OFFENSE DESCRIPTION:

| OFFENSE CODE: | ASCF CODE: | KRS CODE: | CLASS: | DEGREE: | COUNTS: |
|---|---|---|---|---|---|

| BIAS MOTIVATION: | METHOD ENTRY: | NUMBER PREMISES: |
|---|---|---|

| SCHOOL NAME: | SCHOOL TYPE: | CAMPUS? |
|---|---|---|

| OFFENDER SUSPECTED OF USING: | COURT ORDER TYPE: |
|---|---|

## PROPERTY DATA

### UNIT

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|
| 1 | AUTOMOBILES | STOLEN (NOT RECOVERED) | $31,000.00 | | | |

| UNIT TYPE | VEHICLE MAKE: | VEHICLE MODEL | YEAR | VEHICLE TYPE |
|---|---|---|---|---|
| ROADWAY VEHICLE | CHEVROLET | SILVERADO 4X4 | 2015 | PICKUP |

| VEHICLE COLOR | VIN NUMBER | OWNER APPLIED # | REGISTRATION STATE, YEAR, & NUMBER | | |
|---|---|---|---|---|---|
| SILVER/ALUMINUM | 1GCVKREH2FZ204533 | 015951190479 | KY | 2016 | 356TBC |

| VEHICLE DESCRIPTORS | KEYS LEFT IN UNIT? | OWNER |
|---|---|---|
| | NO | Victim 1 |

### GENERAL

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|

PROPERTY DESCRIPTION

| OWNER APPLED NUMBER | SERIAL NUMBER |
|---|---|

| MAKE | MODEL | OWNER |
|---|---|---|

| TOTAL STOLEN VALUE: $31,000.00 | TOTAL RECOVERED VALUE: $0.00 | TOTAL VEHICLES STOLEN: 1 | TOTAL VEHICLES RECOVERED: 0 |
|---|---|---|---|

## STATUS

| INCIDENT STATUS | CLOSED DATE | CLEARANCE TYPE | CLEARED EXCEPTIONALLY | EX. CLEARANCE DATE | UCR REPORTING FOR OTHER AGENCY |
|---|---|---|---|---|---|
| OPEN | | | | | YES ☐ |

| SUBMITTING OFFICER | INVESTIGATING OFFICER | UNIT/BADGE # | REVIEWED BY | TIME SPENT |
|---|---|---|---|---|
| Z SWANSON | Z SWANSON | 5853 | E SEDLOCK | 1 hrs |

| Page 1 of 3 | Incident Number: P15-0148 | Agency ORI: 0566900 | Badge #: 5853 |
|---|---|---|---|

Case ID: 151103380
Control No.: 17090690

# KYIBRS REPORT
## COMMONWEALTH OF KENTUCKY

**KSP RECORDS**

## VICTIM DATA

| VICTIM SEQUENCE | | VICTIM NAME | PHONE |
|---|---|---|---|
| 1 of 1 | HERTZ RENTAL CAR | | (502) 403-1293 |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: |
|---|---|

| Address Unknown ☐ | ADDRESS: 3700 CRITTENDEN DR | VICTIM TYPE: BUS |
|---|---|---|

| CITY: LOUISVILLE | STATE: KY | ZIP CODE: 40209 | KY RESIDENT: |
|---|---|---|---|

| DATE OF BIRTH | SSN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|

| GENDER | RACE | ETHNIC ORIGIN | PEACE OFFICER? |
|---|---|---|---|
| | | | YES ☐ |

| NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | INJURY TYPE |
|---|---|---|---|---|---|---|---|

| VICTIM OF OFFENSE(S) | AGG ASSAULT/ HOMICIDE CIRC | ADDTL JUSTIFIABLE HOMICIDE CIRC |
|---|---|---|
| 24044 | | |

| LEOKA ASSIGNMENT | LEOKA ACTIVITY |
|---|---|

## SUSPECT/ARRESTEE DATA

| SUSPECT SEQ.# | NAME: | ARRESTED? | ARREST DATE |
|---|---|---|---|
| of | ALIAS: | YES ☐ | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: |
|---|---|

| ADDRESS | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
|---|---|---|---|
| CITY: | STATE: | ZIP CODE: | |

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|

| ARRESTEE SEQ.# | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | |
|---|---|---|---|---|---|
| of | | | 1 | 4 | 8 |
| | ARRESTEE ARMED WITH | | 2 | 5 | 7 |
| | | | 3 | 6 | |

## SUSPECT/ARRESTEE DATA

| SUSPECT SEQ.# | NAME: | ARRESTED? | ARREST DATE |
|---|---|---|---|
| of | ALIAS: | YES ☐ | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: |
|---|---|

| ADDRESS | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
|---|---|---|---|
| CITY: | STATE: | ZIP CODE: | |

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|

| ARRESTEE SEQ.# | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | |
|---|---|---|---|---|---|
| of | | | 1 | 4 | 7 |
| | ARRESTEE ARMED WITH | | 2 | 5 | 8 |
| | | | 3 | 6 | 9 |

## WITNESS DATA

| WITNESS SEQUENCE | WITNESS NAME | PHONE |
|---|---|---|
| of | | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: |
|---|---|

| ADDRESS | | | | DATE OF BIRTH |
|---|---|---|---|---|
| CITY: | STATE: | ZIP CODE: | SSN: | |

Case ID: 151103380
Control No.: 17090690

## KYIBRS REPORT: UOR2 SUPPLEMENT

### COMMONWEALTH OF KENTUCKY

**KSP RECORDS**

**SYNOPSIS:**
Hertz brought the Louisville Airport Police information on a vehicle that was stolen sometime after 2/23/2015. The vehicle missing is a 2015 Chevrolet Silverado 4WD Registration KY 356TBC.

**MODUS OPERANDI:**
Stolen

**DATE & TIME OF OCCURRENCE:**
Unknown when the vehicle when was taken but it was reported 5/13/2015 and there has been no record of it after 2/23/2015.

**ACCUSED:**

**SUSPECTS:**

**STOLEN PROPERTY:**
2015 Chevrolet Silverado
4 WD Pickup Truck
VIN:1GCVKREH2FZ204533
KY 356TBC
Silver in color

**OTHER PROPERTY:**

**EVIDENCE & HOW MARKED:**
NONE

**EVIDENCE DISPOSITION:**
UNKNOWN

**INVESTIGATION:**
OPEN

**STATUS OF CASE:**
OPEN

**ATTACHMENT**

Case ID: 151103380
Control No.: 17090690

SUPPLEMENT

# KYIBRS REPORT
## COMMONWEALTH OF KENTUCKY

| AGENCY ORI/NAME | 0566900 LOUISVILLE AIRPORT POLICE | | | INCIDENT NUMBER | KY P15-0149 | |
|---|---|---|---|---|---|---|

| INCIDENT DATE/TIME | EXACT / ESTIMATE | REPORT DATE | RECEIVED | DISPATCHED | ARRIVED | CLEARED |
|---|---|---|---|---|---|---|
| 5/13/2015 17:40 TO 5/13/2015 17:41 | EXACT | 5/13/2015 | 17:28 | 17:30 | 17:30 | 17:40 |

| REPORTED BY: HOLLAND-KNOX, BRANDI | | HOW REPORTED |
|---|---|---|
| LICENSE/ID STATE: | LICENSE/ID NUMBER: | IN PERSON |

ADDRESS: **3700 CRITTENDEN DR**

| CITY: **LOUISVILLE** | STATE: **KY** | ZIP CODE: **40209** | PHONE NUMBER: **502-403-1293** |
|---|---|---|---|

| EXACT LOCATION OF OFFENSE | 3700 CRITTENDEN DR | | SECTOR NO: |
|---|---|---|---|
| | ADDRESS **3700 CRITTENDEN DR** | | |
| | CITY **LOUISVILLE** | STATE: **KY** | ZIP CODE: **40209** |
| | COUNTY **JEFFERSON** | LATITUDE **38 DEG 11.534 MIN** | LONGITUDE **85 DEG 45.054 MIN** |

**OFFENSE DATA**

| SEQUENCE # 1 OF 1 | LOCATION TYPE: AIR, BUS, TRAIN TERMINAL | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|

OFFENSE DESCRIPTION: TBUT OR DISP AUTO - $10,000 OR MORE BUT U/$1,000,000

| OFFENSE CODE: 24044 | ASCF CODE: 0 | KRS CODE: 514.030 | CLASS: C | DEGREE: F | COUNTS: 1 |
|---|---|---|---|---|---|

| BIAS MOTIVATION: UNKNOWN (MOTIVATION NOT KNOWN) | METHOD ENTRY: | NUMBER PREMISES: 0 |
|---|---|---|

| SCHOOL NAME: | SCHOOL TYPE: | CAMPUS? |
|---|---|---|

OFFENDER SUSPECTED OF USING: NOT APPLICABLE     COURT ORDER TYPE:

| SEQUENCE # OF | LOCATION TYPE: | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|

OFFENSE DESCRIPTION:

| OFFENSE CODE: | ASCF CODE: | KRS CODE: | CLASS: | DEGREE: | COUNTS: |
|---|---|---|---|---|---|

| BIAS MOTIVATION: | METHOD ENTRY: | NUMBER PREMISES: |
|---|---|---|

| SCHOOL NAME: | SCHOOL TYPE: | CAMPUS? |
|---|---|---|

OFFENDER SUSPECTED OF USING:     COURT ORDER TYPE:

| SEQUENCE # OF | LOCATION TYPE: | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|

OFFENSE DESCRIPTION:

| OFFENSE CODE: | ASCF CODE: | KRS CODE: | CLASS: | DEGREE: | COUNTS: |
|---|---|---|---|---|---|

| BIAS MOTIVATION: | METHOD ENTRY: | NUMBER PREMISES: |
|---|---|---|

| SCHOOL NAME: | SCHOOL TYPE: | CAMPUS? |
|---|---|---|

OFFENDER SUSPECTED OF USING:     COURT ORDER TYPE:

**PROPERTY DATA**

**VEHICLE**

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DT RECOVERED |
|---|---|---|---|---|---|---|
| 1 | AUTOMOBILES | STOLEN (NOT RECOVERED) | $14,451.00 | | | |

| UNIT TYPE | VEHICLE MAKE | VEHICLE MODEL | YEAR | VEHICLE TYPE |
|---|---|---|---|---|
| BICYCLE | CHEVROLET | CRUZE | 2015 | SEDAN/4 DOOR |

| VEHICLE COLOR | VIN NUMBER | OWNER APPLIED # | | REGISTRATION STATE, YEAR, & NUMBER | | |
|---|---|---|---|---|---|---|
| SILVER\ALUMINUM | 1G1PE5SB1F7138173 | 01595 1187475 | KY | 2016 | 306TAC |

| VEHICLE DESCRIPTORS | KEYS LEFT IN UNIT? | OWNER |
|---|---|---|
| | NO | Victim 1 |

**GENERAL**

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DT RECOVERED |
|---|---|---|---|---|---|---|
| | | | | | | |

PROPERTY DESCRIPTION

| OWNER APPLED NUMBER | SERIAL NUMBER |
|---|---|

| MAKE | MODEL | OWNER |
|---|---|---|

| TOTAL STOLEN VALUE: $14,451.00 | TOTAL RECOVERED VALUE: | TOTAL VEHICLES STOLEN: 1 | TOTAL VEHICLES RECOVERED: |
|---|---|---|---|

**STATUS**

| INCIDENT STATUS | CLOSED DATE | CLEARANCE TYPE | CLEARED EXCEPTIONALLY | EX. CLEARANCE DATE | UCR REPORTING FOR OTHER AGENCY |
|---|---|---|---|---|---|
| CLOSED | 9/19/2015 | TIME CLOSED | | | ☐ YES |

| ORIGINATING OFFICER | ASSIGNED TO | UNIT/BADGE # | REVIEWED BY | SUPPLEMENTED BY |
|---|---|---|---|---|
| SWANSON, Z | SWANSON, Z | 5853 | E SEDLOCK | Grimes, Joshua |

# KYIBRS REPORT

## COMMONWEALTH OF KENTUCKY

**VICTIM DATA**

| VICTIM SEQUENCE | VICTIM NAME | PHONE |
|---|---|---|
| 1 of 1   HERTZ RENTAL CAR | | 502-403-1293 |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | |
|---|---|---|

| ☐ Address Unknown | ADDRESS: 3700 CRITTENDEN DR | | VICTIM TYPE: BUS |
|---|---|---|---|

| CITY: LOUISVILLE | STATE: KY | ZIP CODE: 40209 | KY RESIDENT: |
|---|---|---|---|

| DATE OF BIRTH | SSN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|

| GENDER | RACE | ETHNIC ORIGIN | PEACE OFFICER? ☐ YES |
|---|---|---|---|

| NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | INJURY TYPE |
|---|---|---|---|---|---|---|---|

| VICTIM OF OFFENSE(S) | AGG ASSAULT/ HOMICIDE CIRC | ADDTL JUSTIFIABLE HOMICIDE CIRC |
|---|---|---|
| 24044 | | |

| LEOKA ASSIGNMENT | LEOKA ACTIVITY |
|---|---|

**SUSPECT / ARRESTEE DATA**

| SUSPECT SEQ. # | NAME: | ARRESTED? | ARREST DATE |
|---|---|---|---|
| of | ALIAS: | ☐ YES | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: |
|---|---|

| ADDRESS | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
|---|---|---|---|

| CITY: | STATE: | ZIP CODE: |
|---|---|---|

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|

| ARRESTEE SEQ. # | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | | |
|---|---|---|---|---|---|---|
| of | | | 1 | 4 | 8 | |
| ARRESTEE ARMED WITH | | | 2 | 5 | 7 | |
| | | | 3 | 6 | 9 | |

| SUSPECT SEQ. # | NAME: | ARRESTED? | ARREST DATE |
|---|---|---|---|
| of | ALIAS: | ☐ YES | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: |
|---|---|

| ADDRESS | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
|---|---|---|---|

| CITY: | STATE: | ZIP CODE: |
|---|---|---|

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|

| ARRESTEE SEQ. # | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | | |
|---|---|---|---|---|---|---|
| of | | | 1 | 4 | 7 | |
| ARRESTEE ARMED WITH | | | 2 | 5 | 8 | |
| | | | 3 | 6 | 9 | |

**WITNESS/OTHER**

| WITNESS/OTHER SEQ | WITNESS/OTHER NAME | PHONE |
|---|---|---|
| of | | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: |
|---|---|

| ADDRESS: | | DATE OF BIRTH |
|---|---|---|

| CITY: | STATE: | ZIP CODE: | SSN: |
|---|---|---|---|

Case ID: 151103380

# KYIBRS REPORT: NARRATIVE

## COMMONWEALTH OF KENTUCKY

### SYNOPSIS:

Hertz brought the Louisville Airport Police information on a vehicle that was stolen sometime after 12/01/2014. The Vehicle Missing is a 2015 Chevrolet Cruze Registration KY 306TAC

### INVESTIGATION:

OPEN

MODUS OPERANDI: Stolen

DATE/TIME OF OCCURRENCE: Unknown when the vehicle was stolen but it was reported on 5/13/2015 and there has been no record of it after 12/01/2014.

STOLEN PROPERTY: 2015 Chevrolet Cruze
4 Door Car
VIN:1G1PE5SB1F136173
KY 306TAC
Silver in color

EVIDENCE AND HOW MARKED: NONE

EVIDENCE DISPOSITION: STOLEN

STATUS OF CASE: OPEN

*CLOSED 9/19/2015* - Vehicle recovered by Plainfield PD at Adesa Auto Auction lot 2950 E Main Street in Plainfield, IN ready for auction.  The vehicle was returned from lease on 6/17/2015 and forgot about by Hertz.

### ATTACHMENTS:

### METHODS OF OPERATION:

Case ID: 151103380

DRAFT

## ACTIVITY LOG
### COMMONWEALTH OF KENTUCKY

**0566900**

7/28/17 9:38 AM

Case ID: 151103380

Badge # No: 5829 7090690

*SUPPLEMENT*

# KYIBRS REPORT
## COMMONWEALTH OF KENTUCKY

KSP RECORDS

### ADMINISTRATIVE

| AGENCY ORI/NAME | 0566900 LOUISVILLE AIRPORT POLICE | | INCIDENT NUMBER | KY P15-0162 | | |
|---|---|---|---|---|---|---|

| INCIDENT DATE/TIME | | EXACT/ESTIMATE | REPORT DATE | RECEIVED | DISPATCHED | ARRIVED | CLEARED |
|---|---|---|---|---|---|---|---|
| 03/27/2015 08:00 TO 03/27/2015 18:00 | | ESTIMATE | 05/28/2015 | 12:37 | 12:37 | 12:37 | 13:07 |

| REPORTED BY: HERTZ, RENT A CAR | HOW REPORTED |
|---|---|

| LICENSE/ID STATE: | LICENSE/ID NUMBER: |
|---|---|

ADDRESS:  440 HURON

| CITY:  LOUISVILLE | STATE:  KY | ZIP CODE:  40209 | PHONE NUMBER:  (502) 235-6364 |
|---|---|---|---|

| EXACT LOCATION OF OFFENSE | 600 TERMINAL DR | | | SECTOR NO: |
|---|---|---|---|---|
| | ADDRESS:  600 TERMINAL DR | | | |
| | CITY:  LOUISVILLE | | STATE:  KY | ZIP CODE:  40209 |
| | COUNTY:  JEFFERSON | LATITUDE  38 DEG  11.182 MIN | LONGITUDE  85 DEG  44.513 MIN | |

### OFFENSE DATA

| SEQUENCE #  1  OF  1 | LOCATION TYPE:  AIR/BUS/TRAIN TERMINAL | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|
| OFFENSE DESCRIPTION:  TBUT OR DISP AUTO - $10,000 OR MORE BUT U/$1,000,000 | | | |

| OFFENSE CODE:  24044 | ASCF CODE:  0 | KRS CODE:  514.030 | CLASS:  C | DEGREE:  F | COUNTS:  1 |
|---|---|---|---|---|---|

| BIAS MOTIVATION:  NONE (NO BIAS) | METHOD ENTRY: | NUMBER PREMISES: | |
|---|---|---|---|

| SCHOOL NAME: | SCHOOL TYPE: | CAMPUS? |
|---|---|---|

| OFFENDER SUSPECTED OF USING:  NOT APPLICABLE | COURT ORDER TYPE: |
|---|---|

| SEQUENCE #  OF | LOCATION TYPE: | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|
| OFFENSE DESCRIPTION: | | | |

| OFFENSE CODE: | ASCF CODE: | KRS CODE: | CLASS: | DEGREE: | COUNTS: |
|---|---|---|---|---|---|

| BIAS MOTIVATION: | METHOD ENTRY: | NUMBER PREMISES: | |
|---|---|---|---|

| SCHOOL NAME: | SCHOOL TYPE: | CAMPUS? |
|---|---|---|

| OFFENDER SUSPECTED OF USING: | COURT ORDER TYPE: |
|---|---|

| SEQUENCE #  OF | LOCATION TYPE: | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|
| OFFENSE DESCRIPTION: | | | |

| OFFENSE CODE: | ASCF CODE: | KRS CODE: | CLASS: | DEGREE: | COUNTS: |
|---|---|---|---|---|---|

| BIAS MOTIVATION: | METHOD ENTRY: | NUMBER PREMISES: | |
|---|---|---|---|

| SCHOOL NAME: | SCHOOL TYPE: | CAMPUS? |
|---|---|---|

| OFFENDER SUSPECTED OF USING: | COURT ORDER TYPE: |
|---|---|

### PROPERTY DATA

#### UNIT

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|
| 1 | AUTOMOBILES | STOLEN AND RECOVERED | $10,300.00 | $10,300.00 | UNDAMAGED | 10/07/2015 |

| UNIT TYPE | VEHICLE MAKE: | VEHICLE MODEL | YEAR | VEHICLE TYPE |
|---|---|---|---|---|
| ROADWAY VEHICLE | VOLKSWAGEN | JETTA | 2012 | SEDAN/4 DOOR |

| VEHICLE COLOR | VIN NUMBER | OWNER APPLIED # | REGISTRATION STATE, YEAR, & NUMBER | | |
|---|---|---|---|---|---|
| BLACK | 3VW2K7AJXCM465757 | | NJ | 2015 | T20CHG |

| VEHICLE DESCRIPTORS | KEYS LEFT IN UNIT? | OWNER |
|---|---|---|
| | YES | Victim 1 |

#### GENERAL

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|
| | | | | | | |

| PROPERTY DESCRIPTION | | |
|---|---|---|

| OWNER APPLED NUMBER | SERIAL NUMBER |
|---|---|

| MAKE | MODEL | OWNER |
|---|---|---|

| TOTAL STOLEN VALUE:  $10,300.00 | TOTAL RECOVERED VALUE:  $10,300.00 | TOTAL VEHICLES STOLEN:  1 | TOTAL VEHICLES RECOVERED:  1 |
|---|---|---|---|

### STATUS

| INCIDENT STATUS | CLOSED DATE | CLEARANCE TYPE | CLEARED EXCEPTIONALLY | EX. CLEARANCE DATE | UCR REPORTING FOR OTHER AGENCY |
|---|---|---|---|---|---|
| CLOSED | 10/07/2015 | | | | YES ☐ |

| SUBMITTING OFFICER | INVESTIGATING OFFICER | UNIT/BADGE # | REVIEWED BY | TIME SPENT |
|---|---|---|---|---|
| J SENG | J SENG | 5799 | J SENG | 30 min |

| Page  1  of  3 | Incident Number:  P15-0162 | Agency ORI:  0566900 | Badge #:  5799 |
|---|---|---|---|

Case ID: 151103380
Control No.: 17090690

# KYIBRS REPORT
## COMMONWEALTH OF KENTUCKY

KSP RECORDS

### VICTIM DATA

| VICTIM SEQUENCE | VICTIM NAME | PHONE |
|---|---|---|
| 1 of 1 HERTZ | | (502) 235-6364 |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | |
|---|---|---|

| Address Unknown ☐ ADDRESS: 440 HURON | VICTIM TYPE: BUS |
|---|---|

| CITY: LOUISVILLE | STATE: KY | ZIP CODE: 40209 | KY RESIDENT: |
|---|---|---|---|

| DATE OF BIRTH | SSN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|
| | | | | | |

| GENDER | RACE | ETHNIC ORIGIN | PEACE OFFICER? |
|---|---|---|---|
| | | | YES ☐ |

| NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | INJURY TYPE |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

| VICTIM OF OFFENSE(S) | AGG ASSAULT/ HOMICIDE CIRC | ADDTL JUSTIFIABLE HOMICIDE CIRC |
|---|---|---|
| 24044 | | |

| LEOKA ASSIGNMENT | LEOKA ACTIVITY |
|---|---|

### SUSPECT/ARRESTEE DATA

| SUSPECT SEQ.# | NAME: | ARRESTED? | ARREST DATE |
|---|---|---|---|
| of | ALIAS: | YES ☐ | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: |
|---|---|

| ADDRESS | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
|---|---|---|---|

| CITY: | STATE: | ZIP CODE: |
|---|---|---|

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|

| ARRESTEE SEQ.# | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | |
|---|---|---|---|---|---|
| of | | | 1 | 4 | 8 |
| ARRESTEE ARMED WITH | | | 2 | 5 | 7 |
| | | | 3 | 6 | 9 |

### SUSPECT/ARRESTEE DATA

| SUSPECT SEQ.# | NAME: | ARRESTED? | ARREST DATE |
|---|---|---|---|
| of | ALIAS: | YES ☐ | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: |
|---|---|

| ADDRESS | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
|---|---|---|---|

| CITY: | STATE: | ZIP CODE: |
|---|---|---|

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|

| ARRESTEE SEQ.# | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | |
|---|---|---|---|---|---|
| of | | | 1 | 4 | 7 |
| ARRESTEE ARMED WITH | | | 2 | 5 | 8 |
| | | | 3 | 6 | 9 |

### WITNESS DATA

| WITNESS SEQUENCE | WITNESS NAME | PHONE |
|---|---|---|
| of | | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: |
|---|---|

| ADDRESS | DATE OF BIRTH |
|---|---|

| CITY: | STATE: | ZIP CODE: | SSN: |
|---|---|---|---|

Case ID: 151103380
Control No.: 17090690

## KYIBRS REPORT: UOR2 SUPPLEMENT

COMMONWEALTH OF KENTUCKY

KSP RECORDS

*SYNOPSIS:*

Vehicle was rented but suffered a break down. AAA states they dropped the vehicle at hertz's facility but hertz has been unable to locate it.
Vehicle was found on the Enterprise Rental lot today. No other info available.

*MODUS OPERANDI:*

*DATE & TIME OF OCCURRENCE:*

*ACCUSED:*

*SUSPECTS:*

*STOLEN PROPERTY:*

*OTHER PROPERTY:*

*EVIDENCE & HOW MARKED:*

*EVIDENCE DISPOSITION:*

*INVESTIGATION:*

*STATUS OF CASE:*

*ATTACHMENT*

Case ID: 151103380
Control No.: 17090690

# KYIBRS REPORT
## COMMONWEALTH OF KENTUCKY

KSP RECORDS

**ADMINISTRATIVE**

| AGENCY ORI/NAME | 0566900 LOUISVILLE AIRPORT POLICE | | | INCIDENT NUMBER | KY P15-0182 | |
|---|---|---|---|---|---|---|

| INCIDENT DATE/TIME | EXACT/ESTIMATE | REPORT DATE | RECEIVED | DISPATCHED | ARRIVED | CLEARED |
|---|---|---|---|---|---|---|
| 03/26/2015 07:00 TO 06/18/2015 11:00 | ESTIMATE | 06/18/2015 | 12:55 | 12:55 | 12:55 | 13:25 |

| REPORTED BY: HERTZ, RENT A CAR | | HOW REPORTED |
|---|---|---|

| LICENSE/ID STATE: | LICENSE/ID NUMBER: |
|---|---|

ADDRESS: **440 HURON AVE**

| CITY: LOUISVILLE | STATE: KY | ZIP CODE: 40209 | PHONE NUMBER: (502) 235-6364 |
|---|---|---|---|

**EXACT LOCATION OF OFFENSE**

| | 600 TERMINAL DR | | SECTOR NO: |
|---|---|---|---|
| | ADDRESS: 600 TERMINAL DR | | |
| | CITY: LOUISVILLE | STATE: KY | ZIP CODE: 40209 |
| COUNTY: JEFFERSON | LATITUDE: 38 DEG 11.190 MIN | LONGITUDE: 85 DEG 44.506 MIN | |

**OFFENSE DATA**

| SEQUENCE # 1 OF 1 | LOCATION TYPE: AIR/BUS/TRAIN TERMINAL | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|
| OFFENSE DESCRIPTION: TBUT OR DISP AUTO - $10,000 OR MORE BUT U/$1,000,000 | | | |

| OFFENSE CODE: 24044 | ASCF CODE: 0 | KRS CODE: 514.030 | CLASS: C | DEGREE: F | COUNTS: 1 | |
|---|---|---|---|---|---|---|

| BIAS MOTIVATION: NONE (NO BIAS) | METHOD ENTRY: | NUMBER PREMISES: | |
|---|---|---|---|

| SCHOOL NAME: | SCHOOL TYPE: | CAMPUS? |
|---|---|---|

| OFFENDER SUSPECTED OF USING: NOT APPLICABLE | COURT ORDER TYPE: |
|---|---|

| SEQUENCE # OF | LOCATION TYPE: | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|
| OFFENSE DESCRIPTION: | | | |

| OFFENSE CODE: | ASCF CODE: | KRS CODE: | CLASS: | DEGREE: | COUNTS: | |
|---|---|---|---|---|---|---|

| BIAS MOTIVATION: | METHOD ENTRY: | NUMBER PREMISES: | |
|---|---|---|---|

| SCHOOL NAME: | SCHOOL TYPE: | CAMPUS? |
|---|---|---|

| OFFENDER SUSPECTED OF USING: | COURT ORDER TYPE: |
|---|---|

| SEQUENCE # OF | LOCATION TYPE: | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|
| OFFENSE DESCRIPTION: | | | |

| OFFENSE CODE: | ASCF CODE: | KRS CODE: | CLASS: | DEGREE: | COUNTS: | |
|---|---|---|---|---|---|---|

| BIAS MOTIVATION: | METHOD ENTRY: | NUMBER PREMISES: | |
|---|---|---|---|

| SCHOOL NAME: | SCHOOL TYPE: | CAMPUS? |
|---|---|---|

| OFFENDER SUSPECTED OF USING: | COURT ORDER TYPE: |
|---|---|

**PROPERTY DATA**

**UNIT**

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|
| 1 | AUTOMOBILES | STOLEN (NOT RECOVERED) | $17,000.00 | | | |

| UNIT TYPE | VEHICLE MAKE | VEHICLE MODEL | YEAR | VEHICLE TYPE |
|---|---|---|---|---|
| ROADWAY VEHICLE | CHEVROLET | SONIC | 2015 | SEDAN/4 DOOR |

| VEHICLE COLOR | VIN NUMBER | OWNER APPLIED # | REGISTRATION STATE, YEAR, & NUMBER | | |
|---|---|---|---|---|---|
| GRAY | 1G1JC5SH3F4122793 | | TN | 2015 | T0467F |

| VEHICLE DESCRIPTORS | KEYS LEFT IN UNIT? | OWNER |
|---|---|---|
| | NO | Victim 1 |

**GENERAL**

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|
| | | | | | | |

| PROPERTY DESCRIPTION | |
|---|---|

| OWNER APPLED NUMBER | SERIAL NUMBER |
|---|---|

| MAKE | MODEL | OWNER |
|---|---|---|

| TOTAL STOLEN VALUE: $17,000.00 | TOTAL RECOVERED VALUE: $0.00 | TOTAL VEHICLES STOLEN: 1 | TOTAL VEHICLES RECOVERED: 0 |
|---|---|---|---|

**STATUS**

| INCIDENT STATUS | CLOSED DATE | CLEARANCE TYPE | CLEARED EXCEPTIONALLY | EX. CLEARANCE DATE | UCR REPORTING FOR OTHER AGENCY |
|---|---|---|---|---|---|
| OPEN | | | | | YES ☐ |

| SUBMITTING OFFICER | INVESTIGATING OFFICER | UNIT/BADGE # | REVIEWED BY | TIME SPENT |
|---|---|---|---|---|
| J SENG | J SENG | 5799 | J SENG | |

| Page 1 of 3 | Incident Number: P15-0182 | Agency ORI: 0566900 | Badge #: 5799 |
|---|---|---|---|

Case ID: 151103380
Control No.: 17090690

# KYIBRS REPORT
## COMMONWEALTH OF KENTUCKY

**KSP RECORDS**

| VICTIM SEQUENCE | | VICTIM NAME | PHONE |
|---|---|---|---|
| 1  of  1 | HERTZ | | (502) 235-6364 |

**VICTIM DATA**

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | |
|---|---|---|

Address Unknown ☐ ADDRESS: 440 HURON AVE    VICTIM TYPE: BUS

CITY: LOUISVILLE    STATE: KY    ZIP CODE: 40209    KY RESIDENT:

| DATE OF BIRTH | SSN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|

| GENDER | RACE | ETHNIC ORIGIN | PEACE OFFICER? |
|---|---|---|---|
| | | | YES ☐ |

| NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | INJURY TYPE |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

| VICTIM OF OFFENSE(S) | AGG ASSAULT/ HOMICIDE CIRC | ADDTL. JUSTIFIABLE HOMICIDE CIRC |
|---|---|---|
| 24044 | | |

| LEOKA ASSIGNMENT | LEOKA ACTIVITY |
|---|---|

**SUSPECT/ARRESTEE DATA**

| SUSPECT SEQ.# | NAME: | ARRESTED? | ARREST DATE |
|---|---|---|---|
| of | ALIAS: | YES ☐ | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: |
|---|---|

| ADDRESS | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
|---|---|---|---|
| CITY: | STATE: | ZIP CODE: | |

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|

| ARRESTEE SEQ.# | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | |
|---|---|---|---|---|---|
| of | | | 1 | 4 | 8 |
| | ARRESTEE ARMED WITH | | 2 | 5 | 7 |
| | | | 3 | 6 | 9 |

| SUSPECT SEQ.# | NAME: | ARRESTED? | ARREST DATE |
|---|---|---|---|
| of | ALIAS: | YES ☐ | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: |
|---|---|

| ADDRESS | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
|---|---|---|---|
| CITY: | STATE: | ZIP CODE: | |

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|

| ARRESTEE SEQ.# | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | |
|---|---|---|---|---|---|
| of | | | 1 | 4 | 7 |
| | ARRESTEE ARMED WITH | | 2 | 5 | 8 |
| | | | 3 | 6 | 9 |

**WITNESS DATA**

| WITNESS SEQUENCE | WITNESS NAME | PHONE |
|---|---|---|
| of | | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: |
|---|---|

| ADDRESS: | | DATE OF BIRTH |
|---|---|---|
| CITY: | STATE:    ZIP CODE:    SSN: | |

Case ID: 151103380
Control No.: I7090690

## KYIBRS REPORT: UOR2 SUPPLEMENT

### COMMONWEALTH OF KENTUCKY

KSP RECORDS

**SYNOPSIS:**

Hertz reports the above vehicle missing from inventory since March 26th, 2015.

**MODUS OPERANDI:**

**DATE & TIME OF OCCURRENCE:**

**ACCUSED:**

**SUSPECTS:**

**STOLEN PROPERTY:**

**OTHER PROPERTY:**

**EVIDENCE & HOW MARKED:**

**EVIDENCE DISPOSITION:**

**INVESTIGATION:**

**STATUS OF CASE:**

**ATTACHMENT**

Case ID: 151103380

Control No.: 17090690

*SUPPLEMENT*

# KYIBRS REPORT
## COMMONWEALTH OF KENTUCKY

KSP RECORDS

<table>
<tr><td colspan="2">AGENCY ORI/NAME  <b>0566900 LOUISVILLE AIRPORT POLICE</b></td><td colspan="2">INCIDENT NUMBER  <b>KY P15-0184</b></td><td></td><td></td></tr>
</table>

**ADMINISTRATIVE**

| INCIDENT DATE/TIME | EXACT/ESTIMATE | REPORT DATE | RECEIVED | DISPATCHED | ARRIVED | CLEARED |
|---|---|---|---|---|---|---|
| 05/01/2015 07:00 TO 06/18/2015 11:00 | ESTIMATE | 06/18/2015 | 14:25 | 14:25 | 14:25 | 14:55 |

| REPORTED BY: HERTZ, RENT A CAR | | HOW REPORTED |
|---|---|---|

| LICENSE/ID STATE: | LICENSE/ID NUMBER: |
|---|---|

ADDRESS: **440 HURON AVE**

| CITY: **LOUISVILLE** | STATE: **KY** | ZIP CODE: **40209** | PHONE NUMBER: **(502) 235-6364** |
|---|---|---|---|

EXACT LOCATION OF OFFENSE:
**600 TERMINAL DR**

| ADDRESS: **600 TERMINAL DR** | | SECTOR NO: |
|---|---|---|

| CITY: **LOUISVILLE** | STATE: **KY** | ZIP CODE: **40209** |
|---|---|---|

| COUNTY: **JEFFERSON** | LATITUDE | **38 DEG** | **11.178 MIN** | LONGITUDE | **85 DEG** | **44.527 MIN** |
|---|---|---|---|---|---|---|

**OFFENSE DATA**

| SEQUENCE # **1** OF **1** | LOCATION TYPE: **AIR/BUS/TRAIN TERMINAL** | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|

OFFENSE DESCRIPTION: **TBUT OR DISP AUTO - $10,000 OR MORE BUT U/$1,000,000**

| OFFENSE CODE: **24044** | ASCF CODE: **0** | KRS CODE: **514.030** | CLASS: **C** | DEGREE: **F** | COUNTS: **1** |
|---|---|---|---|---|---|

| BIAS MOTIVATION: **NONE (NO BIAS)** | METHOD ENTRY: | NUMBER PREMISES: | |
|---|---|---|---|

| SCHOOL NAME: | SCHOOL TYPE: | CAMPUS? |
|---|---|---|

| OFFENDER SUSPECTED OF USING: **NOT APPLICABLE** | COURT ORDER TYPE: |
|---|---|

| SEQUENCE # OF | LOCATION TYPE: | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|

OFFENSE DESCRIPTION:

| OFFENSE CODE: | ASCF CODE: | KRS CODE: | CLASS: | DEGREE: | COUNTS: |
|---|---|---|---|---|---|

| BIAS MOTIVATION: | METHOD ENTRY: | NUMBER PREMISES: | |
|---|---|---|---|

| SCHOOL NAME: | SCHOOL TYPE: | CAMPUS? |
|---|---|---|

| OFFENDER SUSPECTED OF USING: | COURT ORDER TYPE: |
|---|---|

| SEQUENCE # OF | LOCATION TYPE: | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|

OFFENSE DESCRIPTION:

| OFFENSE CODE: | ASCF CODE: | KRS CODE: | CLASS: | DEGREE: | COUNTS: |
|---|---|---|---|---|---|

| BIAS MOTIVATION: | METHOD ENTRY: | NUMBER PREMISES: | |
|---|---|---|---|

| SCHOOL NAME: | SCHOOL TYPE: | CAMPUS? |
|---|---|---|

| OFFENDER SUSPECTED OF USING: | COURT ORDER TYPE: |
|---|---|

**PROPERTY DATA**

**UNIT**

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|
| 1 | AUTOMOBILES | STOLEN AND RECOVERED | $25,000.00 | $25,000.00 | UNDAMAGED | 10/06/2015 |

| UNIT TYPE | VEHICLE MAKE: | VEHICLE MODEL | YEAR | VEHICLE TYPE |
|---|---|---|---|---|
| ROADWAY VEHICLE | TOYOTA | RAV4 | 2014 | CARRY-ALL (Rugged trail vehic) |

| VEHICLE COLOR | VIN NUMBER | OWNER APPLIED # | REGISTRATION STATE, YEAR, & NUMBER | | |
|---|---|---|---|---|---|
| GRAY | 2T3ZFREV2EW109433 | | TN | 2016 | 7359N |

| VEHICLE DESCRIPTORS | KEYS LEFT IN UNIT? | |
|---|---|---|
| | YES | Victim 1 |

**GENERAL**

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|
| | | | | | | |

| PROPERTY DESCRIPTION | | |
|---|---|---|

| OWNER APPLED NUMBER | SERIAL NUMBER | |
|---|---|---|

| MAKE | MODEL | OWNER |
|---|---|---|

| TOTAL STOLEN VALUE: **$25,000.00** | TOTAL RECOVERED VALUE: **$25,000.00** | TOTAL VEHICLES STOLEN: **1** | TOTAL VEHICLES RECOVERED: **1** |
|---|---|---|---|

**STATUS**

| INCIDENT STATUS | CLOSED DATE | CLEARANCE TYPE | CLEARED EXCEPTIONALLY | EX. CLEARANCE DATE | UCR REPORTING FOR OTHER AGENCY |
|---|---|---|---|---|---|
| CLOSED | 10/07/2015 | | | YES ☐ | |

| SUBMITTING OFFICER | INVESTIGATING OFFICER | UNIT/BADGE # | REVIEWED BY | TIME SPENT |
|---|---|---|---|---|
| J SENG | J SENG | 5799 | J SENG | 30 min |

Case ID: 151103380
Control No.: 17090690

## KYIBRS REPORT
### COMMONWEALTH OF KENTUCKY

KSP RECORDS

| VICTIM SEQUENCE | VICTIM NAME | | PHONE |
|---|---|---|---|
| 1 of 1 | HERTZ | | (502) 235-6364 |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | |
|---|---|---|

Address Unknown ☐  ADDRESS: **440 HURON AVE**   VICTIM TYPE: **BUS**

CITY: **LOUISVILLE**   STATE: **KY**   ZIP CODE: **40209**   KY RESIDENT:

| DATE OF BIRTH | SSN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|

| GENDER | RACE | ETHNIC ORIGIN | PEACE OFFICER? |
|---|---|---|---|
| | | | YES ☐ |

| NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | INJURY TYPE |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

| VICTIM OF OFFENSE(S) | AGG ASSAULT/ HOMICIDE CIRC | ADDTL JUSTIFIABLE HOMICIDE CIRC |
|---|---|---|
| 24044 | | |

| LEOKA ASSIGNMENT | LEOKA ACTIVITY |
|---|---|

### SUSPECT/ARRESTEE DATA

| SUSPECT SEQ. # | NAME: | ARRESTED? | ARREST DATE |
|---|---|---|---|
| of | ALIAS: | YES ☐ | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: |
|---|---|

| ADDRESS: | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
|---|---|---|---|

| CITY: | STATE: | ZIP CODE: |
|---|---|---|

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|

| ARRESTEE SEQ. # | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | | | | |
|---|---|---|---|---|---|---|---|---|
| of | | | 1 | | 4 | | 8 | |
| ARRESTEE ARMED WITH | | | 2 | | 5 | | 7 | |
| | | | 3 | | 6 | | | |

| SUSPECT SEQ. # | NAME: | ARRESTED? | ARREST DATE |
|---|---|---|---|
| of | ALIAS: | YES ☐ | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: |
|---|---|

| ADDRESS: | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
|---|---|---|---|

| CITY: | STATE: | ZIP CODE: |
|---|---|---|

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|

| ARRESTEE SEQ. # | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | | | | |
|---|---|---|---|---|---|---|---|---|
| of | | | 1 | | 4 | | 7 | |
| ARRESTEE ARMED WITH | | | 2 | | 5 | | 8 | |
| | | | 3 | | 6 | | 9 | |

### WITNESS DATA

| WITNESS SEQUENCE | WITNESS NAME | PHONE |
|---|---|---|
| of | | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: |
|---|---|

| ADDRESS: | DATE OF BIRTH |
|---|---|

| CITY: | STATE: | ZIP CODE: | SSN: |
|---|---|---|---|

Case ID: 151103380
Control No.: 17090690

## KYIBRS REPORT: UOR2 SUPPLEMENT

KSP RECORDS

### COMMONWEALTH OF KENTUCKY

**SYNOPSIS:**
Vehicle missing from inventory. Last seen on May 1,2015.
Vehicle was found on the lot on 10-07-2015 with keys in it. No other info given.

