## Exhibit 1

**Stipulation**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re <br><br> Rental Car Intermediate Holdings, LLC,[1] <br><br> Reorganized Debtor. | Chapter 11 <br><br> Case No. 20-11247 (MFW) |

**STIPULATION REGARDING REQUEST OF JONATHAN MATTHEWS FOR RELIEF FROM INJUNCTION**

**WHEREAS**, on May 22, 2020, the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code");

**WHEREAS**, on June 10, 2021, the Court entered an order confirming the Second Modified Third Amended Joint Chapter 11 Plan of Reorganization of the Hertz Corporation and Its Debtor Affiliates [D.I. 5178] (the "Plan"), which took effect on June 30, 2021. The Plan contains an injunction at Art. VIII.B of the Plan (the "Injunction");

**WHEREAS**, Jonathan Matthews ("Movant") has filed an action in the Superior Court for the District of Columbia, Case No. 2020 CA 002967 V (the "State Court Action") alleging various claims arising out of an incident alleged to have occurred on or about September 13, 2017 (the "Matthews Claims").

**WHEREAS**, on February 3, 2022, Movant filed the *Motion of Jonathan Matthews for*

---

[1] The last four digits of the tax identification number of Reorganized Debtor Rental Car Intermediate Holdings, LLC ("**RCIH**") are 2459. The location of the Reorganized Debtor's service address is 8501 Williams Road, Estero, FL 33928. On September 28, 2021, the Court entered a final decree closing each of the chapter 11 cases for The Hertz Corporation and its affiliated debtors (collectively, the "**Debtors**" and, after the Effective Date (as defined below), the "**Reorganized Debtors**") other than RCIH's chapter 11 case. Commencing on September 28, 2021, all motions, notices, and other pleadings relating to any of the Reorganized Debtors shall be filed in RCIH's chapter 11 case, Case No. 20-11247 (MFW). Prior to September 28, 2021, motions, notices, and other pleadings relating to the Debtors were filed in The Hertz Corporation's chapter 11 case, Case No. 20-11218 (MFW).

*Relief from the Plan Injunction to Permit Continuation of State Court Litigation* in the Bankruptcy Court, whereby Movant has requested relief from the Injunction related to the Matthews Claims.

**NOW, THEREFORE, THE PARTIES HEREBY STIPULATE AND AGREE THAT:**

1. The Injunction is hereby modified as necessary solely for the limited purpose of allowing Movant to liquidate his Claim against the Debtors in the State Court Action, subject to all rights and defenses of the Reorganized Debtors. Except as otherwise specifically set forth herein, all provisions in the Plan shall otherwise remain in full force and effect.

2. Nothing herein (i) alters, amends or otherwise modifies the terms and conditions of any allegedly applicable insurance policy, any related agreements, or of any claim services agreements; (ii) relieves the Reorganized Debtors of any obligations to pay any retentions or to pay (or reimburse an insurer or third party administrator for) any deductibles; (iii) relieves the Reorganized Debtors of any of their other obligations under any allegedly applicable insurance policy, any related agreements, or any claim services agreements; (iv) creates or permits a direct right of action by any claimants against any of the Reorganized Debtors' insurers that does not otherwise exist under applicable law; (v) precludes or limits, in any way, the rights of any insurer to contest and/or litigate the existence, primacy and/or scope of available coverage under any allegedly applicable policy or to otherwise assert any defenses to coverage; or (vi) constitutes a determination or admission that coverage exists with respect to any claims. For the avoidance of doubt, the Injunction is also modified, if and to the extent applicable, to allow, but not to require, the Reorganized Debtors' insurers and third party administrators to (a) administer, handle, defend, settle, and/or pay the claimants' claims (and any costs related thereto) subject to and in accordance

with the terms of any applicable insurance policies, any related agreements, or any claim services agreements; and (b) draw on any and all collateral provided by or on behalf of the Reorganized Debtors therefor only if the Reorganized Debtors fail to pay and/or reimburse any insurers and third party administrators for any such amounts.

3. Except as expressly set forth herein, this Stipulation shall not affect, in any way, any rights or defenses of the Reorganized Debtors (including, without limitation, under any applicable bar date order and the Plan and Confirmation Order) or any rights or defenses of Movant.

[*Remainder of Page Left Blank Intentionally*]

Dated: February 24, 2022

| | |
|---|---|
| */s/ J. Zachary Noble* | */s/ Christopher P. Simon* |
| **RICHARDS, LAYTON & FINGER, P.A.** | **CROSS & SIMON, LLC** |
| Mark D. Collins (No. 2981) | Christopher P. Simon (No. 3697) |
| Robert J. Stearn, Jr. (No. 2915) | 1105 North Market Street, Suite 901 |
| John H. Knight (No. 3848) | P.O. Box 1380 |
| Brett M. Haywood (No. 6166) | Wilmington, Delaware 19899-1380 |
| J. Zachary Noble (No. 6689) | |
| One Rodney Square | *Attorney for Jonathan Matthews* |
| 920 N. King Street | |
| Wilmington, DE 19801 | |

-and-

**WHITE & CASE LLP**
Thomas E Lauria (admitted *pro hac vice*)
Matthew C. Brown (admitted *pro hac vice*)
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131

J. Christopher Shore (admitted *pro hac vice*)
David M. Turetsky (admitted *pro hac vice*)
Samuel P. Hershey (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020

Jason N. Zakia (admitted *pro hac vice*)
111 South Wacker Drive
Chicago, IL 60606

Ronald K. Gorsich (admitted *pro hac vice*)
Aaron Colodny (admitted *pro hac vice*)
Doah Kim (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, CA 90071

*Attorneys for the Reorganized Debtors*