## **EXHIBIT 1**

**Proposed Redacted Motion**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| Rental Car Intermediate Holdings, LLC,[1] | Case No. 20-11247 (MFW) |
| Reorganized Debtor. | **Hearing Date: March 16, 2023 at 11:00 a.m. (ET)**<br>**Obj. Deadline: March 9, 2023 at 4:00 p.m. (ET)** |

**JOINT MOTION FOR ENTRY OF AN ORDER APPROVING SETTLEMENT
AGREEMENTS BETWEEN HERTZ AND CERTAIN MINOR CLAIMANTS**

The above-captioned reorganized debtor (the "**Reorganized Debtor**") and certain representatives of minors with false-police-report claims (together with the Reorganized Debtor, the "**Movants**") hereby jointly file this motion (the "**Motion**") for entry of orders substantially in the form attached hereto as **Exhibits 1-25** to **Exhibit A** (the "**Proposed Orders**") approving the settlements reached among, on the one hand, The Hertz Corporation and its affiliates (collectively, "**Hertz**") and on the other hand, certain minor claimants (the "**Minor Claimants**," and together with Hertz, the "**Parties**"), in the forms attached hereto as **Exhibits 1-25** to **Exhibit B** (the "**Settlement Agreements**").  In further support of the Motion, the Movants, by and through their respective undersigned counsel, state as follows:

**PRELIMINARY STATEMENT**

1.      By this Motion, the Movants request entry of an order approving the terms of the Settlement Agreements, which include settlement payments (the "**Settlement Payments**") to the

---

[1]     The last four digits of the tax identification number of Reorganized Debtor Rental Car Intermediate Holdings, LLC ("**RCIH**") are 2459. The location of the Reorganized Debtor's service address is 8501 Williams Road, Estero, FL 33928. On September 28, 2021, the Court entered a final decree closing each of the chapter 11 cases for The Hertz Corporation and its affiliated reorganized debtors (the "**Reorganized Debtors**") other than RCIH's chapter 11 case. Commencing on September 28, 2021, all motions, notices, and other pleadings relating to any of the Reorganized Debtors shall be filed in RCIH's chapter 11 case, Case No. 20-11247 (MFW).

Minor Claimants, distribution of the same, resolution of pending state court actions in various states filed by various Minor Claimants, and withdrawal of proofs of claim filed by some Minor Claimants in the Chapter 11 Cases (defined below), all as more fully set forth in the Settlement Agreements.

2.     Pursuant to the Plan (defined below), the Reorganized Debtors have broad authority to settle or compromise claims without further notice to or action, order, or approval by the Court. *See* Plan Art. VII.B.  However, the Parties have elected to nevertheless seek approval of the Settlement Agreements out of an abundance of caution because the Settlement Agreements resolve claims with minors and, accordingly, the fairness of the Settlement Agreements may require judicial review.

3.     The Movants seek entry of the Proposed Orders approving the Settlement Agreements in their entirety and authorizing the respective Parties to perform all obligations thereunder.  In the Reorganized Debtor's business judgment, the Settlement Agreements are fair and reasonable and in the interest of the Reorganized Debtors' estates.  In the judgment of the False Police Report Claimants and the relevant guardians or other representatives of each Minor Claimant, the Settlement Agreements are in the best interests of the respective Minor Claimants. Accordingly, the Movants respectfully request that the Court grant this Motion.

## RELIEF REQUESTED

4.     By this Motion, the Movants seek entry of an order pursuant to section 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 17(c)(2) of the Federal Rules of Civil Procedure (the "**Civil Rules**") (made applicable to these proceedings by Rules 7017 and 9014(c) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**")), and Bankruptcy Rule 9019, approving the Settlement Agreements in all respects.

## JURISDICTION, VENUE AND PREDICATES FOR RELIEF

5.      This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334, the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012 (Sleet, C.J.) and Article XI of the Plan (defined below).  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of this chapter 11 case and this Motion is proper in this District under 28 U.S.C. §§ 1408 and 1409.

6.      The predicates for the relief requested by this Motion are sections 105(a) of the Bankruptcy Code, Civil Rule 17(c)(2) (made applicable to these proceedings by Bankruptcy Rules 7017 and 9014(c)), and Bankruptcy Rule 9019.

7.      Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Movants consent to this Court's entry of a final judgment or order with respect to this Motion if it is determined that this Court cannot enter such final order or judgment consistent with Article III of the United States Constitution absent consent of the parties.

## BACKGROUND

## I.      Overview

8.      On May 22, 2020 (the "**Petition Date**"), each of The Hertz Corporation and its debtor affiliates (the "**Debtors**") commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code (collectively, the "**Chapter 11 Cases**"), which were jointly administered for procedural purposes.  The Debtors operated their businesses and managed their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

9.      On June 10, 2021, the Court entered the *Order (i) Confirming Second Modified Third Amended Joint Chapter 11 Plan of Reorganization of The Hertz Corporation and its Debtor*

*Affiliates and (ii) Granting Related Relief* [Case No. 20-11218 (MFW) – D.I. 5261] (the "**Confirmation Order**," and such underlying chapter 11 plan, together with the Plan Supplements (as defined therein) and all schedules and exhibits thereto, the "**Plan**").

## II.    Background Specific to the Settlement Agreements

10.    Three hundred and ninety-one claimants (collectively, the "**False Police Report Claimants**"), including the 25 Minor Claimants, have each asserted claims against Hertz involving allegations of false police reports (the "**Claims**").  As the Court is aware, Hertz and the False Police Report Claimants have engaged in significant discovery and litigation in these bankruptcy cases, including with respect to Plan notice issues.  That litigation resulted in a multi-day mediation (the "**Mediation**") held on November 8-10, 2022 in order to attempt to settle the Claims.

11.    The Mediation was the culmination of more than two years of active litigation, including pre-Petition Date litigation launched in various state courts, numerous disputes and hundreds of claims filed before this Court, and one appeal pending before the United States District Court for the District of Delaware, and post-Petition Date lawsuits filed in various state courts. The Mediation also occurred against the backdrop of numerous failed negotiations and mediations over the years, including most recently a failed mediation in May 2022.

12.    The Mediation took place in Philadelphia, Pennsylvania before Jerry P. Roscoe, Esq. of JAMS.  Mr. Roscoe has over 30 years of experience in the resolution of complex, multi-party matters such as these Claims and has presided over in excess of 6,000 mediations, including service as the United States mediator during the war in Bosnia and a specialization in tort claims. During the Mediation, the Parties extensively negotiated the respective merits of individual claims before Mr. Roscoe in joint session, as well as with each other before and after scheduled mediation

sessions.  Further, Mr. Roscoe reviewed extensive briefing submitted by the Parties with respect to the merits of the Claims.

13.    After three days of spirited, arms'-length negotiations focused on the merits of the individual Claims, the Mediation culminated in a mediator's recommendation to resolve each Claim individually for a specified dollar amount.  After about three weeks to consider and discuss the individual proposals with their respective clients, the Parties each independently agreed to the mediator's proposal on each Claim and the Parties thereafter consummated settlement agreements on those terms.  Specifically, all 339 adult plaintiffs who responded to the individualized mediator's proposal in their cases accepted the mediator's proposal.[2]

## III.    The Minor Claimants

14.    The following Minor Claimants are the subject of this motion:

   a.    R.C.: R.C. is represented by his biological mother and legal guardian, Mindy Arney.  R.C. was allegedly present when Ms. Arney's significant other was allegedly arrested in connection with a rental vehicle. R.C.'s claims are the subject of Claim No. 15780.

   b.    N.E. (boy) & N.E. (girl): Minor children N.E. (boy) and N.E. (girl) are represented by their biological mother and legal guardian, Melanie Evans.  The children were allegedly present when their mother was allegedly arrested outside their home in connection with a rental vehicle.  N.E. (boy)'s claims are the subject of Claim No. 15929.  N.E. (girl)'s claims are the subject of Claim No. 15930.

---

[2]    In addition to those 339 adults, two claimants were unreachable and did not accept or reject the mediator's proposal, two claimants had died during the case, and 25 minor plaintiffs had their representative accept the proposal contingent upon court approval.

c.  A.P. & C.P.: Minor children A.P. and C.P. are represented by their biological mother and legal guardian, Bianca DeLoach.  The children were allegedly present in the vehicle when Ms. DeLoach was allegedly arrested in connection with a rental vehicle.  A.P.'s claims are the subject of Claim No. 15765.  C.P.'s claims are the subject of Claim No. 15766.

d.  A.J. (boy) & A.J. (girl): Minor children A.J. (boy) and A.J. (girl) are represented by their biological mother and legal guardian Anne Maha.  The children were allegedly present when Ms. Maha was allegedly arrested in connection with a rental vehicle. A.J. (boy)'s claims are the subject of Claim No. 15828. A.J. (girl)'s claims are the subject of Claim No. 15825.

e.  S.M.: S.M. is represented by her biological mother and legal guardian, Kimberly McCoy.  S.M. was allegedly present when her father was allegedly arrested in connection with a rental vehicle.  S.M.'s claims are the subject of Claim No. 15807.

f.  K.F.: K.F. is represented by his biological father and legal guardian, Kenny Fearence, Jr.  K.F. was allegedly present when Mr. Fearence was allegedly arrested in connection with a rental vehicle.  K.F.'s claims are the subject of Claim No. 15904.

g.  M.P.: M.P. is represented by her biological mother and legal guardian, Brandy Porter.  M.P. was allegedly present when Ms. Porter was allegedly arrested in connection with a rental vehicle.  M.P.'s claims are the subject of Claim No. 15925.

h.  J.W.: J.W. is represented by his biological mother and legal guardian, Rebecca Willen.  J.W. was allegedly present when his father was allegedly arrested in connection with a rental vehicle.  J.W.'s claims are the subject of Claim No. 16043.

i.  J.S.: J.S. is represented by his biological mother and legal guardian, Tawana Robinson.  J.S. was allegedly present when Ms. Robinson was allegedly arrested in connection with a rental vehicle.  J.S.'s claims are the subject of Claim No. 16009.

j.  A.B. & E.H.: A.B. (girl) & E.H are represented by their biological mother and legal guardian, Arinthia Holmes.  The children were allegedly present when Ms. Holmes was allegedly arrested in connection with a rental vehicle. A.B. (girl)'s claims are the subject of Claim No. 16045.   E.H.'s claims are the subject of Claim No. 16047.

k.  D.H.: D.H. is represented by his biological father and legal guardian, Dethaniel Henry II.  D.H. was allegedly present when his grandfather, Dethaniel Henry, Sr. was allegedly arrested in connection with a rental vehicle.  D.H.'s claims are the subject of Claim No. 16030.

l.  S.L.: S.L. is represented by his biological mother and legal guardian, Jeannie Watkins.  S.L. was allegedly present when Ms. Watkins was allegedly arrested. S.L.'s claims are the subject of Claim No. 16048.

m.  E.I, A.I. (boy) & A.I. (girl): E.I, A.I. & A.I. are represented by their biological mother and legal guardian, Catherine Perez Infante.  The children were allegedly present when their mother was allegedly arrested in connection with a rental vehicle.  E.I.'s claims are the subject of Claim No. 16064.  A.I. (boy)'s claims are the subject of Claim No. 16067.  A.I. (girl)'s claims are the subject of Claim No. 16068.

n. K.R.: K.R. is represented by her biological mother and legal guardian, Tena Boone.[3] K.R. was allegedly present when her brother Thomas Boone was allegedly arrested in connection with a rental vehicle. K.R.'s claims are the subject of Claim No. 16058.

o. J.A. & K.O.: J.A. & K.O. are represented by their biological mother and legal guardian, Brittney Spriggs. The children were each allegedly present when Ms. Spriggs's partner, Kenneth "Mike" Anders, was allegedly arrested or detained in connection with a rental vehicle. J.A.'s claims are the subject of Claim No. 16136. K.O.'s claims are the subject of Claim No. 16137.

p. J.W.: J.W. is represented by her biological father and legal guardian, Nicholas Wright. J.W. was allegedly present when Mr. Wright was allegedly detained in connection with a rental vehicle.

q. B.K. & K.K.: B.K. & K.K. are represented by their biological father and legal guardian, Mitchell Kimes. The children were allegedly present when Mr. Kimes was allegedly arrested in connection with a rental vehicle.

15. Attached as **Exhibits 1-25** to **Exhibit C** are the birth certificates and other proofs of legal guardianship.

## BASIS FOR RELIEF

### A. The Settlement Agreements are in the Best Interests of the Minor Claimants

16. Civil Rule 17, made applicable in the bankruptcy context by Bankruptcy Rules 7017 and 9014(c), permits representatives to sue or defend a suit on behalf of minors. Some courts

---

[3] Thomas Boone, K.R.'s brother, was previously acting with authority of K.R.'s mother Tena Boone, who was seriously ill and hospitalized.

have derived from Civil Rule 17 a special duty for federal courts to safeguard minors' interests. *See, e.g.*, *Robidoux v. Rosengren*, 638 F. 3d 1177, 1181 (9th Cir. 2011) ("In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'"). These courts look to ensure that the settlement approved by a representative is "fair and reasonable" for the minor. *Id.* at 1182. Under Delaware law, similarly, court approval of a settlement of claims reached on behalf of a minor ensures that "a settlement made in the name of a minor is both equitable and just." *Barlow v. Finegan*, 76 A.3d 803, 806 (Del. Super. 2013).

17.    In carrying out their duty to safeguard the interests of minors, "district courts typically rely on a local rule requiring court approval of settlement or voluntary dismissal of the minor's complaint." *L.C. v. Laurel School Dist.*, 303 F. Supp. 3d 265, 273 n.72 (D. Del. 2018); *see, e.g., A.P. by and through Phinisee v. United States*, 736 Fed. Appx. 309, 310 n.1 (3d Cir. 2018) ("Rule 41.2(a) of the Local Rules of the Eastern District provides that, '[n]o claim of a minor ... shall be compromised, settled, or dismissed unless approved by the court.'"). However, the Movants are not aware of such a specific local rule applicable to the Delaware federal courts. *See L.C. v. Laurel School Dist.*, 303 F. Supp. 3d 265, 273 n.72 (D. Del. 2018) ("We cite to outside authority because our District does not presently have this local rule."). The Parties nonetheless seek Court approval out of an abundance of caution and in accordance with best practices in this District. *See, e.g.,* Order [Approving Settlement of Minor's Claims], Dkt. No. 177, *Venuti* v. *Avco Corp.*, No. 16-cv-202-SB (D. Del. Nov. 15, 2021) (Bibas, J., sitting by designation), attached hereto as **Exhibit D**. Accordingly, although Plan Article VII.B permits the Reorganized Debtors to enter into settlement agreements without notice or Court approval, the Movants respectfully request that the Court approve the settlements involving the Minor Claimants.

18.     The Movants respectfully submit that each minor's settlement is fair, reasonable, equitable, and just.  Each settlement was negotiated by counsel at arms' length, with the final, individual settlement amounts proposed by an impartial, third-party mediator before being reviewed and agreed upon by all parties with the advice of counsel (in each minor's case, their adult-representatives agreed to the settlement amount pending court approval).  *See, e.g., Greenwald v. Caballero-Goehringer*, 2017 WL 1187649 (Del. Sup. Ct. 2017) ("Considerable deference from the Court is appropriate for the negotiated resolution of claims by counsel. Namely, counsel are the most familiar with the claims and defenses in such actions, not the Court."); *Chambers v. Hiller*, No. Civ.A. 88–3128, 1988 WL 130679, at *2 (E.D. Pa. Dec. 2, 1988) ("[T]he parties and counsel are typically in the best position to evaluate the settlement [and] their judgments are entitled to considerable weight.").

19.     The interests of the Minor Claimants were adequately represented throughout negotiation of the Settlement Agreements because, as reflected in the Settlement Agreements, (i) each Minor Claimant was represented by counsel, and such counsel negotiated the Settlement Agreements on behalf of the Minor Claimants, and (ii) the Parties expressly agreed that they were fully informed of the terms, contents, conditions and consequences of the applicable Settlement Agreement.

20.     All Minor Claimants also were allegedly passengers in rental vehicles or otherwise present with adults who in all relevant instances have also reached a settlement of their claims pursuant to the mediator's proposal.  Because the Minor Claimants were allegedly passengers, their claims were subject to various defenses from the Reorganized Debtors, including that passengers were unknown creditors, or that the relevant adult claimant(s) allegedly had wrongfully possessed the rental vehicle beyond the due date and had ignored contacts to return the rental

vehicle.  Thus, the Settlement Payments and releases contained in the Settlement Agreements provide the Minor Claimants with reasonable and fair consideration for their claims and alleviate the burden on the Minor Claimants of having to further litigate their claims in this or any other court.

21.     As set forth above, the three-day Mediation took place before an experienced mediator, Mr. Roscoe, who heard from both Parties on the individual merits of the Claims.  After negotiating on the merits and listening to the evidence put forth by the Parties, Mr. Roscoe put forth a mediator's proposal to resolve the Claims and gave it his endorsement.

22.     The Proposal set forth recommended settlement terms for each individual claimant, and the individual settlement amounts for the Minor Claimants are reflected in the chart below. Virtually all of the Minor Claimants are due to receive a Settlement Payment that is greater than the amount the Minor Claimants sought in connection with their Proof of Claim.

| Name | Settlement Payment | Proof of Claim |
|:---:|:---:|:---:|
| Mindy Arney (for minor child R.C.) | $██████ | $100,000 |
| Melanie Evans (for minor child N.E.) | $██████ | $100,000 |
| Melanie Evans (for minor child N.E.) | $██████ | $100,000 |
| Bianca DeLoach (for minor child A.P.) | $██████ | $100,000 |
| Bianca DeLoach (for minor child C.P.) | $██████ | $100,000 |
| Anne Maha (for minor child A.J.) | $██████ | $100,000 |
| Anne Maha (for minor child A.J.) | $██████ | $100,000 |
| Kimberly McCoy (for minor child S.M.) | $██████ | $100,000 |
| Kenny Fearence, Jr. (for minor child K.F.) | $██████ | $100,000 |

| | | |
|---|---|---|
| Brandy Porter (for minor child M.P.) | $ ■■■■ | $100,000 |
| Rebecca Willen (for minor child J.W.) | $ ■■■■ | $100,000 |
| Tawana Robinson (for minor child J.S.) | $ ■■■■ | $100,000 |
| Arinthia Holmes (for minor child A.B.) | $ ■■■■ | $100,000 |
| Arinthia Holmes (for minor child E.B.) | $ ■■■■ | $100,000 |
| Dethaniel Henry Jr. (for minor child D.H.) | $ ■■■■ | $100,000 |
| Jeannie Watkins (for minor child S.L.) | $ ■■■■ | $150,000 |
| Catherine Infante (for minor child E.I.) | $ ■■■■ | $100,000 |
| Catherine Infante (for minor child A.I.) | $ ■■■■ | $100,000 |
| Catherine Infante (for minor child A.I.) | $ ■■■■ | $100,000 |
| Tena Boone (for minor child K.R.) | $ ■■■■ | $100,000 |
| Brittney Spriggs (for minor child J.A.) | $ ■■■■ | N/A |
| Brittney Spriggs (for minor child K.O.) | $ ■■■■ | N/A |
| Nicholas Wright (for minor child J.W.) | $ ■■■■ | N/A |
| Mitchell Kimes (for minor child B.K.) | $ ■■■■ | N/A |
| Mitchell Kimes (for minor child K.K.) | $ ■■■■ | N/A |

23.    These settlement amounts are fair and equitable given the scope of damages allegedly suffered by each minor—none of whom was imprisoned, formally arrested, or prosecuted for a crime in connection with the underlying theft reports.  To give just one example in a similar case, certain of the undersigned counsel litigated to a jury verdict the *Grady* case in 2017.  The plaintiff in that case was arrested, spent 12 days in jail, and was criminally prosecuted

for 9 months. The jury returned a compensatory damages verdict in that case of $100,000[4].  Each Minor Claimants' settlement is for an amount within 15% of, or in excess of, that jury award in a case with relatively more severe alleged damages.  As further evidence of the favorability of these settlements to the Minor Claimants, 338 adult plaintiffs responded to settlements proposed as part of the same mediation and process that resulted in the proposed Minor Settlements. Every single adult plaintiff who reviewed a settlement offer in his or her case independently chose to accept that settlement offer.  And each of the adult representatives of the Minor Claimants have similarly indicated that the settlement is in the minor's interest.  Relatedly, one reason the Minor Claimants were able to obtain such favorable settlements was because of the number of false-arrest claims pending against Hertz, which mutually reinforce one another.

24.    These settlements also take account of the significant legal and factual questions underlying these claims.  False police report claims have been subject to years of litigation inside and outside of bankruptcy court, including on behalf of certain Minor Claimants as, on a rolling basis, they retained counsel to advance their claims and on behalf of hundreds of other plaintiffs bringing similar claims against Hertz.  The Parties take dramatically different views of certain common factual questions underlying the false-police-report cases.  And many discrete issues could present obstacles to ultimate recovery, including that the minors' alleged injuries involved actions of third-party law enforcement personnel, that the minors were not renters in a formal relationship with Hertz, that Hertz has denied or is likely to deny liability in the underlying claims, and that underlying legal regimes provide substantial hurdles in false arrest and malicious prosecution claims meant to insulate persons reporting crimes from civil liability in all but the most egregious circumstances.  The underlying claims also may face additional hurdles in

---

[4]    The case subsequently settled confidentially prior to any possible appeal or punitive damages adjudication.

connection with these bankruptcy proceedings, including certain legal defenses available to Hertz in bankruptcy (*e.g.*, alleged failure of certain minors to file by a bar date), certain arguments Hertz intends to advance in bankruptcy (*e.g.*, the purported non-availability of a jury trial or punitive damages), as well as the possibility of related-case removal or an adverse outcome in the pending district-court appeal affecting certain Minor Claimants.

25.    As part of the settlement administration, funds to be paid by Hertz are currently being held in an attorney trust (IOLTA) account.  Subject to Court approval, funds would be disbursed as follows: sixty percent (60%) of gross recovery will be placed into a structured financial instrument for the benefit of the minor and forty percent (40%) of gross recovery will be paid to counsel representing claimants on a contingency basis pursuant to fee agreements signed by the minors' representatives.  Structured financial instruments represent an appropriate means of safeguarding and stewarding minors' funds until they reach adulthood and track Delaware state procedure in these circumstances.  *Cf.* Del. Sup. Ct. R. Civ. Pro. 133(4) (providing for placement of funds in an annuity or other structured financial instrument where recipient is a minor and recovery is over $25k).

26.    Francis Alexander LLC has consulted with experienced settlement services company Sage Settlement Consulting. The three types of financial instruments most commonly used for minor settlements are:

a.    RESTRICTED ACCOUNT: The money is not accessible until the minor becomes 18 years old. At 18 years old, the money can be withdrawn in full. Before 18 years of age the money may be accessed by the guardian if for the sole benefit of the child in narrow circumstances (e.g. school, medical, clothing), in accordance with terms of the financial product.  RATE: The rate is the savings rate for bank deposits. The

funds will be placed into one of three financial institutions: Veritex Community Bank in Houston, Texas, Bank of America, or Wells Fargo.

b.  POOLED TRUST FOR MINORS: The money is placed in trust. The trust costs $1,500 to setup, then 2% management fee per year. The money is not accessible except upon a request demonstrating a need of child (e.g. school, medical, clothing, entertainment). The money can be used by the minor prior to 18 years old upon such request as long as it is being used for the sole benefit of the minor. The money is thereafter distributed at age increments (e.g. 18, 21, 25, 30, 35, 40). RATE: This will grow over time and the rate will be higher than savings rates for deposits with the 2% fee. These funds will be placed with Legacy Enhancement, a trust management company and corporate fiduciary, to hold and administer the funds.

c.  SPECIAL NEEDS TRUST: This is used when the minor has serious physical or mental handicaps or other medical issues which require government assistance and benefits that are income/asset based like Supplemental Security income and Medicaid. The use of a special needs trust allows the minor keep those income/asset based benefits. The money is placed in the trust so that the asset or income does not disqualify the minor from receiving the government assistance or need. The money can only be used for the sole benefit of the child. This would be used if a child is a quadriplegic or paraplegic or suffers from severe autism and the minor is unable to care for himself without extensive help from the state. The minor is provided the income up to the amount that disqualifies him from government programs. RATE: It is similar to pooled trust for minors above. These funds will be placed with Legacy Enhancement, a trust management company and corporate fiduciary, to

hold and administer the funds.

27.     A term sheet for the financial instruments into which the Minor Claimants funds will be placed is attached hereto as **Exhibit E**.  A sample master agreement and joinder agreement for the Pooled Trust option is attached hereto as **Exhibit F**.  Sample master agreements and a joinder agreement for the Special Needs Trust option is attached as **Exhibit G**.

28.     The guardians of the minor claimants have been consulted and have elected to place the minors' funds in the following products:

| Name | Account |
|---|---|
| Mindy Arney (for minor child R.C.) | Restricted |
| Melanie Evans (for minor child N.E.) | Restricted |
| Melanie Evans (for minor child N.E.) | Restricted |
| Bianca DeLoach (for minor child A.P.) | Restricted |
| Bianca DeLoach (for minor child C.P.) | Restricted |
| Anne Maha (for minor child A.J.) | Restricted |
| Anne Maha (for minor child A.J.) | Restricted |
| Kimberly McCoy (for minor child S.M.) | Restricted |
| Kenny Fearence, Jr. (for minor child K.F.) | Pooled Trust for Minors |
| Brandy Porter (for minor child M.P.) | Restricted |
| Rebecca Willen (for minor child J.W.) | Pooled Trust for Minors |
| Tawana Robinson (for minor child J.S.) | Pooled Trust for Minors |
| Arinthia Holmes (for minor child A.B.) | Restricted |
| Arinthia Holmes (for minor child E.B.) | Pooled Trust for Minors |

| Dethaniel Henry Jr. (for minor child D.H.) | Pooled Trust for Minors |
|---|---|
| Jeannie Watkins (for minor child S.L.) | Pooled Trust for Minors |
| Catherine Infante (for minor child E.I.) | Restricted |
| Catherine Infante (for minor child A.I.) | Restricted |
| Catherine Infante (for minor child A.I.) | Restricted |
| Tena Boone (for minor child K.S.) | Restricted |
| Brittney Spriggs (for minor child J.A.) | Pooled Trust for Minors |
| Brittney Spriggs (for minor child K.O.) | Pooled Trust for Minors |
| Nicholas Wright (for minor child J.W.) | Restricted |
| Mitchell Kimes (for minor child B.K.) | Pooled Trust for Minors |
| Mitchell Kimes (for minor child K.K.) | Pooled Trust for Minors |

29.     The legal fees at issue are reasonable as well.[5]  These fees represent the standard contingency fee in the false-arrest cases, as agreed by each Minor Claimant's representative to retain counsel to represent the Minor Claimant.  The adult plaintiffs bringing claims related to those of a Minor Claimant, in each instance, will pay the same percentage fee from their own recoveries.  And all other costs, fees, and expenses associated with bringing these cases have been waived by counsel and will be deducted from counsels' legal fees, such that the Minor Claimants

---

[5]     A leading case involving courts sitting outside of federal court's diversity jurisdiction—as with bankruptcy proceedings—instructed lower courts to consider only a minor's net recovery and not to consider "the total settlement value designated for … plaintiffs' counsel … whose interests the district court has no special duty to safeguard." *Robidoux*, 638 F.3d at 1182. But not every court has taken that view. Consequently, the Movants note that vis-à-vis attorneys' fees, courts have traditionally assessed factors such as "(1) the amount of work performed; (2) the character of the services rendered; (3) the difficulty of problems involved; (4) the importance of the litigation; (5) the degree of responsibility incurred; (6) whether the fund involved was "created" by the attorney; (7) the professional skill and standing of the attorney in her profession; (8) the result the attorney was able to obtain; (9) the ability of the client to pay a reasonable fee for the services rendered; and (10) 'very importantly' the amount of money in question." *Henderson v. Nationwide Mutual Ins. Co.*, 2001 WL 43648 at *2 (E.D. Pa. Jan. 4, 2001) at *2 (citation omitted).

will benefit from the full 60% of the gross recovery. Furthermore, these cases involved substantial efforts over years of representation by experienced counsel in false-arrest cases in complex areas of bankruptcy and tort law. Counsels' strategic decisions respecting seeking relief from the Plan for Group 4 plaintiffs, in addition to the overall approach to pressing this litigation, proved enormously successful in achieving an outstanding result for the Minor Claimants (and others). Further, counsel expended significant financial resources advancing these cases, raising public awareness of these cases, and assembling a large group of plaintiffs who would have substantial negotiating leverage—indeed, most plaintiffs would have been unlikely to ever bring claims without counsels' efforts. *See generally Little Rock Sch. Dist. v. Pulaski Cnty. Special Sch. Dist. No. 1*, 921 F.2d 1371, 1392 (8th Cir. 1990) ("The fees are amply justified by the level of benefits obtained, and the efforts of counsel were indispensable to this measure of success. … Were it not for the efforts of the attorneys, there would be no fund to dispute."). Finally, the time and money invested by counsel in these cases was subject to substantial risk, as Hertz vigorously disputed these cases inside and outside of court—to wit, the risks were so significant that counsel is not aware of any other attorney who took on the risk of pressing multiple false-arrest claims against Hertz and through the bankruptcy.

30.     Of note, the fee is being shared between the several law firms needed to obtain this recovery. Due to the complexity of the case, including because of the declaration of bankruptcy, numerous law firms were required to prosecute this matter including lead counsel (Francis Alexander LLC), mass tort co-counsel (Susman Godfrey LLP), Delaware local counsel (Farnan LLP), and bankruptcy counsel (Faegre Drinker Biddle Reath LLP for all minors, and Ciardi Ciardi and Astin for one minor).

31.     Finally, to effectuate the settlement and releases, representatives of the Minor Claimants will need to dismiss or withdraw, with prejudice, any claims of the minors pending in this court or elsewhere.    The relevant dismissal/withdrawal motions are included in the corresponding settlement agreements for each Minor Claimant.

**B.    The Settlement Agreements Are Fair, Reasonable, and in the Interest of the Estate**

32.     Bankruptcy Rule 9019 provides, in relevant part, that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise and settlement."  Fed. R. Bankr. P. 9019(a).  The Third Circuit has "explicitly recognized with approval" the "strong presumption in favor of voluntary settlement agreements." *Ehrheart v. Verizon Wireless*, 609 F.3d 590, 594 (3d Cir. 2010) (citing *Pennwalt Corp. v. Plough*, 676 F.2d 77, 79-80) (3d Cir. 1982)); *see also Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996) ("To minimize litigation and expedite the administration of a bankruptcy estate, compromises are favored in bankruptcy.") (citation and quotation marks omitted).

33.     The approval of a settlement under Bankruptcy Rule 9019 is at the discretion of the bankruptcy court. *See In re Key3Media Grp., Inc.*, 336 B.R. 87, 92 (Bankr. D. Del. 2005).  In deciding whether to approve a compromise under Bankruptcy Rule 9019, the Court must determine if the settlement is "fair, reasonable, and in the interest of the estate." *Id.* (citing *In re Louise's, Inc.*, 211 B.R. 798, 801 (D. Del. 1997)).