**MODUS OPERANDI:**

**DATE & TIME OF OCCURRENCE:**

**ACCUSED:**

**SUSPECTS:**

**STOLEN PROPERTY:**

**OTHER PROPERTY:**

**EVIDENCE & HOW MARKED:**

**EVIDENCE DISPOSITION:**

**INVESTIGATION:**

**STATUS OF CASE:**

**ATTACHMENT**

Case ID: 151103380
Control No.: 17090690

# KYIBRS REPORT

## COMMONWEALTH OF KENTUCKY

KSP RECORDS

### ADMINISTRATIVE

| AGENCY ORI/NAME | 0566900 LOUISVILLE AIRPORT POLICE | | INCIDENT NUMBER | KY P15-0287 | | | |
|---|---|---|---|---|---|---|---|
| INCIDENT DATE/TIME | | EXACT/ESTIMATE | REPORT DATE | RECEIVED | DISPATCHED | ARRIVED | CLEARED |
| 09/30/2015 17:45 TO 09/30/2015 18:50 | | ESTIMATE | 09/30/2015 | 17:45 | 17:45 | 17:45 | 18:50 |

REPORTED BY: **BRANDI, BRANDI** — HOW REPORTED

LICENSE/ID STATE: | LICENSE/ID NUMBER:

ADDRESS: **4100 HURON DR**

CITY: **LOUISVILLE** | STATE: **KY** | ZIP CODE: **40209** | PHONE NUMBER:

EXACT LOCATION OF OFFENSE:
- **600 TERMINAL DR**
- ADDRESS: **600 TERMINAL DR** | SECTOR NO:
- CITY: **LOUISVILLE** | STATE: **KY** | ZIP CODE: **40209**
- COUNTY: **JEFFERSON** | LATITUDE **38 DEG 11.210 MIN** | LONGITUDE **85 DEG 44.477 MIN**

### OFFENSE DATA

SEQUENCE # **1** OF **1** | LOCATION TYPE: **AIR/BUS/TRAIN TERMINAL** | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO

OFFENSE DESCRIPTION: **TBUT OR DISP AUTO - $10,000 OR MORE BUT U/$1,000,000**

| OFFENSE CODE: **24044** | ASCF CODE: **0** | KRS CODE: **514.030** | CLASS: **C** | DEGREE: **F** | COUNTS: **1** |

BIAS MOTIVATION: **UNKNOWN (MOTIVATION NOT KNOWN)** | METHOD ENTRY: | NUMBER PREMISES:

SCHOOL NAME: | SCHOOL TYPE: | CAMPUS?

OFFENDER SUSPECTED OF USING: **NOT APPLICABLE** | COURT ORDER TYPE:

SEQUENCE # OF | LOCATION TYPE: | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO

OFFENSE DESCRIPTION:

| OFFENSE CODE: | ASCF CODE: | KRS CODE: | CLASS: | DEGREE: | COUNTS: |

BIAS MOTIVATION: | METHOD ENTRY: | NUMBER PREMISES:

SCHOOL NAME: | SCHOOL TYPE: | CAMPUS?

OFFENDER SUSPECTED OF USING: | COURT ORDER TYPE:

SEQUENCE # OF | LOCATION TYPE: | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO

OFFENSE DESCRIPTION:

| OFFENSE CODE: | ASCF CODE: | KRS CODE: | CLASS: | DEGREE: | COUNTS: |

BIAS MOTIVATION: | METHOD ENTRY: | NUMBER PREMISES:

SCHOOL NAME: | SCHOOL TYPE: | CAMPUS?

OFFENDER SUSPECTED OF USING: | COURT ORDER TYPE:

### PROPERTY DATA

#### UNIT

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|
| 1 | AUTOMOBILES | STOLEN (NOT RECOVERED) | $25,000.00 | | | |

| UNIT TYPE | VEHICLE MAKE: | VEHICLE MODEL: | YEAR | VEHICLE TYPE |
|---|---|---|---|---|
| ROADWAY VEHICLE | NISSAN | ALTIMA | 2015 | SEDAN/4 DOOR |

| VEHICLE COLOR | VIN NUMBER | OWNER APPLIED # | REGISTRATION.STATE, YEAR, & NUMBER |
|---|---|---|---|
| | 1N4AL3APXFC246849 | 1171107 | KY  2015  152TCL |

| VEHICLE DESCRIPTORS | KEYS LEFT IN UNIT? | OWNER |
|---|---|---|
| HERTZ RENTAL CAR | YES | Victim 1 |

#### GENERAL

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|
| | | | | | | |

PROPERTY DESCRIPTION

OWNER APPLED NUMBER | SERIAL NUMBER

MAKE | MODEL | OWNER

| TOTAL STOLEN VALUE: | $25,000.00 | TOTAL RECOVERED VALUE: | $0.00 | TOTAL VEHICLES STOLEN: | 1 | TOTAL VEHICLES RECOVERED: | 0 |

### STATUS

| INCIDENT STATUS | CLOSED DATE | CLEARANCE TYPE | CLEARED EXCEPTIONALLY | EX. CLEARANCE DATE | UCR REPORTING FOR OTHER AGENCY |
|---|---|---|---|---|---|
| OPEN | | | | | YES ☐ |

| SUBMITTING OFFICER | INVESTIGATING OFFICER | UNIT/BADGE # | REVIEWED BY | TIME SPENT |
|---|---|---|---|---|
| J HAIRGROVE | J HAIRGROVE | 5855 | C COPE | 1 hrs |

Case ID: 151103380
Control No.: 17090690

# KYIBRS REPORT
## COMMONWEALTH OF KENTUCKY

KSP RECORDS

| VICTIM SEQUENCE | VICTIM NAME | PHONE |
|---|---|---|
| 1 of 1 | HERTZ RENTAL | (502) 367-4636 |

**VICTIM DATA**

LICENSE/ID STATE:     LICENSE/ID NUMBER:

Address Unknown ☐ ADDRESS: 4100 HURON DR     VICTIM TYPE: BUS

CITY: LOUISVILLE     STATE: KY     ZIP CODE: 40209     KY RESIDENT:

| DATE OF BIRTH | SSN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|
| | | | | | |

| GENDER | RACE | ETHNIC ORIGIN | PEACE OFFICER? |
|---|---|---|---|
| | | | YES ☐ |

| NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | INJURY TYPE |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

| VICTIM OF OFFENSE(S) | AGG ASSAULT/ HOMICIDE CIRC | ADDTL JUSTIFIABLE HOMICIDE CIRC |
|---|---|---|
| 24044 | | |

| LEOKA ASSIGNMENT | LEOKA ACTIVITY |
|---|---|
| | |

**SUSPECT/ARRESTEE DATA**

| SUSPECT SEQ. # | NAME: | ARRESTED? | ARREST DATE |
|---|---|---|---|
| of | ALIAS: | YES ☐ | |

LICENSE/ID STATE:     LICENSE/ID NUMBER:

ADDRESS:     DATE OF BIRTH:     PHONE:     KY RESIDENT:

CITY:     STATE:     ZIP CODE:

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| ARRESTEE SEQ. # | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | |
|---|---|---|---|---|---|
| of | | | 1 | 4 | 8 |
| | ARRESTEE ARMED WITH | | 2 | 5 | 7 |
| | | | 3 | 6 | 9 |

**SUSPECT/ARRESTEE DATA**

| SUSPECT SEQ. # | NAME: | ARRESTED? | ARREST DATE |
|---|---|---|---|
| of | ALIAS: | YES ☐ | |

LICENSE/ID STATE:     LICENSE/ID NUMBER:

ADDRESS:     DATE OF BIRTH:     PHONE:     KY RESIDENT:

CITY:     STATE:     ZIP CODE:

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| ARRESTEE SEQ. # | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | |
|---|---|---|---|---|---|
| of | | | 1 | 4 | 7 |
| | ARRESTEE ARMED WITH | | 2 | 5 | 8 |
| | | | 3 | 6 | 9 |

**WITNESS DATA**

| WITNESS SEQUENCE | WITNESS NAME | PHONE |
|---|---|---|
| of | | |

LICENSE/ID STATE:     LICENSE/ID NUMBER:

ADDRESS:     DATE OF BIRTH

CITY:     STATE:     ZIP CODE:     SSN:

Case ID: 151103380
Control No.: 17090690

## KYIBRS REPORT: UOR2 SUPPLEMENT

COMMONWEALTH OF KENTUCKY

KSP RECORDS

**SYNOPSIS:**
Stolen vehicle from Hertz rental

**MODUS OPERANDI:**

**DATE & TIME OF OCCURRENCE:**

**ACCUSED:**

**SUSPECTS:**

**STOLEN PROPERTY:**
2015 Nissan Altima
Ky Reg 152-TCL
VIN - 1N4AL3APXFC246849

**OTHER PROPERTY:**

**EVIDENCE & HOW MARKED:**

**EVIDENCE DISPOSITION:**

**INVESTIGATION:**
Hertz rental notified airport police of a vehicle that has been stolen from their fleet of vehicles. They advised that the vehicle was on their lot, but has been taken. Keys were with the vehicle.

**STATUS OF CASE:**
Open

**ATTACHMENT**

Case ID: 151103380
Control No.: 17090690

# KYIBRS REPORT

## COMMONWEALTH OF KENTUCKY

**KSP RECORDS**

**ADMINISTRATIVE**

| AGENCY ORI/NAME | 0566900 LOUISVILLE AIRPORT POLICE | | | INCIDENT NUMBER | KY P15-0288 | | |
|---|---|---|---|---|---|---|---|
| INCIDENT DATE/TIME | | EXACT/ESTIMATE | REPORT DATE | RECEIVED | DISPATCHED | ARRIVED | CLEARED |
| 09/30/2015 17:45 TO 09/30/2015 18:50 | | ESTIMATE | 09/30/2015 | 17:45 | 17:45 | 17:45 | 18:50 |
| REPORTED BY: BRANDI, BRANDI | | | | | | HOW REPORTED | |
| LICENSE/ID STATE: | | LICENSE/ID NUMBER: | | | | | |
| ADDRESS: 4100 HURIN DR | | | | | | | |
| CITY: LOUISVILLE | | STATE: KY | ZIP CODE: 40209 | | PHONE NUMBER: (502) 367-4636 | | |
| EXACT LOCATION OF OFFENSE | 600 TERMINAL DR | | | | | SECTOR NO: | |
| | ADDRESS: 600 TERMINAL DR | | | | | | |
| | CITY: LOUISVILLE | | | | STATE: KY | ZIP CODE: 40209 | |
| | COUNTY: JEFFERSON | | LATITUDE | 38 DEG | 11.197 MIN | LONGITUDE | 85 DEG 44.504 MIN |

**OFFENSE DATA**

| SEQUENCE # 1 OF 1 | LOCATION TYPE: AIR/BUS/TRAIN TERMINAL | | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|---|
| OFFENSE DESCRIPTION: TBUT OR DISP AUTO - $10,000 OR MORE BUT U/$1,000,000 | | | | |
| OFFENSE CODE: 24044 | ASCF CODE: 0 | KRS CODE: 514.030 | CLASS: C DEGREE: F COUNTS: 1 | |
| BIAS MOTIVATION: UNKNOWN (MOTIVATION NOT KNOWN) | METHOD ENTRY: | NUMBER PREMISES: | | |
| SCHOOL NAME: | | SCHOOL TYPE: | | CAMPUS? |
| OFFENDER SUSPECTED OF USING: NOT APPLICABLE | | COURT ORDER TYPE: | | |
| SEQUENCE # OF | LOCATION TYPE: | | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
| OFFENSE DESCRIPTION: | | | | |
| OFFENSE CODE: | ASCF CODE: | KRS CODE: | CLASS: DEGREE: COUNTS: | |
| BIAS MOTIVATION: | METHOD ENTRY: | NUMBER PREMISES: | | |
| SCHOOL NAME: | | SCHOOL TYPE: | | CAMPUS? |
| OFFENDER SUSPECTED OF USING: | | COURT ORDER TYPE: | | |
| SEQUENCE # OF | LOCATION TYPE: | | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
| OFFENSE DESCRIPTION: | | | | |
| OFFENSE CODE: | ASCF CODE: | KRS CODE: | CLASS: DEGREE: COUNTS: | |
| BIAS MOTIVATION: | METHOD ENTRY: | NUMBER PREMISES: | | |
| SCHOOL NAME: | | SCHOOL TYPE: | | CAMPUS? |
| OFFENDER SUSPECTED OF USING: | | COURT ORDER TYPE: | | |

**PROPERTY DATA**

**UNIT**

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|
| 1 | AUTOMOBILES | STOLEN (NOT RECOVERED) | $25,000.00 | | | |

| UNIT TYPE | VEHICLE MAKE: | VEHICLE MODEL | YEAR | VEHICLE TYPE |
|---|---|---|---|---|
| ROADWAY VEHICLE | TOYOTA | CAMRY | 2015 | SEDAN/4 DOOR |

| VEHICLE COLOR | VIN NUMBER | OWNER APPLIED # | REGISTRATION STATE, YEAR, & NUMBER |
|---|---|---|---|
| WHITE | 4T1BF1FK9FU950005 | 1192745 | KY 2015 429TKL |

| VEHICLE DESCRIPTORS | KEYS LEFT IN UNIT? | OWNER |
|---|---|---|
| HERTZ RENTAL CAR | YES | Victim 1 |

**GENERAL**

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|
| | PROPERTY DESCRIPTION | | | | | |
| | OWNER APPLED NUMBER | | SERIAL NUMBER | | | |
| | MAKE | | | MODEL | | OWNER |

| TOTAL STOLEN VALUE: $25,000.00 | TOTAL RECOVERED VALUE: $0.00 | TOTAL VEHICLES STOLEN: 1 | TOTAL VEHICLES RECOVERED: 0 |
|---|---|---|---|

**STATUS**

| INCIDENT STATUS | CLOSED DATE | CLEARANCE TYPE | CLEARED EXCEPTIONALLY | EX. CLEARANCE DATE | UCR REPORTING FOR OTHER AGENCY |
|---|---|---|---|---|---|
| OPEN | | | | | YES ☐ |

| SUBMITTING OFFICER | INVESTIGATING OFFICER | UNIT/BADGE # | REVIEWED BY | TIME SPENT |
|---|---|---|---|---|
| J HAIRGROVE | J HAIRGROVE | 5855 | C COPE | 1 hrs |

Case ID: 151103380
Control No.: 17090690

# KYIBRS REPORT
## COMMONWEALTH OF KENTUCKY

KSP RECORDS

| VICTIM SEQUENCE | | VICTIM NAME | PHONE |
|---|---|---|---|
| **1** of **1** | | **HERTZ RENTAL** | **(502) 367-4636** |

**VICTIM DATA**

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | |
|---|---|---|
| Address Unknown ☐ ADDRESS: **4100 HURON DR** | | VICTIM TYPE: **BUS** |

| CITY: **LOUISVILLE** | STATE: **KY** | ZIP CODE: **40209** | KY RESIDENT: |
|---|---|---|---|

| DATE OF BIRTH | SSN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|

| GENDER | RACE | ETHNIC ORIGIN | PEACE OFFICER? |
|---|---|---|---|
| | | | YES ☐ |

| NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | INJURY TYPE |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

| VICTIM OF OFFENSE(S) | AGG ASSAULT/HOMICIDE CIRC | ADDTL JUSTIFIABLE HOMICIDE CIRC |
|---|---|---|
| **24044** | | |

| LEOKA ASSIGNMENT | LEOKA ACTIVITY |
|---|---|

**SUSPECT/ARRESTEE DATA**

| SUSPECT SEQ. # | NAME: | ARRESTED? | ARREST DATE |
|---|---|---|---|
| of | ALIAS: | YES ☐ | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | | | |
|---|---|---|---|---|
| ADDRESS | | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
| CITY: | STATE: | ZIP CODE: | | |

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|

| ARRESTEE SEQ. # | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | | |
|---|---|---|---|---|---|---|
| of | | | 1 | 4 | 8 | |
| | ARRESTEE ARMED WITH | | 2 | 5 | 7 | |
| | | | 3 | 6 | 9 | |

| SUSPECT SEQ. # | NAME: | ARRESTED? | ARREST DATE |
|---|---|---|---|
| of | ALIAS: | YES ☐ | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | | | |
|---|---|---|---|---|
| ADDRESS | | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
| CITY: | STATE: | ZIP CODE: | | |

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|

| ARRESTEE SEQ. # | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | | |
|---|---|---|---|---|---|---|
| of | | | 1 | 4 | 7 | |
| | ARRESTEE ARMED WITH | | 2 | 5 | 8 | |
| | | | 3 | 6 | 9 | |

**WITNESS DATA**

| WITNESS SEQUENCE | WITNESS NAME | PHONE |
|---|---|---|
| of | | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | | |
|---|---|---|---|
| ADDRESS: | | DATE OF BIRTH | |
| CITY: | STATE: | ZIP CODE: | SSN: |

Case ID: 151103380
Control No.: 17090690

# KYIBRS REPORT: UOR2 SUPPLEMENT

### COMMONWEALTH OF KENTUCKY

KSP RECORDS

**SYNOPSIS:**
Stolen vehicle

**MODUS OPERANDI:**

**DATE & TIME OF OCCURRENCE:**

**ACCUSED:**

**SUSPECTS:**

**STOLEN PROPERTY:**
2015 Toyota Camry  / White
Ky Reg 429-TKL
VIN 4T1BF1FK9FU950005

**OTHER PROPERTY:**

**EVIDENCE & HOW MARKED:**

**EVIDENCE DISPOSITION:**

**INVESTIGATION:**
Hertz rental notified airport police of a vehicle that had been stolen from the lot. The keys are with the vehicle. They advised that vehicle was on their lot on 8/14/15, but it is now missing.

**STATUS OF CASE:**
Open

**ATTACHMENT**

Case ID: 151103380
Control No.: 17090690

# KYIBRS REPORT
## COMMONWEALTH OF KENTUCKY

KSP RECORDS

## ADMINISTRATIVE

| AGENCY ORI/NAME | 0566900 LOUISVILLE AIRPORT POLICE | | INCIDENT NUMBER | KY P15-0289 | |
|---|---|---|---|---|---|

| INCIDENT DATE/TIME | EXACT/ESTIMATE | REPORT DATE | RECEIVED | DISPATCHED | ARRIVED | CLEARED |
|---|---|---|---|---|---|---|
| 09/30/2015 17:45 TO 09/30/2015 18:50 | ESTIMATE | 09/30/2015 | 17:45 | 17:45 | 17:45 | 18:50 |

REPORTED BY: **BRANDI, BRANDI** | HOW REPORTED

LICENSE/ID STATE: | LICENSE/ID NUMBER:

ADDRESS: **4100 HURON DR**

| CITY: **LOUISVILLE** | STATE: **KY** | ZIP CODE: **40209** | PHONE NUMBER: **(502) 367-4636** |
|---|---|---|---|

EXACT LOCATION OF OFFENSE:
- **600 TERMINAL DR** | SECTOR NO:
- ADDRESS: **600 TERMINAL DR**
- CITY: **LOUISVILLE** | STATE: **KY** | ZIP CODE: **40209**
- COUNTY: **JEFFERSON** | LATITUDE **38 DEG 11.206 MIN** | LONGITUDE **85 DEG 44.477 MIN**

## OFFENSE DATA

| SEQUENCE # 1 OF 1 | LOCATION TYPE: AIR/BUS/TRAIN TERMINAL | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|

OFFENSE DESCRIPTION: TBUT OR DISP AUTO - $10,000 OR MORE BUT U$1,000,000

| OFFENSE CODE: 24044 | ASCF CODE: 0 | KRS CODE: 514.030 | CLASS: C | DEGREE: F | COUNTS: 1 |
|---|---|---|---|---|---|

| BIAS MOTIVATION: UNKNOWN (MOTIVATION NOT KNOWN) | METHOD ENTRY: | NUMBER PREMISES: |
|---|---|---|

| SCHOOL NAME: | SCHOOL TYPE: | CAMPUS? |
|---|---|---|

OFFENDER SUSPECTED OF USING: NOT APPLICABLE | COURT ORDER TYPE:

| SEQUENCE # OF | LOCATION TYPE: | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|

OFFENSE DESCRIPTION:

| OFFENSE CODE: | ASCF CODE: | KRS CODE: | CLASS: | DEGREE: | COUNTS: |
|---|---|---|---|---|---|

| BIAS MOTIVATION: | METHOD ENTRY: | NUMBER PREMISES: |
|---|---|---|

| SCHOOL NAME: | SCHOOL TYPE: | CAMPUS? |
|---|---|---|

OFFENDER SUSPECTED OF USING: | COURT ORDER TYPE:

| SEQUENCE # OF | LOCATION TYPE: | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|

OFFENSE DESCRIPTION:

| OFFENSE CODE: | ASCF CODE: | KRS CODE: | CLASS: | DEGREE: | COUNTS: |
|---|---|---|---|---|---|

| BIAS MOTIVATION: | METHOD ENTRY: | NUMBER PREMISES: |
|---|---|---|

| SCHOOL NAME: | SCHOOL TYPE: | CAMPUS? |
|---|---|---|

OFFENDER SUSPECTED OF USING: | COURT ORDER TYPE:

## PROPERTY DATA

### UNIT

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|
| 1 | AUTOMOBILES | STOLEN (NOT RECOVERED) | $25,000.00 | | | |

| UNIT TYPE | VEHICLE MAKE | VEHICLE MODEL | YEAR | VEHICLE TYPE |
|---|---|---|---|---|
| ROADWAY VEHICLE | CHRYSLER | 200 SERIES | 2015 | SEDAN4 DOOR |

| VEHICLE COLOR | VIN NUMBER | OWNER APPLIED # | REGISTRATION STATE, YEAR, & NUMBER | | |
|---|---|---|---|---|---|
| BLUE | 1C3CCCAB0FN713891 | 5204029 | SC | 2015 | LEA350 |

| VEHICLE DESCRIPTORS | KEYS LEFT IN UNIT? | OWNER |
|---|---|---|
| HERTZ RENTAL | YES | Victim 1 |

### GENERAL

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|
| | | | | | | |

| PROPERTY DESCRIPTION | | |
|---|---|---|

| OWNER APPLED NUMBER | SERIAL NUMBER | |
|---|---|---|

| MAKE | MODEL | OWNER |
|---|---|---|

| TOTAL STOLEN VALUE: | $25,000.00 | TOTAL RECOVERED VALUE: | $0.00 | TOTAL VEHICLES STOLEN: | 1 | TOTAL VEHICLES RECOVERED: | 0 |
|---|---|---|---|---|---|---|---|

## STATUS

| INCIDENT STATUS | CLOSED DATE | CLEARANCE TYPE | CLEARED EXCEPTIONALLY | EX. CLEARANCE DATE | UCR REPORTING FOR OTHER AGENCY |
|---|---|---|---|---|---|
| OPEN | | | | | YES ☐ |

| SUBMITTING OFFICER | INVESTIGATING OFFICER | UNIT/BADGE # | REVIEWED BY | TIME SPENT |
|---|---|---|---|---|
| J HAIRGROVE | J HAIRGROVE | 5855 | C COPE | 1 hrs |

Page 1 of 3    Incident Number: P15-0289    Agency ORI: 0566900    Badge #: 5855

Case ID: 151103380
Control No.: 17090690

# KYIBRS REPORT
## COMMONWEALTH OF KENTUCKY

KSP RECORDS

| VICTIM SEQUENCE | VICTIM NAME | | | PHONE |
|---|---|---|---|---|
| 1 of 1 | HERTZ CAR RENTAL | | | (502) 367-4636 |

**VICTIM DATA**

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | | | |
|---|---|---|---|---|
| Address Unknown ☐ ADDRESS: 4100 HURON DR | | | | VICTIM TYPE: BUS |
| CITY: LOUISVILLE | STATE: KY | ZIP CODE: 40209 | KY RESIDENT: | |

| DATE OF BIRTH | SSN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|
| | | | | | |

| GENDER | RACE | ETHNIC ORIGIN | PEACE OFFICER? |
|---|---|---|---|
| | | | YES ☐ |

| NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | INJURY TYPE |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

| VICTIM OF OFFENSE(S) | AGG ASSAULT/ HOMICIDE CIRC | ADDTL JUSTIFIABLE HOMICIDE CIRC |
|---|---|---|
| 24044 | | |

| LEOKA ASSIGNMENT | LEOKA ACTIVITY |
|---|---|
| | |

**SUSPECT/ARRESTEE DATA**

| SUSPECT SEQ. # | NAME: | | ARRESTED? | ARREST DATE |
|---|---|---|---|---|
| of | ALIAS: | | YES ☐ | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | | | |
|---|---|---|---|---|
| ADDRESS | | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
| CITY: | STATE: | ZIP CODE: | | |

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| ARRESTEE SEQ. # | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | |
|---|---|---|---|---|---|
| of | | | 1 | 4 | 8 |
| ARRESTEE ARMED WITH | | | 2 | 5 | 7 |
| | | | 3 | 6 | 9 |

**SUSPECT/ARRESTEE DATA**

| SUSPECT SEQ. # | NAME: | | ARRESTED? | ARREST DATE |
|---|---|---|---|---|
| of | ALIAS: | | YES ☐ | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | | | |
|---|---|---|---|---|
| ADDRESS | | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
| CITY: | STATE: | ZIP CODE: | | |

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| ARRESTEE SEQ. # | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | |
|---|---|---|---|---|---|
| of | | | 1 | 4 | 7 |
| ARRESTEE ARMED WITH | | | 2 | 5 | 8 |
| | | | 3 | 6 | 9 |

**WITNESS DATA**

| WITNESS SEQUENCE | WITNESS NAME | PHONE |
|---|---|---|
| of | | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | | |
|---|---|---|---|
| ADDRESS: | | | DATE OF BIRTH |
| CITY: | STATE: | ZIP CODE: | SSN: |

Case ID: 151103380
Control No.: 17090690

## KYIBRS REPORT: UOR2 SUPPLEMENT

COMMONWEALTH OF KENTUCKY

KSP RECORDS

**SYNOPSIS:**
Stolen vehicle

**MODUS OPERANDI:**

**DATE & TIME OF OCCURRENCE:**

**ACCUSED:**

**SUSPECTS:**

**STOLEN PROPERTY:**
2015 Chrysler 200   /  Blue
SC Reg LEA350
VIN - 1C3CCCAB0FN713891

**OTHER PROPERTY:**

**EVIDENCE & HOW MARKED:**

**EVIDENCE DISPOSITION:**

**INVESTIGATION:**
Hertz rental notified police of a stolen vehicle from their lot. Vehicle was returned on 8/21/15, but they have not seen vehicle since then.

**STATUS OF CASE:**
Open

**ATTACHMENT**

Case ID: 151103380
Control No.: 17090690

SUPPLEMENT

# KYIBRS REPORT
## COMMONWEALTH OF KENTUCKY

KSP RECORDS

**ADMINISTRATIVE**

| AGENCY ORI/NAME | 0566900 LOUISVILLE AIRPORT POLICE | | INCIDENT NUMBER | KY P15-0359 | | |
|---|---|---|---|---|---|---|

| INCIDENT DATE/TIME | | EXACT/ESTIMATE | REPORT DATE | RECEIVED | DISPATCHED | ARRIVED | CLEARED |
|---|---|---|---|---|---|---|---|
| 10/30/2015 12:50 TO 10/30/2015 12:50 | | ESTIMATE | 12/03/2015 | 12:00 | 12:01 | 12:15 | 12:39 |

REPORTED BY: COX, BRANDI · HOW REPORTED

LICENSE/ID STATE: · LICENSE/ID NUMBER:

ADDRESS: 600 TERMINAL DR

| CITY: LOUISVILLE | STATE: KY | ZIP CODE: 40209 | PHONE NUMBER: (502) 235-6364 |
|---|---|---|---|

| EXACT LOCATION OF OFFENSE | TERMINAL DR | | SECTOR NO: |
|---|---|---|---|
| | ADDRESS: 600 TERMINAL DR | | |
| | CITY: LOUISVILLE | STATE: KY | ZIP CODE: 40209 |

| COUNTY: JEFFERSON | LATITUDE 38 DEG 11.193 MIN | LONGITUDE 85 DEG 44.502 MIN |
|---|---|---|

**OFFENSE DATA**

| SEQUENCE # 1 OF 1 | LOCATION TYPE: AIR/BUS/TRAIN TERMINAL | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|

OFFENSE DESCRIPTION: THEFT BY FAILURE TO MAKE REQUIRED DISP OF PROPERTY $10,000 OR MORE

| OFFENSE CODE: 23231 | ASCF CODE: 0 | KRS CODE: 514.070 | CLASS: C | DEGREE: F | COUNTS: 1 | |
|---|---|---|---|---|---|---|

| BIAS MOTIVATION: UNKNOWN (MOTIVATION NOT KNOWN) | METHOD ENTRY: | NUMBER PREMISES: | |
|---|---|---|---|

| SCHOOL NAME: | SCHOOL TYPE: | CAMPUS? |
|---|---|---|

OFFENDER SUSPECTED OF USING: NOT APPLICABLE · COURT ORDER TYPE:

| SEQUENCE # OF | LOCATION TYPE: | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|

OFFENSE DESCRIPTION:

| OFFENSE CODE: | ASCF CODE: | KRS CODE: | CLASS: | DEGREE: | COUNTS: |
|---|---|---|---|---|---|

| BIAS MOTIVATION: | METHOD ENTRY: | NUMBER PREMISES: |
|---|---|---|

| SCHOOL NAME: | SCHOOL TYPE: | CAMPUS? |
|---|---|---|

OFFENDER SUSPECTED OF USING: · COURT ORDER TYPE:

| SEQUENCE # OF | LOCATION TYPE: | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|

OFFENSE DESCRIPTION:

| OFFENSE CODE: | ASCF CODE: | KRS CODE: | CLASS: | DEGREE: | COUNTS: |
|---|---|---|---|---|---|

| BIAS MOTIVATION: | METHOD ENTRY: | NUMBER PREMISES: |
|---|---|---|

| SCHOOL NAME: | SCHOOL TYPE: | CAMPUS? |
|---|---|---|

OFFENDER SUSPECTED OF USING: · COURT ORDER TYPE:

**PROPERTY DATA**

**UNIT**

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|
| 1 | AUTOMOBILES | STOLEN (NOT RECOVERED) | $13,000.00 | | | |

| UNIT TYPE | VEHICLE MAKE: | VEHICLE MODEL | YEAR | VEHICLE TYPE |
|---|---|---|---|---|
| ROADWAY VEHICLE | TOYOTA | COROLLA | 2014 | SEDAN/4 DOOR |

| VEHICLE COLOR | VIN NUMBER | OWNER APPLIED # | REGISTRATION STATE, YEAR, & NUMBER |
|---|---|---|---|
| RED | 2T1BURHE5EC145002 | | KY 2015 698RML |

| VEHICLE DESCRIPTORS | KEYS LEFT IN UNIT? | OWNER |
|---|---|---|
| | YES | Victim 1 |

**GENERAL**

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|

PROPERTY DESCRIPTION

| OWNER APPLED NUMBER | SERIAL NUMBER |
|---|---|

| MAKE | MODEL | OWNER |
|---|---|---|

| TOTAL STOLEN VALUE: $13,000.00 | TOTAL RECOVERED VALUE: $0.00 | TOTAL VEHICLES STOLEN: 1 | TOTAL VEHICLES RECOVERED: 0 |
|---|---|---|---|

**STATUS**

| INCIDENT STATUS | CLOSED DATE | CLEARANCE TYPE | CLEARED EXCEPTIONALLY | EX. CLEARANCE DATE | UCR REPORTING FOR OTHER AGENCY |
|---|---|---|---|---|---|
| CLOSED | 01/19/2016 | TIME CLOSED | | | YES ☐ |

| SUBMITTING OFFICER | INVESTIGATING OFFICER | UNIT/BADGE # | REVIEWED BY | TIME SPENT |
|---|---|---|---|---|
| M SIMS | M SIMS | 5826 | J GRIMES | 1 hrs |

Case ID: 151103380
Control No.: 17090690

# KYIBRS REPORT
## COMMONWEALTH OF KENTUCKY

**KSP RECORDS**

| VICTIM SEQUENCE | VICTIM NAME | PHONE |
|---|---|---|
| 1 of 1 | HERTZ RENTAL | (502) 235-6364 |

**VICTIM DATA**

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | |
|---|---|---|

Address Unknown ☐ ADDRESS: **600 TERMINAL DR**    VICTIM TYPE: **BUS**

| CITY: **LOUISVILLE** | STATE: **KY** | ZIP CODE: **40209** | KY RESIDENT: |
|---|---|---|---|

| DATE OF BIRTH | SSN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|

| GENDER | RACE | ETHNIC ORIGIN | PEACE OFFICER? |
|---|---|---|---|
| | | | YES ☐ |

| NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | INJURY TYPE |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

| VICTIM OF OFFENSE(S) | AGG ASSAULT/ HOMICIDE CIRC | ADDTL JUSTIFIABLE HOMICIDE CIRC |
|---|---|---|
| 23231 | | |

| LEOKA ASSIGNMENT | LEOKA ACTIVITY |
|---|---|

**SUSPECT/ARRESTEE DATA**

| SUSPECT SEQ. # | NAME: | ARRESTED? | ARREST DATE |
|---|---|---|---|
| of | ALIAS: | YES ☐ | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | | |
|---|---|---|---|

| ADDRESS | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
|---|---|---|---|
| CITY: | STATE: | ZIP CODE: | |

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|

| ARRESTEE SEQ. # | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | |
|---|---|---|---|---|---|
| of | | | 1 | 4 | 8 |
| ARRESTEE ARMED WITH | | | 2 | 5 | 7 |
| | | | 3 | 6 | 9 |

**SUSPECT/ARRESTEE DATA**

| SUSPECT SEQ. # | NAME: | ARRESTED? | ARREST DATE |
|---|---|---|---|
| of | ALIAS: | YES ☐ | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | | |
|---|---|---|---|

| ADDRESS | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
|---|---|---|---|
| CITY: | STATE: | ZIP CODE: | |

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|

| ARRESTEE SEQ. # | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | |
|---|---|---|---|---|---|
| of | | | 1 | 4 | 7 |
| ARRESTEE ARMED WITH | | | 2 | 5 | 8 |
| | | | 3 | 6 | 9 |

**WITNESS DATA**

| WITNESS SEQUENCE | WITNESS NAME | PHONE |
|---|---|---|
| of | | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | |
|---|---|---|

| ADDRESS: | DATE OF BIRTH |
|---|---|
| CITY: | STATE: | ZIP CODE: | SSN: |

Case ID: 151103380
Control No.: 17090690

## KYIBRS REPORT: UOR2 SUPPLEMENT

### COMMONWEALTH OF KENTUCKY

KSP RECORDS

*SYNOPSIS:*
ON 12/03/2015 Hertz called to report a non-return rental from 10/30/2015

*MODUS OPERANDI:*
Non-return rental of vehicle

*DATE & TIME OF OCCURRENCE:*
10/30/2015 12:50 hours

*ACCUSED:*
Deja Gates  L

*SUSPECTS:*
same

*STOLEN PROPERTY:*
2015 Toyota Corolla 4door Red Ky 698RML   VIN: 2T1BURHE5EC145002

*OTHER PROPERTY:*

*EVIDENCE & HOW MARKED:*
Hertz rental car

*EVIDENCE DISPOSITION:*
Open

*INVESTIGATION:*
Vehicle is reported to be at the renters address

*STATUS OF CASE:*
No e -warrant was filed for this case

*ATTACHMENT*

Case ID: 151103380
Control No.: 17090690

## CRIME SUPPLEMENT
### COMMONWEALTH OF KENTUCKY

KSP RECORDS

| ADMINISTRATIVE | | | | | |
|---|---|---|---|---|---|
| CASE/INCIDENT NUMBER:   **KY P15-0359** | | | | REPORT DATE:  **12/7/2015** | |
| REPORTING AGENCY ORI/NAME:   **0566900 LOUISVILLE AIRPORT POLICE** | | | | | |
| PRIMARY INVESTIGATING AGENCY ORI/NAME:   **0566900 LOUISVILLE AIRPORT POLICE** | | | | | |
| REPORTING OFFICER NAME:  **M SIMS** | | | REPORTING OFFICER UNIT BADGE ID:   **5826** | | |
| PRIMARY OFFICER UNIT BADGE ID:   **5826** | | | | | |
| REVIEWED BY:  **C COPE** | | | | | |

| WITNESS DATA | | | | | |
|---|---|---|---|---|---|
| WITNESS SEQUENCE  **of** | WITNESS NAME | | | | PHONE |
| ADDRESS: | | | | | DATE OF BIRTH |
| CITY: | | STATE: | ZIP CODE: | SSN: | |
| WITNESS SEQUENCE  **of** | WITNESS NAME | | | | PHONE |
| ADDRESS: | | | | | DATE OF BIRTH |
| CITY: | | STATE: | ZIP CODE: | SSN: | |

### NARRATIVE

AS Of 12/07/2015 this case is closed due to Hertz not attempting to obtain a warrant on the  person listed last on the Non -Return rental. Vehicle was cleared/cancelled from NCIC on 12/07/2015 at 1037a.m.