34.     In this evaluation, courts within the Third Circuit consider the following four factors to determine whether to approve a particular compromise or settlement as fair and equitable:   (1) the probability of success in litigation concerning the subject matter of the settlement; (2) the projected difficulty in collecting after obtaining a judgment in such litigation; (3) the complexity of the issues involved, and the expense, inconvenience, and delay that would

therefore attend such litigation; and (4) the paramount interest of holders of claims against and interests in the debtor. *Martin*, 91 F.3d at 393 (following *Protective Comm. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424-25 (1968) and clarifying four-factor test); *see also Will v. Northwestern Univ. (In re Nutraquest, Inc.)*, 434 F.3d 639, 644-45 (3d Cir. 2006).

35.    A proposed compromise need not be the best result that a debtor could have achieved, but only must fall within the "reasonable range of litigation possibilities." *See, e.g.*, *In re Pa. Truck Lines, Inc.*, 150 B.R. 595, 598 (E.D. Pa. 1992), *aff'd*, 8 F.3d 812 (3d Cir. 1993); *see also Key3Media*, 336 B.R. at 92-93 (court is not required to determine that settlement is best possible compromise). "The court need not decide the numerous questions of law or fact raised by litigation…." *In re Capmark Fin. Grp. Inc.*, 438 B.R. 471, 515 (Bankr. D. Del. 2010). Nor does the court need to conduct a "mini-trial on the merits." *Key3Media*, 336 B.R. at 93 (citation and quotation marks omitted). Rather, the settlement need only be above "the lowest point in the range of reasonableness." *In re Coram Healthcare Corp.*, 315 B.R. 321, 330 (Bankr. D. Del. 2004) (citation and quotation marks omitted).

36.    Analysis of the relevant *Martin* factors reflect that the Settlement Agreements are fair and equitable and in the best interests of the Reorganized Debtors' estates, and the Settlement Agreements should therefore be approved by the Court. First, although the Reorganized Debtors maintained robust defenses since many of the claims involved rental vehicles that they allege were significantly overdue, the probability of the Reorganized Debtors' succeeding in the defense of all of the Minor Claimants' claims is uncertain, and any litigation on the merits would be highly contested. Second, the Minor Claimants' claims raised complex issues, including disputed questions of historical fact. The Settlement Agreements efficiently resolve what would otherwise be sprawling and lengthy litigation, some of which have been pending for years, across a number

of courts.  The Settlement Agreements thus allow the Reorganized Debtors to avoid the future

expense and distraction of continuing to litigate these claims.  And third, the paramount interests

of the creditors of the Reorganized Debtors' estates are clearly served by the Settlement

Agreements, as such agreements resolve previously uncertain liabilities and will allow the

Reorganized Debtors' professionals to turn their full attention to the reconciliation of other

creditors' claims and the eventual resolution of the Chapter 11 Cases.

37.    As explained herein and based on the foregoing, the Movants jointly believe that

the Settlement Agreements represent fair and reasonable compromises that are in the best interest

of the Minor Claimants and Reorganized Debtors' estates.  Accordingly, the Movants respectfully

request that the Court approve the Settlement Agreements.

## NOTICE

38.    Notice of this Motion has been provided to the following parties, or, in lieu thereof,

their counsel: (i) the Office of the United States Trustee for the District of Delaware; (ii) the Minor

Claimants; and (iii) any such other party entitled to receive notice pursuant to Bankruptcy Rule

2002 in accordance with paragraph 78 of the Confirmation Order.  The Movants submit that, in

view of the facts and circumstances, such notice is sufficient and no other or further notice need

be provided.

## NO PREVIOUS REQUEST

39.    No previous request for the relief sought herein has been made to this or any other

Court.

## **CONCLUSION**

40.     WHEREFORE, the Movants respectfully request that the Court enter the Proposed

Orders, substantially in the form attached hereto as **Exhibits 1-25** to **Exhibit A**, granting the relief

requested in this Motion, and granting such other and further relief as it deems just and proper.

Dated: February 17, 2022

*/s/ Robert J. Stearn Jr.*
**RICHARDS, LAYTON & FINGER, P.A.**

Mark D. Collins (No. 2981)
Robert J. Stearn Jr. (No. 2915)
John H. Knight (No. 3848)
Cory D. Kandestin (No. 5025)
Huiqi Liu (No. 6850)
Emily R. Mathews (No. 6866)
One Rodney Square
920 N. King Street
Wilmington, DE 19801
Telephone:      (302) 651-7700
Facsimile:      (302) 651-7701
Collins@rlf.com
Stearn@rlf.com
Knight@rlf.com
Kandestin@rlf.com
Liu@rlf.com
Mathews@rlf.com
—and—

**WHITE & CASE LLP**

Thomas E Lauria (admitted *pro hac vice*)
Matthew C. Brown (admitted *pro hac vice*)
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131
Telephone:      (305) 371-2700
tlauria@whitecase.com
mbrown@whitecase.com

J. Christopher Shore (admitted *pro hac vice*)
David M. Turetsky (admitted *pro hac vice*)
Samuel P. Hershey (admitted *pro hac vice*)
Andrea Amulic (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020
Telephone:      (212) 819-8200
cshore@whitecase.com
david.turetsky@whitecase.com
sam.hershey@whitecase.com
andrea.amulic@whitecase.com

Jason N. Zakia (admitted *pro hac vice*)
Laura E. Baccash (admitted *pro hac vice*)
111 South Wacker Drive
Chicago, IL 60606
Telephone:      (312) 881-5400
jzakia@whitecase.com
laura.baccash@whitecase.com

Ronald K. Gorsich (admitted *pro hac vice*)
Aaron Colodny (admitted *pro hac vice*)
Doah Kim (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, CA 90071
Telephone:      (213) 620-7700
rgorsich@whitecase.com
aaron.colodny@whitecase.com
doah.kim@whitecase.com

*Co-Counsel to the Reorganized Debtor*

Dated: February 17, 2022

**FRANCIS ALEXANDER, LLC**

Francis Malofiy (*pro hac vice*)
280 N. Providence Road, Suite 1
Media, PA 19063
Telephone: (215) 500-1000
Facsimile: (215) 500-1005
francis@francisalexander.com

**SUSMAN GODFREY LLP**

Justin A. Nelson (*pro hac vice*)
John P. Lahad (*pro hac vice*)
Taylor C. Hoogendoorn (*pro hac vice*)
1000 Louisiana, Suite 5100
Houston, TX 77002-5096
Telephone: (713) 651-9366
Facsimile: (713)654-6666
jnelson@susmangodfrey.com
jlahad@susmangodfrey.com
thoogendoorn@susmangodfrey.com

**FAEGRE DRINKER BIDDLE & REATH LLP**

*/s/ Patrick A. Jackson*
Patrick A. Jackson (Bar No. 4976)
Ian J. Bambrick (Bar No. 5455)
Jaclyn C. Marasco (Bar No. 6477)
222 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone: (302) 467-4200
Facsimile: (302) 467-4201
patrick.jackson@faegredrinker.com
ian.bambrick@faegredrinker.com
jaclyn.marasco@faegredinker.com

*Co-Counsel for the False Police Report Claimants*

# **EXHIBIT A**

**Proposed Orders**

# EXHIBIT 1

Mindy Arney for Minor Child R.C.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| Rental Car Intermediate Holdings, LLC,[1] | Case No. 20-11247 (MFW) |
| Reorganized Debtor. | **Re: Docket No. ___** |

**ORDER APPROVING SETTLEMENT AGREEMENT
BETWEEN HERTZ AND MINDY ARNEY FOR MINOR CLAIMANT R.C.**

Upon the joint motion (the "**Motion**")[2] of the Movants for entry of an order (this "**Order**") pursuant to section 105(a) of the Bankruptcy Code, Civil Rule 17 (made applicable to these proceedings by Bankruptcy Rules 7017 and 9014(c)), and Bankruptcy Rule 9019, approving the settlement agreement between on the one hand, Hertz and on the other hand, R.C. (the "**Minor Claimant**," and collectively with the Reorganized Debtor, the "**Parties**"), all as more fully set forth in the Motion; and it appearing that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated February 29, 2012, (ii) the Motion is a core proceeding under 28 U.S.C. § 157(b)(2), and (iii) the Court may enter a final order consistent with Article I of the United States Constitution; and it appearing that notice of the Motion as set forth therein is sufficient, and that no other or further notice need be provided; and it further appearing that the relief requested in the Motion is in the best interests of the Reorganized Debtor, the Minor

---

[1] The last four digits of the tax identification number of Reorganized Debtor Rental Car Intermediate Holdings, LLC ("**RCIH**") are 2459. The location of the Reorganized Debtor's service address is 8501 Williams Road, Estero, FL 33928. On September 28, 2021, the Court entered a final decree closing each of the chapter 11 cases for The Hertz Corporation and its affiliated reorganized debtors (the "**Reorganized Debtors**") other than RCIH's chapter 11 case. Commencing on September 28, 2021, all motions, notices, and other pleadings relating to any of the Reorganized Debtors shall be filed in RCIH's chapter 11 case, Case No. 20-11247 (MFW).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Claimant and the other parties in interest; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, the Court hereby finds and determines that:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

A.      This Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(b)(1) and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

B.      The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rules 7052 and 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

C.      Due and adequate notice of the Motion, the Settlement Agreement, and the subject matter thereof, has been provided to all parties in interest pursuant to and in accordance with paragraph 78 of the Confirmation Order.  Notice was sufficient and proper and complied with all applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules. No additional notice of the Motion, the Settlement Agreement or this Order is required. A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all interested parties and entities.

D.      The relief requested in the Motion is fair, reasonable, equitable, and just and in the best interests of the Reorganized Debtors, their estates and creditors, and the Minor Claimant. The Movants have demonstrated good, sufficient, and sound purposes and justifications for the relief requested in the Motion.

E.      The settlement reflected in the Settlement Agreement is the product of arms'-length negotiations between and among the Parties, including, without limitation, the mediation conducted under the supervision of Jerry P. Roscoe. The Settlement Agreement was negotiated and proposed, and entered into by the Parties in good faith and without fraud or collusion.  Each Party to the respective Settlement Agreement was represented by counsel.

F.      The applicable factors set forth in *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996) support approval of the settlement under Bankruptcy Rule 9019.  There is uncertainty as to the outcome of the litigation concerning the Minor Claimant's claims. The numerous disputed issues are complex and likely to invite further inconvenience, cost and delay. Finally, the paramount interests of creditors favor a prompt resolution that provides a meaningful recovery to creditors, without the risk of further litigation.  The consideration to be realized and to be provided pursuant to the Settlement Agreement is fair and reasonable.

## ORDER

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED as to the Minor Claimant as set forth herein.  Any objections or reservations of rights filed in respect of the Motion are overruled, with prejudice.

2.      The Settlement Agreement attached hereto as Exhibit 1 is APPROVED in its entirety, including but not limited to the waivers and releases contained therein and consideration provided therefor.  Mindy Arney (the "Representative"), the biological mother and legal guardian

of minor child R.C., is authorized to take any steps as may be required or necessary to implement the Settlement Agreement, and the Representative is authorized to execute the Settlement Agreement on behalf of the Minor Claimant.

3.      The Representative has accepted the lump sum payment reflected in the Settlement Agreement in full and final settlement of the Minor Claimant's claims.

4.      The Representative is authorized to place sixty percent (60%) of the gross settlement proceeds from the settlement into the respective financial instrument identified in the Motion—for the sole benefit of the Minor Claimant—and to pay the remaining forty percent (40%) of gross proceeds to Francis Alexander LLC and related counsel as legal fees (all costs advanced for the client are being covered by the attorneys out of their own legal fees).

5.      The Representative is authorized to dismiss or withdraw claims pending on behalf of the Minor Claimant in any court in accordance and compliance with the Settlement Agreement.

6.      This Court shall, and hereby does, retain jurisdiction with respect to matters arising from or related to the implementation, interpretation, or enforcement of the Settlement Agreement and this Order.

# EXHIBIT 2

Melanie Evans for Minor Daughter N.E.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| Rental Car Intermediate Holdings, LLC,[1] | Case No. 20-11247 (MFW) |
| Reorganized Debtor. | **Re: Docket No. ___** |

## ORDER APPROVING SETTLEMENT AGREEMENT
## BETWEEN HERTZ AND MELANIE EVANS
## FOR MINOR DAUGHTER CLAIMANT N.E.

Upon the joint motion (the "**Motion**")[2] of the Movants for entry of an order (this "**Order**") pursuant to section 105(a) of the Bankruptcy Code, Civil Rule 17 (made applicable to these proceedings by Bankruptcy Rules 7017 and 9014(c)), and Bankruptcy Rule 9019, approving the settlement agreement between on the one hand, Hertz and on the other hand, N.E. (the "**Minor Claimant**," and collectively with the Reorganized Debtor, the "**Parties**"), all as more fully set forth in the Motion; and it appearing that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated February 29, 2012, (ii) the Motion is a core proceeding under 28 U.S.C. § 157(b)(2), and (iii) the Court may enter a final order consistent with Article I of the United States Constitution; and it appearing that notice of the Motion as set forth therein is sufficient, and that no other or further notice need be provided; and it further appearing

---

[1] The last four digits of the tax identification number of Reorganized Debtor Rental Car Intermediate Holdings, LLC ("**RCIH**") are 2459. The location of the Reorganized Debtor's service address is 8501 Williams Road, Estero, FL 33928. On September 28, 2021, the Court entered a final decree closing each of the chapter 11 cases for The Hertz Corporation and its affiliated reorganized debtors (the "**Reorganized Debtors**") other than RCIH's chapter 11 case. Commencing on September 28, 2021, all motions, notices, and other pleadings relating to any of the Reorganized Debtors shall be filed in RCIH's chapter 11 case, Case No. 20-11247 (MFW).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

that the relief requested in the Motion is in the best interests of the Reorganized Debtor, the Minor Claimant and the other parties in interest; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, the Court hereby finds and determines that:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

A.      This Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(b)(1) and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

B.      The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rules 7052 and 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

C.      Due and adequate notice of the Motion, the Settlement Agreement, and the subject matter thereof, has been provided to all parties in interest pursuant to and in accordance with paragraph 78 of the Confirmation Order.  Notice was sufficient and proper and complied with all applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules. No additional notice of the Motion, the Settlement Agreement or this Order is required. A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all interested parties and entities.

D.      The relief requested in the Motion is fair, reasonable, equitable, and just and in the best interests of the Reorganized Debtors, their estates and creditors, and the Minor Claimant. The Movants have demonstrated good, sufficient, and sound purposes and justifications for the relief requested in the Motion.

E.      The settlement reflected in the Settlement Agreement is the product of arms'-length negotiations between and among the Parties, including, without limitation, the mediation conducted under the supervision of Jerry P. Roscoe. The Settlement Agreement was negotiated and proposed, and entered into by the Parties in good faith and without fraud or collusion.  Each Party to the respective Settlement Agreement was represented by counsel.

F.      The applicable factors set forth in *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996) support approval of the settlement under Bankruptcy Rule 9019.  There is uncertainty as to the outcome of the litigation concerning the Minor Claimant's claims. The numerous disputed issues are complex and likely to invite further inconvenience, cost and delay. Finally, the paramount interests of creditors favor a prompt resolution that provides a meaningful recovery to creditors, without the risk of further litigation.  The consideration to be realized and to be provided pursuant to the Settlement Agreement is fair and reasonable.

## **ORDER**

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED as to the Minor Claimant as set forth herein.  Any objections or reservations of rights filed in respect of the Motion are overruled, with prejudice.

2.      The Settlement Agreement attached hereto as Exhibit 1 is APPROVED in its entirety, including but not limited to the waivers and releases contained therein and consideration provided therefor.  Melanie Evans (the "Representative"), the biological mother and legal guardian

of minor daughter N.E., is authorized to take any steps as may be required or necessary to implement the Settlement Agreement, and the Representative is authorized to execute the Settlement Agreement on behalf of the Minor Claimant.

3.    The Representative has accepted the lump sum payment reflected in the Settlement Agreement in full and final settlement of the Minor Claimant's claims.

4.    The Representative is authorized to place sixty percent (60%) of the gross settlement proceeds from the settlement into the respective financial instrument identified in the Motion—for the sole benefit of the Minor Claimant—and to pay the remaining forty percent (40%) of gross proceeds to Francis Alexander LLC and related counsel as legal fees (all costs advanced for the client are being covered by the attorneys out of their own legal fees).

5.    The Representative is authorized to dismiss or withdraw claims pending on behalf of the Minor Claimant in any court in accordance and compliance with the Settlement Agreement.

6.    This Court shall, and hereby does, retain jurisdiction with respect to matters arising from or related to the implementation, interpretation, or enforcement of the Settlement Agreement and this Order.

# EXHIBIT 3

Melanie Evans for Minor Son N.E.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| Rental Car Intermediate Holdings, LLC,[1] | Case No. 20-11247 (MFW) |
| Reorganized Debtor. | **Re: Docket No. ___** |

## ORDER APPROVING SETTLEMENT AGREEMENT
## BETWEEN HERTZ AND MELANIE EVANS
## FOR MINOR SON CLAIMANT N.E.

Upon the joint motion (the "**Motion**")[2] of the Movants for entry of an order (this "**Order**") pursuant to section 105(a) of the Bankruptcy Code, Civil Rule 17 (made applicable to these proceedings by Bankruptcy Rules 7017 and 9014(c)), and Bankruptcy Rule 9019, approving the settlement agreement between on the one hand, Hertz and on the other hand, N.E. (the "**Minor Claimant**," and collectively with the Reorganized Debtor, the "**Parties**"), all as more fully set forth in the Motion; and it appearing that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated February 29, 2012, (ii) the Motion is a core proceeding under 28 U.S.C. § 157(b)(2), and (iii) the Court may enter a final order consistent with Article I of the United States Constitution; and it appearing that notice of the Motion as set forth therein is sufficient, and that no other or further notice need be provided; and it further appearing

---

[1] The last four digits of the tax identification number of Reorganized Debtor Rental Car Intermediate Holdings, LLC ("**RCIH**") are 2459. The location of the Reorganized Debtor's service address is 8501 Williams Road, Estero, FL 33928. On September 28, 2021, the Court entered a final decree closing each of the chapter 11 cases for The Hertz Corporation and its affiliated reorganized debtors (the "**Reorganized Debtors**") other than RCIH's chapter 11 case. Commencing on September 28, 2021, all motions, notices, and other pleadings relating to any of the Reorganized Debtors shall be filed in RCIH's chapter 11 case, Case No. 20-11247 (MFW).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

that the relief requested in the Motion is in the best interests of the Reorganized Debtor, the Minor Claimant and the other parties in interest; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, the Court hereby finds and determines that:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

A.     This Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(b)(1) and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

B.     The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rules 7052 and 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

C.     Due and adequate notice of the Motion, the Settlement Agreement, and the subject matter thereof, has been provided to all parties in interest pursuant to and in accordance with paragraph 78 of the Confirmation Order.  Notice was sufficient and proper and complied with all applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules. No additional notice of the Motion, the Settlement Agreement or this Order is required. A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all interested parties and entities.

D.      The relief requested in the Motion is fair, reasonable, equitable, and just and in the best interests of the Reorganized Debtors, their estates and creditors, and the Minor Claimant. The Movants have demonstrated good, sufficient, and sound purposes and justifications for the relief requested in the Motion.

E.      The settlement reflected in the Settlement Agreement is the product of arms'-length negotiations between and among the Parties, including, without limitation, the mediation conducted under the supervision of Jerry P. Roscoe. The Settlement Agreement was negotiated and proposed, and entered into by the Parties in good faith and without fraud or collusion.  Each Party to the respective Settlement Agreement was represented by counsel.

F.      The applicable factors set forth in *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996) support approval of the settlement under Bankruptcy Rule 9019. There is uncertainty as to the outcome of the litigation concerning the Minor Claimant's claims. The numerous disputed issues are complex and likely to invite further inconvenience, cost and delay. Finally, the paramount interests of creditors favor a prompt resolution that provides a meaningful recovery to creditors, without the risk of further litigation.  The consideration to be realized and to be provided pursuant to the Settlement Agreement is fair and reasonable.

## ORDER

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED as to the Minor Claimant as set forth herein.  Any objections or reservations of rights filed in respect of the Motion are overruled, with prejudice.

2.      The Settlement Agreement attached hereto as Exhibit 1 is APPROVED in its entirety, including but not limited to the waivers and releases contained therein and consideration provided therefor.  Melanie Evans (the "Representative"), the biological mother and legal guardian

of minor son N.E., is authorized to take any steps as may be required or necessary to implement the Settlement Agreement, and the Representative is authorized to execute the Settlement Agreement on behalf of the Minor Claimant.

3.    The Representative has accepted the lump sum payment reflected in the Settlement Agreement in full and final settlement of the Minor Claimant's claims.

4.    The Representative is authorized to place sixty percent (60%) of the gross settlement proceeds from the settlement into the respective financial instrument identified in the Motion—for the sole benefit of the Minor Claimant—and to pay the remaining forty percent (40%) of gross proceeds to Francis Alexander LLC and related counsel as legal fees (all costs advanced for the client are being covered by the attorneys out of their own legal fees).

5.    The Representative is authorized to dismiss or withdraw claims pending on behalf of the Minor Claimant in any court in accordance and compliance with the Settlement Agreement.

6.    This Court shall, and hereby does, retain jurisdiction with respect to matters arising from or related to the implementation, interpretation, or enforcement of the Settlement Agreement and this Order.

# EXHIBIT 4

Bianca DeLoach for Minor Child A.P.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| Rental Car Intermediate Holdings, LLC,[1] | Case No. 20-11247 (MFW) |
| Reorganized Debtor. | **Re: Docket No. ___** |

**ORDER APPROVING SETTLEMENT AGREEMENT**
**BETWEEN HERTZ AND BIANCA DELOACH FOR MINOR CLAIMANT A.P.**

Upon the joint motion (the "**Motion**")[2] of the Movants for entry of an order (this "**Order**") pursuant to section 105(a) of the Bankruptcy Code, Civil Rule 17 (made applicable to these proceedings by Bankruptcy Rules 7017 and 9014(c)), and Bankruptcy Rule 9019, approving the settlement agreement between on the one hand, Hertz and on the other hand, A.P. (the "**Minor Claimant**," and collectively with the Reorganized Debtor, the "**Parties**"), all as more fully set forth in the Motion; and it appearing that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated February 29, 2012, (ii) the Motion is a core proceeding under 28 U.S.C. § 157(b)(2), and (iii) the Court may enter a final order consistent with Article I of the United States Constitution; and it appearing that notice of the Motion as set forth therein is sufficient, and that no other or further notice need be provided; and it further appearing that the relief requested in the Motion is in the best interests of the Reorganized Debtor, the Minor

---

[1] The last four digits of the tax identification number of Reorganized Debtor Rental Car Intermediate Holdings, LLC ("**RCIH**") are 2459. The location of the Reorganized Debtor's service address is 8501 Williams Road, Estero, FL 33928. On September 28, 2021, the Court entered a final decree closing each of the chapter 11 cases for The Hertz Corporation and its affiliated reorganized debtors (the "**Reorganized Debtors**") other than RCIH's chapter 11 case. Commencing on September 28, 2021, all motions, notices, and other pleadings relating to any of the Reorganized Debtors shall be filed in RCIH's chapter 11 case, Case No. 20-11247 (MFW).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Claimant and the other parties in interest; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, the Court hereby finds and determines that:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

A.      This Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(b)(1) and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

B.      The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rules 7052 and 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

C.      Due and adequate notice of the Motion, the Settlement Agreement, and the subject matter thereof, has been provided to all parties in interest pursuant to and in accordance with paragraph 78 of the Confirmation Order.  Notice was sufficient and proper and complied with all applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules. No additional notice of the Motion, the Settlement Agreement or this Order is required. A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all interested parties and entities.

D.      The relief requested in the Motion is fair, reasonable, equitable, and just and in the

best interests of the Reorganized Debtors, their estates and creditors, and the Minor Claimant. The

Movants have demonstrated good, sufficient, and sound purposes and justifications for the relief

requested in the Motion.

E.      The settlement reflected in the Settlement Agreement is the product of arms'-length

negotiations between and among the Parties, including, without limitation, the mediation

conducted under the supervision of Jerry P. Roscoe. The Settlement Agreement was negotiated

and proposed, and entered into by the Parties in good faith and without fraud or collusion.  Each

Party to the respective Settlement Agreement was represented by counsel.

F.      The applicable factors set forth in *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393

(3d Cir. 1996) support approval of the settlement under Bankruptcy Rule 9019. There is

uncertainty as to the outcome of the litigation concerning the Minor Claimant's claims. The

numerous disputed issues are complex and likely to invite further inconvenience, cost and delay.

Finally, the paramount interests of creditors favor a prompt resolution that provides a meaningful

recovery to creditors, without the risk of further litigation.  The consideration to be realized and to

be provided pursuant to the Settlement Agreement is fair and reasonable.

## ORDER

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED as to the Minor Claimant as set forth herein.  Any

objections or reservations of rights filed in respect of the Motion are overruled, with prejudice.

2.      The Settlement Agreement attached hereto as Exhibit 1 is APPROVED in its

entirety, including but not limited to the waivers and releases contained therein and consideration

provided therefor. Bianca DeLoach (the "Representative"), the biological mother and legal

guardian of minor A.P., is authorized to take any steps as may be required or necessary to implement the Settlement Agreement, and the Representative is authorized to execute the Settlement Agreement on behalf of the Minor Claimant.

3.    The Representative has accepted the lump sum payment reflected in the Settlement Agreement in full and final settlement of the Minor Claimant's claims.

4.    The Representative is authorized to place sixty percent (60%) of the gross settlement proceeds from the settlement into the respective financial instrument identified in the Motion—for the sole benefit of the Minor Claimant—and to pay the remaining forty percent (40%) of gross proceeds to Francis Alexander LLC and related counsel as legal fees (all costs advanced for the client are being covered by the attorneys out of their own legal fees).

5.    The Representative is authorized to dismiss or withdraw claims pending on behalf of the Minor Claimant in any court in accordance and compliance with the Settlement Agreement.

6.    This Court shall, and hereby does, retain jurisdiction with respect to matters arising from or related to the implementation, interpretation, or enforcement of the Settlement Agreement and this Order.

# EXHIBIT 5

Bianca DeLoach for Minor Child C.P.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| Rental Car Intermediate Holdings, LLC,[1] | Case No. 20-11247 (MFW) |
| Reorganized Debtor. | Re: Docket No. ___ |

**ORDER APPROVING SETTLEMENT AGREEMENT**
**BETWEEN HERTZ AND BIANCA DELOACH FOR MINOR CLAIMANT C.P.**

Upon the joint motion (the "**Motion**")[2] of the Movants for entry of an order (this "**Order**")

pursuant to section 105(a) of the Bankruptcy Code, Civil Rule 17 (made applicable to these

proceedings by Bankruptcy Rules 7017 and 9014(c)), and Bankruptcy Rule 9019, approving the

settlement agreement between on the one hand, Hertz and on the other hand, C.P. (the "**Minor**

**Claimant**," and collectively with the Reorganized Debtor, the "**Parties**"), all as more fully set

forth in the Motion; and it appearing that (i) the Court has jurisdiction over this matter pursuant to

28 U.S.C. §§ 1334 and 157 and the Amended Standing Order of Reference from the United States

District Court for the District of Delaware dated February 29, 2012, (ii) the Motion is a core

proceeding under 28 U.S.C. § 157(b)(2), and (iii) the Court may enter a final order consistent with

Article I of the United States Constitution; and it appearing that notice of the Motion as set forth

therein is sufficient, and that no other or further notice need be provided; and it further appearing

that the relief requested in the Motion is in the best interests of the Reorganized Debtor, the Minor

---

[1] The last four digits of the tax identification number of Reorganized Debtor Rental Car Intermediate Holdings, LLC ("**RCIH**") are 2459. The location of the Reorganized Debtor's service address is 8501 Williams Road, Estero, FL 33928. On September 28, 2021, the Court entered a final decree closing each of the chapter 11 cases for The Hertz Corporation and its affiliated reorganized debtors (the "**Reorganized Debtors**") other than RCIH's chapter 11 case. Commencing on September 28, 2021, all motions, notices, and other pleadings relating to any of the Reorganized Debtors shall be filed in RCIH's chapter 11 case, Case No. 20-11247 (MFW).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Claimant and the other parties in interest; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, the Court hereby finds and determines that:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

A.     This Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(b)(1) and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

B.     The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rules 7052 and 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

C.     Due and adequate notice of the Motion, the Settlement Agreement, and the subject matter thereof, has been provided to all parties in interest pursuant to and in accordance with paragraph 78 of the Confirmation Order.  Notice was sufficient and proper and complied with all applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules. No additional notice of the Motion, the Settlement Agreement or this Order is required. A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all interested parties and entities.

D.      The relief requested in the Motion is fair, reasonable, equitable, and just and in the best interests of the Reorganized Debtors, their estates and creditors, and the Minor Claimant. The Movants have demonstrated good, sufficient, and sound purposes and justifications for the relief requested in the Motion.

E.      The settlement reflected in the Settlement Agreement is the product of arms'-length negotiations between and among the Parties, including, without limitation, the mediation conducted under the supervision of Jerry P. Roscoe. The Settlement Agreement was negotiated and proposed, and entered into by the Parties in good faith and without fraud or collusion.  Each Party to the respective Settlement Agreement was represented by counsel.

F.      The applicable factors set forth in *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996) support approval of the settlement under Bankruptcy Rule 9019. There is uncertainty as to the outcome of the litigation concerning the Minor Claimant's claims. The numerous disputed issues are complex and likely to invite further inconvenience, cost and delay. Finally, the paramount interests of creditors favor a prompt resolution that provides a meaningful recovery to creditors, without the risk of further litigation.  The consideration to be realized and to be provided pursuant to the Settlement Agreement is fair and reasonable.

## ORDER

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED as to the Minor Claimant as set forth herein.  Any objections or reservations of rights filed in respect of the Motion are overruled, with prejudice.

2.      The Settlement Agreement attached hereto as Exhibit 1 is APPROVED in its entirety, including but not limited to the waivers and releases contained therein and consideration provided therefor. Bianca DeLoach (the "Representative"), the biological mother and legal

guardian of minor C.P., is authorized to take any steps as may be required or necessary to implement the Settlement Agreement, and the Representative is authorized to execute the Settlement Agreement on behalf of the Minor Claimant.

3.     The Representative has accepted the lump sum payment reflected in the Settlement Agreement in full and final settlement of the Minor Claimant's claims.

4.     The Representative is authorized to place sixty percent (60%) of the gross settlement proceeds from the settlement into the respective financial instrument identified in the Motion—for the sole benefit of the Minor Claimant—and to pay the remaining forty percent (40%) of gross proceeds to Francis Alexander LLC and related counsel as legal fees (all costs advanced for the client are being covered by the attorneys out of their own legal fees).

5.     The Representative is authorized to dismiss or withdraw claims pending on behalf of the Minor Claimant in any court in accordance and compliance with the Settlement Agreement.