Case ID: 151103380
Control No.: 17090690

# KYIBRS REPORT

## COMMONWEALTH OF KENTUCKY

**KSP RECORDS**

| ADMINISTRATIVE | | | | | | |
|---|---|---|---|---|---|---|
| AGENCY ORI/NAME   0566900 LOUISVILLE AIRPORT POLICE | | | | INCIDENT NUMBER   **KY P15-0360** | | |

| INCIDENT DATE/TIME | EXACT/ESTIMATE | REPORT DATE | RECEIVED | DISPATCHED | ARRIVED | CLEARED |
|---|---|---|---|---|---|---|
| 10/21/2015 22:21 TO 12/03/2015 12:03 | **ESTIMATE** | 12/03/2015 | 12:03 | 12:03 | 12:09 | 12:16 |

REPORTED BY: **COX, BRANDI**   HOW REPORTED

LICENSE/ID STATE:     LICENSE/ID NUMBER:

ADDRESS:  **600 TERMINAL DR**

| CITY:   **LOUISVILLE** | STATE:  **KY** | ZIP CODE:   **40209** | PHONE NUMBER:   **(502) 235-6364** |
|---|---|---|---|

EXACT LOCATION OF OFFENSE

| TERMINAL DR | | | SECTOR NO: |
|---|---|---|---|
| ADDRESS:   **600 TERMINAL DR** | | | |
| CITY:   **LOUISVILLE** | | STATE:  **KY**   ZIP CODE:   **40209** | |
| COUNTY: **JEFFERSON** | LATITUDE   **38 DEG   11.172 MIN** | LONGITUDE   **85 DEG   44.558 MIN** | |

### OFFENSE DATA

| SEQUENCE #   1   OF   1 | LOCATION TYPE:  AIR/BUS/TRAIN TERMINAL | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|
| OFFENSE DESCRIPTION:   **THEFT BY FAILURE TO MAKE REQUIRED DISP OF PROPERTY $10,000 OR MORE** | | | |

| OFFENSE CODE:  23231 | ASCF CODE:  0 | KRS CODE:   514.070 | CLASS:  C | DEGREE:  F | COUNTS:  1 | |
|---|---|---|---|---|---|---|

| BIAS MOTIVATION:  **UNKNOWN (MOTIVATION NOT KNOWN)** | METHOD ENTRY: | NUMBER PREMISES: | |
|---|---|---|---|

| SCHOOL NAME: | SCHOOL TYPE: | CAMPUS? |
|---|---|---|

OFFENDER SUSPECTED OF USING:   **NOT APPLICABLE**          COURT ORDER TYPE:

| SEQUENCE #    OF | LOCATION TYPE: | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|
| OFFENSE DESCRIPTION: | | | |

| OFFENSE CODE: | ASCF CODE: | KRS CODE: | CLASS: | DEGREE: | COUNTS: | |
|---|---|---|---|---|---|---|

| BIAS MOTIVATION: | METHOD ENTRY: | NUMBER PREMISES: | |
|---|---|---|---|

| SCHOOL NAME: | SCHOOL TYPE: | CAMPUS? |
|---|---|---|

OFFENDER SUSPECTED OF USING:          COURT ORDER TYPE:

| SEQUENCE #    OF | LOCATION TYPE: | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|
| OFFENSE DESCRIPTION: | | | |

| OFFENSE CODE: | ASCF CODE: | KRS CODE: | CLASS: | DEGREE: | COUNTS: | |
|---|---|---|---|---|---|---|

| BIAS MOTIVATION: | METHOD ENTRY: | NUMBER PREMISES: | |
|---|---|---|---|

| SCHOOL NAME: | SCHOOL TYPE: | CAMPUS? |
|---|---|---|

OFFENDER SUSPECTED OF USING:          COURT ORDER TYPE:

### PROPERTY DATA

#### UNIT

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|
| 1 | AUTOMOBILES | STOLEN (NOT RECOVERED) | $17,500.00 | | | |

| UNIT TYPE | VEHICLE MAKE: | VEHICLE MODEL: | YEAR | VEHICLE TYPE |
|---|---|---|---|---|
| ROADWAY VEHICLE | TOYOTA | CAMRY | 2015 | SEDAN/4 DOOR |

| VEHICLE COLOR | VIN NUMBER | OWNER APPLIED # | REGISTRATION STATE, YEAR, & NUMBER | | |
|---|---|---|---|---|---|
| SILVER\ALUMINUM | 4T1BF1FKXFU951020 | | KY | 2015 | 825TKN |

| VEHICLE DESCRIPTORS | KEYS LEFT IN UNIT? | OWNER |
|---|---|---|
| | YES | Victim 1 |

#### GENERAL

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|
| | | | | | | |

PROPERTY DESCRIPTION

| OWNER APPLED NUMBER | SERIAL NUMBER |
|---|---|
| | |

| MAKE | MODEL | OWNER |
|---|---|---|
| | | |

| TOTAL STOLEN VALUE:   **$17,500.00** | TOTAL RECOVERED VALUE:   **$0.00** | TOTAL VEHICLES STOLEN:   **1** | TOTAL VEHICLES RECOVERED:   **0** |
|---|---|---|---|

### STATUS

| INCIDENT STATUS   **OPEN** | CLOSED DATE | CLEARANCE TYPE | CLEARED EXCEPTIONALLY | EX. CLEARANCE DATE | UCR REPORTING FOR OTHER AGENCY   YES ☐ |
|---|---|---|---|---|---|

| SUBMITTING OFFICER   **D HAWKINS** | INVESTIGATING OFFICER   **D HAWKINS** | UNIT/BADGE #   **5842** | REVIEWED BY   **E SEDLOCK** | TIME SPENT   **30 min** |
|---|---|---|---|---|

Page   1   of   3          Incident Number:   P15-0360          Agency ORI: 0566900          Badge #:   5842

# KYIBRS REPORT

## COMMONWEALTH OF KENTUCKY

KSP RECORDS

### VICTIM DATA

| VICTIM SEQUENCE | VICTIM NAME | PHONE |
|---|---|---|
| 1 of 1 | HERTZ CAR RENTAL | (502) 235-6364 |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | |
|---|---|---|

Address Unknown ☐ ADDRESS: 600 TERMERIAL DR — VICTIM TYPE: BUS

| CITY: LOUISVILLE | STATE: KY | ZIP CODE: 40209 | KY RESIDENT: |
|---|---|---|---|

| DATE OF BIRTH | SSN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|

| GENDER | RACE | ETHNIC ORIGIN | PEACE OFFICER? |
|---|---|---|---|
| | | | YES ☐ |

| NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | INJURY TYPE |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

| VICTIM OF OFFENSE(S) | AGG ASSAULT/ HOMICIDE CIRC | ADDTL. JUSTIFIABLE HOMICIDE CIRC |
|---|---|---|
| 23231 | | |

| LEOKA ASSIGNMENT | LEOKA ACTIVITY |
|---|---|

### SUSPECT/ARRESTEE DATA

| SUSPECT SEQ.# | NAME: MADDOX, JAQUISHA M | ARRESTED? | ARREST DATE |
|---|---|---|---|
| 1 of 1 | ALIAS: | YES ☐ | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: |
|---|---|

| ADDRESS | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
|---|---|---|---|

| CITY: | STATE: | ZIP CODE: | |
|---|---|---|---|

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|
| | UNKNOWN | UNKNOWN | UNKNOWN | | | | |

| ARRESTEE SEQ.# | MULTIPLE ARREST IND. | ARREST TYPE | | RELATED CITATION NUMBERS | | |
|---|---|---|---|---|---|---|
| of | | | 1 | 4 | 8 | |
| | ARRESTEE ARMED WITH | | 2 | 5 | 7 | |
| | | | 3 | 6 | 9 | |

### SUSPECT/ARRESTEE DATA

| SUSPECT SEQ.# | NAME: | ARRESTED? | ARREST DATE |
|---|---|---|---|
| of | ALIAS: | YES ☐ | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: |
|---|---|

| ADDRESS | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
|---|---|---|---|

| CITY: | STATE: | ZIP CODE: | |
|---|---|---|---|

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|

| ARRESTEE SEQ.# | MULTIPLE ARREST IND. | ARREST TYPE | | RELATED CITATION NUMBERS | | |
|---|---|---|---|---|---|---|
| of | | | 1 | 4 | 7 | |
| | ARRESTEE ARMED WITH | | 2 | 5 | 8 | |
| | | | 3 | 6 | 9 | |

### WITNESS DATA

| WITNESS SEQUENCE | WITNESS NAME | PHONE |
|---|---|---|
| of | | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | |
|---|---|---|

| ADDRESS: | | DATE OF BIRTH |
|---|---|---|

| CITY: | STATE: | ZIP CODE: | SSN: | |
|---|---|---|---|---|

Case ID: 151103380
Control No.: 17090690

## KYIBRS REPORT: UOR2 SUPPLEMENT

COMMONWEALTH OF KENTUCKY

KSP RECORDS

*SYNOPSIS:*

Dispatched to Hertz Car Rental, reference to this vehicle being rented out and not returned. The vehicle was rented on 10-14-15 at 2242 hrs. Supposed to been returned on 10-21-15 at 2221 hrs, it was not.

*MODUS OPERANDI:*

*DATE & TIME OF OCCURRENCE:*

*ACCUSED:*

*SUSPECTS:*

*STOLEN PROPERTY:*

*OTHER PROPERTY:*

*EVIDENCE & HOW MARKED:*

*EVIDENCE DISPOSITION:*

*INVESTIGATION:*

*STATUS OF CASE:*

*ATTACHMENT*

Case ID: 151103380
Control No.: 17090690

AOC-E-035 WarCode: WA
Rev. 01-08
Commonwealth of Kentucky
Court of Justice
RCr 2.05; RCr2.06



**SERVED**

**Warrant of Arrest**
**Complaint Warrant**

| Case Number: | P15-0360 |
| County: | JEFFERSON |
| Court: | DISTRICT COURT |
| Warrant Number: | E05610002354395 |
| Generated: | 12/10/2015  9:23:55AM |

Page 1 of 1

*Plaintiff.* COMMONWEALTH VS. JAQUISHA M MADDOX *Defendant*

**TO ALL PEACE OFFICERS IN THE COMMONWEALTH OF KENTUCKY:** You are commanded to arrest the person named below and bring him/her forthwith before the JEFFERSON COUNTY - DISTRICT COURT. If Court is not in session, you shall deliver him/her to the Jailer of JEFFERSON County.

JAQUISHA M MADDOX



| Gender | Race | Date of Birth | Height | Weight | Operator License# | State |
|--------|------|---------------|--------|--------|-------------------|-------|
|        |      |               |        |        |                   |       |

[X] to answer charges that he/she committed the offense(s) of:

| Chg# | UOR Code | KRS | Type | Description | ASCF | Counts | Disp Dt | Disp |
|------|----------|-----|------|-------------|------|--------|---------|------|
| 1 | 24044 | 514.030 | F | TBUT OR DISP AUTO - $10,000 OR MORE BUT U/$1,000,0 | N/A | 1 | | |

[ ] The defendant may post bail in the amount of $ , secured by

[ ] The defendant may not give bail.

## Complaint

The Affiant, Brandi N Holland-Knox, states that on 10/21/2015 in JEFFERSON County, Kentucky, the above named defendant unlawfully: and until present, deft has failed to return a 2015 Toyota Camry valued at $23,795.00. Deft came into Hertz (Airport location) and rented the vehicle on 10/14/2015. Deft was supposed to return the car on 10/21/2015 and or pay additional rental fees. Deft failed to return the car. Deft will not answer telephone calls from Hertz. A certified letter was sent to deft's home, which was picked up. Deft has still not returned the vehicle. The car's whereabouts are unknown. Airport Police report # P15-0360

EXECUTION

Served By: JEFFERSON, JEFFERSON COUNTY SHERIFF DEPT., Other, Ebel, Eric, on 02/16/2016

Electronically signed by District Court Judge S.Collins on 12/9/2015 at 5:22:28PM.

Date printed:    Thursday, December 10, 2015

Agency Local Code:
Prosecutor R Webb-RAW

Case ID: 15J103380

Control No.: 17090690

SUPPLEMENT

# KYIBRS REPORT
### COMMONWEALTH OF KENTUCKY

KSP RECORDS

**ADMINISTRATIVE**

| AGENCY ORI/NAME | 0566900 LOUISVILLE AIRPORT POLICE | | INCIDENT NUMBER | KY P15-0361 | |
|---|---|---|---|---|---|

| INCIDENT DATE/TIME | EXACT/ESTIMATE | REPORT DATE | RECEIVED | DISPATCHED | ARRIVED | CLEARED |
|---|---|---|---|---|---|---|
| 04/30/2015  TO 11/10/2015 | ESTIMATE | 12/03/2015 | 12:03 | 12:03 | 12:09 | 12:16 |

| REPORTED BY: KNOX, BRANDI | | HOW REPORTED |
|---|---|---|

| LICENSE/ID STATE: | LICENSE/ID NUMBER: |
|---|---|

ADDRESS: **600 TERMINAL DR**

| CITY: **LOUISVILLE** | STATE: **KY** | ZIP CODE: **40209** | PHONE NUMBER: **(502) 235-6364** |
|---|---|---|---|

EXACT LOCATION OF OFFENSE

| | TERMINAL DR | | | | SECTOR NO: |
|---|---|---|---|---|---|
| | ADDRESS: **600 TERMINAL DR** | | | | |
| | CITY: **LOUISVILLE** | | STATE: **KY** | ZIP CODE: **40209** | |
| | COUNTY: **JEFFERSON** | LATITUDE | **38 DEG** | **11.168 MIN** | LONGITUDE | **85 DEG** | **44.578 MIN** |

**OFFENSE DATA**

| SEQUENCE # 1 OF 1 | LOCATION TYPE: AIR/BUS/TRAIN TERMINAL | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|

OFFENSE DESCRIPTION: **TBUT OR DISP AUTO - $10,000 OR MORE BUT U/$1,000,000**

| OFFENSE CODE: 24044 | ASCF CODE: 0 | KRS CODE: 514.030 | CLASS: C | DEGREE: F | COUNTS: 1 |
|---|---|---|---|---|---|

| BIAS MOTIVATION: NONE (NO BIAS) | METHOD ENTRY: | NUMBER PREMISES: |
|---|---|---|

| SCHOOL NAME: | SCHOOL TYPE: | CAMPUS? |
|---|---|---|

| OFFENDER SUSPECTED OF USING: NOT APPLICABLE | COURT ORDER TYPE: |
|---|---|

| SEQUENCE # OF | LOCATION TYPE: | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|

OFFENSE DESCRIPTION:

| OFFENSE CODE: | ASCF CODE: | KRS CODE: | CLASS: | DEGREE: | COUNTS: |
|---|---|---|---|---|---|

| BIAS MOTIVATION: | METHOD ENTRY: | NUMBER PREMISES: |
|---|---|---|

| SCHOOL NAME: | SCHOOL TYPE: | CAMPUS? |
|---|---|---|

| OFFENDER SUSPECTED OF USING: | COURT ORDER TYPE: |
|---|---|

| SEQUENCE # OF | LOCATION TYPE: | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|

OFFENSE DESCRIPTION:

| OFFENSE CODE: | ASCF CODE: | KRS CODE: | CLASS: | DEGREE: | COUNTS: |
|---|---|---|---|---|---|

| BIAS MOTIVATION: | METHOD ENTRY: | NUMBER PREMISES: |
|---|---|---|

| SCHOOL NAME: | SCHOOL TYPE: | CAMPUS? |
|---|---|---|

| OFFENDER SUSPECTED OF USING: | COURT ORDER TYPE: |
|---|---|

**PROPERTY DATA**

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|
| 1 | AUTOMOBILES | STOLEN (NOT RECOVERED) | $11,000.00 | | | |

**UNIT**

| UNIT TYPE | VEHICLE MAKE | VEHICLE MODEL | YEAR | VEHICLE TYPE |
|---|---|---|---|---|
| ROADWAY VEHICLE | VOLKSWAGEN | PASSAT | 2013 | SEDAN/4 DOOR |

| VEHICLE COLOR | VIN NUMBER | OWNER APPLIED # | REGISTRATION STATE, YEAR, & NUMBER | |
|---|---|---|---|---|
| BLACK | 1VWAP7A30DC119587 | | IL | 2015 | P858796 |

| VEHICLE DESCRIPTORS | KEYS LEFT IN UNIT? | OWNER |
|---|---|---|
| | YES | Victim 1 |

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|

**GENERAL**

| PROPERTY DESCRIPTION |
|---|

| OWNER APPLED NUMBER | SERIAL NUMBER |
|---|---|

| MAKE | MODEL | OWNER |
|---|---|---|

| TOTAL STOLEN VALUE: $11,000.00 | TOTAL RECOVERED VALUE: $0.00 | TOTAL VEHICLES STOLEN: 1 | TOTAL VEHICLES RECOVERED: 0 |
|---|---|---|---|

**STATUS**

| INCIDENT STATUS | CLOSED DATE | CLEARANCE TYPE | CLEARED EXCEPTIONALLY | EX. CLEARANCE DATE | UCR REPORTING FOR OTHER AGENCY |
|---|---|---|---|---|---|
| CLOSED | 02/15/2016 | TIME CLOSED | | | YES ☐ |

| SUBMITTING OFFICER | INVESTIGATING OFFICER | UNIT/BADGE # | REVIEWED BY | TIME SPENT |
|---|---|---|---|---|
| D HAWKINS | D HAWKINS | 5842 | E SEDLOCK | 30 min |

| Page 1 of 3 | Incident Number: P15-0361 | Agency ORI: 0566900 | Badge #: 5842 |
|---|---|---|---|

Case ID: 151103380
Control No.: 17090690

# KYIBRS REPORT
## COMMONWEALTH OF KENTUCKY

KSP RECORDS

| VICTIM SEQUENCE | | VICTIM NAME | | PHONE |
|---|---|---|---|---|
| 1  of  1 | | HERTZ CAR RENTAL | | (502) 235-6364 |

**VICTIM DATA**

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | | |
|---|---|---|---|
| Address Unknown ☐  ADDRESS: 600 TERMINAL DR | | | VICTIM TYPE: BUS |

| CITY: LOUISVILLE | | STATE: KY | ZIP CODE: 40209 | KY RESIDENT: |
|---|---|---|---|---|

| DATE OF BIRTH | SSN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|
| | | | | | |

| GENDER | RACE | ETHNIC ORIGIN | PEACE OFFICER? |
|---|---|---|---|
| | | | YES ☐ |

| NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | INJURY TYPE |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

| VICTIM OF OFFENSE(S) | AGG ASSAULT/ HOMICIDE CIRC | ADDTL JUSTIFIABLE HOMICIDE CIRC |
|---|---|---|
| 24044 | | |

| LEOKA ASSIGNMENT | LEOKA ACTIVITY |
|---|---|
| | |

**SUSPECT/ARRESTEE DATA**

| SUSPECT SEQ.# | NAME: | | ARRESTED? | ARREST DATE |
|---|---|---|---|---|
| of | ALIAS: | | YES ☐ | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | | | |
|---|---|---|---|---|
| ADDRESS: | | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
| CITY: | STATE: | ZIP CODE: | | |

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| ARRESTEE SEQ.# | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | | |
|---|---|---|---|---|---|---|
| of | | | 1 | 4 | 8 | |
| | ARRESTEE ARMED WITH | | 2 | 5 | 7 | |
| | | | 3 | 6 | 9 | |

| SUSPECT SEQ.# | NAME: | | ARRESTED? | ARREST DATE |
|---|---|---|---|---|
| of | ALIAS: | | YES ☐ | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | | | |
|---|---|---|---|---|
| ADDRESS: | | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
| CITY: | STATE: | ZIP CODE: | | |

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| ARRESTEE SEQ.# | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | | |
|---|---|---|---|---|---|---|
| of | | | 1 | 4 | 7 | |
| | ARRESTEE ARMED WITH | | 2 | 5 | 8 | |
| | | | 3 | 6 | 9 | |

**WITNESS DATA**

| WITNESS SEQUENCE | WITNESS NAME | PHONE |
|---|---|---|
| of | | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | |
|---|---|---|
| ADDRESS: | | DATE OF BIRTH |
| CITY: | STATE: | ZIP CODE: | SSN: |

Case ID: 151103380
Control No.: 17090690

# KYIBRS REPORT: UOR2 SUPPLEMENT

### COMMONWEALTH OF KENTUCKY

KSP RECORDS

**SYNOPSIS:**
Dispatched to Hertz Car Rental in reference to a vehicle being stolen . The vehicle was last seen in the lot on 04-30-15. The vehicle was a Volkswagen Passat 4 door black in color. Illinois tag # P858796.

**MODUS OPERANDI:**

**DATE & TIME OF OCCURRENCE:**

**ACCUSED:**

**SUSPECTS:**

**STOLEN PROPERTY:**

**OTHER PROPERTY:**

**EVIDENCE & HOW MARKED:**

**EVIDENCE DISPOSITION:**

**INVESTIGATION:**

**STATUS OF CASE:**
This case is closed. JCSO called and reported LMPD 6th division recovered the vehicle on the Bardstown Rd. At Hertz lot undamaged. LMPD Officer called shortly after and reported that the vehicle was a misplaced inventory vehicle and not stolen .

**ATTACHMENT**

Case ID: 151103380
Control No.: 17090690

# KYIBRS REPORT
## COMMONWEALTH OF KENTUCKY

KSP RECORDS

**AGENCY ORI/NAME**  0566900 LOUISVILLE AIRPORT POLICE  **INCIDENT NUMBER**  KY P16-0020

### ADMINISTRATIVE

| INCIDENT DATE/TIME | EXACT/ESTIMATE | REPORT DATE | RECEIVED | DISPATCHED | ARRIVED | CLEARED |
|---|---|---|---|---|---|---|
| 12/10/2015 12:00 TO 01/20/2016 12:00 | ESTIMATE | 01/20/2016 | 11:00 | 11:00 | 11:01 | 11:59 |

REPORTED BY: S, BRANDI | | | | HOW REPORTED

LICENSE/ID STATE: | LICENSE/ID NUMBER:

ADDRESS: 600 TERMINAL DR #11

CITY: LOUISVILLE | STATE: KY | ZIP CODE: 40209 | PHONE NUMBER: (502) 235-6364

**EXACT LOCATION OF OFFENSE**
HURON AVE
ADDRESS: HURON AVE | SECTOR NO:
CITY: LOUISVILLE | STATE: KY | ZIP CODE: 40209
COUNTY: JEFFERSON | LATITUDE 38 DEG 11.645 MIN | LONGITUDE 85 DEG 45.065 MIN

### OFFENSE DATA

SEQUENCE # 1 OF 1 | LOCATION TYPE: AIR/BUS/TRAIN TERMINAL | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO

OFFENSE DESCRIPTION: TBUT OR DISP AUTO - $10,000 OR MORE BUT U/$1,000,000

| OFFENSE CODE: 24044 | ASCF CODE: 0 | KRS CODE: 514.030 | CLASS: C | DEGREE: F | COUNTS: 1 |

BIAS MOTIVATION: NONE (NO BIAS) | METHOD ENTRY: | NUMBER PREMISES:

SCHOOL NAME: | SCHOOL TYPE: | CAMPUS?

OFFENDER SUSPECTED OF USING: NOT APPLICABLE | COURT ORDER TYPE:

SEQUENCE # OF | LOCATION TYPE: | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO

OFFENSE DESCRIPTION:

| OFFENSE CODE: | ASCF CODE: | KRS CODE: | CLASS: | DEGREE: | COUNTS: |

BIAS MOTIVATION: | METHOD ENTRY: | NUMBER PREMISES:

SCHOOL NAME: | SCHOOL TYPE: | CAMPUS?

OFFENDER SUSPECTED OF USING: | COURT ORDER TYPE:

SEQUENCE # OF | LOCATION TYPE: | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO

OFFENSE DESCRIPTION:

| OFFENSE CODE: | ASCF CODE: | KRS CODE: | CLASS: | DEGREE: | COUNTS: |

BIAS MOTIVATION: | METHOD ENTRY: | NUMBER PREMISES:

SCHOOL NAME: | SCHOOL TYPE: | CAMPUS?

OFFENDER SUSPECTED OF USING: | COURT ORDER TYPE:

### PROPERTY DATA

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|
| 1 | AUTOMOBILES | STOLEN (NOT RECOVERED) | $18,000.00 | | | |

**UNIT**

| UNIT TYPE | VEHICLE MAKE | VEHICLE MODEL | YEAR | VEHICLE TYPE |
|---|---|---|---|---|
| ROADWAY VEHICLE | HYUNDAI | ELANTRA | 2016 | SEDAN/4 DOOR |

| VEHICLE COLOR | VIN NUMBER | OWNER APPLIED # | REGISTRATION STATE, YEAR, & NUMBER |
|---|---|---|---|
| SILVER/ALUMINUM | 5npdh4ae6gh751693 | | KY 2017 541TYV |

| VEHICLE DESCRIPTORS | KEYS LEFT IN UNIT? | OWNER |
|---|---|---|
| RENTAL CAR | YES | Victim 1 |

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|
| | | | | | | |

**GENERAL**

PROPERTY DESCRIPTION

OWNER APPLED NUMBER | SERIAL NUMBER

MAKE | MODEL | OWNER

| TOTAL STOLEN VALUE: $18,000.00 | TOTAL RECOVERED VALUE: $0.00 | TOTAL VEHICLES STOLEN: 1 | TOTAL VEHICLES RECOVERED: 0 |
|---|---|---|---|

### STATUS

| INCIDENT STATUS | CLOSED DATE | CLEARANCE TYPE | CLEARED EXCEPTIONALLY | EX.CLEARANCE DATE | UCR REPORTING FOR OTHER AGENCY |
|---|---|---|---|---|---|
| UNFOUNDED | | | | | YES ☐ |

| SUBMITTING OFFICER | INVESTIGATING OFFICER | UNIT/BADGE # | REVIEWED BY | TIME SPENT |
|---|---|---|---|---|
| M SIMS | M SIMS | 5826 | J GRIMES | 1 hrs |

Case ID. 151103380
Control No.: 17090690

# KYIBRS REPORT
## COMMONWEALTH OF KENTUCKY

**KSP RECORDS**

## VICTIM DATA

| VICTIM SEQUENCE | VICTIM NAME | PHONE |
|---|---|---|
| 1 of 1 | HERTZ RENTAL | (502) 235-6364 |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | |
|---|---|---|

Address Unknown ☐ ADDRESS: **600 TERMINAL DR #11**   VICTIM TYPE: **BUS**

| CITY: LOUISVILLE | STATE: KY | ZIP CODE: 40209 | KY RESIDENT: |
|---|---|---|---|

| DATE OF BIRTH | SSN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|

| GENDER | RACE | ETHNIC ORIGIN | PEACE OFFICER? |
|---|---|---|---|
| | | | YES ☐ |

| NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | INJURY TYPE |
|---|---|---|---|---|---|---|---|

| VICTIM OF OFFENSE(S) | AGG ASSAULT/ HOMICIDE CIRC | ADDTL JUSTIFIABLE HOMICIDE CIRC |
|---|---|---|
| 24044 | | |

| LEOKA ASSIGNMENT | LEOKA ACTIVITY |
|---|---|

## SUSPECT/ARRESTEE DATA

| SUSPECT SEQ. # | NAME: | ARRESTED? | ARREST DATE |
|---|---|---|---|
| of | ALIAS: | YES ☐ | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | | |
|---|---|---|---|

| ADDRESS | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
|---|---|---|---|

| CITY: | STATE: | ZIP CODE: |
|---|---|---|

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|

| ARRESTEE SEQ. # | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | | |
|---|---|---|---|---|---|---|
| of | | | 1 | 4 | 8 | |
| | ARRESTEE ARMED WITH | | 2 | 5 | 7 | |
| | | | 3 | 6 | | |

| SUSPECT SEQ. # | NAME: | ARRESTED? | ARREST DATE |
|---|---|---|---|
| of | ALIAS: | YES ☐ | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | | |
|---|---|---|---|

| ADDRESS | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
|---|---|---|---|

| CITY: | STATE: | ZIP CODE: |
|---|---|---|

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|

| ARRESTEE SEQ. # | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | | |
|---|---|---|---|---|---|---|
| of | | | 1 | 4 | 7 | |
| | ARRESTEE ARMED WITH | | 2 | 5 | 8 | |
| | | | 3 | 6 | 9 | |

## WITNESS DATA

| WITNESS SEQUENCE | WITNESS NAME | PHONE |
|---|---|---|
| of | | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: | |
|---|---|---|

| ADDRESS | DATE OF BIRTH |
|---|---|

| CITY: | STATE: | ZIP CODE: | SSN: |
|---|---|---|---|

Case ID: 151103380
Control No.: 17090690

## KYIBRS REPORT: UOR2 SUPPLEMENT

KSP RECORDS

### COMMONWEALTH OF KENTUCKY

**SYNOPSIS:**
On 01/20/2016 Brandi with Hertz rental Car Company contacted and filed a statement that the following vehicle has been missing from the rental car lot since the original renter properly returned said vehicle on 12/10/2015.

**MODUS OPERANDI:**
UNKNOWN

**DATE & TIME OF OCCURRENCE:**
12/10/2015 - 01/13/2016

**ACCUSED:**
NONE

**SUSPECTS:**
NONE

**STOLEN PROPERTY:**
2016 Hyundai Elantra 4D Silver Vin: 5npdh4ae6gh751693  ky lic:541TYV

**OTHER PROPERTY:**
NONE

**EVIDENCE & HOW MARKED:**
N/A

**EVIDENCE DISPOSITION:**
N/A

**INVESTIGATION:**
REPORT TAKEN. ENTERNED INTO NCIC. DEA ASSISTING IN INVESTIGATION.

**STATUS OF CASE:**
OPEN,

**ATTACHMENT**
N/A

Case ID: 151103380
Control No.: 17090690

# KYIBRS REPORT
## COMMONWEALTH OF KENTUCKY

**KSP RECORDS**

## ADMINISTRATIVE

| AGENCY ORI/NAME | 0566900 LOUISVILLE AIRPORT POLICE | | | INCIDENT NUMBER | KY P14-0102 | | |
|---|---|---|---|---|---|---|---|
| INCIDENT DATE/TIME | | EXACT/ESTIMATE | REPORT DATE | RECEIVED | DISPATCHED | ARRIVED | CLEARED |
| 04/21/2014 23:59 TO 04/21/2014 23:59 | | ESTIMATE | 05/30/2014 | 10:50 | | | 11:20 |

| REPORTED BY: WILLIAMS, DEBBIE | | HOW REPORTED |
|---|---|---|
| LICENSE/ID STATE: | LICENSE/ID NUMBER: | |

ADDRESS: **600 TERMINAL DR**

| CITY: **LOUISVILLE** | STATE: **KY** | ZIP CODE: **40209** | PHONE NUMBER: **(502) 210-2004** |
|---|---|---|---|

**EXACT LOCATION OF OFFENSE**

| | LOWER TERMINAL DR | | SECTOR NO: |
|---|---|---|---|
| ADDRESS: | LOWER TERMINAL DR | | |
| CITY: | LOUISVILLE | STATE: KY | ZIP CODE: 40209 |
| COUNTY: JEFFERSON | LATITUDE 38 DEG 11.182 MIN | LONGITUDE 85 DEG 44.517 MIN | |

## OFFENSE DATA

| SEQUENCE # 1 OF 1 | LOCATION TYPE: AIR/BUS/TRAIN TERMINAL | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|
| OFFENSE DESCRIPTION: TBUT OR DISP AUTO - $10,000 OR MORE BUT U/$1,000,000 | | | |

| OFFENSE CODE: 24044 | ASCF CODE: 0 | KRS CODE: 514.030 | CLASS: C | DEGREE: F | COUNTS: 1 |
|---|---|---|---|---|---|
| BIAS MOTIVATION: NONE (NO BIAS) | | METHOD ENTRY: | NUMBER PREMISES: | | |
| SCHOOL NAME: | | SCHOOL TYPE: | | CAMPUS? | |
| OFFENDER SUSPECTED OF USING: NOT APPLICABLE | | COURT ORDER TYPE: | | | |

| SEQUENCE # OF | LOCATION TYPE: | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|
| OFFENSE DESCRIPTION: | | | |

| OFFENSE CODE: | ASCF CODE: | KRS CODE: | CLASS: | DEGREE: | COUNTS: |
|---|---|---|---|---|---|
| BIAS MOTIVATION: | | METHOD ENTRY: | NUMBER PREMISES: | | |
| SCHOOL NAME: | | SCHOOL TYPE: | | CAMPUS? | |
| OFFENDER SUSPECTED OF USING: | | COURT ORDER TYPE: | | | |

| SEQUENCE # OF | LOCATION TYPE: | TYPE WEAPON/FORCE INVOLVED | CRIMINAL ACTIVITY/GANG IFO |
|---|---|---|---|
| OFFENSE DESCRIPTION: | | | |

| OFFENSE CODE: | ASCF CODE: | KRS CODE: | CLASS: | DEGREE: | COUNTS: |
|---|---|---|---|---|---|
| BIAS MOTIVATION: | | METHOD ENTRY: | NUMBER PREMISES: | | |
| SCHOOL NAME: | | SCHOOL TYPE: | | CAMPUS? | |
| OFFENDER SUSPECTED OF USING: | | COURT ORDER TYPE: | | | |

## PROPERTY DATA

### UNIT

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|
| 1 | AUTOMOBILES | STOLEN (NOT RECOVERED) | $25,176.02 | | | |

| UNIT TYPE | VEHICLE MAKE | VEHICLE MODEL | YEAR | VEHICLE TYPE |
|---|---|---|---|---|
| ROADWAY VEHICLE | CHEVROLET | IMPALA | 2014 | SEDAN/4 DOOR |

| VEHICLE COLOR | VIN NUMBER | OWNER APPLIED # | REGISTRATION STATE, YEAR, & NUMBER | | |
|---|---|---|---|---|---|
| WHITE | 1G11X5SL0EU151871 | | KY | 2014 | 971RCA |

| VEHICLE DESCRIPTORS | KEYS LEFT IN UNIT? | OWNER |
|---|---|---|
| NA | UNKNOWN | Victim 1 |

### GENERAL

| SEQ # | PROPERTY DESCRIPTION | TYPE OF LOSS | VALUE | RECVRD VALUE | REC. COND. | DATE RECOVERED |
|---|---|---|---|---|---|---|
| | | | | | | |

| PROPERTY DESCRIPTION | | |
|---|---|---|
| OWNER APPLED NUMBER | SERIAL NUMBER | |
| MAKE | MODEL | OWNER |

| TOTAL STOLEN VALUE: $25,176.02 | TOTAL RECOVERED VALUE: $0.00 | TOTAL VEHICLES STOLEN: 1 | TOTAL VEHICLES RECOVERED: 0 |
|---|---|---|---|

## STATUS

| INCIDENT STATUS | CLOSED DATE | CLEARANCE TYPE | CLEARED EXCEPTIONALLY | EX. CLEARANCE DATE | UCR REPORTING FOR OTHER AGENCY |
|---|---|---|---|---|---|
| OPEN | | | | | YES ☐ |

| SUBMITTING OFFICER | INVESTIGATING OFFICER | UNIT/BADGE # | REVIEWED BY | TIME SPENT |
|---|---|---|---|---|
| J MUDD | J MUDD | 5844 | B SIMS | 30 min |

| Page 1 of 3 | Incident Number: P14-0102 | Agency ORI: 0566900 | Badge #: 5844 |
|---|---|---|---|

Case ID: 151103380
Control No.: 17090690

# KYIBRS REPORT
### COMMONWEALTH OF KENTUCKY

KSP RECORDS

## VICTIM DATA

| VICTIM SEQUENCE | VICTIM NAME | PHONE |
|---|---|---|
| 1 of 1 | HERTZ | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: |
|---|---|

| Address Unknown ☐ ADDRESS: 600 TERMINAL DR | VICTIM TYPE: BUS |
|---|---|

| CITY: LOUISVILLE | STATE: KY | ZIP CODE: 40209 | KY RESIDENT: |
|---|---|---|---|

| DATE OF BIRTH | SSN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|

| GENDER | RACE | ETHNIC ORIGIN | PEACE OFFICER? |
|---|---|---|---|
| | | | YES ☐ |

| NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | OFFENDER # | VICTIM RELATIONSHIP TO OFFENDER: VICTIM WAS | NBR | INJURY TYPE |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

| VICTIM OF OFFENSE(S) | AGG ASSAULT/ HOMICIDE CIRC | ADDTL JUSTIFIABLE HOMICIDE CIRC |
|---|---|---|
| 24044 | | |

| LEOKA ASSIGNMENT | LEOKA ACTIVITY |
|---|---|

## SUSPECT/ARRESTEE DATA

| SUSPECT SEQ. # | NAME: | ARRESTED? | ARREST DATE |
|---|---|---|---|
| of | ALIAS: | YES ☐ | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: |
|---|---|

| ADDRESS: | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
|---|---|---|---|

| CITY: | STATE: | ZIP CODE: |
|---|---|---|

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|

| ARRESTEE SEQ. # | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | |
|---|---|---|---|---|---|
| of | | | 1 | 4 | 8 |
| | ARRESTEE ARMED WITH | | 2 | 5 | 7 |
| | | | 3 | 6 | 9 |

## SUSPECT/ARRESTEE DATA

| SUSPECT SEQ. # | NAME: | ARRESTED? | ARREST DATE |
|---|---|---|---|
| of | ALIAS: | YES ☐ | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: |
|---|---|

| ADDRESS: | DATE OF BIRTH: | PHONE: | KY RESIDENT: |
|---|---|---|---|

| CITY: | STATE: | ZIP CODE: |
|---|---|---|

| SSN | SEX | RACE | ETHNIC ORIGIN | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|

| ARRESTEE SEQ. # | MULTIPLE ARREST IND. | ARREST TYPE | RELATED CITATION NUMBERS | | |
|---|---|---|---|---|---|
| of | | | 1 | 4 | 7 |
| | ARRESTEE ARMED WITH | | 2 | 5 | 8 |
| | | | 3 | 6 | 9 |

## WITNESS DATA

| WITNESS SEQUENCE | WITNESS NAME | PHONE |
|---|---|---|
| of | | |

| LICENSE/ID STATE: | LICENSE/ID NUMBER: |
|---|---|

| ADDRESS: | DATE OF BIRTH |
|---|---|

| CITY: | STATE: | ZIP CODE: | SSN: |
|---|---|---|---|

Case ID: 151103380
Control No.: 17090690

# KYIBRS REPORT: UOR2 SUPPLEMENT

### COMMONWEALTH OF KENTUCKY

KSP RECORDS

*SYNOPSIS:*
Suspect rented the vehicle and failed to return on due date.