6.     This Court shall, and hereby does, retain jurisdiction with respect to matters arising from or related to the implementation, interpretation, or enforcement of the Settlement Agreement and this Order.

# EXHIBIT 6

Anne Maha for Minor Daughter A.J.

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| Rental Car Intermediate Holdings, LLC,[1] | Case No. 20-11247 (MFW) |
| Reorganized Debtor. | Re: Docket No. ___ |

## ORDER APPROVING SETTLEMENT AGREEMENT
## BETWEEN HERTZ AND ANNE MAHA
## FOR MINOR DAUGHTER CLAIMANT A.J.

Upon the joint motion (the "**Motion**")[2] of the Movants for entry of an order (this "**Order**") pursuant to section 105(a) of the Bankruptcy Code, Civil Rule 17 (made applicable to these proceedings by Bankruptcy Rules 7017 and 9014(c)), and Bankruptcy Rule 9019, approving the settlement agreement between on the one hand, Hertz and on the other hand, A.J. (the "**Minor Claimant**," and collectively with the Reorganized Debtor, the "**Parties**"), all as more fully set forth in the Motion; and it appearing that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated February 29, 2012, (ii) the Motion is a core proceeding under 28 U.S.C. § 157(b)(2), and (iii) the Court may enter a final order consistent with Article I of the United States Constitution; and it appearing that notice of the Motion as set forth therein is sufficient, and that no other or further notice need be provided; and it further appearing

---

[1] The last four digits of the tax identification number of Reorganized Debtor Rental Car Intermediate Holdings, LLC ("**RCIH**") are 2459. The location of the Reorganized Debtor's service address is 8501 Williams Road, Estero, FL 33928. On September 28, 2021, the Court entered a final decree closing each of the chapter 11 cases for The Hertz Corporation and its affiliated reorganized debtors (the "**Reorganized Debtors**") other than RCIH's chapter 11 case. Commencing on September 28, 2021, all motions, notices, and other pleadings relating to any of the Reorganized Debtors shall be filed in RCIH's chapter 11 case, Case No. 20-11247 (MFW).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

that the relief requested in the Motion is in the best interests of the Reorganized Debtor, the Minor Claimant and the other parties in interest; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, the Court hereby finds and determines that:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

A.      This Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(b)(1) and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

B.      The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rules 7052 and 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

C.      Due and adequate notice of the Motion, the Settlement Agreement, and the subject matter thereof, has been provided to all parties in interest pursuant to and in accordance with paragraph 78 of the Confirmation Order.  Notice was sufficient and proper and complied with all applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules. No additional notice of the Motion, the Settlement Agreement or this Order is required. A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all interested parties and entities.

D.     The relief requested in the Motion is fair, reasonable, equitable, and just and in the best interests of the Reorganized Debtors, their estates and creditors, and the Minor Claimant. The Movants have demonstrated good, sufficient, and sound purposes and justifications for the relief requested in the Motion.

E.     The settlement reflected in the Settlement Agreement is the product of arms'-length negotiations between and among the Parties, including, without limitation, the mediation conducted under the supervision of Jerry P. Roscoe. The Settlement Agreement was negotiated and proposed, and entered into by the Parties in good faith and without fraud or collusion. Each Party to the respective Settlement Agreement was represented by counsel.

F.     The applicable factors set forth in *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996) support approval of the settlement under Bankruptcy Rule 9019. There is uncertainty as to the outcome of the litigation concerning the Minor Claimant's claims. The numerous disputed issues are complex and likely to invite further inconvenience, cost and delay. Finally, the paramount interests of creditors favor a prompt resolution that provides a meaningful recovery to creditors, without the risk of further litigation. The consideration to be realized and to be provided pursuant to the Settlement Agreement is fair and reasonable.

## ORDER

**IT IS HEREBY ORDERED THAT:**

1.     The Motion is GRANTED as to the Minor Claimant as set forth herein. Any objections or reservations of rights filed in respect of the Motion are overruled, with prejudice.

2.     The Settlement Agreement attached hereto as Exhibit 1 is APPROVED in its entirety, including but not limited to the waivers and releases contained therein and consideration provided therefor. Anne Maha (the "Representative"), the biological mother and legal guardian of

minor daughter A.J., is authorized to take any steps as may be required or necessary to implement the Settlement Agreement, and the Representative is authorized to execute the Settlement Agreement on behalf of the Minor Claimant.

3.     The Representative has accepted the lump sum payment reflected in the Settlement Agreement in full and final settlement of the Minor Claimant's claims.

4.     The Representative is authorized to place sixty percent (60%) of the gross settlement proceeds from the settlement into the respective financial instrument identified in the Motion—for the sole benefit of the Minor Claimant—and to pay the remaining forty percent (40%) of gross proceeds to Francis Alexander LLC and related counsel as legal fees (all costs advanced for the client are being covered by the attorneys out of their own legal fees).

5.     The Representative is authorized to dismiss or withdraw claims pending on behalf of the Minor Claimant in any court in accordance and compliance with the Settlement Agreement.

6.     This Court shall, and hereby does, retain jurisdiction with respect to matters arising from or related to the implementation, interpretation, or enforcement of the Settlement Agreement and this Order.

# EXHIBIT 7

Anne Maha for Minor Son A.J.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| Rental Car Intermediate Holdings, LLC,[1] | Case No. 20-11247 (MFW) |
| Reorganized Debtor. | **Re: Docket No. ___** |

**ORDER APPROVING SETTLEMENT AGREEMENT
BETWEEN HERTZ AND ANNE MAHA FOR MINOR SON CLAIMANT A.J.**

Upon the joint motion (the "**Motion**")[2] of the Movants for entry of an order (this "**Order**") pursuant to section 105(a) of the Bankruptcy Code, Civil Rule 17 (made applicable to these proceedings by Bankruptcy Rules 7017 and 9014(c)), and Bankruptcy Rule 9019, approving the settlement agreement between on the one hand, Hertz and on the other hand, A.J. (the "**Minor Claimant**," and collectively with the Reorganized Debtor, the "**Parties**"), all as more fully set forth in the Motion; and it appearing that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated February 29, 2012, (ii) the Motion is a core proceeding under 28 U.S.C. § 157(b)(2), and (iii) the Court may enter a final order consistent with Article I of the United States Constitution; and it appearing that notice of the Motion as set forth therein is sufficient, and that no other or further notice need be provided; and it further appearing that the relief requested in the Motion is in the best interests of the Reorganized Debtor, the Minor

---

[1] The last four digits of the tax identification number of Reorganized Debtor Rental Car Intermediate Holdings, LLC ("**RCIH**") are 2459. The location of the Reorganized Debtor's service address is 8501 Williams Road, Estero, FL 33928. On September 28, 2021, the Court entered a final decree closing each of the chapter 11 cases for The Hertz Corporation and its affiliated reorganized debtors (the "**Reorganized Debtors**") other than RCIH's chapter 11 case. Commencing on September 28, 2021, all motions, notices, and other pleadings relating to any of the Reorganized Debtors shall be filed in RCIH's chapter 11 case, Case No. 20-11247 (MFW).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Claimant and the other parties in interest; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, the Court hereby finds and determines that:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

A.     This Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(b)(1) and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

B.     The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rules 7052 and 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

C.     Due and adequate notice of the Motion, the Settlement Agreement, and the subject matter thereof, has been provided to all parties in interest pursuant to and in accordance with paragraph 78 of the Confirmation Order.  Notice was sufficient and proper and complied with all applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules. No additional notice of the Motion, the Settlement Agreement or this Order is required. A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all interested parties and entities.

D.      The relief requested in the Motion is fair, reasonable, equitable, and just and in the best interests of the Reorganized Debtors, their estates and creditors, and the Minor Claimant. The Movants have demonstrated good, sufficient, and sound purposes and justifications for the relief requested in the Motion.

E.      The settlement reflected in the Settlement Agreement is the product of arms'-length negotiations between and among the Parties, including, without limitation, the mediation conducted under the supervision of Jerry P. Roscoe. The Settlement Agreement was negotiated and proposed, and entered into by the Parties in good faith and without fraud or collusion.  Each Party to the respective Settlement Agreement was represented by counsel.

F.      The applicable factors set forth in *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996) support approval of the settlement under Bankruptcy Rule 9019. There is uncertainty as to the outcome of the litigation concerning the Minor Claimant's claims. The numerous disputed issues are complex and likely to invite further inconvenience, cost and delay. Finally, the paramount interests of creditors favor a prompt resolution that provides a meaningful recovery to creditors, without the risk of further litigation.  The consideration to be realized and to be provided pursuant to the Settlement Agreement is fair and reasonable.

## ORDER

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED as to the Minor Claimant as set forth herein.  Any objections or reservations of rights filed in respect of the Motion are overruled, with prejudice.

2.      Anne Maha (the "Representative"), the biological mother and legal guardian of minor son A.J., shall serve as Representative of A.J. for purposes of executing the settlement agreements and distributing the proceeds therefrom.

3.      The Settlement Agreement attached hereto as Exhibit 1 is APPROVED in its entirety, including but not limited to the waivers and releases contained therein and consideration provided therefor.  Anne Maha (the "Representative"), the biological mother and legal guardian of minor son A.J., is authorized to take any steps as may be required or necessary to implement the Settlement Agreement, and the Representative is authorized to execute the Settlement Agreement on behalf of the Minor Claimant.

4.      The Representative has accepted the lump sum payment reflected in the Settlement Agreement in full and final settlement of the Minor Claimant's claims.

5.      The Representative is authorized to place sixty percent (60%) of the gross settlement proceeds from the settlement into the respective financial instrument identified in the Motion—for the sole benefit of the Minor Claimant—and to pay the remaining forty percent (40%) of gross proceeds to Francis Alexander LLC and related counsel as legal fees (all costs advanced for the client are being covered by the attorneys out of their own legal fees).

6.      The Representative is authorized to dismiss or withdraw claims pending on behalf of the Minor Claimant in any court in accordance and compliance with the Settlement Agreement.

7.      This Court shall, and hereby does, retain jurisdiction with respect to matters arising from or related to the implementation, interpretation, or enforcement of the Settlement Agreement and this Order.

# EXHIBIT 8

Kimberly McCoy for Minor Child S.M.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| Rental Car Intermediate Holdings, LLC,[1] | Case No. 20-11247 (MFW) |
| Reorganized Debtor. | **Re: Docket No. ___** |

**ORDER APPROVING SETTLEMENT AGREEMENT
BETWEEN HERTZ AND KIMBERLY MCCOY FOR MINOR CLAIMANT S.M.**

Upon the joint motion (the "**Motion**")[2] of the Movants for entry of an order (this "**Order**") pursuant to section 105(a) of the Bankruptcy Code, Civil Rule 17 (made applicable to these proceedings by Bankruptcy Rules 7017 and 9014(c)), and Bankruptcy Rule 9019, approving the settlement agreement between on the one hand, Hertz and on the other hand, S.M. (the "**Minor Claimant**," and collectively with the Reorganized Debtor, the "**Parties**"), all as more fully set forth in the Motion; and it appearing that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated February 29, 2012, (ii) the Motion is a core proceeding under 28 U.S.C. § 157(b)(2), and (iii) the Court may enter a final order consistent with Article I of the United States Constitution; and it appearing that notice of the Motion as set forth therein is sufficient, and that no other or further notice need be provided; and it further appearing that the relief requested in the Motion is in the best interests of the Reorganized Debtor, the Minor

---

[1] The last four digits of the tax identification number of Reorganized Debtor Rental Car Intermediate Holdings, LLC ("**RCIH**") are 2459. The location of the Reorganized Debtor's service address is 8501 Williams Road, Estero, FL 33928. On September 28, 2021, the Court entered a final decree closing each of the chapter 11 cases for The Hertz Corporation and its affiliated reorganized debtors (the "**Reorganized Debtors**") other than RCIH's chapter 11 case. Commencing on September 28, 2021, all motions, notices, and other pleadings relating to any of the Reorganized Debtors shall be filed in RCIH's chapter 11 case, Case No. 20-11247 (MFW).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Claimant and the other parties in interest; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, the Court hereby finds and determines that:

## <u>FINDINGS OF FACT AND CONCLUSIONS OF LAW</u>

A.     This Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(b)(1) and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

B.     The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rules 7052 and 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

C.     Due and adequate notice of the Motion, the Settlement Agreement, and the subject matter thereof, has been provided to all parties in interest pursuant to and in accordance with paragraph 78 of the Confirmation Order.  Notice was sufficient and proper and complied with all applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules. No additional notice of the Motion, the Settlement Agreement or this Order is required. A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all interested parties and entities.

D.     The relief requested in the Motion is fair, reasonable, equitable, and just and in the best interests of the Reorganized Debtors, their estates and creditors, and the Minor Claimant. The Movants have demonstrated good, sufficient, and sound purposes and justifications for the relief requested in the Motion.

E.     The settlement reflected in the Settlement Agreement is the product of arms'-length negotiations between and among the Parties, including, without limitation, the mediation conducted under the supervision of Jerry P. Roscoe. The Settlement Agreement was negotiated and proposed, and entered into by the Parties in good faith and without fraud or collusion.  Each Party to the respective Settlement Agreement was represented by counsel.

F.     The applicable factors set forth in *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996) support approval of the settlement under Bankruptcy Rule 9019.  There is uncertainty as to the outcome of the litigation concerning the Minor Claimant's claims. The numerous disputed issues are complex and likely to invite further inconvenience, cost and delay. Finally, the paramount interests of creditors favor a prompt resolution that provides a meaningful recovery to creditors, without the risk of further litigation.  The consideration to be realized and to be provided pursuant to the Settlement Agreement is fair and reasonable.

## ORDER

**IT IS HEREBY ORDERED THAT:**

1.     The Motion is GRANTED as to the Minor Claimant as set forth herein.  Any objections or reservations of rights filed in respect of the Motion are overruled, with prejudice.

2.     The Settlement Agreement attached hereto as Exhibit 1 is APPROVED in its entirety, including but not limited to the waivers and releases contained therein and consideration provided therefor.  Kimberly McCoy (the "Representative"), the biological mother and legal

guardian of minor S.M., is authorized to take any steps as may be required or necessary to implement the Settlement Agreement, and the Representative is authorized to execute the Settlement Agreement on behalf of the Minor Claimant.

3.      The Representative has accepted the lump sum payment reflected in the Settlement Agreement in full and final settlement of the Minor Claimant's claims.

4.      The Representative is authorized to place sixty percent (60%) of the gross settlement proceeds from the settlement into the respective financial instrument identified in the Motion—for the sole benefit of the Minor Claimant—and to pay the remaining forty percent (40%) of gross proceeds to Francis Alexander LLC and related counsel as legal fees (all costs advanced for the client are being covered by the attorneys out of their own legal fees).

5.      The Representative is authorized to dismiss or withdraw claims pending on behalf of the Minor Claimant in any court in accordance and compliance with the Settlement Agreement.

6.      This Court shall, and hereby does, retain jurisdiction with respect to matters arising from or related to the implementation, interpretation, or enforcement of the Settlement Agreement and this Order.

# EXHIBIT 9

Kenny B. Fearence, Jr. for Minor Child K.F.

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| Rental Car Intermediate Holdings, LLC,[1] | Case No. 20-11247 (MFW) |
| Reorganized Debtor. | **Re: Docket No. ___** |

## ORDER APPROVING SETTLEMENT AGREEMENT
## BETWEEN HERTZ AND KENNY B. FEARENCE, JR. FOR MINOR CLAIMANT K.F.

Upon the joint motion (the "**Motion**")[2] of the Movants for entry of an order (this "**Order**") pursuant to section 105(a) of the Bankruptcy Code, Civil Rule 17 (made applicable to these proceedings by Bankruptcy Rules 7017 and 9014(c)), and Bankruptcy Rule 9019, approving the settlement agreement between on the one hand, Hertz and on the other hand, K.F. (the "**Minor Claimant**," and collectively with the Reorganized Debtor, the "**Parties**"), all as more fully set forth in the Motion; and it appearing that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated February 29, 2012, (ii) the Motion is a core proceeding under 28 U.S.C. § 157(b)(2), and (iii) the Court may enter a final order consistent with Article I of the United States Constitution; and it appearing that notice of the Motion as set forth therein is sufficient, and that no other or further notice need be provided; and it further appearing that the relief requested in the Motion is in the best interests of the Reorganized Debtor, the Minor

---

[1] The last four digits of the tax identification number of Reorganized Debtor Rental Car Intermediate Holdings, LLC ("**RCIH**") are 2459. The location of the Reorganized Debtor's service address is 8501 Williams Road, Estero, FL 33928. On September 28, 2021, the Court entered a final decree closing each of the chapter 11 cases for The Hertz Corporation and its affiliated reorganized debtors (the "**Reorganized Debtors**") other than RCIH's chapter 11 case. Commencing on September 28, 2021, all motions, notices, and other pleadings relating to any of the Reorganized Debtors shall be filed in RCIH's chapter 11 case, Case No. 20-11247 (MFW).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Claimant and the other parties in interest; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, the Court hereby finds and determines that:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

A.      This Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(b)(1) and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

B.      The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rules 7052 and 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

C.      Due and adequate notice of the Motion, the Settlement Agreement, and the subject matter thereof, has been provided to all parties in interest pursuant to and in accordance with paragraph 78 of the Confirmation Order.  Notice was sufficient and proper and complied with all applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules. No additional notice of the Motion, the Settlement Agreement or this Order is required. A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all interested parties and entities.

D.      The relief requested in the Motion is fair, reasonable, equitable, and just and in the best interests of the Reorganized Debtors, their estates and creditors, and the Minor Claimant. The Movants have demonstrated good, sufficient, and sound purposes and justifications for the relief requested in the Motion.

E.      The settlement reflected in the Settlement Agreement is the product of arms'-length negotiations between and among the Parties, including, without limitation, the mediation conducted under the supervision of Jerry P. Roscoe. The Settlement Agreement was negotiated and proposed, and entered into by the Parties in good faith and without fraud or collusion.  Each Party to the respective Settlement Agreement was represented by counsel.

F.      The applicable factors set forth in *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996) support approval of the settlement under Bankruptcy Rule 9019. There is uncertainty as to the outcome of the litigation concerning the Minor Claimant's claims. The numerous disputed issues are complex and likely to invite further inconvenience, cost and delay. Finally, the paramount interests of creditors favor a prompt resolution that provides a meaningful recovery to creditors, without the risk of further litigation.  The consideration to be realized and to be provided pursuant to the Settlement Agreement is fair and reasonable.

## ORDER

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED as to the Minor Claimant as set forth herein.  Any objections or reservations of rights filed in respect of the Motion are overruled, with prejudice.

2.      The Settlement Agreement attached hereto as Exhibit 1 is APPROVED in its entirety, including but not limited to the waivers and releases contained therein and consideration provided therefor.  Kenny B. Fearence, Jr. (the "Representative"), the biological father and legal

guardian of minor K.F., is authorized to take any steps as may be required or necessary to implement the Settlement Agreement, and the Representative is authorized to execute the Settlement Agreement on behalf of the Minor Claimant.

3.      The Representative has accepted the lump sum payment reflected in the Settlement Agreement in full and final settlement of the Minor Claimant's claims.

4.      The Representative is authorized to place sixty percent (60%) of the gross settlement proceeds from the settlement into the respective financial instrument identified in the Motion—for the sole benefit of the Minor Claimant—and to pay the remaining forty percent (40%) of gross proceeds to Francis Alexander LLC and related counsel as legal fees (all costs advanced for the client are being covered by the attorneys out of their own legal fees).

5.      The Representative is authorized to dismiss or withdraw claims pending on behalf of the Minor Claimant in any court in accordance and compliance with the Settlement Agreement.

6.      This Court shall, and hereby does, retain jurisdiction with respect to matters arising from or related to the implementation, interpretation, or enforcement of the Settlement Agreement and this Order.

# EXHIBIT 10

Brandy Porter for Minor Child M.P.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| Rental Car Intermediate Holdings, LLC,[1] | Case No. 20-11247 (MFW) |
| Reorganized Debtor. | **Re: Docket No. \_\_\_** |

## ORDER APPROVING SETTLEMENT AGREEMENT
## BETWEEN HERTZ AND BRANDY PORTER FOR MINOR CLAIMANT M.P.

Upon the joint motion (the "**Motion**")[2] of the Movants for entry of an order (this "**Order**") pursuant to section 105(a) of the Bankruptcy Code, Civil Rule 17 (made applicable to these proceedings by Bankruptcy Rules 7017 and 9014(c)), and Bankruptcy Rule 9019, approving the settlement agreement between on the one hand, Hertz and on the other hand, M.P. (the "**Minor Claimant**," and collectively with the Reorganized Debtor, the "**Parties**"), all as more fully set forth in the Motion; and it appearing that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated February 29, 2012, (ii) the Motion is a core proceeding under 28 U.S.C. § 157(b)(2), and (iii) the Court may enter a final order consistent with Article I of the United States Constitution; and it appearing that notice of the Motion as set forth therein is sufficient, and that no other or further notice need be provided; and it further appearing that the relief requested in the Motion is in the best interests of the Reorganized Debtor, the Minor

---

[1] The last four digits of the tax identification number of Reorganized Debtor Rental Car Intermediate Holdings, LLC ("**RCIH**") are 2459. The location of the Reorganized Debtor's service address is 8501 Williams Road, Estero, FL 33928. On September 28, 2021, the Court entered a final decree closing each of the chapter 11 cases for The Hertz Corporation and its affiliated reorganized debtors (the "**Reorganized Debtors**") other than RCIH's chapter 11 case. Commencing on September 28, 2021, all motions, notices, and other pleadings relating to any of the Reorganized Debtors shall be filed in RCIH's chapter 11 case, Case No. 20-11247 (MFW).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Claimant and the other parties in interest; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, the Court hereby finds and determines that:

## <u>FINDINGS OF FACT AND CONCLUSIONS OF LAW</u>

A.      This Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(b)(1) and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

B.      The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rules 7052 and 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

C.      Due and adequate notice of the Motion, the Settlement Agreement, and the subject matter thereof, has been provided to all parties in interest pursuant to and in accordance with paragraph 78 of the Confirmation Order.  Notice was sufficient and proper and complied with all applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules. No additional notice of the Motion, the Settlement Agreement or this Order is required. A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all interested parties and entities.

D.      The relief requested in the Motion is fair, reasonable, equitable, and just and in the best interests of the Reorganized Debtors, their estates and creditors, and the Minor Claimant. The Movants have demonstrated good, sufficient, and sound purposes and justifications for the relief requested in the Motion.

E.      The settlement reflected in the Settlement Agreement is the product of arms'-length negotiations between and among the Parties, including, without limitation, the mediation conducted under the supervision of Jerry P. Roscoe. The Settlement Agreement was negotiated and proposed, and entered into by the Parties in good faith and without fraud or collusion. Each Party to the respective Settlement Agreement was represented by counsel.

F.      The applicable factors set forth in *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996) support approval of the settlement under Bankruptcy Rule 9019. There is uncertainty as to the outcome of the litigation concerning the Minor Claimant's claims. The numerous disputed issues are complex and likely to invite further inconvenience, cost and delay. Finally, the paramount interests of creditors favor a prompt resolution that provides a meaningful recovery to creditors, without the risk of further litigation. The consideration to be realized and to be provided pursuant to the Settlement Agreement is fair and reasonable.

## ORDER

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED as to the Minor Claimant as set forth herein.  Any objections or reservations of rights filed in respect of the Motion are overruled, with prejudice.

2.      The Settlement Agreement attached hereto as Exhibit 1 is APPROVED in its entirety, including but not limited to the waivers and releases contained therein and consideration provided therefor.  Brandy Porter (the "Representative"), the biological mother and legal guardian

of minor M.P, is authorized to take any steps as may be required or necessary to implement the

Settlement Agreement, and the Representative is authorized to execute the Settlement Agreement

on behalf of the Minor Claimant.

3.      The Representative has accepted the lump sum payment reflected in the Settlement

Agreement in full and final settlement of the Minor Claimant's claims.

4.      The Representative is authorized to place sixty percent (60%) of the gross

settlement proceeds from the settlement into the respective financial instrument identified in the

Motion—for the sole benefit of the Minor Claimant—and to pay the remaining forty percent (40%)

of gross proceeds to Francis Alexander LLC and related counsel as legal fees (all costs advanced

for the client are being covered by the attorneys out of their own legal fees).

5.      The Representative is authorized to dismiss or withdraw claims pending on behalf

of the Minor Claimant in any court in accordance and compliance with the Settlement Agreement.

6.      This Court shall, and hereby does, retain jurisdiction with respect to matters arising

from or related to the implementation, interpretation, or enforcement of the Settlement Agreement

and this Order.

# EXHIBIT 11

Rebecca Willen for Minor Child J.W.

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| Rental Car Intermediate Holdings, LLC,[1] | Case No. 20-11247 (MFW) |
| Reorganized Debtor. | **Re: Docket No. ___** |

## ORDER APPROVING SETTLEMENT AGREEMENT
## BETWEEN HERTZ AND REBECCA WILLEN FOR MINOR CLAIMANT J.W.

Upon the joint motion (the "**Motion**")[2] of the Movants for entry of an order (this "**Order**") pursuant to section 105(a) of the Bankruptcy Code, Civil Rule 17 (made applicable to these proceedings by Bankruptcy Rules 7017 and 9014(c)), and Bankruptcy Rule 9019, approving the settlement agreement between on the one hand, Hertz and on the other hand, J.W. (the "**Minor Claimant**," and collectively with the Reorganized Debtor, the "**Parties**"), all as more fully set forth in the Motion; and it appearing that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated February 29, 2012, (ii) the Motion is a core proceeding under 28 U.S.C. § 157(b)(2), and (iii) the Court may enter a final order consistent with Article I of the United States Constitution; and it appearing that notice of the Motion as set forth therein is sufficient, and that no other or further notice need be provided; and it further appearing that the relief requested in the Motion is in the best interests of the Reorganized Debtor, the Minor

---

[1] The last four digits of the tax identification number of Reorganized Debtor Rental Car Intermediate Holdings, LLC ("**RCIH**") are 2459. The location of the Reorganized Debtor's service address is 8501 Williams Road, Estero, FL 33928. On September 28, 2021, the Court entered a final decree closing each of the chapter 11 cases for The Hertz Corporation and its affiliated reorganized debtors (the "**Reorganized Debtors**") other than RCIH's chapter 11 case. Commencing on September 28, 2021, all motions, notices, and other pleadings relating to any of the Reorganized Debtors shall be filed in RCIH's chapter 11 case, Case No. 20-11247 (MFW).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Claimant and the other parties in interest; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, the Court hereby finds and determines that:

**<u>FINDINGS OF FACT AND CONCLUSIONS OF LAW</u>**

A.      This Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(b)(1) and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

B.      The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rules 7052 and 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

C.      Due and adequate notice of the Motion, the Settlement Agreement, and the subject matter thereof, has been provided to all parties in interest pursuant to and in accordance with paragraph 78 of the Confirmation Order.  Notice was sufficient and proper and complied with all applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules. No additional notice of the Motion, the Settlement Agreement or this Order is required. A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all interested parties and entities.

D.      The relief requested in the Motion is fair, reasonable, equitable, and just and in the best interests of the Reorganized Debtors, their estates and creditors, and the Minor Claimant. The Movants have demonstrated good, sufficient, and sound purposes and justifications for the relief requested in the Motion.

E.      The settlement reflected in the Settlement Agreement is the product of arms'-length negotiations between and among the Parties, including, without limitation, the mediation conducted under the supervision of Jerry P. Roscoe. The Settlement Agreement was negotiated and proposed, and entered into by the Parties in good faith and without fraud or collusion. Each Party to the respective Settlement Agreement was represented by counsel.

F.      The applicable factors set forth in *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996) support approval of the settlement under Bankruptcy Rule 9019. There is uncertainty as to the outcome of the litigation concerning the Minor Claimant's claims. The numerous disputed issues are complex and likely to invite further inconvenience, cost and delay. Finally, the paramount interests of creditors favor a prompt resolution that provides a meaningful recovery to creditors, without the risk of further litigation. The consideration to be realized and to be provided pursuant to the Settlement Agreement is fair and reasonable.

## ORDER

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED as to the Minor Claimant as set forth herein. Any objections or reservations of rights filed in respect of the Motion are overruled, with prejudice.

2.      The Settlement Agreement attached hereto as Exhibit 1 is APPROVED in its entirety, including but not limited to the waivers and releases contained therein and consideration provided therefor. Rebecca Willen (the "Representative"), the biological mother and legal

guardian of minor J.W., is authorized to take any steps as may be required or necessary to implement the Settlement Agreement, and the Representative is authorized to execute the Settlement Agreement on behalf of the Minor Claimant.

3.      The Representative has accepted the lump sum payment reflected in the Settlement Agreement in full and final settlement of the Minor Claimant's claims.

4.      The Representative is authorized to place sixty percent (60%) of the gross settlement proceeds from the settlement into the respective financial instrument identified in the Motion—for the sole benefit of the Minor Claimant—and to pay the remaining forty percent (40%) of gross proceeds to Francis Alexander LLC and related counsel as legal fees (all costs advanced for the client are being covered by the attorneys out of their own legal fees).

5.      The Representative is authorized to dismiss or withdraw claims pending on behalf of the Minor Claimant in any court in accordance and compliance with the Settlement Agreement.

6.      This Court shall, and hereby does, retain jurisdiction with respect to matters arising from or related to the implementation, interpretation, or enforcement of the Settlement Agreement and this Order.

# EXHIBIT 12

Tawana Robinson for Minor Child J.S.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| Rental Car Intermediate Holdings, LLC,[1] | Case No. 20-11247 (MFW) |
| Reorganized Debtor. | **Re: Docket No. ___** |

## ORDER APPROVING SETTLEMENT AGREEMENT
## BETWEEN HERTZ AND TAWANA ROBINSON FOR MINOR CLAIMANT J.S.

Upon the joint motion (the "**Motion**")[2] of the Movants for entry of an order (this "**Order**") pursuant to section 105(a) of the Bankruptcy Code, Civil Rule 17 (made applicable to these proceedings by Bankruptcy Rules 7017 and 9014(c)), and Bankruptcy Rule 9019, approving the settlement agreement between on the one hand, Hertz and on the other hand, J.S. (the "**Minor Claimant**," and collectively with the Reorganized Debtor, the "**Parties**"), all as more fully set forth in the Motion; and it appearing that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated February 29, 2012, (ii) the Motion is a core proceeding under 28 U.S.C. § 157(b)(2), and (iii) the Court may enter a final order consistent with Article I of the United States Constitution; and it appearing that notice of the Motion as set forth therein is sufficient, and that no other or further notice need be provided; and it further appearing that the relief requested in the Motion is in the best interests of the Reorganized Debtor, the Minor

---

[1] The last four digits of the tax identification number of Reorganized Debtor Rental Car Intermediate Holdings, LLC ("**RCIH**") are 2459. The location of the Reorganized Debtor's service address is 8501 Williams Road, Estero, FL 33928. On September 28, 2021, the Court entered a final decree closing each of the chapter 11 cases for The Hertz Corporation and its affiliated reorganized debtors (the "**Reorganized Debtors**") other than RCIH's chapter 11 case. Commencing on September 28, 2021, all motions, notices, and other pleadings relating to any of the Reorganized Debtors shall be filed in RCIH's chapter 11 case, Case No. 20-11247 (MFW).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Claimant and the other parties in interest; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, the Court hereby finds and determines that:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

A.      This Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(b)(1) and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

B.      The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rules 7052 and 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

C.      Due and adequate notice of the Motion, the Settlement Agreement, and the subject matter thereof, has been provided to all parties in interest pursuant to and in accordance with paragraph 78 of the Confirmation Order.  Notice was sufficient and proper and complied with all applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules. No additional notice of the Motion, the Settlement Agreement or this Order is required. A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all interested parties and entities.