*MODUS OPERANDI:*
Suspect rented the car and failed to return the car on agreed upon due date.

*DATE & TIME OF OCCURRENCE:*
04/21/2014 2359 is the date that the agreement expired

*ACCUSED:*
See suspect

*SUSPECTS:*

*STOLEN PROPERTY:*
2014 Chevrolet Impala
White
VIN-   1G11X5SLOEU151871
REG-   KY-971RCA

*OTHER PROPERTY:*
NA

*EVIDENCE & HOW MARKED:*
NA

*EVIDENCE DISPOSITION:*
NA

*INVESTIGATION:*
Debbie Williams came to the Police office on 05-30-2014 at 1050hrs and reported a rented 2014 Chevy Impala stolen from her business, Hertz Rental. The car was rented by the suspect on 03-08-2014 and never returned. The agreement was extended to 04-21-2014 and attempts were made by Hertz to locate suspect for vehicle return but no contact was made.  Debbie went to the county attorney and had a warrant issued for the suspect.

*STATUS OF CASE:*
Open

*ATTACHMENT*
NA

Case ID: 151103380
Control No.: 17090690

# EXHIBIT 8

Case ID: 151103380
Control No.: 17090690

United States Courts
Southern District of Texas
FILED

JAN 2 0 2017

David J. Bradley, Clerk of Court

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### GALVESTON DIVISION

MICHAEL GRAY                        §
                                    §
        *Plaintiff,*                §
    VS.                             §        CIVIL ACTION NO. 3:15-CV-92
                                    §
THE HERTZ CORPORATION               §
                                    §
        *Defendant.*                §
                                    §

## JURY CHARGE

MEMBERS OF THE JURY:

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the

1

Case ID: 151103380
Control No.: 17090690

arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

## A. Burden of Proof

Except as otherwise instructed, Plaintiff has the burden of proving his case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiff has failed to prove any element of their claim by a preponderance of the evidence, then he may not recover on that claim.

For certain claims, Plaintiff has the burden of proving their case by clear and convincing evidence. Clear and convincing evidence is evidence that produces in your mind a firm belief or conviction as to the truth of the matter sought to be established.

## B. Evidence

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

Case ID: 151103380
Control No.: 17090690

### C. Witnesses

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

### D. No Inference from Filing Suit.

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

### E. Duty to Deliberate; Notes

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to re-examine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

3

Case ID: 151103380
Control No.: 17090690

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom. Please do not write on the exhibits.

Your verdict must be unanimous. After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the jury foreperson should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.

Case ID: 151103380|
Control No.: 17090690

## QUESTION NUMBER 1

Did the Hertz Corporation maliciously prosecute Michael Gray?

"Malicious prosecution" occurs when one person initiates or procures, with malice, and without probable cause at the time the prosecution is commenced, the prosecution of an innocent person.

"Initiates" means that a person makes a formal charge to law enforcement authorities.

"Procures" means that a person's actions caused the prosecution and the prosecution would not have occurred but for its actions.

"Malice" means such gross indifference to the rights of others as to amount to a willful or wanton act.

"Probable cause" means the existence of such facts and circumstances as would excite belief in a person of reasonable mind, acting on the facts or circumstances within his knowledge at the time the prosecution was commenced, that the other person was guilty of a criminal offense. The probable cause determination asks whether a reasonable person would believe that a crime had been committed given the facts as the complainant honestly and reasonably believed them to be before the criminal proceedings were instituted. Whether the person failed to fully and fairly disclose all material information or knowingly provided false information to the authorities is irrelevant to determining whether probable cause existed.

Answer "Yes" or "No."

Answer: _____ YES _____

5

Case ID: 151103380
Control No.: 17090690

## QUESTION NUMBER 2

Did the Hertz Corporation defame Michael Gray?

Defamation occurs when the Defendant publishes false defamatory statements concerning the Plaintiff while acting with actual malice.

"Publish" means to communicate the matter to a person other than Michael Gray who is capable of understanding its meaning.

"False" means that the statements are not substantially true. A statement is "substantially true" if it varies from the literal truth in only minor details or if, in the mind of the average person, the gist of the statement is no more damaging to the person affected by it than a literally true statement would have been.

"Defamatory" means an ordinary person would interpret the statements in a way that tends to injure a living person's reputation and thereby expose the person to public hatred, contempt or ridicule, or financial injury or to impeach the person's honesty, integrity, virtue, or reputation.

In deciding whether statements are defamatory, you must construe the statements as a whole and in light of the surrounding circumstances based upon how a person of ordinary intelligence would perceive them.

"Actual malice" means that you find by clear and convincing evidence that, at the time the Hertz Corporation made the statements in question

(1) The Hertz Corporation knew they were false as they related to Michael Gray, or

(2) The Hertz Corporation made the statements with a high degree of awareness that they were probably false, to an extent that the Hertz Corporation in fact had serious doubts as to the truth of the statements.

"Clear and convincing evidence" is that measure or degree of proof that will produce in the mind of the jury a firm belief or conviction as to the truth of the allegations sought to be established.

Answer: _____ NO _____

6

Case ID: 151103380
Control No.: 17090690

**CONSIDER DAMAGES ONLY IF NECESSARY**

If the Plaintiff has proved his claim against the Defendant by a preponderance of the evidence, you must determine the damages to which the Plaintiff is entitled. You should not interpret the fact that I am giving instructions about the Plaintiff's damages as an indication in any way that I believe that the Plaintiff should, or should not, win this case. It is your task to decide whether the Defendant is liable. I am instructing you on damages only so that you will have guidance in the event you decide that the Defendant is liable and that the Plaintiff is entitled to recover money from the Defendant.

Answer Question Number 3 only if you answered "Yes" to either Question Number 1 or Question Number 2.

Case ID: 151103380
Control No.: 17090690

**QUESTION NUMBER 3**

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff Michael Gray for the injuries, if any, that resulted from the Hertz Corporation's conduct?

Consider the elements of damages listed below and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find.

You are instructed that any monetary recoveries for compensatory damages sought by Plaintiff Michael Gray are not subject to federal or state income taxes.

Answer separately, in dollars and cents, for damages, if any.

1. Mental anguish sustained by Plaintiff Michael Gray in the past.

   Answer: _____ 50,000.00 _____

2. Mental anguish that, in reasonable probability, Plaintiff Michael Gray will sustain in the future.

   Answer: _____ 0 _____

3. Economic loss.

   Answer: _____ 6049.13 _____

8

Case ID: 151103380
Control No.: 17090690

Answer Questions Number 4 and Number 5 only if you answered "Yes" to Question Number 1. Otherwise, do not answer Question No. 4 or Question Number 5.

## QUESTION NUMBER 4

Do you find by clear and convincing evidence that the harm to the Plaintiff resulted from malice or gross negligence on the part of The Hertz Corporation?

"Clear and convincing evidence" is the evidence that produces in your mind a firm belief or conviction as to the truth of the matter sought to be established.

"Malice" means a specific intent by the Hertz Corporation to cause substantial injury to Michael Gray.

"Gross Negligence" means an act or omission by the Hertz Corporation,

1. Which when viewed objectively from the standpoint of the Hertz Corporation at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and

2. Of which the Hertz Corporation has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others.

In answering this Question, you are instructed that you cannot consider harm to persons other than the Plaintiff.

Answer: _____YES_____

9

Case ID: 151103380
Control No.: 17090690

## QUESTION NUMBER 5

What sum of money, if any, should be assessed against The Hertz Corporation and awarded to Michael Gray as exemplary damages for the conduct found in response to Question Number 4?

"Exemplary damages" means any damages awarded as a penalty or by way of punishment but not for compensatory purposes. Exemplary damages include punitive damages.

Factors to consider in awarding exemplary damages, if any, are—

    a.   The nature of the wrong.
    b.   The character of the conduct involved.
    c.   The degree of culpability of the wrongdoer.
    d.   The situation and sensibilities of the parties concerned.
    e.   The extent to which such conduct offends a public sense of justice and propriety.

The purpose of exemplary damages is to punish and deter, not to compensate. Exemplary damages serve to punish a defendant for malicious or reckless conduct and, by doing so, to deter others from engaging in similar conduct in the future. You are not required to award exemplary damages. If you do decide to award exemplary damages, you must use sound reason in setting the amount. Your award of exemplary damages must not reflect bias, prejudice, or sympathy toward any party. It should be presumed that Plaintiff has been made whole by compensatory damages, so exemplary damages should be awarded only if The Hertz Corporation's misconduct is so reprehensible as to warrant the imposition of further sanctions to achieve punishment or deterrence.

You are instructed that any award of exemplary damages must bear a reasonable relationship to the harm, if any, caused to the Plaintiff.

Answer in dollars and cents, if any.

Answer: _____ $120,000.00

10

Case ID: 151103380
Control No.: 17090690

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| MICHAEL GRAY, | § | |
|     Plaintiff, | § | |
| | § | |
| vs. | § | CAUSE NO. 3:15-cv-00092 |
| | § | |
| | § | |
| THE HERTZ CORPORATION, | § | |
|     Defendant. | § | |

## PLAINTIFF MICHAEL GRAY'S FIRST AMENDED COMPLAINT

Plaintiff Michael Gray ("Plaintiff") files this his First Amended Complaint against Defendant The Hertz Corporation ("Defendant") as set forth below:

### I.    PARTIES

1.    Plaintiff, Michael Gray, is an individual who resides in Galveston County at 2284 Azahar Court, League City, Texas 77573.

2.    Defendant, The Hertz Corporation, is a foreign corporation doing business in the State of Texas. Defendant has answered and appeared herein. Therefore, no service of process is required.

### II.    JURISDICTION AND VENUE

3.    This case was removed to this Court by Defendant, and Jurisdiction is based on diversity of citizenship under 28 U.S.C. §1332. The amount in controversy exceeds the sum of $75,000.00, exclusive of interest and cost.

4.    Venue in this District is proper under Civil Practice and Remedies Code §15.017 a suit for defamation damages can only be maintained in the county in which the Plaintiff resided at the time of the accrual of the cause of action because Defendant is a non-resident of the state

of Texas.

### III.    FACTUAL BACKGROUND

5.    On or about October 7, 2014, Plaintiff and his fiancé landed at Miami International Airport after returning from vacation in the Bahamas.  While exiting the plane in Miami, Plaintiff was detained by law enforcement authorities who informed Plaintiff that a "nationwide" warrant had been issued for Plaintiff's arrest.  Plaintiff was immediately taken into custody and transported to jail in Miami.  Plaintiff was processed, fingerprinted, strip searched and placed in a jail cell.

6.    As a result of Plaintiff's incarceration, Plaintiff's mother and fiancé were required to hire counsel to defend Plaintiff from the criminal charges levied against him.  The law firm of Hager & Schwartz was retained to represent Plaintiff.  After investigation, the law firm of Hager & Schwartz determined that the arrest warrant was issued on May 20, 2014, by a court in Shreveport, Louisiana.  The incident report which caused the May 20, 2014, warrant to be issued was filed by Defendant and/or Defendant's agents/subsidiaries alleging that Plaintiff had rented a car owned by Defendant and failed to return the automobile pursuant to the rental agreement. On or about October 8th, Plaintiff appeared at a videotaped hearing where it was determined that Plaintiff was a victim of identity theft and the Court set a $5,000 bond for Plaintiff's release. Detective Angela Willis of the Shreveport Police Department was immediately contacted by Plaintiff's attorney who sent documentation proving that Plaintiff was not the individual who stole the Hertz rental car and Detective Willis agreed to recall the arrest warrant on October 8, 2014.

Case ID: 151103380
Control No.: 17090690

7.      Prior to Plaintiff's arrest, October 7, 2014, Plaintiff received correspondence from Dollar Thrifty Rent A Car ("Dollar") dated March 31, 2014.   The Dollar March 31st correspondence stated that Plaintiff had rented a car on or about March 11, 2014, and had not returned the car.  The correspondence provided a telephone number for Plaintiff to call in order to discuss the matter. Plaintiff immediately contacted Dollar and informed the representative that Plaintiff had never rented a car from Dollar.   After Plaintiff's discussion with the Dollar representative, it was clear that the only information that was correct on the Dollar rental agreement was Plaintiff's name, address and date of birth.  Plaintiff was informed that the phone number, e-mail address, Texas driver's license number listed on the rental agreement did not match any of Plaintiff's personal information.  On April 18, 2014, Plaintiff filed a police report that claimed identity theft.  On April 21, 2014, Plaintiff executed an "ID Theft Affidavit" stating that a Dollar vehicle was rented in Plaintiff's name, but Plaintiff did not rent the Dollar vehicle. An arrest warrant was never issued due to the fact that Dollar contacted Plaintiff prior to taking any legal action against Plaintiff.  Unfortunately for Plaintiff, Defendant failed to exercise the same due diligence before filing a police report with Shreveport, Louisiana authorities causing an arrest warrant to be issued against Plaintiff.

8.      Particularly troubling, is the fact that Defendant merged with Dollar on or about November 2012. Therefore, Defendant's subsidiary had determined months before that Plaintiff's identity had been stolen but Defendant still filed criminal charges against Plaintiff which caused an arrest warrant to be issued May 2014.

3

Case ID: 151103380
Control No.: 17090690

## IV.    CAUSES OF ACTION

### A.    DEFAMATION

9.      Plaintiff incorporates by reference all the allegations set forth in paragraphs 1-8 as if fully set forth herein. The law of defamation embodies the public policy that an individual should be free to enjoy his or her reputation unimpaired by false and defamatory attacks, and an action for libel and/or slander is based on a violation of this right.   The right of a citizen to defend his reputation and good name from libelous publications is zealously guarded.

10.      Under Texas law, defamation involves:

- A false statement

- About a person

- Communicated to third party

- That damages the person's reputation or exposes him to public hatred, contempt, ridicule, or financial injury.

11.      In this case, Plaintiff will prove that the Defendant's filing of a police report accusing Plaintiff of stealing Defendant's property was false.   In addition, Defendant knew or should have known that Defendant's filing of a police report accusing Plaintiff of stealing Defendant's property was false.  As a result of Defendant filing the false police report, Plaintiff was arrested for a crime he did not commit, exposing Plaintiff to public contempt and ridicule and caused Plaintiff financial injury.

### B.    DEFAMATION *PER SE*

12.      Plaintiff incorporates by reference all the allegations set forth in paragraphs 1-11 as if fully set forth herein. Moreover, Texas law recognizes the notion of Defamation *per se.*

4

Case ID: 151103380
Control No.: 17090690

Defamation *per se* includes, but is not limited to, the allegation that the subject of the defamation committed a crime. In this case, Defendant accused Plaintiff of felony theft which is a crime in Texas and Plaintiff was arrested as a result of Defendant's defamatory statements.

13.     When a Defendant commits defamation *per se*, the Plaintiff no longer needs to prove damage to his reputation – damages are assumed under the law.

## VI.    MALICIOUS PROSECUTION

14.     Plaintiff incorporates by reference all the allegations set forth in paragraphs 1-13 as if fully set forth herein. As a result of Defendant filing a defamatory police report which resulted in warrant being issued for Plaintiff's arrest, Plaintiff was arrested on or about October 7, 2014. Defendant initiated and/or procured prosecution by filing a police report with the Shreveport, Louisiana law enforcement officials falsely accusing Plaintiff of committing felony theft. This police report filed on or about April 15, 2014, resulted in a nationwide warrant being issued for Plaintiff's arrest. The defamatory police report resulted in the arrest, processing and detention of Plaintiff. During Plaintiff's processing and detention, Plaintiff was fingerprinted; strip searched, subjected to DNA testing and forced to be held against Plaintiff's will in a Miami jail cell. Defendant's allegations to Shreveport, Louisiana law enforcement authorities were knowingly false and the arrest of Plaintiff would not have occurred without Defendant's false statements. Plaintiff was released from jail after it was determined that Defendant's defamatory police report was false. Plaintiff was innocent of Defendant's criminal complaint and would not have been arrested but for Defendant filing the defamatory and false police report with Shreveport, Louisiana law enforcement authorities.

5

## VII.  NEGLIGENCE

15.    Plaintiff incorporates by reference all the allegations set forth in paragraphs 1-14 as if fully set forth herein. Defendant's conduct constitutes negligence under Texas law because Defendant owed a duty to Plaintiff not to file a police report alleging Plaintiff committed theft until Defendant made contact with Plaintiff.  Defendant breached this duty by filing a false police report and filing such report before contacting Plaintiff.  Defendant's breach of this duty proximately caused damages to Plaintiff that he still suffers from today and will suffer in the future.

## VIII.   GROSS NEGLIGENCE/MALICE

16.    Plaintiff incorporates by reference all the allegations set forth in paragraphs 1-15 as if fully set forth herein. Defendant's actions described above were done with malicious intent to cause injury to Plaintiff and constitute gross negligence/malice under Texas law.  Defendant by deliberately filing a defamatory and false police report with actual knowledge that Plaintiff would be arrested and incarcerated constitutes gross negligence/malice under Texas law. Defendant's gross negligence/ malice have proximately caused harm to Plaintiff and Plaintiff hereby seeks all damages he is entitled to under Texas law.

## IX.  DAMAGES

### A.    ACTUAL DAMAGES

17.    Plaintiff will show that the defamatory, negligent, gross negligence and malicious prosecution conduct of Defendant complained of in paragraphs 7 through 18 herein were a producing and a proximate cause of the following damages sustained by Plaintiff:

a.    Damage to reputation.

6

b.      Damage to credibility amongst the community, clients and business associates.

c.      Damage to finances which have resulted in the necessity to hire criminal counsel in Texas and Florida.

d.      Economic damages sustained in past and future.

### B.      MENTAL ANGUISH

18.      Plaintiff would further show that the defamatory, negligent, gross negligence, malicious prosecution, acts and/or omissions described in paragraphs 5 through 17 hereinabove were committed knowingly by Defendant or Defendant knew or should have known the falsity of the police report filed with the Shreveport, Louisiana law enforcement authorities filed on or about April 15, 2014.   As a result of such acts and/or omissions contained in paragraphs 5 through 17, Plaintiff sustained a high degree of mental pain and distress of such nature, duration and severity that would permit the recovery of damages for mental anguish for which Plaintiff hereby sues in an amount in excess of the minimum jurisdictional limits of this Court.

### C.      EXEMPLARY DAMAGES

19.      Defendant's intentional, reckless and malicious conduct contained in paragraphs 5 through 18 allow Plaintiff to recover exemplary damages in accordance with Texas law.

### D.      ATTORNEY'S FEES

20.      Request is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff herein, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just.

7

## X.    PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff, Michael Gray, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant, jointly and severally, for actual monetary damages requested hereinabove in an amount in excess of $1,000,000, together with prejudgment and post-judgment interest at the maximum rate allowed by law, attorney's fees, costs of court, and such other and further relief to which the Plaintiff may be entitled at law or in equity, whether pled or unpled.

Dated: December 23, 2015

                    Respectfully submitted,

                    PROVOST ★ UMPHREY
                    LAW FIRM, L.L.P.
                    490 Park Street
                    P. O. Box 4905
                    Beaumont, Texas  77704
                    Phone: (409) 835-6000
                    Fax:  (409) 813-8625
                    gfisher@pulf.com
                    Attorney for Plaintiff

By:     /s/ Guy G. Fisher
                    Guy G. Fisher
                    Texas Bar No. 07051010

8

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of December, 2015, I electronically filed the foregoing with the Clerk of the Court by using CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Guy G. Fisher
Guy G. Fisher

Case ID: 151103380
Control No.: 17090690

# Exhibit 9

Case ID: 151103380
Control No.: 17090690

Control No. 16110955

### IN THE COURT OF COMMON PLEAS OF PHILADELPHIA
### FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
### CIVIL TRIAL DIVISION

| | | |
|---|---|---|
| KELLY A. GRADY | : | |
| **Plaintiff** | : | |
| | : | NOVEMBER TERM, 2015 |
| vs. | : | |
| | : | NO. 3380 |
| THE HERTZ CORPORATION, | : | |
| HERTZ RENT-A-CAR PHILADELPHIA | : | |
| INTERNATIONAL AIRPORT, and | : | |
| JOHN DOE(s) | : | |
| **Defendants** | : | |

### ORDER

And Now, this 19th day of January, 2017, after considering the Motion for Summary Judgment filed by the Hertz Defendants, Plaintiff's Response thereto, and for the reasons set forth in Court Exhibit "A", attached hereto, it is hereby **ORDERED** that the Motion for Summary Judgment is **DENIED in Part**. Summary Judgment is **GRANTED** as to the claims for punitive damages.

BY THE COURT:

*Frederica Massiah-Jackson*

FREDERICA A. MASSIAH-JACKSON, J.

Grady Vs The Hertz Corp-ORDER



15110338000100

COPIES SENT PURSUANT TO Pa.R.C.P. 236(b)    01/19/2017

Case ID: 151103380
Control No.: 17090690

---

### Court Exhibit "A"

---

a.    While it is true that the statute of limitations for **false imprisonment** is two years, when a court is presented with the request for application of the discovery rule, factual determinations must be made; A Motion for Summary Judgment may be granted only where the right to judgment is free and clear from all doubt. This Motions Court is unable to conclude that summary judgment can be entered as a matter of law in view of the disparate "he said/she said" assertions set forth in these Motion papers. See generally, Fine v. Checcio, 870 A.2d 850, 857 (Pa. 2005); Jones v. SEPTA, 772 A.2d 435, 438 (Pa. 2001).

b.    When there is a claim for **malicious prosecution**, and there is no conflict in the evidence and testimony, the determination of probable cause is exclusively for the Court. In the circumstances present here, where there exist significant factual disputes and variance of evidence, the issues raised must be submitted to a jury. See, Miller v. Pennsylvania Railroad Co., 89 A.2d 809 (Pa. 1952); Kelley v. Teamsters, Local 249, 544 A.2d 940 (Pa. Superior Ct. 1988); DeSalle v. Penn Central Co., 398 A.2d 680 (Pa. Superior Ct. 1979).

Plaintiff-Grady states at page 4 of 89:

> "If an investigation had been made in Grady's case it would have revealed that Ms. Grady was in constant contact with Hertz from April to July 2013, that Ms. Grady was charged $4,200 for the rental as of July 15, 2013, and that Ms. Grady had physically went to the Hertz location on July 18, 2013, to make sure her rental was authorized."

1

Control No. 16110955

Defendant-Hertz states (unpaged):

> "On July 11, 2013, after having placed over 50 phone calls, sent a certified letter, contacted Plaintiff on Facebook, and gone out to the address to locate the renter and the vehicle, Hertz Vehicle Control Department officially labels the vehicle a conversion and prepares the theft package to be turned over to the local police department. This is 55 days after the vehicle was due back pursuant to the rental contract . . . .

> On July 22, 2013, Hertz Assistant Corporate Security Manager Ken Graeber presents the theft package to the Philadelphia Police Department, who upon reviewing its contents, enter the vehicle as stolen in the national law enforcement database NCIC."

Hugee v. Pa. Railroad Co., 101 A.2d 740, 743 (Pa. 1954); the question of existence of malice is always a question of fact for jury; Wainauskis v. Howard Johnson Co., 488 A.2d 1117, 1122-1123 (Pa. Superior Ct. 1985); when material facts relating to presence or absence of probable cause are at issue, the jury must decide.

c.    Claims for **intentional infliction of emotional distress** permit recovery in only the very egregious and extreme cases. Plaintiff-Grady has the burden to prove that the conduct of the tortfeasor was so outrageous in character, and so extreme in degree as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community. Kazatsky v. King David Memorial Park, 527 A.2d 988 (Pa. 1987); Hoy v. Angelone, 691 A.2d 476 (Pa. Superior Ct. 1997); Buczek v. First National Bank, 531 A.2d 1122 (Pa. Superior Ct. 1987).

Case ID: 151103380
Control No.: 17090690

Control No. 16110955

At this juncture, the role of a Motions Court is not to decide the facts but to determine whether an issue of fact exists. Thus, while it would be inappropriate for this Court to assess the admissibility or weight of Plaintiff's medical expert, there does exist an issue for the Trial Court and summary judgment must be denied. Gray v. Huntzinger, 147 A.3d 924 (Pa. Superior Ct. 2016).

3

Case ID: 151103380
Control No.: 17090690

# ATTACHMENT M



**FRANCIS ALEXANDER LLC**

October 17, 2018

Richard Frecker, Esquire
THE HERTZ CORPORATION
8501 Williams Rd
Estero, FL 33928
T: (239) 301-7000
F: (866) 888-3765
E: rfrecker@hertz.com

Jay L. Edelstein, Esquire
Christopher Leeds, Esquire
EDELSTEIN LAW, LLP
230 South Broad Street | Suite 900
Philadelphia, PA 19102
T: (215) 893-9311
F: (215) 893-9310
E: JEdelstein@Edelsteinlaw.com

Dear Mr. Frecker,

Mr. Trammell had rented a car from Hertz in Cleveland, Ohio, and had just started a new job as a correctional officer in Nebraska, with the hopes of becoming a State Trooper. Mr. Trammell has no criminal record. At all points in time he had paid for the rental, and at all points in time the credit card he used for the rental was active and valid. In fact, throughout the rental Hertz kept putting charge/holds on his card to make sure it was active and valid.

Despite Mr. Trammell having a valid card tied to the rental, Hertz inexplicably had him arrested for felony theft on April 21, 2018, thrown in jail, and prosecuted. He never received any communication from Hertz prior to the arrest at his address and it is clear that Hertz is indiscriminately and improperly using the police for inventory recovery. As is well known at this point, Hertz fails to follow its own standard operating procedures and fails to conduct the requisite investigation at the local level before filing police theft reports en mass, and often do not even communicate with headquarters—leading to paying customers being wrongfully arrested.

The initial rental was on February 7, 2018 where he paid $360, and Mr. Trammell's credit card was hit for $1,728 on March 8, 2018, and another $1,156.97 on March 27, 2018. In fact, Hertz was charging Mr. Trammell's card even in May 2018, indicating that something is very wrong internally. Given my knowledge of Hertz's internal procedures for reporting cars stolen, and the April 21, 2018 arrest date, Hertz must have started the stolen report just days after the March 27 payment! Why is Hertz reporting a customer to the police just days after Hertz charged his credit card a total of $3,244.97 for the rental?

PAGE 2

The consequences of Hertz's failures could not have been more immediate and severe for Mr. Trammell. In jail he received racial insults, harassment, and was assaulted/battered. All of this was vastly exacerbated because he was the only black, gay man in the Nebraska jail. To make matters worse, his new job immediately fired him on April 25, 2018 due to the felony accusation and because he could not show up for work. A letter was placed in his file, essentially blocking his rehire. He was forced to move back to Ohio and, because his arrest was reported in the news online, his record and reputation are permanently stained. He was turned down from multiple jobs because of the pending felony. His goal of becoming a State Trooper is essentially dead, and he must now make a living scrapping metal. His life was destroyed, personally and financially, and he also lost his partner.

On August 21, 2018, the Nebraska court dropped all charges. However, for the time period before that the police repeatedly urged Mr. Trammell to take a plea deal—a deal he refused because he knew that he had done nothing wrong. To say that Mr. Trammell is incensed at his treatment, when he was a loyal Hertz customer without any problems, fails to convey the gravity of this problem.



With every good wish, I am,

Francis Malofiy, Esquire

Encl.:    Press Release – Philadelphia Lawyer Returns $44.35 Million Result:
*** 1ˢᵗ Largest Verdict & Judgment in Pennsylvania ***

ATTACHMENT N



**FRANCIS ALEXANDER**
— LIMITED —

FEBRUARY 13, 2020

Kathryn V. Marinello, CEO
THE HERTZ CORPORATION
8501 Williams Rd.
Estero, FL 33928
*E: kvmarinello@hertz.com*

Jay L. Edelstein, Esquire
EDELSTEIN LAW, LLP
230 South Broad Street | Suite 900
Philadelphia, PA 19102
T: (215) 893-9311
*E: JEdelstein@Edelsteinlaw.com*

### Re: WIDESPREAD FALSE POLICE REPORTS BY HERTZ

Dear Ms. Marinello and Counsel:

For several years now I have been warning Hertz—after winning a jury trial against it in 2017 for malicious prosecution, and settling two other cases—that the company has been systematically filing false police reports against innocent customers across the nation. The problem is now a major public safety crisis. I have attached demands from **23 clients** victimized by Hertz. The falsely accused come from all walks of life, but are ***overwhelmingly*** blacks and minorities. The signal this sends to your customers, and the public, is that you don't think Black Lives Matter.

I know, and you know, that Hertz's computer systems are—***obviously***—broken and outdated. The company can't keep track of inventory, doesn't know when rentals are extended or returned, can't account for payments, and isn't doing the local investigations mandated in its theft reporting standard operating procedure W7-02(A)(17). Compounding matters, the locations, OKC, and corporate security have no idea what each other are doing. In some cases, Hertz bizarrely rents cars to customers that Hertz reported stolen ***before*** the rental began.

Given the number of people who have approached me, six months ago I submitted to your company a list of clients detailing how they had been wrongfully detained, jailed, and prosecuted. These customers had paid, extended, and even returned their rentals. Since then, more customers have come forward.

As I previously shared, some were still in jail and others were locked in criminal cases—all of them terrified by what was happening. I pleaded with you to act quickly, not only for their and their families' sake, but also so that other customers would not have their lives destroyed.

Instead of taking this alarming problem seriously, their complaints were treated as a low-level concern. Hertz falsely told the public these cases were "rare." Those in jail remained in jail. The others have had to cope with what happened, some of them now homeless. Hertz's broken systems have remained broken, and the false reports have continued. In short, the alacrity Hertz showed in addressing wronged customers following the 2017 verdict has demonstrably waned.

My clients are tired of having their polite entreaties fall on deaf ears. They are making one last plea, on video, for someone within Hertz to do the right thing: https://bit.ly/37mvaZ1. I have enclosed with this letter a draft complaint for Nicole Stevens, which will be filed before the end of the month.

If you think you can continue to ignore this problem, you have made a grave miscalculation. I routinely handle large, complicated cases, and have tried them to verdict throughout the country—11 years undefeated in jury trials. I regularly post some of the largest verdicts and settlements in the country, including recently winning a $44.35 million verdict and judgment where the jury returned a $20.25 million punitive damages award (this was a top 100 verdict in the US). Not only do I know how to win these cases against Hertz—because I already have—but I have the resources to litigate every case to verdict.

In the prior case I tried against Hertz, I established that Hertz will be found liable for punitive damages given its conduct. The corporation has known about these problems for many years and yet continues to file false police reports, routinely violating its very own standard operating procedures. No jury will turn a blind-eye to a corporation which decided that cutting costs to increase profits was acceptable—especially when it is being done with reckless indifference to the human lives Hertz is harming. A company worth $2.5 billion that generates $10 billion in revenue cannot afford serial punitive damages verdicts against its reputation and goodwill.

That said, my goal is to come to an amicable resolution so we can fairly compensate my clients and protect your customers. Nothing that my clients are requesting is unreasonable. For peace to be brokered we need to address the following: (1) the points in the attached Addendum to ensure the safety of Hertz's customers, and (2) how to justly address my clients' injuries. I need a written response by Tuesday, February 18th and an in-person meeting with Hertz's corporate officers no later than Monday, February 24, 2020.

If Hertz does not timely address these issues which have been plaguing the company, then my firm will be forced to start filing the lawsuits through local counsel. Please ensure that all data and records concerning these customers are preserved.

Note that because some of the demands exceed Hertz's self-insured limit of $10 million per occurrence, you should notify your excess coverage insurer. Moreover, to the extent that Hertz's insurance does not cover those alleged to be individually liable, you should notify those officers and employees to immediately retain personal counsel.

Kathryn, tell me how we fix this; tell me how we make this right. The time has come to bridge our division and make sure that more customers do not have their lives destroyed.

Your move.

With every good wish, I am,



Francis Malofiy, Esquire

     *Cc*:   M. David Galainena, Esquire - *Exec. Vice President, General Counsel*
             Richard McEvily, Esquire - *Senior Vice President, Deputy General Counsel*
             Clark Dubin - *Vice President, Risk Management & Claims*
             Christopher P. Morales - *Director, Technical Claims*

     *Encl*:  ADDENDUM I     Points of Discussion for Proposed Meeting
             ADDENDUM II    Hertz Victims
             ADDENDUM III  News Coverage of Hertz Victims and Conduct
             Video             Hertz Victim Video No. 1 - https://bit.ly/37mvaZ1
             Complaint      Proposed Nicole Stevens Complaint

## Addendum I

# Points of Discussion:

## Proposed Meeting with the Corporate Officers of Hertz

- Hertz will review cases which I present and assign a dollar value within 30 days.
- Hertz will review cases which I present on an expedited basis where the client is still being prosecuted or is incarcerated, with next steps identified (e.g., recantation or withdrawal).
- Hertz will enter into tolling agreements where the statute of limitations is approaching on cases in the process of being resolved.
- During the theft reporting process, Hertz will take into consideration whether Hertz's dispute with the customer is truly criminal or civil in nature.
- Hertz will update its tracking and rental systems so that rental extensions and payments are communicated to all areas of the company, including location, OKC, and corporate security.
- Hertz will fully comply with its theft reporting policy W7-02 RAC(A)(17), which mandates an independent investigation by the corporate security manager at the location level to safeguard against inaccurate reports.
- Hertz will stop reporting customers to the police for theft **before** Hertz has charged the customers' cards. Hertz policy W7-02 RAC (D) will accordingly be revised.
- Hertz will take steps to ensure compliance with W7-02 RAC (E) so that vehicles reported stolen by Hertz are identified in Hertz's rental systems as "reported stolen," to ensure that "stolen" vehicles are not rented to customers.
- Hertz will stop reporting vehicles stolen which were already returned by the customer, and will withdraw prosecutions where the company discovers the vehicle was returned by the customer.
- Hertz will stop reporting "lost inventory" as "stolen" unless there is first-hand knowledge that the vehicle was actually stolen or there are other indicia of criminal activity.
- Hertz will implement and mandate monthly reviews of all ongoing prosecutions to determine if material facts were omitted from a theft report or police report to determine whether the prosecution needs supplemental data (e.g. payment data, rental extensions, or vehicle returns); and determine whether the police report needs to be corrected, supplemented, or withdrawn completely.
- Hertz will ascertain whether a customer being reported is on probation/parole, and will double check all such theft reports given that reports against those customers will result in them being jailed without the ability to bail or bond-out.
- Hertz will compensate each client for bail, attorneys' fees, expungement, and other expenses.

*****

# Addendum II
# Hertz Victims

1. ## Nicole Patrice Stevens

   **Date:** Released from Prison in Nov. 2018, Case dismissed June 21, 2019

   **Location:** Harris County, TX (arrested in Minnesota)

   **Summary:** Her case was nolle prossed for lack of probable cause.

   In April 2018 she rented a car from the Jersey Village Hertz and returned it on May 16, 2018. She fully paid for the car.

   One and a half months after the car was returned, on June 27, 2018, Hertz called the police and they issued a warrant for her arrest for felony theft of a vehicle. Hertz outrageously told the police she had not returned or paid for the car.