D.      The relief requested in the Motion is fair, reasonable, equitable, and just and in the best interests of the Reorganized Debtors, their estates and creditors, and the Minor Claimant. The Movants have demonstrated good, sufficient, and sound purposes and justifications for the relief requested in the Motion.

E.      The settlement reflected in the Settlement Agreement is the product of arms'-length negotiations between and among the Parties, including, without limitation, the mediation conducted under the supervision of Jerry P. Roscoe. The Settlement Agreement was negotiated and proposed, and entered into by the Parties in good faith and without fraud or collusion. Each Party to the respective Settlement Agreement was represented by counsel.

F.      The applicable factors set forth in *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996) support approval of the settlement under Bankruptcy Rule 9019. There is uncertainty as to the outcome of the litigation concerning the Minor Claimant's claims. The numerous disputed issues are complex and likely to invite further inconvenience, cost and delay. Finally, the paramount interests of creditors favor a prompt resolution that provides a meaningful recovery to creditors, without the risk of further litigation. The consideration to be realized and to be provided pursuant to the Settlement Agreement is fair and reasonable.

## ORDER

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED as to the Minor Claimant as set forth herein. Any objections or reservations of rights filed in respect of the Motion are overruled, with prejudice.

2.      The Settlement Agreement attached hereto as Exhibit 1 is APPROVED in its entirety, including but not limited to the waivers and releases contained therein and consideration provided therefor. Tawana Robinson (the "Representative"), the biological mother and legal

guardian of minor J.S., is authorized to take any steps as may be required or necessary to implement the Settlement Agreement, and the Representative is authorized to execute the Settlement Agreement on behalf of the Minor Claimant.

3.      The Representative has accepted the lump sum payment reflected in the Settlement Agreement in full and final settlement of the Minor Claimant's claims.

4.      The Representative is authorized to place sixty percent (60%) of the gross settlement proceeds from the settlement into the respective financial instrument identified in the Motion—for the sole benefit of the Minor Claimant—and to pay the remaining forty percent (40%) of gross proceeds to Francis Alexander LLC and related counsel as legal fees (all costs advanced for the client are being covered by the attorneys out of their own legal fees).

5.      The Representative is authorized to dismiss or withdraw claims pending on behalf of the Minor Claimant in any court in accordance and compliance with the Settlement Agreement.

6.      This Court shall, and hereby does, retain jurisdiction with respect to matters arising from or related to the implementation, interpretation, or enforcement of the Settlement Agreement and this Order.

# EXHIBIT 13

Arinthia Holmes for Minor Child A.B.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| Rental Car Intermediate Holdings, LLC,[1] | Case No. 20-11247 (MFW) |
| Reorganized Debtor. | **Re: Docket No. ___** |

**ORDER APPROVING SETTLEMENT AGREEMENT**
**BETWEEN HERTZ AND ARINTHIA HOLMES FOR MINOR CLAIMANT A.B.**

Upon the joint motion (the "**Motion**")[2] of the Movants for entry of an order (this "**Order**")

pursuant to section 105(a) of the Bankruptcy Code, Civil Rule 17 (made applicable to these

proceedings by Bankruptcy Rules 7017 and 9014(c)), and Bankruptcy Rule 9019, approving the

settlement agreement between on the one hand, Hertz and on the other hand, A.B. (the "**Minor**

**Claimant**," and collectively with the Reorganized Debtor, the "**Parties**"), all as more fully set

forth in the Motion; and it appearing that (i) the Court has jurisdiction over this matter pursuant to

28 U.S.C. §§ 1334 and 157 and the Amended Standing Order of Reference from the United States

District Court for the District of Delaware dated February 29, 2012, (ii) the Motion is a core

proceeding under 28 U.S.C. § 157(b)(2), and (iii) the Court may enter a final order consistent with

Article I of the United States Constitution; and it appearing that notice of the Motion as set forth

therein is sufficient, and that no other or further notice need be provided; and it further appearing

that the relief requested in the Motion is in the best interests of the Reorganized Debtor, the Minor

---

[1] The last four digits of the tax identification number of Reorganized Debtor Rental Car Intermediate Holdings, LLC ("**RCIH**") are 2459. The location of the Reorganized Debtor's service address is 8501 Williams Road, Estero, FL 33928. On September 28, 2021, the Court entered a final decree closing each of the chapter 11 cases for The Hertz Corporation and its affiliated reorganized debtors (the "**Reorganized Debtors**") other than RCIH's chapter 11 case. Commencing on September 28, 2021, all motions, notices, and other pleadings relating to any of the Reorganized Debtors shall be filed in RCIH's chapter 11 case, Case No. 20-11247 (MFW).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Claimant and the other parties in interest; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, the Court hereby finds and determines that:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

A.      This Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(b)(1) and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

B.      The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rules 7052 and 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

C.      Due and adequate notice of the Motion, the Settlement Agreement, and the subject matter thereof, has been provided to all parties in interest pursuant to and in accordance with paragraph 78 of the Confirmation Order.  Notice was sufficient and proper and complied with all applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules. No additional notice of the Motion, the Settlement Agreement or this Order is required. A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all interested parties and entities.

D.      The relief requested in the Motion is fair, reasonable, equitable, and just and in the best interests of the Reorganized Debtors, their estates and creditors, and the Minor Claimant. The Movants have demonstrated good, sufficient, and sound purposes and justifications for the relief requested in the Motion.

E.      The settlement reflected in the Settlement Agreement is the product of arms'-length negotiations between and among the Parties, including, without limitation, the mediation conducted under the supervision of Jerry P. Roscoe. The Settlement Agreement was negotiated and proposed, and entered into by the Parties in good faith and without fraud or collusion. Each Party to the respective Settlement Agreement was represented by counsel.

F.      The applicable factors set forth in *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996) support approval of the settlement under Bankruptcy Rule 9019. There is uncertainty as to the outcome of the litigation concerning the Minor Claimant's claims. The numerous disputed issues are complex and likely to invite further inconvenience, cost and delay. Finally, the paramount interests of creditors favor a prompt resolution that provides a meaningful recovery to creditors, without the risk of further litigation. The consideration to be realized and to be provided pursuant to the Settlement Agreement is fair and reasonable.

## ORDER

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED as to the Minor Claimant as set forth herein. Any objections or reservations of rights filed in respect of the Motion are overruled, with prejudice.

2.      The Settlement Agreement attached hereto as Exhibit 1 is APPROVED in its entirety, including but not limited to the waivers and releases contained therein and consideration provided therefor. Arinthia Holmes (the "Representative"), the biological mother and legal

guardian of minor A.B., is authorized to take any steps as may be required or necessary to implement the Settlement Agreement, and the Representative is authorized to execute the Settlement Agreement on behalf of the Minor Claimant.

3.      The Representative has accepted the lump sum payment reflected in the Settlement Agreement in full and final settlement of the Minor Claimant's claims.

4.      The Representative is authorized to place sixty percent (60%) of the gross settlement proceeds from the settlement into the respective financial instrument identified in the Motion—for the sole benefit of the Minor Claimant—and to pay the remaining forty percent (40%) of gross proceeds to Francis Alexander LLC and related counsel as legal fees (all costs advanced for the client are being covered by the attorneys out of their own legal fees).

5.      The Representative is authorized to dismiss or withdraw claims pending on behalf of the Minor Claimant in any court in accordance and compliance with the Settlement Agreement.

6.      This Court shall, and hereby does, retain jurisdiction with respect to matters arising from or related to the implementation, interpretation, or enforcement of the Settlement Agreement and this Order.

# EXHIBIT 14

Arinthia Holmes for Minor Child E.H.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| Rental Car Intermediate Holdings, LLC,[1] | Case No. 20-11247 (MFW) |
| Reorganized Debtor. | **Re: Docket No. ___** |

**ORDER APPROVING SETTLEMENT AGREEMENT
BETWEEN HERTZ AND ARINTHIA HOLMES FOR MINOR CLAIMANT E.H.**

Upon the joint motion (the "**Motion**")[2] of the Movants for entry of an order (this "**Order**") pursuant to section 105(a) of the Bankruptcy Code, Civil Rule 17 (made applicable to these proceedings by Bankruptcy Rules 7017 and 9014(c)), and Bankruptcy Rule 9019, approving the settlement agreement between on the one hand, Hertz and on the other hand, E.H. (the "**Minor Claimant**," and collectively with the Reorganized Debtor, the "**Parties**"), all as more fully set forth in the Motion; and it appearing that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated February 29, 2012, (ii) the Motion is a core proceeding under 28 U.S.C. § 157(b)(2), and (iii) the Court may enter a final order consistent with Article I of the United States Constitution; and it appearing that notice of the Motion as set forth therein is sufficient, and that no other or further notice need be provided; and it further appearing that the relief requested in the Motion is in the best interests of the Reorganized Debtor, the Minor

---

[1] The last four digits of the tax identification number of Reorganized Debtor Rental Car Intermediate Holdings, LLC ("**RCIH**") are 2459. The location of the Reorganized Debtor's service address is 8501 Williams Road, Estero, FL 33928. On September 28, 2021, the Court entered a final decree closing each of the chapter 11 cases for The Hertz Corporation and its affiliated reorganized debtors (the "**Reorganized Debtors**") other than RCIH's chapter 11 case. Commencing on September 28, 2021, all motions, notices, and other pleadings relating to any of the Reorganized Debtors shall be filed in RCIH's chapter 11 case, Case No. 20-11247 (MFW).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Claimant and the other parties in interest; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, the Court hereby finds and determines that:

## **FINDINGS OF FACT AND CONCLUSIONS OF LAW**

A.      This Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(b)(1) and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

B.      The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rules 7052 and 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

C.      Due and adequate notice of the Motion, the Settlement Agreement, and the subject matter thereof, has been provided to all parties in interest pursuant to and in accordance with paragraph 78 of the Confirmation Order.  Notice was sufficient and proper and complied with all applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules. No additional notice of the Motion, the Settlement Agreement or this Order is required. A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all interested parties and entities.

D.      The relief requested in the Motion is fair, reasonable, equitable, and just and in the best interests of the Reorganized Debtors, their estates and creditors, and the Minor Claimant. The Movants have demonstrated good, sufficient, and sound purposes and justifications for the relief requested in the Motion.

E.      The settlement reflected in the Settlement Agreement is the product of arms'-length negotiations between and among the Parties, including, without limitation, the mediation conducted under the supervision of Jerry P. Roscoe. The Settlement Agreement was negotiated and proposed, and entered into by the Parties in good faith and without fraud or collusion.  Each Party to the respective Settlement Agreement was represented by counsel.

F.      The applicable factors set forth in *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996) support approval of the settlement under Bankruptcy Rule 9019. There is uncertainty as to the outcome of the litigation concerning the Minor Claimant's claims. The numerous disputed issues are complex and likely to invite further inconvenience, cost and delay. Finally, the paramount interests of creditors favor a prompt resolution that provides a meaningful recovery to creditors, without the risk of further litigation.  The consideration to be realized and to be provided pursuant to the Settlement Agreement is fair and reasonable.

## ORDER

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED as to the Minor Claimant as set forth herein.  Any objections or reservations of rights filed in respect of the Motion are overruled, with prejudice.

2.      The Settlement Agreement attached hereto as Exhibit 1 is APPROVED in its entirety, including but not limited to the waivers and releases contained therein and consideration provided therefor. Arinthia Holmes (the "Representative"), the biological mother and legal

guardian of minor E.H., is authorized to take any steps as may be required or necessary to implement the Settlement Agreement, and the Representative is authorized to execute the Settlement Agreement on behalf of the Minor Claimant.

3. The Representative has accepted the lump sum payment reflected in the Settlement Agreement in full and final settlement of the Minor Claimant's claims.

4. The Representative is authorized to place sixty percent (60%) of the gross settlement proceeds from the settlement into the respective financial instrument identified in the Motion—for the sole benefit of the Minor Claimant—and to pay the remaining forty percent (40%) of gross proceeds to Francis Alexander LLC and related counsel as legal fees (all costs advanced for the client are being covered by the attorneys out of their own legal fees).

5. The Representative is authorized to dismiss or withdraw claims pending on behalf of the Minor Claimant in any court in accordance and compliance with the Settlement Agreement.

6. This Court shall, and hereby does, retain jurisdiction with respect to matters arising from or related to the implementation, interpretation, or enforcement of the Settlement Agreement and this Order.

# EXHIBIT 15

Dethaniel S. Henry II for Minor Child D.H.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| Rental Car Intermediate Holdings, LLC,[1] | Case No. 20-11247 (MFW) |
| Reorganized Debtor. | **Re: Docket No. ___** |

**ORDER APPROVING SETTLEMENT AGREEMENT**
**BETWEEN HERTZ AND DETHANIEL S. HENRY II FOR MINOR CLAIMANT D.H.**

Upon the joint motion (the "**Motion**")[2] of the Movants for entry of an order (this "**Order**")

pursuant to section 105(a) of the Bankruptcy Code, Civil Rule 17 (made applicable to these

proceedings by Bankruptcy Rules 7017 and 9014(c)), and Bankruptcy Rule 9019, approving the

settlement agreement between on the one hand, Hertz and on the other hand, D.H. (the "**Minor**

**Claimant**," and collectively with the Reorganized Debtor, the "**Parties**"), all as more fully set

forth in the Motion; and it appearing that (i) the Court has jurisdiction over this matter pursuant to

28 U.S.C. §§ 1334 and 157 and the Amended Standing Order of Reference from the United States

District Court for the District of Delaware dated February 29, 2012, (ii) the Motion is a core

proceeding under 28 U.S.C. § 157(b)(2), and (iii) the Court may enter a final order consistent with

Article I of the United States Constitution; and it appearing that notice of the Motion as set forth

therein is sufficient, and that no other or further notice need be provided; and it further appearing

that the relief requested in the Motion is in the best interests of the Reorganized Debtor, the Minor

---

[1] The last four digits of the tax identification number of Reorganized Debtor Rental Car Intermediate Holdings, LLC ("**RCIH**") are 2459. The location of the Reorganized Debtor's service address is 8501 Williams Road, Estero, FL 33928. On September 28, 2021, the Court entered a final decree closing each of the chapter 11 cases for The Hertz Corporation and its affiliated reorganized debtors (the "**Reorganized Debtors**") other than RCIH's chapter 11 case. Commencing on September 28, 2021, all motions, notices, and other pleadings relating to any of the Reorganized Debtors shall be filed in RCIH's chapter 11 case, Case No. 20-11247 (MFW).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Claimant and the other parties in interest; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, the Court hereby finds and determines that:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

A.      This Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(b)(1) and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

B.      The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rules 7052 and 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

C.      Due and adequate notice of the Motion, the Settlement Agreement, and the subject matter thereof, has been provided to all parties in interest pursuant to and in accordance with paragraph 78 of the Confirmation Order.  Notice was sufficient and proper and complied with all applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules. No additional notice of the Motion, the Settlement Agreement or this Order is required. A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all interested parties and entities.

D.      The relief requested in the Motion is fair, reasonable, equitable, and just and in the best interests of the Reorganized Debtors, their estates and creditors, and the Minor Claimant. The Movants have demonstrated good, sufficient, and sound purposes and justifications for the relief requested in the Motion.

E.      The settlement reflected in the Settlement Agreement is the product of arms'-length negotiations between and among the Parties, including, without limitation, the mediation conducted under the supervision of Jerry P. Roscoe. The Settlement Agreement was negotiated and proposed, and entered into by the Parties in good faith and without fraud or collusion. Each Party to the respective Settlement Agreement was represented by counsel.

F.      The applicable factors set forth in *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996) support approval of the settlement under Bankruptcy Rule 9019. There is uncertainty as to the outcome of the litigation concerning the Minor Claimant's claims. The numerous disputed issues are complex and likely to invite further inconvenience, cost and delay. Finally, the paramount interests of creditors favor a prompt resolution that provides a meaningful recovery to creditors, without the risk of further litigation. The consideration to be realized and to be provided pursuant to the Settlement Agreement is fair and reasonable.

## ORDER

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED as to the Minor Claimant as set forth herein. Any objections or reservations of rights filed in respect of the Motion are overruled, with prejudice.

2.      The Settlement Agreement attached hereto as Exhibit 1 is APPROVED in its entirety, including but not limited to the waivers and releases contained therein and consideration provided therefor. Dethaniel S. Henry II (the "Representative"), the biological father and legal

guardian of minor D.H., is authorized to take any steps as may be required or necessary to implement the Settlement Agreement, and the Representative is authorized to execute the Settlement Agreement on behalf of the Minor Claimant.

3.      The Representative has accepted the lump sum payment reflected in the Settlement Agreement in full and final settlement of the Minor Claimant's claims.

4.      The Representative is authorized to place sixty percent (60%) of the gross settlement proceeds from the settlement into the respective financial instrument identified in the Motion—for the sole benefit of the Minor Claimant—and to pay the remaining forty percent (40%) of gross proceeds to Francis Alexander LLC and related counsel as legal fees (all costs advanced for the client are being covered by the attorneys out of their own legal fees).

5.      The Representative is authorized to dismiss or withdraw claims pending on behalf of the Minor Claimant in any court in accordance and compliance with the Settlement Agreement.

6.      This Court shall, and hereby does, retain jurisdiction with respect to matters arising from or related to the implementation, interpretation, or enforcement of the Settlement Agreement and this Order.

# EXHIBIT 16

Jeannie Watkins for Minor Child S.L.

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| Rental Car Intermediate Holdings, LLC,[1] | Case No. 20-11247 (MFW) |
| Reorganized Debtor. | **Re: Docket No. ___** |

## ORDER APPROVING SETTLEMENT AGREEMENT
## BETWEEN HERTZ AND JEANNIE WATKINS FOR MINOR CLAIMANT S.L.

Upon the joint motion (the "**Motion**")[2] of the Movants for entry of an order (this "**Order**") pursuant to section 105(a) of the Bankruptcy Code, Civil Rule 17 (made applicable to these proceedings by Bankruptcy Rules 7017 and 9014(c)), and Bankruptcy Rule 9019, approving the settlement agreement between on the one hand, Hertz and on the other hand, S.L. (the "**Minor Claimant**," and collectively with the Reorganized Debtor, the "**Parties**"), all as more fully set forth in the Motion; and it appearing that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated February 29, 2012, (ii) the Motion is a core proceeding under 28 U.S.C. § 157(b)(2), and (iii) the Court may enter a final order consistent with Article I of the United States Constitution; and it appearing that notice of the Motion as set forth therein is sufficient, and that no other or further notice need be provided; and it further appearing that the relief requested in the Motion is in the best interests of the Reorganized Debtor, the Minor

---

[1] The last four digits of the tax identification number of Reorganized Debtor Rental Car Intermediate Holdings, LLC ("**RCIH**") are 2459. The location of the Reorganized Debtor's service address is 8501 Williams Road, Estero, FL 33928. On September 28, 2021, the Court entered a final decree closing each of the chapter 11 cases for The Hertz Corporation and its affiliated reorganized debtors (the "**Reorganized Debtors**") other than RCIH's chapter 11 case. Commencing on September 28, 2021, all motions, notices, and other pleadings relating to any of the Reorganized Debtors shall be filed in RCIH's chapter 11 case, Case No. 20-11247 (MFW).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Claimant and the other parties in interest; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, the Court hereby finds and determines that:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

A.    This Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(b)(1) and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

B.    The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rules 7052 and 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

C.    Due and adequate notice of the Motion, the Settlement Agreement, and the subject matter thereof, has been provided to all parties in interest pursuant to and in accordance with paragraph 78 of the Confirmation Order.  Notice was sufficient and proper and complied with all applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules. No additional notice of the Motion, the Settlement Agreement or this Order is required. A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all interested parties and entities.

D.      The relief requested in the Motion is fair, reasonable, equitable, and just and in the best interests of the Reorganized Debtors, their estates and creditors, and the Minor Claimant. The Movants have demonstrated good, sufficient, and sound purposes and justifications for the relief requested in the Motion.

E.      The settlement reflected in the Settlement Agreement is the product of arms'-length negotiations between and among the Parties, including, without limitation, the mediation conducted under the supervision of Jerry P. Roscoe. The Settlement Agreement was negotiated and proposed, and entered into by the Parties in good faith and without fraud or collusion.  Each Party to the respective Settlement Agreement was represented by counsel.

F.      The applicable factors set forth in *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996) support approval of the settlement under Bankruptcy Rule 9019. There is uncertainty as to the outcome of the litigation concerning the Minor Claimant's claims. The numerous disputed issues are complex and likely to invite further inconvenience, cost and delay. Finally, the paramount interests of creditors favor a prompt resolution that provides a meaningful recovery to creditors, without the risk of further litigation.  The consideration to be realized and to be provided pursuant to the Settlement Agreement is fair and reasonable.

## ORDER

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED as to the Minor Claimant as set forth herein.  Any objections or reservations of rights filed in respect of the Motion are overruled, with prejudice.

2.      The Settlement Agreement attached hereto as Exhibit 1 is APPROVED in its entirety, including but not limited to the waivers and releases contained therein and consideration provided therefor. Jeannie Watkins (the "Representative"), the biological mother and legal

guardian of minor S.L., is authorized to take any steps as may be required or necessary to implement the Settlement Agreement, and the Representative is authorized to execute the Settlement Agreement on behalf of the Minor Claimant.

3.      The Representative has accepted the lump sum payment reflected in the Settlement Agreement in full and final settlement of the Minor Claimant's claims.

4.      The Representative is authorized to place sixty percent (60%) of the gross settlement proceeds from the settlement into the respective financial instrument identified in the Motion—for the sole benefit of the Minor Claimant—and to pay the remaining forty percent (40%) of gross proceeds to Francis Alexander LLC and related counsel as legal fees (all costs advanced for the client are being covered by the attorneys out of their own legal fees).

5.      The Representative is authorized to dismiss or withdraw claims pending on behalf of the Minor Claimant in any court in accordance and compliance with the Settlement Agreement.

6.      This Court shall, and hereby does, retain jurisdiction with respect to matters arising from or related to the implementation, interpretation, or enforcement of the Settlement Agreement and this Order.

# EXHIBIT 17

Catherine Perez Infante for Minor Child E.I.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| Rental Car Intermediate Holdings, LLC,[1] | Case No. 20-11247 (MFW) |
| Reorganized Debtor. | **Re: Docket No. ___** |

**ORDER APPROVING SETTLEMENT AGREEMENT**
**BETWEEN HERTZ AND CATHERINE INFANTE FOR MINOR CLAIMANT E.I.**

Upon the joint motion (the "**Motion**")[2] of the Movants for entry of an order (this "**Order**") pursuant to section 105(a) of the Bankruptcy Code, Civil Rule 17 (made applicable to these proceedings by Bankruptcy Rules 7017 and 9014(c)), and Bankruptcy Rule 9019, approving the settlement agreement between on the one hand, Hertz and on the other hand, E.I. (the "**Minor Claimant**," and collectively with the Reorganized Debtor, the "**Parties**"), all as more fully set forth in the Motion; and it appearing that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated February 29, 2012, (ii) the Motion is a core proceeding under 28 U.S.C. § 157(b)(2), and (iii) the Court may enter a final order consistent with Article I of the United States Constitution; and it appearing that notice of the Motion as set forth therein is sufficient, and that no other or further notice need be provided; and it further appearing that the relief requested in the Motion is in the best interests of the Reorganized Debtor, the Minor

---

[1] The last four digits of the tax identification number of Reorganized Debtor Rental Car Intermediate Holdings, LLC ("**RCIH**") are 2459. The location of the Reorganized Debtor's service address is 8501 Williams Road, Estero, FL 33928. On September 28, 2021, the Court entered a final decree closing each of the chapter 11 cases for The Hertz Corporation and its affiliated reorganized debtors (the "**Reorganized Debtors**") other than RCIH's chapter 11 case. Commencing on September 28, 2021, all motions, notices, and other pleadings relating to any of the Reorganized Debtors shall be filed in RCIH's chapter 11 case, Case No. 20-11247 (MFW).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Claimant and the other parties in interest; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, the Court hereby finds and determines that:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

A.      This Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(b)(1) and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

B.      The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rules 7052 and 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

C.      Due and adequate notice of the Motion, the Settlement Agreement, and the subject matter thereof, has been provided to all parties in interest pursuant to and in accordance with paragraph 78 of the Confirmation Order.  Notice was sufficient and proper and complied with all applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules. No additional notice of the Motion, the Settlement Agreement or this Order is required. A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all interested parties and entities.

D.      The relief requested in the Motion is fair, reasonable, equitable, and just and in the best interests of the Reorganized Debtors, their estates and creditors, and the Minor Claimant. The Movants have demonstrated good, sufficient, and sound purposes and justifications for the relief requested in the Motion.

E.      The settlement reflected in the Settlement Agreement is the product of arms'-length negotiations between and among the Parties, including, without limitation, the mediation conducted under the supervision of Jerry P. Roscoe. The Settlement Agreement was negotiated and proposed, and entered into by the Parties in good faith and without fraud or collusion.  Each Party to the respective Settlement Agreement was represented by counsel.

F.      The applicable factors set forth in *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996) support approval of the settlement under Bankruptcy Rule 9019. There is uncertainty as to the outcome of the litigation concerning the Minor Claimant's claims. The numerous disputed issues are complex and likely to invite further inconvenience, cost and delay. Finally, the paramount interests of creditors favor a prompt resolution that provides a meaningful recovery to creditors, without the risk of further litigation.  The consideration to be realized and to be provided pursuant to the Settlement Agreement is fair and reasonable.

## ORDER

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED as to the Minor Claimant as set forth herein.  Any objections or reservations of rights filed in respect of the Motion are overruled, with prejudice.

2.      The Settlement Agreement attached hereto as Exhibit 1 is APPROVED in its entirety, including but not limited to the waivers and releases contained therein and consideration provided therefor. Catherine Infante (the "Representative"), the biological mother and legal

guardian of minor E.I., is authorized to take any steps as may be required or necessary to implement the Settlement Agreement, and the Representative is authorized to execute the Settlement Agreement on behalf of the Minor Claimant.

3.      The Representative has accepted the lump sum payment reflected in the Settlement Agreement in full and final settlement of the Minor Claimant's claims.

4.      The Representative is authorized to place sixty percent (60%) of the gross settlement proceeds from the settlement into the respective financial instrument identified in the Motion—for the sole benefit of the Minor Claimant—and to pay the remaining forty percent (40%) of gross proceeds to Francis Alexander LLC and related counsel as legal fees (all costs advanced for the client are being covered by the attorneys out of their own legal fees).

5.      The Representative is authorized to dismiss or withdraw claims pending on behalf of the Minor Claimant in any court in accordance and compliance with the Settlement Agreement.

6.      This Court shall, and hereby does, retain jurisdiction with respect to matters arising from or related to the implementation, interpretation, or enforcement of the Settlement Agreement and this Order.

# EXHIBIT 18

Catherine Perez Infante for Minor Daughter A.I.

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| Rental Car Intermediate Holdings, LLC,[1] | Case No. 20-11247 (MFW) |
| Reorganized Debtor. | **Re: Docket No. ___** |

## ORDER APPROVING SETTLEMENT AGREEMENT
## BETWEEN HERTZ AND CATHERINE INFANTE
## <u>FOR MINOR DAUGHTER CLAIMANT A.I.</u>

Upon the joint motion (the "**Motion**")[2] of the Movants for entry of an order (this "**Order**") pursuant to section 105(a) of the Bankruptcy Code, Civil Rule 17 (made applicable to these proceedings by Bankruptcy Rules 7017 and 9014(c)), and Bankruptcy Rule 9019, approving the settlement agreement between on the one hand, Hertz and on the other hand, A.I. (the "**Minor Claimant**," and collectively with the Reorganized Debtor, the "**Parties**"), all as more fully set forth in the Motion; and it appearing that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated February 29, 2012, (ii) the Motion is a core proceeding under 28 U.S.C. § 157(b)(2), and (iii) the Court may enter a final order consistent with Article I of the United States Constitution; and it appearing that notice of the Motion as set forth therein is sufficient, and that no other or further notice need be provided; and it further appearing

---

[1] The last four digits of the tax identification number of Reorganized Debtor Rental Car Intermediate Holdings, LLC ("**RCIH**") are 2459. The location of the Reorganized Debtor's service address is 8501 Williams Road, Estero, FL 33928. On September 28, 2021, the Court entered a final decree closing each of the chapter 11 cases for The Hertz Corporation and its affiliated reorganized debtors (the "**Reorganized Debtors**") other than RCIH's chapter 11 case. Commencing on September 28, 2021, all motions, notices, and other pleadings relating to any of the Reorganized Debtors shall be filed in RCIH's chapter 11 case, Case No. 20-11247 (MFW).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

that the relief requested in the Motion is in the best interests of the Reorganized Debtor, the Minor Claimant and the other parties in interest; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, the Court hereby finds and determines that:

## **FINDINGS OF FACT AND CONCLUSIONS OF LAW**

A.      This Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(b)(1) and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

B.      The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rules 7052 and 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

C.      Due and adequate notice of the Motion, the Settlement Agreement, and the subject matter thereof, has been provided to all parties in interest pursuant to and in accordance with paragraph 78 of the Confirmation Order.  Notice was sufficient and proper and complied with all applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules. No additional notice of the Motion, the Settlement Agreement or this Order is required. A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all interested parties and entities.

D.      The relief requested in the Motion is fair, reasonable, equitable, and just and in the best interests of the Reorganized Debtors, their estates and creditors, and the Minor Claimant. The Movants have demonstrated good, sufficient, and sound purposes and justifications for the relief requested in the Motion.

E.      The settlement reflected in the Settlement Agreement is the product of arms'-length negotiations between and among the Parties, including, without limitation, the mediation conducted under the supervision of Jerry P. Roscoe. The Settlement Agreement was negotiated and proposed, and entered into by the Parties in good faith and without fraud or collusion.  Each Party to the respective Settlement Agreement was represented by counsel.

F.      The applicable factors set forth in *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996) support approval of the settlement under Bankruptcy Rule 9019. There is uncertainty as to the outcome of the litigation concerning the Minor Claimant's claims. The numerous disputed issues are complex and likely to invite further inconvenience, cost and delay. Finally, the paramount interests of creditors favor a prompt resolution that provides a meaningful recovery to creditors, without the risk of further litigation.  The consideration to be realized and to be provided pursuant to the Settlement Agreement is fair and reasonable.

## ORDER

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED as to the Minor Claimant as set forth herein.  Any objections or reservations of rights filed in respect of the Motion are overruled, with prejudice.