   She was arrested in October 2018 in Minnesota for a warrant she did not know was issued. She was then extradited from Minnesota to Texas on a hellish van ride over many days. Upon arriving in Harris County, she was kept for several more days before being released.

   She was then prosecuted for over half a year, despite the fact that she obviously had done nothing wrong. She was repeatedly told to plead guilty, but refused to do so. During the prosecution she miscarried, was rejected from jobs, and her family became homeless.

   Only on June 21, 2019, did the prosecution eventually move to dismiss the case, finding that there was no probable cause because the rental had been returned before the police report was even made.

   **Damages: Spent one-month in jail and taken away from 10 kids. She was prosecuted for over half a year. Became homeless. Miscarried. Severe ongoing emotional issues.**

   **Demand: $15 million.**

2.   SHONTRELL HIGGS

**Date**: April 2019 to present, Criminal Proceedings Ongoing

**Location:** Broward, FL

**Summary:** She was forced to plead no contest. Her appeal of her motion to withdraw plea is pending.

Ms. Higgs rented car from the Ft. Lauderdale location on February 28, 2019, and then extended the rental three separate times for a final due date of April 10, 2019. Hertz Rental records *show the extended due date*, phone records show the phone calls to extend, and bank records show the rental payments.

Ms. Higgs was even texting with a Hertz employee about being overbilled on the day she was arrested, April 9, 2019.

Even though Higgs has objective proof she spoke with Hertz, and extended the rental, Hertz falsely told the police they never heard from her after the initial rental and that she had never extended nor paid for the rental. None of this was true.

After spending 37 days in jail she was forced to plead no contest as she had two small children, she then immediately moved to withdraw the plea. While that motion was pending, she was arrested for minor probation violations in September 2019 (including not paying Hertz restitution for a rental she had already paid for), and then jailed for many more months without any chance to bond out. While in prison, Hertz was asked to intervene, but no response was received.

**Damages: Spent 37 days in jail while pregnant, and forced to plead no contest to something she had not done. She later miscarried. She missed graduation from nursing school, lost job, and then spent many more months in prison while her motion to withdraw pela was pending.**

**Demand: Immediately recant accusation against her. Make all efforts to support Higgs' Motion to Withdraw Plea/Vacate Charges. Her demand is $15 million.**

3. **JULIUS BURNSIDE**

**Date:** January 2018 to December 2019

**Location:** Norcross, GA

**Summary:** He pled guilty, but was allowed to withdraw his plea. The charges were then nolle prossed.

Mr. Burnside's insurance company rented a car for him from the Norcross, GA location in January 2018. He took over the rental in February 2018, and extended weekly on the corporate extension number. When he would extend, Hertz would place $320 authorization holds on his account. His last extension was until April 1, 2018.

Inexplicably, Hertz charged his card $2,343 on March 26, 2018, and then reported him for car theft the following day, saying that he had never extended or paid for the rental. Oblivious, Burnside returned the rental on April 1, 2018, as agreed with the company.

To his shock, he was told later in April 2018 there was a warrant out for his arrest. He turned himself in expecting that this was a clerical mistake because he had paid for and returned the rental more than a week earlier. He was kept in jail for several hours, and then bonded out, expecting this to go away. Instead, Hertz never withdrew the charges, and he missed a court hearing. He was then arrested and held in jail for 7.5 months.

Eventually he was forced to plead guilty after he was told he was looking at another year in prison just to get to trial, and his family begged him to swallow his pride. After getting out of prison he then filed a motion to withdraw his guilty plea. When the prosecutor looked at what Hertz had done, she immediately consented to the motion. The Court allowed the plea to be withdrawn, and dismissed all charges.

**Damages: He spent 7.5 months in jail and had his life utterly destroyed.**

**Demand: $15 million**

## 4.   VINCENT BOYD

**Date:** December 2018 to present

**Location:** Norcross, GA

**Summary:** Mr. Boyd is still being prosecuted, but is innocent.

Mr. Boyd regularly rented from Hertz. He usually rented from the Dunwoody location, but for this rental rented from Norcross on December 13, 2018.

After 1 week, he called the 1800 number to extend the rental for 1 week. He then dropped the car off on January 3, 2019, at the overnight drop off at the Norcross location.

He was therefore baffled when a police officer called him on January 4, 2019, and asked him about a stolen car. He told the officer that he had returned the car, and heard nothing more.

Unknown to him, Hertz reported Mr. Boyd for car theft one month later on January 31, 2019. In July 2019, he got into a fender bender, and the officer who responded said he had a warrant out for his arrest.

As a result of this false police report he spent 3 months in jail, and is still being prosecuted to this day. He obtained his receipt and invoice, which shows that he returned the rental and owes nothing. Hertz still refuses to drop the case.

Hertz's false police report has ruined his life. In addition to being jailed, he was supposed to have full time with his daughter and she was supposed to be home schooled. Now, he has lost all of this

**Damages: Three months in jail, and a continuing prosecution. His relationship with his daughter was destroyed.**

**Demand: Immediately recant all allegations against Mr. Boyd. His demand is $7.5 million.**

5.  **MAGALIE STERLIN**

**Date**: April 2017, Criminal Proceedings Ongoing

**Location**: Broward, FL

**Summary**: The case is ongoing.

Ms. Sterlin rented a car from Hertz at the end of April 2017. She extended the rental each week until late May 2017. On May 24, 2019, Hertz corporate called Ms. Sterlin and told her that she had to exchange the car because of a coming registration expiration. It was agreed she would return the car on May 29, 2017.

On May 26, 2017, Ms. Sterlin paid Hertz $1,500 from her Chase bank account. To her surprise, Hertz then had her arrested on May 28, 2017. She spent 24 hours in jail, and became homeless afterwards as a result of the pending charges.

To this day, the charges are still pending and Hertz has not withdrawn the case.

**Damages: She spent 24 hours in jail, and became homeless as a result. She has been prosecuted years.**

**Demand: Recant the accusation and have the prosecution dismissed. Her demand is $3 million.**

6.    HENRY ESSICK III

Mr. Essick is litigating a civil case against The Hertz Corporation and its franchisee for the Dayton, OH Airport location (Vandalia) in Montgomery County, OH. The demand for Mr. Essick's case will be sent to Hertz's local counsel in that case.

7.   BRENT WILLIAMS, SR.

**Date**: 2007-08, but criminal proceedings until Dec. 2015

**Location**: Tampa, FL

**Summary**:  The case was nolle prossed. A civil suit has been filed.

Mr. Williams routinely rented cars around the country for months at a time for his job. He supervised 35 employees for a company which sold magazines. In 2007 he commenced a rental out of Tampa for his work in Florida. At all times he had paid for and extended the rental in 2007-08, paying a total of $6,000.

About 1.5 months into the rental, he was pulled over in Monroe County and told that the vehicle was stolen. He spent the night in jail and had to be bailed out by an employee, which was embarrassing. When he showed up for the hearing, Hertz was a no show and he was not told anything further by the court.

He thought the experience was behind him. Except he was then arrested *seven years later* in Pennsylvania, in late 2015 and held pending extradition to Florida. He was kept in the prison system for 1 month and transported by a hellish 10-day van ride down to Tampa, FL.

When he got there, he had to bail out. When he returned for a hearing in December 2015, the case was dismissed because Hertz did not have any evidence against him.

Hertz did not respond to a request for a tolling agreement, so he filed a lawsuit in Florida which has not yet been served.

**Damages: Spent one month in prison, and 10 days in hellish van ride to Florida. Was prosecuted for months in Florida. Also had to pay bail of $1,000, and $2,500 for a lawyer in Florida. He lost around $6,000 in wages.**

**Demand: $5 million.**

## 8.  ARTHUR STEPANYAN

**Date:** March 2019 to late 2019

**Location:** Charlotte, NC

**Summary:** The case was nolle prossed.

Mr. Stepanyan was a Gold Club Member at the Charlotte, NC Airport location and had rented there many, many times. He was known to the employees who staffed the Hertz VIP lounge, including a woman named Jordetta. If there was ever a problem with his rental, they simply called him. His charge card was on file.

In March 2019, he rented a Silver Dodge Ram. He then brought it back after a day or two, and decided to exchange it for another vehicle. However, after looking around, Hertz convinced him to re-rent the same Silver Dodge Ram. Hertz did the paperwork, he was checked out at the booth, and he went on his way.

As far as he knew his rental proceeded normally. On August 5, 2019, he noticed a police car following him, he thought because of a seat belt violation. By the time he got to his house, there was a full squadron of more than 10 police cars cornering him. He was ordered out of the car at gun point in front of his neighbors, screamed at, and cuffed.

The police repeatedly accused him of stealing the car, which shocked him. The police said the car itself had been reported stolen, but that Stepanyan's name wasn't on the report. He pleaded with them to look at his rental paperwork. Mr. Stepanyan also gave the police the phone number of the Hertz VIP associate at the Charlotte Airport Hertz location, Jordetta. When they called, she hung up when they explained the situation. The police called back from multiple numbers but she did not pick up.

When the police finally got in touch with Hertz corporate, they were told to proceed with the arrest. Stepanyan then spent 24 miserable hours in a freezing jail cell. The cuffs had been so tight on his hands that he now has permanent nerve damage and his thumb feels like a piece of plastic.

Subsequently, Mr. Stepanyan was prosecuted for months. It was later learned that when Mr. Stepanyan returned the Silver Dodge Ram, Hertz checked it back into the system. However, when he rented it again a few minutes later, instead of recording a rental of the Dodge Ram, Hertz employees inexplicably listed him as having rented a F150.

When the Hertz employees at the Charlotte location could not find the Silver Dodge Ram, they then reported it stolen despite having no information it was stolen. They did not even call the last known renter, Mr. Stepanyan, to determine if he had the car before filing the police report.

When Stepanyan talked to multiple location and corporate security managers (David Nipper and Tim Burrell), he was outrageously lied to by each one and told they could not withdraw the false police report or stop the prosecution. After many months the charges were dropped, with the prosecution stating: "Victim/business does not want to cooperate."

Mr. Stepanyan was jailed, permanently injured, lost business, has been severely damaged emotionally and mentally, and does not feel as if he can continue living in a neighborhood that thinks he stole a car.

**Damages: Jailed overnight, prosecuted, physically injured, lost business, loss of reputation.**

**Demand: $3 million**

9.  ## HOWARD JUNIOUS

**Date:** January 2018 to Nov./Dec. 2018

**Location:** Bakersfield, CA

**Summary:** The case was nolle prossed.

Mr. Junious's insurance company rented him a car in early 2018, and he then took over the rental payments a few weeks into the rental. When he took over the rental payments, he told Hertz it was for an indefinite period. The employees indicated this was fine, since he had provided a credit card. He spoke with Hertz during the rental, and Hertz placed authorization holds on his card throughout the rental. Hertz also charged, and he paid, $1,375.94 for the rental.

Hertz then reported his rental stolen, and falsely told the police that he had never paid for it or spoke with the company. He was then held for 2 months in jail. One month into his jail stint, a Hertz employee falsely testified under oath at a preliminary hearing that Junious had not paid for the rental.

Junious was told to take a plea repeatedly, which he refused. Shortly before the trial in November 2018, Hertz obliviously submitted a restitution request to the prosecutors which admitted that Junious had in fact made a $1,375.94 payment for the rental. Shortly later, the prosecution then dropped the case.

**Damages: Spent two months in prison and was prosecuted for several more months.**

**Demand: $7.5 million**

## 10.  Hanna Ayoub

**Date:** 2019

**Location:** Accused in Wilmington (arrested and prosecuted in NJ, and prosecuted in New Castle, DE)

**Summary:** Both prosecutions in NJ and DE were nolle prossed.

Mr. Ayoub regular rented vehicles with Hertz and was getting Gold Plus Rewards with the company. He rented a truck from the Wilmington Amtrak Station location in April 2019. Every week, like clockwork, he extended the rental until late May 2019 (April 15, April 22, April 29, May 6, May 13, May 20, and May 28). He has phone records showing weekly rental extensions, bank records showing his authorization holds, bank records showing his payment, and numerous Hertz rental documents supporting his rental.

During the rental Ayoub was contacted by a Hertz investigator who said that the rental was overdue—despite the fact that Mr. Ayoub was in weekly contact with Hertz extending the rental. Mr. Ayoub confirmed with the Wilmington location, corporate, and the investigator that he was authorized to have the rental. He then extended the rental several more times with Hertz corporate in May 2019, without issue. He was charged and paid $2,309.44 for the rental.

Unbeknownst to him, Hertz filed a theft report against him which claimed that the rental was due April 16, 2019. It also falsely claimed that Ayoub had ceased contact with Hertz in early May 2019. It outrageously omitted that Ayoub had verified with Hertz's investigator that Ayoub was authorized to have the rental in early May, and that he had extended the rental through late May 2019.

Ayoub, not knowing Hertz has filed a false police report, was then arrested in New Jersey and held in jail in June 2019. He was prosecuted in New Jersey and Delaware. However, when the New Jersey and Delaware prosecutor were shown the evidence that Ayoub was innocent, they immediately dismissed all charges.

**Damages: Arrested and imprisoned for a short time in NJ. Prosecuted in two states.**

**Demand: $1.5 million**

## 11. LAKETA COLLINS

**Date:** 2018-2019

**Location**: Rented from Clearwater, FL

**Summary:** Case was nolle prossed.

The insurance company started the rental for her in July 2018 and extended it once. Then she took over the rental and extended it. What she did not know was that Hertz never recorded the extensions, *even from the insurance company*.

She called Hertz Roadside to pick up the rental in August 2018. They gave her a claim number and the next day the car was picked up in late August 2018, so she thought everything was fine (in fact, the police had recovered it). No one ever told her the car was reported stolen. She paid $2,300 on August 29, 2018.

Ridiculously, Hertz filed the report against her 5 months later in January 2019. She was arrested on Valentine's Day 2019, six months after the rental. She was kept overnight in the jail, away from her two children.

**Damages: She spent several hours in jail, had to bond out, and overall went through hell.**

**Demand: $1.75 million.**

12. MICHELLE JOHNSON

Date: Arrested in 2019, cased dismissed in Jan. 2020

**Location:** Rented and Arrested in Indiana

**Summary:** Her case was nolle prossed.

She was visiting from California, taking care of her invalid mother. She had been renting cars for about a year with Thrifty, with many different rentals. In December 2018 she rented a car from the Thrifty in Indianapolis, through Hotwire.

She spoke with Hertz throughout the rental, but was suddenly hit on 2/13 with a charge for $3,578.20. This was a huge overcharge. She called Thrifty to complain, and was told her complaint was being "escalated."

Then, over the next several months, she was told by Thrifty personnel that she should not return the car because it would make it hard to "close out" her rental and impossible to give her a credit. She was utterly confused, because this was unlike all her prior rentals: however, she followed their directions over the next several months.

Without telling her the car was being reported stolen, Hertz had her arrested in July 2019 and said that she had stolen the car in January 2019. She was taken to jail, and then prosecuted until January 2020 when the case was dismissed. Her life was destroyed because of this, including a foreclosure and loss of her home.

**Damages: She was arrested, and prosecuted for half a year. Her life in California and Indiana were destroyed because of Hertz's actions.**

**Demand: $3 million.**

13. **BRIAN STEINBERG**

**Date**: February/March 2018

**Location**: Henderson, NV

**Summary:** He was detained for several hours before being cleared by the police.

Mr. Steinberg was on vacation in Las Vegas and rented a car from Hertz on March 2, 2018. He stopped at the Flamingo for 30 minutes and when he came back to his car, he was detained, interrogated, and searched for 2 hours by police who said it was stolen.

Apparently, Hertz had reported car stolen in Henderson, NV, on February 26, 2018, along with several other cars. The car was input into the NCIC.

On March 2, 2018, Hertz obliviously rented the "stolen" car to Steinberg from the Henderson location.

**Damages: He was detained for several hours and his two week prepaid vacation ruined.**

**Demand:** $750,000

14. ANTWONE PERSON

**Date**: 2019

**Location**: Chicago, IL

**Summary**: He was detained and held at a jail for several hours. A case may be pending against him.

Mr. Person rented a vehicle on April 29, 2019, with an initial due date of June 6, 2019. He extended the rental.

Yet, on June 10, 2019, Hertz reported it stolen and told the police that he had rented the vehicle on April 17, and was supposed to return it on April 30, 2019. This bore no relation to reality, as he did not even start renting the car until April 29, 2019.

Mr. Person was pulled over and detained at gun point on June 14, 2019. He was arrested, and was taken to the police station. He gave the police his rental documents. He was then released but told nothing about why he was being released.

**Damages: He was detained and arrested, spending several hours in jail. He is in limbo, wondering if he is going to be prosecuted.**

**Demand: Any prosecution must be withdrawn. His demand is $1.5 million.**

## 15. MICHAEL AND AMANDA KOSS

**Date**: 2013 to present

**Location**: Seattle, WA and Oklahoma City, OK

**Summary**: The cases against them are still pending.

They rented a car from the Seattle Tacoma Airport. They were moving from Washington to Oklahoma City to be near family. He is a retired Marine and contractor who did 4 tours in Iraq and Afghanistan, and regularly rented with Hertz for many years. When the Kosses rented the car at the Sea-Tac location the power was out, so they filled out paper forms.

As he had done dozens of times Mr. Koss gave Hertz his credit card and told them it was a long-term rental. The Hertz employee said "let's do an open ended rental."

A couple months later in OKC, Mr. Koss pulled into his father's house for dinner. A police officer had followed him and asked if the car was his, and he said it was a rental. The officer then arrested him on the spot without warning. When his wife Amanda said they had a rental contract and she was also arrested. Because he is a retired marine who owned guns the police then said he had used a gun in the commission of a felony. It was like a nightmare they could not wake up from.

All of this played out in front of neighbors from his childhood, and his sick father, for several hours. His grandmother arrived in the middle of the fiasco. They were taken to jail overnight and spent a hellish 12 hours there, forced to stand the whole time, before bonding out. When they went for their arraignments several times, their names were never called by the court.

The cases still remain pending and have never been dismissed.

To this day, these pending charges still show up on their background checks, preventing them from finding better employment. He previously had tremendous earning potential and contacts, which Hertz's false accusation ruined. He lost approximately $100,000 a year in earnings because of Hertz. In addition, his entire neighborhood thinks he stole a car, his wife's family thinks he's a car thief, and his grandmother died refusing to believe his denials.

This false report utterly ruined their lives.

**Damages: They were held in prison overnight, humiliated, and are currently being prosecuted. They were arrested in front of their neighbors and family, who all believed they stole a car. Michael's grandmother died not believing his denials. They cannot move or get new jobs because these charges remain pending and they constantly worried they will be arrested.**

**Demand: Recant and cooperate in withdrawing the charges. Their demand is $5 million.**

16. **Cheryl Young**

**Date**: May 2018 to January 2020

**Location**: Manteca, California

**Summary**: The case was nolle prossed.

Ms. Young rented a car in May 2019 from Hertz, and gave them a valid Mastercard. For the first three weeks she extended with the location, and even went in because she wanted to exchange a vehicle—which she ultimately decided not to do. After the first three weeks she then started extending with the 1800 number.

She then got a call from a woman named Carey Wells, who said she was from the recovery unit. Young informed Wells that the rental had been extended and had a return date. Wells told her to return the car anyway, which Young did in August 2018. Wells verified the car had been returned.

Outrageously, despite doing exactly what Hertz said, and paying her bill (including getting a refund for overpayment), Hertz reported Young for car theft in San Joaquin County on September 13, 2018.

When applying for jobs, she found out that there was a pending case against her in 2019. She turned herself in. She was then prosecuted for several months until the case was finally dropped.

Bizarrely, when she texted a Hertz number in November 2019 during her prosecution, they verified she had returned the car on August 10, 2018. Yet, when she asked for help getting the criminal case dropped, the Hertz employee responded "I have nothing to do with that" and that Young should "Google OKC."

Besides being put through hell by Hertz, which clearly did not care about the false report, she was also rejected from multiple jobs. Ms. Young works as an administrator in healthcare.

**Damages: She was prosecuted and rejected from multiple jobs.**

**Demand: $2 million**

17. **NANCY CULLEN-SMITS AND RYAN SMITS**

**Date**: 2017

**Location**: Virginia

**Summary**: They were detained for several hours after being treated like car thieves.

They were detained and then let go when the police determined the report was "unfounded." Civil lawsuits have been filed.

Ms. Cullen-Smits regularly rents cars for her job as a pharmaceutical sales rep. She therefore rented a car from the Hertz location in Fredericksburg, VA in September 2017.

On November 22, 2017, the day before Thanksgiving, she was driving with her son Ryan when police cars pulled them over. The police then accused them of having a stolen car, and detained them. According to the officer, Hertz had reported the car stolen on November 3, 2017.

Inexcusably, Hertz's records showed that the last location of the car was at the Ronald Reagan International Airport branch. According to Hertz the car had never been at the Fredericksburg location where it was actually rented to Cullen-Smits months earlier. When Hertz could not find the lost inventory, employees reported the car stolen despite not having any idea whether it was stolen, and without checking whether it had been rented to another customer.

Cullen-Smits and her son were detained in the cold, stripped of the rental car, forced to clean out all her work material and belongings like she was a criminal, and made to wait hours for a ride to pick them up.

Mr. Cullen-Smits emailed Hertz's CEO, Kathryn Marinello, but was shunted off to customer service personnel, who treated what her and her son had been through as a minor problem. Eventually, they had no choice but to file suits in Virginia, which are currently pending but have not yet been served.

**Damages: They were detained for several hours, Thanksgiving was ruined, and they were treated like criminals.**

**Demand: $1.5 million.**

### 18. JAMES AND STEPHANIE KEENE

**Date**: August 2019

**Location**: Clearwater, FL

**Summary**: He was detained at gun point, until finally cleared by the police.

Mr. Keene's insurance company rented him a car from the Clearwater Hertz on a Tuesday night in August 2019. On Wednesday morning Mr. Keene took the car to work. On the way back from work, Mr. Keene was dropping an employee off at her apartment and was on Facetime with his wife, Stephanie.

As he pulled into the apartment complex, multiple police officers pulled him over with guns out. His wife drove to where he was and watched as her husband was detained. The police accused him of stealing the car. He insisted that he had just rented the car the day before and that was impossible. He gave them his rental paperwork.

He was detained for over 1.5 hours while the police were on the phone with Hertz. Eventually the police let him go, as it was clear he did not steal the car. It was later learned a car with that license plate was reported stolen by Hertz out of Jacksonville, FL *before* Mr. Keene even rented the car, one year prior. Hertz then obliviously transferred the license plate to a new car, unaware they had reported the plate stolen.

Following this experience, the Keenes tried to contact a district manager but could not get a hold of anyone. They then got a customer service call asking them if they were satisfied with their rental. They said they were furious.

They then spoke with a manager at the Clearwater location who said that this happens because the corporate and local computer systems do not talk to each other and are separated.

**Damages: Mr. Keene was detained for several hours, terrified, in front of his wife and employee.**

**Demand: $1 million**

19. **BARBARA FERNANDEZ**

**Date**: 2017 to 2020

**Location**: Gainesville and Miami, FL

**Summary**: Her case was nolle prossed.

Ms. Fernandez and her husband rented a car from the Gainesville, FL Hertz in February 2017 because they were moving to Miami. They told the employees it would be a long-term rental, provided a valid credit card, and they gave the employees the address of the hotel they were staying at in Miami. There was no problem with any of this.

She called every week to extend the rental. When she extended, an authorization hold would appear on her card. On May 1, 2017, she paid Hertz $2,304.73. After the payment she continued to extend the rental with Hertz, and arranged to return the rental in mid-June 2017 in Miami.

Then, without warning on June 6, 2017, a tow truck tried to take the rental. Ms. Fernandez demanded the police be called, and to her surprise she was told the car was reported stolen. Hertz had told the police Ms. Fernandez had not paid for the rental or extended it. Barbara then showed her continuing rental payments to the police, who let her go and told her that it was illegal for Hertz to have reported the car stolen.

Unknown to her, Hertz then secured charges against her *after* the Miami police had cleared her. In 2019, her daughter was pulled over by police and told her that the car's owner, Barbara, had a warrant out for her arrest for car theft. Barbara and her husband could not believe this had not been resolved years ago, and trekked to Gainesville expecting to be told this was a mistake. Instead Barbara spent a terrifying night in a jail cell, while her husband waited nervously for 13 hours in the parking lot wondering what was happening.

She was then prosecuted until January 2020, right up until her trial was supposed to begin. She was told that she was going to go to jail and should plead guilty. She refused, but was terrified that she was facing real jail time. Then, without explanation, the prosecutors dismissed the case.

**Damages: She was detained once and cleared in 2017, and then arrested and held overnight in a jail cell two years after her rental in 2019. She was then prosecuted for half a year and threatened with jail time and a serious criminal record, before the case was mysteriously dropped. This caused her and her family untold pain and suffering.**

**Demand: $2.5 million**

20. MICHELLE JONES

**Date**: 2009

**Location**: Georgia

**Summary**: Ms. Jones was forced to plead no contest by Hertz. This still remains on her record.

In March 2009, she rented a car for three weeks. After three weeks, she converted the rental to a monthly rental, and extended it two additional times. She returned the rental in June 2009, after three months, and paid $2,123.27.

Unbeknownst to her, Hertz reported her for car theft in June 2009 telling the police she had stolen the vehicle. She was arrested and jailed in three different lockups over 5 days. She was then prosecuted for several months.

She had no idea what was going on, but was told by a public defender that if she didn't plead no contest to the allegations that she could be imprisoned again. Confused and terrified she was forced to plead no contest.

The entire ordeal was humiliating, degrading, and has had a lasting emotional and mental impact—not to mention gave her a criminal record.

It was only in 2019 that, upon seeing news reports about Hertz's conduct, she realized that she was one of many victims, and that she had to step forward to make sure this did not happen to other people.

**Damages: She was held in jail for 5 days, prosecuted, and forced to plead no contest to a crime she did not commit.**

**Demand: Hertz must recant its accusations and make all efforts to vacate her plea. Her demand is $1 million.**

\*\*\*\*\*

# ADDENDUM III

## NEWS COVERAGE DOCUMENTING
## HERTZ VICTIMS AND CONDUCT

**Hertz has a pattern of mistakenly reporting cars stolen leaving customers arrested, attorney says**

**Source:** https://www.abcactionnews.com/news/local-news/i-team-investigates/hertz-has-a-pattern-of-mistakenly-reporting-cars-stolen-leaving-customers-arrested-attorney-says

**Date:** May 2019

---

**Hertz Customers Detained and Arrested After Rental Vehicles Mistakenly Reported Stolen**

**Source:**     https://www.news5cleveland.com/news/local-news/investigations/hertz-customers-detained-arrested-after-rental-vehicles-mistakenly-reported-stolen

**Date:** May 2019

---

**Investigation: Hertz customers arrested after rental vehicles mistakenly reported stolen**

**Source:** https://6abc.com/business/hertz-customers-arrested-after-vehicles-mistakenly-reported-stolen/3487977/

**Date:** May 2018

---

**People Are Being Arrested and Jailed Due to Hertz Erroneously Reporting Rental Cars Stolen: Report**

**Source:** https://www.thedrive.com/news/27976/people-are-being-arrested-and-jailed-due-to-hertz-erroneously-reporting-rental-cars-stolen-report

**Date:** May 2019

---

**A Hertz Customer Rented Her Car Legitimately. Then She Was Confronted By Police**
Lawyers say Hertz has a computer glitch that falsely marks cars as stolen. Hertz says something very different. For any business, it's really not a good idea to get a customer arrested.

**Source:** https://www.inc.com/chris-matyszczyk/hertz-customers-are-being-arrested-even-though-theyre-legitimate-renters.html

**Date**: May 2019

---

**People Are Being Arrested After Hertz Keeps Mistakenly Reporting Cars Stolen**

**Source:** https://www.powernationtv.com/post/people-are-being-arrested-after-hertz-keeps-mistakenly-reporting-cars-stolen

**Date**: May 2019

---

**Hertz Falsely Reported Rental Vehicles Stolen, Ordered To Compensate Arrested Customers**

**Source:** https://www.ibtimes.com/hertz-falsely-reported-rental-vehicles-stolen-ordered-compensate-arrested-customers-2682108

**Date**: May 2018

*****

| | |
|---|---|
| **From:** | Francis Alexander Malofiy |
| **To:** | AJ Fluehr; command4 |
| **Cc:** | Francis Alexander Malofiy |
| **Subject:** | FW: *** HERTZ DEMAND LETTER - VICTIMS (No. 1 - 23) *** |
| **Date:** | Friday, February 14, 2020 1:55:26 PM |
| **Attachments:** | DEMAND LETTER - HERTZ VICTIMS (No. 1 - 23).pdf |
| | ATT00001.htm |

**From:** Jay Edelstein [mailto:JEdelstein@edelsteinlaw.com]
**Sent:** Friday, February 14, 2020 1:19 PM
**To:** Clark Dubin <cdubin@hertz.com>
**Cc:** rmcevily@hertz.com; Adam Schloss <aschloss@hertz.com>; cmorales@hertz.com; Francis Alexander Malofiy <francis@francisalexander.com>
**Subject:** Fwd: *** HERTZ DEMAND LETTER - VICTIMS (No. 1 - 23) ***

Make sure you view the video. We need to confirm internally these allegations. As you see from the video his angle is clear..

Sent from my iPhone

Begin forwarded message:

> **From:** Francis Alexander Malofiy <francis@francisalexander.com>
> **Date:** February 13, 2020 at 5:04:57 PM EST
> **To:** Jay Edelstein <JEdelstein@edelsteinlaw.com>, Clark Dubin <cdubin@hertz.com>, "Christopher P. Morales" <CMorales@hertz.com>, "rmcevily@hertz.com" <RMcEvily@hertz.com>, "kvmarinello@hertz.com" <kvmarinello@hertz.com>, "dave.galainena@hertz.com" <dave.galainena@hertz.com>
> **Cc:** Francis Alexander Malofiy <francis@francisalexander.com>, AJ Fluehr <aj@francisalexander.com>
> **Subject: RE:  *** HERTZ DEMAND LETTER - VICTIMS (No. 1 - 23) *****
>
>
> Dear Jay,
>
> This is not going to work. Why would I give you 30 days to address 23 client demands, when you could not even address a single one over the last six months? I even gave you Hertz's own rental data exonerating Shontrell Higgs while she rotted in prison, and **_Hertz did absolutely nothing with it!_**
>
> People are being thrown in jail and arrested at gun point. This is happening as we speak. Hertz needs to act immediately. For Hertz, this needs to be an all hands on deck, crisis management moment. I guarantee that if you continue to ignore 23 client demands, then the fall out is going to be far worse than anything they can imagine.
>
> I suggest you read my demand letter again **_and watch the video_**.
>
> I sent you 9 client demands **_half a year ago_**. Since then you and your client have

shockingly done **_nothing_**!

- Hertz has never put a number on a single case,
- Hertz has never entered into any tolling agreement
- Hertz has never recanted a single false police report—while my clients remanded in jail and were prosecuted, and more people have been arrested.

In stark contrast, Hertz is quick to pull the trigger when throwing someone in jail. The company does not even stop to verify if the information they're giving to the police is remotely correct.

Regrettably, I do not think that you have the capability to properly address the magnitude of this scandal; nor do I think that your client is aware of the legal, financial, and other jeopardies they are facing. You and your client are walking off of a cliff, while ignoring the lifeline I have already extended them.

We reject any extension of 30 days. I reiterate that we need a formal written response by Hertz and Ms. Marinello by Tuesday, February 18, 2020 on how they desire to address the issues and proceed. Further, we require a meeting with Hertz's corporate officers by Monday, February 24, 2020. If this is not possible, then you have been so warned.

To the extent that there is any flexibility in the above timeline, Hertz can make a showing of sincerity and willingness to cooperate by setting aside $10 million in a trust account for the purpose of resolving these claims. Absent this small token, there is little left to discuss. However, this would be a start.

Without these assurances and signs of good faith, then I will proceed with my plans.

Jay, let's be clear, the difference between me and the rest of the world, is that when I say I'm going to do something: I do it. And, when I give you my word, it means something. The same can't be said for Hertz and because of this your words and Hertz words have little meaning to me. I demand action; not words.


*****

With every good wish, I am,

Francis Malofiy, Esquire
Francis Alexander, LLC
280 N. Providence Road | Suite 1
Media, PA 19063
T: (215) 500-1000
F: (215) 500-1005
E: francis@francisalexander.com


■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

**From:** Jay Edelstein [mailto:JEdelstein@edelsteinlaw.com]
**Sent:** Thursday, February 13, 2020 12:36 PM

**To:** Francis Alexander Malofiy <francis@francisalexander.com>
**Subject:** Hertz Demand Letter

Francis,

   Good afternoon.. I am acknowledging your recent demand letter adding an additional 11 claims to your list. .I have spoken to my client in some detail and rest assured they are doing their due diligence to quickly obtain pertinent information on each claim so that they may evaluate....I'm of the opinion that this should take approximately thirty (30) days at which time I will reach out to you again to discuss.. I am available you 24/7 to discuss these matters and look forward to a follow up meeting....If you have any questions please advise...

**From:** Francis Alexander Malofiy
**Sent:** Thursday, February 13, 2020 3:41 AM
**To:** Jay Edelstein <JEdelstein@edelsteinlaw.com>; Clark Dubin <cdubin@hertz.com>; Christopher P. Morales <CMorales@hertz.com>; rmcevily@hertz.com; kvmarinello@hertz.com; dave.galainena@hertz.com
**Cc:** Francis Alexander Malofiy <francis@francisalexander.com>; AJ Fluehr <aj@francisalexander.com>
**Subject:** RE: *** HERTZ DEMAND LETTER - VICTIMS (No. 1 - 23) ***

Dear Ms. Marinello and Counsel:

For several years now I have been warning Hertz—after winning a jury trial against it in 2017 for malicious prosecution, and settling two other cases—that the company has been systematically filing false police reports against innocent customers across the nation. The problem is now a major public safety crisis. I have attached demands from **23 clients** victimized by Hertz. The falsely accused come from all walks of life, but are **overwhelmingly** blacks and minorities. The signal this sends to your customers, and the public, is that you don't think Black Lives Matter.

Given the number of people who have approached me, six months ago I submitted to your company a list of clients detailing how they had been wrongfully detained, jailed, and prosecuted. These customers had paid, extended, and even returned their rentals. Since then, more customers have come forward. Instead of taking this alarming problem seriously, their complaints were treated as a low-level concern.

My clients are tired of having their polite entreaties fall on deaf ears. **They are making one last plea, on video, for someone within Hertz to do the right thing**: https://bit.ly/37mvaZ1. A draft complaint for Nicole Stevens is enclosed (https://bit.ly/2Hk9eTP) and will be filed before the end of the month.

If you think you can continue to ignore this problem, you have made a grave miscalculation. No jury will turn a blind-eye to a corporation which decided that cutting costs to increase profits was acceptable—when it is being done with reckless indifference to the human lives Hertz is harming. A company worth $2.5 billion that

generates $10 billion in revenue cannot afford serial punitive damages verdicts against its reputation and goodwill.

That said, my goal is to come to an amicable resolution so we can fairly compensate my clients and protect your customers. Nothing that my clients are requesting is unreasonable. For peace to be brokered we need to address the following: (1) the points in the attached Addendum to ensure the safety of Hertz's customers, and (2) how to justly address my clients' injuries. I need a written response by Tuesday, February 18th and an in-person meeting with Hertz's corporate officers no later than Monday, February 24, 2020. If Hertz does not timely address these issues which have been plaguing the company, then my firm will be forced to start filing the lawsuits through local counsel.

Kathryn, tell me how we fix this; tell me how we make this right. The time has come to bridge our division and make sure that more customers do not have their lives destroyed.

Your move.

*****

With every good wish, I am,

Francis Malofiy, Esquire
Francis Alexander, LLC
280 N. Providence Road | Suite 1
Media, PA 19063
T: (215) 500-1000
F: (215) 500-1005
E: francis@francisalexander.com

**From:** Jay Edelstein [mailto:JEdelstein@edelsteinlaw.com]
**Sent:** Thursday, December 05, 2019 3:10 PM
**To:** Clark Dubin <cdubin@hertz.com>; Francis Alexander Malofiy <francis@francisalexander.com>; Christopher P. Morales <CMorales@hertz.com>; rmcevily@hertz.com
**Subject:** Fwd: HERTZ - RE: Brent Williams v. Hertz our file 840.040

FYI. Great meeting you and thanks for the loyalty. It's a pleasure doing Hertz work and has been for some time. Happy Holidays.

Sent from my iPhone

Begin forwarded message:

> **From:** Francis Alexander Malofiy <francis@francisalexander.com>
> **Date:** December 5, 2019 at 3:07:57 PM EST
> **To:** Jay Edelstein <JEdelstein@edelsteinlaw.com>

**Cc:** Francis Alexander Malofiy <francis@francisalexander.com>
**Subject: HERTZ - RE: Brent Williams v. Hertz our file 840.040**

Dear Jay,

If you're at Hertz today, do me the favor and give me a call.

I've done everything in my power to attempt to negotiate these cases in good faith but it's time to have real discussions.

My clients have decided that they would rather file their cases and share the horrors of their stories with the press.

I cannot hold my clients off any longer nor do I think Hertz is treating this seriously because: 1) there have been no real settlement negotiations and no numbers have been discussed; 2) no tolling agreements have been entered into.

As a result, and as I shared with you, and as you understood, it would be necessary for me to file complaints in those actions absent tolling agreements—and this is exactly what I had to do.

The longer Hertz delays, the louder the cacophony of disaster will sound.

I am leaving on Tuesday, December 10, 2019 and will spend roughly two weeks on the road, meeting my Hertz clients who want to share their stories with the press to keep this from happening to more customers. Some of my clients are sitting in jail. I can assure you—as I have in the past—that no one is fluffing.

If Hertz wants to continue treating this a low level concern; perhaps they will feel more comforted battling me and my clients not only in the court of law but also in the press. As you and Hertz are well aware, there have been serious failures in corporate responsibility within the corporation—at the highest levels including the CEO and corporate board. A company which fails to follow their own standard operating procedures, refuses to fix broken computer systems, cuts out corporate security managers because they cost too much, and routinely throws good paying customers in jail—because of corporate greed and lack of corporate responsibility—is the exact reason why other corporations have imploded in recent years.