2.      The Settlement Agreement attached hereto as Exhibit 1 is APPROVED in its entirety, including but not limited to the waivers and releases contained therein and consideration provided therefor. Catherine Infante (the "Representative"), the biological mother and legal

guardian of minor daughter A.I., is authorized to take any steps as may be required or necessary to implement the Settlement Agreement, and the Representative is authorized to execute the Settlement Agreement on behalf of the Minor Claimant.

3.      The Representative has accepted the lump sum payment reflected in the Settlement Agreement in full and final settlement of the Minor Claimant's claims.

4.      The Representative is authorized to place sixty percent (60%) of the gross settlement proceeds from the settlement into the respective financial instrument identified in the Motion—for the sole benefit of the Minor Claimant—and to pay the remaining forty percent (40%) of gross proceeds to Francis Alexander LLC and related counsel as legal fees (all costs advanced for the client are being covered by the attorneys out of their own legal fees).

5.      The Representative is authorized to dismiss or withdraw claims pending on behalf of the Minor Claimant in any court in accordance and compliance with the Settlement Agreement.

6.      This Court shall, and hereby does, retain jurisdiction with respect to matters arising from or related to the implementation, interpretation, or enforcement of the Settlement Agreement and this Order.

# EXHIBIT 19

Catherine Perez Infante for Minor Son A.I.

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| Rental Car Intermediate Holdings, LLC,[1] | Case No. 20-11247 (MFW) |
| Reorganized Debtor. | **Re: Docket No. ___** |

## ORDER APPROVING SETTLEMENT AGREEMENT
## BETWEEN HERTZ AND CATHERINE INFANTE
## FOR MINOR SON CLAIMANT A.I.

Upon the joint motion (the "**Motion**")[2] of the Movants for entry of an order (this "**Order**") pursuant to section 105(a) of the Bankruptcy Code, Civil Rule 17 (made applicable to these proceedings by Bankruptcy Rules 7017 and 9014(c)), and Bankruptcy Rule 9019, approving the settlement agreement between on the one hand, Hertz and on the other hand, A.I. (the "**Minor Claimant**," and collectively with the Reorganized Debtor, the "**Parties**"), all as more fully set forth in the Motion; and it appearing that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated February 29, 2012, (ii) the Motion is a core proceeding under 28 U.S.C. § 157(b)(2), and (iii) the Court may enter a final order consistent with Article I of the United States Constitution; and it appearing that notice of the Motion as set forth therein is sufficient, and that no other or further notice need be provided; and it further appearing

---

[1] The last four digits of the tax identification number of Reorganized Debtor Rental Car Intermediate Holdings, LLC ("**RCIH**") are 2459. The location of the Reorganized Debtor's service address is 8501 Williams Road, Estero, FL 33928. On September 28, 2021, the Court entered a final decree closing each of the chapter 11 cases for The Hertz Corporation and its affiliated reorganized debtors (the "**Reorganized Debtors**") other than RCIH's chapter 11 case. Commencing on September 28, 2021, all motions, notices, and other pleadings relating to any of the Reorganized Debtors shall be filed in RCIH's chapter 11 case, Case No. 20-11247 (MFW).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

that the relief requested in the Motion is in the best interests of the Reorganized Debtor, the Minor Claimant and the other parties in interest; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, the Court hereby finds and determines that:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

A.     This Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(b)(1) and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

B.     The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rules 7052 and 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

C.     Due and adequate notice of the Motion, the Settlement Agreement, and the subject matter thereof, has been provided to all parties in interest pursuant to and in accordance with paragraph 78 of the Confirmation Order.  Notice was sufficient and proper and complied with all applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules. No additional notice of the Motion, the Settlement Agreement or this Order is required. A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all interested parties and entities.

D.      The relief requested in the Motion is fair, reasonable, equitable, and just and in the best interests of the Reorganized Debtors, their estates and creditors, and the Minor Claimant. The Movants have demonstrated good, sufficient, and sound purposes and justifications for the relief requested in the Motion.

E.      The settlement reflected in the Settlement Agreement is the product of arms'-length negotiations between and among the Parties, including, without limitation, the mediation conducted under the supervision of Jerry P. Roscoe. The Settlement Agreement was negotiated and proposed, and entered into by the Parties in good faith and without fraud or collusion. Each Party to the respective Settlement Agreement was represented by counsel.

F.      The applicable factors set forth in *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996) support approval of the settlement under Bankruptcy Rule 9019. There is uncertainty as to the outcome of the litigation concerning the Minor Claimant's claims. The numerous disputed issues are complex and likely to invite further inconvenience, cost and delay. Finally, the paramount interests of creditors favor a prompt resolution that provides a meaningful recovery to creditors, without the risk of further litigation. The consideration to be realized and to be provided pursuant to the Settlement Agreement is fair and reasonable.

## ORDER

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED as to the Minor Claimant as set forth herein. Any objections or reservations of rights filed in respect of the Motion are overruled, with prejudice.

2.      The Settlement Agreement attached hereto as Exhibit 1 is APPROVED in its entirety, including but not limited to the waivers and releases contained therein and consideration provided therefor. Catherine Infante (the "Representative"), the biological mother and legal

guardian of minor son A.I., is authorized to take any steps as may be required or necessary to implement the Settlement Agreement, and the Representative is authorized to execute the Settlement Agreement on behalf of the Minor Claimant.

3.      The Representative has accepted the lump sum payment reflected in the Settlement Agreement in full and final settlement of the Minor Claimant's claims.

4.      The Representative is authorized to place sixty percent (60%) of the gross settlement proceeds from the settlement into the respective financial instrument identified in the Motion—for the sole benefit of the Minor Claimant—and to pay the remaining forty percent (40%) of gross proceeds to Francis Alexander LLC and related counsel as legal fees (all costs advanced for the client are being covered by the attorneys out of their own legal fees).

5.      The Representative is authorized to dismiss or withdraw claims pending on behalf of the Minor Claimant in any court in accordance and compliance with the Settlement Agreement.

6.      This Court shall, and hereby does, retain jurisdiction with respect to matters arising from or related to the implementation, interpretation, or enforcement of the Settlement Agreement and this Order.

# EXHIBIT 20

Tena Boone for Minor Child K.R.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| Rental Car Intermediate Holdings, LLC,[1] | Case No. 20-11247 (MFW) |
| Reorganized Debtor. | **Re: Docket No. ___** |

**ORDER APPROVING SETTLEMENT AGREEMENT**
**BETWEEN HERTZ AND TENA BOONE FOR MINOR CLAIMANT K.R.**

Upon the joint motion (the "**Motion**")[2] of the Movants for entry of an order (this "**Order**") pursuant to section 105(a) of the Bankruptcy Code, Civil Rule 17 (made applicable to these proceedings by Bankruptcy Rules 7017 and 9014(c)), and Bankruptcy Rule 9019, approving the settlement agreement between on the one hand, Hertz and on the other hand, K.R. (the "**Minor Claimant**," and collectively with the Reorganized Debtor, the "**Parties**"), all as more fully set forth in the Motion; and it appearing that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated February 29, 2012, (ii) the Motion is a core proceeding under 28 U.S.C. § 157(b)(2), and (iii) the Court may enter a final order consistent with Article I of the United States Constitution; and it appearing that notice of the Motion as set forth therein is sufficient, and that no other or further notice need be provided; and it further appearing that the relief requested in the Motion is in the best interests of the Reorganized Debtor, the Minor

---

[1] The last four digits of the tax identification number of Reorganized Debtor Rental Car Intermediate Holdings, LLC ("**RCIH**") are 2459. The location of the Reorganized Debtor's service address is 8501 Williams Road, Estero, FL 33928. On September 28, 2021, the Court entered a final decree closing each of the chapter 11 cases for The Hertz Corporation and its affiliated reorganized debtors (the "**Reorganized Debtors**") other than RCIH's chapter 11 case. Commencing on September 28, 2021, all motions, notices, and other pleadings relating to any of the Reorganized Debtors shall be filed in RCIH's chapter 11 case, Case No. 20-11247 (MFW).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Claimant and the other parties in interest; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, the Court hereby finds and determines that:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

A.      This Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(b)(1) and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

B.      The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rules 7052 and 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

C.      Due and adequate notice of the Motion, the Settlement Agreement, and the subject matter thereof, has been provided to all parties in interest pursuant to and in accordance with paragraph 78 of the Confirmation Order.  Notice was sufficient and proper and complied with all applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules. No additional notice of the Motion, the Settlement Agreement or this Order is required. A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all interested parties and entities.

D.      The relief requested in the Motion is fair, reasonable, equitable, and just and in the best interests of the Reorganized Debtors, their estates and creditors, and the Minor Claimant. The Movants have demonstrated good, sufficient, and sound purposes and justifications for the relief requested in the Motion.

E.      The settlement reflected in the Settlement Agreement is the product of arms'-length negotiations between and among the Parties, including, without limitation, the mediation conducted under the supervision of Jerry P. Roscoe. The Settlement Agreement was negotiated and proposed, and entered into by the Parties in good faith and without fraud or collusion.  Each Party to the respective Settlement Agreement was represented by counsel.

F.      The applicable factors set forth in *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996) support approval of the settlement under Bankruptcy Rule 9019. There is uncertainty as to the outcome of the litigation concerning the Minor Claimant's claims. The numerous disputed issues are complex and likely to invite further inconvenience, cost and delay. Finally, the paramount interests of creditors favor a prompt resolution that provides a meaningful recovery to creditors, without the risk of further litigation.  The consideration to be realized and to be provided pursuant to the Settlement Agreement is fair and reasonable.

## ORDER

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED as to the Minor Claimant as set forth herein.  Any objections or reservations of rights filed in respect of the Motion are overruled, with prejudice.

2.      The Settlement Agreement attached hereto as Exhibit 1 is APPROVED in its entirety, including but not limited to the waivers and releases contained therein and consideration provided therefor.  Tena Boone (the "Representative"), the biological mother and legal guardian

of minor K.R., is authorized to take any steps as may be required or necessary to implement the Settlement Agreement, and the Representative is authorized to execute the Settlement Agreement on behalf of the Minor Claimant.

3.      The Representative has accepted the lump sum payment reflected in the Settlement Agreement in full and final settlement of the Minor Claimant's claims.

4.      The Representative is authorized to place sixty percent (60%) of the gross settlement proceeds from the settlement into the respective financial instrument identified in the Motion—for the sole benefit of the Minor Claimant—and to pay the remaining forty percent (40%) of gross proceeds to Francis Alexander LLC and related counsel as legal fees (all costs advanced for the client are being covered by the attorneys out of their own legal fees).

5.      The Representative is authorized to dismiss or withdraw claims pending on behalf of the Minor Claimant in any court in accordance and compliance with the Settlement Agreement.

6.      This Court shall, and hereby does, retain jurisdiction with respect to matters arising from or related to the implementation, interpretation, or enforcement of the Settlement Agreement and this Order.

# EXHIBIT 21

Brittney Spriggs for Minor Child J.A.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| Rental Car Intermediate Holdings, LLC,[1] | Case No. 20-11247 (MFW) |
| Reorganized Debtor. | **Re: Docket No. \_\_\_** |

## ORDER APPROVING SETTLEMENT AGREEMENT
## BETWEEN HERTZ AND BRITTNEY SPRIGGS FOR MINOR CLAIMANT J.A.

Upon the joint motion (the "**Motion**")[2] of the Movants for entry of an order (this "**Order**") pursuant to section 105(a) of the Bankruptcy Code, Civil Rule 17 (made applicable to these proceedings by Bankruptcy Rules 7017 and 9014(c)), and Bankruptcy Rule 9019, approving the settlement agreement between on the one hand, Hertz and on the other hand, J.A. (the "**Minor Claimant**," and collectively with the Reorganized Debtor, the "**Parties**"), all as more fully set forth in the Motion; and it appearing that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated February 29, 2012, (ii) the Motion is a core proceeding under 28 U.S.C. § 157(b)(2), and (iii) the Court may enter a final order consistent with Article I of the United States Constitution; and it appearing that notice of the Motion as set forth therein is sufficient, and that no other or further notice need be provided; and it further appearing that the relief requested in the Motion is in the best interests of the Reorganized Debtor, the Minor

---

[1] The last four digits of the tax identification number of Reorganized Debtor Rental Car Intermediate Holdings, LLC ("**RCIH**") are 2459. The location of the Reorganized Debtor's service address is 8501 Williams Road, Estero, FL 33928. On September 28, 2021, the Court entered a final decree closing each of the chapter 11 cases for The Hertz Corporation and its affiliated reorganized debtors (the "**Reorganized Debtors**") other than RCIH's chapter 11 case. Commencing on September 28, 2021, all motions, notices, and other pleadings relating to any of the Reorganized Debtors shall be filed in RCIH's chapter 11 case, Case No. 20-11247 (MFW).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Claimant and the other parties in interest; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, the Court hereby finds and determines that:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

A.      This Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(b)(1) and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

B.      The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rules 7052 and 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

C.      Due and adequate notice of the Motion, the Settlement Agreement, and the subject matter thereof, has been provided to all parties in interest pursuant to and in accordance with paragraph 78 of the Confirmation Order.  Notice was sufficient and proper and complied with all applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules. No additional notice of the Motion, the Settlement Agreement or this Order is required. A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all interested parties and entities.

D.      The relief requested in the Motion is fair, reasonable, equitable, and just and in the best interests of the Reorganized Debtors, their estates and creditors, and the Minor Claimant. The Movants have demonstrated good, sufficient, and sound purposes and justifications for the relief requested in the Motion.

E.      The settlement reflected in the Settlement Agreement is the product of arms'-length negotiations between and among the Parties, including, without limitation, the mediation conducted under the supervision of Jerry P. Roscoe. The Settlement Agreement was negotiated and proposed, and entered into by the Parties in good faith and without fraud or collusion.  Each Party to the respective Settlement Agreement was represented by counsel.

F.      The applicable factors set forth in *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996) support approval of the settlement under Bankruptcy Rule 9019. There is uncertainty as to the outcome of the litigation concerning the Minor Claimant's claims. The numerous disputed issues are complex and likely to invite further inconvenience, cost and delay. Finally, the paramount interests of creditors favor a prompt resolution that provides a meaningful recovery to creditors, without the risk of further litigation.  The consideration to be realized and to be provided pursuant to the Settlement Agreement is fair and reasonable.

## ORDER

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED as to the Minor Claimant as set forth herein.  Any objections or reservations of rights filed in respect of the Motion are overruled, with prejudice.

2.      The Settlement Agreement attached hereto as Exhibit 1 is APPROVED in its entirety, including but not limited to the waivers and releases contained therein and consideration provided therefor. Brittney Spriggs (the "Representative"), the biological mother and legal

guardian of minor J.A., is authorized to take any steps as may be required or necessary to implement the Settlement Agreement, and the Representative is authorized to execute the Settlement Agreement on behalf of the Minor Claimant.

3.      The Representative has accepted the lump sum payment reflected in the Settlement Agreement in full and final settlement of the Minor Claimant's claims.

4.      The Representative is authorized to place sixty percent (60%) of the gross settlement proceeds from the settlement into the respective financial instrument identified in the Motion—for the sole benefit of the Minor Claimant—and to pay the remaining forty percent (40%) of gross proceeds to Francis Alexander LLC and related counsel as legal fees (all costs advanced for the client are being covered by the attorneys out of their own legal fees).

5.      The Representative is authorized to dismiss or withdraw claims pending on behalf of the Minor Claimant in any court in accordance and compliance with the Settlement Agreement.

6.      This Court shall, and hereby does, retain jurisdiction with respect to matters arising from or related to the implementation, interpretation, or enforcement of the Settlement Agreement and this Order.

# EXHIBIT 22

Brittney Spriggs for Minor Child K.O.

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| Rental Car Intermediate Holdings, LLC,[1] | Case No. 20-11247 (MFW) |
| Reorganized Debtor. | **Re: Docket No. ___** |

## ORDER APPROVING SETTLEMENT AGREEMENT
## BETWEEN HERTZ AND BRITTNEY SPRIGGS FOR MINOR CLAIMANT K.O.

Upon the joint motion (the "**Motion**")[2] of the Movants for entry of an order (this "**Order**") pursuant to section 105(a) of the Bankruptcy Code, Civil Rule 17 (made applicable to these proceedings by Bankruptcy Rules 7017 and 9014(c)), and Bankruptcy Rule 9019, approving the settlement agreement between on the one hand, Hertz and on the other hand, K.O. (the "**Minor Claimant**," and collectively with the Reorganized Debtor, the "**Parties**"), all as more fully set forth in the Motion; and it appearing that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated February 29, 2012, (ii) the Motion is a core proceeding under 28 U.S.C. § 157(b)(2), and (iii) the Court may enter a final order consistent with Article I of the United States Constitution; and it appearing that notice of the Motion as set forth therein is sufficient, and that no other or further notice need be provided; and it further appearing that the relief requested in the Motion is in the best interests of the Reorganized Debtor, the Minor

---

[1] The last four digits of the tax identification number of Reorganized Debtor Rental Car Intermediate Holdings, LLC ("**RCIH**") are 2459. The location of the Reorganized Debtor's service address is 8501 Williams Road, Estero, FL 33928. On September 28, 2021, the Court entered a final decree closing each of the chapter 11 cases for The Hertz Corporation and its affiliated reorganized debtors (the "**Reorganized Debtors**") other than RCIH's chapter 11 case. Commencing on September 28, 2021, all motions, notices, and other pleadings relating to any of the Reorganized Debtors shall be filed in RCIH's chapter 11 case, Case No. 20-11247 (MFW).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Claimant and the other parties in interest; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, the Court hereby finds and determines that:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

A.     This Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(b)(1) and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

B.     The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rules 7052 and 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

C.     Due and adequate notice of the Motion, the Settlement Agreement, and the subject matter thereof, has been provided to all parties in interest pursuant to and in accordance with paragraph 78 of the Confirmation Order.  Notice was sufficient and proper and complied with all applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules. No additional notice of the Motion, the Settlement Agreement or this Order is required. A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all interested parties and entities.

D.      The relief requested in the Motion is fair, reasonable, equitable, and just and in the best interests of the Reorganized Debtors, their estates and creditors, and the Minor Claimant. The Movants have demonstrated good, sufficient, and sound purposes and justifications for the relief requested in the Motion.

E.      The settlement reflected in the Settlement Agreement is the product of arms'-length negotiations between and among the Parties, including, without limitation, the mediation conducted under the supervision of Jerry P. Roscoe. The Settlement Agreement was negotiated and proposed, and entered into by the Parties in good faith and without fraud or collusion. Each Party to the respective Settlement Agreement was represented by counsel.

F.      The applicable factors set forth in *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996) support approval of the settlement under Bankruptcy Rule 9019. There is uncertainty as to the outcome of the litigation concerning the Minor Claimant's claims. The numerous disputed issues are complex and likely to invite further inconvenience, cost and delay. Finally, the paramount interests of creditors favor a prompt resolution that provides a meaningful recovery to creditors, without the risk of further litigation. The consideration to be realized and to be provided pursuant to the Settlement Agreement is fair and reasonable.

## ORDER

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED as to the Minor Claimant as set forth herein. Any objections or reservations of rights filed in respect of the Motion are overruled, with prejudice.

2.      The Settlement Agreement attached hereto as Exhibit 1 is APPROVED in its entirety, including but not limited to the waivers and releases contained therein and consideration provided therefor. Brittney Spriggs (the "Representative"), the biological mother and legal

guardian of minor K.O., is authorized to take any steps as may be required or necessary to implement the Settlement Agreement, and the Representative is authorized to execute the Settlement Agreement on behalf of the Minor Claimant.

3.    The Representative has accepted the lump sum payment reflected in the Settlement Agreement in full and final settlement of the Minor Claimant's claims.

4.    The Representative is authorized to place sixty percent (60%) of the gross settlement proceeds from the settlement into the respective financial instrument identified in the Motion—for the sole benefit of the Minor Claimant—and to pay the remaining forty percent (40%) of gross proceeds to Francis Alexander LLC and related counsel as legal fees (all costs advanced for the client are being covered by the attorneys out of their own legal fees).

5.    The Representative is authorized to dismiss or withdraw claims pending on behalf of the Minor Claimant in any court in accordance and compliance with the Settlement Agreement.

6.    This Court shall, and hereby does, retain jurisdiction with respect to matters arising from or related to the implementation, interpretation, or enforcement of the Settlement Agreement and this Order.

# EXHIBIT 23

Nicholas Wright for Minor Child J.W.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| Rental Car Intermediate Holdings, LLC,[1] | Case No. 20-11247 (MFW) |
| Reorganized Debtor. | **Re: Docket No. ___** |

**ORDER APPROVING SETTLEMENT AGREEMENT**
**BETWEEN HERTZ AND NICHOLAS WRIGHT FOR MINOR CLAIMANT J.W.**

Upon the joint motion (the "**Motion**")[2] of the Movants for entry of an order (this "**Order**") pursuant to section 105(a) of the Bankruptcy Code, Civil Rule 17 (made applicable to these proceedings by Bankruptcy Rules 7017 and 9014(c)), and Bankruptcy Rule 9019, approving the settlement agreement between on the one hand, Hertz and on the other hand, J.W. (the "**Minor Claimant**," and collectively with the Reorganized Debtor, the "**Parties**"), all as more fully set forth in the Motion; and it appearing that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated February 29, 2012, (ii) the Motion is a core proceeding under 28 U.S.C. § 157(b)(2), and (iii) the Court may enter a final order consistent with Article I of the United States Constitution; and it appearing that notice of the Motion as set forth therein is sufficient, and that no other or further notice need be provided; and it further appearing that the relief requested in the Motion is in the best interests of the Reorganized Debtor, the Minor

---

[1] The last four digits of the tax identification number of Reorganized Debtor Rental Car Intermediate Holdings, LLC ("**RCIH**") are 2459. The location of the Reorganized Debtor's service address is 8501 Williams Road, Estero, FL 33928. On September 28, 2021, the Court entered a final decree closing each of the chapter 11 cases for The Hertz Corporation and its affiliated reorganized debtors (the "**Reorganized Debtors**") other than RCIH's chapter 11 case. Commencing on September 28, 2021, all motions, notices, and other pleadings relating to any of the Reorganized Debtors shall be filed in RCIH's chapter 11 case, Case No. 20-11247 (MFW).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Claimant and the other parties in interest; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, the Court hereby finds and determines that:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

A.      This Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(b)(1) and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

B.      The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rules 7052 and 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

C.      Due and adequate notice of the Motion, the Settlement Agreement, and the subject matter thereof, has been provided to all parties in interest pursuant to and in accordance with paragraph 78 of the Confirmation Order.  Notice was sufficient and proper and complied with all applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules. No additional notice of the Motion, the Settlement Agreement or this Order is required. A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all interested parties and entities.

D.      The relief requested in the Motion is fair, reasonable, equitable, and just and in the best interests of the Reorganized Debtors, their estates and creditors, and the Minor Claimant. The Movants have demonstrated good, sufficient, and sound purposes and justifications for the relief requested in the Motion.

E.      The settlement reflected in the Settlement Agreement is the product of arms'-length negotiations between and among the Parties, including, without limitation, the mediation conducted under the supervision of Jerry P. Roscoe. The Settlement Agreement was negotiated and proposed, and entered into by the Parties in good faith and without fraud or collusion.  Each Party to the respective Settlement Agreement was represented by counsel.

F.      The applicable factors set forth in *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996) support approval of the settlement under Bankruptcy Rule 9019.  There is uncertainty as to the outcome of the litigation concerning the Minor Claimant's claims. The numerous disputed issues are complex and likely to invite further inconvenience, cost and delay. Finally, the paramount interests of creditors favor a prompt resolution that provides a meaningful recovery to creditors, without the risk of further litigation.  The consideration to be realized and to be provided pursuant to the Settlement Agreement is fair and reasonable.

## ORDER

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED as to the Minor Claimant as set forth herein.  Any objections or reservations of rights filed in respect of the Motion are overruled, with prejudice.

2.      The Settlement Agreement attached hereto as Exhibit 1 is APPROVED in its entirety, including but not limited to the waivers and releases contained therein and consideration provided therefor. Nicholas Wright (the "Representative"), the biological father and legal guardian

of minor J.W., is authorized to take any steps as may be required or necessary to implement the Settlement Agreement, and the Representative is authorized to execute the Settlement Agreement on behalf of the Minor Claimant.

3.      The Representative has accepted the lump sum payment reflected in the Settlement Agreement in full and final settlement of the Minor Claimant's claims.

4.      The Representative is authorized to place sixty percent (60%) of the gross settlement proceeds from the settlement into the respective financial instrument identified in the Motion—for the sole benefit of the Minor Claimant—and to pay the remaining forty percent (40%) of gross proceeds to Francis Alexander LLC and related counsel as legal fees (all costs advanced for the client are being covered by the attorneys out of their own legal fees).

5.      The Representative is authorized to dismiss or withdraw claims pending on behalf of the Minor Claimant in any court in accordance and compliance with the Settlement Agreement.

6.      This Court shall, and hereby does, retain jurisdiction with respect to matters arising from or related to the implementation, interpretation, or enforcement of the Settlement Agreement and this Order.

# EXHIBIT 24

Mitchell Kimes for Minor Child B.K.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| Rental Car Intermediate Holdings, LLC,[1] | Case No. 20-11247 (MFW) |
| Reorganized Debtor. | **Re: Docket No. ___** |

## ORDER APPROVING SETTLEMENT AGREEMENT
## BETWEEN HERTZ AND MITCHELL KIMES FOR MINOR CLAIMANT B.K.

Upon the joint motion (the "**Motion**")[2] of the Movants for entry of an order (this "**Order**")
pursuant to section 105(a) of the Bankruptcy Code, Civil Rule 17 (made applicable to these
proceedings by Bankruptcy Rules 7017 and 9014(c)), and Bankruptcy Rule 9019, approving the
settlement agreement between on the one hand, Hertz and on the other hand, B.K. (the "**Minor
Claimant**," and collectively with the Reorganized Debtor, the "**Parties**"), all as more fully set
forth in the Motion; and it appearing that (i) the Court has jurisdiction over this matter pursuant to
28 U.S.C. §§ 1334 and 157 and the Amended Standing Order of Reference from the United States
District Court for the District of Delaware dated February 29, 2012, (ii) the Motion is a core
proceeding under 28 U.S.C. § 157(b)(2), and (iii) the Court may enter a final order consistent with
Article I of the United States Constitution; and it appearing that notice of the Motion as set forth
therein is sufficient, and that no other or further notice need be provided; and it further appearing
that the relief requested in the Motion is in the best interests of the Reorganized Debtor, the Minor

---

[1] The last four digits of the tax identification number of Reorganized Debtor Rental Car Intermediate Holdings, LLC ("**RCIH**") are 2459. The location of the Reorganized Debtor's service address is 8501 Williams Road, Estero, FL 33928. On September 28, 2021, the Court entered a final decree closing each of the chapter 11 cases for The Hertz Corporation and its affiliated reorganized debtors (the "**Reorganized Debtors**") other than RCIH's chapter 11 case. Commencing on September 28, 2021, all motions, notices, and other pleadings relating to any of the Reorganized Debtors shall be filed in RCIH's chapter 11 case, Case No. 20-11247 (MFW).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Claimant and the other parties in interest; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, the Court hereby finds and determines that:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

A.      This Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(b)(1) and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

B.      The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rules 7052 and 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

C.      Due and adequate notice of the Motion, the Settlement Agreement, and the subject matter thereof, has been provided to all parties in interest pursuant to and in accordance with paragraph 78 of the Confirmation Order.  Notice was sufficient and proper and complied with all applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules. No additional notice of the Motion, the Settlement Agreement or this Order is required. A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all interested parties and entities.

D.      The relief requested in the Motion is fair, reasonable, equitable, and just and in the best interests of the Reorganized Debtors, their estates and creditors, and the Minor Claimant. The Movants have demonstrated good, sufficient, and sound purposes and justifications for the relief requested in the Motion.

E.      The settlement reflected in the Settlement Agreement is the product of arms'-length negotiations between and among the Parties, including, without limitation, the mediation conducted under the supervision of Jerry P. Roscoe. The Settlement Agreement was negotiated and proposed, and entered into by the Parties in good faith and without fraud or collusion.  Each Party to the respective Settlement Agreement was represented by counsel.

F.      The applicable factors set forth in *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996) support approval of the settlement under Bankruptcy Rule 9019. There is uncertainty as to the outcome of the litigation concerning the Minor Claimant's claims. The numerous disputed issues are complex and likely to invite further inconvenience, cost and delay. Finally, the paramount interests of creditors favor a prompt resolution that provides a meaningful recovery to creditors, without the risk of further litigation.  The consideration to be realized and to be provided pursuant to the Settlement Agreement is fair and reasonable.

## ORDER

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED as to the Minor Claimant as set forth herein.  Any objections or reservations of rights filed in respect of the Motion are overruled, with prejudice.

2.      The Settlement Agreement attached hereto as Exhibit 1 is APPROVED in its entirety, including but not limited to the waivers and releases contained therein and consideration provided therefor.  Mitchell Kimes (the "Representative"), the biological father and legal guardian

of minor B.K., is authorized to take any steps as may be required or necessary to implement the Settlement Agreement, and the Representative is authorized to execute the Settlement Agreement on behalf of the Minor Claimant.

3.     The Representative has accepted the lump sum payment reflected in the Settlement Agreement in full and final settlement of the Minor Claimant's claims.

4.     The Representative is authorized to place sixty percent (60%) of the gross settlement proceeds from the settlement into the respective financial instrument identified in the Motion—for the sole benefit of the Minor Claimant—and to pay the remaining forty percent (40%) of gross proceeds to Francis Alexander LLC and related counsel as legal fees (all costs advanced for the client are being covered by the attorneys out of their own legal fees).

5.     The Representative is authorized to dismiss or withdraw claims pending on behalf of the Minor Claimant in any court in accordance and compliance with the Settlement Agreement.

6.     This Court shall, and hereby does, retain jurisdiction with respect to matters arising from or related to the implementation, interpretation, or enforcement of the Settlement Agreement and this Order.

# EXHIBIT 25

Mitchell Kimes for Minor Child K.K.