Hertz knows of its failures and refuses to fix or address them; as a result they are throwing good people in jail—this is the epitome of a corporate culture which shows a reckless indifference to the rights of others. Hertz will lose both the legal cases and in the court of public opinion, leading to

another avalanche of clients hiring me to seek redress of their harms.

Perhaps there can be an amicable resolution to this before bad situation turns into ugly. I demand a sit down with the top corporate officers of Hertz to discuss the issues, present my cases, with the intent and purpose to resolve the ongoing problems and negotiate in good faith to resolve my clients' tragedies.

This meeting needs to occur before the end of the year.

Please share this communication with your client.


\*\*\*\*\*
With every good wish, I am,

Francis Malofiy, Esquire
Francis Alexander, LLC
280 N. Providence Road | Suite 1
Media, PA 19063
T: (215) 500-1000
F: (215) 500-1005
E: <u>francis@francisalexander.com</u>

# ATTACHMENT O



# HERTZ IMPROPERLY DESTROYS ITS RECORDS

**SOP:**       W1-06: [LEGL-3.1] – <u>Records Retention Policy</u>

W1-06(E)(2) – <u>Issuance of a Litigation Hold Due to Anticipated or Actual Governmental Investigations, Subpoenas, or Civil Litigation</u>

Destruction of Records in contemplation of governmental investigations or civil litigation is illegal in most jurisdictions and can potentially expose the Company to severe sanctions and the affected employees to criminal penalties including imprisonment. Beyond that, some jurisdictions, including the United States, require the Company to take the appropriate measures to preserve any and all Records in connection with the subject matter of the investigation or litigation (hereinafter "Relevant Records") as soon as such proceedings can reasonably be expected.

Destruction, disposal, alteration, mutilation or concealment of any Relevant Records is strictly prohibited once notification of a Litigation Hold has been provided. The issuance of a Litigation Hold automatically suspends the Records Retention Schedule for Records subject to the Litigation Hold. If there are questions, do not discard. Any questions regarding whether a Record relates to (1) any relevant government investigation, inquiry, litigation, or subpoena; or (2) any such investigation, inquiry, or litigation that is threatened or anticipated, should be directed to the Legal Department.

No Records in question may be destroyed or discarded until after such question is answered.

**SCOPE:**       This Worldwide Procedure applies to all Divisions and Subsidiaries of the Hertz Corporation.

**COMPLIANCE:**   Hertz Legal Department

**OWNER:**       Executive   Vice   President   and   General   Counsel

## I.   INTRODUCTION

The preparation of a theft package for delivery to the police triggers a duty on Hertz to preserve all relevant documents, data, voice recordings, and any other potentially incriminatory or

exculpatory evidence. This "duty to preserve" is well-established in the law and detailed in Hertz policy W1-06(E)(2) [LEGL-3.1] which, unfortunately, is routinely violated by Hertz. Hertz has admitted that various files, voice recordings, contract notes, and phone records of customers are purged from its system without regard for the fact that a case may go to suit and has been reported to the police as a crime. To purge information which could save an innocent person from being prosecuted and imprisoned is, at best, improper.

Hertz's conduct in connection with this policy resulted in censure in the *Grady* case, where the court granted spoliation sanctions against Hertz after Hertz admitted that it had destroyed Ms. Grady's file. Note that Hertz admitted in its April 9 phone call with us that no litigation hold had been placed on relevant bank records, phone records, and voice recordings. Under applicable law and Hertz's own record retention policy, Hertz had a duty to preserve all such records. Given this conduct, the same spoliation sanctions granted in *Grady* will likely be granted in each of the 21 matters we are currently handling.

## II. IT IS ILLEGAL AND AGAINST HERTZ POLICY TO DESTROY RELEVANT DOCUMENTS AND RECORDS IN CONTEMPLATION OF GOVERNMENTAL INVESTIGATION

Hertz policy W1-06(E)(2) [LEGL-3.1] provides that destroying records in contemplation of governmental action is illegal. This means that the moment Hertz begins compiling a theft package, it has a duty to preserve all records that bear upon the matter at hand. There exists factual evidence that Hertz knowingly violated and violates this policy.

**First**, Hertz's own record retention policy proscribes the destruction of records once a governmental investigation is contemplated. The policy then goes on to state: "Destruction, disposal, alteration, mutilation or concealment of any Relevant Records is strictly prohibited once notification of a Litigation Hold has been provided." (*See* W1-06(E)(2) [LEGL-3.1]).

**Second**, according to state law and the Restatement (Second) of Torts, Hertz has a continuing duty to withdraw any police action that it learns lacks probable cause.[1] Further, Hertz is required to supplement theft reports with information that exonerates the accused or that contradicts information provided to police in the theft report. The fact that Hertz destroys this information instead of providing it to police further aggravates Hertz's inappropriate treatment of relevant records in cases where it has accused a renter of theft.

**Third**, Hertz corporate security designee Richard Livingston testified in *Grady* that Hertz has a seven-year retention policy for criminal prosecutions. *See* Exhibit 3 - Livingston Deposition, at pp. 78-79. We request that the retention schedule identified in Bates No. 1610 be provided.

---

[1] For 117 years it has been the law of Pennsylvania that malicious prosecution lies not only when criminal proceedings are initiated without probable cause, but also when they are continued without probable cause. Wenger v. Philips, 195 Pa. 214, 45 A. 927 (1900); Zamos v. Stroud, 87 P. 3d 802 (Cal. 2004) ("[S]o far as our research reveals, the rule in every other state [including Pennsylvania] that has addressed the question is, and in many states has long been, that the tort of malicious prosecution does include continuing to prosecute a lawsuit discovered to lack probable cause."); Arquette v. State, 290 P. 3d 493, FN12 (Haw. 2012) (accord); Shannahan v. Gigray, 962 P. 2d 1048, 1052 (Idaho 1998) ("This Court has held that probable cause must be present when a proceeding is initiated, and it must be present in order to continue the proceeding."); *see also* Restatement (Second) of Torts § 674.

### III. HERTZ HAS ADMITTED DESTROYING RECORDS IN THE 21 CASES CURRENTLY BEING ADDRESSED

Hertz claims that rental notes, recordings, and records for all 21 matters that we are currently discussing were destroyed within 90 days to six months after the renter's account was closed. Notably, these rental notes and recordings are the best evidence of the renter's contacts and extensions with Hertz and are indispensable.

That Hertz claims it destroyed these records after initiating criminal prosecution is without any justification—especially since Hertz has been on notice for years that it has been making materially inaccurate police reports for years.

Furthermore, in some cases we contacted Hertz within six months of the rental, such as for Shontrell Higgs. The fact that Hertz destroyed these records provides additional evidence that Hertz acted with a motivation other than to destroy files in the ordinary course: there is no justification why Higgs's— or any other criminally-accused renter's—records should have been deleted.

It appears to us that, at a minimum, Hertz's failures in this category will lead to serious civil spoliation sanctions.

### IV. THE COURT GRANTED SPOLIATION SANCTIONS AGAINST HERTZ IN *GRADY* FOR ITS FAILURE TO PRESERVE GRADY'S RENTAL RECORDS; THESE CASES ARE NO DIFFERENT

In the *Grady* case, when the plaintiff requested production of her rental information to prove that she had been contacting Hertz and extending her rental contract, Hertz failed to produce any information.

Hertz designee Joseph Jaussi admitted in testimony that Hertz purged and destroyed Grady's rental file, despite her being reported for car theft.

| | |
|---|---|
| COUNSEL: | So you're telling me, as you sit here today, you're speaking, just so you know, as Hertz's voice. You're the corporate designee, the person most knowledgeable from Hertz to testify as to certain things. You've been identified as someone to speak to and you've identified that there was and an email, that you, as general manager, sent to Oklahoma City billing to determine whether or not the 2500 on 7/15 was a final bill, partial payment, full payment or what it is, correct? |
| JAUSSI: | Correct. |
| COUNSEL: | And as you sit here today, you're telling me that you personally do not know whether or not that payment was a final payment, or that payment was authorized, or that payment cleared, or that payment was a partial payment or a full payment, correct? |

JAUSSI:     Correct. All they stated from my recollection is that it was *purged*. It's been *purged*. There's no further information that could be provided because *that contract has been purged*.

*See* Exhibit 1 - Jaussi Deposition, at pp. 37-38 (emphases added). Hertz corporate security designee Richard Livingston testified in *Grady* that Hertz has a seven-year retention policy for criminal prosecutions. *See* Exhibit 3 - Livingston Deposition, at pp. 78-79.

Due to the obvious illegality of destroying such evidence without any justification—and also hiding and attempting to improperly influence witnesses—the Court in *Grady* imposed serious spoliation sanctions against Hertz.

Kindly note that when Ms. Grady was pulled over, and the police called Hertz, a Hertz employee told the State Police that the overdue theft report against Grady had been a mistake and that this was solely a civil billing dispute:

> **Synopsis:**
> This incident occurred as Hertz Rental Company reported a vehicle as stolen. The vehicle was stopped at the above location and all occupants were identified. Upon calling Hertz Rental Company and the Philadelphia Police Department, it was determined this is a civil issue regarding late payment and the vehicle was not stolen.

> HERTZ Rental Company was contacted and advised that the credit card listed on the contract with the suspect had returned with insufficient funds and as a result the account was overdue. As a result they reported the vehicle stolen. HERTZ advised they would prefer the vehicle to be towed and picked up by a representative and would handle the civil tort regarding payment with the suspect.

> **Conclusion/Recommendation:**
> I recommend this investigation be terminated due to the fact that Hertz Rental Company will be handling this situation through civil action. It was found that the vehicle was reported as stolen from the Philadelphia Airport rental terminal after a miscommunication regarding an overcharged credit card as part of a Hertz Rental Car contract. Philadelphia PD been provided all requested documentation and was advised the vehicle was towed/recovered.

> 8. INCIDENT DETAILS
> This incident occurred as a GMC YUKON was reported stolen by Hertz Rental Company. The vehicle was traveling southbound at the above location when the incident was reported. A traffic stop was conducted on SR 322, in Dauphin County, PA. Upon making contact with the operator of the vehicle and contacting Hertz, it was determined that this is a civil issue relating to late payment on a rental contract.

It is obvious that the Hertz representative mentioned above could see the rental had been extended and therefore stated this was just a civil issue (she was later arrested after Hertz corporate security insisted that the Philadelphia police continue the prosecution). These events provide additional proof that Hertz destroyed the rental records showing that Grady's rental had been extended.

We feel strongly that the courts will take into account that Hertz has known about this systemic failure for at least three years (the time of the 2017 *Grady* trial), but has done nothing to correct it.

## V.   CONCLUSION

According to Hertz's record retention policy and controlling case law, Hertz acts illegally when it destroys records related to an alleged car theft; i.e. when a governmental investigation is contemplated. Every time Hertz compiles a theft package, it must reasonably contemplate – in fact, it *intends* – governmental intervention; it knows that it is constrained to preserve the renter's records.

Hertz's records-destruction practices in connection with cases in which it has filed theft reports – cases in which it *seeks out and intends* government intervention – is inexplicable.  This failure is even more striking in light of: the fact that Hertz has had notice for years that its theft reports are materially inaccurate; and the fact that Hertz has already suffered spoliation sanctions for its failure to maintain records.

Based on the systemic failures permeating Hertz's record retention practices, we feel strongly that any attempt by Hertz to defend against the current cases, by asserting that the renter did not extend the rental and/or failed to contact Hertz, will be undermined by virtue of Hertz's intentional destruction of exonerating information.

# ATTACHMENT P



# FRANCIS ALEXANDER LLC

# HERTZ ERASES RENTAL EXTENSIONS AND BACKDATES THE VEHICLE DUE DATE

## I.    INTRODUCTION

Every rental theft report is based on two main variables: payment and time. Many renters have come to us adamant that they extended their rental, and that they had permission to use the car. Yet Hertz's theft reports instead claim that Hertz was unable to contact the renter, or that the renter had refused to return the vehicle, with no mention of extensions. We have discovered that, for whatever reason, Hertz does not provide written confirmation of rental period extensions to its customers.

The evidence we have collected demonstrates that Hertz's systems often automatically delete any record of extensions from the rental systems. This happens when an authorization hold on a customer's card is denied. Hertz **only** bills customers at the end of the rental, but during the rental it checks to make sure the card is active and that there is available credit on the card to pay the rental (this is called an "authorization hold"). When an authorization hold is denied by the credit card company, as can be seen in the theft package overdue vehicle print reports, Hertz simply deletes any record of the extension without notice to its employees or its customers. The theft report omits any record of the customer's contact with Hertz as well as any record of the rental period extension which permitted the renter to use the vehicle.

One example of this practice is in a case that Hertz has already agreed to mediate: Hanna Ayoub. Hanna has provided us phone recordings evidencing that Hertz erased his agreed-to extension and deleted it from the system as if it never happened. These recordings are significant in that they call into question the validity of every Hertz overdue theft report prepared with current systems in place.

It is clear that Hertz's systems are compromised, and that Hertz's claims to the police that certain renters had not extended their vehicle return dates or contacted the company are false. At all points Hertz has known about this issue since (at the latest) the *Grady* trial, but has apparently not yet addressed it.

## II.    HANNA AYOUB'S RECORDS SHOW THAT HERTZ'S PRACTICE IS TO ERASE ANY RECORD OF RENTAL EXTENSIONS HERTZ AGREES TO, AND THEN FAIL TO TELL THE POLICE ABOUT THE EXTENSIONS OR THE CONTEMPORANEOUS CUSTOMER CONTACT

Each time a renter extends with Hertz, the company initiates an "authorization hold" on the customer's card. This is akin to an "exploratory charge" that allows Hertz to confirm that the card in question is active and will be available for a charge at the end of the rental period. The

280 N. PROVIDENCE ROAD  ·  SUITE 1  ·  MEDIA, PA 19063  ·  T: 215.500.1000  ·  F: 215.500.1005
FRANCIS@FRANCISALEXANDER.COM  ·  WWW.FRANCISALEXANDER.COM

Page 2

authorization hold is not a final billing and is not actually payment. Hertz through policy and practice bills its customers after the rental is closed out. See Hertz001445.

In this category of cases, the problem arises when the renter extends his or her return date with Hertz, but the authorization hold initiated by Hertz is denied. When that happens, Hertz's systems apparently delete any record of the extension without notifying Hertz's employees or the Hertz customer, who is under the impression that the return date for the rented vehicle has been extended. As a result, the theft reports compiled by Hertz Vehicle Control often completely omit renter contact and extensions, despite the renter actuality having had multiple contacts with Hertz, and believing that the extension remains in effect.

This is precisely what happened in the Ayoub case. There, Hertz advised the police that Mr. Ayoub's rental was due on April 16, 2019, while Ayoub maintains that he extended through June. Mr. Ayoub has provided us a phone recording from April 15, 2019, on which he can be heard extending his rental with Hertz Wilmington until April 22, 2019. See Exhibit 1. In fact, Mr. Ayoub received notice of an authorization hold for $308 on April 15, 2019. See Exhibit 2. He then received a second charge for $55. Exhibit 2.

The next day on April 16, 2019, Hertz Wilmington left a message about the rental, and he called back. Exhibit 3. As the recording demonstrates, Hertz told Ayoub that his car was overdue and asked if he wanted to extend. He was baffled, as he knew he had extended the day before on the 15th. Although Ayoub kept insisting that he had extended, the Hertz employee was adamant that no record of the extension appeared in Hertz's systems, the charge to Ayoub's card, nor was the employee aware of Mr. Ayoub's telephonic communications with Hertz.

Ayoub eventually grew fed up with Hertz Wilmington on April 16, 2019, and called Hertz corporate, which extended the rental several times over the next 1 1/2 months. Not only is there no mention of the April 16, 2019 discussion in Hertz's theft package, but none of Ayoub's many other contacts with Hertz corporate and Wilmington after that date (pursuant to which Mr. Ayoub was given authorization to use the car through June 2019) were noted.

The implications of this failure are wide-reaching. Hertz has been denying that the renters at issue have extended their rentals—claiming that the theft packages are complete—but in reality Hertz is systematically deleting any record of the extensions which confirm that the renters have been advised by Hertz of the continued authorization to use the vehicles. This evidence undercuts every theft report that Hertz has ever submitted for an overdue rental. By erasing any record of the agreed-to extensions (and then backdating rental due dates), Hertz once again transforms a civil dispute into a criminal matter. This practice allows Hertz to avoid expensive arbitration, use the police as a repo service, charge the rental, and make an insurance claim for the full cash value of the vehicle thereby maximizing its income, asset's value, and reducing costs.

## III.    OTHER RENTERS HAVE PROOF OF ERASED EXTENSIONS

Other Hertz renters have provided evidence demonstrating that this is another systemic failure on Hertz's end:

**Laketa Collins** - GEICO rented Ms. Collins a car in early July 2018, which was initially due back July 11, 2018. Hertz told the police that the return date for the rented car had not been

extended past July 11, 2018. In fact, GEICO has confirmed that it extended the rental through July 18, 2018, whereupon Collins took over the rental and extended again. In essence, Hertz's system *erased extensions by the insurance company and the renter*. GEICO also confirmed that it routinely has problems with Hertz.

**Shontrell Higgs** - Higgs rented a car in early March 2019, and then claims that her rental was extended several times. Hertz, on the other hand, advised the police that the car was due back March 8, 2019. But Hertz's own theft reports show that Higgs claimed that she had extended her rental beyond March 8, 2019. Furthermore, Hertz's production shows that Higgs provided Hertz a new charge card on March 21, 2019, and that Hertz initiated two authorization holds on that card. Hertz001445. Obviously, Hertz would only have initiated an authorization hold on the new card had the rental been extended. But nothing about a new card, or an agreed rental extension on March 21, appears anywhere in the theft package or in Hertz's production; the multiple extensions and renter contacts by Higgs are omitted and not documented in the theft report or anywhere else that we can see.

**Grady -** In the *Grady* case, Ms. Grady engaged in hours of phone calls with Hertz after the alleged rental due date, none of which were documented in Hertz's theft report. Furthermore, Hertz told the Pennsylvania State Police when Grady was pulled over that, according to Hertz's systems, the police report was a mistake and that there was only a civil payment dispute outstanding. In other words, Hertz employees looking at one Hertz system could see that Grady's rental had been extended, but the Hertz Vehicle Control employee who compiled the theft report could not.

Based on renters' records, we believe that many other renters experienced similar issues, such as:

- Michelle Jones
- Julius Burnside
- Howard Junious
- Antwone Person
- Nicole Stevens
- Cheryl Young
- Barbara Fernandez

## IV. THE GRADY *CASE* REVEALED THAT HERTZ HAS BEEN ON NOTICE FOR YEARS THAT THERE ARE SERIOUS FAILURES IN ITS RENTAL SYSTEMS

As noted above, Hertz advised the police that Ms. Grady kept her rental months past its due date and had stopped contacting the company. The problems for Hertz were that: (1) her phone records showed voluminous contact over that time span to extend the vehicle, extensions which were not documented in Hertz's theft report; and (2) when Grady was pulled over, a Hertz

employee told the State Police that the overdue report had been a mistake and that all that was at issue was a billing dispute:

> **Synopsis:**
> This incident occurred as Hertz Rental Company reported a vehicle as stolen. The vehicle was stopped at the above location and all occupants were identified. Upon calling Hertz Rental Company and the Philadelphia Police Department, it was determined this is a civil issue regarding late payment and the vehicle was not stolen.

> HERTZ Rental Company was contacted and advised that the credit card listed on the contract with the suspect had returned with insufficient funds and as a result the account was overdue. As a result they reported the vehicle stolen. HERTZ advised they would prefer the vehicle to be towed and picked up by a representative and would handle the civil tort regarding payment with the suspect.

> **Conclusion/Recommendation:**
> I recommend this investigation be terminated due to the fact that Hertz Rental Company will be handling this situation through civil action. It was found that the vehicle was reported as stolen from the Philadelphia Airport rental terminal after a miscommunication regarding an overcharged credit card as part of a Hertz Rental Car contract. Philadelphia PD has been provided all requested documentation and was advised the vehicle was towed/recovered.

> 8. INCIDENT DETAILS
> This incident occurred as a GMC YUKON was reported stolen by Hertz Rental Company. The vehicle was traveling southbound at the above location when the incident was reported. A traffic stop was conducted on SR 322, in Dauphin County, PA. Upon making contact with the operator of the vehicle and contacting Hertz, it was determined that this is a civil issue relating to late payment on a rental contract.

In fact, Grady had paid for her rental at this point, which Hertz's employee declined to tell the police. Obviously, the Hertz employee stated to the State Police that Grady's was just a civil issue because the employee could tell that Grady's rental contract had been extended. All of the foregoing notwithstanding, Ms. Grady was arrested at a later date after Hertz corporate security insisted that the Philadelphia Police Department continue the prosecution, without revealing what Hertz had earlier told the State Police.

What this apparently tells us is that the Vehicle Control employee who compiled the theft package was accessing a computer system that had no record of Grady's rental extensions or contacts with Hertz, while the employee who spoke with the State Police could see the continuing renter contact and extensions.

It is clear that Hertz's systems do not share information effectively and are inexplicably erasing customer extensions, resulting in backdated due dates. In Grady, Hertz claimed that it had destroyed and purged all of the Grady's renter data, and was then sanctioned by the court for having spoliated evidence

## V.    CONCLUSION

Hanna Ayoub's phone recordings show that Hertz's computer programs are deleting records of valid rental extensions. The evidence we have collected shows that this is happening on a widespread basis and has affected many renters.

PAGE 5

Each time a renter extends with Hertz, the company initiates an "authorization hold" against the customer's charge card. This is a type of "exploratory charge" the purpose of which is to confirm that the customer's card is active and that the customer's account may be debited. The authorization hold is not an actual billing or debiting of the customer's account: Hertz only actually charges customers' accounts after the rental is closed out.

The problem is that when the renter extends with Hertz, but the preauthorization is denied, Hertz's systems delete any record of the extension without so notifying its employees or its customer. As a result, the theft reports compiled by Vehicle Control often omit information concerning contacts with customers and agreed-to extensions, despite the renter in actuality having had voluminous contact with Hertz and having been given authorization to extend the rental and return the vehicle at a later date.

Furthermore, the evidence shows that Hertz has known for years about the issue but has done nothing to address the problem. The facts of the *Grady* case demonstrate that Hertz is deleting information (much of it exculpatory), failing to reveal to police that it had been contacted by the renter about the vehicle in question, and operating with computer systems that are not tracking and maintaining critical information.

The seriousness of this failure, which converts simple disputes about payment into serious criminal cases, is self-evident. It, too, undercuts the reliability of Hertz's overdue vehicle reports.

# ATTACHMENT Q



**FRANCIS ALEXANDER** LLC

# HERTZ FALSIFIES PAYMENT INFORMATION IN POLICE REPORTS TO SECURE ILLEGAL ARRESTS & PROSECUTIONS

**SOP:**      W7-02 RAC: [SCTY-4.1] - <u>Reporting Vehicle Thefts and Conversions</u>

W7-02(D) - <u>Closing Associated Rental Agreements</u>

The OKC Vehicle Control Department ... must close the RA after verifying the Theft Vehicle Report with police....*Once confirmed that the theft/conversion has been reported to the police*, the responsible management must Close RAs by inter alia: Applying the 'best' or lowest rate available.

**SCOPE:**      This Worldwide Procedure applies to the North American Rent-A-Car (RAC) Division

**COMPLIANCE:**      Location, Maintenance, Area, Country Head Office and OKC Management must ensure compliance to this procedure.

**OWNER:**      High Level Corporate Officers and General Counsel

## I.    INTRODUCTION

Every rental theft report is based on two variables: payment and time. When Hertz misrepresents one of these variables to the police, its report is already 50% inaccurate. Payment is the single most important factor in a consumer theft report, making Hertz's misrepresentations material.

The theft packages Hertz provides to the police in 100% of the cases contain false representations that the renter has not paid for the rental. However, in all of these cases, the renter has paid: after printing out the theft package and delivering it to the police for the purpose of initiating a criminal prosecution, Hertz charges the renter's card—*but never tells the police or prosecutors* that it has received payment. The customer is then prosecuted based on manipulated information apparently designed to ensure the arrest and criminal prosecution of an innocent individual.

During our April 9 and April 17, 2020 phone calls, Hertz and its attorneys outlined the steps Hertz takes in connection with preparation and delivery of a theft package: Hertz *first*

charges the customer for the rental, and then it generates the theft package; it always advises the police that the customer's credit card has been charged.

This is simply not true. Hertz has engaged in a contrary practice for many years, and this practice has been codified as an element of Hertz policy. W7-02(D).

## II.    HERTZ POLICY MANDATES THAT THE COMPANY REPORT THE CUSTOMER FOR THEFT TO THE POLICE *BEFORE* CHARGING THE CUSTOMER FOR THE RENTAL; THE POLICE ARE NEVER TOLD ABOUT THE PAYMENT—*EVEN AFTER THE HERTZ REPRESENTATIVE CHARGES THE CUSTOMER'S CARD*

In every theft report there are two implicit variables: payment and time. If the rental vehicle is paid, or the renter has provided Hertz a valid form of credit (e.g., a credit card number), it should be clear that the renter does not intend to steal the car. Indeed, in any type of consumer theft report, the determinative factor is payment. As indicated in each of the reported thefts, it is a denied credit card authorization hold that triggers the theft reporting process. An authorization hold is a check that Hertz sends to verify the card is valid and has funds; it is not a final billing. The case where Hertz believes it has a valid card for a rental for which return date has passed, but reports the car stolen in any event, **does not exist.**

The police are less likely (or will simply refuse) to act on a Hertz theft report if the rental has been paid. Hertz policy therefore mandates that theft packages be printed out and given to the police ***before*** the customer is charged:



Hertz001471. The theft package contains a line item indicating that the customer still has a "net due" to Hertz and that the customer's card has been "denied." Nothing that Hertz provides to the police communicates that Hertz intends to charge the customer (a charge which is usually accepted by the credit card or bank card company) as soon as the theft package has been delivered to the authorities.

For this reason, Hertz purposely fails to disclose these facts to police and law enforcement, in effect transforming a civil dispute into a criminal matter, as the police are led to believe that the renter intends to steal the vehicle and has provided a stolen, fraudulent or invalid card. Hertz knows that this policy guarantees that a theft package contains no proof the customer was charged

and the rental was paid. *We have never seen a case where Hertz supplemented payment information to the police*, or told the police that Hertz was going to charge the customer.

Hertz's omission of payment confers numerous legal and financial advantages upon Hertz. The omission enables Hertz to use the police as a taxpayer-funded repo service, it allows Hertz to avoid arbitration with customers, and it allows Hertz to collect insurance monies (the claim for which requires the filing of a police theft report). In essence, Hertz is getting the monies from the charge *and* the full asset value from its insurance claim. It then closes out the rental contract with its accounting department.

When Hertz told its attorneys and Plaintiffs that it first charges the customer, then closes out the rental, and then reports the customer—and that the police have been made aware of the payment—it was not being candid or accurate. As noted, Hertz policy actually mandates the preparation and delivery of the theft report to police and *only then* closing out the rental customer. *See* W7-02(D) (stating that OKC "must close the RA after verifying the Theft Vehicle Report with police."). This is further confirmed by Hertz's production, where in September 2019 a Hertz employee explains the process to a corporate security manager in the Higgs case:

> WE AUTHORIZED THE FOLLOWING:   THESE ARE AUTHORIZATION HOLDS ONLY, NOT BILLINGS   WE ONLY BILL THE CREDIT CARD/ DEBIT CARD WHEN THE RENTAL IT IS CLOSED OUT. WE ONLY RECEIVED TWO APPROVALS OUT OF THE ATTEMPTS AND THEN

Hertz0001445. As can be seen, a Hertz employee plainly states "we only bill the credit card/debit card when the rental it is closed out." Id.

This policy ensures that *every one of Hertz's theft reports across the nation is incorrect*. As will be seen below, this is the procedure that was followed with every overdue rental report at issue—it is not an anomaly.

Hertz knows within a day or two whether its charge was successfully put through, and it also knows that most charges are successful. Yet, in each of our cases, Hertz conveys to the police that the rental payment has not been made.

## III.  THE EVIDENCE SHOWS THAT HERTZ CHARGES THE CUSTOMER AFTER THE POLICE REPORT IS DELIVERED

There is overwhelming proof that Hertz is submitting police reports which omit any mention of its receipt of renter payments.

**First**, policy W7-02(D) spells out that theft reports (which are based on the information in Hertz's theft package) are to be completed and delivered to the police *before* the rental is closed out and the customer's account is charged.

**Second**, the theft packages that we have seen simply fail to communicate that the renter has paid for the rental, or that a charge is pending. In fact, it is improbable that any theft package contains such information, because W7-02(D) dictates that the package is to be printed out and delivered to the police before the customer's card is charged.

**Third**, we have not identified any document in Hertz's productions where Hertz advised the police that it had charged the customer's card, or that a charge was going to be made or was pending.

**Fourth**, the standard theft package contains a billing summary page which states that the renter owes a "net due" amount:



See Hertz00009 (Ayoub), 328 (Person), 532 (Stevens), 978 (Young), 1100 (Channell), 1320 (Fernandez), 1340 (Higgs), and 1741 (Sterlin). In all of these cases, the renter's account was charged after the theft report was printed out and taken to the police, but the police report was never supplemented to reflect the charge. For these renters, there was no "Net [amount] Due," contrary to the information Hertz provided to the police.

**Fifth**, the standard theft package contains an overdue rental print out which states that the charge to the renter's card was "denied:"

| Credit Card # | FOP | FMT | Restr? | Aprv Stat |
|---|---|---|---|---|
| XXXXXXXXXXXX4306 | MC | DH | N | DENIED |

See Hertz000013 (Ayoub), 130 (Junious), 353 (Person), 443 (Stepanyan), 497 (Sterlin), 521 (Stevens), 966 (Young), 1042 (Burnside), 1095 (Channell), 1177 (Collins), and 1376 (Higgs). In fact, this "denial" refers to Hertz's attempts to place an authorization hold on the credit card during the rental. The fact that an authorization hold has been denied does not in any way mean that a charge will be denied. In fact, almost all of the charges in our cases were approved. Unfortunately for the Hertz customer, however, the police are under the continuing impression that Hertz has never received payment, because Hertz never advises the police of its post-theft package charge.

Nothing that Hertz has told its attorneys about the post-police report charging procedure comports with Hertz's actual practice or the evidence.

## IV. THE PROSECUTORS AND POLICE CONSIDER PAYMENT TO BE KEY INFORMATION IN ANY CONSUMER THEFT CASE

In any consumer theft case, whether the customer has paid or intends to pay for the services or goods is a critical fact in the probable cause determination, and it provides evidence of the renter's intent to commit theft. It goes without saying that any misrepresentation or omission about payment will seriously affect a customer's rights.

Indeed, as we will show, when the renters present the prosecutor or police with proof of payment, the cases are invariably dropped. The fact that 100% of cases have been dropped after the

customer provides proof of payment (which proof was withheld from police by Hertz) should alert (and should have alerted) Hertz to the gravity of its failure to update the information provided in theft reports. Below are some cases that illustrate the problem with Hertz's practice:

**Burnside** - In this case, a police report based upon the theft package provided by Hertz states: "As of March 27, 2018 Mr. Burnside had not paid for or returned the vehicle to said business." PLT000108. In fact, Burnside had been charged $2,343.02 on March 26, 2018, one day *before* the police report was completed. As in all known cases, Hertz falsely told the police that the renter had not paid and Hertz never corrected this information.

When Burnside was allowed to withdraw his guilty plea, the prosecutor simultaneously nolle prossed the case. She did so stating that there was no probable cause because, after reporting the car stolen, "Hertz subsequently closed out the rental and charged the defendant $2,343.02, which covered the rental cost from December 26, 2017 through March 26, 2018." PLT000125. There is no need to mince words: If Hertz tells the police that the customer owes $2,343.02 and omits that the customer's card has been – or shortly will be – charged, then Hertz has included a material misstatement of fact in its police report.

**Junious** - In the Junious case, both a police report dated March 15, 2018 (PLT000326) and the probable cause declaration dated March 21, 2018 state that "Junious has not made a payment since 01-23-18." PLT000289. Yet Junious had actually been charged $1,375.94 on March 13, 2018. PLT000356.

Not only did Hertz fail to supplement the payment information, but a Hertz employee gave false testimony during the case about that payment. On June 7, 2018, a preliminary hearing was held— while Junious had remained imprisoned since his arrest on May 1, 2018. The topic of payment was a major subject—as it is in all consumer theft cases—and Hertz manager James Nichols testified as follows:

| | |
|---|---|
| Prosecutor: | You testified earlier that the due date of the vehicle was January 29th, 2018. Had you received any payment for the vehicle after that date? |
| Mr. Nichols: | No. |

PLT000303-04. Nichols then clarified that State Farm had paid for part of Junious's rental, but reiterated that Junious had never paid anything since January 23, 2018. Put simply, this sworn testimony was false. At best, Hertz employee Nichols was looking at the false theft package and never bothered to actually check Hertz's systems to ascertain whether Nichols had extended the rental or made a payment. Based on Mr. Nichols's testimony, Junious remained in jail another month and his case remained active until November 2018. The case was eventually dropped.

**Young** - Similarly, in the Young case, the police report notes Hertz's claim that Young had not paid for the rental. Hertz000989-90. In fact, Ms. Young's card was overcharged for $3,932.47 (Hertz000951), and Hertz later reduced the amount of these charges. PLT000498.

**Ayoub** - When the prosecutor was approached with proof that Ayoub had extended his rental contract, her first question was whether Ayoub had paid for the rental. PLT000378-80. Upon learning that he had paid for the rental, she dropped the charges within days. *Id.*

There are many other cases where the renter was billed but the authorities were not told, including Johnson, Collins, Stevens, Sterlin, Fernandez, Channell, Jones, Higgs, Williams, Person,

and Essick. In all of these cases (except Jones, Sterlin, and Higgs), the charges were eventually dropped because the prosecutor was shown proof of payment.

## V.  THE GRADY CASE ESTABLISHED THAT HERTZ HAS LONG HAD NOTICE OF THIS PAYMENT ISSUE

This is not the first time that Hertz has been less than forthcoming about its having received payment. In the Grady case tried in September 2017, Hertz's theft package had been printed on July 12, 2013, and Grady's card was charged for $2,445 on July 15, 2013. Grady was reported to the police with an outdated and incorrect theft package on July 22, 2013.

Julie Wilkerson, Hertz's vehicle control supervisor for all of the United States (who sat at the defense table for the entire trial as Hertz's representative), falsely testified during trial that the July 12, 2013 theft package given to the police showed Grady's $2,445 payment:

| | |
|---|---|
| COUNSEL: | Do you believe if there's -- I think you testified if there's omitted facts, they should be corrected, correct? |
| WILKERSON: | Yes. |
| COUNSEL: | Eventually did Hertz become aware of additional facts in regards to Ms. Grady's rental that should have been provided to the police? |
| WILKERSON: | Which facts? |
| COUNSEL: | Well, the payment of $2400. |
| WILKERSON: | **That was actually in the theft package. The police had that information.** |
| COUNSEL: | **The police had that information?** |
| WILKERSON: | **Yes, it's in the billing page of the theft package.** |

Wilkerson Testimony, at pp. 5-6 (emphasis added). This testimony was untrue. Wilkerson supervised Hertz vehicle control for decades, and she was—and is—well aware that a theft package provided to the police never contains payment information for the simple reason that the renter is charged only after the theft package is generated and taken to police. See W7-02(D).

When she later tried to repeat her misstatement, she was ultimately forced to admit that her testimony was untrue:

| | |
|---|---|
| COUNSEL: | Ma'am, I'm asking you was 2445 paid, yes or no? |
| WILKERSON: | Yes. |
| COUNSEL: | And that information was never updated to the police, correct? |

PAGE 7

| | |
|---|---|
| WILKERSON: | No. |
| COUNSEL: | It was not corrected, correct? It was not updated to the police, correct? |
| WILKERSON: | **They had the information**. |
| COUNSEL: | I'm asking you if the information that it was paid was updated to the police, yes or no? |
| WILKERSON: | **The police actually have the theft package and this was in the theft package**. |
| COUNSEL: | Ma'am, you just identified that that is not a payment for 2445, it's what is owed. Do you understand the difference between -- |
| WILKERSON: | Yes. |
| COUNSEL: | -- money in your bank account -- |
| WILKERSON: | Yes. |
| COUNSEL: | -- and what is owed to you? It's the difference between an asset and a liability, right? |
| WILKERSON: | Yes. |
| COUNSEL: | Okay. Understand the difference? |
| WILKERSON: | Yes. |
| COUNSEL: | You deal with this every day? |
| WILKERSON: | Yes. |
| *COUNSEL:* | *So let's be clear. The police didn't know $2445 was paid before they signed an affidavit of probable cause allowing Ms. Grady to be arrested, correct? Correct, ma'am?* |
| *WILKERSON:* | *Correct.* |
| COUNSEL: | No further questions. |

Wilkerson Testimony, at pp. 54-55 (emphases added).

Note that not only does this show that Hertz knew as of September 2017 that the theft packages do not show payment, and that the police were not being told about renter payments, but Wilkerson's evasive testimony demonstrates that she was always well aware that it is impossible

for theft packages to show renter payments because the renter's credit card is charged after the theft package is generated.

## VI.    Conclusion

Payment is the critical factor in any consumer theft report and is obviously the focus of both the police and prosecutors. The denied authorization is what triggers the filing of the theft report, because Hertz fears that it might not get paid and does not want to lose rental income on a car that is outstanding without a good credit card to process payment. Yet, the plain language of Hertz policy W7-02(D) compels results in the delivery of inaccurate information to the police: it requires that the theft report be delivered to police before the customer's credit card is charged. Hertz's failure to advise the police that the rental was paid leads directly to the arrest and prosecution of an innocent individual.

To the police and prosecutors, the theft report indicates that Hertz is still owed a "net due" amount of money for the customer's use of its rental vehicle and that the customer failed to make payment because the card was "denied." However, nothing Hertz provides to law enforcement communicates that Hertz—in practice or in policy—will in fact charge the customer's card for the full amount of money *after it files the police report.* Hertz knows that law enforcement is focused on whether or not the renter has paid for the use of the rental vehicle; it is obviously "convenient," for Hertz's purposes, to shield this information from the authorities.