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| Rental Car Intermediate Holdings, LLC,[1] | Case No. 20-11247 (MFW) |
| Reorganized Debtor. | **Re: Docket No. ___** |

## ORDER APPROVING SETTLEMENT AGREEMENT
## BETWEEN HERTZ AND MITCHELL KIMES FOR MINOR CLAIMANT K.K.

Upon the joint motion (the "**Motion**")[2] of the Movants for entry of an order (this "**Order**")

pursuant to section 105(a) of the Bankruptcy Code, Civil Rule 17 (made applicable to these

proceedings by Bankruptcy Rules 7017 and 9014(c)), and Bankruptcy Rule 9019, approving the

settlement agreement between on the one hand, Hertz and on the other hand, K.K. (the "**Minor**

**Claimant**," and collectively with the Reorganized Debtor, the "**Parties**"), all as more fully set

forth in the Motion; and it appearing that (i) the Court has jurisdiction over this matter pursuant to

28 U.S.C. §§ 1334 and 157 and the Amended Standing Order of Reference from the United States

District Court for the District of Delaware dated February 29, 2012, (ii) the Motion is a core

proceeding under 28 U.S.C. § 157(b)(2), and (iii) the Court may enter a final order consistent with

Article I of the United States Constitution; and it appearing that notice of the Motion as set forth

therein is sufficient, and that no other or further notice need be provided; and it further appearing

that the relief requested in the Motion is in the best interests of the Reorganized Debtor, the Minor

---

[1] The last four digits of the tax identification number of Reorganized Debtor Rental Car Intermediate Holdings, LLC ("**RCIH**") are 2459. The location of the Reorganized Debtor's service address is 8501 Williams Road, Estero, FL 33928. On September 28, 2021, the Court entered a final decree closing each of the chapter 11 cases for The Hertz Corporation and its affiliated reorganized debtors (the "**Reorganized Debtors**") other than RCIH's chapter 11 case. Commencing on September 28, 2021, all motions, notices, and other pleadings relating to any of the Reorganized Debtors shall be filed in RCIH's chapter 11 case, Case No. 20-11247 (MFW).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Claimant and the other parties in interest; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, the Court hereby finds and determines that:

## **FINDINGS OF FACT AND CONCLUSIONS OF LAW**

A.    This Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(b)(1) and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

B.    The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rules 7052 and 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

C.    Due and adequate notice of the Motion, the Settlement Agreement, and the subject matter thereof, has been provided to all parties in interest pursuant to and in accordance with paragraph 78 of the Confirmation Order.  Notice was sufficient and proper and complied with all applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules. No additional notice of the Motion, the Settlement Agreement or this Order is required. A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all interested parties and entities.

D.      The relief requested in the Motion is fair, reasonable, equitable, and just and in the best interests of the Reorganized Debtors, their estates and creditors, and the Minor Claimant. The Movants have demonstrated good, sufficient, and sound purposes and justifications for the relief requested in the Motion.

E.      The settlement reflected in the Settlement Agreement is the product of arms'-length negotiations between and among the Parties, including, without limitation, the mediation conducted under the supervision of Jerry P. Roscoe. The Settlement Agreement was negotiated and proposed, and entered into by the Parties in good faith and without fraud or collusion.  Each Party to the respective Settlement Agreement was represented by counsel.

F.      The applicable factors set forth in *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996) support approval of the settlement under Bankruptcy Rule 9019. There is uncertainty as to the outcome of the litigation concerning the Minor Claimant's claims. The numerous disputed issues are complex and likely to invite further inconvenience, cost and delay. Finally, the paramount interests of creditors favor a prompt resolution that provides a meaningful recovery to creditors, without the risk of further litigation.  The consideration to be realized and to be provided pursuant to the Settlement Agreement is fair and reasonable.

## ORDER

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED as to the Minor Claimant as set forth herein.  Any objections or reservations of rights filed in respect of the Motion are overruled, with prejudice.

2.      The Settlement Agreement attached hereto as Exhibit 1 is APPROVED in its entirety, including but not limited to the waivers and releases contained therein and consideration provided therefor.  Mitchell Kimes (the "Representative"), the biological father and legal guardian

of minor K.K., is authorized to take any steps as may be required or necessary to implement the Settlement Agreement, and the Representative is authorized to execute the Settlement Agreement on behalf of the Minor Claimant.

3.    The Representative has accepted the lump sum payment reflected in the Settlement Agreement in full and final settlement of the Minor Claimant's claims.

4.    The Representative is authorized to place sixty percent (60%) of the gross settlement proceeds from the settlement into the respective financial instrument identified in the Motion—for the sole benefit of the Minor Claimant—and to pay the remaining forty percent (40%) of gross proceeds to Francis Alexander LLC and related counsel as legal fees (all costs advanced for the client are being covered by the attorneys out of their own legal fees).

5.    The Representative is authorized to dismiss or withdraw claims pending on behalf of the Minor Claimant in any court in accordance and compliance with the Settlement Agreement.

6.    This Court shall, and hereby does, retain jurisdiction with respect to matters arising from or related to the implementation, interpretation, or enforcement of the Settlement Agreement and this Order.

## **<u>EXHIBITS B & C</u>**

**Sealed**

## **EXHIBIT D**

**Minor Settlement Approval Order, *Venuti* v. *Avco Corp.***

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

KERI VENUTI, Individually and as Personal )
Representative of the Estate of ROBIN F. )
VENUTI, et al. )        Civil Action No. 16-cv-202-SB
                       )
  Plaintiffs, )
                       )
   v. )
                       )
AVCO CORPORATION, et al., )
                       )
  Defendants. )

## <u>ORDER</u>

This 15th day of November, 2021, the foregoing Petition for Approval of Settlement Claim of Minor having been considered; IT APPEARING that the offer of Avco Corporation, including its unincorporated division Lycoming Engines, and Robinson Helicopter Company, Inc. ("Settling Defendants") to pay the sum as set forth in the Statement of Distribution attached as Exhibit C to the Motion in full settlement of the claims which the Rubio Plaintiffs have or may have against the Settling Defendants arising from an accident involving a Robinson R22 helicopter, Reg. No. N13HG near Green River, Utah on or about April 6, 2014, is a fair and reasonable offer considering the facts and circumstances.

IT IS HEREBY ORDERED THAT:

A. Movant, Corinne Rubio is appointed as guardian of HER with authority to sign this motion.

B. Movant, Corinne Rubio, accepts a lump sum payment as set forth in the Statement of Distribution in full and final settlement of the Minor's claim against the Settling Defendants;

C. The Court approves the Confidential Settlement Agreement and Full Release of

Claims, as executed by Movant, which extinguishes any further liability of the Settling Defendants for any claims arising out of the April 6, 2014 accident described above; and

D. Movant is authorized to make payment to The Wolk Law Firm, Farnan LLP and to The Hattie Rubio Support Trust as set forth in the Statement of Distribution.

IT IS SO ORDERED this 15th day of November, 2021.

_____

The Honorable Stephanos Bibas

# **EXHIBIT E**

**Financial Instrument Term Sheet**





Protecting your assets

# PRESERVING YOUR LEGACY

## Pooled Trust for Individuals with Disabilities

## WHAT IS LEGACY ENHANCEMENT TRUST?

The Legacy Enhancement Pooled Trust was created to manage funds and assist in enriching the quality of life of its clients. The low costs and fees for establishing and maintaining the pooled trust are attractive to beneficiaries and their caretakers, as compared with the alternative of an expensive, traditional, large bank managed trust.



## WHAT IS A POOLED TRUST?

A pooled trust is a trust established and administered by a nonprofit organization. A separate account is established for each beneficiary of the trust; for the purposes of investment and fund management, the trust pools the separate accounts. For self-settled, or (d)(4)(C) pooled trusts, each sub-account is established by the individual with a disability, a parent, grandparent, guardian, or a court, and the trust is funded with the assets of the individual with a disability.



## WHO SHOULD USE A POOLED TRUST?

A pooled trust can be used for individuals with disabilities who have received money from a legal settlement, a divorce, or an inheritance AND are on income-based government benefits.

## WHAT EXPENSES CAN THE TRUST PAY FOR ON BEHALF OF THE INDIVIDUAL WITH A DISABILITY?

Services and items purchased must be used for the sole benefit of the individual with a disability. Allowable purchases include, but are not limited to:  vehicles, clothing, eye and dental care, home or auto adaptations, and rehabilitation/therapy services. For a full list of allowable purchases, visit our website at www.legacyenhancement.org.





## HOW ARE THE TRUST FUNDS MANAGED AND INVESTED?

Each beneficiary's trust fund is placed into a managed sub-account. The assets from all sub-accounts are "pooled" together and are invested and managed by professional money managers. Pooling the funds reduces administrative fees and increases the principal for investment purposes.

Beneficiaries of the trust receive earnings based on their share of the principal. Financial records are held for each individual beneficiary's account.  To ensure a conservative investment approach, the Legacy Enhancement Board of Trustees provides oversight and management of the assets in partnership with a professional fund manager.

## WHY SHOULD YOU CHOOSE LEGACY ENHANCEMENT?

### The Mission
We are a nonprofit organization dedicated to providing minors and individuals with disabilities with an affordable, reliable trust solution.

### The People
When you choose Legacy Enhancement Trust, you can expect warm, friendly service. We return calls and process distribution requests quickly and can accommodate any language through a translation service.

### The Service
In addition to having online access to your trust account, we offer a prepaid debit card that gives you instant access to your trust funds.

## START PLANNING FOR YOUR FUTURE TODAY.

To learn more, call us toll-free or visit our website.

**Toll-Free: (866)587-8306**
**www.legacyenhancement.org**



**LEGACY ENHANCEMENT**

Protecting your assets

# PRESERVING YOUR LEGACY



## Pooled Trust for Minors

### WHAT IS LEGACY ENHANCEMENT TRUST?

The Legacy Enhancement Pooled Trust was created to manage funds and assist in enriching the quality of life of its clients. The low costs and fees for establishing and maintaining the pooled trust are attractive to beneficiaries and their caretakers, as compared with the alternative of an expensive, traditional, large bank managed trust.



### WHAT IS A POOLED TRUST?

A pooled trust is a trust established and administered by a nonprofit organization. A separate account is established for each beneficiary of the trust; for the purposes of investment and fund management, the trust pools the separate accounts. For self-settled, or (d)(4)(C) pooled trusts, each sub-account is established by the individual with a disability, a parent, grandparent, guardian, or a court, and the trust is funded with the assets of the individual with a disability.



### WHO SHOULD USE A POOLED MINOR'S TRUST?

A pooled trust can be used for minors or individuals with disabilities who have received money from a legal settlement, an inheritance, or another kind of financial allocation.

## WHAT EXPENSES CAN THE TRUST PAY FOR ON BEHALF OF THE MINOR?

Services and items purchased must be used for the sole benefit of the minor. Allowable purchases include, but are not limited to:  vehicles, clothing, eye and dental care, home or auto adaptations, and rehabilitation/therapy services. For a full list of allowable purchases, visit our website at www.legacyenhancement.org.





## HOW ARE THE TRUST FUNDS MANAGED AND INVESTED?

Each beneficiary's trust fund is placed into a managed sub-account. The assets from all sub-accounts are "pooled" together and are invested and managed by professional money managers. Pooling the funds reduces administrative fees and increases the principal for investment purposes.

Beneficiaries of the trust receive earnings based on their share of the principal. Financial records are held for each individual beneficiary's account.  To ensure a conservative investment approach, the Legacy Enhancement Board of Trustees provides oversight and management of the assets in partnership with a professional fund manager.

## WHY SHOULD YOU CHOOSE LEGACY ENHANCEMENT?

### The Mission
We are a nonprofit organization dedicated to providing minors and individuals with disabilities with an affordable, reliable trust solution.

### The People
When you choose Legacy Enhancement Trust, you can expect warm, friendly service. We return calls and process distribution requests quickly and can accommodate any language through a translation service.

### The Service
In addition to having online access to your trust account, we offer a prepaid debit card that gives you instant access to your trust funds.

## START PLANNING FOR YOUR FUTURE TODAY.

To learn more, call us toll-free or visit our website.

**Toll-Free: (866)587-8306**
**www.legacyenhancement.org**

# Investment Policy Statement
## For
## Legacy Enhancement Trust

### 1. Introduction

The Trustees of Legacy Enhancement Trust (LET) issues this statement.  The purpose of this statement is to foster a clear understanding of the Trusts investment objectives, policies and guidelines.  The assets governed by this statement are Trusts financial assets which are invested for safety of principal and long-term income.  The Trust will regularly review this statement and the managers adherence to it, with the intent of this statement to be both sufficiently specific to be meaningful and flexible enough to be practical.

### 2. General Information

**Legacy Enhancement** is a non-profit corporation and shall operate exclusively for charitable purposes within the meaning of Section 501 (C)(3) of the Internal Revenue Code, or the corresponding section of any future Federal tax code. **Legacy Enhancement's purpose is to administer a pooled special needs trust and provide assistance and education to special needs individuals and their caregivers.**

### 3. Management and Investment Objectives

a. It is recognized that the Trust has an indefinite time horizon, which runs concurrently with the existence of the trusts in perpetuity and as such the time horizon extends beyond normal market and interest-rate cycles.  This enables the Trust to take a reasonable level of short-term volatility in order to achieve favorable long-term investment returns.  It is expected that professional management and diversification will smooth volatility and improve consistency of returns.

b. The two primary long-term financial objectives are for safety of principal and to preserve the real (i.e.; inflation-adjusted) purchasing power of the Trust for potential future distributions.  It is understood that it (Trust) will be providing a relatively predictable, stable stream of distributions that at least keeps pace with inflation over time.

c. The Trusts objective is to earn a return, net of expenses, over the long-term (i.e. over most rolling five-year periods).  This return should compare favorably to its passive indices of its asset class (Citigroup Broad Investment Grade Treasury/Government 1-10 year) in which the funds are invested.

d. In seeking to attain the investment objectives set forth, the Trustees and their advisors shall exercise prudence and appropriate care in accordance with the Uniform Prudent Management of Institutional Funds Act (UPMIFA).  This act requires fiduciaries to apply the standard of prudence "about each asset in the context of the portfolio of investments, as part of an overall strategy."

**4.  Portfolio Construction**

It is generally understood that all assets will be invested into money markets, government and corporate bonds, and similar "like-kind", income investments.  It is also understood that even though the Trusts investment term is in perpetuity, its investments will be predominately invested in short and intermediate term bond-style investments in an effort to smooth returns. It will be designed with its passive index benchmark in mind (Citigroup Broad Investment Grade Treasury/Government 1-10 years).

   a.  Money market investments as well as bonds may be used.
   b.  U.S. Fixed income portfolios will be invested primarily in U.S. dollar denominated securities.
   c.  The portfolio of these fixed income securities should have a weighted average credit quality of "A" or better, based on credit quality ratings of Moody's, S&P, or an equivalent nationally recognized credit rating agency.
   d.  High-yield bonds may be used, to a maximum of 10% of total portfolio.
   e.  International Bonds may be used, to a maximum of 20% of total portfolio.
   f.  Real-estate income may be used, to a maximum of 15% of total portfolio.
   g.  Alternative Investments (market-neutral, long-short, etc.) may be used to a maximum of 10% of total portfolio.
   h.  Preferred stock may be used to a maximum of 5% of total portfolio.

It should be noted that it is the policy of the Trust to never hold more than 2% of any individual non-governmental bond.  The only equity positions allowed will be the incidental portions of mutual funds or ETF holdings.  This may include some publicly traded real estate investments.

**5.  Monitoring of Objectives and Results**

   a.  All objectives and policies are in effect until modified by the Trust, which will review them periodically for their continued appropriateness.
   b.  It at any time any manager believes that any policy guideline inhibits investment performance, it is the manager's responsibility to communicate this view to the Trust Investment Advisors.
   c.  Investment managers will report the following information to the Trust quarterly:
       i.   Total return (on time-weighted basis) in the aggregate, net of all commissions and fees;
       ii.  Purchases and sales for the quarter.
       iii. Explanation for performance variance from stated benchmark.
   d.  Regular communication concerning investment strategy and outlook is expected. Additionally, managers are required to inform the Trust promptly of any change in firm ownership or fundamental investment philosophy and of any significant change in organizational structure or professional personnel.
   e.  The Trusts and its fiduciaries will periodically review the related services provided to the Pool, including custody services, performance evaluation and consulting.

**<u>EXHIBIT F</u>**

**Sample Master and Joinder Agreements for Pooled Trust Option**

# LEGACY ENHANCEMENT
# MINORS MASTER POOLED TRUST AGREEMENT

**August 24, 2020**

## LEGACY ENHANCEMENT MINORS MASTER POOLED TRUST AGREEMENT

This Minors Master Pooled Trust Agreement ("Trust Agreement") is established on the ____ day of August, 2020, by Legacy Enhancement, a Texas domestic nonprofit corporation (as evidenced by Addendum "A" of this Trust Agreement) as Settlor and Trustee. Legacy Enhancement is an Internal Revenue Service tax-exempt organization (as evidenced by Addendum "B" of this Trust Agreement). Each beneficiary of the Minors Master Pooled Trust is a minor child whose interests are in need of being protected and preserved due to his or her minority.

### Article I – Purpose of the Trust

1. Each beneficiary of this Trust Agreement shall have a separate account for his or her sole benefit, referred to herein as the "sub-account". The primary purpose of this Trust is to protect each beneficiary from the loss of his or her Trust assets through undue influence, misuse, or exploitation by others prior to the beneficiary's reaching the age of majority. The Trustee may make distributions from a beneficiary's sub-account for medical, educational, or other personal needs identified by the Trustee.

2. The Trustee may use so much of the principal and income of a beneficiary's sub-account as the Trustee deems advisable for the use and benefit of the minor. The Trustee may take into consideration other sources of income and assets available to the beneficiary before making any distributions which fall within the purposes of this Trust.

3. No distribution under this Trust shall discharge the legal obligation of the beneficiary's parents to support the beneficiary in accordance with the laws of the state of the parents' domicile.

4. It is the best interest of the beneficiary, and not that of any other person, which governs the distribution decisions of the Trustee, even if the distributions result in the depletion of the entire Trust sub-account.

### Article II – Joinder Agreement

1. Individuals who wish to participate in the Master Pooled Trust shall submit a "Joinder Agreement" to the Trustee. The Joinder Agreement may be executed by a parent, court-appointed guardian, guardian ad litem, or any other individual or entity authorized by a court to enter into such an Agreement using the minor's funds. The applicant is referred to as the Grantor. The beneficiary may not be the applicant.

2. The Trustee has the sole and absolute discretion in determining whether to approve any Joinder Agreement application. If the Joinder Agreement is approved, it becomes irrevocable but subject to amendment as needed for the well-being of the beneficiary or as required under federal or state law and regulations.

### Article III – Trust Sub-Accounts

1. A separate account ("sub-account") shall be maintained for each beneficiary of the Trust. Sub-accounts are pooled for purposes of investment and management of funds by an entity or individual chosen by the Trustee to serve as Fund Manager.

2. Additions to the funds may be made to a sub-account at any time subject to the absolute right of the Trustee to accept or refuse assets of any nature into the sub-account.

### Article IV – Trust Is Irrevocable

1. This Trust Agreement is irrevocable. An individual sub-account shall be effective and irrevocable upon the valid execution of the Joinder Agreement by an authorizedvGrantor, acceptance of the Joinder Agreement by the Trustee, and the funding of the sub-account. Once established, the sub-account assets shall be distributed in accordance with the terms of this Trust Agreement and the signed Joinder Agreement. The sub-account beneficiary may not be changed under any circumstance.

2. The Trustee may at any time amend this Trust Agreement by an instrument in writing signed and acknowledged by the Trustee to effectuate its purposes as expressed herein, and to comply with changes in federal and state laws and regulations which come into effect subsequent to the signing of this Agreement, or to clarify any provision or scrivener's error. No amendment may change or affect the interests or rights of a sub-account beneficiary.

### Article V – Distributions

1. The Trustee shall have sole, absolute and unfettered discretion in making distributions. In exercising discretion, as to the amount of any distribution to the beneficiary, the Trustee may consider:

    a. the beneficiary's general standard of living;

    b. the age, health, education, and maintenance of the beneficiary; and

    c. other funds, income, or capital, reasonably available to the beneficiary and known to the Trustee.

2. The Trustee shall take into consideration information provided in the Joinder Agreement when making decisions regarding distributions. The judgement of the Trustee and not that of any other person or entity shall be the sole determining factor by which distributions are made.

3. The Trustee shall not be liable to a sub-account beneficiary for acts undertaken in good faith. If the sub-account beneficiary or his or her family receives means-tested public benefits, it is the responsibility of the Grantor to timely inform the Trustee so that such benefits can be taken into consideration before a distribution is made.

4. The Trustee shall hold, manage, invest and reinvest the Trust property, collect the income therefrom, and pay from the Trust property all lawful charges, assessments, fees, taxes and other expenses properly incurred in the formation, administration and protection of the Trust. Any income not distributed to or for the benefit of the beneficiary shall be added to the principal.

5. In the Trustee's sole, absolute, and unfettered discretion, distribution of income or principal to the Beneficiary may be:

   a. paid directly to the Beneficiary;

   b. deposited in any bank to the credit of the Beneficiary in an account carried in the Beneficiary's name, either alone or jointly with others;

   c. expended for the benefit of the Beneficiary; or

   d. paid to the legal guardian or other authorized representative of the beneficiary, who has undertaken the responsibility, legally or voluntarily, for the support and maintenance of the Beneficiary as his or her legal representative.

6. If at any time during the existence of a sub-account, the beneficiary is determined by a governmental agency to be disabled, or is adjudicated incapacitated by a court of competent jurisdiction, then the Trustee may refuse to make a requested distribution to or for the beneficiary. In that event, the Trustee may apply to a court of competent jurisdiction to establish a first party special needs trust in accordance with the provisions of 42 U.S.C. 1396p(d)(4)(A); or to transfer the sub-account to a pooled trust for the benefit of persons with disabilities meeting the requirements of 42 U.S.C. 1396(d)(4)(C). The Trustee shall seek authority to execute any and all documents required to effectuate the change, and shall transfer the remaining balance of the existing sub-account to the new account or sub-account, or as otherwise directed by the court.

## Article VI – Spendthrift Provision

1. None of the principal or income of a beneficiary's sub-account shall be anticipated, assigned, encumbered, or subject to any creditors' claims or to any legal process. No part of the Trust sub-account shall be liable for nor available to a beneficiary's creditors. Further, no part of a Trust sub-account shall be subject to the claims of a beneficiary's voluntary or involuntary creditors.

## Article VII – Trust Termination

1. The Trust shall terminate on the first to occur of:

   a. the exhaustion of the corpus;

   b. the death of the beneficiary;

    c.  the beneficiary attaining the age of majority in effect in the state or province where the beneficiary is then domiciled; or

    d.  Such age or time as otherwise directed by a court of competent jurisdiction.

2.  Upon termination due to the death of the Beneficiary, the balance of the Trust property, after payment of expenses, shall be distributed to the beneficiary's estate.

3.  Upon termination due to the beneficiary attaining the age of majority in the state in which he or she is then domiciled, the remaining balance of the sub-account, including any undistributed income, shall be distributed outright and free of trust to the beneficiary.

### Article VIII – Investments

1.  The Trustee may choose to contract with a Fund Manager to invest and reinvest in stocks, bonds and other securities and properties, real, personal, or mixed, and wherever situated. Such investments may include but are not limited to stocks, unsecured obligations, undivided interests, interests in investment trusts, common trust funds, mutual funds, and annuities. The Trustee is authorized to hold assets in cash if that position is advantageous to the beneficiary's sub-account.

2.  The Trustee shall select assets for allocation to a sub-account as the Trustee shall deem to be in the best interests of a beneficiary, and assets allocated to one sub-account need not be of the same character as assets allocated to another sub-account. Without limiting the generality of the foregoing, the Trustee may allocate assets having different income tax bases in such manner, amounts, and proportions as the Trustee may deem appropriate.

3.  The Trustee may authorize the Fund Manager to employ the services of a for-profit entity to manage some of the financial activity of the sub-accounts, individually or pooled. However, the Trustee shall maintain ultimate managerial control over the Trust. The use of for-profit entities is always subordinate to the non-profit Trustee of this Master Pooled Trust.

4.  An accounting of each sub-account shall be provided to the Grantor and the beneficiary's legal representative not less than annually. The accounting shall include a complete statement of the sub-account assets and all the receipts, disbursements, and distributions to or from such Trust sub-account occurring during the reporting period. The sub-account records along with all Trust records or documentation shall be available and open at all reasonable times for inspection by the beneficiary or the legal representative of the beneficiary, or any person authorized in writing signed by the beneficiary or his or her legal representative.

5.  The Trustee may exercise any available election under any applicable income, estate, inheritance, succession, or gift tax law. The Trustee shall not be liable to any beneficiary of this Trust for tax consequences occasioned because of the exercise of, or failure to exercise, any such elections or because of the allocation and distribution of property in kind, in full or partial satisfaction of any beneficiary's interest in the Trust. The Trustee is authorized to

allocate all, or any portion of the receipts treated as capital gains for federal tax purposes as either income or principal, as the Trustee determines such allocation to be in the best interests of the Beneficiary.

6. The Trustee is authorized to pay any income tax liability of a beneficiary which results from income received by the Trust. The funds used to pay this income tax liability shall be paid directly to the appropriate taxing authority. The beneficiary shall not have any right to or interest in any of these funds paid by the Trustee. These funds are not a resource of the beneficiary and should not be treated as a distribution of income for purposes of medical assistance eligibility.

7. In dealing with sub-account property, the Trustee shall observe the standard of care that would be observed by a prudent person dealing with the property of another.

### Article IX – Trustee Powers

1. The Trustee shall have all powers, privileges, and authority consistent with fiduciary conduct which the Trustee deems necessary or advisable to exercise in order to administer the Trust created herein in a business-like manner. In addition to all common law and statutory authority, the Trustee, except as otherwise provided, shall have the power without approval of any court and in any manner, it considers advisable:

    a. To retain any property in the form in which it is received;

    b. To repair, insure, or otherwise care for any tangible personal property and to pay any shipping or other expenses relating to the property as the Trustee deems advisable;

    c. To abandon any property the Trustee considers worthless;

    d. To sell, mortgage, exchange, lease, or otherwise dispose of or encumber any property on any terms, with no purchaser being bound to see to the application of any proceeds and whether the effect thereof extends beyond the term of this Trust;

    e. To pay, compromise, or contest claims or controversies involving the Master Trust, including claims for taxes;

    f. To make contracts and execute instruments as may be necessary in the exercise of the powers granted herein;

    g. To employ attorneys, accountants, brokers, custodians, investment counsel and investment managers or other agents for necessary services provided to the Trust, and to compensate them out of the income or principal of the Trust estate or both;

    h. To perform other acts necessary or appropriate for the proper administration of the Trust, execute and deliver necessary instruments, give full receipts and discharges;

i.  To pay any expense for the collection of Trust property or the management or protection of the Trust, and any taxes or assessments that may be levied upon the Trust principal or income, including such taxes for which the beneficiary of the Trust may be liable.

## Article X – Indemnification of Trustee

1.  Except for willful default of any duty hereunder or gross negligence, the Trustee shall not be liable for any act, omission, loss, damage, or expense arising from the performance of its duties under this Trust Agreement.  The Trustee is not subject to any liability whatsoever to any person for any distributions made or not made by the Trustee or in the Trustee's discretion pursuant to the terms of this Trust Agreement.

## Article XI – Administrative Expenses

1.  The Trustee has responsibility to minimize payment of administrative expenses of the Trust estate to the extent reasonably possible.  General administrative expenses of the Trust, if not paid from any other sources shall be allocated equally among all the then-funded Trust sub-accounts.

2.  Any necessary or proper expenses incurred regarding the operation of any Trust sub-account, including but not limited to any attorneys' or accountant fees, investment fees, management fees, taxes, debts, or charges shall be paid by the Trustee out of that Trust sub-account.

3.  Costs and expenses of defending the Trust Agreement from any claim, demand, legal or equitable action, suit or proceeding may in the sole discretion of the Trustee either:

    a.  be apportioned on a pro rata basis to all then-funded Trust sub-accounts;

    b.  be charged solely against the Trust sub-account of the affected beneficiary.

## Article XII – General Provisions

1.  The Trustee is entitled to reasonable compensation for its services from the assets of the Trust in accord with a schedule of fees and charges attached to the Joinder Agreement.  Such fees may include, but are not limited to, payments for advisory or management services, and administrative and sub-accounting services rendered by the Trustee or its agents or rendered to the Trustee by others on behalf of the Trust and its beneficiaries. The Trustee shall be entitled to reimbursement for any reasonable expenses incurred by it individually on behalf of the entire Trust estate or a Trust sub-account.

2.  The Trust shall initially be funded with the sum of One Hundred Dollars and Zero Cents ($100.00) to be given to the Trustee at the time of execution.

3. All reasonable expenses in establishing, maintaining, administering, and defending this Trust, including but not limited to, reasonable attorney fees, accounting fees, Trustee fees, and costs shall be a proper charge to the Trust.

4. The Trustee has a duty of loyalty to the beneficiaries to act in good faith and in accordance with the terms of the Trust Agreement.

5. The Trustee shall act with sole and unfettered discretion and shall be liable only for actual fraud, misapplication, gross negligence, bad faith, or willful disregard of the provisions in this Trust Agreement. No Trustee appointed under the provisions of this Trust Agreement shall have any duty to examine, verify, question or audit the books, records, accounts, or transactions of any previous Trustee and shall not be liable to any person interested in any trust for any mistakes, errors, default or other acts committed by any such previous Trustee.

6. The situs of this Trust is Texas. The Trust Agreement shall be interpreted in accordance with the laws of the United States and the State of Texas.

IN WITNESS WHEREOF, executed this _24_ day of August, 2020, in Beaver County, Pennsylvania.

LEGACY ENHANCEMENT, TRUSTEE

By: Christian Bruns, President

STATE OF PENNSYLVANIA
COUNTY OF BEAVER

This instrument was acknowledged before me on this _24_ day of August, 2020, by Christian Bruns, President of Legacy Enhancement, a Texas domestic nonprofit corporation, who is authorized to and does execute this instrument on behalf of said corporation.

NOTARY PUBLIC: _____

COMMONWEALTH OF PENNSYLVANIA - NOTARY SEAL
Andrea K Metcalf, Notary Public
Beaver County
My Commission Expires 04/01/2023
Commission Number 1227841

☒ Personally known.
☐ Produced identification: _____

Legacy Enhancement Minors Master Pooled Trust Agreement       Page 7 of 7

# LEGACY ENHANCEMENT MINORS'
# MASTER POOLED TRUST
# JOINDER AGREEMENT

*This is a legal document.*
*You are advised to seek independent, professional legal advice before signing this document.*

## Article I – Terms and Conditions

_____, the undersigned Grantor ("Grantor"), enters into this Joinder Agreement with the Legacy Enhancement Minors' Master Pooled Trust ("Trust") whose mailing address is 2020 Beaver Avenue, Suite 206, Monaca, PA 15061. The Legacy Enhancement Pooled Trust, Inc. is a not-for-profit corporation approved by the State of Texas and the Internal Revenue Service. The Trust is incorporated herein by reference.  The parties enter into this Joinder Agreement in consideration of the mutual covenants and promises included in the Trust and the Joinder Agreement.

This Joinder Agreement is entered into for the purpose of establishing a trust sub-account for the sole benefit of _____ ("Beneficiary"). The Grantor declares that the Grantor has legal authority to transfer the Beneficiary's funds for the purpose of funding the sub-account.

Once agreed to by the parties by the signing of this Joinder Agreement, the sub-account is irrevocable and can't be altered unless the Master Trust Agreement or this Joinder Agreement permits a change. Signing this Agreement means that the sub-account will only end when one of the terms of Article VII of the Trust Agreement is met.

The terms of the Joinder Agreement are subject to being amended. Amendments to the Joinder Agreement will apply to all beneficiaries, and not just to an individual Beneficiary's sub-account.

The sub-account may be funded with real or tangible property belonging to the beneficiary and the Grantor shall have no further interest in and relinquishes and releases all rights of control over and all incidents of ownership in the contributed assets and any income generated by the contributed assets.