Never does Hertz tell law enforcement that the renter has a card on file and that Hertz is authorized to use and charge the card for the full amount of the rental. The fact that a renter has a card on file that acts as a blank check or letter of credit, indicates—at the very least—that the renter does not intend to steal Hertz's car. However, Hertz knowingly omits this payment information and instead misrepresents to the police that a "denied" authorization hold is a "denied" charge for payment of the rental—which it is not.

For this reason, Hertz purposely fails to disclose these facts to police and law enforcement, in effect transforming a civil dispute into a criminal matter, as the police are led to believe that the renter intends to steal the vehicle and has provided Hertz a stolen, fraudulent, or invalid card.

Hertz's omission of payment information confers numerous legal and financial advantages upon Hertz: it enables Hertz to claim that innocent customers are thieves, so that Hertz can use the police as a taxpayer-funded repo service; it allows Hertz to avoid costly arbitration with customers; and it provides the mechanism which ultimately allows Hertz to collect insurance monies (the claim for which requires a police theft report).

In essence, Hertz is getting the monies from the post-police report charge and the full asset value from the insurance claim. It then closes out the rental contract with the accounting department, after having accounted for the income from the post-police report charge and the asset cash value from the insurance claim.

Through practice and policy, Hertz maximizes its income (post-police report charge) and asset value (insurance claim) while reducing prohibitive costs such as private repo and arbitration.

# ATTACHMENT R



FRANCIS ALEXANDER LLC

# HERTZ'S FAILURE TO INVESTIGATE ANY THEFT REPORTS RESULTS IN ILLEGAL ARRESTS AND PROSECUTIONS

**SOP:**   W7-02 RAC: [SCTY-4.1] - <u>Reporting Vehicle Thefts and Conversions</u>

W7-02(a)(17) – <u>Corporate/County Security Manager Investigations</u>
Every theft/conversion/disappearance must be promptly investigated by the Corporate/Country Security Manager responsible for the location from which the related Theft Vehicle Report is filed. All employees are required to cooperate fully with such an investigation.

**SCOPE:**   This Worldwide Procedure applies to the North American Rent-A-Car (RAC) Division

**COMPLIANCE:**   Location, Maintenance, Area, Country Head Office and OKC Management must ensure compliance with this procedure.

**OWNER:**   High Level Corporate Officers and General Counsel

## I.   INTRODUCTION

Every rental theft report is based on two main variables: payment and time. The theft packages Hertz provides to the police are unverified in 100% of the cases, because Hertz has failed to follow its very own standard operating procedures. These procedures require an investigation, before the submission of police reports, to verify that the information contained therein is accurate. When Hertz misrepresents one of these variables to the police, the report is already 50% wrong. The failure to investigate means that Hertz routinely misrepresents both variables. The police would never accept and act on these theft reports if they knew that the reports were unverified and that Hertz was habitually violating its own policies.

Hertz policy W7-02(a)(17) mandates that all theft reports be independently investigated and verified by Hertz location corporate security managers. However, in 100% of the cases, Hertz does not perform this required investigation. Multiple Hertz corporate designees testified in the *Grady* case that Hertz corporate has given them "marching orders" that theft packages compiled by Vehicle Control in OKC are to be immediately delivered by location personnel to the police ***with no independent verification*** and no inquiry into whether payment has been made, the vehicle

returned, the rental period extended, the inventory lost, or any other facts that might be critical to the decision to accuse a customer of having stolen a Hertz vehicle.

At a minimum, Hertz should confirm in every case whether payment was made, a rental extension was procured, or whether the car has been returned. What we have learned, however, is that the local security manager does not even perform this minimal check in any of the cases. The failure to perform any investigation as required by Hertz standard operating procedures is inherently designed to result in the unlawful arrest and prosecution of innocent individuals.

Hertz corporate security designee Richard Livingston stated that he and his personnel ***are not even given access to rental information in order to allow them to perform a check***, and that in the hundreds of cases he has personally handled he never performed the W7-02(a)(17) investigation. Joseph Jaussi, another designee, has confirmed that Livingston and his assistants do not perform the (a)(17) investigation and that their role is restricted to ferrying theft packages from Vehicle Control to the police. When Hertz vehicle control supervisor Julie Wilkerson testified at trial, she was constrained to admit that Livingston's admissions indicated practices that fell far below Hertz's own policies and procedures.

Although Wilkerson claimed that Livingston and the other CSMs should be performing the (a)(17) investigation—and admitted that not doing so violated Hertz policy—she was providing false testimony at the same time. Hertz's own training manuals, the content of which is controlled and managed by Wilkerson, state explicitly that theft packages prepared by Vehicle Control are to be immediately taken to the police by location staff upon receipt with no (a)(17) investigation—confirming Livingston and Jaussi's testimony.

Compounding matters, W7-02(a)(4) mandates that missing vehicle checklists be completed to insure that all options have been exhausted before the filing of a theft report for overdue rentals and missing inventory. During our recent telephone discussions, Hertz admitted that this procedure is almost never followed. In addition, Hertz is supposed to hire private repo services to find and tow the vehicles well before a police report is filed. Yet, we have been provided no evidence that any such tow companies were hired for the 21 cases we are currently handling.

This means that 100% of Hertz theft reports are unverified. Hertz does not follow its own theft-reporting policies. Had this investigation actually been conducted, most—if not all—of the theft reports we have reviewed would never have been made. This deviation from policy has the effect of transforming a civil payment dispute into a criminal matter. It enables Hertz to claim that innocent customers are thieves, so Hertz can use the police as a taxpayer funded repo service, avoid what would otherwise be a costly and inefficient arbitration process (N.B.: a process that Hertz imposes on its customers) and collect insurance monies (the claim for which requires a police theft report). In essence, Hertz is getting the monies from the forced charge and the full asset value from the insurance claim. It then disposes of the rental contract with its accounting department, after having accounted for the income from the forced charge and the cash value of the vehicle from the insurance claim.

Hertz admitted in the *Grady* trial that the reason for cutting corners on the investigations is to implement cost-cutting measures in its corporate security department. Instead of verifying the theft reports, Hertz is filing the unverified reports and letting the police sort things out—even if innocent customers are jailed and prosecuted in the process.

## II.  IN VIOLATION OF ITS OWN THEFT REPORTING POLICIES, HERTZ HAS ADMITTED THAT IT PERFORMS NO LOCAL INVESTIGATION TO VERIFY THEFT REPORTS

Hertz Theft Reporting Policy W7-02 requires that the corporate security manager for each location investigate each theft report for accuracy:

> Corporate/Country Security Manager Investigations - Every theft/conversion/disappearance must be promptly investigated by the Corporate/Country Security Manager responsible for the location from which the related Theft Vehicle Report is filed. All employees are required to cooperate fully with such an investigation.

*See* Exhibit 1. This is a national policy with which all employees and managers must comply and in which they must participate.

However, Hertz's designee for corporate security testified that he and his office's "marching orders" were to not verify the reports:

> COUNSEL:            Is it your testimony that you don't go to the location and question any of the Hertz employees when you receive a theft package?
>
> MR. LIVINGSTON:    That's my testimony, yes.
>
> COUNSEL:            Why?
>
> MR. LIVINGSTON:    Because I mean the package has been completed, all the reports have been reviewed, I guess, by OKC. **And my marching orders are to report the car stolen** when I get the -- again, I do look at it for everything being accurate, as far as I can tell, within the report itself.
>
> COUNSEL:            Yeah. *But you don't do any independent investigation?*
>
> MR. LIVINGSTON:    *I do not.*
>
> COUNSEL:            *You don't do any check?*
>
> MR. LIVINGSTON:    *I do not.*

Exhibit 2 - Livingston Testimony, at p.194-96, 115-117 (emphasis added) (objections omitted). This was confirmed by another designee, a manager for the company:

> COUNSEL:            We deposed Mr. Rich Livingston Tuesday. He indicated that he doesn't put the package together. He just gets it from Oklahoma City and then basically just couriers it to the police. Is it your understanding that the corporate security manager or assistant corporate security manager actually puts the theft

|  | package together? Or is it your understanding that the theft package is put together in Oklahoma City and then sent to the corporate security manager at the location where the car was allegedly taken from? |
|---|---|
| MR. JAUSSI: | *So it's my understanding that Oklahoma City generates the packet and all the pertaining documents within it, feeds Ken Graeber or Rich Livingston, right, and Ken Graeber or Rich Livingston essentially print, file, and go seek a police report claim or case number.* |
| COUNSEL: | Okay. *So the theft package is already completed in Oklahoma City before it's sent to the corporate security manager at the Hertz location* where the car was allegedly taken from, correct? |
| MR. JAUSSI: | *That's my understanding, correct.* |

*See* Exhibit 3 - Jaussi Testimony, at pp. 69-70 (emphases added) (objections omitted). According to Livingston, corporate security personnel do not even have access to rental information to verify the accuracy of theft reports:

| COUNSEL: | Do you have access to phone logs to determine when a renter called in? |
|---|---|
| MR. LIVINGSTON: | I do not. |
| COUNSEL: | Do you have access to any kind of logs that determine the contacts the renter had with Hertz? |
| MR. LIVINGSTON: | Do not. |

Exhibit 2, at p. 205. He also confirmed he does not attempt to ascertain whether a customer was billed, nor does he engage in any discussion with the location employees about the rental or the renter.

Hertz's recent production contains the "marching orders" Livingston and Jaussi testified about, which mandate that the W7-02(a)(17) investigation not be performed:

> **d. Renting Location Responsibilities**
>
>   1) Immediately report the theft to local law enforcement upon receipt of the theft package.

Hertz001485. This practice stands in stark contrast to the requirement of W7-02(a)(17).

Julie Wilkerson, Hertz's national supervisor for Vehicle Control (and trial designee), dissembled about whether Hertz expects its corporate security managers to conduct a local investigation:

PAGE 5

| | | |
|---|---|---|
| COUNSEL: | | In fact, this is a procedure [W7-02(a)(17)] that you follow to make sure that innocent people aren't wrongfully arrested for accidental reporting to the police, correct? |
| WILKERSON: | | Correct. |

. . . .

| | | |
|---|---|---|
| COUNSEL: | | Now, it says here that the question was asked of [Livingston] or anyone working for him or working with him, if they did any check and his response was no, not on his side of the fence. Do you see that? |
| WILKERSON: | | I do see that. |
| COUNSEL: | | Now, you just testified that he would have checked the computer system of some sort, right? |
| WILKERSON: | | *He should have checked the computer system.* |

Exhibit 4 - Wilkerson Testimony, at pp. 37-46 (objections omitted) (emphases added). In fact, Hertz had told Livingston and all other US personnel not to check the computer system nor do any other sort of investigative check.

She was then constrained to admit that the failure to conduct local investigations violated Hertz's policy W7-02(a)(17) in thousands of cases.

| | | |
|---|---|---|
| COUNSEL: | | How many theft reports have come out of Philadelphia? |
| MR. EDELSTEIN: | | When? |
| COUNSEL: | | In 2013-2014, ma'am. |
| WILKERSON: | | A lot. |
| COUNSEL: | | A lot? |
| WILKERSON: | | Yes. |
| COUNSEL: | | And what would you say? |
| WILKERSON: | | Maybe 2000. |
| COUNSEL: | | *Do you know – excuse me. Mr. Livingston testified that he's gone into court and handled about 400 of these and he's never done a local investigation to determine the truth and veracity of those theft packages?* |
| WILKERSON: | | No, I didn't know that. |

| COUNSEL: | *That would fall well below the policies and procedures of even Hertz Corporate policies, correct?* |
| WILKERSON: | *Yes.* |

Exhibit 4 - Wilkerson Testimony, at pp. 37-46 (objections omitted) (emphases added). In fact, Hertz's own training manuals instruct vehicle control and corporate security employees **not** to do the investigation. In any case, Hertz has known about the issue since at least 2017 but has done nothing to correct the problem.

Essentially, Hertz has W7-02(a)(17) in place as window dressing so it can point to the policy and claim that it has a rigorous theft reporting process if anyone inquires—exactly as Hertz did on the first phone call with its Power Point presentation. In reality, Hertz actively disregards this policy which is supposed to safeguard against false reports.

## III. HERTZ DOES NOT COMPLETE REQUIRED MISSING VEHICLE CHECKLISTS, NOR DOES IT HIRE A PRIVATE TOWING SERVICE DURING THE THEFT REPORTING PROCESS

In addition to performing no local investigation, Hertz cuts other corners in the theft reporting process. For instance, W7-02(a)(4) mandates that a missing vehicle checklist be completed before reporting all overdue rentals or missing inventory. In fact, Hertz presented a Vehicle Control checklist to us in its initial Power Point presentation. Yet no checklists have been produced by Hertz, and Hertz admitted on our recent phone calls that a checklist is almost never filled out by Hertz. This failure constitutes yet another violation of Hertz's policies and provides another indication that many of Hertz's rigorous investigative steps exist only on paper.

Furthermore, Hertz's documents are replete with references to hiring a private repo service to find and tow the vehicle as part of an exhaustive process aimed at avoiding the preparation and delivery of a theft report. Hertz's policies provide that if a car is recovered, then the car is no longer overdue and the matter is concluded. Yet, not a single record has been produced by Hertz showing a private tow company was ever hired to locate and tow the vehicle before the filing of a theft report, despite the fact that many of the vehicles in question were equipped with OnStar.

## IV. HERTZ'S MOTIVES - PROFITS AND COST SAVINGS

Like any corporation, Hertz is motivated to cut costs while increasing profits—but it should not do so at the expense of basic human rights. Hertz's designee testified that Hertz was engaging in "cost savings" in the corporate security area in 2015:

| COUNSEL | Okay. Do you understand the circumstances regarding [another corporate security manager] being laid off? |
| MR. LIVINGSTON | My understanding was, it was just a corporate decision to lay off a large group of people at that time for cost savings. |

Exhibit 2 - Livingston Testimony, at p. 54. Hertz stipulated at trial that Hertz had implemented layoffs in corporate security for cost savings in 2015:

| | |
|---|---|
| COUNSEL: | [A corporate security manager] was let go, according to Mr. Livingston's testimony, because Hertz wanted to cut costs. Do you remember that? |
| WILKERSON: | No. |
| COUNSEL: | Well, let's pull it up. |
| MR. EDELSTEIN: | *We'll stipulate that was the testimony, Judge.* |
| THE COURT: | *It's been stipulated to. All right.* |
| COUNSEL: | Hertz Corporation wanted to cut the costs so they let Mr. Graeber go, correct? |
| WILKERSON: | If you say-so, yes. |
| COUNSEL: | And by doing that, they're basically cutting cost at the local investigation -- at the local investigation preventing innocent people from being accused of car theft, correct? |
| MR. EDELSTEIN: | Objection, Your Honor. |
| THE COURT: | Sustained. |

Exhibit 4, at pp. 44-45.

Hertz knows that were it to actually adhere to its own rigorous policies and verify the tens of thousands of police reports it makes across the United States, the result would be the investment of enormous amount of time and money. This is apparently why Hertz does not comply with W7-02 and do a local investigation, complete the checklists, or hire a private repossession service; it is apparently why W7-02(D) is written to require that Hertz employees charge the customer's credit card after the theft package is delivered to the police. Hertz's actual practice is to file unverified reports omitting critical payment information: this allows Hertz to pass off its inventory control costs to the police, prosecutors, and courts.

Hertz receives the following benefits as part of its scheme:

- Hertz can avoid hiring corporate security personnel to investigate purported thefts
- Hertz does not have to pay existing corporate security personnel to investigate and complete theft reports
- Police recover the car for Hertz so it can rent it out again
- Hertz charges the customer for the rental but does not tell the police
- Hertz gets restitution from the prosecution of the customer

- Hertz files an insurance claim for the "stolen" car and receives full cash value for the asset.
- Hertz does not have to engage in costly, time-consuming, and inefficient arbitration in thousands of cases around the country

## V. DUE TO LACK OF INVESTIGATION, ALL THEFT REPORTS ARE UNVERIFIED AND FALSE, AND ADVERSELY AFFECT ALL CUSTOMERS

As noted, in 100% of the cases Hertz performs no local investigation. What this means is that in almost all cases the theft report is incomplete, out of date, and materially inaccurate.

The lack of investigation is particularly acute in the lost inventory cases, where Hertz lost track of vehicles, reported them stolen, and then rented these "stolen" vehicles to unsuspecting customers. It is obvious that, had Hertz conducted a local investigation, the arrests arising from vehicles "lost" by Hertz would have been prevented.

Furthermore, in almost all cases of alleged overdue rentals, the lack of investigation resulted in the submission of false police reports that were defective in another way: the reports omit any acknowledgment that the renter had extended his/her contract term, that payment had been made, and/or that there had been verbal contact and interaction with the customer. Some examples are:

- **Ayoub** - Lack of investigation resulted in failure to ascertain multiple extensions; extensive renter contact; payments by the renter; and extensive renter history.

- **Stepanyan** - Lack of investigation resulted in failure to ascertain that Hertz had identified the wrong car on the rental contract, failure to speak with location personnel who knew the last known renter was a faithful customer; failure to contact the last known renter; and failure to realize that Hertz records showed the customer was a frequent renter. Had the vehicle control checklist been utilized (which requires contact with last known renter), the car Stepanyan was driving would never have been reported stolen.

- **Channell** - Lack of investigation resulted in failure to ascertain that renter was actually on a multi-month contract that he was renewing monthly; that payments were ongoing; and that the alleged due date given to the police was contradicted by Hertz's own records. Had the vehicle control checklist been utilized (which requires verification that the renter is not a multi-month contract) the police report should never have been prepared.

- **Stevens** - Lack of investigation resulted in failure to ascertain that car had been towed and was sitting on a lot waiting to be picked up; and that customer's credit card was charged.

- **Higgs** - Lack of investigation resulted in failure to realize that rental extensions had been arranged; extensive customer contact existed; the customer had provided a new credit card to Hertz for the extensions; and payment for the rental was made.

- **Johnson** - Lack of investigation resulted in failure to realize that customer was a longtime Hertz customer; that she had been charged over $3,400 by Hertz and had contacted Hertz about billing issues; that she had been communicating with Hertz about returning the car; and that she and her insurance company had contacted Hertz about the car.

- **Junious** - Lack of investigation resulted in failure to realize that the due date given to police was inaccurate and that the renter had paid, which resulted in a Hertz employee giving false testimony under oath.

Again, in every one of these cases, Hertz simply failed to include in its theft reports any mention of actual payments or verbal contact with the renter. Note that there is ample evidence in the record demonstrating that the renters had contact with various Hertz departments (e.g., Hertz's billing department), but no mention of these contacts appears in the theft package. A local investigation would have revealed these contacts, thereby rendering the resulting police reports inaccurate and unreliable.

## VI. THE *GRADY* CASE REVEALS THAT HERTZ HAS NOT BEEN COMPLYING WITH W7-02(A)(17) FOR MANY YEARS

As the testimony and corporate documents presented above show, it is apparent that location corporate security managers never conduct the (a)(17) investigation mandated by Hertz policy. In fact, according to Richard Livingston, corporate security personnel are not even able to access renter records—in effect, Hertz prevents these personnel from completing the investigation that Hertz policy requires they perform. Exhibit 2, at p.205.

It is also apparent that Hertz corporate has long been aware of this fact, yet Hertz continued to direct employees not to comply with corporate policy, instead passing its recovery costs off on to the police and taxpayers.

Hertz has known for years that its conduct and cost-cutting measures continue to cause serious problems with its theft reporting, but has done nothing to fix these problems.

## VII. CONCLUSION

Hertz policy requires a local investigation when Hertz believes that a rental has not been timely paid or a car has passed its return date. Yet Hertz instructs its location employees not to investigate and verify theft packages. At a minimum, Hertz should confirm, for every theft report, whether payment has been made, an extension has been procured, or whether the vehicle in question has actually been returned. The failure to perform any investigation as set forth in Hertz's standard operating procedures is inherently designed to secure the arrest and prosecutions of innocent individuals.

PAGE 10

The result of these failures is to turn a civil payment dispute (if at all) into a criminal matter. It enables Hertz to claim that innocent customers are thieves, so Hertz can use the police as a taxpayer-funded repo service, avoid arbitration with customers, and collect insurance monies (the claim for which requires a police theft report).

In essence, Hertz is getting the monies from the forced charge and the full asset value from its insurance claim. It then disposes of the rental contract with its accounting department, after having accounted for the income from the forced charge and the cash value of the vehicle from the insurance claim.

# ATTACHMENT S



**FRANCIS ALEXANDER LLC**

# HERTZ'S BOTCHED THEFT REPORT CAUSED THOMAS CHANNELL'S HEART ATTACK

## I.    INTRODUCTION

Thomas Channell had a heart attack in May 2018 because Hertz had him arrested at gun point after the company submitted a false theft report to the police.

The error on Hertz's part is unambiguous. Hertz reported the car the Channells were renting as stolen on April 4, 2018, claiming it was rented on January 6, and due back on February 22, 2018, but had not been returned. Hertz failed to realize that the Channells were on an approved multi-month rental that started in 2017 and ended in June 2018; Hertz's own rental records show that the rental was extended month-after-month on February 22 and March 23—*after* the due date inserted in Hertz's theft report.

This was the result of Hertz's failure to investigate, Hertz's abysmal record-keeping practices, and Hertz's dysfunctional computer systems.

## II.    HERTZ IGNORED THAT THE CHANNELLS HAD A CONTINUING AND SPECIALLY APPROVED MULTI-MONTH CONTRACT; HERTZ BOTCHED A VEHICLE EXCHANGE LEADING TO THE FALSE REPORT

### a.  The Channells Entered into a Multi-Month Rental in November 2017 with a Malibu, but Exchanged the Malibu in January 2018 for a Camry; the Rental was Effective until June 2018

The Channells initially rented a Chevy Malibu in late 2017 on an approved multi-month rental contract. It was supposed to be continuing until June 2018. Hertz001080-89. On or around the 22nd of each month, the month-over-month rental would renew for the next month. Id.

In or around January 2018 the Channells exchanged the Malibu for a Toyota Camry with plate number JBLI54, as this addendum to the multi-month contract shows:

> \* TRANSFER EXCHANGE FROM VEHICLE# 1398 /7523343
> DATE : 01/06/18  TIME : 14:17
> TRANSFER EXCHANGE MILES DRIVEN :  572
> TRANSFER EXCHANGE FUEL & SERVICE CHARGES : $   81.17
>
> NEW VEHICLE :  01398 /7715337
>
> \* ORIGINAL CAR EXCHANGED.  ALL TERMS AND CONDITIONS
> OUTLINED IN THE ORGINAL RENTAL AGREEMENT CONTINUE
> TO APPLY THROUGHOUT THE RENTAL PERIOD.
> PLEASE REFER TO YOUR COPY.

Hertz001090. As far as the Channells knew, the multi-month rental continued as normal.

Following the vehicle exchange, on February 22, 2018, Hertz issued the Channells an extension on the multi-month rental for another month, as these invoices show:



See Hertz001083, 1088. The Channells paid every month for the prior 30 days of rental charges, with no issues.

As planned, the multi-month rental was then renewed again on March 24, 2018, for another month (in accordance with the prior renewals under the multi-month contract):

```
RENTAL DETAILS
Rate Plan:          IN: MMR2    OUT: MMR2
Rented On:          03/24/2018 17:06  LOC# 746410
                    BOCA RATON, FL
Returned On:        03/30/2018 07:43  LOC# 746410
                    BOCA RATON, FL
Car Description:    JBL154
Veh. No.:           7715337
CAR CLASS Charged:  F           MILEAGE    In:
          Rented:   F                      Out:
          Reserved: F                      Driven:
```

Hertz001084, 1089. To the Channells' knowledge everything was fine, and their rental was continuing until June 2018. However, for no apparent reason and without any explanation or notice to the Channells, Hertz closed out the Channells' rental contract on March 30, 2018.

**b. Hertz Botched the Vehicle Exchange and Reported the Car Stolen, Failing to Realize Due to Lack of Investigation that the Channells were in Possession of a Vehicle on a Continuing Multi-Month Rental Contract**

Hertz Vehicle Control erroneously believed that the Channells' rented vehicle was due back on February 22, 2018, and that the rental contract had not been extended or renewed. As can be seen from Hertz's own invoices, this was not the case. At some point, Hertz began treating the exchange addendum contract from January 2018 as a new contract, and failed to realize that it was merely an addendum to a ***continuing*** multi-month contract.

Hertz therefore compiled a theft package claiming the Channells had stolen the Camry with plate JBL154 by not returning it on February 22, 2018:

| Unit No | Year | Make | Model |
|---|---|---|---|
| 0007715337 | 2018 | TOYOTA | CAMRY |
| Lic Plate YR | Lic ST | Lic NO. | Odometer Out |
| 2018 | FL | JBL154 | 5262 |

| Date & Time Rented | Rented From | Due Date |
|---|---|---|
| 01/06/2018 14:17.00 | 01320-11 | 02/22/2018 17:08.00 |

Hertz001094. While the theft package was being compiled, no one at Hertz investigated or verified any allegations contained therein. At best, Hertz failed to realize (1) that there was an ongoing multi-month rental, (2) that the exchange addendum to the multi-month rental was not a separate contract, and (3) that the information in the theft package itself was highly inconsistent regarding the start and end dates of the rental.

In fact, it appears that there was little to no human involvement at all in the drafting of the Channells' theft package, and that it was generated almost entirely by Hertz's compromised

computer systems. The theft package also failed to note that the Channells had paid many thousands of dollars for this rental.

Then, without any warning or notice to the Channells, Hertz finalized and printed the theft package on March 29, and then closed out the rental on March 30, 2018:

Prepared Date:  3/29/2018
Printed Date:   3/29/2018 2:05:11 PM

Hertz001094.

The theft package also falsely claimed that Hertz had performed a rigorous check of all its systems to safeguard against any type of mistaken report:

THE VEHICLE APPEARED ON THE OVERDUE REPORT. THE PHONE NUMBER ON THE RENTAL WAS CALLED. ALL AVAILABLE SYSTEMS HAVE BEEN CHECKED. NO ADDITIONAL INFORMATION HAS BEEN FOUND.

Hertz001094. This is boilerplate language that Hertz places in its theft packages, even though the company has acknowledged that it performs no such check.

Note that because the theft package was closing out a rental contract for the Camry with plate JBLI54 on March 30, 2018, this also had the simultaneous effect of closing out the continuing multi-month contract that was linked to the same car—*unbeknownst to the Channells and Hertz*. This is why the multi-month rental documents show that the Channells' March monthly renewal contract with a start date of March 24 (for the next 30 days) abruptly ended in less than a week.

The Channells, however, did not know this and believed everything was fine.

The April 4, 2018 police report reflects that a Hertz employee falsely told the police that the rental had started on January 6 and was due back on February 22, 2018, plainly doing no more than reading the face page of the theft package to the police. PLT000606. There was no mention of the multi-month rental, the February and March renewals, the vehicle exchange, that the rental was supposed to end in June 2018, or the thousands of dollars that the Channells had paid Hertz for the rental. Id.

Not only was there no investigation pursuant to W7-02(a)(17), or by Hertz vehicle control, but no one at Hertz even checked the report to ascertain whether the information the package contained was internally consistent (e.g., that this was a multi-month contract, and that the dates of rental provided in the theft package were wrong).

### c.  Thomas Channell is Pulled Over for Car Theft and has a Heart Attack

As a result of Hertz's false report, the car was recorded as stolen, and the car being driven by Mr. Channell was pulled over on May 12, 2018. Mr. Channell was arrested at gun point, and he immediately suffered a heart attack.

He had to undergo emergency heart surgery, and his and his family's life life has drastically changed as a result.

Hertz apologized to Channell's son, Michael, while Thomas was undergoing surgery.

## III.  Conclusion

Hertz claims to be "Number 1" in customer service. Hertz has to match words to deeds and make amends for what it did to the Channells. One of its regularly-paying customers was pulled over at gun point and had a heart attack due to Hertz's gross incompetence and recklessness.

The nostrum that the Channels share any blame for what happened, or that Hertz can attempt to ignore its liability, is preposterous. The case illustrates that Hertz's lack of investigation is a serious, systemic problem. It also illustrates that Hertz's computer systems and departments do not communicate with each other, and that Hertz's theft reports often vary wildly from the information in Hertz's possession and the facts of the case.

The fact that many of Hertz's theft reports are so inaccurate undercuts every assertion Hertz has made about the adequacy of its theft reporting processes and the reliability of its computer software. Given that Hertz deletes vital rental records that demonstrate that its theft reports contain inaccurate information, this also raises truly monumental concerns about the motives behind Hertz's document destruction.

Lastly, this case shows that even after being notified in 2017 by customers such as Michael Gray (Texas), Kelly Grady (Pennsylvania), and Nancy Cullen-Smits (Virginia) of these very real problems and their consequences, Hertz has steadfastly refused to make reforms.

# ATTACHMENT T



FRANCIS ALEXANDER LLC

# Hertz Botched Stepanyan's Rental Contract, Failed to Investigate, and Prosecuted Him with False Data

## I. Introduction

Hertz identified the wrong car in Arthur Stepanyan's rental contract, never called him about the error, and then reported the car he was driving stolen without a full investigation. Once Hertz realized after Stepanyan's arrest that the company had made a major error, the company **sent false documents** to the police to have Stepanyan prosecuted for a nonexistent crime to cover up its errors.

In March 2019 Arthur Stepanyan rented a silver Dodge Ram from the Charlotte Airport location for two weeks. At the end of the two weeks, on March 14, he returned the vehicle. However, he had a change of mind and rented it again. Upon checkout, Hertz incorrectly put a F150 on the contract, instead of the Dodge Ram Stepanyan was driving. Hertz then cleared him out of the lot, failing to realize he was not in a F150. This caused Hertz to think the Dodge Ram Stepanyan was driving was missing from inventory when in actuality Mr. Stepanyan was renting it (the facts of this case are very similar to those of the Cullen-Smits case that Hertz has already agreed to mediate).

Then, instead of simply calling the last known renter to see if he had the vehicle (as Hertz policy and common sense require), Hertz reported the car stolen. After Stepanyan was arrested, and Hertz realized there had been an error, Hertz then sent false documents to the police to justify an illegitimate prosecution of Stepanyan to cover up the botched rental. This was happening even as Stepanyan desperately asked Hertz managers to help him get the prosecution stopped, but was told they could do nothing.

Mr. Stepanyan routinely rented with the company and was well-known at the local Hertz office. The notion that one of Hertz's good customers intended to steal a car is absurd in and of itself.

## II. Hertz Rented the Wrong Truck to Longtime Customer Arthur Stepanyan and then Fabricated Rental Documents to Cover Up the Error and Justify His Prosecution

### a. Hertz Identifies the Wrong Vehicle on Stepanyan's Rental Contract

Arthur Stepanyan is a longtime Hertz customer who rented multiple times with Hertz, including several times in the months before the rental at issue.

Stepanyan was well-known at the Hertz Charlotte airport location. Mr. Stepanyan rented a Dodge Ram for two weeks in early March 2019, in connection with the rental contract ending in number 5791. Hertz records show that he returned the vehicle and checked back in on March 14, 2019. Hertz000431. However, after looking at an F150, Stepanyan decided to rent the Dodge Ram again.

Mr. Stepanyan was then checked out at the counter and given a new contract ending in 1203, which was then inspected at the booth. Personnel at both the counter and the checkout booth apparently failed to realize that Stepanyan's rental receipt erroneously reflected that Stepanyan was renting a Ford F150, and not the Dodge Ram he was actually driving. PLT00280.

Mr. Stepanyan spoke with Hertz several times after leaving the location and was not informed of any issues on Hertz's end. Furthermore, in the past, whenever there was an issue or an extension was needed, the Charlotte location would call him. He also knew that his valid credit card was on file and, pursuant to Hertz practice, would be charged when he returned the car (he had never had a problem before this during his many rentals). However, none of these steps were taken because Hertz failed to accurately record the truck he was renting on his contract.

**b. Hertz Reports Stepanyan's Rental Car as Missing from Inventory/Stolen, but Never Calls The Last Known Renter During its Investigation; Theft Notes Indicate Hertz was Eager to Have Stepanyan Arrested**

Hertz went to the police on August 1, 2019, and told them that the car was missing from their inventory after last being returned by Mr. Stepanyan on March 14, 2019:

> VEHICLE CONTROL WAS NOTIFIED OF THE ABOVE THEFT LOT INFORMATION ON 05/31/2017, THE LAST DOCUMENTED MOVEMENT ON THIS VEHICLE WAS A CHECK-IN UNDER RENTAL RECORD# 40240579 TO THE 11880-12 LOCATION. THE VEHICLE WAS RETURNED BY THE LAST RENTER, STEPANYAN/ARTHUR TO THE ABOVE LOCATION PRIOR TO THE THEFT. THERE IS NO RECORD OF THIS VEHICLE BEING RENTED AND/OR TRANSPORTED TO ANOTHER LOCATION AFTER THE 03/14/2019 CHECK-IN.

Hertz000431. As a result, Stepanyan was arrested on August 5, 2019.

Hertz gave us a Power Point presentation claiming that it has the best policies and practices, including a checklist that has to be followed for each theft report. On that checklist it quite sensibly states that before any theft report can be made, Hertz has to call the last known renter:

> **Confirmation with Last Known Renter** - Contact last known renter to 1) confirm the make model & color of vehicle rented/returned 2) determine if the vehicle was actually returned to a Hertz facility & specifically which facility 3) review the return process 4) obtain a customer description of the location and the name of the employee who assisted them and 5) ask about any problems or concerns with the vehicle's condition

In violation of its own policy, however, Hertz never attempted contact with Stepanyan. Had Hertz done so, the problem would have been cleared up without a theft report and subsequent arrest. This case illustrates what can happen if a full checklist pursuant to W7-02(a)(4) is not completed.

This case has other troubling aspects. For instance, the theft package shows that Hertz knew Stepanyan had the vehicle and that, instead of calling him (the last known renter), they

wanted him arrested:

> US 2019-07-30 09:37:21.301 19073000000 DTC3038  EMAIL FROM GM Bryce Kent any chance we can get the theft package today? We have good information?on who has this vehicle and the the police are just waiting for us to report it. thanks

Hertz000432. Instead of calling the last known renter to see what the issue was, or hiring a repossession service, Hertz's goal was instead to report the car stolen and arrest the customer.

This attitude—and palpable eagerness—to use the police to arrest a longtime and well-known customer, without even an attempt to contact him, is baffling.

### c. After Stepanyan is Arrested, and Hertz Realized the Last Known Renter was in Possession of the Vehicle, Hertz Fabricated Documents to Cover Up the Error and Justify Prosecuting Stepanyan

This car was initially reported to the police as lost inventory and the theft package expressly acknowledged that Stepanyan had returned the car on March 14, 2019, in connection with the contract ending in 5791. Hertz000431. Instead of conducting an internal investigation to determine why the last known renter still had the car after returning it, Hertz engaged in a cover up.

In particular, Hertz had the police charge Stepanyan with a felony for "fail[ure] to return at the end of a rented period." PLT000282. There was just one problem: Hertz knew from its theft package that the Dodge Ram was in fact *returned by Stepanyan on March 14 and fully paid for*:

> VEHICLE CONTROL WAS NOTIFIED OF THE ABOVE THEFT LOT INFORMATION ON 05/31/2017.
> THE LAST DOCUMENTED MOVEMENT ON THIS VEHICLE WAS A CHECK-IN UNDER RENTAL RECORD# 402405791 TO
> THE 01880-12 LOCATION. THE VEHICLE WAS RETURNED BY THE LAST RENTER, STEPANYAN/ARTHUR TO THE
> ABOVE LOCATION PRIOR TO THE THEFT. THERE IS NO RECORD OF THIS VEHICLE BEING RENTED AND/OR
> TRANSPORTED TO ANOTHER LOCATION AFTER THE 03/14/2019 CHECK-IN.

Hertz000431. The truck was then rented out to Stepanyan again but recorded incorrectly on his new contract, something Hertz knew or should have known had it simply performed a basic investigation before or after Stepanyan's arrest.

Later, on August 14, Hertz doubled down on prosecution. It sent a false Overdue Vehicle Report to the police alleging that Stepanyan had never returned the rental after renting it on March 1, 2019, and that it was overdue when Stepanyan was arrested. This Overdue Vehicle Print Report was not in the original theft package and was modified on August 14, 2018. It also claimed that Stepanyan's credit card was denied and that he had never rented with Hertz before:

| Work Sheet ID | Status | Time Created |
|---|---|---|
| 19031402438 | Clsd | 2019/03/14 05:35 |
| Last Updated DT | Updated By | First/Last Name |
| 2019/08/14 11:34 | TTROUPE1 | ARTHUR STEPANYAN |
| Address | City | ST Ctry |
| 1107_ PAINTED TREE RD | CHARLOTTE | NC US |
| Phone1 | Phone2 | # Prior Rntls |
| 7044510055 | | 0 |
| RA Number | Days OD | Status |
| 402405791 | 2 | P |
| Area/Loc | Report DT | Due Date/Time |
| 01880/_2 | 2019/03/14 | 2019/03/13 20:58 |
| Res ID | Res Type | Res Date |

| Credit Card # | FOP | FMT | Restr? | Aprv Stat |
|---|---|---|---|---|
| XXXXXXXXXXX9145 | MC | CR | N | DENIED |

Hertz000443-444. In reality, Hertz knew Stepanyan had returned the car on March 14, 2019, and that claiming the rental on contract 5791 was overdue was simple false. Hertz also knew that the rental was paid for and that Stepanyan's card was not denied. Lastly, Stepanyan had rented with Hertz many times and was well known at the location. Hertz's "overdue report" document appears to have been fabricated/altered after the fact to make it appear as though Stepanyan failed to return the vehicle and pay for the rental.

It defies logic that Hertz would attempt to make it appear as if a longtime renter whom Hertz **knew** had returned the rental on March 14 and paid for it, (1) had never returned it, (2) had used a bad card and did not pay for it, and (3) was a first-time renter.