## Article 2 – Distributions from Trust Sub-Account

The Trustee may make any distributions deemed advisable for the use and benefit of the minor which are not provided by or available from any other source. Distributions are to be made directly to the provider whenever possible.  Permissible distributions include but are not limited to expenses related to education, health care and technology, and are described in greater detail in the attached Addendum.

Legacy Enhancement Minors' Master Pooled Trust Joinder Agreement

Distributions are not allowed for the following: rent or mortgage payments to family members, utility payments, items otherwise categorized as parental responsibilities of support (unless the Trustee determines that extraordinary circumstances, such as health and safety, exist which would compel a distribution otherwise categorized as a duty of parental support); alcohol, cigarettes (including e-cigs), bail, bank overdraft fees, family-member babysitters, transportation costs without prior approval, gifts to third parties, and cash advance repayments. Additional information regarding permissible and impermissible distributions is set forth in Addendum "F" hereto.

The Trustee is not required to make any distributions from the beneficiary's sub-account until the beneficiary or his or her representative has provided written estimate or proposals; or in the case of reimbursement requests - receipts, copies of cancelled checks or other proof of payment which is satisfactory to the Trustee.

### Article 3 – Final Distribution

Final Distribution of any remaining sub-account assets will be made when one of the circumstances described in Article VII of the Master Pooled Trust Agreement is met. At the time of final distribution, the value of the sub-account shall be calculated by taking the value at the close of business on the date the beneficiary reaches the age of majority, or if the beneficiary reaches the age of majority on a date which is a non-business day, then the value should be calculated as of the close of the last business day prior to that date.

### Article 4 – Trustee Compensation

The Trustee shall be entitled to compensation for its services according to its published fee schedule in effect at the time services are rendered by the Trustee. The Fee Schedule is attached to this Joinder Agreement as Exhibit "D". Fees and compensation paid to the Trustees are not refundable and are earned when paid. Fees which are not paid in advance may be a charge to the Beneficiary's sub-account. Beneficiaries shall be entitled to written notice of any change to the Fee Schedule thirty (30) days prior to such change.

### Article 5 – Miscellaneous Provisions

Indemnification.  The Grantor agrees to indemnify and hold harmless the Trustee, its agents and employees, for actions taken on behalf of the Beneficiary so long as the Trustee acted reasonably and in good faith.  Grantor recognizes and acknowledges that the ongoing and changing nature of laws, regulations, policies, and procedures relating to government assistance programs cannot be predicted.

Tax Treatment. The Grantor acknowledges that the Trustee has made no representations to the Grantor regarding the tax implications of the funding of the Trust or later tax consequences. The Trustee recommends that the Grantor consult with a tax professional before entering into this

agreement. Annual tax returns, if required, will be prepared by a certified public accountant. Preparation fee and any related tax liability will be billed to the trust.

Governing Law. This Agreement is created in and shall be construed under the laws of the state of Texas.

Change of Circumstances. The Grantor must provide complete and accurate information regarding the Grantor and the beneficiary at all times, including but not limited to any change in circumstances that might affect the beneficiary, this Joinder Agreement and/or the duties of the Trustee as those duties pertain to the beneficiary. It is the responsibility of the Grantor or the beneficiary's legal representative to report changes including a change of address or death of a beneficiary. Grantor acknowledges that the Trustee will administer the Trust for the Beneficiary based on information that the Grantor provides.

Agreement Constitutes Entire Understanding Between Parties. This Agreement, together with attached Exhibits and any Addendums to this Agreement constitute the entire agreement between the parties.

Opportunity to Seek Legal Counsel. The Grantor hereby acknowledges that the Grantor has reviewed this Agreement and fully understands its terms; has been advised to, and has been given the opportunity to, seek the advice of independent legal counsel concerning this Agreement; agrees to be bound by the terms of this Agreement; and is not executing this Agreement because of any promises, covenants or representations other than those contained in this Agreement and the Trust.

Severability. The invalidity or unenforceability of any provision of this Agreement, in any jurisdiction shall in no way impair, affect, or prejudice the validity or enforceability of the remainder of this Agreement in that jurisdiction.

Headings. The headings, titles, and subtitles within this Joinder Agreement are for reference purposes and not intended to guide any construction of this document.

Account Closure. In the event that a Beneficiary has a zero ($0) account balance for ninety (90) or more consecutive days, the Trustee, in its sole discretion, retains the right to close the Beneficiary's sub-account. The Trustee may continue to charge administrative fees for the management of the sub-account prior to its closure. In the event that a Beneficiary wishes to re-open a sub-account, the Beneficiary may be required to pay any outstanding administrative fees. Additionally, the Beneficiary may, in the Trustee's sole and absolute discretion, be required to pay a new enrollment fee when re-opening the sub-account.

The Grantor acknowledges that the Grantor has been provided with a copy of the Legacy Enhancement Minors' Master Trust Agreement, and that the Grantor is entering into this agreement voluntary and without coercion.

IN WITNESS WHEREOF, the undersigned Grantor has signed this Joinder Agreement on the _____ day of _____, 20_____, and the Trustee has accepted and signed this Joinder Agreement on the_____day of _ _____, 20_____.

GRANTOR

_____

Grantor's Name: _____

Grantor's Address: _____

_____

_____

**LEGACY ENHANCEMENT, TRUSTEE**

_____

By: Christian Bruns, President

Legacy Enhancement Minors' Master Pooled Trust Joinder Agreement

**Exhibit "A"**
**DECLARATION OF TRUST**

**Exhibit "B"**
**GRANTOR AND BENEFICIARY INFORMATION**

Grantor Name: ☐ Mr. ☐ Ms./Mrs. _____

Relationship to Beneficiary: _____

Current Address: _____

City: _____ State: _____ Zip: _____

Telephone Number: _____ E-mail Address: _____

Date of Birth: _____ Social Security Number: _____

Grantor's Attorney: ☐ Mr. ☐ Ms./Mrs. _____

Address: _____

City: _____ State: _____ Zip: _____

Telephone Number: _____ E-mail Address: _____

*Legacy Enhancement Minors' Master Pooled Trust Joinder Agreement*

Beneficiary Name: ☐ Mr. ☐ Ms. _____

Current Address: _____

City:_____State:_____    Zip: _____

Telephone Number:_____E-mail Address: _____

Date of Birth: _____    Social Security Number: _____

Place of Birth: _____    U.S. Citizen: ☐ Yes  ☐  No

Name of School: _____

Beneficiary's Mother's Name: _____

Address: _____

Telephone Number:_____E-mail Address:_____

Beneficiary's Father's Name: _____

Address: _____

Telephone Number:_____E-mail Address: _____

Please indicate all forms of government assistance that the Beneficiary receives or is applying for, and the amounts received per month (if applicable). A copy of the award notice from Social Security or the State Medicaid agency must be attached so that distributions can be made without jeopardizing benefits.

Home or Community Based Medicaid Programs:    ☐ Yes ☐ No ☐ Applying

Medically Needy Program:    ☐ Yes ☐ No ☐ Applying

Food Stamps (SNAP):    ☐ Yes ☐ No ☐ Applying

Child Health Insurance Program (CHIP):    ☐ Yes  ☐No ☐ Applying

Legacy Enhancement Minors' Master Pooled Trust Joinder Agreement

**Exhibit "C"**
**PROOF OF GRANTOR'S STATUS TO**
**ESTABLISH TRUST ON BEHALF OF BENEFICIARY**

All Grantors must provide a photocopy of current valid photo identification (e.g., state issued driver's license, state issued identification card, government issued passport, etc.)

- Parent or Parents as Grantor, also include a copy of your son or daughter's birth certificate.

- Guardian Ad Litem as Grantor, also include a copy of your Order Appointing Guardian Ad Litem

- Legal Guardian as Grantor, also include a copy of your Letters of Guardianship and a copy of a court order authorizing you to sign the Joinder Agreement.

- Court or other legal party as Grantor, also include a copy of a court order authorizing the establishment of the Trust sub-account.

*Please note, the documents listed above are examples only. Other documents that clearly or specifically establish the Grantor's relationship to the Beneficiary, and the status or authority to establish the Trust on behalf of the Beneficiary and to access the Beneficiary's funds, can also be sufficient.*

Legacy Enhancement Minors' Master Pooled Trust Joinder Agreement

**Exhibit "D"**
**TRUST FEES AND PROCEDURES**

1. <u>Enrollment Fee.</u> There is no enrollment fee for sub-accounts with initial balances of less than $10,000.00. There is a one-time $1,000.00 enrollment fee for sub-accounts with an initial balance of more than $10,000.00. There is a one-time $1,500.00 enrollment fee for sub-accounts with an initial balance of more than $20,000.00. Any enrollment fees will be deducted from the initial deposit.

2. <u>Administrative Fee.</u> The account will be charged an annual administrative fee, of 1.95%, payable in advance.

3. <u>Completing the Application Process.</u> Mail the completed Joinder Agreement, along with any checks to deposit into the Beneficiary's account to:

Legacy Enhancement, Inc.
2020 Beaver Avenue, Suite 206
Monaca, PA  15061

## Exhibit G

**Sample Master and Joinder Agreements for Special Needs Trust Option**

# Legacy Enhancement Master Pooled Trust Agreement
## Pursuant to 20 Pa. C.S. § 7799.3.

This Master Pooled Trust Agreement ("Trust Agreement") is made on the 18th day of May, 2016 by Legacy Enhancement, a Texas domestic nonprofit corporation (as evidenced by Addendum "A" of this Trust Agreement) as Settlor and Trustee.  Legacy Enhancement is an IRS tax-exempt organization (as evidenced by Addendum "B").  This Trust Agreement is created in accordance with 42 U.S.C. §1396p(d)(4)(C) of the Social Security Act and shall be governed by the laws of the United States and of the State of Pennsylvania.  This Master Pooled Trust Agreement establishes a pooled trust fund to benefit individuals with disabilities [as defined under 42 U.S.C. §1382c(a)(3)].  The Trust Agreement may be amended as specified in this Agreement to ensure compliance with this purpose. Each account established for the benefit of an individual with a disability shall be for the sole benefit of that individual as that term is defined under federal law and regulations.

## Article 1
## Organization of Pooled Trust

A.    Legacy Enhancement serves as Trustee of this Master Pooled Trust and is governed by a Board of Directors.

B.    Members of the Board of Directors of Legacy Enhancement, the Trustee, and employees of the Master Pooled Trust stand in a fiduciary relationship to the beneficiaries regarding investment of the beneficiaries' funds and shall not profit, either directly or indirectly, with respect to such investments.

C.    In the event of a conflict of interest, affected Board Members shall disclose such conflict and abstain from participation in a discussion or voting on a particular issue or vote.

D.    No Board Member may receive compensation for services provided as a Board Member, nor may he or she be paid fees or commissions.

E.    The Trustee must have the exclusive control and authority to manage and invest the money held in the sub-accounts of the Master Pooled Trust in accordance with Pennsylvania state laws.  Management and investment authority are subject to the exercise of that degree of judgment, skill and care under the prevailing circumstances that persons of prudence, discretion and intelligence who are familiar with investment matters exercise in the matters of their affairs, considering the probable income to be derived from the investment and the probable safety of the capital.

## Article 2
## Reporting

A.      All money received for pooled trust funds shall be deposited with a court-approved corporate fiduciary or with the State Treasury if no court-approved corporate fiduciary is available to the Trustee.  The funds shall be pooled for investment and management.  A separate account shall be maintained for each beneficiary, and quarterly accounting statements shall be provided to each beneficiary by the Trustee.  The court-approved corporate fiduciary or the State Treasury shall provide quarterly accounting statements to the Trustee. The court-approved corporate fiduciary or the State Treasury may charge a trust management fee to cover the costs of managing the funds in the pooled trust.

B.      The Trustee shall file an annual report with the Office of Attorney General and the Department of Human Services, along with an itemized statement which shows the funds collected for the year, income earned, salaries paid, other expenses incurred and the opening and final trust balances. A copy of this statement shall be available to the beneficiary or the designee of the beneficiary upon request.

C.      The Trustee shall prepare and provide each beneficiary or his or her legal representative with a detailed individual statement of the services provided to the beneficiary during the previous 12 months and of the services to be provided during the following 12 months. The Trustee shall provide a copy of this statement to the beneficiary upon request.

## Article 3
## Coordination of Services

A.      The Department of Human Services shall review and approve the pooled trust of an applicant for medical assistance.

B.      In the determination of eligibility for medical assistance benefits, the interest of a disabled beneficiary in a pooled trust that has been approved by the Department of Human Services shall not be considered as a resource for purposes of determining the beneficiary's eligibility for medical assistance.

C.      No State agency may reduce the benefits or services available to an individual because that person is a beneficiary of a pooled trust. The beneficiary's interest in a pooled trust is not reachable in satisfaction of a claim for support and maintenance of the beneficiary.

D.      The Office of Attorney General and the Department of Human Services shall make available information on the treatment of pooled trusts for the individuals with disabilities in the medical assistance program.

**Article 4**
**Purpose of the Trust**

A.      The purpose of the Master Trust is to create a Special Needs Trust for the benefit of each beneficiary while protecting his or her eligibility for means-tested public or private benefits.  Distributions shall supplement, but not supplant, whatever benefits and services a beneficiary may be or become eligible to receive from federal, state and local governments by reason of age, disability, or other factors.  The Trustee (or the Trust managers and other employees working on behalf of the Trustee) may make payments from a beneficiary's sub-account directly to the beneficiary, or to a third party on behalf of the beneficiary.  In determining whether a particular distribution is permissible, the Trustee shall take into account the programs in which the beneficiary is currently enrolled, and for which the beneficiary may become eligible. Disbursements shall have a reasonable relationship to the needs of the beneficiary.

B.      The Trustee, in its sole and absolute discretion, may use the principal and income of a beneficiary's sub-account to provide the beneficiary with items, benefits and services that the Trustee believes are reasonable and not otherwise available to him or her from any other source. The Trustee may take whatever actions it considers appropriate to ensure that a beneficiary's sub-account will be used in ways that will best promote the beneficiary's ability to lead a comfortable and fulfilling life.  It is the interest of a beneficiary, and not that of any remainder beneficiaries, which governs the distribution decisions of the Trustee, even if distributions result in the depletion of the entire sub-account.  The Trustee owes a duty of care to each beneficiary in making distributions.

**Article 5**
**Joinder Agreements**

Individual with disabilities who wish to join the Master Pooled Trust shall submit a "Joinder Agreement" to the Trustee.  If an individual applicant does not have the legal capacity to complete the Joinder Agreement, the Agreement may be completed and signed by a parent, grandparent, guardian or a court [42 U.S.C. §1396p(d)(4)(C)(iii)].  The applicant is referred to as the Grantor.  The Trustee has the sole and absolute discretion in determining whether to approve any application. If the Joinder Agreement is approved, it becomes irrevocable but subject to amendment as needed for the well-being of the beneficiary or as required under federal or state law and regulations.

**Article 6**
**Trust Sub-Accounts**

A.      A separate account ("sub-account") shall be maintained for each beneficiary of the Trust.  Sub-accounts are pooled for purposes of investment and management of funds by an entity or individual chosen by the Trustee to serve as Fund Manager.  Sub-accounts must be funded by

assets owned solely by the sub-account beneficiary and not by any third party, regardless of the third party's relationship to the beneficiary.

B.     No funds shall be accepted by the Trustee until the Trustee, to the best of its knowledge and belief, determines that all liens and claims in favor of the Department of Human Services (or its successor agency) for repayment of cash and medical assistance have been satisfied.

C.     Additions of the beneficiary's funds may be made to his or her sub-account at any time subject to the absolute right of the Trustee to accept or refuse assets of any nature into the sub-account.

## Article 7
## Trust Is Irrevocable

A.     This Trust Agreement is irrevocable.  An individual sub-account shall be effective and irrevocable upon the valid execution of the Joinder Agreement by a permissible Grantor, acceptance of the Joinder Agreement by the Trustee, and the funding of the sub-account.  Once established, the sub-account assets shall be distributed in accordance with the terms of this Trust Agreement and the signed Joinder Agreement.  The sub-account beneficiary may not be changed under any circumstance.

B.     The Trustee may at any time amend this Trust Agreement by an instrument in writing signed and acknowledged by the Trustee in order to comply with changes in federal and state laws and regulations which come into effect subsequent to the signing of this Agreement, or to clarify any provision or scrivener's error.  No amendment may change or affect the interests or rights of a sub-account beneficiary.

## Article 8
## Distributions

A.     Distributions from the Trust are to be made to enhance the well-being of the sub-account beneficiary and to maintain eligibility or qualify the beneficiary for programs and services which may be beneficial to him or her.  Examples of these programs and services are Supplemental Security Income (SSI), Medicaid, Veterans Benefits, the Older Americans Act, state and local means-tested programs for the purposes of determining a beneficiary's eligibility for these supports and services.

B.     The Trustee shall take into consideration information from the Joinder Agreement and/or any accompanying Letter of Intent when making decisions regarding distributions. However, it is the judgment of the Trustee and not that of any other person or entity that shall be the sole determining factor by which distributions are made.  Any income not distributed shall be added to principal.

C.     The Trustee has the sole, absolute, complete and unfettered discretion to make distributions to meet a beneficiary's needs or to enhance the quality of his or her life even if such distribution(s) result in an adverse effect on a beneficiary's eligibility or continued eligibility for any program benefits or assistance.

D.     The Trustee shall not be liable to a sub-account beneficiary for acts undertaken in good faith. The Trustee shall not be liable for failure to identify all programs or resources that may be available to a beneficiary because of a beneficiary's disability, nor shall the Trustee be liable for failing to apply for any public benefits that may be available to a beneficiary.  The responsibility of identifying and applying for benefits lays solely with the beneficiary and/or his or her legal representative.

E.     The sub-account beneficiary or his or her legal representative are responsible for reporting any change in program eligibility or services within ten (10) days of receiving notice of the change.

F.     With the approval of the Trustee, a sub-account may be transferred to another pooled trust at any time prior to the death of the sub-account beneficiary.  The approval of the Trustee shall not be unreasonably withheld.

## Article 9
## Spendthrift Provisions

A.     None of the principal or income of a beneficiary's sub-account shall be anticipated, assigned, encumbered, or subject to any creditors' claims or to any legal process.  The Trust sub-account may only be used for a beneficiary's special needs.  No part of the Trust sub-account shall be liable for nor available to a beneficiary's creditors during his or her life or after his or her death. Further, no part of a Trust sub-account shall be construed as part of a beneficiary's estate, or be subject to the claims of a beneficiary's voluntary or involuntary creditors.

B.     No beneficiary nor any other person acting on his or her behalf shall have any right, power, or authority to liquidate, assign, revoke, or direct the use of sub-account funds; to terminate a sub-account in whole or in part; or to compel payments from the sub-account for any purpose.

C.     No part of the principal or income of a Trust sub-account shall be considered available to the beneficiary.

## Article 10
## Distributions on the Death of a Beneficiary

Upon the death of a sub-account beneficiary, the sub-account shall terminate. At that time, the Trustee shall pay from the remaining assets of the sub-account only those expenses and costs permissible under federal law and regulations currently existing or as later amended. Permissible expenditures prior to the terms of subparagraph (d) below are:

(a) Payment of any taxes due from the sub-account to the state or federal government because of the death of the beneficiary (unless the taxes have arisen from inclusion of the trust in the estate);

(b) Reasonable fees for administration of the beneficiary's sub-account such as an accounting of the sub-account to a court, completion and filing of documents, or any other required actions associated with termination and wrapping up of the Trust sub-account;

(c) Subsequent to the payments set forth in subparagraphs (a) and (b) above, remaining assets of a sub-account may be retained by the Trustee for charitable purposes;

(d) To the extent that any amounts remaining in the beneficiary's sub-account upon the death of the beneficiary are not retained by the Trust, the Trustee shall pay to the State(s) which have provided medical assistance to the beneficiary the amounts remaining, up to an amount equal to the total amount of medical assistance paid on behalf of the beneficiary, under State Medicaid plan(s). Payback to any State(s) that may have provided medical assistance under the State Medicaid plan(s) is not limited to any particular period of time. If the remaining balance is insufficient to reimburse each state which has provided medical assistance, payment of the remaining balance shall be on a pro rata basis.

## Article 11
## Investments

A. The Trustee may choose to contract with a Fund Manager to invest and reinvest in such stocks, bonds and other securities and properties, real, personal or mixed, and wherever situated. Such investments may include but are not limited to stocks, unsecured obligations, undivided interests, interests in investment trusts, common trust funds, mutual funds, and annuities. The Trustee is authorized to hold assets in cash if that position is advantageous to the beneficiary's sub-account.

B.    The Trustee shall select assets for allocation to a particular sub-account as the Trustee shall deem to be in the best interests of a beneficiary, and assets allocated to one sub-account need not be of the same character as assets allocated to another sub-account. Without limiting the generality of the foregoing, the Trustee may allocate assets having different income tax bases in such manner, amounts, and proportions as the Trustee may deem appropriate.

C.    The Trustee may authorize the Fund Manager to employ the services of a for-profit entity to manage some of the financial activity of the sub-accounts, individually or pooled. However, the Trustee shall maintain ultimate managerial control over the Trust. The use of for-profit entities is always subordinate to the non-profit Trustee of this Master Pooled Trust.

D.    An accounting shall include a complete statement of the sub-account assets and all of the receipts, disbursements, and distributions to or from such Trust sub-account occurring during the reporting period. The Trustee shall also furnish a financial statement concerning the Trust at least semi-annually. The sub-account records along with all Trust records or documentation shall be available and open at all reasonable times for inspection by the beneficiary or the legal representative of the beneficiary, or any person authorized in writing signed by the beneficiary or his or her legal representative.

E.    In determining whether the existence of the Trust sub-account may render a beneficiary ineligible for Supplemental Security Income, Medicaid, or any other program of public benefits, the Trustee is granted full and complete discretion to initiate administrative or judicial proceedings, or both, for the purpose of determining eligibility. All costs relating to such proceedings (including reasonable attorney fees) shall be a proper charge to the entire Trust estate or to the affected Trust sub-account, as may be appropriate.

F.    This Trust Agreement is subject to the Rule Against Perpetuities as stated under Pennsylvania law 20 Pa. C.S. §6104.

## Article 12
## Indemnification of Trustee

A.    Except for willful default of any duty hereunder or gross negligence, the Trustee shall not be liable for any act, omission, loss, damage, or expense arising from the performance of its duties under this Trust Agreement. The Trustee is not subject to any liability whatsoever to any person for any distributions made or not made by the Trustee or in the Trustee's discretion pursuant to Article 8.

B.    The Trustee and Board of Directors may seek the advice and guidance of any guardian(s) of any of the beneficiaries, or others, including any federal, state or local agencies that are established to assist persons with disabilities. The Trustee may use reasonably available

resources of a beneficiary's sub-account to assist the beneficiary and/or his or her legal representative in identifying or interpreting programs or resources which may be beneficial.

## Article 13
## Administrative Expenses

The Trustee has responsibility to minimize payment of administrative expenses of the Trust estate to the extent reasonably possible. General administrative expenses of the Trust, if not paid from any other sources shall be allocated equally among all of the then-funded Trust sub-accounts. Any necessary or proper expenses incurred in connection with the operation of any particular Trust sub-account, including but not limited to any attorneys' or accountant fees, investment fees, management fees, taxes, debts, or charges shall be paid by the Trustee out of that Trust sub-account. Costs and expenses of defending the Trust Agreement from any claim, demand, legal or equitable action, suit or proceeding may in the sole discretion of the Trustee either (i) be apportioned on a pro rata basis to all then-funded Trust sub-accounts, or (ii) be charged solely against the Trust sub-account of the affected beneficiary.

## Article 14
## Miscellaneous Provisions

A.      Subject to the provisions of Article I above, the Trustee is entitled to reasonable compensation for its services from the assets of the Trust in accord with a schedule of fees and charges attached to the Joinder Agreement. Such fees may include, but are not limited to, payments for advisory or management services, and administrative and sub-accounting services rendered by the Trustee or its agents or rendered to the Trustee by others on behalf of the Trust and its beneficiaries. The Trustee shall be entitled to reimbursement for any reasonable expenses incurred on behalf of all of the Trust beneficiaries, or on behalf of particular sub-account(s).

B.      The Trustee shall have the powers enumerated under this Trust Agreement in addition to all other powers granted to Trustees by law. Notwithstanding any contrary provision herein, the Trustee shall not exercise any power in a manner that is inconsistent with the stated purpose of this Trust.

C.      The situs of this Trust is Texas. The Trust Agreement shall be interpreted in accordance with the laws of the United States and the State of Texas. Nonetheless, each trust subaccount shall also be governed by the particular state Medicaid statutes, administrative codes, rules and regulations of the State where the Beneficiary resides. Upon notice from the beneficiary or his or her legal representative of a permanent change of domicile, the Trustee shall modify the administration of the Trust sub-account accordingly as may be necessary to comply with such governing Medicaid rules. Any particular language required to be included in the Trust sub-account shall be automatically incorporated herein with no requirement for the Trustee to take any formal or informal action unless otherwise required by the domiciliary state statutes, rules and/or

regulations.  To the extent that any federal or state Medicaid agency requires some particular language to be included in the Trust sub-account agreement, the Trustee is authorized to and shall execute a reformation or confirming amendment demonstrating that such language has been incorporated into the beneficiary's Joinder Agreement at the time of execution and that such language controls.  When required under state law, the beneficiary shall seek a court order directing and authorizing the reformation or confirming amendment.

      D.     Except as provided otherwise by law or court order, the Trustee may serve without bond and the Trust Agreement shall be administered free from the active supervision of any court.

      E.     This Trust shall initially be funded with the sum of One Hundred Dollars ($100.00) to be given to the Trustee by the Settlor at the time this Trust Agreement is signed.

Executed this ⎺18⎺ day of May, 2016.

**Legacy Enhancement**

_____

By:  Christian Bruns, President


**STATE OF TEXAS**                    §
                                      §
**COUNTY OF HARRIS**                  §

    Before me appeared Christian Bruns, who is personally known to me or who provided
_Drivers License_____ as identification; who acknowledged that he is President of
Legacy Enhancement and as such is authorized to execute this instrument.

    Signed in my presence on May __18___, 2016.


_____
    Notary Public, State of Texas
Commission Number: 128139183



CRISTOPHER RODRIGUEZ
Notary Public, State of Texas
Comm. Expires 05-01-2018
Notary ID 128139183

# Legacy Enhancement Master Pooled Trust Agreement

This Master Pooled Trust Agreement ("Trust Agreement") is made on the 18th day of May, 2016 by Legacy Enhancement, a Texas domestic nonprofit corporation (as evidenced by Addendum "A" of this Trust Agreement) as Settlor and Trustee.  Legacy Enhancement is an IRS tax-exempt organization (as evidenced by Addendum "B").  The Trust Agreement is intended for national use and is created pursuant to 42 U.S.C. §1396p(d)(4)(C) of the Social Security Act.  The purpose of this Master Pooled Trust Agreement is to establish a pooled trust fund to benefit individuals with disabilities [as defined under 42 U.S.C. §1382c(a)(3)].  The Trust Agreement may be amended as specified in this Agreement to ensure compliance with this purpose.   Each account established for the benefit of an individual with a disability shall be for the sole benefit of that individual as that term is defined under federal law and regulations.

## Article 1
## Purpose of the Trust

A.      The purpose of the Master Trust is to create a Special Needs Trust for the benefit of each beneficiary while protecting his or her eligibility for means-tested public or private benefits.  Distributions shall supplement, but not supplant, whatever benefits and services a beneficiary may be or become eligible to receive from federal, state and local governments by reason of age, disability, or other factors.  The Trustee (or the Trust managers and other employees working on behalf of the Trustee) may make payments from a beneficiary's sub-account directly to the beneficiary, or to a third party on behalf of the beneficiary.  In determining whether a particular distribution is permissible, the Trustee shall take into account the programs in which the beneficiary is currently enrolled, and for which the beneficiary may become eligible.

B.      The Trustee, in its sole and absolute discretion, may use the principal and income of a beneficiary's sub-account to provide the beneficiary with items, benefits and services that the Trustee believes are reasonable and not otherwise available to him or her from any other source.  The Trustee may take whatever actions it considers appropriate to ensure that a beneficiary's sub-account will be used in ways that will best promote the beneficiary's ability to lead a comfortable and fulfilling life.  It is the interest of a beneficiary, and not that of any remainder beneficiaries, which governs the distribution decisions of the Trustee, even if distributions result in the depletion of the entire sub-account.  The Trustee owes a duty of care to each beneficiary in making distributions.

## Article 2
## Joinder Agreements

Individual with disabilities who wish to join the Master Pooled Trust shall submit a "Joinder Agreement" to the Trustee.  If an individual applicant does not have the legal capacity to complete the Joinder Agreement, the Agreement may be completed and signed by a parent, grandparent, guardian or a court [42 U.S.C. §1396p(d)(4)(C)(iii)].  The applicant is referred to as the Grantor.  The Trustee has the sole and absolute discretion in determining whether to approve any application. If the Joinder Agreement is approved, it becomes irrevocable but subject to amendment as needed for the well-being of the beneficiary or as required under federal or state law and regulations.

## Article 3
## Trust Sub-Accounts

A.      A separate account ("sub-account") shall be maintained for each beneficiary of the Trust.  Sub-accounts are pooled for purposes of investment and management of funds by an entity or individual chosen by the Trustee to serve as Fund Manager.  Sub-accounts must be funded by assets owned solely by the sub-account beneficiary and not by any third party, regardless of the third party's relationship to the beneficiary.

B.      Additions of the beneficiary's funds may be made to his or her sub-account at any time subject to the absolute right of the Trustee to accept or refuse assets of any nature into the sub-account.

## Article 4
## Trust is Irrevocable

A.      This Trust Agreement is irrevocable.  An individual sub-account shall be effective and irrevocable upon the valid execution of the Joinder Agreement by a permissible Grantor, acceptance of the Joinder Agreement by the Trustee, and the funding of the sub-account.  Once established, the sub-account assets shall be distributed in accordance with the terms of this Trust Agreement and the signed Joinder Agreement.  The sub-account beneficiary may not be changed under any circumstance.

B.      The Trustee may at any time amend this Trust Agreement by an instrument in writing signed and acknowledged by the Trustee in order to comply with changes in federal and state laws and regulations which come into effect subsequent to the signing of this Agreement, or to clarify any provision or scrivener's error.  No amendment may change or affect the interests or rights of a sub-account beneficiary.

## Article 5
## Distributions

A.    Distributions from the Trust are to be made to enhance the well-being of the sub-account beneficiary and to maintain eligibility or qualify the beneficiary for programs and services which may be beneficial to him or her.   Examples of these programs and services are Supplemental Security Income (SSI), Medicaid, Veterans Benefits, the Older Americans Act, state and local means-tested programs for the purposes of determining a beneficiary's eligibility for these supports and services.

B.    The Trustee shall take into consideration information from the Joinder Agreement and/or any accompanying Letter of Intent when making decisions regarding distributions. However, it is the judgment of the Trustee and not that of any other person or entity that shall be the sole determining factor by which distributions are made.  Any income not distributed shall be added to principal.