This overdue report was actually sent to the police/prosecutors by Hertz for the purpose of prosecuting Stepanyan and finding him guilty of serious crimes Hertz knew he never committed:



Hertz000443-444. Why this matter was treated as an overdue rental after Stepanyan's arrest—when it was immediately apparent Hertz had made an error—is astounding and troubling.

Note that while Hertz was creating and sending this false document to the police, Stepanyan personally spoke with someone at the Hertz location (this employee apologized to him), David Nipper (the Area Manager), and Tim Burrell (the corporate security manager) **asking them to please drop the case**. They responded that they were powerless to help him or stop the prosecution.

After Stepanyan hired a lawyer to fight what was happening to him, Hertz refused to cooperate further with prosecutors, leading to the dismissal of the charges:

| ☒ | 5. Other: *(specify)* | ☐ See additional information on reverse. |
|---|---|---|
| | Victim business no longer cooperative. | |

PLT000284.

Given that Hertz has a duty to withdraw continuing prosecutions it knows no longer have probable cause, it is particularly egregious that, upon making the decision not to pursue the case, it would stop cooperating with prosecutors instead of dropping the case and making amends to Stepanyan.

## III.  CONCLUSION

The simple fact of this matter is that Hertz was, at best, grossly negligent when it identified the wrong car in Stepanyan's rental contract and failed to catch the error at the booth. It was, at best, reckless and malicious for Hertz to report the Dodge Ram stolen without even calling the last known renter—a basic investigative step mandated by Hertz policy—despite believing that Stepanyan (a longtime renter) was in possession of the vehicle.

It was, at best, knowing and malicious when Hertz, after Stepanyan's arrest, altered documents and pursued a prosecution of Stepanyan on grounds the company's own records proved were inaccurate.

Making matters even worse, when Stepanyan contacted Hertz managers and asked them to withdraw the prosecution, Hertz refused. The case was only dropped after Hertz ceased cooperating with the prosecution after Stepanyan hired a lawyer to fight what was happening.

ATTACHMENT U

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| THE HERTZ CORPORATION, *et al.*, | : Case No. 20-11218 (MFW) |
| Debtors. | : |
| | : |
| | : |
| | : |
| | : |
| | : |

# Declaration of Steven P. Wood, Esq.
## In Support of
### False Police Report Claimants Responses to Debtors' 21st and 22nd Omnibus Objections

I, Steven P. Wood, declare as follows:

1.      I am a Partner in the Wilmington, Delaware office of McCarter & English. I have been retained by Counsel for the False Police Report Claimants to offer opinion testimony in this matter. I submit this declaration in support of the False Police Report Claimants' Responses to the Debtor's 21st and 22nd Omnibus Objections. I have personal knowledge of the facts and opinions stated in this declaration and can testify competently to them if called to do so.

A.      Background and Qualifications

2.      I earned my undergraduate degree from the University of Delaware and my law degree from Emory University School of Law. I was admitted to practice law in the State of Delaware in 1985. Before joining McCarter & English, I served as a Deputy Attorney General with the Delaware Department of Justice for 31 years, becoming the Department's most senior and experienced trial prosecutor. I served as the lead prosecutor in hundreds of jury trials, including

1

dozens of complex homicide investigations. I headed the Delaware DOJ's New Castle Office from 1998 to 2001, and the Criminal Division as State Prosecutor from 2001 to 2007. I was part of the homicide unit from 2010 to 2016.

3.      In recognition of my achievements as an attorney general, the Delaware DOJ honored me by placing me on its Wall of Excellence. I also currently serve as a member of the Delaware Supreme Court Court's Advisory Committee on the Delaware Uniform Rules of Evidence. I have taught several NITA classes and have served as an instructor for trial techniques programs offered by the Emory University School of Law, the Rutgers/Camden School of Law, the University of San Francisco School of Law, the Widener University School of Law, the Hofstra University School of Law, Equal Justice Works, the International Society of Barristers, the Oakland County (MI) Office of the Prosecuting Attorney, the New Jersey Office of Law Guardian, the Maryland Office of the Public Defender, the Florida Attorney General's Office, and the Philadelphia Bar Foundation. I am also a fellow of the American College of Trial Lawyers. My resume is attached as Exhibit A to this declaration.

B.      Scope of Work and Factual Background

4.      I have been retained by counsel for the False Police Report Claimants to provide opinion testimony related to (1) whether a reasonably prudent prosecutor would want to know whether Hertz intended to charge the credit card of a customer identified as the subject of a theft report and whether a reasonably prudent prosecutor would consider fact of payment as material fact, (2) whether a reasonably prudent prosecutor would prosecute a person in claimants' position given Hertz's policies, (3) whether someone in Hertz's position as the initiator of a theft report has a duty or obligation to include all obviously relevant facts that might reasonably be expected to support a determination whether or not probable cause exited to believe that a crime had been

committed by the accused, (4) whether someone in Hertz's position as the initiator of a theft report has a duty or obligation to correct mistakes or omission after filing a police report that might reasonably be expected to affect a previously-made probable cause determination by a prosecutor, (5) the kind of due diligence expected from an entity such as Hertz before filing such a police report, and (6) whether a reporting party would receive notice of actions taken based on a filed theft report.

5.      As part of forming my opinions, I reviewed various filings in this case, including the May 2020 Complaint, Hertz's objections, various memoranda and correspondence served or sent to Hertz, portions of trial transcripts, and exemplary theft report packages.

6.      I also reviewed certain descriptions of Hertz's practices and policies. I understand that Hertz has an official policy, W7-02(D) that its employees must not charge a card, or attempt to charge a card, until after he or she has filed a police report. My understanding is based, in part, upon my review of that written policy as it is set forth in Case No. 20-11218, D.I. 5032–2. According to W7-02(D), Hertz's OKC Vehicle Control Department must close the rental agreement after verifying the Theft Vehicle Report with police. I also understand that Hertz does not include with its theft report the fact that it has the ability and intent to charge the customer's card, and does not thereafter supplement the theft reports with the fact that the card has been charged.

7.      I also reviewed certain relevant criminal statutes of the states of Delaware, including those cited herein.

8.      Further, I understand that despite official policies to the contrary, Hertz has destroyed rental notes, recordings, and records regarding nearly two dozen claimants. These records are, of course, the best evidence of interactions between Hertz and its customers, and likely

rise to the equivalent of potentially exonerating information that Hertz must retain. I understand that at least in one previous case, the *Grady* case, the court issued spoliation sanctions against Hertz for its failure to retain material information related to Ms. Grady's case. Given the fact that the information related to an allegation of auto theft by Hertz, there is no excuse for destruction of this information in my view.

9.      I also understand that there is evidence that Hertz erases rental extensions and backdates vehicle due dates. I understand that Hertz does not routinely provide written confirmation of extensions to its customers, and there is evidence that Hertz's systems often automatically delete any record of extensions from the rental systems. There is evidence that Hertz only bills customers at the end of the rental, but during the rental it checks to make sure the card is active and that there is available credit on the card to pay the rental (an "authorization hold"). When an authorization hold is denied, Hertz deletes any record of the extension without notice to its employees or its customers. The theft report omits any record of the customer's contact with Hertz as well as any record of the rental period extension. I understand that there is evidence of this in relation to claimants Hanna "John" Ayoub, Laketa Collins, and Shontrell Higgs, among others.

10.      I understand that there is evidence that Hertz fails to thoroughly investigate its theft claims before filing a police report. I understand that Hertz has a policy, W7-02(a)(17), that every theft must be promptly investigated by the Security Manager responsible for the renting location. I understand that there is evidence that Hertz does not perform any investigation to verify its theft reports. I understand that in the *Grady* case, several Hertz employees testified that Hertz has given them instructions that theft packages should be immediately delivered to the police without any independent investigation or inquiry into whether payment has been made, whether the vehicle has been returned, or whether the rental has been extended. I understand that in many cases the putative

investigators are not even given the necessary information or access to even begin an investigation. Further, there is evidence that Hertz sometimes notes that private repossession services have been contacted when no such services were hired. During the *Grady* trial, there was testimony that Hertz's failure, or refusal, to perform independent investigations was a cost-cutting measure.

11.     I also understand that Hertz does not supplement or correct theft reports when they learn of inaccuracies or falsities in the report. Hertz never withdraws false reports, nor corrects misstatements or omissions about payment, renter contacts, renter extensions, whether the renter was an insurance rental or rideshare driver, or any other critical information. Indeed, Hertz admitted to the Philadelphia Inquirer:

> Hertz has no mechanism to withdraw a criminal referral because, the company spokesperson said, it has to maintain a relationship of "integrity and responsibility" with law enforcement.
>
> "In the rare instances this happens, if you report a crime, and you later say it didn't happen, then law enforcement tends not to believe you if you retract it or say you were mistaken," the spokesperson said. "Hertz's continued good relationship with law enforcement is important."

Sam Wood, "Bankrupt Hertz is Still Wrongly Accusing Customers of Stealing Cars," Page A1, Philadelphia Inquirer (Aug. 3, 2020), available at https://www.inquirer.com/business/retail/hertz-stolen-car-grand-theft-auto-malofiy-bankruptcy-lawsuit-20200803.html.

12.     It is my understanding that Hertz fails to provide exculpatory information concerning payments made by the accused subsequent to the filing of the initial police report. Payment information is highly significant. As Detective Wojciechowski testified in the *Grady* case, this information was not provided to him in the initial report or subsequently and would have changed his position regarding whether or not there was probable cause. I agree with the Detective in this regard:

Q. Did Hertz ever tell you that the total amount of money that was paid for that car was $4,250?

A. No.

Q. Is that pertinent information that you would like to know in determining whether or not probable cause existed if the car was fully paid for?

A. If the car rental had been fully paid for, yes, that would be pertinent.

Q. And that would change your sworn oath as to probable cause; correct?

A. Yes.

***

Q. Would it change your position on probable cause if the car was fully paid for and there was regular contact by Ms. Grady, and her renewal was extended?

A. Yes.

9/12/2017 Testimony, at p.67-68.

13. This is further confirmed in the *Grady* trial by Officer Iannocone, who testified similarly.

REDIRECT BY MR. MALOFIY:

Q. You were asked questions about probable cause and whether there was probable cause based on information you were provided; correct?

A. Correct.

Q. Now, if information was omitted from you, like payment of the car was paid in full, would that that change your view on probable cause; correct?

A. Most definitely.

Q. And if you weren't told about omitted facts about that she had -- excuse me. That Ms. Grady had spoke to Hertz for 88 minutes, 12 phone calls, and had paid a total of $4,250, that would be an important fact in coming to your conclusions about probable cause; correct?

A. I wouldn't know about the phone calls. I'm not listening. Obviously, the payment would definitely bear -- make bearing on it. They would all be factors taken into consideration, of course.

Q ... No one from Hertz, and Mr. Graeber never followed up with you and provided you information that Ms. Grady was in constant contact with Hertz and also that $4,250 were paid to that car on 7-15-2013, seven days before your interview?

A. I was never provided that information.

Q. Is that information you would have liked to have known?

A. If anything truthful, I would like to know, yes.

6

9/17/2017 Redirect Examination of Officer Michael Iannocone, at p.65-67. I, too, agree that this would change the calculus on determining whether or not there was probable cause.

C.   Opinions

14.    Before providing my opinions regarding topics (1) – (6), I will add that I have no reason to doubt the veracity of the factual allegations in the Complaint at this point, especially considering the number of victims as well as similarity between the victims' complaints. At the outset, I must observe that every prosecutor has an ethical obligation to ensure that a criminal prosecution is supported at all times by probable cause. This obligation is universally understood to be a fundamental one. It is set forth, for example, in Rule 3.8 of the Delaware Lawyer's Rules of Professional Conduct, Standard 3-4.3(a) of the American Bar Association's Criminal Justice Standards, and Standard 4-2.2 of the National Prosecution Standards of the National District Attorneys Association.   It goes without saying that, to meet his or her ethical obligations, a prosecutor must rely upon a person or entity who reports a crime to provide all obviously relevant and material information in the reporting person or entity's possession as the time of the initial crime report. The prosecutor's probable cause obligation is ongoing throughout the life of a prosecution, and so the prosecutor must rely upon the reporting person or entity's continuing obligation to provide all relevant and material information should the facts change.

15.    In Delaware, and in most other jurisdictions, automobile theft is a felony. Consequently, warrants for automobile theft are not taken lightly. Felony warrant are more likely to result in armed car stops, and pre-trial detention is significantly more likely than would otherwise be the case. Thus, what appears to be, at the very best, a cavalier attitude by Hertz is deeply troubling.

16.     First, it is my opinion that whether or not a renter who is alleged to have stolen an automobile paid for his or her use of the subject vehicle is material fact that a prosecutor would absolutely need to know when determining whether probable cause existed to begin or continue a prosecution.  In fact, whether or not payment was made is an outcome determinative fact, as in Delaware (and in many other jurisdictions) if payment was made the crime of theft was not committed. No reasonable prosecutor would file charges knowing that the customer's card has been charged. This goes right to the heart of probable cause. The importance of whether or not payment was made is underscored by the fact that, in many of the cases that are discussed in the Complaint, a prosecutor dropped the charges upon learning that the defendant had, in fact, paid for the rental. If Hertz is able to charge a customer's card for a rental, that car was not stolen and should not be reported as stolen. Hertz cannot credibly take the position that a car can be stolen even if the renter's card has been charged.

17.     Second, given Hertz policies, a reasonable prosecutor with knowledge of Hertz's policies would not accept a theft report or file charges against a Hertz customer because those policies are inconsistent with the probable cause finding that must support a theft charge. Hertz's policy W7-02(D) that its employees must not charge a card, or attempt to charge a card, until after he or she has filed a police report raises serious doubts about the validity of any report, and thus undermines any probable cause. To a reasonable prosecutor—indeed, to a reasonable person generally—the more prudent and factually and legally sound approach would be to charge the card or attempt repeatedly to charge the card before going to the police because, absent such attempts, the probable cause necessary to initiate or continue a theft charge cannot be found. In particular, the fact that a defendant has paid for property that is subject to a theft charge is fatally inconsistent with the *mens rea* that is necessary element of the charge. For this reason, filing a theft report with

the police should be the last resort after all other avenues have been exhausted. This is particularly true when, as here, Hertz was easily able to charge the renter's credit card and therefore be fully compensated for the value of rental.

18.     What is apparent in these cases is that the triggering event is ***not*** the alleged "failure to return the vehicle," but rather a "denied" authorization for future payment. Since the catalyst is payment related, then this is squarely a civil matter and has no place occupying the police's or prosecutor's time. Further, it is the denied authorization for future payment that triggers the backdating of the rental due date—which allows Hertz to say that it was a "failure to return the vehicle." This is either an entirely false statement, or at best it is fundamentally misleading. This amounts to converting speculation about future payment which might mature into a civil payment dispute but not a criminal matter. Criminal charges cannot be based upon speculation about future events.

19.     I would note and agree that when police or prosecutorial misconduct severely taints a body of cases involving the same conduct reported by the same purported "victim," the courts recognize that convictions and pleas improperly obtained with falsified testimony/evidence or withheld evidence must be reversed and vacated:

  ▪ Sarah Blaskey, "*Culture of corruption in Bascayne Park Police: 'Way worse than I imagined,'*" Miami Herald (Feb. 27, 2019), https://www.miamiherald.com/news/local/crime/ article226890009.html;
  ▪ Joseph A. Slobodzian, "*Phila. Judge tosses 7 drug convictions tainted by police corruption probe,*" Philadelphia Inquirer (Nov. 4, 2016), https://www.inquirer.com/philly/news/20161105_Phila__judge_tosses_ 7_drug_convictions_tainted_by_police_corruption_probe.html (stating that 812 pleas and verdicts were overturned due to the perjured testimony of six police officers in hundreds of cases);
  ▪ "*6 Convictions are Voided,*" LA Times (May 5, 2000), https://www.latimes.com/archives/la-xpm-2000-may-05-me-26912-story. html;
  ▪ John Israel, "*A judge has already vacated 8 drug sentences and another 263 are under view,*" Think Progress (Sept. 22, 2018),

> https://thinkprogress.org/fired-cop-who-may-have-planted-drugs-shows-why-floridas-felon-voting-ban-is-so-insidious-b4143bf0e772/;
> ▪ Nancy West, *"Evidence of Police Dishonesty Leads to Overturned Convictions Nationwide,"* The Crime Report (July 21, 2015), https://thecrimereport.org/2015/07/21/2015-07-evidence-of-police-dishonesty-leads-to-overturned-co/.

20.    The result should be no different when it is a private corporation whose reports and investigations are relied upon by law enforcement as accurate, but are later shown to be manifestly false, and which therefore caused the prosecution of the defendant that was never supported by probable cause. This is because law enforcement and the prosecuting agency are relying on the initial investigation and report by the private corporation. There is a presumption that the report and investigation is accurate, correct, and submitted in good faith after sufficient due diligence.

21.    When the information supporting a probable cause affidavit is determined to be based on false, misleading, or tainted evidence, justice requires that the investigation be re-opened. Often, those criminal arrests, prosecutions, and convictions are overturned. Here, because the filing of unverified theft reports contain false or misleading information regarding payment, return date, renter contact, and extensions with Hertz, and because this is a nationwide problem, all of the criminal prosecutions which relied on Hertz's deceptive theft package should be reinvestigated. This would be akin to discovering a forensic laboratory processing blood or DNA evidence that was later shown to have had unreliable, compromised, or tainted procedures. Convictions that relied upon such evidence would eventually be overturned.

22.    It is my opinion that Hertz's conduct in this matter, as I understand it, may actually be criminal. In Delaware, and in most states, it is a criminal offense to falsely report a crime to the police. In Delaware, the crime of Falsely Reporting an Incident (11 Del. C. § 1245) is committed when a person or entity reports to law enforcement "the alleged occurrence of an offense or incident which did not in fact occur," or "false information relating to an actual offense or

10

incident." Hertz's conduct easily falls with the ambit of that offense. The fact that Hertz knew or should have known that in most or all of the cases that are described in the Complaint it was likely to be fully paid for the use of its rental vehicle suggests that the theft it reported "did not in fact occur"vas a matter of law.  Even if one assumes (against the weight of the evidence) that Hertz believed that its rental vehicle was stolen, the fact that it backdated the vehicle due dates constitutes providing "false information relating to an actual offense."

23.     Furthermore, depending upon the circumstances, Hertz's deletion of its records pertaining to the extension of the vehicle lease as described above may also constitute criminal conduct. In most states, it is a crime to intentionally alter or destroy evidence that one knows is likely be used in a criminal proceeding. In Delaware, the offense is called Tampering With Physical Evidence. (11 Del. C. § 1269).

24.     In my opinion, Hertz—and any other individual filing a theft report—has a duty and obligation, both legal and moral, to supplement the police report with additional information that may exonerate an individual. I understand that Hertz may take the position that any failure or refusal to correct or supplement the police report is not a crime. If Hertz were to actually take this position it would be clearly incorrect as a matter of basic decency. The notion that a person or entity is free to allow a prosecution that it initiated to continue after learning that the person it accused of a crime is actually innocent because no crime was committed is untenable. Moreover, prosecutors must rely upon those filing police reports to present facts as accurately as possible, and, if those facts are called into doubt by subsequent events, prosecutors must rely upon the complaining "victim" to correct their submissions and the factual record. Otherwise, prosecutors cannot meet their ethical duty to swiftly end a prosecution that is no longer supported by probable cause. That it may not be a crime if a person or entity fails to meet this basic obligation of a civil

11

society is irrelevant from a prosecutor's perspective. And in this case, Hertz is in the best position to supplement the theft report. It cannot lay that problem at the feet of the prosecutors or the customer.

25.    Finally, any reasonable prosecutor would expect a large company like Hertz to have policies and procedures in place for independently verifying automobile theft allegations *and to follow them*. Indeed, consensual use of automobiles for payment by a renter is Hertz's business. It is not unreasonable to expect that Hertz maintain reliable systems for inventory control, establish *and follow* reliable procedures for investigating potential thefts, and have a system of internal checks that is utilized before involving law enforcement. That there are repeated instances of Hertz failing to do so is a significant concern from a prosecutorial standpoint.

26.    I understand that at least two law enforcement agencies have suspended receipt of auto theft reports from Hertz. I understand that the Louisville Airport Department of Public Safety has stated that it will suspend taking stolen vehicle reports unless Hertz physically sees someone steal an auto, has evidentiary proof of such, or identifies an obvious non return. I also understand that in November 2016, the Indianapolis Airport Police similarly imposed restrictions on Hertz theft reports due to false reports leading to the wrongful arrests of customers. As a prosecutor, upon learning of the facts as alleged in the complaint I would have employed similar restrictions on Hertz in my jurisdiction.

27.    I understand that it is relevant to these proceedings whether Hertz was aware that the Claimants had been arrested and/or prosecuted in connection with theft reports filed by Hertz. In my experience as a prosecutor, I can attest that it is common practice for law enforcement and prosecutors to alert complaining parties when persons are arrested in connection with theft reports they have filed, and as the criminal case proceeds through the criminal justice system. This would

include initial notification as well as close communication after a charging decision was made, after charges were filed, and concerning any court dates involving the matter. In many states, communication between the police, prosecutors, and "victims" of a crime is mandated by statute. In Delaware, the Victims Bill of Rights (11 Del. C. § 9401 *et. seq.*) establishes the obligation of the police and prosecutors to provide crime victims with notice as the case progresses through the system. Consequently, it is virtually certain that Hertz received multiple notices about each of the cases described in the Complaint and similar cases alerting it to the fact that a prosecution had commenced and was progressing. In Delaware, and in many states, the pre-trial custody status of the arrestee would be routinely provided to the victim. And, of course, notice that an arrest had occurred would be a natural part of returning the vehicle to Hertz. With each such notice in each case, Hertz would have been provided with the opportunity to advise the police and prosecutors that its original crime report was made in error and it would have been provided with contact information to facilitate the communication. It is my understanding that Hertz never did so.

28.    The fact that Hertz would have received the notice as described in the preceding paragraph, when coupled with the information in its possession pertaining to its credit card billings and full lease payments in each of the cases described in the Complaint means that Hertz had actual knowledge, or at least should have known, that each of the defendants in each prosecution described in the Complaint were being wrongfully prosecuted for theft. The same would be true for others with similar fact patterns.

29.    As a prosecutor, if the facts alleged in the complaint were brought to my attention, I would have begun an investigation to determine whether there was probable cause to believe that Hertz was guilty of the crime of Falsely Reporting an Incident (11 Del. C. § 1245) and Tampering With Physical Evidence (11 Del. C. § 1269). As described in the Complaint, Hertz's cavalier use

of the criminal justice system is deeply troubling. The question of whether Hertz's conduct amounts to criminal conduct is worthy of a criminal investigation to determine whether Hertz should be prosecuted for its misconduct.

30.     I will add that as a former prosecutor, I find Hertz's actions and their effect on these individuals' lives to be extremely offensive. Assuming the allegations in the Complaint are true, I am of the opinion that there is more probable cause to conclude that Hertz committed a crime than there is probable cause to conclude that any Claimant committed a crime.

I declare under the penalty of perjury of the United States of America that the foregoing is true and correct.

Dated: October 20,2021                Signed:    /s/ Steven P. Wood, Esq.

                                                  Steven P. Wood, Esq.
                                                  Declarant

14



**McCARTER & ENGLISH**
ATTORNEYS AT LAW
www.mccarter.com

BOSTON | HARTFORD | STAMFORD | NEW YORK | NEWARK
EAST BRUNSWICK | PHILADELPHIA | WILMINGTON | WASHINGTON, DC

## STEVEN P. WOOD
### PARTNER
### WILMINGTON

**PRACTICE GROUP**
Business & Financial Services Litigation

**CONTACT**
Renaissance Centre
405 N. King Street
8th Floor
Wilmington, DE 19801
302.984.6312
swood@mccarter.com

**EDUCATION**
LL.M., Emory University School of Law,
1984

B.A., University of Delaware, 1981

**ADMITTED TO PRACTICE**
Delaware

**MEMBERSHIPS /
PROFESSIONAL ACTIVITIES**
The American College of Trial Lawyers

National Institute for Trial Advocacy

Mr. Wood is a partner in the Business Litigation group. He joins McCarter & English after more than 30 years as a Deputy Attorney General with the Department of Justice of the State of Delaware. He was the Department's most senior and experienced trial prosecutor, and as such he represented the State as lead prosecutor in hundreds of jury trials, including dozens of complex homicide cases, many of which garnered regional or national media coverage. He has developed a particular expertise in cases involving psychiatric and other medical or scientific defenses. Mr. Wood was assigned to the Department's Homicide Unit from 2010 through 1016. From 2001 through 2007 he headed the Department's Criminal Division as State Prosecutor. From 1997 through 2000 he served as the Department's Chief Prosecutor for New Castle County, and he has previously supervised the Department's Felony Trial, Career Criminal and Felony Screening Units. Mr. Wood has also represented the State before the Delaware Supreme Court. He also served as legislative liaison for the Department to the Delaware General Assembly. His duties in that capacity included legislative drafting, analysis and advocacy, and through his decades of service he has developed extensive contacts within state government. Mr. Wood is a member of the Delaware Supreme Court's Advisory Committee on the Delaware Uniform Rules of Evidence.

Mr. Wood's expertise and accomplishment as a trial lawyer led to his induction as a fellow of the American College of Trial Lawyers, which is an invitation-only national organization comprised of "experience trial lawyers who have mastered the art of advocacy." He is one of only 30 Delaware lawyers who has been so honored. Mr. Wood is also an experienced trial advocacy instructor. He is a graduate of the National Institute for Trial Advocacy's (NITA) Teacher Training Program, and he works extensively with NITA as an instructor in its programs all across the United States. He is frequently called upon to lecture other lawyers and law students on various trial technique topics including direct and cross examination, opening and closing statements, expert witnesses and evidence. Mr. Wood has been a member of the out-of-town faculty at the Emory University School of Law Trial Techniques Program since 1994, and he is also a faculty adjunct at the Rutgers-Camden School of Law's trial advocacy program. He has also served as an instructor at trial techniques programs offered by the Widener University School of Law, the Hofstra University School of Law, Equal Justice Works, the International Society of Barristers, the Oakland County (MI) Office of the Prosecuting Attorney, the New Jersey Office of Law Guardian, the Maryland Office of the Public Defender, the Florida Attorney General's Office and the Philadelphia Bar Foundation.

# ATTACHMENT V

## DECLARATION OF MANUEL GARCIA

1.      My name is Manuel Garcia. I have personal knowledge of the facts stated in this declaration, and I can testify competently to them if called upon to do so.

2.      In summation: Manuel rented a car in January 2021 with Hertz at the Doral, FL location. This was a specially approved multi-month rental, where automatic payments were taken out at the end of each month. These multi-month rentals are long term rentals and the customers are preferred. At the end of October he noticed that the regular payment had not been taken out. He called his contact at the Doral location, John, on November 3 and asked him why Hertz had not taken its money. John said it was probably time to renew, and Manuel told him he wanted to renew. John told him he would note the file and Manuel said he would come in person the weekend of November 13, 2021 since he lived an hour away. He was not told of any issues. Then, to his shock, his car was towed while he was out to dinner in Brickell on November 10, 2021. The tow driver told him the car was reported stolen. Manuel called the Hertz location and they said they had no idea what happened and that they had not been contacted about a theft report. He then emailed Hertz customer service and demanded to know if they had filed a police report. Hertz was evasive, but eventually admitted that a police report was filed. Hertz is refusing to withdraw it, and will not follow up on the evidence he provided to them showing that he had extended.

3.      Manuel started an approved multi-month rental with the Hertz Doral location in January 2021.

4.      He renewed in April, under contract number: 997087652. He was in a Nissan Altima.

5.      Hertz had his Amex card on file and would bill at the end of every month for around $573.54. These rentals are essentially short term leases and the customers are obviously not car

1

thieves.

6.      He continued renewing the rental and the payments continued to be taken out of his account at the end of every month. His contact at the location was John, who knew who he was and that he was a continuing renter.

7.      No one from Hertz called him to say there was a problem.

8.      At the end of October 2021, he noticed that Hertz had not taken its payment.

9.      As a diligent renter who wanted to make sure that Hertz got its money, he called the Doral location on November 3, 2021, at 3:47 pm:



10.      He spoke with John for 10 minutes and asked why the payment had not come out. John said it must be up for a renewal. Manuel told John that he wanted to renew. John said that was not a problem, that he would note the account for a renewal, and that Manuel should come in the next week or so.

2

11.    John did not tell him about a theft report or any other problems.

12.    It was to Manuel's shock that, while out to dinner in Brickell, his rental car was towed on November 10, 2021. When he ran outside to ask what was happening, the tow truck driver said that the car had been reported stolen.

13.    Manuel was reeling. He has no record. He is also in the middle of immigration proceedings and is terrified that they are going to be affected.

14.    The tow truck driver said that if Manuel tried to stop the towing he would call police and Manuel would be arrested.

15.    Manuel emailed Hertz at 3:06 am on November 11, 2021, and told them:

> **From:** Manuel Garcia <mlizgar@gmail.com>
> **Date:** November 11, 2021 at 3:01:06 AM EST
> **To:** "Allen, Chelsea" <Chelsea.Allen@hertz.com>
> **Cc:** executivecustomerservice@hertz.com, customerrelations@hertz.com
> **Subject: COMPLAINT: False police report RR#911903005**
>
> Dear Chelsea and Customer Relationship teams,
>
> I would like to file a complaint and express my total dissatisfaction with how I've been treated by Hertz corporation. I've been renting the referenced vehicle (Nissan Altima EGZ 726) on a multi-month lease program that I've been renewing every 3-4 months periods for a YEAR approximately now and I've been paying every single month the lease, without failing a single one as I had automatic payments on my card and never had a payment returned for any reason. My last automatic payment on the card has been on September 30, 2021 as you can see on the screenshot below.
>
> After realizing that I had not been charged at month end (on October 30, 2021) as usual on my AMEX card and reading your note below, I got in touch with the Hertz office that I've been renting the vehicle from: 36th St, Doral, Florida and I spoke with a representative to let him know my willingness to extend the lease for additional 3-4 month period as I've been doing consistently for the past year. He mentioned that he was taking note of my renewal request, he said that I would be ok and expressed that I just needed to go to the office and sign a lease renewal as I've done in the past. I mentioned to him that I was going to go next Saturday to formalize ir as I work during the week and I am an hour away from the Doral office. See screenshot of my outgoing call to Hertz Doral office to 305-

436-5885. The representative who has always been extending/renewing the multi month lease program, his name is Facundo.

Tonight, November 10, 2021 at 11 pm EST, my car was towed while I was at a restaurant named "The Cocinita" in Brickell, Miami (5th st, Miami, FL), as you can see in the video enclosed to this e-mail, which I took when I saw the towing company loading the car in their truck. The towing company informed me that the car removal was done under the basis that it was reported by Hertz as been stolen and it been picked up by a cámara-radar nearby which alerted the Towing company. Despite identifying myself as the lessee, they towed the car and they stayed that the police will have to be informed.

Could someone explain how an "stolen report was filed" and consequently had my car removed if my last monthly charge was placed on the account on September 29th? How can no charge has been posted after that even as a hold? How can no one at at Hertz Doral or Corporation has contacted me to attempted to reach out to let me know that my car will be reported as stolen?? And most importantly, how can this false police report has been placed on me specially after speaking to Hertz Doral office and advised of my intention of renewing the lease. This a very serious matter and completely unacceptable. I experienced one of the worst grievances and it could have been even worse, I could have been detained by the police and ended up in prison because someone at Hertz didn't do properly their job and obviously couldn't care less and treated a loyal customer that never missed a rental payment and communicated its intention of renewing the lease, like a mere car thief. It was one of the most humiliating experiences. I feel deeply aggravated and extremely unfairly treated.

Please note that I will be seeking legal counsel and I reserve my rights to take potential legal actions against Hertz for having allegedly filed a false police report with the damages and consequences that I suffered.

Sincerely,

Manuel García

Mlizgar@gmail.com

16.    Hertz never responded to his email.

17.    At 9:52 am he called the Doral location on the 305-436-5885 number:



18.    He spoke with John for 25 minutes and asked why John would possibly report him for theft.

19.    John assured Manuel that it was Hertz corporate who had filed the theft report, that the location knew nothing about it, and that they were not the ones who had reported the car stolen.

20.    Manuel was baffled that Hertz corporate would accuse him of car theft without ever checking with the location he was renting from.

21.    Manuel then emailed Hertz corporate on November 28, 2021, and demanded to know if they had filed a police report against him for theft.

22.    Hertz's employee Lori Barnard responded that the screenshot he had provided proving that he had spoke to the Hertz Doral location on November 3 was not proof he extended. It was evident that Lori and Hertz had not bothered to contact John at the Doral location to confirm

5

what Manuel was saying.

23.     Manuel emailed Lori back and pointedly observed that Lori had avoided answering whether a theft report was filed:

> Dear Lori Bernard,
>
> You did not answer my question. Did Hertz file a police report against me and reported the car as stolen? The Hertz Doral location absolutely knew that this was not a stolen car and this was not a car theft. I never received any phone call regarding this and I followed up with the location on November 3rd to verify that I needed to extend the rental and the representative confirmed that extent.
>
> It's inconceivable that Hertz would report a multimonth customer like me that I joined in January 2021 (not since April as you are stating) and has been extending the rental consistently ever since without missing a payment.
>
> Please let me know immediately when and where a theft report was filed.

24.     Lori responded on December 1, 2021, that Manuel had been reported for theft, apparently without Hertz ever contacting the location Manuel had been renting from and in touch with:

> As stated previously after reviewing our records, I found no evidence that our Doral, CA location extended the contract on November 3rd, 2021. Please keep in mind when a customer fails to return rental property as agreed without extending the contract this is considered theft. In addition, we are not empowered to dismiss the police report that was filed with the authorities. Therefore, you must address this matter through the court system.

25.     This response is bizarre for several reasons. Why would Hertz not contact the Doral location before filing a theft report? Why would Hertz not contact Doral employees after he complained the theft report was false to confirm Manuel's version of events?

26.     Most importantly, why would Hertz falsely tell Manuel that it is not "empowered to dismiss the police report that was filed with authorities" now that Hertz knows that Manuel is explicitly contesting its accuracy and has provided objective telephone evidence that needs to be followed up on?

27.     Manuel is now preparing to be arrested. He has been utterly devastated by what is

6

happening. As noted, he is a green card holder and is terrified that this is going to harm his immigration status. This is a complete and total nightmare.

28.    Manuel did not know about any bar date and did not see it in any publication. He did not even know there was an issue until November 10, 2021, when the car was towed. Manuel does not regularly read *USA Today*, *The Wall Street Journal*, *The New York Times*, *The Globe and Mail*, *The Philadelphia Inquirer*, *San Francisco Chronicle*, *Arizona Republic*, *Chicago Tribune*, *Los Angeles Times*, *The San Diego Union Tribune*, *Naples Daily News*, *El Diario De El Paso*, or *Journal De Montreal*.

29.    As a direct and proximate result of Hertz's conduct, Manuel was accused of car theft, reported to the police, is facing prosecution, and has suffered severe mental and emotional harm. He is watching his life fall apart.

30.    There was no probable cause for Hertz to report Manuel for any crime at any point in time.

I declare under the penalty of perjury of the United States of America that the foregoing is true and correct.

Dated:   December _____1st_____, 2021            /s/ _____
                                                  Declarant

7

**From:** Manuel Garcia <mlizgar@gmail.com>
**Date:** November 11, 2021 at 3:01:06 AM EST
**To:** "Allen, Chelsea" <Chelsea.Allen@hertz.com>
**Cc:** executivecustomerservice@hertz.com, customerrelations@hertz.com
**Subject: COMPLAINT: False police report RR#911903005**

Dear Chelsea and Customer Relationship teams,

I would like to file a complaint and express my total dissatisfaction with how I've been treated by Hertz corporation. I've been renting the referenced vehicle (Nissan Altima EGZ 726) on a multi-month lease program that I've been renewing every 3-4 months periods for a YEAR approximately now and I've been paying every single month the lease, without failing a single one as I had automatic payments on my card and never had a payment returned for any reason. My last automatic payment on the card has been on September 30, 2021 as you can see on the screenshot below.

After realizing that I had not been charged at month end (on October 30, 2021) as usual on my AMEX card and reading your note below, I got in touch with the Hertz office that I've been renting the vehicle from: 36th St, Doral, Florida and I spoke with a representative to let him know my willingness to extend the lease for additional 3-4 month period as I've been doing consistently for the past year. He mentioned that he was taking note of my renewal request, he said that I would be ok and expressed that I just needed to go to the office and sign a lease renewal as I've done in the past. I mentioned to him that I was going to go next Saturday to formalize ir as I work during the week and I am an hour away from the Doral office. See screenshot of my outgoing call to Hertz Doral office to 305-436-5885. The representative who has always been extending/renewing the multi month lease program, his name is Facundo.

Tonight, November 10, 2021 at 11 pm EST, my car was towed while I was at a restaurant named "The Cocinita" in Brickell, Miami (5th st, Miami, FL), as you can see in the video enclosed to this e-mail, which I took when I saw the towing company loading the car in their truck. The towing company informed me that the car removal was done under the basis that it was reported by Hertz as been stolen and it been picked up by a cámara-radar nearby which alerted the Towing

company. Despite identifying myself as the lessee, they towed the car and they stayed that the police will have to be informed.

Could someone explain how an "stolen report was filed" and consequently had my car removed if my last monthly charge was placed on the account on September 29th? How can no charge has been posted after that even as a hold? How can no one at at Hertz Doral or Corporation has contacted me to attempted to reach out to let me know that my car will be reported as stolen?? And most importantly, how can this false police report has been placed on me specially after speaking to Hertz Doral office and advised of my intention of renewing the lease. This a very serious matter and completely unacceptable. I experienced one of the worst grievances and it could have been even worse, I could have been detained by the police and ended up in prison because someone at Hertz didn't do properly their job and obviously couldn't care less and treated a loyal customer that never missed a rental payment and communicated its intention of renewing the lease, like a mere car thief. It was one of the most humiliating experiences. I feel deeply aggravated and extremely unfairly treated.

Please note that I will be seeking legal counsel and I reserve my rights to take potential legal actions against Hertz for having allegedly filed a false police report with the damages and consequences that I suffered.

Sincerely,
Manuel García
Mlizgar@gmail.com