C.    The Trustee has the sole, absolute, complete and unfettered discretion to make distributions to meet a beneficiary's needs or to enhance the quality of his or her life even if such distribution(s) result in an adverse effect on a beneficiary's eligibility or continued eligibility for any program benefits or assistance.

D.    The Trustee shall not be liable to a sub-account beneficiary for acts undertaken in good faith. The Trustee shall not be liable for failure to identify all programs or resources that may be available to a beneficiary because of a beneficiary's disability, nor shall the Trustee be liable for failing to apply for any public benefits that may be available to a beneficiary.  The responsibility of identifying and applying for benefits lays solely with the beneficiary and/or his or her legal representative.

E.    The sub-account beneficiary or his or her legal representative are responsible for reporting any change in program eligibility or services within ten (10) days of receiving notice of the change.

F.    With the approval of the Trustee, a sub-account may be transferred to another pooled trust at any time prior to the death of the sub-account beneficiary.  The approval of the Trustee shall not be unreasonably withheld.

## Article 6
## Spendthrift Provisions

A.    None of the principal or income of a beneficiary's sub-account shall be anticipated, assigned, encumbered, or subject to any creditors' claims or to any legal process.  The Trust sub-account may only be used for a beneficiary's special needs.  No part of the Trust sub-account shall be liable for nor available to a beneficiary's creditors during his or her life or after his or her death. Further, no part of a Trust sub-account shall be construed as part of a

beneficiary's estate, or be subject to the claims of a beneficiary's voluntary or involuntary creditors.

B.     No beneficiary nor any other person acting on his or her behalf shall have any right, power, or authority to liquidate, assign, revoke, or direct the use of sub-account funds; to terminate a sub-account in whole or in part; or to compel payments from the sub-account for any purpose.

C.     No part of the principal or income of a Trust sub-account shall be considered available to the beneficiary.

## Article 7
## Distributions on the Death of a Beneficiary

Upon the death of a sub-account beneficiary, the sub-account shall terminate.  At that time, the Trustee shall pay from the remaining assets of the sub-account only those expenses and costs permissible under federal law and regulations currently existing or as later amended. Permissible expenditures prior to the terms of subparagraph (d) below are:

(a)     Payment of any taxes due from the sub-account to the state or federal government because of the death of the beneficiary (unless the taxes have arisen from inclusion of the trust in the estate);

(b)     Reasonable fees for administration of the beneficiary's sub-account such as an accounting of the sub-account to a court, completion and filing of documents, or any other required actions associated with termination and wrapping up of the Trust sub-account;

(c)     Subsequent to the payments set forth in subparagraphs (a) and (b) above, remaining assets of a sub-account may be retained by the Trustee for charitable purposes;

(d)     To the extent that any amounts remaining in the beneficiary's sub-account upon the death of the beneficiary are not retained by the Trust, the Trust shall pay to the State(s) the amounts remaining up to an amount equal to the total amount of medical assistance paid on behalf of the beneficiary under State Medicaid plan(s).  Payback to any State(s) that may have provided medical assistance under the State Medicaid plan(s) is not limited to any particular period of time.

## Article 8
## Investments

A.    The Trustee may choose to contract with a Fund Manager to invest and reinvest in such stocks, bonds and other securities and properties, real, personal or mixed, and wherever situated.  Such investments may include but are not limited to stocks, unsecured obligations, undivided interests, interests in investment trusts, common trust funds, mutual funds, and annuities.  The Trustee is authorized to hold assets in cash if that position is advantageous to the beneficiary's sub-account.

B.    The Trustee shall select assets for allocation to a particular sub-account as the Trustee shall deem to be in the best interests of a beneficiary, and assets allocated to one sub-account need not be of the same character as assets allocated to another sub-account.  Without limiting the generality of the foregoing, the Trustee may allocate assets having different income tax bases in such manner, amounts, and proportions as the Trustee may deem appropriate.

C.    The Trustee may authorize the Fund Manager to employ the services of a for-profit entity to manage some of the financial activity of the sub-accounts, individually or pooled.  However, the Trustee shall maintain ultimate managerial control over the Trust.  The use of for-profit entities is always subordinate to the non-profit Trustee of this Master Pooled Trust.

D.    An accounting of each sub-account shall be provided to the beneficiary or his or her legal representative not less than annually, and more often if the laws of the state in which the beneficiary resides require a more frequent accounting.  The accounting shall include a complete statement of the sub-account assets and all of the receipts, disbursements, and distributions to or from such Trust sub-account occurring during the reporting period.  The Trustee shall also furnish a financial statement concerning the Trust at least semi-annually.  The sub-account records along with all Trust records or documentation shall be available and open at all reasonable times for inspection by the beneficiary or the legal representative of the beneficiary, or any person authorized in writing signed by the beneficiary or his or her legal representative.

E.    In determining whether the existence of the Trust sub-account may render a beneficiary ineligible for Supplemental Security Income, Medicaid, or any other program of public benefits, the Trustee is granted full and complete discretion to initiate administrative or judicial proceedings, or both, for the purpose of determining eligibility.  All costs relating to such proceedings (including reasonable attorney fees) shall be a proper charge to the entire Trust estate or to the affected Trust sub-account, as may be appropriate.

F.    This Trust Agreement is subject to the Rule Against Perpetuities as stated under Texas law.

**Article 9**
**Indemnification of Trustee**

A.     Except for willful default of any duty hereunder or gross negligence, the Trustee shall not be liable for any act, omission, loss, damage, or expense arising from the performance of its duties under this Trust Agreement.  The Trustee is not subject to any liability whatsoever to any person for any distributions made or not made by the Trustee or in the Trustee's discretion pursuant to Article 5.

B.     The Trustee and Directors may seek the advice and guidance of any guardian(s) of any of the beneficiaries, or others, including any federal, state or local agencies that are established to assist persons with disabilities.  The Trustee may use reasonably available resources of a beneficiary's sub-account to assist the beneficiary and/or his or her legal representative in identifying or interpreting programs or resources which may be beneficial.

**Article 10**
**Administrative Expenses**

The Trustee has responsibility to minimize payment of administrative expenses of the Trust estate to the extent reasonably possible.  General administrative expenses of the Trust, if not paid from any other sources shall be allocated equally among all of the then-funded Trust sub-accounts.  Any necessary or proper expenses incurred in connection with the operation of any particular Trust sub-account, including but not limited to any attorneys' or accountant fees, investment fees, management fees, taxes, debts, or charges shall be paid by the Trustee out of that Trust sub-account.  Costs and expenses of defending the Trust Agreement from any claim, demand, legal or equitable action, suit or proceeding may in the sole discretion of the Trustee either (i) be apportioned on a pro rata basis to all then-funded Trust sub-accounts, or (ii) be charged solely against the Trust sub-account of the affected beneficiary.

**Article 11**
**Miscellaneous Provisions**

A.     The Trustee is entitled to reasonable compensation for its services from the assets of the Trust in accord with a schedule of fees and charges attached to the Joinder Agreement. Such fees may include, but are not limited to, payments for advisory or management services, and administrative and sub-accounting services rendered by the Trustee or its agents or rendered to the Trustee by others on behalf of the Trust and its beneficiaries. The Trustee shall be entitled to reimbursement for any reasonable expenses incurred on behalf of all of the Trust beneficiaries, or on behalf of particular sub-account(s).

B.     This Trust shall initially be funded with the sum of One Hundred Dollars ($100.00) to be given to the Trustee by the Settlor at the time this Trust Agreement is signed.

C.     Except as provided otherwise by law or court order, the Trustee may serve without bond and the Trust Agreement shall be administered free from the active supervision of any court.

D.     The situs of this Trust is Texas.  The Trust Agreement shall be interpreted in accordance with the laws of the United States and the State of Texas.  Nonetheless, each trust subaccount shall also be governed by the particular state Medicaid statutes, administrative codes, rules and regulations of the State where the Beneficiary resides.  Upon notice from the beneficiary or his or her legal representative of a permanent change of domicile, the Trustee shall modify the administration of the Trust sub-account accordingly as may be necessary to comply with such governing Medicaid rules.  Any particular language required to be included in the Trust sub-account shall be automatically incorporated herein with no requirement for the Trustee to take any formal or informal action unless otherwise required by the domiciliary state statutes, rules and/or regulations.  To the extent that any federal or state Medicaid agency requires some particular language to be included in the Trust sub-account agreement, the Trustee is authorized to and shall execute a reformation or confirming amendment demonstrating that such language has been incorporated into the beneficiary's Joinder Agreement at the time of execution and that such language controls.  When required under state law, the beneficiary shall seek a court order directing and authorizing the reformation or confirming amendment.

Executed this __18__ day of May, 2016.

**Legacy Enhancement**

_____

By:  Christian Bruns, President

**STATE OF TEXAS**                          §
                                            §
**COUNTY OF HARRIS**                         §

    Before me appeared Christian Bruns, who is personally known to me or who provided __Drivers License__ as identification; who acknowledged that he is President of Legacy Enhancement and as such is authorized to execute this instrument.

    Signed in my presence on May __18__ , 2016.

_____
Notary Public, State of Texas
Commission Number: 128139183

CRISTOPHER RODRIGUEZ
Notary Public, State of Texas
Comm. Expires 05-01-2018
Notary ID 128139183

# Legacy Enhancement Master Pooled TRUST
## JOINDER AGREEMENT

*This is a legal document.  You are advised to seek independent,
professional advice before signing this document.*

## ARTICLE 1
### Terms and Conditions

_____, the undersigned Grantor ("Grantor"), enters into this Joinder Agreement with the Legacy Enhancement Master Pooled Trust ("Trust") whose mailing address is 2020 Beaver Ave, Suite 206, Monaca, PA 15061. This Trust is a first party trust governed by the provisions of 42 U.S.C. §1396p(d)(4)(C). The Legacy Enhancement Pooled Trust, Inc. is a not-for-profit corporation approved by the State of Texas and the Internal Revenue Service. The Trust is incorporated herein by reference.  The parties enter into this Joinder Agreement in consideration of the mutual covenants and promises included in the Trust and the Joinder Agreement.

This Joinder Agreement is entered into for the purpose of establishing a sub-trust account for the sole benefit of _____ ("Beneficiary"), an individual who has been determined to be disabled by the Social Security Administration in accordance with the requirements set forth in 42 U.S.C. §1382c(a)(3).  In the event that the Grantor is not the Beneficiary, the Grantor declares that he or she has legal authority to transfer the Beneficiary's funds for the purpose of funding the sub-account.

Once agreed to by the parties as evidenced by the signing of this Joinder Agreement, the sub-account is irrevocable but is subject to amendment in accordance with the terms of the Trust. Notwithstanding anything to the contrary written in this Joinder Agreement, all terms and conditions of the Trust and any future amendments to the Trust shall apply to the administration of the Beneficiary's sub-account.

## ARTICLE 2
### Distributions from Trust Sub-Account During Life of Beneficiary

The sub-account may only be funded with cash assets and assignable income of the Beneficiary, and the Grantor shall have no further interest in and relinquishes and releases all rights of control over and all incidents of ownership in the contributed assets and any income generated by the contributed assets.  The Trust does not accept non-cash assets or real property.

It is the duty of the Trustee to make distributions for the sole benefit of each beneficiary. Sole benefit is a legal term defined by the Social Security Administration and the Trustee shall ensure that all distributions are in keeping with applicable laws and regulations defining the sole benefit provisions.

Distributions from the Beneficiary's sub-account may be made during the life of the Beneficiary in accordance with the Trust provisions, and also as follows:

(a)  <u>Funding</u>.  Once funded, the Trustee may accept future contributions which are owned by the Beneficiary.  The Trustee may not accept additional funds payable to the sub-account after the Grantor reaches the age of 65 unless the Social Security Administration or state law permits such funding without creating a transfer of asset penalty imposed by a government agency which results in a loss of benefits for the Beneficiary.

(b)  <u>Pooled Investments</u>.  The sub-account shall be pooled for investment and management purposes.

(c)  <u>Sole Benefit</u>.  While the Beneficiary is living, the sub-account will be administered solely for the benefit of the Beneficiary.

(d)  <u>Care Plan</u>.  The Grantor shall provide the Trustee with a personalized care plan for the Beneficiary. When reviewing a distribution request from the Beneficiary's sub-account, the Trustee will consider the care plan and any letter of intent accompanying this Joinder Agreement.

(e)  <u>Distributions during Lifetime of Beneficiary</u>.  Any nonsupport items that are needed for maintaining the Beneficiary's health, safety, and welfare may be provided to or for the Beneficiary when, in the sole and absolute judgment of the Trustee, such needs are not being met by government assistance or from other resources available to the Beneficiary.

(f)  <u>Disbursements Prior to Request</u>.  Disbursements for expenses incurred prior to 90 days of a submission of a disbursement request form shall not be paid.

(g)  <u>Trustee's Sole & Absolute Discretion</u>.  The Grantor recognizes that all distributions from a sub-account are at the Trustee's sole and absolute discretion and that he or she has no right to compel any distribution from the Trustee.

(h)  <u>Government Assistance Notice</u>.

(1) The Beneficiary, or the Beneficiary's legal representative, agrees to notify the Trustee whenever the Beneficiary:

(i)  Applies for government assistance;

(ii)  Has an application for government assistance approved;

(iii)  Has an application for government assistance denied; or

(iv)  Has government assistance terminated.

(2)  Notice under this Agreement must be made in writing, to the Trustee via U.S. Mail to such address as the Trustee may designate; by facsimile; or via email. The Beneficiary, or the Beneficiary's legal representative, must supply supporting documentation of the changes <u>within ten (10) days</u> of the event requiring notice.

(3)  The Trustee shall not be held liable for making disbursements which result in a reduction of government assistance, a termination of government assistance, or ineligibility for government assistance when the Trustee did not have actual notice of such government assistance, or other circumstances giving rise to such termination, reduction, or ineligibility, at the time such disbursements were requested or made.  If a Beneficiary or Beneficiary's representative waives such liability in a signed writing as a condition to receiving a disqualifying distribution, the Trustee shall likewise not be held liable for the results of the distribution.

(i)  <u>Hiring of Consultants</u>.  Under the provisions of Article 10 of the Trust Agreement, payments may be made to attorneys or professionals deemed necessary by the Trustee to assist in the administration of the Trust Agreement and sub-trust accounts. The Grantor recognizes that if incurred, such expenses shall be considered to be a proper expense of the Trust and may be apportioned on a pro rata basis to all Trust sub-accounts or charged only against the sub-account about which the Trustee seeks such advice or assistance.

## ARTICLE 3
### Application for Public Benefits

The Trustee shall not be responsible for applying for public benefits on behalf of the beneficiary.

## ARTICLE 4
### Distributions upon the Beneficiary's Death

Any assets that remain in the Beneficiary's sub-account at the Beneficiary's death shall be retained by the Trust or otherwise administered as set forth in the Trust Agreement and/or as directed in this Joinder Agreement.

## ARTICLE 5
### Trustee Compensation

The Trustee shall be entitled to compensation for its services according to its published fee schedule in effect at the time services are rendered by the Trustee.  Fees and compensation paid to the Trustees are not refundable and are earned when paid.  Fees which are not paid in advance may be a charge to the Beneficiary's sub-account.

## ARTICLE 6
### Miscellaneous Provisions

(a)   <u>Indemnification</u>.  The Grantor agrees to indemnify and hold harmless the Trustee, its agents and employees, for actions taken on behalf of the Beneficiary so long as the Trustee acted reasonably and in good faith.  Grantor recognizes and acknowledges that the ongoing and changing nature of laws, regulations, policies and procedures relating to government assistance programs cannot be predicted.

(b)   <u>Tax Treatment</u>.   The Grantor acknowledges that the Trustee has made no representations to the Grantor regarding the tax implications of the funding of the Trust or later tax consequences.  The Trustee recommends that the Grantor consult with a tax professional before entering into this agreement.  The Trust sub-account income, whether paid in cash or distributed in other property, may be taxable to the Beneficiary subject to applicable exemptions and deductions.  The Beneficiary (or his or her legal representative) is encouraged to obtain advice from a qualified tax professional.  Annual tax returns, if required, will be prepared by a certified public accountant.  Preparation fee and any related tax liability will be billed to the trust.

(c)   <u>Governing Law</u>.  This Agreement is created in and shall be construed under the laws of the state of Texas.

(d)   <u>Change of Circumstances</u>.   The Grantor must provide complete and accurate information regarding the Grantor and the Beneficiary at all times, including but not limited to any change in circumstances that might affect the Beneficiary, the Trust, this Joinder Agreement and/or the duties of the Trustee as those duties pertain to the Beneficiary.   It is the responsibility of the Beneficiary or his or her legal representative to report changes (in benefits, contact information, and the death of a Beneficiary) to the Grantor and to any government program as required by law.  Grantor acknowledges that the Trustee will administer the Trust for the Beneficiary based on information that the Grantor provides.

(e) <u>Agreement Constitutes Entire Understanding Between Parties</u>.  This Agreement, together with attached Exhibits and any Addendums to this Agreement constitute the entire agreement between the parties.

(f) <u>Potential Conflict of Interest</u>.  Grantor acknowledges that there may be a potential conflict of interest in the administration of the Trust upon the death of the Beneficiary.  The Legacy Enhancement Master Pooled Trust may have an interest in retaining funds in the sub-account for the benefit of other beneficiaries and in the administration of the Master Trust.

(g) <u>Opportunity to Seek Legal Counsel</u>.  The Grantor hereby acknowledges that the Grantor has reviewed this Agreement and fully understands its terms; has been advised to, and has been given the opportunity to, seek the advice of independent legal counsel concerning this Agreement; agrees to be bound by the terms of this Agreement; and is not executing this Agreement because of any promises, covenants or representations other than those contained in this Agreement and the Trust.

(h) <u>Severability</u>.  The invalidity or unenforceability of any provision of this Agreement, in any jurisdiction shall in no way impair, affect or prejudice the validity or enforceability of the remainder of this Agreement in that jurisdiction.

(i) <u>Headings</u>.  The headings, titles, and subtitles within this Joinder Agreement are for reference purposes and not intended to guide any construction of this document.

(j) <u>Account Closure</u>.  In the event that a Beneficiary has a zero ($0) account balance for ninety (90) or more consecutive days, the Trustee, in its sole discretion, retains the right to close the Beneficiary's sub-account. The Trustee may continue to charge administrative fees for the management of the sub-account prior to its closure. In the event that a Beneficiary wishes to re-open a sub-account, the Beneficiary may be required to pay any outstanding administrative fees. Additionally, the Beneficiary may, in the Trustee's sole and absolute discretion, be required to pay a new enrollment fee when re-opening the sub-account.

The Grantor acknowledges that he or she has been provided with a copy of the Master Trust Agreement, and that he or she is entering into this agreement voluntary and without coercion.

IN WITNESS WHEREOF, the undersigned Grantor has signed this Agreement on this _____ day of _____, _____, and the Trustee has accepted and signed this Agreement on this _____ day of _____, _____.

**GRANTOR'S SIGNATURE**

_____
Grantor Signature

_____
Grantor Print Name

Address:_____

By:_____
Print Name: Christian Bruns,  Legacy Enhancement Trust

**Address:**
Legacy Enhancement
2020 Beaver Ave, Suite 206
Monaca, PA  15061

**Exhibit "A"**
**DECLARATION OF TRUST**

**Exhibit "B"**
## JOINDER AGREEMENT:
## GRANTOR AND BENEFICIARY INFORMATION

Name of Grantor: □ Mr. / □ Ms. _____

Home Address: _____

City: _____   State: _____   Zip: _____

Contact Phone Number: _____

Email Address: _____

Social Security #: _____

Date of Birth: _____

If the Grantor is not also the Beneficiary, please identify the legal relationship of the Grantor to the Beneficiary: *(e.g. parent, spouse, guardian, attorney-in-fact under a Durable Power of Attorney)* _____

### Beneficiary Information
*(please complete only if the Beneficiary is not also the Grantor)*

Beneficiary Name: □ Mr. / □ Ms. _____
Present Address: _____
    □ Own
    □ Rent
    □ Lives with family, no rent
City: _____   State: _____   Zip: _____

Contact Phone Number: _____

Social Security #: _____

Date of Birth: _____

Place of Birth: _____

Medicaid Number (if any): _____

Medicare Number (if any): _____

Name of Primary Care Physician: _____

Name(s) and specialty areas of other physicians who are seen on a regular basis:

_____

If the Beneficiary is a Minor, please provide:

Mother's Name: _____ SS#_____

Address: _____

Father's Name: _____ SS#_____

Address: _____

If the Beneficiary has a legal representative (such as a legal guardian, conservator, representative payee, power of attorney or other agent) please provide the following information (*if contact information has already been provided above, please indicate and it's not necessary to duplicate that information*)

Name of Legal Representative:  □ Mr. /□ Ms. _____

City: _____ State: _____ Zip: _____

Contact Phone Number: _____

Email Address: _____

Relationship: _____

If guardian (or co-guardians), date of court appointment: _____

> *Mark all that are applicable\**:
> □ Guardian of the estate/Conservator
> □ Guardian of the person
> □ Plenary Guardian

> *\*Please attach the court orders naming the guardian(s) and his or her authority*

What is/are the Beneficiary's disabilities and level of functioning?

_____

If known, what is the Beneficiary's Prognosis?

_____

Does the Beneficiary drive?          □ YES

                                     □ NO

If so, please provide name of insurance company: _____

Policy number: _____

Is the Beneficiary married?                    □ YES
                                               □ NO

If yes, please provide the spouse's name: _____

Does the Beneficiary have minor children?      □ YES
                                               □ NO

If yes, please provide their names and dates of birth:

_____

_____

Does the Beneficiary have adult children?      □ YES
                                               □ NO
If yes, please provide their names and dates of birth:

_____

_____

Does the Beneficiary have any children with disabilities?    □ YES
                                                             □ NO

If so, what is the name and age of the child and the nature of the disability?

_____

_____

Does the Beneficiary pay child support?        □ YES
                                               □ NO
                                               *If so, please attach a copy of the court order.*

Does the Beneficiary currently pay alimony?     □ YES
                                               □ NO
                                               *If so, please attach a copy of the court order.*

Does the beneficiary have a Will?              □ YES.  Date of will:_____
                                               □ NO

Has the beneficiary signed a Durable Power of Attorney which names an agent to handle his or her business matters and finances in the event of incapacity?
        □ YES
        □ NO

If so, what is the name of Agent (and alternate agent, if any):

_____

Does the beneficiary have a Medical Power of Attorney (a/k/a Health Care Directive)? □ YES
□ NO

If so, who is named as the medical decision maker in the event of incapacity?

_____

Has the beneficiary completed a Supported Decision Making document?   □ YES
□ NO

If so, name of decision maker: _____

Does the beneficiary have an ABLE account?        □ YES
□ NO

If so, please provide details regarding the State in which the account is supervised, the Current balance and financial institution(s) in which the funds are held.

_____

_____

According to Article 7 of the Master Pooled Trust Agreement, upon the death of the beneficiary, funds remaining in the sub-account may be retained by the Master Pooled Trust for charitable purposes, or used to repay the State Medicaid agency(ies) in any state in which the beneficiary has received Medicaid benefits, up to an amount equal to the total amount of medical assistance paid on behalf of the beneficiary under the State Medicaid plan.

Shall the remaining balance of the trust be retained for charitable purposes?      □ YES
□ NO

If no, and if there are funds remaining in the sub-account after the Medicaid repayment, the beneficiary directs that any remaining funds shall be paid to:

Name:                    Address:                        Percentage of funds:

_____

_____

_____
*In the event that the beneficiary has signed a Last Will and Testament, any remaining funds shall be distributed in accordance with the terms of the Last Will and Testament.*

## Government Assistance

*Please indicate all forms of government assistance that the Beneficiary **receives or is applying for** and the amounts received per month (if applicable).  You must attach a copy of the award notice from Social Security or the State Medicaid agency so that distributions can be made without jeopardizing benefits.*

Social Security Disability Insurance (SSDI):    □ YES        □ NO        Amount: $_____

Disabled Adult Child (DAC) or
Childhood Disability Benefits (CDB):        □ YES        □ NO        Amount: $_____

*Note: DAC and CDB benefits are paid if a parent is disabled, retired or has died, the beneficiary's disability began prior to age 22, and the Beneficiary does not have sufficient work history to collect SSDI on his or her own earnings.*

Supplemental Security Income (SSI):        □ YES        □ NO        Amount: $_____

Social Security Retirement:            □ YES        □ NO        Amount: $_____

## Medicaid Programs
*Medicaid programs have different names in different states*
*Identify the program(s) as best you can.*

| | | | |
|---|---|---|---|
| Institutional Care Program (ICP) or Statewide Medicaid Managed Care Program for Long Term Care (SMMC-LTC) (Nursing Home and LTC): | □ YES | □ NO | □ APPLYING |
| Home or Community Based Medicaid Programs: | □ YES | □ NO | □ APPLYING |
| PACE: | □ YES | □ NO | □ APPLYING |
| Medically Needy Program: | □ YES | □ NO | □ APPLYING |
| Statewide Medicaid Managed Care Managed Medical Assistance (SMMC-MMA): | □ YES | □ NO | □ APPLYING |
| Optional State Supplementation (OSS): | □ YES | □ NO | □ APPLYING |
| Home Care for the Elderly & Disabled (HCE/DA): | □ YES | □ NO | □ APPLYING |
| Food Stamps (SNAP): | □ YES | □ NO | □ APPLYING |
| Child Health Insurance Program (CHIP): | □ YES | □ NO | □ APPLYING |
| State Agency for Persons with Disabilities | □ YES | □ NO | □ APPLYING |
| Veteran's Benefits: | □ YES | □ NO | □ APPLYING |

Low Income Housing:                          □ YES          □ NO          □ APPLYING

Qualified Medicare Beneficiaries (QMB),
Special Low-Income Medicare Beneficiaries
(SLMB) or Qualifying Individuals 1 (QI1)     □ YES          □ NO          □ APPLYING

List any other government assistance that the Beneficiary receives or for which an application has been made:

_____

_____

List all forms of government assistance (including Medicaid or other assistance programs in any state) which have been denied or discontinued to the Beneficiary, including the approximate dates and reason (if known):

_____

**Insurance Information**

If the Beneficiary is covered under any policy of health care insurance other than Medicaid, please provide the following:

Insuring Company:       _____

Policy Number:          _____

Is this coverage through an employed parent which will continue until the Beneficiary reaches the age of 26?          □ YES          □ NO

If the Beneficiary is covered under any prepaid funeral or burial policy or insurance, please provide the following:

Company:                _____

Address:                _____

Policy Number:          _____

**Your Attorney**

Name:            □ Mr. / □ Ms. _____

Address:                _____

                        _____

Phone Number:    _____    Email :_____

**Exhibit "C"**
## DESIRES OF GRANTOR FOR TYPES OF DISTRIBUTIONS FROM THE TRUST SUB-ACCOUNT

Please be as thorough as possible when completing this section.
This information is very important when authorizing requests for distributions.

A)      How would you like to see money in the Beneficiary's sub-account used to improve the Beneficiary's quality of life?  What type of entertainment and activities does the Beneficiary enjoy?
*Please note that you will NOT be limited to only those items or services listed here.*

☐  Education

☐  Transportation

☐  Clothing

☐  Eye or Dental Care

☐  Technology

☐  Other: _____

B)   Please provide the names and addresses of anyone who can be consulted when reviewing the Beneficiary's supplemental needs and/or updating a care plan when the review and update would be helpful in making determinations regarding distributions from the sub-account.  Examples might include family members, guardians, friends, a care manager, or a care management company.  *Please indicate whether you would like for each person to be able to request distributions.  Note: having too many people permitted to request distributions can cause communication problems and may delay distribution.*

Name: _____

Address: _____

_____

Telephone: _____

Relationship: _____

Able to request distributions:        ☐ YES          ☐ NO

**Grantor may add or remove the above-named individuals at any time by written notice to Legacy Enhancement at address or email account provided.**

## Exhibit "D"
## Proof of Grantor's Status to Establish
## Trust on Behalf of Beneficiary

Under current law, only the Beneficiary, or the Beneficiary's agent under a power of attorney, parents, grandparents, legal guardian, or a court may establish the Trust on behalf of the Beneficiary.  If you are anyone other than the Beneficiary, then please include documents that verify that you fall within one of these permissible categories.

### ALL GRANTORS MUST PROVIDE A PHOTOCOPY OF THEIR DRIVER'S LICENSE OR OTHER PHOTO IDENTIFICATION

In addition to the Grantor's photo I.D., the list below illustrates the types of documents that must be submitted to establish the Grantor's relationship to the Beneficiary or the status to contribute to the Trust.

1. Beneficiary as the Grantor.   Photo I.D.

2. Parent(s) as Grantors.   Include a copy of your son or daughter's birth certificate.

3. Grandparent(s) as Grantors.   Include a copy of your son or daughter's birth certificate and a copy of your grandchild's birth certificate.

4. Legal Guardian as Grantor.   Include a copy of your Letters of Guardianship and a copy of the Court Order authorizing you to sign the Joinder Agreement.

5. Court as Grantor.   Include a copy of the Court Order requiring (not authorizing) the establishment of the Trust account.

6. Power of Attorney   If the Grantor has a Power of Attorney for the Beneficiary please provide a copy of the Power of Attorney.

The documents listed above are examples only.  Any document that clearly establishes the Grantor's relationship to the Beneficiary, and the status to establish the Trust on behalf of the Beneficiary, will be sufficient.

**Exhibit "E"**
**TRUST FEES AND PROCEDURES**

---

1. <u>Enrollment Fee</u>.  There is a one-time $1,000 enrollment fee for sub-accounts with an initial balance of $10,000 or more; a $1,500 enrollment fee for sub-accounts with an initial balance of $20,000 or more.  Enrollment fees will be deducted from the initial deposit.

2. <u>Administrative Fee</u>.  The account will be charged an annual administrative fee, of 1.95%, payable in advance.

3. <u>Final Distribution</u>.  To the extent that any surplus sub-account property is not retained by the Trust, such property must be distributed to each and every State in which the Beneficiary received government assistance in the form of Medicaid, to the extent of the total medical assistance paid by all of the States on the Beneficiary's behalf during the Beneficiary's lifetime.  In the event that the beneficiary received Medicaid benefits in more than one state and there are not sufficient funds to payback each state, the distribution to the States will be made on a pro rata basis.  Any costs associated with the process will be billed to the Beneficiary's Trust sub-account.

4. <u>Completing the Application Process</u>.  Mail the completed Joinder Agreement along with any checks to deposit into the Beneficiary's account to:

Legacy Enhancement Pooled Trust
2020 Beaver Ave
Suite 206
Monaca, PA  15061

**Exhibit "F"**
## ATTACHMENTS

---

**If applicable, attached are copies of the Beneficiary's:**

☐ Benefit Eligibility Letters (federal and state)

☐ Benefit Eligibility Card

☐ State Driver's License/ID Card

☐ Birth Certificate and/or Passport

☐ Letters of Guardianship and Court Order authorizing you to sign Joinder Agreement

☐ Court Order requiring the establishment of the Trust account.

☐ Power of Attorney for the Beneficiary (if Grantor has a Power of Attorney)

☐ Medical Power of Attorney/Health Care Directive/Living Will

☐ Other: